U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAR 13 2008

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK      10:45am

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOHN WARD, JR.** | § | |
| | § | |
| **Plaintiff** | § | No. ___O8-4022___ |
| | § | |
| **V.** | § | JURY TRIAL DEMANDED |
| | § | |
| **CISCO SYSTEMS, INC. and RICK** | § | |
| **FRENKEL** | § | |
| | § | |
| **Defendants.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

John Ward, Jr., Plaintiff complains of Cisco Systems, Inc. and Rick Frenkel, Defendants, and for causes of action hereby shows:

### THE PARTIES

1.     Plaintiff is an individual who has resided in Gregg County, Texas at all times relevant to the causes of action alleged in this pleading.

2.     Defendant Cisco Systems, Inc. ("Cisco") is a corporation organized and existing under the laws of the State of California, with its principal place of business in San Jose, California. It may be served with process by delivering a copy of the complaint to its registered agent, Prentice Hall Corporation System, 300 Spring Building, Suite 900, Little Rock, AR 72201.

3.     Defendant Rick Frenkel ("Frenkel") is an individual who, upon information and belief, resides in the State of California. He may be served with process by delivering a copy of the complaint to him at his place of employment, Cisco Systems, located at 170 West Tasman Dr., M/S SJC-10/2/1, San Jose, CA 95134-1700.

4.     Subject matter jurisdiction over this dispute is conferred upon this Court by 28 U.S.C. § 1332.

5.     This Court has jurisdiction over defendant Cisco because Cisco is subject to general jurisdiction in the State of Arkansas. This Court has personal jurisdiction over defendants Frenkel and Cisco because Defendants have minimum contacts with the State of Arkansas such that this Court's exercise of personal jurisdiction over defendants Frenkel and Cisco will not offend traditional notions of fair play and substantial justice.

## VENUE

6.     Venue in this district is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

7.     Plaintiff has resided in and practiced law in the State of Texas, almost exclusively in the Eastern District of Texas, since 1997. Prior to the defamatory remarks by the Defendant, the Plaintiff enjoyed an excellent reputation. The Plaintiff's reputation for integrity and sound business judgment had earned him an AV rating by his peers. Throughout his professional career, Plaintiff has enjoyed a sterling reputation for ethical and responsible representation of clients. Neither the State Bar of Texas nor any state or federal court has ever taken any disciplinary action against Plaintiff. In additional, Plaintiff's license to practice law has never been suspended or revoked for any reason. As a result of this reputation, Plaintiff has developed a successful practice concentrated largely in intellectual property disputes in the Eastern District of Texas. Approximately ninety percent of Plaintiff's business comes from referring lawyers, former clients, or

former opponents of Mr. Ward. In furtherance of his practice on October 16, 2007, Plaintiff filed a patent infringement suit against Cisco on behalf of ESN, LLC ("ESN").

8.     Defendant Frenkel is an attorney licensed to practice law in the State of California. He is employed by Defendant Cisco as its Director of Intellectual Property Litigation. With the knowledge and consent, express or implied, of his direct supervisor at CISCO, Frenkel publishes an internet "blog" www.trolltracker.blogspot.com. Frenkel's blog comments regarding patent litigation, including patent litigation in the Eastern District of Texas, or what Defendant Frenkel refers to as the "Banana Republic of East Texas."

9.     In October of 2007, while publishing anonymously, Frenkel posted false, scandalous, and defamatory allegations about Plaintiff on his internet blog. On or about October 18, 2007 Defendant Frenkel published a written statement alleging that Plaintiff had "conspired" with others to "alter documents to try to manufacture subject matter jurisdiction where none existed" during the filing of a civil complaint Plaintiff filed on behalf of his client, ESN, in Federal Court in the Eastern District of Texas. Defendant alleged that Plaintiff engaged in felonious activity in order to create subject matter jurisdiction against Cisco, subjecting Cisco to suit in the Eastern District of Texas.

10.     Defendant Frenkel's comments were made within the course and scope of his employment at Cisco. Defendant Frenkel is a licensed attorney who, at the time he made the false statements, was and is employed as Defendant Cisco's Director of Intellectual Property. In his role as Cisco's Director of Intellectual Property, Frenkel had been charged by Cisco with responsibility for management of the ESN v. Cisco litigation —the case that was the subject matter of Frenkel's false, scandalous, and defamatory

3

anonymous statements. Defendant Frenkel has publicly admitted that he engaged in this activity with the full knowledge and consent of his employer Defendant Cisco Systems, Inc. Accordingly, Plaintiff alleges that Defendant Cisco is vicariously and directly liable for the intentional torts of Defendant Frenkel.

11.    Frenkel's anonymous comments accused Plaintiff of committing a crime (for example 18 U.S.C. § 1001) and engaging in conduct that could result in disciplinary proceedings before the State Bar of Texas. Upon information and belief, Frenkel's statements were purposefully calculated by Frenkel and Cisco to damage Plaintiff's reputation and business, to expose plaintiff to financial injury, and to impeach Plaintiff's honesty, integrity, virtue, or reputation, exposing Plaintiff to public hatred, shame, and ridicule.

12.    Defendant Frenkel intentionally concealed his identity on his web blog, and identified himself as "[j]ust a lawyer, interested in patent cases, but not interested in publicity." Defendant Frenkel was well aware of the fact that Plaintiff represented numerous parties involved in patent infringement lawsuits in the Eastern District of Texas, in part because Plaintiff was adverse to Cisco in the ESN v. Cisco litigation. Defendants were aware that the public, many litigants and attorneys accessed his web blog seeking information relating to the Eastern District of Texas.

13.    Defendants Frenkel and Cisco purposefully maximized the dissemination of the Frenkel's false, scandalous, and defamatory statements. Defendant Frenkel's blog is devoted to intellectual property litigation, including patent litigation venued in the Eastern District of Texas and is directed to a nationwide audience of persons with an interest in the subject matter of Plaintiff's law practice. On information and belief,

4

Frenkel and Cisco further employed search engine techniques and internal linking within the blog to direct persons seeking information about Ward through popular search engines such as "Google" to the defamatory statements. Defendants Frenkel and Cisco knew that many people were reading the defamatory statements. Defendant Frenkel printed the following boast on his blog site on January 30, 2008:

> I have been counting visitors now for a little over 6 months. This morning, around 5am Eastern, visitor #100,000 came to the blog, from Mendoza, Argentina[.]

14.     A true and correct copy of the defamatory writing distributed by Defendant Frenkel is attached to this petition as Exhibit A and incorporated by reference.

## COUNT 1: DEFAMATION

15.     Plaintiff incorporates each of the statements set forth in paragraphs 7-14 above as if fully set forth herein.

16.     Defendants Frenkel and Cisco knowingly, recklessly, and/or negligently published false statements of fact accusing Plaintiff of criminal conduct, unethical conduct, and conduct unbefitting of an officer of the Court.

17.     Defendants acted with knowledge that the statements were false or with negligence in failing to determine the truth of the statements prior to publication.

18.     Defendants published statements that were defamatory.

19.     As a result of Defendants' false, scandalous, and defamatory statements, Plaintiff sustained monetary damages, damages to his business, harm to his reputation, emotional distress and Plaintiff's relations with others have been detrimentally effected.

20.     Defendants' publication of the false, scandalous and defamatory statements is a proximate cause of Plaintiff's damages.

## PRAYER FOR RELIEF

21.     As a direct and proximate result of Defendants' false and defamatory statements, Plaintiff has endured financial loss, shame, embarrassment, humiliation, and mental pain and anguish. Additionally, Plaintiff has and will in the future be seriously injured in his business reputation, good name, and standing in the community, and will be exposed to the hatred, contempt, and ridicule of the public in general as well as of his business associates, clients, friends, and relatives.

22.     Plaintiff is entitled to exemplary damages from Defendant Frenkel because he acted with the malice required to support an award of exemplary damages. Defendant Frenkel acted with a specific intent to cause injury to Plaintiff and/or conscious indifference to the rights, safety, or welfare of Plaintiff with actual, subjective awareness that his conduct involved an extreme degree of risk of harm to the Plaintiff.

23.     Plaintiff is entitled to exemplary damages from Defendant Cisco. At the time Defendant Frenkel published his defamatory statements he was (and remains) the Director of Intellectual Property at Defendant Cisco Systems, Inc. His acts were committed in his managerial capacity. In fact, they were made in connection with a lawsuit naming his employer as a defendant. In performing the acts described in this petition, he was acting within the course and scope of his employment. Alternatively or additionally Defendant Cisco is liable for exemplary damages as it ratified and approved the conduct of Defendant Frenkel with full knowledge that he was acting with malice.

24.     Plaintiff requests that Defendants be cited to appear and answer, and that on final trial the Plaintiff have the following:

6

- Judgment against Defendants for compensatory damages in excess of $75,000;

- Judgment against Defendants for damages to compensate Plaintiff for harm to his reputation, emotional distress and harm to Plaintiff's relations with others that have been detrimentally effected by Defendants' tortious conduct;

- Judgment for exemplary damages against Defendants in a sum determined by the trier of fact and in an amount that will deter the Defendants from similar outrageous conduct in the future;

- Prejudgment and postjudgment interest as provided by law;

- All costs of suit;

- A public retraction of the false, scandalous and defamatory statements made against Plaintiff;

- Any other relief the Court finds just and proper.


Respectfully Submitted,

Nicholas H. Patton
State Bar No. 63035
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
Tel:     (903) 792-7080
Fax:    (903) 792-8233
Email: nickpatton@texaskanlaw.com

ATTORNEY FOR PLAINTIFF