IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § § § | |
| v. | § § § | C.A. NO. 08-4022<br>JURY TRIAL DEMANDED |
| CISCO SYSTEMS, INC AND<br>RICK FRENKEL | § | |

### CISCO SYSTEMS, INC.'S ORIGINAL ANSWER SUBJECT TO ITS MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE

TO THE HONORABLE COURT:

Cisco Systems, Inc. ("Cisco") answers the Plaintiff's Original Complaint ("Complaint") filed by Plaintiff John Ward, Jr. ("Ward" or "Plaintiff") subject to Cisco's Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue, and without waiving same, answers as follows.

In answering, Cisco will cite the Plaintiff's allegations and follow with its response. Cisco then pleads its affirmative defenses and other defensive matters.

### I.
### THE PARTIES

1.  Plaintiff is an individual who has resided in Gregg County, Texas at all times relevant to the causes of action alleged in this pleading.

**RESPONSE:**

Admitted.

2.  Defendant Cisco Systems, Inc. ("Cisco") is a corporation organized and existing under the laws of the State of California, with its principal place of business in San Jose, California. It may be served with process by delivering a copy of the complaint to its registered agent, Prentice Hall Corporation System, 300 Sprint Building, Suite 900, Little Rock, AR 72201.

1

**RESPONSE:**

Admitted.

3. Defendant Rick Frenkel ("Frenkel") is an individual who, upon information and belief, resides in the State of California. He may be served with process by delivering a copy of the complaint to him at his place of employment, Cisco Systems, Inc., located at 170 West Tasman Dr., M/S SJC-10/2/1, San Jose, CA 95134-1700.

**RESPONSE:**

Admitted.

## II.
## JURISDICTION

4. Subject matter jurisdiction over this dispute is conferred upon this Court by 28 U.S.C. § 1332.

**RESPONSE:**

Admitted.

5. This Court has jurisdiction over Cisco because Cisco is subject to general jurisdiction in the State of Arkansas. This Court has personal jurisdiction over defendants Frenkel and Cisco because Defendants have minimum contacts with the State of Arkansas such that this Court's exercise of personal jurisdiction over Frenkel and Cisco will not offend traditional notions of fair play and substantial justice.

**RESPONSE:**

Admitted that this Court has jurisdiction over Cisco. Cisco is without knowledge or information sufficient to form a belief as to the truth of the averment that the Court has general and specific jurisdiction over Frenkel; however, denied that Plaintiff pled sufficient facts to warrant general or specific jurisdiction over Frenkel and denied that Plaintiff has pled sufficient facts to demonstrate that jurisdiction over Frenkel will not offend traditional notions of fair play and substantial justice.

# III.
# VENUE

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

**RESPONSE:**

Denied.

# IV.
# FACTUAL BACKGROUND

7. Plaintiff has resided in and practiced law in the State of Texas, almost exclusively in the Eastern District of Texas, since 1997. Prior to the defamatory remarks by the Defendant, the Plaintiff enjoyed an excellent reputation. The Plaintiff's reputation for integrity and sound business judgment had earned him an AV rating by his peers. Throughout his professional career, Plaintiff has enjoyed a sterling reputation for ethical and responsible representation of clients. Neither the State Bar of Texas nor any state or federal court has ever taken any disciplinary action against Plaintiff. In addition, Plaintiff's license to practice law has never been suspended or revoked for any reason. As a result of this reputation, Plaintiff has developed a successful practice concentrated largely in intellectual property disputes in the Eastern District of Texas. Approximately ninety percent of Plaintiff's business comes from referring lawyers, former clients, or former opponents of Mr. Ward. In furtherance of his practice on October 16, 2007, Plaintiff filed a patent infringement suit against Cisco on behalf of ESN, LLC ("ESN").

**RESPONSE:**

Cisco Cisco is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.

8. Defendant Frenkel is an attorney licensed to practice law in the State of California. He is employed by Defendant Cisco as its Director of Intellectual Property Litigation. With the knowledge and consent, express or implied, of his direct supervisor at CISCO, Frenkel publishes an internet "blog" www.trolltracker.blogspot.com. Frenkel's blog comments regarding patent litigation, including patent litigation in the Eastern District of Texas, or what Defendant Frenkel refers to as the "Banana Republic of East Texas."

**RESPONSE:**

Admitted that Frenkel is an attorney licensed to practice law in the State of California. Admitted that Frenkel is employed by Defendant Cisco as a Director of Intellectual Property Litigation. Admitted that Frenkel published the internet website attached as Exhibit A to the

5061845v.3 132824/00001

Complaint with the knowledge and consent of his direct supervisor. Admitted that the website commented about patent litigation and that the website commented about patent cases pending in the Eastern District of Texas. Admitted that the phrase, "Banana Republic of East Texas" was included in the version of the website attached as Exhibit A to the Complaint. In all other respects, denied.

9. In October of 2007, while publishing anonymously, Frenkel posted false, scandalous, and defamatory allegations about Plaintiff on his internet blog. On or about October 18, 2007 Defendant Frenkel published a written statement alleging that Plaintiff had "conspired" with others to "alter documents to try to manufacture subject matter jurisdiction where none existed" during the filing of a civil complaint Plaintiff filed on behalf of his client, ESN, in Federal Court in the Eastern District of Texas. Defendant alleged that Plaintiff engaged in felonious activity in order to create subject matter jurisdiction against Cisco, subjecting Cisco to suit in the Eastern District of Texas.

**RESPONSE:**

Admitted that Frenkel anonymously posted what is attached to Plaintiff's Complaint as Exhibit A. In all other respects, denied.

10. Defendant Frenkel's comments were made within the course and scope of his employment at Cisco. Defendant Frenkel is a licensed attorney who, at the time he made the false statements, was and is employed as Defendant Cisco's Director of Intellectual Property. In his role as Cisco's Director of Intellectual Property, Frenkel had been charged by Cisco with responsibility for management of the ESN v. Cisco litigation – the case that was the subject matter of Frenkel's false, scandalous, and defamatory anonymous statements. Defendant Frenkel has publicly admitted that he engaged in this activity with the full knowledge and consent of his employer Defendant Cisco Systems, Inc. Accordingly, Plaintiff alleges that Defendnat Cisco is vicariously and directly liable for the intentional torts of Defendant Frenkel.

**RESPONSE:**

Admitted that Frenkel's comments were made within the course and scope of his employment at Cisco. Admitted that Frenkel is a licensed attorney who, at the time he made the false statements, was and is employed as one of Defendant Cisco's Directors of Intellectual Property. Admitted that Frenkel was charged by Cisco with responsibility for management of the *ESN v. Cisco* litigation and that the case that was the subject matter of the internet website

4

attached as Exhibit A to the complaint. Cisco is without knowledge or information sufficient to form a belief as to the truth of the averment that Frenkel has publicly stated that he engaged in the blog activity with the full knowledge and consent of one of his supervisors at Cisco. In all other respects, denied.

11. Frenkel's anonymous comments accused Plaintiff of committing a crime (for example 18 U.S.C. § 1001) and engaging in conduct that could result in disciplinary proceedings before the State Bar of Texas. Upon information and belief, Frenkel's statements were purposefully calculated by Frenkel and Cisco to damage Plaintiff's reputation and business, to expose plaintiff to financial injury, and to impeach Plaintiff's honesty, integrity, virtue, or reputation, exposing Plaintiff to public hatred, shame, and ridicule.

**RESPONSE:**

Denied.

12. Defendant Frenkel intentionally concealed his identify on his web blog, and identified himself as "[j]ust a lawyer, interested in patent cases, but not interested in publicity." Defendant Frenkel was well aware of the fact that Plaintiff represented numerous parties involved in patent infringement lawsuits in the Eastern District of Texas, in part because Plaintiff was adverse to Cisco in the *ESN v. Cisco* litigation. Defendants were aware that the public, many litigants and attorneys accessed his web blog seeking information relating to the Eastern District of Texas.

**RESPONSE:**

Admitted that, for a period of time, Frenkel intentionally concealed his identify on his website and identified himself as "[j]ust a lawyer, interested in patent cases, but not interested in publicity." Admit that Frenkel was aware of the fact that Plaintiff represented numerous parties involved in patent infringement lawsuits in the Eastern District of Texas and that Plaintiff was adverse to Cisco in the *ESN v. Cisco* litigation. Admitted that Frenkel and some Cisco employees were aware that the public accessed his website. In all other respects, denied.

13. Defendants Frenkel and Cisco purposefully maximized the dissemination of Frenkel's false, scandalous, and defamatory statements. Defendant Frenkel's blog is devoted to intellectual property litigation, including patent litigation venued in the Eastern District of Texas and is directed to a nationwide audience of persons with an interest in the subject matter of Plaintiff's law practice. On information and belief, Frenkel and Cisco further employed search

5061845v.3 132824/00001

engine techniquest and internal linking within the blog to direct persons seeking information about Ward through popular search engines such as "Google" to the defamatory statements. Defendants Frenkel and Cisco knew that many people were reading the defamatory statement. Defendant Frenkel printed the following boast on his blog site on January 30, 2008: "I have been counting visitors now for a little over 6 months. This morning, around 5am Eastern, visitor #100,000 came to the blog, from Mendoza, Argentina[.]"

**RESPONSE:**

Denied that Cisco purposefully maximized the dissemination of the website, but Cisco is without knowledge or information sufficient to form a belief as to the truth of the averment that Frenkel did so. Cisco denies characterization of the website as false, scandalous, and defamatory. Admitted that Frenkel's website was devoted to intellectual property litigation, including patent litigation venued in the Eastern District of Texas. Cisco is without knowledge or information sufficient to form a belief as to the truth of the averments that Frenkel employed search engines, that Frenkel "knew that many people were reading the defamatory statement," and that Frenkel printed the following on his website on January 30, 2008: "I have been counting visitors now for a little over 6 months. This morning, around 5am Eastern, visitor #100,000 came to the blog, from Mendoza, Argentina." In all other respects, denied.

14. A true and correct copy of the defamatory writing distributed by Defendant Frenkel is attached to this petition as Exhibit A and incorporated by reference.

**RESPONSE:**

Admitted that Exhibit A is a true and correct copy of the complained-of statements on the internet. In all other respects, denied.

## COUNT 1: DEFAMATION

15. Plaintiff incorporates each of the statements set forth in paragraphs 7-14 above as if fully set forth herein.

**RESPONSE:**

Cisco incorporates its responses to paragraphs 7-14 of the Complaint.

6

16. Defendants Frenkel and Cisco knowingly, recklessly, and/or negligently published false statements of fact accusing Plaintiff of criminal conduct, unethical conduct, and conduct unbefitting of an officer of the Court.

**RESPONSE:**

Denied.

17. Defendants acted with knowledge that the statements were false or with negligence in failing to determine the truth of the statements prior to publication.

**RESPONSE:**

Denied.

18. Defendants published statements that were defamatory.

**RESPONSE:**

Denied.

19. As a result of Defendants' false, scandalous, and defamatory statements, Plaintiff sustained monetary damages, damages to his business, harm to his reputation, emotional distress and Plaintiff's relations with others have been detrimentally effected.

**RESPONSE:**

Denied.

20. Defendants' publication of the false, scandalous and defamatory statements is a proximate cause of Plaintiff's damages.

**RESPONSE:**

Denied.

V.
**PRAYER FOR RELIEF**

21. As a direct and proximate result of Defendants' false and defamatory statements, Plaintiff has endured financial loss, shame, embarrassment, humiliation, and mental pain and anguish. Additionally, Plaintiff has and will in the future be seriously injured in his business reputation, good name, and standing in the community, and will be exposed to the hatred,

contempt, and ridicule of the public in general as well as of his business associates, clients, friends, and relatives.

**RESPONSE:**

This allegation does not require a response, but in any event, denied.

22. Plaintiff is entitled to exemplary damages from Defendant Frenkel because he acted with the malice required to support an award of exemplary damages. Defendant Frenkel acted with a specific intent to cause injury to Plaintiff and/or conscious indifference to the rights, safety, or welfare of Plaintiff with actual, subjective awareness that his conduct involved an extreme risk of harm to the Plaintiff.

**RESPONSE:**

This allegation does not require a response, but in any event, denied.

23. Plaintiff is entitled to exemplary damages from Defendant Cisco. At the time Defendant Frenkel published his defamatory statements he was (and remains) the Director of Intellectual Property at Defendant Cisco Systems, Inc. His acts were committed in his managerial capacity. In fact, they were made in connection with a lawsuit naming his employer as a defendant. In performing the acts described in this petition, he was acting in the course and scope of his employment. Alternatively or additionally Defendant Cisco is liable for exemplary damages as it ratified and approved the conduct of Defenant Frenkel with full knowledge that he was acting with malice.

**RESPONSE:**

Admitted that Frenkel was a Director of Intellectual Property at the time he published his defamatory statements, that he was acting in a managerial capacity, and that he was acting in the course and scope of his employment. In all other respects, denied.

24. Plaintiff requests that Defendant be cited to appear and answer, and that on final trial the Plaintiff have the following:

- Judgment against Defendants for compensatory damages in excess of $75,000;
- Judgment against Defendants for damages to compensate Plaintiff for harm to his reputation, emotional distress and harm to Plaintiff's relations with others that have been detrimentally effected by Dfendants' tortuous conduct;
- Judgment for exemplary damages against Defendants in a sum determined by the trier of fact and in an amount that will deter the Defendants from similar outragreous conduct in the future;
- Prejudgment and postjudgment interest as provided by law;
- All costs of suit;

8

- A public retraction of the false, scandalous and defamatory statements made against Plaintiff;
- Any other relief the Court finds just and proper.

**RESPONSE:**

This allegation does not require a response, but in any event, denied.

## VI.
## AFFIRMATIVE DEFENSES AND OTHER DEFENSIVE MATTERS

In further response to the Complaint, Cisco asserts the following affirmative defenses and other defensive matters. When referring to the statements Plaintiff challenges as false and defamatory, disparaging or otherwise actionable, Cisco will refer to them collectively as the "Complained of Statements."

25. For further answer, if necessary, Defendants are immune from civil liability pursuant to Section 16-63-504 of the Arkansas Code because the Complained of Statement were in furtherance of the right of free speech or the right to petition government for a redress of grievances under the United States Constitution or the Arkansas Constitution in connection with an issue of public interest or concern.

26. For further answer, if necessary, Plaintiff's claim should be stricken pursuant to Section 16-63-506 of the Arkansas Code for failure to verify the petition pursuant to Section 16-63-505 of the Arkansas Code.

27. For further answer, if necessary, Plaintiff fails to state a claim upon which relief may be granted because the Complained of Statements are privileged.

28. For further answer, if necessary, Plaintiff fails to state a claim upon which relief may be granted because the Complained of Statements are true.

29. For further answer, if necessary, Plaintiff fails to state a claim upon which relief may be granted to the extent the Complained of Statements are substantially true.

30. For further answer, if necessary, Plaintiff fails to state a claim upon which relief may be granted because the Complained of Statements are not actionable per se.

31. For further answer, if necessary, Plaintiff has not suffered any actual, special, consequential or other damages.

32. For further answer, if necessary, Plaintiff fails to state a claim upon which relief may be granted because he cannot prove sufficient facts of any actual malice on Defendants' part to entitle him to relief.

33. For further answer, if necessary, any award of damages in this case for the claims alleged would be unconstitutional under the applicable state constitution and/or the First Amendment to the United States Constitution.

34. For further answer, if necessary, Defendants allege that Plaintiff is not entitled to punitive or exemplary damages because punitive damages are not warranted and their imposition in this case would violate the applicable statute constitution and/or the First Amendment to the United States Constitution. Moreover, any punitive damages award (and none is warranted) would be subject to all statutory, constitutional, and common law caps and limits, including but not limited to A.C.A. § 16-55-208.

35. On November 7, 2007, Frenkel published a clarification of the October 18, 2007 posting as follows: "To the extent the word 'altered' implied that anyone did anything *illegal*, that was not my intent. I'm positive the court clerk was following local custom, as was the ESN Texas lawyer." This serves to mitigate Plaintiff's damages, if any, and demonstrates that the Complained of Statements are not defamatory, and are certainly not per se defamatory.

36. On or about October 19, 2007 Frenkel modified the October 18, 2007 posting and deleted or changed several of the Complained of Statements.

WHEREFORE, PREMISES CONSIDERED, Defendant Cisco prays that Plaintiff's claims be dismissed with prejudice and that a take nothing judgment be entered in favor of Cisco and that Cisco be awarded its costs and for such other and further relief as to which it may be justly entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: _____
Richard E. Griffin
Arkansas Bar No.: 63020
Email: rgriffin@jw.com
Charles L. Babcock[1]
Federal Bar No.: 10982
Email: cbabcock@jw.com
Crystal J. Parker[2]
Federal Bar No.: 621142
Email: cparker@jw.com
1401 McKinney
Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

ATTORNEY FOR DEFENDANT
CISCO SYSTEMS, INC.

---

[1] Pro Hac Vice pending.
[2] Pro Hac Vice pending.

## CERTIFICATE OF SERVICE

This is to certify that on this _8th_ day of April, 2008, a true and correct copy of the foregoing Cisco Systems, Inc.'s Original Answer Subject to its Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue was served electronically, upon:

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
**Attorney for Plaintiff John Ward, Jr.**

Michael D. Barnes
Wright, Lindsey & Jennings LLP
200 West Capitol Avenue
Little Rock, Arkansas 72201
**Attorney for Defendant Richard Frenkel**

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
**Attorney for Defendant Richard Frenkel**

_____
Richard E. Griffin