IN THE UNTIED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| | § | |
| v. | § | |
| | § | C. A. NO. 08-4022 |
| CISCO SYSTEMS, INC. AND | § | JURY TRIAL DEMANDED |
| RICK FRENKEL | § | |

**RICK FRENKEL'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS OR TRANSFER FOR LACK OF PERSONAL JURISDICTION**

TO THE HONORABLE COURT:

Defendant Rick Frenkel ("Frenkel") files this memorandum in support of his Motion to Dismiss (pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure) or Transfer (pursuant to 28 U.S.C. § 1631) for Lack of Personal Jurisdiction (the "Motion") and shows the Court the following:

## I.  INTRODUCTION

This case was brought against Cisco Systems, Inc. ("Cisco") and Frenkel, a California attorney working for Cisco in California, regarding an allegedly defamatory internet publication relating to Plaintiff John Ward, Jr.'s ("Ward") filing of a lawsuit in Texas. (Complaint at ¶¶8-9). Ward has not alleged that Frenkel has any contacts with the state of Arkansas, and he has none. This Court does not have jurisdiction over Frenkel pursuant to the Arkansas long-arm statute or federal due process requirements because Frenkel does not have sufficient minimum contacts with Arkansas and because the exercise of jurisdiction over Frenkel would offend traditional notions of fair play and substantial justice. Accordingly, the Court should dismiss this case against Frenkel pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure or transfer the case pursuant to 28 U.S.C. § 1631 to the United States District Court for the Eastern District of

Dockets.Justia.com

Texas, Tyler Division ("The Tyler Division"), where it may be consolidated with an almost identical lawsuit regarding the same publication.

## II. FACTUAL BACKGROUND

Frenkel is a California attorney who works for Cisco in California. (Complaint at ¶8). In this lawsuit, Ward alleges that Frenkel and Cisco published defamatory statements about him on an internet web site called Patent Troll Tracker. (*Id.* at ¶¶8-9). The internet web site posting at issue concerned a lawsuit filed on behalf of ESN, LLC by Ward and Eric Albritton ("Albritton") in the Eastern District of Texas (the "ESN Case.") Ward, a Texas attorney who practices law "almost exclusively in the Eastern District of Texas," alleges that the purportedly defamatory statements injured his reputation in Texas and could result in disciplinary proceedings before the State Bar of Texas. (*Id.* at ¶¶7, 11). Ward does not allege that the posting at issue had anything to do with Arkansas or that Frenkel has any contacts with Arkansas sufficient to subject him to personal jurisdiction there. In fact, Frenkel does not do business in Arkansas and has no connections to the state. (Frenkel Declaration, a true and correct copy of which is attached as Exhibit A to the Motion.)

Albritton has filed an almost identical lawsuit regarding the same publication in state court in Gregg County, Texas. The lawsuit was removed to the Tyler Division on March 14, 2008: *Eric Albritton v. Cisco Systems, Inc. and Richard Frenkel*, Civil Action Number 6:08-cv-89, in the United States District Court for the Eastern District of Texas, Tyler Division (the "Albritton Case.") (A true and correct copy of the Original Petition in the Albritton Case is attached as Exhibit B to the Motion.)

## III. THE COURT LACKS PERSONAL JURISDICTION OVER FRENKEL

### A. Legal Standard

When personal jurisdiction is challenged, the plaintiff bears the burden of showing that jurisdiction is proper. *Guiness Import Co. v. Mark VII Distributors, Inc.*, 153 F.3d 607, 611 (8th Cir. 1998). The plaintiff must allege facts giving rise to jurisdiction in its complaint. *Phipps v. F.D.I.C.*, 417 F.3d 1006, 1013-14 (8th Cir. 2005)

When determining whether there is personal jurisdiction over a defendant, a federal court must apply the law of the state in which it sits. *Berstill v. Home Sav. of America*, 907 F.2d 795, 797 (8th Cir. 1998). The Arkansas long-arm statute provides that the courts of Arkansas "shall have personal jurisdiction of all persons, and all causes of action or claims for relief, to the maximum extent permitted by the due process clause of the Fourteenth Amendment of the United States Constitution." A.C.A. § 16-4-101(B). Therefore, a federal court sitting in Arkansas must determine whether personal jurisdiction is permitted under federal due process requirements.

The United States Supreme Court set forth the standard for personal jurisdiction in *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945) and *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). In those cases, the courts held that a court may exercise jurisdiction over nonresident defendants only where those defendants have sufficient minimum contacts with the state so that maintaining the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Show*, 326 U.S. at 316; *Worldwide Volkswagen*, 444 U.S. at 297. Two types of personal jurisdiction have arisen from this standard: general jurisdiction and specific jurisdiction.

General jurisdiction requires that a defendant engage in contacts that are "substantial," "continuous" or "systematic" with the forum state when the contacts have no relation to the cause of action. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 at n. 8 (1984).

Specific jurisdiction provides for personal jurisdiction where the cause of action "arises out of" or "relates to" contacts in the forum, even if those contacts with the forum are "isolated and sporadic." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). The test for minimum contacts for specific jurisdiction is whether the defendant "purposefully availed" himself of the privilege of doing business in the forum and could foresee being haled into court there. *Id.* A state may not hale a defendant into court "solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Id.* at 475.

### B. Frenkel is not subject to general jurisdiction in Arkansas.

The Complaint fails to allege any facts that would give rise to general jurisdiction over Frenkel. General jurisdiction requires that a defendant engage in contacts that are "substantial," "continuous" or "systematic" with the forum state when the contacts have no relation to the cause of action. *Helicopteros*, 466 U.S. at 414, n. 8. Plaintiff has failed to allege facts demonstrating that Frenkel had "substantial," "continuous," or "systematic" contacts with the state of Arkansas. In fact, Frenkel's contacts with the state of Arkansas are limited to passing through the state three times over the past 26 years. (Exhibit A to the Motion). Therefore, the Court does not have general jurisdiction over Frenkel.

### C. Frenkel is not subject to specific jurisdiction in Arkansas.

The Complaint also fails to allege facts giving rise to specific jurisdiction over Frenkel. The test for minimum contacts for specific jurisdiction is whether the defendant purposefully

availed himself of the privilege of doing business in the forum and could foresee being haled into court there. *See Burger King*, 471 U.S. at 476. The first part of the test for specific jurisdiction is whether the defendant has sufficient minimum contacts with the forum. *Calder v. Jones*, 465 U.S. 783, 788 (1984). The second part of the jurisdictional analysis—the "fair play and substantial justice" test—asks whether the assertion of personal jurisdiction "is reasonable under the circumstances of the particular case." *Int'l Shoe*, 326 U.S. at 316. Ward cannot meet either of these tests.

### (1) Frenkel does not have sufficient minimum contacts to subject himself to specific jurisdiction in Arkansas.

Ward has not alleged a single act by Frenkel that could be construed as purposefully availing himself of the privilege of doing business in Arkansas. The word Arkansas does not even appear in any of the factual allegations in the Complaint. Frenkel has never done business in Arkansas nor committed any tort in Arkansas. (Exhibit A to the Motion). Frenkel's publishing of a web site in itself does not subject him to personal jurisdiction in any state where it could be viewed. *See, e.g., Steinbuch v. Cutler*, 2008 WL 596747 at *4 (8th Cir. 2008) (holding that personal jurisdiction was not proper in Arkansas where a defamatory novel could be purchased in the state because the plaintiff did now "show that [the defendant] knew that 'the brunt of the injury would be felt by [him] in the State in which [he] lives and works'" or that the defendant "intentionally targeted the forum state") (quoting *Calder v. Jones*, 465 U.S. 783, 789-90 (1984); *Revell v. Lidov*, 317 F.3d 467, 469-476 (5th Cir. 2002) (holding that an internet bulletin board where "a visitor may participate in an open forum hosted by the website" did not subject a defendant to jurisdiction in Texas because the article "contained no reference to Texas, nor does it refer to the Texas activities of Revell, and it was not directed at Texas readers distinguished from readers in other states.")) Therefore, Frenkel is not subject to specific

jurisdiction in Arkansas. *See Burger King*, 471 U.S. at 475 (holding that "a state may not hale a defendant into court "solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts.")

### (2) The exercise of jurisdiction over Frenkel in Arkansas would offend traditional notions of fair play and substantial justice.

The "fair play and substantial justice" test asks whether the assertion of personal jurisdiction "is reasonable under the circumstances of the particular case." *Int'l Shoe*, 326 U.S. at 316. Ward has also failed to present any reason that personal jurisdiction over Frenkel is reasonable under the circumstances of this case.

Courts consider five factors in evaluating reasonableness: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113-114 (1987).

In this case, none of these factors favor personal jurisdiction over Frenkel. First, litigating in Arkansas will impose a great burden on Frenkel, who resides in California. Second, Arkansas has no interest in adjudicating this case. Ward is not a resident of Arkansas, and no Arkansas citizens were involved in events giving rise to this lawsuit. Third, Arkansas does not provide a more convenient and effective forum for relief. In fact, transferring this case to the Tyler Division would allow the consolidation of this case with the Albritton Case—an almost identical lawsuit pending in the Tyler Division that was brought by Ward's co-counsel in the ESN Case. (Exhibit B to the Motion). In addition, because Ward resides in and practices law in the Eastern District of Texas (Complaint at ¶7), the Tyler Division should be the most convenient and effective forum for Ward. Finally, the Eastern District has the most interest in this lawsuit

and has the most interest in furthering its substantive policies because Ward is a Texas resident and the publication at issue concerned Texas. (Exhibit A to the Complaint.) For these reasons, it would offend traditional notions of fair play and substantial justice to subject Frenkel to personal jurisdiction in Arkansas.

## IV. THE COURT SHOULD DISMISS OR TRANSFER THE CASE

A Court that lacks personal jurisdiction may dismiss the case pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Or, if it is in the interest of justice, the Court may transfer the case to a court in which the action could have been brought. 28 U.S.C. § 1631; *see also Johnson v. Woodcock*, 444 F.3d 953, 954 (8th Cir. 2006) (stating that the district court was "empowered by 28 U.S.C. § 1631 to transfer the action to another court to cure the lack of [personal] jurisdiction.")

Transfer is favored over dismissal of a case. *Subsalve USA Corp. v. Watson Mfg., Inc.*, 462 F.3d 41, 43 (1st Cir. 2006) (stating that "a dismissed action is a nullity, so a court desirous of effectuating a transfer under Section 1631 should not dismiss the action but, rather, after making a finding that it lacks jurisdiction, should order transfer based on that finding.") The Court should transfer this case to the Tyler Division because: (1) the case could have been brought there; (2) the Tyler Division has personal jurisdiction over all of the parties; (3) it will allow for consolidation with a related lawsuit pending in the Tyler Division; (4) it will avoid an inconsistent result in the related lawsuit in the Tyler Division; (4) and the Tyler Division has personal jurisdiction over all of the parties.

**A.    This case could have been brought in the Tyler Division pursuant to 28 U.S.C. § 1391(a)(2).**

This case could have been brought in The Tyler Division under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Gregg

County, Texas. In fact, Ward initially brought the case in Gregg County. (First Amended Petition, a true and correct copy of which is attached as Exhibit C to the Motion). Ward alleges that Frenkel and Cisco published defamatory statements about Ward's filing of the ESN Case in federal court in the Eastern District of Texas. (Complaint at ¶9-11). Ward also alleges that these defamatory statements could result in disciplinary proceedings before the State Bar of Texas and that he suffered damages in the form of financial loss, shame, embarrassment, humiliation, mental pain and anguish, and damage to the reputation of his business, which he admits is conducted "almost exclusively in the Eastern District of Texas." (*Id. at* ¶¶7, 11, 21). Because Plaintiff alleges that Ward's statements were aimed at his activities in Gregg County, Texas, venue is proper in the Tyler Division. *See MCSi, Inc. v. Woods*, 2002 WL 32059741, at *2-5 (N.D. Cal. 2002) (unpublished opinion) (holding that personal jurisdiction and venue were proper in California where "[the defendant's] postings clearly were aimed at California, as [the defendant] knew that [the plaintiff] was based in California and that [its] management was located there"); *Calder v. Jones*, 465 U.S. at 788-89 (1984) (holding that personal jurisdiction in California was proper where the defendants' libel was "expressly aimed" at California.)

**B.    The Tyler Division has personal jurisdiction over all of the parties.**

The Court should transfer this case to the Tyler Division because it has jurisdiction over all of the parties. The Tyler Division has jurisdiction over Ward because he resides there. (Complaint at ¶1). And Frenkel does not dispute the Tyler Division's jurisdiction over them, and Cisco has filed an answer in the Albritton Case pending in the Tyler Division. (A true and correct copy of the answer filed by Cisco is attached as Exhibit D to the Motion.) Because the Tyler Division has jurisdiction over all the parties, the Court should transfer the case to the Tyler Division.

C.  **Transfer to the Tyler Division will allow for consolidation with an almost identical lawsuit pending there.**

Transferring this case to the Tyler Division will also allow for the consolidation of this case with the Albritton Case. In the Albritton Case, the plaintiff alleges the same kinds of damages arising out of the same publication as this case. (Exhibit B to the Motion.) The Court should transfer this action because it arises out of the same transaction as the Albritton Case. *See Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 619-20 (2nd Cir. 1968), *cert. denied* 393 U.S. 977 (stating that "[t]here is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided.")

D.  **Transfer to the Tyler Division will prevent an inconsistent result in the related lawsuit pending there.**

Finally, transferring the case to the Tyler Division would avoid the possibility of inconsistent results in the Albritton Case. *See id.* (stating that "[t]here is a strong policy favoring the litigation of related claims in the same tribunal in order that [...] inconsistent results can be avoided.") Therefore, the Court should transfer this case to the Tyler Division.

WHEREFORE, Defendant Frenkel respectfully requests that this cause be dismissed for lack of personal jurisdiction, or, in the alternative, transferred to the United States District Court for the Eastern District of Texas, Tyler Division, and for all other relief to which Defendant Frenkel may be entitled.

Respectfully submitted,

By: */s/ Michael D. Barnes*
Michael D. Barnes
Arkansas Bar No.: 88071
Wright, Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 772201-3699
(501) 212-1228
(501) 376-9442—Fax
Email: mbarnes@wlj.com

and

George L. McWilliams
Arkansas Bar No: 68078
GEORGE L. MCWILLIAMS, P.C.
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
(903) 277-0098
(870) 773-2967—Fax
Email: glmlawoffice@gmail.com

ATTORNEYS FOR DEFENDANT
RICK FRENKEL

## CERTIFICATE OF SERVICE

This is to certify that on this 24 day of April, 2008, a true and correct copy of the foregoing was served electronically, upon:

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503

Richard E. Griffin
Charles L. Babcock
Jackson Walker L.L.P.
1404 McKinney, Suite 1900
Houston, Texas 77010

_____
Michael D. Barnes