IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| | § | |
| | § | C.A. NO. 08-4022 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. AND RICK | § | |
| FRENKEL | § | |

**PLAINTIFF JOHN WARD, JR.'S MEMORANDUM OF LAW IN
SUPPORT OF ITS OPPOSITION TO DEFENDANT CISCO SYSTEMS,
INC.'S MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE
<u>ALTERATIVE, MOTION TO TRANSFER VENUE</u>**

TO THE HONORABLE COURT:

Plaintiff John Ward, Jr., files this brief in support of its opposition to defendant Cisco Systems, Inc.'s Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue. Plaintiff Ward respectfully requests that the Court deny Cisco's motion in its entirety.

## I.   INTRODUCTION

This action arises out of defamatory remarks directed at plaintiff Ward that were published by Rick Frenkel, a Cisco employee, on the "Patent Troll Tracker" website. The remarks accuse Ward of felonious behavior in his representation of the plaintiff in a case venued in Texarkana (E.D. Tex.). Ward represents the plaintiff in that case; a patent holder called ESN, LLC. The ESN defendant is none other than Cisco Systems, Inc. Frenkel is Cisco's in-house Director of Intellectual Property. Frenkel was Cisco's internal lawyer in charge of managing Cisco's defense in the ESN case.

Plaintiff initially named Cisco and Frenkel in his Complaint for defamation. Since then, Cisco has filed its Answer. In its Answer, Cisco admits that Frenkel was its agent and was acting within the scope of his employment when he published the defamatory remarks.

Based on Cisco's admission, Plaintiff is dismissing Frenkel from this case, without prejudice. Consequently, there are only two questions now before the Court:

1. Is Cisco subject to this Court's jurisdiction given that Cisco is registered to do business in Arkansas and has over two dozen "partners" located within the Arkansas counties covered by this district?

2. Can Cisco overcome the great weight given to a Plaintiff's choice of forum by showing that the Eastern District of Texas, Tyler Division, is significantly more convenient where (1) Plaintiff and key witnesses work and/or live in Texarkana, (2) the defamatory speech related to actions in Texarkana, (3) the Eastern District of Texas bench may recuse themselves due to their relationship to Plaintiff and key witnesses, and (4) Cisco is no more inconvenienced by having to defend here versus in Tyler?

By its own admission, Cisco is subject to general personal jurisdiction here. Thus venue is appropriate. Furthermore, Cisco can not show that Tyler is a significantly more convenient forum in light of the specific and unique facts of this case. Thus, the Court should deny Cisco's motion and keep the case here.

## II. FACTS

Plaintiff John Ward, Jr., is a respected member of the Texarkana legal community, and the son of a prominent judge sitting on the Eastern District of Texas bench. He often represents litigants in the Texarkana Division of the Eastern District of Texas. Due to the size and bi-state nature of Texarkana, his highly regarded reputation is known among members of both the Texas and Arkansas bars.

Ward is currently representing plaintiff ESN, LLC in a patent lawsuit against Cisco Systems, Inc. (the "ESN/Cisco case"). That lawsuit is venued in Texarkana. Cisco agreed to venue in Texarkana.

Cisco is one of the world's largest manufacturers of computer network equipment. Cisco employs Frenkel as its Director of Intellectual Property. Frenkel was responsible for managing the ESN/Cisco case on Cisco's behalf, and was actively working on that case when he posted the defamatory statement about Ward.

On his "Patent Troll Tracker" website, Frenkel accused Plaintiff, attorney Eric Albritton, and a court clerk (presumably in Texarkana) of altering official documents, in violation of state and federal law. The comment was directed at actions taken in connection with Ward and Albritton's filing of the ESN/Cisco case in Texarkana. *See* Ex. A. Importantly, the implicated court clerk is employed in the Eastern District of Texas and Plaintiff Ward's father is a sitting judge on that bench.

Ward had originally filed his complaint in state court in Gregg County, alleging defamation against Cisco and Frenkel. (Under the options provided by Texas statute dictating in what state court defamation claims could be brought, Gregg County state court was Plaintiff's only possible venue in Texas. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.017 (Vernon 2002).) Realizing that Cisco might seek to remove his case to the Eastern District of Texas on the basis of diversity jurisdiction, Ward withdrew his complaint from state court. Instead he filed the complaint in this court, which is located on the Arkansas side of State Line Avenue in Texarkana.

Texarkana is unique amongst cities in which federal courts are situated. Specifically, Texarkana is a single commercial and social community that integrates the social and business lives of Arkansans and Texans. *See* Declaration of G. William Lavender. This is no less true of the Texarkana legal community. For example, the Texarkana Bar Association is made up of attorneys from Texas and Arkansas. Many of the Arkansas Texarkana attorneys are licensed to practice in Texas, and vice versa. *See* Declaration of R. Gary Nutter. The two U.S. District Courts—one in Arkansas and one in Texas—convene in one building that literally straddles the state line. The clerk's offices for both Texarkana courts are consolidated into one. The office for at least one of the Texas clerks is on the Arkansas side of the building, and the other clerks travel back and forth between the Texas and Arkansas sides as they carry out their duties. The unique nature of Texarkana and the integration of the communities of both states, have even led the U.S. Congress to pass a law authorizing the judges of both Texarkana courts to cross-designate cases and sit on each other's behalf. The magistrate judge in the Western District of

3

Arkansas has been authorized to work on cases venued in the Eastern District of Texas (*See* Ex. B), and upon information and belief has currently been assigned all pretrial matters in a patent case pending in the Eastern District of Texas.

Cisco objects to proceeding in this Court simply because it is venued on the Arkansas side of the Texarkana court house—the same court house in which Cisco agreed to proceed with the ESN/Cisco case. Cisco has asked that the case be transferred to the Tyler division of the Eastern District of Texas. Cisco has not argued that Ward's reputation in Texarkana, Arkansas, was not harmed. Nor has it denied that Frenkel's comments were directed at Ward in connection with his involvement in a case pending in Texarkana. Rather, Cisco has relied on technical arguments, most involving jurisdiction over Frenkel. Since Frenkel is no longer a defendant in this case, many of Cisco's arguments are now moot.

### III. THIS CASE IS PROPERLY FILED IN THE WESTERN DISTRICT OF ARKANSAS AND SHOULD REMAIN HERE.

#### A. The Court Has Personal Jurisdiction Over Cisco.

In paragraph 5 of its Answer, Cisco admitted that this Court has jurisdiction over it.[1] Jurisdiction over Cisco is proper given its extensive business contacts with Arkansas. Furthermore, Arkansas' long-arm statute provides for jurisdiction over persons "to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution." Ark. Code Ann. § 16-4-101(B) (Repl. 1999).

Given Cisco's contacts and Arkansas' long-arm statute, there is no doubt that this Court has personal jurisdiction over Cisco.

#### B. Venue in this Court is Proper Under § 1391(a) and (c).

Cisco based its venue arguments on the fact that Frenkel was neither a resident of Arkansas, as would be required under 28 U.S.C. § 1391(a)(1), and Cisco's allegations that this is

---

[1] Cisco could not deny jurisdiction since it is registered to do business in Arkansas and has partnered with over two dozen businesses in the counties within the purview of this Court. *See* Exs. C and D

4

not a judicial district in which a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(a)(2).

Frenkel is no longer a defendant in this suit, based on Cisco's admissions. Consequently, the only query is whether this venue is proper over Cisco.

Under 28 U.S.C. § 1391(a)(1), venue for a case in which the defendant is a corporation is proper in any district in which the corporation resides. For purposes of venue, a corporation is deemed to "reside" in any district that would have personal jurisdiction over that corporation were the district a state unto itself. 28 U.S.C. § 1391(c). There may be several appropriate venues based on this test. *Setco Ent. Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994).

Were the Western District of Arkansas a state, it would have personal jurisdiction over Cisco. Cisco regularly conducts business in this District and has partnered with over two dozen companies located here, from Fort Smith to Fayetteville, from Bentonville to Russellville. *See* Ex. D. Consequently, venue is proper here.

### C. Cisco's Motion For Transfer Should Be Denied Based On The Unique Factors Of This Case.

The transfer of cases between federal district courts is governed by 28 U.S.C. § 1404(a). In assessing a motion to transfer, the court must "weigh in the balance a number of case-specific factors." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988). Consequently, §1404(a) gives the court discretion to rule on motions to transfer on an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (U.S. 1964). Because the query is so fact-specific, the ultimate decision is left to the sound discretion of the court. *Arkla Exploration Co. v. Texas Oil & Gas Corp.*, 734 F2d 347 (8th Cir. 1984).

The text of § 1404(a) sets forth three general categories of factors to consider: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a); T*erra Int'l, Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir.1997) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

"Defendants bear the burden of proving the alternate forum is more convenient than the one chosen by the plaintiffs. *Van Dusen*, 376 U.S. at 646. In doing so, defendants must overcome the general principle that the plaintiffs' choice of forum should be disturbed only if the balance of convenience ***strongly*** favors the defendant. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)." *Arkansas Right To Life State Political Action Committee v. Butler,* 972 F.Supp. 1187, 1193 (W.D. Ark. 1997) (emphasis added).

Finally, the "[p]laintiffs' choice of forum is given 'great weight' and should rarely be disturbed." *Arkansas Right To Life,* 972 F.Supp. at 1194. *See also Terra Int'l*, 119 F.3d at 695.

### 1. This Venue Is Convenient for Plaintiff, Is More Convenient For Key Witnesses Than Is Tyler, And Is No Less Convenient For Cisco.

Plaintiff chose this venue because, among other things, he regularly works in Texarkana and his esteemed reputation is known here, by Texas and Arkansas attorneys alike. This venue is convenient for him.

This venue is also convenient for key witnesses, more so than would be Tyler. Cisco's defamatory remarks accused an unnamed clerk of the Eastern District of Texas, presumably in the Texarkana Division, of conspiring with Plaintiff to violate state and federal law by altering official documents in the ESN case, venued in Texarkana. Plaintiff anticipates that one or more Texas-Texarkana clerks will be called as witnesses.

Due to the unique geographical situation of the Texas and Arkansas courts in Texarkana, several of the Texas clerks are physically located on the Arkansas side of the state line. The two courthouses are so close and intertwined that the two states' federal clerks share one office, located in Arkansas. Obviously it would be more convenient for the clerks who are called as witnesses to go across the hall to the Arkansas courthouse, rather than drive up to two hours to Tyler.

Furthermore, Cisco cannot argue that this Court is any more or less convenient to it than is Tyler. Cisco is headquartered in California and its representatives would need to fly to any venue in Texas or Arkansas. Also, Defendant Cisco is currently litigating against ESN in

6

Texarkana, on the Texas side, a venue to which Cisco agreed.  Cisco cannot complain that the Arkansas side of the same courthouse is any less convenient to it than the Texas side, much less than Tyler.

Compared with Tyler, this venue is much more convenient for key witnesses, and is no less convenient for Plaintiff or Cisco.  Consequently, Cisco cannot meet its burden of showing that Tyler would be any more convenient, much less that the balance of factors here "strongly" favors a transfer.

### 2. The Interests Of Justice Are Best Served By Maintaining This Case In This Court.

Considerations regarding the interest of justice typically include such things as the possibility of delay and prejudice if a transfer is granted, the governing law, and the practical considerations indicating where the case can be tried more expeditiously and inexpensively. *Arkansas Right to Life*, 972 F.Supp. at 1193.  Maintaining this suit here serves the interests of justice in several ways.

First, this case presents a confluence of highly unique circumstances involving the relationship between the Plaintiff and key witnesses, on the one hand, and the Eastern District of Texas bench, on the other.  This is because Cisco's defamatory statements tortiously alleged that criminal acts were committed by (1) a clerk currently employed by the Eastern District of Texas, and (2) the son of a judge sitting on the Eastern District of Texas bench.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Under the circumstances here, such a question may arise.  At the very least, this is something with which the entire Eastern District of Texas bench may have to contend.

As a consequence, any transfer to the Eastern District may result in yet another transfer, out of the Eastern District.  A second transfer will cause further delay, and may result in a district that is highly inconvenient for Plaintiff, not to mention for the key witnesses located in Texarkana.  Keeping the case here will relieve the Eastern District bench from having to address

the thorny § 455 issue. It also would avoid the delay resulting from a second transfer, should the Eastern District deem that necessary.

Next, there is no question about this Court's ability to interpret and apply the governing law. Cisco's tortious conduct is actionable under both Arkansas and Texas law. Indeed, there are some claims unique to Arkansas that Plaintiff may assert. Consequently, this factor does not favor Cisco.

Practical considerations about expediency favor keeping the case in this Court. The Eastern District of Texas is suffering from a docket that is more congested than the Arkansas docket. As of March 2007, for example, the Eastern District had over 2,600 cases pending. By contrast, this District had 668 cases pending. At the same time, the median time to resolution from filing to completion of trial in the Eastern District was 19 months, while the median time was 14 months in this district. Consequently, keeping the case here would be more expeditious. *See* Exs. E & F.

As to considerations of cost, Cisco has provided no evidence showing that proceeding here would be any more costly than proceeding in Tyler. To the contrary, the quicker resolution available in this Court suggests that both parties would financially benefit from having the case venued here.

Cisco's primary argument under § 1404(a) is that a transfer to Tyler would serve the interests of justice by allowing this case to be consolidated with the one brought by attorney Eric Albritton for the same defamatory statements. While superficially appealing, further consideration shows that the interests of justice would not be served by such a transfer.

First, there is neither a requirement nor a guarantee that the Albritton and Ward cases will be consolidated. Under Rule CV-42(c) of the Local Rules for the Eastern District of Texas, a judge presiding over one case may decline the transfer and assignment of an additional, related case. *See* Ex. G  Since Plaintiff Ward is the son of an Eastern District judge, while Albritton is not, the chances of consolidation in Tyler are even slimmer, for the reasons set forth above.

8

Second, even if the cases could be combined, other factors may outweigh the desire to have related litigations in one forum. *Codex Corp. v. Milgo Elec. Corp.*, 533 F.2d 735, 739 (1st Cir. 1977). Should the courts combine the Albritton case with this one, then plaintiff Albritton may be denied his choice of forum because of the possible need to transfer Plaintiff Ward's case out of that district. Cisco's argument that a transfer will be more efficient for the courts is without merit.

This Court is the most convenient for the witnesses and serves the interests of justice better than would a transfer to Tyler. Thus, Cisco cannot show that the Tyler court would be as appropriate a venue as this court, much less satisfy its burden to show that the facts "strongly" favor the transfer it seeks. In short, Cisco cannot overcome the "great weight" given to Plaintiff's choice of forum, and Cisco's motion to transfer this matter to Tyler should therefore be denied.

## IV. CONCLUSION

Without Frenkel as a defendant, this matter is greatly simplified. This Court clearly has jurisdiction over Cisco, venue is proper under § 1391(a)(1), and this forum is even more convenient and appropriate than the one to which Cisco seeks to transfer.

Based on the forgoing, Plaintiff John Ward, Jr., respectfully requests that the Court deny Cisco's motion.

Respectfully Submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton (SBN 63035)
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
Tel: (903) 792-7080
Fax: (903) 792-8233

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This is to certify that on this 24th day of April, 2008, a true and correct copy of the foregoing Plaintiff's Memorandum of Law in Support of Its Opposition to Defendant Cisco Systems, Inc.'s Motion to Dismiss for Improper Venue, or in the Alternative Motion to Transfer Venue was served electronically and/or via U.S. First Class Mail upon:

| | |
|---|---|
| Richard E. Griffin<br>Charles Babcock<br>Crystal Parker<br>JACKSON WALKER, LLP<br>1401 McKinney<br>Suite 1900<br>Houston, Texas 77010 | Attorney for Defendant Cisco Systems, Inc. |
| Michael D. Barnes<br>WRIGHT, LINDSEY & JENNINGS, LLP<br>200 W. Capitol Avenue<br>Little Rock, Arkansas 72201 | Attorney for Defendant Richard Frenkel |
| George L. McWilliams<br>406 Walnut<br>P.O. Box 58<br>Texarkana, Texas 75504-0058 | Attorney for Defendant Richard Frenkel |

*/s/ Nicholas H. Patton*
Nicholas H. Patton