IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOHN WARD, JR.** | § | |
| | § | |
| **Plaintiff** | § | No. 08-4022 |
| | § | |
| **V.** | § | JURY TRIAL DEMANDED |
| | § | |
| **CISCO SYSTEMS, INC. and RICK FRENKEL** | § | |
| | § | |
| **Defendants.** | § | |

### REPLY OF PLAINTIFF TO DEFENDANT FRENKEL'S RESPONSE TO PLAINTIFF'S MOTION FOR NONSUIT

#### I.  INTRODUCTION

Defendants Frenkel and Cisco intentionally published untrue and defamatory statements about plaintiff Ward, accusing him conspiring with his co-counsel and the clerk's office in the Eastern District of Texas to alter governmental documents—a federal offense. Although the statements were made by Defendant Frenkel, they were made in connection to litigation that Frenkel was working on for Cisco, and made with full knowledge of Frenkel's direct supervisor at Cisco. When Ward filed a complaint to recover damages as a result of defendants' defamatory and outrageous conduct, he had no way of knowing whether Cisco would deny that Frenkel was operating within the scope and course of his employment when he published the defamatory comments. Consequently, Ward filed suit against Frenkel and Cisco.

After Ward filed his complaint, Cisco admitted agency. Therefore, Ward moved to dismiss Frenkel without prejudice. Not satisfied with being dismissed from the lawsuit and not having to personally appear and answer for his tortious conduct, Frenkel now seeks to be reimbursed for the fees he incurred, or more likely that Cisco incurred on his behalf.

There is little doubt that on this record Frenkel's request for costs and fees should be denied. The early stages of this case, the lack of substantive work that Frenkel had to expend

before being dismissed, and Ward's good faith dismissal of Frenkel after agency was established, and the lack of prejudice to Frenkel, all weigh heavily against awarding Frenkel's costs and fees. Therefore, Ward respectfully requests that the Court deny Frenkel's motion in its entirety.

## II.     FACTUAL BACKGROUND

This action arises out of defendants' defamatory remarks directed at plaintiff Ward. John Ward, Jr., is a respected member of the Texarkana legal community. Ward is currently representing plaintiff ESN, LLC in a patent lawsuit against Cisco Systems, Inc. (the "ESN/Cisco case"). That lawsuit is venued in Texarkana.

Cisco, the defendant in the ESN/Cisco case, employs defendant Frenkel as an attorney and its Director of Intellectual Property. Frenkel owns and operates a very popular web forum known as "Patent Troll Tracker." Troll Tracker is dedicated to the discussion of patent lawsuits brought by small, non-manufacturing patent holders. Patent attorneys across the country read Frenkel's forum and engage in discussions on that forum concerning Frenkel's posts.

On or about October 18, 2007—shortly after the ESN/Cisco case was filed—Frenkel posted a comment on his website accusing Ward, attorney Eric Albritton, and a court clerk of altering official documents; a felony under federal law, a state law crime, and conduct for which Ward could be sanctioned by the state bar. The untrue and defamatory comment was directed at events occurring in the ESN/Cisco case in Texarkana.

Ward originally filed a complaint in state court in Gregg County, alleging defamation against Cisco and Frenkel. Realizing that Cisco would remove on the basis of diversity jurisdiction, Ward withdrew his complaint from state court. While typically plaintiff would prefer to file his case in the state court closest to home, this case has unusual circumstances. Plaintiff is the son of Judge T. John Ward, a Federal District Judge sitting in the Eastern District of Texas. This fact, as the Court might imagine, creates problems for the Ward, including the possibility of multiple recusals from judges setting in the Eastern District of Texas who are friends and colleagues of Ward's father and who work daily with the clerk's office implicated by defendants' defamatory statements. Plaintiff's fears were well-founded. After Plaintiff

2

dismissed his petition in Gregg County, and refiled in this Court, Cisco removed a case brought by another attorney harmed by defendants' damnatory conduct to the Tyler Division of the Eastern District of Texas. *See Albritton v. Cisco,* No. 6:08-CV-00089-MHS (E.D. Tex.).

The same day Ward dismissed his state court claim, he refiled in this Court. This Court unquestionably has jurisdiction over Defendant Cisco. *See* D.E. 8. Because Defendant Frenkel's defamatory statements were directed to activity in a case venued in Texarkana, and because they were made with the intent to harm Plaintiff's reputation in the community in which he lives and practices law, including Texarkana, this court also has jurisdiction over Frenkel.

On April 8, 2008 defendant Cisco filed its Answer to Ward's complaint. *See* D.E. 8. Cisco admitted that Frenkel was acting as Cisco's agent and that his defamatory statements were made in the course and scope of his employment at Cisco. Because Cisco had admitted agency, there was no longer any reason for Ward to retain Frenkel as a separate defendant in this case. In the very next pleading that Ward filed in this Court, Ward moved to dismiss Frenkel without prejudice.

### III. APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 41(a) governs the voluntarily dismissal of actions and identifies the circumstances for which a plaintiff must obtain the approval of the court before his action can be voluntarily dismissed. Pursuant to Rule 41(a)(2), once an answer has been filed, an action may be dismissed at the plaintiff's request only upon order of the court and upon such terms and conditions as the court deems proper. *See Hamm v. Rhone-Poulenc Rorer Pharms. Inc.*, 187 F.3d 941, 950 (8th Cir. 1999).[1]

---

[1] In exercising that discretion, a court should consider the factors: (1) whether the plaintiff has presented a proper explanation for its desire to dismiss; (2) whether a dismissal would result in a waste of judicial time and effort; and (3) whether a dismissal will prejudice the defendants. *See Hamm*, 187 F.3d at 950 (internal citation omitted). A party may not dismiss merely to escape an adverse decision or to seek a more favorable forum. *See id*.

3

The trial court has broad discretion to determine the terms and conditions to be imposed on a voluntary dismissal, including the imposition of fees and costs. *See New York, C. & St. L. R. Co. v. Vardaman*, 181 F.2d 769, 771 (8th Cir. 1950) (discussing Rule 41(a)(2) and finding that "the very concept of discretion presupposes a zone of choice within which the trial courts may go either way."). The payment of costs and fees to the defendant is not a prerequisite to an order granting voluntary dismissal. *See id.*, *see also Stevedoring Servs. of Amer. v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989), citing *Vardaman*, 181 F.2d at 771. Instead, the court is to exercise its discretion based on the individual facts of each case.

Contrary to the position taken in Frenkel's brief, there is no general rule in this Circuit that dismissals be conditions on the payment of defendant's costs and fees.[2] *See* Defendant's motion (D.E. 17) at 2; *see also Vardaman*, 181 F.2d at 771. Instead, courts consider many factors in deciding whether to condition dismissal upon the payment of fees and costs, including (1) the stage of the litigation, *see Kern v. TXO Prod. Corp.*, 738 F.2d 968, 972 (8th Cir. 1984) ("The time and effort invested by the parties, and the stage to which the case had progressed, are amongst the most important factors to be considered in deciding whether to allow a dismissal without prejudice, and, if so, on what conditions."); (2) the plaintiff's chance of prevailing against the defendant; (3) plaintiff's good faith in bringing and pursuing the action to the point of dismissal; and (4) whether the record adequately discloses the amount of fees and costs incurred that are directly attributable to defending the dismissed case. *See Stevedoring*, 889 F.2d at 922,

---

[2] In support of this proposition of law, Frenkel cites the nearly 40 year old case of *Kennedy v. State Farm Mutual Auto. Ins. Co.*, 46 F.R.D. 12, 14 (E.D. Ark. 1969). *Kennedy* does not support for Frenkel's position. There, the Court expressly found that resolution of the issue rests within the sound decision of the trial court. *See id*. at 14 ("Whether, and upon what terms and conditions a complaint may be dismissed without prejudice are matters to be decided by the District Court in the exercise of its judicial discretion."). Moreover, the facts in *Kennedy* are very different than those before this Court. In *Kennedy*, after litigating her claim in Arkansas for six months, the Arkansas Supreme Court issued and opinion that when applied to the plaintiff's case, would result in a certain loss in the Arkansas Court. *Id*. at 14. Consequently, the plaintiff moved to dismiss to permit refilling in the State of Georgia. On those facts, the court refused to dismiss the plaintiff's claim without prejudice because doing so would substantially prejudice the defendant, who would be deprived of a good and valid defense. *Id*. at 15.

*Vardaman*, 181 F.2d at 771, *Quick v. EMCO Enters., Inc*., No. 4:07-CV-00579-JEG-TJS, 2008 U.S. Dist. LEXIS 35095, at *6-*11 (S.D. Iowa, April 29, 2008).

The Court's decision whether to allow a party to voluntarily dismiss a case, and upon what terms, rests upon the sound discretion of the court. *See Hamm*, 187 F.3d at 950.

## IV. ARGUMENT

The issue before this Court boils down to a straightforward exercise of the Court's discretion to set the terms and conditions upon which it will grant Ward's motion to dismiss Defendant Frenkel without prejudice.

The Court need not decide if dismissal without prejudice is warranted; Frenkel does not contest that dismissal of him from this case <u>without prejudice</u> is proper. Instead, Frenkel argues only that he is entitled to recover his costs, expenses, and attorney's fees incurred in this case as a result of Ward' motion to dismiss.

The early posture of this case, the fact that Ward dismissed Frenkel only after his employer Cisco admitted agency, and the lack of prejudice to Freckle in having his case dismissed at the outset of these proceedings—the very factors that Defendants do not deny compel dismissal without prejudice—compel a finding that Frenkel be dismissed without an award of fees and costs.

A. <u>Defendant Frenkel Should Be Dismissed Without Prejudice, With No Other Terms Or Conditions Imposed.</u>

The factors considered by courts before conditioning a voluntary dismissal upon the payment of fees and cost do not support the award of fees and costs in this case.

First, the most important factor—the stage to which the case had progressed and the time invested by the parties—weighs against awarding fees and costs. *See Kern*, 738 F.2d at 972. This case is at the very earliest stages of litigation. Ward's motion for dismissal without prejudice was filed <u>two hours and thirty seven minutes</u> after Frenkel's Answer was filed. *Compare* D.E. 11 with D.E. 14. Where, as here, the defendant has not had to exert a lot of time and expense defending the asserted claims, has not yet filed a motion on the merits, has not

5

developed a substantial amount of work product in preparing its case, and was instead promptly dismissed from the case, the court should not condition dismissal upon the payments' costs and fees. *See Quick*, 2008 U.S. Dist. LEXIS 35095, at *6-*11 (declining to condition dismissal upon an award of fees and cost upon similar facts).

Second, Ward did not dismiss Frenkel as a result of an adverse ruling, or an expected adverse ruling. The only substantive issue raised in Frenkel's motion for fees is his conclusory allegation that Ward now admits that he had no basis for suing Frenkel in Arkansas. *See* D.E. 17 at 1. Defendant's argument is misguided. Ward believed, and still believes, that this Court has jurisdiction over Frenkel. Frenkel's interactive website and the comments on that site directed at Ward and his practice in Texarkana subject Frenkel to jurisdiction in this Court. Unlike passive websites that merely present information, Frenkel's Troll Tracker allows readers to engage in conversations, via "comments" which could be posted on the website. Consequently, jurisdiction over Frenkel would have been proper under the United States Supreme Court case of *Calder v. Jones,* 465 U.S. 783 (1984), s*ee also, Dakota Industries, Inc. v. Dakota Sportswear, Inc.,* 946 F.2d 1384, 1390-91 (8th Cir. 1991) (following *Calder* for proposition that court has personal jurisdiction over non-resident defendants whose acts "are performed for the very purpose of having their consequences felt in the forum state.")).

In this case, Ward—who frequently works in Texarkana—was the direct target of defamatory statements that Frenkel made in connection with his employer's litigation venued in Texarkana. As a patent litigator who has made a hobby of criticizing the Courts in East Texas which he describes as "the Banana Republic of East Texas," Frenkel surely appreciated that Texarkana is one community located in two states by virtue of an invisible state line that runs through the center of town. Frenkel could not have expected his defamatory statements, or their effects, to magically stop at the state line. Frenkel's defamatory statements were directly targeted at both Arkansas and Texas. They were designed to injure Ward in all the communities in which he is commercially engaged, including the unique community of Texarkana. It can come as no surprise to Frenkel that he would be hauled into a Texarkana court, whether he need

6

enter that courthouse from the left door or the right door. Ward had a reasonable chance of prevailing on the jurisdictional issues in this case, which was the gravamen of Frenkel's requested relief to date. This fact too weighs against awarding costs and fees. *See Stevedoring*, 889 F.2d at 922.

Third, Ward acted in good faith in dismissing Frenkel.[3] Given the incredibly offense nature of Frenkel's comments, Ward could have held a grudge and insisted that Frenkel remain a named defendant in this case. He did not. Instead, as soon as Cisco admitted agency, Ward dismissed Frenkel from this case. In dismissing Frenkel Ward sought to eliminate needless cumulative efforts by both parties, and to reduce the amount of work the court would experience in having two defendants in this case when it is unnecessary. Ward's actions demonstrate the type of good faith conduct that all litigants should strive to achieve. Ward's good faith dismissal of Frenkel in a timely manner is another factor that may weigh against awarding costs and fees to Frenkel. *See e.g., Stevedoring*, 889 F.2d at 922.

Fourth, Frenkel's motion is devoid of any evidence of fees and costs incurred and directly attributable to defending the dismissed case. This alone justifies denying his request. *See Vardaman*, 181 F.2d at 772. Moreover, it is unlikely that Frenkel could make such a showing here where his defense costs have likely been paid by Cisco, who remains a defendant in this case. Because Frenkel's jurisdictional challenges mirror those advanced in Cisco's venue motion, Frenkel's work, if any, was undertaken in conjunction with Cisco's counsel for the

---

[3] Frenkel attempts to attack Ward's good faith with allegations of "forum shopping." *See* D.E. 17 at 2. For the reasons discussed in the factual section of this brief, Frenkel's allegations are meritless. The refiling of this case in Arkansas is not forum shopping. Geographically Texarkana, Arkansas is the most logical place for this case to be heard. It is close to Longview, Texas, where the plaintiff resides, and the case out of which the conduct arose, *ESN v. Cisco*, is a case currently pending in the Texarkana Division of the Eastern District of Texas. The defendant, Cisco, agreed that Texarkana was a proper venue. As this court is aware the Texarkana, Texas and the Texarkana, Arkansas federal courtrooms share a common back wall. Moreover, "ordinarily the motive of the plaintiff in seeking to dismiss is not material, and the fact that a non-suit may give the plaintiff some tactical procedural advantage in the same or in some other forum is not grounds for refusing to allow the dismissal." *Kennedy*, 46 F.R.D. at 14.

7

benefit of Cisco. Awarding Frenkel costs and fees in those circumstances would be improper. *See id*. at 771.

Finally, Defendant Frenkel will not suffer any prejudice by this Court's failure to award fees and costs. The motions filed by Frenkel to date have all been directed to getting him dismissed from this lawsuit. Ward's voluntary dismissal after Cisco's acknowledgement of agency provided Frenkel with the very relief he had sought to obtain from this Court. It is difficult to see how Frenkel could have been prejudiced or harmed by Ward's dismissal. No costs and fees should be awarded on this record.

> B. <u>If The Court Determines That Terms Or Conditions Should Be Attach To Ward's Motion To Dismiss Without Prejudice, The Terms And Conditions Should be Limited To Costs And Fees Only In The Event That Ward Files A Subsequent Action Against Frenkel.</u>

The facts of this case do not warrant the imposition of any terms or conditions upon Ward's voluntary dismissal of Frenkel. However, if the Court should disagree, the terms and conditions imposed should attach only as a condition of maintaining an action in the future. *See Kern*, 738 F.2d at 972.

Frenkel's motion fails to mention that almost all of the cases—including one of the two cases cited in its own brief—require the payment of costs when a voluntary dismissal has been granted, only when plaintiff chooses to <u>refile</u> the case originally dismissed. *See Belle-Midwest, Inc. v. Missouri Prop. & Cas. Ins. Guar. Ass'n*, 56 F.3d 977, 978 (8th Cir. 1995), *see also Kern*, 738 F.2d at 972-73 (plaintiff who dismissed case *after trial began* would be required to pay defendant's costs as a condition precedent to any subsequent suit); *Evans v. Safeway Stores, Inc.*, 623 F.2d 121, 122 (8th Cir. 1980) (plaintiff required to pay $200.00 in fees and costs only after she refiled her complaint); *Church v. Annet Holdings, Inc.*, No. 3:07CV00033 SWW, 2008 U.S. Dist. LEXIS 28105, at *4 (E. D. Ark., April 7, 2008) (finding that plaintiff must pay costs and fees only if she refiles the dismissed claim); *Hall v. Vlahoulis*, No. 06-6107-CV-SJ-FJG, 2008 U.S. Dist. LEXIS 1104, at *5 (W.D. Mo., Jan. 7, 2008) (same); *Heitert v. Mentor Corp.*, No. 4:07-CV-1151 (JCH), 2007 U.S. Dist. LEXIS 84672, at *6-*7 (E.D. Mo., Nov. 15, 2007) (same);

8

*Jacquez v. Corwin*, No. 05-1199-CV-W-FJG, 2007 U.S. Dist. LEXIS 10128, at *6 (W.D. Mo., Feb. 14, 2007) (same).

Consequently, Frenkel's argument that that fees should be paid <u>before</u> this court will allow dismissal is without merit

**V.** **CONCLUSION**

For the reasons set forth above Plaintiff Ward asks the Court to enter an order granting dismissal of Frenkel without prejudice. Plaintiff further asks that the Order deny the request for costs and fees.

    Respectfully Submitted,

    */s/ Nicholas H. Patton*
    Nicholas H. Patton
    State Bar No. 63035
    Patton, Tidwell & Schroeder, LLP
    4605 Texas Boulevard
    Texarkana, Texas 75503
    903.792.7080 / 903.792.8233 (Fax)

    Patricia L. Peden
    LAW OFFICE OF PATRICIA L. PEDEN
    610 16th Street, Suite 400
    Oakland, California 94612
    Telephone: 510-268-8033

    ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

  This is to certify that on this 2nd day of May, 2008, a true and correct copy of the foregoing Motion for Dismissal Without Prejudice was served electronically and/or via U.S. First Class Mail upon:

| | |
|---|---|
| Richard E. Griffin<br>Charles Babcock<br>Crystal Parker<br>JACKSON WALKER, LLP<br>1401 McKinney<br>Suite 1900<br>Houston, Texas 77010 | Attorney for Defendant Cisco Systems, Inc. |
| Michael D. Barnes<br>WRIGHT, LINDSEY & JENNINGS, LLP<br>200 W. Capitol Avenue<br>Little Rock, Arkansas 72201 | Attorney for Defendant Richard Frenkel |
| George L. McWilliams<br>406 Walnut<br>P.O. Box 58<br>Texarkana, Texas 75504-0058 | Attorney for Defendant Richard Frenkel |

                */s/ Nicholas H. Patton*
                Nicholas H. Patton