IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § § § | |
| v. | § § | C.A. NO. 08-4022 |
| | | JURY TRIAL DEMANDED |
| CISCO SYSTEMS, INC. AND RICK FRENKEL | § § § | |

**PLAINTIFF JOHN WARD, JR.'S MEMORANDUM OF LAW IN
SUPPORT OF HIS SURREPLY IN OPPOSITION TO
DEFENDANT CISCO SYSTEMS, INC.'S MOTION TO
DISMISS FOR IMPROPER VENUE, OR IN THE
<u>ALTERATIVE, MOTION TO TRANSFER VENUE</u>**

TO THE HONORABLE COURT:

Plaintiff John Ward, Jr., files this surreply brief in support of his opposition to defendant Cisco Systems, Inc.'s Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue.

Cisco's original motion to dismiss was based on lack of personal jurisdiction and improper venue. In Cisco's reply to Plaintiff's opposition brief, Cisco effectively conceded that it is subject to this Court's jurisdiction and, thus, that venue is appropriate as well. All that is left is Cisco's motion to transfer under 28 U.S.C. § 1404(a). For the reasons stated below, Plaintiff Ward respectfully requests that the Court deny Cisco's motion in its entirety.

**I.    ARGUMENT**

    **A.    Cisco's Motion to Dismiss on Jurisdictional and Venue Grounds is Now Moot.**

1

In its opening brief, Cisco advanced two arguments for dismissal: (1) the Court does not have personal jurisdiction over co-defendant Frenkel; and (2) venue is improper under 28 U.S.C. § 1391. These arguments are now mooted by the fact that Frenkel is effectively no longer a party to this litigation.

In its opening brief, Cisco admits that it is a resident of the Western District of Arkansas, thereby subject to personal jurisdiction here. *See* Cisco's Opening Brief at 5. In its reply brief, Cisco admits that, were it the only defendant, venue would be proper under § 1391(a)(1). Cisco Reply Brief at 3.

Cisco's only remaining argument as to these two points is predicated on Frenkel still being a defendant. Cisco justifies its position by disingenuously claiming that Frenkel has "opposed" Plaintiff's motion to dismiss him from the case.

Far from opposing dismissal, Frenkel's "opposition" is nothing more than a motion for costs and fees. Meanwhile, Frenkel himself has filed a motion for his dismissal. There can be no doubt in this instance that the only remaining defendant is Cisco. In light of these circumstances, Cisco's jurisdiction and venue arguments are mooted.

**B.      Cisco's Motion To Transfer Should be Denied Because Cisco Has Not Shown That Its Proposed Forum Is More Convenient Than Plaintiff's Chosen Forum.**

As the party moving for a change of forum, Cisco has the burden of proving that its alternative forum—Tyler, Texas—is more convenient that the forum chosen by Plaintiff. The court has wide discretion in determining whether to transfer a case for the convenience of parties and in the interest of justice. *Terra Int'l v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997), citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, (1988). "In considering a § 1404(a) motion, the Court must give great weight to the plaintiff's choice of

forum." *Price Indust., Inc., v. Fulghum Indust., Inc.*, Civ. No. 97-1148, 2002 U.S. Dist. LEXIS 25453, at *21 (W.D. Ark. Apr. 19, 2002). (citing *Terra Int'l.,* 119 F.3d at 695. "Unless the balance of interests is strongly in favor of the movant, the plaintiff's choice of forum should prevail." *Price Indust.*, 2002 U.S. Dist. LEXIS 25453, at *22.

Thus, Cisco must show that the Tyler court is *more* convenient for the parties and witnesses than is this Court. Furthermore, Cisco's showing must be strong enough to overcome the great deference given Plaintiff's choice of forum. In the end, Cisco has failed to show that Tyler is even as convenient as this forum, much less so much more convenient as to override Plaintiff's choice.

The three factors considered in a motion to transfer venue under § 1404(a) are: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice. *Price Indust.*, 2002 U.S. Dist. LEXIS 25453, at *22. "[C]ourts have recognized that [§ 14014(a) transfer] determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id*., 2002 U.S. Dist. LEXIS 25453, at *22, citing *Terra Int'l,* 119 F.3d at 696.

As to convenience of the parties, Cisco is already litigating in Texarkana, a few steps from the Arkansas side of the Federal Courthouse. Cisco therefore is capable of litigating on the Arkansas side of Texarkana no less conveniently than in Tyler, Texas. Plaintiff chose this forum, thereby establishing that it is convenient for him. The fact that Tyler is also convenient does not satisfy Cisco's burden.

Cisco also argues that Tyler is more convenient for witnesses. "Probably the most important factor ... in passing on a motion to transfer under 28 U.S.C. § 1404(a) is the convenience of the witnesses." Federal Practice and Procedure at § 3851. *See also Anheuser-*

*Busch, Inc. v. City Merchandise*, 176 F.Supp.2d 951, 959 (E.D.Mo. 2001) ("The primary, if not the most important of [the § 1404(a) factors] is the convenience of the witnesses.") (alteration added; interim quotations omitted).

Cisco fails to show that Tyler is more convenient for the witnesses. As many as three court clerk witnesses are located in Texarkana. The conduct about which the defamatory statements were made relate to the actions of an unnamed clerk in relation to a case pending in the Texarkana division. Plaintiff intends to call the clerks from Texarkana to testify that none of them improperly tampered with official records, as the defamatory remarks alleged. For these witnesses, Tyler is surely *less* convenient than Texarkana. Cisco's motion entirely ignores these witnesses.

As the movant, Cisco is required to identify its own witnesses, identify witnesses that may be called by Ward, identify where the witnesses reside, and provide a description of what the parties will seek to prove through the witnesses testimony. *See Golden Trade, S.R.L. v. EV. R. Inc.*, No. 4:06CV1033 HEA, 2007 U.S. Dist. LEXIS 78190, at *20-21 (E.D. Mo. Oct. 22, 2007), *see also Standard Office Systems, Inc. v. Ricoh Corp.*, 742 F. Supp. 534, 538 (W.D. Ark. 1990) ("The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover."). Without that information the court cannot undertake to balance the convenience of the witnesses. *See Golden Trade*, 2007 U.S. Dist. LEXIS 78190, at *20-21.

Cisco points to only one potential witness—David Maland, the Clerk of the Eastern District of Texas—who Cisco claims would be inconvenienced by having to travel from Tyler to Texarkana. Cisco does not say why Mr. Maland is a necessary witness, what Mr. Maland will testify about, and why Texarkana is so inconvenient for Mr. Maland. *See*

*Golden Trade*, 2007 U.S. Dist. LEXIS 78190, at *20-21. Additionally, where witnesses reside in different fora, this factor is at best a "wash." *See, e.g., R & R Packaging, Inc. v. GAP Roofing, Inc.,* Civ. No. 06-5175, 2007 WL 162730, at *3 (W.D. Ark. Jan. 18, 2007). Consequently, Cisco's motion should be denied. *See Arkansas Trophy Hunters Assoc. Inc. v. Texas Trophy Hunters Assoc.*, Civ. No. 06-5067, 2006 U.S. LEXIS 92152, at *3-4 (W.D. Ark. Dec. 18, 2006).

Lastly, Cisco argues that the interests of justice are best served by transfer, because it would then be possible for Plaintiff's case to be consolidated with the case brought by Mr. Albritton. However, this mere possibility alone does not justify nullifying Plaintiff's choice of an otherwise proper forum. Additionally, the transfer of Plaintiff's case and the possibility of "consolidation" would present recusal problems.

Cisco claims that Plaintiff has chosen this forum because he believes he cannot get a fair trial from the Eastern District of Texas bench (the "Bench"). Cisco argues that the Bench would not have to recuse itself pursuant to 28 U.S.C. § 455(b) because Ward is not related to any judge on the Bench other than his own father. Cisco Reply at 9-12.

Cisco mischaracterizes Plaintiff's position. Plaintiff believes, and has argued, that the Bench adheres to the highest ethical standards. The Bench would rightly be concerned about the *appearance* of bias in light of the fact that (1) Plaintiff is the son of a judge on the Bench, (2) a key witness, who defendant has accused of criminal conduct, is employed by the Bench, and (3) defendant has called the Bench the "Banana Republic of Texas." These factors, taken cumulatively, would call into question the impartiality of the Bench in the mind of the public (although not in the Plaintiff's mind). *See* 28 U.S.C. § 455(a) ("Any justice, judge, or

magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.").

Cisco cites cases for the proposition that judges can be unbiased despite having been attacked personally and professionally by litigants before them. However, those cases are inapposite because each involves an instance in which the litigant sought disqualification of a judge who determined that there was no threat of bias. Here, the concern is that the factors above, taken together, would raise the *appearance* of bias—an appearance that would disconcert a bench as ethical as the Eastern District of Texas.

## II. CONCLUSION

Cisco has not shown that Tyler is more convenient for the parties or the witnesses; let alone so much more convenient that it warrants overriding Ward's choice of forum. Nor did Cisco attempt to make such a showing by providing the court with the names of all witnesses, where they reside, and the import of their testimony. In addition, Cisco minimizes the dilemma the transfer would pose for the Eastern District of Texas bench. For the foregoing reasons, as well as those set forth in Plaintiff's Opposition Brief, Plaintiff respectfully requests that this Court deny Cisco's Motion.

Respectfully Submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton
State Bar No. 63035
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080
903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2008, I electronically filed the foregoing with the Clerk of the court using the CM/ECF System which will send notification of such filing to the following:

Richard E. Griffin
Charles Babcock
Crystal Parker
JACKSON WALKER, LLP
1401 McKinney
Suite 1900
Houston, Texas 77010

Attorney for Defendant Cisco Systems, Inc.

Michael D. Barnes
WRIGHT, LINDSEY & JENNINGS, LLP
200 W. Capitol Avenue
Little Rock, Arkansas 72201

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058

Attorneys for Defendant Richard Frenkel

*/s/ Nicholas H. Patton*
Nicholas H. Patton