IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JOHN WARN, JR. § | |
| § | |
| § | |
| § | C.A. NO. 08-4022 |
| v. § | JURY TRIAL DEMANDED |
| § | |
| CISCO SYSTEMS, INC. AND RICK § | |
| FRENKEL § | |

**PLAINTIFF JOHN WARD, JR.'S OPPOSITION TO CISCO SYSTEM'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD REGARDING ITS PENDING MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERATIVE, MOTION TO TRANSFER VENUE**

TO THE HONORABLE COURT:

Plaintiff John Ward, Jr., files this opposition to defendant Cisco Systems, Inc.'s ("Cisco") Motion for Leave to Supplement the Record Regarding its Pending Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue. (D.E. #24). Ward respectfully submits that Cisco's motion should be denied.

I.   DISCUSSION

Cisco asks this Court to grant it leave to "supplement" the record with one article it has cherry-picked from the many articles published about this case. But the Texarkana Gazette article is: (1) of marginal relevance to the merits of Cisco's motion, (2) does not create the type of prejudice that warrants transfer, and (3) can be properly addressed during *voir dire* and through jury instructions, rending Cisco's argument superfluous.

A.   Cisco's Belated "Local Publicity" Argument is of Marginal Relevance

The issues briefed in Cisco's original motion require the Court to resolve two questions:

1. Is Cisco subject to this Court's jurisdiction?

2. Can Cisco overcome the great weight given to Plaintiff's choice of forum by showing that the Eastern District of Texas, Tyler Division, is a significantly more convenient forum?

The article Cisco seeks to introduce has no relevance to the jurisdictional question. In fact, Cisco has admitted it is subject to this Court's jurisdiction. *See* D.E. #8 at ¶ 5.

Nor does the article cited by Cisco rectify its failure to prove that the Eastern District of Texas is significantly more convenient for the parties and the witnesses, overriding Ward's choice of forum. In addressing Cisco's motion for transfer under 28 U.S.C. § 1404(a), this Court must consider the convenience of the parties, the convenience of the witnesses, and the interest of justice. *See Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). Cisco's motion failed to offer a shred of evidence supporting its convenience argument.

Cisco's hopes of avoiding the Western District of Arkansas therefore rest on the slenderest of reeds—the single "interests of justice" prong of the three prong transfer test. Recognizing the need to bolster its one remaining contention, Cisco now seeks to introduce an entirely new argument in support of its motion: that pretrial publicity supports transfer.

The problem with Cisco's argument is that this case has received a great deal of publicity, including other articles emanating from Texarkana, as well as coverage by national newspapers that may have been read by persons in Texarkana. *See* Exhs 1-5. Yet, Cisco did not raise the issue until after Ward's opposition was filed and its need for additional arguments became apparent. As a result that issue is not before the Court.

B. <u>The Article Does Not Create the Type of Prejudice that Warrants Transfer</u>

Cisco's motion implies that it cannot receive a fair trial in the Western District of Arkansas because of comments made by Ward's counsel in the <u>Texarkana Gazette</u>. But to prevail on its newly-minted argument Cisco must show that it cannot obtain a fair trial in Texarkana because "particular jurors actually hold opinions raising a presumption of partiality." *See Shapiro v. Kauffman*, 855 F.2d 620, 621 (8th Cir. 1988); *see also Nanninga v. Three Rivers Elec. Coop.*, 236 F.3d 902, 906 (8th Cir. 2000). Cisco can make no such showing in this case.

There is no doubt that this case has received—and will continue to receive—a great deal of publicity.  But unlike a highly-publicized criminal case, media reports in this case have not been biased against defendants.  Tellingly, Cisco's motion fails to mention that much of the publicity in this case has been highly critical of Ward.  *See* Exh. 2 (comments including "Just make sure Mr. Ward that I am not on the jury.").

Far from being harmed by the coverage this case has received, Cisco has taken every opportunity to advance its own defenses in the media.  For example, Cisco has repeatedly used the press to assert that the content of the Troll Tracker blog was not influenced by Cisco (and its corporate agenda to discredit the Eastern District of Texas), and to advance its position that Frenkel is a "journalist" entitled to greater First Amendment protection.  *See* Exhs. 3-5.  Cisco was also interviewed by the Texarkana Gazette reporter and its response was included in the published article.

Other Cisco-generated publicity has been particularly harsh, accusing Ward of underhandedly working with another lawyer, Mr. Raymond Niro, to "circumvent the discovery orders of the Arkansas and Texas courts" and to "abuse" the subpoena power of the Federal Courts.  *See* Exh. 6.  Those allegations are based on statements made by Mr. Babcock and Mr. McWilliams—the same lawyers representing Cisco and Frenkel in this case—that discovery served by Mr. Niro in an unrelated case was an improper attempt to obtain discovery for Ward. For the record, Ward's counsel has never spoken to Mr. Niro and Ward has never asked Niro to serve discovery on his behalf.  Cisco's one-sided negative publicity argument is disingenuous at best.

Media exposure in this case is unavoidable.  That is no less true for potential jurors setting in the Eastern District of Texas, Tyler Division.  In fact, the jury pool in Tyler may be more at risk of influence by the wide-spread publicity given the number of patent infringement cases filed in that district.  There is simply nothing about the Texarkana Gazette article that supports Cisco's request to transfer this case to Tyler.  *See U.S. v. Woods*, 486 F.2d 172, 174 (8th

3

Cir. 1973) ("The mere fact that [the case] received publicity by itself is not sufficient to require a change of venue.").

C. *Voir Dire* is the Proper Method of Addressing Any Hypothetical Prejudice

Cisco's allegation that the Gazette article will somehow taint the jury pool is nothing more than posturing and rank speculation. The Gazette article is unlikely to prejudice any potential juror. Unlike Mr. Frenkel, Ward's counsel did not offer untrue statements of fact, and his comments were not provided under a cloud of anonymity. A reader can easily appreciate that the statements made by Ward's counsel represent his opinion. Similar themes are likely to arise in closing argument at trial. The Court will certainly admonish the jury that arguments made by Ward's attorneys are not evidence, curing any alleged prejudice to Cisco.

Moreover, there is a strong likelihood that the few people selected for the jury panel will not have read the article. Even if the article was read by potential jurors the time lapse in time between publication and trial will render the contents of the article meaningless. *See U.S. v. Eagle*, 586 F.2d 1193, 1195 (8th Cir. 1978) (eight month hiatus between the date of the cited publicity and the date of jury selection was sufficient to mitigate the potentially harmful effects of the publicity); *Woods*, 486 F.2d at 174 (noting lack of prejudice where only a few jurors could recall prior publicity).

In the unlikely event that a significant number of potential jurors actually read the article, and in the more unlikely event that they remember its contents, it does not follow that Cisco cannot get a fair trial in Texarkana. The existence of some prejudice among potential jurors does not mean that an impartial jury cannot be impaneled. *U.S. v. Mercer*, 853 F.2d 630, 633 (8th Cir. 1988). The proper test is whether each prospective juror can lay aside his or her impression and render a verdict based on the evidence. *Woods,* 486 F.2d at 174, n. 1. Ward has no doubt that the jurors in this district will be impartial.

During *voir dire*, Cisco may inquire as to whether potential jurors have read or heard anything that would cause them to be prejudiced against Cisco. Cisco may likewise probe the

4

jury panel's knowledge of the case.  *Voir dire*—not transfer—is the proper mechanism to address Cisco's alleged concerns.  *See Shapiro*, 855 F.2d at 620; *Nanninga*, 236 F.3d at 906-907; *Mercer*, 853 F.2d at 633; *Woods*, 486 F.2d at 174.  Until then Cisco's allegations of prejudice are mere speculation offered to shore up a motion that it fears it is likely to lose.

II. CONCLUSION

In the end, the issue before the Court had nothing to do with the media attention this case has received, or the comments of Ward's attorney.  The issue before the Court is whether Cisco has met its burden of proving that this Court should exercise its discretion to transfer the case to the Eastern District of Texas, Tyler Division.  Ward submits that Cisco has not met that burden, and nothing in the Texarkana Gazette article changes that result.  Therefore, Cisco's motion to introduce a new argument by supplementing the record should be denied.

Respectfully Submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton
State Bar No. 63035
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This is to certify that on this 9th day of July, 2008, a true and correct copy of the foregoing was served electronically and/or via U.S. First Class Mail upon:

| | |
|---|---|
| Richard E. Griffin<br>Charles Babcock<br>Crystal Parker<br>JACKSON WALKER, LLP<br>1401 McKinney<br>Suite 1900<br>Houston, Texas 77010 | Attorney for Defendant Cisco Systems, Inc. |
| Michael D. Barnes<br>WRIGHT, LINDSEY & JENNINGS, LLP<br>200 W. Capitol Avenue<br>Little Rock, Arkansas 72201 | Attorney for Defendant Richard Frenkel |
| George L. McWilliams<br>406 Walnut<br>P.O. Box 58<br>Texarkana, Texas 75504-0058 | Attorney for Defendant Richard Frenkel |

*/s/ Nicholas H. Patton*
Nicholas H. Patton