IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JOHN WARD, JR. § | |
| § | |
| § | |
| § | C.A. NO. 08-4022 |
| v. § | JURY TRIAL DEMANDED |
| § | |
| CISCO SYSTEMS, INC. AND RICK § | |
| FRENKEL § | |

**PLAINTIFF JOHN WARD, JR.'S MOTION FOR LEAVE TO
SUPPLEMENT THE RECORD REGARDING CISCO SYSTEM'S
PENDING MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE
<u>ALTERATIVE, MOTION TO TRANSFER VENUE</u>**

TO THE HONORABLE COURT:

I.  INTRODUCTION

Plaintiff John Ward Jr., ("Ward") respectfully requests that he be granted leave to file a supplement to the record regarding Cisco Systems Inc.'s ("Cisco") pending Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue. By and through this motion, Ward seeks to provide the Court with Orders of Recusal entered in *Albritton v. Cisco Systems, Inc. et. al*., No. 6:08-cv-00089-RAS, filed in the Eastern District of Texas.

II.  DISCUSSION

In response to Ward's complaint, Cisco filed a motion to dismiss for improper venue, or in the alternative to transfer this case to the Eastern District of Texas, Tyler Division. In opposition, Ward argued that venue in this district served the interests of justice given the unique facts of this case. Ward explained that this case presents a confluence of highly unique circumstances involving the relationship between Ward and key witnesses, on one hand, and the

Eastern District Texas bench, on the other. Because Cisco tortuously accused Ward of conspiring with a clerk employed in the Eastern District of Texas, and because Ward is the son of a sitting judge in that district, he was justifiably concerned that transfer would result in orders of recusal, further delay, and the possibility of litigating his case in a forum that is inconvenient for the parties and key witnesses. *See* Opp. Br. at 7.

Cisco's reply brief accused Ward of using the possibility of recusal as a "straw man." D.E. 21 at 3. Cisco insisted that Ward's argument was mere conjecture not support by the facts of the case. Cisco told this Court that in the *Albritton* case Judge Michael Schneider had not recused and was moving forward with that case. *Id*. Cisco labeled Ward's position a "red herring" and emphatically argued that Ward's concern about serial recusal by judges in the Eastern District of Texas was "absurd." *Id*. at 9-10.

Cisco was wrong. Ward's concerns about recusal by judges sitting in the Eastern District of Texas have come to fruition. After the briefing in this case was submitted, District Judge Michael H. Schneider entered an Order of Recusal. *See* Exh. A. The *Albritton* case was reassigned to District Court Judge Leonard Davis, who immediately entered an Order of Recusal. *See* Exh. B. Because both judges assigned to the Tyler Division recused, on July 11, 2008 Chief Judge Thad Heartfield reassigned the *Albritton* case to District Court Judge Richard A. Schell. *See* Exh. C. There is no way of knowing whether Judge Schell will likewise recuse.

Ward submits that the Court should have the benefit of the Eastern District of Texas judges' orders of recusal in considering Cisco's pending venue motion. Cisco has admitted that if Defendant Frenkel is dismissed from the case, the only issue left for the Court to resolve is whether this case should be transferred pursuant to 28 U.S.C. §1404(a). *See* D.E. 21 at 3. In making that determination, the Court will evaluate the particular circumstances of this case and decide whether those circumstances weigh so strongly in Cisco's favor so as to justify overriding Ward's choice of forum. *See Price Indus., Inc. v. Fulghum Inds*., No. 97-1148, 2002 U.S. Dist. LEXIS 25453, at *21-22 (W.D. Ark. Apr. 19, 2002). The serial recusal of judges in the Eastern District of Texas strongly support maintaining venue in this district.

2

III.  CONCLUSION

WHEREFORE, Ward respectfully requests that it be permitted to file Exhibits A-C attached hereto in support of its opposition to Cisco's Motion to Dismiss, or in the Alternative, Motion to Transfer this case to the Eastern District of Texas, Tyler Division.

Respectfully Submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton
State Bar No. 63035
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This is to certify that on this 16th day of July, 2008, a true and correct copy of the foregoing was served electronically upon:

| | |
|---|---|
| Richard E. Griffin<br>Charles Babcock<br>Crystal Parker<br>JACKSON WALKER, LLP<br>1401 McKinney<br>Suite 1900<br>Houston, Texas 77010 | Attorney for Defendant Cisco Systems, Inc. |
| Michael D. Barnes<br>WRIGHT, LINDSEY & JENNINGS, LLP<br>200 W. Capitol Avenue<br>Little Rock, Arkansas 72201 | Attorney for Defendant Richard Frenkel |
| George L. McWilliams<br>406 Walnut<br>P.O. Box 58<br>Texarkana, Texas 75504-0058 | Attorney for Defendant Richard Frenkel |

*/s/ Nicholas H. Patton*
Nicholas H. Patton