IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JOHN WARD, JR. | § <br> § <br> § |
| v. | §    C.A. NO. 08-4022 <br> §    JURY TRIAL DEMANDED |
| CISCO SYSTEMS, INC AND <br> RICK FRENKEL | § <br> § <br> § |

**CISCO SYSTEMS, INC.'S REPLY TO PLAINTIFF'S OPPOSITION
TO CISCO SYSTEMS INC.'S MOTION FOR LEAVE TO
SUPPLEMENT THE RECORD REGARDING ITS PENDING
MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER VENUE**

TO THE HONORABLE COURT:

Defendant Cisco Systems, Inc. ("Cisco") files this Reply ("Reply") to Plaintiff's Opposition ("Opposition") to Defendant Cisco Systems, Inc.'s Motion for Leave to Supplement the Record Regarding its Pending Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue ("Motion") as follows:

Perhaps realizing the futility of the argument, Ward does not even allege that the <u>Texarkana Gazette</u> newspaper article (in which Plaintiff's counsel called Defendant "disgusting," and accused its employee of engaging in a "stunning" act of "cowardice") should not be considered by the Court in determining the proper venue for this case. Instead, Ward presents a lengthy argument concerning the *weight* the article should have on this Court's decision, calling it "of marginal relevance."

Negative publicity such as that published in the <u>Texarkana Gazette</u> article should be considered as an "interest of justice" factor in determining whether the Court should transfer this case to another venue. *See, e.g., Smart v Goord*, 21 F. Supp.2d 309, 317-318 (S.D. N.Y. 1998) ("[a]dverse publicity is certainly a factor which a court may

consider in determining the propriety of transfer pursuant to § 1404"); *Haase v. O'Hara*, 246 F. Supp. 594, 595-96 (E.D. Wisc. 1965) (holding that the unfavorable publicity, the positions of the parties, likelihood of delay in trial, and dictates of the convenience of the witnesses "render the Northern District of Illinois a more appropriate forum to secure the easy, expeditious and inexpensive disposition of the case intended to be achieved by the provisions of Section 1404(a)"). Cisco therefore requests that the Court consider the effect of the article on the jury pool in Texarkana, where it was published, along with the overwhelming evidence supporting transfer as set forth in Cisco's Motion to Dismiss, or in the Alternative, Motion to Transfer Venue.

Cisco would note that the only reason it must seek leave of the Court to request the article be considered is that Ward's counsel made the statements in the Texarkana Gazette (notwithstanding Rule 3.07 of the Texas Disciplinary Rules of Professional Conduct) after the papers arguing the motion had been filed.

Cisco therefore respectfully requests that its Motion be in all things granted and that the Court supplement the record concerning Cisco's pending Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue. Cisco further requests that it be granted such other relief, both at law and in equity, as the Court deems just and proper.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Richard E. Griffin
    Arkansas Bar No.: 63020
    Email: rgriffin@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney
    Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

# CERTIFICATE OF SERVICE

This is to certify that on this 18th day of July, 2008, a true and correct copy of the foregoing was served electronically, upon:

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
**Attorney for Plaintiff John Ward, Jr.**

Michael D. Barnes
Wright, Lindsey & Jennings LLP
200 West Capitol Avenue
Little Rock, Arkansas 72201
**Attorney for Defendant Richard Frenkel**

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
**Attorney for Defendant Richard Frenkel**

/s/ Charles L. Babcock
Charles L. Babcock