**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **JOHN WARD, JR.** | § | |
| | § | |
| **Plaintiff** | § | No.  08-4022 |
| | § | |
| **V.** | § | JURY TRIAL DEMANDED |
| | § | |
| **CISCO SYSTEMS, INC. and RICK** | § | |
| **FRENKEL** | § | |
| | § | |
| **Defendants.** | § | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR DISMISSAL**
**WITHOUT PREJUDICE AS TO DEFENDANT RICK FRENKEL**

Plaintiff, John Ward Jr., files this brief in response to the Court's inquiry regarding application of the two-dismissal rule.  In response to the Court's question, the two-dismissal rule does not apply in this case because that rule requires both dismissals to be Rule 41(a)(1) dismissals and Ward's motion to dismiss Frenkel without prejudice does not qualify as a second Rule 41(a)(1) notice of dismissal. Therefore, Ward respectfully requests that his motion to dismiss Frenkel without prejudice be granted.

**I.      Introduction and Background**

This action arises out of defamatory remarks directed at Plaintiff Ward that were published by Rick Frenkel, a former Cisco employee, on the "Patent Troll Tracker" website. Frenkel accused Ward of felonious behavior in his representation of the plaintiff in a case venued in the Texarkana Division of the Eastern District of Texas.  Ward represents the plaintiff in that case; a patent holder named ESN, LLC.  The ESN defendant is Cisco Systems, Inc.  At the time

he made the defamatory remarks, Frenkel was Cisco's Director of Intellectual Property and the lawyer in charge of managing Cisco's defense in the ESN litigation.

Ward initially sued Cisco and Frenkel in Gregg County Texas and was granted a nonsuit in that case prior to the filing of any responsive pleadings. (Ex. 1) Ward then filed this action in the Texarkana Division of the Western District of Arkansas. Cisco answered, admitting that Frenkel was its agent and acting within the course and scope of his employment when he published the defamatory remarks on the weblog.[1] (DE# 8, ¶¶8 & 10) Based on Cisco's admission, Ward moved to dismiss Frenkel without prejudice. (DE# 14) In response to Ward's motion, Frenkel sought either the recovery of his attorney fees incurred in this suit, or a dismissal with prejudice. (DE# 17) During a conference prior to the August 4th hearing on Ward's motion to dismiss Frenkel without prejudice, the Court inquired whether the so-called, "two dismissal rule" would apply to make this second dismissal of Frenkel operate as an adjudication of the merits.

Ward's motion to dismiss Frenkel without prejudice seeks a Court order of dismissal under Rule 41(a)(2). Because the two dismissal rule is strictly construed to apply to instances where a plaintiff twice dismisses an action by notice under Rule 41(a)(1), the rule cannot apply to operate as an adjudication of the merits of Ward's claims against Frenkel.

## II.    Rule 41 and the "Two Dismissal Rule"

Federal Rule of Civil Procedure 41, entitled "Dismissal of Actions," provides for voluntary dismissals by plaintiffs in subsection (a)(1), as well as voluntary dismissals by court order in subsection (a)(2). FED. R. CIV. P. 41(a)(1)-(2). Under subsection (a)(1), a plaintiff is given the right to dismiss a suit by stipulation or "a notice of dismissal before the opposing party

---

[1]    Cisco's Answer was filed subject to its motion to dismiss for improper venue, or in the alternative, motion to transfer venue. (DE#s 4, 5 & 8) Frenkel answered subject to his motion to dismiss for lack of personal jurisdiction. (DE#s 11-13)

serves either an answer or a motion for summary judgment."  *Id.* at § (a)(1)(A)(i).  The two

dismissal rule is found in the last sentence of Rule 41(a)(1) which explains the effect of

voluntary dismissal by notice or stipulation:

> Unless the **notice or stipulation** states otherwise, the dismissal is without
> prejudice.  But if the plaintiff previously dismissed any federal – or state – court
> action based on or including the same claim, a **notice** of dismissal operates as an
> adjudication on the merits.

*Id.* at § (a)(1(B) (emphasis added).  The two dismissal rule is strictly construed because it serves

as "an exception to the general principle, contained in Rule 41(a)(1) and honored in equity prior

to the adoption of the Federal Rules, that a voluntary dismissal of an action does not bar a new

suit based on the same claim."  *Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co.*, 826 F.2d 637,

640 (7th Cir. 1987); *see also Orr v. Stuart*, 32 F.R.D. 435, 441 (W.D. Ark 1963) (explaining that

the rule is strictly construed).

Aside from the notice and stipulation procedures provided in 41(a)(1), "an action may be

dismissed at the plaintiff's request **only by court order**, on terms that the court considers

proper."  *Id* at § (a)(2) (emphasis added).  Subsection (a)(2) "does not contain the same

mandatory 'two dismissal' rule requiring that a second dismissal by order of the court operate as

an adjudication on the merits and be treated as dismissed with prejudice."  *Cunningham v.

Whitener*, 182 Fed. Appx., 966, 969 (11th Cir. 2006); 2006 U.S. Dist LEXIS 13763 at *10.

"By its own clear terms, the 'two dismissal' rule applies only when the second dismissal

is by notice under Rule 41(a)(1).  *Sutton Place Dev. Co.*, 826 F.2d at 640 (quoting Wright &

Miller, Fed. Prac. & Proc. § 2368, at 188 (1971)).  The rule does not apply to an involuntary

dismissal, a dismissal by stipulation or a court ordered dismissal under Rule 41(a)(2).  *Id.*  Courts

and commentators agree that the two dismissal rule applies when the second dismissal is by

notice, but not when the defendant is dismissed by motion or by stipulation.  *Manning v. South*

*Carolina Dept. of Highway & Pub. Transp.*, 914 F.2d 44, 47 (4th Cir. 1990) (citing Wright &

Miller, Fed. Prac. & Proc. § 2368, at 188 (1971)); *Island Stevedoring, Inc. v. The Barge CCBI*,

129 F.R.D. 430, 432 (D. P.R. 1990) (citing same). A plaintiff may "escape the effect" of the two

dismissal rule by obtaining a dismissal by court order under 41(a)(2). *Engelhardt v. Bell &

Howell Co.*, 299 F.2d 480, 482 (8th Cir. 1962).

## III. Argument

By way of motion, Ward seeks a Court order under Rule 41(a)(2) dismissing Frenkel

without prejudice. (DE# 14) Because Ward did not attempt to unilaterally dismiss Frenkel by

notice under 41(a)(1), the two dismissal rule does not apply and cannot provide the basis for

dismissing Frenkel with prejudice. *See Englehardt*, 299 F.2d at 482 (explaining that a plaintiff

may "escape the effect of the two dismissal rule" by obtaining a court order of dismissal under

(a)(2)). As a result, the Court retains discretion to dismiss Frenkel without prejudice, either with

or without terms or conditions.[2] *Cunningham*, 182 Fed Appx., at 971, U.S. Dist LEXIS 13763 at

*13. However, to either misconstrue Ward's motion as a second Rule 41(a)(1) dismissal, or read

the two dismissal rule into Rule 41(a)(2), would be an "error of law." *Id*. Moreover, because

Ward's nonsuit was granted by order of the Gregg County Court, it is not clear that the first

dismissal can properly be considered akin to a 41(a)(1) dismissal. Even assuming that the

nonsuit qualifies as an (a)(1) notice of dismissal, Ward's motion seeking an order from this Court

dismissing Frenkel without prejudice falls squarely under subsection (a)(2) and outside the scope

of the two dismissal rule.

---

[2]     In exercising its discretion to condition, or not, Frenkel's dismissal without prejudice, the Court should
consider the factors and analyses set out in Ward's reply regarding his motion to dismiss, DE #19. Ward
incorporates that document by reference.

In *ASX Inv. Corp v. Newton*, the Eleventh Circuit reversed and remanded a district court's application of the two dismissal rule because the lower court "errantly considered a previous court-ordered dismissal as a qualifying predicate dismissal for application of the rule." 183 F.3d 1265, 1267-69. ASX first sued Newton in Delaware Chancery Court but sought and obtained a court ordered dismissal without prejudice after Newton answered. *Id*. at 1265. ASX then sued Newton in federal district court and voluntarily dismissed Newton without prejudice under Rule 41(a)(1). *Id*. at 1266. When ASX sued for a third time, Newton moved to dismiss with prejudice on grounds that the two dismissal rule applied. The district court ruled that the second dismissal operated as an adjudication of the merits. The Eleventh Circuit reversed because the dismissal from Chancery Court was achieved by motion and order of the court. *Id*. at 1267-68. The court explained:

> There is no two dismissal rule set out in Rule 41(a)(2) and we see no basis for reading the two dismissal rule to apply where the first dismissal is achieved by motion and order of the court. Although dismissal under Rule 41(a)(2) is, as the rule says," at the plaintiff's instance," the actual dismissal is by the court and therefore does not implicate the Rule 41(a)(1) two dismissal rule.
>
> …
>
> A dismissal obtained by motion and order of the court under rule 41(a)(2) or similar state rule is not unilateral and does not pose the same danger of abuse or harassment as does a Rule 41(a)(1) dismissal by plaintiff's notice.

*Id*. at 1268.

While in *ASX Inv. Corp* the first dismissal was disputed, in the instant case Ward's motion seeks a Court order dismissing Frenkel without prejudice for a second time. A similar fact pattern emerged in *Cunningham v. Whitener*, 182 Fed. Appx. 966 (11 Cir. 2006), 2006 U.S. Dist LEXIS 13763. No one disputed that Cunningham dismissed his first complaint unilaterally under 41(a)(1), or that if he had attempted to do so a second time, "the dismissal would have been without a court order and would have operated as an 'adjudication on the merits.'" *Id*. at

970, *11. However the district court either misconstrued Cunningham's motion for dismissal as a second 41(a)(1) notice, or read the two dismissal rule into 41(a)(2) and dismissed his complaint with prejudice. *Id*. at 970, *13. Because in the second instance Cunningham's motion sought a court order of dismissal under 41(a)(2), the district court committed legal error and the Eleventh Circuit vacated the order and remanded the action. *Id*. at 971, *13.

In *Gioia v. Blue Cross Hospital Svc, Inc. of Missouri*, the Eight Circuit affirmed the district court's application of the two dismissal rule to dismiss a third action by a hospital against Blue Cross. 641 F.2d 540, 544-45 (8th Cir. 1981). Like the instant case, the first suit in *Gioia* was filed in state court. It was voluntarily dismissed by the plaintiff on a form entitled "Memorandum for the Clerk." *Id*. at 542. The second suit was filed in federal district court and similarly dismissed by a Memorandum to the Clerk.[3] *Id*. When the third action was filed in federal district court, Blue Cross argued that because the second dismissal was by notice under 41(a)(1), the notice operated as an adjudication of the merits and the third action was barred by res judicata. In determining that the second dismissal was by unilateral notice rather than court order, the courts found that the following facts controlled:

> (1) defendants had not filed an answer or a motion for summary judgment and under the rule plaintiff was entitled as a matter of right to dismiss its complaint; (2) … defendants were given no opportunity to oppose the dismissal; and (3) … considerable time and effort had been required of the defendants, which is one of the reasons Rule 41(a)(1) was enacted.

*Id*. at 543. The Eight Circuit concluded that the plaintiff's course of action would lead one to believe that the dismissal was "voluntary and unilateral no proper motion, no notice, no hearing, no waiting five days before presenting the matter to the judge in accord with the local rules, and no formal order." *Id*. at 544.

---

[3]     *Gioia* involved a number of procedural irregularities. The Eight Circuit notes that the memo to the clerk somehow found its way to the presiding judge who wrote "So ordered" in the margin, signed his name and had it filed by the clerk.

Ward's request to dismiss Frenkel presents a strikingly different proposition. First, Frenkel filed a Rule 12(b)(2) motion and an Answer prior to Ward's motion to dismiss; as Frenkel acknowledged in his response, Ward's "motion is governed by Rule 41(a)(2)." (DE# 17 at 2) Second, Ward's request is entitled "Motion for Dismissal Without Prejudice as to Defendant Rick Frenkel" and fully complies with the local rules regarding motion practice. Third, Frenkel was afforded and took full advantage of his opportunity to respond to the motion and be heard on it. Fourth, the motion expressly requests that an order be entered granting the motion to dismiss Frenkel without prejudice. Fifth, a proposed formal order granting the requested relief was provided to the Court. (Ex. 2) Finally, as discussed more thoroughly in Ward's reply regarding his motion to dismiss Frenkel, Ward's motion was filed promptly after Cisco admitted agency, early in the litigation and before Frenkel filed a motion on the merits or was forced to exert substantial time or effort in defending the case. By seeking an order of dismissal without prejudice, Ward has no intention of harassing Frenkel. Rather, Ward merely seeks to protect his rights in the event that Cisco retracts its admission of agency. In sum, each point of the *Gioia* analysis compels a finding that Ward's motion seeks relief under 41(a)(2) and does not qualify as an (a)(1) notice or otherwise implicate the two dismissal rule.

## IV.    Conclusion

Ward's motion to dismiss Frenkel without prejudice does not qualify as a second Rule 41(a)(1) notice of dismissal. Accordingly, the two dismissal rule cannot apply to operate as an adjudication of the merits of Ward's claims against Frenkel. For the reasons stated herein and in DE # 19, Ward respectfully requests that his motion to dismiss Frenkel without prejudice be granted without terms or conditions.

Respectfully submitted,

*/s/ Nicholas H. Patton*

Nicholas H. Patton        State Bar No. 63035
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

This is to certify that on this 14th day of August, 2008, a true and correct copy of the foregoing Motion for Dismissal Without Prejudice was served electronically and/or via U.S. First Class Mail upon:

Richard E. Griffin                 Attorney for Defendant Cisco Systems, Inc.
Charles Babcock
Crystal Parker
JACKSON WALKER, LLP
1401 McKinney
Suite 1900
Houston, Texas 77010

Michael D. Barnes                  Attorney for Defendant Richard Frenkel
WRIGHT, LINDSEY & JENNINGS, LLP
200 W. Capitol Avenue
Little Rock, Arkansas 72201

George L. McWilliams               Attorney for Defendant Richard Frenkel
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058

*/s/ Nicholas H. Patton*

Nicholas H. Patton