IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § § § | |
| v. | § § | C.A. NO. 08-4022 |
| | § | JURY TRIAL DEMANDED |
| CISCO SYSTEMS, INC AND RICK FRENKEL | § § | |

**RICK FRENKEL'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR DISMISSAL WITHOUT PREJUDICE SUBJECT TO HIS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

TO THE HONORABLE COURT:

Subject to his motion to dismiss for lack of personal jurisdiction, Rick Frenkel ("Frenkel") files this brief in opposition to Plaintiff John Ward, Jr.'s ("Ward") Motion to Dismiss Without Prejudice (the "Motion") as requested by the Court and would show the court as follows:

Frenkel requests that the Court dismiss him from this lawsuit with prejudice, especially in light of Ward's counsel's refusal to commit that he will not sue Frenkel for a third time. Rule 41(a)(1)(B) of the Federal Rules of Civil Procedure, which states that "if the plaintiff previously dismissed a federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits," is instructive as to what the Court should do in this case. But for Ward's waiting a few hours after Frenkel filed his answer in this case before filing his Motion, Rule 41(a)(1)(B) would have operated as an adjudication on the merits at the moment Ward filed the Motion. Rule 41(a)(1)(B) and its stated purpose should therefore guide this Court's actions in this case, especially considering that Ward's counsel has publicly stated that he intends to "whip Rick Frenkel around some more." Furthermore, Ward chose to whip Frenkel (who he has publicly labeled a coward) around for the second time in Arkansas, where

no basis for personal jurisdiction exists. Rule 41 is designed to prevent this very type of harassment and bad faith. *Cooter & Gell v. Harmarx Corp.*, 496 U.S. 384, 410 (1990) (holding that the rule was intended to prevent the situation where "an unscrupulous plaintiff could harass a defendant by filing repetitive baseless lawsuits as long as each was dismissed prior to an adverse ruling on the merits.") That purpose is served by dismissing the case against Frenkel with prejudice.

The Eighth Circuit has ruled that when a plaintiff filed two lawsuits in state court, which were then removed to federal court, and the defendant disputed jurisdiction in the lawsuits followed by a dismissal by the plaintiff, the second dismissal was an adjudication on the merits. *Engelhardt v. Bell & Howell Company*, 299 F.2d 480, 481-484 (1962) (stating that "if the plaintiff takes advantage of his right of early dismissal on one occasion, he may not repeat the process with impunity" and noting the expense the defendant must have incurred in disputing jurisdiction). The only difference here is that Frenkel filed his answer a matter of hours before the dismissal in the second lawsuit.

In this case, it is undisputed that Ward voluntarily dismissed Frenkel once before in state court in Texas, and that this will be plaintiff's second dismissal. (Plaintiff's First Amended Complaint, Exhibit A.) Under Rule 41(a)(2) when the dismissal is by court order, the dismissal should be "on terms that the court considers proper". Since this will be the second dismissal, Frenkel asserts that dismissal with prejudice is the proper term under the circumstances. Although an award of fees and costs as a condition of dismissal may be within the court's discretion under Rule 41, Frenkel prefers to avoid the possibility of being hauled into court a third time on the same claim, and therefore agrees to forego any fees or costs to which he may be entitled, so long as the dismissal is with prejudice.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS, LLP

By: _____/s/ Michael D. Barnes_____
Michael D. Barnes
Arkansas Bar No.: 88071
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 772201-3699
(501) 212-1228
(501) 376-9442—Fax
Email: mbarnes@wlj.com

George L. McWilliams
Arkansas Bar No: 68078
GEORGE L. MCWILLIAMS, P.C.
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
(903) 277-0098
(870) 773-2967—Fax
Email: glmlawoffice@gmail.com

ATTORNEYS FOR DEFENDANT
RICK FRENKEL

## **CERTIFICATE OF SERVICE**

This is to certify that on this 14th day of August, 2008, a true and correct copy of the foregoing was served electronically, upon:

- Richard E. Griffin – rgriffin@jw.com
- Nicholas H. Patton – nickpatton@texarkanalaw.com
- Patricia L. Peden – ppeden@pedenlawfirm.com
- Charles L. Babcock, IV – cbabcock@jw.com
- Crystal J. Parker – cparker@jw.com

_____
Michael D. Barnes