IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN WARD, JR.                                                    PLAINTIFF

         v.              Civil No. 08-4022

CISCO SYSTEMS, INC. and
RICK FRENKEL                                                      DEFENDANT

## **ORDER**

Now on this 28th day of August, 2008, comes on for consideration plaintiff's **Motion for Dismissal Without Prejudice as to Defendant Rick Frenkel** (document #14) and the responses and replies thereto. The Court, being well and sufficiently advised, finds and orders as follows:

1.  The plaintiff's complaint, filed on March 13, 2008, asserts a claim for defamation against both Cisco Systems, Inc. (hereinafter "Cisco") and Rick Frenkel (hereinafter "Frenkel"). The claim for defamation stems from publications on an internet blog – www.trolltracker.blogspot.com. The blog allegedly accused the plaintiff, an attorney, of "criminal conduct, unethical conduct, and conduct unbefitting of an officer of the Court."

2.  Separate defendant Frenkel was served and responded to the plaintiff's complaint on April 24, 2008 with an answer (document #11) "subject to his motion to dismiss for lack of personal jurisdiction" and a motion to dismiss or transfer for lack of personal jurisdiction (document #12).

3. Approximately two and a half hours after the filing of Frenkel's answer and motion, the plaintiff filed the instant motion to dismiss Frenkel without prejudice (document #14). In the motion, the plaintiff seeks to dismiss his claims against Frenkel without prejudice. Plaintiff's motion further states "[n]o other parties to this suit will be prejudiced by the dismissal" and "[a]ll parties will bear their own costs."

4. Frenkel has responded to the plaintiff's motion. Frenkel seeks his attorney fees, costs and expenses. Frenkel argues that this is the second time that the plaintiff has sued Frenkel and "the second time he has nonsuited after Frenkel has been put to considerable expense in responding to the lawsuits." Frenkel also states that "he would agree to forego his fees and expenses if Plaintiff agrees that the dismissal is with prejudice."

5. The plaintiff has filed a reply to address Frenkel's response. Plaintiff argues that Frenkel should be dismissed without prejudice -- with no other terms or conditions imposed. Plaintiff argues that he believed, and still believes, that this Court has jurisdiction over Frenkel and points out that he moved to dismiss Frenkel as soon as Cisco admitted agency.[1] Finally, the plaintiff argues that *if* the Court determines that terms or

---

[1] Cisco admitted agency in its answer (document #8) which was filed on April 8, 2008.

conditions should attach to the dismissal, the terms and conditions should be limited to costs and fees only in the event that Ward files a subsequent action against Frenkel.

6. The motion was scheduled for oral argument on August 4, 2008, and the parties appeared before the Court for that purpose. However, in a pre-trial conference, the Court raised the issue, *sua sponte*, as to whether the dismissal sought by plaintiff might implicate the so-called "two-dismissal" rule embodied in Fed. R. Civ. P. 41(a) -- noting that, if so, the issue being controverted might be thereby rendered moot.

In light of the Court's concerns, plaintiff requested time to brief the issue and both parties were then accorded ten (10) days in which to simultaneously brief the issue. The Court advised the parties that if, after briefing, the Court was not persuaded that the "two-dismissal" rule was applicable, it would go ahead and decide the issue based on the papers previously presented by the opposing parties. The parties agreed to that plan.

7. The parties have now submitted their simultaneous briefs on the issue and, after considering both, the Court concludes that, under the specific facts of this case, the "two-dismissal" rule does not apply and the Court should address and rule on plaintiff's motion to dismiss without further reference to it.

8. Federal Rule of Civil Procedure 41 controls the dismissal of actions. The Eighth Circuit Court of Appeals has stated the following concerning the issue under consideration:

> Under Fed. R. Civ. P. 41(a)(1) a plaintiff may voluntarily dismiss her complaint, without prejudice to the filing of a new action based on the same claim, as a matter of right, provided only that the dismissal must occur before the defendant has either answered or moved for summary judgment. Otherwise, 'an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.'"

Kern v. TXO Production Corp., 738 F.2d 968, 970 (8th Cir. 1984)(quoting Fed. R. Civ. P. 41(a)(2)).

Decisions to grant such motions to dismiss without prejudice are discretionary and should be granted only "'if no other party will be prejudiced.'". Id. (quoting 9 Wright & Miller, Federal Practice & Procedure - Civil § 2362 (1971)). Conditions, such as payment by the plaintiff to the defendant for its costs and expenses incurred, can be imposed to "cure" any prejudice or disadvantage caused by the dismissal without prejudice. Id.

9. It is undisputed that plaintiff previously sued Frenkel in Texas state court; that he then voluntarily dismissed that suit; and that, on the same day (March 13, 2008), he refiled the action in this Court.

As already noted, defendant Frenkel filed an Answer and Motion To Dismiss on April 24, 2008 -- and, approximately two and one-half hours later on that same date, plaintiff filed the **Motion**

**For Dismissal Without Prejudice as to Defendant Rick Frenkel** which is now under discussion.

While the Court perceives no absolute bar to a dismissal without prejudice as to Frenkel, it agrees with defendant Frenkel that if -- after having twice dismissed his claims against Frenkel -- plaintiff elects to again sue him on the same issues, Frenkel should be reimbursed for unnecessarily duplicative costs, expenses and attorneys' fees thereby occasioned. However, the Court does not agree with Frenkel that plaintiff should *now* be required to pay costs, expenses and attorneys' fees. This follows because there is no suggestion that plaintiff did not have the right to re-file against Frenkel in this case after having acquired the first dismissal in state court and it is not a certain thing that plaintiff will, after entry of this dismissal without prejudice, again re-file against him in either state or federal court.

10. In light of the foregoing circumstances, the Court concludes that plaintiff's motion should be granted and that his complaint against Frenkel should be dismissed, without prejudice on conditions that, if plaintiff should re-file the same against Frenkel in either state or federal court, Frenkel shall then be entitled to collect from plaintiff -- as a pre-condition for the re-filed claim being permitted to proceed -- any and all unnecessarily duplicative fees, costs and expenses which Frenkel

can then show were or will be incurred by reason of the two previous dismissals.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion For Dismissal Without Prejudice as to Defendant Rick Frenkel** (Document #14) be, and it hereby is, **granted**

**IT IS FURTHER ORDERED** that plaintiff's complaint against Frenkel be, and it hereby is, **dismissed, without prejudice**, on conditions that, if plaintiff should re-file the same against Frenkel in either state or federal court, Frenkel shall then be entitled to collect from plaintiff -- as a pre-condition for the re-filed claim being permitted to proceed -- any and all unnecessarily duplicative fees, costs and expenses which Frenkel can then show were or will be incurred by reason of the two previous dismissals.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE