IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN WARD, JR.                                              PLAINTIFF

          v.          Civil No. 08-4022

CISCO SYSTEMS, INC.                                         DEFENDANT

## ORDER

Now on this 30th day of September, 2008, comes on for consideration

   * **Cisco Systems, Inc.'s Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue** (document #4);

   * **Cisco Systems, Inc.'s Motion for Leave to Supplement the Record Regarding It's Pending Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue** (document #24); and

   **\* Plaintiff John Ward, Jr.'s Motion for Leave to Supplement the Record Regarding Cisco System's Pending Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue** (document #27)
and the responses and replies thereto. The Court, being well and sufficiently advised, finds and orders as follows:

1. The plaintiff's complaint, filed on March 13, 2008, asserts a claim for defamation against both Cisco Systems, Inc. (hereinafter "Cisco") and Rick Frenkel (hereinafter "Frenkel"). The claim for defamation stems from publications on an internet blog – [www.trolltracker.blogspot.com.](www.trolltracker.blogspot.com.) The blog allegedly accused the plaintiff, an attorney, of "criminal conduct, unethical conduct, and conduct unbefitting of an officer of the Court."

2. Following various pleadings from both the plaintiff and Frenkel, Frenkel was ultimately dismissed from this action on August 28, 2008 (document #32). Cisco remains as the sole defendant.

3. Initially, with respect to **Cisco Systems, Inc.'s Motion for Leave to Supplement the Record Regarding It's Pending Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue** (document #24), and **Plaintiff John Ward, Jr.'s Motion for Leave to Supplement the Record Regarding Cisco System's Pending Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue** (document #27) the Court finds the parties' motions should be, and they hereby are, **granted.** However, no further filings of the requested supplemental material are required -- the Court has considered all the material set forth by the parties in their respective filings.

4. In **Cisco Systems, Inc.'s Motion to Dismiss for Improper**

**Venue, or in the Alternative, Motion to Transfer Venue** (document #4), Cisco seeks to dismiss or transfer the case for improper venue; alternatively, Cisco seeks to transfer this action to the Tyler Division of the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). However, since the dismissal of Frenkel, all parties agree that venue in this Court is *proper* and that the sole remaining issue concerns the potential transfer of this matter pursuant to 28 U.S.C. § 1404(a).

    5.   28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Federal courts give considerable deference to a plaintiff's choice of forum and it should not be disturbed unless the balance of the various factors is clearly in favor of the defendant. See Terra Int'l, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 695 (8th Cir.), cert. denied, 522 U.S. 1029 (1997); Darchuk v. Kellwood Co., 715 F. Supp. 1438, 1439 (E.D. Ark. 1988). The defendant has a heavy burden in demonstrating that the transfer will be to a more convenient forum. See Darchuk, 715 F. Supp. at 1439.

"As the Supreme Court explained, '[a] motion to transfer under §1404(a) . . . calls on the district court to weigh in the balance a number of case-specific factors.'" Terra, 119 F.3d at 691 (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29

(1988)). According to the Eighth Circuit in Terra, factors to be considered include both "convenience" factors and "interests of justice" factors. The "convenience" factors include:

* convenience of the parties;
* convenience of the witnesses-including the willingness of witnesses to appear, the ability to subpoena witnesses and the adequacy of deposition testimony;
* the accessibility to records and documents;
* the location where the conduct complained of occurred, and
* the applicability of each forum state's substantive law.

119 F.3d at 696.

The "interests of justice" factors include:

* judicial economy;
* the plaintiff's choice of forum;
* the comparative costs to the parties of litigating in each forum;
* each party's ability to enforce a judgment;
* obstacles to a fair trial;
* conflicts of law issues; and,
* the advantages of having a local court determine questions of local law.

Id.

6. Cisco asserts that litigating in the Tyler Division of the United States District Court for the Eastern District of Texas would be more convenient and in the interest of justice because:

* the plaintiff resides in Texas, near Tyler;
* the instant matter could be consolidated with a similar action currently pending in the Tyler court;
* there are no witnesses located in Arkansas;
* Cisco's records and documents would already be in Tyler because a similar case is already proceeding there;
* the plaintiff resides in Gregg County, Texas, and the Tyler area is therefore more impacted by this matter;
* a Texas jury has a stronger interest in resolving this dispute;
* costs would be lower because the plaintiff resides near Tyler and Cisco is already litigated in the Tyler court; and
* publicity in the Texarkana area could result in prejudice.

7. In his opposition to the motion to transfer, the plaintiff points out:

* the current venue was chosen by the plaintiff and is convenient for him;
* at least three court clerks working in the Texarkana office will be called as witnesses at trial;

* Cisco is headquartered in California and its representatives would need to fly to any venue in Texas or Arkansas; therefore, Cisco cannot argue that this Court is any more or less convenient to it than is Tyler;
* Cisco is already litigating in a Texarkana court on an unrelated matter;
* because of possible judicial recusals, delays could occur in the Tyler Division; and,
* the docket in the Tyler Division is more congested and, therefore, keeping the case in this Court would result in a more expeditious resolution.

8. Weighing all the factors presented in this matter, and noting the deference this Court must give plaintiff's choice of forum, the Court concludes that Cisco has failed to demonstrate that the balance of the factors clearly weighs in favor of transferring the case to the Tyler Division of the Eastern District of Texas. Accordingly, **Cisco Systems, Inc.'s Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue** (document #4) is **denied.**

**IT IS THEREFORE ORDERED** as followed:

* **Cisco Systems, Inc.'s Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue** (document #4) is hereby **DENIED;**

* **Cisco Systems, Inc.'s Motion for Leave to Supplement the Record Regarding It's Pending Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue** (document #24) is hereby **GRANTED**; and

* **Plaintiff John Ward, Jr.'s Motion for Leave to Supplement the Record Regarding Cisco System's Pending Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue** (document #27) is hereby **GRANTED**.

**IT IS SO ORDERED.**

<u>/s/ Jimm Larry Hendren</u>
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE