IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § § § | |
| v. | § § | C.A. NO. 08-4022 JURY TRIAL DEMANDED |
| CISCO SYSTEMS, INC AND RICK FRENKEL | § § | |

**CISCO SYSTEMS, INC.'S MOTION TO RECONSIDER THE COURT'S ORDER DENYING ITS MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

TO THE HONORABLE COURT:

In light of the *en banc* decision in *In re Volkswagen of America Inc.*, which was filed on October 10, 2008, Defendant Cisco Systems, Inc. ("Cisco") files this its Motion to Reconsider the Court's Order Denying its Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue to the United States District Court for the Eastern District of Texas, Tyler Division[1] ("Tyler Division"). The *Volkswagon* decision demonstrates that Plaintiff's choice of forum is not entitled to the weight or deference ascribed by this Court. Rather, Cisco must only demonstrate clearly that the alternative forum is more convenient, which it has.

A copy of the *Volkswagen* opinion is attached as Exhibit A to this Motion.

In *Volkswagen*, the plaintiff brought suit in the Marshall Division for injuries suffered in a car crash that occurred in Dallas, Texas. *Id.* at p. 2. The defendant requested a transfer to the Dallas Division under 28 U.S.C. § 1404(a). *Id.* The trial court denied the defendants' motion. the United States Court of Appeal for the Fifth Circuit, sitting *en banc*, granted the defendants' petition for mandamus, holding that the trial court erred in denying the motion to transfer venue. *Id.* at pp. 3, 22.

---
[1] The case pending in the Tyler Division will now be heard by Judge Richard A. Schell.

5318495v.2

The Fifth Circuit noted that the "'heavy burden traditionally imposed on defendants by the forum non conveniens doctrine—dismissal permitted only in favor of a substantially more convenient alternative—was dropped in the § 1404(a) context." *Id.* at p. 13. Accordingly, the Fifth Circuit ruled that the district court had erred by "giving inordinate weight to the plaintiff's choice of forum." *Id.* at pp. 13-14. Instead, a defendant must only show "good cause" for the transfer, which the Court defined as "clearly demonstrat[ing] that a transfer is for the convenience of the parties and witnesses, in the interest of justice." *Id.* at p. 14.

For this reason, Cisco requests that the Court reconsider its ruling on the Motion. In denying the Motion, the Court stated that the factors favoring transfer were not sufficient to counterbalance the Plaintiff's choice of forum. The *Volkswagon* decision clarifies that the Plaintiff's choice of forum is not given such great weight, but rather the defendant must only demonstrate clearly that the alternative forum is more convenient.

The Fifth Circuit held that the private factors in *Volkswagon* favored transfer because the documents were located in Dallas, witnesses could be subpoenaed to appear in Dallas, and the cost of attending would be less in Dallas than Marshall. *Id.* at pp. 17-18. These same factors support venue in Tyler in this case, as set forth on pp. 13-14 of the Memorandum in Support of the Motion.

The Fifth Circuit further held that public interest factors favored Dallas as opposed to Marshal because: "the accident occurred in the Dallas Division, the witnesses to the accident lived and are employed in the Dallas Division, Dallas police and paramedics responded and took action, the Volkswagen Golf was purchased in Dallas County, the wreckage and all other evidence are located in Dallas County, two of the three plaintiffs live in the Dallas Division…not one of the plaintiffs has ever lived in the Marshall Division, and the third-party defendant lives in

the Dallas Division." *Id.* at p, 19. Similarly, in this case, it is undisputed that the Plaintiff's office is in Tyler, he alleges the injury to his business reputation occurred in Tyler, there are no witnesses in Arkansas, judicial economy is served by the transfer because there is an almost identical case based on the same publication pending in Tyler, Tyler is more convenient for Cisco because it is already litigating the almost identical case there, and a Texas jury has a stronger interest in resolving an issue involving a Texas plaintiff regarding a publication about an incident that occurred in Texas. *See* pp. 14-15 of the Memorandum in Support of the Motion.

As in the *Volkswagon* case, this case has no relevant factual connection to Arkansas. As in *Volkswagen*, this case's only connection with Arkansas is that the plaintiff chose to file there. *See id.* at p. 20. Therefore, the Court should transfer this case to the Tyler Division. *See id.* at p. 20 (stating that in light of the fact that the only connection to Marshall was that it was the plaintiff's choice of forum, the district court's error in denying the transfer motion was "patently erroneous.")

WHEREFORE, PREMISES CONSIDERED, Cisco respectfully requests that the Court reconsider its ruling and that Cisco's Motion to Dismiss For Improper Venue, or in the Alternative, Motion to Transfer Venue be in all things granted; that this cause of action be transferred to the Tyler Division of the Eastern District of Texas; and that Cisco be granted such other relief, both at law and in equity, as the Court deems just and proper.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
    Richard E. Griffin
    Arkansas Bar No.: 63020
    Email: rgriffin@jw.com
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney
    Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEY FOR DEFENDANT
CISCO SYSTEMS, INC.

# CERTIFICATE OF SERVICE

This is to certify that on this **15th** day of October, 2008, a true and correct copy of the foregoing Cisco Systems, Inc.'s Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue was served electronically, upon:

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
**Attorney for Plaintiff John Ward, Jr.**

Michael D. Barnes
Wright, Lindsey & Jennings LLP
200 West Capitol Avenue
Little Rock, Arkansas 72201
**Attorney for Defendant Richard Frenkel**

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
**Attorney for Defendant Richard Frenkel**

/s/ Charles L. Babcock
Charles L. Babcock