IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JOHN WARD, JR. § | |
| § | |
| § | |
| § | C.A. NO. 08-4022 |
| v. § | JURY TRIAL DEMANDED |
| § | |
| CISCO SYSTEMS, INC. AND RICK § | |
| FRENKEL § | |

**PLAINTIFF JOHN WARD, JR.'S MEMORANDUM IN OPPOSITION
TO DEFENDANT CISCO SYSTEMS, INC.'S MOTION TO
RECONSIDER THE COURT'S ORDER DENYING ITS MOTION
TO DISMISS FOR IMPROPER VENUE,
OR IN THE ALTERATIVE, MOTION TO TRANSFER VENUE**

1

**I.     Introduction**

Nothing has changed since this Court denied Cisco's motion to transfer venue. The controlling 8th Circuit authority cited in both parties' venue-related briefing is unchanged, and Cisco does not allege that this Court erred in applying that precedent. Likewise, the facts presented to the court six months ago are the same today.

The sole argument raised in Cisco's motion is that the Fifth Circuit's decision in *In re Volkswagen of America, Inc.,* No. 07-40058 (5th Cir. Filed Oct. 10, 2008), somehow mandates that this Court substitute the *Volkswagen* Court's decision for its own. In making its argument, Cisco takes several liberties with the facts. First, Cisco ignores the most obvious limitation of the *Volkswagen* holding: it is not controlling in this Circuit. Second, Cisco disingenuously portrays the *Volkswagen* opinion as offering an important clarification of the weight given to the plaintiff's choice of forum in the context of §1404(a) motion as opposed to a motion to dismiss for *forum non conveniens*—a distinction that has long been applied in this district. Third, by ignoring all the factors that support the Court's venue order, Cisco improperly characterizes the Court's decision as giving too much weight to Ward's choice of venue. Cisco's arguments rest on an erroneous interpretation of *Volkswagen* and a skewed recitation of the facts in this case. Far from undermining the correctness of this Court's well-reasoned opinion, *Volkswagen* supports this Court's order. Thus, Cisco's motion for reconsideration should be denied.

**II.     Argument**

   A.   Cisco Is Not Entitled To Reconsideration

Cisco cites no rule or legal authority in support of its motion for reconsideration, and for good reason. The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." *See Carroll v. Sisco*, No. 4:00cv00864, 2007 U.S. Dist. LEXIS 39130, at *4-5 (E.D. Mo. May 29, 2007) (internal citation omitted). Courts are understandably concerned that motions for reconsideration will result in an endless chain of motions preventing a final resolution on the merits. *See id.* (noting motions for reconsideration are frequently a futile waste of time for both the parties and the trial court.) (internal citation omitted), *see also Broadway v. Norris*, 193 F.3d

987, 990 (8th Cir. 1999) (a motion for reconsideration should not be used as a vehicle for simple reargument on the merits). Where courts have nonetheless taken up motions for reconsideration they demand counsel identify the rule under which the motion is brought so as not to leave the Court relying upon its own "somewhat enlightened guess" as to the basis of the request. *See In re Trout*, 984 F.2d 977, 978 (8th Cir. 1993). Here, Cisco has provided no such guidance.

Plaintiff's best guess is that Cisco seeks reconsideration under Fed. R. Civ. P. 60(b). If the Court is inclined to consider Cisco's motion, it should be denied for failure to meet the requirements of that rule. The extraordinary relief permitted under Rule 60(b) may be granted only upon a showing of certain enumerated circumstances (for example, fraud, changed conditions, and the like), none of which have been identified in Cisco's motion. *See Broadway*, 193 F.3d at 990 (failure to identify the basis for a Rule 60(b) motion is sufficient reason alone to deny the motion). The only Rule 60 argument that can possibly be gleaned from Cisco's motion is that it believes the *Volkswagen* case represents an intervening change in controlling case law. But even if that is Cisco's argument, it necessarily fails because the *Volkswagen* opinion is (1) not controlling authority in the Eighth Circuit, and (2) does not call into question the law correctly applied by this Court. Thus Cisco has not shown the exceptional circumstances necessary to overcome this Court's prior ruling. *See id.*; *Carroll*, 2007 U.S. Dist. LEXIS 39130, at 4-5.

B. The *Volkswagen* Opinion Does Not Undermine This Court's Decision

Cisco argues that the *Volkswagen* decision "demonstrates that Plaintiff's choice of forum in not entitled to the weight or deference ascribed by this Court." *See* Mot. at 1. Cisco suggests that this Court's decision rests on the same legal analysis the *Volkswagen* Court found objectionable. But a full reading of the *Volkswagen* opinion—rather than the snippets Cisco has plucked out of that court's opinion—leaves no doubt that this Court applied the correct legal standard. Even if the *Volkswagen* opinion were binding on this Court—and it is not—nothing in *Volkswagen* undermines this Court's well-reasoned decision.

In *Volkswagen*, plaintiffs filed a lawsuit in the Marshall Division of the Eastern District

3

of Texas, alleging that design defects in the Volkswagen Golf caused plaintiffs' injuries and death during an automobile accident that occurred in Dallas County, Texas. *See* Mot. Exh. A at 2. Volkswagen filed a third-party lawsuit against the driver who hit the plaintiffs' car and then moved to transfer to the Dallas Division of the Northern District of Texas. *Id*. Volkswagen asserted that a transfer was warranted because (1) the plaintiff's Volkswagen Golf was purchased in Dallas County, Texas; (2) the accident occurred on a freeway in Dallas, Texas; (3) Dallas residents witnessed the accident; (4) Dallas police and paramedics responded and took action; (5) a Dallas doctor performed the autopsy; (6) the third-party defendant lives in Dallas County, Texas; (7) none of the plaintiffs live in the Marshall Division; (8) no known party or non-party witness live in the Marshall Division; (8) no known source of proof is located in the Marshall Division; and (9) none of the facts giving rise to the suit occurred in the Marshall Division. *Id*. at 2-3. The district court denied Volkswagen's motion. *See id*. at 3.

The Fifth Circuit granted Volkswagen's petition for rehearing *en banc*. *See id*. at 4. In a ten to seven decision, the *en banc* panel held that the district court applied the wrong legal standard and therefore erred in refusing to transfer the case. *See id*. at 13-14. In reaching its decision, the *Volkswagen* Court distinguished the more stringent showing required to overcome the plaintiff's choice of venue in a *forum non conveniens* analysis from the less stringent showing required under 28 U.S.C. § 1404(a). *Id*. at 11-14. The Court reasoned that in the *forum non conveniens* context, overruling plaintiff's choice of venue requires the movant to demonstrate there is a substantially more convenient alternative forum. *See id*. at 13. In contrast, a motion to transfer under 1404(a) only requires the movant to demonstrate "good cause" for the transfer. *See id*. The *Volkswagen* Court defined "good cause" as follows:

> When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and **clearly demonstrate** that a transfer is "[f]or the convenience of the parties and witnesses, in the interest of justice." **Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected.** When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer. *Id*. at 14 (emphasis added).

4

The *Volkswagen* Court concluded that "the district court, in requiring Volkswagen to show that the § 1404(a) factors must substantially outweigh the plaintiff's choice of venue, erred by applying the stricter *forum non conveniens* dismissal standard . . ." *Id*. at 13-14.

No such error even arguably exists in this case. The "good cause" standard applied in *Volkswagen* has been used in this district since at least 1962. In *Travelers Ins. Co. v. Stuart*, 226 F. Supp. 557 (W.D. Ark. 1964), this Court specifically acknowledged the stricter burden placed on transfers sought under the *forum non conveniens* doctrine, and then compared it to the court's broader discretion to transfer a case under §1404(a). 226 F. Supp. at 560 (noting that in enacting § 1404(a) Congress intended to "permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader."). In fact, much of the case analysis and reasoning set forth in the *Volkswagen* decision mirrors this Court's opinion in *Travelers*. Thus *Volkswagen* offers no new insight or rule justifying reconsideration of Cisco's failed motion.

Moreover, Cisco's motion ducks the critical point—in denying Cisco's motion, this Court specifically found that Cisco failed to meet is burden of showing that Tyler was clearly more convenient than Texarkana. *See* D.E. 33 at 6 ("Cisco has failed to demonstrate that the balance of the factors **clearly weighs** in favor of transferring this case to the Tyler Division of the Eastern District of Texas.") (emphasis added). Nothing in *Volkswagen* undermines this Court's finding. Rather, even under *Volkswagen,* Cisco's motion was properly denied because Cisco failed to show good cause to transfer. Consequently, Ward's choice must be respected.

C. The *Volkswagen* Opinion Has No Impact On The Facts In This Case

Cisco also disingenuously argues that *Volkswagen* supports a transfer in this case because like *Volkswagen*, the only factor favoring venue in this case is plaintiff's choice of forum. *See* Mot. at 3. Cisco's argument intentionally ignores the factors considered by this Court in denying Cisco's motion.

This Court's order expressly identifies the factors set forth by plaintiff as weighing

5

against transfer, including:

- At least three court clerks working in Texarkana will be called as witnesses at trial;
- Tyler is no more convenient to Cisco—a California company—than is Texarkana;
- Cisco is already litigating a case in Texarkana;
- There is a possibility of judicial recusals that could result in delay if the case were transferred; and
- The docket in Tyler is considerably more congested that this court's docket.

*See* D.E. 33 at 6. Those factors provide ample justification for denying Cisco's motion.

Cisco also ignores the factual differences between this case and *Volkswagen* to argue for adoption of the *Volkswagen* result. But the venue sought by Cisco in this case lacks the advantages of the alternative venue identified in *Volkswagen*. *See* Mot. Exh. A at 16-19. Here, Cisco has made no showing that a large volume of evidence is located in Tyler, or that the Tyler Division has any greater subpoena power over fact witnesses, many of whom will either be subject to the subpoena power of this Court or will be outside the subpoena power of either court. *See id.* Cisco did not provide the court with a list of witnesses, identify where those witnesses resided, or provide a single affidavit demonstrating the inconvenience that would befall any witness forced to testify in Texarkana as opposed to Tyler. *See id.* Consequently, Cisco's reliance on the facts in *Volkswagen* is misplaced.

Cisco had the burden of showing that a transfer was warranted, and it failed. Nothing in the *Volkswagen* opinion alters Cisco's inability to make that showing in this case.

### III. Conclusion

In the absence of extraordinary circumstances, the Court should not reconsider its decision. Cisco attempts to reargue its cause by offering the court an opinion from another circuit that applies different facts. Moreover, the *Volkswagen* opinion relied upon by Cisco does nothing to undermine this Court's decision. For all of the forgoing reasons, Ward respectfully requests that Cisco's Motion for Reconsideration be denied.

6

Respectfully Submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton (SBN 63035)
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

# CERTIFICATE OF SERVICE

This is to certify that on this 22nd day of October, 2008, a true and correct copy of the foregoing was served electronically and/or via U.S. First Class Mail upon:

Richard E. Griffin, Charles Babcock and Crystal Parker
JACKSON WALKER, LLP
1401 McKinney
Suite 1900Houston, Texas 77010
*Attorneys for Defendant Cisco Systems, Inc.*

Michael D. Barnes
WRIGHT, LINDSEY & JENNINGS, LLP
200 W. Capitol Avenue
Little Rock, Arkansas 72201

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
*Attorneys for Defendant Richard Frenkel*

*/s/ Nicholas H. Patton*
Nicholas H. Patton