### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOHN WARD, JR.** | § | |
| | § | |
| **Plaintiff** | § | No. 08-4022 |
| | § | |
| **v.** | § | JURY TRIAL DEMANDED |
| | § | |
| **CISCO SYSTEMS, INC. and RICK FRENKEL** | § § | |
| | § | |
| **Defendants.** | § | |

### REPLY OF PLAINTIFF WARD TO DEFENDANT CISCO'S SUPPLEMENT TO ITS MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE

**TO THE HONORABLE COURT:**

Comes now, John Ward, Jr., Plaintiff, and files this, his response to Cisco Systems, Inc.'s Supplement to its Motion to Reconsider the Court's Order Denying Its Motion To Dismiss For Improper Venue, Or In The Alternative, Motion To Transfer Venue. Docket Entry ("D.E."). No. 37. Ward respectfully submits that Cisco's motion should be DENIED.

This is Cisco's third bite at the transfer apple. Having failed to meet its burden in the first instance, Cisco filed a second motion seeking to convince this Court that the Fifth Circuit's opinion in *In re Volkswagen* required reconsideration of its order. *See* D.E. No. 35. Apparently recognizing that *Volkswagen* won't carry the day, Cisco now seeks yet another opportunity to reargue its failed cause. This time Cisco argues that because Ward's counsel, Mr. Patton, has entered an appearance in *Albritton v. Cisco, et. al.,* No. 6:08cv00089, in the Tyler Division of the Eastern District of Texas, Cisco has uncovered new evidence showing that Tyler is clearly a more convenient venue for this litigation. *See* Supp. Mot. at 1-2.

Cisco's third motion is no more meritorious than its first two. Whether the plaintiff's attorney handles cases, even similar cases, in an alternate forum has no bearing on the convenience factors that must inform this Court's decision. The operative question is whether the alternate forum is clearly more convenient for the <u>parties</u> and the <u>witnesses</u>, thus overriding the great weight given to the plaintiff's choice of forum.[1] *See Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691, 695 (8th Cir. 1997). As this Court has already held—with full knowledge that Albritton's case was pending in Tyler—Cisco failed to demonstrate that the balance of the convenience factors clearly weighs in favor of transferring this case to Tyler. *See* D.E. No. 33 at 6. Here too, Cisco fails to demonstrate that a transfer is warranted. Cisco again fails to identify a single witness by name, explain the importance of the witness to the case, or demonstrate why the unnamed witness will be inconvenienced if this case is not transferred. Consequently, Cisco's supplemental motion offers no evidence that would required this Court to alter its prior ruling.

Instead, Cisco offers a high-level and conclusory argument that somehow Mr. Patton's participation in Albritton's case demonstrates that a transfer would prevent duplicative discovery and reserve court resources. What Cisco neglects to tell the Court is that discovery in Albritton's case closes on November 20, 2008—ten days before the parties in this case are even required to file their Rule 26(f) Report. *Compare* Exh. A to D.E. No. 34 at 1. Thus far, the Albritton and Ward cases have proceeded in different courts and on different schedules. While the discovery in Albritton's case is coming to a close, it has not even started in Ward's case. As Ward argued in his opposition to Cisco's first attempt to transfer this case, there is neither a requirement nor a guarantee that the Ward and Albritton cases would be consolidated even if Ward's case were

---

[1] Although counsel's convenience is immaterial, it is worth noting that Mr. Patton's office is located in Texarkana, not Tyler.

transferred to Tyler. Now, with discovery closing in the Albritton case in 17 days, consolidation is not only far from guaranteed; it is not feasible. Importantly, several witnesses in the Albritton case have already been deposed, or will have been deposed before this Court rules on Cisco's reconsideration motion.[2] Additionally, Cisco has not identified a single witness for whom duplicative discovery can be avoided, particularly in light of the fact that several depositions have already been concluded in Albritton's case. Moreover, although there will be some overlapping witnesses in each case, there will also be several witnesses in Ward's case that differ from Albritton's case. Cisco's illusory argument that transfer will avoid duplicative discovery does not warrant reconsideration, it counsels against it.

Cisco's motion also ignores Ward's strong showing that the interests of justice would not be served by transferring this case to the Eastern District of Texas where Ward's father is a sitting district court judge. Nothing about Mr. Patton's participation in the Albritton case alters the unique circumstances presented in this case.

For all the foregoing reasons and for the reasons set forth in plaintiff's opposition to Cisco's original motion to transfer (D.E. No. 15), Ward requests that the Court deny Cisco's motion for reconsideration of this Court's venue order. Further, Ward requests that the Court order Cisco to stop filing "reconsideration" and "supplemental" briefs in an attempt to overturn the venue ruling it had a full opportunity to argue but lost, or alternatively, inform Cisco that Ward may be awarded costs and fees incurred in responding to Cisco's endless motions.

---

[2] Ten witnesses have already been deposed in the Albritton case: Eric Albritton, Amie Mathis, David Maland, Rhonda Lafitte, Shelly Moore, Peggy Thompson, Faye Thompson, David Provines, Rachel Wilson and Cindy Paar. Three more witnesses are scheduled for depositions on November 5, 2008. Another deposition is scheduled for Nov. 7, 2008. Two more depositions are scheduled for November 10, 2008. Additional depositions will be completed by November 20, 2008. While some of these individuals may be called as witnesses in Ward's case, others will not. Ward has not attended or participated in any of these depositions. In fact, Ward has yet to receive any discovery from Cisco that would allow him to meaningfully participate in Albritton's depositions.

Respectfully Submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton
State Bar No. 63035
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080
903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of November, 2008, I electronically filed the foregoing with the Clerk of the court using the CM/ECF System which will send notification of such filing to the following:

> Richard E. Griffin
> Charles Babcock
> Crystal Parker
> JACKSON WALKER, LLP
> 1401 McKinney
> Suite 1900
> Houston, Texas 77010
>
> Attorney for Defendant Cisco Systems, Inc.

*/s/ Nicholas H. Patton*
Nicholas H. Patton