```
                IN THE UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF ARKANSAS
                        TEXARKANA DIVISION


JOHN WARD, JR.                                            PLAINTIFF


            v.          Civil No. 08-4022


CISCO SYSTEMS, INC.                                       DEFENDANT
```

## ORDER

Now on this 1st day of December, 2008, comes on for consideration

\*   **Cisco Systems, Inc.'s Motion to Reconsider the Court's Order Denying its Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue** (document #35); and,

\*   **Cisco Systems, Inc.'s Supplement to its Motion to Reconsider the Court's Order Denying its Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue** (document #37)

and the responses and replies thereto. The Court, being well and sufficiently advised, finds and orders as follows:

1.   The plaintiff's complaint, filed on March 13, 2008, asserts a claim for defamation against both Cisco Systems, Inc. (hereinafter "Cisco") and Rick Frenkel (hereinafter "Frenkel"). The claim for defamation stems from publications on an internet

blog – www.trolltracker.blogspot.com. The blog allegedly accused the plaintiff, an attorney, of "criminal conduct, unethical conduct, and conduct unbefitting of an officer of the Court."

2. Following various pleadings from both the plaintiff and Frenkel, Frenkel was ultimately dismissed from this action on August 28, 2008 (document #32). Cisco remains as the sole defendant.

3. In **Cisco Systems, Inc.'s Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue** (document #4), Cisco sought to dismiss or transfer the case for improper venue; alternatively, Cisco seeks to transfer this action to the Tyler Division of the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). Prior to the Court's ruling, Frenkel was dismissed from this action and all parties agree that venue in this Court is *proper*. Cisco, however, continued to seek transfer of this matter pursuant to 28 U.S.C. § 1404(a).

4. In the Court's Order of September 30, 2008 (document #33), it denied **Cisco Systems, Inc.'s Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue** (document #4), noting the following:

> Weighing all the factors presented in this matter, and noting the deference this Court must give plaintiff's choice of forum, the Court concludes that Cisco has failed to demonstrate that the balance of the factors clearly weighs in favor of transferring the case to the

Tyler Division of the Eastern District of Texas.

5. Cisco now seeks reconsideration of the Court's ruling, evidently pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure.

Cisco first cites a decision of the United States Court of Appeals for the Fifth Circuit, sitting *en banc*: In re Volkswagen of America Inc., 545 F.3d 304 (5th Cir. 2008). In Volkswagen, Cisco argues that the Fifth Circuit "clarifies that the Plaintiff's choice of forum is not given such great weight, but rather the defendant must only demonstrate clearly that the alternative forum is more convenient." (Cisco's Motion (doc. #35), p. 2)

In its supplemental pleading, Cisco further seeks reconsideration "based on newly discovered evidence that, with reasonable diligence, could not have been discovered at the time of the Court's consideration of its Motion." (Cisco Supplement (doc. #37), p. 1) The "newly discovered evidence" cited to by Cisco is the fact that on October 27, 2008, Nicholas Patton, plaintiff's attorney of record in this lawsuit, entered an appearance for Eric Albritton in Eric Albritton v. Cisco Systems, Inc. et al, Cause No. 6:08-CV-89, which is pending in the United States District Court for the Eastern District of Texas, Tyler Division. Cisco further states that the Albritton case is "an almost identical lawsuit [to the instant action] regarding the

same publication." (Cisco Supplement (doc. #37), p. 1)

6. The plaintiff opposes Cisco's motions for reconsideration noting that the Volkswagen case is not controlling precedent and that the "newly discovered evidence" does not alter the outcome, as "[t]he operative question is whether the alternate forum is clearly more convenient for the parties and the witnesses" rather than counsel. (Plaintiff's Reply to Supplement (doc. #38, p. 2)

7. The Federal Rules of Civil Procedure do not mention motions for reconsideration. Such a motion is generally construed as a Rule 59(e) motion to alter or amend a judgment, or as a Rule 60(b) motion for relief from a judgment or order. *See* Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999). The ruling at issue was not a final order. *See* Fed. R. Civ. P. 54(b). Accordingly, defendant's motion to reconsider must be construed as Rule 60(b) motion.

Rule 60(b) authorizes a court to grant relief from an order for reasons such as mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence. *See* Fed. R. Civ. P. 60(b)(1)-(2).

8. As set forth above, Cisco seeks reconsideration for two reasons:

\*   the holding of the Fifth Circuit Court of Appeals in In re Volkswagen of America Inc., 545 F.3d 304 (5th Cir. 2008); and,

* "newly discovered evidence" that the plaintiff's attorney of record has entered an appearance in a similar case pending in the Eastern District of Texas, Tyler Division.

This Court finds that neither reason warrant reconsideration. Volkswagen is not controlling precedent in this Court and does not overturn the holding of the Eighth Circuit Court of Appeals in Terra Int'l, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 695 (8th Cir.), cert. denied, 522 U.S. 1029 (1997) which requires considerable deference to a plaintiff's choice of forum.

Further, the fact that plaintiff's attorney of record has entered an appearance in a similar case pending in the Eastern District of Texas, Tyler Division does not compel reconsideration. In its previous ruling, this Court considered the fact that, if transferred, this matter could be consolidated with a similar matter pending in the Eastern District of Texas, Tyler Division. The fact that an attorney in this matter has now entered an appearance in the Texas matter does not change the outcome.

**IT IS THEREFORE ORDERED** as followed:

\* **Cisco Systems, Inc.'s Motion to Reconsider the Court's Order Denying its Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue** (document #35) is **DENIED;** and,

\* **Cisco Systems, Inc.'s Supplement to its Motion to Reconsider the Court's Order Denying its Motion to Dismiss for**

**Improper Venue, or in the Alternative, Motion to Transfer Venue** (document #37) is **DENIED.**

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE