## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOHN WARD, JR.** | § | |
| | § | |
| **Plaintiff** | § | No. 08-4022 JLH |
| | § | |
| **V.** | § | JURY TRIAL DEMANDED |
| | § | |
| **CISCO SYSTEMS, INC. and RICK FRENKEL** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## INTRODUCTION

Counsel for the parties in this action held a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure on October 23, 2008 and again on December 1, 2008. The parties agree to the trial date established by the Court's Initial Scheduling Order in this matter. The parties also agreed to the majority of the items set forth in the Court's outline Rule 26 (f) report. The parties disagree regarding the Plaintiff's request for 10 additional special interrogatories. The parties are still in the process of meeting and conferring regarding the need and scope of an appropriate protective order. The nature of the parties' remaining disputes is fully set forth on the last page of this report.

## JOINT RULE 26(f) REPORT

Come now the Parties, by and through their attorneys, and for their Joint Rule 26(f) Report, herein state:

  1. *Any changes in timing, form, or requirements of mandatory disclosures under Rule 26(a).*

The parties have no changes to the form or requirements of the mandatory discourses under Rule 26(a).

2.  *Date when mandatory disclosures were or will be made*

    December 5, 2008.

3.  *Subjects on which discovery may be needed.*

    Liability and damages.

4.  *Whether any party will likely be requested to disclose or produce information from electronic or computer based media.*

    Yes. It is expected most, if not all, matters can be disclosed or produced in hard copy and/or electronic format.

    a.  *whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;*

    The parties expect that most, if not all, requested discovery will seek data reasonably available to the parties in the ordinary course of business. Plaintiff anticipates there may be some requests that implicate back-up systems or data retrieval that may impose a greater burden on production than documents maintained in the ordinary course of business.

    b.  *the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;*

    Unknown at this time.

    c.  *the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;*

The parties have agreed to produce all documents in hard copy. Should another form of production be required, the parties will meet and confer to reach an agreement as to the form of that production.

    d.    *whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;*

Yes. All attorneys have notified their clients about the need to preserve evidence in this case.

    e.    *other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.*

None at this time.

5.    *Date by which discovery should be completed.*

July 1, 2009.

6.    *Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.*

Yes. Federal Rule of Civil Procedure 33 permits each party to serve 25 interrogatories. The parties agree that 25 substantive interrogatories are sufficient. However, Plaintiff requests the ability to serve an additional 10 discovery-focused interrogatories for the limited purpose of ascertaining the computer technology infrastructure and backup procedures used at Cisco.

7.    *Any orders, e.g. protective orders, which should be entered.*

A protective order may be required to protect confidential information produced in this case. The parties are currently meeting and conferring in an attempt to agree to a

reasonable protective order before petitioning the Court regarding the same. If the parties can agree to a protective order, they will file the proposed order with the Court on or before December 5, 2008. If no agreement can be reached, the parties will file documents with the Court demonstrating their competing positions on or before December 5, 2008.

8. *Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.*

    No.

9. *Any objections to the proposed trial date.*

    None.

    10. *Proposed deadline for joining other parties and amending the pleadings.*

    The parties propose that the deadline for adding additional parties be February 12, 2009.

    The parties propose that the deadline for amending the pleadings be July 17, 2009.

11. *Proposed deadline for completing discovery.*

    The parties propose that the deadline for completing discovery be July 1, 2009.

12. *Proposed deadline for filing motions.*

    The parties propose that the deadline for filing dispositive motions be July 8, 2009.

13. *Class certification.*

    Not applicable.

# JOINT RULE 26(f) REPORT UNRESOLVED DISPUTES

The remaining issues are unresolved:

1.      Plaintiff has requested 10 additional special interrogatories for the limited purpose of identifying the computer systems, file servers, back-up systems etc., upon which relevant Cisco documents may be stored. Given Cisco's size, Plaintiff believes that the use of additional special purpose interrogatories to make specific inquiry into the location of potentially relevant documents is the most efficient and expeditious manner for obtaining this information. The use of special interrogatories will permit Plaintiff to narrowly tailor and make more efficient discovery requests in this case.

Defendant responds that the number of interrogatories permitted under the Federal Rules is more than sufficient to provide Plaintiff the opportunity to inquire as to the location of potentially relevant documents and to propound substantive interrogatories. Defendant is willing to consider agreeing to ten additional interrogatories after reviewing the first 25 substantive interrogatories it receives from Plaintiff.

2.      The use and scope of a protective order in this case is also not yet resolved. Plaintiff and Defendant continue to meet and confer regarding this issue and will either file a proposed protective order with the Court, or documents outlining the parties' competing positions, on or before December 5, 2008.

Respectfully submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton
SBN: 15631000
PATTON. TIDWELL & SCHROEDER, L.L.P.
4605 Texas Boulevard
P. O. Box 5398
Texarkana, Texas 7550505398
(903) 792-7080/(903) 792-8233 (fax)

ATTORNEY IN CHARGE FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

This is to certify that on this 1st day of December, 2008, a true and correct copy of the foregoing Rule 26(f) Report was served electronically via the Court's CM/ECF filing system upon:

| | |
|---|---|
| Richard E. Griffin | Attorney for Defendant Cisco Systems, Inc. |
| Charles Babcock | |
| Crystal Parker | |
| JACKSON WALKER, LLP | |
| 1401 McKinney | |
| Suite 1900 | |
| Houston, Texas 77010 | |

*/s/ Nicholas H. Patton*
Nicholas H. Patton