IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| | § | |
| | § | C.A. NO. 08-4022 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. AND RICK FRENKEL | § § | |

### PLAINTIFF'S MOTION FOR LEAVE TO SERVE 10 SPECIAL INTERROGATORIES

COMES NOW, Plaintiff John Ward, Jr. ("Ward"), through his attorneys of record and files his request for additional discovery to propound to Defendant Cisco Systems, Inc. ("Cisco") 10 special interrogatories for the limited purpose of determining Cisco's document retention policies and identifying the location of likely relevant documents in this case, and would show as follows:

Federal Rule of Civil Procedure 33 permits each party to serve 25 interrogatories to an opposing party. This Rule is not meant as an absolute bar to limit the number of interrogatories in every case to 25. Instead, the purpose of the rule, as of the other discovery rules, is to avoid unnecessary costs, minimize delay and narrow the issues at trial. *Moore's Federal Practice* § 33.03 (2006). As the Court will see, Ward's motion seeks relief that would drastically reduce the burden and costs of discovery of both Ward and Cisco. In fact, Rule 33 contemplates that parties may seek additional interrogatories from the Court to the extent the request is consistent with Rule 26(b)(2). Fed. R. Civ. P. 33(a)(1).

Cisco is a worldwide leader in networking for the internet. According to Cisco, it employs over 67,000 people worldwide. With such a large company spread out over all over the world, Cisco undoubtedly has highly sophisticated data servers and background storage information systems that record and store information transmitted into, across and out of its

internal networks. Because these internal storage means and servers are not known to those outside of Cisco, one in Ward's position could spend countless months trying to decipher how and to whom to specifically direct interrogatories to obtain the necessary information to prosecute this case. By requesting 10 additional interrogatories, Ward seeks to eliminate the need to use overly broad instructions, definitions and broad interrogatory requests to ensure production from all of Cisco's systems.

Ward proposes initially serving Cisco with 10 special interrogatories. These interrogatories will specifically inquire into the computer technology infrastructure and document storage means implemented by Cisco. By allowing this, Ward can gain a better understanding of how information, including relevant documents and electronic messages, are transferred and stored within Cisco and perhaps to offsite storage facilities. This information is critical as this case revolves around anonymous data and other relevant evidence that was, at least at some time, within Cisco's possession or control. When Ward has an understanding of these servers and background storage systems and procedures, he will then have sufficient knowledge as to whom and to where to direct the 25 substantive interrogatories allowed under Rule 33.

Moreover, since the instant litigation was filed at least two Cisco employees who played key roles in this litigation have left Cisco. Rick Frenkel, the Troll Tracker Blogger who posted the defamatory comments about Ward, and John Noh, a public relations employee who suggested that Frenkel post the defamatory statements, have both since taken new jobs. Ward's interrogatories aimed at identifying Cisco's document retention policies and backup systems will allow Ward to confirm that all of Frenkel's and Noh's documents have been searched for and produced in this case.

The crux of allowing additional interrogatories as Ward is requesting turns to its relationship to Rule 26(b)(2). A reading of Rule 26(b)(2) makes it clear that the Rule's purpose is to reduce the burden and costs associated with discovery, when necessary. By allowing Ward

2

these 10 initial interrogatories, he can then narrowly tailor his remaining 25 interrogatories. This in turn would reduce the burden and costs that Cisco may incur in responding to Ward's substantive interrogatories.

While leave is required to serve additional interrogatories, it is not an absolute requirement that a party exhaust his or her 25 interrogatories before seeking any additional ones. Even though it is common that such exhaustion take place prior to the Court's granting of leave, Ward submits that this case presents special circumstances that warrant the additional requests at the outset of this case. The purpose behind Ward's request to serve special interrogatories is to allow him to narrow his focus on the relevant and sought after evidence to lessen the discovery costs and burden on both Ward and Cisco. During meet and confer, Cisco did not argue that Ward was not justified in seeking out information regarding the location of Cisco's documents. Instead, Cisco offered to consider Ward's request but only after Ward served all 25 of his substantive interrogatories, and only after Cisco determined that those interrogatories were used in good faith. Cisco's offer to consider Ward's request later in the case denies Ward the benefit of identifying the location of relevant documents early so as to tailor discovery. Moreover, Cisco's offer, which is conditioned on its subjective judgment of whether Ward's substantive interrogatories were served in good-faith, is unworkable.

WHEREFORE, PREMISES CONSIDERED, Plaintiff John Ward, Jr. prays that the Court GRANT his request for leave and allow him to serve an additional 10 special interrogatories on Defendant Cisco Systems, Inc.

    Respectfully Submitted,

    */s/ Nicholas H. Patton*
    Nicholas H. Patton (SBN 63035)
    Patton, Tidwell & Schroeder, LLP
    4605 Texas Boulevard
    Texarkana, Texas 75503
    903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on this 3rd day of December, 2008, a true and correct copy of the foregoing was served electronically via the Court's CM/ECF electronic filing system upon:

Richard E. Griffin
Charles Babcock
Crystal Parker
JACKSON WALKER, LLP
1401 McKinney
Suite 1900Houston, Texas 77010

*Attorneys for Defendant Cisco Systems, Inc.*

*/s/ Nicholas H. Patton*
Nicholas H. Patton