IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JOHN WARD, JR. § | |
| § | |
| § | |
| § | C.A. NO. 08-4022 |
| v. § | JURY TRIAL DEMANDED |
| § | |
| CISCO SYSTEMS, INC. AND RICK § | |
| FRENKEL § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
<u>**MOTION FOR ENTRY OF PROTECTIVE ORDER**</u>

TO THE HONORABLE COURT:

Plaintiff John Ward, Jr. ("Ward") files this Opposition to Cisco System, Inc. ("Cisco's) Motion for Entry for Protective Order and would show the Court as follows:

During the parties' Rule 26(f) conference, Ward and Cisco agreed to meet and confer in good-faith to resolve the protective order issue without Court intervention. In the event an agreement was not reached, each party was to file their competing versions of the protective order today. Meet and confer was necessary because Ward does not believe that a protective order is necessarily in this case where none of Cisco's technology, patents, or trade secrets are at issue. Moreover, given the fact that this case has received media attention, Ward did not want to burden the Court with possible media requests for access to sealed documents.

Understanding that Cisco sought a protective order in the *Albritton v. Cisco* case to protect what Cisco claims are privileged communications, Ward was willing to agree to a protective order if it was narrowly tailored. Ward would not agree to the *Albritton* protective order because it is cumbersome and unnecessarily restrictive. Ward drafted a proposed protective order and sent it to Cisco. Without responding to Ward's proposed order, or meeting and conferring to narrow the disputes for the Court, Cisco filed its Motion for Protective Order.

Now that the dispute is in front of the Court, Ward responds to Cisco's motion as follows.

First, Ward does not believe that a case-wide protective order is necessary in this case. Rather, protection of Cisco claims of privilege can be arranged via an agreement between the parties that disclosure of those documents will not result in a general waiver of Cisco's privilege.

Second, although Cisco never raised the idea with Ward, he does not oppose waiting to enter a protective order in this case so long as Cisco does not delay making its initial disclosures on that basis. If Cisco withholds documents on the basis of attorney-client privilege or the work product doctrine, Ward requests that Cisco produce a privilege log with its initial disclosures.

Third, if the Court decides to enter a protective order at this time, the order the Court should adopt is the streamlined proposed protective order Ward sent to Cisco. *See* Exh. A. Ward made clear his objection to the *Albritton* order, but Cisco filed it with the Court nonetheless. The *Albritton* order has already resulted in problematic filings in the Eastern District of Texas. While Ward does not believe that any protective order is necessary in this case, if one should be entered it should not be the *Albritton* order.

Fourth, Ward does not object to Cisco having an opportunity to respond to his proposed protective order. In fact, that is why Ward sent it to Cisco for review; he hoped Cisco would respond and that an agreement could be reached without burdening the Court. However, if Cisco decides to make objections to Ward's proposed order, Ward requests that Cisco provide its objection to him *before* filing them with the Court. Ward will meet and confer in good faith, but doing so requires that Cisco apprise Ward of its position.

Respectfully Submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton (SBN 63035)
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on this 5th day of December, 2008, a true and correct copy of the foregoing was served electronically via the Court's CM/ECF electronic filing system upon:

Richard E. Griffin
Charles Babcock
Crystal Parker
JACKSON WALKER, LLP
1401 McKinney
Suite 1900Houston, Texas 77010

*Attorneys for Defendant Cisco Systems, Inc.*

*/s/ Nicholas H. Patton*
Nicholas H. Patton