IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § § § § | |
| | § | C.A. NO. 08-4022 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § § | |

## CISCO SYSTEMS, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE 10 SPECIAL INTERROGATORIES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, CISCO SYSTEMS, INC., ("Cisco") Defendant in the above-captioned and numbered cause, and files this Response to Plaintiff's Motion for Leave to Serve 10 Special Interrogatories (the "Motion").

Plaintiff John Ward Jr. ("Ward") seeks leave to serve ten interrogatories in addition to the 25 he is permitted under the Federal Rules of Civil Procedure. The request should be denied for at least three reasons: (i) it is premature because Ward has not yet used the 25 interrogatories allotted to him by the rules. Defendant has indicated a willingness to consider a request for additional interrogatories but only after it has seen the first 25. If those are wasted on inconsequential, barely relevant or cumulative matters, the request is likely to be opposed because, as the Advisory Committee's Notes to the Federal Rules of Civil Procedure warn, "the device can be costly and may be used as a means of harassment." Comments to 1993 Amendments; (ii) experience shows us on identical facts that these interrogatories are

unnecessary because in the companion Albritton case,[1] with the same lawyers, the same allegations and the same facts, the Plaintiff's lawyers served no interrogatories. Discovery is now closed in that case; and (iii) the Court cannot possibly balance the factors it is required to assess pursuant to Rule 33 of the Federal Rules of Civil Procedure. Leave to serve additional interrogatories should therefore not be granted because Ward has not made the required showing under Rule 26(a)(2) and Rule 33.

1. **Ward's request is premature because Ward has not yet used the 25 interrogatories allotted to him by the rules.**

Ward's Motion asks the Court to grant him 10 additional interrogatories before he has used a single interrogatory so that he may require Cisco to explain its proprietary data storage system. This is a defamation case, not a case that relates to Cisco's data servers or information storage system. Ward alleges that "one in Ward's position could spend countless months trying to decipher how and to whom to specifically direct interrogatories" for this case, essentially asking the Court to let him go on a fishing expedition and a test run before he uses his 25 interrogatories. Ward's complaint that it would take countless months to know to whom to direct the interrogatories is especially meritless, given that Cisco is the only entity to whom Ward **is permitted** to direct interrogatories, as it is the only defendant in this lawsuit. Moreover, as Ward admits in his Motion, Cisco offered to consider his request for additional interrogatories after Ward served his 25 interrogatories and Cisco determined that they were in good faith. Because Ward has not even used his allotted 25 interrogatories and there is not yet any dispute for the Court to consider, the Motion is premature.

---

[1] *Albritton v. Cisco Systems, Inc. et al*, Cause No. 6:08-00089, pending in the United States District Court for the Eastern District of Texas.

2.  **The Albritton case shows that an additional 10 interrogatories are unnecessary.**

Experience shows us on identical facts that these interrogatories are unnecessary because in the companion Albritton case,[2] with the same lawyers, the same allegations and the same facts, the Plaintiff's lawyers served **no** interrogatories. Discovery is now closed in that case. Those same lawyers cannot now claim that 25 interrogatories are not sufficient for this case.

3.  **The Court cannot balance the factors under Rule 33 of the Federal Rules of Civil Procedure.**

Rule 33 of the Federal Rules of Civil Procedure provides that a Court may only grant leave to serve additional interrogatories consistent with Rule 26(b)(2). Rule 26(b)(2)(C) states that the Court must limit the frequency or extent of discovery if: (i) the discovery is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the discovery outweighs its benefit. Rule 33 was amended to prevent the use of interrogatories as a means of harassment—exactly what Ward seeks to do in this case. *See* Advisory Committee's Note to the 1993 Amendment to FED. R. CIV. P. 33 ("because [interrogatories] can be costly and may be used as a means of harassment, it is desirable to subject its use to the control of the court consistent with the principles stated in Rule 26(b)(2).")

Ward's Motion should be denied in this case because the Court cannot possibly determine whether the discovery Ward is seeking is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome or less expensive pursuant to Rule 26(b)(2)(C)(i) because Ward has not conducted any discovery in this

---

[2] *Albritton v. Cisco Systems, Inc. et al*, Cause No. 6:08-00089, pending in the United States District Court for the Eastern District of Texas.

case and does not even identify in his Motion exactly what discovery he seeks in his 10 interrogatories or in his 25 interrogatories under Rule 33.

Ward's Motion should also be denied because Ward has failed to show that the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues as required under Rule 26(b)(2)(C)(iii). In his Motion, Ward argues that he needs to understand Cisco's entire proprietary communication structure, including its "computer technology infrastructure and document storage means" before he can ask for documents relevant to this defamation lawsuit. However, Ward has failed to show how discovery of Cisco's proprietary computer technology infrastructure and document storage technology in a defamation case that has nothing to do with that technology outweighs the burden of such additional discovery. Ward claims that these additional interrogatories will allow Ward to "narrowly tailor" his discovery requests, but he fails to identify any reason that he needs to understand Cisco's computer systems in order to propound discovery in this case. He alleges that the discovery will allow him to know to whom to direct his interrogatories, but he is only entitled to direct interrogatories to Cisco since Cisco is the only defendant in this lawsuit.

Ward fails to identify any type of document that he would need in this lawsuit that would require an understanding of Ward's proprietary computer systems. Even if the computer system was relevant, Ward has not made any showing regarding why he needs more than 25 interrogatories, and the Court cannot evaluate whether Ward needs these additional interrogatories because Ward has not used its 25 interrogatories. Therefore, Ward cannot show that the burden or expense of the proposed discovery outweighs its likely benefit, and the Motion should be denied.

For these reasons, Cisco requests that the Court deny Ward's Motion.

By: /s/ Charles L. Babcock
Charles L. Babcock
Federal Bar No.: 10982
Email: cbabcock@jw.com
Richard E. Griffin
Arkansas Bar No.: 63020
Email: rgriffin@jw.com
Crystal J. Parker
Federal Bar No.: 621142
Email: cparker@jw.com
1401 McKinney
Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

This is to certify that on this 12th day of December, 2008, a true and correct copy of the foregoing was served upon the following by electronic service:

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
*Attorney for Plaintiff John Ward Jr.*

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
*Attorney for Plaintiff John Ward, Jr.*

/s/ Charles L. Babcock
Charles L. Babcock