## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOHN WARD, JR.** | § | |
| | § | |
| **Plaintiff** | § | No.  08-4022 JLH |
| | § | |
| **V.** | § | JURY TRIAL DEMANDED |
| | § | |
| **CISCO SYSTEMS, INC.** | § | |
| | § | |
| **Defendant.** | § | |

### NOTICE OF SUBPOENA SERVED

PLEASE TAKE NOTICE that Plaintiff has caused a subpoena to be served upon Richard

Frenkel. A copy of said subpoena is attached hereto.

Respectfully Submitted,


*/s/ Nicholas H. Patton*
Nicholas H. Patton
State Bar No. 63035
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
Tel:    (903) 792-7080
Fax:    (903) 792-8233

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on this 28th day of January, 2009, a true and correct copy of the foregoing was served electronically via the Court's CM/ECF electronic filing system upon:

Richard E. Griffin
Charles Babcock
Crystal Parker
JACKSON WALKER, LLP
1401 McKinney
Suite 1900Houston, Texas 77010

*Attorneys for Defendant Cisco Systems, Inc.*


/s/ Nicholas H. Patton
Nicholas H. Patton

# Issued by the
# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

JOHN WARD

### SUBPOENA IN A CIVIL CASE

V.

CISCO SYSTEMS, INC.

Case Number:[1] 4:08cv4022

(Pending in the Western District of Arkansas)

TO: Richard Frenkel, 650 Page Mill Road, Palo Alto, California 94304

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Ex. A attached hereto**

| PLACE | DATE AND TIME |
|---|---|
| Paulson Esquire, 44 Montgomery Street, Suite 110, San Francisco, CA 94104 | February 24, 2009 @ 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff _____ | January 23, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Nicholas H. Patton, Patton, Tidwell & Schroeder, LLP, P.O. Box 5398, Texarkana, TX 75505-5398 (903.792.7080)

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

# EXHIBIT A

## I.  DEFINITIONS

For purposes of responding to the following requests for production:

1.  The use of a verb in any tense shall be construed as the use of that verb in all other tenses necessary to bring within the scope of the request anything that might otherwise be construed as outside its scope.

2.  A plural noun shall be construed as a singular noun and a singular noun shall be construed as a plural noun whenever necessary to bring within the scope of the request anything that might otherwise be construed outside its scope.

3.  As used herein, "all" means "any and all" and "any" means "any and all."

4.  As used herein, "and" and "or" encompass both "and" and "or," and references shall be construed either a singular or plural, as necessary to bring within the scope of these requests any information or DOCUMENTS and things that might otherwise be construed to be outside their scope.

5.  As used herein, the terms Cisco Systems, Inc., or "CISCO" shall mean Cisco Systems, Inc., INCLUDING its subsidiaries, parents, divisions and accountants and all past or present directors, officers, agents, representatives, EMPLOYEES, consultants, attorneys, entities acting in joint-venture or partnership relationships with Cisco and others acting on behalf of Cisco, INCLUDING individuals and/or companies who have participated in Cisco's defense in this case.

6.  As used herein, "COMPANY" or "ENTITY" means any company, business, or legal entity, including corporations, proprietorships, partnerships, joint-ventures, businesses, consortiums, associations, foundations, governmental agencies or instrumentalities and INCLUDES that company or entity's agents, representatives, affiliates, parents, predecessors and successors in interest, servants, EMPLOYEES, attorneys, and all other persons or entities, over whom that company or entity has control or who have been hired, retained, or employed for any

purpose by that company or entity. When the term "company" is used in the context of a question to Cisco, the term means CISCO.

7.     As used herein, "CONCERNING" means analyzing, addressing, consisting of, constituting, regarding, referring to, relating to, refuting, discussing, describing, evidencing, memorializing, reflecting, commenting on, or otherwise having any logical or factual connection to the subject matter of the request.

8.     As used herein, "COMMUNICATION" means any transmittal of information from one PERSON to another by any means, INCLUDING letters, correspondence, notes, records, reports, papers, facsimiles, electronic mail, electronic mail generated from a hand held personal device INCLUDING a Blackberry or iPhone, instant messaging, internet relay chat, news group, group or collaboration servers, electronic bulletin boards, electronic discussion boards, dictation tapes, video recordings, audio recordings, digital recordings, memoranda, telegrams, telecopies and telexes, teleconference, collaboration servers (including share point servers), web-based or software virtual meetings INCLUDING Web-X and any other meeting software and share point servers, and oral contact such as face-to-face meetings, telephone conversations and voice mail messages.

9.     As used herein, the term "DATE" shall mean the exact day, month and year, if ascertainable, or, if not, the closest approximation thereto.

10.     As used herein, "DESCRIBE" or "DESCRIPTION" means to IDENTIFY and explain with a description sufficient to ascertain the background, origin, nature, characteristics of and all facts and circumstances responsive to the question posed.

11.     DOCUMENT(S) is defined to be synonymous in meaning and equal in scope to the use of that term in Fed. R. Civ. Proc. 34, and INCLUDES all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of any document, all drafts of final DOCUMENTS, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the

medium on which they are produced, or stored (INCLUDING without limitation computer programs and files containing any requested information), and any recording or writing. Any document bearing marks, INCLUDING without limitation, initials, stamped initials, comments, or notations not part of the original text or photographic reproduction thereof, is a separate DOCUMENT.

12.     As used herein, "DOCUMENT(S)" means any written, printed, typed, recorded, magnetic, punched, copied, graphic or other tangible thing in, through, or from which information may be embodied, translated, conveyed, or stored INCLUDING COMMUNICATIONS, correspondence, memoranda, notes, records, books, papers, telegrams, telexes, electronic mail, group or collaboration servers (INCLUDING share point servers), electronic bulletin boards, electronic discussion boards, dictation tapes, video recordings, audio recordings, digital recordings, computer tapes (INCLUDING back-up tapes), computer disks (INCLUDING backup disks), computer printouts, microfilm, microfiche, worksheets, diaries, calendars, photographs charts, drawings, sketches and all other writings or drafts thereof.

13.     As used herein, "EMPLOYEE" means any director, trustee, officer, employee, partner, corporate parent, subsidiary, affiliate, contract employee, or retained employee or servant of the designated entity, whether active, retired, full-time, part-time, current or former, and compensated or not.

14.     As used herein, "ESN" means the Plaintiff in the ESN V. CISCO LITIGATION.

15.     As used herein, "THE ESN V. CISCO LITIGATION" means the original patent infringement lawsuit filed in the United States District Court for the Eastern District of Texas, case number 5:07-cv-00156-DF-CMC CISCO's action for a declaratory judgment, filed in the United States District Court for the District of Connecticut, case number 3:07-CV-01528 and the ESN v. Cisco litigation currently pending in the United States District Court for the Eastern District of Texas, case number 5:08-CV-00020.

16.    As used herein, "THE HERTZ V. ENTERPRISE LITIGATION" means case number 1:07-CV-11793-RGS filed in the United States District Court for the District of Massachusetts.

17.    As used herein, "INCLUDE" means "include without limitation."

18.    As used herein, "INCLUDING" means "including but not limited to."

19.    As used herein, "MEDIA" means any means of COMMUNICATION, INCLUDING any PUBLICATION, radio, television, newspaper, journals, magazines, that are read or heard by the general public.

20.    As used herein, "NOTICE OF ELECTRONIC FILING" means the Court's automatically generated notice of filing, INCLUDING the encrypted stamp located at the bottom of the Court's electronic notice.

21.    As used herein, "PERSON" or "PERSONS" means any natural person and other cognizable entity, including corporations, proprietorships, partnerships, joint-ventures, businesses, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

22.    As used herein, the term "PUBLICATION' means any printed or recorded DOCUMENT distributed INCLUDING any magazine, newspaper, trade journal, article, dissertation, presentation, lecture, white paper, presentation handout, slide, drawing, graphical representation, book, web page, abstract, catalogue, advertisement, newsletter, electronic bulletin board, and electronic newsgroup.

23.    As used herein, the term "TIME" shall mean the exact time of day, with time zone indicated, if ascertainable, or, if not, the closest approximation thereto.

24.    As used herein, "YOU" and "YOUR" means Richard Frenkel and all of your agents, representatives, EMPLOYEES, or attorneys, INCLUDING in your role as the Troll Tracker Blogger.

## II.    INSTRUCTIONS

1.      The Definitions, Rules, and Instructions set forth in Federal Rule of Civil Procedure 34(a) are incorporated herein by reference.

2.      These requests extend to all DOCUMENTS in YOUR possession, custody and/or control, or in the possession, custody or control of PERSONS or ENTITIES under YOUR control.

3.      In the event that more than one copy of a document exists, YOU shall produce the original and each non-identical copy of each document or other tangible thing requested herein.

4.      Each Request shall be fully responded to unless it is in good faith objected to, in which event the reasons for YOUR objection shall be stated in detail. If an objection pertains to only a portion of a Request, or a word, phrase or clause contained therein, YOU are required to state YOUR objection to that portion only and to respond to the remainder of the Request, using YOUR best efforts to do so.

5.      If a Request is silent as to the time period for which DOCUMENTS and things are sought, please respond with respect to the time period commencing January 1, 2003 through the date of YOUR response.

6.      If YOU or YOUR counsel assert that any information requested herein is privileged or otherwise protected from discovery, please set forth in YOUR written response hereto with respect to each DOCUMENT or thing for which a claim of privilege is made:

    a.  The place, approximate DATE, approximate TIME, and manner of recording, creating or otherwise preparing the DOCUMENT or thing;

    b.  The name (title or position of the authors) of the DOCUMENT;

    c.  The general subject-matter of the DOCUMENT

    d.  The type of DOCUMENT (e.g., memorandum, letter or report);

    e.  The name and organizational position, if any, of each sender of the DOCUMENT, or thing;

f. The name and organizational position, if any, of each recipient and/or custodian of the DOCUMENT or thing;

g. A statement of the basis on which privilege is claimed with respect to each DOCUMENT or thing and whether or not its contents are limited solely to legal advice or information provided for the purpose of securing legal advice; and

h. The specific grounds for withholding the DOCUMENT, including the specific facts upon which YOU will rely to establish the asserted attorney-client privilege, work product doctrine, or other ground of privilege; and

i. The specific document request or requests to which the DOCUMENT or thing is responsive.

7.     All requested DOCUMENTS produced by YOU shall be organized either to correspond to the categories in these Requests, or as they are kept in the ordinary course of business. In either case, ALL DOCUMENTS produced shall:

a. Be produced with ALL associated file labels, file headings, and file folders together with the responsive DOCUMENTS from each file, and each file shall be identified with the responsive DOCUMENTS for each file, and each file shall be identified as to its owner or custodian; for any DOCUMENTS originally stored in electronic media, the file name, path and directory information for each such DOCUMENTS shall also be provided;

b. If produced in hard copy, ALL pages now stapled or fastened together shall be produced stapled or fastened together, and shall include all attachments currently or previously appended to each DOCUMENTS, regardless of whether such attachments themselves are responsive to these requests;

c. If produced electronically, ALL attachments currently or previously appended to the electronic file shall be produced, regardless of whether such attachments themselves are responsive to these requests;

d. If email correspondence is produced, ALL such DOCUMENTS shall include the computer-generated file headers for each email. For email correspondence containing multiple emails, email file header information shall be produced for each email in the email string.

e. All DOCUMENTS that cannot be legibly copied shall be produced in original form.

8.      If any DOCUMENT or thing identified in response to any of these Requests was, but is no longer in YOUR possession, custody or subject to YOUR control, or is no longer in existence, state whether it

f. Is missing or lost;

g. Has been destroyed;

h. Has been transferred, voluntarily or involuntarily, to others and state the IDENTITY of those PERSONS to whom it has been transferred;

i. Has been otherwise disposed of, and in each instance, explain the circumstances surrounding such disposition, state the DATE and TIME, or approximate DATE and TIME thereof, and the IDENTITY of the PERSONS with knowledge of such circumstances; and

j. IDENTIFY the DOCUMENTS or thing that is missing, lost, destroyed, transferred, or otherwise disposed of, by author, DATE or approximate DATE, TIME or approximate TIME, subject matter, addressee and the number of pages.

9.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests are deemed to be continuing in nature to the full extent required by the Federal Rules. If further responsive DOCUMENTS come into YOUR possession or to the attention of YOUR or your attorneys at any time during the course of this litigation, such DOCUMENTS must be produced as required by the Federal Rules of Civil Procedure.

### III.  REQUESTS FOR PRODUCTION

1.      DOCUMENTS sufficient to IDENTIFY ALL actions taken by YOU to preserve DOCUMENTS that may be relevant to the above-captioned litigation, INCLUDING the gMail account YOU used to COMMUNICATE as the Troll Tracker.

2.      DOCUMENTS sufficient to IDENTIFY each email account you used at any time to COMMUNICATE with any PERSON or ENTITY as the Troll Tracker.

3.      DOCUMENTS sufficient to IDENTIFY ALL email accounts (internal and/or external) used by YOU from October 14, 2007 to the present time.

4.      DOCUMENTS sufficient to IDENTIFY ALL computer systems used in or by YOU in connection with any Troll Tracker Blog activity.

5.      DOCUMENTS sufficient to IDENTIFY any method of preserving YOUR COMMUNICAITONS and DOCUMENTS CONCERNING the Troll Tracker Blog, INCLUDING a DESCRIPTION of any back-up systems used to save or archive YOUR DOCUMENTS and COMMUNICATIONS CONCERNING the Troll Tracker Blog.

6.      DOCUMENTS sufficient to IDENTIFY whether any backup media used by YOU have been replaced or destroyed from October 14, 2007 to the present time.

7.      ALL DOCUMENTS and things CONCERNING the filing of the ESN complaint, INCLUDING DOCUMENTS CONCERNING Ward's role in that filing, the role of Ward's co-counsel, Eric Albritton, in that filing, and the role of Ward's co-counsel McAndrews Held & Malloy in that filing, the role of ANY other PERSON or ENTITY in that filing.

8.      ALL DOCUMENTS and things CONCERNING events occurring in the Eastern District of Texas Clerk's Office CONCERNING the filing of the complaint in the ESN V. CISCO LITIGATION.

9. ALL DOCUMENTS and things CONCERNING the Eastern District of Texas.

10. ALL DOCUMENTS and things CONCERNING the Eastern District of Texas's Local Rules.

11. ALL DOCUMENTS and things CONCERNING instructions for counsel experiencing problems with the Court's Electronic Filing System to call the "help desk."

12. ALL DOCUMENTS and things CONCERNING instructions for counsel experiencing problems with Court's Electronic Filing System to call the court clerk in the district where the pleading was filed.

13. ALL DOCUMENTS and things CONCERNING procedures in the Eastern District of Texas for the opening of a shell case file.

14. ALL DOCUMENTS and things CONCERNING the opening of a shell file in the ESN v. CISCO LITIGATION.

15. ALL DOCUMENTS and things CONCERNING the Notice of Electronic Filing used in the Eastern District of Texas's electronic case filing system.

16. ALL DOCUMENTS and things CONCERNING the Notice of Electronic Filing for the complaint in the ESN v. CISCO LITIGATION.

17. ALL DOCUMENTS and things CONCERNING Eastern District of Texas Local Rule CV-5.

18. ALL DOCUMENTS and things CONCERING Eastern District of Texas Local General Order 07-09.

19. ALL DOCUMENTS and things CONCERNING whether, in the Eastern District of Texas, a motion must be filed to change a docket entry.

20.     ALL DOCUMENTS and things CONCERNING whether information contained in a court docket entry is dependable, consistent, reliable or undependable, inconsistent, or unreliable.

21.     ALL DOCUMENTS and things CONCERNING any error or inaccuracy CONCERNING information contained in a court's docket entry.

22.     ALL DOCUMENTS and things CONCERNING the use of Civil Cover Sheet's in the Eastern District of Texas.

23.     ALL DOCUMENTS and things CONCERNING the Civil Cover Sheet in the ESN v. CISCO LITIGATION.

24.     ALL DOCUMENTS and things CONCERNING the electronically-generated banner located at the top of documents filed using the Federal Court's electronic filing system.

25.     ALL DOCUMENTS and things CONCERNING the electronically-generated banner located at the top of documents filed in the ESN v. CISCO LITIGATION.

26.     ALL DOCUMENTS and things CONCERNING the encrypted files stamp located at the bottom of the Court's Notice of Electronic Filing.

27.     ALL DOCUMENTS and things CONCERNING the encrypted files stamp located at the bottom of the Court's Notice of Electronic Filing for the complaint in the ESN v. CISCO LITIGATION.

28.     ALL DOCUMENTS and things CONCERNING the software used by the Federal Courts' electronic filing system.

29.     ALL DOCUMENTS and things CONCERNING the software used by the Federal Courts' electronic filing system CONCERNING the ESN v. CISCO LITIGATION.

30.     ALL DOCUMENTS and things CONCERNING the judiciary of the Eastern District of Texas.

31.     ALL DOCUMENTS and things CONCERNING the Troll Tracker October 17, 2007 Post, the October 18, 2007 Post and the revised October 18, 2007 Post, INCLUDING ALL COMMUNICATIONS with any PERSON or ENTITY CONCERNING any of those posts.

32.     ALL DOCUMENTS and things CONCERNING the dissemination of the October 17, 2007 Troll Tracker Post, the October 18, 2007 Troll Tracker Post, and the revised October 18, 2007 post to any PERSON or ENTITY.

33.     ALL DOCUMENTS from the Troll Tracker Blog website, INCLUDING all Troll Tracker posts.

34.     ALL DOCUMENTS and things INCLUDING COMMUNICATIONS CONCERNING any Troll Tracker blog post.

35.     ALL comments posted by any PERSON or ENTITY on the Troll Tracker blog.

36.     ALL DOCUMENTS and COMMUNICATIONS between YOU and any PERSON or ENTITY in the State of Arkansas, INCLUDING COMMUNICATIONS and DOCUMENTS CONCERNING your activities CONCERNING the Troll Tracker Blog.

37.     ALL DOCUMENTS and things CONCERNING any of the following PERSONS or ENTITIES:  Plaintiff John Ward Jr., ESN, Eric M. Albritton, Amie Mathis, David Maland, Shelly Moore, Cynthia Paar, Peggy Thompson, Rhonda Lafitte, Mae Velvin, David Provines, Rachel Wilson, any PERSON at McAndrews Held & Malloy, Anthony Downs, Beatrice Nguyen, Bart Showalter, Kurt Pankratz, Bart Showalter, Kevin Meek, Douglas Kubehl, Jillian Powell, Bill Friedman and Dan Webb.

38.     ALL COMMUNICATIONS CONCERNING the ESN V. CISCO LITIGATION, ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd., the Eastern District of Texas, or the actions taken by the court clerk in the Eastern District of Texas CONCERNING the ESN v. CISCO LITIGATION between you and any of the following PERSONS or ENTITIES: CISCO, John Noh, Mallun Yen, Marta Beckwith, Mark Chandler, Matthew Tanielian, Neal Rubin, Mark Michaels, Michael Ritter, Dan Lang, John Corcoran, Rich Renfree, John Earnhardt, Michael Timmeny, Marnie Willhoft, or Penny Bruce.

39.     ALL DOCUMENTS and things CONCERNING the ESN v. CISCO LITIGATION, INCLUDING any dissemination of information CONCERNING the ESN v. CISCO LITIGATION to any PERSON OR ENTITY.

40.     ALL DOCUMENTS and things CONCERNING the above-captioned case, INCLUDING any dissemination of information CONCERNING the above-captioned case to any PERSON OR ENTITY.

41.     ALL DOCUMENTS and things CONCERNING 35 U.S.C. 154 and the ESN v. CISCO LITIGATION.

42.     ALL DOCUMENTS and things CONCERNING the issuance of the patent asserted by ESN in the ESN V. CISCO LITIGATION.

43.     ALL DOCUMENTS and things CONCERNING CISCO's Declaratory Judgment Action in Connecticut in the ESN V. CISCO LITIGATION.

44.     ALL DOCUMENTS and things CONCERNING statistics, trends, or perceptions of patent litigation in the United States District Court for the District of Connecticut.

45.     DOCUMENTS sufficient to IDENTIFY each case in which YOU entered an appearance on behalf of a client in the United States District Court for the Eastern District of Texas since you were admitted to practice law.

46.     DOCUMENTS sufficient to IDENTIFY each case or litigation in the Eastern District of Texas on which you worked in any capacity.

47.     ALL DOCUMENTS and things CONCERNING ANY CISCO policy, procedure, rule, guideline, code of conduct, term of employment or company norm violated by any CISCO EMPLOYEE, INCLUDING YOU, CONCERNING the Troll Tracker Blog, the ESN V CISCO LITIGATION, Plaintiff John Ward Jr., Eric Albritton, any PERSON at McAndrews Held & Malloy, the Eastern District of Texas, or any of the events CONCERNING the above-captioned case.

48.     ALL DOCUMENTS and things CONCERNING YOUR CISCO employment or personnel file, INCLUDING a complete copy of your CISCO employment or personnel file.

49.     ALL DOCUMENTS after October 14, 2007, CONCERNING whether any CISCO EMPLOYEE, INCLUDING YOU, should be, or were, disciplined, reprimanded, chastised, admonished, warned or corrected CONCERNING the posting of the Troll Tracker October 17, 2007, October 18, 2007 and revised October 18, 2007 posts.

50.     ALL DOCUMENTS and things CONCERNING any negative comment YOU received CONCERNING your activities as the Troll Tracker.

51.     ALL DOCUMENTS and things CONCERNING whether the statements made in the October 17, 2007 Post, the October 18, 2007 Post, and/or the revised October 18, 2007 were accusations of criminal, unethical or improper conduct.

52.    ALL DOCUMENTS and things CONCERNING any COMMUNICATION YOU received CONCERNING the October 17, 2007 post, the October 18, 2007 post, and/or the revised October 18, 2007 Post, the ESN v. CISCO LITIGATION, and/or Plaintiff John Ward Jr., Eric Albritton, any PERSON at McAndrews Held & Malloy, the Eastern District of Texas, or any of the events CONCERNING the above-captioned case.

53.    ALL DOCUMENTS and things CONCERNING whether the statements made in the October 17, 2007 Post, the October 18, 2007 Post, and/or the revised October 18, 2007 were true.

54.    ALL DOCUMENTS and things CONCERNING whether the statements made in the October 17, 2007 Post, the October 18, 2007 Post, and/or the revised October 18, 2007 were substantially true.

55.    ALL DOCUMENTS and things CONCERNING whether the statements made in the October 17, 2007 Post, the October 18, 2007 Post, and/or the revised October 18, 2007 contained statements of fact.

56.    ALL DOCUMENTS and things CONCERNING whether the statements made in the October 17, 2007 Post, the October 18, 2007 Post, and/or the revised October 18, 2007 were statements of opinion.

57.    ALL DOCUMENTS and things CONCERNING whether the statements made in the October 17, 2007 Post, the October 18, 2007 Post, and/or the revised October 18, 2007 were rhetoric or hyperbole.

58.    ALL DOCUMENTS and things, INCLUDING COMMUNICATION after October 14, 2007, between YOU and Dan Webb CONCERNING the filing of the ESN complaint, the Eastern District of Texas's clerk's office, the local rules of the Eastern District of

Texas or Plaintiff John Ward Jr., Eric Albritton, any PERSON at McAndrews Held & Malloy, the Eastern District of Texas, or any of the events CONCERNING the above-captioned case.

59. ALL DOCUMENTS and things CONCERNING ex parte communications with a clerk of court's office.

60. ALL DOCUMENTS and things CONCERNING whether contacting the court clerk ex parte is a violation of any ethical rule or rule or professional conduct.

61. ALL DOCUMENTS and things CONCERNING ALL information relied upon by YOU in making the statements contained in the Troll Tracker October 17, 2007, October 18, 2007 and revised October 18, 2007 posts.

62. ALL DOCUMENTS and things CONCERNING ALL information known to CISCO before suggesting that YOU post about the filing of the ESN complaint on the Troll Tracker Blog.

63. ALL DOCUMENTS and things CONCERNING YOUR knowledge that ESN, and/or WARD and/or ALBRITTON claimed that the filing date of the ESN complaint as listed on the court's docket was an error, INCLUDING information sufficient to IDENTIFY the DATE and TIME of ALL such DOCUMENTS or COMMUNICATIONS.

64. ALL DOCUMENTS and things CONCERNING any statement by any PERSON or ENTITY that any information reported in the Troll Tracker Blog was incorrect, false, or misleading.

65. ALL DOCUMENTS and things CONCERNING any statement by any PERSON that information reported in the Troll Tracker Blog was defamatory or slanderous.

66. DOCUMENTS sufficient to IDENTIFY ALL lawsuits threatened or filed against YOU presenting a cause of action for defamation, slander, invasion of privacy, or false light, INCLUDING those CONCERNING your activities as the Troll Tracker.

67. ALL DOCUMENTS and things CONCERNING whether YOU engaged in unethical or improper conduct that may violate your professional duties as a lawyer by publically disseminating information CONCERNING the ESN V. CISCO LITIGATIION while EMPLOYED by CISCO.

68. ALL DOCUMENTS and things CONCERNING whether YOU engaged in unethical or improper conduct as the Troll Tracker.

69. ALL DOCUMENTS and things CONCERNING the anonymity of the Troll Tracker.

70. DOCUMENTS sufficient to IDENTIFY ALL PERSONS or ENTITIES who knew that YOU were the Troll Tracker before YOU publically identified yourself as such on the Troll Tracker Blog.

71. ALL DOCUMENTS and things CONCERNING the dissemination of any Troll Tracker Blog post to the MEDIA by any CISCO EMPLOYEE, INCLUDING YOU.

72. ALL DOCUMENTS and things CONCERNING CISCO's policies CONCERNING employee blogging, INCLUDING changes to CISCO's blogging policy after October 17, 2007.

73. ALL DOCUMENTS and things CONCERNING Plaintiff John Ward Jr.'s Reputation INCLUDING whether any CISCO EMPLOYEE, INCLUDING YOU, has been asked by any PERSON or ENTITY CONCERNING Ward, CONCERNING CISCO's perception of Plaintiff Ward, or CONCERNING YOUR perception of Plaintiff Ward.

74.     ALL DOCUMENTS and things CONCERNING John Ward Jr.

75.     ALL DOCUMENTS and things CONCERNING an offer of an apology to Plaintiff John Ward Jr.

76.     ALL DOCUMENTS and things CONCERNING any negative impact on John Ward Jr. CONCERNING the ESN v. CISCO LITIGATION, the filing of the complaint in the ESN v. CISCO LITIGATION, the above captioned case or any other way CONCERNING litigation against CISCO.

77.     DOCUMENTS sufficient to IDENTIFY the DATE, TIME, topic, participants and agenda for the CISCO retreat that occurred on October 18, 2007.

78.     DOCUMENTS sufficient to IDENTIFY each elected representative with whom YOU have had COMMUNICATIONS CONCERNING Cisco's patent reform agenda.

79.     ALL DOCUMENTS and things (INCLUDING PUBLICATIONS) authored by YOU, in whole or in part, CONCERNING Cisco's patent reform agenda.

80.     ALL DOCUMENTS and things CONCERNING YOUR COMMUNICATIONS with any member of the MEDIA CONCERNING Cisco's patent reform agenda.

81.     ALL DOCUMENTS and things CONCERNING YOUR COMMUNICATIONS with any member of the MEDIA CONCERNING Plaintiff John Ward Jr., Eric Albritton, McAndrews Held & Malloy Ltd., ESN, the ESN v. CISCO LITIGATION, or the filing of the complaint in the ESN v CISCO LITIGATION.

82.     ALL DOCUMENTS and things CONCERNING any concern that the revelation that the Troll Tracker was a CISCO employee would reflect negatively on CISCO.

83.     ALL DOCUMENTS and things CONCERNING any concern that the revelation that the Troll Tracker was a CISCO employee would reflect negatively on YOU.

84.    ALL DOCUMENTS and things CONCERNING CISCO's plans to respond to PERSONS, ENTITIES or the MEDIA CONCERNING the identification of YOU as the Troll Tracker and a CISCO EMPLOYEE.

85.    ALL DOCUMENTS and things CONCERNING YOUR plans to respond to PERSONS, ENTITITES or the MEDIA CONCERNING the identification of YOU as the Troll Tracker and a CISCO EMPLOYEE.

86.    ALL DOCUMENTS and things CONCERNING CISCO's concerns about reactions to the content of the Troll Tracker Blog.

87.    ALL DOCUMENTS and things CONCERNING YOUR concerns about reactions to the content of the Troll Tracker Blog.

88.    ALL DOCUMENTS and things CONCERNING Mark Chandler's knowledge that YOU were the Troll Tracker.

89.    ALL DOCUMENTS and things CONCERNING the HERTZ V. ENTERPRISE LITIGATION, INCLUDING COMMUNICATIONS with the attorneys involved in that litigation, INCLUDING telephone logs and telephone bills IDENTIFYING the DATE and TIME of any COMMUNICATIONS with Hertz's counsel and/or Enterprises counsel.

90.    ALL COMMUNICATIONS between YOU and CISCO CONCERNING any content to be included or deleted from ANY of the Troll Tracker Blog posts.

91.    ALL DOCUMENTS CONCERNING your decision to make the Troll Tracker Blog available to invited participants only.

92.    ALL DOCUMENTS CONCERNING any requests, demand or suggestion that YOU remove, delete, or revise any Troll Tracker Blog post.

93.    DOCUMENTS sufficient to IDENTIFY ALL COMMUNICATIONS between YOU and Baker Botts between Oct. 14, 2007 and Oct. 20, 2007, INCLUDING the DATE and TIME of each such DOCUMENT or COMMUNICATION.

94.    ALL telephone logs and telephone bills between October 14, 2007 and October 20, 2007 showing ALL telephone calls between YOU and BAKER BOTTS.

95.    ALL DOCUMENTS and things CONCERNING John Noh's activities CONCERNING Cisco's patent reform agenda.

96.    ALL DOCUMENTS and things CONCERNING Mallun Yen's activities CONCERNING Cisco's patent reform agenda.

97.    ALL DOCUMENTS and things CONCERNING Mark Chandler's activities CONCERNING Cisco's patent reform agenda.

98.    ALL DOCUMENTS and things CONCERNING YOUR job responsibilities CONCERNING Cisco's patent reform agenda.

99.    ALL DOCUMENTS and things CONCERNING YOUR activities CONCERNING Cisco's patent reform agenda.

100.    DOCUMENTS and things CONCERNING ALL PERSONS at CISCO whose job responsibilities INCLUDED COMMUNICATIONS with the MEDIA CONCERNING Cisco's patent reform agenda.

101.    ALL DOCUMENTS and things exchanged between YOU and Bill Friedman.

102.    ALL DOCUMENTS and things CONCERNING the number of PERSONS or ENTITIES who viewed the Troll Tracker Blog between October 16, 2007 and March 6, 2008.

103.   ALL DOCUMENTS and things CONCERNING the geographical location of PERSONS or ENTITIES who viewed the Troll Tracker Blog between October 16, 2007 and March 6, 2008.

104.   ALL DOCUMENTS and things CONCERNING any PERSON or ENTITY who viewed the Troll Tracker Blog in the State of Arkansas, INCLUDING DOCUMENTS sufficient to IDENTIFY each such PERSON or ENTITY.

105.   ALL DOCUMENTS and things CONCERNING the IDENTITY of PERSONS who viewed the Troll Tracker Blog between October 16, 2007 and March 6, 2008.

106.   ALL DOCUMENTS and things CONCERNING any comment made by any PERSON who viewed the Troll Tracker Blog between October 16, 2007 and March 6, 2008 CONCERNING Plaintiff John Ward Jr., his co-counsel Eric Albritton or McAndrews Held & Malloy Ltd., or ESN, the ESN v. CISCO LITIGATION, or the filing of the complaint in the ESN v. CISCO LITIGATION.

107.   ALL DOCUMENTS and things CONCERNING ALL drafts, outlines, notes or comments CONCERNING the October 17, 2007 post, the October 18, 2007 post and the revised October 19, 2007 post.

108.   ALL DOCUMENTS and things CONCERNING any PERSON or ENTITIY entering a search term in a web browser or search engine (i.e. Internet Explorer, Google, Yahoo, etc.) CONCERNING ESN, ESN v. CISCO LITIGATION, John Ward Jr., Eric Albritton and the subsequently viewing the Troll Tracker Blog.

109.   ALL DOCUMENTS and things CONCERNING the Troll Tracker Blogs use of key words or key terms CONCERNING ESN, ESN v. CISCO LITIGATION, John Ward Jr., Eric Albritton.

110. ALL DOCUMENTS and things CONCERNING the Troll Tracker Blogs use of links or hyperlinks CONCERNING ESN, ESN v. CISCO LITIGATION, John Ward Jr., Eric Albritton.

111. ALL DOCUMENTS and things CONCERNING the number of times PERSONS or ENTITIES viewing the Troll Tracker Blog searched the blog CONCERNING the Troll Tracker Blogs use of links or hyperlinks CONCERNING ESN, ESN v. CISCO LITIGATION, John Ward Jr., Eric Albritton.

112. ALL DOCUMENTS and things CONCERNING YOU IDENTIFING yourself as the Troll Tracker to any PERSON before February 23, 2008, INCLUDING the email purportedly sent to YOU stating that the sender knew your identity.

113. ALL DOCUMENTS and things CONCERNING any CISCO EMPLOYEE IDENTIFYING YOU as the Troll Tracker prior to February 23, 2008.

114. DOCUMENTS sufficient to IDENTIFY YOUR job responsibilities at CISCO.

115. ALL press releases and other publically disseminated DOCUMENTS and things CONCERNING Cisco's patent reform agenda, the Eastern District of Texas, the Eastern District of Texas's clerk's office, the judiciary of the Eastern District of Texas, the local rules of the Eastern District of Texas, the ESN v. CISCO litigation, the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. written, in whole or in part, by any CISCO EMPLOYEE, INCLUDING YOU.

116. ALL non-publically disseminated DOCUMENTS and things CONCERNING Cisco's patent reform agenda, the Eastern District of Texas, the Eastern District of Texas's clerk's office, the judiciary of the Eastern District of Texas, the local rules of the Eastern District of Texas, the ESN v. CISCO litigation, the ESN complaint, Eric Albritton, John Ward Jr. or

McAndrews Held & Malloy Ltd. written, in whole or in part, by any CISCO EMPLOYEE, INCLUDING YOU.

117. DOCUMENTS and things sufficient to IDENTIFY each MEDIA interview CONCERNING Cisco's patent reform agenda, the Eastern District of Texas, Eric Albritton, John Ward Jr., McAndrews Held & Malloy Ltd., the Eastern District of Texas clerk's office , the local rules of the Eastern District of Texas, or litigation in the Eastern District of Texas wherein YOU participated in the MEDIA interview, INCLUDING an IDENTIFICATION of the PERSON(S) who arranged the interview, PERSONS to whom the interview was given, the purpose of the interview, and ALL PERSONS who participated CONCERNING the interview.

118. ALL DOCUMENTS and things between October 14, 2007 and October 20, 2007, CONCERNING the TIME and DATE of COMMUNICATIONS between YOU and any PERSON or ENTITY CONCERNING the ESN v. CISCO LITIGATION, INCLUDING telephone logs or telephone records.

119. ALL DOCUMENTS and things CONCERNING any trip, telephone conversation, email, press release, or business COMMUNICATION made by YOU into the State of Arkansas.

120. A copy of your resume

121. A copy of each performance evaluation you received while employed at CISCO.

122. DOCUMENTS sufficient to IDENTIFY any demotion, reprimand or notice of violation that you have received as an EMPLOYEE of any COMPANY.

123. DOCUMENTS sufficient to IDENTIFY any classes, training or formal education you have had CONCERNING journalism.