## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOHN WARD, JR.** | § | |
| | § | |
| **Plaintiff** | § | No. 08-4022 |
| | § | |
| **v.** | § | JURY TRIAL DEMANDED |
| | § | |
| **CISCO SYSTEMS, INC. and RICK FRENKEL** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF WARD'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 1-9

# Table of Contents

**I.    Introduction And Factual Background** ............................................................................. 1

**II.   Argument** ........................................................................................................................... 2

   1.   Cisco Should Be Ordered To Provide A Complete Response To Interrogatory No. 1 ....... 2

   2.   Cisco Should Be Ordered To Provide A Complete Response To Interrogatory No. 2. ...... 4

   3.   Cisco Should Be Ordered To Provide A Complete Response To Interrogatory No. 3 ....... 5

   4.   Cisco Should Be Ordered To Provide A Complete Response To Interrogatory No. 4 ....... 6

   5.   Cisco Should Be Ordered To Provide A Complete Response To Interrogatory No. 5 ....... 7

   6.   Cisco Should Be Ordered To Provide A Complete Response To Interrogatory No. 6 ..... 10

   7.   Cisco Should Be Ordered To Provide A Complete Response To Interrogatory No. 7 ..... 12

   8.   Cisco Should Be Ordered To Provide A Complete Response To Interrogatory No. 8 ..... 13

   9.   Cisco Should Be Ordered To Provide A Complete Response To Interrogatory No. 9 ..... 14

**III.  Conclusion** ....................................................................................................................... 15

**TO THE HONORABLE COURT:**

Comes now, Plaintiff John Ward, Jr., ("Ward") and files this motion to compel Defendant Cisco Systems Inc. ("Cisco") to provide complete responses to Plaintiff's Interrogatory Nos. 1-9.

## I. Introduction And Factual Background

In October of 2007 Richard Frenkel, acting in the course and scope of his employment with Cisco, published outrageous and patently false statements about Ward. Frenkel and Cisco continuously published the statements until March of 2008. Ward sued Cisco for defamation, seeking to recover damages for his shame, embarrassment, humiliation, mental pain and anguish; damage to his reputation, good name and standing in the community; and exemplary damages.

On December 30, 2007, Ward served Cisco with nine interrogatories designed to discover the location of documents and witnesses for further discovery. *See* Exh. A (Plaintiff's interrogatories). Ward's interrogatories also sought specific information regarding facts known to Frenkel and to Cisco before the defamatory articles were posted on the internet in October of 2007, and information concerning any corrective actions taken by Cisco with respect to persons involved in the dissemination of the defamatory accusations about Ward. The information requested in Ward's interrogatories is directly relevant to the issues in this case, including fact issues concerning dissemination, truth or falsity of the allegations made, Cisco's culpability in defaming Ward, and the harm caused to Ward as a result of Cisco's tortuous conduct.

On January 30, 2008, Cisco served evasive and incomplete responses to Ward's Interrogatory Nos. 1-9. *See* Exh. B (Cisco's responses). Cisco's responses fail to satisfy the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules. For example, Cisco's responses to Interrogatories 1-6, and 9 contain a list of blanket objections that violate Fed. R. Civ. P. 33(b) and Local Rule 33.1(b). Additionally, Cisco's responses to Interrogatories 2-4 simply refer Ward to documents produced by Cisco without invoking Fed. R. Civ. P. 33(d) or specifying any bates ranges. For other interrogatories, Cisco simply ignores questions asked, providing a superficial answer that sidesteps the specific information sought in Ward's interrogatory. Finally, for other interrogatories Cisco provided no response at all. Cisco's vague

1

and incomplete answers do not satisfy Rule 33(b), which requires that interrogatories be answered "fully."

Ward's counsel wrote to Cisco on February 4, 2008, identifying the deficiencies in Cisco's interrogatory responses. *See* Exh. C (Ward's letter to Cisco). Ward asked Cisco to confirm in writing by close of business February 9, 2009 that Cisco would serve supplemental responses before February 13, 2009, correcting each of the deficiencies identified by Ward. Alternatively, Ward requested that Cisco make a person available to meet and confer on February 10, 2007 to see if the parties could narrow the disputes before Ward sought court intervention. Cisco never responded to Ward's letter, necessitating the filing of this motion.

**II. Argument**

As discussed below, Cisco's responses to Ward's interrogatories are evasive and incomplete. Therefore, Ward asks the Court to compel Cisco to provide complete interrogatory responses as follows:

1. <u>Cisco Should Be Ordered To Provide A Complete Response To Interrogatory No. 1</u>

Ward's Interrogatory No. 1 asks Cisco to:

> "IDENTIFY and DESCRIBE all actions undertaken by YOU or at YOUR direction to retain, locate, and produce COMMUNICATIONS between the Troll Tracker and/or Rick Frenkel or any other PERSONS CONCERNING ESN, the filing of the ESN complaint, Plaintiff Ward, Ward's co-counsel Eric Albritton or the law firm of McAndrews Held & Malloy or any other information that may be relevant to this case, INCLUDING the gMail account Frenkel used to correspond as the Troll Tracker, and separately and for each action IDENTIFY the persons involved, the DATE of the action, and DESCRIBE DOCUMENTS AND COMMUNICATIONS that were obtained."

After making a litany of blanket objections, Cisco responded as follows:

> "Subject to and without waiving the foregoing requests, when Cisco became aware of this lawsuit, it sent a litigation hold notice to all employees so that documents pertaining to the lawsuit would be retained. Early in the lawsuit, Cisco's in-house counsel searched the Cisco email accounts of person who were involved in the events at issue in this lawsuit and provided relevant documents to counsel. Cisco later did a broader search of the main and backup serves for the following custodians: (1) Terry Anderson, Public Relations, (2) Marta Beckwith, IP Team, (3) Robyn Nicole Blum, Public Relations, (4) Penelope Bruce, Public Relations, (5) Mark Chandler, GC, (6) Heather Dickinson, Public

Relations, (7) Lisa Domingo, Admin to Terry Anderson, (8) Richard Frenkel, IP Team, (9) William Friedman, (10) Jennifer Greeson, Public Relations, (11) Dan Lang, IP Team; (12) Kenneth M. Lotich, Jr., Public Relations, (13) Mark Michels, IP Team, (14) Marc Musgrove, Public Relations, (15) John Noh, Public Relations, (16) Paul Redifer, Govt Affairs, (17) Richard Renfree, (18) Michael Rittter, IP Team, (19) Neal Rubin, (20) Matthew Tanielian, Govt Affairs, (21) Michael Timmeny, Govt Affairs, (22) Anita Kirsten Weeks, Public Relations, (23) Mallun Yen, IP Team. These emails were then provided to counsel for review. All relevant, non-privileged documents have been produced."

Cisco's response to Interrogatory No. 1 is deficient in several respects.

First, Cisco's blanket objections violate Fed. R. Civ. P. 33(b) and Local Rule 33.1(b). Cisco failed to specifically state its objections both in its responses and in response to Ward's letter to Cisco. Thus, Cisco's improper objections have been waived. *See* Fed.R.Civ.P. 33(b)(4) (All grounds for an objection to an interrogatory shall be stated "with specificity" and any ground not stated in a timely objection is waived unless that party's failure to object is excused by the court for good cause); Local Rule 33.1(b) (blanket objections to interrogatories "will not be recognized.").

Second, although Interrogatory No. 1 is not limited to Cisco's document collection efforts, but rather asks Cisco to describe all actions to retain, locate, and produce "communications," Cisco's response is limited to its document collection efforts. Even within the category of documents, Cisco has narrowly responded by identifying its efforts to search "email accounts." Interrogatory No. 1 is broader than documents and emails, and seeks information related to the entirety of Cisco's efforts to locate relevant communications. Cisco should be ordered to provide a response that includes Cisco's efforts to retain, locate, and produce all communications relevant to this case.

Third, the interrogatory specifically asks Cisco to identify all efforts undertaken to retain, locate, and produce documents from the gMail account used by Frenkel to communicate as the Troll Tracker. Documents from the Troll Tracker Blog and communications with the Troll Tracker/Richard Frenkel are perhaps the most relevant documents in this case. Although Frenkel posted to the Troll Tracker Blog during work hours at Cisco, he did so using a separate email

3

account on Google.  If Cisco had access to, or searched for those documents, Ward is entitled to that information.  Cisco's response does not address the gMail account at all.  Either Cisco attempted to locate and preserve those documents, or it did not.  Either way, Ward is entitled to a response that provides that information.

Fourth, Cisco's response does not provide the date information that was requested or the names of the individuals involved.  Cisco's response fails to identify persons from whom Cisco collected documents during its search for documents "early in the lawsuit."  Instead, Cisco has only identified persons whose files were searched in a second search.

Cisco's response is incomplete and inadequate.  Thus, the Court should order Cisco to fully respond to Interrogatory No. 1 by including the information identified above.

2. <u>Cisco Should Be Ordered To Provide A Complete Response To Interrogatory No. 2</u>

Ward's Interrogatory No. 2 asks Cisco to:

> "IDENTIFY each PERSON or COMPANY with whom CISCO or its EMPLOYEES had any COMMUNICATION between October 14, 2007 and March 7, 2008 CONCERNING the Troll Tracker October 17, 2007 Post, the October 18, 2007 Post, and the revised October 18, 2007 Post, and separately and for each COMMUNICATION IDENTIFY the DATE, TIME, PERSONS involved, the purpose of the COMMUNICATION, DESCRIBE THE COMMUNICATION and IDENTIFY ANY DOCUMENTS CONCERNING that COMMUNICATION."

After copying the same list of blanket objections made in response to Interrogatory No. 1, Cisco responded as follows:

> "Subject to and without waiving the foregoing objections, see documents produced by Cisco.  Responsive, privileged documents have been logged in Cisco's privilege log, which has previously been produced."

Cisco's response to Interrogatory No. 2 is deficient in several respects.

First, Cisco's blanket objections violate Fed. R. Civ. P. 33(b) and Local Rule 33.1(b).  Having failed to specifically state its objections both in its objections and responses and in response to Ward's letter to Cisco, those objections have been waived.

Second, Cisco's response telling Ward to "see documents produced by Cisco" is unacceptable. As Cisco certainly knows, it is well-settled that a party cannot respond to an interrogatory simply by referring to a mass of documents. Cisco's response is not permitted by Rule 33(d)—a rule that Cisco's response does not even invoke.[1]

Third, in any event, Interrogatory No. 2 cannot be answered with a reference to produced documents because it asks Cisco to identify each person or company with whom Cisco had any "communications," which includes oral communications and other communications as defined in the interrogatory. A written response is therefore required. The interrogatory requires that Cisco identify each communication and then separately and for each communication identify the date, time, persons involved, the purpose of the communication, and describe the communication. Cisco's response simply ignores the specific information requested in Interrogatory No. 2.

Cisco's response is incomplete and inadequate. Thus, the Court should order Cisco to fully respond to Interrogatory No. 2 by including the information identified above.

3. Cisco Should Be Ordered To Provide A Complete Response To Interrogatory No. 3

Ward's Interrogatory No. 3 asks Cisco to:

> "IDENTIFY each PERSON or COMPANY with whom CISCO or its EMPLOYEES had any COMMUNICATION between October 14, 2007 and March 7, 2008 CONCERNING the filing of the ESN complaint, Ward's role in that filing, the role of Ward's co-counsel, Eric Albritton, in that filing, and the role of Ward's co-counsel McAndrews Held & Malloy in that filing, and separately and for each COMMUNICATION IDENTIFY the DATE, TIME, PERSONS involved, the purpose of the COMMUNICATION, DESCRIBE THE COMMUNICATION and IDENTIFY ANY DOCUMENTS CONCERNING that COMMUNICATION."

After copying the same list of blanket objections made in response to Interrogatory Nos. 1-2, Cisco responded as follows:

---

[1] Cisco's responses do not invoke Fed. R. Civ. P 33(d). But even if Cisco had relied on that rule, Cisco is still required to identify the documents responsive to the interrogatory. A response to "go fish" is not acceptable. Further, Cisco's reliance on that Rule would be misplaced because the burden to Cisco of deriving the answers to Ward's interrogatories is substantially less than would be the burden to Ward.

5

> "Subject to and without waiving the foregoing objections, see documents produced by Cisco. Responsive, privileged documents have been logged in Cisco's privilege log, which has previously been provided."

Cisco's response to Interrogatory No. 3 is deficient in several respects.

First, again, Cisco's blanket objections violate Fed. R. Civ. P. 33(b) and Local Rule 33.1(b).

Second, Cisco's response to "see documents produced by Cisco" is not a response at all. Cisco cannot respond to an interrogatory by referring to the entirety of its document production.

Third, Interrogatory No. 3 cannot be answered with a reference to produced documents because it asks Cisco to identify each person or company with whom Cisco had any "communications," which includes oral communications and other communications as defined in the interrogatories. Therefore, a written response is required. The interrogatory requires Cisco to identify each such communication and then separately and for each communication identify the date, time, persons involved, the purpose of the communication, and to describe the communication.

Cisco's response ignores the specific information sought in Interrogatory No. 3. Thus, the Court should order Cisco to fully respond to Interrogatory No. 3 by including the information identified above.

4. <u>Cisco Should Be Ordered To Provide A Complete Response To Interrogatory No. 4</u>

Ward's Interrogatory No. 4 asks Cisco to:

> "IDENTIFY ALL COMMUNICATIONS between CISCO and any PERSON and/or COMPANY CONCERNING whether the allegations made in the October 17, 2007 Post, the October 18, 2007 Post, and/or the revised October 18, 2007 were accusations of criminal, unethical or improper conduct, and separately and for each COMMUNICATION DESCRIBE the COMMUNICATION, IDENTIFY the DATE, TIME, PERSONS involved, the purpose of the COMMUNICATION, DESCRIBE the COMMUNICATION, and IDENTIFY ANY DOCUMENTS CONCERNING that COMMUNICATION."

After copying the same list of blanket objections made in response to Interrogatory Nos. 1-3, Cisco responded as follows:

> "Subject to and without waiving the foregoing objections, despite a diligent investigation, no responsive, non-privileged communications have been identified or located."

Cisco's response to Interrogatory No. 4 is deficient in several respects.

First, again, Cisco's blanket objections violate Fed. R. Civ. P. 33(b) and Local Rule 33.1(b), and its objections have been waived.

Second, although Cisco's response states that it was unable to locate "communications" the syntax of the sentence implies that Cisco searched only for documents. Ward asked Cisco to describe the effort undertaken by Cisco to obtain this information so that Ward can evaluate the sufficiency of Cisco's investigation. *See* Exh. 3. Cisco did not respond. Consequently, Cisco should be ordered to provide a response that includes all "communications," as requested in the interrogatory so that Ward is assured that Cisco has fully responded to the interrogatory served by Ward, and not one that has been rewritten by Cisco.

Third, Cisco's response includes a caveat that Cisco was unable to locate *non-privileged* information. If Cisco's investigation uncovered communications that it is withholding under a claim of privilege, its written response should identify each such communication and then separately and for each communication identify the persons involved, the date, the time, and state the basis of Cisco's claim that the content of the communication is protected as privileged. The Federal Rules require Cisco to provide that information so that Ward can evaluate the validity of Cisco's assertion of privilege. If no such communications exist, Cisco should say so in its response, dropping the insinuation that it uncovered privileged information that it omitted from its response.

Cisco's response is incomplete and inadequate. Thus, the Court should order Cisco to fully respond to Interrogatory No. 4 by including the information identified above.

5. <u>Cisco Should Be Ordered To Provide A Complete Response To Interrogatory No. 5</u>

Ward's Interrogatory No. 5 asks Cisco to:

> "IDENTIFY ALL information relied upon by Richard Frenkel in making the statements contained in the Troll Tracker October 17, 2007, October 18, 2007 and revised October 18, 2007 posts, and separately and for each IDENTIFY the DATE and TIME the

information was received by Frenkel, IDENTIFY all DOCUMENTS CONCERNING the information received, IDENTIFY ALL PERSONS involved in the information received, IDENTIFY the nature of any COMMUNICATION involved INCLUDING the DATE, TIME, and ALL PERSONS involved in the COMMUNICATION, and IDENTIFY all DOCUMENTS CONCERNING that COMMUNICATION."

After copying the same list of blanket objections made in response to Interrogatory Nos. 1-4, Cisco responded as follows:

> "Subject to and without waiving the foregoing objections, Richard Frenkel relied on documents on the official court website, the official court docket, correspondence he received from various individuals, privileged discussions he had with legal counsel, legal research, and his own experience with the electronic filing system. *See* documents produced by Cisco. Responsive privileged documents have been logged in Cisco's privilege log, which has previously been provided."

Cisco's response to Interrogatory No. 5 is deficient in several respects.

First, again, Cisco's blanket objections violate Fed. R. Civ. P. 33(b) and Local Rule 33.1(b).

Second, Cisco states that Frenkel relied on "documents on the official court website," and "correspondence he received from various individuals," but fails to <u>identify</u> those documents and individuals as required by the interrogatory. Simply stating that "various individuals" provided Frenkel with information is not an adequate response to Interrogatory No. 5, which specifically asks Cisco to identify those persons, describe the nature of the communication, provide date and time information, and to specifically identify the relevant documents. Cisco also again responds that it has produced documents without citing Rule 33(d), or specifically identifying the documents by bates number that are responsive to this interrogatory.

Third, and most problematic, is that Cisco responds that Frenkel relied upon privileged discussions he had with legal counsel, but then fails to provide any of specific information for those assertions as required by the interrogatory. Cisco's reliance on communications with counsel to defend itself in this case has put those communications "at issue," triggering an implied waiver of privilege. *United States v. Workman*, 138 F.3d 1261, 1264 (8th Cir. 1998).

8

Cisco is attempting to defend itself in this case by arguing that it cannot be liable for Frenkel's defamatory statements unless Ward can prove Frenkel's statements were made with actual malice. *See* Docket Entry No. 8 (Cisco's Answer) at ¶ 8; *see e.g., Harte-Hanks Commc'ns, Inc. v Connaughton*, 491 U.S. 657, 668 (1989). Cisco claims that in order to prove malice, Ward must prove that at the time Frenkel made his false and defamatory statements, Frenkel knew or should have known that his accusations against Ward were false, or that he acted with reckless disregard of the truth or falsity of those statements. Consequently, determining what Frenkel knew and when he knew it is essential to defeating Cisco's lack of malice defense. That information is also critical to Ward's ability to demonstrate the falsity of Cisco's accusations and to show malice for the purpose of punitive damages. To obtain discovery regarding Cisco's lack of malice defense, Ward served Interrogatory No. 5.

Cisco's response to Interrogatory No. 5 demonstrates that Frenkel relied on communications with counsel in making his false accusations against Ward. Cisco has placed Frenkel's reliance on those communications directly at issue in this case. *See Union County, Iowa v. Piper Jaffray & Co., Inc.,* 248 F.R.D. 217, 223 (S.D. Iowa 2008). Thus, Frenkel's highly-relevant communications with counsel are discoverable. *See id.* Having asserted Frenkel's good faith based on communications with counsel, Cisco must allow Ward the discovery necessary to determine what information those communications provided to Frenkel. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991); *see also Harte-Hanks,* 491 U.S. at 668; *Rotoworks Int'l Ltd. v. Grassworks USA, LLC*, 2007 U.S. Dist. LEXIS 66505 (W.D. Ark. Sept. 7, 2007).

Whatever privilege Cisco may have it is clear that Cisco waived that privilege by choosing to make its attorneys' communications an element of its defense.[2] *See United States v.*

---

[2] Cisco claims that the information sought is protected by privilege, but it doesn't say why. Because Cisco did not state the basis of its alleged claims of privilege as requested in the instructions to Plaintiff's Interrogatories, it is impossible to respond to Cisco's assertions of privilege. Consequently, Ward is unable determine whether the communications response to these interrogatories meet the requirements necessary to be protected under the attorney-client privilege or the work product doctrine. It is far from clear that any such privilege would is warranted here where Cisco included the subject-matter of its communications into Frenkel's publically available posts. As the

9

*Bauer*, 551 F.3d 786 (8th Cir. 2008); *Burress v. Union Pac. R.R.,* 2007 U.S. Dist. LEXIS 1749 (E.D. Ark. Jan. 8, 2007) (privilege may be waived when a party asserts a claim that, in all fairness, requires examination of each party's protected communications). Cisco cannot use its claim of privilege as both a sword and a shield. *See Workman*, 138 F.3d at 1264 (The attorney client privilege cannot be used as both a shield and a sword, and a party cannot claim in his defense that he relied on an attorney's advice without permitting the opposition to explore the substance of that advice); *Baker v. GMC*, 197 F.R.D. 376, 388 (W.D. Mo. 1999) (same). Fundamental fairness dictates that Cisco must disclose that information to Ward. Cisco must provide a complete response including identifying each communication and then separately and for each communication provide the date and time that information was received by Frenkel, the nature of the communication, identify all persons involved, and identify all documents concerning those communications.

Cisco's response is incomplete and inadequate. Thus, the Court should order Cisco to fully respond to Interrogatory No. 5 by including the information identified above.

6. <u>Cisco Should Be Ordered To Provide A Complete Response To Interrogatory No. 6</u>

Ward's Interrogatory No. 6 asks Cisco to

> "IDENTIFY the DATE and TIME that CISCO first became aware that ESN claimed that the filing date of the complaint as listed on the court's docket was an error and DESCRIBE the circumstances under which CISCO obtained that knowledge INCLUDING ALL PERSONS involved, all COMMUNICATIONS involved and separately and for each COMMUNICATION the DATE, TIME, ALL PERSONS involved, the content of the COMMUNICATION, what prompted the COMMUNICATION, the form of the COMMUNICATION, and IDENTIFY ALL DOCUMENTS CONCERNING CISCO's knowledge."

After copying the same list of blanket objections made in response to Interrogatory Nos. 1-5, Cisco responded as follows:

> "Richard Frenkel learned that ESN claimed that the filing date of the complaint on the official court docket was an error on October 18, 2007, but he does not recall the time, persons involved, or exact content of the communication. See documents produced by

---

party seeking to withhold relevant evidence, Cisco bears the burden of proving that the information it is withholding is privileged.

Cisco. Responsive, privileged documents have been logged in Cisco's privilege log, which has previously been provided."

Cisco's response to Interrogatory No. 6 is deficient in several respects.

First, Cisco's blanket objections violate Fed. R. Civ. P. 33(b) and Local Rule 33.1(b), and its objections have been waived.

Second, Cisco's response to Interrogatory No. 6 is incomplete. Interrogatory No. 6 asks Cisco to identify the date and time that Cisco first became aware that ESN claimed that the filing date of the complaint as listed on the court's docket was an error. Cisco's response provides the date that Frenkel first became aware, but does not respond with respect to the broader question of Cisco's knowledge.

Third, Cisco's response is parsed too narrowly. Cisco's response states that Frenkel does not recall the time, persons involved, or the "exact content of the communication." The instructions included in Ward's interrogatories state that if any of the interrogatories cannot be answered in full, please answer to the extent possible, specifying the reasons for Cisco's inability to answer the remainder of the interrogatory and stating whatever information, knowledge or belief that Cisco does have concerning the unanswered portion. Ward's instructions are consistent with Cisco's obligations under Fed. R. Civ. P. 33(b)(4) to fully respond to Ward's interrogatory. Cisco's answer should have included the information known to Cisco concerning the persons from whom Cisco first learned that the filing of the ESN complaint was an error. Were those persons employed at Cisco? Were they Cisco's legal counsel? Interrogatory No. 6 also asks Cisco to explain what prompted the communication and the form of the communication. That information is also missing from Cisco's response.

Fourth, Interrogatory No. 6 asks Cisco to identify documents concerning the date and time Cisco first became aware of that ESN claimed that the filing date of the complaint as listed on the court's docket was an error. Cisco's response fails to identify the requested documents.

Cisco's response is incomplete and inadequate. Thus, the Court should order Cisco to fully respond to Interrogatory No. 6 by including the information identified above.

11

7. <u>Cisco Should Be Ordered To Provide A Complete Response To Interrogatory No. 7</u>

Ward's Interrogatory No. 7 asks Cisco to

> "IDENTIFY ALL PERSONS or COMPANIES who knew that Richard Frenkel was the Troll Tracker before he publicly identified himself as such on the Troll Tracker Blog, and separately and for each PERSON or COMPANY IDENTIFY the DATE upon which they obtained that knowledge, IDENTIFY the source of that knowledge (who told them), IDENTIFY all PERSONS involved in the COMMUNICATION, DESCRIBE the circumstances leading to the disclosure, and IDENTIFY all DOCUMENTS CONCERNING that disclosure."

Cisco refused to provide a response to Interrogatory No. 7. Instead, the response states:

> "Cisco objects on the basis that the request calls for discovery regarding matters that are not relevant to any party's claim or defense."

Cisco's non-response response to Interrogatory No. 7 should be overruled.

The information requested in Interrogatory No. 7 is reasonably calculated to lead to the discovery of admissible evidence. Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Miles v. Century 21 Real Estate LLC*, 2006 U.S. Dist. LEXIS 67974 (E.D. Ark. Sept. 21, 2006) (*citing Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Id*. "If the discovery sought appears relevant, the opposing party bears the burden of specifically showing how each discovery request is irrelevant." *Id*.

The information sought in Interrogatory No. 7 is reasonably calculated to lead to the discovery of admissible evidence. Interrogatory No. 7 seeks to identify each Cisco employee who suggested, encouraged or participated in the publication of Frenkel's Troll Tracker posts. It also seeks to identify each person at Cisco who knew the anonymous Troll Tracker's identity so that those persons can be questioned about whether Cisco used its access to the Troll Tracker to promote Cisco's business goals, including defaming Ward who is Cisco's opposing counsel in the *ESN v. Cisco* litigation. Cisco employees who knew that Frenkel was the Troll Tracker are

12

more likely to have received copies of Frenkel's defamatory posts, or discussed those posts with Frenkel, or his colleagues John Noh and Mallun Yen—Cisco's director of public relations and Frenkel's direct supervisor both of whom encouraged Frenkel to post his defamatory statements about Ward. That information is circumstantial evidence that Cisco sought to benefit from Frenkel's posting of false accusations about Ward, which is relevant to the issues of the extent of Cisco's dissemination of the defamatory posts, motives for the posts other than Cisco's allegations of truth, and whether Cisco acted with malice or negligence in defaming Ward. It is also relevant to issues concerning the award of punitive damages.

Cisco's relevance objection should be overruled and Cisco should be ordered to provide a full and complete response to Interrogatory No. 7.

8. Cisco Should Be Ordered To Provide A Complete Response To Interrogatory No. 8

Ward's Interrogatory No. 8 asks Cisco to

> "IDENTIFY ALL COMMUNICATIONS and DOCUMENTS CONCERNING whether any CISCO EMPLOYEE should be disciplined, reprimanded, chastised, admonished, warned or corrected CONCERNING the posting of the Troll Tracker October 17, 2007, October 18, 2007 and revised October 18, 2007 posts, and separately and for each COMMUNICATION or DOCUMENT IDENTIFY the DATE, TIME, ALL PERSONS involved, the nature of the COMMUNICATION or the subject-matter of the DOCUMENT, and IDENTIFY all DOCUMENTS CONCERNING each COMMUNICATION."

Cisco again objected on the basis of relevance, but then provided the following non-response:

> "Subject to and without waiving the foregoing objections, despite a diligent investigation, no responsive, non-privileged communications have been identified."

Cisco's response to Interrogatory No. 8 is deficient in several respects.

First, the information requested in Interrogatory No. 8 is reasonably calculated to lead to the discovery of admissible evidence. Ward is entitled to discover each individual who participated in Cisco's defamation of Ward. Additionally, Cisco has asserted a truth defense and maintained that it employees have done nothing wrong in connection with the posts contained on the Troll Tracker blog. Information concerning Cisco's reprimanding employees (or failure to

13

reprimand employees) for their conduct is relevant to rebut Cisco's allegations of truth and good faith. That information is relevant to the issues of negligence, common law malice, actual malice and punitive damages. Cisco's relevance objection should be overruled and Cisco should be ordered to respond fully to Interrogatory No. 8.

Second, although Cisco's response states that it was unable to locate "communications" the syntax of the sentence implies that Cisco searched only for documents. Ward asked Cisco to confirm that it inquired as to all communications (as defined in the definitions section of Ward's Interrogatories), including those not in written form, before providing its response. Cisco did not respond. Cisco should be ordered to provide a response that is consistent with the scope of Interrogatory No. 8.

Third, Cisco responded that it had produced all "non-privileged" communications. If Cisco's investigation uncovered communications that it is withholding under a claim of privilege, its written response must identify each such communication and then separately and for each communication identify the persons involved, the date, the time, and the basis for Cisco's claim that the content of the communication is protected by privilege. Alternatively, Cisco's response should state that no such communications exist.

Cisco should be ordered to provide a full and complete written response consistent with the scope of Interrogatory No. 8.

9. <u>Cisco Should Be Ordered To Provide A Complete Response To Interrogatory No. 9</u>

Ward's Interrogatory No. 9 asks Cisco to

> "IDENTIFY all DOCUMENTS AND COMMUNICATIONS between CISCO and any PERSON or COMPANY CONCERNING Ward's Reputation INCLUDING whether CISCO has been asked by any PERSON or COMPANY about Ward, about hiring Ward, or about CISCO's perception of WARD, separately and for each COMMUNICATION DESCRIBE the COMMUNICATION, IDENTIFY the DATE, TIME, PERSONS involved, the purpose of the COMMUNICATION, DESCRIBE the COMMUNICATION, and IDENTIFY ALL DOCUMENTS CONCERNING each COMMUNICATION."

14

After copying the same list of blanket objections made in response to Interrogatory Nos. 1-6, Cisco responded as follows:

> "Subject to and without waiving the foregoing objections, despite a diligent investigation, no responsive, non-privileged communications have been identified or located."

Cisco's response to Interrogatory No. 9 is deficient in several respects.

First, Cisco's incomplete response states that "despite a diligent investigation, no responsive, non-privileged communications have been identified or located." Although Cisco's response states that it was unable to locate "communications" the syntax of the sentence implies that Cisco searched only for documents. Ward asked Cisco to confirm that it inquired as to all communications (as defined in the definition section of Ward's Interrogatories) including those not in written form, before providing its response. Cisco did not respond. The court should order Cisco to provide a complete response to Interrogatory No. 9, ensuring that Cisco answered the question asked and not one rewritten by Cisco.

Second, if Cisco's investigation uncovered communications that it is withholding under a claim of privilege, its written response must identify each such communication and then separately and for each communication indentify the persons involved, the date, the time, and the basis of Cisco's claim that the content of the communication is protected as privileged. Alternatively, Cisco's response should state that no such communications exist.

Cisco's response is incomplete and inadequate. Thus, the Court should order Cisco to fully respond to Interrogatory No. 9 by including the information identified above.

### III. Conclusion

For all of the forgoing reasons, Plaintiff Ward respectfully requests that his motion in all things be GRANTED, and that Cisco be ordered to respond fully to Ward's Interrogatory Nos. 1-9 within ten (10) days of this Court's Order.

15

Respectfully submitted,

*Nicholas H. Patton*

Nicholas H. Patton
SBN: 63035
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
P. O. Box 5398
Texarkana, Texas 7550505398
(903) 792-7080    (903) 792-8233 (fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

Plaintiff forwarded correspondence to Defendant asking Cisco to confirm in writing by close of business February 9, 2009 that Cisco would serve supplemental responses before February 13, 2009, correcting each of the deficiencies identified by Ward. In the alternative, Ward requested that Cisco make a person available to meet and confer on February 10, 2007 to see if the parties could narrow the disputes before Ward sought court intervention. Cisco never responded to Ward's letter.

*Nicholas H. Patton*

Nicholas H. Patton

## CERTIFICATE OF SERVICE

This is to certify that on this 13th day of February, 2009, a true and correct copy of the foregoing Plaintiff Ward's Motion to Compel Responses to Interrogatory Nos. 1-9 was served electronically upon:

| | |
|---|---|
| Richard E. Griffin<br>Charles Babcock<br>Crystal Parker<br>JACKSON WALKER, LLP<br>1401 McKinney<br>Suite 1900<br>Houston, Texas 77010 | Attorney for Defendant Cisco Systems, Inc. |

_____
Nicholas H. Patton