Ward v. Cisco Systems, Inc. et al
Case 4:08-cv-04022-JLH   Document 58-2   Filed 02/25/09   Page 1 of 13
Doc. 58 Att. 1

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § § § § | |
| v. | § § | C.A. NO. 08-4022<br>JURY TRIAL DEMANDED |
| CISCO SYSTEMS, INC. AND RICK FRENKEL | § § § | |

### PLAINTIFF JOHN WARD JR.'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT CISCO SYSTEMS, INC.

Pursuant to Federal Rule Civil Procedure 36, Plaintiff John Ward Jr. ("Ward") hereby requests that Cisco Systems, Inc. ("Cisco") respond within thirty days of service to the following requests for admission. Ward requests and instructs that each request for admission shall be answered separately and fully in writing under oath. The answers are to be signed by the person making them. If Cisco cannot answer any request for admission in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, setting forth in detail the reasons why you cannot truthfully admit or deny the matter and detailing what you did in attempting to secure the unknown information.

### Requests for Admission

**Request No. 1**: Admit that the document attached hereto as Exh. 1 is a true and correct copy of the Oct. 17, 2007 internet post published by Richard Frenkel.

**Request No. 2**: Admit that the document attached hereto as Exh. 2 is a true and correct copy of the Oct. 18, 2007 internet post published by Richard Frenkel.

**Request No. 3**: Admit that the document attached hereto as Exh. 3 is a true and correct copy of the Oct. 18, 2007 internet post after it was edited by Richard Frenkel.

**Request No. 4**: Admit that Exh. 1 (October 17, 2007 post) attached hereto remained publically available on the Troll Tracker Blog until March 6, 2008.

**Request No. 5**: Admit that Exh. 2. attached hereto remained publically available on the Troll Tracker Blog until March 6, 2008.

**Request No. 6**: Admit that Cisco did not ask Frenkel to remove the October 17, 2007 post (Exh. 1) from the Troll Tracker Blog.

**Request No. 7**: Admit that Cisco did not ask Frenkel to remove the October 18, 2007 post (Exh. 2) from the Troll Tracker Blog

**Request No. 8**: Admit that Cisco did not ask Frenkel to remove the October 18, 2007 post, as amended, (Exh. 3) from the Troll Tracker Blog.

**Request No. 9**: Admit that the complaint filed in the ESN v. Cisco litigation was filed on October 16, 2007.

**Request No. 10**: Admit that the Eastern District of Texas has at all times had subject matter jurisdiction in the ESN v. Cisco litigation.

**Request No. 11**: Admit that ESN did not manufacture subject matter jurisdiction in the ESN v. Cisco litigation.

**Request No. 12**: Admit that Cisco stipulated in the ESN v. Cisco litigation that the Eastern District of Texas had subject-matter jurisdiction in the ESN v. Cisco litigation.

**Request No. 13**: Admit that the encrypted stamp at the bottom of the Notice of Electronic Filing of the ESN complaint was not altered.

**Request No. 14**: Admit that ESN's local counsel, Eric Albritton did not sign a civil cover sheet stating that the ESN complaint had been filed on October 15, 2007.

**Request No. 15**: Admit that the amended complaint filed by ESN included the issued patent as an exhibit to the amended complaint.

**Request No. 16**: Admit that Local Rule CV-5(b) dictates the time of receipt of electronic filings in the Eastern District of Texas.

**Request No. 17**: Admit that under the Eastern District of Texas's Local Rule CV-5(b) a pleading is deemed filed when it is received by the court.

**Request No. 18**: Admit that the Local Rules of the Eastern District of Texas do not require that a motion be filed before a docket entry can be modified.

**Request No. 19**: Admit that placing a call to the court clerk to discuss an error with the court's electronic filing system is not prohibited by the Texas Rules of Professional Conduct.

**Request No. 20**: Admit that Cisco asked Baker Botts to call the Eastern District of Texas court clerk's office to inquire as to why the ESN v. Cisco docket entry was changed to reflect an October 16, 2007 filing date.

**Request No. 21**: Admit that the date reflected on the header or banner across the top of a pleading filed in the Eastern District of Texas is not the official record of the date a document is filed with the Court.

**Request No. 22**: Admit that dates reflected on the court's docket are not the official record of the date a document is filed in the Eastern District of Texas.

**Request No. 23**: Admit that the encrypted stamp contained at the bottom of the Notice of Electronic Filing is the official record of the date a pleading is filed in the District Court for the Eastern District of Texas.

**Request No. 24**: Admit that it is not uncommon for the court clerks in the Eastern District of Texas to make corrections to docket entries.

**Request No. 25**: Admit that the court clerk has made corrections to the Albritton v. Cisco docket to correct filings made by Cisco.

**Request No. 26**: Admit that the District Clerk in the Eastern District of Texas, David Maland, had the authority to make a correction to the ESN v. Cisco docket.

**Request No. 27**: Admit that prior to posting the October 18, 2007 post attached hereto as Exh. 2, Frenkel knew that ESN's counsel had told the Eastern District of Texas court clerk's office that ESN had filed the ESN complaint on Oct. 16, 2007.

**Request No. 28**: Admit that prior to posting the October 18, 2007 post attached hereto as Exh. 3, Frenkel knew that ESN's counsel had told the Eastern District of Texas court clerk's office that ESN had filed the ESN complaint on Oct. 16, 2007.

**Request No. 29**: Admit that prior to posting the October 18, 2007 post attached hereto as Exh. 2, Cisco knew that ESN's counsel had told the Eastern District of Texas court clerk's office that ESN had filed the ESN complaint on Oct. 16, 2007.

**Request No. 30**: Admit that prior to posting the October 18, 2007 post attached hereto as Exh. 3, Cisco knew that ESN's counsel had told the Eastern District of Texas court clerk's office that ESN had filed the ESN complaint on Oct. 16, 2007.

**Request No. 31**: Admit that prior to posting the October 18, 2007 post attached hereto as Exh. 2, Baker Botts knew that ESN's counsel had told the Eastern District of Texas court clerk's office that ESN had filed the ESN complaint on Oct. 16, 2007.

**Request No. 32**: Admit that prior to posting the October 18, 2007 post attached hereto as Exh. 3, Baker Botts knew that ESN's counsel had told the Eastern District of Texas court clerk's office that ESN had filed the ESN complaint on Oct. 16, 2007.

**Request No. 33**: Admit that pursuant to Federal Rule of Civil Procedure 3, "a civil action is commenced by filing a complaint with the court."

**Request No. 34**: Admit that at the time the ESN complaint was filed, Cisco did not have counsel of record for the ESN v. Cisco litigation.

**Request No. 35**: Admit that if ESN had sent Cisco a copy of the ESN complaint, the sending of the complaint would not have perfected service pursuant to Federal Rule of Civil Procedure 4.

**Request No. 36**: Admit that if ESN had sent Cisco a copy of the ESN complaint, the sending of the complaint would not have perfected service pursuant to Eastern District of Texas's Local Rule CV-4.

**Request No. 37**: Admit that Plaintiff John Ward Jr. is a private figure as that term is used in connection with First Amendment case law including *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 325-32 (1974).

Respectfully Submitted,

_____
Nicholas H. Patton (SBN 63035)
Patton, Tidwell & Schroeder, LLP
P.O. Box 5398 / 4605 Texas Boulevard
Texarkana, Texas 75505-5398
Tel:    (903) 792-7080 / Fax: (903) 792-8233

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on this 16th day of January, 2009, a true and correct copy of the foregoing Plaintiff's First Set of Requests for Admissions to Defendant Cisco Systems, Inc. was served electronically and/or via U.S. First Class Mail upon:

Richard E. Griffin            Attorney for Defendant Cisco Systems, Inc.
Charles Babcock
Crystal Parker
JACKSON WALKER, LLP
1401 McKinney, Suite 1900
Houston, Texas 77010


_____
Nicholas H. Patton

| SEARCH BLOG | FLAG BLOG | Next Blog» | | Create Blog | Sign In |

# Patent Troll Tracker

**THURSDAY, OCTOBER 18, 2007**

### ESN Convinces EDTX Court Clerk To Alter Documents To Try To Manufacture Subject Matter Jurisdiction Where None Existed

I got a couple of anonymous emails this morning, pointing out that the docket in ESN v. Cisco (the Texas docket, not the Connecticut docket), had been altered. One email suggested that ESN's local counsel called the EDTX court clerk, and convinced him/her to change the docket to reflect an October 16 filing date, rather than the October 15 filing date. I checked, and sure enough, that's exactly what happened - the docket was altered to reflect an October 16 filing date and the complaint was altered to change the filing date stamp from October 15 to October 16. Only the EDTX Court Clerk could have made such changes.

Of course, there are a couple of flaws in this conspiracy. First, ESN counsel Eric Albritton signed the Civil Cover Sheet stating that the complaint had been filed on October 15. Second, there's tons of proof that ESN filed on October 15. Heck, Dennis Crouch may be subpoenaed as a witness!

You can't change history, and it's outrageous that the Eastern District of Texas is apparently, wittingly or unwittingly, conspiring with a non-practicing entity to try to manufacture subject matter jurisdiction. This is yet another example of the abusive nature of litigating patent cases in the Banana Republic of East Texas.

(n.b.: don't be surprised if the docket changes back once the higher-ups in the Court get wind of this, making this post completely irrelevant).

Posted by Troll Tracker at 1:13 PM        0 comments

**WEDNESDAY, OCTOBER 17, 2007**

### Troll Jumps the Gun, Sues Cisco Too Early

Well, I knew the day would come. I'm getting my troll news from Dennis Crouch now. According to Dennis, a company called ESN sued Cisco for patent infringement on October 15th, while the patent did not issue until October 16th. I looked, and ESN appears to be a shell entity managed by the President and CEO of DirectAdvice, an online financial website. And, yes, he's a lawyer. He clerked for a federal judge in Connecticut, and was an attorney at Day, Berry & Howard. Now he's suing Cisco on behalf of a non-practicing entity.

---

**Send email**

email TrollTracker

**About Me**

Troll Tracker
Just a lawyer, interested in patent cases, but not interested in publicity

View my complete profile



**Blogs TrollTracker Reads**

- Dennis Crouch's Patently-O Blog
- Peter Zura's 271 Patent Blog
- Patent Prospector
- Michael Smith's EDTX Blog
- Delaware IP Law Blog
- Chicago IP Litigation Blog
- Phillip Brooks' Patent Infringement Updates
- Just a Patent Examiner
- SCOTUSBlog
- Patently Silly

**Subscribe Now: Feed Icon**

 Subscribe in a reader

**Google**

Add to Google

EXHIBIT /

http://trolltracker.blogspot.com/        10/18/2007

I asked myself, can ESN do this? I would think that the court would lack subject matter jurisdiction, since ESN owned no property right at the time of the lawsuit, and the passage of time should not cure that. And, in fact, I was right:

> A declaratory judgment of "invalidity" or "noninfringement" with respect to Elk's pending patent application would have had no legal meaning or effect. The fact that the patent was about to issue and would have been granted before the court reached the merits of the case is of no moment. Justiciability must be judged as of the time of filing, not as of some indeterminate future date when the court might reach the merits and the patent has issued. We therefore hold that a threat is not sufficient to create a case or controversy unless it is made with respect to a patent that has issued before a complaint is filed. Thus, the district court correctly held that there was no justiciable case or controversy in this case at the time the complaint was filed. GAF contends, however, that the issuance of the '144 patent cured any jurisdictional defect. We disagree. Later events may not create jurisdiction where none existed at the time of filing.

*GAF Building Materials Corp. v. Elk Corp. of Texas*, 90 F.3d 479, 483 (Fed. Cir. 1996) (citations and quotations omitted).

One other interesting tidbit: Cisco appeared to pick up on this, very quickly. Cisco filed a declaratory judgment action (in Connecticut) yesterday, the day after ESN filed its null complaint. Since Cisco's lawsuit was filed after the patent issued, it should stick in Connecticut.

Perhaps realizing their fatal flaw (as a couple of other bloggers/news items have pointed out), ESN (represented by Chicago firm McAndrews Held & Malloy and local counsel Eric Albritton and T. Johnny Ward) filed an amended complaint in Texarkana today - amending to change absolutely nothing at all, by the way, except the filing date of the complaint. Survey says? XXXXXX (insert "Family Feud" sound here). Sorry, ESN. You're on your way to New Haven. Wonder how Johnny Ward will play there?

Posted by Troll Tracker at 7:00 PM       1 comments

### TrollSurfing: Monts & Ware, Ward & Olivo, and Their Clients

Similar to surfing the web, I started by checking out a hunch I had about Monts & Ware being behind all sorts of troll cases. Then I trollsurfed through a bunch of cases, and I ended up not only with Monts & Ware (Dallas litigation firm), but also Ward & Olivo (patent lawyers from New York/New Jersey), as a thread behind a bunch of

**Blog Archive**

▼ 2007 (83)
  ▼ October (17)
  ESN Convinces EDTX Court Clerk To Alter Documents ...
  Troll Jumps the Gun, Sues Cisco Too Early
  TrollSurfing: Monts & Ware, Ward & Olivo, and Thei...
  Orion, the Hunted
  Texas Judge Bans Using Term "Patent Troll" in Tria...
  A Look at the Fortune 100 and Patent Litigation, P...
  Adendum to Part 1, Fortune 100
  A Look at the Fortune 100 and Patent Litigation, P...
  Last Week Wasn't Even the First Time Niro Scavone ...
  Acacia Targets Linux in New Lawsuit Against Red Ha...
  Patent Troll Sues Fish & Richardson
  Bill Gates, Steve Jobs, Hugh Hefner and Larry Flyn...
  Troll Call and Other Patent Stats for September 20...
  Ode to Patent Trolls
  Wednesday Miscellany
  Unveiling TrollTracker's Troll Severity Assessment...
  Patent Reform, Front and Center in the News -- and...

▶ September (27)
▶ August (20)
▶ July (11)
▶ June (3)
▶ May (5)

**Sitemeter**

SEARCH BLOG | FLAG BLOG | Next Blog»                                    Create Blog | Sign In

# Patent Troll Tracker

**THURSDAY, OCTOBER 18, 2007**

### ESN Convinces EDTX Court Clerk To Alter Documents To Try To Manufacture Subject Matter Jurisdiction Where None Existed

I got a couple of anonymous emails this morning, pointing out that the docket in ESN v. Cisco (the Texas docket, not the Connecticut docket), had been altered. One email suggested that ESN's local counsel called the EDTX court clerk, and convinced him/her to change the docket to reflect an October 16 filing date, rather than the October 15 filing date. I checked, and sure enough, that's exactly what happened - the docket was altered to reflect an October 16 filing date and the complaint was altered to change the filing date stamp from October 15 to October 16. Only the EDTX Court Clerk could have made such changes.

Of course, there are a couple of flaws in this conspiracy. First, ESN counsel Eric Albritton signed the Civil Cover Sheet stating that the complaint had been filed on October 15. Second, there's tons of proof that ESN filed on October 15. Heck, Dennis Crouch may be subpoenaed as a witness!

You can't change history, and it's outrageous that the Eastern District of Texas is apparently, wittingly or unwittingly, conspiring with a non-practicing entity to try to manufacture subject matter jurisdiction. This is yet another example of the abusive nature of litigating patent cases in the Banana Republic of East Texas.

(n.b.: don't be surprised if the docket changes back once the higher-ups in the Court get wind of this, making this post completely irrelevant).

Posted by Troll Tracker at 1:13 PM                              0 comments

**WEDNESDAY, OCTOBER 17, 2007**

### Troll Jumps the Gun, Sues Cisco Too Early

Well, I knew the day would come. I'm getting my troll news from Dennis Crouch now. According to Dennis, a company called ESN sued Cisco for patent infringement on October 15th, while the patent did not issue until October 16th. I looked, and ESN appears to be a shell entity managed by the President and CEO of DirectAdvice, an online financial website. And, yes, he's a lawyer. He clerked for a federal judge in Connecticut, and was an attorney at Day, Berry & Howard. Now he's suing Cisco on behalf of a non-practicing entity.

---

Send email

email TrollTracker

**About Me**

Troll Tracker
Just a lawyer, interested in patent cases, but not interested in publicity

View my complete profile



**Blogs TrollTracker Reads**

Dennis Crouch's Patently-O Blog
Peter Zura's 271 Patent Blog
Patent Prospector
Michael Smith's EDTX Blog
Delaware IP Law Blog
Chicago IP Litigation Blog
Phillip Brooks' Patent Infringement Updates
Just a Patent Examiner
SCOTUSBlog
Patently Silly

Subscribe Now: Feed Icon

Subscribe in a reader

Google
Add to Google

---

http://trolltracker.blogspot.com/

EXHIBIT 2

Patent Troll Tracker: ESN Convinces EDTX Court Clerk To Alter Documents To Try To Manufacture Subject Matter Jurisdiction Where None Existed

# Patent Troll Tracker

An alternative look at patent litigation trends, focusing on the increasing number of patent lawsuits brought by shell corporations that make or sell no goods or services.

Thursday, October 18, 2007

## ESN Convinces EDTX Court Clerk To Alter Documents To Try To Manufacture Subject Matter Jurisdiction Where None Existed

I got a couple of anonymous emails this morning, pointing out that the docket in ESN v. Cisco (the Texas docket, not the Connecticut docket), had been altered. One email suggested that ESN's local counsel called the EDTX court clerk, and convinced him/her to change the docket to reflect an October 16 filing date, rather than the October 15 filing date. I checked, and sure enough, that's exactly what happened - the docket was altered to reflect an October 16 filing date and the complaint was altered to change the filing date stamp from October 15 to October 16. Only the EDTX Court Clerk could have made such changes.

Of course, there are a couple of flaws in this conspiracy. First, ESN counsel Eric Albritton signed the Civil Cover Sheet stating that the complaint had been filed on October 15. Second, there's tons of proof that ESN filed on October 15. Heck, Dennis Crouch may be subpoenaed as a witness!

You can't change history, and it's outrageous that the Eastern District of Texas may have, wittingly or unwittingly, helped a non-practicing entity to try to manufacture subject matter jurisdiction. Even if this was a "mistake," which I can't see how it could be, given that someone emailed me a printout of the docket from Monday showing the case, the proper course of action should be a motion to correct the docket.

EFF is helping bloggers protect their Constitutional right to anonymous speech

LEGAL GUIDE FOR BLOGGERS

**Blogs I Read**

Above The Law (Lawyers)

Anticipate This!

EXHIBIT 3

FRENKEL 000053

Patent Troll Tracker: ESN Convinces EDTX Court Clerk To Alter Documents To Try To Manufacture Subject Matter Jurisdiction Where None Existed

(n.b.: don't be surprised if the docket changes back once the higher-ups in the Court get wind of this, making this post completely irrelevant).

EDIT: You can't change history, but you can change a blog entry based on information emailed to you from a helpful reader.

Posted by Rick Frenkel at 1:13 PM

Labels: Cisco, ECF, Eric Albritton, ESN, magically changing docket dates

**0 comments:**

Post a Comment

Newer Post        Home        Older Post

Subscribe to: Post Comments (Atom)

- Benefit of Hindsight
- Chicago IP Litigation Blog
- Delaware IP Law Blog
- Dennis Crouch's Patently-O P Godfather of Patent Blogs)
- How Appealing (Howard Bas
- IAM Magazine Blog (Euro-fo
- Ideation Lab
- IP Dragon (China)
- IP Geek (Euro-focused)
- IP Kat (UK)
- Just a Patent Examiner
- Michael Smith's EDTX Blog
- Overlawyered
- Patent Baristas
- Patent Demand
- Patent Prospector
- Patently Absurd Inventions Archive
- Patently Silly
- Peter Zura's 271 Patent Blog
- Phillip Brooks' Patent Infringement Updates
- SCOTUSBlog
- Spicy IP (India)
- Techdirt
- The Volokh Conspiracy
- Washington State Patent Law Blog
- WSJ Law Blog