EXHIBIT "D"

Dockets.Justia.com



IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| | § | |
| | § | C.A. NO. 08-4022 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. AND RICK | § | |
| FRENKEL | § | |

**PLAINTIFF JOHN WARD JR.'S SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS AND THINGS TO DEFENDANT CISCO SYSTEMS, INC.**

Pursuant to Rule 34(a)(1) of the Federal Rules of Civil Procedure, Plaintiff John Ward

Jr., requests that Defendant Cisco Systems, Inc. answer the following Requests for Production, in

writing and under oath, within thirty (30) days of service hereof.

All interrogatories propounded by Plaintiff are deemed to be continuing in nature and

therefore will require prompt supplementation upon the discovery of additional information by

Defendant, to the extent that such information may be responsive to one or more of Plaintiff's

interrogatories.

## I.     DEFINITIONS

For purposes of responding to the following requests for production:

1.     The use of a verb in any tense shall be construed as the use of that verb in all

other tenses necessary to bring within the scope of the request anything that might otherwise be

construed as outside its scope.

2.     A plural noun shall be construed as a singular noun and a singular noun shall be

construed as a plural noun whenever necessary to bring within the scope of the request anything

that might otherwise be construed outside its scope.

3.     As used herein, "all" means "any and all" and "any" means "any and all."

4.     As used herein, "and" and "or" encompass both "and" and "or," and references shall be construed either a singular or plural, as necessary to bring within the scope of these requests any information or DOCUMENTS and things that might otherwise be construed to be outside their scope.

5.     As used herein, the terms Cisco Systems, Inc., Cisco or "you" or "your" shall mean Cisco Systems, Inc., INCLUDING its subsidiaries, parents, divisions and accountants and all past or present directors, officers, agents, representatives, EMPLOYEES, consultants, attorneys, entities acting in joint-venture or partnership relationships with Cisco and others acting on behalf of Cisco, INCLUDING individuals and/or companies who have participated in Cisco's defense in this case.

6.     As used herein, "COMPANY" or "ENTITY" means any company, business, or legal entity, including corporations, proprietorships, partnerships, joint-ventures, businesses, consortiums, associations, foundations, governmental agencies or instrumentalities and INCLUDES that company or entity's agents, representatives, affiliates, parents, predecessors and successors in interest, servants, EMPLOYEES, attorneys, and all other persons or entities, over whom that company or entity has control or who have been hired, retained, or employed for any purpose by that company or entity.  When the term "company" is used in the context of a question to Cisco, the term means CISCO.

7.     As used herein, "CONCERNING" means analyzing, addressing, consisting of, constituting, regarding, referring to, relating to, refuting, discussing, describing, evidencing, memorializing, reflecting, commenting on, or otherwise having any logical or factual connection to the subject matter of the request.

8.     As used herein, "COMMUNICATION" means any transmittal of information from one PERSON to another by any means, INCLUDING letters, correspondence, notes, records, reports, papers, facsimiles, electronic mail, electronic mail generated from a hand held personal device INCLUDING a Blackberry or iPhone, instant messaging, internet relay chat, news group, group or collaboration servers, electronic bulletin boards, electronic discussion

2

boards, dictation tapes, video recordings, audio recordings, digital recordings, memoranda, telegrams, telecopies and telexes, teleconference, collaboration servers (including share point servers), web-based or software virtual meetings INCLUDING Web-X and any other meeting software and share point servers, and oral contact such as face-to-face meetings, telephone conversations and voice mail messages.

9.     As used herein, the term "DATE" shall mean the exact day, month and year, if ascertainable, or, if not, the closest approximation thereto.

10.    As used herein, "DESCRIBE" or "DESCRIPTION" means to IDENTIFY and explain with a description sufficient to ascertain the background, origin, nature, characteristics of and all facts and circumstances responsive to the question posed.

11.    DOCUMENT(S) is defined to be synonymous in meaning and equal in scope to the use of that term in Fed. R. Civ. Proc. 34, and INCLUDES all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of any document, all drafts of final DOCUMENTS, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, or stored (INCLUDING without limitation computer programs and files containing any requested information), and any recording or writing. Any document bearing marks, INCLUDING without limitation, initials, stamped initials, comments, or notations not part of the original text or photographic reproduction thereof, is a separate DOCUMENT.

12.    As used herein, "DOCUMENT(S)" means any written, printed, typed, recorded, magnetic, punched, copied, graphic or other tangible thing in, through, or from which information may be embodied, translated, conveyed, or stored INCLUDING COMMUNICATIONS, correspondence, memoranda, notes, records, books, papers, telegrams, telexes, electronic mail, group or collaboration servers (INCLUDING share point servers), electronic bulletin boards, electronic discussion boards, dictation tapes, video recordings, audio

3

recordings, digital recordings, computer tapes (INCLUDING back-up tapes), computer disks (INCLUDING backup disks), computer printouts, microfilm, microfiche, worksheets, diaries, calendars, photographs charts, drawings, sketches and all other writings or drafts thereof.

13.     As used herein, "EMPLOYEE" means any director, trustee, officer, employee, partner, corporate parent, subsidiary, affiliate, contract employee, or retained employee or servant of the designated entity, whether active, retired, full-time, part-time, current or former, and compensated or not.

14.     As used herein, "ESN" means the Plaintiff if the ESN V. CISCO LITIGATION.

15.     As used herein, "THE ESN V. CISCO LITIGATION" means the original patent infringement lawsuit filed in the United States District Court for the Eastern District of Texas, case number 5:07-cv-00156-DF-CMC CISCO's action for a declaratory judgment, filed in the United States District Court for the District of Connecticut, case number 3:07-CV-01528 and the ESN v. Cisco litigation currently pending in the United States District Court for the Eastern District of Texas, case number 5:08-CV-00020.

16.     As used herein, "THE HERTZ V. ENTERPRISE LITIGATION" means case number 1:07-CV-11793-RGS filed in the United States District Court for the District of Massachusetts.

17.     As used herein, "INCLUDE" means "include without limitation"

18.     As used herein, "INCLUDING" means "including but not limited to."

19.     As used herein, "MEDIA" means any means of COMMUNICATION, INCLUDING any PUBLICATION, radio, television, newspaper, journals, magazines, that are read or heard by the general public.

20.     As used herein, "NOTICE OF ELECTRONIC FILING"

21.     As used herein, "PERSON" or "PERSONS" means any natural person and other cognizable entity, including corporations, proprietorships, partnerships, joint-ventures, businesses, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

4

22.    As used herein, the term "PUBLICATION' means any printed or recorded DOCUMENT distributed INCLUDING any magazine, newspaper, trade journal, article, dissertation, presentation, lecture, white paper, presentation handout, slide, drawing, graphical representation, book, web page, abstract, catalogue, advertisement, newsletter, electronic bulletin board, and electronic newsgroup.

23.    As used herein, the term "TIME" shall mean the exact time of day, with time zone indicated, if ascertainable, or, if not, the closest approximation thereto.

24.    As used herein, "YOU" and "YOUR" means CISCO and all of its agents, representatives, EMPLOYEES, or attorneys.

## II.    INSTRUCTIONS

1.    The Definitions, Rules, and Instructions set forth in Federal Rule of Civil Procedure 34(a) are incorporated herein by reference.

2.    These requests extend to all DOCUMENTS in the possession, custody and/or control of CISCO, or in the possession, custody or control of PERSONS or ENTITIES under the control of CISCO.

3.    In the event that more than one copy of a document exists, CISCO shall produce the original and each non-identical copy of each document or other tangible thing requested herein.

4.    Each Request shall be fully responded to unless it is in good faith objected to, in which event the reasons for CISCO's objection shall be stated in detail. If an objection pertains to only a portion of a Request, or a word, phrase or clause contained therein, CISCO is required to state CISCO's objection to that portion only and to respond to the remainder of the Request, using CISCO's best efforts to do so.

5.    If a Request is silent as to the time period for which DOCUMENTS and things are sought, please respond with respect to the time period commencing January 1, 2007 through the date of CISCO's response.

5

6.      If CISCO or CISCO's counsel assert that any information requested herein is privileged or otherwise protected from discovery, please set forth in CISCO's written response hereto with respect to each DOCUMENT or thing for which a claim of privilege is made:

a.  The place, approximate DATE, approximate TIME, and manner of recording, creating or otherwise preparing the DOCUMENT or thing;

b.  The name (title or position of the authors) of the DOCUMENT;

c.  The general subject-matter of the DOCUMENT

d.  The type of DOCUMENT (e.g., memorandum, letter or report);

e.  The name and organizational position, if any, of each sender of the DOCUMENT, or thing;

f.  The name and organizational position, if any, of each recipient and/or custodian of the DOCUMENT or thing;

g.  A statement of the basis on which privilege is claimed with respect to each DOCUMENT or thing and whether or not its contents are limited solely to legal advice or information provided for the purpose of securing legal advice; and

h.  The specific grounds for withholding the DOCUMENT, including the specific facts upon which CISCO will reply to establish the asserted attorney-client privilege, work product doctrine, or other ground of privilege; and

i.  The specific document request or requests to which the DOCUMENT or thing is responsive.

7.      All requested DOCUMENTS produced by CISCO shall be organized either to correspond to the categories in these Requests, or as they are kept in the ordinary course of business. In either case, ALL DOCUMENTS produced shall:

a.  Be produced with ALL associated file labels, file headings, and file folders together with the responsive DOCUMENTS from each file, and each file shall be identified with the responsive DOCUMENTS for each file, and each file shall be identified as to its owner or custodian; for any DOCUMENTS originally stored in electronic media,

6

the file name, path and directory information for each such DOCUMENTS shall also be provided;

b. If produced in hard copy, ALL pages now stapled or fastened together shall be produced stapled or fastened together, and shall include all attachments currently or previously appended to each DOCUMENTS, regardless of whether such attachments themselves are responsive to these requests;

c. If produced electronically, ALL attachments currently or previously appended to the electronic file shall be produced, regardless of whether such attachments themselves are responsive to these requests;

d. If email correspondence is produced, ALL such DOCUMENTS shall include the computer-generated file headers for each email. For email correspondence containing multiple emails, email file header information shall be produced for each email in the email string.

e. All DOCUMENTS that cannot be legibly copied shall be produced in original form.

8.     If any DOCUMENT or thing identified in response to any of these Requests was, but is no longer in the possession, custody or subject to the control of CISCO and/or its EMPLOYEES, or is no longer in existence, state whether it

f. Is missing or lost;

g. Has been destroyed;

h. Has been transferred, voluntarily or involuntarily, to others and state the IDENTITY of those PERSONS to whom it has been transferred;

i. Has been otherwise disposed of, and in each instance, explain the circumstances surrounding such disposition, state the DATE and TIME, or approximate DATE and TIME thereof, and the IDENTITY of the PERSONS with knowledge of such circumstances; and

7

j.    IDENTIFY the DOCUMENTS or thing that is missing, lost, destroyed, transferred, or otherwise disposed of, by author, DATE or approximate DATE, TIME or approximate TIME, subject matter, addressee and the number of pages.

9.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests are deemed to be continuing in nature to the full extent required by the Federal Rules.  If further responsive DOCUMENTS come into the possession or to the attention of CISCO or its attorneys at any time during the course of this litigation, such DOCUMENTS must be produced as required by the Federal Rules of Civil Procedure.

### III.    REQUESTS FOR PRODUCTION

1.    DOCUMENTS sufficient to IDENTIFY CISCO's corporate structure.

2.    DOCUMENTS sufficient to IDENTIFY CISCO's policies and procedures pertaining to data retention and destruction.

3.    ALL DOCUMENTS CONCERNING ALL actions undertaken by CISCO or at CISCO's direction to preserve DOCUMENTS that may be relevant to the above-captioned lawsuit.

4.    ALL DOCUMENTS and things CONCERNING Plaintiff John Ward Jr.

5.    ALL DOCUMENTS and things CONCERNING ESN

6.    ALL DOCUMENTS and things CONCERNING Eric M. Albritton

7.    ALL DOCUMENTS and things CONCERNING Amie Mathis

8.    ALL DOCUMENTS and things CONCERNING David Maland

9.    ALL DOCUMENTS and things CONCERNING Shelly Moore

10.    ALL DOCUMENTS and things CONCERNING Cynthia Paar

11.    ALL DOCUMENTS and things CONCERNING Peggy Thompson

8

12.     ALL DOCUMENTS and things CONCERNING Rhonda Lafitte

13.     ALL DOCUMENTS and things CONCERNING Mae Velvin

14.     ALL DOCUMENTS and things CONCERNING David Provines

15.     ALL DOCUMENTS and things CONCERNING Rachel Wilson

16.     ALL DOCUMENTS and things CONCERNING Eastern District of Texas Local Rule CV-5(b).

17.     ALL DOCUMENTS and things CONCERNING Eastern District of Texas Local General Order 07-09.

18.     ALL DOCUMENTS and things CONCERNING instructions on the Eastern District of Texas' website for counsel experiencing problems with the Court's Electronic Filing System to call the "help desk."

19.     ALL DOCUMENTS and things CONCERNING instructions on the Eastern District of Texas's website for counsel experiencing problems with the Court's Electronic Filing System to call the court clerk in the district where the pleading was filed.

20.     ALL DOCUMENTS and things CONCERNING procedures in the Eastern District of Texas for the opening of a shell case file.

21.     ALL DOCUMENTS CONCERNING the Notice of Electronic Filing used in the Federal Court's electronic filing system.

22.     ALL DOCUMENTS CONCERNING the judiciary of the Eastern District of Texas.

23.     ALL DOCUMENTS and things CONCERNING subject-matter jurisdiction of the ESN v. CISCO LITIGATION.

9

24. ALL DOCUMENTS and things CONCERNING venue in the ESN v. CISCO LITIGATION.

25. ALL DOCUMENTS and things after October 14, 2007, CONCERNING 35 U.S.C. 154 and the ESN v. CISCO LITIGATION.

26. ALL DOCUMENTS and things after October 14, 2007, CONCERNING the filing of the complaint in the ESN V. CISCO LITIGATION.

27. ALL DOCUMENTS and things after October 14, 2007, CONCERNING events occurring in the Eastern District of Texas Clerk's Office CONCERNING the filing of the complaint in the ESN V. CISCO LITIGATION.

28. ALL CISCO DOCUMENTS after October 14, 2007, CONCERNING the Troll Tracker October 17, 2007 Post, the October 18, 2007 Post, and the revised October 18, 2007 Post.

29. ALL DOCUMENTS after October 14, 2007, CONCERNING dissemination of the October 17 post, October 18th post, or amended October 19th post to any PERSON OR ENTITY.

30. ALL DOCUMENTS after October 14, 2007, CONCERNING dissemination of information CONCERNING the above-captioned case to any PERSON OR ENTITY

31. ALL DOCUMENTS CONCERNING ANY CISCO policy, procedure, rule, guideline, code of conduct, term of employment or company norm violated by any CISCO EMPLOYEE CONCERNING the Troll Tracker Blog.

32. ALL DOCUMENTS after October 14, 2007, CONCERNING any CISCO policy, procedure, rule, guideline, code of conduct, term of employment or company norm violated by any CISCO EMPLOYEE CONCERNING the ESN V CISCO LITIGATION.

33.     ALL DOCUMENTS CONCERNING ANY CISCO policy, procedure, rule, guideline, code of conduct, term of employment or company norm violated by ANY CISCO EMPLOYEE CONCERNING the Plaintiff John Ward Jr.

34.     ALL CISCO DOCUMENTS after October 14, 2007, CONCERNING the filing of the ESN complaint, Ward's role in that filing, the role of Ward's co-counsel, Eric Albritton, in that filing, and the role of Ward's co-counsel McAndrews Held & Malloy in that filing.

35.     ALL CISCO DOCUMENTS after October 14, 2007, CONCERNING whether the statements made in the October 17, 2007 Post, the October 18, 2007 Post, and/or the revised October 18, 2007 were accusations of criminal, unethical or improper conduct.

36.     ALL CISCO DOCUMENTS after October 14, 2007, CONCERNING whether the statements made in the October 17, 2007 Post, the October 18, 2007 Post, and/or the revised October 18, 2007 were true.

37.     ALL CISCO DOCUMENTS after October 14, 2007, CONCERNING whether the statements made in the October 17, 2007 Post, the October 18, 2007 Post, and/or the revised October 18, 2007 were substantially true.

38.     ALL DOCUMENTS after October 14, 2007, CONCERNING any PERSON or COMPANY with whom CISCO or its EMPLOYEES had any COMMUNICATION CONCERNING the Troll Tracker October 17, 2007 Post, the October 18, 2007 Post, and the revised October 18, 2007 Post.

39.     ALL DOCUMENTS after October 14, 2007, CONCERNING any PERSON or COMPANY with whom CISCO or its EMPLOYEES had any COMMUNICATION CONCERNING the filing of the ESN complaint, Ward's role in that filing, the role of Ward's

11

co-counsel, Eric Albritton, in that filing, and the role of Ward's co-counsel McAndrews Held & Malloy in that filing.

40. ALL DOCUMENTS after October 14, 2007, CONCERNING ALL COMMUNICATIONS between CISCO and any PERSON and/or COMPANY CONCERNING whether the statements made in the October 17, 2007 Post, the October 18, 2007 Post, and/or the revised October 18, 2007 were accusations of criminal, unethical or improper conduct.

41. ALL DOCUMENTS after October 14, 2007, CONCERNING ALL COMMUNICATIONS between CISCO and any PERSON and/or COMPANY CONCERNING whether the statements made in the October 17, 2007 Post, the October 18, 2007 Post, and/or the revised October 18, 2007 were true or substantially true.

42. ALL DOCUMENTS and COMMUNICATION after October 14, 2007, between CISCO and Dan Webb CONCERNING the filing of the ESN complaint, Ward's role in that filing, the role of Ward's co-counsel, Eric Albritton, in that filing, and the role of Ward's co-counsel McAndrews Held & Malloy in that filing or CONCERNING the Eastern District of Texas's clerk's office or the local rules of the Eastern District of Texas or of local practice in COMMUNICATING with the clerk's office in the Eastern District of Texas.

43. ALL DOCUMENTS after October 14, 2007, evidencing the DATE and TIME COMMUNICATIONS between CISCO and Dan Webb CONCERNING the filing of the ESN complaint, Ward's role in that filing, the role of Ward's co-counsel, Eric Albritton, in that filing, and the role of Ward's co-counsel McAndrews Held & Malloy in that filing or CONCERNING the Eastern District of Texas's clerk's office or the local rules of the Eastern District of Texas or of local practice in COMMUNICATING with the clerk's office in the Eastern District of Texas, INCLUDING CISCO's telephone records between October 14, 2007 and October 20, 2007.

44.     ALL DOCUMENTS CONCERNING ALL information relied upon by Richard Frenkel in making the statements contained in the Troll Tracker October 17, 2007, October 18, 2007 and revised October 18, 2007 posts.

45.     ALL DOCUMENTS CONCERNING ALL information relied upon by CISCO in suggesting that Frenkel post about the filing of the ESN complaint on the Troll Tracker Blog.

46.     ALL DOCUMENTS CONCERNING CISCO'S knowledge that ESN, and/or WARD and/or ALBRITTON claimed that the filing date of the ESN complaint as listed on the court's docket was an error.

47.     DOCUMENTS sufficient to IDENTIFY ALL PERSONS or COMPANIES who knew that Richard Frenkel was the Troll Tracker before he publically identified himself as such on the Troll Tracker Blog.

48.     ALL DOCUMENTS CONCERNING ALL actions undertaken by CISCO or at CISCO's direction to retain, locate, and produce COMMUNICATIONS between the Troll Tracker and/or Rick Frenkel or any other PERSONS CONCERNING ESN, the filing of the ESN complaint, Plaintiff Ward, Ward's co-counsel Eric Albritton or the law firm of McAndrews Held & Malloy or any other information that may be relevant to this case, INCLUDING the gMail account Frenkel used to correspond as the Troll Tracker.

49.     ALL DOCUMENTS after October 14, 2007, CONCERNING whether any CISCO EMPLOYEE should be disciplined, reprimanded, chastised, admonished, warned or corrected CONCERNING the posting of the Troll Tracker October 17, 2007, October 18, 2007 and revised October 18, 2007 posts.

50.     ALL DOCUMENTS exchanged between CISCO and any PERSON OR ENTITY regarding the above-captioned case.

13

51.     ALL DOCUMENTS contained in CISCO's employment or personnel files CONCERNING Richard Frenkel.

52.     ALL DOCUMENTS contained in CISCO's employment or personnel files CONCERNING Mallun Yen.

53.     ALL DOCUMENTS contained in CISCO's employment or personnel files CONCERNING John Noh.

54.     ALL DOCUMENTS contained in CISCO's employment or personnel files CONCERNING Marta Beckwith.

55.     ALL DOCUMENTS CONCERNING any knowledge of the above captioned case by CISCO's Board of Directors.

56.     ALL DOCUMENTS CONCERNING the dissemination of any Troll Tracker Blog post to the MEDIA by John Noh.

57.     ALL DOCUMENTS CONCERNING the dissemination of any Troll Tracker Blog post to the MEDIA by Mark Chandler.

58.     ALL DOCUMENTS CONCERNING the dissemination of any Troll Tracker Blog post to the MEDIA by Mallun Yen.

59.     ALL DOCUMENTS CONCERNING the dissemination of any Troll Tracker Blog post to the MEDIA by Richard Frenkel.

60.     ALL DOCUMENTS CONCERNING the dissemination of any Troll Tracker Blog post to the MEDIA by any CISCO EMPLOYEE.

61.     ALL CISCO press releases CONCERNING the above-captioned case.

62.     ALL CISCO press releases CONCERNING the ESN V. CISCO LITIGATION.

63.    ALL DOCUMENTS CONCERNING CISCO's policies CONCERNING employee blogging.

64.    ALL DOCUMENTS CONCERNING changes to CISCO's blogging policy after October 17, 2007.

65.    ALL DOCUMENTS CONCERNING Ward's Reputation INCLUDING whether CISCO has been asked by any PERSON or COMPANY about Ward, about hiring Ward, or about CISCO's perception of WARD.

66.    ALL DOCUMENTS CONCERNING any opinion of John Ward Jr.

67.    ALL DOCUMENTS CONCERNING an offer of an apology to Plaintiff John Ward Jr.

68.    ALL DOCUMENTS CONCERNING any negative financial impact on John Ward Jr. CONCERNING the ESN v. CISCO LITIGATION, the filing of the complaint in the ESN v. CISCO LITIGATION, the above captioned case or any other way CONCERNING litigation against CISCO.

69.    DOCUMENTS sufficient to IDENTIFY ALL PERSONS who were acting on CISCO's behalf in the ESN v. CISCO LITIGATION.

70.    DOCUMENTS sufficient to IDENTIFY ALL CISCO EMPLOYEES who worked on the ESN v. CISCO LITIGATION

71.    DOCUMENTS sufficient to IDENTIFY ALL legal counsel retained by CISCO CONCERNING the ESN v. CISCO LITIGATION.

72.    DOCUMENTS sufficient to IDENTIFY the DATE, TIME, topic, participants and agenda for the CISCO retreat that occurred on October 18, 2007.

15

73.     DOCUMENTS sufficient to IDENTIFY CISCO's profits from 2006 to the present.

74.     DOCUMENTS sufficient to IDENTIFY each elected representative with whom CISCO has had COMMUNICATIONS CONCERNING the alleged abuse of the patent system by non-practicing entities in the Eastern District of Texas.

75.     ALL DOCUMENTS authored by CISCO, in whole or in part, CONCERNING the alleged abuse of the patent system by non-practicing entities in the Eastern District of Texas.

76.     ALL DOCUMENTS CONCERNING CISCO's COMMUNICATIONS with any member of the MEDIA CONCERNING the alleged abuse of the patent system by non-practicing entities in the Eastern District of Texas.

77.     ALL DOCUMENTS CONCERNING CISCO's COMMUNICATIONS with any member of the media CONCERNING Plaintiff John Ward Jr.

78.     ALL DOCUMENTS CONCERNING CISCO's COMMUNICATIONS with any member of the media CONCERNING Eric Albritton.

79.     ALL DOCUMENTS CONCERNING CISCO's COMMUNICATIONS with any member of the media CONCERNING McAndrews Held & Malloy Ltd.

80.     ALL DOCUMENTS CONCERNING CISCO's COMMUNICATIONS with any member of the media CONCERNING ESN, the ESN v. CISCO LITIGATION, or the filing of the complaint in the ESN v CISCO LITIGATION.

81.     DOCUMENTS sufficient to IDENTIFY ALL lawsuits threatened or filed against CISCO presenting a cause of action for defamation, slander, invasion of privacy, or false light.

82.     ALL DOCUMENTS CONCERNING any concern by CISCO that the unmasking of the Troll Tracker as a CISCO employee would reflect negatively on CISCO.

16

83. ALL DOCUMENTS CONCERNING CISCO's plan CONCERNING how to deal with the publicity CONCERNING Frenkel's identification of himself as a CISCO EMPLOYEE.

84. ALL DOCUMENTS CONCERNING CISCO's concerns about reactions to the content of the Troll Tracker blog.

85. ALL DOCUMENTS and things CONCERNING the filing of the complaint in the HERTZ V. ENTERPRISE LITIGATION.

86. ALL DOCUMENTS and things CONCERNING the motion to correct the docket filed in the HERTZ V. ENTERPRISE LITIGATION.

87. ALL DOCUMENTS and things CONCERNING COMMUNICATIONS with Beatrice Nguyen CONCERNING the HERTZ V. ENTERPRISE LITIGATION.

88. ALL DOCUMENTS and things CONCERNING COMMUNICATIONS with Beatrice Nguyen CONCERNING the ESN V. CISCO LITIGATION.

89. DOCUMENTS sufficient to IDENTIFY ALL COMMUNICATIONS between CISCO and Beatrice Nguyen between Oct. 14, 2007 and Oct. 20, 2007, INCLUDING telephone logs or telephone bills.

90. ALL DOCUMENTS and things CONCERNING COMMUNICATIONS with Anthony Downs CONCERNING the HERTZ V. ENTERPRISE LITIGATION.

91. ALL DOCUMENTS and things CONCERNING COMMUNICATIONS with Anthony Downs CONCERNING the ESN V. CISCO LITIGATION.

92. DOCUMENTS sufficient to IDENTIFY ALL COMMUNICATIONS between CISCO and Anthony Downs between Oct. 14, 2007 and Oct. 20, 2007, INCLUDING telephone logs and telephone bills.

93.     ALL DOCUMENTS CONCERNING CISCO's claim that it is immune from civil liability pursuant to Section 16-63-504 of the Arkansas code as alleged in paragraph 25 of CISCO's Answer.

94.     ALL DOCUMENTS CONCERNING CISCO's claim that the complained of statements are privileged as alleged in paragraph 27 of CISCO's Answer.

95.     ALL DOCUMENTS CONCERNING CISCO's claim that the complained of statements are true as alleged in paragraph 28 of CISCO's Answer.

96.     ALL DOCUMENTS CONCERNING CISCO's claim that the complained of statements are substantially true as alleged in paragraph 29 of CISCO's Answer.

97.     ALL DOCUMENTS CONCERNING CISCO's claim that the complained of statements are not actionable per se as alleged in paragraph 30 of CISCO's Answer.

98.     ALL DOCUMENTS CONCERNING CISCO's claim that Plaintiff has not suffered any actual, special, consequential or other damages as alleged in paragraph 31 of CISCO's Answer.

99.     ALL DOCUMENTS CONCERNING CISCO's claim that Plaintiff cannot prove sufficient facts of any actual malice on Defendant's part as alleged in paragraph 32 of CISCO's Answer.

100.    ALL DOCUMENTS CONCERNING CISCO's claim that any award of damages in this case for the claims alleged would be unconstitutional under the applicable state constitution and/or the First Amendment as alleged in paragraph 33 of CISCO's Answer.

101.    ALL DOCUMENTS CONCERNING CISCO's claim that Plaintiff is not entitled to punitive or exemplary damages because punitive damages are not warranted and their

18

imposition in this case would violate the applicable statute constitution and/or the First Amendment as alleged in paragraph 34 of CISCO's Answer.

102.    ALL DOCUMENTS CONCERNING CISCO's claim that an award of punitive damages is subject to statutory, constitutional and common law caps and limits as alleged in paragraph 34 of CISCO's Answer.

103.    ALL DOCUMENTS CONCERNING CISCO's claim that Plaintiff's damages have been mitigated by the Nov. 7, 2007 post published by Frenkel as alleged in paragraphs 35-36 of CISCO's Answer.

104.    ALL COMMUNICATIONS between CISCO and Frenkel CONCERNING any content to be included or deleted from ANY of the Troll Tracker Blog posts.

105.    DOCUMENTS sufficient to IDENTIFY ALL COMMUNICATIONS between CISCO and Baker Botts between Oct. 14, 2007 and Oct. 20, 2007, INCLUDING telephone logs and telephone bills.

106.    ALL DOCUMENTS CONCERNING John Noh's job responsibilities CONCERNING CISCO's patent reform efforts.

107.    DOCUMENTS sufficient to IDENTIFY ALL PERSONS at CISCO whose job responsibilities INCLUDED COMMUNICATIONS with the MEDIA CONCERNING CISCO's patent reform efforts.

108.    ALL DOCUMENTS and COMMUNICATIONS exchanged between Frenkel and Bill Friedman.

109.    ALL DOCUMENTS CONCERNING the number of PERSONS who viewed the Troll Tracker Blog between October 16, 2007 and March 6, 2008.

110. ALL DOCUMENTS CONCERNING the geographical location of PERSONS who viewed the Troll Tracker Blog between October 16, 2007 and March 6, 2008.

111. ALL DOCUMENTS CONCERNING any comment made by any PERSON who viewed the Troll Tracker Blog between October 16, 2007 and March 6, 2008 CONCERNING Plaintiff John Ward Jr., his co-counsel Eric Albritton or McAndrews Held & Malloy Ltd., or ESN, the ESN v. CISCO LITIGATION, or the filing of the complaint in the ESN v. CISCO LITIGATION.

112. ALL DOCUMENTS CONCERNING Frenkel IDENTIFYING himself as the Troll Tracker to any PERSON before February 23, 2008.

113. ALL DOCUMENTS CONCERNING any CISCO EMPLOYEE IDENTIFYING Frenkel as the Troll Tracker prior to February 23, 2008.

114. ALL DOCUMENTS CONCERNING the ESN V. CISCO LITIGATION, ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. contained in the files of Mark Chandler.

115. ALL DOCUMENTS CONCERNING the ESN V. CISCO LITIGATION, ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. contained in the files of Mallun Yen.

116. ALL DOCUMENTS CONCERNING the ESN V. CISCO LITIGATION, ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. contained in the files of John Noh.

117. ALL DOCUMENTS CONCERNING the ESN V. CISCO LITIGATION, ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. contained in the files of Richard Frenkel.

118.    ALL DOCUMENTS CONCERNING the ESN V. CISCO LITIGATION, ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. contained in the files of Matthew Tanielian.

119.    ALL DOCUMENTS CONCERNING the ESN V. CISCO LITIGATION, ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. contained in the files of Neal Rubin.

120.    ALL DOCUMENTS CONCERNING the ESN V. CISCO LITIGATION, ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. contained in the files of Marta Beckwith.

121.    ALL DOCUMENTS CONCERNING the ESN V. CISCO LITIGATION, ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. contained in the files of Mark Michaels.

122.    ALL DOCUMENTS CONCERNING the ESN V. CISCO LITIGATION, ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. contained in the files of Michael Ritter.

123.    ALL DOCUMENTS CONCERNING the ESN V. CISCO LITIGATION, ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. contained in the files of Dan Lang.

124.    ALL DOCUMENTS CONCERNING the ESN V. CISCO LITIGATION, ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. contained in the files of John Corcoran.

21

125.    ALL DOCUMENTS CONCERNING the ESN V. CISCO LITIGATION, ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. contained in the files of Rich Renfree.

126.    ALL DOCUMENTS CONCERNING the ESN V. CISCO LITIGATION, ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. contained in the files of John Earnhardt.

127.    ALL DOCUMENTS CONCERNING the ESN V. CISCO LITIGATION, ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. contained in the files of Michael Timmeny.

128.    ALL DOCUMENTS CONCERNING the ESN V. CISCO LITIGATION, ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. contained in the files of Marnie Willhoft.

129.    ALL DOCUMENTS CONCERNING the ESN V. CISCO LITIGATION, ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. contained in the files of Penny Bruce.

130.    DOCUMENTS sufficient to IDENTIFY Mark Chandler's job responsibilities at CISCO.

131.    ALL DOCUMENTS CONCERNING Mallun Yen's job responsibilities at CISCO.

132.    ALL DOCUMENTS CONCERNING John Noh's job responsibilities while employed at CISCO.

133.    ALL DOCUMENTS CONCERNING Richard Frenkel's job responsibilities while employed at CISCO.

134.    DOCUMENTS sufficient to IDENTIFY Matthew Tanielian's job responsibilities while employed at CISCO.

135.    DOCUMENTS sufficient to IDENTIFY Neal Rubin's job responsibilities while employed at CISCO.

136.    ALL DOCUMENTS CONCERNING Marta Beckwith's job responsibilities while employed at CISCO.

137.    DOCUMENTS sufficient to IDENTIFY Mark Michaels job responsibilities while employed at CISCO.

138.    DOCUMENTS sufficient to IDENTIFY Michael Ritter's job responsibilities while employed at CISCO.

139.    DOCUMENTS sufficient to IDENTIFY Dan Lang's job responsibilities while employed at CISCO.

140.    DOCUMENTS sufficient to IDENTIFY John Corcoran's job responsibilities while employed at CISCO.

141.    DOCUMENTS sufficient to IDENTIFY John Earnhardt's job responsibilities while employed at CISCO.

142.    DOCUMENTS sufficient to IDENTIFY Rich Renfree's job responsibilities while employed at CISCO

143.    DOCUMENTS sufficient to IDENTIFY Michael Timmeny's job responsibilities while employed at CISCO.

144.    DOCUMENTS sufficient to IDENTIFY Marnie Willhoft's job responsibilities while employed at CISCO.

23

145.    DOCUMENTS sufficient to IDENTIFY Penny Bruce's job responsibilities while employed at CISCO.

146.    DOCUMENTS sufficient to identify each PERSON on CISCO's "ip-disputes-team" email list.

147.    ALL press releases and other publically disseminated documents CONCERNING patent litigation reform written, in whole or in part, by John Noh.

148.    ALL press releases and other publically disseminated DOCUMENTS CONCERNING the ESN v. CISCO litigation written, in whole or in part, by John Noh.

149.    ALL press releases and other publically disseminated DOCUMENTS CONCERNING ESN, the filing of the ESN complaint, Eric Albritton, or John Ward Jr. or McAndrews Held & Malloy Ltd. written, in whole or in part, by John Noh.

150.    ALL press releases and other publically disseminated DOCUMENTS CONCERNING the Eastern District of Texas written, in whole or in part, by John Noh.

151.    ALL publically disseminated DOCUMENTS CONCERNING patent litigation reform written, in whole or in part, by Richard Frenkel.

152.    ALL publically disseminated DOCUMENTS CONCERNING the Eastern District of Texas written, in whole or in part, by Richard Frenkel.

153.    ALL publically disseminated DOCUMENTS CONCERNING the ESN v. CISCO litigation written, in whole or in part, by Richard Frenkel

154.    ALL publically disseminated DOCUMENTS CONCERNING ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. written, in whole or in part, by Richard Frenkel.

155.   ALL publically disseminated DOCUMENTS CONCERNING patent litigation reform written, in whole or in part, by Mallun Yen.

156.   ALL publically disseminated DOCUMENTS CONCERNING the Eastern District of Texas written, in whole or in part, by Mallun Yen.

157.   ALL publically disseminated DOCUMENTS CONCERNING the ESN v. CISCO litigation written, in whole or in part, by Mallun Yen.

158.   ALL publically disseminated DOCUMENTS CONCERNING ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. written, in whole or in part, by Mallun Yen.

159.   ALL publically disseminated DOCUMENTS CONCERNING patent litigation reform written, in whole or in part, by Mark Chandler.

160.   ALL publically disseminated DOCUMENTS CONCERNING the Eastern District of Texas written, in whole or in part, by Mark Chandler.

161.   ALL publically disseminated DOCUMENTS CONCERNING the ESN v. CISCO litigation written, in whole or in part, by Mark Chandler.

162.   ALL publically disseminated DOCUMENTS CONCERNING ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. written, in whole or in part, by Mark Chandler.

163.   ALL publically disseminated DOCUMENTS CONCERNING patent litigation reform written, in whole or in part, by John Earnhardt.

164.   ALL publically disseminated DOCUMENTS CONCERNING the Eastern District of Texas written, in whole or in part, by John Earnhardt.

25

165.   ALL publically disseminated DOCUMENTS CONCERNING the ESN v. CISCO litigation written, in whole or in part, by John Earnhardt.

166.   ALL publically disseminated DOCUMENTS CONCERNING ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. written, in whole or in part, by John Earnhardt.

167.   ALL publically disseminated DOCUMENTS CONCERNING patent litigation reform written, in whole or in part, by Matthew Tanielian.

168.   ALL publically disseminated DOCUMENTS CONCERNING the Eastern District of Texas written, in whole or in part, by Matthew Tanielian.

169.   ALL publically disseminated DOCUMENTS CONCERNING the ESN v. CISCO litigation written, in whole or in part, by Matthew Tanielian.

170.   ALL publically disseminated DOCUMENTS CONCERNING ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. written, in whole or in part, by Matthew Tanielian.

171.   ALL publically disseminated DOCUMENTS CONCERNING patent litigation reform written, in whole or in part, by Michael Timmeny.

172.   ALL publically disseminated DOCUMENTS CONCERNING the Eastern District of Texas written, in whole or in part, by Michael Timmeny.

173.   ALL publically disseminated DOCUMENTS CONCERNING the ESN v. CISCO litigation written, in whole or in part, by Michael Timmeny.

174.   ALL publically disseminated DOCUMENTS CONCERNING ESN, the filing of the ESN complaint, Eric Albritton, or John Ward Jr. or McAndrews Held & Malloy Ltd. written, in whole or in part, by Michael Timmeny.

175.   ALL internally disseminated DOCUMENTS CONCERNING ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd., the Eastern District of Texas clerk's office or the local rules of the Eastern District of Texas written, in whole or in part, by any CISCO EMPLOYEE.

176.   DOCUMENTS sufficient to IDENTIFY each MEDIA interview CONCERNING patent venue reform, the Eastern District of Texas, Eric Albritton, John Ward Jr., McAndrews Held & Malloy Ltd., the Eastern District of Texas clerk's office , the local rules of the Eastern District of Texas, or litigation in the Eastern District of Texas wherein Richard Frenkel participated in the MEDIA interview, INCLUDING an IDENTIFICATION of the PERSON(S) who arranged the interview, PERSONS to whom the interview was given, the purpose of the interview, and ALL PERSONS who participated CONCERNING the interview.

177.   DOCUMENTS sufficient to IDENTIFY each MEDIA interview CONCERNING patent venue reform, the Eastern District of Texas, Eric Albritton, John Ward Jr., McAndrews Held & Malloy Ltd., the Eastern District of Texas clerk's office , the local rules of the Eastern District of Texas, or litigation in the Eastern District of Texas wherein Mallun Yen participated in the MEDIA interview, INCLUDING an IDENTIFICATION of the PERSON(S) who arranged the interview, PERSONS to whom the interview was given, the purpose of the interview, and ALL PERSONS who participated CONCERNING the interview.

178.   DOCUMENTS sufficient to IDENTIFY each MEDIA interview CONCERNING patent venue reform, the Eastern District of Texas, Eric Albritton, John Ward Jr., McAndrews Held & Malloy Ltd., the Eastern District of Texas clerk's office , the local rules of the Eastern District of Texas, or litigation in the Eastern District of Texas wherein Mark Chandler participated in the MEDIA interview, INCLUDING an IDENTIFICATION of the PERSON(S)

27

who arranged the interview, PERSONS to whom the interview was given, the purpose of the interview, and ALL PERSONS who participated CONCERNING the interview.

179. DOCUMENTS sufficient to IDENTIFY each MEDIA interview CONCERNING patent venue reform, the Eastern District of Texas, Eric Albritton, John Ward Jr., McAndrews Held & Malloy Ltd., the Eastern District of Texas clerk's office , the local rules of the Eastern District of Texas, or litigation in the Eastern District of Texas wherein John Noh participated in the MEDIA interview, INCLUDING an IDENTIFICATION of the PERSON(S) who arranged the interview, PERSONS to whom the interview was given, the purpose of the interview, and ALL PERSONS who participated CONCERNING the interview.

180. DOCUMENTS sufficient to IDENTIFY each MEDIA interview CONCERNING patent venue reform, the Eastern District of Texas, Eric Albritton, John Ward Jr., McAndrews Held & Malloy Ltd., the Eastern District of Texas clerk's office , the local rules of the Eastern District of Texas, or litigation in the Eastern District of Texas wherein Michael Timmeny participated in the MEDIA interview, INCLUDING an IDENTIFICATION of the PERSON(S) who arranged the interview, PERSONS to whom the interview was given, the purpose of the interview, and ALL PERSONS who participated CONCERNING the interview.

181. DOCUMENTS sufficient to IDENTIFY each MEDIA interview CONCERNING patent venue reform, the Eastern District of Texas, Eric Albritton, John Ward Jr., McAndrews Held & Malloy Ltd., the Eastern District of Texas clerk's office , the local rules of the Eastern District of Texas, or litigation in the Eastern District of Texas wherein John Earnhardt participated in the MEDIA interview, INCLUDING an IDENTIFICATION of the PERSON(S) who arranged the interview, PERSONS to whom the interview was given, the purpose of the interview, and ALL PERSONS who participated CONCERNING the interview.

182.    DOCUMENTS sufficient to IDENTIFY each MEDIA interview CONCERNING patent venue reform, the Eastern District of Texas, Eric Albritton, John Ward Jr., McAndrews Held & Malloy Ltd., the Eastern District of Texas clerk's office , the local rules of the Eastern District of Texas, or litigation in the Eastern District of Texas wherein Matthew Tanielian participated in the MEDIA interview, INCLUDING an IDENTIFICATION of the PERSON(S) who arranged the interview, PERSONS to whom the interview was given, the purpose of the interview, and ALL PERSONS who participated CONCERNING the interview.

183.    DOCUMENTS sufficient to IDENTIFY CISCO's groups of connected computer systems used in or by CISCO that permit users to share information and transfer data, INCLUDING local area networks (LANs), wide area networks (WANs), client-server networks (SANs).

184.    DOCUMENTS sufficient to IDENTIFY ALL CISCO procedures and/or devices used to backup the software and/or data, INCLUDING names(s) of backup software and version used, tape rotation schedule, type of tape backup drives (e.g. DDs4, DLT, SDLT, LTO, etc.).

185.    DOCUMENTS sufficient to IDENTIFY whether any backup media have been replaced or destroyed from October 14, 2007 to the present time.

186.    DOCUMENTS sufficient to IDENTIFY ALL email accounts (internal and/or external) used by CISCO and CISCO EMPLOYEES from October 14, 2007 to the present time.

187.    DOCUMENTS sufficient to identify CISCO'S policies and procedures for performing backups or for archiving any and ALL voice messaging records.

188.    DOCUMENTS sufficient to IDENTIFY CISCO'S policies and procedures governing EMPLOYEE use of the internet, internet newsgroups, chat rooms, or instant messaging on CISCO'S computer systems/network(s).

29

189.   DOCUMENTS sufficient to IDENTIFY CISCO's policies and procedures pertaining to data retention and destruction from October 14, 2007 to the present.

190.   DOCUMENTS sufficient to IDENTIFY any and ALL CISCO servers or other network(s) storage devices, desktop computers, portable computers, laptop computers, personal digital assistants (PDAs), telephones, and other electronic devices that have had their hard drives reformatted, wiped, or replaced from October 14, 2007 to the present time.

191.   ALL DOCUMENTS CONCERNING any trip, telephone conversation, email, press release, or business COMMUNICATION made by Mallun Yen into the State of Arkansas.

192.   ALL DOCUMENTS CONCERNING any trip, telephone conversation, email, press release, or business COMMUNICATION made by John Noh into the State of Arkansas.

193.   ALL DOCUMENTS CONCERNING any trip, telephone conversation, email, press release, or business COMMUNICATION made by Marta Beckwith into the State of Arkansas.

194.   DOCUMENTS sufficient to IDENTIFY ALL PERSONS whose files were searched for DOCUMENTS responsive to Plaintiff's Second Set of Requests For Production of Documents and Things to CISCO.

Respectfully Submitted,

Nicholas H. Patton  (SBN 63035)
Patton, Tidwell & Schroeder, LLP
P.O. Box 5398 / 4605 Texas Boulevard
Texarkana, Texas 75505-5398
Tel:    (903) 792-7080 / Fax: (903) 792-8233

30

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on this 16th day of January, 2009, a true and correct copy of the foregoing Plaintiff's Second Set of Request for Production to Defendant Cisco Systems, Inc. was served electronically and/or via U.S. First Class Mail upon:

Richard E. Griffin                     Attorney for Defendant Cisco Systems, Inc.
Charles Babcock
Crystal Parker
JACKSON WALKER, LLP
1401 McKinney, Suite 1900
Houston, Texas 77010


Nicholas H. Patton

31