# Ex. D

Dockets.Justia.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **ERIC M. ALBRITTON,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **No. 6:08cv00089** |
| | § | **JURY** |
| **CISCO SYSTEMS, INC. RICHARD** | § | |
| **FRENKEL, MAULLUN YEN and** | § | |
| **JOHN NOH,** | § | |
| | § | |
| **Defendant** | § | |

## DEFENDANTS' MOTION IN LIMINE

TO THE HONORABLE COURT:

Defendants Cisco Systems, Inc. ("Cisco"), Richard Frenkel ("Frenkel"), Mallun Yen ("Yen")[1] and John Noh ("Noh")[2] (collectively, "Defendants") hereby file this Motion in Limine, and respectfully show the court:

Defendants require that the court prohibit any testimony or mention, reference or inquiry in the presence of the jury by Plaintiff, his counsel, or any witness called on Plaintiff's behalf regarding the following issues:

## MOTION IN LIMINE NO. 1:

## EVIDENCE OF DAMAGES NOT DISCLOSED UNDER RULE 26(a)

As the court is aware, Rule 26a(1)(iii) of the FED. R. CIV. P. requires the plaintiff to disclose "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation

---

[1] Subject to her Motion to Dismiss.
[2] Subject to his Motion to dismiss

is based, including materials bearing on the nature and extent of the injuries suffered." Plaintiff's initial disclosure on this issue, which has never been amended or supplemented, provides **in its entirety**:

### III.

### COMPUTATION OF ANY CATEGORY OF DAMAGES

1.      Plaintiff does not seek any economic damages. Plaintiff seeks **only** an appropriate award of damages for his mental anguish and punitive damages sufficient to deter Defendants from future misconduct. The amounts of these awards are soundly in the discretion of the jury.

(Exhibit A) (emphasis added).

In lengthy discussions regarding the pretrial order in this case, for the first time it became clear that plaintiff would introduce evidence of reputational damages.

In a defamation case, reputational damages are separate and distinct from mental anguish damages. *Bentley v. Bunton*, 94 S.W.3d 561, 605-07 (Tex. 2002) (reviewing jury verdicts of $150,000 in damages for reputational harm and of $7 million in damages for mental anguish, as separate and distinct from reputational harm); *El-Khoury v. Kheir*, 241 S.W.3d 82, 85 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (upholding jury verdict that awarded plaintiff no damages for reputational harm but reversing jury verdict that awarded plaintiff damages for mental anguish, as separate and distinct from reputational harm).

Evidence of reputational damages or any other damages is prohibited at trial where the party fails to disclose reputational damages. FED. R. CIV. P. 37(c)(1), 26(a), (e), 16(f); *see Edmonds v. Beneficial Mississippi, Inc.*, 212 Fed. Appx. 334, 338 (5th Cir. 2007) (affirming trial court's order excluding evidence that plaintiff failed to disclose to defendant); *24/7 Records, Inc. v. Sony Music Entertainment, Inc.*, 566 F. Supp. 2d 305, 317-18 (S.D.N.Y. 2008) (precluding

evidence on plaintiff's damages theory under Rule 37(c) because plaintiff failed to disclose existence of such damages or evidence of such damages) (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006) (affirming exclusion of lost profits theory of damages that was first introduced in a proposed pre-trial order)).

Evidence of damages that was not disclosed is especially prejudicial to the Defendants because Plaintiff has frustrated discovery on even his mental anguish damages. For example, despite Albritton's abandonment of economic damages, Defendants nevertheless believed his financial health was relevant to his mental health and sought documents and testimony in that regard. The Plaintiff refused to produce any documents and the Defendants' Motion to Compel was denied by the Magistrate Judge (Docket No. 144), and a Motion to Reconsider (Docket No. 152) is pending. The Plaintiff further refused to answer questions at his deposition regarding his financial health, but his counsel agreed that if the motion to compel was granted, plaintiff would resubmit himself for deposition. (Albritton Deposition at pp. 132-34, 156, Exhibit B). This financial information would be relevant to reputational harm, but it has been denied to Defendants. In addition, if reputational harm had been disclosed, Defendants would have conducted discovery of, among other things, Plaintiff's clients.

## MOTION IN LIMINE NO. 2:

## LATE DISCLOSURE OF WITNESSES

Rule 26(a)(1) requires **initial** disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims…" Initial disclosures under Rule 26 were due on June 2, 2008.

On November 11, 2008, just 9 days before the discovery period closed and more than eight months after the case was first filed, Plaintiff disclosed his wife, Michelle Albritton, father, John Albritton, and colleague and friend, Scott Stevens, as witnesses on the issue of the "impact this matter has had on Plaintiff." Because these witnesses were not timely disclosed, they should be excluded. Fed. R. Evid. 37 (c)(1); *Terrance v. Pointe Coupee Parish Police Jury*, 177 Fed. Appx. 457, 459 (5th Cir. 2006) (holding that the lower court properly excluded testimony of witness because the party had failed to disclose the witness until several months before trial); *Antoinee-Tubbs v. Local 513, Air Transport Div., Transport Workers of America, AFL-CIO*, 190 F.3d 537 (5th Cir. 1999) (holding that the lower court properly excluded affidavits from witnesses as summary judgment evidence where the witnesses had not been disclosed.) The Advisory Committee Notes to Rule 37(c)(1) provide that this exclusion is an "automatic sanction."

## MOTION IN LIMINE NO. 3:

## COMPUTATION OF DAMAGES

Plaintiff failed to provide any computation of his damages in his disclosures as required under Rule 26. Plaintiff should therefore not be permitted to present as a surprise to Defendants a computation of an amount of damages where Defendants have had no opportunity to conduct discovery regarding such computation. The court should therefore order that Plaintiff may not argue to the jury that he is entitled to any specific dollar amount or range or that damages should be calculated using a certain formula or calculation. *See* FED. R. CIV. P. 37(c)(1), 26(a), (e), 16(f); *see also Veritas Operating Corp. v. Microsoft Corp.*, 2008 WL 657936 at *26 (W.D. Wash. 2008) ("In light of Microsoft's failure to disclose any computation of damages or any other damages analysis under Rule 26(a)(1)(C), and lack of any justification or showing of

harmlessness, the "automatic" sanction of Rule 37(c)(1) must apply. Microsoft may not submit any evidence regarding any "computation" for damages… whether via motion or at trial.")

## MOTION IN LIMINE NO. 4:

## LIMITATION OF USE OF PRIVILEGED DOCUMENTS

Because this case involved allegations of defamation with respect to a lawsuit, and therefore privileged and work-product material were arguably relevant, the parties entered into two agreements to induce each other to produce privileged documents: (1) the Protective Order that strictly limited the use of the privileged and work-product materials and who could have access to such materials (Docket # 13); and (2) an agreement that the production of privileged materials under the Protective Order did not waive privilege. Defendants agreed to produce certain privileged documents based on these agreements. Defendants would be greatly prejudiced if the court permitted the parties to ignore these agreements and use the privileged materials in open court or in any public document. Defendants produced the documents conditioned upon the parties' protective and non-disclosure agreements, which guaranteed that they could not be used in any other litigation, including the underlying ESN litigation, which is still pending, or litigation in Arkansas regarding the publication at issue in this lawsuit (where no protective order has been entered). The court should not permit Plaintiff to thwart the purpose of these agreements by causing a waiver of privilege.

## MOTION IN LIMINE NO. 5:

## CLAIMS FOR DEFAMATION WITH RESPECT TO THE OCTOBER 19 ARTICLE

Plaintiff should not be permitted to refer to the October 19 article on the Patent Troll Tracker blog as being defamatory or causing any damages to Plaintiff. In his Original Petition, Plaintiff alleges very specifically that the October 17 and October 18 articles attached to the Complaint as Exhibit A (the Original Petition and exhibits are attached hereto as Exhibit C) were

defamatory. After this case was removed to federal court (Exhibit D), Plaintiff continued to allege that the October 17 and 18 articles were defamatory and made no claim with respect to the October 19 article. Defendants only became aware of Plaintiff's intentions to claim that the October 18 article was defamatory during lengthy discussions regarding the pretrial order in this case. Because Plaintiff failed to plead defamation with respect to the October 19 article, Plaintiff should be foreclosed from now claiming to the jury that the article is defamatory. *See Scott v. Univ. of Miss.*, 148 F.3d 493, 513 (5th Cir.1998), overruled on other grounds, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) (affirming lower court's order excluding evidence of post-charge discrimination which was not included in an amended complaint). Consideration of a new claim just weeks before trial would prejudice Defendants because of the lack of discovery on this issue and the inability to file motions with respect to the new claim.

Second, Plaintiff did not timely disclose the October 19 article in discovery and therefore is precluded from now claiming that it is defamatory. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information... as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless"); *see also* Fed. R. Civ. P. 16(f), 26(e). Plaintiff did not complain about the October 19 article until <u>after</u> the discovery cut-off and deadline for motions requiring a hearing. The court should therefore preclude references to the article at trial.

Even if Plaintiff was not barred from raising the October 19 article for these reasons, Plaintiff's new claim with respect to the October 19 article is barred by the one-year statute of limitation. Tex. Civ. Prac & Rem Code § 16.002(a). The court should therefore preclude references to the article at trial as being defamatory or causing damage to the Plaintiff.

## MOTION IN LIMINE NO. 6:

### REFERENCE TO DEFAMATION BY OMISSION OR JUXTAPOSITION

Plaintiff should not be permitted to argue to the jury that the articles create a false impression by omitting or juxtaposing material facts because Defendants did not plead this theory of liability; Plaintiff refused discovery, resulting in an order precluding Plaintiff from advancing a new theory; and Plaintiff has not disclosed what facts were omitted or what was misleadingly juxtaposed.

The theory of defamation by juxtaposition or omission was adopted in Texas in *Turner v. KTRK*, 38 S.W.3d 103 (Tex. 2000). In that case, the Texas Supreme Court held that a television broadcast could be found defamatory by: (i) "omitting material facts" or (ii) "misleadingly juxtaposing events." *Id.* at 114. Defendants' newly raised allegations of false impression by omitting or juxtaposing material facts are not proper at trial because this theory was not plead. For this reason alone, the court should preclude references to defamation by omission or juxtaposition.

Second, Plaintiff refused discovery regarding this issue, resulting in an order prohibiting Plaintiff from raising this new issue. After Plaintiff refused to respond to Defendant's interrogatories requesting that Plaintiff identify the statements it contends are defamatory, Defendants filed a Motion to Compel Plaintiff's Interrogatory Responses. (Docket No. 88). After the discovery cut-off and deadline for motions requiring a hearing had ended, Defendants filed an Amended Motion to Compel, requesting that the court limit Plaintiff to the allegations in his pleading since Defendants could no longer seek discovery regarding the allegations. (Docket No. 104). On January 15, 2009, the Magistrate Judge denied the original Motion to Compel as moot and granted the Amended Motion to Compel (Docket No. 144). Plaintiff did not appeal this ruling to this honorable court.

5436897v.1

Moreover, even when Plaintiff amended his interrogatory responses on January 24, 2009, five weeks before trial, he never alleged any facts that were allegedly omitted or anything that was misleadingly juxtaposed.  The Plaintiff should not be permitted to raise this new theory at trial.  *See* FED. R. CIV. P. 37(c)(1), 26(a), (e), 16(f).

## MOTION IN LIMINE NO. 7:

## OTHER LAWSUITS AGAINST CISCO OR ALLEGATIONS OF OTHER WRONGS OR MISCONDUCT

The court should not permit references to any other legal proceedings or complaints brought by or against any of the Defendants because such charges are irrelevant and thus inadmissible.  Defendants further request that the court prohibit any testimony or statements by Plaintiff, his counsel, or any witness called on Plaintiff's behalf regarding alleged wrongs or misconduct by Defendants that are unrelated to the circumstances in this lawsuit.  Evidence of conduct regarding other allegations or lawsuits "is not competent to prove the commission of a particular act charged unless the acts are connected in some special way, indicating relevance beyond mere similarity in certain particulars."  *See Harrell v. DCS Equipment Leasing Corp.*, 951 F.2d 1453 (5th Cir. 1992) (affirming the lower court's exclusion of a prior judgment because "the possible prejudice of the Colorado judgment outweighed any probative value it might have.")  Such statements concerning lawsuits and unrelated occurrences should be excluded because they are irrelevant, immaterial and could only be calculated to prejudice the minds of the jury against Defendants.

## MOTION IN LIMINE NO. 8:

### CHARLES SILVER'S TESTIMONY

The court should prohibit Charles Silver, Plaintiff's rebuttal expert, from testifying except in rebuttal to Defendants' expert, Charles Herring. Plaintiff failed to timely designate an expert by his deadline of September 22, 2008. On October 24, 2008, Defendants designated Charles Herring, Jr. as their expert and disclosed his expert report. On November 24, 2008, the date the discovery period ended, Plaintiff disclosed Charles Silver as a rebuttal expert to Defendants' designated expert, Charles Herring. (Exhibit E). Therefore, Dr. Silver should not be permitted to testify except in rebuttal to Charles Herring because he was not timely disclosed. *See See* FED. R. CIV. P. 37(c)(1), 26(a), (e), 16(f); *See Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999) (holding that lower court properly excluded testimony of expert witness who had not been timely disclosed).

Moreover, even Dr. Silver's rebuttal testimony should be limited to his report. Defendants have had no opportunity to take discovery regarding such undisclosed opinions and have had no opportunity to present evidence to refute such opinions, if necessary. Therefore, the court should not permit such testimony. *See Barrett v. Atlantic Richfield Co.*, 95 F.3d 375 (5th Cir. 1996) (holding that lower court properly struck expert witness because the expert's opinions had not been disclosed in accordance with the disclosure deadlines).

## MOTION IN LIMINE NO. 9:

### ANONYMITY OF THE PATENT TROLL TRACKER.

Defendants request that the court prohibit any testimony or statements by Plaintiff, his counsel, or any witness called on Plaintiff's behalf regarding the anonymity of the articles. Anonymous articles are afforded full Constitutional protection. *McIntyre v. Ohio Elections*

*Commission*, 514 U.S. 334, 341 (1994) (striking down a statute imposing a fine for distributing anonymous leaflets because "an author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment"). The United States Supreme Court has recognized that "[t]he decision in favor of anonymity may be motivated by fear of economic or official retaliation, by concern about social ostracism, or merely by a desire to preserve as much of one's privacy as possible." *Id.*

Anonymous speech has been employed to allow important speech on important matters throughout this nation's history. *Id.*; *see, e.g.*, ANONYMOUS, BEOWULF (Signet Classic 1999 ed.) (circa 700-800) (epic poem written by anonymous author between the eighth and ninth centuries); THE FEDERALIST PAPERS (Penguin 1987 ed.) (1788) (series of 85 anonymously published articles advocating ratification of the U.S. Constitution subsequently revealed to be authored by James Madison, Alexander Hamilton, and John Jay); ANONYMOUS, PRIMARY COLORS: A NOVEL OF POLITICS (Random House 1996) (political novel published anonymously but later revealed to be written by journalist Joe Klein).

The fact that the blog was written anonymously is hardly unusual as "internet speech is often anonymous." *See Doe v. Cahill*, 884 A.2d 451, 456 (Del. S. Ct. 2005). As the Delaware Supreme Court noted: "Many participants in cyberspace discussions employ pseudonymous identities, and, even when a speaker chooses to reveal her real name, she may still be anonymous for all practical purposes. For better or worse, then, 'the audience must evaluate [a] speaker's ideas based on her words alone.' 'This unique feature of [the internet] promises to make public debate in cyberspace less hierarchical and discriminatory' than in the real world because it disguises status indicators such as race, class, and age." *Id.* (citations omitted). The fact that the

Patent Troll Tracker was written anonymously is irrelevant and could only be used to prejudice the jury.

## MOTION IN LIMINE NO. 10:

### CLAIMS OF PRIVILEGE

Defendants request that the court prohibit any testimony or statements by Plaintiff, his counsel, or any witness called on Plaintiff's behalf that Defendants made privilege or work product objections or withheld any information under a claim of privilege or work product. Objections and withholdings based on privilege should not be argued or disclosed to the jury because such objections are matters for the court, and it is well established that counsel may not argue or infer that facts could have been proved but for the objections of the opposing party. *See* FED. R. EVID. 104.

## MOTION IN LIMINE NO. 11:

### HEARSAY AFFIDAVITS

The court should not permit Plaintiff to refer to hearsay affidavits that have been produced in this case because such hearsay is inadmissible, irrelevant, and could only be calculated to prejudice the jury. *See* FED. R. EVID. 802.

## MOTION IN LIMINE NO. 12:

### WRONGDOINGS OF OTHER PERSONS IN INTERNET BLOGS

Defendants further request that the court prohibit any testimony or statements by Plaintiff, his counsel, or any witness called on Plaintiff's behalf regarding alleged wrongdoings of persons in internet blogs or the results of such wrongdoing and attempts to arouse bias or prejudice against the media or internet publications generally. For example, the court should preclude any references or comparisons to instances of teenage suicide as a result of bloggers'

harassment. Such evidence is irrelevant and can only serve to divert the jury's attention from the issues in this case. Attempts to offer such testimony or statements concerning such events could be calculated only to influence the minds of the jury unfairly and encourage the jury to decide the case based on passion or sympathy rather than on the evidence.

## MOTION IN LIMINE NO. 13:

### INSURANCE

Defendants further request that this court prohibit references to whether or not there was any investigation of the claims made the basis of this libel suit by an insurance adjuster, agent or, similar term or whether or not Defendants are or are not covered by insurance. Such evidence is irrelevant to proving the validity or invalidity of the claims in this action and is inadmissible under FED. R. EVID. 411.

## MOTION IN LIMINE NO. 14:

### THIS MOTION IN LIMINE

Defendants request that the court prohibit references to the fact Defendants have filed this Motion in Limine or to any ruling by the court in response to this motion. Any references that Defendants filed this Motion in Limine are irrelevant and inherently prejudicial, in that they suggest or infer that Defendants sought to exclude proof of matters damaging to Defendants' case. *See* FED. R. EVID. 402, 403.

WHEREFORE, Defendants respectfully request that the court grant and sustain this Motion in Limine either in whole or in part, or in separate individual parts, and that the court enter its order to such effect.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
     Charles L. Babcock
     Federal Bar No.: 10982
     Email: cbabcock@jw.com
     Crystal J. Parker
     Federal Bar No.: 621142
     Email: cparker@jw.com
     1401 McKinney, Suite 1900
     Houston, Texas 77010
     (713) 752-4200
     (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

GEORGE MCWILLIAMS, P.C.

      /s/ George L. McWilliams with
By:  permission by Charles L. Babcock
     George L. McWilliams
     Texas Bar No: 13877000
     GEORGE L. MCWILLIAMS, P.C.
     406 Walnut
     P.O. Box 58
     Texarkana, Texas 75504-0058
     (903) 277-0098
     (870) 773-2967—Fax
     Email: glmlawoffice@gmail.com

ATTORNEY FOR DEFENDANT
RICK FRENKEL

## **CERTIFICATE OF SERVICE**

This is to certify that on this 18th day of February, 2009, a true and correct copy of the foregoing was served via electronic mail upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
Attorney for Defendant Richard Frenkel

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
Attorney for Plaintiff Eric Albritton

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
Attorney for Plaintiff Eric Albritton

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
Attorney for Plaintiff Eric Albritton

/s/ *Charles L. Babcock*
Charles L. Babcock