# Ex. I

Dockets.Justia.com

Page 1

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TYLER DIVISION

ERIC M. ALBRITTON,

    Plaintiff,

vs.                         No. 6:08-CV-00089

(1) CISCO SYSTEMS, INC.,
(2) RICHARD FRENKEL, (3) MALLUN
YEN and (4) JOHN NOH,

    Defendants.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

DEPOSITION OF RICHARD G. FRENKEL

Tuesday, November 18, 2008

SHEILA CHASE & ASSOCIATES
REPORTING FOR:
West Court Reporting Services
221 Main Street, Suite 1250
San Francisco, California  94105
Phone:  (415) 321-2300
Fax:  (415) 618-0743

Reported by:
JANIS JENNINGS, CSR, CRP, CLR
CRS-100282-023

1    A.   Ask me questions about it.
2    Q.   The issue of malice -- did you make a
3 reasonable investigation to determine what facts you
4 have to support the defense of a lack of malice?
5    A.   I don't know that that is an affirmative
6 defense or -- but if it is, I believe that I've made
7 a reasonable investigation of that, too.
8    Q.   Okay.  And what did you find that would
9 indicate to you that there wasn't any malice here?
10   A.   Well --
11          MR. BABCOCK:  Object to the form.  Define
12 malice.
13          THE WITNESS:  That's exactly what I want
14 to know.  What do you mean by "malice"?
15 BY MR. PATTON:
16   Q.   Were you told what it was you were
17 supposed to testify about as a 30(b)(6) witness?
18          MR. McWILLIAMS:  Objection.  Form.
19 BY MR. PATTON:
20   Q.   Were you informed?
21   A.   Yes.
22   Q.   Okay.  Were you informed that one of the
23 things that you would have to support was that there
24 was no malice here?
25   A.   I was told that you would ask me questions

1  relating to that defense, and I would have to answer
2  those questions to the best of my ability after
3  having -- for example, if you put documents in front
4  of me.
5      Q.  Okay.
6      A.  I wasn't told I had to memorize every fact
7  in the case and...
8      Q.  Okay.  You're aware, of course, that you
9  did use the terminology there was a lack of malice?
10     A.  Yes.
11         MR. BABCOCK:  Object to the form.
12         MR. McWILLIAMS:  Same objection.
13 BY MR. PATTON:
14     Q.  Okay.  What facts can you tell me about
15 that would support that assertion on your part?
16     A.  If you put documents in front of me, I'll
17 be able to remember whether they do.  All the facts
18 that I told you about with the truth, though --
19     Q.  Okay.
20     A.  -- also apply to the lack of malice
21 defense.
22     Q.  Okay.
23     A.  I think -- I don't remember if I testified
24 before that we had Baker Botts call the district
25 court clerk and ask them what had happened, but

1  that's part of what the lack of malice -- that would
2  go into the lack of malice part of it, too.
3      Q.  Speaking of that, having the Baker Botts
4  people call the court clerk, there has been
5  criticism by an expert about Mr. Albritton's office
6  calling the court clerk.  Are you aware of that?
7          MR. McWILLIAMS:  Objection.  Form.
8          MR. BABCOCK:  Same objection.
9          THE WITNESS:  No.
10 BY MR. PATTON:
11     Q.  You don't know there is an expert named
12 Herring (phonetic) that so opines that that might be
13 an ethical breach?
14         MR. McWILLIAMS:  Objection.  Form.
15         MR. BABCOCK:  Same objection.
16         THE WITNESS:  I knew there's an expert
17 named Herring, but I haven't -- I don't know what's
18 in his report.
19 BY MR. PATTON:
20     Q.  Okay.  Do you think it was unethical for
21 the Baker Botts people to call the clerk without
22 getting Mr. Albritton on the phone with them?
23         MR. McWILLIAMS:  Objection.  Form.
24         MR. BABCOCK:  Objection.  Form.
25         THE WITNESS:  No.