# Ex. J

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ERIC M. ALBRITTON                              §
                                               §
                                               §
v.                                             §
                                               §        C. A. NO. 6:08-CV-00089
CISCO SYSTEMS, INC.,                           §
RICK FRENKEL, MALLUN YEN &                     §
JOHN NOH                                       §

## DECLARATION OF RICHARD FRENKEL

I, RICHARD FRENKEL, declare and state as follows:

1.    My name is Richard Frenkel, I am over 21 years of age and competent in all respects to testify to the matters stated herein all of which are within my personal knowledge and are true and correct. I am a graduate of the University of Michigan where I received my degree in Aerospace engineering in 1987. I subsequently earned a Master of Science degree in Mechanical Engineering from the Massachusetts Institute of Technology in 1990. I graduated from Loyola Law School in 1999 with a Juris Doctor degree. I am licensed to practice law in the state of California and am currently an attorney with the law firm Wilson Sonsini Goodrich & Rosati.

2.    In May of 2007, while employed by Cisco Systems, Inc. as in-house counsel, I began a personal web log, commonly referred to as a blog, which I named The Patent Troll Tracker. Initially I posted anonymously, as is frequently done with internet blogs, but ultimately revealed my identity in February of 2008. In October of 2007, I wrote two articles for my blog regarding the *ESN v. Cisco* patent lawsuit which was filed in the Eastern District of Texas and assigned to Judge David J. Folsom. I noticed from viewing the electronic filing system ("ECF") that the case had been opened on October 15, 2007, one day before the ESN patent was

scheduled to issue. Later on the night of October 15 (Pacific time), I saw the complaint had been electronically filed. The complaint with exhibits was 74 pages long and, on the top of each page, appeared a stamp or header which said "Filed 10/15/2007." (A true and correct copy is attached as Exhibit A.) I also viewed the docket sheet on the ECF which showed that the complaint had been filed on October 15, 2007. (A true and correct copy is attached as Exhibit B.)

3.      The Civil Cover Sheet was also visible on the ECF and it was signed by Eric Albritton and dated October 15, 2007. It also had a stamp at the top of the page which said "filed 10/15/2007." (A true and correct copy is attached as Exhibit C.) I believed then, and do now, that a civil cover sheet is a requirement for filing a complaint and indicates that the complaint has been filed on the date indicated.

4.      On October 16, 2007, I was reading a blog authored by Dennis Crouch, an associate professor at the University of Missouri School of Law, called Patently-O. I frequently read that blog and linked to it from my Patent Troll Tracker blog. Patently-O had a short article on October 16th noting that ESN had sued Cisco for patent infringement one day before the patent had issued on October 16th. (A true and correct copy of the October 16, 2007, Patently-O blog article is attached as Exhibit D.) I thought that the ESN filing would make an interesting article for the Patent Troll Tracker and I began to do research. I researched the background of ESN and also whether the court in the ESN v. Cisco case lacked subject matter jurisdiction since the case was filed before the patent was issued.

5.      I found case law, including *GAF Building Materials Corp. v. Elk Corp of Texas*, 90 F.3d 479, 483 (Fed. Cir. 1996), which held that a patent suit filed before the patent issued deprived the court of subject matter jurisdiction even if the patent later issues. I also knew that Cisco filed a declaratory judgment action on October 16, 2007, in Connecticut, where the

Plaintiff resided.  I also read a popular intellectual property online publication that I often read titled IP Law 360, which had published an article on October 16, 2007, commenting that the ESN v. Cisco complaint had been filed on October 15, 2007.  (A true and correct copy is attached as Exhibit E.)  I also learned that on October 17, 2007, the Plaintiff filed an amended complaint which I believed changed nothing from the original complaint.  In fact, the amended complaint added a copy of the patent, which by then had issued.

6.      I also learned from the pleadings that ESN was represented by a Chicago law firm and local counsel Johnny Ward and Eric Albritton.

7.      On October 17, 2007, at approximately 7:00 p.m. Eastern time, I posted an article on the Patent Troll Tracker based on the information I had received.  (A true and correct copy is attached as Exhibit F.)  I believed at the time I wrote the October 17 article that all of the facts stated therein were true and I did not entertain any doubt, serious or otherwise, about the truth of the statements in that article.

8.      Early on the morning of October 18th, I learned that late on October 17th the docket sheet in the *ESN* case had been altered and now reflected that the complaint was filed on October 16, 2007 (a true and correct copy of the altered docket sheet is attached as Exhibit G) and further that the 74 page complaint available online now had a stamp or header indicating that the complaint was "Filed 10/16/2007."  (A true and correct copy is attached hereto as Exhibit H.)  On October 18, 2007, I received two emails regarding the docket in ESN v. Cisco.  One of the emails said, "They're cookin' something up to keep this case in Texas."  (True and correct copies of the emails are attached hereto as Exhibit I.)  On the 18th, I also learned from Baker Botts that the docket sheet and stamp on the complaint had been altered at the request of local counsel for ESN.

9.     On October 18, 2007, I wrote a second article for the Patent Troll Tracker. (A true and correct copy is attached hereto as Exhibit J.) I did not intend to state, nor did I state, that anyone had committed an illegal act in altering the date. I did express my opinion that it is "outrageous" for a court docket to be changed by merely having a local lawyer call up the clerk and effecting the change in a court document without notice to the other side of the case especially when such an action may impact whether the court has subject matter jurisdiction. My opinion has not changed; the proper way to change the filing date of a complaint is by motion to the court.

10.     In my October 18, 2007 original article, I also included a rhetorical, hyperbolic phrase about a Banana Republic. I deleted that phrase from the Patent Troll Tracker within a day or two after October 18. (A true and correct copy of the modified October 18, 2007 article is attached hereto as Exhibit K.) I also wrote an article on November 7, 2007, summarizing cases filed in October 2007. Within that article I also commented on the ESN v. Cisco situation. (A true and correct copy of my November 7, 2007 article is attached hereto as Exhibit L.)

11     In the original October 18 article, I used the word "conspiracy" which was my rhetorical or hyperbolic way of saying that the plaintiff and the clerk had acted together to effect the change in the docket sheet.

12     At the time I wrote the October 18, 2007 article, I believed that every statement of fact contained therein was true and I did not entertain any doubt, serious or otherwise, as to the truth of those statements. In both the October 17 and October 18 articles, I expressed my opinions which I believe under the First Amendment I have a right to do. I also believe that I was commenting on a public controversy.

13    On March 6, 2008, I discontinued the blog, and it is no longer available to the public on the internet, including the October 17 and October 18, 2007 articles.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 25, 2008.

_Richard Frenkel_

Richard Frenkel