IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN WARD, JR.                                              PLAINTIFF

          v.              Civil No. 08-4022

CISCO SYSTEMS, INC.                                        DEFENDANT

## ORDER

Now on this 30th day of March, 2009, comes on for consideration **Plaintiff Ward's Motion to Compel Responses to Interrogatory Nos. 1-9** (document #57) and the response and reply thereto.  The Court, being well and sufficiently advised, finds and orders as follows:

1.   In the instant matter, the plaintiff asserts a claim for defamation against Cisco Systems, Inc. (hereinafter "Cisco").  The claim for defamation stems from publications on an internet blog – www.trolltracker.blogspot.com.   The blog was published by Richard Frenkel, who was then employed by Cisco.  The blog allegedly accused the plaintiff, an attorney, of "criminal conduct, unethical conduct, and conduct unbefitting of an officer of the Court."

2.   On December 30, 2008, plaintiff propounded nine interrogatories to Cisco.  Plaintiff asserts that the interrogatories "sought specific information regarding facts known to Frenkel and Cisco before the defamatory articles were posted on the internet in October of 2007, and information concerning any

Dockets.Justia.com

corrective actions taken by Cisco with respect to persons involved in the dissemination of the defamatory accusations about Ward." (Plaintiff's Motion, p. 1)

3.    On January 30, 2009, Cisco responded to the interrogatories.  The plaintiff, in his motion to compel, asserts that Cisco's responses are incomplete and deficient and that Cisco should be required to answer in full.

4.    Initially, the Court notes that plaintiff's motion states that plaintiff's counsel wrote to Cisco, identifying the alleged deficiencies in Cisco's interrogatory responses.  The letter -- attached to plaintiff's motion as Exhibit C -- is dated February 5, 2009, and asks for a response by the close of business February 9, 2009.

Although admitting in its response to the motion to compel that it received the February 5 letter, Cisco inexplicably seems to argue that "[p]laintiff never attempted to contact Cisco or otherwise resolve the issue in the Motion to Compel before filing it."  (Cisco's Response, p. 3)  Cisco goes on to state that plaintiff's attorneys "were well aware" Cisco's counsel were busy with another trial.

Rule 37(a)(1) of the Federal Rules of Civil Procedure requires a motion to compel to include a certification that the movant has in good faith conferred or attempted to confer with the opposing party before seeking court action.  The Court concludes

-2-

that plaintiff's counsel satisfied that requirement and rejects Cisco's apparent attempt to contend otherwise.

5.   The Court will first address plaintiff's contention that Cisco's "blanket objections" violate Fed. R. Civ. P. 33(b) and Local Rule 33.1(b).

Plaintiff says that Cisco's responses to Interrogatories 1-6 and 9 contain a list of "blanket objections" which violate the rules and should be disregarded. Plaintiff relies on Federal Rule of Civil Procedure 33(b)(4), which provides:

> All grounds for an objection to an interrogatory shall be stated with specificity.  Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

And, Local Rule 33.1(b), which provides:

> A blanket objection to a set of interrogatories, requests for admissions, or requests for production will not be recognized.  Objections must be made to the specific interrogatory or request, or to a part thereof if it is compound.  It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant.  The ground or grounds for the objection must be stated with particularity.

Cisco argues that the objections are not "blanket objections" because they are not set out *identically* in each response.  The argument is not persuasive.  In the Court's view, the language of Rule 33.1(b) is meant to forbid general and non-specific responses -- rather than to forbid a party from making identical responses. That said, however, the Court would not doubt that identical responses to every interrogatory propounded would clearly violate

the injunction against the use of "blanket objections".

Based upon its review, the Court concludes that many of Cisco's objections are not set forth with the specificity and particularity required by the rules.  The Court will, therefore, consider the objections raised on an individual basis in Cisco's response to the motion.

6.   The Court will address each interrogatory -- and Cisco's objection to it -- in turn.

(a)   **Interrogatory No. 1** states:

IDENTIFY and DESCRIBE all actions undertaken by YOU or at YOUR direction to retain, locate, and produce communications between the Troll Tracker and/or Rick Frenkel or any other PERSONS, CONCERNING ESN, the filing of the ESN complaint, Plaintiff Ward, Ward's co-counsel, Eric Albritton, the law firm of McAndrews Held & Malloy, or any other information that may be relevant to this case, INCLUDING the gMail account Frenkel used to correspond to the Troll Tracker, and separately and for each action IDENTIFY the persons involved, the DATE of the action, and DESCRIBE DOCUMENTS AND COMMUNICATIONS that were obtained.

Cisco responded to the interrogatory in part, but plaintiff contends Cisco's response omitted information concerning Cisco's efforts to locate relevant communications; omitted documents from the Mail account used by Frenkel to communicate as the Troll Tracker; failed to provide the date information requested; the names of the individuals involved; and the identities of persons from whom Cisco collected documents early in the lawsuit.

Cisco argues that the interrogatory (1) seeks irrelevant information, (2) is overly burdensome, (3) seeks privileged

information, (4) seeks information outside of Cisco's custody and control, and (5) is properly answered with a production of documents pursuant to Rule 33(d).

The Court finds no merit to Cisco's objections. The information sought is clearly relevant; there is no proof that a response would be overly burdensome; the interrogatory does not seek privileged information; the interrogatory does not seek information outside of Cisco's custody and control; and, to the extent the interrogatory seeks information concerning communications as well as documents, it cannot be answered by stating that all relevant documents have been provided.

Cisco will, therefore be ordered to respond to Interrogatory No. 1 in full.

(b)   As the parties did in their respective pleadings, Interrogatories 2-4 will be addressed in a combined fashion.

**Interrogatory No. 2** states:

IDENTIFY each PERSON or COMPANY with whom CISCO or its EMPLOYEES had any COMMUNICATION between October 14, 2007 and March 7, 2008 CONCERNING the Troll Tracker October 17, 2007 Post, and the revised October 18, 2007 Post, and separately and for each COMMUNICATION IDENTIFY the DATE, TIME, PERSONS involved, the purpose of the COMMUNICATION, DESCRIBE THE COMMUNICATION and IDENTIFY ANY DOCUMENTS CONCERNING the COMMUNICATION.

**Interrogatory No. 3** states:

IDENTIFY each PERSON or COMPANY with whom CISCO or its EMPLOYEES had any COMMUNICATION between October 14, 2007 and March 7, 2008 CONCERNING the filing of the ESN complaint, Ward's role in that filing, the role of Ward's co-counsel, Eric Albritton, in that filing, and

the role of Ward's co-counsel McAndrews Held & Malloy in that filing, and separately and for each COMMUNICATION IDENTIFY the DATE, TIME, PERSONS involved, the purpose of the COMMUNICATION, DESCRIBE THE COMMUNICATION and IDENTIFY ANY DOCUMENTS CONCERNING that COMMUNICATION.

**Interrogatory No. 4** states:

IDENTIFY ALL COMMUNICATIONS between CISCO and any PERSON and/or COMPANY CONCERNING whether the allegations made in the October 17, 2007 Post, the October 18, 2007 Post, and/or the revised October 18, 2007 were accusations of criminal, unethical or improper conduct, and separately and for each COMMUNICATION IDENTIFY the DATE, TIME, PERSONS involved, DESCRIBE the purpose of the COMMUNICATION, DESCRIBE the COMMUNICATION, and IDENTIFY ANY DOCUMENTS CONCERNING that COMMUNICATION.

Cisco argues that the interrogatories (1) seek irrelevant information, (2) are overly burdensome, (3) seek privileged information, (4) seek information outside of Cisco's custody and control, and (5) are properly answered with a production of documents pursuant to Rule 33(d).

The Court finds no merit to Cisco's objections. The information sought is clearly relevant; there is no proof that a response would be overly burdensome; the interrogatories do not seek privileged information; the interrogatories do not seek information outside of Cisco's custody and control; and, to the extent the interrogatories seek information concerning communications as well as documents, they cannot be answered by stating that all relevant documents have been provided.

Cisco is ordered to respond to Interrogatories 2, 3, and 4 in full.

(c) **Interrogatory No. 5** states:

IDENTIFY ALL information relied upon by Richard Frenkel in making the statements contained in the Troll Tracker October 17, 2007, October 18, 2007 and revised October 18, 2007 posts, and separately and for each piece of information IDENTIFY the DATE and TIME the information was received by Frenkel, IDENTIFY all DOCUMENTS CONCERNING the information received, IDENTIFY ALL PERSONS involved in the information received, IDENTIFY the nature of any COMMUNICATION involved INCLUDING the DATE, TIME, and ALL PERSONS involved in the COMMUNICATION, and IDENTIFY all DOCUMENTS CONCERNING that COMMUNICATION.

Cisco responded partially to the interrogatory but also objects to the interrogatory on the grounds that the interrogatory (1) seeks irrelevant information, (2) is overly burdensome, (3) seeks privileged information, (4) seeks information outside of Cisco's custody and control, and (5) is properly answered with a production of documents pursuant to Rule 33(d).

The Court finds no merit to Cisco's objections to this interrogatory. In so concluding, the Court notes that, given Cisco's position that it acted in good faith, the information requested by the interrogatory is clearly relevant. The Court also notes that, although there has been considerable discussion about a "protective order" -- as previously set forth in this Court Order of December 9, 2008 (Doc. 46) -- none is yet in place nor is now needed since it appears to the Court that the "privileged" attorney client communications have been waived.

Cisco is ordered to respond to Interrogatory No. 5 in full.

(d) **Interrogatory No. 6** states:

IDENTIFY the DATE and TIME that CISCO first became aware
that ESN claimed that the filing date of the complaint
as listed on the court's docket was an error and
DESCRIBE the circumstances under which CISCO obtained
that knowledge INCLUDING ALL PERSONS involved, all
COMMUNICATIONS involved and separately and for each
COMMUNICATION the DATE, TIME, ALL PERSONS involved, the
content of the COMMUNICATION, what prompted the
COMMUNICATION, the form of the COMMUNICATION, and
IDENTIFY ALL DOCUMENTS CONCERNING CISCO'S knowledge.

Cisco argues that it answered this interrogatory
specifically as to Richard Frenkel but that, as to any other Cisco
employee, it is irrelevant and overly broad; calls for privileged
information; and calls for information outside of Cisco's custody
and control.

The Court disagrees. The information sought is clearly
accessible and relevant; there is no proof that it is overly broad
or burdensome; and, as set forth above, any privilege appears to
be waived as Cisco argues that Frenkel acted in good faith, in
part relying on communications with counsel.

Cisco is ordered to respond to Interrogatory 6 in full.

(e)  **Interrogatory No. 7** states:

IDENTIFY ALL PERSONS or COMPANIES who knew Richard
Frenkel was the Troll Tracker before he publicly
identified himself as such on the Troll Tracker Blog,
and separately and for each PERSON or COMPANY IDENTIFY
the DATE upon which they obtained that knowledge,
IDENTIFY the source of that knowledge (who told them),
IDENTIFY all PERSONS involved in the COMMUNICATION,
DESCRIBE the circumstances leading to the disclosure,
and IDENTIFY all DOCUMENTS CONCERNING that disclosure.

Cisco objects to Interrogatory No. 7 on the ground of
relevance and also argues that the information sought is overly

broad as it is not limited to Cisco employees, but rather asks for
"all persons and companies".

Clearly, this interrogatory is relevant, as it directly
relates to the subject of this lawsuit.  However, the Court will
limit Cisco's required response to Cisco employees only.

Accordingly, Cisco is ordered to respond to Interrogatory 7,
but limited as to Cisco's employees, as directed.

(f)   **Interrogatory No. 8** states:

> IDENTIFY ALL COMMUNICATIONS and DOCUMENTS CONCERNING
> whether any CISCO EMPLOYEE should be disciplined,
> reprimanded, chastised, admonished, warned or corrected
> CONCERNING the posting of the Troll Tracker October 17,
> 2007, October 18, 2007 and revised October 18, 2007
> posts, and separately and for each COMMUNICATION or
> DOCUMENT IDENTIFY the DATE, TIME, ALL PERSONS involved,
> the nature of the COMMUNICATION or the subject-matter of
> the DOCUMENT, and IDENTIFY all DOCUMENTS CONCERNING each
> COMMUNICATION.

Cisco argues that the interrogatory is irrelevant and has
responded, subject to the objection, that "no responsive, non-
privileged communications have been identified or located."

Plaintiff argues that the information is, in fact, relevant,
and that the "syntax" of Cisco's response subject to its relevancy
argument implies that Cisco has searched only for documents and
not, also, relevant *communications*.

The Court finds that the information sought by the
interrogatory is relevant and that Cisco should answer the
interrogatory, in full.  If the response made is intended to cover
both communications and documents, then it would appear to <u>be</u> a

-9-

full response,  If, however, the response is intended to be limited to documents only, then it may not be a full response. Accordingly, Cisco is ordered to clarify its response and, if it has not already done so, to then respond with respect to both communications and documents as requested.

    (g)  **Interrogatory No. 9** states:

> IDENTIFY all DOCUMENTS AND COMMUNICATIONS between CISCO and any PERSON or COMPANY CONCERNING Ward's Reputation INCLUDING whether CISCO has been asked by any PERSON or COMPANY about Ward, about hiring Ward, or about CISCO's perception of WARD, separate and for each COMMUNICATION DESCRIBE the COMMUNICATION, IDENTIFY the DATE, TIME PERSONS involved, the purpose of the COMMUNICATION, DESCRIBE the COMMUNICATION, and IDENTIFY ALL DOCUMENTS CONCERNING each COMMUNICATION.

Cisco objects to this interrogatory, claiming that it is overly broad and burdensome because it is not limited in time and because it calls for communications of all Cisco employees.  Cisco also objects based on the work-product doctrine and attorney-client privilege; that production of documents satisfy the interrogatory; and, that the information sought is outside the custody and control of Cisco.  Subject to Cisco's objections, it responded that "despite a diligent investigation, no responsive, non-privileged communications have been identified or located."

The Court finds that the information sought is relevant and that it is not overly broad.  The Court also notes that Cisco appears to have responded in full with the exception of possibly "privileged" communications.  Cisco is ordered to confirm that it

has responded in full.   To the extent it contends that any communications subject to this interrogatory are "privileged", Cisco is ordered to submit to the Court, *in camera*, the following with respect thereto:

* the complete content of the communication:

* a statement giving the date, time and identities of the persons involved in the communication; and

* a brief statement as to the basis for its contention that the contents of any such communications are privileged.

Such submission, if any, shall be made to the Court within fifteen (15) days of the date of this Order.   The Court will review the information so provided by Cisco and then rule as to whether the same shall be provided to plaintiff.

7.   For the reasons set forth above, **Plaintiff Ward's Motion to Compel Responses to Interrogatory Nos. 1-9** (document #57) is **granted** as stated herein and Cisco is ordered to respond as ordered within fifteen (15) days of the date of this Order.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE