IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § § § § | |
| v. | § § § § | C.A. NO. 08-4022<br>JURY TRIAL DEMANDED |
| CISCO SYSTEMS, INC. | | |

## DEFENDANT'S OBJECTIONS AND ANSWERS
## TO PLAINTIFF'S INTERROGATORIES

TO:   Plaintiff John Ward, Jr., by and through his attorney of record, Nicholas H. Patton, Patton, Tidwell & Schroeder, LLP, 4605 Texas Boulevard, P.O. Box 5398, Texarkana, Texas 75505-5398.

Defendant Cisco Systems, Inc. hereby serves its Objections and Responses to Plaintiff's First Set of Interrogatories.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: *Charles L. Babcock* w/ permission by CJP

Charles L. Babcock
Federal Bar No.: 10982
Email: cbabcock@jw.com
Richard E. Griffin
Arkansas Bar No.: 63020
Email: rgriffin@jw.com
Crystal J. Parker
Federal Bar No.: 621142
Email: cparker@jw.com
1401 McKinney
Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

5409853v.1

## CERTIFICATE OF SERVICE

This is to certify that on this _30th_ day of January, 2009, a true and correct copy of the foregoing was served electronically and/or via U.S. First Class Mail upon:

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
*Attorney for Plaintiff John Ward, Jr.*

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
*Attorney for Plaintiff John Ward, Jr.*

_Charles L. Babcock w/ permission by CJP_
Charles L. Babcock

5409853v.1

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

1. IDENTIFY and DESCRIBE all actions undertaken by YOU or at YOUR direction to retain, locate, and produce communications between the Troll Tracker and/or Rick Frenkel or any other PERSONS, CONCERNING ESN, the filing of the ESN complaint, Plaintiff Ward, Ward's co-counsel Eric Albritton, the law firm of McAndrews Held & Malloy, or any other information that may be relevant to this case, INCLUDING the gMail account Frenkel used to correspond as the Troll Tracker, and separately and for each action IDENTIFY the persons involved, the DATE of the action, and DESCRIBE DOCUMENTS AND COMMUNICATIONS that were obtained.

**RESPONSE:**

Cisco objects to this request on the basis that: (1) the request calls for discovery regarding matters that are not relevant to any party's claim or defense; (2) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues; (3) it calls for information protected by the work-product doctrine and the attorney-client privilege; (4) it purports to expand Defendant's obligations beyond what is required by the Federal Rules of Civil Procedure by attempting to require Defendant to "identify" or "describe" documents rather than produce the documents; (5) the definitions expand the scope of the request beyond the scope of discovery as set forth in the Federal Rules of Civil Procedure; and (6) the request calls for information outside the custody and control of Cisco and improperly seeks discovery of non-parties.

Subject to and without waiving the foregoing request, when Cisco became aware of this lawsuit, it sent a litigation hold notice to all employees so that documents pertaining to the lawsuit would be retained. Early in the lawsuit, Cisco's in-house counsel searched the Cisco email accounts of persons who were involved in the events at issue in this lawsuit and provided relevant documents to counsel. Cisco later did a broader search of the main and backup servers for the following custodians:

1. Terry Anderson, Public Relations
2. Marta Beckwith, IP Team
3. Robyn Nicole Blum, Public Relations
4. Penelope Bruce, Public Relations
5. Mark Chandler, GC
6. Heather Dickinson, Public Relations
7. Lisa Domingo, Admin to Terry Anderson

3

5409853v.1

8. Richard Frenkel, IP Team
9. William Friedman
10. Jennifer Greeson, Public Relations
11. Dan Lang, IP Team
12. Kenneth M. Lotich, Jr., Public Relations
13. Mark Michels, IP Team
14. Marc Musgrove, Public Relations
15. John Noh, Public Relations
16. Paul Redifer, Govt Affairs
17. Richard Renfree
18. Michael Ritter, IP Team
19. Neal Rubin
20. Matthew Tanielian, Govt Affairs
21. Michael Timmeny, Govt Affairs
22. Anita Kirsten Weeks, Public Relations
23. Mallun Yen, IP Team

These emails were then provided to counsel for review. All relevant, non-privileged documents have been produced.

2. IDENTIFY each PERSON or COMPANY with whom CISCO or its EMPLOYEES had any COMMUNICATION between October 14, 2007 and March 7, 2008 CONCERNING the Troll Tracker October 17, 2007 Post, the October 18, 2007 Post, and the revised October 18, 2007 Post, and separately and for each COMMUNICATION IDENTIFY the DATE, TIME, PERSONS involved, the purpose of the COMMUNICATION, DESCRIBE THE COMMUNICATION and IDENTIFY ANY DOCUMENTS CONCERNING that COMMUNICATION.

**RESPONSE:**

Cisco objects to this request on the basis that: (1) the request calls for discovery regarding matters that are not relevant to any party's claim or defense (especially to the extent it calls for all communications for all Cisco employees); (2) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues; (3) it calls for information protected by the work-product doctrine and the attorney-client privilege; (4) it purports to expand Defendant's obligations beyond what is required by the Federal Rules of Civil Procedure by attempting to require Defendant to "identify" or "describe" documents rather than produce the documents; (5) the definitions expand the scope of the request beyond the scope of discovery as set forth in the Federal Rules of Civil Procedure; and (6) the request calls for information outside the custody and control of Cisco and improperly seeks discovery of a non-parties.

4

5409853v.1

Subject to and without waiving the foregoing objections, see documents produced by Cisco. Responsive, privileged documents have been logged in Cisco's privilege log, which has previously been provided.

3. IDENTIFY each PERSON or COMPANY with whom CISCO or its EMPLOYEES had any COMMUNICATION between October 14, 2007 and March 7, 2008 CONCERNING the filing of the ESN complaint, Ward's role in that filing, the role of Ward's co-counsel, Eric Albritton, in that filing, and the role of Ward's co-counsel McAndrews Held & Malloy in that filing, and separately and for each COMMUNICATION IDENTIFY the DATE, TIME, PERSONS involved, the purpose of the COMMUNICATION, DESCRIBE THE COMMUNICATION and IDENTIFY ANY DOCUMENTS CONCERNING that COMMUNICATION.

**RESPONSE:**

Cisco objects to this request on the basis that: (1) the request calls for discovery regarding matters that are not relevant to any party's claim or defense (especially to the extent it calls for all communications for all Cisco employees); (2) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues; (3) it calls for information protected by the work-product doctrine and the attorney-client privilege; (4) it purports to expand Defendant's obligations beyond what is required by the Federal Rules of Civil Procedure by attempting to require Defendant to "identify" or "describe" documents rather than produce the documents; (5) the definitions expand the scope of the request beyond the scope of discovery as set forth in the Federal Rules of Civil Procedure; and (6) the request calls for information outside the custody and control of Cisco and improperly seeks discovery of a non-parties.

Subject to and without waiving the foregoing objections, see documents produced by Cisco. Responsive, privileged documents have been logged in Cisco's privilege log, which has previously been provided.

4. IDENTIFY ALL COMMUNICATIONS between CISCO and any PERSON and/or COMPANY CONCERNING whether the allegations made in the October 17, 2007 Post, the October 18, 2007 Post, and/or the revised October 18, 2007 were accusations of criminal, unethical or improper conduct, and separately and for each COMMUNICATION IDENTIFY the

5409853v.1

DATE, TIME, PERSONS involved, DESCRIBE the purpose of the COMMUNICATION, DESCRIBE the COMMUNICATION, and IDENTIFY ANY DOCUMENTS CONCERNING that COMMUNICATION.

**RESPONSE:**

Cisco objects to this request on the basis that: (1) the request calls for discovery regarding matters that are not relevant to any party's claim or defense (especially to the extent it calls for all communications for all Cisco employees); (2) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues; (3) it calls for information protected by the work-product doctrine and the attorney-client privilege; (4) it purports to expand Defendant's obligations beyond what is required by the Federal Rules of Civil Procedure by attempting to require Defendant to "identify" or "describe" documents rather than produce the documents; (5) the definitions expand the scope of the request beyond the scope of discovery as set forth in the Federal Rules of Civil Procedure; and (6) the request calls for information outside the custody and control of Cisco and improperly seeks discovery of a non-parties.

Subject to and without waiving the foregoing objections, despite a diligent investigation, no responsive, non-privileged communications have been identified or located.

5. IDENTIFY ALL information relied upon by Richard Frenkel in making the statements contained in the Troll Tracker October 17, 2007, October 18, 2007 and revised October 18, 2007 posts, and separately and for each piece of information IDENTIFY the DATE and TIME the information was received by Frenkel, IDENTIFY all DOCUMENTS CONCERNING the information received, IDENTIFY ALL PERSONS involved in the information received, IDENTIFY the nature of any COMMUNICATION involved INCLUDING the DATE, TIME, and ALL PERSONS involved in the COMMUNICATION, and IDENTIFY all DOCUMENTS CONCERNING that COMMUNICATION.

**RESPONSE:**

Cisco objects to this request on the basis that: (1) the request calls for discovery regarding matters that are not relevant to any party's claim or defense (especially to the extent it calls for all communications for all Cisco employees); (2) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the

importance of the proposed discovery in resolving the issues; (3) it calls for information protected by the work-product doctrine and the attorney-client privilege; (4) it purports to expand Defendant's obligations beyond what is required by the Federal Rules of Civil Procedure by attempting to require Defendant to "identify" or "describe" documents rather than produce the documents; (5) the definitions expand the scope of the request beyond the scope of discovery as set forth in the Federal Rules of Civil Procedure; and (6) the request calls for information outside the custody and control of Cisco and improperly seeks discovery of a non-parties.

Subject to and without waiving the foregoing objections, Richard Frenkel relied on documents on the official court website, the official court docket, correspondence he received from various individuals, privileged discussions with legal counsel, legal research, and his own experience with the electronic filing system. See documents produced by Cisco. Responsive, privileged documents have been logged in Cisco's privilege log, which has previously been provided.

6. IDENTIFY the DATE and TIME that CISCO first became aware that ESN claimed that the filing date of the complaint as listed on the court's docket was an error and DESCRIBE the circumstances under which CISCO obtained that knowledge INCLUDING ALL PERSONS involved, all COMMUNICATIONS involved and separately and for each COMMUNICATION the DATE, TIME, ALL PERSONS involved, the content of the COMMUNICATION, what prompted the COMMUNICATION, the form of the COMMUNICATION, and IDENTIFY ALL DOCUMENTS CONCERNING CISCO's knowledge.

**RESPONSE:**

Cisco objects to this request on the basis that: (1) the request calls for discovery regarding matters that are not relevant to any party's claim or defense (especially to the extent it calls for all communications for all Cisco employees); (2) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues; (3) it calls for information protected by the work-product doctrine and the attorney-client privilege; (4) it purports to expand Defendant's obligations beyond what is required by the Federal Rules of Civil Procedure by attempting to require Defendant to "identify" or "describe" documents rather than produce the documents; (5) the definitions expand the scope of the request beyond the scope of discovery as set forth in the Federal Rules of Civil Procedure; and (6) the request calls for information outside the custody and control of Cisco and improperly seeks discovery of a non-parties.

Richard Frenkel learned that ESN claimed that the filing date of the complaint on the official court docket was an error on October 18, 2007, but he does not recall the time, persons

involved, or exact content of the communication. See documents produced by Cisco. Responsive, privileged documents have been logged in Cisco's privilege log, which has previously been provided.

7. IDENTIFY ALL PERSONS or COMPANIES who knew that Richard Frenkel was the Troll Tracker before he publicly identified himself as such on the Troll Tracker Blog, and separately and for each PERSON or COMPANY IDENTIFY the DATE upon which they obtained that knowledge, IDENTIFY the source of that knowledge (who told them), IDENTIFY all PERSONS involved in the COMMUNICATION, DESCRIBE the circumstances leading to the disclosure, and IDENTIFY all DOCUMENTS CONCERNING that disclosure.

**RESPONSE:**

Cisco objects on the basis that the request calls for discovery regarding matters that are not relevant to any party's claim or defense.

8. IDENTIFY ALL COMMUNICATIONS and DOCUMENTS CONCERNING whether any CISCO EMPLOYEE should be disciplined, reprimanded, chastised, admonished, warned or corrected CONCERNING the posting of the Troll Tracker October 17, 2007, October 18, 2007 and revised October 18, 2007 posts, and separately and for each COMMUNICATION or DOCUMENT IDENTIFY the DATE, TIME, ALL PERSONS involved, the nature of the COMMUNICATION or the subject-matter of the DOCUMENT, and IDENTIFY all DOCUMENTS CONCERNING each COMMUNICATION.

**RESPONSE:**

Cisco objects on the basis that the request calls for discovery regarding matters that are not relevant to any party's claim or defense

Subject to and without waiving the foregoing objections, despite a diligent investigation, no responsive, non-privileged communications have been identified or located.

9. IDENTIFY all DOCUMENTS AND COMMUNICATIONS between CISCO and any PERSON or COMPANY CONCERNING Ward's Reputation INCLUDING whether CISCO

8

has been asked by any PERSON or COMPANY about Ward, about hiring Ward, or about CISCO's perception of WARD, separately and for each COMMUNICATION DESCRIBE the COMMUNICATION, IDENTIFY the DATE, TIME, PERSONS involved, the purpose of the COMMUNICATION, DESCRIBE the COMMUNICATION, and IDENTIFY ALL DOCUMENTS CONCERNING each COMMUNICATION.

**RESPONSE:**

Cisco objects to this request on the basis that: (1) the request is overly broad because it is not limited in time and because it calls for communications of all Cisco employees; (2) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues; (3) it calls for information protected by the work-product doctrine and the attorney-client privilege; (4) it purports to expand Defendant's obligations beyond what is required by the Federal Rules of Civil Procedure by attempting to require Defendant to "identify" or "describe" documents rather than produce the documents; (5) the definitions expand the scope of the request beyond the scope of discovery as set forth in the Federal Rules of Civil Procedure; and (6) the request calls for information outside the custody and control of Cisco and improperly seeks discovery of a non-parties.

Subject to and without waiving the foregoing objections, despite a diligent investigation, no responsive, non-privileged communications have been identified or located.

5409853v.1

## VERIFICATION

STATE OF CALIFORNIA            §
                               §
COUNTY OF SANTA CLARA          §

BEFORE ME, the undersigned authority, on this day personally appeared William Friedman, Senior Corporate Counsel of Cisco Systems, Inc., who having been by me duly sworn, on oath, deposed and said that he is an authorized representative of Cisco Systems, Inc., that he has read the foregoing Answers to Interrogatories, that such answers are within his personal knowledge and, based upon the information available to him, they are true and correct.

*/s/ William W. Friedman*

WILLIAM W. FRIEDMAN

SUBSCRIBED AND SWORN to before me by on this the 30th day of January, 2009.

My commission expires:

Jan 31, 2010

*/s/ Ruth Mari Lopez*

Notary Public, State of California

RUTH MARI LOPEZ
Commission # 1642566
Notary Public - California
Santa Clara County
My Comm. Expires Jan 31, 2010