Ward v. Cisco Systems, Inc. et al

Doc. 61 Att. 12

Case 4:08-cv-04022-JLH Document 61-13 Filed 04/27/2009 Page 1 of 21

# EXHIBIT 1
# (Part 1)

Dockets.Justia.com

Case 4:08-cv-00292-JLH Document 61-13 Filed 11/26/2009 Page 2 of 21

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON | § | |
| | § | |
| | § | |
| v. | § | |
| | § | C. A. NO. 6:08-CV-00089 |
| CISCO SYSTEMS, INC., | § | |
| RICK FRENKEL, MALLUN YEN & | § | |
| JOHN NOH | § | |

**DECLARATION OF RICHARD FRENKEL**

I, RICHARD FRENKEL, declare and state as follows:

1.      My name is Richard Frenkel, I am over 21 years of age and competent in all respects to testify to the matters stated herein all of which are within my personal knowledge and are true and correct. I am a graduate of the University of Michigan where I received my degree in Aerospace engineering in 1987. I subsequently earned a Master of Science degree in Mechanical Engineering from the Massachusetts Institute of Technology in 1990. I graduated from Loyola Law School in 1999 with a Juris Doctor degree. I am licensed to practice law in the state of California and am currently an attorney with the law firm Wilson Sonsini Goodrich & Rosati.

2.      In May of 2007, while employed by Cisco Systems, Inc. as in-house counsel, I began a personal web log, commonly referred to as a blog, which I named The Patent Troll Tracker. Initially I posted anonymously, as is frequently done with internet blogs, but ultimately revealed my identity in February of 2008. In October of 2007, I wrote two articles for my blog regarding the *ESN v. Cisco* patent lawsuit which was filed in the Eastern District of Texas and assigned to Judge David J. Folsom. I noticed from viewing the electronic filing system ("ECF") that the case had been opened on October 15, 2007, one day before the ESN patent was

scheduled to issue. Later on the night of October 15 (Pacific time), I saw the complaint had been electronically filed. The complaint with exhibits was 74 pages long and, on the top of each page, appeared a stamp or header which said "Filed 10/15/2007." (A true and correct copy is attached as Exhibit A.) I also viewed the docket sheet on the ECF which showed that the complaint had been filed on October 15, 2007. (A true and correct copy is attached as Exhibit B.)

3. The Civil Cover Sheet was also visible on the ECF and it was signed by Eric Albritton and dated October 15, 2007. It also had a stamp at the top of the page which said "filed 10/15/2007." (A true and correct copy is attached as Exhibit C.) I believed then, and do now, that a civil cover sheet is a requirement for filing a complaint and indicates that the complaint has been filed on the date indicated.

4. On October 16, 2007, I was reading a blog authored by Dennis Crouch, an associate professor at the University of Missouri School of Law, called Patently-O. I frequently read that blog and linked to it from my Patent Troll Tracker blog. Patently-O had a short article on October 16th noting that ESN had sued Cisco for patent infringement one day before the patent had issued on October 16th. (A true and correct copy of the October 16, 2007, Patently-O blog article is attached as Exhibit D.) I thought that the ESN filing would make an interesting article for the Patent Troll Tracker and I began to do research. I researched the background of ESN and also whether the court in the ESN v. Cisco case lacked subject matter jurisdiction since the case was filed before the patent was issued.

5. I found case law, including *GAF Building Materials Corp. v. Elk Corp of Texas*, 90 F.3d 479, 483 (Fed. Cir. 1996), which held that a patent suit filed before the patent issued deprived the court of subject matter jurisdiction even if the patent later issues. I also knew that Cisco filed a declaratory judgment action on October 16, 2007, in Connecticut, where the

Plaintiff resided. I also read a popular intellectual property online publication that I often read titled IP Law 360, which had published an article on October 16, 2007, commenting that the ESN v. Cisco complaint had been filed on October 15, 2007. (A true and correct copy is attached as Exhibit E.) I also learned that on October 17, 2007, the Plaintiff filed an amended complaint which I believed changed nothing from the original complaint. In fact, the amended complaint added a copy of the patent, which by then had issued.

6.      I also learned from the pleadings that ESN was represented by a Chicago law firm and local counsel Johnny Ward and Eric Albritton.

7.      On October 17, 2007, at approximately 7:00 p.m. Eastern time, I posted an article on the Patent Troll Tracker based on the information I had received. (A true and correct copy is attached as Exhibit F.) I believed at the time I wrote the October 17 article that all of the facts stated therein were true and I did not entertain any doubt, serious or otherwise, about the truth of the statements in that article.

8.      Early on the morning of October 18th, I learned that late on October 17th the docket sheet in the *ESN* case had been altered and now reflected that the complaint was filed on October 16, 2007 (a true and correct copy of the altered docket sheet is attached as Exhibit G) and further that the 74 page complaint available online now had a stamp or header indicating that the complaint was "Filed 10/16/2007." (A true and correct copy is attached hereto as Exhibit H.) On October 18, 2007, I received two emails regarding the docket in ESN v. Cisco. One of the emails said, "They're cookin' something up to keep this case in Texas." (True and correct copies of the emails are attached hereto as Exhibit I.) On the 18th, I also learned from Baker Botts that the docket sheet and stamp on the complaint had been altered at the request of local counsel for ESN.

9.      On October 18, 2007, I wrote a second article for the Patent Troll Tracker. (A true and correct copy is attached hereto as Exhibit J.) I did not intend to state, nor did I state, that anyone had committed an illegal act in altering the date. I did express my opinion that it is "outrageous" for a court docket to be changed by merely having a local lawyer call up the clerk and effecting the change in a court document without notice to the other side of the case especially when such an action may impact whether the court has subject matter jurisdiction. My opinion has not changed; the proper way to change the filing date of a complaint is by motion to the court.

10.      In my October 18, 2007 original article, I also included a rhetorical, hyperbolic phrase about a Banana Republic. I deleted that phrase from the Patent Troll Tracker within a day or two after October 18. (A true and correct copy of the modified October 18, 2007 article is attached hereto as Exhibit K.) I also wrote an article on November 7, 2007, summarizing cases filed in October 2007. Within that article I also commented on the ESN v. Cisco situation. (A true and correct copy of my November 7, 2007 article is attached hereto as Exhibit L.)

11      In the original October 18 article, I used the word "conspiracy" which was my rhetorical or hyperbolic way of saying that the plaintiff and the clerk had acted together to effect the change in the docket sheet.

12      At the time I wrote the October 18, 2007 article, I believed that every statement of fact contained therein was true and I did not entertain any doubt, serious or otherwise, as to the truth of those statements. In both the October 17 and October 18 articles, I expressed my opinions which I believe under the First Amendment I have a right to do. I also believe that I was commenting on a public controversy.

13 On March 6, 2008, I discontinued the blog, and it is no longer available to the public on the internet, including the October 17 and October 18, 2007 articles.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 25, 2008.

Richard Frenkel

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **ESN, LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:07-cv-156-DF-CMC** |
| **CISCO SYSTEMS, INC., and** | ) | |
| **CISCO-LINKSYS, LLC,** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff ESN, LLC ("ESN"), for its Complaint for Patent Infringement ("Complaint") against defendants Cisco Systems, Inc. and Cisco-Linksys, LLC, alleges as follows:

**PARTIES**

1. Plaintiff ESN is a limited liability company, co-founded by the inventor of the patent-in-suit, Gregory D. Girard, organized and existing under the laws of the state of Connecticut, with an office at 35 Juniper Road, Bloomfield, Connecticut. 06002.

2. Upon information and belief, defendant Cisco Systems, Inc. ("Cisco") is a corporation organized and existing under the laws of the state of California, with its principal place of business at 170 West Tasman Drive, California 95134.

3. Upon information and belief, defendant Cisco-Linksys, LLC ("Cisco-Linksys") is a limited liability corporation organized and existing under the laws of the state of California, with its principal place of business at 121 Theory Dr., Irvine, CA 92612, and is a wholly-owned subsidiary of Cisco.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over ESN's patent infringement and related claim pursuant to the patent laws of the United States, Title 35 U.S.C. §§ 1 et seq. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue for this action is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b), as Cisco, in its own name and through its wholly-owned subsidiary Cisco-Linksys, have regularly conducted business in this judicial district and have committed, and are continuing to commit, acts of infringement, including offering to sell and/or selling its infringing products, in this judicial district.

**FACTS**

6. This action arises out of Cisco's and Cisco-Linksys' infringement of at least one claim of a patent owned by ESN.

7. On October 16, 2007, United States Patent No. 7,283,519 (the "'519 Patent"), entitled "Distributed Edge Switching System for Voice-Over-Packet Multiservice Network" was duly and legally issued to ESN as assignee of the inventor Gregory D. Girard.

8. ESN is the owner of the '519 Patent with the full and exclusive right to bring suit to enforce the patent and to collect damages for any infringement thereof.

9. The '519 Patent generally relates to switching systems for communicating voice and other data over a packet-switched broadband network.

10. Cisco and Cisco-Linksys have infringed and continue to infringe, have induced and continue to induce others to infringe, and have committed and continue to commit acts of contributory infringement of one or more claims of the '519 Patent in this judicial district and elsewhere by making, using, selling, offering for sale, and/or importing into the United States

voice and unified communications devices, including, for example, the Cisco 1861, 2801, 2811, 2821, 2851, 3825 and 3845 Integrated Services Routers, the Cisco Unified Communications 500 Series, the Linksys SPA-9000 and LinksysOne SVR-3000 and related modules that are covered by one or more claims of the '519 Patent, all to the injury of ESN.

11. United States Patent Application Serial No. 10/122,589 was published by the United States Patent and Trademark Office on November 28, 2002 as United States Patent Application Publication No. US 2002/0176404 (the "Published '404 Application"), and has issued as the '519 Patent with at least one claim in substantially identical form to the claims as published. A copy of the Published '404 Application is attached as Exhibit A.

12. Cisco and Cisco-Linksys had actual notice of the Published '404 Application at least as early as August 11, 2006, the date upon which ESN notified Cisco and Cisco-Linksys in writing of the Published '404 Application. A copy of such written notice is attached as Exhibit B.

13. ESN provided specific notice in writing of certain infringing activities to Cisco and Cisco-Linksys at least as early as June 8, 2007 through their outside counsel. A copy of such written notice is attached as Exhibit C.

14. Cisco and Cisco-Linksys have violated ESN's "Provisional rights" under 35 U.S.C. § 154(d) by making, using, offering for sale, selling and/or importing the invention as claimed in one or more claims of the Published '404 Application, thereby entitling ESN to a reasonable royalty for such violation from at least August 11, 2006 until the date of the '519 Patent's issuance on October 16, 2007.

**CLAIM ONE**

**Infringement of the '519 Patent**

15. ESN repeats and re-alleges the allegations of paragraphs 1 through 14 above as if fully set forth herein.

16. Upon information and belief, Cisco and Cisco-Linksys have infringed and continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '519 Patent, directly and/or indirectly, in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f).

17. By reason of the acts alleged herein, ESN has suffered, is suffering, and unless restrained by the Court, will continue to suffer injury to its business and property rights, for which it is entitled to damages pursuant to 35 U.S.C. § 284 in an amount to be proven at trial.

18. A reasonable opportunity for further investigation and discovery will likely show that Cisco and Cisco-Linksys's infringement is willful.

19. By reason of the acts alleged herein, ESN has suffered, is suffering, and unless restrained by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, and for which ESN is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

**CLAIM TWO**

**Violation of ESN's Provisional Rights Under 35 U.S.C. 154(d)**

20. ESN repeats and re-alleges the allegations of paragraphs 1 through 14 above as if fully set forth herein.

21. Upon information and belief, Cisco and Cisco-Linksys have violated ESN's "Provisional rights" under 35 U.S.C. § 154(d) by making, using, offering for sale, selling and/or importing ESN's invention as claimed in at least one claim of the Published '404 Application after receiving actual notice of the published application.

22. By reason of the acts herein, ESN has suffered, and is entitled to a reasonable royalty for Cisco's and/or Cisco-Linksys' violation of its provisional rights at least from the date of Cisco's and/or Cisco/Linksys' earliest actual notice of the Published '404 Application, until the date of the '519 Patent's issuance on October 16, 2007.

**PRAYER FOR RELIEF**

WHEREFORE, ESN requests the Court to enter a judgment in its favor and against Cisco and Cisco-Linksys as follows:

a. Declare that Cisco and/or Cisco-Linksys have infringed one or more claims of United States Patent 7,283,519;

b. Declare that Cisco and/or Cisco-Linksys have willfully infringed one or more claims of United States Patent 7,283,519;

c. Declare that Cisco and/or Cisco-Linksys have violated ESN's "provisional rights" under 35 U.S.C. § 154(d);

d. Declare that this case is exceptional pursuant to 35 U.S.C. § 285.

e. Enter a permanent injunction prohibiting Cisco and Cisco-Linksys, their subsidiaries, divisions, agents, servants, employees, and those in privity with Cisco and/or Cisco-Linksys from infringing, contributing to the infringement of, and inducing infringement of the ESN patent, and for further proper injunctive relief;

f. Award to ESN damages for Cisco's and Cisco-Linksys' infringement with interest, as well as costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285;

g. Award to ESN damages for Cisco's and Cisco-Linksys' violation of ESN's provisional rights pursuant to 35 U.S.C. § 154(d) with interest, as well as costs, disbursements, and reasonable attorneys' fees incurred in this action; and

h. Grant any such further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), ESN demands a trial by jury on all issues so triable.

Respectfully submitted,

Eric M. Albritton
Lead Attorney
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone (903) 757-8449
Facsimile (903) 758-7397
ema@emafirm.com

T. John Ward Jr.
Texas State Bar No. 00794818
Ward & Smith Law Firm
111 W. Tyler St.
Longview, Texas 75601
Telephone (903) 757-6400
Facsimile (903) 757-2323
jw@jwfirm.com

Attorneys for Plaintiff ESN, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **ESN, LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:07-cv-156-DF-CMC** |
| **CISCO SYSTEMS, INC., and** | ) | |
| **CISCO-LINKSYS, LLC,** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

# EXHIBIT A

## Part 1


US 20020176404A1

(19) **United States**

(12) **Patent Application Publication** (10) **Pub. No.: US 2002/0176404 A1**

**Girard** (43) **Pub. Date: Nov. 28, 2002**

(54) DISTRIBUTED EDGE SWITCHING SYSTEM FOR VOICE-OVER-PACKET MULTISERVICE NETWORK

(76) Inventor: Gregory D. Girard, Beverly, MA (US)

Correspondence Address:
**ERIC L. PRAHL**
**Fish & Richardson P.C.**
**225 Franklin Street**
**Boston, MA 02110-2804 (US)**

(21) Appl. No.: **10/122,589**

(22) Filed: **Apr. 15, 2002**

**Related U.S. Application Data**

(60) Provisional application No. 60/283,888, filed on Apr. 13, 2001.

**Publication Classification**

(51) Int. Cl.$^7$ .................................... H04L 12/66

(52) U.S. Cl. .................. 370/352; 370/522; 379/88.17; 379/207.02

(57) **ABSTRACT**

A network device including a plurality of communication interfaces, including a telephone line interface, a computer data interface, and a broadband network interface; a processor; a machine-readable storage medium which during use stores a call processing application and service profiles, and which stores executable instructions to mediate communications between the plurality of communication interfaces, the instructions causing the network device to detect network signaling events or trigger points in a telephone call and invoke the call processing application in response to the detected network signaling events or trigger points, the call processing application operating according to parameters defined in the service profiles.

Case 5:08-cv-00049-RAJ-LH Document 67-12 Filed 04/22/2009 Page 17 of 21

Patent Application Publication Nov. 28, 2002 Sheet 1 of 13 US 2002/0176404 A1

SERVICE NETWORK
(SCPs)
SS#7 TRANSPORT NETWORK
(STPs)
SIGNALING
LINE
CALL PROCESSING
TRUNK
TDM TRANSPORT NETWORK
SIGNALING
TRUNK
CALL PROCESSING
LINE
CENTRAL OFFICE SWITCH
A.K.A. CLASS 5 SWITCH
(SSP)

**FIGURE 1**

CISCO.000099

Patent Application Publication Nov. 28, 2002 Sheet 2 of 13 US 2002/0176404 A1

THIRD PARTY VOICE SERVICES
APPLICATION SERVERS
JAIN/PARLAY
PSTN
SS#7 (ISUP, TCAP)
SIGNALING GATEWAY
SCTP
MEDIA GATEWAY CONTROLLER
CONTROL
MEGACO (H.248)
RTP
CODEC
TRUNK
T1/E1 ISDN-PRI
TRUNK GATEWAY (MEDIA GATEWAY)
MEGACO (H.248)
MEGACO (H.248)
CONTROL
LINE
CODEC
RTP
CONTROL
RTP
CODEC
LINE
PACKET TRANSPORT NETWORK (IP/ATM)
RESIDENTIAL GATEWAY (MEDIA GATEWAY)
SIP-T Q.BICC
MEDIA GATEWAY CONTROLLER
MEGACO (H.248)
CALL SIGNALING PATH
PHYSICAL CONNECTION

FIGURE 2

CISCO.000100

Patent Application Publication Nov. 28, 2002 Sheet 3 of 13 US 2002/0176404 A1

THIRD PARTY MEDIA SERVICES
(VOICE, MULITMEDIA)
RESOURCES
CALL PROCESSING
CODEC
RTP
SIGNALING
APPLICATION SERVER
PSTN
SS#7
(ISUP, TCAP)
SIGNALING
RTP
CODEC
CALL PROCESSING
TRUNK
T1/E1
ISDN-PRI
PSTN GATEWAY
SIP
SIP
SIP
DATA
SIGNALING
LINE
CALL PROCESSING
CODEC
RTP
ROUTING
VOICE
VIDEO
SUBSCRIBER PREMISE
PACKET TRANSPORT NETWORK
(IP/ATM)
DATA
SIGNALING
ROUTING
RTP
CODEC
CALL PROCESSING
LINE
VOICE
EDGE SWITCH
VIDEO
SUBSCRIBER PREMISE
CALL SIGNALING PATH
PHYSICAL CONNECTION

FIGURE 3

CISCO.000101

Patent Application Publication Nov. 28, 2002 Sheet 4 of 13 US 2002/0176404 A1

ETHERNET HUB [9]
EDGE SWITCH [1]
C
SUBSCRIBER PREMISE
IP CARRIER NETWORK [6]
SYSTEM MANAGEMENT PLATFORM [2]
EDGE SWITCH [1]
A
EDGE SWITCH [1]
B
TELEPHONE STATION [3]
COMPUTER WORKSTATION [5]
SET-TOP BOX [4]
[9]
SUBSCRIBER PREMISE
SUBSCRIBER PREMISE

FIGURE 4

CISCO.000102

Patent Application Publication Nov. 28, 2002 Sheet 5 of 13 US 2002/0176404 A1

BROADBAND ACCESS NETWORK [6.1]
DC POWER SOURCE [6.2]
EDGE SWITCH [1]
BROADBAND NETWORK INTERFACE
IP ROUTING MODULE
POWER SUPPLY
COMPUTER DATA INTERFACE
VIDEO STREAMING DEVICE INTERFACE
PACKETIZATION COPROCESSOR
CENTRAL PROCESSING UNIT
MEDIA STREAM CONTROLLER
RANDOM ACCESS MEMORY
DIGITAL SIGNAL PROCESSOR [1.8]
NON-VOLATILE MEMORY
TELEPHONE LINE INTERFACE

FIGURE 5

CISCO.000103