# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

```
JOHN WARD, JR.,                    *
     Plaintiff,                    *
VS.                                *    CIVIL ACTION NO.:
CISCO SYSTEMS, INC. AND RICK       *
FRENKEL,                           *
     Defendants.                   *    08-4022
```

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORAL VIDEOTAPED DEPOSITION OF

JILLIAN POWELL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ANSWERS AND DEPOSITION OF JILLIAN POWELL, produced as a witness at the instance of the Plaintiff, taken in the above-styled and -numbered cause on the 27th day of March, 2009, A.D., beginning at 10:38 a.m., before Kelly Hassell, a Certified Shorthand Reporter in and for the State of Texas, in the offices of Baker Botts, L.L.P., located at 2001 Ross Avenue, Suite 1100, Dallas, Texas, in accordance with the Federal Rules of Civil Procedure and the agreement hereinafter set forth.

JILLIAN POWELL,    MARCH 27, 2009

Page 8

1  having been first duly cautioned and sworn to testify the
2  truth, the whole truth and nothing but the truth, testified
3  on her oath as follows:
4                    DIRECT EXAMINATION
5  BY MS. PEDEN:
6       Q    Will you please state your full name for the
7  record.
8       A    Jillian Michelle Powell.
9       Q    And your address, please.
10      A    213 Rockbrook Drive, Wylie, Texas 75098.
11      Q    Ms. Powell, have you been deposed before?
12      A    No.
13      Q    Have you ever given testimony in a court
14  proceeding before?
15      A    No.
16      Q    Are you represented by counsel today?
17      A    Yes.
18      Q    And who is your counsel?
19      A    Joseph Cheavens.
20      Q    Are you represented by Mr. Babcock?
21      A    No.
22      Q    And how about Ms. Parker?
23      A    No.
24      Q    Are you represented by anybody at Jackson Walker?
25      A    No.

1   So -- and I have those requests for admissions with me if
2   the Court would like me to fax them over. But it seems to
3   me that when it comes to providing discovery, Baker Botts
4   is a third party, but when they want to meet with opposing
5   counsel to prep a witness, then they're within the zone of
6   an attorney/client privilege. That was in a case that's
7   not this case.
8               JUDGE RAMIREZ: But does it arise out of her
9   employment for the client that Jackson Walker represents?
10  I mean, I know she was working for Baker Botts, but does it
11  arise out of her employment for Baker Botts in the course
12  of representing Jackson Walker's client?
13              MS. PEDEN: It did. So what happened here
14  was in October of 2007, Baker Botts was working with
15  Jackson Walker's client, Cisco, to get some information
16  about a case that was filed. Ms. Powell was the person who
17  called the court clerk to undertake an investigation of the
18  facts for Baker Botts. The Defendant in this case, Cisco
19  Systems, has claimed as a defense that they are not liable
20  for defamation because there's no actual malice because
21  they relied on the advice of counsel that they received
22  from Baker Botts.
23              MR. BABCOCK: Judge, this is Chip Babcock,
24  representing Cisco. That is absolutely not true, but not
25  particularly relevant to this dispute because Mr. Cheavens

1    and I do have a -- do have a joint defense agreement and it
2    seems to me that it does cover this situation.
3                MS. PEDEN:  I think, Your Honor, it covers
4    things that happened arising -- you know, the facts that
5    happened in 2007 that gave rise to this lawsuit, but I
6    don't know how they can take a joint defense agreement from
7    2007 and use it to meet and prep a witness where Baker
8    Botts is now a third party.
9                JUDGE RAMIREZ:  Well, clearly there is a
10   related interest here.  I'm not -- let me ask this:  Are
11   both parties willing to abide by my ruling today?
12               MR. BABCOCK:  Speaking for Cisco, we
13   certainly are, Your Honor.
14               MR. CHEAVENS:  Yes.  For Baker Botts, yes,
15   Your Honor.
16               MS. PEDEN:  For Plaintiff, Your Honor, we're
17   willing to abide by your ruling for the deposition today,
18   but Plaintiff intends to file a motion when the Court is --
19   where this case is pending arguing for an implied or an
20   at-issue waiver in this case.  So to the extent that the
21   Court's order doesn't implicate that at all, then
22   we're willing to abide by it.
23               JUDGE RAMIREZ:  Well, I'm not clear as to
24   the -- I mean, that's a qualified agreement.  I'm either
25   going to be giving you an opinion that's -- I mean, a

1   ruling that's binding or it becomes an advisory ruling,
2   which I'm not going to do.  So that's -- this is a
3   privilege issue, which I think is appropriate for briefing,
4   but if you want me to rule on it at this time, I will, but
5   it needs to be binding.  I'm not going to give you an
6   advisory opinion that you're going to go appeal to another
7   court without any briefing in front of me.
8               MS. PEDEN:  I understand, Your Honor.  And
9   unfortunately, we can't agree to a binding --
10              JUDGE RAMIREZ:  Okay.  Well, then I suggest
11  that you continue with the deposition and then brief this
12  case later rather than stopping for purposes of briefing,
13  but that's certainly your call.
14              MS. PEDEN:  Okay.  Thank you, Your Honor.
15              JUDGE RAMIREZ:  Thank you.
16              MR. BABCOCK:  Thank you, Judge.
17              MR. CHEAVENS:  Thank you, Your Honor.
18              THE VIDEOGRAPHER:  We are back on the
19  record.  The time is 11:15 a.m.
20      Q    (BY MS. PEDEN)  Ms. Powell, thank you for your
21  patience.
22              Other than the meeting that you had this
23  morning with Mr. Cheavens and Ms. Parker, have you had any
24  other communications, telephone conversations, with anybody
25  about your testimony today?

1   what the clerk told her.

2           MS. PEDEN:  So --

3           MR. CHEAVENS:  I didn't say anything about
4   court clerks.

5           MS. PEDEN:  So I'm going to go ahead and ask
6   about the chronology of events and communications and just
7   state for the record that I think that I've formulated my
8   questions to ask for facts that aren't covered by privilege
9   and that if they were covered by privilege, they've been
10  waived by Cisco placing at issue its reliance on advice
11  that it received from Baker Botts.  And in any event, the
12  Plaintiff has a substantial need for these -- for these
13  communications.  So that's going to be something we'll have
14  to take up with the Court, but I want it on record and
15  we'll go through and we'll try to get as much deposition
16  testimony today as we can and then we'll just, at the end
17  of the day, suspend Ms. Powell's depo pending the Court
18  ruling.

19          MR. BABCOCK:  As long as we're getting
20  things on the record, we are not relying on advice of
21  counsel defense.

22          MR. PATTON:  That's Mr. Babcock?

23          MR. BABCOCK:  Do you know that that's me
24  speaking?

25          THE COURT REPORTER:  Yes.

1           MS. PEDEN:  And maybe I should be more
2   precise.  It's my patent litigation coming out when I say
3   "reliance on advice of counsel."  What I mean is that it's
4   a central issue in this case and that Cisco has put it at
5   issue --
6           MS. PARKER:  Put what at issue?
7           MS. PEDEN:  Put communications with counsel
8   at issue.  So it's just something we're going to have to
9   brief.  I know we won't agree on it today.
10          MR. BABCOCK:  It's just my training as a
11  lawyer, when I hear advice of counsel defense, that means
12  something to me and we have not asserted that either by
13  pleading or in any other way.
14      Q    (BY MS. PEDEN)  Okay.  So, Ms. Powell, I was
15  asking you about your telephone conversation with
16  Mr. Pankratz and I think the last question I asked was what
17  facts, if any, you learned from Mr. Pankratz about the
18  filing of the ESN versus Cisco complaint.
19          MR. CHEAVENS:  And I instructed the witness
20  not to answer.
21      Q    (BY MS. PEDEN)  So my next question is, did you
22  receive an assignment from Mr. Pankratz?
23          MR. CHEAVENS:  Same objection and
24  instruction.
25      Q    (BY MS. PEDEN)  Okay.  What did you do after you

1  STATE OF TEXAS )
2       I, Kelly Hassell, a Certified Shorthand Reporter in
3  and for the State of Texas, do hereby certify that,
4  pursuant to the agreement hereinbefore set forth, there
5  came before me on the 27th day of March, A.D., 2009, at
6  10:38 a.m., at the offices of Baker Botts, L.L.P., located
7  at 2001 Ross Avenue, Suite 1100, in the City of Dallas,
8  State of Texas, the following named person, to wit:
9  JILLIAN POWELL , who was by me duly cautioned and sworn to
10 testify the truth, the whole truth and nothing but the
11 truth, of her knowledge touching and concerning the matters
12 in controversy in this cause; and that she was thereupon
13 carefully examined upon her oath, and her examination was
14 reduced to writing under my supervision; that the
15 deposition is a true record of the testimony given by the
16 witness, same to be sworn to and subscribed by said witness
17 before any Notary Public, pursuant to the agreement of the
18 parties; and that the amount of time used by each party at
19 the deposition is as follows:
20       Mr. Peden - 2 hours, 59 minutes,
21       Mr. Babcock - 4 minutes;
22     I further certify that I am neither attorney or
23 counsel for, nor related to or employed by, any of the
24 parties to the action in which this deposition is taken,
25 and further that I am not a relative or employee of any

1  attorney or counsel employed by the parties hereto, or
2  financially interested in the action.
3       I further certify that, before completion of the
4  deposition, the Deponent _____, and/or the
5  Plaintiff/Defendant _____, did ___ did not ___ request
6  to review the transcript.
7       In witness whereof, I have hereunto set my hand and
8  affixed my seal this 2nd day of April, A.D., 2009.

```
                    _____
                    KELLY HASSELL, CSR No. 5729
                    Cert. Expires 12/31/09
                    Esquire Deposition Services
                    Firm Registration No. 286
                    1700 Pacific Avenue
                    Suite 4750
                    Dallas, Texas   75201
                    (214) 257-1436
                    (800) 852-9737
                    (214) 954-4111 (Fax)
```