## Patricia L. Peden

**From:**       Patricia L. Peden [ppeden@pedenlawfirm.com]
**Sent:**       Friday, May 15, 2009 12:41 PM
**To:**         'Babcock, Chip'; 'Parker, Crystal'
**Cc:**         'nickpatton@texarkanalaw.com'; 'gpc@texarkanalaw.com'; 'mlong@texarkanalaw.com'
**Subject:**    RE: Ward v. Cisco

I think the record supports my recitation of the facts. You disagree, fine. I responded to answer your question about why we won't enter into the agreement you want. Our refusal to do so is not to effectuate some nefarious plan, as Cisco continues to insinuate. It is based on our good-faith observation that if we enter into the agreement you propose, we won't get all the discovery we are entitled to. We can agree to disagree and argue our respective positions to the Court. I hope that my explanation (which I have given to you before) means that Cisco will stop making unfounded arguments attacking our motives.

**From:** Babcock, Chip [mailto:cbabcock@jw.com]
**Sent:** Friday, May 15, 2009 12:11 PM
**To:** ppeden@pedenlawfirm.com; Parker, Crystal
**Cc:** nickpatton@texarkanalaw.com; gpc@texarkanalaw.com; mlong@texarkanalaw.com
**Subject:** Re: Ward v. Cisco

I don't agree with your recitation of the facts which are demonstrably false in many respects.

Sent from my BlackBerry Wireless Handheld

**From:** Patricia L. Peden
**To:** Babcock, Chip; Parker, Crystal
**Cc:** nickpatton@texarkanalaw.com ; gpc@texarkanalaw.com ; mlong@texarkanalaw.com
**Sent:** Fri May 15 14:02:33 2009
**Subject:** RE: Ward v. Cisco

Because, in our opinion, Cisco abused the agreement in the Albritton case. There, you produced the documents you wanted to produce, but we were precluded from seeking documents on your privilege log that would have also likely fell within a subject matter waiver. Some of those "privileged" communications were to non-lawyers, for whom we can't see where Cisco has a valid claim of privilege to assert. Then when we sought to question witnesses about the documents you did produce, Cisco's counsel instructed the witnesses not to answer. For example, see the objections Mr. Cheavens made during the Pankratz deposition and the objections that Ms. Parker made during the Beckwith deposition. We will not agree to limit our ability to seek documents not voluntarily produced, or that limits our ability to question witnesses regarding the subject-matter of this lawsuit. Then, to top it off, you tried to close the trial to the public based on a misrepresentation of the Albritton agreement. It cannot come as a surprise that we are unwilling to walk that path again.

Regarding the ESN v. Cisco case, I don't know anything about the issues in that case. I don't know if the documents are relevant, if ESN has asked for them, or even whether Judge Folsom would require them to be produced. In my opinion, privilege waiver is a fact intensive inquiry best left to whatever judge is presiding over the case. Judge Schell agreed.

We will tell Judge Hendren that Cisco opposes our motion.

Regards,
Patty

1

Dockets.Justia.com

**From:** Babcock, Chip [mailto:cbabcock@jw.com]
**Sent:** Friday, May 15, 2009 10:40 AM
**To:** ppeden@pedenlawfirm.com; Parker, Crystal
**Cc:** nickpatton@texarkanalaw.com; gpc@texarkanalaw.com; mlong@texarkanalaw.com
**Subject:** Re: Ward v. Cisco


Cisco is opposed.
Why won't you give us a signed agreement from ESN, Albritton and Ward that says none of those parties will claim waiver of any privilege if Cisco produces to you the privileged documents from the Albritton case and Ward will further agree that there has been no waiver to date because of any currently plead defense or otherwise (despite the judge's ruling)?

_____

Sent from my BlackBerry Wireless Handheld


**From:** Patricia L. Peden
**To:** Babcock, Chip; Parker, Crystal; Griffin, Jim
**Cc:** 'Nick Patton' ; 'Geoff Culbertson' ; 'Marcie Long'
**Sent:** Fri May 15 12:28:02 2009
**Subject:** Ward v. Cisco
Chip:

As you know, Plaintiff's Reply in support of its motion for compliance and sanctions is due next Thursday.  We think it would be helpful to Judge Hendren to see some of documents at issue in that motion and we would like to include them as exhibits to our Reply.  Since those documents were produced under the Protective Order in the Albritton case we would like Cisco's agreement to let us provide those documents to Judge Hendren under seal?  Will you agree to our motion?  If we have not heard from Cisco by close of business on Monday, we will represent to the Court that you do not oppose our motion.
Regards,
Patty

Patricia Peden
Law Offices of Patricia L. Peden
5901 Christie Ave, Suite 201
Emeryville, CA 94608
510-268-8033
ppeden@pedenlawfirm.com

*This email and any attachments may be confidential or privileged.  If you are not the intended recipient, be advised that any disclosure, copying, distribution, or use of this email is prohibited.  If you receive this email in error, please notify us by reply mail and immediately destroy all copies of this communication.*