IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ERIC M. ALBRITTON § | |
| § | |
| § | |
| v. § | C. A. NO. 6:08-CV-00089 |
| § | JURY |
| CISCO SYSTEMS, INC. and § | |
| RICK FRENKEL § | |

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO CISCO'S MOTION FOR ENTRY OF NON-WAIVER ORDER

TO THE HONORABLE COURT:

Defendants Cisco Systems, Inc. ("Cisco") and Richard Frenkel ("Frenkel"), (collectively, "Defendants") hereby file this Reply to Plaintiff's Opposition to Cisco's Motion for Entry of Non-Waiver Order and respectfully show the Court:

### I.  INTRODUCTION

The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law" and "promote[s] the broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). In an effort to cooperate in discovery in this matter, Defendants agreed to produce privileged documents provided that the privilege and confidentiality of the documents be protected. Plaintiff agreed and signed three separate agreements to that effect.

Cisco's desire to keep these documents privileged and confidential is simply to prevent a waiver of privilege in the ongoing ESN litigation.

Despite having explicitly agreed to maintain the strictest of confidentiality with respect to Cisco's privileged documents and despite having entered into **two** separate non-waiver

Federal Proceeding is binding on the parties to the agreement. Unlike 502(a), neither 502(d) nor 502(e) is limited to "inadvertent" disclosure. The Advisory Committee notes state that the rule "seeks to provide a predicable, uniform set of standards under which parties can determine the consequences of a disclosure of a communication or information covered by the attorney-client privilege or work-product protection. Parties need to know, for example, that if they exchange privileged information pursuant to a confidentiality order, the court's order will be enforceable."

This is exactly what Defendants sought to do in this case. Plaintiff's response reveals its intent to cause a wide-reaching subject-matter waiver concerning privileged matters in the ESN litigation, which is still pending, despite the fact that Plaintiff explicitly agreed not to do so. Nor does Rule 502 require a "showing of harm" to Defendants as alleged by Plaintiff. Quite simply, the Rule permits the Court to bind others to the same agreements that Plaintiff and Defendants have already agreed to.

### B. The parties agreed that there would be no waiver in exactly this situation (Reply to Response at pp. 2-5).

Plaintiff misrepresents the parties' non-waiver agreements as relating only to discovery. In fact, the agreements themselves demonstrate that Defendants were making every effort to protect the privilege while still being cooperative in discovery.

Plaintiff agreed that, with respect to the documents at issue:

> The parties agree that the production of documents does not constitute a subject matter or other waiver of privilege or work product protection as to other documents or information, and further the parties agree that they will not argue waiver of privilege or work product protection of other documents or information based on documents produced.

(Exhibit A). Plaintiff further agreed:

> Eric Albritton **agrees… not to move to de-designate [as Highly Confidential under the Protective Order]** (1) any documents that were the subject of