

LEXSEE 2007 U.S. DIST. LEXIS 1749

**KENNETH WADE BURRESS AND PRISCILLA BURRESS, PLAINTIFFS vs. UNION PACIFIC RAILROAD COMPANY, MISSOURI & NORTHERN ARKANSAS RAILROAD COMPANY, INC., MISSOURI PACIFIC RAILROAD COMPANY, JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV, DEFENDANTS; MISSOURI & NORTHERN ARKANSAS RAILROAD COMPANY, INC., THIRD-PARTY PLAINTIFF; CONAGRA POULTRY COMPANY, THIRD-PARTY DEFENDANT**

1:01CV00072-WRW

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS, NORTHERN DIVISION

*2007 U.S. Dist. LEXIS 1749*

**January 8, 2007, Decided
January 8, 2007, Filed**

**SUBSEQUENT HISTORY:** Later proceeding at *Burress v. Union Pac. R.R. Co.,* 2009 U.S. Dist. LEXIS 13700 (E.D. Ark., Feb. 6, 2009)

**COUNSEL:** [*1] For Kenneth Wade Burress, Priscilla Burress, Plaintiff: David A. Hodges, Attorney at Law, Little Rock, AR; Gene A. Ludwig, Ludwig Law Firm, PLC, Little Rock, AR; Robert L. Pottroff, Myers, Pottroff and Ball, Manhattan, KS.

For Missouri & Northern Arkansas Railroad Company, Inc., ThirdParty Plaintiff: David A. Littleton, Anderson, Murphy & Hopkins, L.L.P., Little Rock, AR; Michael B. Flynn, Flynn & Associates, P.C., Quincy, MA; Overton S. Anderson, Anderson, Murphy & Hopkins, L.L.P., Little Rock, AR.

For ConAgra Poultry Company, ThirdParty Defendant: Aaron A. Clark, McGrath, North, Mullin & Kratz, PC, LLO, Omaha, NE; Alfred F. Tom Thompson, III, Murphy, Thompson, Arnold, Skinner & Castleberry, Batesville, AR; Bill H. Walmsley, Walmsley Law Firm, Batesville, AR, US; Robert D. Mullin, Jr., McGrath, North, Mullin & Kratz, PC LLO, Omaha, NE.

For Union Pacific Railroad Company, Cross Claimant: John Clayburn Fendley, Jr., Attorney at Law, Little Rock, AR; Michael B. Flynn, Flynn & Associates, P.C., Quincy, MA; William H. Sutton, Friday, Eldredge & Clark, LLP - Little Rock, Little Rock, AR.

**JUDGES:** Wm. R. Wilson, Jr., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Wm. R. Wilson, Jr.

**OPINION**

[*2] **ORDER**

Pending are Third-Party Defendant ConArgra Poultry Company's ("ConAgra") Motion for a Protective Order, [1] and Defendant and Third-Party Plaintiff, the Missouri & Northern Arkansas Railroad Company, Inc.'s ("MNAR") Motion to Compel. [2] ConAgra asserts the attorney-client privilege and asks for an order protecting its attorneys, Bill Walmsley and Tom Thompson, from compulsory depositions. MNAR asks that ConAgra be compelled to respond to its requests for production.

   1   Doc. No. 332.
   2   Doc. No. 324.

**I. Background**

This case arose as a result of personal injuries suffered by Kenneth Burress ("Burress") when he was hit by a boxcar at work. At the time of the accident, Burress was working for, and operating a switch engine owned by ConAgra.

Case 4:08-cv-04022-JLH   Document 64-6   Filed 05/21/09   Page 2 of 2

Page 2
2007 U.S. Dist. LEXIS 1749, *

Burress sued MNAR,[3] who then filed a third-party complaint against ConAgra,[4] seeking indemnification under the terms of an Industry Track Agreement ("Agreement"). ConAgra denied that the Agreement applied because of MNRA's negligence.[5]

[*3]
 3   Doc. No. 1.
 4   Doc. No. 17.
 5   Doc. No. 18.

Burress and MNAR settled the tort claim for $5,000,000. After this settlement, ConAgra amended its answer, and affirmatively asserted that the settlement was unreasonable.[6]

 6   Doc. No. 271.

Summary Judgment was granted in favor of MNAR on the basis that the accident and the I i related losses were covered by the indemnity provisions of the Agreement. However, the issue of the settlement's reasonableness was held over for trial.

## II. Authority

As a general rule, a party does not waive the attorney-client privilege by simply bringing or defending a lawsuit.[7] The attorney-client privilege is generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation.[8] To waive the privilege, a party must do more than deny allegations, he must affirmatively raise new factual or legal issues that involve privileged communications. [*4] [9] But, the issue need not be raised as an affirmative defense or by the party's pleadings.[10]

 7   *GAB Business Services, Inc. v. Syndicate 627,* 809 F.2d 755 (11th Cir. 1987).
 8   *Garcia v. Zenith Electronics Corp.,* 58 F.3d 1171, 1175 (7th Cir. 1995); see *Manning v. Buchan,* 357 F. Supp. 2d 1036, 1039 (N.D. Ill. 2004).
 9   *Rhone Pouleac-Rorer Inc. v. Home Indemnity Co.,* 32 F.3d 851, 863 (3d Cir. 1994); *U.S. v. Bilzerian,* 926 F.2d 1285 (2d Cir. 1991).
 10  *In re Barinco Corp. Securities Litigation,* 148 F.R.D. 91 (S.D. N.Y. 1993).

A protected communication is not placed in issue just because it is relevant.[11] Instead, the privilege is waived when the party attempts to prove the claim or defense by disclosing or relying on attorney client communication.[12] In other words, the waiver principle is applicable where a party puts his understanding of the law in issue.[13] Moreover, a defendant may not use [*5] the privilege to prejudice his opponent's case by disclosing selected communications for self-serving purposes.[14] Thus, the privilege may be waived when a party asserts a claim that, in all fairness, requires examination of each party's protected communications.[15]

 11  *Rhone Pouleac-Rorer Inc.,* 32 F.3d at 863.
 12  *Id.,* see also *Chevron Corp. v. Pennzoil Co.,* 974 F.2d 1156 (9th Cir. 1992); *Handgards, Inc. v. Johnson & Johnson,* 413 F. Supp. 926, 929 (N.D. Calif. 1976).
 13  *Bilzerian,* 926 F.2d at 1292.
 14  *In re Von Bulow,* 828 F.2d 94, 101-02 (2d Cir. 1991).
 15  *United States v. Exxon Corp.,* 94 F.R.D. 246, 249 (D. D.C. 1981).

## III. Discussion

ConAgra asserts that the waiver principle applies only to MNAR because it has the burden to prove that the settlement was reasonable. While I agree that MNAR has the burden of proof, I do not agree that MNAR is the only party that has waived [*6] the attorney-client privilege.

ConAgra objected to the mediation between Burress and MNAR as unreasonable, and, after the mediation ended in settlement, ConAgra questioned the reasonableness of the settlement.[16] ConAgra's alleged legal understanding of the true extent of liability and damages is at the heart of its refusal to indemnify MNAR. Thus, ConAgra has asserted a claim that puts its attorneys' advice at the center of this litigation. Accordingly, MNAR has a right to discover the basis for ConAgra's legal conclusion that the whole settlement process was unreasonable. In sum, ConAgra has asserted a claim that, in fairness, calls for the disclosure of all privileged communications.

 16  Doc. No. 263.

MNAR's Motion to Compel is GRANTED with respect to requests for production numbered 1, 4, 5, 8 and 11. The responses should be submitted no later than Friday, January 19, 2007. ConAgra's Motion for a Protective Order is DENIED. The depositions of Mr. Walmsley and Mr. Thompson may go forward.

IT IS SO ORDERED [*7] this 8th day of January 2007.

/s/ Wm. R. Wilson, Jr.

UNITED STATES DISTRICT JUDGE