IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § § § | |
| v. | § § | C. A. NO. 08-4022 <br> JURY TRIAL DEMANDED |
| CISCO SYSTEMS, INC. | § § | |

### CISCO SYSTEMS, INC.'S AMENDED OBJECTIONS AND ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

TO:  John Ward, Jr., by and through his attorney of record, Nicholas H. Patton, Patton, Tidwell & Schroeder, LLP, 4605 Texas Boulevard, Texarkana, Texas.

Pursuant to FED.R.CIV.P. 33, Defendant Cisco Systems, Inc. serves these Amended Objections and Answers to Plaintiff's Second Set of Interrogatories.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
Charles L. Babcock
Federal Bar No.: 10982
Email: cbabcock@jw.com
Crystal J. Parker
Federal Bar No.: 621142
Email: cparker@jw.com
1401 McKinney
Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

28(c)  Cisco cannot respond for the reasons stated in 28(a).

28(d)  See response to 28(a).

**Admission 37**

29(a)  Cisco denied the request because it does not admit that John Ward Jr. is a private figure. Discovery in this case is ongoing, and Cisco will seek discovery showing that John Ward Jr. is a public figure.

29(b)  Cisco is not able to respond because it has not yet received discovery on this matter.

29(c)  John Ward and potentially others; Cisco is not able to respond because it has not yet received discovery on this matter.

29(d)  See response to 29(a).

2. CISCO's Answer states that CISCO is immune from civil liability pursuant to Section 16-63-504 of the Arkansas code. Please IDENTIFY ALL material and principle facts in support of Cisco's claim stated in paragraph 25 of CISCO's Answer.

**ANSWER:**

Cisco objects on the basis that the number of interrogatories, combined with Ward's First Set of Interrogatories, exceeds 25 interrogatories, including all discrete subparts. Cisco further objects to this interrogatory on the basis that: (1) it purports to expand Defendant's obligations beyond what is required by the Federal Rules of Civil Procedure by attempting to require Defendant to "identify" documents rather than produce the documents; (2) it calls for a legal conclusion.

Subject to and without waiving the foregoing objection, Cisco identifies the following:

Section 16-63-501 through 16-63-508 of the Arkanas Code (the "Anti-SLAPP Statute") and the complained-of articles. The complained-of articles on the Patent Troll Tracker blog are a valid exercise of the Constitutional right of freedom of speech, which the Anti-SLAPP Statute seeks to protect from being chilled through abuse of the judicial process. This is a strategic lawsuit against political participation which the Anti-SLAPP statute seeks to avoid. The articles at issue address an issue of public interest or concern because they were made in connection with an issue under consideration or review by a legislative or judicial body. In addition, the articles are privileged communications because they are an expression of opinion or criticism in regard to a legislative or judicial proceeding and a criticism of the official act of the clerks of the Eastern District of Texas. The statements made in the complained-of articles were not made with knowledge that they were false or with reckless disregard of whether they were false.

Therefore, pursuant to the Anti-SLAPP Statute, Cisco is immune from civil liability. See Ward 000003-5, Ward 000009-10. See proposed legislation at: http://thomas.loc.gov/cgi-bin/query/z?c110:H.R.1908 and http://thomas.loc.gov/cgi-bin/query/z?c110:S.1145:

3.  CISCO's Answer states that complained of statements are privileged. Please IDENTIFY ALL material and principle facts in support of Cisco's claim stated in paragraph 27 of CISCO's Answer.

**ANSWER:**

> Cisco objects on the basis that the number of interrogatories, combined with Ward's First Set of Interrogatories, exceeds 25 interrogatories, including all discrete subparts. Cisco objects to this interrogatory on the basis that: (1) it purports to expand Cisco's obligations beyond what is required by the Federal Rules of Civil Procedure by attempting to require Cisco to "identify" documents rather than identify them by bates label; (2) it calls for a legal conclusion; and (3) discovery is ongoing and Ward and other third parties may have documents or facts that are responsive to this request that are not in the custody or control of Cisco.

Subject to and without waiving the foregoing objection, The articles are privileged communications because they are an expression of opinion or criticism in regard to a legislative or judicial proceeding and a criticism of the official act of the clerks of the Eastern District of Texas. The statements made in the complained-of articles were not made with knowledge that they were false or with reckless disregard of whether they were false. The statements were a publication by a newspaper or other periodical and was a true and impartial account of a judicial or official proceeding to administer the law or was a reasonable and fair comment on or criticism of an official act of a public official or other matter of public concern published for general information. See Ward 000003-5, Ward 000009-10. See links to proposed legislation at: http://thomas.loc.gov/cgi-bin/query/z?c110:H.R.1908 and http://thomas.loc.gov/cgi-bin/query/z?c110:S.1145:

4.  CISCO's Answer states that the complained of statements are true or substantially true. Please IDENTIFY ALL material and principle facts in support of Cisco's claim stated in paragraphs 28-29 of CISCO's Answer.

**ANSWER:**

> Cisco objects on the basis that the number of interrogatories, combined with Ward's First Set of Interrogatories, exceeds 25 interrogatories, including all discrete subparts. Cisco objects to this interrogatory on the basis that: (1) it purports to expand Defendant's obligations beyond what is required by the Federal Rules of Civil Procedure by attempting to require Defendant to "identify" documents rather than identify them by bates label (2) Plaintiff has failed to identify the statements he complains about and (3)

Cisco objects on the basis that the number of interrogatories, combined with Ward's First Set of Interrogatories, exceeds 25 interrogatories, including all discrete subparts. Cisco objects to this interrogatory on the basis that: (1) it purports to expand Defendant's obligations beyond what is required by the Federal Rules of Civil Procedure by attempting to require Defendant to "identify" documents rather than produce the documents; (2) it calls for information and materials outside the custody or control of Cisco. Cisco is conducting discovery of Ward regarding this issue and incorporates by reference Ward's responses to discovery regarding his damages.

Subject to and without waiving the foregoing, Cisco has no knowledge that Ward has suffered any damages. On the contrary, his business appears to be thriving, as evidenced by the publically available records for filings in the Eastern District of Texas. Cisco intends to conduct discovery on Ward concerning this issue. In addition, the articles at issue were not widely viewed prior to Ward filing this lawsuit and the articles did not appear in the top results for Ward in a Google search as alleged in Ward's Complaint. See bates labels:
ARK.0001428
ARK.0001470-71
ARK.001539-52
Ward 000077-78
Ward 000092-96
Ward 000098-99
Ward 000100
Ward 000104-106


7.      Cisco's Answer states that Plaintiff cannot prove sufficient facts of any actual malice on Defendant's part. Please IDENTIFY ALL material and principle facts in support of Cisco's claim in paragraph 32 of CISCO's Answer.

**ANSWER:**

Cisco objects on the basis that the number of interrogatories, combined with Ward's First Set of Interrogatories, exceeds 25 interrogatories, including all discrete subparts. Cisco objects to this interrogatory on the basis that it purports to expand Defendant's obligations beyond what is required by the Federal Rules of Civil Procedure by attempting to require Defendant to "identify" documents rather than produce the documents.

Subject to and without waiving the foregoing objections, Plaintiff has not identified any evidence that Defendant published the statement with knowledge that it was false or with reckless disregard of whether it was false or not, and Defendants believe that there is no evidence or insufficient evidence that Defendant published the statement with knowledge that it was false or with reckless disregard of whether it was false or not. On the contrary, the evidence shows that Frenkel and reasonably believed that the complained-of