# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JOHN WARD, JR. § § § § v. § § CISCO SYSTEMS, INC. AND RICK § FRENKEL § § | C.A. NO. 08-4022 JURY TRIAL DEMANDED |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT CISCO SYSTEMS, INC.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff John Ward Jr., requests that Defendant Cisco Systems, Inc. answer the following interrogatories, in writing and under oath, within thirty (30) days of service hereof.

All interrogatories propounded by Plaintiff are deemed to be continuing in nature and therefore will require prompt supplementation upon the discovery of additional information by Defendant, to the extent that such information may be responsive to one or more of Plaintiff's interrogatories.

### I.      DEFINITIONS

For purposes of responding to the following interrogatories only:

1.     The use of a verb in any tense shall be construed as the use of that verb in all other tenses necessary to bring within the scope of the request anything that might otherwise be construed as outside its scope.

2.     A plural noun shall be construed as a singular noun and a singular noun shall be construed as a plural noun whenever necessary to bring within the scope of the request anything that might otherwise be construed outside its scope.

3.     As used herein, "all" means "any and all" and "any" means "any and all."

4.     As used herein, "and" and "or" encompass both "and" and "or," and references shall be construed either a singular or plural, as necessary to bring within the scope of these

requests any information or DOCUMENTS and things that might otherwise be construed to be outside their scope.

5. As used herein, the terms Cisco Systems, Inc., Cisco or "you" or "your" shall mean Cisco Systems, Inc., INCLUDING its subsidiaries, parents, divisions and accountants and all past or present directors, officers, agents, representatives, EMPLOYEES, consultants, attorneys, entities acting in joint-venture or partnership relationships with Cisco and others acting on behalf of Cisco, INCLUDING individuals and/or companies who have participated in Cisco's defense in this case.

6. As used herein, "COMPANY" or "ENTITY" means any company, business, or legal entity, including corporations, proprietorships, partnerships, joint-ventures, businesses, consortiums, associations, foundations, governmental agencies or instrumentalities and INCLUDES that company or entity's agents, representatives, affiliates, parents, predecessors and successors in interest, servants, EMPLOYEES, attorneys, and all other persons or entities, over whom that company or entity has control or who have been hired, retained, or employed for any purpose by that company or entity. When the term "company" is used in the context of a question to Cisco, the term is means CISCO.

7. As used herein, "CONCERNING" means analyzing, addressing, consisting of, constituting, regarding, referring to, relating to, refuting, discussing, describing, evidencing, memorializing, reflecting, commenting on, or otherwise having any logical or factual connection to the subject matter of the request.

8. As used herein, "COMMUNICATION" means any transmittal of information from one PERSON to another by any means, INCLUDING letters, correspondence, notes, records, reports, papers, facsimiles, electronic mail, electronic mail generated from a hand held personal device INCLUDING a Blackberry or iPhone, instant messaging, internet relay chat, news group, group or collaboration servers, electronic bulletin boards, electronic discussion boards, dictation tapes, video recordings, audio recordings, digital recordings, memoranda, telegrams, telecopies and telexes, teleconference, collaboration servers (including share point

servers), web-based or software virtual meetings INCLUDING Web-X and any other meeting software and share point servers, and oral contact such as face-to-face meetings, telephone conversations and voice mail messages.

9. As used herein, the term "DATE" shall mean the exact day, month and year, if ascertainable, or, if not, the closest approximation thereto.

10. As used herein, "DESCRIBE" or "DESCRIPTION" means to IDENTIFY and explain with a description sufficient to ascertain the background, origin, nature, characteristics of and all facts and circumstances responsive to the question posed.

11. As used herein, "DOCUMENT(S)" means any written, printed, typed, recorded, magnetic, punched, copied, graphic or other tangible thing in, through, or from which information may be embodied, translated, conveyed, or stored INCLUDING correspondence, memoranda, notes, records, books, papers, telegrams, telexes, electronic mail, group or collaboration servers (INCLUDING share point servers), electronic bulletin boards, electronic discussion boards, dictation tapes, video recordings, audio recordings, digital recordings, computer tapes (INCLUDING back-up tapes), computer disks (INCLUDING backup disks), computer printouts, microfilm, microfiche, worksheets, diaries, calendars, photographs charts, drawings, sketches and all other writings or drafts thereof. DOCUMENT(S) is defined to be synonymous in meaning and equal in scope to the use of that term in Fed. R. Civ. Proc. 34, and INCLUDES all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copes of any document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, or stored (INCLUDING without limitation computer programs and files containing any requested information), and any recording or writing. Any document bearing marks, INCLUDING without limitation, initials, stamped initials, comments, or notations not part of the original text or photographic reproduction thereof, is a separate DOCUMENT.

12. As used herein, "EMPLOYEE" means any director, trustee, officer, employee, partner, corporate parent, subsidiary, affiliate, contract employee, or retained employee or servant of the designated entity, whether active, retired, full-time, part-time, current or former, and compensated or not.

13. As used herein, "INCLUDE" means "include without limitation"

14. As used herein, "INCLUDING" means "including but not limited to."

15. As used herein, the term "IDENTIFY" and "IDENTIFICATION" shall mean:

a. with respect to a PERSON, his or her full name and present employer (or, alternatively last known place of employment), date(s) of commencement and/or termination of such employment, job title and description of his or her duties, and last known address;

b. with respect to a COMPANY or other legal ENTITY, the full name, address and state of incorporation and the IDENTITY of any PERSON who acted on behalf of such ENTITY with respect to the subject matter of the interrogatory;

c. with respect to a COMMUNICATION, the date of the COMMUNICATION, the method of transmission (i.e., personal meeting, telephone call, electronic mail, etc), all recipients of the COMMUNICATION, the sender of the COMMUNICATION, and the contents of the COMMUNICATION.

d. with respect to a DOCUMENT or PUBLICATION means to state the date, author(s), format (i.e., memorandum, book, photograph, etc.), and title or subject matter of the DOCUMENT or PUBLICATION

e. with respect to an activity, the event(s) and/or occurrence(s) that constitute the activity, the PERSON(S) involved in the activity, the date(s) on which the activity took place and the location(s) where the activity took place.

f. With respect to a factual or legal basis means a description sufficient to ascertain the background, origin, nature, characteristics of and all facts and circumstances responsive to the question posed.

4

16. As used herein, "PERSON" or "PERSONS" means any natural person and other cognizable entity, including corporations, proprietorships, partnerships, joint-ventures, businesses, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

17. As used herein, the term "PUBLICATION' means any printed or recorded DOCUMENT distributed INCLUDING any magazine, newspaper, trade journal, article, dissertation, presentation, lecture, white paper, presentation handout, slide, drawing , graphical representation, book, web page, abstract, catalogue, advertisement, newsletter, electronic bulletin board, and electronic newsgroup.

18. As used herein, the term "TIME" shall mean the exact time of day, with time zone indicated, if ascertainable, or, if not, the closest approximation thereto.

19. As used herein, "YOU" and "YOUR" means CISCO and all of its agents, representatives, EMPLOYEES, or attorneys.

## II.   INSTRUCTIONS

1. In answering these interrogatories, CISCO is required to furnish truthfully and in good faith all information that is presently available to CISCO, regardless of whether such information was obtained directly by CISCO.

2. If any of the following interrogatories cannot be answered in full, please answer to the extent possible, specifying the reasons for CISCO's inability to answer the remainder of the interrogatory and stating whatever information, knowledge or belief that CISCO does have concerning the unanswered portion thereof.

3. Each interrogatory shall be answered fully unless it is in good faith objected to, in which event the reasons for CISCO's objection shall be stated in detail. If an objection pertains to only a portion of an interrogatory, or a word, phrase or clause contained in it, CISCO is required to state CISCO's objection to that portion only and to respond to the remainder of the interrogatory, using CISCO's best efforts to do so.

4. CISCO's answers hereto are to be signed and verified by the person making them, and the objections sighed by the attorney making them.

5. If an interrogatory is silent as to the time period for which a response is sought, please respond with respect to the time period commencing October 1, 2007 through the date of CISCO's response.

6. If CISCO or CISCO's counsel asserts that any information or response requested herein is privileged or otherwise protected from discovery, please set forth in CISCO's written response hereto with respect to each DOCUMENT, COMMUNICATION or thing for which a claim of privilege is made:

   a. The place, approximate DATE, approximate TIME, and manner of recording, creating or otherwise preparing the DOCUMENT, COMMUNICATION or thing;

   b. The name and organizational position, if any, of each sender of the DOCUMENT, COMMUNICATION or thing;

   c. The name and organizational position, if any, of each recipient and/or custodian of the DOCUMENT, COMMUNICATION or thing;

   d. A statement of the basis on which privilege is claimed with respect to each DOCUMENT, COMMUNICATION or thing and whether or not its contents are limited solely to legal advice or information provided for the purpose of securing legal advice; and

   e. The number of the interrogatory to which the DOCUMENT, COMMUNICATION or thing is responsive.

7. If any DOCUMENT, COMMUNICATION or thing identified in response to any of these interrogatories was, but is no longer in the possession, custody or subject to the control of CISCO and/or its EMPLOYEES, or is no longer in existence, state whether it

   a. Is missing or lost;

   b. Has been destroyed;

c. Has been transferred, voluntarily or involuntarily, to others and state the IDENTITY of those PERSONS to whom it has been transferred;

d. Has been otherwise disposed of, and in each instance, explain the circumstances surrounding such disposition, state the DATE and TIME, or approximate DATE and TIME thereof, and the IDENTITY of the PERSONS with knowledge of such circumstances; or

e. IDENTIFY the DOCUMENTS, COMMUNICATION or thing that is missing, lost, destroyed, transferred, or otherwise disposed of, by author, DATE or approximate DATE, TIME or approximate TIME, subject matter, addressee and the number of pages.

8. CISCO is required to supplement each response hereto to the full extent provided for in Federal Rule of Civil Procedure 26(e) and the local rules.

### III.   INTERROGATORIES

1. IDENTIFY and DESCRIBE all actions undertaken by YOU or at YOUR direction to retain, locate, and produce communications between the Troll Tracker and/or Rick Frenkel or any other PERSONS, CONCERNING ESN, the filing of the ESN complaint, Plaintiff Ward, Ward's co-counsel Eric Albritton, the law firm of McAndrews Held & Malloy, or any other information that may be relevant to this case, INCLUDING the gMail account Frenkel used to correspond as the Troll Tracker, and separately and for each action IDENTIFY the persons involved, the DATE of the action, and DESCRIBE DOCUMENTS AND COMMUNICATIONS that were obtained.

2. IDENTIFY each PERSON or COMPANY with whom CISCO or its EMPLOYEES had any COMMUNICATION between October 14, 2007 and March 7, 2008 CONCERNING the Troll Tracker October 17, 2007 Post, the October 18, 2007 Post, and the revised October 18, 2007 Post, and separately and for each COMMUNICATION IDENTIFY the DATE, TIME, PERSONS involved, the purpose of the COMMUNICATION, DESCRIBE THE

COMMUNICATION and IDENTIFY ANY DOCUMENTS CONCERNING that COMMUNICATION.

3. IDENTIFY each PERSON or COMPANY with whom CISCO or its EMPLOYEES had any COMMUNICATION between October 14, 2007 and March 7, 2008 CONCERNING the filing of the ESN complaint, Ward's role in that filing, the role of Ward's co-counsel, Eric Albritton, in that filing, and the role of Ward's co-counsel McAndrews Held & Malloy in that filing, and separately and for each COMMUNICATION IDENTIFY the DATE, TIME, PERSONS involved, the purpose of the COMMUNICATION, DESCRIBE THE COMMUNICATION and IDENTIFY ANY DOCUMENTS CONCERNING that COMMUNICATION.

4. IDENTIFY ALL COMMUNICATIONS between CISCO and any PERSON and/or COMPANY CONCERNING whether the allegations made in the October 17, 2007 Post, the October 18, 2007 Post, and/or the revised October 18, 2007 were accusations of criminal, unethical or improper conduct, and separately and for each COMMUNICATION IDENTIFY the DATE, TIME, PERSONS involved, DESCRIBE the purpose of the COMMUNICATION, DESCRIBE the COMMUNICATION, and IDENTIFY ANY DOCUMENTS CONCERNING that COMMUNICATION.

5. IDENTIFY ALL information relied upon by Richard Frenkel in making the statements contained in the Troll Tracker October 17, 2007, October 18, 2007 and revised October 18, 2007 posts, and separately and for each piece of information IDENTIFY the DATE and TIME the information was received by Frenkel, IDENTIFY all DOCUMENTS CONCERNING the information received, IDENTIFY ALL PERSONS involved in the information received, IDENTIFY the nature of any COMMUNICATION involved INCLUDING the DATE, TIME, and ALL PERSONS involved in the COMMUNICATION, and IDENTIFY all DOCUMENTS CONCERNING that COMMUNICATION.

6. IDENTIFY the DATE and TIME that CISCO first became aware that ESN claimed that the filing date of the complaint as listed on the court's docket was an error and

8

DESCRIBE the circumstances under which CISCO obtained that knowledge INCLUDING ALL PERSONS involved, all COMMUNICATIONS involved and separately and for each COMMUNICATION the DATE, TIME, ALL PERSONS involved, the content of the COMMUNICATION, what prompted the COMMUNICATION, the form of the COMMUNICATION, and IDENTIFY ALL DOCUMENTS CONCERNING CISCO's knowledge.

7. IDENTIFY ALL PERSONS or COMPANIES who knew that Richard Frenkel was the Troll Tracker before he publically identified himself as such on the Troll Tracker Blog, and separately and for each PERSON or COMPANY IDENTIFY the DATE upon which they obtained that knowledge, IDENTIFY the source of that knowledge (who told them), IDENTIFY all PERSONS involved in the COMMUNICATION, DESCRIBE the circumstances leading to the disclosure, and IDENTIFY all DOCUMENTS CONCERNING that disclosure.

8. IDENTIFY ALL COMMUNICATIONS and DOCUMENTS CONCERNING whether any CISCO EMPLOYEE should be disciplined, reprimanded, chastised, admonished, warned or corrected CONCERNING the posting of the Troll Tracker October 17, 2007, October 18, 2007 and revised October 18, 2007 posts, and separately and for each COMMUNICATION or DOCUMENT IDENTIFY the DATE, TIME, ALL PERSONS involved, the nature of the COMMUNICATION or the subject-matter of the DOCUMENT, and IDENTIFY all DOCUMENTS CONCERNING each COMMUNICATION.

9. IDENTIFY all DOCUMENTS AND COMMUNICATIONS between CISCO and any PERSON or COMPANY CONCERNING Ward's Reputation INCLUDING whether CISCO has been asked by any PERSON or COMPANY about Ward, about hiring Ward, or about CISCO's perception of WARD, separately and for each COMMUNICATION DESCRIBE the COMMUNICATION, IDENTIFY the DATE, TIME, PERSONS involved, the purpose of the COMMUNICATION, DESCRIBE the COMMUNICATION, and IDENTIFY ALL DOCUMENTS CONCERNING each COMMUNICATION.

Respectfully Submitted,

*[signature]*

Nicholas H. Patton (SBN 63035)
Patton, Tidwell & Schroeder, LLP
P.O. Box 5398 / 4605 Texas Boulevard
Texarkana, Texas 75505-5398
Tel:    (903) 792-7080 / Fax: (903) 792-8233

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on this 30th day of December, 2008, a true and correct copy of the foregoing Plaintiff's Interrogatories to Defendant Cisco Systems, Inc. was served electronically and/or via U.S. First Class Mail upon:

| | |
|---|---|
| Richard E. Griffin | Attorney for Defendant Cisco Systems, Inc. |
| Charles Babcock | |
| Crystal Parker | |
| JACKSON WALKER, LLP | |
| 1401 McKinney, Suite 1900 | |
| Houston, Texas 77010 | |

*[signature]*

Nicholas H. Patton

10