# EXHIBIT C

## Parker, Crystal

| | |
|---|---|
| **From:** | Nick Patton [nickpatton@texarkanalaw.com] |
| **Sent:** | Wednesday, October 29, 2008 8:15 AM |
| **To:** | Parker, Crystal; ppeden@pedenlawfirm.com |
| **Cc:** | Babcock, Chip; glmlawoffice@gmail.com; Adair, Kathy; Senneff, Angie; Nicole Peavy; jh@jamesholmeslaw.com; Marcie Long |
| **Subject:** | RE: Albritton v. Cisco Protective Order |

Chrystal: Thanks for the P.O. We will certainly abide by the order in the Albritton case. We will need to discuss the upcoming P.O. in the Ward case.

Nick

---

**From:** Parker, Crystal [mailto:cparker@jw.com]
**Sent:** Tuesday, October 28, 2008 5:31 PM
**To:** Nick Patton; ppeden@pedenlawfirm.com
**Cc:** Babcock, Chip; glmlawoffice@gmail.com; Adair, Kathy; Senneff, Angie; Nicole Peavy; jh@jamesholmeslaw.com
**Subject:** Albritton v. Cisco Protective Order

<<DOCSOPEN-#5140740-v1-Albritton_Protective_Order.PDF>> <<2013_001.pdf>>

Nick and Patricia,

Given the nature of the highly confidential nature of documents produced in the case, I just wanted to make sure you were aware of the attached Protective Order and agreement in the Albritton v. Cisco case.

Take care,


Crystal J. Parker
Jackson Walker L.L.P.
1400 McKinney, Suite 1900
Houston, TX 77010
713-752-4200 (main)
713-752-4217 (direct)
713-752-4221 (main fax)
713-754-6717 (direct fax)
Email: cparker@jw.com

Internet Email Confidentiality

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to the addressee), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter. They are not intended or written to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal tax law or otherwise.

**Parker, Crystal**

**From:** James Holmes [jh@jamesholmeslaw.com]
**Sent:** Friday, July 18, 2008 5:11 PM
**To:** Babcock, Chip; Parker, Crystal
**Subject:** Albritton response

Chip/Crystal,

In the last paragraph of your Response you indicate that if Cisco, Albritton, ESN and Ward could reach an agreement on the "scope of waiver," you would agree to the de-designation of all documents. As you know, my client (with the consent of ESN) has already reached an agreement with you on scope of the waiver (i.e. neither side will use production of documents to argue a broader waiver). It appears to me that you are saying that you will agree to the de-designation of all documents if Ward enters the same agreement on scope of the waiver.

Please confirm this offer or inform me where I misunderstand your position.

Thanks.

**James Holmes**



THE LAW OFFICE OF JAMES HOLMES
A Professional Corporation

605 South Main, Suite 203
Henderson, Texas 75654
903.657.2800
903.657.2855 (fax)
lt@jamesholmeslaw.com

This message contains information that may be subject to the attorney-client or work product privilege, or otherwise confidential and exempt from disclosure under applicable law. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is this message intended to reflect an intention to make an agreement by electronic means. DO NOT COPY OR FORWARD TO UNAUTHORIZED PERSONS. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying or forwarding of this communication is strictly prohibited. Unauthorized interception of this message may be in violation of the Electronic Communications Privacy Act, 18 U.S.C. §2510 et seq. If you have received this communication in

error, please notify us immediately at our telephone number: (903) 657-2800.

Any US federal tax advice herein is not intended or written to be used, and cannot be used, to avoid penalties under the Internal Revenue Code, or to promote, market or recommend to another party any transaction or matter addressed herein.

## Parker, Crystal

**From:** James Holmes [jh@jamesholmeslaw.com]
**Sent:** Tuesday, July 22, 2008 4:25 PM
**To:** Babcock, Chip; Parker, Crystal
**Subject:** Cisco/Albritton

Chip/Crystal,

When can I expect to see the additional documents you have mentioned to me and to the Court? Also, I am still awaiting a response from you regarding my earlier email attempting to clarify your offer to de-designate all documents as soon as we (and Johnny) reached an agreement on the "scope of the waiver." As I noted before, my client and ESN have already reached that agreement with you. Do we need only to reach out to Johnny and his counsel?

Please let me hear from you.

*James Holmes*



THE LAW OFFICE OF JAMES HOLMES

A PROFESSIONAL CORPORATION

605 South Main, Suite 203
Henderson, Texas 75654
903.657.2800
903.657.2855 (fax)
lt@jamesholmeslaw.com

This message contains information that may be subject to the attorney-client or work product privilege, or otherwise confidential and exempt from disclosure under applicable law. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is this message intended to reflect an intention to make an agreement by electronic means. DO NOT COPY OR FORWARD TO UNAUTHORIZED PERSONS. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying or forwarding of this communication is strictly prohibited. Unauthorized interception of this message may be in violation of the Electronic Communications Privacy Act, 18 U.S.C. §2510 et seq. If you have received this communication in

error, please notify us immediately at our telephone number: (903) 657-2800.

Any US federal tax advice herein is not intended or written to be used, and cannot be used, to avoid penalties under the Internal Revenue Code, or to promote, market or recommend to another party any transaction or matter addressed herein.

**Parker, Crystal**

| | |
|---|---|
| **From:** | James Holmes [jh@jamesholmeslaw.com] |
| **Sent:** | Tuesday, October 07, 2008 11:36 AM |
| **To:** | glmlawoffice@gmail.com |
| **Cc:** | Babcock, Chip; Parker, Crystal; Nicole Peavy |
| **Subject:** | Re: Depositions |
| **Follow Up Flag:** | Follow up |
| **Due By:** | Saturday, October 11, 2008 11:00 AM |
| **Flag Status:** | Red |

That is my understanding of the waiver agreement. I know that we reached that agreement on documents, but I think we should all be clear that it includes depositions as well. If I need to prepare a more formal written agreement, please let me know.

With regard to the reputation witnesses, I should have the formal supplement ready today or tomorrow. I am waiting on client approval. As far as depositions are concerned, I am available the week of November 10, but I will have no control over these witnesses. We'll have to speak with each one regarding their respective availability.

I am also preparing to notice the Baker Botts depositions for October 28, 29 or 30. I think I can do them in a single day if we get started early (like 8 or 9). Which day would you all prefer?

*James Holmes*



THE LAW OFFICE OF JAMES HOLMES
A PROFESSIONAL CORPORATION

605 South Main, Suite 203
Henderson, Texas 75654
903.657.2800
903.657.2855 (fax)
jh@jamesholmeslaw.com

This message contains information that may be subject to the attorney-client or work product privilege, or otherwise confidential and exempt from disclosure under applicable law. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is this message intended to reflect an intention to make an agreement by electronic means. DO NOT COPY OR FORWARD TO UNAUTHORIZED PERSONS. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are

hereby notified that any dissemination, distribution, copying or forwarding of this communication is strictly prohibited. Unauthorized interception of this message may be in violation of the Electronic Communications Privacy Act, 18 U.S.C. §2510 et seq. If you have received this communication in error, please notify us immediately at our telephone number: (903) 657-2800.

Any US federal tax advice herein is not intended or written to be used, and cannot be used, to avoid penalties under the Internal Revenue Code, or to promote, market or recommend to another party any transaction or matter addressed herein.

On Oct 7, 2008, at 11:15 AM, glmlawoffice@gmail.com wrote:

> Jamey: I think I understand? Waiver of the privilege as to a specific question or document does not act as a waiver to other claimed privileges.
>     Also, can we schedule the depositions of your reputational witnesses (Sam Baxter, Otis Carroll, Scott Stevens and "a few others") for the week of Nov 3 or 10. I don't think you have supplemented.
>     Thanks, George
> Sent via BlackBerry by AT&T
>
> -----Original Message-----
> From: James Holmes <jh@jamesholmeslaw.com>
>
> Date: Tue, 7 Oct 2008 09:35:12
> To: Chip Babcock<cbabcock@jw.com>; <glmlawoffice@gmail.com>
> Subject: Depositions
>
>
> Gentlemen,
>
> Are we proceeding with the depositions under the same scope of the waiver agreement? My understanding is that both sides will be free to either invoke or waive the privilege in response to questions and that any decision to waive privilege will not be the basis for any argument of a broader subject matter waiver.
>
> Are we all on the same page?
>
> James Holmes

605 South Main, Suite 203
Henderson, Texas 75654
903.657.2800
903.657.2855 (fax)
jh@jamesholmeslaw.com

This message contains information that may be subject to the attorney-
client
or work product privilege, or otherwise confidential and exempt from
disclosure under applicable law. Unless expressly stated otherwise,
nothing
contained in this message should be construed as a digital or electronic
signature, nor is this message intended to reflect an intention to
make an
agreement by electronic means. DO NOT COPY OR FORWARD TO UNAUTHORIZED
PERSONS. If you are not the intended recipient or the employee or agent
responsible for delivering the message to the intended recipient, you
are
hereby notified that any dissemination, distribution, copying or
forwarding
of this communication is strictly prohibited. Unauthorized
interception of
this message may be in violation of the Electronic Communications
Privacy
Act, 18 U.S.C. §2510 et seq. If you have received this communication in
error, please notify us immediately at our telephone number: (903)
657-2800.

Any US federal tax advice herein is not intended or written to be
used, and
cannot be used, to avoid penalties under the Internal Revenue Code, or
to
promote, market or recommend to another party any transaction or matter
addressed herein.

## Parker, Crystal

| | |
|---|---|
| **From:** | Babcock, Chip |
| **Sent:** | Friday, October 24, 2008 4:01 PM |
| **To:** | 'James Holmes'; glmlawoffice@gmail.com |
| **Cc:** | Parker, Crystal |
| **Subject:** | Agreement for Deposition Testimony in Albritton v Cisco etal |

Jamey/George,

The parties to the above referenced suit agree that any answer given at a deposition will not waive the attorney/client or attorney work product privileges and that the parties may designate any answer given at a deposition as confidential under the protective order which allows protection of privileged information. This does not preclude the invocation of a privilege at any deposition nor does it prohibit any party from moving to compel the answer to any question which has not been answered at the deposition.

If this represents our agreement please say so by return email.

Thanks,

Chip Babcock