## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOHN WARD, JR.** | § | |
| | § | |
| **Plaintiff** | § | No.  08-4022 |
| | § | |
| **v.** | § | JURY TRIAL DEMANDED |
| | § | |
| **CISCO SYSTEMS, INC.** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

### PLAINTIFF WARD'S MOTION FOR LEAVE TO FILE A RESPONSE TO NEW ARGUMENTS RAISED FOR THE FIRST TIME IN CISCO'S SUR-REPLY, OR ALTERNATIVELY, TO STRIKE CISCO'S SUR-REPLY

To the Honorable Court:

Plaintiff John Ward, Jr. respectfully requests that the Court grant him leave to file the attached brief in order to respond to arguments and legal authority offered by Cisco for the first time in its Sur-Reply to Plaintiff's Motion for Compliance and for Sanctions.  Alternatively, Plaintiff seeks to strike the portions of Cisco's Sur-Reply identified below.

Cisco's Sur-Reply is not limited to responding to the issues raised in Ward's Reply. Cisco's motion expressly states that Cisco "hereby files its Sur-Reply in response to Plaintiff's Reply ("Reply") *and to supplement its Response* (the "Response") to Ward's Motion to Compel . . ."  *See* Sur-Reply at 1.

To shore up the gaping holes in its Response, Cisco makes the following six arguments for the first time in Sur-Reply:

1.  Cisco argues for the first time that its "motion" for reconsideration is brought pursuant to Fed. R. Civ. P. 60.  *See* Sur-Reply at 8.

Dockets.Justia.com

2. Although Cisco had ample opportunity to cite case law regarding waiver of privilege in its Response, Cisco waited until the Sur-Reply to cite any such authority.  *See* Sur-Reply at 2.

3. Although Cisco told the Court in its Response that it was not asserting a "good faith" defense, Cisco argues in Sur-Reply that it ***is contending*** that Frenkel acted in "good faith."  *See* Sur-Reply at 10.

4. Cisco argues for the first time in Sur-Reply that some of the documents at issue are protected work product entitled to "almost absolute immunity" from production.  *See* Sur-Reply at 13.

5. Cisco's Sur-Reply offers a new argument that because Ward's counsel also represents Eric Albritton in the Texas Case, the *Albritton* Agreement should be forced upon Ward.  *See* Sur-Reply at 11.

6. Cisco newly argues that the Constitution and the Arkansas SLAPP statue prohibit the award of sanctions in this case.  *See* Sur-Reply at 6.

Cisco's new arguments and citation to new case authority in Sur-Reply is improper sandbagging.  *See Neb. Plastics, Inc. v. Holland Colors Americas, Inc., 2003 U.S. Dist. LEXIS 19968, at *51 (D. Neb. 2003).*

Plaintiff requested that Cisco agree to an unopposed motion to permit Plaintiff to file a short brief to address Cisco's newly raised arguments and cases.  Cisco would not agree.  During the parties' meet and confer, Cisco stated that it did not believe that it has taken an inconsistent position in Sur-Reply about whether or not it is asserting a "good-faith" defense.  Plaintiff disagrees.  For the remaining five issues, Cisco refused to address the substance of Plaintiff's concerns, stating only that it believes that it has not raised new arguments.  Plaintiff asked Cisco to identify where the arguments above were briefed in Cisco's Response, but Cisco refused to do so during meet and confer or to provide that information to Plaintiff in a follow-up email.  Cisco took the position that it did not have to provide to Plaintiff in meet and confer what would become the substance of its opposition brief.  Cisco also stated that it would not provide the

response requested by Plaintiff unless Plaintiff paid for the attorney time necessary to respond. Cisco's refusal to address the substance of Ward's concerns, coupled with the importance of the issue at hand, has reluctantly led Plaintiff to file the instant motion asking for leave to file a brief addressing Cisco's newly raised arguments.

Although the underlying briefing has been extensive, the law of privilege is complex and the issues now before the Court have serious implications for Ward's ability to fully and fairly present his case to the jury.  Therefore, Ward requests that the Court grant him leave to file the attached brief so that the Court has the benefit of both parties' arguments on the new issues raised in Cisco's Sur-Reply.  If, however, the Court will not grant Ward leave, he requests that the Court strike the implicated sections of Cisco's Sur-Reply because it is improper for Cisco to make new arguments and to cite cases that should have been raised in Cisco's Response.

Respectfully submitted,

Nicholas H. Patton (SBN: 63035)
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard - P. O. Box 5398
Texarkana, Texas 7550505398
(903) 792-7080          (903) 792-8233 (fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street
Suite 6
Emeryville, CA 94608
Telephone: (510) 268-8033

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

This is to certify that on this 10th day of June, 2009, a true and correct copy of the foregoing document was served electronically upon:

Richard E. Griffin                    Attorney for Defendant Cisco Systems, Inc.
Charles Babcock
Crystal Parker
JACKSON WALKER, LLP
1401 McKinney
Suite 1900
Houston, Texas 77010

_____
Nicholas H. Patton

## **CERTIFICATE OF CONFERENCE**

On the 9th day of June, 2009, Plaintiff's counsel conferred in good faith with opposing counsel regarding the issues the subject of this motion. The parties were unable to reach an agreeable resolution.

_____
Nicholas H. Patton