IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. 6:08cv00089 |
| | § | |
| CISCO SYSTEMS, INC. RICHARD | § | |
| FRENKEL, MAULLUN YEN and | § | |
| JOHN NOH, | § | |
| | § | |
| Defendant | § | |

## CISCO'S MOTION FOR ENTRY OF NON-WAIVER ORDER

Defendant Cisco Systems, Inc. ("Cisco") hereby moves for entry of a non-waiver order pursuant to Rule 502 of the Federal Rules of Evidence.

The parties to this litigation have agreed that the production of any documents protected by the attorney-client privilege and work product doctrines under the protective order in this case does not waive the privilege with respect to that or any other documents. A Protective Order has already been entered in this case to deal with privileged and work-product materials, but the order expressly reserves the issue of use of confidential and privileged or work-product documents at trial.

Cisco seeks an order from the Court that use of privileged and work-product documents in this case does not waive the privilege with respect to any other cases, as the parties have already agreed. Cisco cannot permit the use of its privileged and work-product material at trial without such an order.

Cisco also requests that the Court enter an order that Cisco's privileged materials not be mentioned in open court nor filed of public record. Although the Protective Order provided strict

5428609v.1 132824/00002

protections for privilege and work-product material, it did not address the use of the materials at trial.

Pursuant to Rule 502, a Federal court may order that the privilege or protection is not waived by disclosure in connection with the litigation before the court and that the disclosure is not a waiver in any other Federal or State proceeding. Accordingly, Cisco seeks an order that the use of its privileged and work-product material in this case is not a waiver in this or any other Federal or State proceeding.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: */s/ Charles L. Babcock*
Charles L. Babcock
Federal Bar No.: 10982
Email: cbabcock@jw.com
Crystal J. Parker
Federal Bar No.: 621142
Email: cparker@jw.com
1401 McKinney
Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

5428609v.1 132824/00002

## CERTIFICATE OF CONFERNCE

Defendants attempted to reach an agreement regarding this Motion by discussion of the Motion in a telephone conference and a follow-up email on February 16, 2009, but have been advised by counsel for the Plaintiff that the Motion is opposed.

/s/ Charles L. Babcock
Charles L. Babcock

## CERTIFICATE OF SERVICE

This is to certify that on this 17th day of February, 2009, a true and correct copy of the foregoing was served via electronic mail upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
***Attorney for Defendant Richard Frenkel***

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
***Attorney for Plaintiff Eric Albritton***

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
***Attorney for Plaintiff Eric Albritton***

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
***Attorney for Plaintiff Eric Albritton***

/s/ Charles L. Babcock
Charles L. Babcock

5428609v.1 132824/00002