Case 6:08-cv-00089-JDL Document 268-7   Filed 05/08/09 Page 1 of 4
Case 4:08-cv-04022-SLH Document 266-7   Filed 06/08/2009 Page 1 of 4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| ERIC ALBRITTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:08-CV-89 |
| | § | |
| CISCO SYSTEMS, INC., RICHARD | § | |
| FRENKEL, MALLUN YEN and | § | |
| JOHN NOH, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING CISCO'S MOTIONS FOR ENTRY OF NON-WAIVER ORDER**

The following are pending before the court:

1. Cisco's motion for entry of non-waiver order (docket entry #186);

2. Plaintiff's opposition to Cisco's motion for entry of non-waiver order (docket entry #223);

3. Defendants' reply to Plaintiff's opposition to Cisco's motion for entry of non-waiver order (docket entry #235); and

4. Plaintiff's sur-reply in opposition to Defendants' motion for entry of non-waiver order (docket entry #239).

_____

1. Cisco's motion for entry of non-waiver order (docket entry #208); and

2. Plaintiff's response to Cisco's [second] motion for entry of non-waiver order (docket entry #231).

Having considered the Defendant's motions and the responsive briefing thereto, the court finds that the motions for entry of non-waiver order should be denied.

In its original motion, the Defendant moves for the entry of a non-waiver order pursuant to

-1-

dockets.Justia.com

FED. R. EVID. 502[1]. Specifically, the Defendant requests that the court order that the privilege or work product protection of any documents disclosed in connection with the case herein not be a waiver of any privilege or work product protection in this or any other Federal or State proceeding. Additionally, the Defendant requests that the court order that the Defendant's privileged and/or work product materials not be mentioned in open court or filed of public record. In its second motion, the Defendant moves the court for the entry of a non-waiver order pursuant to FED. R. EVID. 502, requesting that the court order the privilege or work product protection of any documents disclosed in connection with the case herein not be a waiver of any privilege or work product protection in this or any other Federal or State proceeding with respect to non-parties.

Cisco argues that the parties entered into a Protective Order and the following agreements:

> The parties agree that their production of documents does not constitute a subject matter or other waiver of privilege or work product protection as to other documents or information, and further the parties agree that they will not argue waiver of privilege or work product protection of other documents or information based on documents produced.

---

> Eric Albritton agrees to withdraw his Motion to De-Designate Confidential documents with prejudice and agrees not to move to de-designate (1) any documents that were the subject of Plaintiff's Motion Challenging Designation of Certain Documents as Confidential or to Modify the Protective Order ("the Motion") and (2) any documents that are the subject of this agreement. In exchange, Cisco agrees to produce the following documents within three business days with the redactions indicated below. Eric Allbritton expressly agrees that all of the following documents will be treated as privileged and are being produced as Highly Confidential documents pursuant to the Protective Order entered in this case because of the unique

---

[1] FED. R. EVID. 502 applies to cases filed after September 19, 2008. P.L. 110-322, 122 Stat. 3537, 3538, Sept. 19, 2008. This case was filed in state court on March 3, 2008, clearly before Rule 502 was enacted. However, the court may apply Rule 502 to this case if it is just and practicable. *See id*. Since the parties did not raise or discuss the applicability of Rule 502 to this case, the court finds that the application of Rule 502 to this case is just and practicable.

nature of this case.

Cisco contends that it produced allegedly privileged documents during discovery pursuant to the terms of the Protective Order and the two aforementioned agreements. Cisco now argues that pursuant to FED. R. EVID. 502(d) & (e), the allegedly privileged documents should retain their confidential status during trial. As such, Cisco contends that its allegedly privileged documents should not be mentioned in open court nor filed as part of the public record. The court is not persuaded by Cisco's arguments.

> FED. R. EVID. 502(d) states that –
>
> **(d) Controlling effect of a court order.** – A Federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure is also not a waiver in any other Federal or State proceeding.
>
> FED. R. EVID. 502(e) states that –
>
> **(e) Controlling effect of a party agreement.** – An agreement on the effect of disclosure in a Federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order.

The court notes that the agreements between the parties involved the production of allegedly privileged documents, not their use during trial. Further, the second agreement was entered into pursuant to the Protective Order. The Protective Order provides specifically as follows:

> 11. This [Protective] Order governs discovery and the pretrial stage of this litigation. The use at trial of "Confidential" information shall be subject to further order of Court, except that any information designated "Confidential" may be submitted under seal at any time. This agreement may be modified by order of the Court by motion of either party.

While Cisco would like for the court to incorporate the parties' agreements and the terms of the Protective Order concerning the production of allegedly privileged documents into a non-waiver

order concerning the use of such documents at trial, such an order would exceed the scope of the parties' agreements and the terms of the Protective Order. The court declines Cisco's invitation. Additionally, the effect of such a non-waiver order would require the court to close the courtroom during trial to the public and to seal the trial record. Cisco asks the court for this extraordinary relief without even producing the allegedly privileged documents to the court. The court has not been afforded the opportunity to review the allegedly privileged documents to determine if any privilege actually exists. Without more, the court is not inclined to exclude the public from exercising its right of access to judicial proceedings.

Finally, the Defendant's argument now has little merit in light of United States District Judge Jimm Larry Hendren's March 30, 2009 order in *John Ward, Jr. v. Cisco Systems, Inc.*, 08-4022, (W.D. Ark. 2009) (docket entry #60). In that order, it appears that Judge Hendren has now determined that the Defendant waived the attorney-client privilege on the very documents the Defendant argues are privileged herein.[2] Based on the foregoing, it is hereby

**ORDERED** that Cisco's motion for entry of non-waiver order (docket entry #186) and Cisco's motion for entry of non-waiver order (docket entry #208) are hereby **DENIED**.

**SIGNED this the 8th day of May, 2009.**

_RICHARD A. SCHELL_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[2] The court can only presume that Judge Hendren is referring to the documents at issue before this court since the Defendant did not provide this court with copies of the allegedly privileged documents.