LEXSEE


Analysis
As of: Jun 09, 2009

**FURMINATOR, INC., and, PORTERVISION, INC., Plaintiffs, vs. MUNCHKIN, INC., and KIM LAUBE & CO., INC., Defendants.**

Case No. 4:08CV00367 ERW

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION

2009 U.S. Dist. LEXIS 36015

April 28, 2009, Decided
April 28, 2009, Filed

**SUBSEQUENT HISTORY:** Motion granted by, in part, Motion denied by, in part Furminator, Inc. v. Munchkin, Inc., 2009 U.S. Dist. LEXIS 36964 (E.D. Mo., May 1, 2009)

**PRIOR HISTORY:** Munchkin, Inc. v. Furminator, Inc., 2008 U.S. Dist. LEXIS 101080 (E.D. Mo., Nov. 6, 2008)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** The court denied defendant's motion for leave to amend its response to plaintiff's request for admission. The court found that defendant could not meet the first prong of the Fed. R. Civ. P. 36(b) test, requiring proof that the amendment would promote the presentation of the merits of the claim. Defendant moved for reconsideration.

**OVERVIEW:** The court noted that the Fed. R. Civ. P. 60(b)(6) catch-all provision was not a vehicle for setting forth arguments that were made or could have been made earlier in the proceedings. Defendant's motion for reconsideration merely set forth arguments similar to those made in its original motion for leave to amend and it's reply. The court also found that defendant failed to demonstrate that relief from the court's order was justified. Various courts had interpreted the R. 36(b) test to require that the mistaken admission practically eliminate any presentation of the merits of the case. Defendant disagreed with that interpretation, but none of the cases cited by defendant affirmatively demonstrated that the standard, as applied in the instant case, was incorrect. Moreover, the existence of conflicting authority could not amount to "exceptional circumstances" sufficient to justify relief under R. 60(b)(6). Finally, the R. 36(b) test gave the court discretion in deciding whether to allow a party to amend or withdraw an admission. The court properly applied R. 36(b) and, using its discretion, determined that the requested amendment should be denied.

**OUTCOME:** The court denied reconsideration.

**CORE TERMS:** reconsideration, amend, moving party, exceptional circumstances, presentation, hair, pet, Federal Rules, case law, failed to demonstrate, abuse of discretion standard, erroneous admission, practically, reconsider, withdrawal, mistaken, cutting

**LexisNexis(R) Headnotes**

*Civil Procedure > Judgments > Relief From Judgment > Discharge, Release & Satisfaction*
*Civil Procedure > Judgments > Relief From Judgment > Excusable Neglect & Mistakes > General Overview*
*Civil Procedure > Judgments > Relief From Judgment > Extraordinary Circumstances*
*Civil Procedure > Judgments > Relief From Judgment > Fraud*
*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*

[HN1]A "motion to reconsider" is not explicitly contemplated by the Federal Rules of Civil Procedure. Typically, courts construe a motion to reconsider as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from a final judgment, order, or proceeding under Fed. R. Civ. P. 60(b). Rule 60(b) allows relief from an order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under R. 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. R. 60(b).

*Civil Procedure > Judgments > Relief From Judgment > Discharge, Release & Satisfaction*
*Civil Procedure > Judgments > Relief From Judgment > Excusable Neglect & Mistakes > General Overview*
*Civil Procedure > Judgments > Relief From Judgment > Extraordinary Circumstances*
*Civil Procedure > Judgments > Relief From Judgment > Fraud*
*Civil Procedure > Judgments > Relief From Judgment > Void Judgments*
[HN2]Motions for reconsideration are nothing more than Fed. R. Civ. P. 60(b) motions when directed at non-final orders.

*Civil Procedure > Judgments > Relief From Judgment > Extraordinary Circumstances*
[HN3]Fed. R. Civ. P. 60(b)(6)'s catch-all provision provides that relief may be granted for any other reason that justifies relief. Relief under R. 60(b) is an extraordinary remedy that is justified only under "exceptional circumstances." Further, relief is available under R. 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress.

*Civil Procedure > Judgments > Relief From Judgment > Extraordinary Circumstances*
[HN4]The Fed. R. Civ. P. 60(b)(6) catch-all provision is not a vehicle for setting forth arguments that were made or could have been made earlier in the proceedings.

*Civil Procedure > Judgments > Relief From Judgment > Discharge, Release & Satisfaction*
*Civil Procedure > Judgments > Relief From Judgment > Excusable Neglect & Mistakes > General Overview*
*Civil Procedure > Judgments > Relief From Judgment > Extraordinary Circumstances*
*Civil Procedure > Judgments > Relief From Judgment > Fraud*
*Civil Procedure > Judgments > Relief From Judgment > Void Judgments*
[HN5]Fed. R. Civ. P. 60(b) is not a vehicle for simple reargument on the merits.

*Civil Procedure > Judgments > Relief From Judgment > Extraordinary Circumstances*
[HN6]The existence of conflicting authority cannot amount to "exceptional circumstances" sufficient to justify relief under Fed. R. Civ. P. 60(b)(6).

*Civil Procedure > Judicial Officers > Judges > Discretion*
*Civil Procedure > Discovery > Methods > Admissions > Withdrawals*
[HN7]The Fed. R. Civ. P. 36(b) test gives the trial court discretion in deciding whether to allow a party to amend or withdraw an admission. Rule 36(b) states that the court may permit withdrawal or amendment.

*Civil Procedure > Judicial Officers > Judges > Discretion*
*Civil Procedure > Discovery > Methods > Admissions > Withdrawals*
[HN8]A court's discretion must be exercised in light of Fed. R. Civ. P. 36(b).

*Civil Procedure > Discovery > Methods > Admissions > Withdrawals*
[HN9]According to Fed. R. Civ. P. 36(b), the court may permit withdrawal or amendment of an admission if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

*Civil Procedure > Discovery > Methods > Admissions > Withdrawals*
[HN10]While courts are required to focus on the Fed. R. Civ. P. 36(b) test, courts are not required to ignore the moving party's excuses for an erroneous admission altogether. In addition to considering the R. 36(b) factors,

the district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits.

*Civil Procedure > Judgments > Relief From Judgment > Extraordinary Circumstances*

[HN11]"Exceptional circumstances" are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at.

**COUNSEL:** [*1] For Furminator, Inc., Consolidated Filer Plaintiff: Jonathan G. Musch, LEAD ATTORNEY, THOMPSON COBURN, St. Louis, MO.

For Furminator, Inc., f/k/a FM Acquisition Corp., Plaintiff: Alan H. Norman, David B. Jinkins, Steven E. Garlock, Jonathan G. Musch, LEAD ATTORNEY, THOMPSON COBURN, St. Louis, MO; Keith J. Grady, LEAD ATTORNEY, POLSINELLI AND SHALTON, St. Louis, MO; Fredericka B. Jura, Matthew A. Braunel, THOMPSON COBURN, St. Louis, MO.

For PorterVision, Inc., f/k/a Furminator, Inc., Plaintiff: Keith J. Grady, LEAD ATTORNEY, POLSINELLI AND SHALTON, St. Louis, MO; Steven E. Garlock, LEAD ATTORNEY, THOMPSON COBURN, St. Louis, MO; Jonathan G. Musch, THOMPSON COBURN, St. Louis, MO.

For Munchkin, Inc., Kim Laube & Co., Inc., Consolidated Filer Defendants: Deron R. Dacus, LEAD ATTORNEY, RAMEY & FLOCK, Tyler, TX; Keith J. Grady, LEAD ATTORNEY, POLSINELLI AND SHALTON, St. Louis, MO.

For Munchkin, Inc., Defendant: John L. Knoble, LEAD ATTORNEY, KNOBLE AND YOSHIDA, LLC, Philadelphia, PA; Keith J. Grady, LEAD ATTORNEY, POLSINELLI AND SHALTON, St. Louis, MO; Bryan D. LeMoine, Graham L. W. Day, POLSINELLI AND SHALTON, P.C., St. Louis, MO.

For Kim Laube & Co., Inc., Defendant: Keith J. Grady, LEAD ATTORNEY, [*2] POLSINELLI AND SHALTON, St. Louis, MO; Bryan D. LeMoine, Graham L. W. Day, POLSINELLI AND SHALTON, P.C., St. Louis, MO.

**JUDGES:** E. RICHARD WEBBER, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** E. RICHARD WEBBER

**OPINION**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Munchkin, Inc.'s Motion for Reconsideration of the Court's November 6, 2008 Memorandum and Order [doc. # 49].

**I. BACKGROUND**

On October 17, 2008, Munchkin, Inc. filed a Motion for Leave to Amend Response to Request for Admission No. 14 [doc. # 34]. Specifically, Munchkin sought leave to amend its response to FURminator, Inc.'s request that Munchkin "[a]dmit that a FurBuster TM pet grooming tool removes loose hair from a pet without cutting." Initially, Munchkin made this admission, subject to some minor objections. However, upon further investigation after the admission was made, Munchkin determined that the tool does not actually remove hair without cutting. As a result, Munchkin sought to amend its response to Admission No. 14 in order to reflect the change. On November 6, 2008, this Court issued a Memorandum and Order [doc. # 45] denying Munchkin's Motion for Leave to Amend. The Court found that Munchkin "cannot meet the first prong of the Federal Rule of Civil Procedure 36(b) [*3] test, requiring proof that the amendment would promote the presentation of the merits of this claim." (Nov. 6 Order, doc. # 45, p.3). Subsequently, Munchkin filed the pending Motion for Reconsideration of the Court's November 6, 2008 Memorandum and Order [doc. # 49]. In its Motion for Reconsideration, Munchkin argues that the November 6, 2008 Memorandum and Order

> applied a legal standard that is not consistent with the plain language of Rule 36(b) of the Federal Rules of Civil Procedure, the Advisory Committee's Notes to Rule 36(b), the case law interpreting Rule 36(b), and the strong policy of the Federal Rules of Civil Procedure to provide for the resolution of disputes on their merits.

(Memo. in Support of Mtn., doc. # 50, p.1).

**II. DISCUSSION**

[HN1]A "motion to reconsider" is not explicitly contemplated by the Federal Rules of Civil Procedure. Typically, courts construe a motion to reconsider as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from a final judgment, order, or proceeding under Fed. R. Civ.

P. 60(b). This Court's November 6, 2008 Memorandum and Order cannot be classified as a "judgment," therefore Munchkin's Motion [*4] for Reconsideration does not fall within the parameters of Rule 59(e). However, Munchkin's Motion for Reconsideration may be considered pursuant to Rule 60(b), which allows relief from an order due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); see also Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006) ("[W]e have determined that [HN2]motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'").

Although it is not clear from Munchkin's Motion, it appears that the applicable ground for relief is [HN3]Rule 60(b)(6)'s catch-all provision, which provides that relief may be granted for "any other reason that [*5] justifies relief." The Court notes that relief under "Rule 60(b) is an extraordinary remedy" that is "justified only under 'exceptional circumstances.'" Prudential Ins. Co. of America v. National Park Med. Ctr., Inc., 413 F.3d 897, 903 (8th Cir. 2005) (quoting Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999)). Further, "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005).

The Court begins by noting that [HN4]the Rule 60(b)(6) catch-all provision is not a vehicle for setting forth arguments that were made or could have been made earlier in the proceedings. See Broadway v. Norris, 193 F.3d 987, 989-90 (8th Cir. 1999) ("In their 'motion for reconsideration,' defendants did nothing more than reargue, somewhat more fully, the merits of their claim of qualified immunity. This is not the purpose of [HN5]Rule 60(b). . . . It is not a vehicle for simple reargument on the merits."). Munchkin's Motion for Reconsideration merely sets forth arguments similar to those made in its [*6] original Motion for Leave to Amend Response and its Reply Memorandum in Support of its Motion for Leave to Amend Response. Although the present Motion is undoubtedly more thorough and cites to more relevant case law, it is clear that Munchkin is doing nothing more than rehashing the same arguments that were previously presented to and rejected by this Court.

Furthermore, the Court finds that Munchkin has failed to demonstrate that relief from this Court's November 6, 2008 Memorandum and Order is justified. Various courts have interpreted the Federal Rule of Civil Procedure 36(b) test [1] to require that the mistaken admission "practically eliminate any presentation of the merits of the case." Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995); see also Perez v. Miami-Dade County, 297 F.3d 1255, 1266 (11th Cir. 2002); Riley v. Kurtz, 194 F.3d 1313, at *3 [published in full-text format at 1999 U.S. App. LEXIS 24341] (6th Cir. 1999) (Table Opinion). Munchkin clearly disagrees with this interpretation of Rule 36(b), and it cites several cases in support of its argument that this Court improperly applied Rule 36(b). However, none of these cases *affirmatively* demonstrates that the standard, as applied in this case, was incorrect. [2] Moreover, [*7] [HN6]the existence of conflicting authority [3] cannot amount to "exceptional circumstances" sufficient to justify relief under Rule 60(b)(6). Finally, the Court notes that [HN7]the Rule 36(b) test gives the trial court discretion in deciding whether to allow a party to amend or withdraw an admission. See Fed. R. Civ. P. 36(b) ("the court *may* permit withdrawal or amendment . . ." (emphasis added)); Conlon v. United States, 474 F.3d 616, 625 (9th Cir. 2007) ("Although the rule itself is *permissive*, the Advisory Committee clearly intended the two factors set forth in Rule 36(b) to be central to the analysis." (emphasis added)); Kerry Steel, Inc. v. Paragon Industries, Inc., 106 F.3d 147, 154 (6th Cir. 1997) ([HN8]"The Court's *discretion* must be exercised in light of Rule 36(b) . . . ." (emphasis added)). This Court properly applied Rule 36(b) and, using its discretion, determined that the requested amendment should be denied. [4] Therefore, the Court affirms the reasoning set forth in its November 6, 2008 Memorandum and Order, finding that amendment of Munchkin's admission should be denied because it would not practically eliminate any presentation of the merits of the case.

1   [HN9]According to Federal Rule of Civil Procedure 36(b), [*8] "the court may permit

withdrawal or amendment [of an admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

2   The only authoritative case cited by Munchkin involves a factual scenario far different from the facts applicable to the case at hand. *Manatt v. Union Pacific R.R. Co.*, 122 F.3d 514, 516-17 (applying abuse of discretion standard, Eighth Circuit approved of trial court's decision to give defendants additional time to respond to request for admission, instead of deeming it admitted). Other United States Courts of Appeals cases cited by Munchkin also involve inapposite facts. *See, e.g., Gallegos v. City of Los Angeles*, 308 F.3d 987, 993 (9th Cir. 2002) (permitting amendment of admission to avoid confusing the court's legal conclusion); *Farr Man & Co. v. M/V Rozita*, 903 F.2d 871, 875-76 (1st Cir. 1990) (approving amendment of admissions made through non-response under abuse of discretion standard). Furthermore, one of the cases cited by Munchkin actually seems to support the standard applied by this Court. *See Pleasant Hill Bank v. United States*, 60 F.R.D. 1, at *2 (W.D. Mo. 1973) [*9] (court could have granted summary judgment in plaintiff's favor if mistaken admissions were not amended).

3   In addition to the authority cited by this Court in its November 6, 2008 Memorandum and Order, in its Response to Munchkin's Motion for Reconsideration, FURminator cited to several (non-authoritative) cases in which courts specifically rejected Munchkin's interpretation of Rule 36(b). *See Baker v. Potter*, 212 F.R.D. 8, 13-14 (D. D.C. 2002); *Branch Banking & Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 659 (E.D. N.C. 1988).

4   In its Motion for Reconsideration, Munchkin alleges that the Court improperly considered the following observation: "[Munchkin] completed research, which could have been completed prior to the filing of its response, and discovered that the product it had been marketing as a non-cutting tool did, in fact, cut pet hair." (Nov. 6 Order, doc. # 45, p.3). In support of its argument, Munchkin cites *Federal Deposit Insurance Corp. v. Prusia* for the proposition that Rule 36(b) does not require the Court to look at the moving party's excuse for failing to respond, or for an erroneous admission. 18 F.3d 637, 640 (8th Cir. 1994). However, Munchkin fails to account for [*10] the fact that [HN10]while *Prusia* requires courts to focus on the Rule 36(b) test, it does not require courts to ignore "the moving party's excuses for an erroneous admission" altogether. *Id.* Moreover, the Ninth Circuit has recognized that, in addition to considering the Rule 36(b) factors, "the district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Conlon v. United States*, 474 F.3d 616, 625 (9th Cir. 2007).

### III. CONCLUSION

In sum, the Court finds that Munchkin has failed to demonstrate that "exceptional circumstances" exist such that relief from this Court's November 6, 2008 Memorandum and Order would be justified under Rule 60(b). *Prudential Ins. Co. of America v. National Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005). [HN11]"'Exceptional circumstances' are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at." *Atkinson v. Prudential Property Co.*, 43 F.3d 367, 373 (8th Cir. 1994). Thus, Munchkin's Motion for Reconsideration will be denied and the Court's November 6, 2008 Memorandum [*11] and Order will stand.

Accordingly,

**IT IS HEREBY ORDERED** that Munchkin, Inc.'s Motion for Reconsideration of the Court's November 6, 2008 Memorandum and Order [doc. # 49] is **DENIED**.

Dated this 28th Day of April 2009.

/s/ E. Richard Webber

E. RICHARD WEBBER

UNITED STATES DISTRICT JUDGE