IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § § § § § § § | |
| | | C. A. NO. 08-4022 |
| v. | | JURY TRIAL DEMANDED |
| CISCO SYSTEMS, INC. | | |

### CISCO SYSTEM, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

TO THE HONORABLE DISTRICT COURT JUDGE:

Defendant Cisco Systems, Inc. hereby files its Motion to Dismiss for Failure to State a Claim upon which Relief May be Granted with respect to Plaintiff's claims and requests that the Court dismiss Plaintiff's claims as set forth below.

### I. INTRODUCTION

The Court should dismiss the Plaintiff's newly added claim of outrage, a cause of action unique to Arkansas, which many courts, including this one, have dismissed for failure to allege facts sufficient to support the tort. The remaining claims of defamation and false light should be dismissed because of the Plaintiff's failure to comply with A.C.A. 16-63-501 *et seq.* (the SLAPP statute) which requires that the allegations made by Plaintiff be made under oath. When we pointed this requirement out to Plaintiff at the outset of this case, he quickly complied with the statutory requirement. We alerted Plaintiff (several times) to this defect in the amended complaint, but this time Plaintiff has refused to verify the pleading. Because Plaintiff has failed to state causes of action for outrage, defamation and false light invasion of privacy, the Court should dismiss those claims.

## II. APPLICABLE LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief may be granted should be granted if the plaintiff has failed to allege sufficient facts, as opposed to mere conclusions, to support all of the legal requirements of the causes of action alleged. *Steinbuch v. Cutler*, 518 F.3d 580, 590 (8th Cir. 2008) cert. denied 129 S.Ct. 223 (2003). While the court must accept the plaintiff's allegations as true, "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Dismissal is appropriate in this case with respect to Plaintiff's claims for the tort of outrage, defamation and false light invasion of privacy because Plaintiff has failed to meet the pleading standard for those claims. Therefore, the Court should dismiss them with prejudice.

## III. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR THE TORT OF OUTRAGE.

To properly plead a claim of outrage, a plaintiff must allege that :

(1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct;
(2) the conduct was "extreme and outrageous," was "beyond all possible bounds of decency," and was "utterly intolerable in a civilized community";
(3) the actions of the defendant were the cause of the plaintiff's distress; and
(4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Crockett v. Essex*, 19 S.W.3d 585, 589 (Ark. 2000). Courts give a narrow view to the tort of outrage. *Id.* When determining whether a party has properly pleaded a claim for outrage, courts have taken a "strict approach" and recognized that "the tort of outrage should not and does not open the doors of the courts to every slight insult or indignity one must endure in life." *Id.* (reversing the lower court's denial of a motion to dismiss) (citations omitted).

Here, the Court should dismiss Plaintiff's claim of outrage for two reasons. First, the claim should be dismissed because Plaintiff has failed to plead one of the essential elements of the tort: that the emotional distress he sustained was so severe that no reasonable person could be expected to endure it. The Court should dismiss Plaintiff's claim because he failed to plead this element of the tort of outrage, and even further, failed to allege sufficient facts supporting his claim of damages. *See Steinbuch v. Hachette Book Group*, No. 4:08cv00456 JLH. 2009 WL 963588 at *2 (E.D. Ark. April 8, 2009) (attached as Exhibit A) (dismissing an outrage claim under 12(b)(6) where the complaint did not allege that "the plaintiff suffered emotional distress so severe that no reasonable person could be expected to endure it" and "fails to plead any facts supporting actual damage to his reputation.")

Second, the Court should dismiss the claim because the Complaint does not allege conduct sufficiently outrageous to support the claim of outrage. The test for the tort of outrage is an "extremely narrow" test that only allegations of "the most heinous conduct" will satisfy. *Wolfe v. Fayetteville Ark. School Dist.*, 600 F. Supp.2d 1011, 1022 (W.D. Ark. 2009). "Merely describing the conduct as outrageous does not make it so." *Id.* To satisfy the pleading standard, the conduct alleged must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Id.* (citing *M.B.M. Co. v. Counce*, 268 Ark, 269, 280, 596 S.W.2d 651, 687 (1980)).

Far more egregious conduct than that alleged by Plaintiff has been found insufficient to state a claim for outrage. For instance, in *Wolfe*, the court dismissed an outrage claim with prejudice because it did not meet the threshold for outrageous conduct where the school district did not take any action to prevent the bullying, including a severe beating, of a student on the

basis of his sexual orientation, released the student's records to the public, and engaged in an inaccurate public relations campaign which included the creation of a Facebook group where harassing and threatening posts were made. *Id.* at 1022-1023. Likewise, in *Shepherd v. Washington County*, 331 Ark. 480, 507-08 (1998), the surviving spouse of a victim failed to state a claim where she claimed the tort of outrage when her spouse was killed because the county and sheriff sent an inexperienced and under-equipped deputy to watch over a violent, psychotic inmate who was attending a clinic where other patients would be present. Similarly, in *Logan v. Smith Ready Mix, Inc.*, No. CA 08-387, 2008 WL 4767468 at *3 (Ark. Ct. App. Oct. 29, 2008) (attached as <u>Exhibit B</u>), a motion to dismiss under the state 12(b)(6) standard was granted in a case where the plaintiff alleged outrage because the defendant had not told the plaintiff her son had been killed in an accident and instead directed her to her son's dead body, which was a "ghastly and horrific experience" for her. Even if Plaintiff's allegations in this case are true, they fall grossly short of the standard required to state a claim for outrage. *See Freeman v. Bechtel Construction Co.*, 87 F.3d 1029, 1031 (8th Cir. 1996) (affirming the dismissal of an outrage claim based on sexual harassment).

This Court has also held under more drastic allegations of purportedly outrageous conduct that dismissal was appropriate because the conduct alleged did not rise to the level required to support a claim for outrage. *See R.P. ex rel. K.P. v. Springdale School Dist.*, No. 06-5014, 2007 WL 552117 at *7 (W.D. Ark. Feb. 21, 2007) (dismissing a claim brought by a student with a congenital heart disease alleging that the school district failed to address bullying that was so severe he could no longer attend school because "the facts alleged by plaintiffs do not rise to the level of extreme and outrageous conduct sufficient to support a claim of outrage.") Because Plaintiff's allegations do not state a claim for the tort of outrage, the Court should

dismiss the claim with prejudice. *See Wolfe*, 600 F. Supp.2d at 1022 (dismissing claim with prejudice because conduct was not sufficient enough to allege tort of outrage).

### IV. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR DEFAMATION, THE TORT OF OUTRAGE AND FALSE LIGHT INVASION OF PRIVACY

The Court should dismiss Plaintiff's defamation, tort of outrage and false light invasion of privacy claims because they fail to meet the requirements of Arkansas law. A.C.A. 16-63-505 provides that:

> For **any claim** asserted against any person or entity arising from possible privileged communication or an act... that could reasonably be construed as an act in furtherance of the right of free speech... under the United States Constitution or the Arkansas Constitution in connection with an issue of public interest or concern, the party asserting the claim and the party's attorney of record... shall be required to file **contemporaneously with the pleading** containing the claim a written verification under oath certifying that:
> (1) The party and his or her attorney of record, if any, have read the claim;
> (2) To the best of the knowledge, information and belief formed after reasonable inquiry of the party or his or her attorney, the claim is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;
> (3) The act forming the basis for the claim is not a privileged communication; and
> (4) The claim is not asserted for any improper purpose such as to suppress the right of free speech or right to petition government of a person or entity, to harass, or to cause unnecessary delay or needless increase in the cost of litigation. (emphasis added.)

This statute clearly applies here, as Plaintiff acknowledged when he verified his Original Complaint pursuant to the statute. (See Exhibit C). Plaintiff's claims for defamation, the tort of outrage and false light invasion of privacy are all premised on articles written by Richard Frenkel, a former Cisco employee. The October 18, 2007 article and the revised article that appeared on October 18, 2007, which are the crux of each of Plaintiff's allegations (the only articles that contains the word "conspiracy"), reported that a court clerk had changed a case dispositive date of a complaint at the request of litigant—altering the docket so as to create

subject-matter jurisdiction in the underlying case. (See article, <u>Exhibit D</u>). Frenkel clearly questioned the propriety of the court clerk changing a date at the *ex parte* request of one of the parties, stating that it was "outrageous" and "abusive" and opined "don't be surprised if the docket changes back once the higher-ups in the Court get wind of this, making this post completely irrelevant." (See article, <u>Exhibit D</u>). Frenkel wrote about the incident again on November 7, 2009, stating that even if there was some mistake, the proper way to correct the docket would have been a motion filed with the Court, not an *ex parte* call to the court clerk. (See article, <u>Exhibit E</u>). In writing about this issue of public concern, Frenkel was certainly acting in furtherance of his right to free speech, as defined by A.C.A. 16-63-503 (1)(a)(i) and (ii), by making a written statement in connection with an issue under consideration by a judicial body, the underlying *ESN v. Cisco* litigation. Moreover, his statements were privileged pursuant to A.C.A. Section 16-63-503 (2)(B) because they were an expression of opinion or criticism in regard to a judicial proceeding and a criticism of the official act of a public officer—the court clerks. As such, Plaintiff was undoubtedly required to comply with the verification requirement set forth above.

Moreover, the fact that this case was brought in federal rather than state court does not release Plaintiff from complying with statute. The statute by its own terms creates a privilege where speech concerns certain subject matters. Pursuant to Rule 501 of the Federal Rules of Evidence, with respect to claims where state law provides the rule of decision, privilege is determined in accordance with state law, not federal law. Moreover, the Arkansas statute is not merely procedural; it creates substantive rights such as the right to dismissal, compensatory damages and attorney's fees. Indeed, the statute itself recognizes that it is substantive; the law was passed to protect individuals and entities from being punished for exercising their

constitutional rights and from the threat of civil actions and damages, stating that "[t]he valid exercise of the constitutional rights of freedom of speech... should not be chilled through abuse of the judicial process." A.C.A. 16-63-502(2). Therefore, the *Erie* doctrine compels that it apply. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co, Inc..*, 190 F.3d 963, 972-973 (9th Cir. 1999) (noting that the California SLAPP statute's dismissal feature was substantive and that refusing to apply it in federal court would encourage forum shopping).

On April 8, 2008, Defendant sent Plaintiff a letter specifically identifying this statute and setting forth the requirement that Plaintiff's Original Complaint be verified as set forth above. (See Letter, attached as Exhibit F). In response, on April 11, 2008, Plaintiff verified his Original Complaint. (Exhibit C). In or about April of 2009, Plaintiff inquired about whether Defendant would agree to permit him to file an amended complaint. On or about April 29, 2009, Defendant agreed but again advised Plaintiff that its amended pleading must be verified pursuant to the Arkansas statute. (See email to counsel for Plaintiff, Exhibit G). On May 11, 2009, Plaintiff filed its Agreed Motion for Leave to File his Amended Complaint. The Court granted the motion on June 2, 2009, and Plaintiff filed his amended complaint that same day. However, despite Defendant advising Plaintiff on April 8, 2008 of the verification requirement, and again multiple times, Plaintiff failed and refused to verify the complaint.

Pursuant to Section 16-63-506, Plaintiff's First Amended Complaint must be stricken because it has not been verified as required. Defendant advised Plaintiff of this requirement on multiple occasions, and despite Plaintiff's acknowledgement of the application of the statute by verifying his Original Complaint, Plaintiff now refuses to comply with the statute. Therefore, Section 16-63-506 requires that the Amended Complaint be stricken.

Moreover, pursuant to Section 16-63-507, all pending hearings or motions in this case must be stayed upon the filing of this motion to dismiss. Pursuant to Section 16-63-507(a)(2), Defendant also requests that the Court conduct a hearing not more than thirty days after service of this motion unless emergency matters before the Court require a later hearing.

For the reasons set forth herein, Defendant respectfully requests that the Court dismiss Plaintiff's claims with prejudice, stay all pending motions or hearings, and conduct a hearing not more than thirty days after service of this motion unless emergency matters before the Court require a later hearing as set forth in Section 16-63-507(a)(2).

Respectfully submitted,

JACKSON WALKER L.L.P.

By: *Charles L. Babcock*
Richard E. Griffin
Arkansas Bar No.: 63020
Email: rgriffin@jw.com
Charles L. Babcock
Federal Bar No.: 10982
Email: cbabcock@jw.com
Crystal J. Parker
Federal Bar No.: 621142
Email: cparker@jw.com
1401 McKinney
Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

ATTORNEY FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

This is to certify that on this 12th day of June, 2009, a true and correct copy of the foregoing was served via electronic mail upon:

| | |
|---|---|
| Patricia L. Peden | Nicholas H. Patton |
| Law Offices of Patricia L. Peden | Patton, Tidwell & Schroeder, LLP |
| 5901 Christie Avenue | 4605 Texas Boulevard |
| Suite 201 | P.O. Box 5398 |
| Emeryville, CA 94608 | Texarkana, Texas 75505-5398 |
| **Attorney for Plaintiff John Ward, Jr.** | **Attorney for John Ward, Jr.** |

/s/ Charles L. Babcock
Charles L. Babcock