# EXHIBIT G

## Adair, Kathy

**From:** Babcock, Chip
**Sent:** Thursday, April 30, 2009 8:41 AM
**To:** Adair, Kathy; Flynn-DuPart, Mary Lou
**Subject:** FW: Ward's Amended Complaint

**From:** Babcock, Chip
**Sent:** Wednesday, April 29, 2009 6:45 PM
**To:** 'ppeden@pedenlawfirm.com'
**Cc:** Parker, Crystal; 'nickpatton@texarkanalaw.com'; 'gpc@texarkanalaw.com'
**Subject:** Re: Ward's Amended Complaint

Sure. And your complaint will be under oath as required by Arkansas law right? I forgot to mention that.

_____
Sent from my BlackBerry Wireless Handheld

**From:** Patricia L. Peden
**To:** Babcock, Chip
**Cc:** Parker, Crystal; 'Nick Patton' ; 'Geoff Culbertson'
**Sent:** Wed Apr 29 16:06:37 2009
**Subject:** RE: Ward's Amended Complaint

Chip:
Your email says that you don't object to us filing an Amended Complaint as long as we are "not objecting to the amended answer and counterclaim." Just so there is no ambiguity, we don't object to Cisco filing an Amended Answer and counterclaim after we file our Amended Complaint. But we reserve our right to make substantive challenges to Cisco's Amended Answer and counterclaims.
Regards,
Patty

**From:** Babcock, Chip [mailto:cbabcock@jw.com]
**Sent:** Tuesday, April 28, 2009 10:41 AM
**To:** Patricia L. Peden
**Cc:** Parker, Crystal; Nick Patton; Geoff Culbertson
**Subject:** RE: Ward's Amended Complaint

In light of your representations we will not object conditioned on you not objecting to the amended answer and counterclaim that we forwarded to you prior to your sending us the proposed amendment.

**From:** Patricia L. Peden [mailto:ppeden@pedenlawfirm.com]
**Sent:** Monday, April 27, 2009 12:41 PM
**To:** Babcock, Chip
**Cc:** Parker, Crystal; 'Nick Patton'; 'Geoff Culbertson'
**Subject:** Ward's Amended Complaint

Chip:

Last week we discussed Ward's proposed First Amended Complaint. You said that you did not object to Plaintiff filing an Amended Complaint, but you thought that paragraph 51 contained information under the protective order in the Albritton case. I've looked at that paragraph and I don't think it contains privileged information. Much of the paragraph states facts, which are not covered by either attorney-client or work product privilege. (Hickman v. Taylor). Powell's conversation with the clerk is a third party communication that is not privileged. Baker Botts efforts and Powell's conversation with the Court clerk are facts of record. Please see Cisco's Answer to Request for Admission No. 20; Cisco's Amended Answer to Rog. # 6; Powell Depo. at 34:22-35:7; 66:18-68:2; 77:19-78:9; 89:21-91:10; 96:7-16; 104:3-105:18;  106:15-107:11; Yen Depo. at 100:16-101:1; 179:7-14. If you disagree, please specify exactly which statements in paragraph 51 you think contain privileged information and I will be happy to look at it again. We would like to get our Amended Complaint on file soon, so please let me know as soon as possible whether you still object to paragraph 51.
Regards,
Patty


Patricia Peden
Law Offices of Patricia L. Peden
5901 Christie Ave, Suite 201
Emeryville, CA 94608
510-268-8033
ppeden@pedenlawfirm.com

*This email and any attachments may be confidential or privileged. If you are not the intended recipient, be advised that any disclosure, copying, distribution, or use of this email is prohibited. If you receive this email in error, please notify us by reply mail and immediately destroy all copies of this communication.*

6/12/2009