IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| | § | |
| | § | C.A. NO. 08-4022 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |

**PLAINTIFF'S RESPONSE TO CISCO SYSTEM, INC.'S
MOTION TO DISMISS FOR FAILURE TO STATE A
CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Plaintiff responds as follows to Cisco System, Inc.'s Motion to Dismiss for Failure to

State a Claim Upon Which Relief Maybe be Granted and respectfully requests that Cisco's

motion be denied in full.

**I.      Introduction**

Cisco's motion is predicated on highly technical arguments that are inconsistent with the

notice pleading standard that governs this action and urge the Court to employ form over

substance as the basis for dismissal. First, Cisco contends that the failure to plead each element

of outrage with words that are quoted verbatim from the case of its choosing justifies dismissal.

In other words, Cisco asks the Court to ignore Rule 8's notice pleading standard in favor of a

"formulaic recitation of the elements" of outrage. *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555

(2007). Cisco's second argument – that Ward failed to plead facts to support his outrage claim –

ignores the factual allegations of Ward's twenty-four page, 103 paragraph pleading. Even the

most cursory review of the First Amended Complaint reveals that Ward has far exceeded the

notice pleading standard. Because Ward's pleading alleges facts that support each element of

each cause of action, it satisfies even the most stringent (though inapplicable) pleading standards.

Finally, Cisco contends that a procedural verification requirement under Arkansas law controls

in favor of the Federal Rules of Civil Procedure. Though Cisco has failed to identify any controlling authority to support its contention, *if* verification is indeed required in this federal forum, that requirement has been met.  For the reasons that follow, the Court should reject Cisco's efforts to prevent a merits-based resolution of Ward's claims and deny Cisco's motion in full.

## II.        Rule 12(b)(6) – Legal Standards

In deciding a motion to dismiss under Rule 12(b)(6) a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the pleader. *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir. 1986). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (U.S. 2007) (citing *Sanjuan v. American Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) ("once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint'")). Rule 12(b)(6) must be read in conjunction with Rule (8)(a), which requires "[a] short and plain statement of the claim showing that the pleader is entitled to relief." *See Davis v. Walt Disney Co.,* 2004 U.S. Dist. LEXIS 16806, 2004 WL 1895234, *2 (D. Minn. 2004); 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 3d* § 1356 (2004). "The simplified notice pleading standard under Fed. R. Civ. P. 8(a) requires only a statement that gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The factual allegations in the Complaint must be 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Dixon v. Ark. Surgical Hosp.*, 2007 U.S. Dist. LEXIS 68212 at *2 (E.D. Ark. Sept. 14, 2007) (citing *Gregory v. Dillard's, Inc.,* 494 F.3d 694, 710 (8th Cir. 2007)). "[A]s a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Jackson Sawmill Co. v. United States,* 580 F.2d 302, 306 (8th Cir. 1978).

2

### III.    Argument

### A.    Relief may be granted on Ward's outrage claim as pleaded

The First Amended Complaint far exceeds Rule 8's requirement of a short plain statement showing that Ward is entitled to relief. *See* Fed. R. Civ. P. 8(a). Indeed, Cisco's motion does not contend that the complaint fails to provide notice of Ward's outrage claim. Instead, the motion seeks to import a heightened and technical pleading standard into the Federal Rules. In *Bell Atlantic Corp. v. Twombly*, the Supreme Court made clear that under Rule 8, complaints need not contain detailed factual allegations, but to provide notice of the grounds for relief, a pleading must contain more than labels or conclusions. 550 U.S. 544, 555 (2007). The Court explained that "a formulaic recitation of elements of a cause of action will not do." *Id*. Yet that is precisely the basis of Cisco's first argument. Cisco contends that because the Complaint does not contain the words "the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it" that dismissal is appropriate.[1] DE 70 at 2 & 3. The argument is baseless and counter to both *Twombly* and controlling Eight Circuit authority. *See Schmedding v. Tnemec Co.*, 187 F.3d 862**,** 864 (8th Cir. 1999) ("Nor should a complaint be dismissed merely because it does not state with precision all elements that give rise to a legal basis for recovery.").

The authority that Cisco purports to rely upon to support its first argument, *Crockett v. Essex*, 19 S.W.3d 585 (Ark 2000) is a summary judgment case. Cisco deceptively argues *Crockett* in terms of a pleading standard and Rule 12(b)(6) review.  *See* DE# 70 ("To properly plead a claim of outrage …." and "When determining whether a party has properly pleaded a claim for outrage …."). However, the *Crockett* Court detailed the elements that must be "established" to "demonstrate" an outrage claim on the heighted standard for summary judgment. *Crockett*, 19 S.W.3d at 589 ("To establish a claim for outrage, a plaintiff must demonstrate the following elements …."). *Crockett* was decided on evidence at the summary

---

[1]    Paragraph 89 alleges that "Plaintiff has suffered extreme emotional distress."

judgment stage. The case does not speak to pleading standards or 12(b)(6) review. And, contrary to Cisco's contention, *Crockett* did not "revers[e] the lower court's denial of a motion to dismiss. DE# 70 at 2. Rather, it affirmed the summary judgment issued below. *Id*. at 588 – 590.

Ward's First Amended Complaint contains sixty-six paragraphs of factual allegations. DE# 66 at ¶¶ 6 – 71. The Outrage section is made up of ten paragraphs containing additional factual allegations. *Id*. at ¶¶ 80 – 90. In sum, the facts allege that Cisco's agents, many of whom are lawyers, anonymously accused Ward of criminal and unethical conduct in a forum of his peers and contemporaries when they knew the accusations were false.  Cisco made the most damaging of accusations against Plaintiff—that he is a crook and a cheat.  Not only did Cisco make those false accusations, it continued to make those accusations long after it knew they were false.  Cisco made its attacks anonymously so that the Troll Tracker readers were led to believe that they were reading a purely factual recitation of events, and were not told that Cisco's accusations were made by Ward's litigation opponent to further its own financial gain.  Cisco was unabashed in its attack on Ward because it did not think that its libelous statements would ever be traced back to Cisco.  After Cisco's accusations were posted on the internet for the entire world to read for nearly five months, Plaintiff is left to wonder each day how many people believe Cisco's lies.  Plaintiff cannot possibility contact every Troll Tracker reader to clear his name.  The facts pleaded demonstrate that the accusations made by Cisco and the scope of their dissemination have caused Plaintiff to suffer emotional distress that no reasonable person should be expected to endure.

The facts allege that Cisco was motivated by ill will and spite towards Ward and that it defamed Ward to gain litigation advantages, to protect its financial interests, and to specifically damage Ward's reputation. The facts allege that Cisco attacked Ward in his profession with accusations that, if true, could serve as the basis for disbarment or criminal penalties. The facts allege the steps that Cisco took to maximize the dissemination of the scandalous statements though it knew the accusations to be untrue.  In short, the facts demonstrate that not only did

4

Cisco libel Plaintiff, it did so intentionally and with the worst of motives.  The facts pleaded by Plaintiff are more than sufficient to allege that Cisco's actions were extreme and outrageous.

The facts are pleaded with a level of particularity that includes names, dates and times. The pleading provides detailed accounts of the events and circumstances that give rise to Ward's claims that are sufficient to satisfy even the most stringent pleading standard, let alone the liberal one that controls here. For this reason, Ward's pleading simply cannot be compared to the one that was dismissed in *Steinbuch v. Cutler*, which is attached as Ex. 1. Where Ward's complaint alleges specific and detailed facts demonstrating his right to recover on his outrage claim, Steinbuch's pleading contains no more than labels and conclusions. *Steinbuch*, 2009 WL 963588 *2 (E.D. Ark. April 8, 2009). Where Ward's complaint details Cisco's extreme and outrageous conduct, Steinbuch's pleading provides a formulaic recitation of the elements of his claim. *Id*.; Ex. 1 at p. 7.  Here, Ward has pleaded facts that are more than sufficient under Rule 8.

Cisco relies on a number of inapposite authorities to support this second basis for dismissal, none of which compel dismissal here because Ward has alleged facts to support his outrage claim. For example, Cisco relies on this Court's Order dismissing an outrage claim in *R.P. v. Springdale School District*, 5:06-cv-5014, DE# 10 (W.D. Ark. Feb. 21, 2007). However, Cisco fails to mention that the *R.P.* plaintiffs did not oppose the motion to dismiss the outrage claim. *See id.* at 15 ("Plaintiffs do not address this argument …. and plaintiffs have not argued otherwise …."). The *R.P.* plaintiffs alleged violations of the ADA, The Rehabilitation Act. IDEA, section 1983 and various state law claims, including outrage, based on the school district's alleged indifference to the plaintiff's needs and the failure to develop an appropriate plan to prevent bullying. Cisco also relies on *Shepherd v. Washington County*, 962 S.W.2d 779, 792 (Ark. 1998) where the court affirmed the dismissal of an outrage claim based, generally, on the alleged indifference or ignorance of known risks to the public in escorting a dangerous prisoner.

"The type of conduct that meets the standard for outrage must be determined on a case-by-case basis." *Kiersey v. Jeffrey*, 369 Ark. 220, 222 (Ark. 2007). In both *R.P.* and *Shepherd*, the

alleged conduct amounted to a failure to act with requisite care, as opposed to the affirmative campaign to impugn Ward that Cisco is alleged to have undertaken. Where the defendants in *R.P.* and *Shepherd* were alleged to have failed to act, Cisco is alleged to have acted intentionally and affirmatively in publicizing facts it knew to be false for the purposes of harming Ward and enhancing its litigation position. Where the *R.P.* and *Shepherd* defendants were alleged to have ignored known risks, Cisco is alleged to not only have ignored facts that demonstrate its accusations were false, but intentionally and affirmatively acted with the intent of harming Ward's reputation for its own benefit.[2] The allegations describe conduct that is extreme, outrageous and intolerable in a civilized society. Ward's complaint more than satisfies the low threshold set by The Supreme Court in *Twombly*. 550 U.S. 544, 127 (explaining that a plaintiff must state "enough facts to state a claim to relief that is plausible on its face.").

Cisco also relies on *Freeman v. Bechtel Construction Co*., 87 F.3d 1029 (8th Cir. 1996) where the court affirmed the dismissal of an outrage claim based upon Bechtel's decision to discipline three employees in connection with a sexual harassment complaint. The court explained "[r]eview of outrage claims in employment situations is particularly strict because 'an employer must be given a certain amount of latitude in dealing with employees'" *Id*. at 1031. When Bechtel initially investigated the complaint, he advised that the matter should be dropped. *Id*. at 1030. The complaint was escalated and Bechtel investigated further, resulting in an arbitration hearing, after which Bechtel determined that Freeman made a harassing remark that was not reported by the other two employees. *Id*. Freeman alleged that Bechtel disciplined him "while entertaining serious doubts" about the truth of the sexual harassment complaint. *Id*. at 1031. The Eight Circuit affirmed the dismissal explaining that the law is replete with employment cases involving far more objectionable conduct. *Id*. Ward's is not an employment case and the allegations against Bechtel pale in comparison to those at issue here. Freeman

---

[2]     Cisco's reliance on *Wolfe v. Fayetteville Ark. School Dist*., 600 F. Supp.2d 1011 (W.D. Ark 2009) is similarly misplaced. In *Wolfe*, the motion to dismiss was granted, in part, because the egregious conduct of the school's students could not be imputed to its vice principal, Zeagler. *See Wolfe*, 600 F. Supp.2d at 1022-23. The Court further determined that Zeagler's conduct, which the court described as "an inadequate response," did not exceed the bounds of decency. *Id*. Here, the conduct of Frenkel and Cisco's other agents is attributable to Cisco.

6

alleged Bechtel disciplined him despite entertaining serious doubts after two investigations and an arbitration hearing. Cisco is alleged to have anonymously accused Ward of criminal and unethical conduct in a forum of Ward's peers when it knew the accusations were false. Cisco, through its lawyers, is alleged to have engaged in a campaign to damage Ward's reputation to gain a litigation advantage. Cisco, through its lawyers, is alleged to have taken steps to maximize the dissemination of statements it knew were false to ensure the most damage to Ward's reputation. Unlike Bechtel, Cisco is alleged to have engaged in conduct that exceeds the bounds of decency. The allegations against Cisco more than satisfy Rule 8's liberal pleading standard. Ward has alleged facts that, at a minimum, plausibly support his outrage claim. *See Twombly*, 550 U.S. 544, 127 (explaining that a plaintiff must state "enough facts to state a claim to relief that is plausible on its face.").

### B.   In the event that ACA 16-63-505's verification requirement applies in this Court, the First Amended Complaint is verified

Cisco has provided no authority that the verification component of Arkansas' anti-SLAPP statute applies. *If* verification of Ward's claims is indeed required in this federal forum, that requirement was met by Ward's verification of his First Amended Complaint. *See* D.E. 73. Moreover, paragraph 5 of Ward's Unopposed Motion for Leave to File an Amended Complaint includes the same language required by Ark Code Ann 16-63-505. *See* DE# 62 at ¶5. In the motion, the undersigned certified the same assertions required by A.C.A. 16-63-505. *Id*. at 3; Ark. Code Ann. § 16-63-505. If required, the pleading is verified.

Plaintiff is unaware of any Eight Circuit authority regarding the applicability of Arkansas' anti-SLAPP statute in federal court. Without any guidance from Arkansas federal district courts or the Eight Circuit, the undersigned elected not to imply to the Court that Ark Code Ann. 16-63-505's procedural verification requirement controls in this forum. Cisco has offered the Court one Ninth Circuit case as the basis for arguing that Ward's claims should be dismissed for lack of verification. *See* DE# 70 at 7.  Yet the case Cisco cites neither considered nor decided whether verification is required in federal court. *United States ex rel. v. Newsham v.*

*Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 972 & n.11 (9th Cir. 1999). Indeed, the court reserved its consideration to two sub-sections of the California anti-SLAPP statute – neither related to verification – and reserved comment on other provisions of the statute. *Id*. ("Accordingly, we express no opinion regarding the applicability of any other provisions of Cal. Civ. P. Code § 425.16 in federal court."). In *Adventure Outdoors, Inc. v. Bloomberg*, the court determined that the verification component of Georgia's anti-SLAPP statute did <u>not</u> apply in federal court. 519 F. Supp.2d 1258, 1277-78 (N.D. Ga. 2007) *rev'd on other grounds by* 552 F.3d 1290 (11th Cir. 2008).[3] There the court analyzed the verification requirement of the statute in connection with Rule 8 under The Supreme Court's test from *Hannah v. Plummer*. *Id*. (citing *Hannah v. Plummer*, 380 U.S. 460 (1965)). The *Outdoor Adventures* Court determined the verification provision "is certainly procedural," and applies a heightened pleading requirement that conflicts with Rule 8(a). Accordingly, it determined that the verification requirement did not apply in federal court.[4]

Similarly, the court in *Stuborn Ltd. P'ship v. Bernstein*, 245 F. Supp. 2d 312, 316 (D. Mass. 2003) determined that the Massachusetts anti-SLAPP statute was entirely procedural in nature and declined to follow the procedure for a special motion to strike.[5] *Bernstein* was at least the second case where a district court in Massachusetts determined that the procedures of the

---

[3]     The Eleventh Circuit concluded there was no subject matter jurisdiction and never reached the merits of the appeal. *Adventure Outdoors, Inc*., 552 F.3d at 1292-93.

[4]     The court did determine that certain aspects of the anti-SLAPP statute were substantive, but not the verification requirement. *Id*. at 1278-79.

[5]     The court explained:

> In light of the competing procedures, I am persuaded that the Anti-SLAPP statute's special motion provision is predominantly procedural in nature, and that it directly conflicts with the Federal Rules of Procedure. Indeed, the SJC itself has described the Anti-SLAPP statute as procedural. See e.g., Duracraft Corp. v. Holmes Products Corp., 427 Mass. 156, 161, 691 N.E. 2d 935, 939 (Mass. 1998) ("the act . . . provides a procedural remedy for early dismissal of the disfavored SLAPP suits")(emphasis added); Fabre v. Walton, 436 Mass. 517, 520, 766 N.E. 2d 474 (Mass. 2002)("the protections afforded by G.L. c. 231, § 59H, include a procedural remedy that permits the defendant in a SLAPP suit to file a "special motion") (emphasis added).

*Stuborn Ltd. P'ship v. Bernstein*, 245 F. Supp. 2d 312, 316 (D. Mass. 2003)

Massachusetts anti-SLAPP statute conflicted with the Federal Rules. *See Baker v. Coxe*, 940 F. Supp. 409, 417 (D. Mass. 1996) *aff'd*, 230 F.3d 470 (1st Cir. 2000), *cert. denied*, 532 U.S. 995 (2001) ("To the extent that the anti-SLAPP statute imposes additional procedures in certain kinds of litigation in state court, it does not trump Fed. R. Civ. P. 12(b)(6) …. Accordingly, this Court will examine the allegations of the complaint under the well-worn standards governing Fed. R. Civ. P. 12(b)(6) motions, not …section 59H which is more akin to a summary judgment motion."). The same conclusion has been reached at least two other times by the Massachusetts District Court. *South Middlesex Opportunity Council, Inc. v. Town of Framingham*, 2008 U.S. Dist. LEXIS 85764 *28 (D. Mass. Sept. 30, 2008) ("I agree with my colleagues in this District who have concluded that the Massachusetts anti-SLAPP statute is procedural."); *Lynch v. Hayes*, 2008 U.S. Dist. LEXIS 49711 *3 (D. Mass. June 30, 2008) ("Because it relates to procedure, [the anti-SLAPP statute] is inapplicable in this case, where procedure is governed solely by the Federal Rules.").

Finally, Cisco has been less than forthcoming about the history of this issue. When Cisco insisted that Ward verify his amended pleading, Plaintiff responded on May 1, 2009 that it believed the Federal Rules governed pleading in this forum and requested that Cisco respond with any conflicting authority. Ex. 2.[6]  Six weeks later, one day prior to filing its motion to dismiss, Cisco responded that it disagreed but failed to identify any such authority. *Id*. Finally, late on the day it filed its motion, Cisco took the position that it verbally communicated the requested information to Plaintiff by telling Ward "to look at case law in the 9th Circuit …." *Id*. Counsel for Ward has no record or recollection of such communication. In any event, Cisco's reliance on *Lockheed* is misplaced. It does not support Cisco's contention that Ward's complaint should be dismissed or stricken for a failure to verify. As discussed above, *if* verification is required, that requirement is met both by paragraph 5 of Ward's Unopposed Motion for Leave to File an Amended Complaint, DE# 62 at ¶5, and Ward's verification, DE# 73.

---

[6]     Ex. 2 contains the parties' communications on this matter.

9

Finally, Cisco contends that pursuant to A.C.A. § 16-63-507, all hearings and motions must be stayed. As the Court is well aware, there are critical motions and hearings pending related to Cisco's efforts to deny Ward the discovery he is entitled. For all of the reasons stated in the briefing on those matters, good cause exists to conduct or proceed with the pending discovery, motions and hearings. To the extent that section 507's staying procedure applies at all in this forum, Plaintiff intends to move the Court pursuant to Ark. Code Ann. 16-63-507(b) so that Cisco cannot further delay it discovery obligations.

## III.   Conclusion

For the forgoing reasons, Ward respectfully requests that Cisco's motion be denied in full so that his claims may be resolved on their merits. In the event that the Court finds that Ward's pleading is deficient, Ward requests that he have an opportunity to amend his Complaint to satisfy the Court's concern.

Respectfully Submitted,

Nicholas H. Patton
State Bar No. 63035
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street
Oakland, California 94612
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

10

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 26th day of June, 2009, a true and correct copy of the foregoing was served electronically upon:

Richard E. Griffin                                    Attorney for Defendant Cisco Systems, Inc.
Charles Babcock
Crystal Parker
JACKSON WALKER, LLP
1401 McKinney
Suite 1900
Houston, Texas 77010


_____
Nicholas H. Patton