# EXHIBIT "C"

Dockets.Justia.com

**Parker, Crystal**

| | |
|---|---|
| **From:** | Parker, Crystal |
| **Sent:** | Monday, June 22, 2009 11:17 AM |
| **To:** | 'Patricia L. Peden' |
| **Cc:** | Babcock, Chip; nickpatton@texarkanalaw.com; 'Marcie Long'; 'Geoff Culbertson' |
| **Subject:** | RE: Ward v. Cisco submission log |

Patty,

Powell testified that she couldn't find her notes about her call to the court clerk, but on October 22 she sent an email about the call to Kurt Pancratz.
I think that is the document you are referring to, it was produced by Baker Botts as BB_00010. It is on the privilege log and the submission log (CISCO PRIVILEGED 000009)

Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217

**From:** Patricia L. Peden [mailto:ppeden@pedenlawfirm.com]
**Sent:** Friday, June 19, 2009 9:32 PM
**To:** Parker, Crystal
**Cc:** Babcock, Chip; nickpatton@texarkanalaw.com; 'Marcie Long'; 'Geoff Culbertson'
**Subject:** RE: Ward v. Cisco submission log

Crystal:
I don't think the Baker Botts documents are logged on Cisco's privilege log. I can't find the email produced at BB_0010 (Powell's notes about her call to the court clerk) on Cisco's privilege log. If I'm wrong, please let me know. That leads me to believe that none of the Baker Botts documents have been included on Cisco's log. We can identify the BB documents we know about, but that won't answer the question about documents that Baker Botts gave to Cisco that weren't produced in the Albritton case. We need to get a privilege log from you that includes the Baker Botts documents (including those in Cisco's possession but not produced to Albritton) before we identify documents for the Court's review.
Thanks,
Patty

**From:** Patricia L. Peden [mailto:ppeden@pedenlawfirm.com]
**Sent:** Friday, June 19, 2009 3:39 PM
**To:** 'Parker, Crystal'
**Cc:** Babcock, Chip'; 'nickpatton@texarkanalaw.com'; 'Marcie Long'; 'Geoff Culbertson'
**Subject:** RE: Ward v. Cisco submission log

Crystal:
Great. Thank you.
Patty

**From:** Parker, Crystal [mailto:cparker@jw.com]
**Sent:** Friday, June 19, 2009 3:30 PM
**To:** Patricia L. Peden
**Cc:** Babcock, Chip; nickpatton@texarkanalaw.com; Marcie Long; Geoff Culbertson
**Subject:** RE: Ward v. Cisco submission log

Patty,
The privilege log is current. I believe that all the Baker Botts documents are on it; if you see that any are missing please let me know. With respect to the statement where Frenkel said he received an email "suggesting that ESN's local counsel called the EDTX court clerk..." in the October 18th Post, we have already identified it in the interrogatory response and produced it. It is #2 for the October 18 Article on the interrogatory responses

Thanks,

Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217

**From:** Patricia L. Peden [mailto:ppeden@pedenlawfirm.com]
**Sent:** Friday, June 19, 2009 4:52 PM
**To:** Parker, Crystal
**Cc:** Babcock, Chip; nickpatton@texarkanalaw.com; 'Marcie Long'; 'Geoff Culbertson'
**Subject:** RE: Ward v. Cisco submission log

Crystal:
I didn't mean to suggest that you are withholding a privilege log. You are not. We have Cisco's privilege log. I just want to make sure that the one we have is *current* since parties don't necessarily send a privilege log each time a document is added. If it is current, then we are good to go. If it is not, please send a current log. Also, I just wanted to make sure that all the Baker Botts documents were included because some Baker Botts's documents were produced in *Albritton* with Cisco bates numbers, so it is hard to know for sure if Baker Botts's documents are on Cisco's log. That leaves the email referenced in Frenkel's October 18th post. It is not listed in Cisco's log responses, so I don't know which email it is. Obviously, that email is key given that Frenkel wrote about it. Please let me know what the bates number of that email is so that we can make sure it is on the log if it has not been produced
Thanks,
Patty

**From:** Parker, Crystal [mailto:cparker@jw.com]
**Sent:** Friday, June 19, 2009 2:20 PM
**To:** Patricia L. Peden
**Cc:** Babcock, Chip; nickpatton@texarkanalaw.com; Marcie Long; Geoff Culbertson
**Subject:** RE: Ward v. Cisco submission log

Patty,

I just sent an email about this, but in addition I would add
that we are not withholding a privilege log from you; I provided it months ago. If you need another copy, I am happy to provide it. The Baker Botts documents we received are already on the

Thank you.

Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217

---

**From:** Patricia L. Peden [mailto:ppeden@pedenlawfirm.com]
**Sent:** Friday, June 19, 2009 4:15 PM
**To:** Parker, Crystal
**Cc:** Babcock, Chip; nickpatton@texarkanalaw.com; 'Marcie Long'; 'Geoff Culbertson'
**Subject:** RE: Ward v. Cisco submission log
**Importance:** High

Crystal:

The Court did not limit his *in camera* review to the documents produced in the Albritton case. That would make no sense in light of the arguments made in the parties briefing, the scope of waiver the Court ordered, and our explanation that the Albritton Agreement was flawed in that it let Cisco pick and choose which documents it wanted to produce. The Court is not going to want to conduct an *in camera* review twice, which is exactly what will happen if the Court affirms the March 30 Order and Cisco continues to withhold documents on its privilege log.

Moreover, the Court ordered us to agree on the scope of the admission. Cisco's position that it is going to submit only the Albritton documents, whether we agree or not, is unacceptable. We asked for a updated privilege log from Cisco so that we could make a reasonable selection from the documents that Cisco is withholding. Since you will not provide it to us, we request that all documents on Cisco's privilege log be submitted to Judge Hendren. In addition, any documents in Cisco's possession received from Baker Botts should be included. Finally, we would like the email referenced in Frenkel's October 18, 2007 Post, wherein he says he received an email stating that ESN called the court clerk provided to the Court for *in camera* review. I don't believe that document has been produced in this case. If it has, please give me the production number so we can verify that we have it. If Cisco doesn't have it, please list it on the log anyway and tell the Court that it is unavailable. Since the submission must be a joint submission, we will not sign off on Cisco's submission until these items are included.

Marcie is reviewing Cisco's proposed submission log to ensure that all of the documents produced in the Albritton case have been listed. We should be able to get back to you about the completeness of the log in this respect by Tuesday of next week. Hopefully, Judge Hendren is available for clarification of this issue on Monday so that we will have time to get the other documents identified on the log before Friday's submission.

Thanks,
Patty

**From:** Parker, Crystal [mailto:cparker@jw.com]
**Sent:** Friday, June 19, 2009 1:13 PM
**To:** Patricia L. Peden; nickpatton@texarkanalaw.com
**Cc:** Babcock, Chip; Flynn-DuPart, Mary Lou; Adair, Kathy; Marcie Long
**Subject:** RE: Ward v. Cisco submission log

Patty,

We all agreed that Cisco would produce to the Court *in camera* the privileged documents Cisco produced in the Albritton case. I believe the log contains all of those documents. If you will let me know whether there are any documents produced in the Albritton case that were not identified, we will add them to the list. Otherwise, we will get the documents to the Court.

Thanks,

Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217

**From:** Patricia L. Peden [mailto:ppeden@pedenlawfirm.com]
**Sent:** Wednesday, June 17, 2009 12:32 PM
**To:** Parker, Crystal; nickpatton@texarkanalaw.com
**Cc:** Babcock, Chip; Flynn-DuPart, Mary Lou; Adair, Kathy; 'Marcie Long'
**Subject:** RE: Ward v. Cisco submission log

Crystal:

We will look through the list and confirm that it includes all of the documents produced in the Albritton case. It will take us a day or two to do that and get back to you. Cisco's submission log should also include the documents that Baker Botts gave Cisco for production in the Albritton case. Also, there are documents on Cisco's privilege log separate and apart from the documents produced in the Albritton case that should be submitted. We will identify those documents for inclusion on Cisco's list. Can you confirm for me that Cisco's privilege log has not changed since it was last produced to Ward? If additional documents have been logged on Cisco's privilege log, please provide us with an updated privilege log so that we can identify the documents we would like submitted to Judge Hendren. Finally, you may want to include a column on the far left of the submission log that numbers the documents. If the Court has questions about the documents and wants further argument, it helps to be able to discuss the documents by number.

Thanks,
Patty

**From:** Parker, Crystal [mailto:cparker@jw.com]
**Sent:** Wednesday, June 17, 2009 7:58 AM
**To:** ppeden@pedenlawfirm.com; nickpatton@texarkanalaw.com
**Cc:** Babcock, Chip; Flynn-DuPart, Mary Lou; Adair, Kathy
**Subject:** Ward v. Cisco submission log

<<DOCSOPEN-#5536654-v2-Privileged_Documents_Produced_in_Albritton_v._Cisco_case.DOC>>
Patty and Nick,

Attached is the submission log containing all the privileged documents produced under the Protective Order and non-waiver agreements in the Albritton v. Cisco case (except one as described below). As we agreed in our hearing with Judge Hendren, Cisco will submit these documents for in camera inspection on or before next Friday. Judge Hendren asked us to come to an agreement regarding this list. Please confirm that these are all the privileged documents produced under the Protective Order and non-waiver agreements in the Albritton v. Cisco case. You will notice that one document is missing: CISCO PRIVILEGED 000014, which was inadvertently produced as a privileged document, when it is only responses to privileged documents but not itself privileged. I will have it bates labeled and produced to you as a non-privileged document before we submit these documents to Judge Hendren.

Take care,


Crystal J. Parker
Jackson Walker L.L.P
1400 McKinney, Suite 1900
Houston, TX 77010
713-752-4200 (main)
713-752-4217 (direct)
713-752-4221 (main fax)
713-754-6717 (direct fax)
Email: cparker@jw.com


Internet Email Confidentiality

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to the addressee), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter. They are not intended or written to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal tax law or otherwise.