Ward v. Cisco Systems, Inc. et al
Case 4:08-cv-04022-JLH   Document 77-7   Filed 06/30/09   Page 1 of 8
Doc. 77 Att. 6

# EXHIBIT "D"

Powell, Jillian  3/27/2009  10:38:00 PM

| | |
|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT |
| | WESTERN DISTRICT OF TEXAS |
| 2 | TEXARKANA DIVISION |
| 3 | JOHN WARD, JR.,                * |
| | Plaintiff,            * |
| 4 | VS.              *   CIVIL ACTION NO.: |
| | CISCO SYSTEMS, INC. AND RICK  * |
| 5 | FRENKEL,              * |
| | Defendants.      *   08-4022 |
| 6 | |
| 7 | ******************************************************* |
| 8 | ORAL VIDEOTAPED DEPOSITION OF |
| 9 | JILLIAN POWELL |
| 10 | ******************************************************* |
| 11 | |
| 12 | ANSWERS AND DEPOSITION OF JILLIAN POWELL, produced as |
| 13 | a witness at the instance of the Plaintiff, taken in the |
| 14 | above-styled and -numbered cause on the 27th day of March, |
| 15 | 2009, A.D., beginning at 10:38 a.m., before Kelly Hassell, |
| 16 | a Certified Shorthand Reporter in and for the State of |
| 17 | Texas, in the offices of Baker Botts, L.L.P., located at |
| 18 | 2001 Ross Avenue, Suite 1100, Dallas, Texas, in accordance |
| 19 | with the Federal Rules of Civil Procedure and the agreement |
| 20 | hereinafter set forth. |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

| | |
|---|---|
| 1 | A P P E A R A N C E S |
| 2 | HONORABLE IRMA C. RAMIREZ (Via telephone.) |
| | Magistrate Judge |
| 3 | 1100 Commerce Street |
| | Room 1567 |
| 4 | Dallas, Texas  75242 |
| | (214) 753-2393 |
| 5 | |
| 6 | FOR THE PLAINTIFF: |
| 7 | MS. PATRICIA L. PEDEN |
| | Law Offices of Patricia L. Peden |
| 8 | 5901 Christie Avenue |
| | Suite 201 |
| 9 | Emeryville, California  94608 |
| | (510) 268-8033 |
| 10 | (510) 547-2446 (Fax) |
| | ppeden@pedenlawfirm.com |
| 11 | |
| | MR. NICHOLAS H. PATTON |
| 12 | Patton, Tidwell & Schroeder, L.L.P. |
| | 4605 Texas Boulevard |
| 13 | Texarkana, Texas  75503 |
| | (903) 792-7080 |
| 14 | (903) 792-8233 (Fax) |
| | nickpatton@texarkanalaw.com |
| 15 | |
| 16 | |
| | FOR THE DEFENDANT CISCO SYSTEMS, INC.: |
| 17 | |
| | MR. CHARLES L. BABCOCK |
| 18 | MS. CRYSTAL J. PARKER |
| | Jackson Walker, L.L.P. |
| 19 | 1401 McKinney Street |
| | Suite 1900 |
| 20 | Houston, Texas  77010 |
| | (713) 752-4200 |
| 21 | (713) 752-4221 (Fax) |
| | cbabcock@jw.com |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

Powell, Jillian 3/27/2009 10:38:00 PM

1   APPEARANCES CONTINUED
2
    FOR THE DEPONENT:
3
        MR. JOSEPH D. CHEAVENS
4       Baker Botts, L.L.P.
        910 Louisiana Street
5       Houston, Texas 77002-4995
        (713) 229-1250
6       (713) 229-2850(Fax)
        joseph.cheavens@bakerbotts.com
7
8
9
10
    ALSO PRESENT:
11
        MR. GUS PHILLIPS - Videographer
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1    attendance and I think the communications at the meeting

2    between me and the witness and Ms. Parker are privileged

3    for that reason.

4             MS. PEDEN: And, Your Honor, if I can just

5    respond briefly. The facts in this case are Cisco was

6    represented by Baker Botts working with Cisco originally

7    when these -- when the events that gave rise to this

8    lawsuit occurred, but Ms. Parker meeting with counsel this

9    morning is long after that fact. That's in a separate

10   lawsuit. It's in this defamation suit. And Jackson Walker

11   is not representing -- I mean, Baker Botts is not

12   representing Cisco in the defamation suit. They have

13   separate counsel, Jackson Walker. And to have defense

14   counsel in the prep with the witness before she comes in

15   and gives testimony and then not let us ask what opposing

16   counsel discussed with her I think is entirely improper.

17            JUDGE RAMIREZ: Well, what about his

18   allegation of a joint defense agreement?

19            MS. PEDEN: Well, his allegation of a joint

20   defense agreement, it's -- it's the first time it's been

21   made in this case. It's an oral agreement. We've not seen

22   anything in writing. And, in fact, when Cisco served or

23   filed requests for admission in the Ward case, they refused

24   to give us any information that was within Baker Botts's

25   knowledge, claiming that Baker Botts was a third party.

1   So -- and I have those requests for admissions with me if

2   the Court would like me to fax them over. But it seems to

3   me that when it comes to providing discovery, Baker Botts

4   is a third party, but when they want to meet with opposing

5   counsel to prep a witness, then they're within the zone of

6   an attorney/client privilege. That was in a case that's

7   not this case.

8           JUDGE RAMIREZ: But does it arise out of her

9   employment for the client that Jackson Walker represents?

10  I mean, I know she was working for Baker Botts, but does it

11  arise out of her employment for Baker Botts in the course

12  of representing Jackson Walker's client?

13          MS. PEDEN: It did. So what happened here

14  was in October of 2007, Baker Botts was working with

15  Jackson Walker's client, Cisco, to get some information

16  about a case that was filed. Ms. Powell was the person who

17  called the court clerk to undertake an investigation of the

18  facts for Baker Botts. The Defendant in this case, Cisco

19  Systems, has claimed as a defense that they are not liable

20  for defamation because there's no actual malice because

21  they relied on the advice of counsel that they received

22  from Baker Botts.

23          MR. BABCOCK: Judge, this is Chip Babcock,

24  representing Cisco. That is absolutely not true, but not

25  particularly relevant to this dispute because Mr. Cheavens

1  and I do have a -- do have a joint defense agreement and it

2  seems to me that it does cover this situation.

3       MS. PEDEN: I think, Your Honor, it covers

4  things that happened arising -- you know, the facts that

5  happened in 2007 that gave rise to this lawsuit, but I

6  don't know how they can take a joint defense agreement from

7  2007 and use it to meet and prep a witness where Baker

8  Botts is now a third party.

9       JUDGE RAMIREZ: Well, clearly there is a

10  related interest here. I'm not -- let me ask this: Are

11  both parties willing to abide by my ruling today?

12       MR. BABCOCK: Speaking for Cisco, we

13  certainly are, Your Honor.

14       MR. CHEAVENS: Yes. For Baker Botts, yes,

15  Your Honor.

16       MS. PEDEN: For Plaintiff, Your Honor, we're

17  willing to abide by your ruling for the deposition today,

18  but Plaintiff intends to file a motion when the Court is --

19  where this case is pending arguing for an implied or an

20  at-issue waiver in this case. So to the extent that the

21  Court's order doesn't implicate that at all, then

22  we're willing to abide by it.

23       JUDGE RAMIREZ: Well, I'm not clear as to

24  the -- I mean, that's a qualified agreement. I'm either

25  going to be giving you an opinion that's -- I mean, a

1   ruling that's binding or it becomes an advisory ruling,

2   which I'm not going to do. So that's -- this is a

3   privilege issue, which I think is appropriate for briefing,

4   but if you want me to rule on it at this time, I will, but

5   it needs to be binding. I'm not going to give you an

6   advisory opinion that you're going to go appeal to another

7   court without any briefing in front of me.

8       MS. PEDEN: I understand, Your Honor. And

9   unfortunately, we can't agree to a binding --

10       JUDGE RAMIREZ: Okay. Well, then I suggest

11   that you continue with the deposition and then brief this

12   case later rather than stopping for purposes of briefing,

13   but that's certainly your call.

14       MS. PEDEN: Okay. Thank you, Your Honor.

15       JUDGE RAMIREZ: Thank you.

16       MR. BABCOCK: Thank you, Judge.

17       MR. CHEAVENS: Thank you, Your Honor.

18       THE VIDEOGRAPHER: We are back on the

19   record. The time is 1l:15 a.m.

20   Q  (BY MS. PEDEN) Ms. Powell, thank you for your

21   patience.

22       Other than the meeting that you had this

23   morning with Mr. Cheavens and Ms. Parker, have you had any

24   other communications, telephone conversations, with anybody

25   about your testimony today?