IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § § § | |
| v. | § § | C. A. NO. 08-4022 JURY TRIAL DEMANDED |
| CISCO SYSTEMS, INC. | § § | |

### DEFENDANT CISCO SYSTEMS, INC.'S MOTION TO COMPEL RESPONSES TO CISCO SYSTEM, INC.'S FIRST SET OF INTERROGATORIES

TO THE HONORABLE DISTRICT COURT JUDGE:

Cisco System, Inc. ("Cisco") hereby files its Motion to Compel Responses to Cisco System, Inc.'s First Set of Interrogatories as set forth below.

### I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff brought this action on March 13, 2008, claiming that Cisco had published defamatory articles about him that have damaged his reputation and caused him mental anguish. Plaintiff claims that the articles were so outrageous that he is entitled to mental anguish and reputational damages for libel, the tort of outrage (a tort designed for only the most heinous of conduct), false light invasion of privacy and punitive damages.

On March 30, 2009, Cisco served its First Set of Interrogatories (attached as Exhibit A) on Plaintiff, seeking information relating to Plaintiff's liability and damage claims. Ward's responded to the interrogatories on May 11, 2009 (Ward's response, hereinafter referred to as the "First Response" is attached hereto as Exhibit B).

On June 22, 2009, Cisco sent Ward a letter in an effort to meet and confer regarding the discovery responses, and on June 23, 2009, Cisco sent a supplemental letter. (Both letters are attached as Exhibit C). In the letters, Cisco set out the deficiencies in Ward's responses and

asked that he correct the deficiencies, including removing impermissible blanket objections. (*Id.*) Instead of working in good faith to resolve the deficiencies in his responses, on June 26, 2009, Ward served "Supplemental Objections and Responses to Cisco System, Inc's First Set of Interrogatories." (Exhibit D.) This Second Response added additional, untimely objections to each interrogatory and continued to withhold responsive information, calling the requests "premature." (*Id.*)

The discovery period in this case is set to end on July 1, 2009, though the parties have jointly asked for an extension of three months. It has been more than 15 months since Plaintiff filed this lawsuit, and the interrogatories at issue are not "premature"; they seek highly relevant information regarding Plaintiff's claims so that Cisco may prepare the case for trial and conduct other discovery regarding those claims. Cisco needs responses to these interrogatories so that it may conduct further discovery based on the responses, including deposing the 30 witnesses[1] that Plaintiff has disclosed. Without an order directing Plaintiff to respond to these interrogatories, Cisco will be deprived not only of highly probative evidence regarding Plaintiff's claims for use at trial, but also information related to third party discovery regarding important issues in this case. For instance, Cisco should be provided the opportunity to depose third parties that Ward or his lawyers talked to about the very articles at issue in this lawsuit—the same articles that Ward claims are so heinous and have caused him such great mental anguish.

## II.   ARGUMENT

**1.   The Court should Overrule Plaintiff's General Objections and Untimely Objections**

Despite arguing to this Court that blanket objections are not permitted under the Local Rules (see Docket 57 at p. 1 filed on February 13, 2009 claiming that "Cisco's responses…

---

[1] Although Plaintiff initially disclosed 32, he has since withdrawn Rich Norman and The Honorable T. John Ward.

contain a list of blanket objections that violate Fed. R. Civ. P. 33(b) and Local Rule 33.1(b)") when Plaintiff served his First Response just two months after that filing, his responses contained three pages of 21 separate blanket objections referred to as "General Objections" that purported to apply to every response. (Exhibit D at pp. 3-5).

When Cisco asked Plaintiff to withdraw these blanket objections on June 22, 2009 (Exhibit C), Ward responded by serving "supplemental" objections and responses in a Second Response on June 29, 2009, almost two months after his responses were originally due, that removed the impermissible "General Objections" but added untimely new objections to each of his interrogatory responses. He has continued to do this on other discovery when Cisco attempts to meet and confer regarding his discovery responses.

Ward is not permitted to knowingly violate the rules and turn his own violations into an excuse to add additional, untimely objections. By failing to object specifically to the interrogatories by the due date, Ward waived all other objections and cannot make them now without a showing of "good cause." FED. R. CIV. P. 30(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure); Local Rule 33.1(b) ("blanket objections to a set of interrogatories… will not be recognized. Objections must be made to the specific interrogatory request…")

Ward certainly cannot show "good cause" for his failure to make timely objections here where he knowingly violated the discovery rules, then attempted to make additional objections long after the deadline had long passed. Therefore, the Court should strike all objections that were not properly raised in Ward's First Response because they are untimely and limit Ward to the specific objections raised in his First Response. *See* FED. R. CIV. P. 30(b)(4). Accordingly,

Ward should be ordered to submit an amended response that supersedes his Second Response and removes any objections or commentary stated within objections that was not included in Ward's First Response.

2. **The Court Should Overrule Ward's "Premature" Objections.**

Ward objected to or commented with respect to every interrogatory that the request was "premature" or that his response was "based on the information known to him at this time upon such investigation as is reasonable for Plaintiff to undertake under the circumstances." (Exhibit B, Exhibit D). Cisco's interrogatories are certainly not premature. Plaintiff has had over 15 months to investigate his claims. The discovery period is set to end on July 1, 2009, though the parties have asked for an extension of 3 months. Cisco is entitled to discovery of all responsive information Ward has at this time (FED. R. CIV. P. 33(b)(3)), and his responses imply that he is withholding information. Cisco sought information on the subject matters in the interrogatories for evidence at trial and so that it could conduct further discovery, and to the extent Ward is withholding responsive information, he is purposefully thwarting Cisco's ability to conduct such discovery. Accordingly, Cisco requests that the Court overrule Ward's "premature" objections and order Ward to respond to each and every interrogatory fully. Ward should also be ordered to remove his self-serving commentary that he is answering "based on the information known to him at this time upon such investigation as is reasonable for Plaintiff to undertake under the circumstances" and instead demonstrate in his answer any information that he is withholding because he thinks such an investigation would be "unreasonable." Plaintiff is certainly obligated to amend his discovery in a timely manner if he learns of additional responsive information, but he is not entitled to withhold information simply because he doesn't want to disclose it yet. FED. R. CIV. P. 33(b)(3), 26(e).

3. **The Court should overrule all of Ward's "burdensome" or "not relevant" objections.**

The Court should also overrule all of Ward's conclusory and blanket objections that interrogatories are "overly broad, overly burdensome and oppressive" or "neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." (Exhibit B). These objections are not permitted under the Local Rule 33.1(b).

4. **The Court Should Order Ward to Respond Properly to Interrogatory 2**

Interrogatory 2 asked Ward to:

> Describe in detail each and every instance in which you have requested court personnel (whether state or federal) to change, alter, or modify a court document. Include in your answer the style of the case, court in which the case was pending, court personnel that you spoke with, and specific request that you made.

Ward objected on several basis. First, he made the form objection that the interrogatory was not relevant, an impermissible objection under Local Rule 33.1(b). The interrogatory clearly seeks information that is relevant and reasonably calculated to lead to the discovery of admissible evidence and is therefore permissible. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff claims that Cisco falsely accused him of calling court personnel to have them alter a court document. This request asks for any instance in which Plaintiff has done just that. Clearly, this information is relevant to whether Ward did so in this case and whether he had a habit of asking court personnel to alter court documents. Therefore, the Court should overrule objection 1.

Ward also made the form objection that the request is overly broad, overly burdensome or oppressive, which is also impermissible under Local Rule 33.1(b). The request is limited in scope by its language, which limits the interrogatory to the very activity Plaintiff claims Cisco falsely accused him of. It is also inherently limited by the number of years that Plaintiff has practiced law. Therefore, the Court should overrule objection 2.

The Court should also overrule objection 3, which states that "court personnel" and "court document" are vague and ambiguous without any explanation of alternative definitions these plain words could have. Ward knows quite well what "court personnel" and "court documents" are, as does this Court.

The Court should also overrule objection 4, which claims that the use of the word "alter" is argumentative. As Defendant notified Plaintiff by letter (Exhibit C), "argumentative" is not a proper objection to interrogatories. Moreover, a question is not "argumentative" simply because it goes to an ultimate issue in the case that Plaintiff does not want to answer.

Moreover, the word "alter" has a simple dictionary meaning that has nothing to do with criminal conduct: "to change; make or become different" (Webster's New World Dictionary, Second Addition, attached hereto). Plaintiff cannot avoid answering or obscure his answer with objections to words that have simple dictionary meanings. Therefore, objection 4 should be overruled.

The Court should also strike or overrule objection 5 because it is untimely as set forth in above.

The Court should also order Plaintiff to include all responsive communications or state that there are no further responsive communications. Plaintiff's improper commentary that "Plaintiff's response is based on information and documents available at this time and upon such investigation as is reasonable for Plaintiff to undertake under the circumstances" suggests that he may be withholding information. In addition, Plaintiff answered that he has never asked the "Court", which suggests he is answering only with respect to the judge, to alter a court document, but the question seeks also requests to other court personnel such as court clerks. Plaintiff does not need to conduct further discovery to determine his own communications or

communications on his behalf with the clerk (nor has he made any attempt to) and is not entitled to withhold this information from discovery. Most importantly, if Plaintiff has any responsive communications with respect to the *ESN v. Cisco* litigation, which was the subject of the articles at issue, those communications should be disclosed in his response. Accordingly, Cisco seeks an order requiring Ward to respond fully to the interrogatory or state that he has no other responsive communications.

## 5. The Court should order Ward to Respond Properly to Interrogatories 8 and 9.

Ward also attempted to avoid providing complete responses by adding the caveat that the answer included but was "not limited to" the answer provided. In particular, Interrogatories 8 and 9 contain this language. The Federal Rules do not permit a party to use such language as a basis to refuse information a party has at the time of answering. FED. R. CIV. P. 33(b)(3). Therefore, the Court should order Plaintiff to remove this language and provide a complete response to all interrogatories containing this language, especially Interrogatories 8 and 9.

Interrogatory 8 asks:

> With respect to your allegation in paragraph 11 of the Petition that Frenkel accused you of a crime, state all crimes (including the specific statute) that you allege Frenkel accused you of.

Interrogatory 9 asks:

> With respect to your allegation in paragraph 11 of the Petition that Frenkel accused you of engaging in conduct that could result in disciplinary proceedings before the State Bar of Texas, state the rules or regulations that you allege Frenkel accused you of violating (including the specific rule or regulation) and all statements from the Article that accuse you of such violations.

Both of these are clearly permissible contention interrogatories. *See* FED. R. CIV. P. 33(a)(2). Yet Plaintiff lodged the same baseless objections to these two interrogatories, claiming that "the interrogatory cannot be answered based on first-hand knowledge" and that it "seeks

information outside Plaintiff's custody or control" or "inside Defendant's possession, custody or control," that it "imposes obligations upon Plaintiff that exceed his obligations under the Federal Rules" (clearly impermissible under Local Rule 33.1(b)), and that the interrogatory is "premature." (Exhibit B at p. 27) (Plaintiff added numerous additional objections in his Second Response, but these objections should be overruled or stricken because they are untimely as set forth above). All of these objections should be overruled. Plaintiff certainly has knowledge of his own contentions and has had plenty of time to develop his case theories, having filed this case over 15 months ago. He responded but claimed that his response was "not limited to" the information provided. Plaintiff should not be permitted to use these delay tactics to prevent Cisco from conducting additional discovery of his contentions. Therefore, the Court should overrule these objections to Interrogatories 8 and 9 and order Plaintiff provide complete responses or state that no further responsive information exists.

6. **The Court Should Order Ward to Respond Properly to Interrogatory 12.**

Interrogatory 12 asks Plaintiff to:

> Identify each person or company with whom you communicated or from whom you received any communication regarding the Article, and separately for each communication, identify the date, time, persons involved, and purpose of the communication, the substance of the communication and identify any documents related to that communication.

"Article" was defined as definition 9 as "the allegedly defamatory publication attached as Exhibit A to the Complaint." (Exhibit A). "Identify" as set forth in definitions 17 means to state the: "(i) exact statement made; (ii) date and time the statement was made; (iii) identify the persons to whom the statement was made; and (iv) identity of the person who made the statement." (*Id.*)

The Court should overrule objection 1, which claims that the interrogatory improperly seeks to limit Plaintiff's cause of action to a single complained-of statement because the interrogatory clearly defined "Article" to mean all the allegedly defamatory statements attached as Exhibit A to Plaintiff's Complaint. Indeed, Exhibit A to Ward's current complaint contains both the October 17 and October 18 articles, and Ward is required to respond to with respect to both. Therefore, this objection should be overruled.

The Court should also overrule objection 3, which states that the interrogatory seeks confidential or proprietary information for which Plaintiff has an obligation to third-parties not to disclose. This objection is clearly baseless; how could a conversation about the articles that are the subject of this lawsuit be "proprietary" or "confidential" such that Ward could avoid providing them in discovery? The Court should overrule this objection because it is improper.

The Court should also overrule objections 4 and 5, which complain that the interrogatory is vague and ambiguous regarding "communication regarding the Article" and that it fails to describe the information requested with reasonable particularity. The instructions clearly define "Article" as set forth above, and clearly defines how to describe persons and communications (definitions 16 and 17), yet Plaintiff refuses to remove this baseless objection. The Court should therefore overrule these objections.

The Court should overrule objections 6 and 7 because they were untimely as set forth above. Moreover, the request is narrowly tailored to seek discovery of information that is reasonably calculated to lead to the discovery of admissible evidence. Cisco should be able to conduct discovery regarding Ward's discussions with others about the articles at issue. Therefore, the Court should overrule objections 6 and 7.

The Court should also order Ward to respond fully to the interrogatory. Plaintiff's improper commentary that "Plaintiff's response is based on information and documents available at this time and upon such investigation as is reasonable for Plaintiff to undertake under the circumstances" and his comment that he is producing only "relevant" communications suggests that he may be withholding information. Plaintiff does not need further discovery to determine communications he or his counsel have had with others regarding the articles at issue.

It is clear that Ward is withholding responsive persons and communications. Ward's response to Interrogatory 16 initially claimed that "Plaintiff was compelled to respond to inquiries from persons and the media seeking to ascertain the true facts surrounding the filing of the ESN Complaint, the basis for this lawsuit, and the accusations made by Defendant." (Exhibit B at p. 43). Ward's Second Response has since revised this to state that Plaintiff's counsel was compelled to respond to these alleged inquiries. (Exhibit D at p. 46). Yet not one of these communications was identified in his response, even though he acknowledges that the instructions require him to produce communications his counsel had on his behalf. Communications made by Ward's attorneys on his behalf are certainly within his custody and control and thus must be revealed. Cisco is entitled to do further discovery concerning all communications Ward has made or received regarding the articles at issue in this case, and therefore Ward should be ordered to respond fully to the interrogatory now so that Cisco can do so before the discovery period ends, including identifying all individuals with whom he had such communications as set forth in definition 15 of the interrogatories. (Exhibit A). Ward should also be required to identify each attempt his counsel made to solicit media attention regarding the articles at issue, which is clearly responsive to the interrogatory.

Nor does Plaintiff identify any documents related to responsive communications as required by the interrogatory. The Court should order Plaintiff to identify each communication as requested in the interrogatory or state that none exist.

Finally, the Court should order Plaintiff to produce the allegedly privileged communications identified in the response (entries 7, 8, 13 and 14 to the privilege log, which attached hereto as Exhibit E). With respect to Nos. 7 and 8, Communications between Ward and other counsel in the ESN v. Cisco litigation (P. McAndrews[2] and Eric Albritton), communications concerning the complained-of article could not be for the rendition of legal services in that case (a patent lawsuit) and could not be privileged or work product. *See* FED. R. EVID. 502(g). With respect to entries 13 and 14, those documents should be produced because neither Terry Fokas nor Bruce Lagerman are counsel in this or the *ESN v. Cisco* case (See Exhibit F, docket entries of the attorneys from both *ESN v. Cisco* cases and this case). These communications were not made for the rendition of legal services and are therefore not privileged or work product. *See* FED. R. EVID. 502(g). Therefore, they should be produced or the contents fully disclosed in the interrogatory response.

For these reasons, Cisco requests that the Court:

(1) Order Ward to submit an amended response that supersedes his Second Response to the interrogatories and removes any objections or commentary stated within objections that was not included in Ward's First Response.

(2) Overrule all objections that the interrogatories are "premature" or that his response was "based on the information known to him at this time upon such investigation as is reasonable for Plaintiff to undertake under the circumstances" and order Ward to withdraw these objections and respond fully to all interrogatories with all information known to Plaintiff at this time and/or state that he has no other responsive communications.

---

[2] Ward does not identify whether this is Paul or Peter McAndrews.

(3) Overrule all of Ward's conclusory and blanket objections that interrogatories are "overly broad, overly burdensome and oppressive" or "neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" and require Ward to withdraw these objections and fully respond to the interrogatories and/or state that he has no other responsive communications.

(4) Overrule all objections to Interrogatories 2, 8, 9 and 12 and order Ward to respond fully as set forth above to each interrogatory and/or state that he has no other responsive communications.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: *Charles L. Babcock*
Richard E. Griffin
Arkansas Bar No.: 63020
Email: rgriffin@jw.com
Charles L. Babcock
Federal Bar No.: 10982
Email: cbabcock@jw.com
Crystal J. Parker
Federal Bar No.: 621142
Email: cparker@jw.com
1401 McKinney
Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

This is to certify that on this 1st day of July, 2009, a true and correct copy of the foregoing was served via electronic mail upon:

Patricia L. Peden  
Law Offices of Patricia L. Peden  
5901 Christie Avenue  
Suite 201  
Emeryville, CA 94608  
**Attorney for Plaintiff John Ward, Jr.**

Nicholas H. Patton  
Patton, Tidwell & Schroeder, LLP  
4605 Texas Boulevard  
P.O. Box 5398  
Texarkana, Texas 75505-5398  
**Attorney for John Ward, Jr.**

/s/ *Charles L. Babcock*  
Charles L. Babcock