# EXHIBIT "C"

Dockets.Justia.com



JACKSON WALKER L.L.P.

ATTORNEYS & COUNSELORS

Charles L. Babcock
(713) 752-4210 (Direct Dial)
(713) 308-4110 (Direct Fax)
cbabcock@jw.com

June 22, 2009

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503

Re:   C.A. No. 08-4022; *John Ward, Jr. v Cisco Systems, Inc., et al.*, In the United States District Court for the Western District of Arkansas, Texarkana Division

Dear Nick,

I am writing regarding Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories and Plaintiff's Objections and Responses to Defendants' Second Set of Requests for Admissions.

Blanket and form objections.  First, please withdraw all blanket objections, including the "General Objections."  We have discussed several times that these objections are not permitted and yet Ward continues to make them.  In addition, please either remove your privilege objections or identify the privileged communications that are responsive to the interrogatories. Please also remove all form "overly broad" objections.  Please also remove all objections claiming that the interrogatory is "premature."  The Federal Rules provide an obligation to amend if you discover new information, but you cannot use this as a basis to refuse information you have now, especially since the discovery period is almost over.  Please also remove blanket objections that the requests exceed the scope of the Federal Rules of Civil Procedure and objections to the word "alter" as set forth below.

In addition, your objections make it unclear whether you are withholding any responsive information; please amend to state whether you are withholding any information and the basis upon which you are withholding it.

Interrogatory 2.  Ward's response to Interrogatory 2 is deficient in several respects. Please withdraw your objections to the word "alter."  "Argumentative" is not a proper objection to interrogatories.  Moreover, the word "alter" has a simple dictionary meaning that has nothing to do with criminal conduct: "to change; make or become different" (Webster's New World Dictionary, Second Addition, attached hereto).  Moreover, withdraw your improper commentary that "Plaintiff's response is based on information and documents available at this time and upon such investigation as is reasonable for Plaintiff to undertake under the circumstances" and provide a complete response with all the information known to Plaintiff at this time.

June 22, 2009
Page 2

_____

        Interrogatory 12.   Ward's response to Interrogatory 12 is deficient in several respects. First, you must identify all allegedly privileged communications that have been withheld so that Cisco may assess the privilege with respect to each one (except core work product).   Please also withdraw your objection to the "article", which in the interrogatory is capitalized and which is defined in the definitions to the interrogatories.   Indeed, in response to Interrogatory 16, Ward states that he was "compelled to respond to inquiries from persons and the media seeking to ascertain the true facts surrounding the filing of the ESN Complaint... and the accusations made by Defendant" yet these communications have not been identified.   Please identify all responsive persons and communications as stated in the interrogatory and definitions.

        In the past, we have attempted to meet and confer regarding our issues with discovery, and instead of addressing the issues we raised Ward has used it as an opportunity to attempt to expand his objections and waste valuable discovery time.   As such, if we do not receive amended discovery requests that comply with each of these requests within seven days of this letter, we will file a motion to compel on each issue that has not been corrected.   Of course, we are happy to discuss these issue with you before that time if you are interested in doing so and hope that you will address them so that we are not required to seek relief from the Court.

                                Sincerely,

                                Charles L. Babcock



JACKSON WALKER L.L.P.

ATTORNEYS & COUNSELORS

Charles L. Babcock
(713) 752-4210 (Direct Dial)
(713) 308-4110 (Direct Fax)
cbabcock@jw.com

June 23, 2009

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503

Re:   C.A. No. 08-4022; *John Ward, Jr. v Cisco Systems, Inc., et al.*, In the United States District Court for the Western District of Arkansas, Texarkana Division

Dear Nick,

I am writing to supplement the letter I sent yesterday regarding Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories and Plaintiff's Objections and Responses to Defendants' Second Set of Requests for Admissions.

In addition to the items we sent yesterday, please withdraw all allegations that the response includes but is not limited to what you have provided. As we stated in the letter yesterday, the Federal Rules provide an obligation to amend if you discover new information, but you cannot use this as a basis to refuse information you have now. Accordingly, please make complete responses and remove all statements that the response includes but is not limited to what you have provided. In particular, please make sure you have responded completely to Interrogatory Nos. 8 and 9, which both contain this "including but not limited to" language.

Sincerely,

Charles L. Babcock