# EX. K

Dockets.Justia.com

LEXSEE

Caution
As of: Jul 08, 2009

JOHN BRAWNER and RENEA BRAWNER, PLAINTIFFS v. ALLSTATE INDEMNITY COMPANY, DEFENDANT

CASE NO. 4:07-CV-00482 GTE

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS, WESTERN DIVISION

2007 U.S. Dist. LEXIS 84801

October 29, 2007, Decided
October 29, 2007, Filed

**SUBSEQUENT HISTORY:** Partial summary judgment granted by, Partial summary judgment denied by, Summary judgment granted, in part, summary judgment denied, in part by, Motion granted by, Motion denied by Brawner v. Allstate Indem. Co., 2007 U.S. Dist. LEXIS 90546 (E.D. Ark., Dec. 10, 2007)

**PRIOR HISTORY:** Brawner v. Allstate Indem. Co., 2007 U.S. Dist. LEXIS 81693 (E.D. Ark., Oct. 12, 2007)

**CORE TERMS:** log, discovery, protective orders, work product, attorney-client, discoverable, fire loss, bad faith, investigation report, work product, anticipation of litigation, legal counsel, factual basis, insurer's, hired, good faith, failed to comply, parties asserting, failure to comply, directed toward, undue hardship, recommendation, anticipation, immunity, pursuing, suspicious, assigned, diary

**COUNSEL:** [*1] For Jon Brawner, (originally identified as John Brawner), Renea Brawner, Plaintiffs: David A. Hodges, LEAD ATTORNEY, Attorney at Law, Little Rock, AR.

For Allstate Indemnity Company, Defendant: Beverly A. Rowlett, LEAD ATTORNEY, John O. Payne, Roderick K. Runnells, Huckabay, Munson, Rowlett & Moore, P.A. - Little Rock, Little Rock, AR.

**JUDGES:** Garnett Thomas Eisele, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Garnett Thomas Eisele

**OPINION**

**ORDER**

Presently before the Court are Defendant's Motion to Quash and/or for Protective Order (Docket No. 44) and Plaintiffs' Motion to Compel as to Items Identified in the Privilege Log by Allstate Indemnity Company (Docket No. 46).

On May 4, 2007, Plaintiffs filed their Complaint in this action alleging that they had a policy of homeowners insurance with Defendant Allstate Indemnity Company. Plaintiffs allege that on May 18, 2006, the home and contents were destroyed by fire. Plaintiffs further allege that on November 15, 2006, Defendant advised them that it would deny payment because: "(1) The policy of insurance is void as a result of willful concealment and misrepresentation of material facts regarding the cause and origin of the fire, among other things, and for false swearing [*2] in the Proof of Loss and examination under oath relating thereto[;] (2) The fire is of an incendiary origin for which you or someone on your behalf is responsible[;] (3) The Proof of Loss which you have filed is fraudulent in that you falsely stated the cause and origin of the fire, although you have knowledge of the true cause and origin of the fire[;] (4) The amount of your claim grossly exceeds any loss you may have actually sustained[;] (5) Finally, Allstate Insurance Company is exercising its right to cancel your policy." Plaintiffs allege breach of the implied covenant of good faith

Page 1

and fair dealing, slander, breach of the insurance contract, outrage, bad faith, and negligence.

## I. Motion to Compel as to Items Identified in the Privilege Log

Plaintiffs move this Court to require Defendant to provide the documents identified in Defendant's privilege log. Plaintiffs request that the Court immediately rule on whether or not any of the items claimed in the privilege log should be subject to the privilege. The Court notes that Plaintiffs failed to comply with Local Rule 7.2(g) in filing this motion. With regard to motions to compel and for protective orders, Local Rule 7.2(g) requires [*3] that such motions "shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue in dispute and that they are not able to resolve their disagreements without the intervention of the Court. If any such motion lacks such a statement, that motion may be dismissed summarily for failure to comply with this rule." Furthermore, Plaintiffs have failed to submit a brief in support of their motion. In its response, Defendant provided a copy of the privilege log. Subsequently, the Court directed, without objection, that Defendant produce the documents described in the privilege log for an *in camera* review. Plaintiff's motion is granted in part and denied in part.

Considering the claims and defenses being asserted in this case, document numbers 3, 6, 9, 20-23, 25, 28-31, 36, 40-43, 45-47, 50, 53, 54, 59-60, 64, [1] and 65 are discoverable because Defendant has not shown that they fall within the scope of any privilege. Therefore, Defendant is ordered to produce said documents. While these documents are discoverable, the Court notes that many of the referenced documents are not likely to be of any use to Plaintiff. Document numbers 1, 4, 7, 8, 10, [*4] 16-19, 49, 51, and 61-63 are irrelevant and/or contain no substantive information. The majority of these documents are copies of file folders. Therefore, Defendant need not produce said documents.

   1   Document 64 is the investigation report of Ray Sorrows. The Court's rationale for denying Defendant's Motion to Quash applies here.

Document numbers 2, 5, 11-15, 24, 26-27, 32-35, 37-39, 46, 48, 52, 55, and 56-58 fall within the scope of the attorney-client privilege and/or work product, and therefore are not discoverable. However, the Court notes that many of the communications would not likely be of any use to Plaintiff, as they deal with scheduling matters and billings for services rendered. As to document number 66, the claim diary, Defendant is instructed to redact the claim diary to the extent that it contains information, or reflects a duplication of, those documents that the Court finds fall within the scope of the attorney-client and/or work product privilege, *i.e.* the restatement of counsel's recommendation found on pages 2-764 through 2-767. Defendant is instructed to produce the redacted version to Plaintiff.

Defendant is directed to produce the documents, as specified above, on [*5] or before November 2, 2007.

## II. Motion to Quash and/or for Protective Order

Defendant moves this Court to quash Plaintiffs' Subpoena Duces Tecum directed toward Ray Sorrows, a private investigator hired by Allstate, or in the alternative, to issue a protective order, pursuant to Federal Rule of Civil Procedure 26(b)(3) as work product protected from discovery. Rule 26(b)(3) provides:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative [*6] of a party concerning the litigation.

Furthermore, "[m]aterials assembled in the ordinary course of business . . . are not under the qualified immunity provided by this subdivision." Fed. R. Civ. P. 26(b)(3) advisory committee notes.

In *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987), the Eighth Circuit stated the test to determine whether documents were prepared in anticipation of litigation as follows:

> [T]he test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this

is that even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation.

The difficulty in determining the scope of work product privilege as it applies to records from an insurer's investigation of an insured's claim is due, in part, to the fact that "an insurer's business is to investigate claims that may or may not result in litigation." *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 190 F.R.D. 532, 535 (S.D. Ind. 1999).

Defendant [*7] asserts that Allstate hired Ray Sorrow "sometime after May 23, 2006," five days after the fire loss. Defendant further asserts:

> In the present action, defendant Allstate had an objective basis to anticipate litigation shortly after the fire. Allstate obtained legal counsel in anticipation of pursuing its interest in this matter through litigation on May 23, 2006; furthermore, on approximately the same date, the case was assigned to Allstate's Special Investigation Unit based on the facts arising out of the circumstances of the loss by fire. Due to Allstate's notice that the fire at the plaintiff's residence was of a suspicious nature and the probability that if that suspicion were confirmed, the claim could be denied, evidence produced after May 23, 2006 was created in anticipation of litigation and is privileged.

Plaintiffs argue that the materials sought are not protected work product. Additionally, Plaintiffs argue that they are entitled to information regarding the factual basis for Defendant's contention that the claim should be denied. The Court notes that Plaintiff's Complaint contains a claim of bad faith. As noted above, Plaintiffs themselves failed to comply with Local Rule 7.2(g). [*8] However, Plaintiffs point out Defendant's failure to comply with Local Rule 7.2(g).

"In a diversity case, such as this one, courts 'apply federal law to resolve workproduct claims and state law to resolve attorney-client privilege claims.'" *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 197 F.R.D. 620, 627 (N.D. Iowa 2000)[2] (citing *Baker v. GMC (In re GMC)*, 209 F.3d 1051, 1053 (8th Cir. 2000)). Additionally, "the parties asserting privilege as a bar to discovery [] must carry the initial burden of proving a factual basis establishing the applicability of the privilege." *Id.* (citing *Rabushka v. Crane Co.*, 122 F.3d 559, 565 (8th Cir. 1997), cert. denied, 523 U.S. 1040, 118 S. Ct. 1336, 140 L. Ed. 2d 498 (1998)); *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 925 (8th Cir.), cert. denied, 521 U.S. 1105, 117 S. Ct. 2482, 138 L. Ed. 2d 991 (1997)). "The party asserting the privilege 'me[ets] its burden of providing a factual basis for asserting the privileges when it produces a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an affidavit of its . . . counsel.'" *Id.* (quoting *Zar v. South Dakota Bd. Of Examiners of Psychologists*, 976 F.2d 459, 463-64 (8th Cir. 1992)). [*9] Only then does the burden shift to Plaintiffs to prove "substantial need" and "undue hardship" to obtain those materials. *Id.* at 628 (citing Fed. R. Civ. P. 26(b)(3)). "The attorney-client privilege, however, has no such 'exception.'" *Id.*

  2   Chief Judge Bennett provides a detailed history of the work product rule in this well-reasoned opinion.

As to Plaintiffs' Subpoena Duces Tecum directed toward Ray Sorrows, the Court agrees with Plaintiffs that the materials sought are not protected work product. Mr. Sorrows' report consists primarily of witness statement summaries. Allstate assigned the case to its Special Investigation Unit only five days after the fire loss, and hired Mr. Sorrows at some point thereafter. Although Defendant asserts that at that time it had facts indicating that the fire was of a suspicious nature, Defendant does not set forth any of those facts or evidence in support of that assertion.

Defendant also asserts that it obtained legal counsel in anticipation of pursuing its interest five days after the fire loss. The dates listed on the privilege log for Mr. Sorrows' investigation file are July 23, 2006 through October 26, 2006. Mr. Sorrows provided his investigation report [*10] to counsel for the Defendant on October 18, 2006. Counsel for the Defendant provided his recommendation, based in part on the investigation report, to Defendant on November 14, 2006. According to the Complaint, Defendant denied Plaintiff's claim on November 15, 2006. Defendant "may not generally assert a blanket privilege as to those facts that were generated by its investigation merely because those facts were subsequently incorporated into a communication to counsel," or "because they elected to delegate their ordinary business obligations to legal counsel." *St. Paul Reinsurance Co.*, 197 F.R.D. at 633-34. Additionally, Plaintiffs have alleged a claim of bad faith in denying the claim at issue. In order to pursue such a claim, information regarding the investigatory steps taken by Defendant is necessary. *See e.g., St. Paul Reinsurance Co. v. Com-*

mercial Fin. Corp., 197 F.R.D. 620 (N.D. Iowa 2000); Mission Nat. Ins. Co. v. Lilly, 112 F.R.D. 160 (D. Minn. 1986). Defendant's motion is denied.

Accordingly,

IT IS THEREFORE ORDERED that Defendant's Motion to Quash and/or for Protective Order (Docket No. 44) be, and it is hereby, DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Compel [*11] as to Items Identified in the Privilege Log by Allstate Indemnity Company (Docket No. 46) be, and it is hereby, GRANTED in part, and DENIED in part.

IT IS SO ORDERED this 29th day of October, 2007.

/s/ Garnett Thomas Eisele

UNITED STATES DISTRICT JUDGE