# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOHN WARD, JR.** | § | |
| | § | |
| **Plaintiff** | § | No. 4:08cv4022 |
| | § | |
| **v.** | § | JURY TRIAL DEMANDED |
| | § | |
| **CISCO SYSTEMS, INC.** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL RESPONSES TO CISCO SYSTEM, INC.'S FIRST SET OF INTERROGATORIES

Dockets.Justia.com

## I. Introduction

Cisco's motion strains to find some argument that Plaintiff has not fully complied with his discovery obligations. But as even a cursory glance at Plaintiff's 56-page response shows, Plaintiff has provided full and complete responses to each of Cisco's interrogatories. Cisco's conduct prior to filing its motion demonstrates clearly that Cisco is not really interested in obtaining missing discovery as it contends. Rather, Cisco hopes to convince the Court that Plaintiff is withholding discovery to divert attention from its blatant discovery violations in this case.

Central to this understanding is the fact that Cisco did not try in good faith to resolve the issues it raises in its motion before seeking the Court's intervention. After receiving Plaintiff's interrogatory responses, Cisco sent two short letters to Plaintiff threatening to file a motion to compel and demanding that he drop all objections and answer Cisco's interrogatory responses to its complete satisfaction within seven days. Although Cisco has owed Plaintiff supplemental interrogatory responses for more than six months, Plaintiff nonetheless promptly and in good faith addressed Cisco's letter and provided supplemental interrogatory responses within the seven days.

Without seeking any further meet and confer to discuss the issues, Cisco rushed to file its motion to compel. In its haste, Cisco overlooked that several of the issues it now raises were never addressed in its letters to Plaintiff nor raised in any other forum. Local Rule 7.2(g) requires that counsel meet and confer regarding the "specific issues" in dispute before filing a discovery motion. Where Cisco has violated the Court's Rule, its motion should be summarily dismissed. *See* Local Rule 7.2(g) (a motion may be summarily dismissed for failure to comply with Rule 7.2(g)).

Cisco's hasty efforts to portray Plaintiff as not complying with his discovery obligations are in vain. Plaintiff made proper objections to Cisco's interrogatories where necessary, has specifically explained the basis of his objections, and has otherwise provided full and complete responses to Cisco's interrogatories. Nothing raised in Cisco's rash motion compels a different

conclusion.  The Court should see Cisco's motion for the diversion it is and deny it in all respects.

## II.  Argument

Cisco's motion to compel argues that Plaintiff (1) did not act in good faith to supplement his interrogatory responses because he made untimely objections, (2) improperly made "premature" objections, (3) improperly made "burdensome" or "not relevant" objections, and (4) failed to fully respond to four of Cisco's 22 interrogatories.  Each of Cisco's arguments is without merit as fully discussed below.

1.  <u>Plaintiff's Objections Are Not Untimely And Have Not Been Waived</u>

Cisco complains that Plaintiff's "general objections," each of which had been incorporated by reference in Plaintiff's specific objections to Cisco's interrogatories, were improper blanket objections under the Local Rules.  Plaintiff's general objections were meant to state objections that applied to each of Cisco's ill-drafted interrogatories without the redundancy of restating those objections to each interrogatory.  Plaintiff's approach to general objections has been consistently employed by Cisco in its own discovery to Plaintiff, and is still being used by Cisco.[1]  Cisco's single letter to Plaintiff on this issue asked Plaintiff to remove his "general objections," asserting that they were improper under the Court's Local Rules, and demanded that Plaintiff provide supplemental responses.  *See* D.E. #78-3.  Plaintiff agreed to address the issue and thereafter promptly provided supplemental interrogatory responses that withdrew all "general objections" and that made clear to Defendant the precise basis of Plaintiff's objections.

There is nothing improper about Plaintiff's supplemental responses that were made in a good-faith effort to identify for Cisco the basis of Plaintiff's objections.  Plaintiff did not "waive"

---

[1] Recently, Cisco had taken the same position, refusing to withdraw its General Objections to Plaintiff's Second Set of Document Requests because, according to Cisco, " [Cisco's objections to Plaintiff's] Instructions and Definitions applied to all the responses, rather than repeat them for each request, we thought it more efficient to list them as a general objection."  *See* Exh. A at p. 2 .  Cisco agreed to amend its responses to withdraw those objections, just as Plaintiff did here.  Certainly Cisco would not agree that by amending its responses to withdraw the general objections, it has waived the right to incorporate those objections into specific responses.  This is but another example of Cisco's belief that the rules of discovery apply differently to it.  If Cisco wins this point in this motion, it should be bound the same ruling and any general objection made in its discovery responses should be deemed waived for all purposes and for all time.

his objections under Fed. R. Civ. P. 33(b), as Cisco contends, because he specifically and timely made his objections in his initial responses. *See id.* (objections must be made within 30 days and stated with specificity, but not addressing the use of general objections applying to the entire set of interrogatories).

Nor was there anything improper about Plaintiff restating his timely general objections to comply with the Local Rules. After Cisco objected to Plaintiff's general objections as lacking the specificity required by Local Rule 33.1(b), Plaintiff promptly supplemented his responses to specifically identify his objections. The purpose of the Local Rule in this regard is to ensure that the factual basis of the objection is provided to opposing counsel so that it can evaluate the merit of the objection and then meet and confer in good faith to narrow or define its discovery, if warranted. It is not, as Cisco contends, a "gotcha" waiver of all objections. Cisco understands each of Plaintiff's objections—and it does not contend otherwise—but has not sought to meet and confer about those objections. Instead, Cisco seeks to punitively waive all of Plaintiff's objections to avoid addressing Plaintiff's legitimate concerns about the deficiencies in Cisco's interrogatories. The Local Rule's requirement that objections be made with specificity has been complied with, Cisco knows the factual basis of each of Plaintiff's objections, and the Court has the information needed to evaluate Plaintiff's objections. The Local Rules have been satisfied.

Cisco's insistence that Plaintiff cannot supplement his interrogatory responses in any substantive way without acting in "bad faith" rings hollow in light of the discovery positions Cisco has taken in this case. Cisco has taken the position that it can discard its prior discovery responses (not just objections) altogether, even after a court order directing Cisco to provide more complete responses. *See* D.E. #63 at 2 (Cisco arguing that "[i]t is often the case that discovery responses are amended during legal proceedings.") Cisco has told the Court that such an approach to discovery is altogether permissible because "[i]t is sometimes the case that lawyers take preliminary positions that the client later decides not to take." *See id*. at 4 n.5. Yet Cisco complains when Plaintiff voluntarily supplements his interrogatory response—without Court intervention and in response to Cisco's request for supplemental responses—to make his

objections clear.  Plaintiff did not act in bad faith.  Rather he sought to give Cisco more information concerning Plaintiff's objections and the bases upon which those objections rest. Unlike Cisco's own discovery responses, Plaintiff's supplemental responses provided Cisco with more information, not less.  There is nothing improper about Plaintiff's approach, and his supplemental interrogatory responses certainly were not made in "bad faith," as alleged by Cisco.

Plaintiff's initial objections were timely under Fed. R. Civ. P. 33 and are specific as required by Local Rule 33.  Accordingly, the Rules have been satisfied.  The Court should address Plaintiff's objections the same way the Court considered Cisco's general objections to Plaintiff's interrogatories, by taking them up in the context of each interrogatory.  *See* D.E. #60 at 4 (finding Cisco's objections were not specific, as required by the Local Rules, but nonetheless considering the objections on an individual basis).  Alternatively, the Court should rule that any time a party in this case lodges general objections in its initial discovery responses, those objections are waived for all purposes and for all time, a ruling Cisco would have to live with because it would result in Cisco waiving many of the objections it continues to assert in response to Plaintiff's discovery.

2. Plaintiff's "Premature" Objections Are Entirely Proper

Cisco argues that Plaintiff's objections to Cisco's interrogatories as "premature" in light of the procedural posture of this case are improper.  *See* Motion at 4.  Cisco wrongly implies that Plaintiff has made this objection to each and every interrogatory.  *See id.*  Plaintiff specifically objected to certain contention interrogatories that *are* premature in light of Cisco's refusal to provide discovery to Plaintiff.  *See* Fed. R. Civ. P. 33(a)(2) (a court may order that a party may wait until certain discovery is complete before answering an interrogatory).

Plaintiff objected to Interrogatory Nos. 3-9, which generally ask Plaintiff to identify all statements in the accused articles that he "contends" or "alleges" are defamatory.  These interrogatories are contention interrogatories designed to narrow Plaintiff's claims in this case. While contention interrogatories are permitted under the Federal Rules, as Cisco rightly argues,

it is entirely proper to object to contention interrogatories when they are premature.  *See Vishay Dale Elects., Inc. v. Cyntec Co*., no. 8:07CV191, 2008 U.S. Dist. LEXIS 94492, at *14 (D. Neb. Nov. 6, 2008) (party may object that contention interrogatories are premature and then the burden shifts to the serving party to prove how an earlier response assists the goals of discovery.)  Contention interrogatories are improper when served before the receiving party has had sufficient discovery to respond.  *See* id. at *14 (there is considerable support for deferring answers to contention interrogatories until after a substantial amount of discovery has been completed); Fed. R. Civ. P. 33(a)(2).  Here, the Court can, and should, sustain Plaintiff's premature objection because little to no discovery has been taken in this case.  *See Vishay*, 2008 U.S. Dist. LEXIS 94492, at *14 (a Court may postpone a response to contention interrogatories until discovery is closer to completion.  "Such a delay 'protects the responding party from being hemmed into fixing its position without adequate information.' ")  Plaintiff's objection in that regard is specifically set forth in his interrogatory responses.  *See* D.E. #78-4 at 7, 12, 15, 22, 26 and 28.

Plaintiff's objection to Cisco's contention interrogatories Nos. 3-9 as premature is entirely proper.  Here, whether a statement has a defamatory meaning is determined based on how the comment was understood by the ordinary reader.  Plaintiff has not yet had the discovery needed to make a final appraisal of what he will contend or allege is defamatory at trial.  That is because Cisco has not produced emails Frenkel received from readers who understood his statements to accuse Plaintiff of a crime.  Moreover, Plaintiff has been able to take only one deposition in this case (and even that was cut short) because Cisco had not produced relevant documents necessary to fully, fairly and completely question witnesses about Frenkel's and Cisco's accusations.  Plaintiff expects to take additional depositions to discover what Frenkel's readers understood his accusations to mean.  Until then, Plaintiff cannot fully respond to Cisco's contention interrogatories.

Plaintiff also objected that Cisco's Interrogatory No. 22, which asks for all facts supporting Plaintiff's claim for punitive damages, was premature.  Plaintiff's objection is

specifically set forth in his response.  *See* D.E. #78-4 at 47-48.  Again, Cisco's interrogatory is a contention interrogatory.  And again, Cisco has refused to produce discovery needed by Plaintiff to make a full response.  In particular, Cisco has refused to produce email correspondence between Frenkel (the author of the articles in question), his supervisor Mallun Yen and colleague John Noh, who each asked and encouraged Frenkel to write his libelous posts.  Nor has Cisco produced email correspondence demonstrating that Frenkel knew at the time that he made his accusations that they were false and that they created a defamatory false impression, and/or that he acted recklessly and maliciously to defame Plaintiff.  Those emails, once produced, will provide additional information responsive to these interrogatories.  Until that discovery is provided to Plaintiff, Cisco's insistence on narrowing Plaintiff's cause of action through contention interrogatories is objectionable as premature.

Plaintiff also objected that Cisco's interrogatory Nos. 16-20, which ask various questions about the damages Plaintiff will claim in this case, are premature.  Plaintiff's premature objections are specifically set forth in his interrogatory responses.  *See* D.E. #78-4 at 39, 41-44. Here, Plaintiff alleges that Cisco's conduct has caused damage to his reputation and caused him mental anguish.  The facts supporting those claims will be developed through Cisco's documents (not yet produced) and deposition testimony (not yet taken) from which Plaintiff will establish that his reputation has been harmed.  Plaintiff's damages are not reasonably amenable to calculation, and he has not yet calculated those damages.  That being said, the amount of damages is an issue that traditionally lends itself to expert opinion testimony.  Because of Cisco's discovery misconduct, the discovery and expert discovery deadlines in this case are up in the air.  Plaintiff objected to Cisco's damages interrogatories as premature because discovery has not been conducted in earnest and expert reports are not yet due.  Plaintiff's objections are entirely proper.  *See Vishay*, 2008 U.S. Dist. LEXIS 94492, at *14; Fed. R. Civ. P. 33(a)(2).

Cisco's sole argument to the contrary is that that "Plaintiff has had over 15 months to investigate his claims."  *See* Motion at 4.  Cisco entirely ignores that in that 15 months, it has steadfastly denied Plaintiff discovery.  The special interrogatories Plaintiff served in January

have still not been fully responded to, despite repeated promises by Cisco to do so.  The Court ordered Cisco to provide complete responses to Plaintiff's First Set of Interrogatories, but it still has not done so.  Cisco continues to refuse to produce documents requested by Plaintiff.  It is not the time this case has been pending that is the problem; Cisco's contention interrogatories are premature because Cisco has denied Plaintiff relevant discovery needed to formulate his case contentions.

Notwithstanding Plaintiff's "premature" objections, his responses include all of the information currently within his possession, custody or control.  Cisco takes issue with Plaintiff's responses, characterizing it as "self-serving commentary" because Plaintiff states that his response is "based on the information known to him at this time and upon such investigation as is reasonable for Plaintiff to undertake under the circumstance.  Plaintiff anticipates conducting additional discovery in this case and he reserves the right to amend and/or supplement his response."  *See* D.E. #78-4 at 4, 6, 11, 14, 17, 22, 26, 27-28, 30-32, 35-38, 40, 41, 43-44, 47 and 55-56.  Incredibly, Cisco makes that argument at the same time its own discovery responses include the very type of "reasonable search" language that it now complains is improper "commentary."  *See*, for example, Exh. B at 89 ("Subject to the objections and without waiving same all non-privileged relevant documents that could be located through a reasonable inquiry have been previously produced.").  Cisco objects to this rather routine language (as demonstrated by Cisco's use of the same language), claiming that Plaintiff is hiding behind his response to withhold information he doesn't want to produce.  He is not.  As Plaintiff's answers make clear, he has undertaken a reasonable investigation, as required by the Federal Rules, and has responded with all information known to him at this time.  Plaintiff has fully complied with his discovery obligations and nothing more is required.

Cisco also confusingly argues that Plaintiff should be ordered to state what information he is withholding because he thinks such an investigation would be unreasonable.  *See* Motion at 4.  Cisco's argument incorrectly assumes that Plaintiff made a decision not to investigate some avenue of information.  He has not.  Instead, as his responses make clear, he undertook a

reasonable investigation and provided responsive information known to him at this time.  If Cisco wanted to explore the scope of Plaintiff's investigation, it should have met and conferred in good faith about the scope of Plaintiff's investigation prior to bringing a motion, as Plaintiff has done to ascertain the scope of Cisco's assertions when it claims to have made a "reasonable search."  Cisco made no attempt to meet and confer in good faith about this issue.[2]  *See* D.E. #78-3.  If it had, it would have learned that Plaintiff's investigation included searching all of his records and giving serious thought to his responses in an attempt to provide the most complete responses possible.  Plaintiff's investigation was more than reasonable and certainly meets his obligations under the Rules.  Plaintiff is not seeking to hide information from Cisco.  Cisco's accusations to the contrary are unfounded, based on pure speculation and innuendo, and were made with no effort to ascertain the true facts.

In sum, Plaintiff's objections to Cisco's premature contention interrogatories are well-founded.  More importantly, although Plaintiff could have refused to answer Cisco's premature contention interrogatories at all, he didn't.  Plaintiff responded with all information currently known to him.  Plaintiff's objections were made to alert Cisco that additional responses would be necessary, given the lack of discovery provided in this case, and to preserve Plaintiff's position that he should not be forced to fix his contentions until after Cisco finally permits discovery to move forward.  Because those objections have not been used to withhold responsive information, the most that Plaintiff is guilty of is providing too much information to Cisco.

### 3. Plaintiff's Burdensome and "Not Relevant" Objections Are Proper

Cisco's Motion argues that the Court should overrule Plaintiff's burdensome and relevance objections pursuant to Local Rule 33.1(b).  Cisco misunderstands the Local Rule.  Rule 33.1(b) states that it is not sufficient for a party to make general assertions of burden or

---

[2] Cisco never discussed its motion to compel with Plaintiff telephonically and the only meet and confer on this issue is set forth in Cisco's two letters.  See D.E. #78-3.  Cisco's failure to examine the basis of its motion before filing it demonstrates that it was less worried about making sure that Plaintiff provided complete responses and more worried about getting a motion on file portraying Plaintiff as evading his discovery obligations.  As the Court can see from Plaintiff's interrogatory responses, he took his discovery obligations seriously and provided full and complete responses.

relevance; rather those objections must be "stated with particularity."  Plaintiff's burdensome and relevance objections do not violate Local Rule 33.1(b) because each time Plaintiff makes a burdensome or relevance objection, he specifically states the basis of his objection.  Plaintiff's objections are not the kind of blanket general objections absent any factual predicate that is precluded by the Local Rule.  Although Cisco's motion truncates Plaintiff's objections and therefore does not include the factual basis provided by Plaintiff, Cisco does not—and cannot—seriously contend that it does not understand the basis of Plaintiff's objections.

    4.  <u>Plaintiff Has Provided A Full Response to Cisco's Interrogatory No. 2</u>

Cisco's Interrogatory No. 2 asked Plaintiff to:

"Describe in detail each and every instance in which you have requested court personnel (whether state or federal) to change, alter, or modify a court document.  Include in your answer the style of the case, court in which the case was pending, court personnel that you spoke with, and specific request that you made."

Plaintiff provided a response that demonstrates the full investigation he undertook to respond to Cisco's interrogatory.  Plaintiff searched his records and identified several cases responsive to Cisco's request.  For each case, he provided the information Cisco requested.  Cisco does not contend otherwise.

Ignoring Plaintiff's completely substantive response, Cisco files a motion with the Court to make an unfounded attack on Plaintiff's objections.

First, Cisco argues that Plaintiff's relevance and overly broad objections violate Local Rule 33.1(b).  As discussed above, Cisco misunderstands the Local Rule.  Plaintiff's objections are not mere blanket objections.  Rather, they specifically state that Cisco's interrogatory seeks irrelevant information by asking for information concerning all cases where Ward has served as counsel of record, which cannot be relevant to whether he conspired to alter government records in the ESN case as alleged by Frenkel.  Plaintiff's overly broad and burdensome objection specifically states that Cisco's interrogatory fails to limit the information sought to a reasonable subject-matter, number of persons, or a reasonable time period.  Far from violating the Local Rule, Plaintiff's objections provide the specifics the Rule demands.

Second, Cisco argues that Plaintiff's relevance objection is meritless.  Cisco's argument has been waived because Cisco's offer of relevance was not provided to Plaintiff during a proper meet and confer and therefore Plaintiff could not address this specific issue before Cisco sought Court intervention.  *See* D.E. # 78-3.  The first time Cisco apprised Plaintiff of the relevance of the information it requested was in its motion to compel.  Cisco's argument should not be considered because Cisco failed to meet and confer to resolve this "specific issue" as required by Local Rule 7.2(g).

If Cisco had bothered to meet and confer about Plaintiff's relevance objection, it would have learned that Plaintiff's objection is consistent with the discovery positions Cisco has previously taken in this case.  Plaintiff has sought to discover every instance in which any Cisco employee disseminated any Troll Tracker post.  Plaintiff believes that information is relevant for the same reason that Cisco claims that any communication to a court by Plaintiff is relevant— because prior conduct may be evidence that a party was in the habit of undertaking the activity relevant to this case.  Cisco has steadfastly refused to provide discovery about "other articles," claiming it is not relevant.  *See* Exh. A at 8 (addressing Plaintiff's RFP Nos. 56-60).  Plaintiff's relevance objection here is consistent with Cisco's approach to the relevancy issues in this case. In other words, if Cisco is going to take a narrow approach to relevance, it cannot complain when Plaintiff follows suit.

Unlike Cisco, however, Plaintiff took the high road and provided a full and complete response that included information concerning other cases on which Plaintiff worked.  Cisco could not have reviewed Plaintiff's response before filing its motion because, if it had, it would seen Plaintiff's identification of non-ESN cases and Cisco would have known that Plaintiff provided a complete response despite his relevance objection.  If Cisco had concerns to the contrary, it should have met and conferred about Plaintiff's relevance objection and it would have learned that Plaintiff was not withholding responsive information based on the objection.

Third, Cisco's interrogatory No. 2 is grossly overbroad and unreasonably burdensome in asking Plaintiff to provide a response without limitation as to subject-matter, persons, or time.

Cisco attempts to defend its interrogatory by arguing that it is limited by subject-matter and "is also inherently limited by the number of years that Plaintiff has practiced law." *See* Motion at 5. Plaintiff made this specific objection in his response. *See* D.E. # 78-4 at 2-3.  Plaintiff has practiced law since 1995. *See* D.E. 66 at ¶ 6.  Cisco would have the Court believe that a request that asks for any time Ward or any of his representatives, agents or employees discussed a change or modification to a court document in the last 14-plus years is reasonable.  The breadth and range of Cisco's request could include asking a court to withdraw Plaintiff from its electronic case notification list, contacting a court to correct a document filed in error, contacting a court to discuss an improper exhibit, or any host of other routine calls to a clerk's office. Moreover, Cisco wants Plaintiff to provide that information from the day he started practicing law, including time he spent as an associate in a law firm where he is no longer employed and for which he has no access to records.  That is unreasonable.  Plaintiff reviewed his business records and did his best to refresh his recollection in order to respond to Cisco's broad request.  As the Court can see from his response, Plaintiff uncovered and provided significant responsive information.  He has done all that can reasonably be required and his answer is full and complete.

Fourth, Cisco takes issue with Plaintiff's objection to the vagueness of the words "court document" and "court personnel."  Again, Cisco never raised this issue with Plaintiff before filing its motion, and Cisco's argument has therefore been waived. *See* D.E. #78-3; Local Rule 7.2(g).  If Cisco had bothered to discuss the issue with Plaintiff, it would have learned that these words are not as self-defining as Cisco suggests.  For example, is notice on a court's website concerning an annual bar association meeting a "court document?"  Are the court security officers included in the scope of Cisco's request?  Cisco's interrogatory could have defined court personnel to include administrative court clerks, law clerks and the like.  Instead, it chose to serve an overly broad interrogatory and cannot be heard to complain when Plaintiff makes a legitimate objection.  If Cisco had taken the opportunity to discuss the issue with Plaintiff, it could have refined its definitions and the parties could have agreed on what information was

responsive.  In any event, Plaintiff's response demonstrates that he provided information consistent with any reasonable interpretation of Cisco's interrogatory by including his communications with the court clerks.

Fifth, Cisco takes issue with Plaintiff's objection to Cisco's use of the word "alter." Cisco included that word in its interrogatory responses because Frenkel accused Plaintiff of conspiring to "alter" governmental records.  Cisco contends that "alter" means only to change or make different," offering the Court a definition in its motion that was not included in Cisco's interrogatories.  Plaintiff contends the word "altered" means criminal conduct.  That is a disputed issue in this case.  Because Cisco's interrogatory responses provided no definition of the word "alter," Plaintiff was free to answer as he interpreted the word.  Plaintiff could have simply made no objection and responded as he saw fit.  Instead, he was forthright with Cisco and told it that use of the word altered is argumentative.  Argumentative is a proper objection to any discovery that is misleading, as Cisco's interrogatory is here.  It is the classic "When did you stop beating your wife?" question.  Nothing about Ward's objection in this regard is improper, particularly where, as here, he provided Cisco with a complete response.

Cisco also complains that Plaintiff's response that he has never asked "the Court" to alter a court document is improper because Plaintiff's use of the word "Court" suggests that he is only answering with respect to the judge.  Again, Cisco never met and conferred with Plaintiff about this issue and, consequently, its motion in this respect must be denied.  *See* D.E. #78-3; Local Rule 7.2(g).  Had Cisco bothered to meet and confer, it would have learned that Plaintiff does not read his answer to be so limited and intended "the Court" to include the Court's court clerks.  If given the chance, Plaintiff would have agreed to amend his responses to make clear that he was not limiting his responses to the judge.

Finally, Cisco urges the Court to order Plaintiff to provide a full and complete response to include any communications with respect to the *ESN v. Cisco* litigation.  *See* Motion at 7.  No such order is necessary as Plaintiff's response included all information known to him at this time.

5. <u>Plaintiff Has Provided A Full Response to Cisco's Interrogatory Nos. 8 & 9</u>

Cisco's Interrogatory No. 8 asks:

With respect to your allegation in paragraph 11 of the Petition that Frenkel accused you of a crime, state all crimes (including the specific statute) that you allege that Frenkel accused you of.

Cisco's Interrogatory No. 9 asks:

With respect to your allegations in paragraph 11 of the Petition that Frenkel accused you of engaging in conduct that could result in disciplinary proceedings before the State Bar of Texas, state the rules or regulations that you allege Frenkel accused you of violating (including the specific rule or regulation) and all statements from the Article that accuse you of such violation.

Plaintiff provided full and complete responses to Cisco's interrogatories, including an identification of the language used by Frenkel and the statutes and rules known to Plaintiff that he may have violated had Frenkel's false accusations been true. *See* D.E. #78-7 at 26-30. Cisco argues that Plaintiff's objection that the interrogatories cannot be answered based on first-hand knowledge, seeks information outside of Plaintiff's control, and exceeds Plaintiff's obligations under the Federal Rules[3] are improper because "Plaintiff certainly has knowledge of his own contentions." *See* Motion at 8. Cisco misses the point. Cisco's interrogatories ask Plaintiff to identify the criminal statutes and regulations that *Frenkel* accused him of violating. Plaintiff has responded with statues and regulations that Frenkel could have accused him of violating, but Plaintiff has no way of knowing the factual basis of *Frenkel's* assertions. That information necessarily resides with Frenkel.

Cisco's untimely objection argument is meritless for the reasons set forth in pages 3-5 above. Likewise, Cisco's attacks on Plaintiff's "premature" objections are meritless for the reasons set forth in pages 5-9.

---

[3] Cisco again improperly argues that Plaintiff's objections violate Local Rule 33.1(b). The specific bases of Plaintiff's objections are provided in his response. Plaintiff states that Cisco's interrogatory cannot be answered based on first-hand knowledge but rather calls for speculation about what Frenkel had in mind when he defamed Ward. *See* D.E. #78-4 at 26. Plaintiff specifically stated that the information Cisco seeks is in Frenkel's possession, custody and control. *See id.* Given Cisco's ability to obtain documents from Frenkel in the past, Cisco can obtain that information from Frenkel now. Plaintiff, on the other hand, cannot ask Frenkel what he meant and is not required to do so under the Federal Rules. These specific objections meet the requirements of Local Rule 33.1(b).

14

Finally, Cisco objects to the use of the words "not limited to" in Plaintiff's response.  *See*
Motion at 8.  Cisco's argument ignores that its interrogatory asked Plaintiff to speculate as to
what criminal statutes and regulations Frenkel meant to accuse him of violating.  Plaintiff
responded based on his review of statues and regulations, but included the "not limited to"
language because he cannot know whether the breadth of his knowledge is the same as Frenkel's.
Having opted to propound an interrogatory that asks Plaintiff to speculate about what Frenkel
knew, Cisco cannot complain when Plaintiff uses language that indicates that his knowledge may
not be exhaustive.

6.  <u>Plaintiff Has Provided A Full Response to Cisco's Interrogatory No. 12</u>

Cisco's Interrogatory No. 12 asked:

> Identify each person or company with whom you communicated or from whom you
> received any communication regarding the Article, and separately for each
> communication, identify the date, persons involved, and purpose of the communication,
> the substance of the communication and identify any documents related to that
> communication.

Plaintiff provided a full response to Cisco's interrogatory.  Plaintiff told Cisco that all
non-privileged responsive information has been produced to Cisco.  Plaintiff provided a response
that included oral communications for which no documents are available.  There is nothing about
Plaintiff's response that demonstrates that he is withholding information.  Plaintiff also
specifically identified potentially responsive documents as indicated on his privilege log.

Cisco's challenges to Plaintiff's responses primarily rest on the objections Plaintiff has
made in response to Cisco's overly broad interrogatory.  At the time Cisco served this
interrogatory, Plaintiff's Complaint had only specifically identified a single Troll Tracker article.
Although Defendant has long known that Plaintiff alleged that three of the Troll Tracker articles
were defamatory, Cisco's interrogatory focused only on the article listed in Ward's Complaint.
Therefore, Plaintiff objected to the extent that Cisco's interrogatory could be read to narrow his
cause of action.  *After* Cisco served these interrogatories, Plaintiff amended his Complaint to
specifically identify all three articles.  Plaintiff's objection, based on the operative Complaint

underlying Cisco's interrogatory, was therefore proper.  Nonetheless, Cisco's attack on this objection is of no import because Plaintiff responded based on all three accused articles.

Plaintiff properly lodged an objection to Cisco's interrogatory based on the duties of confidentiality that he owes to third parties.  Plaintiff is a lawyer who has specific obligations to his clients to keep information confidential.  While those clients include ESN, they also include clients with no connection to this case.  Communications concerning the articles at issue may be intermixed with discussions of sensitive client information that has no bearing on this case.  In such circumstances, Plaintiff has an obligation to clients to not divulge confidential information.  However, Plaintiff has responded fully and completely with all information he currently has, including listing four documents on his privilege log.  Plaintiff's objection must be left in place because additional responsive documents may come to Plaintiff's attention later.  If Plaintiff failed to make this objection, and additional client confidential documents later come into his possession, Cisco would argue—as the filing of this motion clearly demonstrates—that Plaintiff waived his objection to producing those documents by not making it in his original response.  Thus, Plaintiff's preservation of this objection is proper.

Cisco's argument that Plaintiff's objections are untimely should be rejected for the reasons set forth at pages 3-5, above.  In addition, Cisco's argument concerning Plaintiff's statement that he has provided all information known to him at this time after a reasonable search should be overruled for the reasons set forth at page 8-9 above.

Plaintiff's vague and ambiguous objection properly asserts that Cisco's use of the phrase "communications regarding the Article" lacks specificity.  This objection was made in light of the fact that Cisco had previously defined the scope of its request as a single article, although this case involves three articles.  Plaintiff responded with respect to all three articles.  Plaintiff also objected to the vagueness of Cisco's request because it can be read to include communications between Plaintiff and his counsel and communications concerning the lawsuit he brought after the articles were published.  Cisco should have drafted the interrogatory to seek any communications concerning the "contents" of the accused articles, and not anything that can be

remotely related to the articles, including all communications with counsel in this lawsuit. Accordingly, Plaintiff's objection in this regard is proper.

If Cisco were concerned about the scope of Plaintiff's objection, it should have met and conferred with Plaintiff to understand the basis of his objection and to attempt to reach an agreed scope for his response. It did not. *See* D.E. #78-3 at 3. The first time Plaintiff was faced with Cisco's concerns about this objection was when it brought its motion to compel. Cisco's motion in this regard should be denied for failing to meet and confer about this specific issue. *See* Local Rule 7.2(g). Again, Cisco's conduct demonstrates that its motion was made not after a good-faith attempt to resolve legitimate discovery concerns but rather in an attempt to portray Plaintiff as not complying with his discovery obligations.

The same holds true for Cisco's challenge to Plaintiff's privilege log entries. If Cisco wants to challenge a claim of privilege by Plaintiff, it is first required to meet and confer with him to ascertain the basis of his claim. *See* Local Rule 7.2(g). This Cisco did not do. *See* D.E. #78-3. The first time Plaintiff learned that Cisco believed he was withholding documents based on an improper assertion of privilege was when Cisco filed its motion to compel. Plaintiff has repeatedly met and conferred with Cisco regarding Cisco's own claims of privilege and did so before raising those issues with the Court. Cisco owes Plaintiff the same courtesy, particularly when important issues of privilege are implicated. Cisco's motion in this regard should be summarily dismissed for failure to comply with the Court's Rule. *See* Local Rule 7.2(g).

Still, Cisco's motion on this point is without merit. Understandably, the articles at issue, which make serious accusations about the filing of the ESN complaint, were discussed between ESN and its counsel, including Ward, because those articles concerned the ESN v. Cisco litigation. Those communications are privileged attorney-client communications made in the context of Plaintiff's representation of ESN. Moreover, the other documents Cisco claims are not privileged are communications between Plaintiff and other clients or potential clients concerning legal matters. Cisco's argument is that those documents cannot be privileged because "neither Terry Fokas nor Bruce Lagerman are counsel in this or the *ESN v. Cisco* case."

*See* Motion at 11.  Cisco is off base.  Plaintiff is a lawyer with an active law practice that includes clients other than ESN and cases other than the ESN v. Cisco case.  Cisco's insistence that Plaintiff is required to produce all attorney-client communications that relate to any matter other than the ESN v. Cisco case defies logic and is contrary to law.  Those communications, and any other communications between Plaintiff and his clients, are privileged because they relate to litigation or potential litigation that Plaintiff has pending on other matters.  As Cisco can clearly see from the communications that Plaintiff has produced, which were numerous, he is not overclaiming privilege.  The four documents logged on Plaintiff's privilege log contain privileged communications.  Had Cisco met and conferred on this issue, it would have learned that its unsound logic cannot overcome Plaintiff's assertions of privilege.

      Finally, Cisco complains that Plaintiff has not provided a complete response because he has not identified every communication that his legal counsel may or may not have had with any member of the media.  *See* Motion at 10-11.  Cisco's argument is wide of the mark.  Interrogatories are served on parties, not their lawyers.  Plaintiff has responded with all information within his personal knowledge.  Nothing more is required.  To the extent Cisco's complaint relates to Plaintiff's statement that his counsel was compelled to respond to media inquiries but no related documents have been produced, those documents are already in Cisco's possession.  The only articles of which Plaintiff is aware is the Texarkana Gazette article and the Texas Law Journal article, both of which Cisco has produced in this case.  Plaintiff's response was full and complete and all non-privileged documents have been produced.  Information known to Plaintiff's counsel—but otherwise unknown to Plaintiff—is not responsive, not relevant and privileged.  Cisco understands that the information it seeks is privileged because it has taken the same position in response to certain of Plaintiff's discovery requests to Cisco.  *See* Exh. A at 8 (addressing Plaintiff's Requests for Production Nos. 56-60 and stating, "Moreover, communications with counsel regarding sending blogs to the media, if any, would indeed be privileged.")

Cisco also argues that Plaintiff was required to specifically identify the documents he produced responsive to Cisco's interrogatory.  Cisco's argument expressly contradicts the instructions it provided in its interrogatories.  Cisco's instructions specifically state that Plaintiff need not identify documents that he has produced to Cisco.  *See* Exh. C at ¶ 16.  Plaintiff followed Cisco's instructions, produced responsive documents, and didn't identify them as instructed.  Cisco's argument defies its own instructions and is without merit.

Plaintiff's objections to Interrogatory No. 12 are well taken.  Moreover, Plaintiff has provided all responsive information to Cisco (with the possible exception of producing to Cisco two articles that Cisco already has and that it produced to Plaintiff, one of which has been filed with the Court).  If truly necessary, Plaintiff can locate these two articles from Cisco's production, add a Plaintiff's production number, and produce them back to Cisco.

### III.  Conclusion

Cisco's motion raises a host of meritless arguments, many of which Cisco would have known were baseless had it complied with the Local Rule requiring parties to meet and confer before seeking the Court's intervention.  Cisco cannot be rewarded for its failure to meet and confer in its rush to get a discovery motion on file against Plaintiff.  The Court should overrule Cisco's motion on any issue not previously raised with Plaintiff.  In every other respect, Cisco's motion lacks merit and should, in all things, be denied.

Respectfully submitted,

Nicholas H. Patton (SBN: 63035)
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard - P. O. Box 5398
Texarkana, Texas 7550505398
(903) 792-7080
(903) 792-8233 (fax)
Email: nickpatton@texarkanalaw.com

19

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street
Suite 6
Emeryville, CA 94608
Telephone: (510) 268-8033
Email: ppeden@pedenlawfirm.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on this 16th day of July, 2009, a true and correct copy of the foregoing Response to Defendant's Motion to Compel Responses to Cisco System, Inc.'s First Set of Interrogatories was served electronically upon:

Richard E. Griffin                        Attorney for Defendant Cisco Systems, Inc.
Charles Babcock
Crystal Parker
JACKSON WALKER, LLP
1401 McKinney
Suite 1900
Houston, Texas 77010

Nicholas H. Patton