IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| **JOHN WARD, JR.** § | |
| § | |
| **Plaintiff** § | No. 08-4022 |
| § | |
| **v.** § | JURY TRIAL DEMANDED |
| § | |
| **CISCO SYSTEMS, INC.** § | |
| § | |
| **Defendant.** § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL
RESPONSES TO CISCO SYSTEM, INC.'S FIRST SET OF INTERROGATORIES**

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| | § | C. A. NO. 08-4022 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |

**CISCO SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

TO:   John Ward, Jr., by and through his attorney of record, Nicholas H. Patton, Patton, Tidwell & Schroeder, LLP, 4605 Texas Boulevard, Texarkana, Texas.

Pursuant to FED.R.CIV.P. 34(a)(1), Defendant Cisco Systems, Inc. serves these Objections and Responses to Plaintiff's Second Set of Requests for Production of Documents.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
　　Charles L. Babcock
　　Federal Bar No.: 10982
　　Email: cbabcock@jw.com
　　Crystal J. Parker
　　Federal Bar No.: 621142
　　Email: cparker@jw.com
　　1401 McKinney
　　Suite 1900
　　Houston, Texas 77010
　　(713) 752-4200
　　(713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

> Subject to the objections and without waiving same all non-privileged relevant documents that could be located through a reasonable inquiry have been previously produced. Responsive, privileged documents have been logged in Cisco's privilege log, which has previously been provided.

115. ALL DOCUMENTS CONCERNING the ESN V. CISCO LITIGATION, ESN, the filing of the ESN complaint, Eric Albritton, John Ward Jr. or McAndrews Held & Malloy Ltd. contained in the files of Mallun Yen.

**RESPONSE:**

> Defendant objects to the request because Plaintiff's definition of "documents" numbers 11 and 12 purport to expand Defendant's obligations beyond what is required by the Federal Rules of Civil Procedure, Rule 34.
>
> Defendant further objects to the request because Plaintiff's definition of "concerning" number 7 as the definition purport to expand Defendant's obligations beyond what is required by the Federal Rules of Civil Procedure, Rule 34.
>
> Defendant further objects, as the request calls for information that is not relevant to any party's claim or defense.
>
> Defendant objects as the request does not "describe with reasonable particularity each item or category of items" sought to be produced as provided by Fed. R. Civ. Proc. 34(b)(1).
>
> The information regarding Cisco's defense of the ESN case is privileged from disclosure as attorney client communication or work product.
>
> Defendants further object on the basis that the request calls for documents that are not relevant to the party's claims or defenses.
>
> Defendant objects on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.
>
> ==Subject to the objections and without waiving same all non-privileged relevant documents that could be located through a reasonable inquiry have been previously produced.== Responsive, privileged documents have been logged in Cisco's privilege log, which has previously been provided.