IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN WARD, JR.                                                    PLAINTIFF

            v.              Civil No. 08-4022

CISCO SYSTEMS, INC.                                               DEFENDANT

<u>**ORDER**</u>

Now on this 24th day of August, 2009, comes on for consideration **Plaintiff Ward's Motion to Compel Compliance with the Court's March 30, 2009 Order and For Sanctions (document #61)** and the responses and replies thereto. The Court, being well and sufficiently advised, finds and orders as follows:

1.  In the instant matter, the plaintiff asserts a claim for defamation against Cisco Systems, Inc. (hereinafter "Cisco"). The claim for defamation stems from publications on an internet blog – www.trolltracker.blogspot.com. The blog was published by Richard Frenkel,[1] who was then employed by Cisco. The blog allegedly accused the plaintiff, an attorney, of "criminal conduct, unethical conduct, and conduct unbefitting of an officer of the Court."

2.  On March 30, 2009, the Court ruled on Plaintiff Ward's Motion to Compel Responses to Interrogatory Nos. 1-9 (document #57). The Court's Order of March 30, 2009 (document #60) granted

_____

[1]See Frenkel's Declaration of May 11, 2009 (document 63-2).

Dockets.Justia.com

Ward's motion and ordered Cisco to respond to the interrogatories, as directed within fifteen (15) days.

3.   The instant motion to compel asserts that, despite the Court's Order of March 30, 2009, Cisco has not provided full and complete responses to Ward's Interrogatory Nos. 5-6.  Instead, Ward states, Cisco "granted itself the right to redo its original responses . . . [and] provided an Amended Answer that omitted the key (and responsive) fact that Frenkel relied on information that he received from counsel when he wrote his accusations about Ward."  Ward asserts that Cisco revised its interrogatory responses to avoid providing answers that include "allegedly privileged information."

Ward also argues that Cisco's actions merit sanctions.

4.   Cisco responds that the fact it "rewrote" its answers to the interrogatories shows compliance with, not disobedience of, the Court's order.  Cisco argues that Frenkel did *not* rely on information from counsel when writing his blog posts.  Cisco further argues that it has not asserted a "good faith defense" and asks the Court to reconsider or clarify its ruling with respect to its waiver of attorney client privilege.

5.   Following various motions, pleadings, and telephone conference calls, the Court ordered Cisco to produce, for *in camera* review, all documents which **could** be responsive to plaintiff's interrogatories number 5 & 6, and specifically, all

documents listed in plaintiff's submission log previously provided to the Court.

6.    The Court has now reviewed those *in camera* documents.

7.    The Court notes that in its March 30, 2009 Order it found Cisco waived the attorney client privilege as its answers in discovery assert that Frenkel relied on communications with counsel when formulating the blog posts.  Although Cisco, in its revised answers to Ward's interrogatories now asserts that Frenkel did *not* rely on those communications with counsel, the Court's ruling remains the same.  *See* <u>Burress v. Union Pacific R. Co.</u>, 2007 WL 60935 (E.D. Ark. 2007)[2]

8.    Considering the Court's finding of an at issue waiver with respect to attorney client communications, the Court believes it appropriate to permit Ward to discover any and all communications shown by the submissions to have been received by him on or before he made the last of the blog postings at issue. (Based upon Frenkel's affidavit and other submissions, the Court believes the blog postings occurred on October 17 and 18, 2007.) Whether, in posting the blogs, Frenkel relied upon any such communications from counsel (as first indicated by Cisco's initial response) or not (as now indicated by Cisco's amended response)

---

[2]"To waive the privilege, a party must do more than deny allegations, he must affirmatively raise new factual or legal issues that involve privileged communications. *But, the issue need not be raised as an affirmative defense or by the party's pleadings*." <u>Burress</u>, 2007 WL 60935 (E.D. Ark. 2007)(emphasis added).

may very well be an issue to be decided at trial.  Accordingly, the Court will Order that Cisco produce to Ward – in response to the interrogatories at issue – **all documents, emails and written communications written by or received by Frenkel prior to October 19, 2007.**  Cisco will be directed to produce the ordered material to Ward within **ten (10) days** from the date of this Order.[3]

9.   The Court declines, at this time, to take up any request for sanctions.

**IT IS, THEREFORE, ORDERED** that **Plaintiff Ward's Motion to Compel Compliance with the Court's March 30, 2009 Order and For Sanctions (document #61)** should be, and hereby is, **granted in part** as follows:

**IT IS ORDERED** that Cisco shall, within ten (10) days from the date of this Order, produce to Ward – in response to the interrogatories at issue – **all documents, emails and written communications written by or received by Frenkel prior to October 19, 2007.**

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE

---

[3]The Court will not set forth each specific document this Order encompasses.  The Court trusts that, working from the *in camera* submission log which identifies the documents ultimately produced for the Court's review, the parties can accurately identify the documents to be produced.

–4–