IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § § § | |
| | § | C. A. NO. 08-4022 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |

### DEFENDANT CISCO SYSTEMS, INC.'S EMERGENCY MOTION FOR STAY PENDING APPEAL AND BRIEF IN SUPPORT

TO THE HONORABLE DISTRICT COURT JUDGE:

Pursuant to Federal Rule of Appellate Procedure 8(a)(1), Defendant Cisco Systems, Inc. ("Cisco") files this Emergency Motion for Stay Pending Appeal and Brief in Support (the "Motion") relating to the Order entered by this Court on August 24, 2009 (the "Order"), which compels Cisco to produce documents it contends are protected by the attorney-client privilege and the attorney work product doctrine. In support thereof, Cisco would respectfully show the following:

### I.     INTRODUCTION

In a June 12, 2009, telephone conference, the Court directed Cisco to submit a detailed submission log to the Court and to opposing counsel. Cisco did so. Cisco's submission log set forth not only the basis of the privilege asserted for each document, but also the reasons why each document is non-responsive to both Plaintiff's Interrogatory No. 5 and Interrogatory No. 6. In addition to the submission log, Cisco provided all of the privileged documents at issue to the Court for *in camera* review. Subsequent to its review of Cisco's submission log and its *in camera* review of the related privileged documents, on August 24, 2009, the Court entered an order requiring Cisco to produce all documents, emails and written communications written by

**Cisco's Emergency Motion for Stay Pending Appeal and Brief in Support – Page 1**

Dockets.Justia.com

or received by Richard Frenkel prior to October 19, 2007. Cisco asserts that those documents are protected from discovery by the attorney-client privilege and the attorney work product doctrine. Cisco requests that the Court stay its August 24 Order compelling the production of privileged documents pending Cisco's application to the Eighth Circuit Court of Appeals for a writ of mandamus to prevent the production of Cisco's privileged documents.

## II.   ARGUMENT AND AUTHORITIES

A party seeking a stay pending appeal "must show that (1) they are likely to succeed on the merits, (2) they will suffer irreparable injury unless the stay is granted, (3) no substantial harm will come to other interested parties, and (4) the stay will do no harm to the public interest." *Arkansas Peace Center v. Dept. of Pollution*, 992 F.2d 145, 147 (8th Cir. 1993). As set forth below, each of these elements is satisfied, and a stay should be granted.

### 1.   Plaintiffs are likely to succeed on the merits.

Cisco will likely prevail on the merits of its request for mandamus seeking to have this Court's August 24, 2009, order vacated. The Eighth Circuit has stated that the issuance of a writ of mandamus is appropriate in cases when, as here, the district court compels disclosure of privileged communications where: "(1) disclosure of the allegedly privileged or confidential information renders impossible any meaningful appellate review of the claim of privilege or confidentiality; and (2) the disclosure involves questions of substantial importance to the administration of justice." *Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949, 955 n.7 (8th Cir. 1979) (hereinafter *IBP*). Indeed, "[w]here the case involves the attorney-client privilege, the importance of the privilege itself may serve to satisfy the second requirement." *Id. See also In re Chrysler Motors Corp.*, 860 F.2d 844, 846 (8th Cir. 1988) ("We hold that mandamus is the

**Cisco's Emergency Motion for Stay Pending Appeal and Brief in Support – Page 2**

proper means for Chrysler to challenge the production order on the grounds of attorney work product privilege.").

The Eighth Circuit also has held that the issuance of a writ of mandamus is appropriate in cases "when the district court has committed a clear error of law or abuse of discretion in ordering the disclosure of privileged materials ..." *In re BankAmerica Corp. Securities Litigation*, 270 F.3d 638, 641 (8th Cir. 2001). "This extraordinary remedy is appropriate because the judge's order would otherwise destroy the confidentiality of the communications at issue." *Baker v. General Motors Corp.*, 209 F.3d 1051, 1053 (8th Cir. 2000). "[W]hen a court clearly fails to apply the proper legal standard and issues an order that, if complied with, will result in irreparable harm, issuance of the writ may be appropriate." *In re Bieter Co.*, 16 F.3d. 929, 933 (8th Cir. 1994). Here, it is likely that the Eighth Circuit will find that this Court's Order compelling the production of privileged documents constitutes an abuse of discretion, because compelling production of privileged documents is, almost by definition, irreparable harm.

Cisco's privilege assertions stem from two integrated yet distinct doctrines: the attorney-client privilege and the work product doctrine. The attorney-client privilege is the "long established rule that confidential communications between an attorney and his client are absolutely privileged from disclosure against the will of the client." *Diversified Indus., Inc.*, 572 F.2d 596 at 601. Under the attorney work product doctrine, "information or materials assembled by or for a person in anticipation of litigation or in preparation for trial may be qualifiedly privileged from disclosure to an opposing party." *Id.* at 601. "[I]t is at once apparent that the qualified immunity or privilege accorded to 'work product' by the rule is to some extent broader than the absolute attorney-client privilege." *Id.* at 603.

**Cisco's Emergency Motion for Stay Pending Appeal and Brief in Support – Page 3**

Cisco has asserted its attorney-client and work product privileges over the documents this Court has ordered to be produced. This Court has never ruled that Cisco waived any privilege. All the Court said in its March 30 Order (Doc. # 60) is that – without having reviewed any of the documents – it "appeared" that the privilege was waived, although the Court did not define the scope of any perceived waiver. In any case, the compelled disclosure of privileged documents will effectively render any potential future review of these privilege claims moot. Under *IBP*, and other cases discussed above, Cisco will likely prevail on the merits of its request for mandamus seeking to have this Court's August 24, 2009, order vacated. *See also Baker*, 209 F.3d at 1054 ("Thus, we find that the [district court] judge clearly erred because she ordered disclosure of opinion work product."); *Pfizer, Inc. v. Lord*, 456 F.2d 545, 547-48, 551 (8th Cir. 1972) (ruling that the "district court and masters are directed to continue to guard the attorney-client privilege of petitioners").

2. **Cisco will suffer irreparable damage unless the stay is granted.**

As already noted, a waiver of the privileges asserted by Cisco may result if the Order is permitted to stand and a stay is not granted. The essence of Cisco's challenge to the Order stems from Cisco's right to shield its privileged documents from access by Ward. Here, as previously explained to the Court, Cisco is concerned that the effect of the Court's order will cause waiver in the related *ESN v. Cisco, et al.* case, Cause No. 5:08-cv-00020 in the United States Court for the Eastern District of Texas—Texarkana Division, where Ward serves as counsel for Cisco's litigation opponent, ESN. The fact that discovery of privileged documents would be beneficial to opposing counsel is not, however, sufficient reason to violate Cisco's privileges.

Moreover, absent a stay, Cisco will suffer irreparable harm once the documents are produced. Upon production of the documents to Ward, the privileged documents will no longer

be protected, thereby allowing undeserving parties unrestricted access to the documents and rendering appellate review meaningless. The Eighth Circuit has recognized that an appeal after disclosure of privileged documents is an inadequate remedy. *See Pfizer, Inc. v. Lord*, 456 F.2d at 547-48. Destroying Cisco's privileges is an irreparable injury which merits the Court's staying its August 24 Order.

### 3. Granting the stay will not harm Ward.

Issuance of the requested stay will not result in substantial injury to Ward. Ward has already received full responses to Interrogatory 5 and Interrogatory 6. Indeed, Cisco has fully and completely responded to Interrogatory 5 and Interrogatory 6 with answers that encompass over fifty pages. Ward has not claimed that Cisco's amended responses to the subject Interrogatories are insufficient, nor are the privileged documents necessary for his prosecution of his case against Cisco. More to the point, being denied access to privileged documents is not any sort of harm, much less a substantial harm. Therefore, it is clear that granting the requested stay will not cause any harm to Ward, as Cisco has already provided him with all of the information that is pertinent to the case at hand.

### 4. A stay is in the public interest.

The public interest favors a stay. As set forth above, the Order seeks to compel the production of privileged documents. The attorney-client privilege and the work product doctrine exist to shield not only confidential communications between attorneys and their clients, but also the products of an attorney's thought processes in preparation for litigation. Clearly, these privileges exist to provide clients with the reassurance that certain discussions and strategic decisions will remain confidential and that opposing counsel will not be privy to such information. Strict enforcement of and close adherence to these privileges is in the public

interest. Indeed, a court's decision to essentially disregard a litigant's assertion of these privileges would be adverse to the public interest, as it could erode the confidentiality that should be inherent between an attorney and his or her client.

### III. CONCLUSION

For the foregoing reasons, Cisco respectfully requests that the Court enter an order staying its August 24, 2009 Order pending Cisco's appeal of such order.

Respectfully submitted,

JACKSON WALKER L.L.P.

/s/ Charles L. Babcock
　Charles L. Babcock
　Federal Bar No.: 10982
　Email: cbabcock@jw.com
　Richard E. Griffin
　Arkansas Bar No.: 63020
　Email: rgriffin@jw.com
　Crystal J. Parker
　Federal Bar No.: 621142
　Email: cparker@jw.com
　1401 McKinney
　Suite 1900
　Houston, Texas 77010
　(713) 752-4200
　(713) 752-4221 – Fax
　Kurt A. Schwarz
　Jackson Walker L.L.P.
　901 Main Street, Suite 6000
　Dallas, Texas 75202
　Telephone: (214) 953-6000
　Telecopier: (214) 953-5822

ATTORNEYS FOR CISCO SYSTEMS, INC.

## CERTIFICATE OF CONFERENCE

On August 26, 2009, counsel for Cisco called counsel for Defendant and discussed this motion. An agreement regarding the relief requested by Cisco could not be reached because Plaintiff opposes a stay of the order. Therefore, this motion is opposed, leaving an open issue for the Court.

/s/ Crystal J. Parker
Crystal J. Parker

## CERTIFICATE OF SERVICE

This is to certify that on this 26th day of August, 2009, a true and correct copy of the foregoing was served via electronic mail upon:

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
**Attorney for Plaintiff John Ward, Jr.**

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
**Attorney for John Ward, Jr.**

/s/ Charles L. Babcock
Charles L. Babcock

**Cisco's Emergency Motion for Stay Pending Appeal and Brief in Support – Page 7**
5593440v.2 132824/00001