IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § § § § § § § § | NO. 4:08cv4022 |
| v. | | JURY |
| CISCO SYSTEMS, INC. AND RICK FRENKEL | | |

**Plaintiff's Opposition To Cisco's Motion to Stay Pending Writ of Mandamus
But Agreement To An Order Staying The Court's Order Pending
Plaintiff's Motion For Reconsideration**

## I. Introduction

Cisco asks this Court to stay its August 24th Order pending Cisco's writ of mandamus to the Eight Circuit. *See* D.E. # 64. Plaintiff believes that a stay is unnecessary because Cisco is not entitled to extraordinary relief to protect subject-matter that it willingly handed over to its litigation opponent in the *Albritton v. Cisco* litigation, and because this Court has twice found a waiver of the same subject matter. However, Plaintiff is willing to agree to a stay of the Court's Order—not for purposes of a writ of mandamus—but rather pending resolution of Plaintiff's Motion for Reconsideration, which will seek to resolve many of the issues for which Cisco seeks appellate review.[1]

## II. Argument

### A.   The Court's August 24th Order

In issuing its Order this Court reviewed voluminous briefing, heard argument, and conducted an *in camera* review. The Court gave more than ample time and consideration to the issues presented. The Court's Order is on solid footing, particularly where the interrogatory responses underlying the Court's decision clearly assert that Frenkel relied on advice of counsel when he made defamatory statements about Ward. This Court's Order is clear: Cisco waived privilege in providing answers to discovery asserting Frenkel relied on communications with counsel in formulating the blog posts. *See* D.E. 89 at ¶ 7. Cisco's interrogatory answer in this case is consistent with sworn testimony it provided in the *Albritton* case. The Court rejected Cisco's attempt to redraft its discovery responses to avoid the waiver the Court had already found. *See id*. Thus, there can be no legitimate dispute over the fact that the Court correctly found a waiver in this case.

The Court then considered the scope of the waiver. The Court concluded that the waiver includes all information known to Frenkel "on or before he made the last blog postings at issue."

---

[1] Cisco filed its Writ of Mandamus yesterday, without giving Plaintiff an opportunity to respond to its Motion for Stay or the Court an opportunity to rule on its request. While it is true that the issue requires prompt attention given the deadlines imposed by the Court's Order, Cisco did not ask the Court to require expedited briefing or to have a hearing to address the issue.

*See id.* at ¶ 8.  The Court's Order means that Cisco has waived attorney-client privilege for documents and testimony within the scope of the waiver.  It also seems that the Court concluded that Cisco's documents are no more than ordinary work product for which Plaintiff has shown substantial need and therefore merit production.  It is clear that the Court gave due consideration to the scope of the waiver.  Plaintiff wanted a broader waiver.[2]  Defendant wanted no waiver.  The Court's Order was somewhere in between, limiting the waiver to what the Court found to be reasonable in light of the issues presented in this case.

      **B.**      **Cisco's Request For Stay Pending Appellate Review Via A Writ Of Mandamus Is Premature**

Cisco claims it does not understand the Court's Order or its reasoning.  Cisco's position is not surprising given that it feigned misunderstanding of the Court's original Order.  What is surprising is that Cisco has never sought to clarify the Court's Order via a motion for reconsideration.  Cisco did not move for clarification or reconsideration of the Court's original Order, choosing to ignore it.  This Court was generous in not sanctioning Cisco's deliberate violation of the Court's Order.  Now, Cisco has filed a Writ of Mandamus, taking positions that are contrary to this Court's findings and intent.  Again, the better course would have been to ask the Court to clarify any confusion concerning its Order before seeking extraordinary relief from the appellate court.

      **C.**      **The Better Approach Is To Stay The Court's Order Pending Plaintiff's Motion For Reconsideration.**

Cisco's rush to file a Writ of Mandamus is unreasonable.  Plaintiff would like to take the more reasoned approach to ensure that all the issues that can be resolved by this Court are fully addressed before the issue is raised in an emergency motion to the Circuit Court.  Having this Court resolve Cisco's claims of confusion in the first instance makes sense given the amount of

---

[2] Plaintiff argued that the scope of Cisco's waiver should include the entire period of time in which he left his defamatory statements about Ward on the Troll Tracker Blog post and publically available, even after he knew they were false.  Plaintiff understands that the Court has ruled otherwise.

3

time this Court has spent understanding the issues in this case and in reviewing the implicated documents.

To be clear, any alleged ambiguity in the Court's Order is not the Court's fault. From the onset of the briefing on this issue, the Court has faced Cisco's shifting sands arguments. The Court has had to rule in light of Cisco's changed interrogatory responses, changed positions concerning the need for *in camera* review, and the fact that Cisco never asserted arguments concerning its work product privilege until well after this Court entered its original Order. The result has been that although Plaintiff's motion only asked the Court to determine whether Cisco complied with the March 30th Order, the Court was inundated with new argument asserting a host of reasons why Cisco should not be made to comply at all.

Plaintiff appreciates the efforts the Court has undertaken and the patience it has shown in resolving this contentious issue. Plaintiff believes the Court's Order is correct, but perhaps incomplete in some respects. For example, the Court's Order does not expressly state that documents produced to Albritton are no longer privileged, although Plaintiff believes the Court must have been persuaded by controlling Eighth Circuit authority that Cisco can no longer assert any privilege with respect to those documents. *See In re Chrysler Motors Corp. Overnight Evaluation Program Litigation*, 860 F.2d 844, 847 (8th Cir. 1988) (waiver by voluntarily disclosing evidence to litigation adversaries even if under a confidentiality agreement). Clear resolution of that issue addresses most of the documents at issue.

The Court's Order also finds that the accused articles were written on October 17, 2007 and October 18, 2007, when, in fact, the last article was written on October 19, 2007. The Court's Order states that based upon Frenkel's affidavit and other submissions, the Court believes the last of the postings occurred on October 17 and 18, 2007. *See* D.E. 89 at ¶ 8. Cisco's submissions have left the Court with a false impression. The last of the articles was posted by Frenkel on October 19, 2007. *See* D.E. 71 at ¶ 34. That last posting was an edited version of his October 18, 2007 post, but was actually written and posted on the 19th. *See* Exh. A

4

(Frenkel Depo. at 106:6-108:23). Thus, the scope of the waiver ordered by the Court should include October 19, 2007.

The Court's Order is also limited to the information known to Frenkel, but Cisco is the defendant in this case. Cisco employees Mallun Yen and John Noh directly participated in the creation and planned dissemination of the defamatory statements. The Court did not have that information at the time of its Order because Cisco withheld as privileged the document showing Yen and Noh's participation. *See* Exh. B. Cisco produced that document to Ward after the briefing on this issue was concluded but before Cisco's submission log was provided to the Court. *See* Exh. C. Cisco's approach ensured that the document was not brought to the Court's attention. The Court should reconsider its Order and broaden the scope of the waiver to include communications written or received by Yen or Noh.

Finally, Cisco's claimed work product privileges should be addressed in a Motion for Reconsideration. Plaintiff believes that Cisco waived the work product privilege arguments it now claims the Court erred in not specifically addressing. Cisco's submission log identified for the first time documents it specifically claims are protected as work product, and then categorized its documents into "ordinary" and "opinion" work product. Although Plaintiff can argue that Cisco waived any such claims by omitting those arguments when the issue was first briefed to and decided by this Court—and will make that argument if the issue is considered on mandamus—Plaintiff believes the better course is to ask this Court to reconsider its Order to make clear the basis of the waiver associated with those documents. Fortunately, those documents are very limited in number. By Plaintiff's count, after the Court clarifies its Order as stated below, there will be eleven documents for which the Court will need to make a specific ruling regarding Cisco's asserted opinion work product privilege.[3]

---

[3] Plaintiff's review of Cisco's submission log suggests that the documents not produced to Albritton, written on or before Oct. 19, 2007, and for which Cisco belatedly claimed opinion work product privilege include Cisco privilege numbers 000099-000100, 000108, 000175, 000183-185, 000213-214, 000215-217, 000225-226, 000242-243, 000262-263, 000273-274, 000282-283.

5

For the vast majority of the documents at issue, clarification of the Court's Order stating that Cisco (1) has waived privilege for any document produced to Albritton, (2) that the scope of the waiver includes all information known to Frenkel and Cisco up to and including October 19, 2007, (3) and that Ward has shown a substantial need for the documents because they are the only information available about what Frenkel and Cisco knew and thus Cisco's ordinary work product has been waived, will address any argument that Cisco has about the basis of the Court's Order. The remaining eleven documents (claimed as opinion work product) can be reviewed to determine whether Cisco waived that argument by failing to raise it before the Court in the first instance and, if not, whether those documents are, in fact, opinion work product.

Taking this approach will ensure that both parties are clear about the legal basis of the Court's Order and are equally clear about what documents must be produced. The Court's clarifications will likely obviate any need by Cisco to seek mandamus from the Eight Circuit. If not, at least the Circuit Court will have a full understanding of the legal issues resolved by the Court and the documents implicated by this Court's Order. The bulk of Cisco's argument will be reduced to the eleven documents it claims are opinion work product.

There is little point in having the Circuit Court review this Court's Order until the last of the issues have been resolved. For example, a ruling by the Court of Appeals now would be based on a waiver that does not include documents from October 19, 2007. Whatever that Court's decision, some further argument is sure to arise over the October 19th documents. It is simply a matter of practicality to have that issue resolved by this Court before the appellate court is asked to resolve whatever issues Cisco claims warrant the use of the exceptional mandamus remedy in this case.

Plaintiff understands the Court has dedicated a tremendous amount of time to resolving this issue, and its patience must be wearing thin. Plaintiff believes the Court's Order is right and that mandamus in not appropriate. However, Plaintiff also believes that final resolution of this issue will be addressed faster by asking this Court to clarify its order rather than waiting the time required for briefing in the Eighth Circuit, awaiting the Eight Circuit's decision, and then waiting

6

the time the parties will spend briefing the Eighth Circuit's Order to this Court in arguing how it should be applied to the disputed issues before this Court. While Plaintiff objects to Cisco's continued refusal to produce documents needed to move forward with discovery, at this point, delay seems inevitable. A Motion for Reconsideration is the best mechanism to expediently resolve the issue.

### III.   Conclusion

For the reasons stated above, Plaintiff asks the Court to stay its August 24, 2007 Order pending Plaintiff's Motion for Reconsideration, permit Plaintiff to file its Motion for Reconsideration within five days of this Order, and deny Cisco's motion for stay pending its Writ of Mandamus as unnecessary in light of the Court's Order granting Plaintiff's requested stay.

Respectfully submitted,

Nicholas H. Patton (SBN: 63035)
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard - P. O. Box 5398
Texarkana, Texas 7550505398
(903) 792-7080        (903) 792-8233 (fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, CA 94608
Telephone: (510) 268-8033

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

    This is to certify that on this 1st day of September, 2009, a true and correct copy of the foregoing document was served electronically via the Court's CM/ECF system upon:

| | |
|---|---|
| Richard E. Griffin | Attorney for Defendant Cisco Systems, Inc. |
| Charles Babcock | |
| Crystal Parker | |
| JACKSON WALKER, LLP | |
| 1401 McKinney | |
| Suite 1900 | |
| Houston, Texas 77010 | |

_____
Nicholas H. Patton