# EXHIBIT "B"

Dockets.Justia.com



JACKSON WALKER L.L.P.
ATTORNEYS & COUNSELORS

Charles L. Babcock
(713) 752-4210 (Direct Dial)
(713) 308-4110 (Direct Fax)
cbabcock@jw.com

May 12, 2009

*Via Email*
Ms. Patricia L. Peden
5901 Christi Ave., Suite 201
Everyville, California 94608

    Re:    *John Ward, Jr. v. Cisco Systems, Inc. ("Cisco") and Rick Frenkel*; Cause No. 08-4022 in the United States District Court, Western District of Arkansas, Texarkana Division;

Dear Ms. Peden:

    I am writing regarding Plaintiff's Objections and Responses to Defendants' First Requests for Production.

    First, when we gave you an extension to respond, we expected to receive your responsive documents and privilege log on the date that we agreed upon, which was yesterday. Please provide us with all responsive documents and a privilege log by Friday, May 15, 2009. Please make sure your responses indicate which documents are responsive to which requests.

    In addition, as you know, blanket objections are not permitted under the Local Rules. Please amend your responses to remove all blanket objections on pages 3-5.

    As an initial matter, Ward also improperly makes attorney-client privilege and work product objections to 20 of the 27 requests. This is an improper blanket objection. Moreover, to the extent you claim documents are privileged, you must demonstrate which communications on your privilege log are responsive to the respective requests.

    The objections to Request Nos. 1-8 are unfounded. All documents relating to Ward's allegation in his complaint are unquestionably relevant. Moreover, Ward is required to produce all responsive documents that are in his custody and control, including in his attorneys' custody and control. Nor is the request premature. Ward filed this case on March 13, 2008, and has had over a year to discover his damages and the claims he made in his complaint. The fact that documents may be "related to expert reports" does not mean that Ward is not required to produce them. Cisco is entitled to conduct discovery of these issues. In particular, Cisco seeks documents related to Ward's claims so that Cisco may prepare for depositions in this case.

    The objections to Request Nos. 9, 11 and 17 are also unfounded. Ward alleges that his reputation has been harmed and that he has suffered mental anguish. As you know, Ward must

prove these damages, and Cisco is entitled to documents demonstrating that his business has indeed prospered and that his work life has not suffered as a result of his alleged mental anguish. Moreover, these documents do not implicate attorney-client communications nor non-disclosure obligations to Ward's clients. None of this information is contained in tax returns, financial reports or engagement letters. You have also not identified an alternative source of this information.

The objections to Request No. 10 are also improper. The request is not vague or ambiguous, as demonstrated by your failure to identify what is vague or ambiguous, nor is the request premature. Less than three months remain in the discovery period and Ward has had more than a year to gather relevant documents in this case. Indeed, this same document was produced by Ward's counsel in the Albritton case.

The objections to Request No. 12 are also not proper. Ward has put his medical records at issue by claiming that he has suffered mental anguish in this case. Therefore, he should be required to produce documents relating to that claim. Cisco agrees to limit the request to the past four years.

The objections to Request Nos. 13 and 15 and 16 are also not proper. There is no protective order in this case, and Ward has identified no trade secrets or privilege of a third party that he would be protecting. Nor is it a proper objection to refer to documents that are a matter of public record; if you contend that they are responsive you must produce them.

The objections to Request No. 14 are also not proper. Communications with the U.S. District Court or any of its employees could not be privileged or work product by definition. Moreover, the request is not overly broad because it is specifically limited to the ESN case, which inherently limits the question in scope and time. Nor is it a proper objection to refer to documents that are a matter of public record; if you contend that they are responsive you must produce them.

The objections to Request No. 18 are not proper. By bringing this lawsuit, Ward has put at issue the truth of the articles and thus waived the privilege with respect to that issue. Ward also cannot avoid discovery as being "premature" or related to experts, as these are improper objections under the Federal Rules of Civil Procedure. Cisco is certainly permitted to require Ward to "make judgment calls" about what shows the truth or falsity of the articles, an essential issue in this case. Indeed, that is the purpose of discovery—to allow the parties a chance to discovery the evidence the parties claim relates to the other parties' allegations.

The objections to Request Nos. 23-25 are also improper. If Ward has custody or control of any responsive documents or things, he must produce them. These requested documents and things are relevant to Ward's status as a public figure.

The objections to Request Nos. 26 and the second Request No. 26 (incorrectly numbered) are also unfounded. Ward's lobbying efforts or efforts to influence patent reform are relevant to

5511096v.1

Ms. Patricia Peden
May 12, 2009
Page 3

his status as a public figure. Nor could these documents be privileged. Cisco agrees to limit the request to the past four years.

    Please amend the response to remove the unfounded objections and correct the issues stated above. Please confirm by Friday, May 15, 2009, that Ward will amend his responses as identified above. If Ward will not agree to amend his responses by Monday, May 18, 2009, please make someone available by that date to meet and confer so that the parties can seek to narrow the disputed issues before Cisco seeks an order from the court.

    If we do not hear from you before close of business (central time) on Monday, May 18, 2009, we will conclude that Ward is not willing to meet and confer, and Cisco will seek the Court's intervention.

                                   Sincerely,

                                   Charles L. Babcock

cc:    Nicholas H. Patton        *Via Email*
       Patton, Tidwell & Schroeder, LLP
       4605 Texas Boulevard
       Texarkana, Texas 75503

5511096v.1