# EXHIBIT "C"

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| | § | C.A. NO. 08-4022 |
| | § | |
| v. | § | JURY |
| | § | |
| CISCO SYSTEMS, INC. | § | |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST REQUESTS FOR PRODUCTION**

TO:   Cisco Systems, Inc., by and through its attorneys of record, Mr. Charles Babcock, Mr. Richard Griffin and Ms. Crystal Parker, JACKSON WALKER, LLP, 1401 McKinney, Suite 1900, Houston, Texas 77010.

COMES NOW, John Ward, Jr., Plaintiff, and submits these supplemental objections and responses, to the Request for Production propounded to him by Cisco Systems, Inc., in accordance with Rule 34 of the Federal Rules of Civil Procedure and in response to the parties' meet and confer wherein Ward agreed to withdraw his general objections, clarify his specific objections, identify the production numbers of specific documents sought in Cisco's request, and to identify where Plaintiff has no documents to produce.

Nicholas H. Patton
State Bar No. 63035
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
California Bar No. 206440
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, California 94608
Telephone: 510.268.8033

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on this 19th day of June, 2009, a true and correct copy of the foregoing was served electronically via email:

Richard E. Griffin
Charles Babcock
Crystal Parker
JACKSON WALKER, LLP
1401 McKinney
Suite 1900Houston, Texas 77010

Nicholas H. Patton

2

**REQUEST FOR PRODUCTION NO. 1:**

**Produce all documents evidencing your contention in paragraph 11 of the Complaint that "Frenkel's statements were purposefully calculated by Frenkel and Cisco to damage Plaintiff's reputation and business, to expose plaintiff to financial injury, and to impeach Plaintiff's honesty, integrity, virtue, or reputation, exposing Plaintiff to public hatred, shame and ridicule."**

**RESPONSE:**

Plaintiff specifically objects to Cisco's Request for the following reasons:

(1) Defendant's request for documents evidencing Plaintiff's legal contentions is overly broad and can be read to seek production of documents that relate to the analysis and development of Plaintiff's legal strategy. Plaintiff will not produce those documents as they are attorney-client and/or work product privileged. Per party agreement, documents exchanged between Ward and his counsel need not be included on Ward's privilege log.

(2) The requests asks for documents evidencing Frenkel and Cisco's state of mind and conduct and therefore seeks documents that are in Cisco and Frenkel's custody, possession and control and not in Plaintiff's possession, custody or control. Plaintiff has sought to discover the documents Cisco seeks from Cisco, but those documents have not yet been produced. Documents including the Articles at issue in this case and other Troll Tracker Blog posts discussing the Troll Tracker's readership, both numerically and geographically, and email exchanges evidencing Cisco and Frenkel's malicious intent and/or negligence in publishing the accused articles are already in Cisco's possession. The documents Cisco seeks are available from Cisco, Frenkel and Baker Botts from whom Cisco has the practical ability to obtain those documents.

(3) The Request is premature in seeking documents for which Ward has not yet had sufficient discovery.

(4)  The Request is premature to the extent it seeks documents that may be related to expert reports, the schedule for which is set forth in the Court's Case Management and Scheduling Orders.  Should responsive documents not yet produced be obtained by any expert retained by Ward for use in his/her expert report, they will be produced at the time required under the Court's Scheduling Order.

Subject to and incorporating the foregoing objections, Ward responds as follows: Plaintiff has produced all non-privileged, relevant and responsive documents currently in his possession, custody or control as they are kept in the usual course of business.

## REQUEST FOR PRODUCTION NO. 2:

**Produce all documents relating to your contention in paragraph 13 of the Complaint that "Frenkel and Cisco purposefully maximized the dissemination of the (sic) Frenkel's false, scandalous, and defamatory statements."**

## RESPONSE:

Plaintiff specifically objects to Cisco's Request for the following reasons:

(1) Defendant's request for documents relating to Plaintiff's legal contentions is overly broad and can be read to seek production of documents that relate to the analysis and development of Plaintiff's legal strategy.  Plaintiff will not produce those documents as they are attorney-client and/or work product privileged.  Per party agreement, documents exchanged between Ward and his counsel need not be included on Ward's privilege log.

(2) The Request seeks documents concerning Cisco and Frenkel's intentions and actions that are uniquely in Cisco and Frenkel's custody, possession and control and not in Plaintiff's possession, custody or control.  Plaintiff has requested the documents that Cisco seeks from Cisco.  Cisco can obtain the documents it seeks from Cisco employees, Frenkel and Baker Botts, parties over which it has the practical ability to obtain the documents requested.

(3)  The Request is premature in seeking documents for which Ward has not yet had sufficient discovery.

(4) The Request is premature in seeking documents that may be related to expert reports, the schedule for which is set forth in the Court's Case Management and Scheduling Orders. Should responsive documents not yet produced be obtained by any expert retained by Ward for use in his/her expert report, they will be produced at the time required under the Court's Scheduling Order.

Subject to and incorporating the foregoing objections, Ward responds as follows: Plaintiff has produced all non-privileged relevant and responsive documents currently within his possession, custody and control as they are kept in the usual course of business.

## REQUEST FOR PRODUCTION NO. 3:

**Produce all documents relating to your contention in paragraph 17 of the Complaint that "Defendants acted with knowledge that the statements were false or with negligence in failing to determine the truth of the statements prior to publication."**

## RESPONSE:

Plaintiff specifically objects to Cisco's Request for the following reasons:

(1) Defendant's request for documents relating to Plaintiff's legal contentions is overly broad and can be read to seek production of documents that relate to the analysis and development of Plaintiff's legal strategy.  Plaintiff will not produce those documents as they are attorney-client and/or work product privileged.  Per party agreement, documents exchanged between Ward and his counsel need not be included on Ward's privilege log.

(2) The Request seeks documents that are in Cisco and Frenkel's custody, possession and control.  Documents concerning Cisco and Frenkel's knowledge of the falsity of Frenkel's statements, reckless disregard for the truth and negligent conduct are uniquely in the possession

5

of Defendant's employees, or in the possession of Frenkel, Baker Botts and others from whom

Cisco has the practical ability to obtain those documents. Ward has sought those documents

from Cisco as they are not in Plaintiff's possession, custody or control.

      (3) The Request is premature in seeking documents for which Ward has not yet had

sufficient discovery.

      (4) The Request is premature in seeking documents that may be related to expert reports,

the schedule for which is set forth in the Court's Case Management and Scheduling Orders.

Should responsive documents not yet produced be obtained by any expert retained by Ward for

use in his/her expert report, they will be produced at the time required under the Court's

Scheduling Order.

      Subject to and incorporating the foregoing objections, Ward responds as follows:

Plaintiff has produced all non-privileged relevant and responsive documents currently in his

possession, custody and control as they are kept in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 4:**

**Produce all documents relating to your contention in paragraph 19 of the Complaint that as a result of the complained-of Article, "Plaintiff sustained monetary damages," including all documents relating to the amount of such monetary damages.**

**RESPONSE:**

      Plaintiff specifically objects to Cisco's Request for the following reasons:

      (1) Defendant's request for documents relating to Plaintiff's legal contentions is overly

broad and can be read to seek production of documents that relate to the analysis and

development of Plaintiff's legal strategy. Plaintiff will not produce those documents as they are

attorney-client and/or work product privileged. Per party agreement, documents exchanged

between Ward and his counsel need not be included on Ward's privilege log.

(2) To the extent that the Request seeks financial documents from Ward, those documents are not relevant in light of Ward's Amended Complaint and his clarification that he is not seeking to recover lost-profit damages in this case.  Plaintiff has filed an Amended Complaint clarifying that he is only seeking to recover general damages, including harm to his reputation and damages for his mental anguish, and punitive damages.  Any minimal relevance of Ward's financial documents is outweighed by his legitimate privacy interests, his qualified privilege to keep his tax returns confidential, the public policy against disclosing tax returns (*See* I.R.C. §6103), need to protect his trade secret and proprietary business information, and need to protect the attorney-client privilege and work product information of his clients.  Because Ward's financial documents are not relevant, Cisco does not have a compelling need for those documents sufficient to overcome Ward's privacy interests.  Cisco can obtain the information it seeks through less intrusive discovery.

(3) Cisco's request is overly broad, vexatious, harassing, and an improper attempt to delve into personal and private issues having no proper connection to the issues in this case. Given the lack of relevance, any attempt to obtain those documents is objectionable as an attempt to annoy, embarrass and/or harass Plaintiff.

(4) The request seeks documents that are not in Plaintiff's possession, custody or control. Plaintiff cannot know the identities of persons who did not retain Plaintiff's services as a result of reading the accusations in the accused articles, and he doesn't have access to documents in the possession of those unknown persons.

(5) The Request is premature in seeking documents for which Plaintiff has not yet had sufficient discovery.

7

(6) The Request is premature in seeking documents that may be related to expert reports, the schedule for which is set forth in the Court's Case Management and Scheduling Orders. Should responsive documents not yet produced be obtained by any expert retained by Ward for use in his/her expert report, they will be produced at the time required under the Court's Scheduling Order.

Subject to and incorporating the foregoing objections, Ward responds as follows: Plaintiff declines to produce his private financial documents. Plaintiff has no other responsive documents to produce because those documents would be in the possession, custody, and control of unidentified third-parties.

## REQUEST FOR PRODUCTION NO. 5:

**Produce all documents relating to your contention in paragraph 19 of the Complaint that as a result of the complained-of Article, plaintiff has suffered "damages to his business," including all documents relating to the amount of such damage.**

## RESPONSE:

Plaintiff specifically objects to Cisco's Request for the following reasons:

(1) Defendant's request for documents relating to Plaintiff's legal contentions is overly broad and can be read to seek production of documents that relate to the analysis and development of Plaintiff's legal strategy. Plaintiff will not produce those documents as they are attorney-client and/or work product privileged. Per party agreement, documents exchanged between Ward and his counsel need not be included on Ward's privilege log.

(2) To the extent that the Request seeks financial documents from Ward, those documents are not relevant in light of Ward's Amended Complaint and his clarification that he is not seeking to recover lost-profit damages in this case. Plaintiff has filed an Amended Complaint clarifying that he is only seeking to recover general damages, including harm to his reputation

8

and damages for his mental anguish, and punitive damages. Any minimal relevance of Ward's financial documents is outweighed by his legitimate privacy interests, his qualified privilege to keep his tax returns confidential, the public policy against disclosing tax returns (*See* I.R.C. §6103), need to protect his trade secret and proprietary business information, and need to protect the attorney-client privilege and work product information of his clients. Those documents also implicate privacy rights belonging to third-parties with no connection to this case. Because Ward's financial documents are not relevant, Cisco does not have a compelling need for those documents sufficient to overcome Ward's privacy interests.

(3) Cisco's request is overly broad, vexatious, harassing, and an improper attempt to delve into personal and private issues having no proper connection to the issues in this case. Given the lack of relevance, any attempt to obtain those documents is objectionable as an attempt to annoy, embarrass and/or harass Plaintiff. Defendant can obtain the information it needs through less intrusive discovery.

(4) The request seeks documents that are not in Plaintiff's possession, custody or control. Plaintiff cannot know the identities of persons who did not retain Plaintiff's services as a result of reading the accusations in the accused articles, and he doesn't have access to documents in the possession of those unknown persons.

(5) The Request is premature in seeking documents for which Plaintiff has not yet had sufficient discovery.

(6) The Request is premature in seeking documents that may be related to expert reports, the schedule for which is set forth in the Court's Case Management and Scheduling Orders. Should responsive documents not yet produced be obtained by any expert retained by Ward for

9

use in his/her expert report, they will be produced at the time required under the Court's Scheduling Order.

Subject to and incorporating the foregoing objections, Ward responds as follows: Plaintiff declines to produce his private financial documents. Plaintiff has no other responsive documents to produce because those documents would be in the possession, custody, and control of unidentified third-parties.

**REQUEST FOR PRODUCTION NO. 6:**

**Produce all documents relating to your contention in paragraph 19 of the Complaint that as a result of the complained-of Article, plaintiff has suffered "harm to his reputation."**

**RESPONSE:**

Plaintiff specifically objects to Cisco's Request for the following reasons:

(1) Defendant's request for documents relating to Plaintiff's legal contentions is overly broad and can be read to seek production of documents that relate to the analysis and development of Plaintiff's legal strategy. Plaintiff will not produce those documents as they are attorney-client and/or work product privileged. Per party agreement, documents exchanged between Ward and his counsel need not be included on Ward's privilege log.

(2) To the extent that the Request seeks financial documents from Ward, those documents are not relevant in light of Ward's Amended Complaint and his clarification that he is not seeking to recover lost-profit damages in this case. Any minimal relevance of Ward's financial documents is outweighed by his legitimate privacy interests, his qualified privilege to keep his tax returns confidential, the public policy against disclosing tax returns (*See* I.R.C. §6103), need to protect his trade secret and proprietary business information, and need to protect the attorney-client privilege and work product information of his clients. The documents also implicate the

10

privacy rights of third-parties. Because Ward's financial documents are not relevant, Cisco does not have a compelling need for those documents sufficient to overcome Ward's privacy interests.

(3) Cisco's request is overly broad, vexatious, harassing, and an improper attempt to delve into personal issues having no proper connection to the issues in this case. Given the lack of relevance, any attempt to obtain those documents is objectionable as an attempt to annoy, embarrass and/or harass Plaintiff. Defendant can obtain this information through less intrusive discovery.

(4) The request seeks documents that are not in Plaintiff's possession, custody or control. Plaintiff cannot know the identities of persons who believe that he has engaged in criminal conduct or unprofessional conduct as a result of reading the accusations in the accused articles, and he doesn't have access to documents in the possession of those unknown persons.

(5) The Request is premature in seeking documents for which Plaintiff has not yet had sufficient discovery.

(6) The Request is premature in seeking documents that may be related to expert reports, the schedule for which is set forth in the Court's Case Management and Scheduling Orders. Should responsive documents not yet produced be obtained by any expert retained by Ward for use in his/her expert report, they will be produced at the time required under the Court's Scheduling Order.

(7) The Request seeks documents that are in Cisco and Frenkel's custody, possession and control, in particular the three Troll Tracker posts dated October 17, 2007, October 18, 2007 (one of which was revised on October 19, 2007), and November 7, 2007, correspondence the Troll Tracker received from readers who understood him to accuse Ward of criminal conduct, communications between Cisco and Baker Botts, declarations submitted in the *Albritton v. Cisco*

11

case, the expert report of Charles Herring offered on behalf of Cisco in the *Albritton v. Cisco* case, and the deposition testimony of Peter McAndrews in the *Albritton v. Cisco* case.

Subject to and incorporating the foregoing objections, Ward responds as follows: Plaintiff has produced all non-privileged relevant and responsive documents currently in his possession, custody and control as they are kept in the ordinary course of business.

## REQUEST FOR PRODUCTION NO. 7:

**Produce all documents relating to your contention in paragraph 19 of the Complaint that as a result of the complained-of Article, plaintiff has suffered "emotional distress and Plaintiff's relations with others have been detrimentally effected."**

## RESPONSE:

Plaintiff specifically objects to Cisco's Request for the following reasons:

(1) Defendant's request for documents relating to Plaintiff's legal contentions is overly broad and can be read to seek production of documents that relate to the analysis and development of Plaintiff's legal strategy. Plaintiff will not produce those documents as they are attorney-client and/or work product privileged. Per party agreement, documents exchanged between Ward and his counsel need not be included on Ward's privilege log.

(2) The Request seeks documents that are in Cisco and Frenkel's custody, possession and control, in particular the three Troll Tracker posts dated October 17, 2007 and October 18, 2007, correspondence the Troll Tracker received from readers who understood him to accuse Ward of criminal conduct, communications between Cisco and Baker Botts, declarations submitted in the *Albritton v. Cisco* case, the expert report of Charles Herring offered on behalf of Cisco in the *Albritton v. Cisco* case, and the deposition testimony of Peter McAndrews in the *Albritton v. Cisco* case.

12

(3)  The request seeks documents that are not in Plaintiff's possession, custody or control. Plaintiff cannot know the identities of persons who believe that he has engaged in criminal conduct or unprofessional conduct as a result of reading the accusations in the accused articles thereby affecting his relationship with those unidentified persons, and he doesn't have access to documents in the possession of those unidentified persons.

(4) The Request is premature in seeking documents for which Plaintiff has not yet had sufficient discovery.

(5) The Request is premature in seeking documents that may be related to expert reports, the schedule for which is set forth in the Court's Case Management and Scheduling Orders. Should responsive documents not yet produced be obtained by any expert retained by Ward for use in his/her expert report, they will be produced at the time required under the Court's Scheduling Order.

Subject to and incorporating the foregoing objections, Plaintiff has produced all non-privileged relevant and responsive documents currently in his possession, custody and control as they are kept in the ordinary course of business.

## REQUEST FOR PRODUCTION NO. 8:

**Produce all documents relating to your contention in paragraph 22 of the Complaint that Defendant acted with actual malice.**

## RESPONSE:

Plaintiff specifically objects to Cisco's Request for the following reasons:

(1) Defendant's request for documents relating to Plaintiff's legal contentions is overly broad and can be read to seek production of documents that relate to the analysis and development of Plaintiff's legal strategy.  Plaintiff will not produce those documents as they are

13

attorney-client and/or work product privileged.  Per party agreement, documents exchanged between Ward and his counsel need not be included on Ward's privilege log.

(2)  The Request seeks documents that are in Cisco and Frenkel's custody, possession and control.  Upon information and belief, Cisco, Frenkel, Baker Botts and others have documents that demonstrate that at the time Frenkel and Cisco made the false and defamatory statements about Ward, they knew that Frenkel's accusations were false and/or acted with reckless disregard as to the falsity of those statements.  Plaintiff has sought production of those documents from Cisco, but they have not yet been produced to Plaintiff.  Other documents, including the Notice of Electronic Filing associated with the ESN Complaint, documents on the Eastern District of Texas's Website, deposition testimony from the Eastern District of Texas court clerks, deposition testimony from Eric Albritton and Amie Mathis in the Albritton v. Cisco litigation, and filings by ESN in the ESN v. Cisco litigation, public statements made by Cisco and its counsel, are in Cisco's custody, possession, and control.

(3)  The request seeks documents that are not in Plaintiff's possession, custody or control. The Request seeks documents concerning Cisco and Frenkel's state of mind and conduct which are uniquely in Defendant's control.

(4)  The Request is premature in seeking documents for which Plaintiff has not yet had sufficient discovery.

(5)  The Request is premature in seeking documents that may be related to expert reports, the schedule for which is set forth in the Court's Case Management and Scheduling Orders. Should responsive documents not yet produced be obtained by any expert retained by Ward for use in his/her expert report, they will be produced at the time required under the Court's Scheduling Order.

14

Subject to and incorporating the foregoing objections, Plaintiff has produced all non-privileged relevant and responsive documents currently in his possession, custody and control as they are kept in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 9:**

**Produce John Ward, Jr. and the Ward & Smith Law Firm's tax returns for 2002 through the present.**

**RESPONSE:**

Plaintiff specifically objects to Cisco's Request for the following reasons:

(1) The Request seeks tax returns from Ward and from Ward's law firm that are not relevant in light of Ward's Amended Complaint and his clarification that he is not seeking to recover lost-profit damages in this case. Ward has a qualified privilege to keep his tax returns confidential, and Cisco's request violates public policy which counsels against disclosing tax returns (*See* I.R.C. §6103). Production of Ward's tax returns would disclose proprietary and confidential business information of both Plaintiff and the partners in his firm who are not parties to the above-captioned litigation. Ward's financial documents are not relevant and, even if they were of some minimal relevance, the minimal relevance of Ward's tax returns are outweighed by his right to privacy and the right to privacy held by third-parties. Cisco does not have a compelling need for those documents sufficient to overcome those privacy interests.

(2) The Request is over broad, unreasonable and overly burdensome in seeking Ward's tax returns, those of his business, which disclose confidential information of non-parties, and in seeking tax returns from 2002 to the present—five years before the events leading to this lawsuit.

(3) The Request is vexatious, harassing, and an improper attempt to delve into personal financial records of both Plaintiff and persons having no connection to the damages issues in this

case. Given the lack of relevance, any attempt to obtain those documents is objectionable as an attempt to annoy, embarrass and/or harass Plaintiff and third-parties.  Cisco can obtain the information it seeks through less intrusive discovery.

Subject to and incorporating the foregoing objections, Ward responds as follows: Plaintiff declines to produce the requested documents.

**REQUEST FOR PRODUCTION NO. 10:**

**Produce a copy of the credit card statement that shows the charge for the filing the Complaint in the ESN lawsuit on October 15 or 16, 2007 and all correspondence with any person regarding such credit card charge.**

**RESPONSE:**

Plaintiff specifically objects to Cisco's Request for the following reasons:

(1) The Request seeks documents protected by the attorney-client privilege, work product doctrine or other applicable privileges by asking for "correspondence with any person," which includes Plaintiff's legal counsel.  Per party agreement, documents exchanged between Ward and his counsel need not be included on Ward's privilege log.

(2) The Request is vague, ambiguous, indefinite and overbroad in seeking "all correspondence with any person.".

(3) The Request seeks a credit card statement belonging to a third-party and thus expressly seeks documents that are not in Plaintiff's custody, possession and control.

(4) The Request is premature in seeking documents for which Ward has not yet had an opportunity to obtain through discovery.

(5) The Request seeks information that is already in Cisco's possession, custody and control. *See* Albritton Trial Exhibits 208 and 209.

16

Subject to and incorporating the foregoing objections, Ward responds as follows:  The requested credit card statement, if it exists, is not in Plaintiff's possession, custody, or control and therefore Plaintiff has no responsive documents to produce.

## REQUEST FOR PRODUCTION NO. 11:

**Produce all annual and interim balance sheets, income statements, and statements of cash flows for the Ward & Smith Law Firm for 2002 through the present.**

### RESPONSE:

Plaintiff specifically objects to Cisco's Request for the following reasons:

(1) The Request seeks financial records from Ward and from Ward's business that are not relevant in light of Ward's Amended Complaint and his clarification that he is not seeking to recover lost-profit damages in this case.  Ward has a qualified privilege to keep his tax returns confidential, which includes the documents prepared for and used by his accountant to prepare his tax returns.  Ward's business partners have a right to keep their financial information from being publically disclosed.  Cisco's request violates public policy which counsels against disclosing tax returns (*See* I.R.C. §6103).  Production of Ward's financial documents would disclose proprietary, trade secret and confidential business information that Ward and his business partners have a legitimate right to keep private, particularly in light of the fact that Ward is not seeking to recover lost profit damages from Defendant.  The documents Defendant seeks may implicate non-disclosure obligations that Ward and his law firm have to his clients. Ward's financial documents and those of his business and business partners are not relevant and, even if they were of some minimal relevance, the minimal relevance of those documents are outweighed by his right to privacy and the right to privacy held by third-parties and the trade secret and proprietary interests his law firm has in those documents.  Cisco does not have a

17

compelling need for those documents sufficient to overcome Ward and other third parties' privacy interests.  Cisco can obtain the information it seeks from less intrusive sources.

(2) The Request is over broad, unreasonable and overly burdensome in seeking a host of financial documents from both Plaintiff and from third-parties who have no connection to this case, and for seeking documents from 2002 to the present—five years before the events underlying this lawsuit occurred.

(3) The Request is vexatious, harassing, and an improper attempt to delve into personal issues having no proper connection to relevant issues in this case. Given the lack of relevance, any attempt to obtain Ward's financial documents and those of his firm is objectionable as an attempt to annoy, embarrass and/or harass Plaintiff, his colleagues and clients.

Subject to and incorporating the foregoing objections, Ward responds as follows: Plaintiff declines to produce the requested documents.

**REQUEST FOR PRODUCTION NO. 12:**

**Produce a medical authorization for John Ward, Jr.'s medical records (a form is attached).**

**RESPONSE:**

Plaintiff specifically objects to Cisco's Request for the following reasons:

(1) The documents Cisco seeks are privileged under Ark. Rule Evid. 503.

(2) The Request specifically seeks documents from Ward that are not relevant in light of Ward's Amended Complaint and his clarification that he is not seeking to recover damages for medical treatment.  Plaintiff seeks only to recover general damages, including harm to his reputation and damages for his mental anguish, and punitive damages.  Consequently, the documents sought in this request are not relevant.

18

(3) The documents Defendant seeks are highly sensitive and private medical records that Plaintiff should not be compelled to produce absent an extraordinary demonstration of relevance that Defendant cannot make here.

(4) The Request is over broad, unreasonable and overly burdensome in seeking a complete medial release for all medical treatment for an unlimited period of time.

(5) Given the lack of relevance and the overreaching scope of Defendant's request, any attempt to obtain the requested documents is an objectionable attempt to annoy, embarrass and/or harass Plaintiff.

Subject to and incorporating the foregoing objections, Ward responds as follows: Plaintiff declines to produce the requested documents.

**REQUEST FOR PRODUCTION NO. 13:**

**Produce all documents relating to the initial filing of the complaint and the filing of the amended complaint in the ESN Texas Case, including but not limited to all correspondence or relating to the initial filing and the filing of the amended complaint in the ESN Texas Case.**

**RESPONSE:**

Plaintiff specifically objects to Cisco's Request for the following reasons:

(1) Plaintiff objects to the request to the extent that it calls for information protected by the Attorney-Client privilege and/or Work Product privilege. In particular, the Request's use of the broad language "relating to" can be read to seek production of communication and documents between ESN and Ward, who is ESN's counsel in the ESN v. Cisco litigation. Ward has a duty to keep his communications and work product on behalf of ESN confidential to maintain his client's privilege. Thus, he specifically objects to the Request to the extent that it seeks attorney-client communications or work product in connection with the ESN v. Cisco litigation. The overly broad nature of this request may also seek documents exchanged between

19

Ward and his counsel in connection with this case.  Per party agreement, documents exchanged between Ward and his counsel need not be included on Ward's privilege log.

(2) The Request seeks information that is confidential, proprietary, covered by a protective order, protected by a confidentiality agreement, and/or is a trade secret or privileged information of a third-party, including his client ESN.

(3) The Request seeks documents that are neither relevant to the subject matter involved in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence in that the Request seeks all documents regarding the ESN Complaint without limitation and to subject-matter and without any limitation as to time.

(4) The Request seeks documents that are not within Plaintiff's custody, possession or control.

(5) The Request seeks documents in Cisco's custody, possession and control.

(6) The Request seeks documents that are a matter of public record equally available to or readily ascertainable by Defendant.

Subject to and incorporating the foregoing objections, Plaintiff has produced all non-privileged relevant and responsive documents from October 15, 2007 that are currently in his possession, custody and control.

## REQUEST FOR PRODUCTION NO. 14:

**Produce all documents relating to communications with the United States District Court or any of its employees (including clerks) regarding the filing of the ESN Lawsuit and/or whether subject-matter jurisdiction existed in the ESN Lawsuit.**

## RESPONSE:

Plaintiff specifically objects to Cisco's Request for the following reasons:

(1) Plaintiff objects to the request to the extent that it calls for information protected by the Attorney-Client privilege and/or Work Product privilege. In particular, the Request's use of the broad language "all documents relating to" without limiting that request to Ward can be read to seek production of communication and documents between ESN and its attorneys, including Ward, in connection with the ESN v. Cisco litigation. Ward has a duty to keep his communications and work product on behalf of ESN confidential to maintain his client's privilege. Thus, he specifically objects to the Request to the extent that it seeks attorney-client communications or work product in connection with the ESN v. Cisco litigation. The overly broad nature of this request may also seek documents exchanged between Ward and his counsel in connection with this case. Per party agreement, documents exchanged between Ward and his counsel need not be included on Ward's privilege log.

(2) The interrogatory is overly broad, overly burdensome and oppressive and fails to limit the information sought to a reasonable number of persons or a reasonable time period.

(3) The Request seeks all documents relating to "all" persons concerning the filing of the ESN Complaint and therefore expressly seeks documents that are not in Plaintiff's possession, custody, or control.

(4)    The request seeks documents that are a matter of public record and are equally accessible to Defendant. Specifically, deposition testimony and documents provided in the Albritton v. Cisco case are already in Cisco's possession. The burden to Cisco of obtaining documents already in its possession is less than the burden to Plaintiff of producing those documents to Cisco.

Subject to and incorporating the foregoing objections, Ward responds as follows: The pleadings filed with the Court in the ESN v. Cisco lawsuit may be responsive to Defendant's

21

Request. Those documents are publically available on the Court's CM/ECF system, and are equally accessible to Defendant. Plaintiff has no other non-privileged documents to produce.

**REQUEST FOR PRODUCTION NO. 15:**

**Produce all documents relating to communications between or among ESN, LLC (including its attorneys, agents, or anyone acting on its behalf) and any other person relating to the filing of the ESN Lawsuit. Include communications between ESN, LLC, Eric M. Albritton, Amie Mathis, T. John Ward, Jr., McAndrews Held & Malloy, Ltd., and anyone purporting to act on their behalf.**

**RESPONSE:**

Plaintiff specifically objects to Cisco's Request for the following reasons:

(1) The Request specifically calls for the production of documents protected by the attorney-client privilege and attorney work product doctrine. The Request seeks production of communications and documents between ESN and its attorneys, including Ward, in connection with the ESN v. Cisco litigation. Ward has a duty to keep his communications and work product on behalf of ESN confidential to maintain his client's privilege. Thus, he specifically objects to the Request to the extent that it seeks attorney-client communications or work product in connection with the ESN v. Cisco litigation. The overly broad nature of this request may also seek documents exchanged between Ward and his counsel in connection with this case. Per party agreement, documents exchanged between Ward and his counsel need not be included on Ward's privilege log.

(2) The Request seeks information that is confidential, proprietary, covered by a protective order, a confidentiality agreement, or obligations of privilege owed to a third-party.

(3) The Request is unreasonable and overly broad in seeking all documents concerning a legal matter that Ward is handling for a client without making any attempt to narrow the request to the particular persons, relevant issues and the time frames relevant to the issues in this case.

22

The over breadth of the request would require Ward to log his entire legal file for the ESN case on his privilege log. That result is unreasonable, overly burdensome, and harassing. Ward cannot respond to this Request as it has been drafted by Cisco.

(4) The Request specifically asks for "all communications" regarding a patent infringement suit involving multiple parties and therefore seeks documents that are not in Plaintiff's possession, custody or control.

Subject to and incorporating the foregoing objections, Ward responds as follows: Plaintiff declines to produce the requested documents because the burden of responding to Cisco's unreasonably broad Request is outweighed by the minimal relevance of the non-specific and privilege information Cisco seeks, particularly in light of the fact that Cisco already has in its possession documents related to the filing of the ESN Complaint.

## REQUEST FOR PRODUCTION NO. 16:

**Produce all documents relating to ESN, LLC's prefiling due diligence, investigation and analysis relating to filing the ESN Texas Case.**

## RESPONSE:

Plaintiff specifically objects to Cisco's Request for the following reasons:

(1) The Request seeks information that is not relevant to any issue in this case. The above captioned case is a cause of action for defamation, outrage and invasion of privacy. The ESN case is a patent infringement case brought by a third-party, ESN. ESN's pre-filing investigation, if any, of Cisco's products to determine whether or not they infringe the claims of ESN's asserted patent is not relevant to any of the defamation issues in this case.

(2) The Request specifically seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. The Request seeks production of communications and work product of ESN and its attorneys, in connection with the ESN v. Cisco litigation.

Ward has a duty to keep his communications and work product on behalf of ESN confidential to maintain his client's privilege. Thus, he specifically objects to the Request to the extent that it seeks attorney-client communications or work product in connection with the ESN v. Cisco litigation. In particular, Courts, including the Federal Circuit Court of Appeals having exclusive jurisdiction over privilege issues as they related to patent infringement lawsuits, have routinely held that a pre-filing patent infringement investigation is privileged and work product. Moreover, Cisco's Request expressly seeks core work product in asking for ESN's pre-filing analysis. Cisco cannot use this case to obtain work product documents concerning the ESN v. Cisco litigation from Ward. If Cisco believes it is entitled to ESN's pre-filing investigation and pre-filing infringement analysis, it should brief that issue to Judge Folsom.

(3) The Request seeks information that is confidential, proprietary, covered by a protective order, a confidentiality agreement, or obligations of privilege owed to a third-party, including Ward's client ESN.

(4) The Request is unreasonably overbroad, oppressive, and harassing in seeking documents without limitation to identified persons, subject matter or with respect to time.

(5) The Request specifically asks for "all communications" made by anyone connected with the ESN v. Cisco case for which Plaintiff does not have possession, custody or control.

(6) Given the lack of relevance of the Request, the Request appears to be aimed at harassing Plaintiff by seeking documents from his client ESN in retribution for Ward's argument that Cisco has waived privilege regarding communications it had with Baker Botts because it put those communications at issue in this case.

Subject to and incorporating the foregoing objections, Ward responds as follows: Plaintiff declines to produce the requested documents which are undeniably privileged.

24

**REQUEST FOR PRODUCTION NO. 17:**

**Produce all documents relating to all of Plaintiff's new matters or clients since October 16, 2007, including but not limited to engagement letters concerning such clients and matters.**

**RESPONSE:**

Plaintiff specifically objects to Cisco's Request for the following reasons:

(1) The Request seeks documents protected by the attorney-client privilege, work product doctrine and common interest privilege. Plaintiff's work on behalf of any given client or for any particular matter is a fact that may not be publically known. In asking Plaintiff to produce documents identifying new clients and matters, Cisco asks Plaintiff to divulge client confidences that implicate attorney-clients communications, work product, common interest privileges and the duty of confidentiality that Ward has to his clients.

(2) The Request seeks information that is confidential, proprietary, covered by a protective order, a confidentiality agreement, or obligations of privilege owed to a third-party. Ward has an obligation to his clients to keep information about pending cases confidential. The documents Defendant seeks implicate attorney-client communications and non-disclosure obligations that Ward has to his clients. Disclosure of that information before it is otherwise publically available will result in serious harm to third-parties who have no connection with the above captioned lawsuit.

(3) The Request specifically seeks documents from Ward that are not relevant in light of Ward's Amended Complaint and his clarification that he is not seeking to recover lost-profit damages in this case. Plaintiff has filed an Amended Complaint clarifying that he is only seeking to recover general damages, including harm to his reputation and damages for his mental anguish, and punitive damages. Consequently, the documents sought in this request are not relevant. The Request specifically seeks not only the number of new matters opened by Ward,

25

but the identities of his clients and pending matters. The identity of Ward's clients and cases is not relevant to any issue in this case.

(4) The documents Defendant seeks are highly sensitive, proprietary, and trade secret information of Ward, his business partners, and his clients. The documents Defendant seeks implicate serious privacy considerations, including the disclosure of financial information that is prohibited absent a showing of compelling need that cannot be made by Cisco because the documents are not relevant. Cisco can obtain the information it seeks through less intrusive means.

(5) The Request is over broad, unreasonable and overly burdensome in seeking documents "relating to all new matters" since 2007.

(6) Given the lack of relevance and the serious implications producing the requested information would have for Ward and third-parties, any attempt to obtain the requested documents is objectionable as an attempt to annoy, embarrass and/or harass Plaintiff and an to intimidate him into not pressing his claim against Cisco because he will have to do so as his clients' detriment.

Subject to and incorporating the foregoing objections, Ward responds as follows: Plaintiff declines to produce the requested documents.

## REQUEST FOR PRODUCTION NO. 18:

**Produce all documents that show or tend to show the truth or falsity of any statement in complained-of article.**

## RESPONSE:

Plaintiff specifically objects to Cisco's Request for the following reasons:

(1) The Request is written broadly enough that it may call for documents protected by the attorney-client privilege, work product doctrine or other applicable privileges by asking for

documents exchanged between Plaintiff and his legal counsel. Per party agreement, documents exchanged between Ward and his counsel need not be included on Ward's privilege log.

(2) The Request seeks documents that are in Cisco, Frenkel, Baker Botts and other agents of Cisco's custody, possession and control, including court documents, documents and testimony produced in the Albritton v. Cisco litigation that Cisco has produced in this case, and email correspondence that has not been produced to Ward in this case.

(3) The Request seeks documents not in Plaintiff's possession, custody or control.

(4) The Request seeks documents that are publically available including the Court's Notice of Electronic Filing, the Civil Cover Sheet associated with the ESN Complaint, documents on the Court's website, archived documents from the Court's website available from the Internet Archive or "Wayback Machine" and documents and testimony provided in the Albritton v. Cisco litigation.

(5) The Request is premature in seeking documents for which Ward has not yet had ample discovery.

(6) The Request is premature to the extent it seeks documents that may be related to expert reports, the schedule for which is set forth in the Court's Case Management and Scheduling Order. To the extent that documents not yet in Ward's possession, custody or control are used by any expert retained on Plaintiff's behalf, those documents will be produced at the appropriate time as set forth in the Court's Scheduling Order.

(7) The Request is over broad in requesting "all documents that show or tend to show" and impermissibly requires Plaintiff to make a judgment call about what information is or is not responsive to this Request.

27

Subject to and incorporating the foregoing objections, Ward responds as follows: Plaintiff has used his best efforts to construe Defendant's request and has produced all non-privileged, relevant and responsive documents currently within his possession, custody and control.

## REQUEST FOR PRODUCTION NO. 19:

**Produce all attachments to the document produced as Ward 000088.**

## RESPONSE:

Plaintiff produced the document requested at Ward 000247 – Ward 000255.

## REQUEST FOR PRODUCTION NO. 20:

**Produce all attachments to the documents produced as Ward 000089-90.**

## RESPONSE:

Please see Bates numbered documents Ward 000378 – Ward 000386 attached hereto.

## REQUEST FOR PRODUCTION NO. 21:

**Produce all attachments to the document produced as Ward 000097.**

## RESPONSE:

Plaintiff produced the document requested at Ward 000225 – Ward 000227.

## REQUEST FOR PRODUCTION NO. 22:

**Produce all attachments to the document produced as Ward 000098.**

## RESPONSE:

Plaintiff produced the document requested at Ward 256.

## REQUEST FOR PRODUCTION NO. 23:

**Produce a video or other electronic copy of all instances in which John Ward, Jr. has served as a guest commentator or speaker at any seminar, event or meeting relating to patent litigation or practicing law in the Eastern District of Texas.**

**RESPONSE:**

Plaintiff specifically objects to Cisco's Request to the extent that it calls for documents not in Plaintiff's possession, custody or control, seeks documents that are a matter of public record equally available to or readily ascertainable by Defendant; or impose obligations upon Plaintiff that are beyond the scope of the Federal Rules, the Court's Scheduling Orders or Docket Control Orders, and/or the Local Rules. Plaintiff also objects that the Request is unreasonably overbroad in that it is unlimited with respect to time.

Subject to and incorporating the foregoing objections, Plaintiff does not have any responsive documents within his possession, custody and control to produce.

**REQUEST FOR PRODUCTION NO. 24:**

**Produce a copy of all brochures and materials provided at seminars at which John Ward, Jr. has spoken.**

**RESPONSE:**

Plaintiff specifically objects to Cisco's Request to the extent that it calls for documents not in Plaintiff's possession, custody or control, seeks documents that are a matter of public record equally available to or readily ascertainable by Defendant; or impose obligations upon Plaintiff that are beyond the scope of the Federal Rules, the Court's Scheduling Orders or Docket Control Orders, and/or the Local Rules. Plaintiff also objects that the Request is unreasonably overbroad in that it is unlimited with respect to time.

Subject to and incorporating the foregoing objections, Plaintiff does not have any responsive documents within his possession, custody and control to produce.

**REQUEST FOR PRODUCTION NO. 25:**

**Produce all articles written by you (alone or with a co-author) in the past five years.**

29

**RESPONSE:**

Plaintiff specifically objects to Cisco's Request to the extent that it calls for documents not in Plaintiff's possession, custody or control, seeks documents that are a matter of public record equally available to or readily ascertainable by Defendant; or impose obligations upon Plaintiff that are beyond the scope of the Federal Rules, the Court's Scheduling Orders or Docket Control Orders, and/or the Local Rules.

Subject to and incorporating the foregoing objections, Plaintiff does not have any responsive documents within his possession, custody and control to produce.

**REQUEST FOR PRODUCTION NO. 26:**

**Produce all documents relating to any efforts by you to influence patent reform, including but not limited to all documents relating to trips to Washington D.C. or phone conversations to communicate with legislators or their staff.**

**RESPONSE:**

Plaintiff specifically objects to Cisco's Request for the following reasons:

(1) The Request is written broadly enough that it can be read to seek documents protected by the attorney-client privilege and work product doctrine. Documents exchanged between Ward and a client any attorney working with him or on his behalf that may have some implication regarding any of the voluminous issues that fall within the broad term "patent reform" will not be produced.

(2) The Request is fatally overbroad and unduly burdensome in asking for "all documents relating to any effort to influence patent reform" without limitation as to persons involved, time periods, or relevant subject matter. As Cisco witnesses have testified in the Albritton case, the term "patent reform" is broad and encompasses numerous issues. Coupled with the use of the phrase "any effort," Defendant's request is unreasonably overbroad. Read literally, Ward's personal vote for a political candidate who supports increasing funding for the United States

30

Patent and Trademark Office can be said to fall within the scope of this Request. Plaintiff should not be forced to review all of his files and all of his communications without limitation or guidance in order to determine whether any of his documents may implicate one of the multiple issues that can be considered to fall within the vague, egregiously broad and undefined terms "any efforts" and "patent reform."

(3) To the extent the Request seeks documents concerning Ward's status as a public versus private figure, the Request, which is not narrowed to any particular time frame, seeks documents not relevant to any of the issues in this case and are not reasonably calculated to lead to the discovery of admissible evidence. To the extent the Request seeks documents created after Plaintiff was liable by Cisco; those documents are not relevant because Plaintiff's status must be determined as of the time he was defamed by Cisco.

(4) The Request is vague and ambiguous in its use of subjective terms that impermissibly shift the burden to Plaintiff to interpret what documents are responsive to Defendant's request and that it is not limited to a reasonable time period.

Subject to and incorporating the foregoing objections, Plaintiff responds that he has employed his best efforts to interpret Cisco's Request and does not have any non-privileged, relevant and responsive documents to produce.

## REQUEST FOR PRODUCTION NO. 26 (incorrectly numbered by Defendant):

**Produce all documents relating to any efforts by you to influence any legislation, including but not limited to all documents relating to trips to Washington D.C. or phone conversations to communicate with legislators or their staff.**

## RESPONSE:

Plaintiff specifically objects to Cisco's Request for the following reasons:

(1) The Request is written broadly enough that it can be read to seek documents protected by the attorney-client privilege and work product doctrine.  Documents exchanged between Ward and a client or any attorney working with him or on his behalf that may have some implication regarding the extremely broad term "any legislation" will not be produced.

(2) The Request is fatally overbroad and overly burdensome in asking for "documents relating to any efforts by you to influence any legislation" without limitation as to persons involved, time periods, or relevant subject matter.  The Request is so unreasonably broad that it could require Ward to respond if he voted for a particular ballot measure in a local election. Plaintiff should not be forced to review all of his files and all of his communications in order to determine whether any of his documents can be considered to fall within Cisco's vague, egregiously broad and undefined Request.

(3) To the extent the Request seeks documents concerning Ward's status as a public versus private figure after he was libeled by Defendant, the documents requested are not relevant to any of the issues in this case and are not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff's status must be determined at the time he was defamed.

(4) The Request is vague and ambiguous in its use of subjective terms that impermissibly shift the burden to Plaintiff to interpret what documents are responsive to Defendant's request and that it is not limited to a reasonable time period.

Subject to and incorporating the foregoing objections, Plaintiff responds that he has employed his best efforts to interpret Cisco's Request and does not have any non-privileged, relevant and responsive documents to produce.

Document 1

CASREF, CLOSED, PATENT/TRADEMARK

## U.S. District Court [LIVE]
## Eastern District of TEXAS (Texarkana)
## CIVIL DOCKET FOR CASE #: 5:07-cv-00156-DF-CMC
## Internal Use Only

ESN LLC v. Cisco Systems Inc et al
Assigned to: Judge David Folsom
Referred to: Magistrate Judge Caroline Craven
Cause: 28:1338 Patent Infringement

Date Filed: 10/15/2007
Date Terminated: 11/20/2007
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

### Plaintiff

**ESN LLC**                                         represented by **Eric M. Albritton**
                                                                     Attorney at Law
                                                                     PO Box 2649
                                                                     Longview, TX 75606
                                                                     903/757-8449
                                                                     Fax: 19037587397
                                                                     Email: ema@emafirm.com
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **George P McAndrews**
                                                                     McAndrews Held & Malloy
                                                                     500 W Madison Street
                                                                     34th Floor
                                                                     Chicago, IL 60661
                                                                     312.775.8000
                                                                     Fax: 312.775.8100
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Gerald C Willis, Jr**
                                                                     McAndrews Held & Malloy
                                                                     500 W Madison Street
                                                                     34th Floor
                                                                     Chicago, IL 60661
                                                                     312.775.8000
                                                                     Fax: 312.775.8100
                                                                     Email: jwillis@mcandrews-ip.com
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Paul McAndrews**
                                                                     McAndrews Held & Malloy
                                                                     500 W Madison Street
                                                                     34th Floor
                                                                     Chicago, IL 60661

Ward 000378

312.775.8000
Fax: 312.775.8100
Email: pwmcandrews@mcandrews-
ip.com
*ATTORNEY TO BE NOTICED*

**Peter J McAndrews**
McAndrews Held & Malloy
500 W Madison Street
34th Floor
Chicago, IL 60661
312.775.8000
Fax: **312.775.8100**
Email: pmcandrews@mcandrews-
ip.com
*ATTORNEY TO BE NOTICED*

**Thomas John Ward, Jr**
WARD & SMITH LAW FIRM
P O Box 1231
Longview, TX 75606-1231
903/757-6400
Fax: 903/7572323
Email: jw@jwfirm.com
*ATTORNEY TO BE NOTICED*

**Thomas J Wimbiscus**
McAndrews Held & Malloy
500 W Madison Street
34th Floor
Chicago, IL 60661
312/775-8000
Fax: 312/775-8100
Email: twimbiscus@mcandrews-ip.com

*ATTORNEY TO BE NOTICED*

V.

**Defendant**
**Cisco Systems Inc**

**Defendant**
**Cisco-Linksys LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/16/2007 | ❶1 | COMPLAINT against Cisco Systems Inc, Cisco-Linksys LLC ( Filing fee $ 350 receipt number 1298562.), filed by ESN LLC. (Attachments: # |

Ward 000379

| | | |
|---|---|---|
| | | 1 Exhibit A - Part 1# 2 Exhibit A ~~Part 2# 3 Exhibit B# 4 Exhibit C# 5~~ Civil Cover Sheet)(Albritton, Eric) Modified on 10/17/2007 (fnt, ). (Entered: 10/16/2007) |
| 10/16/2007 | ❶2 | NOTICE of Attorney Appearance by Thomas John Ward, Jr on behalf of ESN LLC (Ward, Thomas) (Entered: 10/16/2007) |
| 10/16/2007 | ❶ | STANDING ORDER REFERRING 40% of CASES to Magistrate Judge Caroline Craven for pretrial. Signed by Judge David Folsom on 10/16/2007. (sm, ) (Entered: 10/19/2007) |
| 10/17/2007 | ❶3 | AMENDED COMPLAINT against Cisco Systems Inc, Cisco-Linksys LLC, filed by ESN LLC. (Attachments: # 1 Exhibit A - Part 1# 2 Exhibit A - Part 2# 3 Exhibit B - Part 1# 4 Exhibit B - Part 2# 5 Exhibit C# 6 Exhibit D)(Albritton, Eric) (Entered: 10/17/2007) |
| 10/17/2007 | ❶4 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (Albritton, Eric) (Entered: 10/17/2007) |
| 10/17/2007 | ❶5 | E-GOV SEALED SUMMONS Issued as to Cisco Systems Inc, Cisco-Linksys LLC. (Attachments: # 1 summons CiscoLinksys)(rml, ) (Entered: 10/17/2007) |
| 10/18/2007 | ❶6 | MOTION to Enjoin Defendants Cisco and Linksys From Prosecuting Later-Filed Parallel Litigation in Connecticut by ESN LLC. (Attachments: # 1 Text of Proposed Order # 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D# 6 Exhibit E# 7 Exhibit F# 8 Exhibit G) (Albritton, Eric) (Entered: 10/18/2007) |
| 10/29/2007 | ❶7 | APPLICATION to Appear Pro Hac Vice by Attorney Thomas J Wimbiscus for ESN LLC. (PAID - RECEIPT #2-1-3165) (sm, ) (Entered: 10/29/2007) |
| 10/29/2007 | ❶8 | APPLICATION to Appear Pro Hac Vice by Attorney George P McAndrews for ESN LLC. (APPROVED)(FEE PAID) 2-1-3165(ch, ) (Entered: 10/30/2007) |
| 10/29/2007 | ❶9 | APPLICATION to Appear Pro Hac Vice by Attorney Peter J McAndrews for ESN LLC. (APPROVED)(FEE PAID) 2-1-3165 (ch, ) (Entered: 10/30/2007) |
| 10/29/2007 | ❶10 | APPLICATION to Appear Pro Hac Vice by Attorney Gerald C Willis, Jr for ESN LLC. (APPROVED)(FEE PAID) 2-1-3165 (ch, ) (Entered: 10/30/2007) |
| 10/29/2007 | ❶11 | APPLICATION to Appear Pro Hac Vice by Attorney Paul McAndrews for ESN LLC. (APPROVED)(FEE PAID) 2-1-3165 (ch, ) (Entered: 10/30/2007) |
| 11/02/2007 | ❶12 | STIPULATION of Dismissal *without Prejudice* by ESN LLC, Cisco Systems Inc, Cisco-Linksys LLC. (Attachments: # 1 Text of Proposed Order)(Albritton, Eric) (Entered: 11/02/2007) |

Ward 000380

| 11/20/2007 | 13 | ORDER OF DISMISSAL WITHOUT PREJUDICE. Signed by Judge David Folsom on 11/19/07. (mrm, ) (Entered: 11/20/2007) |

Ward 000381

CM/ECF LIVE - U.S. District Court:txed - Display Receipt                    Page 1 of 2

*Document 2*

MIME-Version:1.0
From:txedCM@txed.uscourts.gov
To:txedcmcc@txed.uscourts.gov
Bcc:ajm@emafirm.com,ecfdocket@emafirm.com,betty_schroeder@txed.uscourts.gov,caroline
Message-Id:<1999810@txed.uscourts.gov>
Subject:Activity in Case 5:07-cv-00156-DF-CMC ESN LLC v. Cisco Systems Inc et al
"Complaint"
Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court [LIVE]

### Eastern District of TEXAS LIVE

Notice of Electronic Filing

The following transaction was received from Albritton, Eric M. entered on 10/16/2007 at 0:01 AM CDT and filed on 10/15/2007

| | |
|---|---|
| Case Name: | ESN LLC v. Cisco Systems Inc et al |
| Case Number: | 5:07-cv-156 |
| Filer: | ESN LLC |
| Document Number: | 1 |

**Docket Text:**
COMPLAINT against Cisco Systems Inc, Cisco-Linksys LLC ( Filing fee $ 350 receipt number 1298562.), filed by ESN LLC. (Attachments: # (1) Exhibit A - Part 1# (2) Exhibit A - Part 2# (3) Exhibit B# (4) Exhibit C# (5) Civil Cover Sheet)(Albritton, Eric)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1041545818 [Date=10/16/2007]/[FileNumber=1999808-0] [11dab535caf6b25e86b84e750b6ccd1c83c8d914f02333753ea54a7c893a014da1 015c132b35e5c0465388bf1920b2f22c94e82a75641a800b2b38f74ae3e8cc]]
**Document description:** Exhibit A - Part 1
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1041545818 [Date=10/16/2007]/[FileNumber=1999808-1] [a0f854e44a9c7ea78c55335faaa2227149a51b5da9a88ce30814cdb08bb2a03302 6ec7a9d038e911b6b0fbf8b6d48b4dc0e85b3d5630fcf8c235e212c4f2aec1]]
**Document description:** Exhibit A - Part 2
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1041545818 [Date=10/16/2007] [FileNumber=1999808-2] [3cb955ec8c333fe4efd475f351702c16ec8eb589d2a4ad9b27a82f7f3577debf16 f4d059dbd6d41fa09d5edaf5016ed5600b70e21333147cc9f91a4f7f68dd7e]]

https://156.124.4.104/cgi-bin/DisplayReceipt.pl?104754306538708-L_931_0-1          3/13/2008

Ward 000382

**Document description:**Exhibit B
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1041545818 [Date=10/16/2007] [FileNumber=1999808-
3] [9efc50bce8aaa6c136284bd27620f31fd2809f362a9b9c11091abea7207c4185c9
f8f638882ff3e39f4919141801fad31d38abe31da39cc69fc14cb1944fe7c6]]
**Document description:**Exhibit C
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1041545818 [Date=10/16/2007] [FileNumber=1999808-
4] [a81e1563c4c62bfd15faaa460d3e4b03015dfa1a7d5b41fa50a7078e3bc30c5d53
3b7900a914edd73bfc9fdf71773f3cd19211913128a4cb63c4a8bf218d7f47]]
**Document description:**Civil Cover Sheet
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1041545818 [Date=10/16/2007] [FileNumber=1999808-
5] [0b0b839574016c07d4d05061f4e88598d903451c5d166dfd388dd095c85e730f51
f870dbdde5d7edb8d073366de548670d41d48922784e9283ae8c59eae0ca5c]]

**5:07-cv-156 Notice will be electronically mailed to:**

Eric M. Albritton    ema@emafirm.com, ajm@emafirm.com; ecfdocket@emafirm.com

**5:07-cv-156 Notice will be delivered by other means to:**

Ward 000383

System Transaction Log                                                     Page 1 of 3

Document 3

# System Transactions

### 1/1/1980 - 3/13/2008

### Generated: Thu Mar 13 18:15:46 2008

### Logged Transactions

| User | Date | Case Number/ Presider | Trans ID | Text/Category/Event |
|------|------|------------------------|----------|---------------------|
| rml (prid: 3282, type: crt) | 2007-10-15 16:21:10 | 07-156 David Folsom | 1298182 | Opened New CV Case 07-156 |
| Eric M. Albritton (prid: 251, type: aty) | 2007-10-16 00:02:03 | 5-07-156 David Folsom | 1298562 | COMPLAINT against Cisco Systems Inc, Cisco-Linksys LLC ( Filing fee $ 350 receipt number 1298562.), filed by ESN LLC. (Attachments: # (1) Exhibit A - Part 1# (2) Exhibit A - Part 2# (3) Exhibit B# (4) Exhibit C# (5) Civil Cover Sheet)(Albritton, *Category:* cmp *Event:* Complaint |
| Thomas John Ward, Jr (prid: 2553475, type: aty) | 2007-10-16 09:28:30 | 5-07-cv-156 David Folsom | 1298690 | NOTICE of Attorney Appearance by Thomas John Ward, Jr on behalf of ESN LLC (Ward, Thomas) *Category:* notice *Event:* Notice of Attorney Appearance |
| Eric M. Albritton (prid: 251, type: aty) | 2007-10-17 15:17:45 | 5-07-cv-156 David Folsom | 1301102 | AMENDED COMPLAINT against Cisco Systems Inc, Cisco-Linksys LLC, filed by ESN LLC. (Attachments: # (1) Exhibit A - Part 1# (2) Exhibit A - Part 2# (3) Exhibit B - Part 1# (4) Exhibit B - Part 2# (5) Exhibit C# (6) Exhibit D) (Albritton, Eric) *Category:* cmp *Event:* Amended Complaint |
| Eric M. Albritton (prid: 251, type: aty) | 2007-10-17 15:32:34 | 5-07-cv-156 David Folsom | 1301186 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (Albritton, Eric) *Category:* notice *Event:* Notice of Filing of Patent/Trademark Form (AO 120) |
| rml (prid: 3282, type: crt) | 2007-10-17 15:47:39 | 5-07-cv-156 David | 1301225 | E-GOV SEALED SUMMONS Issued as to Cisco Systems Inc, Cisco-Linksys LLC. (Attachments: # (1) summons |

Ward 000384

| | | | | |
|---|---|---|---|---|
| | | Folsom | | CiscoLinksys)(rml, )<br>*Category:* service<br>*Event:* Summons Issued |
| fnt<br>(prid: 62, type: crt) | 2007-10-17<br>16:43:33 | 5:07cv156<br>David<br>Folsom | 1301496 | Update record 106002, 10, type is cmp, subtype is cmp from dktpart table |
| fnt<br>(prid: 62, type: crt) | 2007-10-17<br>16:43:33 | 5:07cv156<br>David<br>Folsom | 1301496 | Update record 106002, 9, de_type is cmp, and de_document_num is 1 from dktentry table<br>*Category:* cmp<br>*Event:* Complaint |
| fnt<br>(prid: 62, type: crt) | 2007-10-17<br>16:43:33 | 5:07cv156<br>David<br>Folsom | 1301496 | Update of docket text for docket entry:<br>Date Filed: 10/16/2007 Docket Entry<br>Document Number: 1 de_type: cmp<br>*Category:* cmp<br>*Event:* Complaint |
| Eric M. Albritton<br>(prid: 251, type: aty) | 2007-10-18<br>18:32:22 | 5-07-cv-156<br>David<br>Folsom | 1303244 | MOTION to Enjoin Defendants Cisco and Linksys From Prosecuting Later-Filed Parallel Litigation in Connecticut by ESN LLC. (Attachments: # (1) Text of Proposed Order # (2) Exhibit A# (3) Exhibit B# (4) Exhibit C# (5) Exhibit D# (6) Exhibit E# (7) E<br>*Category:* motion<br>*Event:* Miscellaneous Relief |
| sm<br>(prid: 1246, type: crt) | 2007-10-19<br>11:52:57 | 5-07-156<br>David<br>Folsom | 1303747 | STANDING ORDER REFERRING 40% of CASES to Magistrate Judge Caroline Craven for pretrial. Signed by Judge David Folsom on 10/16/2007. (sm, )<br>*Category:* order<br>*Event:* Order Referring Case to Magistrate Judge |
| sm<br>(prid: 1246, type: crt) | 2007-10-29<br>17:28:11 | 5-07-156<br>David<br>Folsom | 1314302 | APPLICATION to Appear Pro Hac Vice by Attorney Thomas J Wimbiscus for ESN LLC. (PAID - RECEIPT #2-1-3165) (sm, )<br>*Category:* notice<br>*Event:* Application to Appear Pro Hac Vice |
| ch<br>(prid: 3332879, type: crt) | 2007-10-30<br>09:09:07 | 5-07-156<br>David<br>Folsom | 1314491 | APPLICATION to Appear Pro Hac Vice by Attorney George P McAndrews for ESN LLC. (APPROVED)(FEE PAID) 2-1-3165(ch, )<br>*Category:* notice<br>*Event:* Application to Appear Pro Hac Vice |
| ch | 2007-10- | 5-07-cv- | 1314524 | APPLICATION to Appear Pro Hac Vice |

Ward 000385

| | | | | |
|---|---|---|---|---|
| (prid: 3332879, type: crt) | 30 09:25:58 | 156 David Folsom | | by Attorney Peter J McAndrews for ESN LLC. (APPROVED)(FEE PAID) 2-1-3165 (ch, )<br>*Category:* notice<br>*Event:* Application to Appear Pro Hac Vice |
| ch (prid: 3332879, type: crt) | 2007-10-30 09:30:49 | 5-07-cv-156 David Folsom | 1314532 | APPLICATION to Appear Pro Hac Vice by Attorney Gerald C Willis, Jr for ESN LLC. (APPROVED)(FEE PAID) 2-1-3165 (ch, )<br>*Category:* notice<br>*Event:* Application to Appear Pro Hac Vice |
| ch (prid: 3332879, type: crt) | 2007-10-30 09:58:46 | 5-07-cv-156 David Folsom | 1314602 | APPLICATION to Appear Pro Hac Vice by Attorney Paul McAndrews for ESN LLC. (APPROVED)(FEE PAID) 2-1-3165 (ch, )<br>*Category:* notice<br>*Event:* Application to Appear Pro Hac Vice |
| Eric M. Albritton (prid: 251, type: aty) | 2007-11-02 17:09:18 | 5-07-cv-156 David Folsom | 1320414 | STIPULATION of Dismissal <I>without Prejudice</I> by ESN LLC, Cisco Systems Inc, Cisco-Linksys LLC. (Attachments: # (1) Text of Proposed Order)(Albritton, Eric)<br>*Category:* misc<br>*Event:* Stipulation of Dismissal |
| mrm (prid: 149, type: crt) | 2007-11-20 14:32:47 | 5-07-cv-156 David Folsom | 1339414 | ORDER OF DISMISSAL WITHOUT PREJUDICE. Signed by Judge David Folsom on 11/19/07. (mrm, )<br>*Category:* order<br>*Event:* Order Dismissing Case |

**Number of transactions: 18**

Ward 000386