Ward v. Cisco Systems, Inc. et al
Case 4:08-cv-04022-JLH   Document 101-6   Filed 09/11/09   Page 1 of 4
Doc. 101 Att. 5

# EXHIBIT "F"

Ward, John  8/10/2009  1:21:00 PM

### Page 1

```
 1          IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
 2               TEXARKANA DIVISION
 3   JOHN WARD, JR.,         *
                             *
 4   V.              *  C.A. NO. 08-4022
                     *  JURY TRIAL DEMANDED
 5   CISCO SYSTEMS, INC.     *
 6
 7
 8
 9   -----------------------------------
10       ORAL AND VIDEOTAPED DEPOSITION OF
11            THOMAS JOHN WARD, JR.
12              AUGUST 10, 2009
13   -----------------------------------
14
15
16       ORAL AND VIDEOTAPED DEPOSITION of THOMAS JOHN WARD,
17   JR., produced as a witness at the instance of the
18   Defendant, and duly sworn, was taken in the above-styled
19   and -numbered cause on the 10th day of August, 2009,
20   from 9:44 a.m. to 1:21 p.m., before Stacy L. Jordan, CSR
21   in and for the State of Texas, reported by machine
22   shorthand, taken in the law offices of John Ward, Jr.,
23   111 West Tyler Street, City of Longview, County of
24   Gregg, State of Texas, pursuant to the Federal Rules of
25   Civil Procedure.
```

### Page 2

```
 1                A P P E A R A N C E S
 2
 3   FOR THE PLAINTIFF:
 4     Patricia L. Peden, Esq.
       LAW OFFICES OF PATRICIA L. PEDEN
 5     5901 Christie Avenue, Suite 201
       Emeryville, California 94608
 6     Phone: 510.268.8033  Fax: 510.547.2446
       E-mail: ppeden@pedenlawfirm.com
 7
       Nicholas H. Patton, Esq.
 8     PATTON, TIDWELL & SCHROEDER, LLP
       4605 Texas Boulevard
 9     Texarkana, Texas 75503
       Phone: 903.792.7080  Fax: 903.792.8233
10     E-mail: nickpatton@texarkanalaw.com
11
12   FOR THE DEFENDANT:
13     Charles L. Babcock, Esq.
       Crystal J. Parker, Esq.
14     JACKSON WALKER, LLP
       1401 McKinney Street, Suite 1900
15     Houston, Texas 77010
       Phone: 713.752.4200  Fax: 713.752.4221
16     E-mail: cbabcock@jw.com
       E-mail: cparker@jw.com
17
18
     ALSO PRESENT:
19     Thad Strobach, Videographer
20
21
22
23
24
25
```

### Page 3

```
 1                    I N D E X
 2   Appearances ................................. 2
 3   THOMAS JOHN WARD, JR.
 4      Examination by Mr. Babcock ............... 6
 5   Changes and Signature ................. 142-143
     Reporter's Certificate ..................... 144
 6
 7
                        VIDEOTAPES
 8
     BEGINNING OF TAPE 1 .......................... 5
 9   BEGINNING OF TAPE 2 ........................ 105
10
11
                        E X H I B I T S
12
     NO. DESCRIPTION                         MARKED
13
     Exhibit 2   Deposition Notice                5
14
     Exhibit 3   10/17/07 and 10/18/07 Patent Troll   34
15              Tracker Articles
                (Bates Ward 000003 to 06)
16
     Exhibit 4   11/5/07 Olivo e-mail string to Ward   52
17              (Bates Ward 000011 to 12)
18   Exhibit 5   12/4/07 Pridham e-mail to Ward       52
                (Bates Ward 000200)
19
     Exhibit 6   2/29/08 Niro e-mail string to Ward,  52
20              with attachment
                (Bates Ward 000077 to 78)
21
     Exhibit 7   3/8/08 Crouch e-mail to Ward         52
22              (Bates Ward 000080)
23   Exhibit 8   3/12/08 Fokas e-mail to Ward, et al. 52
                (Bates Ward 000369)
24
     Exhibit 9   3/12/08 Fokas e-mail string to Ward  52
25              (Bates Ward 000370 to 371)
```

### Page 4

```
 1                E X H I B I T S (Continued)
 2   NO. DESCRIPTION                         MARKED
 3   Exhibit 10  3/14/08 Smith e-mail to Ward and    52
                Albritton, with attachments
 4              (Bates Ward 000088, Ward 000247 to 255)
 5   Exhibit 11  Law.com article: Patent Attorneys Sue 52
                Cisco and Blogging In-House Lawyer for
 6              Defamation
                (Bates Ward 000228 to 232)
 7
     Exhibit 12  3/17/08 Ward e-mail string to Fenner 52
 8              (Bates 000346)
 9   Exhibit 13  3/17/08 Gilstrap e-mail to Ward,    52
                with attachment
10              (Bates Ward 000092 to 96)
11   Exhibit 14  3/28/08 Ward e-mail string to Fokas, 52
                with attachment
12              (Bates Ward 000348 to 352)
13   Exhibit 15  4/7/08 McAndrews letter to Chandler 52
                (Bates Ward 000359 to 368)
14
     Exhibit 16  4/18/08 Strachan e-mail to Ward,    52
15              with attachment
                (Bates Ward 000098 and Ward 000256)
16
     Exhibit 17  10/17/07 and 10/18/07 Patent Troll  52
17              Tracker Articles
                (Bates Ward 000009 to 10)
18
     Exhibit 18  11/7/07 Patent Troll Tracker Article 52
19              (Bates Ward 000015 to 29)
20   Exhibit 19  Web site Printouts                  52
                (no Bates)
21
22
23
24
25
```

5

```
 1              PROCEEDINGS
 2         (Exhibit 2 marked.)
 3         (Videotape 1.)
 4         THE VIDEOGRAPHER:  Here begins the
 5   videotaped deposition of John Ward, Jr., Tape 1, Volume
 6   1, in the matter of John Ward, Jr. versus Cisco Systems,
 7   Inc., in the U.S. District Court, Western District of
 8   Arkansas, Texarkana Division, Case Number 08-4022.
 9         Today's date is August the 10th, 2009.
10   The time on the video monitor is 9:44 a.m.
11         The video operator today is Thad Strobach;
12   the court reporter is Stacy Jordan, both of them
13   representing West Reporting.
14         Will counsel please state their agreements
15   and appearances.
16         MR. BABCOCK:  Mr. Patton will be in the
17   camera shortly.
18         MS. PEDEN:  Yeah.
19         Come -- come across.
20         Patricia Peden, representing plaintiff.
21         MR. PATTON:  Nick Patton, representing
22   the plaintiff.
23         MR. BABCOCK:  Charles Babcock and Crystal
24   Parker, representing the defendant.
25         THOMAS JOHN WARD, JR.,
```

131

1    MS. PEDEN: Objection to form.
2    A.  I -- I can't reveal to you what we've talked
3    about without revealing attorney-client communications
4    dealing with the client that he worked for.
5    Q.  (BY MR. BABCOCK) Okay. Bruce Lagerman, who
6    is he -- or Lagerman (pronunciation)?
7    A.  He was a gentleman who contacted me about
8    potential representation who I did not end up working
9    for, I believe.
10   Q.  Okay. Are your conversations with him -- do
11   you view them as privileged?
12       MS. PEDEN: Objection to form.
13   A.  I do. If he was seeking legal representation,
14   yes, sir.
15   Q.  (BY MR. BABCOCK) Okay. So anything he said
16   in that conversation would be covered by the
17   attorney-client privilege?
18       MS. PEDEN: Objection to form.
19   A.  I -- I don't know that anything he says in the
20   conversation with me, when he's seeking legal
21   representation, would be privileged.
22   Q.  (BY MR. BABCOCK) Okay. Did he -- did you
23   have any discussion with Mr. Lagerman about Cisco?
24       MS. PEDEN: Objection to form. And,
25   also, I -- you know, I don't know -- because I don't

132

1    know specifically the documents we're talking about,
2    I -- I just want you to be very cautious --
3        THE WITNESS: Yeah, I don't --
4        MS. PEDEN: -- since these may be
5    attorney-client-privileged communications.
6    A.  I would need to look at the e-mails before I
7    tell you that, because I don't -- I don't recall,
8    sitting here --
9    Q.  (BY MR. BABCOCK) Okay.
10   A.  -- saying, "Let me tell you about my case,"
11   because I -- I generally would never do that.
12   Q.  Here -- here's -- you know, here's my view of
13   it: I certainly don't want to know -- want to know what
14   you talked to a -- even -- even a potential client
15   about. But if -- if you talked to him about, you know,
16   Frenkel or Cisco or, you know, this thing and that's not
17   anything to do with your representation, then I do want
18   to know about that. So --
19   A.  I don't recall having those types of
20   conversations, but I'd need to look at whatever document
21   is on the privilege log and see what -- the context and
22   why I've even produced it to -- to --
23   Q.  To them.
24   A.  -- to them.
25   Q.  Yeah. Yeah, the only -- the only help I can

133

1    give you is it says: Bruce Lagerman, John Ward, 4/5/08,
2    e-mails, re: potential case and comment regarding Troll
3    Tracker post. Attorney client -- or AC and WP, which I
4    assume is attorney client, work product.
5    A.  I'd have to look at the document.
6    Q.  Okay. But in any event, there's -- there's no
7    con- -- no unprivileged conversation with him that you
8    can share with us today?
9        MS. PEDEN: Objection to form.
10   A.  Not that I can recall.
11   Q.  (BY MR. BABCOCK) Okay.
12   A.  Again, I'm -- I'm surprised we even -- the
13   topic came up, but apparently it's in an e-mail, so --
14   Q.  I tell you, these --
15   A.  Dadgum e-mails.
16   Q.  -- these lawyers, you know --
17   A.  Yeah.
18   Q.  -- you've got to watch them all the time.
19   A.  Not mine.
20   Q.  Have you been -- ever been investigated by the
21   State Bar of Texas, to your knowledge?
22       MS. PEDEN: Objection to form.
23       Now, let me counsel you on attorney-client
24   privilege and if -- and not to divulge any
25   attorney-client communications.

134

1    Q.  (BY MR. BABCOCK) Well, now she's got --
2        MS. PEDEN: Do we need to --
3    Q.  (BY MR. BABCOCK) -- my curiosity up.
4        MS. PEDEN: No, do you -- do you -- do we
5    need to --
6        THE WITNESS: Yeah, let's take a break.
7    A.  We're going to --
8        MS. PEDEN: All right.
9    A.  -- determine privilege and things like that.
10   Q.  (BY MR. BABCOCK) Sure.
11       THE VIDEOGRAPHER: Off the record, 1:08.
12       (Off the record 1:08-1:12.)
13       THE VIDEOGRAPHER: Going back on record.
14   The time is 1:12.
15   Q.  (BY MR. BABCOCK) I think before the break,
16   the question was: Have you ever been investigated by
17   the State Bar of Texas?
18       MS. PEDEN: And I'm going to object. I'm
19   not going to let the witness answer as to
20   investigations. Those are absolutely privileged. If
21   you want to ask him if he's ever been disciplined by the
22   state bar, that's a different question. But I'm going
23   to instruct him not to answer as to whether any
24   complaints have been filed.
25       MR. BABCOCK: Well, your instruction just