## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOHN WARD, JR.** | § | |
| | § | |
| **Plaintiff** | § | No.  08-4022 JLH |
| | § | |
| **V.** | § | JURY TRIAL DEMANDED |
| | § | |
| **CISCO SYSTEMS, INC.** | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF'S MOTION TO STAY DISCOVERY DEADLINE

COMES NOW, Plaintiff John Ward, Jr., through his attorneys of record, and files his Motion to Stay Discovery Deadline, and would show the Court as follows:

### I. FACTS

On May 27, 2009, the parties filed with the Court their Joint Motion to Modify the Scheduling Order. (DE #65)  Among other requests, the parties sought to extend fact discovery until October 1, 2009.   Included in the motion was a request to continue the trial date to December 30, 2009, or to any other date after that depending on the availability of the Court.

On August 26, 2009, the Court entered its Amended Scheduling Order, which extended the fact discovery deadline to October 1, 2009 and set the trial date on February 8, 2010 (Text Order, August 26, 2009). Because further fact discovery will be necessary beyond the October 1, 2009 deadline, Plaintiff respectfully requests this Court stay this deadline, until the issue surrounding Cisco's production of certain document has been fully resolved. Once that issue has been decided, Plaintiff will request that the Court enter a new fact discovery deadline. Plaintiff anticipates discovery can be completed within 30 days after Defendant has finally complied with this Court's Order. This stay of the discovery deadline Plaintiff requests will not have an impact

Dockets.Justia.com

on the scheduled trial date, which is approximately five months away.

## II. ANALYSIS

As the Court is aware, Cisco has been ordered to produce certain documents for which this Court found that Cisco waived privilege. (DE # 60) After being ordered to produce to Plaintiff these documents, Cisco has yet to turn them over to Plaintiff. On September 1, 2009, Cisco filed its Writ of Mandamus to the Eighth Circuit seeking relief from this Court's Order compelling Cisco to produce these documents. (DE # 92) Subsequently on September 2, 2009, the Court granted Cisco's motion to stay the Court's Order. Because it is unknown when this issue will be ultimately resolved, a stay of the fact discovery deadline is warranted.

The need to stay the fact discovery deadline is clear. With the current discovery cutoff of October 1, 2009, depositions that have been noticed but not yet taken will have to be taken in the next two and a half weeks and without critical documents needed for those depositions, rewarding Defendant for its none compliance with the Court's Order. Without a stay of the discovery deadline, Plaintiff will be forced to take incomplete depositions because he will be unable to ask about documents Cisco has been ordered to produce.  Then, Plaintiff will be forced to later ask the court for leave to redepose witnesses to ask about documents later produced, which will require travel again to both costs to take the re-convened depositions. As the Court is aware, Plaintiff has attempted to discover the documents subject to the Court's Order that is currently on appeal to the Eighth Circuit. Assuming the Eighth Circuit denies Cisco's Writ request, it is unknown when Plaintiff will finally receive the documents in question. With this uncertainty, it makes little sense from an economic perspective or from judicial economy grounds, to require Plaintiff to take depositions of the same people twice.

When approached about agreeing to stay the discovery deadline because of this issue,

Cisco denied Plaintiff's request but stated that it is willing to discuss an agreement to extend the deposition dates for a few specific witnesses, **but only if Plaintiff provides Cisco with the names of the witnesses**. This proposal is useless to Plaintiff as he has had no opportunity to review the withheld documents. Without reviewing the documents themselves, Plaintiff is not in a position to decide who to depose concerning these documents. Moreover, virtually every witness that Plaintiff has noticed for deposition has communications listed on Cisco's privilege log. Cisco's compliance with the Court's Order impacts almost every deposition and thus warrants staying the discovery deadline in this case until that issue is resolved.

Further, Plaintiff would likely need to propound further written discovery based on some of the information shown in these documents. When the Court issued its Amended Scheduling Order on August 26, 2009, Plaintiff had only four days to issue any further written discovery, as the requests would have had to been proffered to Cisco with enough time to allow its responses by October 1, 2009. The four day time frame permitted by this Court's Order may preclude Plaintiff from obtaining documents from deposition witnesses, which seems to be a warped result given that it has been Defendant's delay and non-compliance with the Court's Order that necessitated moving the discovery deadline in the first place.

Independently of the above problems encountered by Plaintiff, this Court set this matter for trial on February 8, 2010. That is approximately five months away. Be staying this discovery deadline until further order, Cisco cannot be heard to say that it is somehow burdened or harmed by this request. Any harm suffered by Cisco is illusory, as this request will not impair or impede its abilities to adequately prepare this case for trial in five months.

3

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court find this motion well taken, and stay the discovery deadline of October 1, 2009, until further Order of the Court.

Respectfully Submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton
State Bar No. 63035
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
Tel:    (903) 792-7080
Fax:    (903) 792-8233

Patricia L. Peden
LAW OFFICES OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, California 94608
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

4

## CERTIFICATE OF SERVICE

This is to certify that on this 11th day of September, 2009, a true and correct copy of the foregoing was served electronically via the Court's CM/ECF electronic filing system upon:

Richard E. Griffin
Charles Babcock
Crystal Parker
JACKSON WALKER, LLP
1401 McKinney
Suite 1900Houston, Texas 77010

*Attorneys for Defendant Cisco Systems, Inc.*

*/s/ Nicholas H. Patton*
Nicholas H. Patton

5