IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| | § | C. A. NO. 08-4022 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |

**DEFENDANT CISCO SYSTEMS, INC.'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO STAY DISCOVERY DEADLINE**

TO THE HONORABLE DISTRICT COURT JUDGE:

Cisco System, Inc. ("Cisco") hereby files its Response in Opposition to Plaintiff's Motion to Stay Discovery Deadline, and would show the Court the following:

**I. FACTS**

Plaintiff brought this action on March 13, 2008, claiming that Cisco published defamatory articles about him that damaged his reputation and caused him mental anguish. Plaintiff has therefore had eighteen (18) months to conduct discovery and take depositions in this case, not including the 2½ weeks remaining before the October 1 discovery cut-off. The October 1 deadline for completing discovery was agreed to by Plaintiff. *See* Docket Entry #65.

In his Motion for Stay of Discovery Deadline, Plaintiff does not explain why he has not taken any of the depositions of unidentified persons he claims he needs to take (but supposedly cannot take before October 1). One fact that is plain is that Cisco has repeatedly offered dates for depositions for all persons with knowledge of relevant facts. The e-mails attached as Exhibit A demonstrate that Cisco has cooperated with Plaintiff and attempted to move discovery along. In April of this year, Cisco's counsel e-mailed Plaintiff's counsel with the following request:

> If you will get me a list of people you want to depose in Ward I will start trying to provide you dates from my calendar and match that up with the witnesses I control. I don't think we should wait until the Albritton trial situation is resolved because we have just two months until the discovery cutoff in Ward.

Exhibit A at p. 1. In June, counsel for Cisco sent Plaintiff's counsel an e-mail again attempting to set dates for Plaintiff's requested depositions:

> You asked for certain depositions of Cisco people (Yen, Beckwith, Rubin, Earnhardt and a 30(b)(6) representative). Your letter says that you will not be ready to take those depositions until the issue over Cisco's privileged documents is resolved which, at the moment, it is not. Let me know if you want to set those depositions dates now which I would recommend given everyone's schedules. Also get me the list of 30(b)(6) topics as soon as you can so that I can identify the proper Cisco witness and allow them time to do any needed investigation. All of the witnesses are in California so we should also allow for travel. Also, you still owe me a response on whether you will agree to the use of the Albritton witness depositions in the Ward case and further whether you will agree not to ask repetitive questions in the Ward case that is, questions you have already asked and had answered in the Albritton case. Also, please let me know long you wish to spend with each witness (rough estimate) so that I can schedule them. I am looking at those August 10 and 11 dates if we can do John and Nell on July 27 or August 6.
>
> There are additional former Cisco employees you have asked to depose. For Frenkel you should coordinate with George McWilliams. I would be happy to arrange Tanielian, Noh and Corcoran if you would like. Please let me know. The remainder I will leave up to you. As I mentioned my big conflict in August is an August 17 three day trial which is specially set although, like you, I have various other commitments during the month.

*Id*. at p. 4. In July, Cisco's attorney again asked Plaintiff's counsel when he wished to depose Cisco employees:

> Two friendly reminders: (1) Are you available for depositions anytime the week of August 24? I am trying to take depositions of some of the people on your list. No.2: When do you want to take the depositions of the Cisco and ex-Cisco people? I will arrange when you let me know.

*Id*. at p. 6.

Despite Cisco's repeated offers of, and requests for, deposition dates, Plaintiff's attorneys still have not taken depositions which their present Motion suggests are important to their

client's case – but, as discussed immediately below, they soon will, and they agreed to take those depositions without having access to Cisco's privileged documents. Cisco has not resisted the depositions Plaintiff's attorneys say they want, but Plaintiff has not, until just recently, seen fit to schedule the depositions of those witnesses. The fact that those depositions have been scheduled and noticed, without reference to or need for any privileged documents, is worth a short discussion.

A very significant fact that Plaintiff amazingly fails to mention in his Motion to Stay Discovery Deadline is that his motion is utterly unnecessary. The day before filing the Motion to Stay Discovery Deadline, Plaintiff noticed 13 depositions to take place in the final five days of the discovery period. That is, a day after Cisco and its counsel cooperated with Plaintiff in scheduling over a dozen depositions, Plaintiff turns around and pleads to this Court that he simply cannot take any depositions without privileged documents to which he has no legal right.[1] Specifically, Plaintiff served the following documents on September 10, 2009, all of which are attached as Exhibit B:

- Subpoena to Testify and Notice of Deposition directed to John Noh. Deposition to take place on September 28, 2009, in Palo Alto, California. Noh is a Cisco employee with knowledge of the website posting at issue in this case.

- Subpoena to Testify and Notice of Deposition directed to Bart Showalter. Deposition to take place on September 28, 2009, in Dallas, Texas. Showalter is a lawyer who has knowledge concerning the filing of the lawsuit referenced in the website posting at issue.

- Subpoena to Testify and Notice of Deposition directed to Kurt Pankratz. Deposition to take place on September 28, 2009, in Dallas, Texas. Pankratz is a lawyer who has knowledge concerning the filing of the lawsuit referenced in the website posting at issue.

---

[1] By his present motion, Plaintiff states that he cannot take an unspecified number of depositions of unidentified persons without Cisco producing to him certain unspecified privileged documents that are among the documents that are the subject of a Petition for Writ of Mandamus pending before the Eighth Circuit Court of Appeals. Although the Court ordered Cisco to produce the privileged documents on August 24, it stayed that order on September 2. Accordingly, contrary to Plaintiff's suggestion that Cisco has not complied with this court's order, in fact Plaintiff does not now have any right to the documents he claims are necessary for his depositions.

- Notice of Deposition directed to Michael Timmeny.  Deposition to take place on September 28, 2009, in Palo Alto, California.  Timmeny is a Cisco employee.

- Subpoena to Testify and Notice of Deposition directed to Matthew Tanielian.  Deposition to take place on September 28, 2009, in Washington, D.C.  Tanielian is a former Cisco employee with some knowledge of the web postings at issue.

- Notice of Deposition directed to Mark Chandler.  Deposition to take place on September 29, 2009, in Palo Alto, California.  Chandler is General Counsel of Cisco.

- Notice of Deposition directed to Marta Beckwith.  Deposition to take place on September 29, 2009, in Palo Alto, California.  Beckwith is a Cisco employee with knowledge of the website posting at issue in this case.

- Subpoena to Testify and Notice of Deposition directed to Google, Inc.  Deposition to take place on September 30, 2009, in Palo Alto, California.

- Subpoena to Testify and Notice of Deposition directed to Google, Inc.  Deposition to take place on September 30, 2009, in Palo Alto, California.

- Subpoena to Testify and Notice of Deposition directed to J. Anthony Downs.  Deposition to take place on September 30, 2009, in Boston, Massachussetts.

- Notice of Deposition directed to Mallun Yen.  Deposition to take place on September 30, 2009, in Palo Alto, California.  Yen is a Cisco employee with knowledge of the website posting at issue in this case.

- Subpoena to Testify and Notice of Deposition directed to Beatrice Nguyen.  Deposition to take place on October 1, 2009, in San Francisco, California.

- Subpoena to Testify and Notice of Deposition directed to Richard Frenkel.  Deposition to take place on October 1, 2009, in Palo Alto, California.  Frenkel was the author of the website posting at issue and therefore has knowledge regarding the posting and events surrounding the posting.

Plaintiff has not identified any witnesses beyond those just listed that he needs to depose. Counsel for Cisco have agreed to the deposition dates and times listed immediately above. Plaintiff has not demanded access to the privileged documents as a condition of conducting these 13 depositions – the notices and subpoenas speak for themselves on that point, and on that point they are silent.  Therefore, there is no reason to stay the discovery deadline, as none of the depositions require Cisco's privileged documents.

In sum, the facts show that: Plaintiff has had 18 months to take the depositions it now wants to delay; Plaintiff agreed to the October 1 discovery cut-off; Cisco has not impeded, but instead has actively cooperated in trying to have the depositions taken; and Plaintiff has demonstrated that he can take no less than 13 depositions – including the deposition of the man Plaintiff claims defamed him – without any of the privileged documents made the basis of its present motion.

The facts demonstrate the Plaintiff's motion should be denied.

## II. ARGUMENT AND AUTHORITIES

Rule 16(b) requires that a party seeking to amend a scheduling order show good cause. *See* Fed. R. Civ. P. 16(b); *Reliance Ins. Co. v. Louisiana Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir.1997); *Barrett v. Atlantic Richfield Co.,* 95 F.3d 375, 380 (5th Cir.1996). To demonstrate "good cause," the movant must show that, despite diligence, he could not have reasonably met the scheduling deadline. *Southtrust Bank of Alabama, N.A.,* 315 F.3d 533, 535 (5th Cir.2003); *see also Computer Acceleration Corp. v. Microsoft Corp.,* 503 F.Supp.2d 819, 822 (E.D. Tex. 2007) (same). There are four factors for the Court to consider in determining whether good cause exists to amend a scheduling order: "1) the explanation for the failure to move timely for leave to amend; 2) the importance of the amendment; 3) potential prejudice in allowing the amendment; and 4) the availability of a continuance to cure such prejudice." *Carmona v. Carmona*, 2006 U.S. Dist. LEXIS 88868 at *4, 2006 WL 3839851 (S.D. Tex. 2006) (copy attached as Exhibit C), *quoting Hawthorne Land Co. v. Occidental Chem. Corp.,* 431 F.3d 221, 227 (5th Cir. 2005), and citing *S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).[2]

---

[2] In *Carmona*, the plaintiff requested an amended scheduling order, arguing that it was "necessary so that he can analyze Defendants' confidential documents provided under a protective order and retain and designate an expert to

Plaintiff has not satisfied the four criteria necessary for a showing of good cause for an amended scheduling order. Plaintiff's motion merely argues, without any supporting evidence, that he needs unidentified documents in order to take certain unspecified depositions. (Actually, it is likely that Plaintiff just wants to delay the depositions of some or all of the 13 witnesses he has scheduled for deposition in the next few weeks – but Plaintiff apparently does not want to admit this plan.) Plaintiff has proven that he does not need the privileged documents in order to take the 13 depositions listed above, and Plaintiff does not identify what documents he needs – nor why they are necessary – to take any depositions. Plaintiff does not even identify the persons he wants to depose, nor does he offer any explanation of why they have not been deposed in the past 18 months. Nor does Plaintiff offer evidence of the diligence he must show in order to be entitled to the relief he seeks, such as evidence of actually attempting to take the depositions he now claims he needs extra time to complete. Finally, Plaintiff "anticipates discovery can be completed within 30 days after Cisco has finally complied with this Court's Order" – an order which this Court has stayed – but Plaintiff neither gives any assurance that he actually will take the proposed depositions within his suggested 30-day period nor does Plaintiff – because he cannot – say when that date will be. Plaintiff has not met his burden for obtaining an amendment to the Agreed Scheduling Order and staying the October 1 discovery cut-off.

Plaintiff served notices of depositions and/or subpoenas on 13 persons around the country to take their depositions in the time remaining before the discovery deadline, and served those notices and subpoenas without raising the issue of the privileged documents made the basis of his present motion. Yet, a day after serving the notices and subpoenas for those 13 depositions, Plaintiff suddenly was beset by an urge to extend the discovery deadline in order to take an

---

assist with his damages calculation." *Id*. at *3. The court found that the plaintiff had not been diligent in seeking discovery and denied the motion to amend the scheduling order.

unknown number of depositions of unidentified people who allegedly cannot be deposed without Plaintiff securing Cisco's privileged documents. Plaintiff's story just doesn't make sense.

Plaintiff simply has not met his burden to amend the scheduling order. Indeed, the facts show that Plaintiff does not need the privileged documents to take any depositions, otherwise he would not have noticed the 13 depositions listed above.

Finally, turning to the four criteria Plaintiff must satisfy in order to receive the relief requested: (1) Plaintiff has not explained why he has waited until the last couple of weeks of an 18-month discovery period to take the unidentified depositions; (2) the requested continuance of the discovery period is not important because Plaintiff has already noticed 13 depositions of persons for whom he does not need the privileged documents and all of those depositions will conclude no later than October 1; (3) the parties may be prejudiced, and the Court inconvenienced, if the Eighth Circuit does not rule on the Petition for Writ of Mandamus in time for Plaintiff to take its unidentified depositions before the scheduled trial date; and (4) the availability of a continuance to cure such prejudice is entirely a matter for the Court to decide, but Cisco wants to try this case as scheduled.

### III.  CONCLUSION

For the reasons set forth above, Cisco requests that the Court deny Plaintiff's Motion to Stay Discovery Deadline.

>Respectfully submitted,
>
>JACKSON WALKER L.L.P.
>
>
>*/s/ Kurt Schwarz*
>Charles L. Babcock
>Federal Bar No.: 10982
>Email: cbabcock@jw.com
>Richard E. Griffin
>Arkansas Bar No.: 63020
>Email: rgriffin@jw.com
>Crystal J. Parker
>Federal Bar No.: 621142
>Email: cparker@jw.com
>1401 McKinney
>Suite 1900
>Houston, Texas 77010
>(713) 752-4200
>(713) 752-4221 – Fax
>Kurt A. Schwarz
>Jackson Walker L.L.P.
>901 Main Street, Suite 6000
>Dallas, Texas 75202
>Telephone: (214) 953-6000
>Telecopier: (214) 953-5822
>
>ATTORNEYS FOR CISCO SYSTEMS, INC.

## **CERTIFICATE OF SERVICE**

      This is to certify that on September 15, 2009, a true and correct copy of the foregoing was served via electronic mail upon:

| | |
|---|---|
| Patricia L. Peden | Nicholas H. Patton |
| Law Offices of Patricia L. Peden | Patton, Tidwell & Schroeder, LLP |
| 5901 Christie Avenue | 4605 Texas Boulevard |
| Suite 201 | P.O. Box 5398 |
| Emeryville, CA 94608 | Texarkana, Texas 75505-5398 |
| ***Attorney for John Ward, Jr.*** | ***Attorney for John Ward, Jr.*** |

                                                */s/ Kurt Schwarz*
                                                Kurt Schwarz