# Exhibit B

Dockets.Justia.com

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| John Ward, Jr. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:08cv4022 JLH |
| Ciscso Systems, Inc. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Western District of Arkansas |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  John Noh
     3663 South Bascom Avenue, Campbell, CA 95008

    ☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: The Lanier Law Firm | Date and Time: |
|---|---|
| 2200 Geng Road, Suite 200, Palo Alto, CA 94303 | 09/28/2009 9:00 am |

    The deposition will be recorded by this method:  <u>court reporter and videographer</u>

    ❑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  <u>09/10/2009</u>

          *CLERK OF COURT*

                          OR

                                                                                   

*Signature of Clerk or Deputy Clerk*                            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    John Ward, Jr.
                                                   , who issues or requests this subpoena, are:

Nicholas H. Patton, Patton, Tidwell & Schroeder, L.L.P.
4605 Texas Boulevard, Texarkana, Texas 75503
(903) 792-7080, nickpatton@texarkanalaw.com

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.   4:08cv4022 JLH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏  I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because _____ ; or

❏  Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .


I declare under penalty of perjury that this information is true.


Date: _____            _____
                                              *Server's signature*

                                        _____
                                              *Printed name and title*


                                        _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| Plaintiff | § | No. 4:08cv4022 JLH |
| | § | |
| V. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |
| | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S NOTICE OF INTENT TO TAKE THE ORAL, VIDEOTAPED DEPOSITION OF JOHN NOH

**TO:**   Cisco Systems, Inc., by and through its attorney of record, Mr. Charles Babcock, 1401 McKinney, Suite 1900, Houston, Texas 77010

Please take notice that John Ward, Jr., by and through his undersigned counsel, will take the oral, videotaped deposition of John Noh commencing at 9:00 a.m. (PST) on September 28, 2009 at The Lanier Law Firm, 2200 Geng Road, Suite 200, Palo Alto, California 94303. The deposition shall be conducted before a certified court reporter, notary public, or other officer authorized to administer oaths.

Respectfully submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton (TBN: 15631000)
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICES OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been forwarded to Charles Babcock and Mrs. Crystal Parker, 1401 McKinney, Suite 1900, Houston, Texas 77010, attorney for Cisco Systems, Inc., via electronic mail on this 10th day of September 2009.

*/s/ Nicholas H. Patton*
Nicholas H. Patton

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Texas

| | | |
|---|---|---|
| John Ward, Jr. | ) | |
| *Plaintiff* | ) | Civil Action No.   4:08cv4022 JLH |
| v. | ) | |
| Ciscso Systems, Inc. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Western District of Arkansas |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Kurt Pankratz, Baker Botts, L.L.P.
2001 Ross Avenue, Dallas, Texas 75201

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Baker Botts, L.L.P.<br>            2001 Ross Avenue, Dallas, Texas 75201 | Date and Time:<br>            09/28/2009 9:00 am |
|---|---|

The deposition will be recorded by this method:   court reporter and videographer

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/10/2009

                        *CLERK OF COURT*

                                                        OR

_____                  _____
 *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      John Ward, Jr.
_____ , who issues or requests this subpoena, are:

Nicholas H. Patton, Patton, Tidwell & Schroeder, L.L.P.
4605 Texas Boulevard, Texarkana, Texas 75503
(903) 792-7080, nickpatton@texarkanalaw.com

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.   4:08cv4022 JLH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .


I declare under penalty of perjury that this information is true.


Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN WARD, JR.                        §
                                      §
Plaintiff                             §        No.  4:08cv4022 JLH
                                      §
V.                                    §        JURY TRIAL DEMANDED
                                      §
CISCO SYSTEMS, INC.                   §
                                      §
Defendant.                            §

## PLAINTIFF'S NOTICE OF INTENT TO TAKE THE ORAL, VIDEOTAPED DEPOSITION OF KURT PANKRATZ

**TO:**  Cisco Systems, Inc., by and through its attorney of record, Mr. Charles Babcock, Jackson Walker, LLP, 1401 McKinney, Suite 1900, Houston, Texas 77010 and Kurt Pankratz, by and through his attorney, Joseph D. Cheavens, Baker Botts, L.L.P., One Shell Plaza, 910 Louisiana Street, Houston, Texas 77002

Please take notice that John Ward, Jr., by and through his undersigned counsel, will take the oral, videotaped deposition of Kurt Pankratz commencing at 9:00 a.m. (CST) on September 28, 2009 at Baker Botts, L.L.P., 2001 Ross Avenue, Dallas, Texas 75201. The deposition shall be conducted before a certified court reporter, notary public, or other officer authorized to administer oaths.

Respectfully submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton (TBN: 15631000)
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICES OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded to Charles Babcock and Mrs. Crystal Parker, 1401 McKinney, Suite 1900, Houston, Texas 77010, attorney for Cisco Systems, Inc., via electronic mail on this 10th day of September 2009.

/s/ Nicholas H. Patton
Nicholas H. Patton

2

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Texas

| | | |
|---|---|---|
| John Ward, Jr. | ) | |
| *Plaintiff* | ) | Civil Action No.   4:08cv4022 JLH |
| v. | ) | |
| Ciscso Systems, Inc. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Western District of Arkansas |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Bart Showalter, Baker Botts, L.L.P.
      2001 Ross Avenue, Dallas, Texas 75201

✔ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Baker Botts, L.L.P. | Date and Time: |
|---|---|
| 2001 Ross Avenue, Dallas, Texas 75201 | 09/28/2009 1:00 pm |

The deposition will be recorded by this method:   court reporter and videographer

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/10/2009

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   John Ward, Jr.
_____ , who issues or requests this subpoena, are:

Nicholas H. Patton, Patton, Tidwell & Schroeder, L.L.P.
4605 Texas Boulevard, Texarkana, Texas 75503
(903) 792-7080, nickpatton@texarkanalaw.com

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.   4:08cv4022 JLH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the subpoena on the individual at *(place)*

_____ on *(date)* _____ ; or

❑ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because _____ ; or

❑ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| Plaintiff | § | No. 4:08cv4022 JLH |
| | § | |
| V. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S NOTICE OF INTENT TO TAKE THE ORAL, VIDEOTAPED DEPOSITION OF BART SHOWALTER

**TO:**   Cisco Systems, Inc., by and through its attorney of record, Mr. Charles Babcock, Jackson Walker, LLP, 1401 McKinney, Suite 1900, Houston, Texas 77010 and Bart Showalter, by and through his attorney, Joseph D. Cheavens, Baker Botts, L.L.P., One Shell Plaza, 910 Louisiana Street, Houston, Texas 77002

Please take notice that John Ward, Jr., by and through his undersigned counsel, will take the oral, videotaped deposition of Bart Showalter commencing at 1:00 p.m. (CST) on September 28, 2009 at Baker Botts, L.L.P., 2001 Ross Avenue, Dallas, Texas 75201. The deposition shall be conducted before a certified court reporter, notary public, or other officer authorized to administer oaths.

Respectfully submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton (TBN: 15631000)
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICES OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded to Charles Babcock and Mrs. Crystal Parker, 1401 McKinney, Suite 1900, Houston, Texas 77010, attorney for Cisco Systems, Inc., via electronic mail on this 10th day of September 2009.

*/s/ Nicholas H. Patton*
Nicholas H. Patton

2

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| Plaintiff | § | No. 4:08cv4022 JLH |
| | § | |
| V. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S NOTICE OF INTENT TO TAKE THE ORAL, VIDEOTAPED DEPOSITION OF MICHAEL TIMMENY

**TO:** Michael Timmeny, by and through her attorney of record, Mr. Charles Babcock, Jackson Walker, LLP, 1401 McKinney, Suite 1900, Houston, Texas 77010.

Please take notice that John Ward, Jr., by and through his undersigned counsel, will take the oral, videotaped deposition of Michael Timmeny commencing at 2:00 p.m. (PST) on September 28, 2009 at The Lanier Law Firm, 2200 Geng Road, Suite 200, Palo Alto, California 94303. The deposition shall be conducted before a certified court reporter, notary public, or other officer authorized to administer oaths.

Respectfully submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton (TBN: 15631000)
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICES OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to Charles Babcock and Mrs. Crystal Parker, 1401 McKinney, Suite 1900, Houston, Texas 77010, attorney for Cisco Systems, Inc., via electronic mail on this 10th day of September  2009.

/s/ Nicholas H. Patton
Nicholas H. Patton

2

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| John Ward, Jr. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:08cv4022 |
| | ) | |
| Cisco Systems, Inc. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | |
| | | Western District of Arkansas |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Matthew Tanielian, 900 7th Street NW, Suite 750, Washington, DC 20001.

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Esquire Washington, DC<br>1020 19th Street NW, Suite 620<br>Washington, DC 20036 | Date and Time:<br><br>09/28/2009 10:00 am |
|---|---|

The deposition will be recorded by this method:   court reporter and video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

1) Documents regarding ESN v. Cisco, United States District Court, Eastern District of Texas, Texarkana Division No. 5:07cv156; 2) Documents regarding any Troll Tracker blog post from October 2007 to March 5, 2008; 3) Documents regarding John Ward, Jr., Eric Albritton or ESN; 4) All correspondence regarding the Troll Tracker October 17, 2007 and October 18, 2007 Troll Tracker blog posts including the revised post created on October 19, 2007.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/10/2009

         *CLERK OF COURT*

                                              OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   John Ward, Jr.
_____, who issues or requests this subpoena, are:

Nicholas H. Patton, Patton, Tidwell & Schroeder, LLP
4605 Texas Blvd., Texarkana, Texas 75503
903.792.7080, nickpatton@texarkanalaw.com

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.  4:08cv4022

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                    *Server's signature*

                                           _____
                                                    *Printed name and title*


                                           _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN WARD, JR.                    §
                                  §
Plaintiff                         §        No.  4:08cv4022 JLH
                                  §
V.                                §        JURY TRIAL DEMANDED
                                  §
CISCO SYSTEMS, INC.               §
                                  §
Defendant.                        §

## PLAINTIFF'S NOTICE OF INTENT TO TAKE THE ORAL, VIDEOTAPED DEPOSITION OF MATTHEW TANIELIAN

**TO:**  Matthew Tanielian, by and through her attorney of record, Mr. Charles Babcock, Jackson Walker, LLP, 1401 McKinney, Suite 1900, Houston, Texas 77010.

Please take notice that John Ward, Jr., by and through his undersigned counsel, will take the oral, videotaped deposition of Matthew Tanielian commencing at 10:00 a.m. (EST) on September 28, 2009 at Esquire Washington, DC, 1020 19th Street NW, Suite 620, Washington, DC 20036. The deposition shall be conducted before a certified court reporter, notary public, or other officer authorized to administer oaths.

Respectfully submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton (TBN: 15631000)
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICES OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to Charles Babcock and Mrs. Crystal Parker, 1401 McKinney, Suite 1900, Houston, Texas 77010, attorney for Cisco Systems, Inc., via electronic mail on this 11th day of September 2009.

*/s/ Nicholas H. Patton*
Nicholas H. Patton

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| Plaintiff | § | No. 4:08cv4022 JLH |
| | § | |
| V. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |
| | § | |
| Defendant. | § | |

## *PLAINTIFF'S NOTICE OF INTENT TO TAKE THE ORAL, VIDEOTAPED DEPOSITION OF MARK CHANDLER*

**TO:**   Mark Chandler, by and through his attorney of record, Mr. Charles Babcock, Jackson Walker, LLP, 1401 McKinney, Suite 1900, Houston, Texas 77010.

Please take notice that John Ward, Jr., by and through his undersigned counsel, will take the oral, videotaped deposition of Mark Chandler commencing at 2:00 p.m. (PST) on September 29, 2009 at The Lanier Law Firm, 2200 Geng Road, Suite 200, Palo Alto, California 94303. The deposition shall be conducted before a certified court reporter, notary public, or other officer authorized to administer oaths.

Respectfully submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton (TBN: 15631000)
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICES OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to Charles Babcock and Mrs. Crystal Parker, 1401 McKinney, Suite 1900, Houston, Texas 77010, attorney for Cisco Systems, Inc., via electronic mail on this 10th day of September 2009.

_/s/ Nicholas H. Patton_
Nicholas H. Patton

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| Plaintiff | § | No. 4:08cv4022 JLH |
| | § | |
| V. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S NOTICE OF INTENT TO TAKE THE ORAL, VIDEOTAPED DEPOSITION OF MARTA BECKWITH

**TO:**   Marta Beckwith, by and through her attorney of record, Mr. Charles Babcock, Jackson Walker, LLP, 1401 McKinney, Suite 1900, Houston, Texas.

Please take notice that John Ward, Jr., by and through his undersigned counsel, will take the oral, videotaped deposition of Marta Beckwith commencing at 9:00 a.m. (PST) on September 29, 2009 at The Lanier Law Firm, 2200 Geng Road, Suite 200, Palo Alto, California 94303. The deposition shall be conducted before a certified court reporter, notary public, or other officer authorized to administer oaths.

Respectfully submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton (TBN: 15631000)
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICES OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to Charles Babcock and Mrs. Crystal Parker, 1401 McKinney, Suite 1900, Houston, Texas 77010, attorney for Cisco Systems, Inc., via electronic mail on this 10th day of September 2009.

*/s/ Nicholas H. Patton*
Nicholas H. Patton

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | | |
|---|---|---|
| John Ward, Jr. | ) | |
| _Plaintiff_ | ) | Civil Action No.   4:08cv4022 JLH |
| v. | ) | |
| Ciscso Systems, Inc. | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | Western District of Arkansas |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Google, Inc., c/o CSC - Lawyers Incorporating Service
2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is _not_ a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: The Lanier Law Firm 2200 Geng Road, Suite 200, Palo Alto, CA 94303 | Date and Time: 09/30/2009 9:00 am |
|---|---|

The deposition will be recorded by this method:  _court reporter and videographer_

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attached Plaintiff's Deposition Notice and Subpoena Duces Tecum to Google, Inc.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/11/2009

_CLERK OF COURT_

OR

_____          _____
_Signature of Clerk or Deputy Clerk_                          _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_      John Ward, Jr.
_____ , who issues or requests this subpoena, are:

Nicholas H. Patton, Patton, Tidwell & Schroeder, L.L.P.
4605 Texas Boulevard, Texarkana, Texas 75503
(903) 792-7080, nickpatton@texarkanalaw.com

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.   4:08cv4022 JLH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the subpoena at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because _____ ; or

❑ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                  *Server's signature*

                                             _____
                                                  *Printed name and title*


                                             _____
                                                  *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOHN WARD, JR.** | § | |
| | § | |
| **Plaintiff** | § | No. 4:08cv4022 JLH |
| | § | |
| **V.** | § | JURY TRIAL DEMANDED |
| | § | |
| **CISCO SYSTEMS, INC.** | § | |
| | § | |
| **Defendant.** | § | |

## *PLAINTIFF'S DEPOSITION NOTICE AND*
## *SUPBOENA DUCES TECUM TO GOOGLE, INC.*

Please take notice that pursuant to Federal Rules of Civil Procedure 30(b)(6), 34 and 45, Plaintiff John Ward, Jr., by and through his undersigned counsel, will take the oral, videotaped deposition of Google, Inc. ("Google"), by and through their representative commencing at 9:00 a.m. on September 30, 2009 at The Lanier Law Firm, 2200 Geng Road, Suite 200, Palo Alto, California 94303. The deposition shall be conducted before a certified court reporter, notary public, or other officer authorized to administer oaths and will be recorded by stenographic means, with written and/or sound and visual record thereof (e.g., videotape, LiveNote, etc.). The deposition will continue from day to day until completed, with such adjournments as to time and place as may be necessary.

Plaintiff's counsel will examine Google on the matters set forth in Exhibit A. Google is directed to and reminded of its obligation under Rule 30(b)(6) to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, to testify concerning these matters.

Pursuant to Federal Rules of Civil Procedure 34 and 45, Google is requested to produce true and correct copies of the documents requested in the attached Exhibit A at the commencement of the deposition on September 30, 2009.

This subpoena and notice shall be deemed to incorporate the definitions and instructions contained in Exhibit A.

Respectfully submitted,

/s/ Nicholas H. Patton
Nicholas H. Patton (TBN: 15631000)
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICES OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to Charles Babcock and Mrs. Crystal Parker, 1401 McKinney, Suite 1900, Houston, Texas 77010, attorney for Cisco Systems, Inc., via electronic mail on this 11th day of September 2009.

/s/ Nicholas H. Patton
Nicholas H. Patton

## EXHIBIT A

**I.**     **Definitions and Instructions**

A.     As used herein, "Google" means, Google, Inc., its agents, representatives, affiliates, predecessors and successors in interest, servants, employees, attorneys, expert witnesses, and all other persons or entities, over whom Google has control or who have been hired, retained, or employed for any purpose by Google or through any other persons or entity.

B.     As used herein, the word "person" means any person and includes natural persons, corporations, partnerships, associations, joint ventures, firms and other enterprises, entities and legal institutions, and includes both the singular and the plural.

C.     As used herein, "communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications such as telephonic conversations, oral conversations other than telephonic conversations, writings, memoranda and electronic mail.

D.     As used herein, the word "document" or "documents" shall refer to all original (or, if the original is not available, then a copy) materials and copies or drafts thereof, of tangible objects conveying or carrying spoken, visual, or literal substance whether in graphic form suitable for visual inspection or in machine-readable form, and shall include, but shall not be limited to, the original and any non-identical and identical copy, regardless of origin or location, however produced or reproduced, now or formerly within your actual or constructive possession, custody or control, or for which you have knowledge, of the following: correspondence, records, tables, charts, analyzes, graphs, maps, schedules, reports, memoranda, journals, notes, logs, diaries, calendars, appointment books, letters, telegrams, telex messages, messages (including, but not limited to, reports of telephone conversations and conferences), studies, directives, books, periodicals, magazines, newspapers, booklets, circulars, advertisements, brochures, bulletins, instructions, minutes, other communications (including, but not limited to, inter and intra-office communications), press releases, photographs, newspaper clippings, and bills or written advertisements, contracts or agreements, books of account, orders, invoices, statements, checks, bills, files, vouchers, ledgers, journals and other financial statements, annual reports, state and federal tax returns, checkbooks, canceled checks, personal files, payroll records, billings, invoices or statements, price lists, price quotations, credit memoranda, purchase orders, receipts, notebooks, scrapbooks, data sheets, data files, data bases, data processing cards, computer tapes, computer disks, computer printouts, photographs, photographic negatives, phone records, tape recordings, wire recordings, forms, catalogs, manuals, blueprints, tracings, tabulations, and any other matter of any kind, regardless of the manner in which produced or reproduced, whether handwritten, typed, printed or produced by any process whatsoever. The term "document" also includes voice records, films, tapes, and other data compilations from which information can be obtained.

E.     As used herein, "relating to" "or related to" mean consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with

the matter discussed modifying, contradicting, criticizing, discussing, mentioning, or which was prepared in connection with, arises from, or is or has been collected, recorded, examined or considered by, for or on behalf of any present or former agent, representative, officer, director, employee, attorney or other person acting or purporting to act on your behalf in relation to the subject matter specified.

      F.    As used herein, "any" shall also mean "all" and vice versa.

      G.    As used herein, "and" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible response.

## II.    Matters of Examination, Date and Place of Deposition

      A.    Pursuant to Federal Rules of Civil Procedure 30(b)(6) and 45, Google is requested to designate one or more corporate representatives to testify on its behalf regarding:

      1.    Information and documents related to <u>John Ward, Jr. v. John Doe</u>, District Court, 188 Judicial District of Gregg County, State of Texas, Cause No. 2007-2502-A, including but not limited to the notice forwarded to the email address provided by the user which is referred to in your letter to Nicholas H. Patton dated November 21, 2007.

      2.    Information and documents sufficient to show whether Google has access to emails sent to or from the email account <u>trolltracker@gmail.com</u>.

      3.    Information and documents sufficient to show whether Google has access to blog posts posted on the Troll Tracker Blog.

      4.    Information and documents concerning the number of persons who accessed the Troll Tracker Blog between October 2007 and March 2008.

      5.    Information and documents sufficient to show the number of times the Troll Tracker Blog was accessed or number of "hits" on the following dates:

          October 17, 2007
          October 18, 2007
          October 19, 2007
          November 7, 2007

6.      Information and documents concerning any communication to Google regarding the Troll Tracker, the Troll Tracker Blog or any post contained on the Troll Tracker Blog.

B.      Google is requested to offer the designated corporate representative(s) for examination on the matters identified above at 9:00 a.m. on September 30, 2009 at The Lanier Law Firm, 2200 Geng Road, Suite 200, Palo Alto, California 94303.

## III.   Requests for Documents and Things, Date and Place of Production

A.      Pursuant to Federal Rules of Civil Procedure 34 and 45, Google is requested to produce the following documents, electronically stored information and things in its possession, custody or control:

1.      Copy of documents related to <u>John Ward, Jr. v. John Doe</u>, District Court, 188 Judicial District of Gregg County, State of Texas, Cause No. 2007-2502-A, including but not limited to the notice forwarded to the email address provided by the user which is referred to in your letter to Nicholas H. Patton dated November 21, 2007.

2.      Documents sufficient to show whether Google has access to emails sent to or from the email account <u>trolltracker@gmail.com</u>.

3.      Documents sufficient to show whether Google has access to blog posts posted on the Troll Tracker Blog.

4.      All documents concerning the number of persons who accessed the Troll Tracker Blog between October 2007 and March 2008.

5.      Documents sufficient to show the number of times the Troll Tracker Blog was accessed or number of "hits" on the following dates:
        October 17, 2007
        October 18, 2007
        October 19, 2007
        November 7, 2007

6.      All documents concerning any communication to Google regarding the Troll Tracker, the Troll Tracker Blog or any post contained on the Troll Tracker Blog.

B.      Google is requested to produce these documents, electronically stored information and things at the commencement of the deposition herein noticed for 9:00 a.m. on September 30, 2009 at The Lanier Law Firm, 2200 Geng Road, Suite 200, Palo Alto, California 94303.

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| John Ward, Jr. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Ciscso Systems, Inc. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   4:08cv4022 JLH

(If the action is pending in another district, state where:

Western District of Arkansas

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Google, Inc., c/o Legal Department
     1600 Amphitheatre Parkway, Mountain View, CA 94043

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  The Lanier Law Firm<br>2200 Geng Road, Suite 200, Palo Alto, CA 94303 | Date and Time:<br><br>09/30/2009 9:00 am |
|---|---|

The deposition will be recorded by this method:   court reporter and videographer

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

      See attached Plaintiff's Deposition Notice and Subpoena Duces Tecum to Google, Inc.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/11/2009

            *CLERK OF COURT*

                                   OR

           *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   John Ward, Jr.
_____ , who issues or requests this subpoena, are:

Nicholas H. Patton, Patton, Tidwell & Schroeder, L.L.P.
4605 Texas Boulevard, Texarkana, Texas 75503
(903) 792-7080, nickpatton@texarkanalaw.com

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.   4:08cv4022 JLH

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the subpoena on the individual at *(place)*

_____ on *(date)* _____ ; or

❑ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because _____ ; or

❑ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00


I declare under penalty of perjury that this information is true.


Date: _____                        _____
                                                                     *Server's signature*

                                                            _____
                                                                     *Printed name and title*


                                                            _____
                                                                     *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOHN WARD, JR.** | § | |
| | § | |
| **Plaintiff** | § | No. 4:08cv4022 JLH |
| | § | |
| **V.** | § | JURY TRIAL DEMANDED |
| | § | |
| **CISCO SYSTEMS, INC.** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S DEPOSITION NOTICE AND
## SUPBOENA DUCES TECUM TO GOOGLE, INC.

Please take notice that pursuant to Federal Rules of Civil Procedure 30(b)(6), 34 and 45, Plaintiff John Ward, Jr., by and through his undersigned counsel, will take the oral, videotaped deposition of Google, Inc. ("Google"), by and through their representative commencing at 9:00 a.m. on September 30, 2009 at The Lanier Law Firm, 2200 Geng Road, Suite 200, Palo Alto, California 94303. The deposition shall be conducted before a certified court reporter, notary public, or other officer authorized to administer oaths and will be recorded by stenographic means, with written and/or sound and visual record thereof (e.g., videotape, LiveNote, etc.). The deposition will continue from day to day until completed, with such adjournments as to time and place as may be necessary.

Plaintiff's counsel will examine Google on the matters set forth in Exhibit A. Google is directed to and reminded of its obligation under Rule 30(b)(6) to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, to testify concerning these matters.

Pursuant to Federal Rules of Civil Procedure 34 and 45, Google is requested to produce true and correct copies of the documents requested in the attached Exhibit A at the commencement of the deposition on September 30, 2009.

This subpoena and notice shall be deemed to incorporate the definitions and instructions contained in Exhibit A.

Respectfully submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton (TBN: 15631000)
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICES OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to Charles Babcock and Mrs. Crystal Parker, 1401 McKinney, Suite 1900, Houston, Texas 77010, attorney for Cisco Systems, Inc., via electronic mail on this 11th day of September 2009.

*/s/ Nicholas H. Patton*
Nicholas H. Patton

# EXHIBIT A

## I.   Definitions and Instructions

A.    As used herein, "Google" means, Google, Inc., its agents, representatives, affiliates, predecessors and successors in interest, servants, employees, attorneys, expert witnesses, and all other persons or entities, over whom Google has control or who have been hired, retained, or employed for any purpose by Google or through any other persons or entity.

B.    As used herein, the word "person" means any person and includes natural persons, corporations, partnerships, associations, joint ventures, firms and other enterprises, entities and legal institutions, and includes both the singular and the plural.

C.    As used herein, "communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications such as telephonic conversations, oral conversations other than telephonic conversations, writings, memoranda and electronic mail.

D.    As used herein, the word "document" or "documents" shall refer to all original (or, if the original is not available, then a copy) materials and copies or drafts thereof, of tangible objects conveying or carrying spoken, visual, or literal substance whether in graphic form suitable for visual inspection or in machine-readable form, and shall include, but shall not be limited to, the original and any non-identical and identical copy, regardless of origin or location, however produced or reproduced, now or formerly within your actual or constructive possession, custody or control, or for which you have knowledge, of the following: correspondence, records, tables, charts, analyzes, graphs, maps, schedules, reports, memoranda, journals, notes, logs, diaries, calendars, appointment books, letters, telegrams, telex messages, messages (including, but not limited to, reports of telephone conversations and conferences), studies, directives, books, periodicals, magazines, newspapers, booklets, circulars, advertisements, brochures, bulletins, instructions, minutes, other communications (including, but not limited to, inter and intra-office communications), press releases, photographs, newspaper clippings, and bills or written advertisements, contracts or agreements, books of account, orders, invoices, statements, checks, bills, files, vouchers, ledgers, journals and other financial statements, annual reports, state and federal tax returns, checkbooks, canceled checks, personal files, payroll records, billings, invoices or statements, price lists, price quotations, credit memoranda, purchase orders, receipts, notebooks, scrapbooks, data sheets, data files, data bases, data processing cards, computer tapes, computer disks, computer printouts, photographs, photographic negatives, phone records, tape recordings, wire recordings, forms, catalogs, manuals, blueprints, tracings, tabulations, and any other matter of any kind, regardless of the manner in which produced or reproduced, whether handwritten, typed, printed or produced by any process whatsoever. The term "document" also includes voice records, films, tapes, and other data compilations from which information can be obtained.

E.    As used herein, "relating to" "or related to" mean consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with

the matter discussed modifying, contradicting, criticizing, discussing, mentioning, or which was prepared in connection with, arises from, or is or has been collected, recorded, examined or considered by, for or on behalf of any present or former agent, representative, officer, director, employee, attorney or other person acting or purporting to act on your behalf in relation to the subject matter specified.

F.   As used herein, "any" shall also mean "all" and vice versa.

G.   As used herein, "and" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible response.

## II.   Matters of Examination, Date and Place of Deposition

A.   Pursuant to Federal Rules of Civil Procedure 30(b)(6) and 45, Google is requested to designate one or more corporate representatives to testify on its behalf regarding:

1.   Information and documents related to <u>John Ward, Jr. v. John Doe</u>, District Court, 188 Judicial District of Gregg County, State of Texas, Cause No. 2007-2502-A, including but not limited to the notice forwarded to the email address provided by the user which is referred to in your letter to Nicholas H. Patton dated November 21, 2007.

2.   Information and documents sufficient to show whether Google has access to emails sent to or from the email account <u>trolltracker@gmail.com</u>.

3.   Information and documents sufficient to show whether Google has access to blog posts posted on the Troll Tracker Blog.

4.   Information and documents concerning the number of persons who accessed the Troll Tracker Blog between October 2007 and March 2008.

5.   Information and documents sufficient to show the number of times the Troll Tracker Blog was accessed or number of "hits" on the following dates:

    October 17, 2007
    October 18, 2007
    October 19, 2007
    November 7, 2007

6.     Information and documents concerning any communication to Google regarding the Troll Tracker, the Troll Tracker Blog or any post contained on the Troll Tracker Blog.

B.     Google is requested to offer the designated corporate representative(s) for examination on the matters identified above at 9:00 a.m. on September 30, 2009 at The Lanier Law Firm, 2200 Geng Road, Suite 200, Palo Alto, California 94303.

## III.    Requests for Documents and Things, Date and Place of Production

A.     Pursuant to Federal Rules of Civil Procedure 34 and 45, Google is requested to produce the following documents, electronically stored information and things in its possession, custody or control:

1.     Copy of documents related to <u>John Ward, Jr. v. John Doe</u>, District Court, 188 Judicial District of Gregg County, State of Texas, Cause No. 2007-2502-A, including but not limited to the notice forwarded to the email address provided by the user which is referred to in your letter to Nicholas H. Patton dated November 21, 2007.

2.     Documents sufficient to show whether Google has access to emails sent to or from the email account <u>trolltracker@gmail.com</u>.

3.     Documents sufficient to show whether Google has access to blog posts posted on the Troll Tracker Blog.

4.     All documents concerning the number of persons who accessed the Troll Tracker Blog between October 2007 and March 2008.

5.     Documents sufficient to show the number of times the Troll Tracker Blog was accessed or number of "hits" on the following dates:
           October 17, 2007
           October 18, 2007
           October 19, 2007
           November 7, 2007

6.     All documents concerning any communication to Google regarding the Troll Tracker, the Troll Tracker Blog or any post contained on the Troll Tracker Blog.

B.     Google is requested to produce these documents, electronically stored information and things at the commencement of the deposition herein noticed for 9:00 a.m. on September 30, 2009 at The Lanier Law Firm, 2200 Geng Road, Suite 200, Palo Alto, California 94303.

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Massachusetts

| | |
|---|---|
| John Ward, Jr. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Ciscso Systems, Inc. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   4:08cv4022 JLH

(If the action is pending in another district, state where:

Western District of Arkansas

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  J. Anthony Downs, Goodwin Procter LLP
Exchange Place, 53 State Street, Boston, MA 02109

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Esquire Solutions<br>99 Summer Street, Suite 804<br>Boston, MA 02110 | Date and Time:<br>09/30/2009 9:00 am |
|---|---|

The deposition will be recorded by this method:   _court reporter and videographer_

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attached Exhibit A.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   _09/10/2009_

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   John Ward, Jr.
_____ , who issues or requests this subpoena, are:

Nicholas H. Patton, Patton, Tidwell & Schroeder, L.L.P.
4605 Texas Boulevard, Texarkana, Texas 75503
(903) 792-7080, nickpatton@texarkanalaw.com

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.   4:08cv4022 JLH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOHN WARD, JR.** | § | |
| | § | |
| **Plaintiff** | § | No.  4:08cv4022 JLH |
| | § | |
| **V.** | § | JURY TRIAL DEMANDED |
| | § | |
| **CISCO SYSTEMS, INC.** | § | |
| | § | |
| **Defendant.** | § | |

## *PLAINTIFF'S NOTICE OF INTENT TO TAKE THE ORAL, VIDEOTAPED DEPOSITION OF J. ANTHONY DOWNS AND SUPBOENA DUCES TECUM*

***TO:***    Cisco Systems, Inc., by and through its attorney of record, Mr. Charles Babcock, 1401 McKinney, Suite 1900, Houston, Texas 77010

Please take notice that John Ward, Jr., by and through his undersigned counsel, will take the oral, videotaped deposition of J. Anthony Downs commencing at 9:00 a.m. on September 30, 2009 at Esquire Solutions, 99 Summer Street, Suite 804, Boston, MA 02110. The deposition shall be conducted before a certified court reporter, notary public, or other officer authorized to administer oaths.

In addition, the deponent is hereby directed to bring to the deposition the documents and materials described in the attached Duces Tecum attached as Exhibit A.

Respectfully submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton (TBN: 15631000)
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICES OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to Charles Babcock and Mrs. Crystal Parker, 1401 McKinney, Suite 1900, Houston, Texas 77010, attorney for Cisco Systems, Inc., via electronic mail on this 10th day of September 2009.

*/s/ Nicholas H. Patton*
Nicholas H. Patton

## "Exhibit A"

### Definitions

**"Document"** means everything in writing or record of every type and description that is or has been in your possession, custody or control, including but not limited to contract agreements, communications, correspondence, memoranda, books, records, manuals, reports, summaries of records and personal conversations or interviews, diaries, graphs, charts, maps, plans, blueprints, diagrams, notebooks, drawings, sketches, pictures, recordings, tapes, summaries of records of meetings, conferences, telephone calls, opinions or reports of consultants, photographs, brochures, pamphlets, **electronic document** and any information contained in any computer or information retrieval device.

The term **"document"** or **"tangible thing"** also means and is intended to include any tangible thing such as paper, books, accounts, drawings, graphs, charts, photographs, electronic or video tape recordings, and any other date compilation from which information can be obtained and translated and any other tangible thing which constitutes or contains matters relevant to the subject matter of this case. The purpose of this definition is to discover everything which may be used as an exhibit in this case as well as all other relevant tangible things.

**"You"** means J. Anthony Downs.

### Documents Requested

1.    Documents regarding the dates generated by the Court's electronic case filing system on the notice of electronic filing in the Hertz Corp. v. Enterprise Rent-A-Car Co., CA No. 1:07-cv-11793 (RGS) venued in the U. S. District Court for the District of Massachusetts.

2.    All communications with Cisco, any Cisco employee, the Troll Tracker blogger or the law firm of Baker Botts concerning the filing of the complaint in the Hertz Corp. v. Enterprise Rent-A-Car Co., CA No. 1:07-cv-11793 (RGS).

3.    All communications with the United States District Court for the District of Massachusetts regarding the notice of electronic filing in the Hertz Corp. v. Enterprise Rent-A-Car Co., CA No. 1:07-cv-11793 (RGS).

4.    All documents concerning ESN v. Cisco, No. 5:07cv156 in the U.S. District Court for the Eastern District of Texas, Texarkana Division.

5.    All documents concerning Plaintiff John Ward, Jr., Eric Albritton or ESN.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN WARD, JR.                              §
                                           §
Plaintiff                                  §        No.  4:08cv4022 JLH
                                           §
V.                                         §        JURY TRIAL DEMANDED
                                           §
CISCO SYSTEMS, INC.                        §
                                           §
Defendant.                                 §

### PLAINTIFF'S NOTICE OF INTENT TO TAKE THE ORAL, VIDEOTAPED DEPOSITION OF MALLUN YEN

**TO:**   Mallun Yen, by and through her attorney of record, Mr. Charles Babcock, Jackson Walker, LLP, 1401 McKinney, Suite 1900, Houston, Texas 77010.

Please take notice that John Ward, Jr., by and through his undersigned counsel, will take the oral, videotaped deposition of Mallun Yen commencing at 9:00 a.m. (PST) on September 30, 2009 at The Lanier Law Firm, 2200 Geng Road, Suite 200, Palo Alto, California 94303. The deposition shall be conducted before a certified court reporter, notary public, or other officer authorized to administer oaths.

Respectfully submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton (TBN: 15631000)
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICES OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to Charles Babcock and Mrs. Crystal Parker, 1401 McKinney, Suite 1900, Houston, Texas 77010, attorney for Cisco Systems, Inc., via electronic mail on this 10th day of September 2009.

_/s/ Nicholas H. Patton_
Nicholas H. Patton

2

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| John Ward, Jr. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:08cv4022 JLH |
| Ciscso Systems, Inc. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Western District of Arkansas |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Beatrice Nguyen
     Levin & Kahn Law Offices, 225 Battery Street, San Francisco, CA 94111

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Esquire Solutions<br>       44 Montgomery Street, Suite 1100, San Francisco, CA<br>       94104 | Date and Time:<br><br>       10/01/2009 1:00 pm |
|---|---|

The deposition will be recorded by this method:  _court reporter and videographer_

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

          See attached Exhibit A.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   _09/10/2009_

                    *CLERK OF COURT*

                                                              OR

_____                    _____
     *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    John Ward, Jr.
_____ , who issues or requests this subpoena, are:

Nicholas H. Patton, Patton, Tidwell & Schroeder, L.L.P.
4605 Texas Boulevard, Texarkana, Texas 75503
(903) 792-7080, nickpatton@texarkanalaw.com

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.   4:08cv4022 JLH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❏  I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏  I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because _____ ; or

❏  Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00

I declare under penalty of perjury that this information is true.

Date: _____         _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOHN WARD, JR.** | § | |
| | § | |
| **Plaintiff** | § | No.  4:08cv4022 JLH |
| | § | |
| **V.** | § | JURY TRIAL DEMANDED |
| | § | |
| **CISCO SYSTEMS, INC.** | § | |
| | § | |
| **Defendant.** | § | |

## *PLAINTIFF'S NOTICE OF INTENT TO TAKE THE ORAL, VIDEOTAPED DEPOSITION OF BEATRICE NGUYEN AND SUPBOENA DUCES TECUM*

**TO:**   Cisco Systems, Inc., by and through its attorney of record, Mr. Charles Babcock, 1401 McKinney, Suite 1900, Houston, Texas 77010

Please take notice that John Ward, Jr., by and through his undersigned counsel, will take the oral, videotaped deposition of Beatrice Nguyen commencing at 1:00 p.m. (PST) on October 1, 2009 at Esquire Solutions, 44 Montgomery Street, Suite 1100, San Francisco, California 94104. The deposition shall be conducted before a certified court reporter, notary public, or other officer authorized to administer oaths.

In addition, the deponent is hereby directed to bring to the deposition the documents and materials described in the attached Duces Tecum attached as Exhibit A.

Respectfully submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton (TBN: 15631000)
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICES OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been forwarded to Charles Babcock and Mrs. Crystal Parker, 1401 McKinney, Suite 1900, Houston, Texas 77010, attorney for Cisco Systems, Inc., via electronic mail on this 10th day of September 2009.

*/s/ Nicholas H. Patton*
Nicholas H. Patton

**"Exhibit A"**

**Definitions**

    **"Document"** means everything in writing or record of every type and description that is or has been in your possession, custody or control, including but not limited to contract agreements, communications, correspondence, memoranda, books, records, manuals, reports, summaries of records and personal conversations or interviews, diaries, graphs, charts, maps, plans, blueprints, diagrams, notebooks, drawings, sketches, pictures, recordings, tapes, summaries of records of meetings, conferences, telephone calls, opinions or reports of consultants, photographs, brochures, pamphlets, **electronic document** and any information contained in any computer or information retrieval device.

    The term **"document"** or **"tangible thing"** also means and is intended to include any tangible thing such as paper, books, accounts, drawings, graphs, charts, photographs, electronic or video tape recordings, and any other date compilation from which information can be obtained and translated and any other tangible thing which constitutes or contains matters relevant to the subject matter of this case. The purpose of this definition is to discover <u>everything</u> which may be used as an exhibit in this case as well as all other relevant tangible things.

    **"You"** means Beatrice Nguyen.

**Documents Requested**

1.    Documents regarding the dates generated by the Court's electronic case filing system on the notice of electronic filing in the <u>Hertz Corp. v. Enterprise Rent-A-Car Co.</u>, CA No. 1:07-cv-11793 (RGS) venued in the U. S. District Court for the District of Massachusetts.

2.    All communications with Cisco, any Cisco employee, the Troll Tracker blogger or the law firm of Baker Botts concerning the filing of the complaint in the <u>Hertz Corp. v. Enterprise Rent-A-Car Co.</u>, CA No. 1:07-cv-11793 (RGS).

3.    All communications with the United States District Court for the District of Massachusetts regarding the notice of electronic filing in the <u>Hertz Corp. v. Enterprise Rent-A-Car Co.</u>, CA No. 1:07-cv-11793 (RGS).

4.    All documents concerning <u>ESN v. Cisco</u>, No. 5:07cv156 in the U.S. District Court for the Eastern District of Texas, Texarkana Division.

5.    All documents concerning Plaintiff John Ward, Jr., Eric Albritton or ESN.

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | | |
|---|---|---|
| John Ward, Jr. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:08cv4022 JLH |
| Ciscso Systems, Inc. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Western District of Arkansas |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Richard Frenkel
3229 Morris Drive, Palo Alto, CA 94303

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: The Lanier Law Firm 2200 Geng Road, Suite 200, Palo Alto, CA 94303 | Date and Time: 10/01/2009 9:00 am |
|---|---|

The deposition will be recorded by this method:   court reporter and videographer

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/10/2009

        *CLERK OF COURT*

                                        OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      John Ward, Jr.
_____ , who issues or requests this subpoena, are:

Nicholas H. Patton, Patton, Tidwell & Schroeder, L.L.P.
4605 Texas Boulevard, Texarkana, Texas 75503
(903) 792-7080, nickpatton@texarkanalaw.com

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.   4:08cv4022 JLH

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because _____ ; or

❏ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .


I declare under penalty of perjury that this information is true.


Date: _____              _____
                                                    *Server's signature*

                                        _____
                                                    *Printed name and title*


                                        _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOHN WARD, JR.** | § | |
| | § | |
| **Plaintiff** | § | No. 4:08cv4022 JLH |
| | § | |
| **V.** | § | JURY TRIAL DEMANDED |
| | § | |
| **CISCO SYSTEMS, INC.** | § | |
| | § | |
| **Defendant.** | § | |

### _PLAINTIFF'S NOTICE OF INTENT TO TAKE THE ORAL, VIDEOTAPED DEPOSITION OF RICHARD FRENKEL_

***TO:***    Cisco Systems, Inc., by and through its attorney of record, Mr. Charles Babcock, 1401 McKinney, Suite 1900, Houston, Texas 77010 and Richard Frenkel, by and through his attorney of record, Mr. George McWilliams, 406 Walnut Street, Texarkana, Texas 75504-0058.

Please take notice that, pursuant to Rule 30(b)(1), Fed. R. Civ. P., John Ward, Jr., by and through his undersigned counsel, will take the oral, videotaped deposition of Richard Frenkel commencing at 9:00 a.m. on October 1, 2009, or on a date mutually agreeable by all counsel, at The Lanier Law Firm, 2200 Geng Road, Suite 200, Palo Alto, California 94303. The deposition shall be conducted before a certified court reporter, notary public or other officer authorized to administer oaths.

Respectfully submitted,

_/s/ Nicholas H. Patton_
Nicholas H. Patton (TBN: 15631000)
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICES OF PATRICIA L. PEDEN
1316 67th Street, Suite 6

Emeryville, CA 94608
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to Charles Babcock and Mrs. Crystal Parker, 1401 McKinney, Suite 1900, Houston, Texas 77010, attorney for Cisco Systems, Inc., via electronic mail on this 10th day of September 2009.

*/s/ Nicholas H. Patton*
Nicholas H. Patton