# Ex. B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JOHN WARD, JR. | § § § |
| v. | § § § No. 08-4022 |
| CISCO SYSTEMS, INC and RICK FRENKEL | § § § § § |

## DECLARATION OF MARCIE LONG

STATE OF TEXAS     \*
                                \*
COUNTY OF BOWIE     \*

    BEFORE ME, the undersigned authority, on this day appeared Affiant and, after being duly sworn, upon his oath, deposes and says:

1. My name is Marcie Long. I am over the age of 18, and I am not disqualified by law to make this affidavit. I have personal knowledge of the facts stated herein, and I know them to be true and correct.

2. I am the legal assistant to Nicholas H. Patton, who represents John Ward, Jr. in Cause Number 08-4022 currently pending before the Honorable Judge Jimm Hendron, United States District Court, Western District of Arkansas.

3. As legal assistant to Mr. Patton, I receive and review copies of all emails and correspondence sent to or by Mr. Patton. I have almost daily contact with Patricia Peden, co-counsel on this matter. Ms. Peden copies me on her case-related emails or forwards email correspondence to me for inclusion in the case record. I am intimately familiar with this case and the pleadings filed with the Court.

4. My duties include participating in the conference calls in this matter to listen to the conversation and take notes. I make a record of the issues discussed during the parties' meet and confer conferences to for the benefit of tracking unresolved discovery issues in this case. I have participated in each discovery conference call held in this matter in August and September of 2009.

5. In preparation for making this declaration, I reviewed all emails, all calendar appointments for meet and confer, all letter correspondence and all notes from conference calls in this matter.

6. With regard to Defendant's currently pending Motion to Compel Responses to Cisco System, Inc's First Request for Production, Cisco's counsel failed to meet and confer and did not seek to meet and confer with Plaintiff's counsel on the following issues briefed in that motion:

   a. The objections contained in Plaintiff's responses <u>after</u> they were supplemented to make Plaintiff's objections more specific at Cisco's request.

   b. Cisco's complaint that Plaintiff improperly objected to Cisco's requests as premature <u>after</u> Plaintiff amended his responses.

   c. Plaintiff's objections to and position regarding what documents were in his possession, custody, and control

   d. Cisco's requests for Ward's tax returns and financial documents

   e. Cisco's request for a copy of the credit card statement showing the charge for filing the ESN Complaint

   f. Cisco's request for a medical authorization release form from Ward

   g. documents concerning the filing of the ESN Complaint, including attorney-client communications between Ward and his client, ESN

   h. documents concerning communications with the Eastern District of Texas court clerks

   i. publicly available documents commenting on the filing of the ESN Complaint

   j. documents concerning any instance where Ward has served as a guest commentator, spoken at seminars or written articles

   k. documents relating to any efforts by Ward to influence patent litigation reform or to influence legislation.

7. The only issued briefed by Cisco for which the parties met and conferred is Cisco's point number 3, addressing production of four documents from Ward's privilege log. That "meet and confer" was held on August 24, 2009.

8. The parties did meet and confer in August and September; however, those conferences were initiated by Plaintiff for the purpose of meeting and conferring about Ward's discovery to Cisco.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on October 5, 2009.

_/s/ Marcie Long_
**MARCIE LONG**