# Ex. D

Ms. Patricia Peden
July 13, 2009
Page 2

---

aware of any such documents. If you have reason to believe that Cisco is not producing something responsive to your requests or that documents are "missing," please let us know so we can investigate and attempt to locate such documents.

While I generally agree that blanket objections are not permissible, in this case Plaintiff's Definitions and Instructions were grossly overbroad and created obligations well beyond the requirements of the Federal Rules. Because these Instructions and Definitions applied to all the responses, rather than repeat them for each request, we thought it more efficient to list them as a general objection. Note that these are not request-specific objections such as the numerous objections Plaintiff has made in his responses. We believe these objections are proper but will amend our answer to address your concern.

We also believe that Cisco's objection to the definitions of "Cisco Systems, Inc.," "Cisco," "you" or "your" to include accountants, past directors officers, agents and representatives, consultants, attorneys, joint-venture or partnership relationships is overly broad. As stated in Cisco's response, Plaintiff has brought an action for defamation against Cisco for a posting on a blog of a former employee. Nothing in any parties' contentions or defenses involves the accountants, past directors officers, agents and representatives, consultants, attorneys, joint-venture or partnership relationships of Cisco. Cisco only copied this definition in its own discovery because it assumed Plaintiff would not find the definition objectionable since in was Plaintiff's own definition from previous discovery. Cisco, however, does find it objectionable. It would be inaccurate for Cisco to purport to speak for its accountants, past directors officers, agents and representatives, consultants, attorneys, joint-venture or partnership relationships, and therefore Cisco cannot remove this objection.