# Ex. H

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ERIC M. ALBRITTON § § § v. § § C. A. NO. 6:08-CV-00089 § CISCO SYSTEMS, INC., § RICK FRENKEL, MALLUN YEN & § JOHN NOH § | |

## CISCO SYSTEMS, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

TO THE HONORABLE JUDGE:

Defendant Cisco Systems, Inc. ("Cisco") hereby files this Motion to Compel the Production of Documents ("Motion") pursuant to Rule 37 of the Federal Rules of Civil Procedure, this Court's Scheduling Order, and Local Rule 26(d) and would show the Court the following.

### I.   FACTUAL BACKGROUND

Eric Albritton ("Albritton") alleges in his Original Complaint ("Complaint") (a true and correct copy of the Complaint is attached as Exhibit A) that the Defendants published defamatory statements about Albritton that damaged his reputation and caused him "shame, embarrassment, humiliation, and mental pain and anguish." (Exhibit A at ¶39). He alleges that he "has and will in the future be seriously injured in his business reputation, good name and standing in the community" and "will, in all likelihood, be exposed to the hatred, contempt, and ridicule of the public in general as well as of his business associates, clients, friends and relatives." Defendants bring this motion to seek discovery of documents related to those claims because Albritton refuses to produce them.

On March 31, 2008, the then-presiding judge in this lawsuit, Judge Michael H. Schneider, issued an Order for Scheduling Conference ("Order"). A true and correct copy of the Order is attached as Exhibit B. Pursuant to the Order, Judge Schneider ordered that within 60 days of the order the parties produce all documents that are "relevant to the claims or defenses of any party." (Exhibit B at p. 2). The Court directed the parties to Local Rule CV 26(d) to define "Relevant to the Claim or Defense." (*Id.* at p. 2). Local Rule CV 26(d) provides that "in evaluating whether a particular piece of information is 'relevant to the claim or defense of any party," the disclosing party must produce "information that would not support the disclosing parties' contentions," "information that is likely to have an influence on or affect the outcome of a claim or defense," "information that deserves to be considered in the preparation, evaluation or trial of a claim or defense," and "information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense." LR CV26 (d) (1), (3), (4), (5).

Judge Schneider further ruled that in light of this requirement, "requests for production under Fed. R. Civ. P. 34 will not be allowed, and the parties are directed to conduct discovery through the process of disclosures." (Exhibit B at p. 3). Therefore, Albritton was required to produce all documents that are relevant to his claims and Defendants' defenses on or before May 30, 2008.

The parties agreed to an extension of that deadline, and Albritton produced some responsive documents. However, Albritton did not produce any documents that relate to his claimed damages. On August 26, 2008, counsel for Cisco sent Albritton a letter setting out specific categories of documents. However, Albritton refuses to produce any documents related to his claimed damages.

2

5307093v.3

The parties have conducted a meet and confer, and Albritton still refuses to produce certain documents. Specifically, Albritton refuses to produce the following documents:

- Documents evidencing Eric Albritton's damages;
- Documents evidencing Eric Albritton's mental anguish;
- A medical authorization for Eric Albritton's medical records;
- Documents evidencing all of Albritton's new matters or clients since October 16, 2007, including but not limited to engagement letters concerning such clients and matters;
- Eric Albritton and the Albritton Law Firm's tax returns for 2002 through the present; and
- Annual and interim balance sheets, income statements, and statements of cash flows for the Albritton Law Firm for 2002 through the present.

Defendants seek an order from the Court compelling Albritton to produce these relevant documents.

## II.   ARGUMENTS AND AUTHORITIES

Defendants seek an order compelling Albritton to produce the requested documents, which relate directly to his damage claims for mental anguish and damage to his reputation as set forth in his Complaint. Albritton has refused to produce documents related to Albritton's claim for mental anguish and his claim of damage to his business reputation. (*See* Exhibit A at ¶39).

Texas law provides that medical records and records related to the plaintiff's finances are relevant to a plaintiff's mental anguish claim. In order to recover for mental anguish, there must be (1) evidence of compensable mental anguish and (2) evidence to justify the amount awarded. *Saenz v. Fidelity & Guaranty Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996). With respect to the requirement that the plaintiff show evidence of mental anguish itself, the Texas Supreme Court has noted the difficulty of distinguishing "between shades and degrees of emotion."

3

*Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995) (holding that the disruption caused by the flooding of the plaintiff's home disrupted the plaintiff's lives temporarily but that "this type of disruption will not support an inference that compensable mental anguish occurred.") The court further held that "direct evidence of the nature, duration and severity of mental anguish, thus establishing a substantial disruption in the plaintiff's daily routine" is relevant to show mental anguish and "can be readily supplied or procured by the plaintiff." *Id.*

Here, Defendants have sought the exact evidence that the Texas Supreme Court has held is relevant to a claim for mental anguish. Albritton's medical records, which would show whether he met with medical professionals concerning his alleged mental anguish or other factors that could have led to his alleged mental anguish, are directly relevant to the nature, duration and severity of his mental anguish. *See Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 940 (5th Cir. 1996) *cert. denied*, 519 U.S. 1091 (1997) (holding that evidence of mental anguish "may include corroborating testimony or medical or psychological evidence"); *Montemayor v. Ortiz*, 208 S.W.3d 627, 719 (Tex. App.—Corpus Christi 2006, pet. denied) (noting as a reason for holding that there was insufficient evidence of mental anguish that "[r]emarkably, in this case not one plaintiff presented medical or psychological expert testimony as to the emotional harm that was purportedly suffered"). In particular, Albritton's medical records are relevant to other possible causes of Albritton's alleged mental distress. Similarly, records of Albritton's personal and business finances are direct evidence of whether his mental anguish disrupted his daily routine, as they are direct evidence of whether Albritton's mental anguish took any toll on his work life and whether his alleged mental anguish was caused by or related to financial distress.

Defendants' requests for financial information and costs of any medical care are also proper under Texas law to show damages or lack of damages. Texas law provides that when it comes to damages for mental anguish, the jury "cannot simply pick a number and put it in the blank," but rather must provide evidence of fair and reasonable compensation. *Saenz v. Fidelity & Guaranty Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996) (reversing the award of mental anguish damages because "there is no evidence in this case that Saenz suffered mental anguish or that $250,000 would be fair and reasonable compensation"). The Texas Supreme Court has held that evidence of mental anguish must not be simply a disapprobation of the plaintiff's conduct, but rather a "fair assessment" of the defendants' injury. *Bentley v. Bunton*, 94 S.W.3d 561, 605 (Tex. 2002) (reversing an award of $7 million in mental anguish on the basis there was insufficient evidence that the amount would "fairly and reasonably compensate" the plaintiff for his loss). In doing so, the Court held that "there must be evidence that the amount found is fair and reasonable compensation, just as there must be evidence to support any other jury finding." *Id.* at 606.

Defendants are seeking exactly the type of evidence the Texas Supreme Court has held is relevant to determine damages resulting from Albritton's alleged mental anguish. Albritton has produced no evidence of any damages resulting from his mental anguish. Evidence of the amount spent for medical care resulting from his mental anguish as well as any monetary loss he has suffered as a result of his mental anguish (or lack thereof) are directly related to his damages claims.

Similarly, evidence of an actual injury is directly related to Albritton's claim of damage to his business reputation. Certainly evidence of the financial condition of an attorney's practice is relevant to his claim that his business reputation has been injured. The very definition of libel

5

under Texas law acknowledges that financial injury is evidence of defamation. *See* TEX. CIV. PRAC. & REM. CODE § 73.001 (defining libel as "defamation expressed in written or other graphic form that tends to ... injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury.")

Simply put, Albritton should not be permitted to allege mental anguish and damage to his business reputation, yet refuse to produce the most obvious evidence concerning those claims. Accordingly, Defendants respectfully request an order requiring Albritton to produce the following:

- Documents evidencing Eric Albritton's damages;

- Documents evidencing Eric Albritton's mental anguish;

- A medical authorization for Eric Albritton's medical records;

- Documents evidencing all of Albritton's new matters or clients since October 16, 2007, including but not limited to engagement letters concerning such clients and matters;

- Eric Albritton and the Albritton Law Firm's tax returns for 2002 through the present; and

- Annual and interim balance sheets, income statements, and statements of cash flows for the Albritton Law Firm for 2002 through the present.

Defendants also request such further relief to which they may be justly entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
   Charles L. Babcock
   Federal Bar No.: 10982
   Email: cbabcock@jw.com
   Crystal J. Parker
   Federal Bar No.: 621142
   Email: cparker@jw.com
   1401 McKinney
   Suite 1900
   Houston, Texas 77010
   (713) 752-4200
   (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

This is to certify that on this 14th day of October, 2008, a true and correct copy of the foregoing was via electronic mail upon:

| | |
|---|---|
| George L. McWilliams | James A. Holmes |
| 406 Walnut | 605 South Main Street, Suite 203 |
| P.O. Box 58 | Henderson, Texas 75654 |
| Texarkana, Texas 75504-0058 | *Attorney for Plaintiff Eric Albritton* |
| *Attorney for Defendant Richard Frenkel* | |

/s/ Charles L. Babcock
Charles L. Babcock