# Ex. I

Dockets.Justia.com

LEXSEE



Analysis
As of: Oct 05, 2009

**DR. LARRY CAMP and SABRINA MARTINDALE, Plaintiffs, v. CORREC-
TIONAL MEDICAL SERVICES, et al., Defendants.**

**CIVIL ACT. NO. 2:08cv227-WKW (WO)**

**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALA-
BAMA, NORTHERN DIVISION**

**2009 U.S. Dist. LEXIS 12034**

**February 17, 2009, Decided
February 17, 2009, Filed**

**PRIOR HISTORY:** Camp v. Corr. Med. Servs., 2009
U.S. Dist. LEXIS 1822 (M.D. Ala., Jan. 12, 2009)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In a § 1983 action, plain-
tiff physicians contended that they were not hired by
defendant employer in retaliation for exercising their
First Amendment constitutional right to free speech on
matters of public concern. Pursuant to Fed. R. Civ. P.
26(b)(1), the employer filed a motion to compel produc-
tion of the physicians' income tax returns for four years
before the year they were not hired.

**OVERVIEW:** The employer asserted that the informa-
tion contained in the returns was relevant to the physi-
cians' claims for damages. However, the physicians were
seeking back pay from the date they were not hired, and
they provided their income tax returns for that year and
advised the court that they would provide their income
tax years for the next year when completed. The court
concluded that historical wage and other information
contained in the tax returns for the prior four years was
simply too tenuous to the damage claims to be relevant.
Even if the court were to conclude that the physicians'
income tax returns were relevant, the employer did not
demonstrate a compelling need for the returns because
the information contained in the returns was readily ob-
tainable from other sources. Through other discovery
methods, the employer had access to and the ability to

obtain the information it sought from the income tax
returns.

**OUTCOME:** The court denied the employer's motion to
compel.

**CORE TERMS:** tax returns, discovery, compelling
need, information contained, relevance, confidential,
state law claims, production of income, return informa-
tion, privacy interests, confidentiality, orchestrated,
speculation, admissible, obtainable, confirm, lawsuit,
signals, salary, hired, damage claims, oral argument,
discovery dispute, tenuous

**LexisNexis(R) Headnotes**

*Civil Procedure > Discovery > Relevance*
[HN1]See Fed. R. Civ. P. 26(b)(1).

*Civil Procedure > Discovery > Relevance*
[HN2]Relevant information need not be admissible at the
trial if the discovery appears reasonably calculated to
lead to the discovery of admissible evidence. Fed. R.
Civ. P. 26(b)(1). Rule 26(b)(1) is highly flexible, having
been designed to accommodate all relevant interests as
they arise. In particular, considerations of the public in-
terest, the need for confidentiality, and privacy interests
are relevant factors to be balanced.

*Civil Procedure > Discovery > Protective Orders*
[HN3]Although Fed. R. Civ. P. 26(c) contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule.

*Civil Procedure > Discovery > Relevance*
[HN4]Fed. R Civ. P. 26(b)(1) permits the discovery of any non-privileged matter which is relevant to a claim or defense.

*Civil Procedure > Discovery > Motions to Compel*
*Civil Procedure > Discovery > Relevance*
*Tax Law > Federal Tax Administration & Procedure > Audits & Investigations > Disclosure of Information (IRC secs. 6103-6104, 6108-6110, 6713, 7213, 7216, 7431, 7435) > Confidentiality of Returns & Return Information*
[HN5]Income tax returns are highly sensitive documents that courts should be reluctant to order disclosed during discovery.

*Civil Procedure > Discovery > Motions to Compel*
*Civil Procedure > Discovery > Relevance*
*Tax Law > Federal Tax Administration & Procedure > Audits & Investigations > Disclosure of Information (IRC secs. 6103-6104, 6108-6110, 6713, 7213, 7216, 7431, 7435) > Confidentiality of Returns & Return Information*
[HN6]In general, most courts have noted that public policy concerns favor keeping tax returns confidential when possible, and have ordered production only when the relevance of the information is clear and there is a compelling need.

*Civil Procedure > Discovery > Motions to Compel*
*Civil Procedure > Discovery > Relevance*
*Tax Law > Federal Tax Administration & Procedure > Audits & Investigations > Disclosure of Information (IRC secs. 6103-6104, 6108-6110, 6713, 7213, 7216, 7431, 7435) > Confidentiality of Returns & Return Information*
[HN7]A party should not be required to produce income tax returns absent a showing of compelling need.

*Civil Procedure > Discovery > Relevance*
*Tax Law > Federal Tax Administration & Procedure > Audits & Investigations > Disclosure of Information (IRC secs. 6103-6104, 6108-6110, 6713, 7213, 7216,*

*7431, 7435) > Confidentiality of Returns & Return Information*
[HN8]A two-prong test is required to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns. First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.

*Tax Law > Federal Tax Administration & Procedure > Audits & Investigations > Disclosure of Information (IRC secs. 6103-6104, 6108-6110, 6713, 7213, 7216, 7431, 7435) > Confidentiality of Returns & Return Information*
[HN9]26 U.S.C.S. § 6103 provides that tax returns and return information shall be confidential.

**COUNSEL:** [*1] For Larry Camp, Dr., Sabrina Martindale, Plaintiffs: David Wayne Long-Daniels, Lindsey C Edelmann, Todd David Wozniak, LEAD ATTORNEYS, Greenberg Traurig LLP, Atlanta, GA.

For Correctional Medical Services, Inc., Defendant: Brian J. Richardson, LEAD ATTORNEY, Maynard Cooper & Gale, Huntsville, AL; Christopher Stephen Kuffner, David Berman Block, William Richard Lunsford, LEAD ATTORNEYS, Maynard Cooper & Gale, PC, Huntsville, AL.

For Richard F. Allen, Individually and in his official capacity as Commissioner of Alabama Department of Corrections, Ruth Naglich, in her official and individual capacities as Associate Commissioner, Laura Ferrell, in her official and individual capacities as Medical Systems Administrator, Defendants: Gregory Marion Biggs, LEAD ATTORNEY, Dept of Corrections, Legal, Montgomery, AL; Kim Tobias Thomas, LEAD ATTORNEY, Alabama Department of Corrections, Legal Division, Montgomery, AL.

**JUDGES:** CHARLES S. COODY, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** CHARLES S. COODY

**OPINION**

**MEMORANDUM OPINION and ORDER**

Now pending before the court is defendant CMS' motion to compel (doc. # 65) filed on January 13, 2009. CMS seeks production of the plaintiffs' income tax returns from 2003 to 2006 asserting that [*2] the information contained in the returns is relevant to the plain-

tiffs' claims for damages. In response to the motion to compel, the plaintiffs argue that the tax returns are sensitive records that are not relevant to their damage claims and that they should not be required to produce them. (Doc. # 67). The court heard oral argument on the motion on February 11, 2009. After careful review of the motion to compel, the briefs filed in support of and in opposition to the motions, and the argument of counsel, the court concludes that the motion to compel is due to be denied.

In this § 1983 action, the plaintiffs contend that they were not hired by CMS in retaliation for exercising their First Amendment constitutional right to free speech on matters of public concern. See Am. Compl., Doc. # 37. The plaintiffs also allege state law claims of fraud, outrage, negligent and wanton supervision and retention, and conspiracy. [1]

    1   The plaintiffs assert other state law claims against the individual DOC defendants which are not relevant to this discovery dispute.

[HN1]FED.R.CIV.P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim [*3] or defense . . ." The Committee Comments to FED.R.CIV.P. 26 confirm that the Rule's requirement of relevance to a claim or defense "signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." GAP Report of Advisory Committee to 2000 amendments to Rule 26.

In determining what discovery to allow, the court is likewise guided by some other fundamental principles. [HN2]"Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1). "Rule 26 . . . [(b)(1)] is highly flexible, having been designed to accommodate all relevant interests as they arise . . ." U. S. v. Microsoft Corp., 334 U.S. App. D.C. 165, 165 F.3d 952, 959-60 (D.C. Cir. 1999). In particular, considerations of the public interest, the need for confidentiality, and privacy interests are relevant factors to be balanced. See, e.g., Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n. 21, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984) ([HN3]"Although ... Rule [26(c)] contains no specific [*4] reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule.").

At issue in this discovery dispute are the plaintiffs' income tax returns for the years 2003 to 2006. Defendant

CMS contends that this financial information is relevant to the plaintiffs' damage calculations and whether they mitigated their damages in good faith. The plaintiffs, however, are seeking back pay from the date they were not hired in 2007. They have provided their income tax returns for 2007 and advised the court that they will provide to CMS their 2008 income tax returns when completed. After careful consideration, the court concludes that historical wage and other information contained in the tax returns for the years 2003 to 2006 is simply too tenuous to the damage claims to be relevant.

The defendant concedes that the income tax return information does not relate to a defense but argues that the information is supportive of a jury argument that the plaintiffs orchestrated this litigation. CMS wants to argue that because the plaintiffs made more money before they applied for employment with CMS, the only reason for seeking [*5] employment with CMS was to instigate this lawsuit. The problem with this argument is manifest -- it is based on the assumption that a person would not accept employment at a lower salary except for improper motive. There are a number of reasons the court could conceive of that would induce an individual to accept a position with a lower salary that do not include the possibility of mounting future litigation. Aside from speculation, the defendant has presented to the court no evidence to suggest that the plaintiffs "orchestrated" this litigation, and more to the point, whether they did is immaterial to whether the defendants retaliated against them in violation of the First Amendment.

[HN4]FED. R. CIV. P. 26(b)(1) permits the discovery of any non-privileged matter which is relevant to a claim or defense. The plaintiffs argue that their tax returns are "sensitive" and confidential and should be protected from disclosure. While there "is a split of authority with the federal courts . . . as to whether tax returns are entitled to enhanced protection from discovery, . . . "[HN5][i]ncome tax returns are highly sensitive documents" [*6] that courts should be reluctant to order disclosed during discovery." Pendlebury v. Starbucks Coffee Co., 2005 U.S. Dist. LEXIS 36748, 2005 WL 2105024, *1-2 (S.D. Fla. Aug. 29, 2005) (No. 04-80521-CIV) (collecting cases). [2] [HN6]"In general, most courts have noted that public policy concerns favor keeping tax returns confidential when possible, and have ordered production only when the relevance of the information is clear and there is a compelling need." Columbus Drywall & Indus., Inc. v. Masco Corp., 2006 U.S. Dist. LEXIS 97154, 2006 WL 5157686, * 7 (N.D. Ga. 2006). [HN7]A party should not be required to produce income tax returns absent a showing of compelling need. See Dunkin' Donuts Inc., v. Mary's Donuts, Inc., 2001 U.S. Dist. LEXIS 25204, 2001 WL 34079319, *2

(S.D. Fla. 2001). The court finds persuasive the reasoning of the courts that require

> [HN8]a two-prong test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns. "First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable."

*A. Farber & Partners, Inc. v. Garber,* 234 F.R.D. 186, 191(C.D. Cal. 2006). [*7] *See also Lemanik v. McKinley Allsopp, Inc.,* 125 F.R.D. 602 (S.D. N.Y. 1898).

> 2    [HN9]26 U.S.C. § 6103 provides that tax returns and return information "shall be confidential . . ." This code section prohibits officers or employees of the United States from disclosing the information except under certain circumstances. While not determinative of this discovery issue, Congress' recognition of the privacy interest associated with returns is informative.

During oral argument, counsel for CMS conceded that he has received the plaintiffs' W2 and 1099 forms for the years in question. He has propounded interrogatories and requests for production of documents to which the plaintiffs have responded. He has also deposed the plaintiffs and asked about their prior income and employment histories as well as whether they had threatened suit or settled other lawsuits. CMS argues that it needs the income tax returns to confirm the "full picture" of the plaintiffs' incomes. This argument is pure speculation and conjecture by the defendant. To be blunt, CMS seeks the plaintiffs' income tax returns to test the truthfulness of the plaintiffs' responses to its discovery requests and deposition questions but has no [*8] evidence suggesting that the plaintiffs' are not credible.

The relevancy of the plaintiffs' income tax returns to their claims for damages is tenuous at best. However, even if the court were to conclude that the plaintiffs' income tax returns were relevant, the defendant has not demonstrated a compelling need for the returns because the information contained in the returns is readily obtainable from other sources. [3] Through other discovery methods, the defendant has access to and the ability to obtain the information it seeks from the plaintiffs' income tax returns. Accordingly, the court concludes that CMS has failed to demonstrate a compelling need for the plaintiffs' tax returns.

> 3    Several courts, relying on *Maddow v. Proctor & Gamble Co., Inc.,* 107 F.3d 846 (11th Cir. 1997), have concluded that the Eleventh Circuit does not require a party to demonstrate compelling need, only relevance, prior to compelling the production of income tax returns. *See United States v. Certain Real Property known as and located at 6469 Polo Pointe Way, Delray Beach, Fla.,* 444 F. Supp. 2d 1258 (S.D. Fla. 2006) and *Bellosa v. Universal Tile Restoration, Inc.,* 2008 U.S. Dist. LEXIS 49630, 2008 WL 2620735 (S.D. Fla. 2008). These courts [*9] read too much in to *Maddox* which did not hold that relevance is the sole test for production of income tax records. There is nothing in *Maddow* which suggests that the issue of compelling need was raised; it certainly was not decided.

Accordingly, for the reasons as stated, it is

ORDERED that the defendant's motion to compel be and is hereby DENIED.

Done this 17th day of February, 2009.

/s/ Charles S. Coody

CHARLES S. COODY

UNITED STATES MAGISTRATE JUDGE