# Ex. J

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| ERIC ALBRITTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 6:08cv89 |
| | § | (Judge Schell) |
| CISCO SYSTEMS, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendant Cisco's Motion to Compel production of certain documents (Dkt. 55). Albritton has sued Cisco for defamation. The gist of the suit centers on statements made by Cisco's employee and published on a blog site. The essential libelous terms, according to the Complaint, boil down to possible references to Albritton as a "patent troll", conspirator, and criminal abettor in backdating documents. Albritton filed suit and claimed damages for mental anguish, and alleged that he was financially injured in his profession.

Cisco wants copies of Albritton's medical records which would reflect on his claim for mental anguish. Albritton, in his deposition and in his response, indicates that he is not making a claim for medical expenses and has sought no such treatment. Undaunted, Cisco continues to press for his medical records, maintaining its right to review. Cisco's request for Albritton's medical records is **DENIED**. Any marginal relevance that could be demonstrated is far outweighed by privacy considerations, especially in light of Albritton's binding admissions that he has not sought such treatment and is not making a claim for medical expenses.

Albritton also has admitted he is not seeking loss of income. Yet Cisco believes it is entitled to Albritton's tax returns. Albritton is seeking damage to his professional reputation, but seeks no

direct economic losses. In light of these concessions and admissions, the Court finds that Cisco's request should in all things be **DENIED**.

**SO ORDERED.**

SIGNED this 15th day of January, 2009.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE