# Ex. K

Dockets.Justia.com

LEXSEE

ANRIQUE BARTON, Plaintiff, v. CASCADE REGIONAL BLOOD SERVICES, Defendant.

No. C06-5644RBL

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

2007 U.S. Dist. LEXIS 59424

August 6, 2007, Decided

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In plaintiff former employee's civil rights action against defendant employer for alleged violations of the employee's rights under Title VII of the Civil Rights Act of 1964 and the Washington State Law Against Discrimination, the employee filed a Fed. R. Civ. P. 37(a)(2)(B) motion to compel the employer to respond to the employee's request for the production of documents and further responses to interrogatories.

**OVERVIEW:** The employee alleged that his job-related discipline and eventual termination were a result of his race and sex. In order to establish his claim, the court held that the employee had to show that he was treated differently from other employees who acted in a comparatively similar manner. The court held that the employer's annual reports were discoverable under Fed. R. Civ. P. 26(b)(1). However, the court would not compel discovery of the employer's federal income tax returns. Tax returns were confidential communications between a taxpayer and the government under 26 U.S.C.S. §§ 6103, 7213(a). Although not privileged from discovery, there was a recognized policy against unnecessary public disclosure of tax returns, and there was no compelling need that overcame that policy in the instant case. With respect to the interrogatories, the court found that the employee did not seek discovery of privileged or confidential materials such as personnel files. Instead he sought contact information and other data rationally related to his claims and reasonably calculated to result in admissible evidence. The employer was required to fully answer the interrogatories seeking that information.

**OUTCOME:** The court granted the employee's motion to compel as to the annual reports and as to the interrogatories. The court denied the motion to compel as to the employer's tax returns. The court declined to impose sanctions.

**CORE TERMS:** interrogatories, discovery, annual reports, privileged, tax returns, admissible, civil rights, treated differently, reasonably calculated, discoverable, confidential, termination

**LexisNexis(R) Headnotes**

*Labor & Employment Law > Discrimination > Disparate Impact > Proof > Burdens of Proof*
*Labor & Employment Law > Discrimination > Gender & Sex Discrimination > Proof > Burdens of Proof > Employee Burdens*
*Labor & Employment Law > Discrimination > Racial Discrimination > Proof > Burdens of Proof > Employee Burdens*
[HN1]To establish that job-related discipline and eventual termination were a result of a plaintiff's race and sex, the plaintiff must show that he was treated differently from other employees who acted in a comparatively similar manner.

*Civil Procedure > Discovery > Relevance*
[HN2]Fed. R. Civ. P. 26(b)(1) permits discovery regarding any matter, not privileged, that is relevant to the claims or defense of any party. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

*Civil Procedure > Discovery > Privileged Matters > General Overview*
*Tax Law > Federal Tax Administration & Procedure > Audits & Investigations > Disclosure of Information (IRC secs. 6103-6104, 6108-6110, 6713, 7213, 7216, 7431, 7435) > Confidentiality of Returns & Return Information*
*Tax Law > Federal Tax Administration & Procedure > Audits & Investigations > Disclosure of Information (IRC secs. 6103-6104, 6108-6110, 6713, 7213, 7216, 7431, 7435) > Disclosure of Returns & Return Information*
*Tax Law > Federal Tax Administration & Procedure > Audits & Investigations > Disclosure of Information (IRC secs. 6103-6104, 6108-6110, 6713, 7213, 7216, 7431, 7435) > Unauthorized Disclosures*
[HN3]Tax returns are confidential communications between the taxpayer and the government, 26 U.S.C.S. §§ 6103, 7213(a), and though not privileged from discovery there is a recognized policy against unnecessary public disclosure.

*Civil Procedure > Discovery > Methods > Interrogatories > General Overview*
*Civil Procedure > Discovery > Motions to Compel*
[HN4]A party's failure to give direct and complete answers to interrogatories is treated as a failure to answer, Fed. R. Civ. P. 37(a)(3), and, therefore, like a failure to produce specified documents, may be subject to a Rule 37(a)(2)(B) motion to compel.

*Civil Procedure > Discovery > General Overview*
[HN5]Liberal discovery rules best serve justice by enabling all parties to access the maximum amount of information on with which to prepare their cases.

**COUNSEL:** [*1] For Anrique Barton, Plaintiff: Darryl Parker, LEAD ATTORNEY, PREMIER LAW GROUP, SEATTLE, WA.

For Cascade Regional Blood Services, Defendant: Peter Thomas Petrich, LEAD ATTORNEY, DAVIES PEARSON PC, TACOMA, WA.

**JUDGES:** RONALD B. LEIGHTON, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** RONALD B. LEIGHTON

**OPINION**

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

This matter is before the Court on Plaintiff Anrique Barton's Motion to Compel Defendant Cascade Regional Blood Services to respond to his request for production of documents and further responses to interrogatories. [Dkt. # 10].

This is a civil rights action for an alleged violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and Washington [State] Law Against Discrimination. Plaintiff claims his job-related discipline and eventual termination were a result of his race and sex. [Dkt. # 15 at 2]. [HN1]To establish this, Plaintiff must show that he was treated differently from other employees who acted in a comparatively similar manner. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). [HN2]Fed. R. Civ. Pro. ("Rule") 26(b)(1) permits discovery "regarding any matter, not privileged, that is relevant to the claims or defense [*2] of any party. . . . [r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." To assist his search for evidence proving disparate treatment Plaintiff requests production of 1) all of Defendant's annual reports from 2001 to present, and 2) Defendant's income tax returns, or other documents showing gross profits and net income for 2001 to present. Second, Plaintiff seeks complete answers to its interrogatories in order to enable him to discover information about how he was treated differently than other employees.

Defendant's annual reports are discoverable. The Court, however, declines to compel discovery of Defendant's federal income tax returns. [HN3]Tax returns are confidential communications between the taxpayer and the government, 26 U.S.C. §§ 6103, 7213(a), and though not privileged from discovery there is a recognized policy against unnecessary public disclosure. *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975). The Court finds no compelling need which overcomes this recognized policy.

[HN4]A party's failure to give direct and complete answers to interrogatories [*3] is treated as a failure to answer, Rule 37(a)(3), and, therefore, like a failure to produce specified documents, may be subject to a Rule 37(a)(2)(B) motion to compel. Plaintiff alleges that Defendant's answers to his interrogatories are inadequate for failure to enunciate legitimate reasons for its objections. Plaintiff does not seek discovery of privileged or confidential materials such as personnel files, rather he seeks contact information and other data rationally related to his claims and reasonably calculated to result in admissible evidence. Despite Defendant's partial compliance [1]

with Plaintiff's request for information, [2] Defendant seeks to temporarily withhold other information pertinent to the Plaintiff's claim. [3] The Court agrees with the Plaintiff that the Defendant's attempt to keep contact and other basic employment information from the Plaintiff, Interrogatories No. 4-5 [Dkt. # 10 at 2-3], will cause Plaintiff undue burden and expense to gather the information Plaintiff currently requests in his interrogatories. [Dkt. # 15 at 3].

1    Defendant provided Plaintiff with the names, employment position, and race/ethnicity of all persons employed at the same time as Plaintiff, [*4] as well as a list of all employees disciplined during Plaintiff's employment, Petrich Aff. P 2 [Dkt. # 12].

2    Plaintiff requested "the name, address, telephone number, age, race, ethnic background, current employment status, date of hire, job title, and monthly salary" of all current and former employees who (1) worked for Defendant during Plaintiff's employment, and (2) were hired after Plaintiff's termination. [Dkt. # 10 at 2-3].

3    Defendant expresses concern that Plaintiff will use the requested contact information to "harass and intimidate". Petrich Aff. P 4; Zenik Decl at 2 [Dkt. # 13]. Nonetheless, Defendant has "offered to coordinate interviews, through the employees' union representative[,] of employees identified by plaintiff." Petrich Aff. P 5.

[HN5]Liberal discovery rules best serve justice by enabling all parties to access the maximum amount of information on with which to prepare their cases. *Taylor v. Illinois,* 484 U.S. 400, 412, n. 16, 108 S. Ct. 646, 98 L. Ed. 2d 798 (1988). The annual reports and employee information Plaintiff requested are not privileged, but are relevant to and may support his claims, and thus are discoverable. Plaintiff's motion is **GRANTED** in part and Defendant is required to provide copies [*5] of annual reports from 2001 to the present and to fully answer interrogatories 4 and 5. Plaintiff's motion to compel production of defendant's tax returns is **DENIED**. The Court declines to impose sanctions.

IT IS SO ORDERED.

DATED this 6<th> day of August, 2007.

RONALD B. LEIGHTON

UNITED STATES DISTRICT JUDGE