# Ex. N

LEXSEE


Positive
As of: Oct 05, 2009

HILMER SCHOENBAUM, on behalf of himself and all others similarly situated, Plaintiffs, vs. E.I. DUPONT DE NEMOURS AND COMPANY, PIONEER HI-BRED INTERNATIONAL, INC., and MONSANTO COMPANY, Defendants.

Case No. 4:05CV01108 ERW

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION

2009 U.S. Dist. LEXIS 7208

February 2, 2009, Decided
February 2, 2009, Filed

**PRIOR HISTORY:** Schoenbaum v. E.I. Dupont De Nemours & Co., 2008 U.S. Dist. LEXIS 87178 (E.D. Mo., Oct. 28, 2008)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs, farmers who purchased and used modified seed, and defendant manufacturers, who prepared and sold the seed, brought motions concerning discovery and class certification in the case. The manufacturers moved to compel production of the farmers' tax filings related to their farming activities, and the farmers moved to compel class certification discovery compliance.

**OVERVIEW:** The manufacturers argued that the tax returns they sought, or at least schedule F forms, were relevant to class certification issues and would be protected under the existing confidentiality agreement. The documents were necessary to fill in gaps in the information the farmers had provided. The farmers responded that the tax documents were not relevant, The court disagreed. The tax documents were relevant because they would provide information on seed purchases and cooperative distributions. The second element of the test was satisfied because the manufacturers demonstrated that they had reviewed the documents and interrogatories produced by the farmers and had taken the depositions of eleven plaintiffs, but still found significant gaps in the records regarding their seed purchases. The farmers were compelled to disclose their schedule F tax filings from 1996 to the present. The court rejected the request for complete income tax returns, subject to a later request and show if need. The court found many of the farmers' requests were too broad, as they sought agreements related to seeds other than genetically-modified seeds or seed traits at issue in the litigation.

**OUTCOME:** The seed manufacturers' motion to compel production of the farmers' tax filings related to their farming activities was granted in part, as to form 1040, schedule F, but not as to the entire returns; The farmers motion to compel class certification discovery compliance was granted in part and denied in part. The parties were reminded of their duty to supplement discovery.

**CORE TERMS:** seed, trait, genetically-modified, corn, market share, class certification, discovery, license agreements, interrogatories, soybean, discovery requests, correspondence, consultants, herbicide, excessively, disclosure, burdensome, overbroad, farming activities, subpoena, interim, tax returns, time period, crop seeds, licensing agreements, custodians, marketing, advisors, row, commercialized

**LexisNexis(R) Headnotes**

Page 1

*Civil Procedure > Discovery > Disclosures > General Overview*

[HN1]A public policy against the unnecessary public disclosure of tax returns exists because of the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns. Good cause must be shown for federal income tax returns to be discoverable. To determine whether disclosure is appropriate, most courts apply a two-part test. The test states that first, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.

**COUNSEL:** [*1] For Kenneth Polo on behalf of themselves and all others similarly situated, Larry Bandy, Plaintiffs: Adam J. Levitt, LEAD ATTORNEY, WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC, Chicago, IL; Daniel W. Krasner, LEAD ATTORNEY, WOLF AND HALDENSTEIN, New York City, NY; David A.P. Brower, LEAD ATTORNEY, BROWER PIVEN, New York City, NY; Diogenes P. Kekatos, Stephen A. Weiss, LEAD ATTORNEYS, SEEGER WEISS LLP, New York, NY.

For Hilmer Schoenbaum, Plaintiff: Adam J. Levitt, LEAD ATTORNEY, WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC, Chicago, IL; Daniel W. Krasner, Scott J. Farrell, LEAD ATTORNEYS, WOLF AND HALDENSTEIN, New York City, NY; David A.P. Brower, LEAD ATTORNEY, BROWER PIVEN, New York City, NY; Diogenes P. Kekatos, Donald R. Bradford, LEAD ATTORNEYS, SEEGER WEISS LLP, New York, NY; Don M. Downing, LEAD ATTORNEY, GRAY AND RITTER, P.C., St. Louis, MO; Kirra Nicole Jones, LEAD ATTORNEY, Charles F. Speer, SPEER LAW FIRM, P.A., Kansas City, MO; Peter E. Seidman, LEAD ATTORNEY, PRO HAC VICE, MILBERG LLP, New York, NY; Van Bunch, LEAD ATTORNEY, BONNETT AND FAIRBORN, Phoenix, AZ; W. Gordon Ball, LEAD ATTORNEY, BALL AND SCOTT, Knoxville, TN.

For Tim Curry, Plaintiff: Adam J. Levitt, LEAD ATTORNEY, [*2] WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC, Chicago, IL; Daniel W. Krasner, Scott J. Farrell, LEAD ATTORNEYS, WOLF AND HALDENSTEIN, New York City, NY; David A.P. Brower, LEAD ATTORNEY, BROWER PIVEN, New York City, NY; Diogenes P. Kekatos, LEAD ATTORNEY, SEEGER WEISS LLP, New York, NY; Don M. Downing, LEAD ATTORNEY, GRAY AND RITTER, P.C., St. Louis, MO; Van Bunch, LEAD ATTORNEY, BONNETT AND FAIRBORN, Phoenix, AZ.

For Birkemeyer Farm Partnership, Vandervoort Farms, Inc., Plaintiffs: Robert K. Shelquist, LEAD ATTORNEY, LOCKRIDGE AND GRINDAL, Minneapolis, MN; Van Bunch, LEAD ATTORNEY, BONNETT AND FAIRBORN, Phoenix, AZ.

For Richard Hughes, Consolidated Filer Plaintiff: Ann Lugbill, LEAD ATTORNEY, GRANT AND EISENHOFER, P.A., Cincinnati, OH.

For Matthew Baumgardner, Consolidated Filer Plaintiff: Adam J. Levitt, LEAD ATTORNEY, WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC, Chicago, IL; Ann Lugbill, LEAD ATTORNEY, GRANT AND EISENHOFER, P.A., Cincinnati, OH.

For Roger Lentz, Consolidated Filer Plaintiff: Adam J. Levitt, LEAD ATTORNEY, WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC, Chicago, IL.

For Billy G. Borchert, Intervenor Plaintiff: Adam J. Levitt, LEAD ATTORNEY, WOLF HALDENSTEIN ADLER FREEMAN & HERZ [*3] LLC, Chicago, IL; J. Gerard Stranch, James G. Stranch, III, Joe P. Leniski, Jr., LEAD ATTORNEYS, BRANSTETTER AND STRANCH, PLLC, Nashville, TN.

For Mark Keen, Mike Crowell, Intervenor Plaintiffs: Adam J. Levitt, LEAD ATTORNEY, WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC, Chicago, IL.

For E.I. Dupont De Nemours and Company, Defendant: Amy J. Mauser, James P. Denvir, III, Michael S. Mitchell, Scott E. Gant, LEAD ATTORNEYS, BOIES AND SCHILLER, Washington, DC; Andrew Rothschild, C. David Goerisch, LEWIS AND RICE, St. Louis, MO.

For Pioneer Hi-Bred International, Inc., Defendant: Amy J. Mauser, James P. Denvir, III, Scott E. Gant, LEAD ATTORNEYS, BOIES AND SCHILLER, Washington, DC; Andrew Rothschild, C. David Goerisch, LEWIS AND RICE, St. Louis, MO.

For Monsanto Company, Defendant: Anthony J. Franze, David P. Gersch, Stephen H. Rovak, Joseph M. Meadows, Judith Bernstein-Gaeta, Robert N. Weiner, LEAD ATTORNEYS, ARNOLD AND PORTER LLP, Washington, DC; Donna M. Donlon, Nicholas Shaun Sloey, Philip D. Bartz, Timothy K. Halloran, LEAD ATTORNEYS, MCKENNA AND LONG, Washington, DC; Stephen H. Rovak, LEAD ATTORNEY, SONNENSCHEIN AND NATH, LLP, St. Louis, MO; Stephen J.

O'Brien, SONNENSCHEIN AND NATH, LLP, [*4] St. Louis, MO.

For Gregory Layman, Respondent: James J. Rosemergy, Michael J. Flannery, CAREY AND DANIS, Clayton, MO.

For Wise Carter Child & Caraway Respondent to Subpoena, Respondent: James L. Robertson, LEAD ATTORNEY, WISE AND CARTER, Jackson, MS.

**JUDGES:** E. RICHARD WEBBER, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** E. RICHARD WEBBER

**OPINION**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Joint Motion to Compel Production of Plaintiffs Tax Filings Related to their Farming Activities [doc. # 286] and Plaintiffs' Motion to Compel Defendants' Class Certification Discovery Compliance [doc. # 290]. A hearing was held on January 27, 2009, and the Court heard arguments from the Parties on these Motions.

**I. MOTION TO COMPEL PRODUCTION OF PLAINTIFF'S TAX FILINGS RELATED TO THEIR FARMING ACTIVITIES**

Defendants ask that the Court compel the production of copies of Plaintiffs' tax filings related to their seed purchases and farming activities from 1996 to the present. Defendants state that these documents are relevant to class certification issues and will be protected under the existing confidentiality agreement. They state that these documents are necessary to fill in gaps in the information Plaintiffs [*5] have provided. Plaintiffs respond that these documents are not relevant, and state that they will not provide probative information because the forms only disclose the total sum spent on seed purchases.

[HN1]A public policy against the unnecessary public disclosure of tax returns exists because of "the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns." *Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975)*. Good cause must be shown for federal income tax returns to be discoverable. See *Taylor v. Atchison, Topeka and Santa Fe Ry. Co., 33 F.R.D. 283, 286 (W.D. Mo. 1962)*. To determine whether disclosure is appropriate, most courts apply a two-part test. *A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 191 (C. D. Cal. 2006)*. The test states that "[f]irst, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Hilt v. SFC Inc., 170 F.R.D. 182, 189 (D. Kan. 1997)* (internal citation omitted).

The Court finds that Plaintiffs' [*6] schedule F forms are relevant because they will provide information on seed purchases and cooperative distributions. Additionally, the second element of this test is satisfied because Defendants have demonstrated that they have reviewed the documents and interrogatories produced by Plaintiffs and have taken the depositions of eleven Plaintiffs and state that there are still "significant gaps left in Plaintiffs' records regarding their seed purchases." As a result, Plaintiffs are compelled to disclose their schedule F tax filings from 1996 to the present. This information must be provided to Defendants on or before February 20, 2009. At this time the Court rejects Defendants' request for complete income tax returns of Plaintiffs, however, if Defendants determine that they need other parts of a specific individual's tax filings, they may file a later request for those items.

**II. MOTION TO COMPEL DEFENDANT'S CLASS CERTIFICATION DISCOVERY COMPLIANCE**

The Case Management Order in this action states that "[t]he initial phase of discovery will be directed to whether the classes proposed in this action should be certified pursuant to *Fed. R. Civ. P. 23*." (Doc. # 233). Plaintiffs have brought [*7] the pending Motion, stating that the Parties have been unable to agree on what discovery is relevant to class certification, and what is relevant to the merits of this action. Plaintiffs ask that the Court compel Defendants to answer certain interrogatories and requests for production. The discovery requests that are currently before the Court are:

. Plaintiffs' First Request for Production Request to Monsanto, No. 8 ("RP1:8")

. Plaintiffs' Second Request for Production Request to All Defendants, No. 1 ("RP2:1")

. Plaintiffs' First Set of Interrogatories to All Defendants, No. 3 ("I1:3")

. Plaintiffs' First Request for Production Request to Monsanto, No. 1 ("RP1:1")

. Plaintiffs' Second Request for Production to All Defendants, No. 7("RP2:7")

. Plaintiffs' First Set of Interrogatories to All Defendants, No. 1 ("I1:1")

. Plaintiffs' First Set of Interrogatories to All Defendants, No. 2 ("I1:2")

. Plaintiffs' First Request for Production to Monsanto, No. 3 ("RP1:3")

. Plaintiffs' First Request for Production to Monsanto, No. 4 ("RP1:4")

. Plaintiffs' Second Request for Production to All Defendants, No. 3 ("RP2:3")

. Plaintiffs' First Request for Production to Pioneer No. 2 ("RP1:2")

. Plaintiffs' [*8] First Request for Production to Pioneer, No. 14 ("RP1:14")

. Plaintiffs' Second Request for Production to All Defendants, No. 4 ("RP2:4")

. Plaintiffs' Second Request for Production to Monsanto, No. 5 ("RP2:5")

Plaintiffs' discovery requests can be divided into several categories, and the Court will discuss each category of requests separately.

### A. ADVISORS AND CONSULTANTS

The Parties agree that issues relating to market share will be raised in Plaintiffs' motion for class certification, and Plaintiffs have filed several discovery requests related to advisors and consultants and their conclusions related to market share. For example, RP1:8 is directed to Monsanto, and it seeks:

> All documents and correspondence between Monsanto and any consultants or advisors it retained, hired, or otherwise used at any time during the time period relevant to these Requests, concerning information, guidance, or consulting advice of any sort concerning row crop seeds, seed traits, herbicides, or market competition or allocation issues in any manner, including drafts thereof, including but not limited to all competition analyses, market studies, or consultants' reports of any kind concerning any row crop seed [*9] market issues prepared for or on behalf of Pioneer, including drafts thereof, from January 1, 1995 to the present.

Additionally, in RP2:1, Plaintiffs ask that Defendants provide:

> All Documents authored, drafted, or otherwise generated by the Context Network Concerning corn or soybeans including, but not limited to, the Global Seed Market database, the Global Seed Sector Outlook, benchmarking studies, quality traits, white papers (*i.e.*, implications and repercussions of the Monsanto and Syngenta litigation and licensing) market research, competitive intelligence, biotech traits commercialized, or quality traits commercialized.

I1:3 asks all Defendants to:
> Identify all consultants or other third parties you hired or otherwise retained at any time during the time period relevant to these Interrogatories, for the purpose of providing information, guidance, or consulting advice of any sort concerning row crop seeds, seed traits, herbicides, or market competition or allocation issues in any manner.

The Court finds that RP1:8 is unreasonably and obviously overbroad, as it seeks "[a]ll documents and correspondence" related to many types of products. Monsanto has informed the Court of the documents [*10] already disclosed in response to this request, and the Court finds that these documents are sufficient. The Court also finds that I1:3 is overly broad, excessively burdensome, and Plaintiffs have failed to demonstrate sufficient need for this information. *See Thompson v. Regional West Medical Center,* 2007 U.S. Dist. LEXIS 98367, 2007 WL 3232603, at *3 (D. Neb. Oct. 31, 2007). The scope of the request is so broad that compliance with an order would likely require disclosure of millions of documents. Without sufficient showing of the need for additional documents, such overbroad requests would require extending the discovery period without good cause

At the hearing, Pioneer stated that in response to RP2:1, they have produced responsive documents from the files of the five custodians. The Court finds that Pioneer has adequately responded to this Request. Monsanto asserts that the information sought in RP2:1 is relevant to the merits of this action, but not class certification. The Court disagrees, but finds that this request must be limited. Therefore, Monsanto must provide Plaintiffs with the Context Network documents they seek, however, Monsanto need only produce documents relating to the genetically-modified [*11] seeds or seed traits at issue in this litigation. These documents must be provided to Plaintiffs on or before February 20, 2009.

### B. DOCUMENTS FROM GOVERNMENT INVESTIGATIONS

In several requests, Plaintiffs ask for documents that were provided to the Government in the course of a Government investigation. If they have already been provided with the document, Plaintiffs ask that Defendants identify that document. Specifically, in RP1:1, Plaintiffs ask that Monsanto provide:

> All documents and correspondence concerning the subpoena served upon Monsanto by the Attorney General of the State of Illinois on or about April 18, 2005, as well as all documents and information that Monsanto produced in response thereto.

Plaintiffs' I1:1 is directed to all Defendants, and it seeks to have Defendants:

> Identify all state or federal governmental (including administrative agency) subpoenas, investigations, probes, inquiries, legal proceedings, or other actions served upon or otherwise directed to or focused upon Monsanto, DuPont, or Pioneer from January 1, 1996 to the present day (collectively "Governmental Inquiries"), concerning the pricing, sale, marketing practices, sales practices, or other commercial [*12] activity involving: (a) genetically-modified seeds; (b) genetically-modified seed traits; or (c) glyphosate-based herbicides.

Plaintiffs' I1:2 seeks to have all Defendants:

> To the extent you contend that the documents or information you produced in response to any Governmental Inquiries are included within the McIntosh Class Document Productions identified in [CMO1] or will be included in any updates or supplements thereto, as CMO-1 requires, or in other document productions, please identify each of the Bates number ranges of those proffered documents within each of those productions, broken down by Governmental Inquiry.

The Court agrees with Defendants that these discovery requests should not be granted. Defendants have informed the Court that Plaintiffs have already been provided with these documents. As a result, these requests are limited to asking Defendants to identify the documents that were provided to the Government. These documents have already been produced, and forcing Defendants to sort through these documents to identify which ones were provided to the Government in the course of an investigation is excessively burdensome, and Plaintiffs have not demonstrated any need for [*13] this identification that would warrant placing this burden on Defendants.

### C. DOCUMENTS FROM SCRUGGS LITIGATION

Plaintiffs filed a third party subpoena on counsel in *Monsanto v. Scruggs*, a patent litigation action. Counsel in *Scruggs* was unable to produce the documents Plaintiffs sought due to a protective order in that action, and in RP2:7, Plaintiffs seek documents from that case, specifically:

> All Documents and Document categories set forth in Wise Carter Child and Caraway P.A.'s Response and Objections to the Schoenbaum Plaintiffs' Subpoena *Duces Tecum* filed June 19, 2008 with exhibits including, but not limited to, those Documents described in paragraphs 6-7, 9-11, and Exhibit C thereto, excepting those Documents that relate solely to the patent validity issues.

At the hearing on this Motion, Plaintiffs stated that they were limiting this request to only Monsanto, because the other Defendants were not party to this litigation. Plaintiffs also stated that they were actually seeking only the documents included on a list of relevant documents that was provided to them by counsel in the *Scruggs* action. *See* doc. # 312-19. This twenty-two page list contains many documents, and while the [*14] Court agrees that some of these documents are relevant to this action, several are not. Additionally, the Court believes that many of these documents have already been disclosed to Plaintiffs. If Plaintiffs require any of the documents on this list, they must further narrow their request.

### D. LICENSE AGREEMENTS

At the hearing on this Motion, Plaintiffs stated that the following requests did not seek technology and research materials, and stated that they strictly were interested in licensing agreements. At issue here is RP1:4, which is directed to Monsanto:

> All correspondence between Monsanto and: (a) Pioneer; (b) Syngenta; or (c) any of its other Seed Partners concerning genetically-modified seeds or seed traits, including YieldGard seeds or seed traits and

Roundup Ready seeds or seed traits, license agreements, contracts, technology fee issues, litigation concerning license agreements or other seed-related issues, and market allocation issues, from January 1, 1995 to the present.

RP1:3 is also directed to Monsanto, and it seeks:
All license agreements, contracts, or other agreements between Monsanto and: (a) Pioneer; (b) Syngenta; or (c) any of its other Seed Partners, including drafts [*15] and interim versions thereof and all correspondence relating thereto, from January 1, 1995 to the present.

RP2:3 requests from all Defendants:
All Documents discussing, memorializing, or otherwise Concerning licensing agreements, or other contracts, arrangements, or understanding of any sort, between or among Monsanto and Pioneer, Monsanto and Syngenta, Monsanto and DuPont, and/or Monsanto and Bayer Concerning, in any manner, the pricing, marketing, or sale of any seed, herbicide, seed trait, insecticide, or the active ingredient of any insecticide or herbicide.

RP1:2 is directed only at Pioneer, and it requests:
All license agreements, contracts, or other agreements between Monsanto and Pioneer, including drafts and interim versions thereof.

Finally, RP2:4 seeks from all Defendants:
All Documents concerning the business factors, reasons, or justifications for entering into or altering or amending any licensing agreements, or other contracts, arrangements, or understandings of any sort, among or between Monsanto, Pioneer, Syngenta, DuPont, Bayer, and/or other manufacturer of genetically-modified corn or soybean seeds or traits regarding genetically-modified corn or soybean or traits.

In their [*16] original form, RP1:4, RP1:3, RP2:3 and RP2:4 are clearly overbroad. However, the Court finds that Defendants must produce license agreements, including drafts and interim versions between Monsanto and Pioneer, Monsanto and Syngenta, Monsanto and DuPont and Monsanto and Bayer.

The Court feels that the scope of these requests are too broad, however, as they seek agreements related to seeds other than genetically-modified seeds or seed traits at issue in this litigation on the basis that there may have been "sweetheart" deals between these companies. This is excessively burdensome. See *Thompson, 2007 U.S. Dist. LEXIS 98367, 2007 WL 3232603, at *3*. Plaintiffs have not demonstrated any need for this information that would warrant placing this burden on Defendants, and the Court requires only that Defendants produce documents related to only genetically-modified seeds or seed traits at issue in this litigation. *Id.* If another crop is included in the same licencing agreement as the seeds listed above, that document must be provided to Plaintiffs.[1]

   1  The Court finds that RP2:4 is overbroad and excessively burdensome. If Plaintiffs believe that these materials are relevant and necessary for class certification, they should [*17] file a narrowly tailored request within the next five days.

It appears that Defendants have already provided many, if not all, of these agreements to Plaintiffs. Any license agreements, drafts or interim versions that have not yet been provided to Plaintiffs must be produced on or before February 20, 2009. Pioneer must only provide documents that are in the files of the five custodians.

### *E. MARKET SHARE*

Some of Plaintiffs' discovery requests seek documents related to market share. RP2:5 seeks from Monsanto:

All Documents concerning the market share of genetically-modified corn or soybean seeds or traits for any manufacturer of such seeds or traits, including, but not limited to Monsanto, Pioneer, Syngenta, and/or DuPont.

Additionally, RP1:14 asks that Pioneer produce:
14. Documents and communications sufficient to show what Pioneer believes is its market share of each of the following markets:
   (a)   Genetically-Modified, Broad-Spectrum-Herbicide-Resistant Soybean Seeds;

(b) Genetically-Modified, Broad-Spectrum-Herbicide-Resistant Corn Seeds;

(c) Genetically-Modified Corn Seeds: European Corn Borer-Resistant Corn Seeds;

(d) Genetically-Modified Corn Seeds: Root Worm-Resistant Corn Seeds;

(e) Genetically-Modified [*18] Corn Seeds with Stacked Traits;

(f) Genetically-Modified, Broad-Spectrum Herbicide-Resistant Soybean Seed Traits;

(g) Genetically-Modified, Broad-Spectrum Herbicide-Resistant Corn Seed Traits;

(h) Genetically-Modified Corn Traits: European Corn Borer-Resistant Corn Seed Traits; and

(i) Genetically-Modified Corn Traits: Root Worm-Resistant Corn Seed Traits.

Monsanto opposes RP2:5 on the basis of relevance. The Court finds that the documents Plaintiffs seek in RP2:5 are relevant to class certification, and Monsanto must produce these documents on or before February 20, 2009.

In response to RP1:14, Pioneer produced brand concentration surveys, and they assert that this is sufficient. Plaintiffs respond that Pioneer's internal documents state that "[u]nquestionably, the best method for determining Pioneer market share or price is the method used by Pioneer Hi-Bred Marketing and Finance to calculate the numbers." The Court agrees with Plaintiffs that this statement indicates that Pioneer possesses relevant information, and it appears that this information has not yet been disclosed to Plaintiffs. While the brand concentration surveys undoubtedly provide Plaintiffs with some information related [*19] to market share, the Court believes that Plaintiffs should be provided with Pioneer's internal "best method" for determining their market share and market share numbers calculated for the products listed in (a) through (i) in the relevant time period.[2] Pioneer must provide these documents on or before February 20, 2009.

> 2   With the exception of this Request for Production, the Court finds that the production of documents from the files of the five custodians is sufficient and no further discovery is indicated. If, however, Plaintiffs are specific as to the information they believe is in the files of other individuals, the Court may consider narrow requests that are made within the next five days.

### F. DUTY TO SUPPLEMENT

At the hearing on this Motion, there was some discussion over whether Defendants needed to supplement their disclosures. The Court reminds the Parties of their duty to supplement under Fed. R. Civ. P. 26(e).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion to Compel Production of Plaintiffs Tax Filings Related to their Farming Activities [doc. # 286] is **GRANTED, in part.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Defendants' Class Certification Discovery [*20] Compliance [doc. # 290] is **GRANTED, in part and DENIED, in part.**

Dated this 2nd Day of February, 2009.

/s/ E. Richard Webber

E. RICHARD WEBBER

UNITED STATES DISTRICT JUDGE