# Ex. Q

Dockets.Justia.com

LEXSEE



Analysis
As of: Oct 06, 2009

**SALLY S. HILKENE, Plaintiff, v. WD-40 COMPANY, et al., Defendant.**

**Case No.: 04-2253-KHV-DJW**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**

**2006 U.S. Dist. LEXIS 52766**

**July 25, 2006, Decided**
**July 25, 2006, Filed**

**SUBSEQUENT HISTORY:** Motion granted by Hilkene v. WD-40 Co., 2006 U.S. Dist. LEXIS 69438 (D. Kan., Sept. 26, 2006)

**PRIOR HISTORY:** Hilkene v. WD-40 Co., 2006 U.S. Dist. LEXIS 52765 (D. Kan., July 25, 2006)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff moved to compel defendant to produce his personal tax returns though 2005.

**OVERVIEW:** In support of her request, plaintiff stated that she needed the information in order to determine whether defendant was reporting additional income from the allegedly fraudulent business deal that was at issue in the lawsuit. Upon review of the pleadings, though, the federal district court found that plaintiff failed to adequately demonstrate the first prong of the relevant test by failing to show anything beyond mere speculation that defendant's returns for the years in question were relevant to the subject matter of the action. Given the district court's policy favoring the confidentiality of tax returns, and the fact that plaintiff admittedly had only speculated that defendant's tax returns reflected unaccounted income, the district court denied plaintiff's motion.

**OUTCOME:** Plaintiff's motion to compel was denied.

**CORE TERMS:** tax returns, discovery, policy favoring, subject matter, confidentiality, obtainable

**LexisNexis(R) Headnotes**

*Civil Procedure > Discovery > Motions to Compel*
*Civil Procedure > Discovery > Relevance*
*Evidence > Procedural Considerations > Burdens of Proof > Allocation*
*Evidence > Procedural Considerations > Burdens of Proof > Burden Shifting*
[HN1]Although, as a general rule, courts do not favor compelling production of tax returns, no absolute privilege exists preventing their discovery. To that end, the U.S. District Court for the District of Kansas has developed a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns. First, the federal district court must find that the returns are relevant to the subject matter of the action. Second, the district court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable. The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable.

**COUNSEL:** [*1] For Sally S. Hilkene, Plaintiff: Patrick Ross Miller, DeZube Miller, LLC, Overland Park, KS; Frank B. W. McCollum, McCollum & Parks, L.C., Fairway, KS.

For WD-40 Company, a Delaware Corporation, Defendant: Charles H. Dick, Jr., Shannon D. Sweeney, Baker

& McKenzie -- San Diego, San Diego, CA; Spencer J. Brown, Mimi E. Doherty, Deacy & Deacy, Kansas City, MO.

For Scott H. Hilkene, Defendant: D. Todd Arney, Thomas E. Ruzicka, Norton Hubbard Ruzicka & Kreamer LC, Olathe, KS.

For Prairie Capital Management, George K. Baum & Company, Movants: Julie Westcott, Michelle C. Campbell, William Perry Brandt, Bryan Cave LLP -- KC, Kansas City, MO.

For WD-40 Company, a Delaware Corporation, Counter Claimant: Charles H. Dick, Jr., Shannon D. Sweeney, Baker & McKenzie -- San Diego, San Diego, CA; Spencer J. Brown, Mimi E. Doherty, Deacy & Deacy, Kansas City, MO.

For Sally S. Hilkene, Counter Defendant: Patrick Ross Miller,DeZube Miller, LLC, Overland Park, KS; Frank B. W. McCollum, McCollum & Parks, L.C., Fairway, KS.

For Sally S. Hilkene, Counter Defendant: Patrick Ross Miller,DeZube Miller, LLC, Overland Park, KS.

**JUDGES:** David J. Waxse, United States Magistrate Judge.  [*2]

**OPINION BY:** David J. Waxse

**OPINION**

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion to Compel Discovery (doc. 141). More specifically, Plaintiff seeks to compel Defendant Scott Hilkene to produce his personal tax returns through 2005. In support of this request, Plaintiff states she needs this information in order to determine whether he is reporting additional in-

come from the allegedly fraudulent business deal at issue in this lawsuit.

[HN1]Although, as a general rule, courts do not favor compelling production of tax returns, no absolute privilege exists preventing their discovery. [1] To that end, this district has developed a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns. [2] "First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." "The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that [*3] other sources exist from which the information is readily obtainable." [3]

1   *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 188-89 (D. Kan. 1997).
2   *Id.* at 189
3   *Id.*

Upon review of the pleadings, the Court finds Plaintiff fails to adequately demonstrate the first prong of the test by showing anything beyond mere speculation that Defendant's returns for the years in question are relevant to the subject matter of this action. Given the Court's policy favoring the confidentiality of tax returns, and the fact that Plaintiff admittedly has only speculated that Defendant Scott Hilkene's tax returns reflect unaccounted income, the Court hereby denies Plaintiff's Motion to Compel (doc. 141).

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 25th day of July, 2006.

s/ David J. Waxse

United States Magistrate Judge