# Ex. R

LEXSEE


Analysis
As of: Oct 05, 2009

### GARCEL, INC. d/b/a GREAT AMERICAN ASSET MANAGEMENT VERSUS HIBERNIA NATIONAL BANK, ET AL

### CIVIL ACTION NO: 01-0772 SECTION: "T" (4)

### UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

### 2002 U.S. Dist. LEXIS 2390

### January 23, 2002, Decided
### January 24, 2002, Filed, Entered

**DISPOSITION:**  [*1] Motion for Protective Order GRANTED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff, company who conducted a going-out-of-business sale, sued defendants, the business and its employees, for misappropriating funds from a joint bank account opened by plaintiff and defendant business to hold funds generated from the sale. Plaintiff propounded an interrogatory upon defendants who sought a protective order preventing the production of the requested information.

**OVERVIEW:** Defendants objected to the interrogatory contending that it was not reasonably calculated to lead to the discovery of relevant evidence. Plaintiff opposed the protective motion as an attempt to preclude it from obtaining evidence of defendants' wrongful conduct. The court held that the request for information on any account held by any defendant after a date certain was overly broad, even by the liberal standards of the Federal Rules of Civil Procedure. Ordering the production would grant to plaintiff the opportunity to engage in a fishing expedition in an effort to obtain any information that may be relevant to its claim. Further, to fully respond to the interrogatory, defendants would have needed to reveal information about their finances which could have been both confidential and irrelevant. The interrogatory, as phrased, was too expansive.

**OUTCOME:** The court granted defendants' motion for a protective order.

**CORE TERMS:** discovery, protective order, interrogatory, disclosure, reasonably calculated to lead, issuance, discovery of admissible evidence, relevant evidence, good cause, fishing expeditions, admissibility, relevancy, joint account, opposes, opened, stolen

**LexisNexis(R) Headnotes**

*Civil Procedure > Discovery > Protective Orders*
[HN1]See Fed. R. Civ. P. 26(c).

*Civil Procedure > Discovery > Protective Orders*
[HN2]The decision to enter a protective order is within the court's discretion. Fed. R. Civ. P. 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.

*Civil Procedure > Discovery > Relevance*
*Evidence > Relevance > General Overview*
[HN3]The discovery rules are accorded a broad and liberal treatment to affect their purpose of adequately in-

forming litigants in civil trials. Further, relevancy is broadly construed and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter in the action or if there is any possibility that the information sought may lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Nevertheless, discovery does have ultimate and necessary boundaries, and it is well established that the scope of discovery is within the sound discretion of the trial court.

*Civil Procedure > Discovery > Relevance*
*Evidence > Relevance > General Overview*
[HN4]Court's have recognized that while it is true that relevance in discovery is broader than that required for admissibility at trial, the object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue. Further, the information must be reasonably calculated to lead to the discovery of admissible evidence. Courts have also recognized that the legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery.

**COUNSEL:** For GARCEL INC, plaintiff: J. David Forsyth, Melissa M. Savoie, Sessions, Fishman & Nathan, LLP, New Orleans, LA.

For GARCEL INC, plaintiff: Ruth A. Bahe-Jachna, Thomas S. Ratcliffe, Greenberg Traurig, LLP, Chicago, IL.

For HIBERNIA NATIONAL BANK, defendant: Thomas J. Lutkewitte, Favret, Demarest, Russo & Lutkewitte, New Orleans, LA.

For LARI IMPORTS COMPANY, INC., AHMAD A LARI, MOHAMMAD LARI, KOBRA SARKHOSH LARI, defendants: Wade P. Webster, Middleberg, Riddle & Gianna, New Orleans, LA.

For LARI IMPORTS COMPANY, INC., AHMAD A LARI, MOHAMMAD LARI, KOBRA SARKHOSH LARI, defendants: Ronald Joseph Vega, DeMartini, D'Aquila & Volk, Kenner, LA.

**JUDGES:** KAREN WELLS ROBY, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** KAREN WELLS ROBY

**OPINION**

On November 15, 2001, the defendants, Lari Imports Company Inc., Ahmad A. Lari, Mohammad Lari and Kobra Sarkhosh Lari, filed **a Motion for Protective Order (Doc. # 26)** requesting that Hibernia National Bank ("Hibernia") be barred from producing to Garcel, Inc., their personal banking records. Garcel, Inc. d/b/a Great American Asset Management ("Great American") opposes the motion claiming that [*2] the motion was filed in an attempt to preclude Great American from obtaining evidence of the defendants' wrongful conduct.

**I. Factual Background**

This suit arises out of a claim brought by Great American against the defendants alleging the misappropriation of funds from a joint bank account opened by Lari Imports and Great American. The account was opened at Hibernia National Bank ("Hibernia") in order to hold funds generated from a going-out-of-business sale that Great American conducted for Lari Imports.

Great American and Lari Imports entered into a contract in which the parties agreed that the proceeds from the sale were to be deposited into the joint account. It was also agreed that specified expenses were to be paid from the account and the net proceeds were to be divided between Great American and Lari Imports. The plaintiffs claim that Lari Imports violated the agreement by instructing Hibernia to eliminate Great American's signature rights on the account and by subsequently draining all funds from the account to deposit them into other accounts held by Hibernia on behalf of Lari Imports. They further allege that the funds were then transferred into the Hibernia [*3] accounts of Ahmad Lari, Mohammad Lari, and/or Kobra Sarkhosh Lari ("individual Lari's"). They also allege that Hibernia breached the agreement by allowing Lari Imports to remove Great American's signing rights to the joint account.

On October 5, 2001, Great American propounded the following interrogatory upon Hibernia in an effort to obtain records related to the Operating Accounts and other Hibernia Accounts held by the individual Lari's:

Interrogatory # 6

> Identify all transactions executed on any account held at Hibernia by any of the Lari's or Lari Imports on or after May 1, 2000; identify all persons which you believe may have personal knowledge of such transactions; identify all communications relating to such transactions.

The Lari's object to this interrogatory contending that it is not reasonably calculated to lead to the discov-

ery of relevant evidence. They contend that information relating to the individual Lari's personal accounts is not relevant because payments by Lari Imports Company, Inc. to its employees or shareholders is not evidence that these individuals converted funds. They thus request that this Court issue a protective order preventing them from [*4] providing this information. Garcel opposes the motion claiming that its requests are relevant in that it will establish transfer of the stolen funds to the individual Lari's and possession of stolen funds by the individual Lari's. Garcel also claims the information requested is relevant because it is entitled to review all records from the Operating Accounts to determine whether or not their was any illicit use of the funds from the Operating Accounts.

## II. Analysis

Rule 26(c) of the Federal Rules of Civil Procedure governs the issuance of protective orders. It provides that:

> [HN1]Upon motion by a party or by the person from whom discovery is sought.... and for good cause shown, the court in which the action is pending...may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had;
>
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
>
> (3) that the discovery may be had only by a method of discovery other [*5] than that selected by the party seeking discovery;
>
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;
>
> (5) that discovery be conducted with no one present except persons designated by the court;
>
> If the motion for a protective order is denied in whole or in part, the court, may, on such terms and conditions as are just, order that any party or other person provide or permit discovery.

See Fed. R. Civ. P. 26(c).

[HN2]The decision to enter a protective order is within the court's discretion. *Thomas v International Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995). Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." See *In re: Terra International, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)).

In the instant case, the defendants [*6] seek a protective order claiming that the information sought by Great American is not reasonably calculated to lead to the discovery of relevant evidence. [HN3]The discovery rules are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials. *Herbert v Lando*, 441 U.S. 153, 176, 60 L. Ed. 2d 115, 99 S. Ct. 1635 (1979). Further, relevancy is broadly construed and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter in the action or if there is any possibility that the information sought may lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1); *Beach v City of Olathe*, 2000 U.S. Dist. LEXIS 11759, 2000 WL 960808, *2 (D.Kan. 2000).

Nevertheless, discovery does have "ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507, 91 L. Ed. 451, 67 S. Ct. 385 (1947)), and "it is well established that the scope of discovery is within the sound discretion of the trial court. [*7] " *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994). [HN4]Court's have recognized that while it is true that relevance in discovery is broader than that required for admissibility at trial, "the object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue."

*Zenith Electronics Corp. v Exzec, Inc.*, 1998 U.S. Dist. LEXIS 215, 1998 WL 9181, *3 (N.D.Ill 1998) (quoting *Piacenti v. General Motors Corp.*, 173 F.R.D. 221, 223 (N.D.Ill.1997)). Further, the information must be "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Courts have also recognized that "the legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Id.*

Here, in its interrogatory # 6, Great American has requested that Hibernia "identify all transactions executed on any account held at Hibernia by any of the Lari's or Lari Imports on or after May 1, 2000...." The Court finds that this request is overly broad, even by the liberal standards of the Federal Rules of Civil Procedure. [*8] Ordering Hibernia to produce "all transactions....after May 1, 2000" would grant Great American the opportunity to engage in a fishing expedition in an effort to obtain any information that may be relevant to its claim. Further, to fully respond to Great American's interrogatory, the Lari's would have to reveal information about their finances which might be both confidential and irrelevant. The Court does not deny Great American's right to trace allegedly misappropriated funds, in light of the claims at issue. However, as presently phrased, Great American's interrogatory is too expansive. Accordingly,

**IT IS ORDERED** that the **Motion for Protective Order (Doc. # 26) is GRANTED.**

**KAREN WELLS ROBY**

**UNITED STATES MAGISTRATE JUDGE**