# Ex. S

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § § § § § § § § | |
| | § | C.A. NO. 08-4022 |
| v. | § | JURY TRIAL DEMANDED |
| CISCO SYSTEMS, INC. | | |

## PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO CISCO SYSTEM, INC.'S FIRST SET OF INTERROGATORIES

TO: Cisco Systems, Inc., by and through its attorneys of record, Mr. Charles Babcock, Mr. Richard Griffin and Ms. Crystal Parker, JACKSON WALKER, LLP, 1401 McKinney, Suite 1900, Houston, Texas 77010.

COMES NOW, John Ward, Jr., Plaintiff, and submits these supplemental objections and answers, under oath, to the Interrogatories propounded to him by Cisco Systems, Inc., in accordance with Rule 33 of the Federal Rules of Civil Procedure.

_____
Nicholas H. Patton
State Bar No. 63035
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
California Bar No. 206440
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street
Emeryville, California 94608
Telephone: 510.268.8033

ATTORNEYS FOR PLAINTIFF

Plaintiff sets forth his specific objections and responses below:

**INTERROGATORY NO. 1:**

**Identify each person in the United States District Court for the Eastern District of Texas with whom you have communicated in either oral or written form regarding either the ESN Texas Case or ESN Connecticut Case.**

**ANSWER TO INTERROGATORY NO. 1:**

Plaintiff specifically objects to Defendant's interrogatory for the following reasons: (1) the interrogatory seeks attorney-client communications that are privileged from disclosure. in that it seeks communications with any person concerning the ESN cases (without any limitations as to subject-matter or time), which would necessarily include Plaintiff's client, ESN, and his counsel in connection with this case. The breadth of this request would require Plaintiff to respond with every communication he has ever had with his client and legal counsel from whom he has sought advice in connection with the above-captioned case. Asking Plaintiff to identify every such communication is burdensome, unreasonable and harassing.; (2) the interrogatory is overly broad, overly burdensome and oppressive and fails to limit the information sought to a reasonable number of persons or a reasonable time period; (3) Cisco's definition of "You" is unreasonably over broad and unduly burdensome to the extent it purports to require Plaintiff to respond with information in the possession of any company, individual, or entity not under his control. Plaintiff also objects to Cisco's definition of "You" as being unreasonably broad, unduly burdensome in including anyone who has ever acted on behalf of John Ward. Jr" without any attempt to narrow the definition to persons reasonably connected to the above captioned case or without any attempt to reasonably narrow the temporal scope of the request; (4) Plaintiff objects to Cisco's Definition of the word "person" as unreasonably broad, unduly burdensome

3

and oppressive in seeking a responses from all persons without making an attempt to reasonably narrow the temporal scope of the request

Subject to the foregoing objections, Plaintiff responds as follows: Plaintiff was counsel of record on a Motion to Enjoin Defendants Cisco and Linksys From Prosecuting Later-Filed Parallel Litigation in Connecticut filed by ESN and submitted to Judge Folsom in the *ESN v. Cisco* case.

On May 1, 2009, Plaintiff had a conference call with Lon Outland. Cisco's local counsel, Mike Jones, was on the call.

Plaintiff's response is based on the information known to him at this time and upon such investigation as is reasonable for Plaintiff to undertake under the circumstances. Plaintiff anticipates conducting additional discovery in this case and he reserves the right to amend and/or supplement his response.

## INTERROGATORY NO. 2:

**Describe in detail each and every instance in which you have requested court personnel (whether state or federal) to change, alter, or modify a court document. Include in your answer the style of the case, court in which the case was pending, court personnel that you spoke with, and specific request that you made.**

## ANSWER TO INTERROGATORY NO. 2:

Plaintiff specifically objects to Defendant's interrogatory for the following reasons: (1) the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that communications regarding other cases where Ward is counsel of record are not relevant to any issue in this case; (2) the interrogatory is overly broad, overly burdensome and oppressive and fails to limit the information sought to a reasonable subject matter, a reasonable number of identified persons, or a reasonable time

4