IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| | § | C. A. NO. 08-4022 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |

**DEFENDANT CISCO SYSTEMS, INC.'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND BRIEF IN SUPPORT**

TO THE HONORABLE DISTRICT COURt JUDGE:

Cisco System, Inc. ("Cisco") hereby files its Motion for Partial Summary Judgment and Brief in Support. By this Motion, Cisco requests that summary judgment be entered dismissing Plaintiff's claims for the torts of outrage (Count 2) and false light invasion of privacy (Count 3), because Texas law, not Arkansas law, governs Plaintiff's claims, and Texas does not recognize those causes of action.

### I. FACTS

Plaintiff John Ward, Jr. brought this action on March 13, 2008, claiming that Cisco published defamatory articles about him that damaged his reputation and caused him mental anguish. Plaintiff's live pleading, his First Amended Complaint, was filed on June 2, 2009. In his First Amended Complaint, Ward avers that he "has resided and practiced law in the state of Texas since 1995" and that prior to the events made the basis of this lawsuit, he "enjoyed an excellent reputation for personal honesty and integrity." First Amend. Comp. ¶ 6. The events described in the allegedly defamatory articles – namely, the filing of a lawsuit by ESN, LLC, for whom Ward served as local co-counsel, against Cisco – occurred in the geographic area comprising the Eastern District of Texas and, specifically, Texarkana, Texas. *See id*. ¶¶ 14-28.

1 of 10

The alleged defamation consisted of statements by a Cisco employee concerning the timing of ESN's local counsel's filing of the lawsuit against Cisco and whether ESN's local counsel convinced the Clerk of the United States District Court for the Eastern District of Texas to alter the filing date of the ESN lawsuit. *See id*. at ¶¶ 32-34. One of the allegedly defamatory statements quoted in the First Amended Complaint expressly referred to the Eastern District of Texas. *See id*. at ¶ 33. Ward claims that Cisco's statements are defamatory, in part, because they accuse him of violating section 37.10(a)(1) of the Texas Penal Code, and such conduct "could result in disciplinary proceedings before the State Bar of Texas[.]" *Id*. at ¶ 35.

Ward also alleges that Cisco's alleged defamation continued after Cisco's attorneys in Texas contacted the clerk's office of the United States District Court for the Eastern District of Texas and determined what actually happened. *See id*. at ¶¶ 51-53, 61. In addition, Ward alleges that Cisco continued to publish defamatory statements after Cisco received an e-mail from the Chair of the Eastern District of Texas's Rules Committee. *See id*. at ¶¶ 59. Yet another allegedly defamatory statement made the basis of Ward's claims was allegedly made by Cisco's Texas counsel in this case. *See id*. at ¶ 67. Plaintiff alleges that "Cisco was aware that Plaintiff represents companies involved in patent infringement lawsuits in the Eastern District of Texas" and that persons reading Cisco's statements "would view Plaintiff as an unethical lawyer practicing law in the 'Banana Republic of East Texas.'" *Id*. at 68, 82. Ward also alleges that Cisco published the allegedly defamatory statements in order to "gain a litigation advantage in the *ESN v. Cisco* litigation," which was pending in the Eastern District of Texas, and that Ward brought the present lawsuit in order to "'curry favor with the local judges'" in Texas. *Id*. at 84. In addition, two verifications filed by Ward in this case (Docs. Nos. 9, 73) were executed in Bowie and Gregg counties, Texas, and were verified by Texas Notary Publics.

Finally, the evidence of any reputational harm suffered by Ward concerns his reputation in the Eastern District of Texas. *See* Deposition of Robert Chiaviello, Jr., at 70:1-5 ("It was – it is my perception that [Cisco] created this negative view of the Eastern District of Texas and the local – as they would say, the local counsel and the lawyers who practice in that district."); *id.* at 25:16-17 (stating that Cisco harmed Ward's reputation among "the lawyers who practice in Texas and particularly in the Eastern District of Texas generally") (attached hereto as Exhibit A). And Mr. Ward testified that his reputation was harmed among "[f]olks that were doing patent litigation in the Eastern District" of Texas. Deposition of John Ward, Jr., at 53:5-56:15 (attached hereto as Exhibit B).

Plaintiff does not allege that any material event or injury relevant to this lawsuit occurred in Arkansas. *See* First Amend. Comp., *passim*. Mr. Ward has never lived in Arkansas or owned property in Arkansas, and he is not a member of any Arkansas bar association. *See* Ward Depo., at 141:1-14.

Cisco is a California corporation with its principle place of business in California. There are no allegations of any conduct by Cisco in California or Arkansas.

## II.  ARGUMENT AND AUTHORITIES

A.  **Texas Substantive Law Governs Plaintiff's Claims.**

Neither Plaintiff's Original Complaint nor Plaintiff's First Amended Complaint alleges that the substantive law of any particular state applies. However, when Cisco moved to dismiss Ward's outrage and false light claims (Doc. No. 70), Ward filed a Verification (Doc. No. 71) and a Response (Doc. No. 74) which indicate that Ward seeks to try his claims under the substantive law of Arkansas. The undisputed facts of this case, however, require that the Court apply Texas law.

As set forth in *Lane v. Celadon Trucking, Inc.*, 543 F.3d 1005 (8th Cir.2008), a district court sitting in diversity must apply the choice-of-law rules of the state in which it sits. Because this Court sits in Arkansas, Arkansas choice-of-law principles will apply in this diversity case. Further, because this is a tort case, the Court should apply the choice-of-law rules that Arkansas courts use in tort cases. *See id.*, 543 F.3d at 1009.

"Under Arkansas law, first [the Court] must decide which state has the most significant relationship to the parties and the issues." *Id*. at 1010.  In this case, it is undisputed that the Plaintiff's office is in Longview, Texas; he alleges the injury to his business reputation occurred in Texas; the only evidence of injury to reputation concerns his not being hired for cases in Texas; Texas is more convenient for Cisco because it has already tried an almost identical case there (as have Ward's counsel);[1] Texas has a stronger interest in resolving an issue involving a Texas plaintiff regarding a publication about an incident that occurred in Texas; and there are no witnesses in Arkansas.  Furthermore, this case has no material factual connection to Arkansas, as Mr. Ward has never lived in Arkansas or owned property in Arkansas, and he is not a member of any Arkansas bar association.  This case's only connection with Arkansas is that Plaintiff chose to file in Arkansas.  Texas plainly has the most significant relationship to the parties and the issues.

The next step under Arkansas conflict-of-law principles is to apply Leflar's five choice-influencing factors. *Lane*, 543 F.3d at 1010, citing *Gomez v. ITT Educ. Services, Inc.,* 348 Ark. 69, 71 S.W.3d 542, 546 (2002).  The first factor, predictability of results, "'includes the . . . ideal that the decision in litigation on a given set of facts should be the same regardless of where the litigation occurs, so that forum-shopping will benefit neither party.'" *Id*. at 1010-11, quoting

---

[1] That case, *Albritton v. Cisco, et al.*, No. 6:08cv00089, in the United States District Court for the Eastern District of Texas, Tyler Division, was brought by Ward's co-counsel in the ESN lawsuit against Cisco, was based on the exact same factual allegations against Cisco as Ward brings in this case, and was tried under Texas substantive law.

*Gomez,* 71 S.W.3d. at 547 (in turn quoting Robert A. Leflar, AMERICAN CONFLICTS LAW § 103 at 205 (3d ed.1977)). Predictability is particularly important to Cisco. Cisco has already tried a factually identical defamation case brought against it by Ward's co-counsel, Mr. Albritton, in the ESN litigation against Cisco, and that defamation case was tried under Texas law. Even if venue is proper in the Western District of Arkansas, Cisco should be entitled to defend identical allegations by Mr. Albritton's co-counsel, Mr. Ward, under the same laws that applied to Mr. Albritton's claims. The application of Texas law in this case fosters predictability.

When the forum state has little or no contact with a case and nearly all of the significant contacts are with another state, as here, the second factor, maintenance of interstate and international order, suggests that the forum should not apply its own law to the dispute. *Id*. at 1011, citing *Hughes v. Wal-Mart Stores, Inc.,* 250 F.3d 618, 620-21 (8th Cir.2001). In the present case, this factor points towards application of Texas law because the only contact with Arkansas is the fact that Ward filed suit there; no material facts in this case occurred in Arkansas and Plaintiff has no significant relationship to Arkansas.

The third consideration, simplification of the judicial task, also favors application of Texas law. As shown below, two of the torts alleged in this case – outrage and false light – are not recognized under Texas law, and this will simplify the trial of this action.

The fourth factor, advancement of the forum's governmental interests, clearly favors application of Texas law. Principles of comity argue in favor of a court sitting in Arkansas applying the law of the state, Texas, in which virtually all of the operative events occurred. Furthermore, even if Ward can adduce evidence that he was somehow injured in Arkansas, and he plainly has not, "'even then, courts have recognized that the state's interest is only slight and

does not support application of its law to the litigation.'" *Id*. at 1011, quoting *Hughes v. Wal-Mart,* 250 F.3d at 621.

The fifth and final consideration is the better rule of law. Recognizing that "states often have competing policy considerations for governing similar transactions or events in different manners such that the laws do not necessarily lend themselves to being labeled either 'better' or 'worse,'" the Eighth Circuit has counseled that courts should refrain from pronouncing the better law when the other Leflar factors point decidedly toward the application of one state's law. *Id*. at 1011, quoting *Hughes v. Wal-Mart,* 250 F.3d at 621. Because the other considerations mandate that Texas law applies in this case, this Court need not undertake the task of ascertaining which state's defamation and emotional injury laws are better. "It is especially appropriate to not have to determine which subrogation law is 'better' where, as here, which is better is a question of differing social policies reflected in the different choices made by state legislatures." *Id*.

Accordingly, because Texas has the most significant relationship to the parties and the issues, and because the Leflar factors favor Texas, Texas law applies to this case.

**B.**     **<u>Summary Judgment Standard.</u>**

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Summary judgment 'should not be granted unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy.'" *Vacca v. Viacom Broadcasting, Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989) (quoting *Snell v. United States,* 680 F.2d 545, 547 (8th Cir. 1982)).

### C. Cisco is Entitled to Summary Judgment on Plaintiff's Claims for False Light Invasion of Privacy and Outrage.

Although other jurisdictions, including Arkansas, recognize the tort of "false light" as a type of invasion of privacy, the Texas Supreme Court explicitly rejected that cause of action in *Cain v. Hearst Corp.*, 878 S.W.2d 577 (Tex. 1994). The Texas court refused to recognize a cause of action for false light invasion of privacy because (1) it duplicates other rights of recovery under Texas law, particularly defamation, and (2) it lacks many of the procedural limitations for defamation, "thus unacceptably increasing the tension that already exists between free speech, constitutional guarantees and tort laws." *Id*. at 584. Accordingly, this Court should enter summary judgment dismissing Plaintiff's claim against Cisco for false light invasion of privacy. *See Mosley v. Roadway Exp. Inc.*, 2009 WL 1064182, at *13 & n.6 (S.D. Tex. April 17, 2009) (entering summary judgment dismissing false light claim under *Cain*).

The same reasoning applies to Plaintiff's claim for outrage. Under Arkansas law, the tort of outrage can be prosecuted as a form of negligence which produces emotional distress. *See McAdams v. Curnayn*, 96 Ark. App. 118, 126, 239 S.W.3d 17, 22 (2006) (holding that "the tort of outrage . . . [is] wholly dependent upon there being a valid negligence claim").[2] Indeed, Plaintiff has pleaded his outrage claim as a negligence claim, alleging not that Cisco intended to cause him emotional distress, but that Cisco "knew or should have known its conduct would naturally and probably result in emotional distress to the Plaintiff." First Amend. Comp. ¶ 81. Contrary to Plaintiff's pleading, however, the Texas Supreme Court refused to adopt the tort of

---

[2] The elements of a claim for outrage under Arkansas law are as follows:
> To establish an outrage claim, a plaintiff must demonstrate the following elements: (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was "extreme and outrageous," was "beyond all possible bounds of decency," and was "utterly intolerable in a civilized community"; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.

*McQuay v. Guntharp,* 331 Ark. 466, 470-71, 963 S.W.2d 583, 585 (1998).

negligent infliction of emotional distress. *See Boyles v. Kerr*, 855 S.W.2d 593 (Tex.1993). Instead, the Texas Supreme Court has recognized the tort of intentional infliction of emotional distress. *See Twyman v. Twyman,* 855 S.W.2d 619, 621-22 (Tex.1993). This tort requires a plaintiff to plead and prove intentional wrongful conduct and has different elements than the Arkansas tort of outrage:

> The elements of an intentional infliction claim are (1) the defendant acted intentionally and recklessly, (2) the conduct was extreme and outrageous, (3) the defendant's actions caused the plaintiff emotional distress, and (4) the plaintiff's emotional distress was severe.

*Id*.

Accordingly, because Texas does not recognize a tort of outrage and Plaintiff has not pleaded a claim for the Texas tort of intentional infliction of emotional distress, Cisco is entitled to summary judgment on Ward's claim of outrage.

### III.  CONCLUSION

For the reasons set forth above, Cisco requests that the Court find and order that Texas substantive law applies to and governs all of Plaintiff's claims against Cisco, and to Cisco's defenses to Plaintiff's claims, and that Cisco be granted a summary judgment of dismissal against Plaintiff's claims for false light invasion of privacy and outrage.

       Respectfully submitted,

JACKSON WALKER L.L.P.

   */s/ Kurt Schwarz*
   Charles L. Babcock
   Federal Bar No.: 10982
   Email: cbabcock@jw.com
   Richard E. Griffin
   Arkansas Bar No.: 63020
   Email: rgriffin@jw.com
   Crystal J. Parker
   Federal Bar No.: 621142
   Email: cparker@jw.com
   1401 McKinney
   Suite 1900
   Houston, Texas 77010
   (713) 752-4200
   (713) 752-4221 – Fax
   Kurt A. Schwarz
   Jackson Walker L.L.P.
   901 Main Street, Suite 6000
   Dallas, Texas 75202
   Telephone: (214) 953-6000
   Telecopier: (214) 953-5822

 ATTORNEYS FOR CISCO SYSTEMS, INC.

## **CERTIFICATE OF SERVICE**

      This is to certify that on October 13, 2009, a true and correct copy of the foregoing was served via electronic mail upon:

| | |
|---|---|
| Patricia L. Peden | Nicholas H. Patton |
| Law Offices of Patricia L. Peden | Patton, Tidwell & Schroeder, LLP |
| 5901 Christie Avenue | 4605 Texas Boulevard |
| Suite 201 | P.O. Box 5398 |
| Emeryville, CA 94608 | Texarkana, Texas 75505-5398 |
| ***Attorney for John Ward, Jr.*** | ***Attorney for John Ward, Jr.*** |

      */s/ Kurt Schwarz*
      Kurt Schwarz