EXHIBIT "B"

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| | § | C. A. NO. 08-4022 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| | § | |
| CISCO SYSTEMS, INC. | § | |

## AFFIDAVIT OF CRYSTAL PARKER

STATE OF TEXAS            §

COUNTY OF HARRIS          §

Before the undersigned personally appeared Crystal Parker, a person known to me, who, after being duly sworn, testified upon her oath as follows:

1.      My name is Crystal Parker, I am over 21 years of age and competent in all respects to testify to the matters stated herein, all of which are within my personal knowledge and are true and correct.  As counsel for Cisco Systems, Inc., I participated in the meet and confer discussions concerning Cisco's System, Inc.'s Motion to Compel Responses to Cisco's First Request for Production (the "Motion").

2.      Cisco, through its counsel, attempted on many occasions to resolve the issues in the Motion without Court intervention and met and conferred in good faith regarding each of the issues set forth in the Motion.

3.      On May 12, 2009, Cisco provided to counsel for John Ward, Jr. ("Plaintiff") a detailed letter setting forth the deficiencies in Plaintiff's Response to Cisco System, Inc.'s First Request for Production.  On May 18, 2009, Plaintiff's counsel Patricia Peden responded by letter that "I believe our objections are well-founded and that our responses are accurate and complete."

4.      On May 21, 2009, Ms. Peden and Nick Patton, counsel for Plaintiff, and Mary Lou Flynn-Dupart and Crystal Parker, counsel for Cisco, conducted a 50-minute meet and confer about the responses to Cisco's requests for production and requests for admissions, during which counsel for Cisco addressed the May 12 letter referenced above.  Email correspondence regarding that call is attached as Exhibit B-1, and a phone record reflecting the call is attached as Exhibit B-2.  Ms. Peden indicated on that call that Plaintiff was unwilling to compromise on almost all the issues set forth in the May 18 letter, but indicated that a few minor issues remained outstanding.

5.      On June 9, 2009, the parties discussed the responses to the requests for production for a second time, along with discussions of other issues. After that call, counsel for Defendant sent Plaintiff's counsel an email confirming the discussion. A copy of the email is attached as Exhibit B-3. Plaintiff agreed to remove the impermissible blanket objections from his responses and to state where he had no responsive documents, which was the main reason for the agreed amendment. Plaintiff also agreed to make a few other minor revisions to the responses, but the parties reached an impasse regarding almost every other issue set forth in the May 12 letter, and those issues were ripe for decision by the Court.

6.      On June 19, 2009, Plaintiff served "supplemental" responses to the requests for production. The "supplemental" responses confirmed Plaintiff's refusal to correct many of the same deficiencies addressed in the May 12 letter and the two phone conversations. Instead, it added new objections, and Plaintiff continued to refuse to produce the requested documents. Defendant never agreed that Plaintiff could add new, untimely objections. Counsel for Cisco advised Plaintiff's counsel by phone that these new objections were improper and urged Plaintiff not to do the same thing in subsequent meet and confer sessions. Plaintiff's counsel disagreed. In subsequent meet and confer sessions for amendments to discovery responses, Defendant advised Plaintiff by letter that it could not wait so long next time for amendments to discovery because Plaintiff had abused the meet and confer process by purporting to "supplement" discovery, but instead just added new objections and made almost none of the revisions Defendant had requested, which wasted valuable time. That letter is attached as Exhibit B-7.

7.      On several occasions in late July and August, Defendant tried again to reach an agreement with respect to the responses. For instance, on July 31, 2009, counsel for Defendant sent Plaintiff's counsel an email regarding a new "agreement" regarding privilege that she had referenced in the "supplemental" responses. The parties corresponded several times regarding this matter and discussed the issue by phone. Emails relating to this issue are attached as Exhibit B-5. As that email correspondence reflects, on August 19, 2009, Plaintiff confirmed by email that the parties had reached an impasse on the issue. On August 24, 2009, the parties conducted a call regarding privilege and other issues. Email correspondence regarding that call is attached as Exhibit B-4. The parties reached an impasse on that issue as well. At that point, Defendant had met and conferred in good faith on each of the issues in the Motion. With respect to the specific issues Plaintiff raised in the Response to the Motion, those issues are addressed below.

8.      Cisco attempted until the last date possible (the end of the discovery period, which was later extended) to work out issues with Plaintiff, and Plaintiff continued to refuse.

9.      Plaintiff never contacted Cisco after the Motion was filed to resolve or narrow the issues. Indeed, after Plaintiff missed the deadline to respond to the Motion to Compel, Plaintiff's counsel contacted counsel for Defendant and requested more time to respond, which Defendant agreed to, yet Plaintiff never indicated to Cisco that there was any room for agreement or narrowing of the issues for the Court.

10.      **Meet and confer regarding "premature" objections.** By letter dated May 12, 2009, Cisco advised Ward that the objections to numerous requests on the basis that they were premature were unfounded and requested that Plaintiff remove these objections and comply fully

with each request. Plaintiff refused by letter dated May 18, 2009. Counsel for the parties conducted a meet and confer during which counsel for Defendant discussed each paragraph of the May 12, 2009, letter, one by one, with Ms. Peden and requested that she remove the objections. Despite Cisco's efforts, Plaintiff refused to remove the many "premature" objections.

11.     **Meet and confer regarding non-privileged documents.**  Counsel for Cisco sent Plaintiff's counsel an email on August 24, 2009 specifically requesting the documents on Plaintiff's privileged log that, based on Plaintiff's testimony, are not privileged. Counsel for Cisco advised Plaintiff by email that the end of the discovery period was approaching and that Defendant would have to file a motion if the non-privileged documents were not produced. That email is attached as Exhibit B-6. Plaintiff still failed to produce the documents.

12.     Although Plaintiff produced three of the emails at issue, he refused to produce one of the emails even though Plaintiff's counsel admitted to me that the document at issue contained statements about the Patent Troll Tracker that were not privileged in the same email as a discussion of other legal issues relating to Plaintiff's representation of his client. Defendant offered to accept a redacted version of the communication, leaving the discussion of the Patent Troll Tracker, which Plaintiff's counsel admitted was not privileged, and redacting the privileged portion. Plaintiff refused.

13.     **Meet and confer regarding custody objections**.  Defendant also met and conferred regarding Plaintiff's broad objections to numerous requests that documents were in Cisco's custody and control. Cisco addressed this issue in the May 12 letter referenced above. Thereafter, I had a phone conversation with Ms. Peden wherein Defendant discussed this issue with Ms. Peden. I advised Ms. Peden that if she would just identify the responsive documents in a way that Defendant could locate them, there would be no issue for the Court. Ms. Peden refused.

14.     **Meet and confer regarding Plaintiff's financial and medical records.**  The May 12 letter referenced above also addressed Plaintiff's refusal to produce Plaintiff's financial and medical records. Thereafter, I spoke with Ms. Peden about these issues and advised her that this case is different from the *Albritton v. Cisco* case, where Albritton was not permitted to allege damages to his professional reputation. Plaintiff refused to produce the documents and refused to attempt to reach any compromise on these matters.

15.     **Meet and confer regarding Request Nos. 13 and 15.**  The May 12 letter referenced above also addresses Requests Nos. 13 and 15. During the meet and confer on this issue, I specifically discussed the issue of breadth and pointed out the express limitation of the request to only communications about the <u>filing</u> of the complaint and amended complaint. Plaintiff refused to come to any agreement on these requests in the meet and confer, and to this day has never indicated any willingness to reach an agreement on these requests.

FURTHER AFFIANT SAYETH NOT.



CRYSTAL PARKER

**SUBSCRIBED AND SWORN TO BEFORE ME** on this the 13th day of October , 2009.

Notary Public - State of Texas

MY COMMISSION EXPIRES:

9/28/13

PATRICIA A. NICKERSON
Notary Public, State of Texas
My Commission Expires
September 28, 2013

EXHIBIT "B-1"

## Parker, Crystal

**From:**   Turnock, Holly
**Sent:**   Thursday, October 08, 2009 2:49 PM
**To:**   Parker, Crystal
**Subject:** FW: Ward v. Cisco - meet and confer

---

**From:** Parker, Crystal
**Sent:** Wednesday, May 20, 2009 10:14 AM
**To:** Nick Patton; Patricia L. Peden
**Cc:** Babcock, Chip; Flynn-DuPart, Mary Lou; Adair, Kathy; Marcie Long
**Subject:** RE: Ward v. Cisco - meet and confer

OK great, I will send you a call-in number.


Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217

---

**From:** Nick Patton [mailto:nickpatton@texarkanalaw.com]
**Sent:** Wednesday, May 20, 2009 8:33 AM
**To:** Patricia L. Peden; Parker, Crystal
**Cc:** Babcock, Chip; Flynn-DuPart, Mary Lou; Adair, Kathy; Marcie Long
**Subject:** RE: Ward v. Cisco - meet and confer

All:  I am now available at 12:00 Central, 10 Pacific, if that is what Patty meant.  Anything after 10:30
Central will work for me.

Nick

---

**From:** Patricia L. Peden [mailto:ppeden@pedenlawfirm.com]
**Sent:** Tuesday, May 19, 2009 4:52 PM
**To:** 'Parker, Crystal'
**Cc:** 'Babcock, Chip'; 'Flynn-DuPart, Mary Lou'; 'Adair, Kathy'; Nick Patton
**Subject:** RE: Ward v. Cisco - meet and confer

Crystal:
I am available at 12:00 Central/2:00 Pacific.  Can we set a tentative call for that time.  It needs to be tentative
until Nick responds that he is free.  He is out of the office today so I can't check his schedule.

We would like Cisco to be prepared to address the following outstanding issues as well:

1.   I am still waiting for a reply from Chip about whether Cisco was involved in Baker Botts's decision to circulate a litigation hold notice to its employees
2.   Whether Cisco will agree to a motion seeking to modify the Court's Scheduling Order
3.   Whether Cisco will agree to produce the remaining documents from the Albritton case or if we are going to have to file a motion to compel those documents
4.   Whether Cisco will agree to a forensic examination of Frenkel's hard drive to locate the missing documents, including those referenced in his Nov. 6th Troll Tracker post
5.   Whether Cisco is willing to seek Frenkel's consent to have Google look for and produce his missing documents, including those referenced in his Nov. 6th post
6.   Whether Cisco is going to supplement its responses to our special interrogatories
7.   Whether Cisco is willing to produce documents from Noh and Frenkel given its statement of non-opposition to Ward's subpoenas

Thanks,
Patty


**From:** Parker, Crystal [mailto:cparker@jw.com]
**Sent:** Tuesday, May 19, 2009 12:47 PM
**To:** Peden, Patricia L.
**Cc:** Babcock, Chip; Flynn-DuPart, Mary Lou; Adair, Kathy; nickpatton@texarkanalaw.com
**Subject:** FW: Ward v. Cisco - Correspondence Attached

Patty,

We received your letter and are available to discuss this tomorrow after 11:00 Central.  Please let us know when you are available during that time so we can set up a call.

Also, please let us know when we can expect Ward's document production, which was due last Monday.

Thank you,

Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217


**From:** Marcie Long [mailto:mlong@texarkanalaw.com]
**Sent:** Monday, May 18, 2009 1:07 PM
**To:** Babcock, Chip; Parker, Crystal; Griffin, Richard
**Cc:** ppeden@pedenlawfirm.com
**Subject:** Ward v. Cisco - Correspondence Attached

Please see attached correspondence.

Marcie Long
Paralegal to Nicholas H. Patton
PATTON, TIDWELL & SCHROEDER, L.L.P.
P.O. Box 5398
Texarkana, TX 75505-5398
903.792.7080


10/9/2009

903.792.8233 (Fax)

Confidentiality Note:

The information in this electronic mail ("e-mail") message may be confidential and for use of only the named recipient.  The information may be protected by privilege, work product immunity, or other applicable law.  If you are not the intended recipient, the retention, dissemination, distribution, or copying of this e-mail message is strictly prohibited.  If you receive this e-mail in error, please notify me immediately by telephone at (903) 792-7080 or by e-mail at mlong@texarkanalaw.com .  Further, since e-mail can be altered electronically, the integrity of this communication cannot be guaranteed

10/9/2009

EXHIBIT "B-2"

**Sleighter, Sharon**

| | |
|---|---|
| **From:** | audioconference@jw.com |
| **Sent:** | Thursday, May 21, 2009 1:50 PM |
| **To:** | Sleighter, Sharon |
| **Subject:** | Attendance log for Conference '24210' session starting at 5/21/2009, 13:00 |

Conference Session Attendance Report: (5/21/2009 1:50:25 PM CDT)

Conference 24210 session starting 5/21/2009, 1:00:04 PM CDT
Conference description: 132824.00001
Conference created by: Barnard, Elizabeth
Ports Reserved: 5
Total attendance time: 02:30:07
All times are Central Daylight Time

| Attendee | Start Time | End Time | Duration | Called # | Calling # |
|---|---|---|---|---|---|
| Channel # 20 | 1:00:04 PM | 1:50:25 PM | 00:50:21 | | |
| Channel # 19 | 1:00:23 PM | 1:50:25 PM | 00:50:02 | | |
| Channel # 21 | 1:00:38 PM | 1:50:22 PM | 00:49:44 | | |

1

EXHIBIT "B-3"

## Parker, Crystal

| | |
|---|---|
| **From:** | Patricia L. Peden [ppeden@pedenlawfirm.com] |
| **Sent:** | Wednesday, June 17, 2009 1:14 PM |
| **To:** | Parker, Crystal |
| **Cc:** | nickpatton@texarkanalaw.com; Babcock, Chip; Adair, Kathy; Flynn-DuPart, Mary Lou |
| **Subject:** | RE: Ward's amended discovery responses |

Crystal:

We will provide Cisco with amended responses to Cisco's Request for production by this Friday, June 19th. We will provide Cisco with amended responses to Cisco's Request for Admission by June 26th. We will indicate in Ward's amended responses to Cisco's Request for Production the requests for which Ward has no responsive documents if Cisco agrees to do the same with its responses to Ward's first and second set of RFPs to Cisco and any future RFPs. Please let me know if Cisco will identify in its responses where it has no responsive documents so that we can include that information in our responses on Friday.

Thanks,

Patty

**From:** Parker, Crystal [mailto:cparker@jw.com]
**Sent:** Tuesday, June 09, 2009 11:32 AM
**To:** Patricia L. Peden
**Cc:** nickpatton@texarkanalaw.com; Babcock, Chip; Adair, Kathy; Flynn-DuPart, Mary Lou
**Subject:** Ward's amended discovery responses

Patty,

Please confirm that we have agreed:

1. You will get us an amended response to Cisco's Request for Production by next Friday, June 12.
2. You will get us an amended response to Cisco's Requests for Admission by the following Friday, June 19.
3. You will indicate in Ward's amended response to Cisco's Request for Production the requests for which Ward has no responsive documents.

Please send me an email confirming that this is our agreement. Thank you.

Take care,

Crystal J. Parker
Jackson Walker L.L.P.
1400 McKinney, Suite 1900
Houston, TX 77010
713-752-4200 (main)
713-752-4217 (direct)
713-752-4221 (main fax)
713-754-6717 (direct fax)
Email: cparker@jw.com

Internet Email Confidentiality

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to the addressee), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter. They are not intended or written to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal tax law or otherwise.

EXHIBIT "B-4"

## Parker, Crystal

| | |
|---|---|
| **From:** | Patricia L. Peden [ppeden@pedenlawfirm.com] |
| **Sent:** | Tuesday, August 25, 2009 2:49 AM |
| **To:** | Parker, Crystal |
| **Cc:** | Babcock, Chip; Moran, David; Flynn-DuPart, Mary Lou; Adair, Kathy; nickpatton@texarkanalaw.com |
| **Subject:** | RE: Meet and confer regarding privilege issues in Ward v. Cisco |

Crystal:
My client is unavailable to discuss until Friday. I will talk to him then and get back to you as soon as possible.
Thanks,
Patty

**From:** Parker, Crystal [mailto:cparker@jw.com]
**Sent:** Monday, August 24, 2009 12:31 PM
**To:** Patricia L. Peden
**Cc:** Babcock, Chip; Moran, David; Flynn-DuPart, Mary Lou; Adair, Kathy
**Subject:** Meet and confer regarding privilege issues in Ward v. Cisco


Patty,

In our call today you asked that I provide you with a list of documents from Ward's privilege log that we believe may be subject to waiver. Based on the descriptions, it looks like the following apply: 1, 3-5, 8-17, 15-23. Please let us know your position after you have had a chance to confer with your client.

Thank you,


Crystal J. Parker
Jackson Walker L.L.P.
1400 McKinney, Suite 1900
Houston, TX 77010
713-752-4200 (main)
713-752-4217 (direct)
713-752-4221 (main fax)
713-754-6717 (direct fax)
Email: cparker@jw.com


Internet Email Confidentiality

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to the addressee), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter. They are not intended or written to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal tax law or otherwise.


10/6/2009

EXHIBIT "B-5"

## Parker, Crystal

**From:**    Patricia L. Peden [ppeden@pedenlawfirm.com]
**Sent:**    Wednesday, August 19, 2009 6:46 PM
**To:**      Parker, Crystal
**Cc:**      'Nick Patton'; Flynn-DuPart, Mary Lou; Babcock, Chip; Adair, Kathy
**Subject:** RE: Agreement regarding privilege

Crystal:
I think we have a difference in opinion about the analytical approach to logging privileged documents.

First, agreed that the lawyers do not have to log their communications with their client or among the attorneys working for the client. In these cases that means:
Albritton—no need to log communications between Albritton, Patton, Holmes and Peden.
Ward—no need to log communications between Ward, Patton and Peden.
Cisco—no need to log communications between Cisco employees and Jackson Walker. Cisco is not represented in this case by Baker Botts, Morgan Lewis, McDermott Will, etc. Documents between Cisco and lawyers not representing Cisco in this case must be logged. The log should state the basis of the privilege. To be clear, we are not at this point debating whether they are discoverable; only that they must be on Cisco's log so we know they exist and the basis upon which they are being withheld.

I don't understand your argument about communications where we are wearing "both hats." Nick and I are counsel for the Plaintiff in both cases. If we are discussing one or both of the cases, it is a communication between Patton and Peden, which in either case falls within the category of documents that need not be logged. That does not hold true for Cisco, particularly where Cisco has been adamant in its discovery responses that Baker Botts, Noh and Frenkel are "third parties." Baker Botts cannot be a Cisco lawyer for purposes of the privilege log, but then be a third party when it comes time to respond to discovery. Same for Frenkel and Noh.

As to your assertion that there is a JDA privilege. If you believe documents are properly withheld under a JDA, then the underlying privilege and the JDA must be on Cisco's log. That is because a JDA is not itself a privilege. Nor does a JDA morph an unretained lawyer into a Cisco attorney. Rather, a JDA is a mechanism to share an otherwise valid attorney/client communication with a third party without triggering a disclosure waiver. In other words, it rests on top of and extends an otherwise valid claim of privilege. If the underlying privilege goes away, so does the JDA protection. Obviously, that may become an issue depending on how Judge Hendren rules on the waiver issue pending before him.

It is highly problematic that at this stage of these cases, we don't know who Cisco claims to have a JDA with, when the JDA came to be, and what documents have been withheld on that basis. The point of requiring a privilege log is to alert the other side that you are withholding documents as privileged. Cisco's failure to log documents exchanged with parties other than Cisco and its lawyers has violated the rules, leaving us with no way to determine what documents Cisco is withholding or why. We cannot evaluate the merit of a JDA privilege that we don't know exists until it gets sprung on us in deposition. Cisco has not produced a single document that would put us on notice that a JDA is in place with anyone.

We have not been able to agree on any privilege issue in this case thus far and I don't expect that we will agree on this one either. Please let me know whether you will agree to log the documents as requested. If not, we can bring our dispute before Judge Hendren should it be necessary after he rules on the privilege issue currently before him.

Regards,
Patty

**From:** Parker, Crystal [mailto:cparker@jw.com]
**Sent:** Tuesday, August 18, 2009 7:34 AM
**To:** Patricia L. Peden
**Cc:** Nick Patton; Flynn-DuPart, Mary Lou; Babcock, Chip; Adair, Kathy
**Subject:** RE: Agreement regarding privilege

That was not our agreement. We do not think the Rules require us to log communications among Cisco and its attorneys or among its attorneys in this case for purposes of the rendition of legal services. That would include those with whom Cisco has a joint defense agreement. Why do you think a different rule applies to those communications? Indeed, it would be inconsistent for you to ask us to log those communications when you represent both Ward and Albritton. Are you saying you are required to log all communications where you were wearing both hats--that is representing Ward and Albritton? Or where you and Nick discussed both cases? Or all of your communications with Jamey Holmes? For example, what about your "communication" as Albritton's lawyer sharing documents with Ward's lawyer that were covered by a Protective Order? What about notes or discussions about how strategy in one case affected the other case?


Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217



**From:** Patricia L. Peden [mailto:ppeden@pedenlawfirm.com]
**Sent:** Thursday, August 13, 2009 1:00 PM
**To:** Parker, Crystal
**Cc:** 'Nick Patton'; Flynn-DuPart, Mary Lou
**Subject:** RE: Agreement regarding privilege

Crystal:
Your email is correct in that our agreement is that neither party must log communications between attorney and client or among the client's attorneys that were generated for the purpose of rendering legal services for this case. So in this case, Ward need not log communications with his lawyers or between his lawyers. Cisco need not log communications with its lawyers or between its lawyers.

That being said, we need to know if there are documents exchanged between Cisco and Baker Botts that Cisco has not produced or logged on its privilege log. I understand that Cisco and Baker Botts claim to have a joint defense agreement but because Baker Botts does not represent Cisco in this case, communications between Baker Botts and Cisco concerning this litigation should be logged on your privilege log with a notation that they are being withheld under a JDA. That is also true for communications between Cisco and third parties and attorneys representing third parties, such as Rick Frenkel and John Noh. Documents exchanged with third parties and/or their attorneys should either be produced or logged along with an explanation of the basis of the privilege asserted. Please confirm that you have logged all such documents or that no such documents exist. If you need to discuss the issue further, let me know.


Thanks,
Patty

10/9/2009

**From:** Parker, Crystal [mailto:cparker@jw.com]
**Sent:** Friday, August 07, 2009 1:54 PM
**To:** Parker, Crystal; ppeden@pedenlawfirm.com; Nick Patton
**Cc:** Babcock, Chip; Flynn-DuPart, Mary Lou; Adair, Kathy
**Subject:** RE: Agreement regarding privilege

Patty,

Today in our call you explained that my email below reflects what we agreed. Will you please confirm that this is our agreement. That is, that neither party must is required to log communications among the client and attorneys or among the client's attorneys regarding the Ward v. Cisco litigation for purposes of rendering legal services. For example, we do not require that you log communications you had with Johnny or communications you and Nick had regarding the Ward v. Cisco litigation for purposes of providing legal services to Ward.

Thank you,


Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217


---

**From:** Parker, Crystal
**Sent:** Friday, July 31, 2009 1:08 PM
**To:** ppeden@pedenlawfirm.com; Nick Patton
**Cc:** Babcock, Chip; Flynn-DuPart, Mary Lou; Adair, Kathy
**Subject:** Agreement regarding privilege

Patty,

I noticed in your discovery responses you state on numerous occasions that "Per party agreement, documents exchanged between Ward and his counsel need not be included on Ward's privilege log." There is no such agreement. You and I agreed in a phone conversation that the Federal Rules of Civil Procedure do not require Plaintiff or Defendant to log communications between the client and attorneys or among their attorneys regarding this litigation; there was no agreement beyond that. Presumably all responsive documents came from Ward and thus were "exchanged" between Ward and his counsel, so the "agreement" you mention goes beyond what we discussed.

If you don't agree that this was our agreement, please let me know in writing before our call next Monday.

Thank you,

Crystal J. Parker
Jackson Walker L.L.P.
1400 McKinney, Suite 1900


10/9/2009

Houston, TX 77010
713-752-4200 (main)
713-752-4217 (direct)
713-752-4221 (main fax)
713-754-6717 (direct fax)
Email: cparker@jw.com

Internet Email Confidentiality

Privileged/Confidential Information may be contained in this message.  If you are not the addressee indicated in this message (or responsible for delivery of the message to the addressee), you may not copy or deliver this message to anyone.  In such case, you should destroy this message and kindly notify the sender by reply email.  The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter.  They are not intended or written to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal tax law or otherwise.

10/9/2009

EXHIBIT "B-6"

## Parker, Crystal

| | |
|---|---|
| **From:** | Parker, Crystal |
| **Sent:** | Friday, September 11, 2009 7:26 AM |
| **To:** | Patricia Peden |
| **Cc:** | Nick Patton; Marcie Long; Babcock, Chip; Moran, David; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy; Parker, Crystal |
| **Subject:** | RE: Meet and confer regarding privilege issues in Ward v. Cisco |

Patty, please let me hear from you on this.  When can we expect the documents?  Please email them to me as soon as possible.  As you know, we will be out of the office for the next few weeks, so they need to be sent via email.
Thank you,


Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217


---

**From:** Parker, Crystal
**Sent:** Thursday, September 10, 2009 3:10 PM
**To:** 'Patricia Peden'
**Cc:** Nick Patton; Marcie Long; Babcock, Chip; Moran, David; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy
**Subject:** RE: Meet and confer regarding privilege issues in Ward v. Cisco

Patty,

When can we expect to receive the three documents on Johnny's privilege log?  We need to review these as soon as possible (by tomorrow at the latest) given the discovery deadline to determine whether we need to follow up on the information in the documents and whether we need to depose any additional witnesses.

As we discussed on the phone, please remind me which issues you think are outstanding with your request for production.  My recollection is that the ball was in your court on most of the issues.

As for Tanielian and Timmeny, we are working on determining their availability.  As we mentioned before, we would like to have all of the depositions in California around the same time to avoid making numerous trips there.  Based on our conversation earlier, you will be sending out subpoenas for 10 witnesses to be deposed from Sept. 28-October 1.  Given that, we will need the full week of Sept. 21 for our depositions.  We intend to depose at least the following during that week: Paul and George McAndrews, Bob Chiavello, Ray Niro, Danny Williams, Sam Baxter, Terry Fokas.  I will let you know if there are any others.

As I told you before, we do not agree that we are required to log our privileged communications with Baker Botts.  If you are aware of authority to the contrary, please let us know so we can evaluate your position.

10/9/2009

I thought we had already produced Doc. #14 to you, but we have sent an additional copy (along with a few other documents) in response to a request from Marcie.

We do not agree to produce documents that Judge Bush admitted in the Albritton case, and we continue to assert privilege as to those documents. We believe that those documents are privileged, and indeed Judge Hendren reviewed them in camera and did not find that they are not privileged.

Take care,

Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217

**From:** Patricia Peden [mailto:ppeden@pedenlawfirm.com]
**Sent:** Wednesday, September 09, 2009 12:34 PM
**To:** Parker, Crystal
**Cc:** Nick Patton; Marcie Long
**Subject:** Re: Meet and confer regarding privilege issues in Ward v. Cisco

Crystal:
I have. We will be producing three of the four documents you asked about. For the fourth document, the client expressly states that the email is attorney-client privileged. As you know the privilege is held by the client, and Johnny Ward cannot waive the client's claimed privilege. Therefore, we cannot produce that document.

While we are taking up discovery issues in the Ward case, there are a number of outstanding discovery issues for which Cisco promised us a response weeks ago. You and Mary Lou were going to get back to me about the host of issues relating to Ward's Second Set of RFPs. Please provide me with Cisco's positions as soon as possible. I anticipate that we will need to file a moition to compel. Given the short discovery deadline in the Ward case, I need to have someone working on our motion to compel while we are in the Albritton trial. Thus, I need your responses in the next few days. These issues have been outstanding for a very long time.

We have asked several times for deposition dates for Tannalien and Timmeny. Please provide use with dates as soon as possible. If the discovery deadline in the Ward case is not extended by Court Order this week, we will have no choice but to start noticing up depositions to go forward right after the Albritton trial concludes.

On the privilege issues: you owe us a response to Cisco's position about identifying commulnicaitons with Baker Botts on Cisco's privilege log.

Finally, you promised to produce Privilege Doc. #14 weeks ago, but we still have not received it. Or at least, I don't think we have. Can you please produce that document as well as all other documents that Cisco is withholding from Ward that Judge Bush admitted in the Albritton case, finding that they were not privileged. We will need those documents ASAP so we can move ahead with depositions in the Ward case.

10/9/2009

I would appreciate hearing from you about these issues this week as we will all be consumed with the Albritton trial the next two weeks.

Thanks,
Patty

---

**From:** "Parker, Crystal" <cparker@jw.com>
**To:** Patricia L. Peden <ppeden@pedenlawfirm.com>
**Cc:** "Babcock, Chip" <cbabcock@jw.com>; "Moran, David" <dmoran@jw.com>; "Flynn-DuPart, Mary Lou" <mdupart@jw.com>; "Adair, Kathy" <kadair@jw.com>; nickpatton@texarkanalaw.com
**Sent:** Tuesday, September 8, 2009 8:34:40 PM
**Subject:** RE: Meet and confer regarding privilege issues in Ward v. Cisco

Patty,

Have you had a chance to speak with Johnny about this?  Please let us know.

Thank you,


Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217

---

**From:** Patricia L. Peden [mailto:ppeden@pedenlawfirm.com]
**Sent:** Tuesday, August 25, 2009 2:49 AM
**To:** Parker, Crystal
**Cc:** Babcock, Chip; Moran, David; Flynn-DuPart, Mary Lou; Adair, Kathy; nickpatton@texarkanalaw.com
**Subject:** RE: Meet and confer regarding privilege issues in Ward v. Cisco

Crystal:
My client is unavailable to discuss until Friday.  I will talk to him then and get back to you as soon as possible.
Thanks,
Patty

**From:** Parker, Crystal [mailto:cparker@jw.com]
**Sent:** Monday, August 24, 2009 12:31 PM
**To:** Patricia L. Peden
**Cc:** Babcock, Chip; Moran, David; Flynn-DuPart, Mary Lou; Adair, Kathy
**Subject:** Meet and confer regarding privilege issues in Ward v. Cisco


Patty,

In our call today you asked that I provide you with a list of documents from Ward's privilege log that we believe may be subject to waiver.  Based on the descriptions, it looks like the following apply:  1, 3-5, 8-17, 15-23.  Please let us know your position after you have had a chance to confer with your client.


10/9/2009

Thank you,



Crystal J. Parker
Jackson Walker L.L.P.
1400 McKinney, Suite 1900
Houston, TX 77010
713-752-4200 (main)
713-752-4217 (direct)
713-752-4221 (main fax)
713-754-6717 (direct fax)
Email: cparker@jw.com

Internet Email Confidentiality

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to the addressee), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter. They are not intended or written to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal tax law or otherwise.

10/9/2009

EXHIBIT "B-7"



## JACKSON WALKER L.L.P.

### ATTORNEYS & COUNSELORS

Charles L. Babcock
(713) 752-4210 (Direct Dial)
(713) 308-4110 (Direct Fax)
cbabcock@jw.com

June 22, 2009

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503

Re:   C.A. No. 08-4022; *John Ward, Jr. v Cisco Systems, Inc., et al.*, In the United
      States District Court for the Western District of Arkansas, Texarkana Division

Dear Nick,

I am writing regarding Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories and Plaintiff's Objections and Responses to Defendants' Second Set of Requests for Admissions.

Blanket and form objections.  First, please withdraw all blanket objections, including the "General Objections."  We have discussed several times that these objections are not permitted and yet Ward continues to make them.  In addition, please either remove your privilege objections or identify the privileged communications that are responsive to the interrogatories. Please also remove all form "overly broad" objections.  Please also remove all objections claiming that the interrogatory is "premature."  The Federal Rules provide an obligation to amend if you discover new information, but you cannot use this as a basis to refuse information you have now, especially since the discovery period is almost over.  Please also remove blanket objections that the requests exceed the scope of the Federal Rules of Civil Procedure and objections to the word "alter" as set forth below.

In addition, your objections make it unclear whether you are withholding any responsive information; please amend to state whether you are withholding any information and the basis upon which you are withholding it.

Interrogatory 2.  Ward's response to Interrogatory 2 is deficient in several respects. Please withdraw your objections to the word "alter."  "Argumentative" is not a proper objection to interrogatories.  Moreover, the word "alter" has a simple dictionary meaning that has nothing to do with criminal conduct: "to change; make or become different" (Webster's New World Dictionary, Second Addition, attached hereto).  Moreover, withdraw your improper commentary that "Plaintiff's response is based on information and documents available at this time and upon such investigation as is reasonable for Plaintiff to undertake under the circumstances" and provide a complete response with all the information known to Plaintiff at this time.

June 22, 2009
Page 2

---

Interrogatory 12.  Ward's response to Interrogatory 12 is deficient in several respects. First, you must identify all allegedly privileged communications that have been withheld so that Cisco may assess the privilege with respect to each one (except core work product).  Please also withdraw your objection to the "article", which in the interrogatory is capitalized and which is defined in the definitions to the interrogatories.  Indeed, in response to Interrogatory 16, Ward states that he was "compelled to respond to inquiries from persons and the media seeking to ascertain the true facts surrounding the filing of the ESN Complaint... and the accusations made by Defendant" yet these communications have not been identified.  Please identify all responsive persons and communications as stated in the interrogatory and definitions.

In the past, we have attempted to meet and confer regarding our issues with discovery, and instead of addressing the issues we raised Ward has used it as an opportunity to attempt to expand his objections and waste valuable discovery time.  As such, if we do not receive amended discovery requests that comply with each of these requests within seven days of this letter, we will file a motion to compel on each issue that has not been corrected.  Of course, we are happy to discuss these issue with you before that time if you are interested in doing so and hope that you will address them so that we are not required to seek relief from the Court.

Sincerely,

Charles L. Babcock