# EXHIBIT "C"

Dockets.Justia.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| ERIC ALBRITTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:08-CV-89 |
| | § | |
| CISCO SYSTEMS, INC., RICHARD | § | |
| FRENKEL, MALLUN YEN and | § | |
| JOHN NOH, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING IN PART DEFENDANTS' MOTION IN LIMINE

Pending before the court is the Defendants' motion in limine (docket entry #191). Having considered the Defendants' motion, the Plaintiff's response (docket entry #202), the Defendants' reply (docket entry #221), and the Plaintiff's sur-reply (docket entry #229), the court finds as follows:

1.  Granted, because the Plaintiff's unamended initial disclosures explicitly limit recovery to damages for mental anguish and punitive damages;

2.  Withdrawn (see docket entry #248);

3.  Granted, insofar as Plaintiff may not present or argue a particular formula or calculation model for mental anguish and punitive damages because the Plaintiff has not disclosed any computation of damages;

4.  Denied (see docket entry #256 holding that the Plaintiff may, during the trial of the instant case, use relevant, confidential documents obtained through discovery);

5.  Denied;

6.  Denied, because the Plaintiff's complaint alleges defamation and defamation by omission and juxtaposition has been recognized in Texas and need not be separately pleaded;

7.      Granted;

8.      Granted.  The Plaintiff's rebuttal expert witness, Dr. Charles Silver, shall only testify as a rebuttal witness. Dr. Silver's testimony shall be limited to those matters discussed in his expert witness report;

9.      Denied;

10.     Granted;

11.     Granted;

12.     Granted, insofar as this request is limited to unrelated instances of wrongdoing by other internet bloggers;

13.     Granted; and

14.     Granted.

IT IS SO ORDERED.


**SIGNED this the 8th day of May, 2009.**


_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

-2-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

ERIC M. ALBRITTON,                     §
                                       §
        Plaintiff                      §
                                       §
v.                                     §        No. 6:08cv00089
                                       §            JURY
CISCO SYSTEMS, INC. RICHARD            §
FRENKEL, MAULLUN YEN and               §
JOHN NOH,                              §
                                       §
        Defendant                      §

## DEFENDANTS' MOTION IN LIMINE

TO THE HONORABLE COURT:

Defendants Cisco Systems, Inc. ("Cisco"), Richard Frenkel ("Frenkel"), Mallun Yen

("Yen")[1] and John Noh ("Noh")[2] (collectively, "Defendants") hereby file this Motion in Limine,

and respectfully show the court:

Defendants require that the court prohibit any testimony or mention, reference or inquiry

in the presence of the jury by Plaintiff, his counsel, or any witness called on Plaintiff's behalf

regarding the following issues:

## MOTION IN LIMINE NO. 1:

## EVIDENCE OF DAMAGES NOT DISCLOSED UNDER RULE 26(a)

As the court is aware, Rule 26a(1)(iii) of the FED. R. CIV. P. requires the plaintiff to

disclose "a computation of each category of damages claimed by the disclosing party—who must

also make available for inspection and copying as under Rule 34 the documents or other

evidentiary material, unless privileged or protected from disclosure, on which each computation

---

[1] Subject to her Motion to Dismiss.

[2] Subject to his Motion to dismiss

5436897v 1

is based, including materials bearing on the nature and extent of the injuries suffered." Plaintiff's initial disclosure on this issue, which has never been amended or supplemented, provides **in its entirety**:

### III.

### *COMPUTATION OF ANY CATEGORY OF DAMAGES*

1.      Plaintiff does not seek any economic damages.  Plaintiff seeks **only** an appropriate award of damages for his mental anguish and punitive damages sufficient to deter Defendants from future misconduct.  The amounts of these awards are soundly in the discretion of the jury.

(Exhibit A) (emphasis added).

In lengthy discussions regarding the pretrial order in this case, for the first time it became clear that plaintiff would introduce evidence of reputational damages.

In a defamation case, reputational damages are separate and distinct from mental anguish damages. *Bentley v. Bunton*, 94 S.W.3d 561, 605-07 (Tex. 2002) (reviewing jury verdicts of $150,000 in damages for reputational harm and of $7 million in damages for mental anguish, as separate and distinct from reputational harm); *El-Khoury v. Kheir*, 241 S.W.3d 82, 85 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (upholding jury verdict that awarded plaintiff no damages for reputational harm but reversing jury verdict that awarded plaintiff damages for mental anguish, as separate and distinct from reputational harm).

Evidence of reputational damages or any other damages is prohibited at trial where the party fails to disclose reputational damages.  FED. R. CIV. P. 37(c)(1), 26(a), (e), 16(f); *see Edmonds v. Beneficial Mississippi, Inc.*, 212 Fed. Appx. 334, 338 (5th Cir. 2007) (affirming trial court's order excluding evidence that plaintiff failed to disclose to defendant); *24/7 Records, Inc. v. Sony Music Entertainment Inc.*, 566 F. Supp. 305, 317-18 (S.D.N.Y. 2008) (precluding

evidence on plaintiff's damages theory under Rule 37(c) because plaintiff failed to disclose existence of such damages or evidence of such damages) (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006) (affirming exclusion of lost profits theory of damages that was first introduced in a proposed pre-trial order)).

Evidence of damages that was not disclosed is especially prejudicial to the Defendants because Plaintiff has frustrated discovery on even his mental anguish damages. For example, despite Albritton's abandonment of economic damages, Defendants nevertheless believed his financial health was relevant to his mental health and sought documents and testimony in that regard. The Plaintiff refused to produce any documents and the Defendants' Motion to Compel was denied by the Magistrate Judge (Docket No. 144), and a Motion to Reconsider (Docket No. 152) is pending. The Plaintiff further refused to answer questions at his deposition regarding his financial health, but his counsel agreed that if the motion to compel was granted, plaintiff would resubmit himself for deposition. (Albritton Deposition at pp. 132-34, 156, Exhibit B). This financial information would be relevant to reputational harm, but it has been denied to Defendants. In addition, if reputational harm had been disclosed, Defendants would have conducted discovery of, among other things, Plaintiff's clients.

## MOTION IN LIMINE NO. 2:

### LATE DISCLOSURE OF WITNESSES

Rule 26(a)(1) requires **initial** disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims..." Initial disclosures under Rule 26 were due on June 2, 2008.