Ward v. Cisco Systems, Inc. et al Doc. 116 Att. 2


# Ex. C

Dockets.Justia.com

**Rick Frenkel (rfrenkel)**

**From:** kurt.pankratz@bakerbotts.com

**Sent:** Thursday, October 18, 2007 11:27 AM

**To:** Rick Frenkel (rfrenkel); bart.showalter@bakerbotts.com; Marta Beckwith (mabeckwi); Mark Michels (mmichels); Mallun Yen (myen); Michael Ritter (micritte)

**Cc:** Dan Lang (dlang)

**Subject:** RE: ESN

From the court clerk: Albritton claims the filing date was an error. They submitted the Civil Cover Page on Monday, which I believe opened up electronic filing for the case. He logged on and began submitting the complaint before midnight on Monday, but did not finalize until after midnight (if this happens, you will get the earlier day's date).

This will be muddy.

On a related note, Brian Hollander (ESN's front man) previously worked for Day Berry in Connecticut (in the early 1990's), which is now Day Pitney, Cisco's local counsel for this case.

-----Original Message-----
**From:** Rick Frenkel (rfrenkel) [mailto:rfrenkel@cisco.com]
**Sent:** Thursday, October 18, 2007 11:23 AM
**To:** Showalter, Bart; Pankratz, Kurt; Marta Beckwith; Michels, Mark; Yen, Mallun; Ritter, Michael
**Cc:** Lang, Dan
**Subject:** ESN

The court clerk of the Eastern District of Texas changed the docket and all of the documents to reflect a 10/16 filing date instead of a 10/15 filing date in the ESN case. The result would be, of course, creating subject matter jurisdiction where there was none before. Of course, this is absurd. Kurt, what options do we have?

**Rick Frenkel**
Director, Intellectual Property - Consumer & Emerging Technologies
Cisco Systems, Inc.
Mailing Address: 170 West Tasman Drive, M/S 10/2/1
Physical Address: 300 East Tasman Drive, Second Floor
San Jose, California 95134-1706

Phone: (408) 525-5673
Email: rfrenkel@cisco.com

*The contents of this message and any additions or modifications thereto constitute Cisco confidential information and may be a privileged communication to or from one or more attorneys and/or supporting personnel for purposes of obtaining or facilitating legal advice and/or legal services.*



HIGHLY CONFIDENTIAL

Attorney/Client
Attorney Work-Product

REDACTED

**From:** Mallun Yen (myen)
**Sent:** Thursday, October 18, 2007 10:06 AM
**To:** John Noh (jnoh)
**Cc:** Rick Frenkel (rfrenkel)
**Subject:** RE: ESN

actually someone sent an anonymous tip to trolltracker about this, and perhaps he could reference that.

Mallun Yen
Vice President, Worldwide Intellectual Property
Cisco Systems, Inc.
Direct: 408.527.4213

*The contents of this message and any additions or modifications thereto constitute CISCO CONFIDENTIAL INFORMATION and may be a privileged communication to or from one or more attorneys and/or supporting personnel for purposes of obtaining or facilitating legal advice and/or legal services.*

**From:** John Noh (jnoh)
**Sent:** Thursday, October 18, 2007 10:04 AM
**To:** Mallun Yen (myen)
**Cc:** Rick Frenkel (rfrenkel)
**Subject:** RE: ESN

Mallun, in the simplest terms possible, are you saying that this troll filed a patent lawsuit against us before they even had the patent issued to them?



HIGHLY CONFIDENTIAL

Attorney/Client
Attorney Work-Product

Can we have the TrollTracker do a very simply worded blog about this? I'd love to be able to send it out to a few of the legal reporters and bloggers. I play a game with them now about I have no idea who the TrollTracker is but I read his/her blog religiously.

TT: Would this be hitting too close to home in terms of dotted line between TT and Cisco?

++++++++++++++++
John Noh
Cisco Public Relations
Cisco Systems, Inc.
408-853-8445 (w)
408-242-3852 (m)
jnoh@cisco.com

**From:** Mallun Yen (myen)
**Sent:** Thursday, October 18, 2007 9:47 AM
**To:** Mark Chandler (machandl); Matthew Tanielian (mtanieli); Neal Rubin (nrubin); John Noh (jnoh)
**Subject:** FW: ESN

This is ridiculous. The "buzz" we're getting from various sources is that the local counsel persuaded the court clerk to change the filing date to Oct. 16th.

Neal, the background is that ESN filed a lawsuit against us one day too early -- a day before the patent actually issued. We DJd them in Connecticut, and then yesterday, they arranged for the filing date to be changed to Oct. 16th, the day the patent issued. Neal, including you because I think one of our Alcatel cases was in Texarkana and wondering who we used as local counsel.

Also, Mark, case has been referred to the Magistrate Judge (we've not consented yet), so it may not be Folsom. I left a message for Webb anyway to see what he has to say about this.

Maybe a news story here? Though we'll obviously keep getting data to track down what happened.

Mallun

Mallun Yen
Vice President, Worldwide Intellectual Property
Cisco Systems, Inc.
Direct: 408.527.4213

*The contents of this message and any additions or modifications thereto constitute CISCO CONFIDENTIAL INFORMATION and may be a privileged communication to or from one or more attorneys and/or supporting personnel for purposes of obtaining or facilitating legal advice and/or legal services.*

**From:** kurt.pankratz@bakerbotts.com [mailto:kurt.pankratz@bakerbotts.com]
**Sent:** Thursday, October 18, 2007 9:29 AM
**To:** Rick Frenkel (rfrenkel); bart.showalter@bakerbotts.com; Marta Beckwith (mabeckwi); Mark Michels (mmichels); Mallun Yen (myen); Michael Ritter (micritte)
**Cc:** Dan Lang (dlang)
**Subject:** RE: ESN

I got a tip from a colleague here in town this morning and have been looking into this. I have Jillian getting the complaint with the revised banner right now and getting in touch with the clerk as well. I think this is good for us, since it shows that they know it can't stick on the 15th. Having the court clerk change dates will not change the facts.



**HIGHLY CONFIDENTIAL**

**Attorney/Client Attorney Work-Product**

---

**From:** John Noh (jnoh)
**Sent:** Thursday, October 18, 2007 10:04 AM
**To:** Mallun Yen (myen)
**Cc:** Rick Frenkel (rfrenkel)
**Subject:** RE: ESN

Mallun, in the simplest terms possible, are you saying that this troll filed a patent lawsuit against us before they even had the patent issued to them?

Can we have the TrollTracker do a very simply worded blog about this? I'd love to be able to send it out to a few of the legal reporters and bloggers. I play a game with them now about I have no idea who the TrollTracker is but I read his/her blog religiously.

TT: Would this be hitting too close to home in terms of dotted line between TT and Cisco?

++++++++++++++++
John Noh
Cisco Public Relations
Cisco Systems, Inc.
408-853-8445 (w)
408-242-3852 (m)
jnoh@cisco.com

---

**From:** Mallun Yen (myen)
**Sent:** Thursday, October 18, 2007 9:47 AM
**To:** Mark Chandler (machandl); Matthew Tanielian (mtanieli); Neal Rubin (nrubin); John Noh (jnoh)
**Subject:** FW: ESN

This is ridiculous. The "buzz" we're getting from various sources is that the local counsel persuaded the court clerk to change the filing date to Oct. 16th.

Neal, the background is that ESN filed a lawsuit against us one day too early -- a day before the patent actualy issued. We DJd them in Connecticut, and then yesterday, they arranged for the filing date to be changed to Oct. 16th, the day the patent issued. Neal, including you because I think one of our Alcatel cases was in Texarkana and wondering who we used as local counsel.

Also, Mark, case has been referred to the Magistrate Judge (we've not consented yet), so it may not be Folsom. I left a message for Webb anyway to see what he has to say about this.

Maybe a news story here? Though we'll obviously keep getting data to track down what happened.

Mallun

Mallun Yen
Vice President, Worldwide Intellectual Property
Cisco Systems, Inc.
Direct: 408.527.4213

*The contents of this message and any additions or modifications thereto constitute CISCO CONFIDENTIAL INFORMATION and may be a privileged communication to or from one or more attorneys and/or supporting personnel for purposes of obtaining or facilitating legal advice and/or legal services.*

---

is one of the top trial attorneys in the country. Which of the Winston people did you like? Pete McCabe? Or the other one? Can't remember which of you met them.

Mallun Yen
Vice President, Worldwide Intellectual Property
Cisco Systems, Inc.
Direct: 408.527.4213

The contents of this message and any additions or modifications thereto constitute CISCO CONFIDENTIAL INFORMATION and may be a privileged communication to or from one or more attorneys and/or supporting personnel for purposes of obtaining or facilitating legal advice and/or legal services.

---

From: Mark Chandler (machandl)
Sent: Wednesday, October 17, 2007 2:41 PM
To: Mallun Yen (myen)
Subject: RE: Amended ESN Complaint

Dan Webb claims to be a best friend of Judge Folsom and called me about this case, and claims to have "right" local counsel in Texarkana on his team. I explained to him the DJ strategy but told him we might want to talk to him about getting the case dismissed. Just FYI, let me know if you want to follow up with him.

---

From: Mallun Yen (myen)
Sent: Wednesday, October 17, 2007 2:32 PM
To: Mark Chandler (machandl)
Subject: FW: Amended ESN Complaint

just fyi, as expected

Mallun Yen
Vice President, Worldwide Intellectual Property
Cisco Systems, Inc.
Direct: 408.527.4213

The contents of this message and any additions or modifications thereto constitute CISCO CONFIDENTIAL INFORMATION and may be a privileged communication to or from one or more attorneys and/or supporting personnel for purposes of obtaining or facilitating legal advice and/or legal services.

---

From: Rick Frenkel (rfrenkel)

**From:** Mallun Yen (myen) <myen@cisco.com>
**Sent:** Thursday, October 18, 2007 9:08 PM
**To:** Rick Frenkel (rfrenkel) <rfrenkel@cisco systems.com>; Marta Beckwith (mabeckwi) <mabeckwi@cisco systems.com>; Michael Ritter (micritte) <micritte@cisco systems.com>
**Subject:** RE: Nuance

Notwithstanding this, the correct course of action should have been a Motion to Correct the Docket, and not a unilateral request by one side that the court complied with.

Mallun Yen
Vice President, Worldwide Intellectual Property
Cisco Systems, Inc.
Direct: 408.527.4213

*The contents of this message and any additions or modifications thereto constitute CISCO CONFIDENTIAL INFORMATION and may be a privileged communication to or from one or more attorneys and/or supporting personnel for purposes of obtaining or facilitating legal advice and/or legal services.*

---

**From:** Rick Frenkel (rfrenkel)
**Sent:** Thursday, October 18, 2007 6:01 PM
**To:** Marta Beckwith (mabeckwi); Mallun Yen (myen); Michael Ritter (micritte)
**Subject:** RE: Nuance

Note that I did some Westlaw research today, and a few courts have held that cases are filed NOT when the Civil Cover Sheet is lodged with the Court, NOT when the attorney logs into ECF to file the complaint, even if that's the date stamped on the complaint, but when the complaint is actually received by the Court. The only way to verify that is on the Notice of Electronic Filing, which the attorney should have received after e-filing. From what Kurt found today, that Notice of Electronic Filing probably says 12:01 am.

This comes up a lot in the bankruptcy context. I did find one case that appears to have gone the other way. Since I have almost forgotten how to use Westlaw, we should get whoever we hire to do this case to do a full search, obviously. But I give us only a 10-20% chance of being the first-filed case now.

That being said, I think Marta has the right approach. We don't ask for an extension, and instead we file a motion to dismiss for lack of subject matter jurisiction, or in the alternative, to transfer to Connecticut, where our case was filed only 10 hours later then when ESN alleges their case was filed, and which makes much more sense.

Note that in the Nuance case, there was already pending litigation in DMass, or at least that's what I recall off the top of my head.

**Rick Frenkel**
Director, Intellectual Property - Consumer & Emerging Technologies
Cisco Systems, Inc.
Mailing Address: 170 West Tasman Drive, M/S 10/2/1
Physical Address: 300 East Tasman Drive, Second Floor
San Jose, California 95134-1706

Phone: (408) 525-5673
Email: rfrenkel@cisco.com

*The contents of this message and any additions or modifications thereto constitute Cisco confidential information and may be a privileged communication to or from one or more attorneys and/or supporting personnel for purposes of obtaining or facilitating legal advice and/or legal services.*

---

**From:** Marta Beckwith (mabeckwi)
**Sent:** Thursday, October 18, 2007 5:53 PM
**To:** Mallun Yen (myen); Rick Frenkel (rfrenkel); Michael Ritter (micritte)
**Subject:** Nuance

Patton was local counsel in the Nuance case transferred by Craven from EDTx to DMass. on 1404 grounds. Our alternative argument to no subject matter jurisdiction so dismiss EDTx case is it should not be held against us that DCt does not allow e-filing and so the parties should be deemed to have filed at the same time and case should be transferred to DCt b/c CT has greater connection to case. We might want to investigate Patton as local counsel given this.

| | |
|---|---|
| **From:** | bart.showalter@bakerbotts.com |
| **Sent:** | Tuesday, October 16, 2007 4:31 AM |
| **To:** | Rick Frenkel (rfrenkel) <rfrenkel@cisco.com>; kurt.pankratz@bakerbotts.com; Marta Beckwith (mabeckwi) <mabeckwi@cisco.com>; Michael Ritter (micritte) <micritte@cisco.com>; Mallun Yen (myen) <myen@cisco.com> |
| **Cc:** | Dan Lang (dlang) <dlang@cisco.com> |
| **Subject:** | RE: Urgent - please read - ESN |

Eric Albritton and Johnny Ward, geez. 154(d) should not change fundamental subject matter jxn, cracks me up that they file a complaint before they have a pdf of their own patent. This may suggest that they intend to go with this theory of jumping the gun, which could indicate that they will not try to fix this. The complaint clearly recognizes on its face that the patent has yet to issue. But, given the care to craft a 154(d) recovery I wouldn't put it past them to file another complaint with the patent attached today, still need to stick with our plan. also, claims wilfullness (again all before the patent issues).

quick look at '519, interesting citation of material from PAIR and wayback machine

-----Original Message-----
**From:** Rick Frenkel (rfrenkel) [mailto:rfrenkel@cisco.com]
**Sent:** Tuesday, October 16, 2007 1:34 AM
**To:** Pankratz, Kurt; Showalter, Bart; Marta Beckwith; Ritter, Michael; Yen, Mallun
**Cc:** Lang, Dan
**Subject:** Urgent - please read - ESN

Attached is the complaint, which was just put online. Not only is there a claim for subject matter jurisdiction, but there is also a claim for reasonable royalties for violation of provisional rights under 35 USC 154(d) prior to the date the patent issued. I have never heard of this provision, which I cut and pasted below. This subsection was added in 1999.

Note that as attachments to the complaint, they filed the emails and letters. I think that they still have no subject matter jx under 154(d) until the patent issues, but I can see arguments to the contrary. This won't be such a slam dunk. At the very minimum, we should modify our D/J complaint to add the provisional rights under 154(d), that we don't owe any because the patent as issued isn't substantially identical to the invention as claimed in the published patent application, and that we didn't make/use/offer/sell the invention as claimed in the published patent application. I think if we do this, we can still make the same jurisdictional arguments. Without adding this, they have a hook to keep the case in Texarkana.

(d) PROVISIONAL RIGHTS.-

(1) IN GENERAL.- In addition to other rights provided by this section, a patent shall include the right to obtain a reasonable royalty from any person who, during the period beginning on the date of publication of the application for such patent under section 122(b), or in the case of an international application filed under the treaty defined in section 351(a) designating the United States under Article 21(2)(a) of such treaty, the date of publication of the application, and ending on the date the patent is issued-

(A) (i) makes, uses, offers for sale, or sells in the United States the invention as claimed in the published patent application or imports such an invention into the United States; or

(ii) if the invention as claimed in the published patent application is a process, uses, offers for sale, or sells in the United States or imports into the United States products made by that process as claimed in the published patent application; and

(B) had actual notice of the published patent application and, in a case in which the right arising under this paragraph is based upon an international application designating the United States that is published in a language other than English, had a translation of the international application into the English language.

(2) RIGHT BASED ON SUBSTANTIALLY IDENTICAL INVENTIONS.- The right under paragraph (1) to obtain a reasonable royalty shall not be available under this subsection unless the invention as claimed in the patent is substantially identical to the invention as claimed in the published patent application.

(3) TIME LIMITATION ON OBTAINING A REASONABLE ROYALTY.- The right under paragraph (1) to obtain a reasonable royalty shall be available only in an action brought not later than 6 years after the patent is issued. The right under paragraph (1) to obtain a reasonable royalty shall not be affected by the duration of the period described in paragraph (1).

(4) REQUIREMENTS FOR INTERNATIONAL APPLICATIONS-

(A) EFFECTIVE DATE.- The right under paragraph (1) to obtain a reasonable royalty based upon the publication under the treaty defined in **section 351(a)** of an international application designating the United States shall commence on the date of publication under the treaty of the international application, or, if the publication under the treaty of the international application is in a language other than English, on the date on which the Patent and Trademark Office receives a translation of the publication in the English language.

(B) COPIES.- The Director may require the applicant to provide a copy of the international application and a translation thereof.

**Rick Frenkel**
Director, Intellectual Property - Consumer & Emerging Technologies
Cisco Systems, Inc.
Mailing Address: 170 West Tasman Drive, M/S 10/2/1
Physical Address: 300 East Tasman Drive, Second Floor
San Jose, California 95134-1706

Phone: (408) 525-5673
Email: rfrenkel@cisco.com

*The contents of this message and any additions or modifications thereto constitute Cisco confidential information and may be a privileged communication to or from one or more attorneys and/or supporting personnel for purposes of obtaining or facilitating legal advice and/or legal services.*

**From:** Rick Frenkel (rfrenkel) <rfrenkel@cisco.com>
**Sent:** Tuesday, March 4, 2008 3:55 PM
**To:** Mallun Yen (myen) <myen@cisco systems.com>
**Subject:** FW:

---

**Rick Frenkel**
Director, Intellectual Property - Consumer & Emerging Technologies
Cisco Systems, Inc.
Mailing Address: 170 West Tasman Drive, M/S 10/2/1
Physical Address: 300 East Tasman Drive, Second Floor
San Jose, California 95134-1706

Phone: (408) 525-5673
Email: rfrenkel@cisco.com

*The contents of this message and any additions or modifications thereto constitute Cisco confidential information and may be a privileged communication to or from one or more attorneys and/or supporting personnel for purposes of obtaining or facilitating legal advice and/or legal services.*

**From:** John Noh (jnoh)
**Sent:** Thursday, October 18, 2007 10:25 AM
**To:** Rick Frenkel (rfrenkel)
**Cc:** Mallun Yen (myen)
**Subject:** RE:

Brilliant. Thank you,

John

++++++++++++++++
John Noh
Cisco Public Relations
Cisco Systems, Inc.
408-853-8445 (w)
408-242-3852 (m)
jnoh@cisco.com

**From:** Rick Frenkel (rfrenkel)
**Sent:** Thursday, October 18, 2007 10:23 AM
**To:** John Noh (jnoh)
**Cc:** Mallun Yen (myen)

**Subject:**

http://trolltracker.blogspot.com/2007/10/esn-convinces-edtx-court-clerk-to-alter.html

**From:** Rick Frenkel (rfrenkel) <rfrenkel@cisco.com>
**Sent:** Thursday, October 18, 2007 12:13 PM
**To:** John Noh (jnoh) <jnoh@cisco systems.com>; Mallun Yen (myen) <myen@cisco systems.com>
**Subject:** RE: ESN

---

Stay tuned.

**Rick Frenkel**
Director, Intellectual Property - Consumer & Emerging Technologies
Cisco Systems, Inc.
Mailing Address: 170 West Tasman Drive, M/S 10/2/1
Physical Address: 300 East Tasman Drive, Second Floor
San Jose, California 95134-1706

Phone: (408) 525-5673
Email: rfrenkel@cisco.com

*The contents of this message and any additions or modifications thereto constitute Cisco confidential information and may be a privileged communication to or from one or more attorneys and/or supporting personnel for purposes of obtaining or facilitating legal advice and/or legal services.*

**From:** John Noh (jnoh)
**Sent:** Thursday, October 18, 2007 10:04 AM
**To:** Mallun Yen (myen)
**Cc:** Rick Frenkel (rfrenkel)
**Subject:** RE: ESN

Mallun, in the simplest terms possible, are you saying that this troll filed a patent lawsuit against us before they even had the patent issued to them?

Can we have the TrollTracker do a very simply worded blog about this? I'd love to be able to send it out to a few of the legal reporters and bloggers. I play a game with them now about I have no idea who the TrollTracker is but I read his/her blog religiously.

TT: Would this be hitting too close to home in terms of dotted line between TT and Cisco?

++++++++++++++++
John Noh
Cisco Public Relations
Cisco Systems, Inc.
408-853-8445 (w)
408-242-3852 (m)
jnoh@cisco.com