# EX. H

Dockets.Justia.com

```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      TEXARKANA DIVISION

JOHN WARD, JR.,              *
                             *
V.                           *  C.A. NO. 08-4022
                             *  JURY TRIAL DEMANDED
CISCO SYSTEMS, INC.          *
```

---

ORAL AND VIDEOTAPED DEPOSITION OF

THOMAS JOHN WARD, JR.

AUGUST 10, 2009

---

ORAL AND VIDEOTAPED DEPOSITION of THOMAS JOHN WARD, JR., produced as a witness at the instance of the Defendant, and duly sworn, was taken in the above-styled and -numbered cause on the 10th day of August, 2009, from 9:44 a.m. to 1:21 p.m., before Stacy L. Jordan, CSR in and for the State of Texas, reported by machine shorthand, taken in the law offices of John Ward, Jr., 111 West Tyler Street, City of Longview, County of Gregg, State of Texas, pursuant to the Federal Rules of Civil Procedure.

2f2d3958-9734-4bd6-a835-5e228bec8aca

| | |
|---|---|
| 1 | Q.   Okay.  What's -- |
| 2 | A.   The way I read it, when I -- when I saw it, |
| 3 | was that I would think it'd be a crime to go in and |
| 4 | change a court filing, scratch out a date and put a new |
| 5 | date on it to try and create subject matter |
| 6 | jurisdiction.  I think that'd be illegal -- |
| 7 | Q.   Okay. |
| 8 | A.   -- and -- and unethical. |
| 9 | Q.   Okay.  And you -- your lawyers have shown you |
| 10 | some statutes, but you can't cite us anything? |
| 11 | A.   If you pull out my interrogatory -- you've |
| 12 | got -- you sent a lot of discovery to me, and I would |
| 13 | have looked at it in conjunction with answering my |
| 14 | interrogatories.  So that's -- |
| 15 | Q.   You -- you cited some state bar rules.  I |
| 16 | don't think you cited -- cited a statute, but -- |
| 17 | A.   I think we cite- -- |
| 18 | MS. PEDEN:  Objection to form. |
| 19 | A.   I think we cited some statutes. |
| 20 | Q.   (BY MR. BABCOCK)  Did you?  Okay. |
| 21 | A.   But -- |
| 22 | Q.   If you did, we won't bother to go over this |
| 23 | again. |
| 24 | Let's go back to 3 now.  And this thing |
| 25 | changes. |

1    A.    And I don't -- which one?  The 18th changes?
2    Q.    The 18th changes.  I don't -- I don't believe
3    the 17th changed.
4    A.    Okay.  I thought there was somewhere where he
5    wrote that he'd gotten a couple of e-mails that were
6    critical of what he'd written about us, and I don't
7    remember which article that's --
8    Q.    Yeah, I think that's the November thing that
9    you're talking about.
10   A.    Okay.  Okay.
11   Q.    But --
12   A.    I don't know what made him change it.
13   Q.    Okay.
14   A.    That's -- that's my speculation, but --
15   Q.    Okay.  It looks to me -- but confirm that I'm
16   right -- that it's in the third paragraph.  The first
17   sentence is the same in both Exhibit 3 and Exhibit 17.
18   But then the sentence, "This is yet another example of
19   the abusive nature of litigating patent cases in the
20   Banana Republic of East Texas," that is deleted --
21   A.    Well, there's some -- there were changes
22   before that.
23   Q.    Oh, there were?  Okay.  I'm sorry.
24   A.    He dropped the word "conspiring."
25   Q.    From -- from what paragraph?

1    A.   In that third paragraph, he says "conspiring."
2  He drops "conspiring" and says "helped."
3    Q.   Oh, okay.  I'm with you.  You're right.  So he
4  dropped "conspiring" and put "helped."
5    A.   Right.  And then he adds:  Even if this was a
6  "mistake," which I can't see how it could be, given that
7  someone e-mailed me a printout of the docket from Monday
8  showing the case, the proper course of action should be
9  a motion to correct the docket.
10   Q.   Okay.
11   A.   That's -- that's all new.  And then he dropped
12 that last sentence.
13   Q.   Okay.  And then he's still got the "don't be
14 surprised" part?
15   A.   Right.  But, again, I think he's leaving
16 that -- he knows or can easily find out exactly what
17 happened at that point.  He can -- any number of ways,
18 he knows.
19   Q.   Okay.  He says:  The proper course of action
20 should be a motion to correct the docket.
21        Do you see where he -- he wrote that?
22   A.   Yes.
23   Q.   You think that that is not correct, that
24 that -- that's not the proper way to proceed?
25   A.   I think that we were given two options by the