# EX. I

Dockets.Justia.com

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

THE HERTZ CORPORATION,

   and

TSD RENTAL LLC,

           Plaintiffs,

   v.

ENTERPRISE RENT-A-CAR COMPANY,

   and

THE CRAWFORD GROUP, INC.,

           Defendants.

C.A. No. 1:07-cv-11793 (RGS)

### MOTION TO CORRECT DOCKET

Plaintiffs The Hertz Corporation, Inc. ("Hertz") and TSD Rental LLC ("TSD") (collectively referred to herein as "Plaintiffs") hereby move this Court to correct the filing date erroneously entered by the ECF filing system for this case.  For the reasons set forth below, the correct filing date for this case is **September 25, 2007**, which is the date on which the complaint for this new action was actually transmitted to and received by the District Court for filing, not September 24, 2007, which is the date that was generated electronically by the ECF system.  As evidenced by the ECF Notice received for the filing of the complaint (Exhibit A to Declaration of J. Anthony Downs in Support of Motion to Correct Docket ("Downs Dec.")), and as demonstrated in the attached declarations, the complaint and associated documents were not actually transmitted by counsel for Hertz or received by the District Court and entered onto the ECF system until after midnight very early on September 25th.  Applying established case law,

CISCO2.000001

the Federal Rules, this Court's local rules, and simple common sense indicates that the actual

filing date for this case is September 25, 2007. Plaintiffs ask the Court to order that the docket

(Downs Dec. Ex. G) be corrected as soon as possible to reflect the September 25th filing date. As

further grounds for this motion, Plaintiffs state as follows:

       1.      This new case includes a declaratory judgment action seeking a ruling that a

patent issued to Defendants Enterprise Rent-A-Car Company and The Crawford Group, Inc., on

September 25, 2007 is invalid, not enforceable and not infringed by the Plaintiffs. The case

relates to the existing case between the parties that is already pending before the Court. The

attached Declarations of J. Anthony Downs, counsel for Hertz, and of Nicholas F. Casolaro, the

paralegal who carried out the actual filing, describe that counsel waited until after midnight on

the 25th to actually transmit the new complaint and supporting documents to the Court,

specifically so that the filing date would be recorded on the 25th. See Downs Declaration, ¶ 3;

Casolaro Declaration ¶ 3. The ECF notice recording the transaction (Downs Dec. Ex. A) states:

"The following transaction was *entered by Downs, J. on 9/25/2007 at 0:00 AM EDT* and filed

on 9/24/2007" (emphasis added).

       The recordation of "9/25/07 at 0:00 AM EDT" as the time and date of the transaction

clearly indicates that the actual transmission of the complaint to the Court occurred and that the

document was received by the Court and entered on September 25th. Lower down on the ECF

notice, in the section that begins "The following document(s) are associated with this

transaction," the ECF notice records in the "Electronic document Stamp" field for each

document, the following notation of "[Date=9/25/2007]", even for the Main Document, i.e., the

complaint itself. See Downs Dec. Ex. A. What appears to have happened is that because the

person using the ECF system to carry out the filing after midnight on the 25th, actually logged in

2

CISCO2.000002

to the system late on the 24th to begin the process of getting ready to actually make the filing, the system assigned a filing date of the 24th, even though the actual transmission of the complaint and receipt by the District Court did not occur until the 25th.

      2.     The case law discussing when "filing" occurs in this situation is clear: the filing does not occur until the time and date that the documents were actually received by the District Court, as shown by the time of entry of the transaction on the ECF notice. For example, in *Berman v. Congressional Towers Ltd. Partnership-Section I*, 325 F.Supp.2d 590, 592 (D.Md. 2004), (Downs Dec. Ex. B), the Court considered an essentially similar situation and stated:

> "The "filed date" reflects the date counsel logged in to the system,
> but nothing is actually transmitted to the court's filing system until
> the "entered" date and time. According to the court's electronic
> database, counsel logged into the system at 11:47:33 p.m. on
> February 17, 2004, but the motion was not entered until 12:06:49
> a.m. the next day."

In this circumstance, the Court determined that the actual filing occurred at the time that the motion was entered into the system, i.e., the morning of the "next day" February 18th, stating:

> "A document is "filed" at the time the Notice of Electronic Filing
> states it was entered. Thus if you begin the process of
> electronically filing a document on December 20th at 11:55 p.m.
> and do not complete it until December 21st at 12:05 a.m., the
> Notice of Electronic Filing will state that document was entered on
> December 21, 2002 at 12:05 and this will be the date the document
> was filed."

Another case, *In re Sands*, 328 B.R. 614 (Bankr.N.D.N.Y. 2005) (Downs Dec. Ex. C), considers the issues and reaches the same conclusion, finding that the filing date is based on the time and date when the documents were actually transmitted to and received by the District Court, i.e., after the attorney pressed the "transmit" button to cause the documents themselves to be finally submitted to the court. *See* 328 B.R. at 617-19. The Court rejected the notion that

3

CISCO2.000003

"filing" occurred when the person logged onto the ECF system and commenced the electronic

process, stating:

> "Commencing an electronic filing is not equivalent to the act of
> physically handing the document to a representative of the clerk's
> office. The clerk's office does not have possession of the petition
> until the debtor's counsel clicks the "next" tab and the Court's
> CM/ECF server receives the transmission.  The CM/ECF system
> does not record any of the information until the debtor's counsel
> clicks this tab.  Logging on is not enough. Otherwise, debtors'
> counsel could simply log on to the system and then go about the
> process of filling out the petition at his leisure. The Court does not
> want to encourage this practice."

*Id.* at 619.

3.      Rule 4 of the Federal Rules of Civil Procedure states:  "A civil action is

commenced by *filing a complaint with the court.*"  (Emphasis added.)  This District's Electronic

Case Filing Administrative Procedures and this District's ECF Manual for Case Openings further

confirm that a new complaint is not actually filed until (i) the complaint is transmitted by the

plaintiff to the Court after a final "warning" screen on the user's computer, and (ii) until the

complaint is thereafter actually received by the Court and an electronic notice generated.  Section

C of the Electronic Case Filing Administrative Procedures of this Court's Local Rules (Downs

Dec. Ex. D) states:

> C. Filing and Service of Civil Case Opening Documents
>
> 2. New cases are deemed filed *the day the Clerk's Office receives
> the complaint* and any required filing fee.

(Emphasis added).  The following section then states:

> D. Electronic Filing
>
> 1. *Electronic transmission of a document to the ECF system,
> together with the transmission of a Notice of Electronic Filing
> (NEF) from the court, constitutes filing of the document* for all
> purposes of the Federal Rules of Civil Procedure and constitutes

4

CISCO2.000004

entry of the document on the docket maintained by the Clerk pursuant to Fed.R.Civ.P.58, Fed.R.Civ.P.79 and Fed.R.Crim.P.55.

2. *A document filed electronically shall be deemed filed at the time and date stated on the Notice of Electronic Filing received from the court.*

...

4.      E-mailing or faxing a document to the Clerk's Office or to the assigned judge does not constitute "filing" of the document. *A document shall not be considered filed until the System generates an NEF.*

Downs Dec. Ex. D at 4 (emphasis added).

The Court's Electronic Case Filing Civil Case Opening Manual for Attorneys (Downs Dec. Ex. E), describes a somewhat lengthy process for setting up a complaint for possible electronic filing with the Court. At the "Final Steps" section on page 16, the Manual contains a discussion of how to actually submit the pleading that is to be filed after the earlier steps are completed. The Manual states: "Once the payment screens have been completed, the filer will be provided the last two screens *to verify their documents and file them with the court.*" (Emphasis added.) The Manual shows an example of the "Docket Text Modification" screen that appears on a computer before submission for filing.   Downs Dec. Ex. E at 16.  Completion and entry of this screen then takes the user to the "Final Text" screen, where the Manual states: "The **Final Text** screen is the last chance for the filer to review. Once the **NEXT** button is clicked, the filing is submitted to the court." Id.  The Manual contains a picture of the Final Text screen, as follows:

5

CISCO2.000005



On this screen is a warning confirming that, until this point, the document has *not been submitted and or committed to filing*:

> "**Attention!!  Pressing the NEXT button on this screen commits this transaction. You will have no further opportunity to modify this transaction if you continue.**"

In this District's separate CM/ECF Attorney's Users Manual (Downs Dec. Ex. F), there is a similar discussion of the "Final Steps" of the filing of electronic documents with this Court, where this exact same warning is highlighted in the Manual, and the Manual states:

> At any time prior to this step, you can abort the ECF filing or return to previous screens by:
>
> • clicking on any hyperlink on the **Blue** ECF menu bar *to abort* the current transaction. ECF will reset to the beginning of the process you just selected.
>
> • clicking on the Web Browser **[Back]** button until *you return to the desired screen.*"

Id at 25.  The Manual further states, "Click on the **[Next]** button to file and docket the pleading." Id.  This instruction explicitly demonstrates that a document is not filed until after the user clicks the "Next" button to transmit it to the court.  What is clear from both Manuals is that, only after the user clicks on the "Next" button and transmits the document to the court, will the court

6

CISCO2.000006

receive the document for filing and thereafter send the "Notice of Electronic Filing" to the filing party. Thus, it is clear from this Court's CM/ECF Manuals that, under the ECF filing process, the documents are not actually transmitted to the Court for filing until after you hit "next" on the final screen after reviewing the warning and confirming that indeed you do want to make the filing. Until that point, no complaint has ever been filed.

Here, the record demonstrates that counsel for Hertz did not hit the "next" button to cause the complaint to be transmitted to the Court until after midnight on the 25th. Downs Declaration ¶ 3. The *only* time stated on the Notice of Electronic Filing ("NEF") is 0:00 AM EDT on September 25th, thus, the complaint could not have been transmitted before then and must have been transmitted on the 25th. Therefore, because "filing" requires the electronic transmission of the document to the court, the receipt of the document by the court, and the court's transmitting a Notice of Electronic Filing back to counsel, the actual filing occurred on the 25th, not the 24th. All of these events occurred on September 25th, as confirmed by the NEF. Even the Court's docket entry itself, as appearing in Downs Dec. Ex. G, confirms that the Complaint was "Entered: 9/25/07."

4.      Of course, as the *Berman* and *Sands* courts both recognized, it only makes common sense that the time and date of filing should be determined by the Court's actual receipt of the complaint being filed, not by the time when a person logs onto the ECF system or even when that person begins the process of entering background data or loading documents to later be transmitted to the Court. If a filing could be deemed to have occurred at a time before any document is actually transmitted, you could end up with a situation where the document is not sent to the Court for hours, or where it is never in fact sent to the Court, yet somehow a filing

7

CISCO2.000007

could have occurred.  Under the "paper" regime, you would not have actually made any filing of

a new case unless and until you actually handed the complaint to the clerk.

        5.        Finally, Plaintiffs note that after discovering the potential ambiguity created by

the ECF Notice, and the incorrect indication on the Docket that the filing date electronically

assigned to the case was 9/24/07, counsel promptly called the Clerk's office when it opened on

September 25th and then also called this Court's Docket Clerk (after the case was assigned to

Judge Stearns) to bring the error to the Court's attention and to see if it could be corrected.

Counsel were acting in compliance with this Court's Electronic Filing Local Rules (Downs Dec.

Ex. D), which state:

> S. Correcting Docket Entries
>
> 1. Once a document is submitted and becomes part of the case docket, corrections to the docket are made only by the Clerk's Office. The ECF system will not permit the filing party to make changes to the document(s) or docket entry filed in error once the transaction has been accepted.
>
> 2. A document incorrectly filed in a case may be the result of posting the wrong PDF file to a docket entry, or selecting the wrong document type from the menu, or entering the wrong case number and not catching the error before the transaction is completed. The filing party should not attempt to refile the document unless instructed to do so by the Clerk's Office staff.
>
> 3. As soon as possible after an error is discovered, the filing party should contact the Clerk's Office with the case number and document number for which the correction is being requested. If appropriate, the court will make an entry indicating that the document was filed in error. The filing party will be advised *if* the document needs to be refiled.

After being referred by the Docket Clerk, counsel talked to Hellen Costello, Operations Manager

for the Court.  Ms. Costello also indicated that she had not encountered this issue/problem

before.  She suggested that a motion to correct the docket be filed to address this issue.  None of

the Manuals make reference to or discuss what filing date should be afforded to a case when the

8

CISCO2.000008

ECF process is initiated on one date before midnight, but the complaint itself is not actually filed until after midnight, on the following date.  That circumstance, however, has been addressed by the case law above, and from that case law, *and* the language of the Federal Rules *and* this Court's own rules, it is clear that the actual filing of the complaint and commencement of the case in this instance occurred on September 25th, not on the 24th.

WHEREFORE, for all the reasons stated above, Plaintiffs ask this Court to correct the docket to reflect that the filing of this action occurred on September 25, 2007.

Dated: September 26, 2007

Respectfully submitted,

THE HERTZ CORPORATION
*By its attorneys*

Of Counsel:

 /s/ J. Anthony Downs
Stephen D. Poss (BBO #551760)
J. Anthony Downs (BBO #552839)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
617.570.1000 (tel.)
617.523.1231 (fax)
sposs@goodwinprocter.com
jdowns@goodwinprocter.com

Benjamin Hershkowitz
GOODWIN PROCTER LLP
599 Lexington Ave.
New York, NY 10022
212.813.8800 (tel.)
212.355.3333 (fax)
bhershkowitz@goodwinprocter.com

Dated: September 26, 2007

TSD RENTAL LLC
*By its attorneys*

 /s/ Lawrence K. Kolodney
Lawrence K. Kolodney (BBO #556851)
Amar K. Mehta (BBO #666068)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
617.521.7002 (tel.)
617.542.8906 (fax)
kolodney@fr.com
mehta@fr.com

9

CISCO2.000009

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document will be sent via e-mail to the attorneys identified as representing Defendants in associated pending case 1:07-cv-10302 (RGS) on September 26, 2007.

/s/ J. Anthony Downs

1832220

10

CISCO2.000010

Ark.000329