Ward v. Cisco Systems, Inc. et al
Case 4:08-cv-04022-JLH   Document 126-2   Filed 10/22/09   Page 1 of 8
Doc. 126 Att. 1

# Ex. B

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| Plaintiff | § | |
| | § | C.A. NO. 4:08cv4022 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |
| | § | |
| Defendant | § | |

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CISCO SYSTEMS, INC.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff, John Ward, Jr. ("Ward") requests that Defendant Cisco Systems, Inc. ("Cisco"), produce for inspection and copying the documents and things requested below at 4605 Texas Blvd., Texarkana, Texas 75503 within thirty (30) days after service hereof.

Ward also requests that Cisco serve its written responses to this request for production of documents and things in accordance with Rule 34 of the Federal Rules of Civil Procedure.

### DEFINITIONS

1.   The term "YOU" or "YOUR" shall mean: Cisco Systems, Inc., its predecessors, parents, subsidiaries, divisions, directors, officers, employees, agents, distributors, consultants, sales representatives, attorneys, and each person acting or purporting to act on its behalf or under its control. Further, the term "YOU" or "YOUR" will include Rick Frenkel and John Noh documents even though Mr. Noh and Mr. Frenkel are no longer employed at Cisco.

2.   The Term "DEFENDANT" shall mean: the named Defendant Cisco Systems, Inc. in *John Ward, Jr. v. Cisco Systems, Inc.*, an action pending in the Western District of Arkansas

1

(W.D. Ark. 4:08-cv-4022) and any of Cisco's predecessors, parents, subsidiaries, divisions, directors, officers, employees, agents, distributors, consultants, sales representatives, attorneys, and each person acting or purporting to act on their behalf or under their control.

3. "COMMUNICATION" or "COMMUNICATIONS" shall mean the transmission of information by any means.

4. "DOCUMENTS" means any original and every non-identical copy or reproduction of any Document, writing or record within the broad context of Rule 34 of the Federal Rules of Civil Procedure.

5. The terms "RELATED," "RELATED TO," and "RELATING TO" shall mean: pertain, mention, comment, describe, analyze, deal with, result from, constitute, include, comprise, consist of, contain, refer, reflect, discuss, show, state, explain, contradict, provide context to, evidence, concern, or recording a particular subject in whole or in part, either directly or indirectly, or be in any way logically or factually connected with the matter discussed or identified.

6. The term "DATE" shall mean: the exact day, month and year, if ascertainable, or, if not, the closest approximation thereto.

7. "AND" and "OR" and "AND/OR" shall be understood as either conjunctive or disjunctive whichever is more inclusive in content. The term "ANY" or "EACH" should be understood to include and encompass "ALL."

8. The use of a verb in any tense shall be construed as including the use of the verb in all other tenses. The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

## **INSTRUCTIONS**

1. Pursuant to Federal Rule of Civil Procedure 34, YOU are to provide DOCUMENTS responsive to this request organized and labeled to correspond with the categories set forth below or YOU can provide the DOCUMENTS as they are kept in the ordinary course of business.

2. Selection of DOCUMENTS from the files and other sources and the numbering of such DOCUMENTS shall be performed in such a manner as to insure that the source of each DOCUMENT may be determined, if necessary.

3. File folders with tabs or labels, directories of files, or other information organization structures identifying DOCUMENTS called for by these Document Requests should be produced intact with such DOCUMENTS.

4. DOCUMENTS attached to each other shall not be separated.

5. All responsive DOCUMENTS stored in machine-readable form shall be produced in electronic form.

6. The Document Requests do not require disclosure of privileged or other protected matter where no exception or waiver applies. Should YOU seek to withhold any DOCUMENT based on some limitation of discovery (including but not limited to a claim of privilege), supply a list of the DOCUMENTS for which limitation of discovery is claimed, indicating:

   a. The identity of each DOCUMENT'S author, writer, sender or initiator;

   b. The identity of each DOCUMENT'S recipient, addressee, or Person for whom it was intended;

   c. The DATE of creation or transmittal indicated on each DOCUMENT, or an estimate of that DATE, indicated as such, if no DATE appears on the DOCUMENT;

      d.      The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

      e.      The claimed grounds for limitation of discovery (*e.g.*, "attorney-client privilege").

7. The following Document Requests specifically embrace, in addition to DOCUMENTS within YOUR possession, custody or control, all DOCUMENTS within the possession, custody or control of YOUR agents, representative, and/or attorneys. Such Requests also embrace originals, an identical copy if the original is unavailable, and non-identical copies (whether different from the original because of notes made on such copies or otherwise) of the DOCUMENTS described in the Requests.

8. If YOU know of the existence, past or present, of any DOCUMENT described in a Request, but are unable to produce such DOCUMENT because it is not presently in YOUR possession, custody or control or in the possession custody or control of YOUR agents, representatives or attorneys, YOU shall so state in YOUR response to such Request, shall identify (by title, if any, nature of DOCUMENT and subject matter) such DOCUMENT in response to the Request in question and shall identify (by name and address) the Persons in whose possession, custody, or control the DOCUMENT was last known to reside.

9. In answering the Document Requests contained herein, if YOU claim that there is any ambiguity in either a particular Request or in a definition or an instruction applicable thereto, such claim shall not be used by YOU as a basis for refusing to respond, but YOU shall set forth as part of YOUR response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular Request.

10. YOU are to retain copies of all DOCUMENTS relevant to this proceeding that are currently in existence.

11. If any DOCUMENTS requested herein have been lost, discarded or destroyed, the DOCUMENTS so lost, discarded or destroyed shall be identified as completely as possible in YOUR response to the particular Request, including, without limitation, the following information: DATE, content, author(s), and recipient(s) of the DOCUMENT; DATE of disposal; manner of disposal; reason for disposal; the Persons authorizing the disposal; and the Persons disposing of the DOCUMENT. YOU shall further identify in YOUR response to the Request the name and address of the Person in whose possession, custody or control the DOCUMENT was last held.

12. Each paragraph herein shall be construed independently and not by reference to any other paragraph for the purpose of limitation. If YOUR response to a particular demand is a statement that YOU lack the ability to comply with that demand, specify whether the inability to comply is because the particular item or category never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in YOUR possession, custody or control, in which case identify the name and address of any Person or entity known or believed by YOU to have possession, custody or control of that DOCUMENT or category of DOCUMENT.

13. To the extent permitted and authorized by law, these Document Requests shall be deemed continuing so as to require further and supplemental responses and production if YOU obtain additional DOCUMENTS between the time of initial production and the time of hearing or trial.

Should any of the documents requested herein be withheld based on privilege, Plaintiff requests that a privilege log be furnished contemporaneously with the responses to these requests for production.

**REQUEST FOR PRODUCTION NO. 1**:

Produce all documents previously produced in the case of *Albritton v. Cisco, et al* an action pending in the Eastern District of Texas (ED TX 6:08cv89).

**RESPONSE**:

Respectfully Submitted,

Nicholas H. Patton
AR Bar No. 63035
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

This is to certify that on this 12th day of December, 2008, a true and correct copy of Plaintiff's Request for Production of Documents was served via electronic mail upon counsel below:

Richard E. Griffin
Charles Babcock
Crystal Parker
JACKSON WALKER, LLP
1401 McKinney
Suite 1900
Houston, Texas 77010

Attorney for Defendant Cisco Systems, Inc.

_____
Nicholas H. Patton