# Ex. C



**JACKSON WALKER L.L.P.**
ATTORNEYS & COUNSELORS

Charles L. Babcock
(713) 752-4210 (Direct Dial)
(713) 308-4110 (Direct Fax)
cbabcock@jw.com

July 14, 2009

Chief Judge Jimm Larry Hendren
U. S. District Court for the Western District of Arkansas
John Paul Hammerschmidt Federal Building, Room 559
35 East Mountain
Fayetteville, Arkansas 72701

      Re:    C.A. No. 08-4022; *John Ward, Jr. v. Cisco Systems, Inc., et al.*, In the United States District Court for the Western District of Arkansas, Texarkana Division

Judge Hendren:

      Enclosed is a notebook containing (1) the Affidavit of William W. Friedman, (2) Cisco's Submission Log, and (3) copies of any and all documents in the possession, custody, or control of Cisco Systems, Inc. ("Cisco") which could be responsive to plaintiff's interrogatories numbers 5 and 6, as well as all documents listed in plaintiff's submission log. Submission of these documents for *in camera* review constitutes Cisco's compliance with the Court's July 8, 2009, Order (document # 81) which granted Plaintiff John Ward, Jr.'s Motion for Order Directing Cisco to Provide Identified Documents to the Court for In Camera Review (document # 75).

      As you will see upon examining the notebook, each document identified on Cisco's Submission Log is numbered, and each of the documents can be found behind a tab with a corresponding number. In addition, many of the documents comprise a series of separate and discrete documents, particularly in the case of e-mails. For example, Document No. 2 is a string of four e-mail messages. In those cases, the individual messages within the document are identified separately – e.g., Document 2a, 2b, 2c, and 2d – from the most recent message to the earliest, on both the Submission Log and the documents themselves.

      The documents submitted to the Court are grouped in three categories. These categories are reflected in headings within the Submission Log and on tabs separating the documents. The three categories are as follows: (1) documents produced by Cisco in the related lawsuit filed in the United States District Court for the Eastern District of Texas styled *Eric Albritton v. Cisco Systems, Inc., et al.* (the "Albritton case"); (2) Cisco documents logged but not produced in the Albritton case or this case; and (3) Baker Botts documents produced in the Albritton case. Although Cisco's Submission Log lists the documents being provided to the Court in a different order than is shown on plaintiff's submission log, all of the documents listed on plaintiff's log

July 14, 2009
Page 2

are included on the enclosed Submission Log and copies of all of those documents are being submitted for the Court's *in camera* review.

Because the parties' dispute over the enclosed documents concerns issues of privilege and issues concerning the documents' responsiveness to plaintiff's interrogatories 5 and 6, Cisco has identified, both in the Submission Log and on the documents, any applicable privilege and any reason the document could not be responsive to plaintiff's interrogatories 5 and 6. To avoid any confusion and to ensure that these statements by Cisco cannot be construed as being part of the documents, the statements are printed in color.

In light of the fact that (1) the documents submitted herein that have been produced in the Albritton case were produced in that case subject to a protective order, and (2) documents submitted herein are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, Cisco requests that the Court not disclose the documents to plaintiff, nor order any disclosure of the documents to plaintiff, without providing Cisco with sufficient notice to seek appellate review, if merited by the circumstances. *See, e.g., Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949, 953-55 (8th Cir. 1979) (finding district court's disclosure of documents subject to a protective order a clear abuse of discretion and recognizing right of appellate review by writ of mandamus for orders compelling the disclosure of privileged information); *Pfizer, Inc. v. Lord*, 456 F.2d 545, 548 (8th Cir. 1972) (holding that, because an appeal after disclosure of privileged communication is an inadequate remedy, mandamus is appropriate to challenge order compelling disclosure of privileged information).

Copies of Cisco's Submission Log and the Affidavit of William W. Friedman (with attachments, but not with documents listed on Cisco's Submission Log) are being served on counsel for plaintiff.

Please feel free to contact me if you have any questions.

Very truly yours,

*Charles L. Babcock / w/permission by CJP*

Charles L. Babcock

CLB:hbt

5558698v.1