Ward v. Cisco Systems, Inc. et al
Case 4:08-cv-04022-JLH  Document 126-4  Filed 10/22/09  Page 1 of 6
Doc. 126 Att. 3

# Ex. D

LEXSEE


Analysis
As of: Oct 22, 2009

MARK G. WOOD, M.D., Plaintiff, v. ARCHBOLD MEDICAL CENTER, INC., et al., Defendants.

Case No. 7:07-CV-109

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA, VALDOSTA DIVISION

2009 U.S. Dist. LEXIS 84866

September 17, 2009, Decided
September 17, 2009, Filed

**CORE TERMS:** work product privilege, email, discovery, non-privileged, disclosure, waived, waive, log, column, party claiming, factual information, discovery of admissible evidence, reasonably calculated to lead, correspondence, privileged, disclosing, exchanged, ails, big, certain information, information provided, rows

**COUNSEL:** [*1] For Mark G. Wood, M.D., Plaintiff: Arindam Kar, LEAD ATTORNEY, PRO HAC VICE, ST LOUIS, MO; Craig S. O'Dear, LEAD ATTORNEY, PRO HAC VICE, KANSAS CITY, MO; Erin F. Martin, Mary Clare Bonaccorsi, LEAD ATTORNEYS, William Wortel, Chicago, IL; Gary Bryan Blasingame, LEAD ATTORNEY, Blasingame, Burch, Garrard & Ashley PC, Athens, GA; Mark W. Brennan, LEAD ATTORNEY, Kansas City, MO; Michael Jude Werich, Steven R Smith, LEAD ATTORNEYS, PRO HAC VICE, CHICAGO, IL; Dmitry Shifrin, Bryan Cave, LLP, Chicago, IL.

For Southwest Georgia Nephrology and Hypertension Center, Plaintiff: Erin F. Martin, Mary Clare Bonaccorsi, LEAD ATTORNEYS, Chicago, IL; Gary Bryan Blasingame, LEAD ATTORNEY, Blasingame, Burch, Garrard & Ashley PC, Athens, GA; Dmitry Shifrin, Bryan Cave, LLP, Chicago, IL.

For Archbold Medical Center Inc, Defendant: Brian Allen Hayles, LEAD ATTORNEY, PRO HAC VICE, Charlotte, NC; Daniel M. Mulholland, III, Susan Lapenta, LEAD ATTORNEYS, Pittsburgh, PA; David B. Hamilton, LEAD ATTORNEY, PRO HAC VICE, Womble Carlyle Sandridge & Rice, Baltimore, MD; David Howard Robbins, George R. Lilly, II, LEAD ATTORNEYS, Thomasville, GA; LEAD ATTORNEYS, PRO HAC VICE, Womble Carlyle Sandridge & Rice, Winston-Salem, [*2] NC; Mark J. Horoschak, LEAD ATTORNEY, PRO HAC VICE, Charlotte, NC; Raboteau T. Wilder, Jr., Sara R. Lincoln, LEAD ATTORNEYS, PRO HAC VICE, Womble Carlyle Sandridge & Rice, Charlotte, NC; Robert R. Ambler, Jr., LEAD ATTORNEY, Ashley Smith Thompson, Dana M. Richens, Jennifer Saffold Collins, Atlanta, GA.

For John D. Archbold Memorial Hospital, Inc., Defendant: Ashley Smith Thompson, LEAD ATTORNEY, ATLANTA, GA; Brian Allen Hayles, LEAD ATTORNEY, PRO HAC VICE, Charlotte, NC; Daniel M. Mulholland, III, Susan Lapenta, LEAD ATTORNEYS, Pittsburgh, PA; David B. Hamilton, LEAD ATTORNEY, PRO HAC VICE, Womble Carlyle Sandridge & Rice, Baltimore, MD; David Howard Robbins, LEAD ATTORNEY, Thomasville, GA; George R. Lilly, II, LEAD ATTORNEY, Thomasville, GA; Jennifer Saffold Collins, LEAD ATTORNEY, Atlanta, GA; John F. Morrow, Jr., Philip J. Mohr, LEAD ATTORNEYS, PRO HAC VICE, Womble Carlyle Sandridge & Rice, Winston-Salem, NC; Mark J. Horoschak, LEAD ATTORNEY, PRO HAC VICE, Charlotte, NC; Raboteau T. Wilder, Jr., Sara R. Lincoln, LEAD ATTORNEYS, PRO HAC VICE, Womble Carlyle Sandridge & Rice, Charlotte, NC; Robert R. Ambler, Jr., LEAD ATTORNEY, Atlanta, GA.

For Ken B. Beverly, Defendant: Kathleen Terese [*3] Sanderson, LEAD ATTORNEY, PRO HAC VICE, Chicago, IL; Thomas Campbell, LEAD ATTORNEY, PRO HAC VICE, Chicago, IL.

For James L. Story, Jr., M.D., Mel Hartsfield, M.D., Defendants: Ashley Smith Thompson, LEAD ATTORNEY, ATLANTA, GA; Brian Allen Hayles, LEAD ATTORNEY, PRO HAC VICE, Charlotte, NC; Daniel M. Mulholland, III, Susan Lapenta, LEAD ATTORNEYS, Pittsburgh, PA; David B. Hamilton, LEAD ATTORNEY, PRO HAC VICE, Womble Carlyle Sandridge & Rice, Baltimore, MD; George R. Lilly, II, LEAD ATTORNEY, Thomasville, GA; Jennifer Saffold Collins, LEAD ATTORNEY, Atlanta, GA; John F. Morrow, Jr., Philip J. Mohr, LEAD ATTORNEYS, PRO HAC VICE, Womble Carlyle Sandridge & Rice, Winston-Salem, NC; Mark J. Horoschak, LEAD ATTORNEY, PRO HAC VICE, Charlotte, NC; Raboteau T. Wilder, Jr., Sara R. Lincoln, LEAD ATTORNEYS, PRO HAC VICE, Womble Carlyle Sandridge & Rice, Charlotte, NC; Robert R. Ambler, Jr., LEAD ATTORNEY, Atlanta, GA.

For Marshall Dunaway, M.D., Merrill Hicks, M.D., Raul G. Santos, M.D., Victor M. McMillan, M.D., Edward Hall, M.D., Nicholas Quinif, M.D., Rudolf Hehn, M.D., James Falconer, M.D., Bryan R. Grieme, M.D., Defendants: Dana M. Richens, LEAD ATTORNEY, Atlanta, GA; Daniel M. Mulholland, [*4] III, Susan Lapenta, LEAD ATTORNEYS, Pittsburgh, PA; George R. Lilly, II, LEAD ATTORNEY, Thomasville, GA; Elizabeth L. Branch, John Francis Weeks, IV, Atlanta, GA; Lori Leonardo, Atlanta, GA; William V. Hearnburg, Jr., Atlanta, GA.

For Wesley W. Simms, M.D., Defendant: Charles Michael Abbott, LEAD ATTORNEY, Atlanta, GA; Daniel M. Mulholland, III, Susan Lapenta, LEAD ATTORNEYS, Pittsburgh, PA; George R. Lilly, II, LEAD ATTORNEY, Thomasville, GA.

For Nephrology Consultants Inc, Respondent: Dana M. Richens, LEAD ATTORNEY, Atlanta, GA; John Francis Weeks, IV, LEAD ATTORNEY, Atlanta, GA.

For William A Thompson, MD, TPA Captive Insurance Company Inc, Movants: Wade H. Coleman, LEAD ATTORNEY, Valdosta, GA.

For Quincy Dialysis, Tallahassee Dialysis, West Tallahassee Dialysis, Tallahassee South, Madison Four-Freedom, Movant: Richard Neal Sheinis, LEAD ATTORNEY, Atlanta, GA; Sean L. Gill, Hall Booth Smith & Slover, P.C, Atlanta, GA.

For McGuireWoods LLP, Robert J Pristave, Movants: Kevin C. Watters, Atlanta, GA.

For Mel Hartsfield, M.D., James L. Story, Jr., M.D., Counter Claimants: Ashley Smith Thompson, LEAD ATTORNEY, ATLANTA, GA; Brian Allen Hayles, LEAD ATTORNEY, Charlotte, NC; Daniel M. Mulholland, [*5] III, Susan Lapenta, LEAD ATTORNEYS, Pittsburgh, PA; David B. Hamilton, LEAD ATTORNEY, Womble Carlyle Sandridge & Rice, Baltimore, MD; George R. Lilly, II, LEAD ATTORNEY, Thomasville, GA; Jennifer Saffold Collins, LEAD ATTORNEY, Atlanta, GA; John F. Morrow, Jr., Philip J. Mohr, LEAD ATTORNEYS, Womble Carlyle Sandridge & Rice, Winston-Salem, NC; Mark J. Horoschak, LEAD ATTORNEY, Charlotte, NC; Raboteau T. Wilder, Jr., Sara R. Lincoln, LEAD ATTORNEYS, Womble Carlyle Sandridge & Rice, Charlotte, NC; Robert R. Ambler, Jr., LEAD ATTORNEY, Atlanta, GA.

For Archbold Medical Center Inc, Counter Claimant: Brian Allen Hayles, LEAD ATTORNEY, Charlotte, NC; Daniel M. Mulholland, III, Susan Lapenta, LEAD ATTORNEYS, Pittsburgh, PA; David B. Hamilton, LEAD ATTORNEY, Womble Carlyle Sandridge & Rice, Baltimore, MD; David Howard Robbins, LEAD ATTORNEY, Thomasville, GA; George R. Lilly, II, LEAD ATTORNEY, Thomasville, GA; John F. Morrow, Jr., Philip J. Mohr, LEAD ATTORNEYS, Womble Carlyle Sandridge & Rice, Winston-Salem, NC; Mark J. Horoschak, LEAD ATTORNEY, Charlotte, NC; Raboteau T. Wilder, Jr., Sara R. Lincoln, LEAD ATTORNEYS, Womble Carlyle Sandridge & Rice, Charlotte, NC; Robert R. Ambler, Jr., LEAD [*6] ATTORNEY, Atlanta, GA; Ashley Smith Thompson, ATLANTA, GA; Dana M. Richens, Atlanta, GA; Jennifer Saffold Collins, Atlanta, GA.

For John D. Archbold Memorial Hospital, Inc., Counter Claimant: Ashley Smith Thompson, LEAD ATTORNEY, ATLANTA, GA; Brian Allen Hayles, LEAD ATTORNEY, Charlotte, NC; Daniel M. Mulholland, III, Susan Lapenta, LEAD ATTORNEYS, Pittsburgh, PA; David B. Hamilton, LEAD ATTORNEY, Womble Carlyle Sandridge & Rice, Baltimore, MD; David Howard Robbins, LEAD ATTORNEY, Thomasville, GA; George R. Lilly, II, LEAD ATTORNEY, Thomasville, GA; Jennifer Saffold Collins, LEAD ATTORNEY, Atlanta, GA; John F. Morrow, Jr., Philip J. Mohr, LEAD ATTORNEYS, Womble Carlyle Sandridge & Rice, Winston-Salem, NC; Mark J. Horoschak, LEAD ATTORNEY, Charlotte, NC; Raboteau T. Wilder, Jr., Sara R. Lincoln, LEAD ATTORNEYS, Womble Carlyle Sandridge & Rice, Charlotte, NC; Robert R. Ambler, Jr., LEAD ATTORNEY, Atlanta, GA.

For James L. Story, Jr., M.D., Counter Claimant: Ashley Smith Thompson, LEAD ATTORNEY, ATLANTA, GA; Brian Allen Hayles, LEAD ATTORNEY, Charlotte, NC; Daniel M. Mulholland, III, Susan Lapenta, LEAD ATTORNEYS, Pittsburgh, PA; David B. Hamilton, LEAD ATTORNEY, Womble Carlyle Sandridge [*7] & Rice, Baltimore, MD; George R. Lilly, II, LEAD ATTORNEY, Thomasville, GA; Jennifer Saffold Collins, LEAD ATTORNEY, Atlanta, GA; John F. Morrow, Jr., Philip J. Mohr, LEAD ATTORNEYS, Womble Carlyle Sandridge & Rice, Winston-Salem, NC; Mark J. Horoschak, LEAD ATTORNEY, Charlotte, NC; Raboteau T. Wilder, Jr., Sara R. Lincoln, LEAD ATTORNEYS, Womble Carlyle Sandridge & Rice, Charlotte, NC; Robert R. Ambler, Jr., LEAD ATTORNEY, Atlanta, GA.

For Mark G. Wood, M.D., Counter Defendant: Arindam Kar, LEAD ATTORNEY, ST LOUIS, MO; Craig S. O'Dear, LEAD ATTORNEY, KANSAS CITY, MO; Erin F. Martin, Mary Clare Bonaccorsi, LEAD ATTORNEYS, Chicago, IL; Gary Bryan Blasingame, LEAD ATTORNEY, Blasingame, Burch, Garrard & Ashley PC, Athens, GA; Mark W. Brennan, LEAD ATTORNEY, One Kansas City Place, Kansas City, MO; Michael Jude Werich, Steven R Smith, LEAD ATTORNEYS, CHICAGO, IL; Dmitry Shifrin, Bryan Cave, LLP, Chicago, IL; William Wortel, Chicago, IL.

**JUDGES:** HUGH LAWSON, JUDGE, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** HUGH LAWSON

**OPINION**

***ORDER***

This matter comes before the Court on the Motion to Compel Production of Documents from Defendant Simms (Doc. 432) (the "Motion") filed by Defendants John D. Archbold Memorial Hospital, Inc., [*8] Archbold Medical Center, Inc., James L. Story, M.D., and Mel Hartsfield, M.D. (collectively, the "Hospital Defendants") against their co-defendant Wesley W. Simms, M.D. For the following reasons, the Motion is granted.

**I. FACTUAL BACKGROUND**

Plaintiff Mark G. Wood, M.D. has brought suit against the Hospital Defendants and several physician defendants, including Dr. Simms. Plaintiff complains of various actions of the Defendants dating back to 1994. Plaintiff's primary allegations involve a conspiracy among the Defendants to restrain competition by Plaintiff and otherwise to harm Plaintiff financially and emotionally.

During the course of this case, the Hospital Defendants requested certain information from Dr. Simms, including the following:

> . . . All non-privileged documents or correspondence exchanged between [Dr. Simms] (including [his] counsel) and Dr. Wood (including his counsel) from 1996 forward.
>
> . . . All non-privileged documents referring to or relating to any communications between [Dr. Simms] (including [his] counsel) and counsel for Dr. Wood from 1996 forward.
>
> . . . All non-privileged documents referring to or relating to any information [Dr. Simms] ha[s] provided to Dr. Wood [*9] or his counsel in connection with or relating to this litigation or the Hospital Defendants.

(Doc. 432, Mov.'s Br. 3-4.) In response to these requests, Dr. Simms produced four documents and a privilege log listing 173 emails sent by Dr. Simms's attorney and various of Plaintiff's attorneys (the "subject emails"). In the privilege log, Dr. Simms claimed that the subject emails are subject to the attorney work product privilege and are not relevant to this case, and he refused to produce the subject emails. The Hospital Defendants and Dr. Simms attempted to resolve their discovery dispute, but were unable to and the Hospital Defendants filed this Motion.

**II. DISCUSSION**

The parties' briefs present three issues for this Court to consider. First, whether Dr. Simms has provided sufficient information to support his claim that the subject emails are entitled to the protections of the work product privilege. Second, whether Dr. Simms waived any work product privilege to which he may have been entitled by providing the subject emails to Plaintiff and his attorney. And third, whether the subject emails are within the scope of discovery.

**A. Whether Dr. Simms Met His Burden Regarding Work Product** [*10] **Privilege**

The attorney work product privilege "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238, 95 S. Ct. 2160, 2170 (1975). The party claiming work product

privilege has the burden of showing that it is entitled to such a privilege. *See U.S. v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991); *see also U.S. v. Const. Prods. Research*, 73 F.3d 464, 473 (2nd Cir. 1996). To this end, courts often require the party claiming work product privilege to submit some type of privilege log, along with evidentiary submissions to fill in any factual gaps, to support its claim of privilege. *Chilivis v. SEC*, 673 F.2d 1205, 1208 (11th Cir. 1982); *see also Vaughn v. Rosen*, 484 F.2d 820, 157 U.S. App. D.C. 340 (D.C. Cir. 1973); *Const. Prods.*, 73 F.3d at 473. The party claiming the privilege must provide sufficient factual information for a court to be able to determine whether or not something constitutes attorney work product. *See Chilivis*, 673 F.2d at 1211; *see also Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, 664 (S.D. Ind. 1991)(requiring a "detailed, specific explanation of why the document is privileged [*11] or immune from discovery").

In this case, although Dr. Simms provided a privilege log, the information provided is not sufficient to allow this Court to determine whether the documents he seeks to withhold are work product, or are entitled to any privilege. Dr. Simms's privilege log is organized as a table with six columns and 173 rows. The numbered rows represent individual emails, and the columns provide certain information regarding each email. Each column has a description of the information it provides. The columns provide the following information: (1) "BEGIN DOC ID #," (2) "DATE," (3) "AUTHOR §," (4) "RECIPIENT §," (5) "DESCRIPTION I. EMAILS," and (6) "PRIVILEGE OR PROTECTION CLAIM."

Disregarding the shortcomings of the information provided in all other categories, the descriptions of the emails in category (5) are insufficient for this Court to be able to determine whether or not a privilege applies. The descriptions are too brief and too vague to provide this Court any meaningful information. For example, Simms routinely provides such descriptions as "Out of Office Auto Reply," "Same," and "Deposition schedule." Simms even describes some emails as "Group email to all counsel". [*12] Not one of the 173 descriptions provides enough factual information for this Court to make any sort of informed decision as to whether or not the work product privilege applies. Additionally, this Court finds it hard to imagine how anyone could claim in good faith that an email described as "Group email to all counsel" would in any way qualify for a privilege against disclosure.

Dr. Simms has failed to show that he is entitled to the attorney work privilege that he claims.

**B. Whether Dr. Simms Waived the Attorney Work Product Privilege by Providing the Subject Emails to Plaintiff and His Attorneys**

In their briefs, the parties have engaged in much discussion regarding common interests, hardship and the like. But the issue involved regarding waiver of the attorney work product privilege is much simpler than all that. The fundamental issue in this case is whether a party waives the work product privilege by disclosing work product to an adversary. The simple answer to this question is yes.

While the work product privilege is broad, it is not absolute and it can be waived. *Nobles*, 422 U.S. at 239, 95 S.Ct. at 2170. There is very little primary authority from the Eleventh Circuit Court of Appeals [*13] on what constitutes waiver of the work product privilege, but the overwhelming majority of the persuasive authority from other circuits holds that voluntary disclosure of work product information to an adversary waives work product protection as to that information. *See, e.g., In re Chrysler Motors Corp. Overnight Evaluation Program Litig.*, 860 F.2d 844, 846 (8th Cir. 1998)("Disclosure to an adversary waives the work product protection as to items actually disclosed, even where disclosure occurs in settlement."); *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1428 (3rd Cir. 1991) ("Most courts hold that to waive the protection of the work-product doctrine, the disclosure must enable an adversary to gain access to the information."); *U.S. v. Mass. Inst. of Tech.*, 129 F.3d 681, 687 (1st Cir. 1997)("[W]ork product protection is provided against 'adversaries,' so only disclosing material in a way inconsistent with keeping it from an adversary waives work product protection."); *In re Subpoenas Duces Tecum*, 738 F.2d 1367, 1372, 238 U.S. App. D.C. 221 (D.C. Cir. 1984)("Fairness and consistency require that appellants not be allowed to gain the substantial advantages accruing to voluntary disclosure [*14] of work product to one adversary . . . while being able to maintain another advantage inherent in protecting that same work product from other adversaries."); *see also Pahl v. Robinson*, 2009 U.S. Dist. LEXIS 34668, 2009 WL 1097962, at *2 (M.D. Ga. April 22, 2009).

In this case, to the extent that Dr. Simms and/or his attorney shared any information with Dr. Woods and/or his attorney, Dr. Simms's adversary in this case, Dr. Simms has waived the work product privilege and cannot claim its protection. As all of the subject emails for which Dr. Simms claims work product privilege were emails to or including Dr. Woods's attorneys, the work product privilege, to the extent Dr. Simms would be entitled to it anyway, is waived.

### C. Whether the Information Sought By the Hospital Defendants is Relevant in Discovery

Finally, Dr. Simms will not produce the subject emails because he claims they are not relevant. Federal Rule of Civil Procedure 26(b)(1) states that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." It is well established that the scope of discovery is broad and ought to encompass "any matter that bears on, or that reasonably could lead to [*15] other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978). Rule 26(b)(1) even allows a party to discover information that is not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." To that end, "discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action." *Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F.Supp.2d 1273, 1278 (S.D. Fla. 2008).

In this case, the Hospital Defendants seek the following information from Dr. Simms:

> . . . All non-privileged documents or correspondence exchanged between [Dr. Simms] (including [his] counsel) and Dr. Wood (including his counsel) from 1996 forward.

> . . . All non-privileged documents referring to or relating to any communications between [Dr. Simms] (including [his] counsel) and counsel for Dr. Wood from 1996 forward.

> . . . All non-privileged documents referring to or relating to any information [Dr. Simms] [*16] ha[s] provided to Dr. Wood or his counsel in connection with or relating to this litigation or the Hospital Defendants.

(Doc. 432, Mov.'s Br. 3-4.) Under the liberal relevance standard of Rule 26(b)(1), this information seems "reasonably calculated to lead to the discovery of admissible evidence." Furthermore, far from arguing that the emails withheld would not lead to the discovery of admissible evidence, Dr. Simms argues that the emails "are not likely to be a big factor for the Court or any jury." (Doc. 433, Pl.'s Resp. Br. 17.) Dr. Simms does not argue that the emails will not be a factor at all. "[N]ot likely to be a big factor" is not a sufficient argument to support a claim that information is not relevant for discovery. Therefore, the Court determines that the information sought by the Hospital Defendants is relevant in discovery and that Dr. Simms must produce the information requested.

### III. Conclusion

Dr. Simms has not proved that he is entitled to the attorney work product privilege. Furthermore, to the extent Dr. Simms would be entitled to the attorney work product privilege, he has waived that privilege with respect to the 173 emails that he sent to the Plaintiff. Finally, [*17] Dr. Simms has failed to show that the subject emails are not relevant in discovery. For the foregoing reasons, the Hospital Defendants' Motion is granted.

**SO ORDERED**, this the 17th day of September, 2009.

/s/ Hugh Lawson

**HUGH LAWSON, JUDGE**