LEXSEE


Analysis
As of: Nov 02, 2009

VALOR HEALTHCARE, INC., PLAINTIFF v. DIVINDA PINKERTON; DR. KEVIN HALE, M.D.; HEALTHSTAR PHYSICIANS OF HOT SPRINGS, PLLC; HEALTHSTAR VA, PLLC; and JOHN DOES 1-6, DEFENDANTS

Case No: 08-6015

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS, HOT SPRINGS DIVISION

2008 U.S. Dist. LEXIS 95672

November 17, 2008, Decided

**SUBSEQUENT HISTORY:** Motion granted by, Motion denied by Valor Healthcare, Inc. v. Pinkerton, 2008 U.S. Dist. LEXIS 105988 (W.D. Ark., Dec. 23, 2008)

**PRIOR HISTORY:** Valor Healthcare, Inc. v. Pinkerton, 2008 U.S. Dist. LEXIS 66290 (W.D. Ark., Aug. 28, 2008)

**CORE TERMS:** amend, undue prejudice, allegedly defamatory, defamation, disqualify

**COUNSEL:** [*1] For Valor Healthcare, Inc., Plaintiff: Luther O'Neal Sutter, LEAD ATTORNEY, Christopher Gomlicker, Harrill & Sutter, P.L.L.C., Little Rock, AR.

For Divinda Pinkerton, Kevin Hale, Healthstar Physicians of Hot Springs, PLLC, Healthstar, VA PLLC, Defendants: Jason A. Stuart, LEAD ATTORNEY, Ball & Stuart, PLLC, Little Rock, AR.

For Healthstar, VA PLLC, Counter Claimant: Jason A. Stuartt, LEAD ATTORNEY, Ball & Stuart, PLLC, Little Rock, AR.

For Valor Healthcare, Inc., Counter Defendant: Luther O'Neal Sutter, LEAD ATTORNEY, Harrill & Sutter, P.L.L.C., Little Rock, AR.

**JUDGES:** Honorable Robert T. Dawson, United States District Judge.

**OPINION BY:** Robert T. Dawson

**OPINION**

**ORDER**

Currently before the Court is Valor Healthcare Inc.'s ("Valor") second Motion to Amend. (Doc. 49). Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, when an amendment is not a matter of course, leave to amend should be given by the court when "justice so requires."

> However, there is no absolute right to amend and a finding of undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment may be grounds to deny a motion [*2] to amend.

Doe v. Cassel, 403 F.3d 986, 991 (8th Cir. 2005) (internal quotation omitted). "[T]he decision to allow or deny an amendment is a discretionary matter for the district court to resolve." McLaurin v. Prater, 30 F.3d 982, 985 (8th Cir. 1994).

Valor originally filed this action on February 25, 2008. (Doc. 1). In its Second Amended Complaint filed on June 20, 2008, Valor asserts a cause of action for defamation against John Doe 6, an unidentified attorney of Defendants. More specifically, Valor alleges that on June

Page 1

20, 2007 and in July 2007, a Hot Springs, Arkansas newspaper published the allegedly defamatory comments of John Doe 6. (Doc. 20). Currently Valor seeks to file its Third Amended Complaint in order to add Defendants' counsel, Jason Stuart, now identified as John Doe 6, as a defendant in its defamation action.

Valor filed its second Motion to Amend on September 26, 2008, more than seven months after initiating this action and more than fifteen months after the allegedly defamatory statements were first published. During these periods, a complex lawsuit consisting of multiple claims and counterclaims has developed. This litigation has resulted in the expenditure of expansive [*3] temporal and financial resources on the part of Defendants. In this process, Mr. Stuart has served as Defendants' chosen counsel and has no doubt come to understand the intricacies of this action as they relate to his clients. Valor's reasons for its delay in not ascertaining the identity of John Doe 6 at an earlier date are unclear to the Court. Irrespective, permitting the amendment of Valor's complaint in order to add Mr. Stuart as a defendant and potentially disqualify him from representing Defendants would work an undue prejudice. Accordingly, Valor's second Motion to Amend (Doc. 49) is **DENIED.**

In light of the Court's ruling, Valor's Motion to Disqualify Counsel (Doc. 47) and Separate Defendants' Joint Motion to Dismiss Claims against Jason Stuart (Doc. 56) are rendered **MOOT.**

A hearing remains scheduled in this case for November 26, 2008 at 11:00 a.m. During this hearing, the Court will address any arguments and accept any additional legal authority that the parties would like to present regarding Valor's Motion to Dismiss (Doc. 51), Separate Defendants' First Motion for Summary Judgment (Doc. 63), and Valor's Rule 56(f) Motion. (Doc. 67).

IT IS SO ORDERED this 17th day of November, [*4] 2008.

/s/ *Robert T. Dawson*

Honorable Robert T. Dawson

United States District Judge