LEXSEE


Analysis
As of: Nov 02, 2009

**MONARCH CONSTRUCTION, INC., and DAVID LEE BOYD, Plaintiffs, v. GARY COOPER, and BUTCH MICHAEL HOMES, Defendants.**

**8:04CV519**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA**

**2005 U.S. Dist. LEXIS 40535**

**December 27, 2005, Decided**

**SUBSEQUENT HISTORY:** Partial summary judgment granted by, in part, Partial summary judgment denied by, in part Monarch Constr. Inc. v. Cooper, 2006 U.S. Dist. LEXIS 94646 (D. Neb., Jan. 30, 2006)

**PRIOR HISTORY:** Monarch Constr., Inc. v. Cooper, 2005 U.S. Dist. LEXIS 39678 (D. Neb., Dec. 27, 2005)

**CORE TERMS:** amend, summary judgment, leave to amend, local rules, discovery, deadline, leave to file, new theories, opposing parties, theory of recovery, noncompliance, scheduling, non-moving, pretrial, adhere, unfair competition

**COUNSEL:** [*1] For Monarch Construction, Inc., a Nebraska Corporation, David Lee Boyd, an Individual, Plaintiff: Adam H. Jacobs, Omaha, NE; Scott A. Lautenbaugh, NOLAN, OLSON LAW FIRM, Omaha, NE.

For Gary Cooper, an Individual, Butch Michael Homes, a Nebraska Corporation, Defendant: J. Scott Paul, MCGRATH, NORTH LAW FIRM, Omaha, NE.

**JUDGES:** David L. Piester, United States Magistrate Judge.

**OPINION BY:** David L. Piester

**OPINION**

MEMORANDUM AND ORDER

Pending before me is the plaintiffs' Motion to Amend Complaint and to Respond to Defendants' Partial Summary Judgment After Amendment. Filing 59. The plaintiff's seek to add a claim for unfair competition, to remove their constructive trust and deceptive trade practices claims, and to concede that David Lee Boyd has sole standing to pursue the infringement claim. See filing 59.

The proposed second amended complaint has not been filed with the motion. Therefore, the plaintiffs' motion to amend is improperly supported under this court's local rules. NECivR 15.1(a) states:

> A party who moves for leave to amend a pleading (including a request to add parties) shall file as an attachment to the motion an unsigned copy of the [*2] proposed amended pleading. Except as provided in these rules or by leave of court, the proposed amended pleading must be a complete pleading which, if allowed to be filed, supersedes the pleading amended in all respects; no portion of the prior pleading may be incorporated into the proposed amended pleading by reference. The motion for leave to amend shall set forth specifically the amendments proposed to be made to the original pleading, state whether the motion is unopposed, and identify the amendments in the proposed amended pleading.

The plaintiffs' motion to amend is also untimely filed. Pursuant to the court's Order Scheduling Initial Progression of Case, filing 18, the deadline for amending

pleadings was April 16, 2005. The defendants' motion for summary judgment was filed on October 28, 2005. Filing 53. The plaintiffs have not responded to the motion for summary judgment. Instead, on November 17, 2005, they moved to amend their complaint. Filing 59. The parties have filed their lists of expert and non-expert witnesses for use at trial, (see filings 57, 65, 66, and 67), and the pretrial conference is scheduled for February 14, 2006.

Leave to amend under Federal Rule of Civil Procedure 15(a) [*3] "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A motion for leave to amend should be granted unless there is a good reason for denial, "such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." _Bediako v. Stein Mart, Inc., 354 F.3d 835, 840-41 (8th Cir. 2004)_ (quoting _Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 907-908 (8th Cir. 1999)_(quoting _Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992)_)).

The proposed amended complaint apparently seeks to add a new "unfair competition" claim. However, the deadline for seeking leave to add this claim was April 16, 2005. When a party seeks a late amendment to its pleadings after the time for doing so established by a pretrial order has passed, the court must consider that Rule 15 of the Federal Rules of Civil Procedure is to be construed liberally, but it also considers the reasons for the non-compliance, the seriousness of the claim or defense sought to be added, the prejudice, if any, to the opposing parties, and whether that prejudice can be reduced or eliminated [*4] by granting a continuance in the case. _Popp Telcom v. American Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000)_. The court is not to adhere to a scheduling order only for the sake of enforcement when doing so will not further the interests of justice and the interest in having the dispute decided on its merits. _Krispin v. May Dep't Stores Co., 218 F.3d 919, 924 (8th Cir. 2000)_. "Delay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown." _Bediako, 354 F.3d at 840-41_(citing _Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998)_). However, potential prejudice to the non-moving party may arise when late-tendered pleading amendments involve new theories of recovery and impose additional discovery requirements. _Bediako, 354 F.3d at 840-41_ (citing _Bell, 160 F.3d at 454_).

I conclude the plaintiffs' noncompliance with the court's local rules, specifically plaintiff's failure to submit a proposed amended complaint, justifies an order denying the motion to amend the complaint. In the absence of a proposed complaint, the court cannot reasonably determine if the plaintiffs are presenting a potentially viable new [*5] claim which could withstand a Rule 12(b)(6) motion. The court is also unable to compare the amended complaint and the proposed second amended complaint to determine if the claims raised in these pleadings arise from the same core of operative facts. Failing to file the proposed amended complaint places the opposing parties and the court in the position of having to speculate as to how the plaintiffs' new theory will be alleged, and, having so speculated, determining whether those likely allegations actually state a claim upon which relief may be granted. Unless justice otherwise requires, this court adheres to the local rules. It will not engage in a supposition-upon-supposition analysis to determine whether leave to file an amended complaint should be granted.

Moreover, the plaintiffs have submitted no brief in support of their proposed pleading amendments, and their motion does not explain what, if any, prejudice the plaintiffs will suffer if their proposed amendments are not permitted. There is no showing that the plaintiffs' failure to move to amend in accordance with court's deadlines, and at least before a summary judgment motion was filed and all witnesses for trial disclosed, [*6] was justified. There is nothing of record indicating the plaintiffs must now amend due to newly discovered facts. I further find that adding a new "unfair competition" theory of recovery will potentially require re-opening discovery efforts and will substantially delay the resolution of a case that has already been pending for over a year.

For all these reasons, I conclude the plaintiffs' motion to amend should be denied. See _Bediako, 354 F.3d at 840-41_ (where theory of recovery was not raised in the initial or amended complaint, defendant was not placed on notice of the proposed claim, discovery had closed, and defendant had moved for summary judgment, the district court did not abuse its discretion by denying the plaintiff request to amend and add a new legal theory).

The plaintiffs filed their motion for leave to amend rather than timely responding to the defendants' motion for summary judgment. Although I shall deny the motion to amend, I shall grant plaintiffs' counsel leave to file a response to the motion for summary judgment.

IT THEREFORE HEREBY IS ORDERED: The plaintiffs' Motion to Amend Complaint and to Respond to Defendants' Partial Summary Judgment After Amendment [*7] , filing 59, is granted in part and denied in part as follows:

> 1. The plaintiffs' Motion for leave to amend their complaint is denied.
>
> 2. The plaintiffs are given until January 9, 2006 to file their response to the

defendants' motion for summary judgment.

DATED this 27th day of December, 2005.

BY THE COURT:

David L. Piester

United States Magistrate Judge