LEXSEE


Analysis
As of: Nov 02, 2009

ANGELA GOODWIN, et al., PLAINTIFFS v. CONAGRA POULTRY COMPANY and PILGRIM'S PRIDE CORPORATION, DEFENDANTS

CASE NO. 03-CV-1187

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS, EL DORADO DIVISION

2006 U.S. Dist. LEXIS 21965

March 27, 2006, Decided
March 28, 2006, Filed

**SUBSEQUENT HISTORY:** Class certification denied by Goodwin v. Conagra Poultry Co., 2007 U.S. Dist. LEXIS 35642 (W.D. Ark., May 15, 2007)

**PRIOR HISTORY:** Goodwin v. Conagra Poultry Co., 2006 U.S. Dist. LEXIS 21982 (W.D. Ark., Mar. 27, 2006)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant employers filed a motion for summary judgment against separate plaintiff employee on race discrimination claims under 42 U.S.C.S. § 1981 and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §§ 16-123-102, 107.

**OVERVIEW:** While the employee's first bankruptcy petition was pending, he was discharged from his job, received a right to sue letter, and filed a putative class action on the discrimination claims. The employee did not amend the petition to list the action as a potential asset and the case was closed. The employee filed a second petition listing the action as an asset. In order to protect the integrity of the judicial process, the court granted the employers summary judgment and found that the employee was judicially estopped from pursuing discrimination claims. The employee's position in the second bankruptcy that he had a viable legal claim against the employers that was an asset of the estate was inconsistent with his position in the first bankruptcy, which the bankruptcy court accepted to the detriment of creditors. The court found that the employee's breach of his affirmative duty under 11 U.S.C.S. § 541(a)(7) to amend his schedule of assets during the pendency of the first petition to include employment claims, even after he filed suit, indicated that he knowingly misrepresented his assets in the first bankruptcy and deliberately took inconsistent positions to gain an unfair advantage.

**OUTCOME:** The court granted the motion for summary judgment and dismissed the discrimination claims with prejudice.

**CORE TERMS:** bankruptcy estate, judicial estoppel, bankruptcy petition, legal claims, summary judgment, discrimination claim, judicial process, lawsuit, amend, Civil Rights Act, Law Firm, fast and loose, duty to disclose, misrepresentation, deliberately, inadvertence, putative, playing, invoked, unpaid, pursuing

**LexisNexis(R) Headnotes**

*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Estoppel > Judicial Estoppel*
[HN1]Under the doctrine of judicial estoppel, a party is precluded from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding. The purpose of the doctrine is to protect the integrity of the judicial process and to prevent parties from playing fast and loose with the courts by prohibiting parties from deliberately changing positions

according to the exigencies of the moment. It is an equitable doctrine invoked by a court at its discretion and should not be invoked where a plaintiff's former position was the product of inadvertence or mistake. The Eighth Circuit states that judicial estoppel is not appropriate unless the judicial forum or process has been abused, and expresses reluctance to apply the doctrine in the absence of knowing misrepresentation or fraud on the court. Therefore, the doctrine applies when there is an intentional or deliberate manipulation of the judicial process which can be inferred from the record. In determining whether judicial estoppel is applicable in a particular case, courts will typically consider 1) whether the present position is "clearly inconsistent" with the earlier position; 2) whether the party succeeded in persuading a tribunal to accept the earlier position, and 3) whether the party acted inadvertently.

***Bankruptcy Law > Debtor Benefits & Duties > Debtor Duties***
[HN2]A debtor seeking shelter under the bankruptcy laws has a duty to disclose all assets, including potential assets, to the bankruptcy court. 11 U.S.C.S. § 521(1). This duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change. 11 U.S.C.S. § 541(a)(7).

**COUNSEL:** [*1]   For Angela Goodwin, Plaintiff: Allen P. Roberts, Attorney at Law, Camden, AR; John W. Walker, John W. Walker, P.A., Little Rock, AR; Lloyd W. Kitchens, III, Welch and Kitchens, LLC, Little Rock, AR; Morgan E. Welch, Welch and Kitchens. LLC, North Little Rock, AR; Rickey H. Hicks, Hicks Law Firm, Attorney at Law, Little Rock, AR; Robert Peter Pressman, Lexington, MA

For Johnny Gill, Plaintiff: Allen P. Roberts, Attorney at Law, Camden, AR; John W. Walker, John W. Walker, P.A., Little Rock, AR; Lloyd W. Kitchens, III, Welch and Kitchens, LLC, Little Rock, AR; Morgan E. Welch, Welch and Kitchens. LLC, North Little Rock, AR; Rickey H. Hicks, Hicks Law Firm, Attorney at Law, Little Rock, AR; Robert Peter Pressman, Lexington, MA; Richard Christopher Madison, Welch and Kitchens, LLC, North Little Rock, AR

For Nathan Robinson, Plaintiff: Allen P. Roberts, Attorney at Law, Camden, AR; John W. Walker, John W. Walker, P.A., Little Rock, AR; Lloyd W. Kitchens, III, Welch and Kitchens, LLC, Little Rock, AR; Morgan E. Welch, Welch and Kitchens. LLC, North Little Rock, AR; Rickey H. Hicks, Hicks Law Firm, Attorney at Law, Little Rock, AR; Robert Peter Pressman, Lexington, MA

For Eddie [*2]  Gusby, Plaintiff: Allen P. Roberts, Attorney at Law, Camden, AR; John W. Walker, John W. Walker, P.A., Little Rock, AR; Lloyd W. Kitchens, III, Welch and Kitchens, LLC, Little Rock, AR; Morgan E. Welch, Welch and Kitchens. LLC, North Little Rock, AR; Rickey H. Hicks, Hicks Law Firm, Attorney at Law, Little Rock, AR; Robert Peter Pressman, Lexington, MA

For Pat Curry, Plaintiff: Allen P. Roberts, Attorney at Law, Camden, AR; John W. Walker, John W. Walker, P.A., Little Rock, AR; Lloyd W. Kitchens, III, Welch and Kitchens, LLC, Little Rock, AR; Morgan E. Welch, Welch and Kitchens. LLC, North Little Rock, AR; Rickey H. Hicks, Hicks Law Firm, Attorney at Law, Little Rock, AR; Robert Peter Pressman, Lexington, MA

For Carolyn - Jones, Plaintiff: Allen P. Roberts, Attorney at Law, Camden, AR; John W. Walker, John W. Walker, P.A., Little Rock, AR; Lloyd W. Kitchens, III, Welch and Kitchens, LLC, Little Rock, AR; Morgan E. Welch, Welch and Kitchens. LLC, North Little Rock, AR; Rickey H. Hicks, Hicks Law Firm, Attorney at Law, Little Rock, AR; Robert Peter Pressman, Lexington, MA

For Conagra Poultry Company, Defendant: Adam T. Dougherty, Baker & McKenzie, Dallas, TX; Carolyn B. [*3]  Witherspoon, Cross, Gunter, Witherspoon & Galchus, P.C., Little Rock, AR; Kimberly F. Rich, Baker & McKenzie, Dallas, TX; Mark D. Taylor, Baker & McKenzie LLP, Dallas, TX; Melissa McJunkins Duke, Cross, Gunter, Witherspoon & Galchus, P.C., Little Rock, AR

For Pilgrims Pride Corporation, Defendant: Adam T. Dougherty, Baker & McKenzie, Dallas, TX; Carolyn B. Witherspoon, Cross, Gunter, Witherspoon & Galchus, P.C., Little Rock, AR; Kimberly F. Rich, Baker & McKenzie, Dallas, TX; Mark D. Taylor, Baker & McKenzie LLP, Dallas, TX

**JUDGES:** Hon. Harry F. Barnes, United States District Judge

**OPINION BY:** Hon. Harry F. Barnes

**OPINION**

**ORDER**

Before the Court is Defendants ConAgra Poultry Company and Pilgrim's Pride Corporation's Motion for Summary Judgment against Separate Plaintiff Robert Nelson. (Doc. No. 120). Nelson has responded. (Doc. No. 140).

This is a putative class action filed by Robert Nelson and six other named plaintiffs against the Defendants ConAgra Poultry Company and Pilgrim's Pride Corporation. The named Plaintiffs allege that the Defendants have subjected them to racial discrimination in violation of 42 U.S.C. § 1981 and the Arkansas Civil Rights Act [*4] of 1993, Ark. Code Ann. §§ 16-123-102, 107. [1] Plaintiff Robert Nelson alleges claims for hostile work environment, wrongful termination and failure to promote arising out of his employment with the Defendants.

> 1   Originally, Nelson also alleged a violation pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a). On February 23, 2005, Nelson moved to withdraw his age discrimination claim. On March 22, 2005, the Court granted the motion and dismissed Nelson's claim under the ADEA. (Doc. No. 39).

The Defendants have moved for summary judgment on all of his claims. Among the arguments, Defendants claim that summary judgment is appropriate because Nelson's claims are barred as a matter of law pursuant to the doctrine of judicial estoppel. After reviewing the record, the Court agrees.

BACKGROUND

Plaintiff Robert Nelson's second term of employment with the Defendants began on September 25, 2000. On June 4, 2002, Nelson filed a Chapter 13 [*5] bankruptcy petition in the United States Bankruptcy Court, Western District of Arkansas. He was represented by the Dickerson Law Firm in his bankruptcy case. Nelson did not list any potential claims against the Defendants on his bankruptcy schedule of assets. On February 20, 2003, while his bankruptcy was pending, Nelson was discharged from his job by the Defendants. On June 28, 2003, he filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming that the Defendants terminated him in violation of the ADEA. On July 28, 2003, the EEOC issued a Right to Sue letter to Nelson. On December 22, 2003, Nelson and six others filed this putative class action against the Defendants. In the action, Nelson alleged that he was discriminated against by the Defendants in violation of the ADEA, [2] 42 U.S.C. § 1981 and the Arkansas Civil Rights Act of 1993. Nelson did not amend his bankruptcy petition to list this action as a potential asset of the bankruptcy estate. On May 27, 2004, Nelson's bankruptcy was closed by the bankruptcy trustee and Nelson's creditors went unpaid. Since that time, Nelson has not sought to reopen this bankruptcy [*6] in order to include his claims against the Defendants in that bankruptcy estate.

> 2   As noted above, Nelson's ADEA claim was withdrawn and dismissed by the Court.

On October 8, 2005, Nelson filed a second Chapter 13 bankruptcy petition. He was again represented by the Dickerson Law Firm, In this second bankruptcy, Nelson listed his action against the Defendants as an asset of this bankruptcy estate. However, this bankruptcy petition does not list any of Nelson's earlier creditors that went unpaid in his first bankruptcy. Defendants argue that because Nelson took an inconsistent position in his first bankruptcy petition the Court should dismiss him from the lawsuit based upon the doctrine of judicial estoppel.

DISCUSSION

[HN1]Under the doctrine of judicial estoppel, a party is precluded from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding. The purpose of the doctrine "is to protect the integrity of the judicial process and to prevent parties from [*7] playing fast and loose with the courts by prohibiting parties from deliberately changing positions according to the exigencies of the moment." New Hampshire v. Maine, 532 U.S. 742, 749 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)(citations and internal quotations omitted). It is an equitable doctrine invoked by a court at its discretion and should not be invoked where a plaintiff's former position was the product of inadvertence or mistake. Id. at 750, 753 (citations omitted); Taylor v. Comcast Cablevision of Arkansas, Inc., 252 F.Supp.2d 793, 796 (E.D. Ark. 2003). The Eighth Circuit has stated that judicial estoppel is not appropriate unless the judicial forum or process has been abused, and has expressed reluctance to apply the doctrine in the absence of knowing misrepresentation or fraud on the court. Total Petroleum, Inc. v. Davis, 822 F.2d 734, 738 n.6 (8th Cir. 1987). Therefore, the doctrine applies when there is an intentional or deliberate manipulation of the judicial process which can be inferred from the record. Taylor, 252 F.Supp2d at 796 (citing Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1287 (11th Cir. 2002)). [*8] In determining whether judicial estoppel is applicable in a particular case, courts will typically consider: 1) whether the present position is "clearly inconsistent" with the earlier position; 2) whether the party succeeded in persuading a tribunal to accept the earlier position, and 3) whether the party acted inadvertently. Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005)(citing Browning Mfg. v. Mims (In re Coastal Plains, Inc.), 179 F.3d 197, 206-07 (5th Cir. 1999)).

[HN2]A debtor seeking shelter under the bankruptcy laws has a duty to disclose all assets, including potential assets, to the bankruptcy court. See 11 U.S.C. § 521(1). This duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy

court; rather, a debtor must amend his financial statements if circumstances change. *See* 11 U.S.C. § 541(a)(7); *Burnes,* 291 F.3d at 1286 (*citing Browning Mfg. v. Mims (In re Coastal Plains, Inc.),* 179 F.3d 197, 208 (5th Cir. 1999)). In this case, when Nelson first filed his bankruptcy petition in 2002, he had not filed his EEOC charge or this lawsuit. Therefore, [*9] he took the position that he had no legal claims that would constitute an asset of his estate. However in 2003, after he filed his EEOC charge, received his right to sue letter and filed this employment discrimination action, he did have legal claims that were assets of his bankruptcy estate. Nelson had an affirmative duty to amend his schedule of assets to include his claims against the Defendants as an asset of the bankruptcy estate. Nelson did not do this. He continued to take the position that he had no legal claims that constituted an asset of his estate even though this lawsuit was filed during the pendency of his bankruptcy. The bankruptcy was eventually closed by the trustee without the knowledge that the estate contained a potential judgment against the Defendants.

Nelson is now taking the position that he has a viable legal claim against the Defendants and that the claim is an asset of his second bankruptcy estate. This position is clearly inconsistent with the position Nelson took in his first bankruptcy, a position which the bankruptcy court accepted to the detriment of Nelson's creditors. The Court does not believe that Nelson's prior position was the product of inadvertence [*10] or mistake. It is clear from the record that Nelson knew that his claim against the Defendants was an asset of his bankruptcy estate. This is apparent from the fact that he listed it as such in his second bankruptcy. This and the fact that Nelson did not list the claim in his first bankruptcy, even after he filed suit against the Defendants, indicates to the Court that Nelson knowingly misrepresented his assets in his first bankruptcy. The Court believes that Nelson deliberately took inconsistent positions in these proceedings in order to gain an unfair advantage. The Court will not allow Nelson to benefit from his intentional misrepresentation.

It is clear to the Court that Nelson is playing fast and loose with the courts. Therefore, in order to protect the integrity of the judicial process, the Court believes that Nelson should be judicially estopped from pursuing his discrimination claims against the Defendants.

CONCLUSION

Based upon the foregoing, the Court finds that the doctrine of judicial estoppel is applicable to Robert Nelson and his claims against the Defendants. He is, therefore, barred from pursuing these claims. Defendants' Motion for Summary Judgment as to Separate [*11] Plaintiff Robert Nelson is hereby **granted** and his discrimination claims against the Defendants are hereby **dismissed** with prejudice.

IT IS SO ORDERED, this 27th day of March, 2006.

/s/ Hon. Harry F. Barnes

United States District Judge