```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                       TEXARKANA DIVISION
```

JOHN WARD, JR.                                               PLAINTIFF

       v.              Civil No. 08-4022

CISCO SYSTEMS, INC.                                          DEFENDANT

## ORDER

On November 4, 2009, the undersigned conducted a telephonic hearing on defendant's **Motion to Compel (Doc. 101)**.  For the reasons stated on the record, the motion is **GRANTED in part** and **DENIED in part** as follows:

    \*   The parties agreed that three of the documents identified on the privilege log – discussed on page 5 of the Motion to Compel – have been provided to the defendant.  It appears there may be one other document which has not been provided.  The parties are directed to attempt to identify and locate this document and confer regarding its production.  If the plaintiff refuses to produce the document on the grounds of privilege, the defendant may then file a motion to compel production of the document.  If such a motion is filed, the plaintiff, when he files his response, is directed to submit the document to the Court for in camera review.

    \*   As to Requests for Production Nos. 1-3, 8, and 18, plaintiff shall produce a log identifying any documents (not already produced) he intends to rely on to support the issues

identified in the Requests.  Plaintiff shall also identify where in the public domain these documents can be located.  If defendant believes any of these documents are in plaintiff's exclusive custody and control and cannot be obtained elsewhere, the parties are directed to confer in good faith as to the production of these documents.  If the parties cannot agree on the production of these documents, then the defendant may file another motion to compel.

    *   As to Requests for Production Nos. 4-5, 9, 11, and 17, plaintiff shall not be required to produce any tax returns or other documentation regarding his finances, as he is not seeking damages for lost income.  Further, plaintiff shall not be required to produce any documents relating to new matters or clients since October 16, 2007.  Plaintiff shall, however, be required to identify any individuals who he claims allegedly learned of the statements at issue and thought less of plaintiff or decided not to hire plaintiff because of the statements.

    *   As to Request for Production No. 10, defendant has been provided the credit card statement reflecting the charge for the filing of the ESN complaint and there are no non-privileged communications regarding the charge.

    *   As to Request for Production No. 12, plaintiff shall not be required to produce a medical authorization for his medical records, as plaintiff concedes that he did not seek medical treatment for his alleged mental anguish.

\*     As to Requests for Production Nos. 13 and 15, plaintiff shall produce any documents in his custody or control relevant to this request (as it pertains to the physical filing of the complaint) for the time period of October 14 - 19, 2007.  If plaintiff claims that any of these documents are privileged, he shall identify them on a privilege log.  In addition, if any documents relevant to the request are not in plaintiff's custody or control, plaintiff shall produce a log identifying these documents.

\*     As to Request for Production No. 14, plaintiff is directed to provide all documents relating to any communications he had with the Court, its employees, or third-parties (other than his counsel or ESN) regarding the filing of the complaint or whether subject matter jurisdiction existed.  If plaintiff claims that any of these communications are privileged, he shall identify them on a privilege log.

\*     As to Requests for Production Nos. 23 - 25, plaintiff is directed to provide any videos, electronic copies, or documents responsive to this request through April 2008.  For any such items not in plaintiff's custody or control, plaintiff is directed to make a good faith effort to identify these items and where they can possibly be located and provide a log of such to defendant.

\*     As to Request for Production Nos. 26 and 26 (misnumbered by defendant), plaintiff shall not be required to produce

documentation regarding any of his patent reform efforts, as this issue appears to have no relevance in this litigation.

**IT IS SO ORDERED** this 5th day of November, 2009.

/s/ *Erin L. Setser*
ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE