# EXHIBIT "H"



998 F.2d 1018, 1993 WL 243100 (C.A.8 (Mo.))
**(Table, Text in WESTLAW), Unpublished Disposition**
(Cite as: 998 F.2d 1018, 1993 WL 243100 (C.A.8 (Mo.)))

Page 1

C
NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA8 Rule 28A, FI CTA8 IOP and FI CTA8 APP. I for rules regarding the citation of unpublished opinions.)

United States Court of Appeals,
Eighth Circuit.
Willie BROADUX, Appellant,
Dennis Wayne Allen, Plaintiff,
v.
Dick MOORE; William Armontrout; Paul D. Caspari; Donna Kay Brown; Mary Brundage, Appellees.
No. 93-1885.

Submitted: June 24, 1993.
Filed: July 7, 1993.

Appeal from the United States District Court for the Eastern District of Missouri.
E.D.Mo.

DISMISSED.

Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

*1 Willie Lee Broadux [FN1] appeals from the district court's denial of his motion to vacate its dismissal of his 42 U.S.C. § 1983 action. We dismiss the appeal for lack of appellate jurisdiction.

Broadux, a black prisoner, claimed that defendant prison officials discriminated against him based on his race and defamed him. On December 23, 1992, the district court entered an order dismissing his complaint. In a December 28 letter, Broadux requested an extension of time to reply to the court's order. The court granted an extension until January 18, 1993.

On January 13, Broadux served a motion to vacate judgment under Federal Rules of Civil Procedure 59(e) and 60(b). He argued that the district court erred by not first obtaining a magistrate judge's report and giving him an opportunity to object, and by not allowing him to amend his complaint to specify racially discriminatory prison policies relevant to his claim. On March 1, the court denied Broadux's motion without comment, and on March 4, Broadux submitted his notice of appeal.

Rule 60(b) permits the district court, upon a party's motion made within a reasonable time, to grant relief from a final judgment on grounds of mistake, inadvertence, surprise, newly discovered evidence, fraud, or excusable neglect. A motion can be considered under Rule 60(b), however, only if it states grounds for relief available under the rule. *Reyher v. Champion Int'l Corp.*, 975 F.2d 483, 488 (8th Cir. 1992). Broadux's motion could not have been construed as a Rule 60(b) motion because he did not allege any such grounds and did not make a showing of exceptional circumstances. *See id.*

The deadline for serving a Rule 59(e) motion in this case was January 8, 1993. Fed. R. Civ. P. 59(e), 6(a). The district court could not extend that time. *See Townsend v. Terminal Packaging Co.*, 853 F.2d 623, 624 n.2 (8th Cir. 1988) (per curiam) (citing Fed. R. Civ. P. 6(b)). Therefore, the district court was without jurisdiction to rule on the motion served January 13 and, because Broadux's motion was out of time, the time for appealing to this court was not tolled. *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Thus, Broadux's appeal is untimely, and we lack jurisdiction to review it. *See* Fed. R. App. P. 4(a)(1).

Accordingly, we dismiss.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

998 F.2d 1018, 1993 WL 243100 (C.A.8 (Mo.))
**(Table, Text in WESTLAW), Unpublished Disposition**
**(Cite as: 998 F.2d 1018, 1993 WL 243100 (C.A.8 (Mo.)))**

Page 2

FN1. While Dennis Wayne Allen was a plaintiff below and the caption of the notice of appeal reads "Willie Lee Broadux, et al.," Broadux is the sole appellant, as he is the only one named in the notice of appeal. *See* Fed. R. App. P. 3(c); *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 317-18 (1988).

C.A.8 (Mo.),1993
Broadux v. Moore
998 F.2d 1018, 1993 WL 243100 (C.A.8 (Mo.))

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.