# EXHIBIT "I"

Westlaw.

Slip Copy, 2009 WL 464989 (N.D.Tex.), 78 Fed. R. Evid. Serv. 1253
(Cite as: 2009 WL 464989 (N.D.Tex.))

Page 1

C
Only the Westlaw citation is currently available.

United States District Court,
N.D. Texas,
Fort Worth Division.
WHITAKER CHALK SWINDLE & SAWYER, LLP
v.
DART OIL & GAS CORPORATION, et al.
Civil Action No. 4:08-CV-684-Y.

Feb. 23, 2009.

West KeySummary
Federal Civil Procedure 170A €═1625

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(E) Discovery and Production of Documents and Other Tangible Things
            170AX(E)4 Proceedings
                170Ak1625 k. Protective Orders. Most Cited Cases
A client's motion to stay disclosure of privileged documents until the conclusion of a pending legal proceeding, in a suit brought against him by his attorney for allegedly unpaid fees, warranted denial as the court required the disclosure of the information under an order of protection that protected the privilege and confidentiality associated with the documents. Fed.Rules Civ.Proc.Rule 26, 28 U.S.C.A.

Marshall M. Searcy, Frank P. Greenhaw, IV, Kelly Hart & Hallman, Fort Worth, TX, for Whitaker Chalk Swindle & Sawyer, LLP.

J. Lyndell Kirkley, Karin Knowles Cagle, Kirkley & Berryman, L.L.P., Fort Worth, TX, for Dart Oil & Gas Corporation, et al.

PROTECTIVE ORDER AND ORDER DENYING STAY

TERRY R. MEANS, District Judge.

*1 Pending before the Court is the Motion for Protection From Rule 26(a) Disclosures [doc. # 7] filed by defendants Dart Oil & Gas Corporation, Dart Energy Corporation, and Dart-Barnett Operating Company, LLC (collectively "Dart"). Also before the Court is Darts's Motion to Stay Proceedings [doc. # 13]. Plaintiff, Whitaker, Chalk, Swindle & Sawyer, LLP ("Whitaker") has filed a Motion for Leave to Supplement [doc. # 24] and Motion for Leave to File Under Seal [doc. # 25]. After review, the Court concludes that disclosures under Federal Rule of Civil Procedure 26(a)(1) must be made and that a stay of this case is not warranted. As a result, Dart's motions for protective order and for a stay will be denied. Even so, the Court will enter a protective order regarding the discovery and disclosure of privileged information. Further, Whitaker's motions for leave to supplement and to file under seal will be denied as moot.

I. Background

This case involves a billing dispute arising out of Whitaker's representation of Dart in proceedings in a Texas state court. Until June 2008 Whitaker served as defense counsel for Dart in the case of *Esperada Texas, LP v. Dart-Barnett Operating Co., LLC,* cause no. CV-29156. Whitaker alleges that it provided certain legal services to Dart as part of the *Esperada* suit and that Dart has failed to pay for such services. Based on this alleged failure, Whitaker filed suit in the 96th Judicial District Court, Tarrant County, Texas, advancing claims of breach of contract and quantum meruit.

On November 17, 2008, Dart removed Whitaker's suit to this Court pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction. As part of its standard scheduling order [doc. # 6], the Court ordered, inter alia, that "[t]he parties make the initial dis-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 464989 (N.D.Tex.), 78 Fed. R. Evid. Serv. 1253
**(Cite as: 2009 WL 464989 (N.D.Tex.))**

closures provided for by FED. R. CIV. P. 26(a)(1) in the manner set out in that rule except that the deadline for making such disclosures is hereby extended to January 15, 2009." Dart now seeks protection from these disclosures, arguing that documents regarding the billing dispute in this case constitute privileged information in the *Esperada* case and that disclosure in this case could waive the privileges in the *Esperada* case. Dart also seeks a stay of this case until the *Esperada* case is resolved, arguing that a stay would alleviate the discovery dispute.

II. Discussion

A. Federal Rule of Civil Procedure 26 and Privilege Law

Under Federal Rule of Civil Procedure 26, unless stipulated or ordered by the Court, a party must make certain disclosures without awaiting a discovery request. FED. R. CIV. P. 26(a). Rule 26(c) provides that a party "from whom discovery is sought may move for a protective order in the court where the action is pending" and a court "may, for good cause, issue an order to protect" the party. FED. R. CIV. P. 26(c). Judge Means's judge-specific requirements state that parties are not required to comply with Rule 26(a)(1) unless they so stipulate. The Court has, however, as part of the initial scheduling order, ordered that the parties make the disclosures required by Rule 26(a)(1).

*2 Dart contends that "good cause" exists in that the Rule 26(a)(1) disclosures in this case may result in a waiver of the attorney-client and work-product privileges in the *Esperada* case. Federal Rule of Civil Procedure 501 provides that "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, ... privilege ... shall be determined in accordance with State law." FED.R.EVID. 501; *see also Miller v. Transamerican Press*, 621 F.2d 721, 724 (5th Cir.1980) ("Under Fed.R.Evid. 501, the availability of a privilege in a diversity case is governed by the law of the forum state."). Thus, Texas privilege law governs Dart's motion for protection from Rule 26(a)(1) disclosures.

Under Texas law a "client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." TEX.R. EVID. 503(b)(1). "A communication is 'confidential' if not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." *Id.* at 503(a)(5). The term "client" includes "a corporation, association, or other organization or entity, either public or private, who is rendered professional legal services by a lawyer, or who consults a lawyer with a view to obtaining professional legal services from that lawyer." TEX.R. EVID. 503(a)(1).

An attorney's "work product" is also privileged. *See* TEX.R. CIV. P. 192.5(b); *see also Owens-Corning Fiberglas Corp. v. Caldwell*, 818 S.W.2d 749, 750 (Tex.1991). "Work product" is [m]aterial prepared or mental impressions developed in anticipation of litigation or for trial by or for a party or a party's representatives" as well as "[c]ommunications made in anticipation of litigation or for trial between a party and the party's representatives or among a party's representatives." TEX.R. CIV. P. 192.5(a). The work-product privilege is subject to the same exceptions as the attorney-client privilege. *See* TEX.R. CIV. P. 192.5(c)(5); *Caldwell*, 818 S.W.2d at 750.

The party seeking to avoid discovery based on privilege bears the burden of establishing that the privilege applies. *See Apex Mun. Fund v. N-Group Securities*, 841 F.Supp. 1423, 1432 (S.D.Tex.1993) (citing *United States v. Pipkins*, 528 F.2d 559, 563 (5th Cir.1976) which states "the [attorney-client] privilege stands in derogation of the public's right to every man's evidence and as an obstacle to the

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 464989 (N.D.Tex.), 78 Fed. R. Evid. Serv. 1253
**(Cite as: 2009 WL 464989 (N.D.Tex.))**

Page 3

investigation of the trhth; thus, ... [i]t ought to be to be confined within the narrowest possible limits consistent with the logic of its principle" (citations and quotations omitted). There is no privilege regarding "a communication relevant to an issue of breach of duty ... by a client to the lawyer." TEX.R. EVID. 503(d)(3). "Breach of duty" includes the failure of a client to pay attorney's fees as agreed. *See Judwin Props., Inc. v. Griggs & Harrison, P.C.,* 981 S.W.2d 868, 870 (Tex.App.-Houston [1st Dist.] 1998) *judgment aff'd by* 11 S.W.3d 188. The attorney-client privilege may also be waived through voluntary disclosure of the privileged information. *See* TEX.R. EVID. 511.

**\*3** Dart also contends that Texas Disciplinary Rule of Professional Conduct 1.05(b) limits Whitaker's ability to discover and disclose privileged information. Disciplinary Rule 1.05(b) provides "a lawyer shall not knowingly ... use confidential information of a former client to the disadvantage of the former client after the representation is concluded unless the former client consents." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.05(b), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005). An attorney seeking to enforce its entitlement to a fee may, however, prove the services rendered to a client and, in doing so, disclose privileged information to the extent "reasonably necessary" so long as such disclosure is "as protective of the client's interest as possible." *Id.* at 1.05 and cmt. 15. Moreover, the Texas Disciplinary Rules of Professional Conduct do not create a private cause of action nor do such rules augment the substantive legal duties imposed on lawyers. *Id.* at preamble ¶ 15.

B. Law on Staying Proceedings

In its motion to stay, Dart calls upon the Court to use its discretionary authority to stay this case. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (noting that a court has "inherent" power to stay proceedings). Generally, a trial court has "wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery" through the use of stays. *See In re Ramu,* 903 F.2d 312, 319 (5th Cir.1990). It appears that a stay in relation to a discovery dispute under Rule 26 falls within this broad inherent discretion unless such discretion is limited by law. *See id.*

In determining whether a stay is appropriate, a court must exercise its judgment and "weigh competing interests [of the court, counsel, and the litigants] and maintain an even balance." *Landis,* 299 at 254-55. The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward." *Id.* at 255. And, when a stay is based upon the pendency of another legal proceeding, a court "must carefully consider the time reasonably expected for resolution of the 'other case.' " *Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 545 (5th Cir.1983). This is because stay order may be neither "immoderate or of an indefinite duration." *Id.*

C. Analysis

1. Protective Order and Assertion of Privilege

In seeking a protective order under Rule 26(c) Dart argues that the disclosure of facts related to the fee dispute in this case may be deemed a waiver of the attorney-client and work-product privileges in the *Esperada* suit. According to Dart, most of the documents responsive to the mandatory disclosure requirement of Rule 26(a)(1) are protected attorney-client, work-product, and trade-secret information. This includes the documents listed on privilege logs prepared by Whitaker in the *Esperada* suit. Dart insists that delivery of these documents or disclosure of such documents to third parties, such as Whitaker's counsel in this case, Kelly, Hart & Hallman, could waive the privileges asserted in the *Esperada* and force Dart to deliver such documents to the plaintiff in *Esperada.*

**\*4** Whitaker responds that recently added Federal

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 4:08-cv-04022-JLH Document 139-9 Filed 11/05/09 Page 5 of 10 Page 5 of 10

Page 4

Slip Copy, 2009 WL 464989 (N.D.Tex.), 78 Fed. R. Evid. Serv. 1253
**(Cite as: 2009 WL 464989 (N.D.Tex.))**

Rule of Evidence 502 addresses Dart's concerns. In relevant part, Rule 502 provides "A Federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court-in which event the disclosure is also not a waiver in any other Federal or State proceeding." FED.R.EVID. 502(d). Rule 502 applies "even if State law provides the rule of decision." *Id.* at 502(f). Dart argues that Rule 502 is limited to inadvertent disclosures. Although the rule address the consequences of an inadvertent disclosure of privileged information, this is not the extent of the rule. Instead, the plain language of the rule addresses the "disclosure of a communication or information covered by the attorney-client privilege or work-product protection" in various "circumstances." *See* FED.R.EVID. 502.

Accordingly, it is within this Court's authority to order discovery to proceed and that by complying with such order Dart has not waived the attorney-client or work-product privilege in the *Esperada* suit. Dart expresses concern over whether the state court will adhere to such order given that Rule 502 was enacted on September 19, 2008, and applies "in all proceedings commenced after the date of enactment ... and, insofar as is just and practicable, in all proceedings pending on such a date of enactment." Because the *Esperada* suit was commenced prior to September 19, 2008, Dart fears that the *Esperada* court will not agree that applying Rule 502 is "just and practicable." Dart has not pointed to any reason why a Texas court would not recognize an order entered under Rule 502, nor is this Court aware of a basis for a Texas court to find privileges waived in state proceedings based on a Federal court's order requiring discovery in a federal case to proceed.

Indeed, apart from Rule 502, under Texas law should this Court order Dart to proceed with discovery there still would be no waiver of privilege. Dart argues that the presence of a third party during purportedly confidential communications destroys the privilege. *See, e.g., In re JDN Real Estate-McKinney, L.P.,* 211 S.W.3d 907, 922 (Tex.App.-Dallas 2006, orig. proceeding). But the presence of a third party during attorney-client communications would seem to bear on whether the confidentiality necessary to give rise to the privilege existed in the first instance, not whether subsequent disclosure waived the privilege. *See Hodges, Grant & Kaufmann v. United States Gov't,* 768 F.2d 719, 721 (5th Cir.1985) ("[T] he presence of a third person *while such communications are made* or the disclosure of an otherwise privileged communication to a third person eliminates the intent for confidentiality on which the privilege rests.") (emphasis added). Regardless, under Texas Rule of Evidence 511, a party waives a privilege against disclosure if the party *"voluntarily* discloses or *consents* to disclosure" of the privileged matter. TEX.R. EVID. 511(1) (emphasis added). Producing documents or disclosure of documents to third-parties under court order is neither voluntary nor consensual and, therefore, does not waive a privilege. *See* TEX.R. EVID. 512; *see also Riverside Hosp., Inc. v. Garza,* 894 S.W.2d 850, 857 (Tex.App.-Corpus Christi 1995, no writ) (concluding that a disclosure pursuant to a court order was not voluntary and thus not a waiver under TEX.R. EVID. 511); *cf. Ziebarth v. Lee & Beulah Moor Children's Home,* 431 S.W.2d 798, 801 (Tex.Civ.App.-El Paso 1968, no writ) (attorney-client privilege waived regarding disclosure of former client's information where client did not object to disclosure).

*5 Dart also contends that Federal Rule of Evidence 502 addresses only the attorney-client and work-product privileges and, as a result, this Court cannot protect against waiver in the *Esperada* suit regarding trade secrets. The trade-secret privilege is contained in Texas Rule of Evidence 507. It is, therefore, subject to the preceding discussion regarding voluntary disclosure and waiver under Texas Rules of Evidence 511 and 512. *See* TEX.R. EVID. 511 (discussing waiver of a privilege conferred by "these rules"). In fact, the language of Rule 507 further supports the conclusion that disclosure pursuant to a court order is not voluntary or

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 464989 (N.D.Tex.), 78 Fed. R. Evid. Serv. 1253
(Cite as: 2009 WL 464989 (N.D.Tex.))

Page 5

consensual and, therefore, not a waiver of privilege. Rule 507 provides that a trade-secret privilege exists to the extent that "allowance of the privilege will not tend to conceal fraud or otherwise work injustice." The rule goes on to state that "[w]hen disclosure is directed, the judge shall take such protective measure as the interests of the holder of the privilege and of the parties and the furtherance of justice may require." TEX.R. EVID. 507. Thus, disclosure of otherwise privileged information while maintaining protection of such information to the maximum extent possible is contemplated by the Texas rules.

Both the Texas Rules of Evidence and Federal Rule of Civil Procedure 26 require this Court to address how the disclosure of Dart's information will be handled. *See* FED. R. CIV. P. 26(c); TEX.R. EVID. 507 (requiring court to take protective measures when ordering the disclosure of trade-secret information). Although Dart has sought to stay disclosure of the documents at issue outright, a court may also enter an order of protection specifying the terms of disclosure. *See* FED. R. CIV. P. 26(c). Accordingly, the Court orders that discovery proceed and that the disclosures required by FED. R. CIV. P. 26(a)(1) be made no later than March 9, 2009, and under the following conditions.

    a. The attorney-client privilege and work-product privilege are not waived by the disclosure of confidential privileged communications and information related to the *Esperada* suit pursuant to this order and Federal Rule of Evidence 502.

    b. All documents, discovery responses, and testimony given or produced in this case that contain attorney-client communications, work product, trade secrets or other proprietary information (collectively, "Confidential Information") by the producing party or nonparty claiming such confidentiality are made subject to the provisions of this order.

    c. Confidential Information in documentary or written form shall be designated as confidential by either: (a) marking each page of the document or writing with the legend "Confidential," which shall be plainly legible on each page, or (b) delivering to all counsel of record a written notice specifically identifying the discovery responses (by name) or documents produced (by Bate-stamped page number) that are confidential hereunder. With respect to deposition testimony that constitutes or refers to confidential matter, the witness giving the testimony and counsel for a party or nonparty shall have two weeks after receipt of the transcript to designate appropriate portions of the testimony as confidential. Until the two-week period has expired, the entire deposition transcript shall be treated as constituting Confidential Information.

**\*6** d. Any information, documents or things not designated as confidential in the manner described hereunder shall not be covered by this order, provided, however, that inadvertent production of any information, document, or thing without a designation of "confidential" shall not by itself be deemed a waiver of any party or nonparty's claim of confidentiality as to such matter, and the party or nonparty thereafter may designate the same as confidential. Disclosure of such matter by any party prior to designation of such matter as confidential by any party or nonparty shall not be deemed a violation of this order.

    e. Except as may be otherwise provided by order of the Court or further stipulation of the parties; any information, document or thing designated as confidential, any of the information contained therein, and all copies, extracts and summaries thereof, shall be used for no purpose other than prosecuting, defending, deciding or settling the legal claims between the parties in this action and shall be disclosed as provided herein.

    f. Access to any Confidential Information, or any part thereof, as well as to the matters contained therein, shall be limited to: (I) the judiciary, its employees and its agents, including jurors; (ii) the parties, and the officers, employees and in-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 464989 (N.D.Tex.), 78 Fed. R. Evid. Serv. 1253
**(Cite as: 2009 WL 464989 (N.D.Tex.))**

Page 6

surers of the parties, only insofar as they need access to prosecute or defend this action; (iii) the attorneys for the parties, their associates, assistants and employees; (iv) consultants and technical experts involved in the prosecution or defense of this litigation; (v) court reporters, their transcribers, assistants, and employees; (vi) any person identified as the author or recipient of a specific document or thing constituting Confidential Information, but only as to such specific document or thing; (vii) other "potential witnesses," the identities of whom have been agreed to by counsel for both parties in order for a party to prosecute or defend this action; (viii) witnesses at trial and deponents in this action; and (ix) persons engaged by any party or attorney to copy documents for purposes of this lawsuit.

g. Individuals and entities identified above (other than jurors, the judiciary, its employees and agents, and court reporters and their transcribers, assistants, and employees) shall have access to Confidential Information only after being informed of the provisions of this order and only after agreeing to be bound by it. Any counsel who discloses Confidential Information shall be responsible for informing individuals and entities of this order prior to such disclosure. Furthermore, disclosing counsel shall require that any individual to whom Confidential Information is proposed to be disclosed, other than individuals in categories 6(I) above, execute and deliver by fax or hand-delivery to counsel for opposing party a "Promise of Confidentiality" (the form of which is attached to this order) as soon as reasonably practicable before such disclosure is made.

*7 h. If a "potential witness" (other than a deponent) refuses to execute the Promise of Confidentiality and agree to the nondisclosure provisions of this order, disclosure of Confidential Information shall not be made to the "potential witness." If a deponent refuses to agree to the provisions of this order, disclosure of Confidential Information during the deposition may be made notwithstanding this order by the party that owns the Confidential Information, but such disclosure shall not constitute a waiver of confidentiality by any party or nonparty. Under such circumstances, (1) the witness shall sign the original deposition transcript in the presence of the court reporter, or (2) in the event the witness resides in a location different from that of the court reporter, the parties agree either (I) to waive the signature or (ii) in the event the witness insists on a right to review and sign the deposition, that such review and signature occur before some appropriate official in the location of the witness's residence upon whom the parties may agree. In either event, no copy of the transcript or exhibits shall be given to the deponent unless requested by the deponent and required by law.

i. Individuals and entities permitted access to Confidential Information pursuant hereto are hereby ordered not to show, convey or reproduce in any manner whatsoever any such documents or materials, or any parts thereof, or information contained therein, or any extract or summaries thereof, to any individual or entity who would not otherwise have access to Confidential Information under the provisions of this Order.

j. Any Confidential Information, if filed with the Court, and any brief including or describing any such Confidential Information, shall be kept by the clerk of Court under seal. If an entire deposition or set of answers to interrogatories or admissions is filed under seal in accordance with the local rules, only the designated portions shall be deemed subject to the above confidentiality and notice requirements. The person filing any Confidential Information shall be responsible for advising the clerk of Court that such information is subject to this order and to be kept under seal, except that any party may do so. At the conclusion of this case, all Confidential Information that has been filed with the Court under seal shall be returned to the parties that produced the information.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 464989 (N.D.Tex.), 78 Fed. R. Evid. Serv. 1253
**(Cite as: 2009 WL 464989 (N.D.Tex.))**

k. The entry of this order shall not constitute a waiver of any party's right to seek a court order narrowing or expanding the group of individuals or entities entitled to access to specific documents designated as confidential. Nor shall entry of this order be construed as an admission or agreement that any document or material designated as confidential is in fact confidential or otherwise entitled to any protective relief whatso- ever.

l. Any party may petition the Court to except certain documents from the confidential designation on the grounds that those documents do not contain Confidential Information. Any party may seek to modify the confidential designation of any material designated as Confidential Information by notifying the producing party in writing that the receiving party does not concur in the designation. The parties shall attempt to resolve any such challenges by meeting and conferring. In the event such a challenge is not resolved through the meet and confer process, the party desiring to make disclosure may move the Court for permission. The motion shall identify the particular material which the moving party seeks to exempt from this order by bates number or other appropriate, identifying criteria.

*8 m. At the conclusion of this litigation between the parties, all Confidential Information produced or disclosed in this action, whether or not previously designated as subject to this order, and whether or not filed with the Court, or identified as an exhibit in the proceeding, including all copies, shall be returned within 30 days after receipt of a request by the party who made the disclosure thereof. Alternatively, a party may confirm in writing that such Confidential Information, including all copies, has been shredded within 30 days after receipt of a request by the party who made the disclosure thereof.

n. Nothing in this order shall be deemed to limit, prejudice, or waive any right of any party or person (a) to resist or compel discovery, or to seek to obtain additional or different protection from that provided in this order, or to seek to modify or obtain relief from any aspect of this order; (b) to object to the use, relevance, or admissibility at trial of any evidence, whether or not comprised of Confidential Information governed by this order; or (C) otherwise to require that discovery be conducted according to governing laws and rules.

o. The terms of this order shall survive and remain in full force and effect after the termination of this action.

p. Unless this order includes a clause that explicitly states that a particular local civil rule is modified as applied to this case, nothing in this order shall be construed to modify the provisions, operation, or effect of any local civil rule of this court.

2. Stay of Proceedings

Having denied the protection sought by Dart, its motion for a stay is largely mootedd. But in arguing for a stay, Dart does not rely solely on the discovery dispute. Dart also argues that it may have a legal-malpractice claim against Whitaker and that it must be given an opportunity to assess such claim because it could be considered a compulsory counterclaim in this suit.

First, Dart erroneously argues the compulsory counterclaim issue in terms of the Texas Rules of Civil Procedure. "Procedure in the federal courts is governed by the Federal Rules and not local law." *Lawrence v. Sun Oil Co.,* 166 F.2d 466, 469 (5th Cir.1948); *see also* FED. R. CIV. P. 1. Under Federal Rule of Civil Procedure 13 "[a] pleading must state as a counterclaim any claim that-at the time of its service-the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." FED. R. CIV. P. 13(a).

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 464989 (N.D.Tex.), 78 Fed. R. Evid. Serv. 1253
**(Cite as: 2009 WL 464989 (N.D.Tex.))**

Page 8

To determine if a counterclaim is compulsory under Rule 13, a court must consider (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim. *See Plant v. Blazer Fina. Servs.*, 598 F.2d 1357, 1360 (5th Cir.1979). "An affirmative answer to any of the four questions indicates the counterclaim is compulsory." *Id.* at 1360-61. A counterclaim is not compulsory if it is contingent or not yet mature. *See Young v. City of New Orleans*, 751 F.2d 794, 801 (5th Cir.1985) ("A counterclaim acquired by the defendant after he has answered will not be considered compulsory, even if it arises out of the same transaction as does the plaintiff's claim.") (quoting 6 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1411 at 55 (1971)).

*9 Dart posits that Texas courts have held that a malpractice claim is a compulsory counterclaim in a suit for attorneys' fees. *See, e.g., Goggin v. Grimes*, 969 S.W.2d 135, 138 (Tex.App.-Houston [14th Dist.] 1998, no pet.). Whitaker responds that because a malpractice claim is merely a possibility at this point, it is not a compulsory counterclaim and, therefore, a stay is not warranted. *See Ingersoll-Rand v. Valero Energy Corp.*, 997 S.W.2d 203, 207 (Tex.1999).

The contingent nature of Dart's malpractice claim is not, however, an inherent aspect of such a claim or due to the facts of this case. Rather, Dart is simply yet to decide whether it will bring such claim. Dart posits that the viability of a malpractice claim depends upon the outcome of the litigation giving rise to such claim. While this may be true in some cases, under Texas law, "[a] cause of action for legal malpractice accrues when the client sustains legal injury or, in cases governed by the discovery rule, when the client discovers or should have discovered the facts establishing the elements of the cause of action." *See Hughes v. Mahaney & Higgins*, 821 S.W.2 154, 156 (Tex.1991). Under both Texas and federal procedure, a claim is "mature" in regard to the compulsory-counterclaim analysis when it accrues. *See New York Life Ins. v. Deshotel*, 142 F.3d 873 (5th Cir.1998) (discussing maturity under Rule 13 in terms of accrual of the relevant state causes of action); *see also Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 208 (Tex.1999) ("A claim is mature [for compulsory-counterclaim purposes] when it has accrued."). Texas courts have held that the filing of a claim for attorneys' fees which may be subject to avoidance due to malpractice is a sufficient injury to cause the malpractice claim to accrue or mature. *See Goggin*, 969 S.W.2d 137-38.

Given the foregoing, it appears that Dart is correct in its assertion that any malpractice claim would be a compulsory counterclaim in this case. This fact does not, however, justify a stay. Dart is fully aware of the services provided to it by Whitaker and the fees Whitaker seeks for such services. Dart can evaluate the services provided by Whitaker and determine whether they constitute malpractice. Although the extent of the damages caused by any malpractice by Whitaker may not be clear at this point, this is not necessary to the accrual of a legal malpractice claim. *See Bailey v. Travis*, 622 S.W.2d 143, (Tex.Civ.App.-Eastland 1981, writ ref'd n.r.e.) ("It was not necessary [to the accrual of a legal malpractice claim] that the full extent of the damages be known.").

In a related argument Dart complains that allowing this case to proceed will force it "into the untenable position of defending Whitaker Chalk's actions in the underlying *Esperada* lawsuit while attacking those actions in this suit." [Mtn. for Stay at 7.] This language comes from Texas cases addressing the tolling of the statute of limitations for legal malpractice claims. First, the Court notes that Dart has not been "forced" into inconsistent positions in the

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.


Slip Copy, 2009 WL 464989 (N.D.Tex.), 78 Fed. R. Evid. Serv. 1253
(Cite as: 2009 WL 464989 (N.D.TEX.))

manner contemplated by the Texas cases it cites. Rather, Dart has chosen to withhold payment of attorneys' fees based on the claim that such fees are unreasonable on the one hand while attempting to pass such fees on to the adverse party in the *Esperada* suit-an effort necessarily based on the reasonableness of the fees-on the other. Conversely, in the Texas tolling cases, the Texas supreme court was concerned that clients might be forced to compromise the merits of the underlying case if malpractice claims had to be pursued contemporaneously with such case. *See Hughes,* 821 S.W.2d at 157. The Texas supreme court was also concerned "that attorney-client trust would be eroded if the client had to scrutinize every stage of the case for possible missteps" *Apex Towing Co. v. Tolin,* 41 S.W.3d 118, 121 (Tex.2001) (citing *Sanchez v. Hastings,* 898 S.W.2d 287 (Tex.1995). The attorney-client relationship between Dart and Whitaker has ended. Thus, there is no concern that Dart will be burdened by an on-going obligation to monitor Whitaker's performance. And all that is at issue here are attorneys' fees; the underlying merits of Dart's claims do not appear to be at stake.

**\*10** Finally the Court notes that staying these proceedings will not resolve the conflict between the positions taken by Dart in this case and the *Esperada* suit. Regardless of a stay, Dart clearly contests the fees charged by Whitaker that form the basis of this suit. [See Mtn. for Protective Order at 7 ("Dart disputes that it owes the fees sought by Whitaker Chalk, not because it cannot pay them, but because it believes the fees were unconscionable, unreasonable and unnecessary.").] If it is Dart's position in the *Esperada* suit that Whitaker's fees were reasonable and, therefore, recoverable in the event it prevails in *Esperada,* Dart has already taken inconsistent positions.

III. Conclusion

Accordingly, Dart's motions for protective order and to stay are DENIED. The Court ORDERS the parties to comply with the above terms regarding the discovery and disclosure of Confidential Information. Whitaker's motions for leave to supplement and to file under seal are DENIED.

N.D.Tex.,2009.
Whitaker Chalk Swindle & Sawyer, LLP v. Dart Oil & Gas Corp.
Slip Copy, 2009 WL 464989 (N.D.Tex.), 78 Fed. R. Evid. Serv. 1253

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.