# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TYLER DIVISION

ERIC M. ALBRITTON, *
*
Plaintiff, *
*
VS. * C.A. NO. 6:08-CV-00089
*
CISCO SYSTEMS, INC., RICK *
FRENKEL, MALLUN YEN & *
JOHN NOH, *
*
Defendants. *

*******************************************************

ORAL DEPOSITION OF

AMIE MATHIS

OCTOBER 27TH, 2008

*******************************************************

ORAL DEPOSITION OF AMIE MATHIS, produced as a witness at the instance of the CLAIMANT, and duly sworn, was taken in the above-styled and numbered cause on the 27th of October, 2008, from 9:24 a.m. to 11:38 a.m., before Tammy Staggs, CSR in and for the State of Texas, reported by machine shorthand, at the Law Offices of James A. Holmes, 605 South Main, Suite 203, Henderson, Texas, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

P R O C E E D I N G S

(Exhibits 1-21 marked.)

THE VIDEOGRAPHER: Here begins the videotape deposition of Amie Mathis in the matter of Eric M. Albritton vs. Cisco Systems, Inc., Rick Frenkel, et al. Case No. 6:08CV00089. Today's date is October 27th, 2008. The time is now approximately 9:24 a.m. We're now on the record.

AMIE MATHIS,

Having been first duly sworn, testified as follows:

EXAMINATION

BY MR. BABCOCK:

Q. Would you state your name, please.

A. It's Amie Mathis.

Q. And do you work, Ms. Mathis?

A. Yes, I do.

Q. And for whom do you work?

A. Currently, I work for Tenaha ISD.

Q. And what is it that you do for Tenaha ISD?

A. I'm a full -- a long-term sub in a first grade class.

Q. When did you go to work for the Tenaha ISD?

A. September 10th.

Q. Of 2008?

A. Yes, sir.

A. No, I would have called right after she said to call.

Q. Now, before we get to the -- before we get to that call, had you told Mr. Albritton what was going on between the first call with Shelley Moore and the second call when she called you back?

A. Yes.

Q. All right. And what did you report to him?

A. I would have reported everything that I just told you that happened and what she said and what I said.

Q. Okay.

A. And what was being done.

Q. Okay. Did Mr. Albritton disapprove in any way in how you were handling this?

A. No. He told me to stay on top of it.

Q. Okay. And did he say why you needed to stay on top of it?

A. I already knew that it was very important that the case was filed on the 16th, so we needed to make sure it was cleared up.

Q. Why did you think it was important that the case be filed on the 16th?

A. Because that was when the -- we had been told that's when the patent was valid. So there wouldn't be

that they changed the dates?

A. Yes.

Q. Okay. And do you know what date that was?

A. I couldn't tell you.

Q. Okay.

MR. BABCOCK: Why don't you change tape now, and we'll take a quick little break.

THE VIDEOGRAPHER: This marks the end of Videotape No. 1. Going off the record. The time is approximately 10:17 a.m.

(Recess held, 10:17 a.m. to 10:30 a.m.)

THE VIDEOGRAPHER: This marks the beginning of Tape No. 2. The time is approximately 10:30 a.m. We're now on the record.

Q. (BY MR. BABCOCK) Ms. Mathis, your testimony to date, I calculate, shows two telephone conferences with Shelley Moore, the Texarkana clerk; one telephone conversation with David Provine in Tyler; and then two conversations with Peggy Thompson, another Tyler deputy clerk -- or clerk?

A. Correct.

Q. Okay. Did you have any other conversations with anybody in the Eastern District of Texas clerk's office other than those five conversations?

A. I'm pretty sure that's all.

Q. Okay. You told me that you were keeping Mr. Albritton apprised of these conversations, correct?

A. Yes, sir.

Q. Did you also keep Mr. McAndrews apprised of these conversations?

A. Yes, sir.

Q. Okay. There's another lawyer who is on the pleadings by the name of John Ward. Did you keep Mr. Ward apprised of these conversations?

A. Probably not. I probably just told Eric and Mr. McAndrews.

Q. Okay. You say probably not. Did you have -- do you recall any conversation which you had with Mr. Ward about these conversations you were having with the clerk's office?

A. Not direct- -- no, not -- not that I remember.

Q. Other than through Eric maybe? You might have told Eric --

A. I might have told Eric, and Eric -- and I don't know what Eric told -- who he told after that.

Q. So if Ward knew anything about it, it was not through you?

A. Right.

Q. Okay. Did you ever talk to anybody representing or -- or -- well, did you talk to anybody

representing Cisco Systems about the fact that you were talking to the clerks?

A. No.

Q. Okay. Did you talk to anybody who actually worked for Cisco Systems that you were talking to the clerk about this?

A. No.

Q. Okay. The clerk Mr. Maland prepared a memo that went over the facts that you and I have just gone over. Have you ever seen a copy of that memo?

A. Off the top of my head, probably no. I might have. I'm not for sure.

Q. Okay. Let me hand you Exhibit 12, which is a document that has been produced to us by Mr. Albritton's counsel. And this is a memo from David Maland to a couple of people by the name of Anne Mc- -- Anne McMillan and Brenda Jeffreys and Thad Heartfield, and it's dated March 14th, 2008, correct?

A. Yes, sir.

Q. All right. Have you ever seen this before?

A. I don't know if I have or haven't.

Q. Okay. Let me see if I can refresh your recollection about this. Let me show you Exhibit 14 and this is another document that's been presented to me by counsel for Mr. Albritton. And this is three E-mails

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TYLER DIVISION

ERIC M. ALBRITTON, *
*
Plaintiff, *
*
VS. * C.A. NO. 6:08-CV-00089
*
CISCO SYSTEMS, INC., RICK *
FRENKEL, MALLUN YEN & *
JOHN NOH, *
*
Defendants. *

REPORTER'S CERTIFICATION

DEPOSITION OF AMIE MATHIS

OCTOBER 27TH, 2008

I, TAMMY LEA STAGGS, Certified Shorthand Reporter in and for the State of Texas, hereby certify to the following:

That the witness, AMIE MATHIS, was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

That the deposition transcript was submitted on ____________________ to the witness or to the attorney for the witness for examination, signature and return to me by ____________________;

That the amount of time used by each party at the deposition is as follows:

Mr. James A. Holmes - (0:00)

Mr. Charles L. Babcock - (1:49)

Mr. George L. McWilliams - (0:06)

Mr. Greg Love - (0:03)

That pursuant to information given to the deposition officer at the time said testimony was taken, the following includes counsel for all parties of record:

FOR THE PLAINTIFF:
James A. Holmes, Esq.

FOR THE DEFENDANT, CISCO SYSTEMS, INC.:
Charles L. Babcock, Esq.

FOR THE DEFENDANT, RICHARD FRENKEL:
George L. McWilliams, Esq.
Nicole Peavy

FOR THE WITNESS:
Greg Love, Esq.

That $__________ is the deposition officer's charges to the Defendant, Cisco Systems, for preparing the original deposition transcript and any copies of exhibits;

I further certify that I am neither counsel for, related to, nor employed by any of the parties or attorneys in the action in which this proceeding was taken, and further that I am not financially or otherwise interested in the outcome of the action.

Certified to by me this 31st of October, 2008.

Tammy Lea Staggs, CSR 7496
Expiration Date: 12/31/2009
Firm No. Dallas: 69 Houston: 373
HG Litigation Services
2501 Oak Lawn Avenue
Suite 600
Dallas, Texas 75219
214.521.1188 Fax 214.521.1034
1.888.656.DEPO

AUTHENTIC COPY
The original certified transcript file was electronically signed using RealLegal technology.