# EXHIBIT 7

CERTIFIED COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. NO. 6:08-CV-00089 |
| CISCO SYSTEMS, INC., | ) | |
| RICK FRENKEL, MALLUN YEN & | ) | |
| JOHN NOH | ) | |

**************************************************

ORAL AND VIDEOTAPED DEPOSITION OF
DAVID PROVINES
NOVEMBER 3, 2008
VOLUME I

**************************************************

ORAL AND VIDEOTAPED DEPOSITION OF DAVID PROVINES, produced as a witness at the instance of the Defendant, and duly sworn, was taken in the above-styled and numbered cause on the 3rd day of November, 2008, from 5:38 p.m. to 6:29 p.m., before April R. Eichelberger, CSR in and for the State of Texas, reported by machine shorthand, at the United States District Court for the Eastern District of Texas, 211 West Ferguson Street in the City Tyler and the State of Texas, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

P R O C E E D I N G S

THE VIDEOGRAPHER: This is the oral and videotaped deposition of David Provines taken in the suit styled Eric M. Albritton versus Cisco Systems, Inc., et al. Cause Number 6:08-CV-00089. Today's date is November the 3rd, 2008. We're located at the Federal Courthouse Eastern Division, 211 West Ferguson Street, Tyler, Texas. We are now on the record. The time is approximately 5:38.

Will the court reporter please swear in the witness.

DAVID PROVINES,

having been first duly sworn, testified as follows:

EXAMINATION

BY MR. BABCOCK:

Q. Would you state your name, sir.

A. It's David Provines.

Q. How are you employed, Mr. Provines?

A. Well, I'm employed with the clerk of court office.

Q. Okay.

A. If that's your question.

Q. Yeah. And that's the United States District Court for the Eastern District of Texas?

A. That's correct.

the docket sheet showed 10/15/2007, yet the entered date in the docket text said 10/16/2007, and she thought there was some type of computer glitch, computer problem, and she wanted an explanation for that. And so I looked at the docket sheet on the screen and explained to her, like in all docket entries, when you begin the docket entry, the date filed in the "date filed" column here is for the -- the actual docket text, the docket entry, starts on the date that you begin that entry. When you finish the entry, the entered date reflects when you actually finished. So you have like a beginning and ending time. That's the way the system works.

And I think the reason that was done is the programmers who wrote CM/ECF -- that's the system that we use to keep the dockets in the court -- now, this is my assumption -- probably never anticipated this type of issue coming up. So whenever you started a docket entry and you finish a docket entry, it would normally be on the same day. And so she was -- didn't understand that. So I explained to her that that's how it worked, and that was the end of my conversation with Amie.

Q. Okay.

A. Well, and let me continue if you don't mind.

Q. No, no, no. But before we -- before we leave that conversation, everybody in this room knows this, but Amie is Amie Mathis of Eric Albritton's office?

A. That's correct.

Q. And she's on the telephone with you on October 17th of 2007 or 16th? 16th or 17th?

A. Yes.

Q. Okay.

A. Yes.

Q. Fine. Go ahead. I'm sorry.

A. So I answered the question and that was my -- that was the extent of my conversation with Amie. Well, the next day I went and spoke with Cindy Paar, who I know is on your list to talk to today.

Q. She's next.

A. She's next. -- because she is our CM/ECF administrator. And although I was 100 percent sure I was correct in my comments to Amie of how the system worked, I wanted to make sure, because Cindy knows this. She worked with the system every day.

Q. Right.

A. And so I asked her that question, and of course she corroborated this, that's the way the system worked, and so I knew that it's true. Now, getting back to your original question about the e-mail that I sent

Q. And then "Filed 10/15/2007."
A. Well, this is the actual complaint that she filed. That would be Document Number 1 on the docket?
Q. Right.
A. Well, with the file date across here, I can't say for certainty that -- I'm going to assume that is -- that is pulling the file date from the date filed on the docket of the complaint.
Q. Right.
A. But I have not seen the code that actually -- this is a different -- this -- well, back up a second. This line across here users can turn on or off at their own -- if they want to see that across the document. It is -- it is generated by the system, the CM/ECF system, it is, and that was actually lated -- added later to CM/ECF when it first introduced. But based upon this, I'm assuming that file date is -- since it's the complaint for the party -- for the patent infringements, that it's pulling that date from the "date filed" column on that particular docket.
Q. Which used to say "10/15"?
A. It used to say "10/15," yes.
Q. And now it says "10/16"?
A. Yes.
Q. Because that -- because your office altered

that, right?
A. Yes, yes.
Q. Okay. And now --
MR. BABCOCK: Give me 24, will you?
Q. (BY MR. BABCOCK) Now if you look at this very same document, the complaint, now the header says --
A. Okay.
Q. -- "Filed 10/16/2007."
A. That would -- that would confirm it, then, that that is truly pulling that date from that "date filed" column for this particular document. What I was concerned about, if you'll look at the front page of the docket sheet, --
Q. Yes.
A. -- it shows "10/15." And that was the date the shell case was actually opened.
Q. Right.
A. I wanted to confirm that that did not pull that date from that -- that field there, because these dates are stored in different places in the database. But showing me this, if this was printed off before that 10/16 date was changed, that does confirm that that's where it's coming from.
Q. Okay. All right.
A. I'm confident that's true.

the whole thing. Do you know how long it takes to file something like that?

A. Well, if it's 74 pages long, I don't know the exact -- the exact time it would take 74 pages, but it could take anywhere from 15 minutes to an hour, depending on her upload speed at her office. So it could -- it would be -- it wouldn't be instantaneously.

Q. Okay. Fair enough.

A. So it would take -- take a little while for that to upload.

Q. Okay. So based on your understanding, in order to be ready to hit the "send" -- the "submit" button at one minute after midnight, she would have had to start uploading this document anywhere from 15 to 30 minutes before midnight?

A. That's correct.

Q. Okay. Now, here's Exhibit 10, which talks about the confirmation on the filing fee. You know she paid a $350 filing fee and charged it to Eric's -- Eric Albritton's MasterCard?

A. Okay.

Q. Do you know that or not?

A. I didn't know it was a master -- I've seen the payment receipt, but I didn't know that it was Eric's MasterCard, no. I wouldn't -- wouldn't know that.

Q. All right. Fair enough. Did -- did Amie ask you to do anything? Did she say, "Thanks for the technical explanation, but you're a big dog, I know you're the deputy clerk, and fix this for me"?

A. Well, if she did, I don't remember. I can't remember the rest of the conversation. See, the reason I really only remember the conversation was because it was an interesting question that hadn't come up before. I remember that portion of it.

Q. Okay.

A. But I cannot honestly tell you.

Q. Can you recall doing anything to try to -- to try to get the dates changed?

A. Oh, no, no, I did not. I know that for certain, because the next day I went and I spoke to Cindy Paar.

Q. Right.

A. I think we already talked about this earlier in the deposition.

Q. Yeah.

A. I asked her to confirm that what I told her was correct. But I left out one part. I asked her to confirm that -- what was correct, and she said, "Yes, I told her that was correct."

Q. Okay.

my copy.

Q. Okay.

A. Of course it says "10/16," the copy I have, but it said "10/15." So the NEF -- the NEF only relates to the document that is being filed at the time.

Q. Right.

A. So the 10/16 shows the enter date, which is here. The 10/15 reflects the date that it was filed on 10/15/2007 here. I may have -- you know, when you asked the question, maybe I was thinking of the banner across the top.

Q. Yeah. But -- but to be clear, the 10/15/2007 date was generated not because there was a shell case, but because she started uploading the complaint before midnight, and that translated over into the Notice of Electronic Filing, which shows "filed on 10/15/2007"?

A. Yes, that's correct.

Q. Okay.

A. Because the NEF only relates to that document that is being --

Q. Okay.

A. -- worked on. I'm sorry. I may have misunderstood you.

Q. That clears up my misunderstanding.

A. I do -- I do have one thing to say. I've got

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ERIC M. ALBRITTON )
)
v. )
) C.A. NO. 6:08-CV-00089
CISCO SYSTEMS, INC., )
RICK FRENKEL, MALLUN YEN & )
JOHN NOH )

REPORTER'S CERTIFICATION
DEPOSITION OF DAVID PROVINES
NOVEMBER 3, 2008

I, April Eichelberger, Certified Shorthand Reporter in and for the State of Texas, hereby certify to the following:

That the witness, DAVID PROVINES, was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

That the deposition transcript was submitted on ______________________ to the witness or to the attorney for the witness for examination, signature and return to me by ______________________;

That the amount of time used by each party at the deposition is as follows:

MR. BABCOCK......24 minutes

MR. McWILLIAMS...6 minutes

MR. HOLMES.......19 minutes;

That pursuant to information given to the deposition officer at the time said testimony was taken, the following includes counsel for all parties of record:

FOR THE PLAINTIFF:

Mr. James A. Holmes

FOR THE DEFENDANT CISCO SYSTEMS, INC.:

Mr. Charles L. Babcock, Ms. Crystal J. Parker

FOR THE DEFENDANT RICHARD FRENKEL:

Mr. George L. McWilliams

FOR THE WITNESS:

Mr. Thomas E. Gibson, Mr. Bob Wells

That $__________ is the deposition officer's charges to the Defendant for preparing the original deposition transcript and any copies of exhibits;

I further certify that I am neither counsel for, related to, nor employed by any of the parties or attorneys in the action in which this proceeding was taken, and further that I am not financially or otherwise interested in the outcome of the action.

Certified to by me this _____ day of __________________________, 2008.

April Eichelberger
Texas CSR No. 7495
Expiration Date: December 31, 2009

That pursuant to information given to the deposition officer at the time said testimony was taken, the following includes counsel for all parties of record:

FOR THE PLAINTIFF:

Mr. James A. Holmes

FOR THE DEFENDANT CISCO SYSTEMS, INC.:

Mr. Charles L. Babcock, Ms. Crystal J. Parker

FOR THE DEFENDANT RICHARD FRENKEL:

Mr. George L. McWilliams

FOR THE WITNESS:

Mr. Thomas E. Gibson, Mr. Bob Wells

That $________ is the deposition officer's charges to the Defendant for preparing the original deposition transcript and any copies of exhibits;

I further certify that I am neither counsel for, related to, nor employed by any of the parties or attorneys in the action in which this proceeding was taken, and further that I am not financially or otherwise interested in the outcome of the action.

Certified to by me this 5th day of November, 2008.

April Eichelberger

April Eichelberger
Texas CSR No. 7495
Expiration Date: December 31, 2009

All HTML Copy
The original certified E-Transcript
file was electronically signed
using RealLegal technology.