# EXHIBIT 20

V&E

About V&E
Offices
Lawyers
Practices
Careers
Resources — All Resources
**Firm News**
Publications
Events
Anti-Terrorism Initiatives

# Firm News

## Eastern District of Texas Applies KSR v. Teleflex in Invalidating Patent

Search V&E   Go
Print
E-mail a Friend

**Learn More About**

Rankings/Awards

**TYLER, TX (Aug. 31, 2007)** -- When the United States Supreme Court issued its ruling in *KSR v. Teleflex* this past spring, the legal community, patent holders, and accused patent infringers debated how trial courts would apply the revised standard for non-obviousness of a patent. Would judges—especially those in jurisdictions considered "patentee-friendly"— still be reluctant to invalidate patents under this new standard?

The Honorable Leonard Davis of the Eastern District of Texas gave an answer in mid-August when he issued a "take nothing" judgment for the defendants in *AdvanceMe v. Rapidpay et al.*

In a significant victory for Vinson & Elkins' clients **Reach Financial, LLC** and **Merchant Money Tree, Inc.**, U.S. District Judge Davis found that all claims of AdvanceMe's patent were invalid as anticipated and obvious. Judge Davis' ruling also absolved V&E clients' **AmeriMerchant, LLC** and **First Funds, LLC** from liability in *AdvanceMe v. AmeriMerchant et al.*, alleging infringement of the same patent and originally set for trial in January of 2008 in Judge Davis' court. Since the court's ruling in the *Rapidpay* case, *AdvanceMe v. AmeriMerchant et al.* has been dismissed.

"This victory is especially noteworthy because it is a textbook example of attorneys, clients, and industry witnesses seamlessly working together in a unique way to develop evidence of prior art," says **V&E Partner Brian Buss** of Austin who was one of the lead lawyers representing the defendants. "It also provides a glimpse into how the Eastern District of Texas will apply the *KSR* decision going forward."

**V&E Partner Bill Schuurman**, also one of the lead lawyers representing the defendants, explains that the Supreme Court's decision in *KSR* rejected what it referred to as the Federal Circuit's "rigid and mandatory"

JW.000637

Teaching-Suggestion-Motivation (TSM) test and found that "Application of the bar [on granting patent protection to obvious inventions] must not be confined within a test or formulation too constrained to serve its purpose."

Mr. Schuurman points to Justice Anthony Kennedy's comments in the Court's unanimous decision in KSR:

> "When there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions, a person of ordinary skill in the art has good reason to pursue the known options within his or her technical grasp. If this leads to the anticipated success, it is likely the product not of innovation but of ordinary skill and common sense."

"The patent at issue in the Rapidpay case is precisely the type of patent at which the KSR decision is directed," says Mr. Schuurman. "Even in the absence of the anticipatory prior art that Judge Davis found independently invalidates all relevant claims of the AdvanceMe patent, the KSR decision dictates that alleged inventions resulting from ordinary skill and common sense—such as that at issue in the Rapidpay case—are invalid as obvious."

The Eastern District of Texas, especially over the past year, has been criticized by many who believe that defendants are at an extreme disadvantage in patent infringement cases filed there, according to Austin **V&E Associate Joseph Gray**, who specializes in Intellectual Property litigation. He points out that Justice Scalia, during oral argument at the Supreme Court in eBay v. MercExchange on March 29, 2006, even referred to Marshall, Texas, (also in the Eastern District of Texas) as a "renegade jurisdiction" when counsel for eBay noted that "no patent has ever been declared invalid in that jurisdiction...."

"Judge Davis' invalidity ruling in the Rapidpay case calls into question the opinions of those critics—at least with respect to the KSR decision," says Mr. Gray. "Judge Davis heard all the evidence presented by both sides, reviewed the applicable law, and wrote a very thorough opinion finding that all relevant claims of AdvanceMe's patent were invalid as both anticipated and obvious."

Mr. Buss explains that Judge Davis first found that the methods implemented by Litle & Company, a payment processing company, in the early 1990s were precisely

JW.000638

the methods that AdvanceMe claimed were novel in 1997, thus anticipating all relevant claims of the AdvanceMe patent.

"Judge Davis did not stop there—even though that finding alone is sufficient to invalidate all claims of AdvanceMe's patent," says Mr. Buss. "In the Eastern District of Texas' first application of *KSR*, Judge Davis also found that AdvanceMe's patent merely reflected a predictable variation of existing prior art methods." Judge Davis wrote that "the [AdvanceMe] patent combines familiar elements with known methods to yield predictable results," citing *KSR*. He went on to write that "Granting a patent monopoly to this technological advance that would have occurred in the ordinary course without real innovation retards progress and deprives prior inventions of their value"—adopting Justice Kennedy's reasoning in *KSR*, says Mr. Buss.

"In the end, Judge Davis understood that AdvanceMe's alleged invention was not novel. It had been used commercially, by many different companies, throughout the payment processing industry for years before AdvanceMe's patent application was filed in 1997," says Mr. Schuurman.

### The Unusual Search for Prior Art

Austin attorneys **Messrs. Schuurman, Buss**, and **Gray** led the trial team that presented substantial evidence of four separate prior art methods that were known and used in the payment processing industry years before the AdvanceMe patent application was filed. Mr. Schuurman says that Austin associates **Floyd Walker, Hilary Preston**, and **Graham Sutliff**, as well as **David Goldin**, President and Chief Executive Officer of AmeriMerchant, LLC, and **Jeff Sanders** of Roberts & Ritholz LLP, provided invaluable assistance in the true team effort in locating and developing the elusive prior art that ultimately invalidated all relevant claims of AdvanceMe's patent.

"Judge Davis found that the AdvanceMe patent 'purports to enable a merchant to automatically have its obligations repaid out of card receipts and, therefore, enables a capital provider to be repaid before the merchant gains access to payment amounts,'" says Mr. Gray.

Though, as Mr. Gray says, the prior art methods were identical to the claims of AdvanceMe's patent and were known and used throughout the payment processing industry, and frequently discussed by those within the

JW.000639

Case 4:08-cv-04022-JLH   Document 140-23   Filed 11/05/09   Page 5 of 6

industry, documentation describing the methods could not be located through ordinary prior art searches. So, Mr. Gray says, David Goldin, Jeff Sanders, and Vinson & Elkins got creative.

Mr. Gray explains that, "Mr. Goldin solicited people with knowledge of potential prior art on his industry blog and on other payment processing industry blogs. Through these postings, and through hundreds of phone calls seeking information and additional leads, the defense team was able to identify numerous extremely knowledgeable industry witnesses—17 of which ultimately provided testimony for use at trial."

"Mr. Goldin's persistence is unparalleled," says Mr. Gray. "Mr. Goldin and Mr. Sanders explained to those in the payment processing industry what they considered to be the implications of AdvanceMe's patent to the industry, and those they contacted provided assistance in identifying prior art, locating contemporaneous documentation, and providing names of additional potential witnesses." Mr. Gray says the entire defense team then followed those leads, calling potential witnesses, and traveling across the country tracking down documents and testimony. "This was a truly extraordinary team effort."

"Several giants in the payment processing industry, including **Tim Litle, Larry Bouchard, Lee Suckow**, and **Mel Chasen** were among those who provided testimony that established the well known business methods in place in the industry well before 1997," says Mr. Buss. "Mr. Litle, Mr. Bouchard, Mr. Suckow, and **Edward 'Skip' Landon** voluntarily testified live at trial." And notably, Mr. Buss explains, **six former AdvanceMe employees** also provided testimony revealing the widespread knowledge of the prior art presented by the defendants, which—as Judge Davis noted in his opinion—was "not considered by the [Patent & Trademark Office] when issuing the patent."

For additional information regarding AdvanceMe v. Rapidpay et al. or *AdvanceMe v. AmeriMerchant et al.*, please contact Brian Buss at bbuss@velaw.com or (512) 542-8580 or Joseph Gray at jgray@velaw.com or (512) 542-8420.

Vinson & Elkins was established in 1917 and is one of the world's largest international law firms. The firm has more than 700 lawyers practicing in Austin, Beijing, Dallas, Dubai, Houston, Hong Kong, London, Moscow, New

JW.000640

http://www.vinson-elkins.com/resources/resource_detail.asp?rid=323345401&rtype=news

Ark.000619

York, Shanghai, Tokyo and Washington D.C. Vinson & Elkins offers a wide range of legal services. Clients include public and private companies, financial institutions, municipalities, governments of sovereign nations, entrepreneurs, families and individuals. V&E is a primary sponsor of the American Bar Association's Silver Gavel Awards, which recognizes and promotes legal journalism.

>> Back to Top

Site Map   Contact Us   Extranet   Disclaimer & Legal Notice   ©1999-2008 Vinson & Elkins LLP

JW.000641

http://www.vinson-elkins.com/resources/resource_detail.asp?rid=323345401&rtype=news

Ark.000620