# EXHIBIT 23

Yahoo! | My Yahoo! | Mail | More | Make Y! My Home Page    New User? Sign Up | Sign In | Help

**YAHOO! FINANCE**

Search [ ] WEB SEARCH

GET QUOTES   Finance Search

 

ADVERTISEMENT

Say hello to Shine!
A new website for women.

Shine from YAHOO!

Law.com

## Will the 5th Circuit Ground an Eastern District of Texas Rocket Docket?

Friday May 23, 3:02 am ET
John Council, Texas Lawyer

In a mandamus case that could significantly alter one of the hottest federal civil dockets in Texas, the full 5th U.S. Circuit Court of Appeals heard arguments on Thursday over whether a trial judge's discretion should be limited when a party moves to transfer venue.



The stakes in *In Re: Volkswagen* are huge, because the case could end up stemming the tide of product liability suits filed in the Eastern District of Texas. Under 28 U.S.C. §1391(a)(1), plaintiffs can file product liability suits in "any district in which a defendant resides." Plenty of plaintiffs have taken advantage of this law and filed in the Eastern District, where the judges are known for moving such disputes in an efficient manner and the juries have a reputation -- rightly or wrongly -- for being pro-plaintiff.

In 2007, product liability and personal-injury case filings were second only to patent suits in nonprisoner-related civil litigation in the Eastern District. The district leads the nation in the number of patent filings. According to the Administrative Office of U.S. Courts, the Eastern District of Texas leads the nation in patent suits filed with 359 for the 12-month period ending Sept. 30, 2007.

Some lawyers worry that the 5th Circuit could issue a ruling in *In Re: Volkswagen* that will hurt their business in the Eastern District -- the large numbers of patent and product liability suits has proven to be a boon to many lawyers and firms operating there.

"It could hurt lawyers all over the state," especially in Dallas, which has a large contingent of firms that practice in the Eastern District, says Michael C. Smith, a partner in the Marshall office of Siebman Reynolds Burg Phillips & Smith who represents the plaintiffs.

To move product liability cases out of the Eastern District, litigants must file a 28 U.S.C. §1404(a) motion asking a judge to weigh transferring the case to a more suitable jurisdiction for the sake of the convenience of witnesses.

It is the U.S. district judge's discretion in weighing the §1404(a) transfer motion that is at the heart of the battle in *In Re: Volkswagen*, a mandamus receiving an unusual amount of interest from amici.

Danny Ashby, a lawyer for defendants Volkswagen of America and its parent company, argued to the 5th Circuit that U.S. District Judge T. John Ward abused his discretion by refusing to transfer the suit out of the Eastern District. Ashby argued that the suit has no relevant connection to the Eastern District. He also maintained that Ward gave too much weight to the plaintiffs' choice of forum and that the witnesses in the case are located in Dallas.

In its brief to the 5th Circuit, the Volkswagen defendants also assert that federal judges in other districts in Texas routinely grant §1404(a) transfer motions in cases "covering distances substantially shorter than the 150 miles between Marshall and Dallas."

"The parties and the witnesses have no connection to Marshall," Ashby, a partner in the Dallas office of K&L Gates, told the 5th Circuit judges on Thursday. "And the case has no connection to

JW.000789

Marshall."

But plaintiffs lawyer Martin Siegel argued that Ward gave proper weight to his clients' choice of venue, that the witnesses located where the defendants want to try the case are not important to its resolution and that the defense has not proven that Ward's venue ruling is an "extraordinary cause" that justifies mandamus.

"These are decisions best made by trial judges for docket-management reasons" as well as cost- and time-management reasons, argued Siegel, a Houston solo. "This case is the poster child for this. We're now in our second year in this case."

## A HORRIBLE ACCIDENT

The history of *In Re: Volkswagen* is as follows: In their 2006 complaint in *Singleton, et al. v. Volkswagen, et al.*, the plaintiffs allege that their daughter, 7-year-old Mariana Singleton, was sitting in the backseat of a 1999 Volkswagen Golf when a defective front passenger seat collapsed on her during a wreck with another vehicle, crushing her skull. The plaintiffs, Singleton's surviving family members, chose to file the product liability suit against the Volkswagen defendants in the Eastern District's Marshall Division, even though the car accident occurred 150 miles away in Dallas, where the Northern District of Texas is based.

The Volkswagen defendants filed a transfer motion to have the case moved to Dallas, a motion Ward denied in 2006. Ward ruled that Volkswagen had not shown that convenience and justice outweighed the plaintiffs' right to choose to file in "any district in which a defendant resides" pursuant to 28 U.S.C. §1391(a)(1). Volkswagen has several dealerships located in the Eastern District. The Singletons lived in the Eastern District at the time of the accident but have since moved out of the district.

The defendants filed a mandamus writ with the 5th Circuit challenging Ward's venue decision. In a 2-1 per curiam opinion on Feb. 13, 2007, a three-judge panel of the 5th Circuit agreed with Ward's decision to keep the case.

The defendants filed a motion for en banc reconsideration of their petition for writ of mandamus. They asserted in the motion that §1404(a) allows a defendant to seek to transfer a suit if it can prove to the district judge assigned to the case that allowing the suit to remain on his or her docket would constitute an "unreasonable burden" on the defense.

On April 23, 2007, the same panel that considered the mandamus treated the en banc motion as a motion for panel rehearing and vacated its previous ruling affirming Ward. Judges Carolyn Dineen King and Patrick Higginbotham were in the majority, and Judge Emilio Garza dissented. That same panel also set the mandamus for a rare oral argument.

But because a panel assigned to hear only motions -- not oral arguments -- granted the rehearing, a new panel was assigned to hear the mandamus argument. That panel, consisting of Judges E. Grady Jolly, Edith Brown Clement and Priscilla Owen, reversed the previous panel's decision.

"The district court's provided rationales could apply to virtually any judicial district and division in the United States; they leave no room for consideration of those actually affected -- directly and indirectly -- by the controversies and events giving rise to a case. Thus, the district court committed a clear abuse of discretion," Jolly wrote in the second panel decision on Oct. 25, 2007.

During the Thursday mandamus hearing, Jolly told Siegel he agreed with some of his arguments.

"I don't disagree and the panel doesn't disagree that mandamus should be used as an extraordinary remedy," Jolly said. "But Marshall has absolutely no connection to this case."

However, Judge Eugene Davis seemed to be unconcerned with the fact the product liability suit was filed in Marshall: "This is going to boil down to a battle of the experts, isn't it?"

Davis asked Ashby. "They may not need many fact witnesses."

During the argument, the judges asked questions specifically related to the case at hand and did not ponder how their ruling could affect other civil cases.

After the argument, Siegel said he's not sure the judges' final decision will be limited to just his case.

"There were some fact-intensive questions, but the court is looking at the plaintiffs' choice of forum when a §1404(a) motion is requested. I think they'll be looking beyond just this case," Siegel says. "I think they're looking at do we need to change course and do we need to change how we look at a plaintiff's choice of forum in §1404(a) motions."

"There's a reason it's en banc," Siegel says of the case. And he believes the reason is because

JW.000790

the court is contemplating a significant change to how judges handle §1404(a) motions.

Ashby declined to comment after the argument.

**AMICUS ATTENTION**

While *In Re: Volkswagen* is being debated at the 5th Circuit, the case is drawing sharp reactions from those who litigate in the Eastern District and from amici.

The six amici who filed briefs in the case include a group of 14 law school professors who are urging the court not to trample on trial courts' authority to make such rulings and the American Intellectual Property Law Association (AIPLA), which is encouraging the 5th Circuit to crack down on so-called "forum shopping" in the Eastern District by creating broader transfer standards for trial judges not only in product liability suits but in all civil litigation in the 5th Circuit.

One of the most strongly worded amicus briefs in the case was from the AIPLA, an Arlington, Va.-based group of more than 17,000 members, including lawyers, academics and government officials who share an interest in intellectual property law. In its brief, the AIPLA cites the high number of patent infringement suits filed in the Eastern District as well as the judges' refusal to grant §1404(a) transfer motions as reasons why Congress is considering legislation that restricts the venue in which plaintiffs can file patent suits.

"AIPLA has a vital interest in the just application of the transfer statute at issue in this case, 28 U.S.C. §1404(a), and especially its application in the Fifth Circuit. This anomaly stems from the widespread belief that the Eastern District of Texas is a plaintiff-friendly venue that provides a substantial litigation advantage to a patent holder — but without much risk that such cases will be transferred even if a more logical venue exists," the AIPLA alleges in its amicus brief.

"A stronger, clearer message is needed on applying the transfer statute, not just for product liability cases, but for all cases in this circuit," the brief states.

James Pooley, president of AIPLA, says his group hopes the 5th Circuit is serious about re-evaluating the factors trial judges must weigh in deciding §1404(a) transfer motions in all cases, not just product liability suits. His organization believes the current laws give too much weight to a plaintiff's choice of venue.

"It may seem odd — why are these patent lawyers weighing in on a products liability case?" Pooley says. "But we want to weigh in on how judges consider a transfer in any case."

The AIPLA's stance prompted an amicus brief in *In Re: Volkswagen* from the Ad Hoc Committee of Intellectual Property Trial Lawyers in the Eastern District of Texas, a group of 40 plaintiffs and defense attorneys who believe AIPLA has unfairly characterized the district and its judges.

"We thought it was chock-full of errors," Sam Baxter, a partner in Dallas-based McKool Smith who is lead counsel for the ad hoc committee, says of the AIPLA amicus brief. Baxter says Eastern District judges regularly grant §1404(a) transfer motions. In 2007, plaintiff-patent holders won 57 percent of the suits they filed in the Eastern District, which is below the national average win rate for patent holders, he says.

The reason people like the Eastern District "is because we've got really good judges who get it right and juries who are incredibly fair," Baxter says. "But what lawyers are looking for on both sides are judges that get it right. And you get that to the nth degree out here."

Pooley says he agrees with Baxter. "I know the judges there, and I think very highly of all of them. This is a point of view offered by a group that's trying to bring a national perspective to the issue," Pooley says.

But if the full 5th Circuit wants to get into the business of micromanaging the trial courts' decisions on §1404(a) transfer motions, it's going to be bad news for trial courts and litigants, according to the amicus brief of a group of 14 law school professors.

"The big part of this story is transfer has always been perceived to be entirely discretionary. And when you get appellate courts meddling and supervising, they are substituting their opinion. And very little good can from come from it," says Lonny Hoffman, a University of Houston Law Center professor who signed the brief. "And that just increases costs and delay, and to what end?"

But David George, a partner in Houston's Connelly • Baker • Wotring who filed an amicus brief on behalf of two defendant-railroad companies that have several §1404(a) transfer motions pending in the Eastern District, thinks the 5th Circuit heard the case en banc so it can, once and for all, issue a clear ruling on how trial judges should handle §1404(a) transfer motions.

"Venue is incredibly important. And our clients believe that convenience transfers have to be broad, because venue is so broad," George says.

"The law in the 5th Circuit has been uncertain. And different panels have phrased things

JW.000791

differently in the last half century," George says. "We're going to find out what the answer is."

*Go to Law.com for legal information and services on the web.*
*Sign up today for a free subscription to the Law.com daily legal newswire.*

✉ Email Story     📢 Set News Alert     🖨 Print Story

[            ] Search News

Sponsor Results

Trade Forex Online with GFT
Free Practice Account & Training. Trade 24 hrs-a-day 5.5 days a week.
www.GFTforex.com

Countrywide® Home Loans
No Closing Cost Refi. No Points. No Credit Report or Processing Fees.
www.Countrywide.com

Refinance and Save $1,000S
$150,000 Mortgage for $483/month. Compare up to 4 free quotes.
www.pickamortgage.com
(What's This?)

Copyright © 2008 Yahoo! All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Send Feedback
Copyright © 2008 NLP IP Company. All rights reserved.

JW.000792

http://biz.yahoo.com/law/080523/2519265e3702df7fcf2283b418e09594.html?.v=1

Ark.000771