**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **JOHN WARD, JR.** | § | |
| | § | |
| **Plaintiff** | § | No.  4:08cv4022 JLH |
| | § | |
| **V.** | § | JURY TRIAL DEMANDED |
| | § | |
| **CISCO SYSTEMS, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF WARD'S RESPONSE TO CISCO SYSTEMS, INC.'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

1

## TABLE OF CONTENTS

**Page(s)**

I.     Introduction ................................................................................................1

II.    Factual Background .....................................................................................1

    A. Damage to Ward's Reputation Is Not Confined to Texas ............................1

    B. For Nearly Two Years, Cisco has Affirmatively Sought to
       Apply Arkansas Law.................................................................................2

III.   Applicable Law and Argument.....................................................................5

    A.    Cisco's Summary Judgment Motion Should Be Denied Based
          on Cisco's Failure to Comply with Local Rule 56.1 ................................5

    B.    Ward's Outrage and False Light Claims Should Not be Dismissed
          As they Are Properly Before The Court Under Arkansas Law ...........................6

        i.  Arkansas Law, Not Texas Law, Should Apply as the Parties Have
           Acquiesced to its Application .............................................................7

        ii.  Judicial Estoppel Precludes Application of Texas Law....................................9

        iii. As Directed By Arkansas Choice of Law Rules, Arkansas Law
           Applies to This Case ........................................................................10

            (a)    Arkansas Bears a Significant Relationship to the Parties and
                  Issues In This Case..............................................................10

            (b)    Leflar's Five Factors Weigh in Favor of Applying Arkansas Law ........11

        iv.  Because Arkansas Law Applies, Cisco's Motion for
           Partial Summary Judgment Should Be Denied................................14

IV.   Conclusion ................................................................................................15

i

# TABLE OF AUTHORITIES

**Case(s)**                                                                                           **Page(s)**

*Advanced Med., Inc. v. Arden Med. Sys., Inc.,*
 1990 U.S. Dist. LEXIS 11819 (E.D. Penn. Sept. 6, 1990) ................................................8

*Bagwell v. Hartford Cas. Ins. Co.,*
 458 F. Supp. 2d 965 (W.D. Ark. 2006)(Hendren, J.)........................................................10

*Bair v. Atlantis LLC,*
 2008 U.S. Dist. LEXIS 100939 (W.D. Mo. Dec. 15, 2008) ................................................6

*Bourgeois v. Vanderbilt,*
 2009 U.S. Dist. LEXIS 64871 (W.D. Ark. July 28, 2009) ........................................12, 13

*City of Mt. Pleasant, Iowa v. Associated Electric Co-op,*
 838 F.2d 268 (8th Cir. 1988) .........................................................................................5, 6

*Duvall v. City of Rogers,*
 2005 U.S. Dist. LEXIS 40852 (W.D. Ark. Dec. 20, 2005) ................................................6

*Global Petromarine v. G.T. Sales & Mfg., Inc.,*
 577 F.3d 839, 845 (8th Cir. 2009) ....................................................................................8

*Goodwin v. Conagra Poultry Co.,*
 No. 03-CV-1187, 2006 U.S. Dist. LEXIS 21965 (W.D. Ark., Mar. 28, 2006) .................9

*Hardin v. Hussmann Corp.,*
 45 F.3d 262 (8th Cir. 1995) .............................................................................................5

*Lee v. Overbey,*
 2009 U.S. Dist. LEXIS 66347 (W.D. Ark. July 31, 2009) ........................................13, 14

*Lott v. Levitt,*
 556 F.3d 564 (7th Cir. 2009) ........................................................................................8, 9

*Metropolitan Express Services, Inc. v. City of Kansas City, Missouri,*
 23 F.3d 1367 (8th Cir. 1994) ..........................................................................................10

*Miller v. Pilgrim's Pride Corp.,*
 366 F.3d 672 (8th Cir.) ...................................................................................................12

*Muslin v. Frelinghuysen Livestock Managers, Inc.,*
 777 F.2d 1230, 1231 (7th Cir. 1985) ................................................................................8

*New Hampshire v. Maine,*
    532 U.S. 742 (2001) ................................................................................9

*Schubert v. Target Stores, Inc.,*
    360 Ark. 404 (Ark. Sup. Ct. 2005) ............................................10, 13

*Wallis v. Mrs. Smith's Pie Company,*
    261 Ark. 622 (Sup. Ct. Ark.) ....................................................11, 14

*Walsh v. United States,*
    31 F.3d 696 (8th Cir. 1994) .........................................................5


Ark. Code Ann § 16-63-504 ...........................................................2, 7

Ark. Code Ann § 16-63-506 .......................................................2, 4, 7

Ark. Code. Ann. §16-63-507 ........................................................4, 8

Ark. Code Ann. § 16-55-208 .........................................................2, 7

Local Rule 7.2(a) .....................................................................3, 4, 8

Local Rule 56.1 (b) .....................................................................5, 6

Comes now, Plaintiff John Ward, Jr., ("Ward") and files this response to Cisco Systems, Inc.'s ("Cisco") Motion for Partial Summary Judgment.

## I.      Introduction

Cisco's motion for partial summary judgment urges the Court, for the first time in more than 20 months of litigation, to apply Texas substantive law to this case and, there under, dismiss two of Ward's three causes of action.  Until filing its motion, Cisco consistently and repeatedly cited, applied, and followed Arkansas law in this case — including when it moved in June to dismiss Ward's false light invasion of privacy and outrage claims targeted by its present motion. Cisco's last-minute gamesmanship should not be tolerated.

Cisco's very motion is deficient, lacking the required statement of material facts, and should therefore be denied outright.  Beyond its failures in pleading, Cisco waived invocation of Texas law by its urging of and acquiescence in the application of Arkansas law during the course of this litigation.  For these same reasons, the doctrine of judicial estoppel prevents Cisco's late attempt at changing the applicable law.  Regardless, application of Arkansas' choice of law rules demonstrates that Arkansas law should apply.

Because Cisco seeks judgment on Ward's false light invasion of privacy and outrage claims solely on the basis that they are disallowed under Texas law, and because Arkansas law must apply to this case, Cisco's motion should be denied.

## II.     Factual Background

### A.  Damage to Ward's Reputation Is Not Confined to Texas

In October 2007, then Cisco in-house counsel Richard Frenkel published entries on a blog accusing Ward and Eric Albritton, Ward's co-counsel in the *ESN v. Cisco* litigation, of criminal and unethical conduct in connection with filing ESN's complaint.[1] The accusations in Frenkel's blog postings are at the core of this lawsuit.

---

[1] Albritton brought a defamation case against Cisco based on the same blog postings. *Albritton v. Cisco*, No. 6:08cv89, was filed in the United States District Court for the Eastern District of Texas. The case was tried to a jury in September 2009, but settled before the jury rendered a verdict.

1

Ward, an attorney with a practice representing clients from across the nation, enjoys a reputation extending beyond Texas' boundaries.  As Frenkel's blog postings demonstrate, ESN, a Connecticut company, hired Ward as counsel to work in conjunction with a Chicago law firm that hired him based on his reputation.  Ward, on behalf of his client, ultimately filed a lawsuit against Cisco.  Dissemination of the defamatory statements at the core of this lawsuit is not limited to Texas.  And the public hatred, shame, and ridicule Plaintiff has experienced in the wake of the blog postings are not limited to Texas.

Ward often represents litigants in the Texarkana Division of the Eastern District of Texas. Texarkana straddles the state line so that half of the city is in Texas and half in Arkansas.  The Federal District Court is the same — with the courthouse straddling the state line.  In fact, at the time the underlying lawsuit was filed, some of the clerks accused of conspiring with and engaging in criminal activity with Ward actually had offices in the Arkansas side of the courthouse.

### B.  For Nearly Two Years, Cisco has Affirmatively Sought to Apply Arkansas Law

On March 13, 2008, Ward filed his original Complaint against Cisco.  *See* Dkt. No. 1. Ward's original Complaint alleged a cause of action for defamation.

On April 8, 2008, Cisco filed its original Answer to Ward's Complaint.  *See* Dkt. No. 8. Cisco's Answer pleaded affirmative defenses and counterclaims pursuant to Arkansas law. Cisco's Answer alleged that Cisco was immune from liability pursuant to Ark. Code Ann § 16-63-504 and the Arkansas Constitution (¶ 25), that Ward's claim should be stricken for failure to comply with Ark. Code Ann. § 16-63-506 (¶ 26), and then pleaded an affirmative defense that a punitive damages award to Ward was subject to the cap set forth in Ark. Code Ann. § 16-55-208 (¶ 34).  Cisco's Answer did not plead Texas law nor assert that Texas law applied to Ward's cause of action.  *See* Dkt. No. 8.

On April 8, 2008, Cisco also filed a Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue.  *See* Dkt. No. 4.  Cisco repeatedly cited cases from the Eighth Circuit in support of its motion to transfer.  On April 24, 2008, Ward filed his Response

wherein he stated that he may assert claims unique to Arkansas law.  *See* Dkt. No. 15 at 8.  Although choice of law was a relevant factor underlying the venue analysis, Cisco did not argue that Texas law applied.  *See* Dkt. No.  21.

During February and March 2009, both parties filed numerous briefs relating to whether Cisco had waived privilege by asserting reliance on communications with counsel.  This Court's Local Rule 7.2(a) requires that all motions filed with the Court include a brief citing the "applicable law."  Cisco's briefs relied on Arkansas law.  *See* Dkt. No.  63 at 10-16 (citing 8th Circuit law for malice, privilege and sanctions issues) and 67 at 4-6 (citing 8th Circuit cases, Arkansas Anti-Slapp statute and Arkansas Constitution).

On April 9, 2009, Cisco advised Plaintiff that it would seek to file an Amended Answer.  *See* Exh. A (email from C. Parker to N. Patton).  Cisco's Amended Answer sought to further specify Cisco's reliance on Arkansas law by including the Arkansas Anti-Slapp Statute and references to the Arkansas Constitution. *See* Exh. B (Cisco's Amended Answer).  Interestingly, on the same day Cisco told Plaintiff it would seek to amend to specifically plead the Arkansas statute in this case, Cisco was working on the jury instructions in the *Albritton v. Cisco* case, which were based on Texas law.  *See* Exh. C.  Thus, if Cisco had wanted to plead Texas law in this case, it could have easily done so when it amended its answer the first time.  Instead, Cisco amended to add additional assertions of Arkansas law in this case.

In April of 2009, Plaintiff and Cisco agreed Plaintiff would not oppose Cisco's motion to file an Amended Answer, so long as Cisco did not oppose Plaintiff filing an Amended Complaint.  *See* Exh. D. Plaintiff provided Cisco with a copy of his proposed Amended Complaint, which added new claims under Arkansas law for the torts of false light invasion of privacy and outrage.  Cisco was fully aware that Ward would be adding causes of action under Arkansas law before it agreed to Ward's Amended Complaint.[2]  The parties agreed that each

---

[2] Cisco has since tried to attack Plaintiff's causes of action for the tort of invasion of privacy and the tort of outrage. But Cisco's conduct in doing so is telling.  Cisco filed a motion to dismiss Ward's Arkansas-based claim citing Arkansas law (because Cisco's motion on that issue was earlier in the case), never mentioning Texas law.  *See* Dkt. No. 70.

would file an amended pleading, and that Ward would file his Amended Complaint first. *See* Exh. B. On June 2, 2009, Plaintiff filed his Amended Complaint including his additional Arkansas-based causes of action. *See* Dkt. No. 66.

On June 6, 2009, Cisco filed its Amended Answer. Cisco's Answer did not assert that Ward's newly-pleaded claims were barred under Texas law. *See* Dkt. No. 71. Instead, Cisco replied to Ward's new causes of action and then added additional affirmative defenses and counterclaims based on Arkansas law. *See* Dkt. No. 71. Specifically, Cisco's Amended Answer added new references to the Arkansas Anti-Slapp statute and the Arkansas State Constitution. *See* Exh. B (highlighting Cisco's newly cited defenses).

The same day Cisco filed its Amended Answer it also filed a motion to dismiss all of Ward's causes of action, claiming they failed "to meet the requirements of Arkansas law. A.C.A. 16-63-505"—the very Arkansas Statute that Cisco amended its Answer to plead. *Compare* Dkt. No. 71 (Amended Answer), ¶ 61 as highlighted in Exh. B with Dkt. No. 70 at 5-8 (motion to dismiss). Cisco argued that the Arkansas Statute was controlling substantive law[3] that "clearly applied" to this case. *See* Dkt. No. 70 at 5. Cisco asked this Court to stay all pending motions or hearings pending its motion to dismiss pursuant to Ark. Code. Ann. §16-63-507. Cisco's Motion and Reply relied on case law from the Eighth Circuit and from Arkansas Courts. *See* Dkt. No. 70 at 2-4; Dkt. No. 74; Dkt. No. 82 at 7; Local Rule 7.2(a). Cisco's Motion to Dismiss did not argue that Texas law applied to any of Ward's causes of action.

Cisco filed the present motion on October 13, 2009, for the first time taking the position that Texas substantive law applies to this case. Then, on October 19, 2009, Cisco filed a Motion for Leave to File a First Amended Answer[4], seeking, for the first time, to add Texas law based

_____

3 Cisco argued that the Arkansas Statute was not "merely procedural; it creates substantive rights such as the right to dismissal, compensatory damages and attorney's fees." *See* Dkt. No. 70 at 6. Cisco's motion alleged that Arkansas law controlled Ward's claim and that Ark. Code. Ann. § 16-63-506 imposed on Plaintiff a substantive requirement to verify his Complaint or risk having it dismissed. *See* Dkt. No. 71 at 6-7. At Cisco's insistence, Ward filed a verification to comply with Arkansas law. *See* Dkt. No. 73. Thus, Cisco embraced and relied on substantive Arkansas law for its motion.
4 Cisco styles its motion as asking for leave to file a "first" amended answer. To be clear: Cisco has amended its answer once before, and Cisco's motion seeks leave to file a second amended answer.

defenses and to "clarify" its position that Texas law applies to this case. *See* Dkt. No. 120 at ¶ 1. That motion is now simultaneously pending before the Court.

Expert Reports are due in eight days, on November 10, 2009. *See* Dkt. No. 47.

Trial in this case is set for February 8, 2010. *See* Dkt. No. 89.

## III.    Applicable Law and Argument

Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Walsh v. United States,* 31 F.3d 696, 698 (8th Cir. 1994). Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. *Hardin v. Hussmann Corp.,* 45 F.3d 262, 264 (8th Cir. 1995). The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute; however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute. *City of Mt. Pleasant, Iowa v. Associated Electric Co-op,* 838 F.2d 268, 273-74 (8th Cir. 1988).

### A.    *Cisco's Summary Judgment Motion Should Be Denied Based on Cisco's Failure to Comply with Local Rule 56.1*

Cisco's summary judgment motion should be denied because Cisco failed to demonstrate the absence of genuine issues of material fact.  Cisco filed its motion on October 13, 2009.  Dkt. No. 114.  The following day, the Court notified Cisco that the motion was deficient because it did not include a "separate Statement of Facts" as required by the Local Rules.  Dkt. No. 117. Under the Court's Local Rules, a movant for summary judgment must file a separate statement of facts in support of its motion.   L.R. 56.1(a) ("Any party moving for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, **shall** annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine issue to be tried.") (emphasis added).

5

The statement required by the Local Rule is meant to facilitate adjudication of the motion, allowing the opposing party to succinctly dispute any material facts underlying the motion. *Duvall v. City of Rogers,* 2005 U.S. Dist. LEXIS 40852, *3 (W.D. Ark. Dec. 20, 2005)(Hendren, J.) ("The purpose of the Rule is to establish a baseline of facts which both parties can agree to, so that the Court will have a factual starting point from which to work when reviewing the motion."); *see also* L.R. 56.1 (b).

Though Cisco received prompt notice of its filing deficiency, it chose not to file the required statement. On a motion for summary judgment, identification of factual disputes is a prerequisite to rendering a decision. Indeed, it is Cisco's burden to demonstrate the non-existence of a genuine factual dispute. *City of Mt. Pleasant, Iowa,* 838 F.2d at 273. Without the required statement of facts, and without an opportunity for Ward to specifically take issue with such facts, the Court must draw all reasonable inferences in Ward's favor.[5] Because there are no undisputed facts supporting its motion, Cisco's motion should be denied.[6] *Bair v. Atlantis LLC,* 2008 U.S. Dist. LEXIS 100939, *3-6 (W.D. Mo. Dec. 15, 2008) (denying plaintiffs' motions for summary judgment where plaintiffs failed to include a statement of uncontroverted material facts; motion was unsupported by facts), attached hereto as Exh. E.

> B.   *Ward's Outrage and False Light Claims Should Not be Dismissed As they Are Properly Before The Court Under Arkansas Law*

Though Cisco's motion should be denied in its entirety as set forth above, its motion also fails because Arkansas law, not Texas law, should apply. Cisco's motion prays for judgment on Ward's outrage and false light invasion of privacy claims solely on the basis that Texas law

---

[5] Notably, Ward received a similar notice regarding the filing of its summary judgment motion (Dkt. No. 118), and Ward corrected the omission on the same day he received the notice. Dkt. No. 119.

[6] Cisco should not be allowed to, at this late stage, correct its faulty filing. It had notice of its deficiency and it chose not to correct its filing. The summary judgment deadline has now past and should not be extended for Cisco's benefit. In any event, should Cisco lately correct the deficiency in its filing, Ward should be allowed a full opportunity to respond to a late-filed statement of facts, including the full response time he would have been accorded had Cisco timely filed such a statement in conjunction with its summary judgment motion. Ward should not be faced with disputed facts being deemed admitted as a result of Cisco's failure to follow procedure. *See Duvall,* 2005 U.S. Dist. LEXIS 40852 at *3 (deeming admitted facts not specifically controverted).

should apply to this case.  If, however, Arkansas law applies, Cisco does not contend summary judgment is appropriate on these claims.

        i.   *Arkansas Law, Not Texas Law, Should Apply as the Parties Have Acquiesced to its Application*

Until the filing of its summary judgment motion, Cisco was silent as to its current contention that Texas law, not Arkansas law, should apply to this case. For more than 20 months while this case has been litigated, Cisco never voiced opposition to the application of Arkansas law.  Indeed, Cisco has repeatedly invoked and urged the application of Arkansas law to this case:

- Cisco, in its initial Answer, included a defense based specifically on Arkansas law, Ark. Code Ann § 16-63-504 and the Arkansas Constitution. Dkt. No. 8 (¶ 25).

- Cisco, in its initial Answer, stated Ward's claim should be stricken for failure to comply with Ark. Code Ann. § 16-63-506. Dkt. No. 8 (¶ 26).

- Cisco, in its initial Answer, pleaded an affirmative defense that a punitive damages award to Ward was subject to the cap set forth in Ark. Code Ann. § 16-55-208. Dkt No. 8 (¶ 34).

- Cisco, in its Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue, did not argue Texas law applied.  Dkt No. 21.

- Cisco, bringing and opposing discovery motions, relied on Arkansas law.[7] *See* Dkt. No. 63 at 10-16 (citing 8th Circuit law for malice, privilege and sanctions issues) and 67 at 4-6 (citing 8th Circuit cases, Arkansas Anti-Slapp statute and Arkansas Constitution).

- Cisco, in its Amended Answer, did not challenge Ward's addition of Arkansas causes of action and instead added affirmative defenses and counterclaims based on Arkansas law. Dkt. No. 71

- Cisco, moving to dismiss Ward's outrage and false light invasion of privacy, argued that the Arkansas Statute was controlling substantive law that "clearly applied" to this case. Dkt. No. 70 at 5.

- Cisco, in its motion to dismiss, states that the Arkansas Statute was not "merely procedural; it creates substantive rights such as the right to dismissal, compensatory damages and attorney's fees."  Dkt. No. 70 at 6.

---

[7] This Court's Local Rule 7.2(a) requires that all motions filed with the Court include a brief citing the "applicable law."  Cisco's briefs cited Arkansas law and did not raise the applicability of Texas law.

- Cisco requested that this Court stay all pending motions or hearings pending its motion to dismiss pursuant to Ark. Code. Ann. §16-63-507. Cisco's Motion and Reply relied on case law from the Eighth Circuit and from Arkansas Courts. *See* Dkt. No. 70 at 2-4. *See* Dkt. No. 74; Dkt. No. 82 at 7; Local Rule 7.2(a).

At no time, until filing the present motion in October 2009, did Cisco take the position that Texas law applied to this case. As the facts listed above demonstrate, Cisco repeatedly urged that the Court apply Arkansas law. By so doing, Cisco has acquiesced in the application of Arkansas law. *See Global Petromarine v. G.T. Sales & Mfg., Inc.,* 577 F.3d 839, 845 (8th Cir. 2009)(finding that where a party urged application of a state's law to motions, it could not later argue in favor of applying a different state's law); *Muslin v. Frelinghuysen Livestock Managers, Inc.*, 777 F.2d 1230, 1231 (7th Cir. 1985)(finding that where parties acquiesced to application of state law, they waived objection to the application of that state's law); *Advanced Med., Inc. v. Arden Med. Sys., Inc.,* 1990 U.S. Dist. LEXIS 11819, *11 (E.D. Penn. Sept. 6, 1990) (finding that a party can waive a choice of law question by its actions) attached hereto as Exh. F.

Where a party urges application of one state's law, it cannot later seek to invoke another state's law. *See Global Petromarine,* 577 F.3d at 845 ("It would be improper at this point to allow [a party] to alter its posture as to choice of law when it invited the district court to apply Missouri law."). This is particularly true where, as here, this case is set for trial in little more than three months and on the eve of the close of discovery. Cisco's inexplicably late attempt to invoke Texas law — after months of litigation and numerous filings invoking Arkansas law — is similar to the situation in *Lott v. Levitt,* 556 F.3d 564, 567-68 (7th Cir. 2009). There, the court found waiver as to choice of law where a party urged application of Illinois law for motion resolution and, seven months later, moved for reconsideration arguing Virginia law should apply. *Id.*

> The principle of waiver is designed to prohibit this very type of gamesmanship -- [a party] is not entitled to get a free peek at how his dispute will shake out under Illinois law and, when things don't go his way, ask for a mulligan under the laws of a different jurisdiction. In law (actually in love and most everything else in life), timing is often

> everything.  The time… to ask for the application of Virginia law had
> passed --- the train had left the station.

*Id.*  Denying reconsideration of the applicable law, the court found the issue was raised too late.

*Id.* at 568.  Having urged application of Illinois law for the determination of motions, the party

could not then months later and shortly before discovery was scheduled to end, successfully

argue a different state's law should apply.  *Id.* at 567-68.  Instead, the district court was right to

apply the law to which the party explicitly submitted.  *Id.* at 568.

As in *Lott*, the time for invoking a different state's law has passed.  Cisco has

consistently, since the inception of this lawsuit, cited, relied on, and adhered to Arkansas law.

Now, with fewer than three months until a jury trial on the issues in this case, Cisco seeks to

invoke Texas law, which has not governed any of the numerous discovery or other disputes

litigated by the parties. Cisco's last minute attempt to change the rules should not be allowed.

### ii. Judicial Estoppel Precludes Application of Texas Law

Cisco's attempt at invoking Arkansas law should also be denied as barred by judicial

estoppel (also known as estoppel by inconsistent positions).  Judicial estoppel is an equitable

remedy fashioned "to protect the integrity of the judicial process by prohibiting parties from

deliberately changing positions according to the exigencies of the moment." *New Hampshire v.

Maine,* 532 U.S. 742, 749-50 (2001) (internal citations and quotations omitted).  "[T]he doctrine

of judicial estoppel applies when there has been a deliberate manipulation of the judicial process

which can be inferred from the record."  *Goodwin v. Conagra Poultry Co.*, No. 03-CV-1187,

2006 U.S. Dist. LEXIS 21965, at *7 (W.D. Ark., Mar. 28, 2006), attached as Exh. G. In

determining if judicial estoppel applies, courts in this district consider:  (1) whether the present

position is "clearly inconsistent" with an earlier position taken by the party; (2) whether the party

succeeded in persuading the court to accept the earlier position; and (3) whether the party's

conduct was inadvertent.  *See id.*

Each of the requirements for judicial estoppel applies to Cisco's late attempt at invoking

Texas substantive law. As detailed in bullet points above, Cisco has, until October 2009, applied,

argued, and cited Arkansas law in every motion and pleading it has filed.  Its attempt to now have the Court apply Texas law clearly is inconsistent with its prior filings and pleadings.  In every one of Cisco's representations of law to the Court, it has cited Arkansas law or Eighth Circuit law, and continued to do so right up to the dispositive motions deadline.  This Court has accepted Cisco's pleadings and has undertaken to resolve key disputes in this case pursuant to Arkansas and Eighth Circuit law.  On this record, it is clear that Cisco's most recent effort to shift course and apply Texas law is a transparent and deliberate effort to manipulate the judicial process.  Clearly, its conduct is neither the result of inadvertence nor excusable neglect.  Thus, judicial estoppel should bar Cisco's attempt to invoke Texas substantive law as the law governing this case.

Accordingly, Cisco's attempt to invoke Texas law should be denied under the doctrine of judicial estoppel.

### iii.    As Directed By Arkansas Choice of Law Rules, Arkansas Law Applies to This Case

Regardless of the application of the doctrines of waiver and judicial estoppel, Arkansas' choice of law rules further direct that Arkansas law must apply.  When sitting in diversity, a court must analyze the applicable law according to the state law in which it sits.  *Bagwell v. Hartford Cas. Ins. Co.,* 458 F. Supp. 2d 965, 967 (W.D. Ark. 2006) (Hendren, J.) *citing Metropolitan Express Services, Inc. v. City of Kansas City, Missouri,* 23 F.3d 1367 (8th Cir. 1994).  Therefore, this Court must apply Arkansas' choice of law rules.  *Id.* Under Arkansas law, choice of law in a tort case requires considering both the state with the most significant relationship to the parties and issues and the five "choice influencing considerations" set forth by Dr. Robert A. Leflar.  *Schubert v. Target Stores, Inc.,* 360 Ark. 404, 408-09 (Ark. 2005).

### a)  Arkansas Bears a Significant Relationship to the Parties and Issues In This Case

That Ward is a Texas resident is not outcome determinative of the applicable choice of law.  Indeed, Arkansas long ago dispensed with the mechanical application of choice of law

10

rules. *Wallis v. Mrs. Smith's Pie Company,* 261 Ark. 622, 628-29  (Ark. 1977).  To determine whether Texas or Arkansas has the most significant relationship to the parties and issues, other facts need also be considered.  These facts include that, as a result of Cisco's blog postings, Ward's reputation was also injured in Arkansas.  As Cisco's defamatory blog statements were posted online, they could be accessed anywhere in the world, including Arkansas.  As detailed above, the proximity of Texas and Arkansas cannot be ignored, along with the unique factor that Texarkana straddles these States' lines.  Ward's reputation is known on both sides of the States' lines.

Without citation to supporting authority, Cisco argues in favor of applying Texas law on the basis that it is "more convenient for Cisco because it has already tried an almost identical case there."  Dkt. No. 114 at 4.  Cisco fails, however, to explain how a defendant's comfort with Texas substantive law should weigh in favor of dispensing with the forum law.  Cisco wrongly argues that its defamatory blog posting was published only in Texas.  Instead, as Ward has explained, it was published worldwide, including in Arkansas.  As Ward was defamed in Arkansas, Arkansas has a significant relationship with the parties and issues in this case. Additionally, Ward was accused of conspiring with the court clerks, who were physically located in Arkansas, to commit various crimes and ethical violations.

### b) Leflar's Five Factors Weigh in Favor of Applying Arkansas Law

The Court must further determine the state law favored when considering Leflar's five factors in conjunction with the facts of the case.  The five factors include: (1) predictability of results; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law.  *Wallis,* 261 Ark. at 628-29.  This analysis demonstrates Arkansas law should apply.

First, Cisco wrongly argues that "predictability of results" weighs in favor of applying Texas law because the *Albritton* case was tried under Texas law. As the *Albritton* case did not result in a judgment, this factor cannot weigh in favor of either state's law.  Cisco, the defendant in the *Albritton* case, chose to settle that case prior to the jury rendering its verdict.  Therefore,

11

there is no result from which the outcome of this case could vary.  Further, the very claims at issue in this motion — false light and outrage — were never tried or even plead in the *Albritton* case.  Precisely as Cisco argues in its motion, these causes of action are unavailable under Texas law and therefore could not have been tried in *Albritton*, which was tried under Texas substantive law.  Cisco's argument is meritless because it rests on the false premise that there was a result in the Albritton case to which the result in this case could differ.  Because the Albritton case was settled before trial and did not involve the Arkansas causes of action asserted by Ward, there is no result in this case that could vary from the non-results in the Albritton case.[8]

Second, the factor of maintenance of interstate order does not weigh in favor of Texas law.  As detailed above, Arkansas has an interest in the parties and issues in this case.  Though Ward is not an Arkansas resident, this does not preclude application of Arkansas law.  Cisco's defamatory blog postings were equally available in Arkansas as Texas, and Ward suffered harm to his reputation in Arkansas.  Further, there is no evidence that the application of Arkansas law to this case will upset interstate order.  *See Bourgeois v. Vanderbilt,* 2009 U.S. Dist. LEXIS 64871, *9 (W.D. Ark. July 28, 2009) ("This consideration seeks to minimize any potential friction among states that could lead to retaliatory behaviors among courts.") attached hereto at Exh. H; *see also Miller v. Pilgrim's Pride Corp.,* 366 F.3d 672, 674 (8th Cir. 2004)( "Parties are unlikely to seek out Arkansas to undertake tortious behavior and thereby upset interstate order based on whether Arkansas or Texas law applies in this case.").

Third, simplification of the judicial task does not weigh in favor the application of either States' law.  Cisco self-servingly argues that this factor weighs in favor of applying Texas law because Texas law would operate to dismiss Ward's false light and outrage claims dispensing with them rather than allowing for adjudication on the merits.  Dkt. No. 114 at 5.  Arkansas courts do not use this factor to so readily dispense with claims.  *Miller,* 366 F.3d at 674

---

[8] Again without citation, Cisco argues that it "should be entitled to defend identical allegations… under the same laws that applied to Mr. Albritton's claims", never expounding upon the basis of its "entitlement" or why this "entitlement" should sway a court from application of the forum law.  Dkt. No. 114 at 5.

("[A]pplication of either State's laws will not simplify our task and, by their very nature, federal courts regularly apply the laws of foreign jurisdictions, which relegates this factor to a minor concern at most."); *Bourgeois,* 2009 U.S. Dist. LEXIS 64871 at *9.

Instead, district courts are considered able to apply one state's or another state's law without difficulty and will not apply one state's law over another state's law simply to clear its docket. *Schubert,* 360 Ark. at 410 (this factor is "not a paramount consideration, because the law at issue does not exist for the convenience of the court that administers it, but for society and its members.") (applying Arkansas law though Louisiana law would dispense with the case); *Lee v.Overbey,* 2009 U.S. Dist. LEXIS 66347, *6 (W.D. Ark. July 31, 2009) ("[F]ederal courts are expected to apply the laws of foreign jurisdictions, and therefore are equally capable of resolving a dispute regardless of whether Arkansas or Texas law is applied."), attached hereto as Exh. I. Accordingly, this factor does not weigh in favor of either States' law.

Fourth, regarding advancement of the forum's governmental interest, Cisco argues simply that "virtually all of the operative events occurred" in Texas and that, even if Ward was injured in Arkansas, Arkansas' interest in the litigation would be slight.  Dkt. No. 114 at 5-6. Again, Cisco unsurprisingly advocates in favor of Texas law regardless of the injury to Ward's reputation or any other facts.  Instead, as discussed above, Arkansas has an interest in the parties and issues in this litigation and, as one of the few forums recognizing the tort of outrage and false light invasion of privacy, Arkansas has an interest in adjudicating such claims.

> Leflar explains that a forum state's "total interest in the litigation is that of a justice-dispensing court in a modern American state," which goes "beyond the protection of [the] domiciliaries alone." This indicates a governmental interest by the forum state that is independent of whether the parties are residents of the forum state or not. Therefore, Arkansas has a governmental interest as the forum state, regardless of the domiciles of the parties, because this Court is located in the Western District of Arkansas.... Arkansas does have an interest as a "justice-dispensing court" that "goes beyond the protection of domiciliaries alone." Therefore, this fourth factor weighs in favor of choosing Arkansas law.

*Lee,* 2009 U.S. Dist. LEXIS 66347 at *8-9 (internal citations omitted).  Arkansas has an interest in applying its law to the case as a "justice dispensing court" that recognizes the causes of action challenged here. Arkansas' governmental interest in applying its law as the forum state weighs in favor of applying its law to this case.

Fifth, considering which state has the better rule of law weighs in favor of applying Arkansas law.  Cisco is silent on this factor, contending it need not be weighed in light of the other factors.  However, as Ward sets forth above, on balance the other factors weigh in favor of the application of Arkansas law.   And here, Arkansas law is the better law.   Texas, not recognizing the tort of outrage or false light invasion of privacy, does not recompense a party for these torts.  Arkansas recognizes the import of applying the law that allows for "the fair and efficient administration of justice." *See e.g. Wallis,* 261 Ark. at 633 (internal citations omitted). Arkansas law is also the "better" law as it does not set the same limitation on awards for punitive damages as Texas.  *Lee,* 2009 U.S. Dist. LEXIS 66347 at *9-10 ("[W]hen the forum state's law is less restrictive of a plaintiff's recovery, the forum state's law is regarded as being the better law.  When confronted with a conflict over the measure of damages, an Arkansas court will most likely apply law from the state which imposes the least limits upon a plaintiff's recovery.").  This factor clearly favors the application of Arkansas law.  Here, Arkansas should apply its law where causes of action would not otherwise be recognized or recovery could be greater.

For all these reasons, Arkansas has a significant relationship to the parties and issues and, with more of the Laflar's five factors weighing in favor of its application, Arkansas law should apply to this case.

iv.    *Because Arkansas Law Applies, Cisco's Motion for Partial Summary Judgment Should Be Denied*

Cisco prays in its summary judgment motion that this Court dismiss Ward's false light invasion of privacy claim because the Texas Supreme Court explicitly rejected this cause of action.  Dkt. No. 114 at 7.  As Ward has demonstrated above, Texas law does not apply to this

case.  Cisco admits that Arkansas recognizes the tort of false light.  *Id*.  Therefore, Ward's false light claim should not be dismissed.

Cisco similarly argues that Ward's claim for the tort of outrage should be dismissed as it is plead as a negligence claim whereas the Texas Supreme Court recognizes only intentional wrongful conduct.  *Id*. at 7.  Cisco admits that, under Arkansas law, the tort of outrage can be pleaded as a negligence claim.  *Id*. at 7-8.  Because Arkansas law should apply to this case, Ward's outrage claim should not be dismissed.

**IV.     Conclusion**

For all the forgoing reasons, Plaintiff respectfully requests that Cisco's motion be in all things DENIED.

Respectfully Submitted,

Nicholas H. Patton (AR Bar No. 63035)
Email: nickpatton@texarkanalaw.com
Email: Courtney Towle
ctowle@texarkanalaw.com
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033
Email: ppeden@pedenlawfirm.com

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

15

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 5th day of November, 2009, a true and correct copy of the foregoing document was served electronically via the Court's CM/ECF system upon:

Richard E. Griffin                    Attorneys for Defendant Cisco Systems, Inc.
Charles Babcock
Crystal Parker
Kurt Schwarz
JACKSON WALKER, LLP
1401 McKinney
Suite 1900
Houston, Texas 77010


_____
Nicholas H. Patton

16