LEXSEE


Positive
As of: Nov 05, 2009

MAUREEN BAIR and ROBERT BAIR, Plaintiffs, v. ATLANTIS LLC, MARK KELLY, and KERNENE SHICKLER, Defendants.

Case No. 07-4243-CV-C-NKL

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI, CENTRAL DIVISION

2008 U.S. Dist. LEXIS 100939

December 15, 2008, Decided
December 15, 2008, Filed

**CORE TERMS:** summary judgment, partial, material fact, local rule, uncontroverted, counterclaim, Federal Rules, genuine issue, moving party, cause of action, fraudulent, moot

**COUNSEL:** [*1] For Maureen Bair, Robert Bair, Plaintiffs, Counter Defendants: Gayle L. Troutwine, LEAD ATTORNEY, Osage Beach, MO.

For Atlantis, LLC, Kernene Shickler, Mark Kelly, Defendants: Gregory D. Williams, LEAD ATTORNEY, Sunrise Beach, MO.

For Atlantis, LLC, Counter Claimant: Gregory D. Williams, LEAD ATTORNEY, Sunrise Beach, MO.

**JUDGES:** NANETTE K. LAUGHREY, United States District Judge.

**OPINION BY:** NANETTE K. LAUGHREY

**OPINION**

AMENDED ORDER

Plaintiffs Robert and Maureen Bair have sued Defendants Atlantis Island, LLC, Mark Kelly, and Kernene Shickler for their actions in connection with the sale of a condominium in the Atlantis Island development in Miller County, Missouri. Plaintiffs' First Amended Complaint includes a claim under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701-1720, as amended (the "Act" or "ILSFDA") in addition to several claims arising under Missouri law. Defendants have counterclaimed for breach of contract and fraud. Pending before the Court are: Plaintiffs' Motion for Partial Summary Judgment that the Court has Jurisdiction [Doc. # 61]; Plaintiffs' Motion for Partial Summary Judgment on Defendants' First Claim for Relief [Doc. # 62]; Plaintiffs' Motion for Partial Summary Judgment on [*2] Defendants' Second Claim for Relief [Doc. # 63]; and Defendants' three corresponding Motions to Strike each of the Plaintiffs' motions [Docs. ## 69, 72, and 76]. For the reasons stated herein, the Court denies Plaintiffs' motions for partial summary judgment and denies Defendants' motions to strike as moot.

I. Discussion

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Local Rule 56.1(a) of the Local Rules of the United States District Court for the Western District of Missouri requires that "[t]he suggestions in support of a motion for summary judgment shall begin with a concise statement

Page 1

of uncontroverted material [*3] facts. Each fact shall be set forth in a separately numbered paragraph. Each fact shall be supported by reference to where in the record the fact is established. *See* Rule 56(e)." L.R. 56.1(a). None of Plaintiffs' motions for summary judgment comply with the local rule, in that none of these motions include a statement of uncontroverted material facts. This is the basis of Defendants' three motions to strike. Counsel has been warned to comply with the Federal Rules of Civil Procedure as well as the Local Rules.

### A. Plaintiffs' Motion for Partial Summary Judgment that the Court has Jurisdiction [Doc. # 61]

Because Plaintiffs' motion contains no statement of uncontroverted material facts, there are no facts with which the Court can determine whether jurisdiction exists in this case. For that reason Plaintiffs' motion must be denied.

However, the Court may raise the issue of subject matter jurisdiction at any time *sua sponte*. *See Bueford v. Resolution Trust Corp.,* 991 F.2d 481, 485 (8th Cir. 1993) (citing Fed. R. Civ. P. 12(h)(3)). The Court has jurisdiction over this case under 28 U.S.C. §§ 1331 and 1367. Plaintiffs' Eleventh Claim for relief arises under federal law, giving the Court federal [*4] question jurisdiction under 28 U.S.C. § 1331; and the remaining state law claims all arise from the same set of operative facts as the federal claim, giving the Court supplemental jurisdiction under 28 U.S.C. § 1367. *See Baker v. Chisom,* 501 F.3d 920 (8th Cir. 2007).

### B. Plaintiffs' Motion for Partial Summary Judgment on Defendants' First Claim for Relief [Doc. # 62]

Plaintiffs' Motion for Partial Summary Judgment on Defendants' First Claim for Relief [Doc. # 62] is based upon Plaintiffs' contention that there never was a valid contract, and alternatively that the contract was "unenforceable and voidable for its failure to comply with the Statute of Frauds." (Sugg. Supp. of Pls' Mot. Summ. J. on Defs.' First Claim, 4). Because Plaintiffs' motion is not supported by facts, the Court cannot grant the motion.[1]

---

1 In their Reply Suggestions on this motion, Plaintiffs argue that they are entitled to summary judgment because Defendants failed to comply with Rule 56(e)(2) in responding to Plaintiffs' motion. Rule 56(e)(2) deals with responses to "properly made and supported" motions for summary judgment. Plaintiffs' motion was not "properly made and supported" because it contained no statement [*5] of uncontroverted material facts. The parties are once again advised to review the Federal Rules of Civil Procedure as well as the Local Rules for the Western District of Missouri.

### C. Plaintiffs' Motion for Partial Summary Judgment on Defendants' Second Claim for Relief [Doc. # 63]

In their motion, the Plaintiffs argue that, based upon evidence in the record, they are entitled to summary judgment on Defendants' second counterclaim. Again, the Court will not award Plaintiffs' summary judgment because Plaintiffs have failed to provide the Court with facts.

Even if the Court were to treat Plaintiffs' motion as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, Plaintiffs' motion would still be denied. Plaintiffs' contend that Defendants' second counterclaim fails to state a cause of action for fraud because under Missouri law, a cause of action for fraud only lies where "the alleged representation . . . relate[d] to past or existing facts." (Sugg. Supp. of Pls' Mot. Summ. J. on Defs.' Second Claim, 4). However, Missouri courts recognize that although "the giving of a promise, even though breached the next day, is not such a fraudulent misstatement [*6] of fact as will support an action for fraud" an action for fraud may exist where the promise was made with "a current intention not to perform[.]" *Grosser v. Kandel-Iken Builders, Inc.,* 647 S.W.2d 911, 914 (Mo. Ct. App. 1983) (internal citations omitted). In paragraph 15 of their counterclaim, Defendants state "Plaintiffs made said representations and promises . . . without intending to keep said representations and promises." (Defs.' Countercl. P 15). Therefore, Defendants' counterclaim for fraud sufficiently alleged a fraudulent statement, and Plaintiffs' sole argument for judgment on the pleadings would fail.

### II. Conclusion

Accordingly, it is hereby

ORDERED that Plaintiffs' Motions for Partial Summary Judgment [Docs. ## 61, 62, 63] are DENIED; it is further

ORDERED that Defendants' Motions to Strike [Docs. ## 69, 72, and 76] are DENIED as moot.

/s/ Nanette K. Laughrey

NANETTE K. LAUGHREY

United States District Judge

Dated: December 15, 2008

Jefferson City, Missouri