LEXSEE


Analysis
As of: Nov 05, 2009

CYNTHIA BOURGEOIS, PLAINTIFF VS. DOUGLAS VANDERBILT, et al., DEFENDANTS, NATIONAL INTERSTATE INSURANCE COMPANY, INTERVENOR

CASE NO. 06-CV-4061

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS, TEXARKANA DIVISION

2009 U.S. Dist. LEXIS 64871

July 28, 2009, Decided
July 28, 2009, Filed

**PRIOR HISTORY:** Bourgeois v. Vanderbilt, 251 F.R.D. 368, 2008 U.S. Dist. LEXIS 48855 (W.D. Ark., 2008)

**CORE TERMS:** alcohol, summary judgment, intoxicated, shop, intoxication, immunity, beverage, vendor, negligent entrustment, state's law, alcoholic beverages, interstate, valet, beer, matter of law, intoxicated person, choice-of-law, intoxicating, anti-dram, genuine, night, dram, casino, issue of material fact, entitled to judgment, simplification, out-of-state, consumption, deposition, drinking

**COUNSEL:** [*1] For Cynthia Bourgeois, Plaintiff: David A. Szwak, LEAD ATTORNEY, Bodenheimer Jones Szwak LLC, Shreveport, LA; Scott Powell Gaspard, Attorney at Law, Baton Rouge, LA.

For Douglas Vanderbilt, Defendant: Richard N. Watts, LEAD ATTORNEY, Watts, Donovan & Tilley, P.A., Little Rock, AR; Karen Hughes, Watts, Donovan and Tilley, Little Rock, AR.

For Southern Farm Bureau Casualty Insurance Company, Defendant: Eric Glen Hughes, LEAD ATTORNEY, Wright, Berry, Hughes & Moore, P.A., Arkadelphia, AR.

For State Farm Mutual Automobile Insurance Company, Defendant: Winfred Lee Tucker, LEAD ATTORNEY, Boswell, Tucker & Brewster, Bryant Center, Bryant, AR.

For National Interstate Insurance Company, Defendant: Lervette J. Blair, LEAD ATTORNEY, Breazeale, Sachse & Wilson LLP, Baton Rouge, LA; Keith M. McPherson, Laser, Wilson, Bufford & Watts, P.A., Little Rock, AR.

For Harrah's Shreveport/Bossier City Holding Company, LLC, also known as Harrah's Louisiana Downs Casino & Racetrack, also known as Louisiana Downs, Inc., Defendant: Gary M. Draper, LEAD ATTORNEY, Griffin, Rainwater & Draper, Crossett, AR.

For National Interstate Insurance Company, Intervenor: Keith M. McPherson, LEAD ATTORNEY, Laser, Wilson, Bufford [*2] & Watts, P.A., Little Rock, AR.

**JUDGES:** Hon. Harry F. Barnes, United States District Judge.

**OPINION BY:** Harry F. Barnes

**OPINION**

**MEMORANDUM OPINION**

Before the Court is a Motion for Summary Judgment filed by Separate Defendant Harrah's Bossier City Investment Company, LLC ("Harrah's"). (Doc. 104). Plaintiff has responded. (Doc. 119). Harrah's has replied to Plaintiff's response. (Doc. 133). Plaintiff has filed a sur-reply. (Doc. 135). The Court finds the matter ripe for consideration.

## I. BACKGROUND

Plaintiff is a resident of Baton Rouge, Louisiana. On July 30, 2005, she was employed as a bus driver for Dixieland Tours and Cruises, Inc., also of Baton Rouge, Louisiana. While she was driving Dixieland's bus south on U.S. Highway 71 in Miller County, Arkansas, she was struck by a northbound truck driven by Separate Defendant Douglas Vanderbilt of Texarkana, Texas. Vanderbilt was returning home from a trip to Harrah's, a casino located in Shreveport, Louisiana.[1] Plaintiff was injured in the collision and has alleged damages exceeding $ 75,000. Vanderbilt was subsequently convicted of a DWI in Arkansas in connection with the accident.[2]

> 1   Vanderbilt arrived at Harrah's between 1:00 a.m. and 1:30 a.m. on July 30, 2005. When [*3] Vanderbilt arrived, he relinquished to a valet employee the keys to his automobile. Vanderbilt testified at his deposition that he drank beer over ice, but he could not recall how many beers he consumed while at Harrah's. He won at least a $ 3,000 jackpot and a $ 8,000 jackpot at the casino, and he cannot remember anything that happened after approximately 2:30 p.m on July 30. Vanderbilt left Harrah's at approximately 5:00 p.m. on July 30, 2005, after retrieving his keys from a valet employee.
>
> 2   According to Vanderbilt, his blood alcohol content was .14 when tested at some time after the accident.

Plaintiff filed a complaint against Vanderbilt,[3] alleging that he was intoxicated at the time of the accident and was operating his vehicle in an unlawful, imprudent, and unsafe manner. In her Amended Complaint, Plaintiff added Harrah's as a defendant, alleging that Harrah's "contributed to and caused Vanderbilt's severe intoxication, failed to stop providing Vanderbilt liquor, enabled Vanderbilt by tendering his auto and keys, and failed to make any effort to stop Vanderbilt from operating his auto in an intoxicated and exhausted condition, given that he had been in [Harrah's] for at least [*4] [fourteen][4] hours drinking liquor and gambling." Harrah's asserts that it is not liable for Plaintiff's injuries and has filed a motion for summary judgment. The summary judgment motion is now before the Court.

> 3   Plaintiff also filed suit against Southern Farm Bureau Casualty Insurance Company, State Farm Mutual Insurance, and National Interstate Insurance Company. State Farm Mutual Insurance and National Interstate Insurance Company have been dismissed from the case. However, National Interstate Insurance Company remains in this case as an Intervenor. Southern Farm Bureau Casualty Insurance Company remains in the case as a Defendant. Harrah's is the only Defendant involved in the present summary judgment motion.
>
> 4   There is some dispute between the parties' counsels regarding whether Vanderbilt stayed at Harrah's for fourteen or seventeen hours before leaving. In her complaint, Plaintiff states that Vanderbilt was at Harrah's for approximately fourteen hours. Plaintiff later states, in a document filed in the record, that this time was approximately seventeen hours.

## II. SUMMARY JUDGMENT STANDARD

The standard of review for summary judgment is well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, [*5] summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Genuine issues of material fact exist where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Where no reasonable jury could render a verdict for [*6] the plaintiff, summary judgment is properly granted to a defendant. *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003).

## III. DISCUSSION

*A. Choice of Law*

Plaintiff and Harrah's disagree as to whether Louisiana or Arkansas law applies here. It is acknowledged by both parties that the application of Louisiana law to this case would preclude Plaintiff from recovering damages against Harrah's for the alleged "over-serving" of Vanderbilt that lead to the vehicle accident and Plaintiff's injuries. Louisiana anti-dram shop law expressly provides immunity to vendors of alcohol and places respon-

sibility solely upon the individual who consumes the intoxicating beverage:

> "No person . . . nor any agent, servant, or employee of such person who sells or serves intoxicating beverages . . . to a person over the age of the lawful purchase thereof, shall be liable to such person or to any other person . . . for any injury suffered off the premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were sold or served." .

LA. REV. STAT. ANN. § 9:2800.1(B). However, if Arkansas dram shop law is to be applied, Plaintiff would retain the [*7] possibility of recovery due to the absence of immunity for vendors. Damages can be recovered if the plaintiff proves that the vendor "knowingly sold alcoholic beverages to a person who was clearly intoxicated." ARK. CODE ANN. § 3-3-209.

As set forth in *Lane v. Celadon Trucking, Inc.*, 543 F.3d 1005 (8th Cir. 2008), a district court sitting in diversity must apply the choice-of-law rules of the state in which it sits. Because this Court sits in Arkansas, Arkansas choice-of-law principles will apply in this diversity case. The Arkansas Supreme Court has not addressed the specific choice-of-law issues stemming from the dram shop statutes presented in this case. Therefore this Court must determine what decision the Arkansas Supreme Court would make if faced with the same facts and issue. *Id.* at 1007.

Arkansas courts have moved away from a mechanical application of the *lex loci delicti* rule [5] and have adopted five choice-influencing factors ("Leflar Factors") to determine which state's law should be applied. *Wallis v. Mrs. Smith's Pie Company*, 261 Ark. 622, 550 S.W.2d 453 (1977). The Leflar Factors are as follows: (1) predictability of results; (2) maintenance of interstate and international [*8] order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law. The court will now examine each factor as it applies to the present case.

---

[5] The *lex loci delicti* choice-of-law rule states that "the law of the place where the wrong took place is the proper choice of law." *Ganey v. Kawasaki Motors Corporation U.S.A.*, 366 Ark. 238, 251, 234 S.W.2d 838 (2006).

---

First, "predictability of results" addresses the expectation that the decision on a given set of facts should be the same regardless of where the litigation occurs. *Schubert v. Target Stores, Inc.*, 360 Ark. 404, 410, 201 S.W.3d 917 (2005). This factor is primarily aimed at avoiding forum shopping and ensuring uniform results. *Id.* at 410, 201 S.W.3d at 922. A uniform decision in cases such as the present case may not be possible given the non-uniformity of the states' laws in this area. The resolution of this case depends on which state's law applies. Although forum shopping is a concern in some cases, it is not of great concern here where Arkansas and Louisiana both have a connection to this case.

Second, "maintenance of interstate and international [*9] order" discourages a forum's "reflexive application of its own law" where another state has a more substantial interest in having its law prevail. John J. Watkins, *A Guide To Choice of Law in Arkansas*, 2005 ARK. L. NOTES 151, 160. This consideration seeks to minimize any potential friction among states that could lead to retaliatory behaviors among courts. *Id.* Here, Louisiana has a more substantial interest in having its law prevail because it has a more significant relationship to the parties in this case, *see Ganey v. Kawasaki Motors Corp.*, 366 Ark. 238, 252, 234 S.W.3d 838, 847 (2006). Plaintiff is a Louisiana citizen, Harrah's is located in Louisiana, and Harrah's alleged negligent conduct occurred in Louisiana.

The third factor, "simplification of the judicial task," encourages courts to consider applying an out-of-state law when it is outcome-determinative and easy to apply. *Schubert*, 360 Ark. at 411, 201 S.W.3d at 922. However, this simplification of the judicial task is not a "paramount consideration," and a certain law should not be applied only for reasons of simplicity or convenience. *Id.*, 201 S.W.3d at 922. Here, this factor favors Louisiana. The applicable Louisiana law [*10] places the responsibilities associated with alcohol consumption solely upon the individual who consumes the intoxicating beverage and basically grants tort immunity to alcohol vendors in most circumstances. Thus, Louisiana law is outcome determinative and probably easier to apply than the applicable Arkansas statute, which allows a plaintiff to recover upon showing proof that the alcohol vendor served alcohol to a clearly intoxicated person and that the intoxicated person caused Plaintiff's injuries.

Fourth, "advancement of the forum's governmental interests" examines how a forum state's policies and citizens will be affected by the application of a certain out-of-state law. *Id.* at 411, 201 S.W.3d at 923. In analyzing this factor, the Court examines the contacts to decide the state's interests. *Id.* Here, Arkansas's sole contact is that the accident occurred in Doddridge, Arkansas. Arkansas certainly has an interest in protecting its citizens and others using its roads from the negligent behavior of others. However, Harrah's is a business located in

Louisiana, and Plaintiff is a Louisiana resident. The alleged negligent acts and omissions of Harrah's occurred in Louisiana. Arkansas has [*11] no interest in regulating Louisiana businesses by applying the ideals and principles of Arkansas dram shop laws to out-of-state business enterprises and injecting these principles into litigation between two Louisiana citizens.

The final factor, "application of a better rule of law," allows the court to determine which law makes "good socio-economic sense for the time when the court speaks" versus a state law that may be unfair and outdated. *Miller v. Pilgrim's Pride Corp., 366 F.3d 672, 675 (8th Cir. 2004)*; John J. Watkins, *A Guide To Choice of Law in Arkansas*, 2005 ARK. L. NOTES 160, 164. Here, it is difficult to determine which law is the better rule of law. The Court cannot say that Arkansas law is better simply because it provides a possible remedy for Plaintiff in this case when Louisiana law does not. Thus, the Court is hesitant to conclude that this fifth factor militates in favor of either Louisiana or Arkansas.

Reviewing the five choice factors as a whole, the Court concludes that Louisiana anti-dram shop law applies to this case. The Court is not persuaded by Plaintiff's argument that Arkansas dram shop law should apply to a Louisiana alcohol vendor and business.

B. *Louisiana's* [*12] *Anti-Dram Shop Law*

In 1986, the Louisiana legislature enacted the Louisiana anti-dram shop statute "with the express purpose of placing the responsibility for consequences of intoxication on the intoxicated person, rather than the server of the alcohol." LA. REV. STAT. ANN. § 9:2800.1; *Aucoin v. Rochel, 5 So. 3d 197, 201 (La. Ct. App. 2008)*. Subsection (A) of this statute provides that "the consumption of intoxicated beverages, rather than the sale or serving or furnishing of such beverages is the proximate cause of any injury . . . inflicted by an intoxicated person upon himself or upon another person. LA. REV. STAT. ANN. § 9:2800.1(A). Subsection (B) furthers the legislature's purpose by providing immunity "to vendors of alcoholic beverages who sell or serve alcohol to persons over the age for the lawful purpose thereof." [6] LA. REV. STAT. ANN. § 9:2800.1(B); *Aucoin, 5 So. 3d at 201*.

> 6   The only exceptions to the limitation of liability expressly provided by the statute are as follows: (1) when alcoholic beverages are sold or served to minors; (2) when a person forces another to drink alcohol; or (3) when a person falsely states that a beverage contains no alcohol. LA. REV. STAT. ANN. § 9:2800.1(E).

Mr. [*13] Vanderbilt was served an undetermined amount of alcohol while patronizing Harrah's casino. Shortly after he had been at the casino for fourteen hours, he was involved in a vehicular accident with the tour bus operated by Plaintiff. Plaintiff was injured in this accident and asserts that

Harrah's alleged negligent behavior caused Plaintiff's injuries. Negligence claims under Louisiana law are examined using a duty/risk analysis. *Joseph v. Dickerson, 754 So. 2d 912, 916 (La. 2000)*. This analysis is a set of five elements that takes into account the conduct of each party and the particular circumstances of each case. *Id*. The elements are as follows: (1) the defendant's conduct was a cause-in-fact of the plaintiff's injuries; (2) the defendant had a duty to conform his conduct to a specific standard; (3) the defendant breached that duty; (4) the defendant's conduct was the legal cause of the plaintiff's injuries; and (5) actual damages. *Id*. Harrah's argues that Louisiana law provides it with immunity from a finding that their conduct legally caused Plaintiff's injuries. *See* LA. REV. STAT. ANN. § 9:2800.1.

For immunity to apply in this case, the following elements must be met: (1) the bar [*14] owner must hold a permit to sell alcoholic beverages; (2) the bar owner or its personnel served alcoholic beverages to a person over the lawful drinking age; (3) the purchaser suffered and/or caused another to suffer an injury off the bar's premises; and (4) the injury was caused by the purchaser's intoxication. *Roy v. Kyrles, Inc., 983 So. 2d 975, 979 (La. Ct. App. 2008)*. Here, it appears to the Court that these elements are met in this case, and Plaintiff has not argued otherwise.

Because of the immunity granted to Harrah's under LA. REV. STAT. ANN. § 9:2800.1, Plaintiff cannot prove an essential element of her theory of recovery. She cannot prove that Harrah's conduct was the legal cause of her damages. [7] *See Roy, 983 So.2d at 980*. Thus, Harrah's is entitled to judgment as a matter of law on Plaintiff's claim that Harrah's negligently served alcohol to Vanderbilt when Vanderbilt was obviously intoxicated.

> 7   If a plaintiff cannot prove any one of the elements of the duty/risk analysis, the court must find no liability. *Joseph, 754 So.2d at 916*.

C. *Negligent Entrustment*

Both parties seem to agree that the state laws regarding negligent enablement are the same in Louisiana and in Arkansas. [*15] Plaintiff argues that Harrah's is liable for the negligent entrustment of a automobile by failing to stop Vanderbilt from driving his automobile in an impaired condition. Specifically, Plaintiff argues that the valet acted negligently when he allegedly knew Vanderbilt was intoxicated and tendered Vanderbilt's keys to him anyway. Under a theory of negligent en-

trustment, the entrustor of an automobile is not responsible for the negligence of the entrustee, unless he had or should have had knowledge that the driver was physically or mentally impaired. *Willis v. Manning*, 850 So. 2d 983, 985 (La. Ct. App. 2003); *Balentine v. Sparkman*, 327 Ark. 180, 184, 937 S.W.2d 647 (1997) (stating that one element of a negligent entrustment claim is that the entrustor knew or had reason to know of the entrustee's condition or proclivities).

Here, the question is whether Harrah's knew or should have known that Vanderbilt was incompetent to drive because of his consumption of alcohol prior to his operation of his vehicle on the night of the accident. Absent testimony or other evidence to indicate that Harrah's knew or should have known that Vanderbilt was intoxicated, Harrah's cannot be held negligent for [*16] allowing Vanderbilt to retrieve his car from valet parking and drive it away from Harrah's. See *Jones v. Western Preferred Cas. Co.*, 633 So. 2d 667, 669 (La. 1993) (citing *Pereira Enterprises, Inc. v. Soileau*, 551 So. 2d 39, 40-42 (La. Ct. App. 1989)). Here, the only evidence regarding Vanderbilt's intoxication is Vanderbilt's own deposition testimony stating that he was drinking beer over ice and that he does not have any recollection of events after he won the $ 8,000 jackpot between 2:00 p.m. and 2:30 p.m. Vanderbilt stated that he cannot recall how many beers he drank on the night of the accident

There is no evidence that Harrah's knew or should have known that Vanderbilt was intoxicated when he departed Harrah's on the night of the accident. No one, including Vanderbilt, knows how many beers Vanderbilt consumed while at Harrah's. There are no witnesses that remember any direct contact with Vanderbilt on the night of the accident. The valet who handed Vanderbilt his keys has not been identified. The record is devoid of any evidence to establish that a Harrah's employee or anyone else observed Vanderbilt in a state of obvious or clear intoxication during his time at Harrah's. Thus, [*17] there is an absence of evidence to establish an essential element of Plaintiff's cause of action for negligent entrustment, which is that Harrah's knew or should have known of Plaintiff's intoxication when he departed Harrah's. No genuine issues of material fact exist; accordingly, Harrah's is entitled to judgment as a matter of law on Planitiff's negligent entrustment claim.

### IV. CONCLUSION

For reasons discussed herein and above, the Court finds that Separate Defendant Harrah's Motion for Summary Judgment should be and hereby is **GRANTED**. An order of even date, consistent with this opinion, shall issue.

**IT IS SO ORDERED,** this 28th day of July, 2009.

/s/ Harry F. Barnes

Hon. Harry F. Barnes

United States District Judge

### ORDER

Before the Court is a Motion for Summary Judgment filed by Separate Defendant Harrah's Bossier City Investment Company, LLC ("Harrah's"). (Doc. 104). Plaintiff has responded. (Doc. 119). Harrah's has replied to Plaintiff's response. (Doc. 133). Plaintiff has filed a sur-reply. (Doc. 135). The Court finds the matter ripe for consideration.

For reasons discussed in the Memorandum Opinion of even date, Separate Defendant Harrah's Motion for Summary Judgment is **GRANTED**. Plaintiff's [*18] claims against Separate Defendant Harrah's are **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED, this 28th day of July, 2009.

/s/ Harry F. Barnes

Hon. Harry F. Barnes

United States District Judge