

LEXSEE 2009 US DIST LEXIS 66347

**MELODY L. LEE, as Personal Representative of the ESTATE OF JOHN ANDREW MORTON, deceased, PLAINTIFF v. BOBBY A. OVERBEY and BRENT HIGGINS TRUCKING, INC., DEFENDANTS**

Case No. 08-2115

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS, FORT SMITH DIVISION

*2009 U.S. Dist. LEXIS 66347*

**July 31, 2009, Decided
July 31, 2009, Filed**

**COUNSEL:** [*1] For Melody L. Lee, as Personal Representative, Estate of, John Andrew Morton, Plaintiff: Albert R. Matthews, LEAD ATTORNEY, Bonds Matthews Brennan Bonds, Muskogee, OK; Martha J Cherbini, LEAD ATTORNEY, Bonds Matthews Brennan & Bonds, PLLC, Muskogee, OK; Rusty Smith, LEAD ATTORNEY, Bonds, Matthews, Brennan, Bonds PLLC, Muskogee, OK; Billy Don Griffin, Griffin Reynolds Associates, Oklahoma City, OK.

For Bobby A. Overbey, an individual, Brent Higgins Trucking, Inc, a corporation, Defendants: Alfred F. Angulo, Jr., LEAD ATTORNEY, Barrett & Deacon, P.A., Fayetteville, AR; James D. Stanton, LEAD ATTORNEY, Law Offices of James Stanton, L.P., Dallas, TX.

**JUDGES:** Honorable Robert T. Dawson, United States District Judge.

**OPINION BY:** Robert T. Dawson

**OPINION**

**MEMORANDUM OPINION & ORDER**

Before the Court are Defendants' Motion for Determination of Controlling Law (Doc. 29) and Plaintiff's Response (Doc. 45). For the reasons reflected herein, Defendants' Motion is **DENIED,** and Arkansas law is determined to be controlling.

**I. Background**

Plaintiff, Melody L. Lee, brings this action as the Personal Representative of the Estate of John A. Morton, an Oklahoma resident, against Defendants Bobby Overbey and Brent Higgins Trucking, Inc., an [*2] Arkansas resident and an Arkansas corporation. Plaintiff is seeking to recover wrongful death and survival damages.

Morton was killed when his vehicle collided just south of the Oklahoma-Texas border, near Gainesville, Texas, with a tractor-trailer driven by Overbey on August 22, 2008. Morton was a resident of Oklahoma at the time of his death and Overbey was a resident of Mulberry, Arkansas, and employee of Brent Higgins Trucking, Inc.; Brent Higgins Trucking, Inc. is incorporated in Arkansas and is located in Mulberry, Arkansas.

**II. Choice of Law**

A federal court must determine the controlling law in a case "according to the law of conflicts of the State in which it is sitting." *Klaxon Co. v. Senator Elec. Mfg. Co., 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941).* This Court will use Arkansas's conflict of law principles to determine whether to apply Arkansas or Texas

Case 4:08-cv-04022-JLH   Document 141-9   Filed 11/05/09   Page 2 of 4

Page 2
2009 U.S. Dist. LEXIS 66347, *2

substantive law in the case at bar.

### III. Discussion

The issue is whether Arkansas or Texas law should apply. The difference between the laws of the two states involves the difference in recovery that is allowed in survival actions. The Arkansas survival statute allows recovery for loss of value of life, stating that "a decedent's estate may recover [*3] for the decedent's loss of life as an independent element of damages." *Ark. Code Ann. § 16-62-101*. Texas does not permit recovery for the deceased's loss of value of life. *See Tex. Civ. Prac. & Rem. § 71.021*. Defendants argue for the application of Texas law, and the Plaintiff argues for Arkansas law. The determination of which state's law applies will govern whether the Plaintiff can recover for the deceased's loss of value of life.

In *Wallis v. Mrs. Smith's Pie Co., 261 Ark. 622, 550 S.W.2d 453 (1977)*, the Arkansas Supreme Court adopted a test based on the "most significant relationship," considering the five choice-influencing factors promulgated by Dr. Robert A. Leflar. [1] Those factors are: (1) predictability of results, (2) maintenance of interstate and international order, (3) simplification of the judicial task, (4) advancement of the forum's governmental interests, and (5) application of the better rule of law. *Id.*

> 1   Dr. Robert A. Leflar was a leading scholar in the field of conflict of laws. He taught at the University of Arkansas for more than sixty years and served as the dean of the university's law school, whose building has now been named after Dr. Leflar. He also served [*4] as Associate Justice of the Arkansas Supreme Court. The Arkansas Supreme Court has continued to use Dr. Leflar's publications as determinative of the choice-influencing factors, as well it should. *See Schubert v. Target Stores, Inc., 360 Ark. 404, 409, 201 S.W.3d 917, 921 (2005)*; *Schlemmer v. Fireman's Fund Ins. Co., 292 Ark. 344, 346-48, 730 S.W.2d 217, 218-19 (1987)*; *Wallis, 261 Ark. at 628-29, 550 S.W.2d at 456*.

The first factor is predictability of results. This factor's purpose is to prevent forum shopping and ensure uniform results. *Miller v. Pilgrim's Pride Corp., 366 F.3d 672, 674 (8th Cir. 2004)*; *Gomez v. ITT Educ. Servs., Inc., 348 Ark. 69, 78, 71 S.W.3d 542, 547 (2002)*. In most tort cases, this factor is of little importance because automobile collisions and other accidents are unplanned and have no bearing on the injury. However, Leflar writes that in a case like this one, the state where the defendant is domiciled may have a greater interest in seeing its law applied if the vehicle was registered and insured in the same state, particularly because of the involvement of insurance companies and contracts made in that state. *See* Robert A. Leflar, *Conflict of Laws,* 28 Ark. L. Rev. 199, 213 (1974). [*5] The tractor-trailer involved in this case was owned by Brent Higgins Trucking, Inc., which is incorporated and located in Arkansas, but there has been no showing where the tractor-trailer was registered and insured. Without such a showing, the Court cannot determine whether this factor reflects a more significant relationship with Arkansas or with Texas. Therefore, this factor does not weigh in favor of choosing either state's law.

The second factor is maintenance of interstate and international order. Leflar writes that when an accident happens in a state other than the state in which the defendant or the plaintiff is domiciled, the determination of which state's law applies will not affect the traffic flow between the states or the sovereignty concerns of either state. Leflar, *supra* at 213. Therefore, the flow of highway traffic between the states of Arkansas and Texas will not be lessened, and Arkansas's and Texas's concern for their sovereignty will not be affected by this Court's choice of either state's law. *See Id.; see Schlemmer, 292 Ark. at 347, 730 S.W.2d at 219*. This factor does not weigh in favor of choosing either state's law.

The third factor is simplification of the judicial [*6] task. Application of either state's law will not simplify the Court's task for federal courts are expected to apply the laws of foreign jurisdictions, and therefore are equally capable of resolving a dispute regardless of whether Arkansas or Texas law is applied. *Hughes v. Wal-Mart Stores, Inc., 250 F.3d 618, 620 (8th Cir. 2001)*; *Schlemmer, 292 Ark. at 347, 730 S.W.2d at 219*. This factor does not weigh in favor of choosing either state's law.

The fourth factor is advancement of the forum's governmental interests. In this case, the forum state is Arkansas because the litigation was initiated in Fort Smith, Arkansas. Leflar writes that the forum state has an "interest in its law being applied in cases where the facts have a substantial relationship to the [forum] state." Leflar, *supra* at 213.

Case 4:08-cv-04022-JLH   Document 141-9   Filed 11/05/09   Page 3 of 4

Page 3
2009 U.S. Dist. LEXIS 66347, *6

The Eighth Circuit has ruled that the "state where an accident occurs does not have a strong interest in providing compensation to an injured nonresident." *Hughes v. Wal-Mart Stores, Inc., 250 F.3d 618, 621 (2001)* (citing *Kenna v. So-Fro Fabrics, Inc., 18 F.3d 623, 627 (8th Cir. 1994)*). Therefore, despite being the state in which the accident occurred, Texas does not have a particular interest in [*7] providing compensation to this Plaintiff. No Texas citizen is involved in the subject of this litigation. And this controversy deals strictly with a dispute between an Oklahoma plaintiff and Arkansas defendants. Texas's policies should not be offended by the application of another state's law.

The Eighth Circuit has also found that a forum state does not have a governmental interest in "ensuring that nonresidents are compensated for injuries that occur in *another state." Hughes, 250 F.3d at 621*. This controversy arose from injuries that were sustained by a resident of Oklahoma, while in Texas. Therefore, Arkansas does not have a substantial interest in providing compensation to this Plaintiff, who is not a resident of Arkansas and was injured outside of Arkansas.

However, Leflar writes that a forum state would have a substantial relationship to the case if the defendant is a resident of the forum state and the vehicle involved is normally kept in the forum state. Leflar, *supra* at 213. In the present case, Arkansas is the domicile of both of the Defendants, Overbey and Brent Higgins Trucking, Inc. This fact, coupled with a showing of where the tractor-trailer involved in the accident, [*8] would be indicative of Arkansas's interest in the current controversy. However, nothing has been presented to this Court regarding where the tractor-trailer was kept. Therefore, Arkansas's interest as the domicile of both of the Defendants is not sufficient to justify the application of Arkansas law, especially when there has been no showing of where the tractor-trailer was kept.

Leflar explains that a forum state's "total interest in the litigation is that of a justice-dispensing court in a modern American state," which goes "beyond the protection of [the] domiciliaries alone." Leflar, *supra* at 213. This indicates a governmental interest by the forum state that is independent of whether the parties are residents of the forum state or not. Therefore, Arkansas has a governmental interest as the forum state, regardless of the domiciles of the parties, because this Court is located in the Western District of Arkansas. *See* Leflar, *supra* at 213.

While neither state has a compelling governmental interest in this litigation, the Court determines that Arkansas, as the forum state, has more of an interest than Texas. Texas does not have a particular interest in this litigation as Texas is not [*9] the forum state, no Texas resident is involved in the subject of the litigation, and Texas has no interest in providing compensation to a nonresident plaintiff. While Arkansas does not have an interest in providing compensation to a nonresident plaintiff that was injured in a state other than Arkansas, Arkansas does have an interest as a "justice-dispensing court" that "goes beyond the protection of domiciliaries alone." Leflar, *supra* at 213. Therefore, this fourth factor weighs in favor of choosing Arkansas law.

The fifth factor is application of the better rule of law. This factor is "aimed at avoiding the application of unfair or archaic laws." *Miller v. Pilgrim's Pride Corp., 366 F.3d 672, 675 (8th Cir. 2004)* (citing *Hughes, 250 F.3d at 621*). Leflar writes that when the forum state's law is less restrictive of a plaintiff's recovery, the forum state's law is regarded as being the "better law." Leflar, *supra* at 213-14. When confronted with a conflict over the measure of damages, an Arkansas court will most likely apply law from the state which imposes the least limits upon a plaintiff's recovery. *See* Howard W. Brill, *Arkansas Law of Damages,* 1 Arkansas Law of Damages § 2:7 (5th Ed.) [*10] (citing Leflar, *supra* at 206-208).

The Arkansas and Texas survival statutes are different, and provide for different damages recoverable by plaintiffs. *See Ark. Code Ann. § 16-62-101* and *Tex. Civ. Prac. & Rem. § 71.021*. The law of Texas does not allow plaintiffs to seek recovery for the loss of the deceased's value of life, but the law of Arkansas does. *Id.* In the *Schubert* and *Wallis* cases, the Arkansas Supreme Court viewed the Arkansas law to be better than other states' laws because Arkansas law was less restrictive concerning the plaintiffs' recoveries. *Schubert, 360 Ark. at 409-12, 201 S.W.3d at 921-23*; *Wallis, 261 Ark. at 627-32, 550 S.W.2d at 455-59*. In comparison with *Schubert* and *Wallis,* Arkansas law is the "better law" in this case because Arkansas law permits Plaintiff to seek recovery for the loss of the deceased's value of life, whereas Texas law does not. Therefore, this fifth factor weighs in favor of Arkansas law.

**IV. Conclusion**

The Plaintiff is an Oklahoma resident. The Defendants are an Arkansas resident and an Arkansas corporation based in Arkansas. While the actions involved in this case took place in Texas, Texas does not have an interest in either the compensation [*11] of a nonresident plaintiff or in the outcome of litigation between Oklahoma and Arkansas parties. Although Arkansas does not have an interest in providing compensation to a nonresident plaintiff who was injured in a state other than Arkansas, Arkansas's governmental interest is greater than Texas's because it is the forum state. Arkansas law is better as it allows Plaintiff to seek recovery for the loss of the deceased's value of life, whereas Texas law would not permit such recovery.

After considering and weighing all five choice-influencing considerations, this Court concludes that Arkansas has a more significant relationship to the parties and subject litigation, and that Leflar's five factors favor the choice of Arkansas law. Therefore, the substantive law of Arkansas is controlling in this case, and Defendants' Motion for Determination of Controlling Law (Doc. 29) is **DENIED.**

IT IS SO ORDERED on this 31st day of July, 2009.

/s/ *Robert T. Dawson*

Honorable Robert T. Dawson

United States District Judge