IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN WARD, JR.                                   PLAINTIFF

       v.            Civil No. 08-4022

CISCO SYSTEMS, INC.                          DEFENDANT

### ORDER

Now on this 9th day of November, 2009, comes on for consideration **Defendant Cisco Systems, Inc.'s Motion to Compel Responses to Cisco System, Inc.'s First Set of Interrogatories** (document #78) and the response and reply thereto. The Court, being well and sufficiently advised, finds and orders as follows:

1. In the instant matter, the plaintiff asserts claims of defamation, outrage, and false light against Cisco Systems, Inc. (hereinafter "Cisco"). The claims stem from publications on an internet blog – www.trolltracker.blogspot.com. The blog was published by Richard Frenkel, who was then employed by Cisco. The blog allegedly accused the plaintiff, an attorney, of "criminal conduct, unethical conduct, and conduct unbefitting of an officer of the Court."

2. On March 30, 2009, Cisco served its First Set of Interrogatories on the plaintiff. On May 11, 2009, the plaintiff responded to the interrogatories.

3. Cisco sent the plaintiff a letter concerning his responses to the interrogatories on June 22, 2009, and again on

June 23, 2009.  The plaintiff then served his "Supplemental Objections and Responses to Cisco System, Inc.'s First Set of Interrogatories" on June 26, 2009.

4.  In its motion, Cisco claims that plaintiff's supplemental responses simply added additional, untimely objections to each interrogatory and that the supplemental responses continued to withhold responsive information.  It asks the Court to compel plaintiff to make more complete responses. The Court will, therefore, address the specific arguments advanced by Cisco.

(a)  Cisco argues  that the Court should overrule the plaintiff's "general objections and untimely objections."

Federal Rule of Civil Procedure 33(b)(4) provides:

All grounds for an objection to an interrogatory shall be stated with specificity.  Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

Local Rule 33.1(b) provides:

A blanket objection to a set of interrogatories, requests for admissions, or requests for production will not be recognized.  Objections must be made to the specific interrogatory or request, or to a part thereof if it is compound.  It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant.  The ground or grounds for the objection must be stated with particularity.

The Court believes that plaintiff's initial response clearly listed "blanket" objections.  However, after receiving Cisco's letters  concerning  the  responses,  plaintiff  restated  its

-2-

objections with respect to the individual interrogatories.

In response to that re-statement effort, Cisco claims that those restated objections are waived because they were not done with particularity in the initial response.

In reply, plaintiff claims that the restated objections include the specificity and particularity necessary under the rules and are *not* waived because they were not fashioned that way in his initial response.

The Court does not agree that the restated objections are waived because they were not stated in the original response.  The supplemental response was done in an effort to address Cisco's concerns with respect to the plaintiff's initial response and, thus, can hardly be considered to be a waiver.  That said, however, the Court does agree with any general notion that lack of appropriate particularity in responses to interrogatories answers is unobjectionable.  In light of the foregoing views, the Court will not examine each interrogatory, but will, instead focus on the individual interrogatories addressed in Cisco's instant motion.

(b)   Cisco's next argument concerns plaintiff's objections that specific interrogatory requests are "premature" and that, in certain instances, plaintiff states that his response is "based on the information known to him at this time upon such investigation as is reasonable for Plaintiff to undertake under

the circumstances."

Plaintiff responds that the objections are proper since, in many cases, he has conducted the discovery needed to answer in full and the responses are not premature -- while, in other cases, further discovery may require supplemental responses.

Rule 26(e) requires parties to supplement or correct their interrogatory responses in a timely fashion, as necessary. Thus, to the extent that Cisco does not address plaintiff's "premature" objection with respect to any particular interrogatory, the Court will decline to address the issue further at this time.

(c)  Cisco next argues that the Court should overrule plaintiff's objections that the interrogatories are "overly broad, overly burdensome and oppressive" or "neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."

Plaintiff responds that its objections are stated with appropriate specificity and do not violate the rules.

As with the issue of "blanket objections", to the extent Cisco does not raise the issue with respect to a certain interrogatory, the Court will not address it further at this time.

5.  **Interrogatory No. 2**:  Cisco argues that the plaintiff should be required to respond more fully to Interrogatory No. 2 which asked Plaintiff to:

Describe in detail each and every instance in which you
have requested court personnel (whether state or

-4-

federal) to change, alter, or modify a court document. Include in your answer the style of the case, court in which the case was pending, court personnel that you spoke with, and specific request that you made.

Plaintiff objects that this interrogatory seeks nothing of relevance; that it is overly broad/burdensome; that it is vague and ambiguous; that it is argumentative in its use of the word "alter"; and that Cisco's definition of "You" is unreasonably over broad and unduly burdensome. After so stating the above concerns, plaintiff then responds, substantively, subject to the objections.

The Court has reviewed plaintiff's response and concludes (1) that plaintiff's objections to the interrogatory should be overruled; and (2) that plaintiff's response to it is adequate.

6. **<u>Interrogatories No. 8 and 9</u>**: Cisco argues that the plaintiff "attempted to avoid providing complete responses to Interrogatories No. 8 and 9 by adding the caveat that the answer included but was "not limited to" the answer provided. Cisco's Interrogatory No. 8 asks:

> With respect to your allegation in paragraph 11 of the Petition that Frenkel accused you of a crime, state all crimes (including the specific statute) that you allege Frenkel accused you of.

And, Cisco's Interrogatory No. 9 asks:

> With respect to your allegation in paragraph 11 of the Petition that Frenkel accused you of engaging in conduct that could result in disciplinary proceedings before the State Bark of Texas, state the rules or regulations that you allege Frenkel accused you of violating (including the specific rule or regulation) and all statements from the Article that accuse you of such violations.

-5-

Plaintiff contends that he has responded with full and complete responses to the interrogatories -- by including an identification of the language used by Frenkel and the statutes and rules known to the plaintiff that he might be accused of violating if Frenkel's accusations were true.

Plaintiff argues, however, that the interrogatories cannot be answered based on first-hand knowledge; that they seek information outside of plaintiff's control; and that their reach exceeds plaintiff's obligations under the Federal Rules.

The Court has reviewed the plaintiff's responses and believes they are adequate and that, in light of the continuing duty to supplement as appropriate, there is now no basis for concern about plaintiff's claimed caveat.

7.   **<u>Interrogatory No. 12</u>**:  Cisco argues that the plaintiff failed to fully and adequately respond to Interrogatory No. 12. Interrogatory No. 12 asks plaintiff to:

> Identify each person or company with whom you communicated or from whom you received any communication regarding the Article, and separately for each communication, identify the date, time, persons involved, and purpose of the communication, the substance of the communication and identify any documents related to that communication.

Cisco argues that -- from plaintiff's response -- "it is clear [he] is withholding responsive persons and communications."

In response, plaintiff insists that he provided a full, substantive response.

-6-

The Court has reviewed the plaintiff's response and did not gain therefrom any clear perception that plaintiff was holding back discoverable information.  Accordingly, the Court believes the response provided is adequate.

8.  With respect to Cisco's argument concerning plaintiff's identification of items on plaintiff's "privilege log," the Court will decline to address it at this time.  Instead, the Court will and does order the parties to confer on the issue in a good faith effort to resolve it without court intervention.  If that effort is not successful, the matter may again be brought to the Court's attention.

9.  For the reasons set forth above, **Defendant Cisco Systems, Inc.'s Motion to Compel Responses to Cisco System, Inc.'s First Set of Interrogatories** (document #78) is **denied.**

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE