IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JOHN WARD, JR. | § <br> § <br> §    C. A. NO. 08-4022 <br> §    JURY TRIAL DEMANDED <br> § <br> § |
| v. | |
| CISCO SYSTEMS, INC. | |

**DEFENDANT CISCO SYSTEMS, INC.'S RESPONSE TO
PLAINTIFF'S MOTION FOR RECONSIDERATION
REGARDING THE SCOPE OF CISCO'S SUBJECT-MATTER
WAIVER OF PRIVILEGE[1] AND BRIEF IN SUPPORT**

TO THE HONORABLE COURT:

Defendant Cisco Systems, Inc. ("Cisco") hereby files this Response to Plaintiff's Motion for Reconsideration Regarding the Scope of Cisco's Subject-Matter Waiver of Privilege and Brief in Support ("Motion").

## INTRODUCTION

Plaintiff makes the same arguments he made in his Motion to Compel and which the Court already denied. The parties have briefed the issues in the Motion extensively (See Docket Nos. 57-59, 61, 63-64, 67-69, 75, 76, 77, and 80). There is nothing new here. The Court has also already reviewed the documents at issue *in camera* and found no waiver of privilege. (Docket No. 89 at ¶6). The Motion should be denied for the same reasons that it has already been denied.

With respect to Plaintiff's request that the Court reconsider its limitation of waiver to include documents before October 19, 2007, Plaintiff has not made the required showing for reconsideration. Frenkel wrote the complained-of statements on October 18,

---

[1] Cisco disagrees that the Court ordered a "subject-matter waiver." The Court's order specifies exactly the scope of Your Honor's "at issue" waiver.

2007. Although he slightly modified the article on October 19, 2007, Frenkel did not modify the statements that Plaintiff complains concern him.[2] Therefore, there is no basis for expanding the Court's waiver ruling.

With respect to Plaintiff's request for waiver of privilege for documents showing the knowledge of individuals other than Frenkel, the Court properly denied Plaintiff's request because the only knowledge at issue in this case is the knowledge of the author of the articles, Frenkel, at the time of publication. Plaintiff has failed to make any showing that the ruling was erroneous.

For these reasons and the reasons set forth below, the Motion should be denied.

## ARGUMENTS AND AUTHORITIES

**A.   The Motion should be denied because there is no basis for reconsideration of the Court's Order.**

Plaintiff cites no rule or legal authority in support of its motion for reconsideration, motions which Plaintiff has previously advised this Court are a "futile waste of time for both the parties and the trial court." (Docket No. 36 at p. 2). Indeed, the Eighth Circuit has held that a motion for reconsideration should not be used as a vehicle for simple reargument on the merits. *Broadway v. Norris*, 193 F.3d 987, 989-90 (8th Cir. 1999). Even where courts take up such motions, they demand that counsel identify the rule under which the motion is brought so as not to leave the Court relying on its own "somewhat enlightened guess" as to the basis of the request. *See In re Trout*, 984 F.2d 977, 978 (8th Cir. 1993). Plaintiff has failed to do so here.

Defendant can only assume that Plaintiff seeks relief from the Court's order under FED. R. CIV. P. 60(b). If the Court considers the Motion, it should be denied for failure to

---

[2] The submission log therefore provided that documents created after the time of posting on October 18, 2007 were created after the publication of the complained-of statements.

meet the requirements of that rule. The extraordinary relief permitted under Rule 60(b) may be granted only upon a showing of certain enumerated circumstances (such as fraud, changed conditions, newly discovered evidence and the like). Plaintiff's motion should be denied because he merely reargues what he argued in his previous motion and fails to state the grounds for his motion. *See Broadway*, 193 F.3d at 990 (this is sufficient reason alone to deny the Motion); *Broadux v. Moore*, No. 93-1885, 1993 WL 243100, at *1 (8th Cir. July 7, 1993) ("A motion can be considered under Rule 60(b)... only if it states the grounds for relief under the rule") (citing *Reyher v. Champion Int'l Corp.*, 975 F.2d 483, 488 (8th Cir. 1992) (attached as Exhibit A). The Motion should be denied because Plaintiff simply cannot show the exceptional circumstances required to overcome the Court's prior ruling.

**B.    There is no basis for at issue waiver of privilege or work product after the complained-of statements were written. (Response to Motion at pp. 4-10)**

Plaintiff's complaints that the Court erred concerning the timing of the articles is unfounded. The allegations Plaintiff complains about were made on October 17, 2007 and October 18, 2007, consistent with the Court's order. Although the October 18, 2007 article was revised slightly on October 19, there were no new allegations about Plaintiff made on October 19, 2007. Indeed, Plaintiff's Complaint acknowledges that "[t]he revised post ('The Revised October 18, 2007 post') continued to make the same false and defamatory accusations about Plaintiff set forth in the paragraph above." (Docket No. 66 at ¶34). Similarly, Plaintiff acknowledges in the Motion that the revised article "continued" to make the same allegations about Plaintiff that were in the October 18 article. (Motion at pp. 10-11). As this Court has already determined, Frenkel's state of mind after the complained-of statements were written is not "at issue." *See Sullivan*, 376

U.S. at 286-87. Plaintiff cannot try to broaden his claim to effectuate a waiver. The Court was correct in ruling that attorney-client and work-product privileges concerning Frenkel's state of mind after the publication of the October 18 articles have not been waived.

Defendant is baffled by Plaintiff's argument about "what Baker Botts said" (Motion at pp. 6-7), the *Hertz v. Enterprise* case (*Id.* at pp. 8), Frenkel's legal research (*Id.* at p. 9), and pleadings in the ESN case (*Id.* at p. 9-10). Putting aside whether the allegations made by Plaintiff about those documents are true (and they are not), the emails quoted and referenced in support of the argument have already been produced to Plaintiff under the Court's order and therefore do not support any broader waiver. The Motion should therefore be denied.

C. **Plaintiff's attempt to overcome privilege by claiming publication by Yen and Noh fails. (Response to Motion at p. 11-14).**

Plaintiff makes the same two arguments that he made before: Yen and Noh "published" the articles at issue by participating in their creation and that Yen republished the articles by sending a link to the blog to another Cisco employee. (Docket No. 59 at pp. 18-19; No. 61 at pp. 4-5, 12; No. 64 at pp. 8-9, 18; Docket No. 69 at pp. 6-7, Docket 75 at p. 7) As the Court has ruled previously, both claims fail.[3]

Plaintiff knows that only Frenkel's state of mind is at issue. That is why the interrogatory posed by Plaintiff (which was the basis for the Motion to Compel) merely

---

[3] Plaintiff's argument that there has been a waiver of privilege with respect to all Cisco employees because he chose to sue Cisco instead of Frenkel (Motion at p. 11) is absurd. The U.S. Supreme Court has held that the relevant state of mind is that of the person responsible for publication. *See New York Times v. Sullivan*, 376 U.S. 254, 287 (1964). *See also* cases cited at pp. 5-6, *infra*. *Amway Corp. v. P&G, Co.*, 2001 U.S. Dist. LEXIS 4561, at *12 (W.D. Mich. Apr. 3, 2001), the only case relied on by Plaintiff, does not support this Plaintiff, as the case was not even a defamation case and did not involve imposing liability on a company because of the act of one of its employees.

asked for identification of "all information relied upon by Richard Frenkel...", not Yen, Noh, Beckwith, or any other Cisco employee. The Motion not only asks the Court to reconsider its prior ruling, it also asks the Court to rewrite Plaintiff's interrogatory. The Motion should be denied.

    1.    <u>Noh and Yen did not publish the complained-of articles and therefore their knowledge is not "at issue."</u>

Plaintiff's claim that the Court should waive privilege because Yen or Noh published the articles have failed time and time again. This Court has already rejected it, and Albritton lost the argument before Judge Schell in the *Albritton v. Cisco* case. In that case, Albritton sued both Noh and Yen concerning these same articles. Judge Schell determined that Noh and Yen's conduct was not actionable and granted summary judgment in their favor. (<u>Exhibit B</u> at pp. 12-13). Plaintiff brings nothing new here.

There is no plausible cause of action against Noh or Yen where as here they did not write, edit, or even know the substantive content of the articles at issue prior to publication. *See, e.g., MMAR v. Dow Jones & Co., Inc.*, 987 F. Supp. 535 (S. D. Tex. 1997) (reporter's "actual malice" was not attributable to the employer/newspaper because no managing agent of Dow Jones "knowingly adopted or ratified for Dow Jones any malicious act of" the reporter"; *New York Times Co. v. Sullivan*, 376 U.S. 254, 287 (1964) (culpable state of mind must be "brought home to the persons in the [publishing] organization having responsibility for the publication."); *Sandler v. Calcagni*, 565 F. Supp. 2d 184, 195 (D. Me. 2008) (holding that the publisher of a book could not be held liable where it did not "undertake to edit, review or fact-check" the publication and therefore had no way of knowing whether the book contained defamatory material before it was published); *Maynard v. Port Publications, Inc.*, 297 N.W.2d 500, 506 (Wisc. 1980)

(holding that liability could not be imposed if the defendant did not know the content of the alleged libel); *Misut v. Mooney*, 475 N.Y.2d 233, 236-37 (1984) (holding that liability could not be imposed as a matter of Constitutional law where the defendant did not have knowledge of the content of the alleged libel). Moreover, as in the *Albritton* case, Plaintiff did not plead civil conspiracy with respect to Yen and Noh. (*See* Exhibit B at pp. 12-13; Docket No. 66).

It is undisputed (and was undisputed in the *Albritton* case) that Yen and Noh did not write, edit or even read the complained-of articles before their publication. (Yen Declaration, Exhibit C at ¶3; Noh Declaration, Exhibit D at ¶3). Therefore, their knowledge is not even relevant, much less put "at issue" for purposes of waiver. *See Baker v. General Motors Corp.*, 209 F.3d 1051, 1055 (8th Cir. 2000) (holding that it was error to waive privilege based on the Plaintiff's unsupported factual representations concerning what the privileged documents will reveal.) Plaintiff fails to cite a single case for his hypothetical at issue waiver theory, and Defendant has found none.

Noh's only connection to the article is that he suggested that Frenkel write an article about the changing of the docket generally, but he did not suggest any of the content, nor did Noh mention anything whatsoever about Plaintiff, the "Banana Republic," or any of the other complained-of language. Plaintiff's lead counsel has even admitted that Noh did not read the article before it was published. (Noh Deposition, Exhibit E at 105:17-106:8). And although Noh suggested in an email before seeing the article or knowing its contents that he could send the article to others, he never did. Exhibit E at 47:22-25). Plaintiff certainly cannot cite any authority for the proposition

that thinking about sending an article to others before knowing the substance of the article is "publication" for purposes of defamation.

Plaintiff has also failed to show why Yen's knowledge is "at issue" to the extent required to show waiver of privilege. Plaintiff claims that Yen suggested in an email that the changing of the docket could be the subject of a "news story," but he fails to mention that she did not even copy Frenkel on the email and therefore could not be seen as requesting Frenkel to write an article. (Cisco Privileged.000012). When Noh suggested that the Patent Troll Tracker write a story about the ESN case, Yen merely suggested that Frenkel could reference an anonymous tip he received about the incident. (Cisco Privileged.000012). Yen did not suggest any of the content, nor was there any mention whatsoever about the allegations Plaintiff complains about. (*See id.*) Even if those accusations had been contained in the articles (which they were not), Yen had no way of knowing them until she read the articles at issue, which did not occur until the *Albritton v. Cisco* lawsuit was filed months after the publication of the article. (Yen Deposition, Exhibit F at 80:17-81:4). Plaintiff has made no showing that Yen published the articles at issue, and therefore there is no basis for waiver of privilege to show her state of mind.

The Court doesn't even have to take Cisco's word for it. The Court has the documents, has reviewed them *in camera*, and is therefore aware that they do not support Plaintiff's claims against Yen and Noh.

2. <u>Yen did not republish the articles and therefore her knowledge is not "at issue."</u>

Plaintiff's argument that Yen "republished" the article, and therefore her knowledge is "at issue" also fails. First, Plaintiff misconstrues the facts. Yen did not send a direct link to the complained of articles to a Cisco employee as Plaintiff implies;

she sent a link to the Patent Troll Tracker blog, which contained over one hundred articles, to the Cisco employee.[4] (Exhibit P to the Motion). The email does not even reference the complained-of articles. (*Id.*)

More importantly, Plaintiff cites no case law for his proposition that Yen's knowledge is "at issue" simply because she forwarded a link to a website that contains an article she had not even read.[5] (Exhibit F at 80:17-81:4). The United States Supreme Court has made clear that the relevant state of mind is that of the "persons in the [publishing] organization having responsibility for the publication." *Sullivan*, 376 U.S. 254, 287 (1964). Nobody but Frenkel published the article, and thus only his state of mind is at issue in this lawsuit. *See id*; *MMAR v. Dow Jones & Co., Inc.*, 987 F. Supp. 535 (S. D. Tex. 1997).

Even if Yen had known the contents of the article, which she did not, sending a link to the website containing the article to someone within Cisco is not "publication" for purposes of a defamation claim. *Biggs. v. Atlantic Coast Line R. Co.*, 66 F.2d 87, 87 (5th Cir. 1933) (holding that private letter between employees of a company about a company matter was not "publication"); *Garrett v. Celanese Corp.*, No. 3:02-CV-1485, 2003 WL 22234917 at *5 (N.D. Tex. 2003), aff'd 102 Fed. Appx. 387 (2004) (same) (attached as Exhibit G); *Halsell v. Kimberly-Clark Corp.*, 683 F.2d 285, 288-89 (8th Cir. 1982), cert.

---

[4] As is clear from Exhibit P to the Motion, the link is to the blog generally and does not contain a link to any particular article within the blog.

[5] Plaintiff claims that it is inconsistent for Cisco to argue that its employees had no knowledge about the content of the articles at issue but then refuse to produce documents demonstrating that this is false, implying that the documents at issue reveal otherwise. Ward is misrepresenting the documents at issue in the Motion. Not a single one of the documents discusses the content of the articles at issue or shows that Yen, Noh or Beckwith knew the contents of the article before it was published. Plaintiff's counsel knows this because they have the documents, though they were required to destroy them or return them to Cisco pursuant to the Protective Order upon the conclusion of the *Albritton v. Cisco* trial (they have refused to comply with the order). Cisco has presented the documents *in camera*, so the Court can (and probably already has, since this was at issue in previous briefing) verify this.

denied 459 U.S. 1205 (1983); ("Until the defamatory statement is communicated outside the corporate sphere or internal organization, it has not been published."); *Gray v. AT&T Corp.*, 357 F.3d 763, 766 (8th Cir. 2004) (holding that communications between individuals in the same company in the regular course of business is not sufficient to satisfy the "publication" requirement of defamation because "the communications are made within the corporation itself and not to a third party.") The Motion should therefore be denied.

  c. <u>Plaintiff's attempt to claim that communications with Noh are not privileged also fails.</u> (Response to Motion at p. 15).

Plaintiff's allegation that communications with Noh are not privileged because Noh works in public relations is also unfounded. Plaintiff relies on *Amway*, 2001 U.S. Dist. LEXIS 4561, at *26 (Exhibit M to the Motion), but in that case, the finding that documents were not privileged was based on the fact that "[n]either the author nor any of the recipients of this document is an attorney" and because the communication concerned the public relations strategy, not legal issues concerning the lawsuit. This is certainly not true in this case. The Court has the documents and can therefore determine that the communications withheld were with attorneys and concerned the merits of the *ESN v. Cisco* lawsuit, not a public relations strategy. Plaintiff has failed to show how copying Mr. Noh, a representative of Cisco for purposes of privilege, concerning a pending lawsuit waived privilege. Accordingly, the Motion should be denied.

**D. Plaintiff's argument concerning oral communication between Frenkel and Yen or Beckwith fails for the obvious reason that the requested documents don't reflect that communication. (Response to Motion at pp. 15-16)**

Strangely, Plaintiff argues that the Court's Order is wrong because it omits documents that would reveal what Frenkel learned through an oral communication with

Yen or Marta Beckwith. The obvious flaw in this argument is that Plaintiff acknowledges that the communication with Frenkel was <u>oral</u> and thus <u>not reflected in documents</u>. Indeed, the Court already ordered production of <u>all</u> documents sent or received by Frenkel. As this Court recognized in its order, the issue at trial will be what Frenkel relied on, not what any other Cisco employee knew. Accordingly, what is at issue is the information that was actually passed on to Frenkel, not what Beckwith or Yen knew. Accordingly, the Court should deny the Motion.

### E.  Any waiver should be limited to the filing issue.

In the unlikely event the Court expands its waiver order, Cisco requests that the waiver be limited to the issue of whether the Complaint in the *ESN v. Cisco* case was timely filed. In particular, Marta Beckwith is Cisco's lead counsel in that case, and revealing her communication regarding the merits of the lawsuit, which is ongoing, would defy the rationale for the privilege. As Plaintiff has admitted, communications concerning the merits of the case, apart from the filing issue, are not at issue, and therefore waiver would be inappropriate.

For these reasons, Cisco requests that the Court deny the Motion. Cisco also requests that the Court order Plaintiff to discontinue this repetitive barrage of motions on the same privilege issues despite the Court's earlier rulings on these issues, which is a waste of both the court's and the parties' time and resources.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: */s/ Charles L. Babcock*
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Richard E. Griffin
    Arkansas Bar No.: 63020
    Email: rgriffin@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney
    Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

This is to certify that on this 9th day of November, 2009, a true and correct copy of the foregoing was served upon via electronic service:

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
*Attorney for Plaintiff John Ward, Jr.*

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
*Attorney for Plaintiff John Ward, Jr.*

Courtney Towle
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
*Attorney for Plaintiff John Ward, Jr.*

Geoffrey P. Culbertson
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
*Attorney for Plaintiff John Ward, Jr.*

James Holmes
Law Office of James Holmes, P.C.
605 South Main, Suite 203
Henderson, Texas 75654
*Attorney for Plaintiff John Ward, Jr.*

/s/ Charles L. Babcock
Charles L. Babcock