# EXHIBIT "G"

Dockets.Justia.com



Not Reported in F.Supp.2d, 2003 WL 22234917 (N.D.Tex.)
(Cite as: 2003 WL 22234917 (N.D.Tex.))

Page 1

**H**
Only the Westlaw citation is currently available.

United States District Court,
N.D. Texas, Dallas Division.
Charlene GARRETT, Plaintiff,
v.
CELANESE CORPORATION, Defendant.
No. 3:02-CV-1485-K.

Aug. 28, 2003.

Mellannise Henderson-Love, Henderson-Love Montgomery, Dallas, TX, for Plaintiff.

Jerry L. Mitchell, Kasowitz Benson Torres & Friedman, Houston, TX, for Defendant.

Kathy Fragnoli, pro se, Burdin Mediations, Dallas, TX, for Provider.

*MEMORANDUM OPINION AND ORDER*

KINKEADE, J.

*1 Before the Court is Defendant Celanese Corporation's ("Celanese") motion to dismiss. For the reasons stated below, the Court GRANTS the motion.

I. Factual Background

Charlene Garrett ("Garrett"), an African American female, is currently employed by Celanese Corporation ("Celanese") as an accountant. On May 15, 2002, she filed a Charge with the Equal Employment Opportunity Commission ("EEOC") in which she asserted a claim of discrimination. The only cause of discrimination indicated on the EEOC charge was the box labeled "RACE." The factual statement of the EEOC charge consisted of the following statements:

I. Personal Harm:

On May 2, 2002, I received a poor evaluation and was placed on a Performance Improvement Plan.

II. Respondent's Reason For Adverse Action:

was told I received the evaluation and placed [sic] on a Performance Improvement Plan because of poor performance.

III. Discrimination Statement:

believe I have been discriminated against because of my race, Black in violation of Title VII of the Civil Rights Act of 1964 as amended.

On July 15, 2002, Garrett filed a lawsuit claiming that Celanese discriminated against her out of racial animus and retaliation. In September 2001, Garrett refused to comply with a supervisor's instructions because she believed they violated Generally Accepted Accounting Principles. Garrett claims her refusal started a pattern of discrimination toward her, culminating in the receipt of an unfavorable performance review, enrollment in a performance improvement plan, and the placement of false statements in her personnel file. In her Complaint, Garrett alleges she was subject to discrimination in assignment, compensation and working conditions, a hostile work environment, denial of a promotion, receipt of an unfavorable performance review, and defamation. Garrett further alleges that, when she complained about her supervisor, Kevin Crossey ("Crossey"), she was retaliated against by being placed on a performance improvement plan.

II. Standard of Review

A motion under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint and must be evaluated on the sole basis of the pleadings. *See Jackson v. Procunier,* 789 F.2d 307,

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2

Not Reported in F.Supp.2d, 2003 WL 22234917 (N.D.Tex.)
**(Cite as: 2003 WL 22234917 (N.D.Tex.))**

309-10 (5th Cir.1986). The ultimate question is whether the complaint states a valid cause of action when it is viewed in a light most favorable to the plaintiff, with every doubt resolved in favor of the plaintiff. *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir.1997). The court must "liberally construe the complaint in favor of the plaintiff and assume the truth of all pleaded facts." *Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir.2002). However, to avoid dismissal, the plaintiff must plead specific facts, not mere conclusory allegations. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992). A complaint containing mere conclusory allegations or unwarranted deductions of fact will not survive a motion to dismiss. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.,* 336 F.3d 375, 379 (5th Cir.2003). Furthermore, dismissal is appropriate where the complaint contains no allegation regarding a required element of the claim asserted. *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir.1995) (citing *2A Moore's Federal Practice* ¶ 12.07 [2.-5] at 12-91 (footnote omitted).

III. Title VII Claims

A. Failure to Exhaust Administrative Remedies

**\*2** Garrett alleges claims of discrimination in compensation, hostile work environment, failure to promote, and retaliation against Celanese. Celanese contends that these civil rights claims are barred because they were not presented to the EEOC.

A Title VII plaintiff must exhaust her administrative remedies by filing a charge with the Equal Employment Opportunity Commission before filing a judicial complaint. *See* 42 U.S.C. § 2000e-5(f)(1); *Barnes v. Levitt,* 118 F.3d 404, 408 (5th Cir.1997), *cert. denied,* 523 U.S. 1136, 118 S.Ct. 1839, 140 L.Ed.2d 1090 (1998). This requirement ensures: (1) the EEOC has an opportunity to fulfill its statutory duty to investigate the charge of discrimination; and (2) the employer has notice of the alleged discrimination so it can take appropriate measures to correct or remedy the discrimination. *See* 42 U.S.C. § 2000e-5b; *Brown v. Dr. Pepper/Seven Up, Inc.,* 2000 WL 370669, at \*9 (N.D.Tex. Apr.11, 2000) ("primary purpose" of administrative exhaustion requirement to provide employer with notice of alleged discriminatory claims). Therefore, a Title VII claim is "limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Thomas v. Texas Dep't of Crim. Justice,* 220 F.3d 389, 396 (5th Cir.2000). Furthermore, "the crucial element of a charge of discrimination is the factual statement contained [in the EEOC charge]. Everything else entered on the form is, in essence, a mere amplification of the factual allegations." *Sanchez v. Standard Brands,* 431 F.2d 455, 462 (5th Cir.1970).

In this case, Garrett's EEOC charge alleges only that she received a poor evaluation and was placed on a performance improvement plan because of her race. Nothing in the factual statement of the EEOC charge would put either the EEOC or Celanese on notice that Garrett had claims of discrimination in compensation, hostile work environment, or failure to promote. None of these claims could reasonably be expected to grow out of the facts alleged in Garrett's EEOC charge. *See Thomas,* 220 F.3d at 396. Therefore, to the extent that Garrett alleges claims for discrimination in compensation, hostile work environment, and failure to promote pursuant to title VII, those claims are barred.

B. Preserved Title VII Claims

Celanese also urges this Court to dismiss Garrett's retaliation claim for failing to check the retaliation box on her EEOC charge. However, the Fifth Circuit has declined to hold that failing to check the correct box on an EEOC charge is fatal error. *Sanchez,* 431 F.2d at 462. The Fifth Circuit explained that the selection of the appropriate box on an EEOC charge is merely an attachment of legal conclusions to the alleged facts, and a charging party should not forfeit her rights merely because she fails to correctly articulate those legal conclusions.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2003 WL 22234917 (N.D.Tex.)
**(Cite as: 2003 WL 22234917 (N.D.Tex.))**

*Id.* Therefore, Garrett's retaliation claim is pre-served to the extent that it relies on the facts alleged in her EEOC charge. Consequently, Garrett's only Title VII claims preserved through her EEOC charge are her racial discrimination and retaliation claims based on her receipt of a poor evaluation and placement on a performance improvement program.

**\*3** To make out a prima facie case of racial dis-crimination under Title VII, a plaintiff must demon-strate: (1) she belongs to a protected group; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) she was re-placed by someone outside of the protected class. *Mason v. United Airlines, Inc.,* 274 F.3d 314, 318 (5th Cir.2001). To make out a prima facie case of retaliation under Title VII, a plaintiff must demon-strate: (1) she engaged in activity protected by Title VII; (2) she suffered an adverse employment ac-tion; and (3) a causal connection exists between the protected activity and the adverse employment ac-tion. *Mattern v. Eastman Kodak Co.,* 104 F.3d 702, 705 (5th Cir.), *cert. denied,* 522 U.S. 932, 118 S.Ct. 336, 139 L.Ed.2d 260 (1997). Celanese argues that Garrett's Title VII discrimination and retaliation claims must be dismissed because Garrett failed to allege an adverse employment action.

The Fifth Circuit stated that the purpose of Title VII was to address "ultimate employment de-cisions", not every decision of an employer which could have little, if any, effect on the "ultimate em-ployment decisions." *Mattern,* 104 F.3d at 707 (citing *Dollis v. Rubin,* 77 F.3d 777, 781-82 (5th Cir.1995)). These ultimate decisions include such actions as "hiring, granting leave, discharging, pro-moting, and compensating." *Id.* Other acts such as documented reprimands, verbal threats of being fired, and placement on "final warning" do not con-stitute ultimate employment actions. *Id.* at 708. The Fifth Circuit has specifically held that placing an employee on a performance improvement plan alone is not an "ultimate employment decision." *Felton v. Polles,* 315 F.3d 470, 488 (5th Cir.2002) (citing *Mattern,* 104 F.3d at 708).

In the present case, the only facts supporting Gar-rett's Title VII discrimination and retaliation claims are that she received a poor evaluation and was placed on a performance improvement program. As a matter of law, these acts do not rise to the level of ultimate employment actions. *See Felton,* 315 F.3d at 488; *Mattern,* 104 F.3d at 708. Garrett was re-quired to include either "direct or inferential allega-tions" in her complaint regarding all the required elements of some cause of action. *See In re Ply-wood Antitrust Litig.,* 655 F.2d 627, 641 (5th Cir.1981), *cert. denied,* 462 U.S. 1125, 103 S.Ct. 3100, 77 L.Ed.2d 1358 (1983). Because receipt of a poor evaluation and placement on a performance improvement program do not constitute "ultimate employment decisions," Garrett cannot make out a prima facie case for employment discrimination or retaliation. *See Felton,* 315 F.3d at 488. Therefore, Garrett's remaining Title VII discrimination and re-taliation claims are dismissed.

IV. Claims Pursuant to 42 U.S.C. § 1981

In addition to her Title VII claims, Garrett also as-serts claims under 42 U.S.C. § 1981 for retaliation as well as discrimination with respect to her assign-ment, promotion, compensation, and working con-ditions.

**\*4** Celanese urges this Court to dismiss these claims because they were not presented in the EEOC charge. However, the Fifth Circuit has held that seeking redress for employment discrimination under section 1981 is not restricted by the same ad-ministrative requirements that apply to Title VII claims. *Walker v. Thompson,* 214 F.3d 615, 625 (5th Cir.2000) (citing *Scarlett v. Seaboard Coast Line R. Co.,* 676 F.2d 1043, 1050 (5th Cir. Unit B 1982)). Therefore, Garrett's section 1981 civil rights claims cannot be dismissed for failure to ex-haust administrative remedies.

Celanese contends these claims should also be dis-missed because Garrett failed to allege any facts from which intentional racial discrimination may be

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2003 WL 22234917 (N.D.Tex.)
**(Cite as: 2003 WL 22234917 (N.D.Tex.))**

inferred. Discrimination claims brought under section 1981 are analyzed under the same evidentiary framework as Title VII claims. *Walker,* 214 F.3d at 625. To state a valid section 1981 claim, a plaintiff must show intentional discrimination motivated by race. *Firefighters Local Union No. 1784 v. Stotts,* 467 U.S. 561, 583 n. 16, 104 S.Ct. 2576, 81 L.Ed.2d 483 (1984); *National Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.,* 40 F.3d 698, 714 (5th Cir.1994). Furthermore, a plaintiff must plead specific facts, not mere conclusory allegations in order to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992). However, Garrett does not allege any specific facts from which racial discrimination or retaliation may be inferred. Garrett simply sets forth her discrimination claims without alleging any facts in support. The only factual elaborations in the Complaint describe events surrounding Garrett's refusal to comply with her supervisor's accounting instructions. Even with the Court accepting all of the statements in Garrett's Complaint as true, she fails to allege the required specific facts showing that Celanese acted out of racial animus at any time. *See Firefighters Local Union No. 1784,* 467 U.S. at 583 n. 16; *National Ass'n of Gov't Employees,* 40 F.3d at 714; *Guidry v. Bank of LaPlace,* 954 F.2d at 281. Therefore, because Garrett does not sufficiently allege a claim for employment discrimination pursuant to 42 U.S.C. § 1981, these claims are dismissed.

## V. State Law Defamation Claim

Finally, Garrett asserts state law defamation claims regarding allegedly false information that was placed in her performance review and personnel file. Celanese contends Garrett failed to sufficiently plead the elements of a defamation claim under Texas law.

A defamatory statement may damages a person's reputation and subject her to "public hatred, contempt, ridicule, or financial injury." *Fields v. Keith,* 174 F. Supp 2d 464, 473 (N.D.Tex.2001), *aff'd,* 273

F.3d 1099 (5th Cir.2001). There are two types of defamation under Texas law: libel and slander. *Id.* Libel involves the publication to a third party of a written defamatory statement about the plaintiff. *Id.* Slander involves an orally defamatory statement made to a third party with legal justification. *Id.* To maintain a defamation claim, a plaintiff must state facts showing that the defendant (1) published a statement (2) that was defamatory concerning the plaintiff (3) while acting with negligence regarding the truth of the statement. *Id.* (citing *WFAA-TV, Inc. v. McLemore,* 978 S.W.2d 568, 571 (Tex.1998) , *cert. denied,* 526 U.S. 1051, 119 S.Ct. 1358, 143 L.Ed.2d 519 (1999)). Defamation claims must also specifically state the time and place that the statement was published. *Jackson v. Dallas Indep. School Dist.,* 1998 WL 386158, *5 (N.D.Tex.), *aff'd,* 232 F.3d 210 (5th Cir.2000).

**\*5** In this case, Garrett's allegations reference allegedly false written information in her performance review and personnel file. However, Garrett fails to meet the necessary elements for maintaining a defamation claim. *See Fields,* 174 F. Supp 2d at 473; *Jackson,* 1998 WL 386158 at *5. She has not identified any specific defamatory statements allegedly made by her supervisor or anyone else at Celanese. She has failed to identify the third party to whom these defamatory statements were made. Moreover, Garrett has not specifically stated the time or place of the allegedly defamatory remarks, other than to say that they were in connection with a performance review. Such bare allegations hardly present facts tending to show the elements of a defamation claim.

However, even if these allegations were sufficient, the Fifth Circuit has held that, "where a letter is private, between officers of a corporation, in the course of the company's business, and is not communicated to others, there is no publication in respect of the corporation and it cannot be held in damages." *Biggs v. Atl. Coast Line R. Co.,* 66 F.2d 87, 87 (5th Cir.1933). Here, Garrett has not alleged that her performance review was prepared outside

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2003 WL 22234917 (N.D.Tex.)
**(Cite as: 2003 WL 22234917 (N.D.Tex.))**

the course of the company's business, or that the contents of her personnel file were published to anyone other than the officers of Celanese. Based on the facts pleaded in Garrett's Complaint, the alleged defamatory remarks were not "published" as a matter of law. *See id.* Because Garrett's Complaint fails to sufficiently state a cause of action for defamation under Texas law, this claim are dismissed.

## VI. Conclusion

For the reasons cited above, Defendant's motion to dismiss is GRANTED. Judgment will enter that Garrett take nothing on her claims against Celanese.

SO ORDERED.

N.D.Tex.,2003.
Garrett v. Celanese Corp.
Not Reported in F.Supp.2d, 2003 WL 22234917 (N.D.Tex.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.