IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § § § | |
| v. | § § | C. A. NO. 08-4022 |
| | § § | JURY TRIAL DEMANDED |
| CISCO SYSTEMS, INC. | § | |

**DEFENDANT CISCO SYSTEMS, INC.'S REPLY TO
PLAINTIFF'S OPPOSITION TO CISCO'S MOTION FOR
LEAVE TO FILE FIRST AMENDED ANSWER AND BRIEF IN SUPPORT**

TO THE HONORABLE COURT:

Defendant Cisco Systems, Inc. ("Cisco") hereby files this Reply to Plaintiff's Opposition ("Response") to Cisco's Motion for Leave to File First Amended Answer and Brief in Support.

**INTRODUCTION AND FACTUAL BACKGROUND**

Several important details are omitted from Plaintiff's Response. These facts make clear that Plaintiff cannot meet his burden to show prejudice, and therefore the Motion should be granted. First, Cisco's Original Complaint in this case made clear that Defendant was asserting its defenses under the applicable state constitution and applicable state laws, in addition to Arkansas law. (Docket No. 8 at ¶¶33-34). When Cisco answered Plaintiff's First Amended Complaint, Cisco again asserted its defenses under the applicable state constitution and applicable state laws. (Docket No. 71 at ¶¶57-58). Plaintiff can hardly claim surprise and prejudice when Defendant has cited to Texas law, in addition to Arkansas law, as it was unclear what law the Court would apply. (Docket No. 101 at p. 14, 103 at p. 5; 109 at p. 7; 115 at p. 8; 115 at pp. 9, 12; 115 at pp. 13, 19).

Dockets.Justia.com

Second, Plaintiff's Complaint in this case was amended substantially on June 2, 2009—not only to add 17 pages of new allegations, but also to add two new causes of action. Defendant agreed to this amendment because the Federal Rules permit liberal amendments to pleadings. Just four months later, when Defendant requested an agreed amendment to clarify that Texas law applied, Plaintiff refused.

Third, the parties <u>agreed</u> to extend the deadline to amend pleadings to October 19, 2009, and Defendant's Motion was filed by that deadline. Plaintiff filed a joint motion to extend the deadline (Docket 65), and on August 26, 2009, the Court amended the scheduling order accordingly. Defendant filed its Motion to amend less than a month after the order. Plaintiff cannot credibly complain that the Defendant's compliance with that deadline is prejudicial when he agreed to it.

Fourth, choice of law is not even a matter that must be pleaded.[1] Federal Rule of Civil Procedure 8(d)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."

Fifth, Plaintiff has even asserted that the Court should apply Texas law. Plaintiff has repeatedly cited to Texas law and has asked the Court to follow the Court in *Albritton v. Cisco*, where Texas law was applied. (Docket No. 59 at p. 17; 64 at p. 8; 113 at p. 30; 130 at p. 19, 29; 64 at pp. 7-9, 27-28; 113 at pp. 20-21; 116 at pp. 4,10-11; 130 at pp. 17-18, 20, 23, 28).

Plaintiff can hardly say he was prejudiced by an amendment that he had notice of, that was filed within the time that he agreed to, that applies the law of the case that he has

---

[1] To be clear, the Motion for Leave to Amend does not require the Court to decide what law applies. As choice of law does not even have to be pleaded, it simply requests that the Court permit Cisco to clarify its position that Texas law applies. Plaintiff has set forth the reasons Texas law applies in its Motion for Summary Judgment and supporting briefs. (Docket No. 114).

argued should be followed, and that is not even required under the Federal Rules of Civil Procedure.

The Federal Rules of Civil Procedure require that amendments to pleadings should be permitted "freely when justice so requires." Here, justice requires that the Court permit Defendant to amend its answer.

## ARGUMENTS AND AUTHORITIES

**A.      Where as here Defendant does not rely on new factual allegations, amendment should be permitted. (Reply to Response at pp. 6-7)**

Rule 15(a) requires that the Court allow amendment to the pleadings prior to trial "freely" when justice requires. Nonetheless, Plaintiff attempts to convince the Court that the Motion should be denied, citing inapposite case law that involved entirely new claims or defenses raised after the deadline to amend pleadings. However, Eighth Circuit[2] law is clear that justice requires the Court to permit amendment in cases such as this one where Defendant has not made new factual allegations but has merely sought to amend its pleading to state the applicable law.

*Wisland v. Admiral Beverage Corp.*, 119 F.3d 733 (8th Cir. 1997) is directly on point. In that case, as here, the defendant stated in his pleading that the plaintiff's claim was barred by the "applicable" state law (in that case, the statue of limitations). *Id.* at 737. The Eighth Circuit held that the pleading "was sufficient to put Wisland on notice that related issues concerning the choice of state law... might be involved." *Id.* The court went on to note that "[t]he rules do not require a party to plead every step of legal reasoning that may be raised in support of its affirmative defense; they only require a defendant to state in short and plain terms its defenses to a plaintiff's claims." *Id.*

---

[2] Because this is a procedural matter, the law of the forum applies.

Accordingly, the Eighth Circuit held that the district court appropriately permitted the defendant to amend its pleadings to plead the applicable state law even after the court's scheduling deadline for amendments had passed. *Id.* Here, as in *Wisland*, Defendant pleaded the "applicable law."[3] (Docket No. 8; Docket No. 71). Therefore, the amendment should be granted. *Id.* Moreover, this case is even more compelling than *Wisland* because here Defendant filed its motion before the agreed deadline had passed. For this reason alone, the Motion should be granted.

### B. Plaintiff has failed to show any prejudice and therefore the Motion should be granted. (Reply to Response at pp. 6-13)

Plaintiff has the burden of proof to show prejudice where, as here, the motion for leave was filed before the Court's deadline to seek amendment. *See Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1986). Plaintiff has failed to meet his burden of proof here, and therefore the Motion should be granted. Indeed, Plaintiff has failed to cite a single case denying a motion to amend where the pleading did not allege a new defense, new cause of action or new party. Plaintiff can hardly show prejudice where, as here, (1) Defendant's Original Complaint in this case made clear that Defendant was asserting its defenses under the applicable state constitution and applicable state laws; (2) Defendant has relied on Texas law as well as Arkansas law; (3) only four months before the Motion, Plaintiff filed an amended complaint adding 17 pages of new allegations and two new causes of action; (4) Plaintiff <u>agreed</u> to extend the deadline to amend pleadings to October 19, 2009, and Defendant's Motion was filed by that deadline; (5) choice of law is not even a matter that must be pleaded; and (6) Plaintiff has asserted that the Court

---

[3] Cisco has also alleged the applicable law of the forum, as it is entitled to do, in the event the Court determined that Arkansas law applied. FED. R. CIV. P. 8(d)(2).

should apply Texas law—asking the Court to follow the Court in *Albritton v. Cisco*, where Texas law was applied—and has cited Texas authority. (See pp. 1-3, above).[4]

Because he can't show real prejudice, Plaintiff makes conclusory allegations in an attempt to create an illusion of prejudice. For instance, Plaintiff claims delay, but he fails to explain how the amendment to clarify Defendant's position on choice of law will delay this case. Plaintiff would be hard pressed to show any prejudice due to delay given that Defendant filed its motion for leave within the time the parties <u>agreed to</u> for the deadline to amend pleadings. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (four days <u>after</u> the deadline to amend was "certainly not late enough alone to be prejudicial"). Indeed, the Motion was filed less than two months after this Court granted the joint motion to extend the deadline (see text-only order dated August 26, 2009). Moreover, a showing of delay is insufficient to deny leave to amend. *Id.*; *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1980) (reversing the denial of a motion for leave to amend and holding that a two and one-half year delay was not sufficient and noting that "it is well-settled that delay alone is not a sufficient reason for denying leave.")

Where as here the amendment does not alter the factual allegations, no additional burden can be shown by the party opposing the amendment. *Sanders*, 823 F.2d at 217 (holding that it was abuse of discretion to deny a motion for leave to amend where the amendments were technical and did greatly change the factual allegations, and the party

---

[4] In addition, the Motion seeks amendment to clarify Defendant's position that Frenkel's malice or actual malice, if any, is not attributable to Cisco. Plaintiff cannot claim prejudice (nor has he in his Response) concerning this position since it was already set forth in Defendant's answers to Paragraphs 57-58 of Plaintiff's First Amended Complaint. Defendant also sought leave to specify that two of Plaintiff's causes of action do not exist under Texas law. These matters are not affirmative defenses and therefore need not be pleaded. Plaintiff certainly cannot claim prejudice for Cisco's clarification of issues that do not even require pleading.

opposing them could not show substantial prejudice). Moreover, the amount of time between Plaintiff's First Amended Complaint (which added 17 pages of allegations and two new causes of action) and the Motion is only a little over four months. This is certainly not sufficient to prejudice Plaintiff. *Buder*, 644 F.2d at 694.

Plaintiff cannot show prejudice for an amendment to allege choice of law where choice of law does not even have to be pleaded. *See Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997) (holding the defendant did not waive the statute of limitations by pleading the defense under the wrong choice of law).; *Wisland*, 119 F.3d 733 (8th Cir. 1997). Plaintiff cannot show prejudice where as here Defendant is not even required to plead the applicable law and invoked Arkansas law or the applicable state law in its original pleading.

Plaintiff also cannot avoid application of the proper state's law by claiming that Defendant cited to Eighth Circuit law. Most of the motions that have been before this Court were procedural matters, and therefore the law of the forum applied. Moreover, Defendant was entitled to argue under both potentially applicable state laws until the matter was determined by this Court. FED. R. CIV. P. 8(d)(2). Indeed, Defendant requested that the Court do just that in its Motion for Summary Judgment. (Docket No. 114). Even if Defendant had not raised the issue in its Motion, the Court is required to apply the correct law unless doing so would result in "manifest injustice," even where the parties have briefed matters under the wrong law. *Zotos*, 121 F.3d at 361.

Plaintiff claims that he is prejudiced because he should have had the opportunity to conduct discovery concerning Defendant's defenses, yet Plaintiff fails to identify a single additional discovery request he would have sent, nor could he. Plaintiff's First

Request for Production should have satisfied his need for discovery on his Texas claims, since that request asked for all documents Defendant had produced in the *Albritton v. Cisco* case, which involved the exact same publication, was decided under Texas law, and because Albritton and Plaintiff share the same lawyers. Plaintiff's bald assertion of damage because of discovery is not sufficient to show prejudice. *See Buder*, 644 F.2d at 694. Moreover, since the Court has extended the discovery deadline already and trial is still three months away, Plaintiff has plenty of time to conduct discovery.

Plaintiff's claim that he is prejudiced because he has retained an expert to address his reputational damage claim also fails. Plaintiff makes no showing that reputational harm is any different in Arkansas than it is in Texas. Indeed, Plaintiff's expert report on his reputational damages does not cite any law whatsoever. (Exhibit A). His expert report opining that the facts alleged in the blog would be a crime cite to Texas, not Arkansas, law. (Exhibit B). Plaintiff's expert reports make clear that he knew Texas law should apply.

Plaintiff's conclusory allegation that he will have to "rework his case" given the amended pleading is also unfounded. Every amendment requires some change in the case; Plaintiff must show real prejudice to avoid an amendment. *See Buder*, 644 F.2d at 694. Plaintiff also cannot show prejudice by claiming that he will have to spend additional time preparing for trial or delay trial. Defendant has not raised a new cause of action and it has not asserted new facts; it has merely clarified its position on the applicable law. Plaintiff's counsel tried the *Albritton v. Cisco* lawsuit under Texas law and therefore has briefed and is familiar with Texas law.

Nor will Plaintiff's Motion for Summary Judgment be "undermined" by the application of Texas law as Plaintiff claims.[5] The test for public figure is a Constitutional matter of federal law (see Plaintiff's Motion, Docket No. 116 at p. 2-3, describing the test under *Gertz v. Robert Welch, Inc.*, decided by the United States Supreme Court). Indeed, Plaintiff fails to identify any differences between Texas and Arkansas law on this issue. Moreover, to the extent Plaintiff claims Texas law would be different, Plaintiff can make that argument in his Sur-Reply brief, which he has not yet filed. Indeed, it is not uncommon to determine the applicable choice of law after summary judgment motions have been filed. *See, e.g., Jones v. Ford*, No. 4:06CV00542, 2008 WL 2986411 at *3-5 (E.D. Ark. July 31, 2008) (determining choice of law after summary judgment briefing had been filed and permitting pleadings to be amended to claim new allegation of negligence); *see also Klipsch, Inc. v. WWR Technology, Inc.*, 127 F.3d 729, 732-33 (8th Cir. 1997) (affirming order granting leave to amend to add a new defense after summary judgment hearings and determining choice-of-law issue).

Where as here the Plaintiff cannot prove any specific way that he was prejudiced, the motion for leave should be granted. *See Sanders*, 823 F.2d at 217.

Plaintiff cannot cure his lack of proof of prejudice by relying on inapposite case law that does not apply here. For instance, in *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005), the Court had already admonished the party seeking amendment to amend the pleadings, the party had failed to do so, and the amendment was "more than a technical pleading deficiency." In *Bell*, the Court held that the party seeking amendment could not add an entirely new claim four days after the deadline. *Bell*, 160 F.3d at 454. All of the

---

[5] Even without the amendment, Cisco would be entitled to assert Texas law, as set forth above.

cases Plaintiff cites follow this pattern. *See Thompson-El v. Jones*, 876 F.2d 66, 66-67 (8th Cir. 1989) (leave denied where the party sought to add new allegations two weeks before trial, and the Court found that the delay was a maneuver to attempt to get a new trial date because of social engagements); *Elite Entm't., Inc. v. Khela Bros. Entm't*, 227 F.R.D. 444, 447-448 (E.D. Va. 2005) (party sought to amend to add four new causes of action two months prior to trial); *Vitale v. Aetna Cas. & Ins. Co.*, 814 F.2d 1242, 1252 (8th Cir. 1987) (party sought to add a new cause of action two months before trial); *Valor Healthcare, Inc. v. Pinkerton*, No. 08-6015, 2008 U.S. Dist. LEXIS 95672 at *2 (W.D. Ark., Nov. 17, 2008) (Exhibit J to the Response) (party sought to add a new defendant); *Monarch Constr., Inc. v. Cooper*, No. 8:04cv519, 2005 U.S. Dist. LEXIS 40535, at *5-6 (D. Neb., Dec. 27, 2005) (motion denied because the amended complaint was filed without a motion and because it attempted to add a new claim after the deadline for amendments).

These cases do not apply here where Defendant has not added any defenses or parties that would require additional discovery, the motion was brought almost four months before trial, and Defendant is not attempting to delay trial. The cases relied on by Plaintiff are also inapposite because they involve requests for amendments after the deadline to amend. When the motion is made after the deadline, the Eighth Circuit requires that the moving party show "good cause," which is a more stringent standard. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008). Therefore, these cases are decided under a different standard than what applies here. *See* FED. R. CIV. P. 15(A).

C.  **Plaintiff's fabricated bad faith position is baseless and insufficient to deny the Motion (Reply to Response at p. 9)**

Plaintiff's allegations of "bad faith" and "dilatory motive" (p. 9 of the Response) are unfounded. Defendant had no obligation to plead the choice of law. *Wisland*, 119 F.3d at 737. Defendant had no way of knowing which choice of law this Court would apply and was entitled to plead the applicable law in Arkansas and other applicable law, as it plead in its Original Answer. Plaintiff has cited no case law that alternative pleading is evidence of bad faith. Indeed, it is permitted under the Federal Rules of Civil Procedure. FED. R. CIV. P. 8(d)(2). Defendant was entitled to assert its defenses under all applicable state laws until the Court determined the applicable state law. Defendant asked the Court to determine the choice-of-law issue in its Motion for Summary Judgment before the deadline for dispositive motions. (Docket No. 114).

There is good reason for Defendant's bringing the Motion when it was brought. When Plaintiff steadfastly refused to produce documents relating to his damages, claiming they were "in the public record" (*see* Docket No. 113 at p. 31), Defendant researched the case filing records and discovered that despite Plaintiff's allegations of injury to his professional reputation in Arkansas, even at that time Defendant could not locate a single case pending in Arkansas where Plaintiff was counsel of record.

Moreover, even if Plaintiff could show bad faith (he cannot), that is not sufficient to warrant denial of the Motion. As stated in the case relied on by Plaintiff, "prejudice to the nonmovant must also be shown" to warrant denial (*TVI, Inc. v. Infosoft Techs, Inc.*,

No. 4:06CV697, 2007 U.S. Dist. LEXIS 89261 at *5[6]). Plaintiff cannot show prejudice, and therefore the Motion should be granted.

### D. Plaintiff's allegation of a "prior amendment" is not sufficient to deny the Motion. (Reply to Response at p. 9)

Plaintiff is disingenuous when he claims that the Court has already granted Defendant leave to amend its pleadings. On June 2, 2007, Plaintiff filed an amended complaint adding 17 pages of new allegations and two new causes of action. (Indeed, Defendant agreed to the amendment so this Court's time would not be wasted with briefing on the issue, which Plaintiff failed to do here). Of course, Defendant filed an answer to the amended complaint as a matter of right, answering the new allegations. Defendant's answer continued to assert defenses under Arkansas law and all other applicable state laws. (Docket No. 71). Plaintiff cites no case law that Defendant's answer to Plaintiff's amended complaint supports his opposition to the Motion.

### E. Defendant will be prejudiced if the wrong choice of law is applied.

Because Plaintiff has not shown any prejudice, Defendant is not even required to show prejudice to be entitled to an amendment. *See* Fed. R. Civ. P. 15(a)(2); *Sanders*, 823 F.2d at 217 (holding that district court abused discretion when it denied a motion for leave where Plaintiff had simply not shown "significant prejudice.") The Motion should be granted simply because Plaintiff has not met his burden of proof. *Id.*

Plaintiff appears to be arguing that if the amendment is not permitted, Arkansas law will apply. Defendant disagrees with that position for the reasons stated above. Defendant would be prejudiced here in the event the Court refuses to apply the correct

---

[6] As in the other cases relied on by Plaintiff, *TVI* involved new theories of recovery, which were brought just one month before trial, and therefore it was shown that Plaintiff could not conduct discovery in time for trial. *Id.* at *7-8.

choice of law. As demonstrated in Cisco's Motion for Summary Judgment (Docket No. 114 at pp. 3-6), Arkansas choice-of-law rules require that this case be decided under Texas law. Plaintiff cannot identify a single connection between this case and Arkansas. Defendant will be greatly prejudiced if this Court finds that it is subject to the laws of Arkansas even though Defendant did not conduct any acts in Arkansas and even though Plaintiff does not reside in and has no damages in Arkansas. *See BMW of N. Am. Inc. v. Gore*, 517 U.S. 559, 572-573 (1996) ("Alabama does not have the power… to punish BMW for conduct that was lawful where it occurred and that had no impact on Alabama or its residents. Nor may Alabama impose sanctions on BMW in order to deter conduct that is lawful in other jurisdictions.") Imposing Arkansas' state laws on Defendant under these facts is prejudicial to Defendant on a Constitutional proportion. *See id.*[7]

**F.     Defendant's proposed amendment is not futile because it does not assert "clearly frivolous claims or defenses."**

Amendment should be denied based on futility only if the amended pleading asserts "clearly frivolous claims or defenses." *Buder*, 644 F.2d at 695. Plaintiff has certainly not shown that Defendant's amendment is "clearly frivolous," especially where as here the Eighth Circuit law does not even require that these issues be pleaded.

---

[7] Plaintiff cites *Monarch Constr., Inc. v. Cooper*, No. 8:04cv519, 2005 U.S. Dist. LEXIS 40535, at *3-6 (D. Neb., Dec. 27, 2005), but that case did not involve an inquiry concerning prejudice to the moving party, but rather the amendment was denied because the amended complaint was filed without a motion and because it attempted to add a new claim after the deadline for amendments. Nor does *Bell* support Plaintiff's lack of harm to Defendant argument. In *Bell*, the Court held that the party seeking amendment could not add the <u>entirely new claim</u> four days after the deadline. *Bell*, 160 F.3d at 454. The other cases do not support the argument either. In *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840-41 (8th Cir. 2004), the Court held that it was not an abuse of discretion to deny a motion to amend to add a completely new cause of action after the Court had ruled on summary judgment motions. Similarly, in *Int'l Bhd. of Elec. Workers Local Union No. 22*, No. 8:05cv523, 2006 U.S. Dist. LEXIS 59821 at *4-5 (D. Neb., Aug. 22, 2006) (Exhibit M to the Motion), the moving party sought to add an entirely new counterclaim. These cases are clearly distinguishable because they involved adding new causes of action.

Plaintiff's only argument that the amendment would be clearly frivolous is that it is barred by judicial estoppel. However, judicial estoppel does not apply here for several reasons. First, Defendant has not asserted inconsistent factual positions. Judicial estoppel is a doctrine that "prevents a party from **denying a state of facts** that he has previously asserted to be true if the party to whom the representation was made has acted in reliance on the representation and will be prejudiced by its repudiation." *Total Petrol., Inc. v. Davis*, 822 F.2d 734, 736 (8th Cir. 1987) (emphasis added). The issue here is the applicable choice of law, not a factual allegation.[8] Therefore, the doctrine of judicial estoppel does not even apply.

Second, the doctrine of judicial estoppel does not apply because Defendant has not succeeded in maintaining a contrary position in a prior legal proceeding. Judicial estoppel applies only where "a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (citations omitted). Here, Defendant has never argued (much less succeeded on the merits) that Arkansas law applies, and therefore the doctrine does not apply. *See id.* Indeed, as Plaintiff is aware, Defendant litigated the *Albritton* case under Texas law, and Defendant has asserted that Texas law should apply here.

Finally, judicial estoppel does not apply here because Defendant has not taken a "clearly inconsistent" position. Defendant pleaded all applicable state laws in its Original Answer, and Defendant was entitled to argue both potentially applicable laws until the Court decided the choice-of-law issue. FED. R. CIV. P. 8(d)(2).

---

[8] For instance, in the case relied on by Plaintiff, the Court prevented a party from claiming certain assets where he had an affirmative duty to disclose the assets in a prior bankruptcy proceeding but failed to do so. *Goodwin v. Conagra Poultry Co.*, No. 03-CV-1187, 2006 U.S. Dist. LEXIS 21965, at *7 (W.D. Ark., Mar. 27, 2006). This is clearly different than arguing under both potentially applicable state laws until choice-of-law issue is decided by the Court.

Moreover, application of the doctrine of judicial estoppel here would be inconsistent with case law holding that pleading defenses under applicable state law does not waive its defenses under another state's law. *See Wisland*, 119 F.3d at 737. Even if Defendant had <u>only</u> pleaded Arkansas law, it still would not have waived its defenses under Texas law. *Zotos*, 121 F.3d at 361 (holding that pleading a defense under the wrong choice of law did not waive the defense). For these reasons, the Motion should be granted.

### G. Defendant complied with the Local Rules

Plaintiff's argument that Defendant did not comply with Local Rule 5.5(e) is also meritless. Defendant specifically stated in the Motion that "Defendant seeks leave to file an amended answer to clarify its contention that Texas substantive law governs Plaintiff's claims, to affirmatively assert that neither the tort of outrage nor false light invasion of privacy are recognized by the State of Texas, and to set out the legal standard which must be met to attribute an employee's actual malice to an employer, along with clarifications of a few answers to Plaintiff's contentions." (Docket 120 at ¶1.) This complies with the Local Rule's requirement of "a concise statement" about what is being amended.[9]

For these reasons, Defendant requests that the Motion be granted and that the Court enter an order permitting Defendant to file its amended answer.

---

[9] Plaintiff cites to *Monarch Constr.*, 8:04cv519, 2005 U.S. Dist. LEXIS 40535, at *4 as authority that the Court should deny Defendant's motion. That case is clearly distinguishable, as in that case the party did not even file a motion requesting leave to amend. *See id.*

<div style="margin-left:40%">

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ *Charles L. Babcock*
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Richard E. Griffin
    Arkansas Bar No.: 63020
    Email: rgriffin@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney
    Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

</div>

## CERTIFICATE OF SERVICE

    This is to certify that on this 13th day of November, 2009, a true and correct copy of the foregoing was served upon via electronic service:

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
*Attorney for Plaintiff John Ward, Jr.*

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
*Attorney for Plaintiff John Ward, Jr.*

Courtney Towle
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
*Attorney for Plaintiff John Ward, Jr.*

Geoffrey P. Culbertson
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
*Attorney for Plaintiff John Ward, Jr.*

James Holmes
Law Office of James Holmes, P.C.
605 South Main, Suite 203
Henderson, Texas 75654
*Attorney for Plaintiff John Ward, Jr.*

                                          */s/ Charles L. Babcock*
                                          Charles L. Babcock