# EXHIBIT "B"

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN WARD, JR.                )
                              )
Plaintiff,                    )
                              )        No. 08-4022
     v.                       )
                              )
CISCO SYSTEMS, INC.           )
                              )
Defendant.                    )

EXPERT REPORT OF PROFESSOR SUSAN R. KLEIN

    I am currently the Alice McKean Young Regents Chair in Law at
the University of Texas at Austin.  I joined the law faculty in
1994, was tenured in 1999, and held the Baker & Botts
Professorship in Law until 2008.  Prior to joining the faculty, I
was a trial attorney with the United State's Department of
Justice in Washington, D.C., hired through the Attorney General's
Honor Program.  I was a federal prosecutor for four years, where
I rotated through the Money Laundering and Asset Forfeiture,
Terrorism & Violent Crime, and Public Integrity sections.  I also
spent six months as Special U.S. Attorney's Office in the
District of Columbia.  Since joining the faculty, I have become a
nationally known expert in the areas of federal criminal law,
constitutional criminal procedure, and prosecutorial ethics.  I
am currently co-author (with Professor Sara Sun Beale, Duke
University School of Law, and Norman Abrams, University of
California, Los Angeles School of Law) of Federal Criminal Law
and Its Enforcement, Fifth Edition (West, forthcoming 2009).  The
current fourth edition is one of the leading federal criminal law
casebooks nationally.  From 2002 - 2004, I served as co-author
(with the late Charles Alan Wright, University of Texas School of
Law, and Nancy J. King, Vanderbilt School of Law) of the six
criminal procedure volumes of Wright, King & Klein, Federal
Practice and Procedure (West 2004).  I have written numerous law
review articles on federal criminal law issues in top-ten
journals such as the California Law Review, Texas Law Review,
Stanford Law Review, and the University of Pennsylvania Law
Review, and two of these articles have been cited by the United
States Supreme Court.  A list of all publications authored in the
previous ten years is at the end of this report.

    I was invited to be a member of the American Law Institute
in 2006, where I serve on the Model Sentencing Code Consultancy
Group. I am also the single academic _ex officio_ member of

the Fifth Circuit District Judges Association, which published,
through West, the 1997 and 2001 Fifth Circuit Pattern Jury
Instructions, Criminal, and is now drafting a revised volume,
forthcoming 2009.  I currently sit on the State Bar of Texas
Pattern Jury Instruction Committee, which will publish
jury charges for all criminal cases covered by the Texas Penal
Code (the first volume in this series was published in 2009).  I
have been a frequent guest speaker at various National Workshops
for federal district and appellate judges through the Federal
Judicial Center in Washington, D.C..  I am a member of the State
Bars of Texas, California, and Florida.

On May 21, 2009, I spoke by telephone to Nick Patton,
attorney for John Ward, Jr. I agreed to read three printed
versions of blog postings dated October 17 and 18, 2007, to
determine whether, in my opinion, an internet blogger known
anonymously as the Patent Troll Tracker (and subsequently
identified as Mr. Richard Frenkel, an in-house attorney for
Cisco), accused Mr. Ward in these posting of committing one or
more federal or state criminal offenses, and/or violating his
ethical responsibilities as an attorney. In my opinion, based
upon my careful review of the postings attached as Exhibits A, B,
and C of Plaintiff's First Amended Complaint in <u>John Ward, R. v.
CISCO Systems, Inc.</u>,  Mr. Frenkel did indeed accuse Mr. Ward and
others of committing a number of federal crimes.  The conduct Mr.
Ward is accused of would also constitute at least one state
crime, and, if it were true, would lead to mandatory disbarment
proceedings.  Pursuant to the federal doctrine of <u>respondeat
superior</u>, conduct committed by Mr. Frenkel within the apparent
scope of his employment and with an intent to benefit his
employer are attributable to Cisco Systems, Inc.[1]

My opinion is based on my four years of experience as a
federal criminal prosecutor with the Department of Justice, my
years of experience teaching federal criminal law and
prosecutorial ethics, my review of the three Patent Troll Tracker
blogs, my knowledge of the identity of the parties as explained
by plaintiff's counsel, my review of the federal and state
statutes and disciplinary rules appended to this report as
Attachment A, and my reading of the case law cited in this
report.

Mr. Frenkel's original October 17, 2007 posting, "Troll Jumps
the Gun, Sues Cisco Too Early," reported that ESN sued Cisco for
patent infringement in Texarkana on October 15th while the patent
did not issue until October 16th.  Mr. Frenkel stated that

---

[1]     <u>See, e.g., New York Central & Hudson River R.R.  Co. v.
United States</u>, 212 U.S. 481 (1090); U.S.A.M. section 9-28.000 -
9-28.1300 (Memorandum of Deputy Attorney General Mark Filip,
issued August 2008, detailing General Considerations of Corporate
Liability).

because ESN had no property right in the patent on the day of filing, October 15, 2007, the Texas court lacked subject matter jurisdiction.  Mr. Frenkel cited a Federal Circuit case as support in predicted that the suit should and would be dismissed. He wrote a follow-up posting the next day, October 18, 2007, entitled "ESN Convinces EDTX Court Clerk to Alter Documents to Try to Manufacture Subject Matter Jurisdiction Where None Existed."  Mr. Frenkel stated in this posting that the docket entry and the complaint in ESN v. Cisco was "altered" to reflect an October 16th rather than the actual October 15th filing to avoid dismissal of the lawsuit.  Mr. Frenkel relayed that an email he received suggested that "ESN's local counsel called the EDTX court-clerk, and convinced him/her to change the docket to reflect an October 16 filing date."  Mr. Frenkel stated that he "checked" this information, and "sure enough, that's exactly what happened - the docket was altered to reflect an October 16 filing date and the complaint was altered to change the filing date stamp from October 15 to October 16th.  Only the EDTX Court Clerk could have made such changes."

In my opinion, this October 18th blog entry constitutes an accusation by Mr. Frenkel that ESN's local counsel, who is in fact Mr. John Ward, Jr., the plaintiff in the above-titled matter, committed the crime of making a False Statement Within the Jurisdiction of a the Executive, Legislative, or Judicial Branch of the Government of the United States, in violation of 18 U.S.C. section 1001.[2]  The penalty for this felony is a fine and not more than five years imprisonment.  One subsection of this federal statute prohibits knowingly and willfully making a materially false statement in any matter within the jurisdiction of the judicial branch of the Government of the United States. 18 U.S.C. section 1001(a)(2) (West 2008).  The elements of the offense are first, that the defendant make a false statement to the judicial branch regarding a matter within its jurisdiction; second: that the defendant made the statement intentionally, knowing that it was false; third, that the statement was material; and fourth: that the defendant made the false statement for the purpose of misleading the judicial branch. Fifth Circuit Pattern Jury Instruction 2.49, Criminal (West 2001).  A statement is material if it has a natural tendency to influence a decision of the judicial branch, but it is not necessary to show that the judicial branch was in fact misled. Id.; United States v. Gaudin, 515 U.S. 506 (1995); United States v. Shah, 44 F.3d 285 (5th Cir. 1995).

---

[2]     This accusation might alternative be construed as violating 18 U.S.C. section 1001(a)(3), which prohibits knowingly and willfully making or using any false writing or document knowing it to contain any materially false statement, in any matter within the jurisdiction of the judicial branch of the Government of the United States.

In the October 18, 2007 blog posting, Mr. Frenkel accused Mr. Ward of lying to the Court's Office for the Eastern District of Texas about the true and accurate filing date of his complaint by convincing a clerk to change the docket entry and filing date stamp on the complaint from October 15th to October 16th, 2007.[3] Though Mr. Ward is referred to as "local counsel" rather than by name in the October 18, 2007 blog, his given name, John Ward, is printed as local counsel to ESN in the earlier October 17, 2007 blog (Mr. Frenkel there noted that ESN is "represented by ... local counsel Eric Albritton and T. Johnny Ward").   The Clerk's Office for the Eastern District of Texas is part of the judicial branch of the Government of the United States.  The alleged false statement regarding the actual filing date did regard a matter within the jurisdiction of the Clerk's Office for the Federal District Court of the Eastern District of Texas, as it concerned the filing date of a case on the docket before the Federal District Court.  One of the functions of the Clerk's Office is to accept electronically filed complaints for the federal district court and to record the filing dates of the complaints received.

Mr. Frenkel clearly alleged that Mr. Ward's lie was made intentionally knowing that it was false, as there was "ton's of proof that ESN filed on October 15" and not October 16, 2007. The lie Mr. Ward is accused of making to the Clerk's Office was material, in that it was capable of influencing a decision by the Clerk's Office (setting the official record of the date of the filing of the ESN Complaint).  Finally, Mr. Frenkel alleges the fourth element of an 18 U.S.C. section 1001(a)(2) offense by claiming that Mr. Ward made the false statement for the precise purpose of misleading the Clerk's Office on the matter of the filing date of a particular electronically filed complaint entitled ESN v. Cisco.

Prior to 1996, 18 U.S.C. section 1001 applied only to matters "within the jurisdiction of any department or agency of the United States."  See former 18 U.S.C. section 1001 (West 1995).   Every Circuit but the Sixth, concerned that a literal application of the statute would obviate the taking of oaths in judicial proceedings and would chill vigorous advocacy, created the "judicial function exception" to 1001.  Under this exception, only those misrepresentations falling within a court's "administrative" or "housekeeping" functions could give rise to liability under section 1001; false statements made while a court was performing its adjudicative functions were not covered.  See, e.g., U.S. v. Morgan, 309 F.2d 234 (C.A.D.C 1963) (upholding conviction under 1001 where defendant falsely held himself out to

---

[3]   This is an accusation of a criminal offense regardless of whether one reads the posting as accusing Mr. Ward of lying to the Federal Clerk's Office through an unwitting court clerk, or of lying to the Federal Court's Office for the Eastern District of Texas with the aid of the clerk.  18 U.S.C. sections 2 (principals) and 371 (conspiracy) (West 2009).

the court as a member of the bar, as this concerned the judge's administrative function), <u>cert. denied</u> 373 U.S. 917 (1963); <u>United States v. Rowland</u>, 789 F.2d 1169 (5th Cir.) (defendant's filing of phony performance bond in his personal bankruptcy proceeding was within the administrative function of the Bankruptcy Court, such that 1001 applied), <u>cert. denied</u> 479 U.S. 964 (1986).

The Supreme Court, responding to the conflict among circuits on the scope of the exception and relying on the plain language of the statute, held in <u>Hubbard v. United States</u>, 514 U.S. 694 (1995), that a Federal Court is not a department or agency within the meaning of section 1001.  Congress immediately responded by amending 1001 in 1996 to overrule <u>Hubbard</u> and to reinstate the "judicial function" exception.  Amended 1001(a) now applies to "any matter within the jurisdiction of the executive, legislative, or the judicial branch of the Government of the United States."  18 U.S.C. 1001(a) (West 2008).  To preserve the exception, the same 1996 amendment added subsection 1001(b), which makes subsection (a) inapplicable "to a party to a judicial proceeding or that party's counsel for statements, writings, or documents submitted by such party or counsel to a judge in that proceeding."  18 U.S.C. section 1001(b) (West 2008).

Neither the original judicial function exception nor the new exception under 1001(b) would have protected Mr. Ward from criminal prosecution if Mr. Frenkel's defamatory statements in the October 18th, 2007 blog had been true.  A lie about a filing date would have been considered part of the administrative function of the court and thus a proper basis for an 18 U.S.C. section 1001 charge in its pre-1996 form.  <u>See</u> <u>United States v. McCallum</u>, 788 F.2d 1042 (5th Cir. 1985) (upholding conviction for filing revoked powers-of-attorney with clerk of court). The Department of Justice noted that 1001(b):

"codifies a limited version of the 'judicial function' exception, which was created by the courts under the old section 1001 to avoid the chilling of advocacy that might occur if attorneys and parties were subject to prosecution for concealing facts from a court or jury.  Under the codified version of the judicial function exception, parties or their counsel may be prosecuted for false submissions to other entities within the judicial branch, such as the probation office.  See H.R. Rep. No. 104-680 at 9.  Non-parties may be prosecuted for any false submissions within the jurisdiction of the judicial branch."

U.S. Attorney Manual Criminal Resource Manual No. 902.  This is available on-line at http://www.usdoj.gov/usao/foia_reading_room/usam.

Here, Mr. Frenkel accused Mr. Ward of lying to the Clerk's Office for the Eastern District of Texas.  Such a lie is not protected by the exception provided in subsection (b) because it was not submitted by Mr. Ward to the judge in the proceeding.

Thus, Mr. Frenkel's posting does indeed accuse Mr. Ward of committing the federal offense of Making a False Statement.  See United States v. Horvath (9th Cir. 2008) (defendant's false statement to probation officer protected under 1001(b) only if the law requires the probation officer to include the statement in his Pre-Sentencing Report and submit it to the court).[4]

The statements contained in the October 17, 2007 blog additionally appear to accuse Mr. Ward of conduct constituting Fraud and Related Activity in Connection with Computers ("CFAA"), in violation of 18 U.S.C. sections 1030.  It is a violation of section 1030(a)(3) to intentionally, without authorization, access any nonpublic computer of a department or agency of the United States that is exclusively for the use of the Government of the United States (or, in the case of a computer not exclusively for such use, is used by the Government of the United States and the conduct affects that use).  The term "department of the United States" means the legislative or judicial branch of the Government.  18 U.S.C. section 1030(e)(6).  The penalty for an offense under subsection (a)(3) is imprisonment for not more than one year.  18 U.S.C. section 1030(c)(2)(A).  While there is no definition of "without authorization" in the statute, Mr. Ward obviously did not have the government's permission to falsely alter a filing date.  Mr. Frenkel alleges that Mr. Ward had to unlawfully access the government computers by convincing the court clerk to make the date change.  See e.g., Brownlee, Acting Secretary of the Army v. DynCorp., 349 F.3d 1343, 1346 (Fed Cir. 2003) (holding that the Federal Acquisition Regulation disallowed a government contractor's recovery of costs incurred in the unsuccessful defense of criminal proceedings against its employee, where that employee pled guilty to violating 18 U.S.C. section 1030(a)(3) by entering false data in the government accounting system).[5]

---

[4]     If one reads the October 17, 2007 blog, as I do, as also accusing one of the clerks in the Clerk's Office of assisting in falsifying the filing date, then again the exception to criminal liability in 1001(b) is inapplicable, as Mr. David Maland (Chief Clerk for the Eastern District of Texas) or any other assisting clerk was not a party to the lawsuit.  The conspiring clerk would be guilty of committing an 18 U.S.C. section 1001(a) violation, and Mr. Ward would be equally guilty as either a principal under 18 U.S.C. section 2 (the federal version of common law accomplice liability), or as a conspirator under 18 U.S.C. section 371 (West 2009).

[5]     See also the Congressional record surrounding the 1986 amendments to this statute.  The CFAA was amended to "provide additional protection for federal interest computers."  U.S. Code Cong. & Admin. News 1986, pp. 2479, 2485 (discussing 18 U.S.C. section 1930(a)(3), which only prohibits access of federal computers "without authorization," rather than in excess of authorization, in order to prevent having federal employees, who

More seriously, the blogs allege conduct that violate the felony subsections of 18 U.S.C. section 1030 (West 2009).  18 U.S.C. section 18 U.S.C. section 1030(a)(4) prohibits knowingly and with intent to defraud accessing a protected computer without authorization or exceeding authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value.  The term "protected computer" means a computer exclusively for the use of the United States Government.  18 U.S.C. section 1030(e)(2)(A).   The term "exceeds authorized access" means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter."  18 U.S.C. section 1030(e)(6).  Mr. Frenkel's blog posting clearly alleged that Mr. Ward violated this provision by changing the date of his complaint.[6]  Mr. Frenkel alleges that Mr. Ward "convinced" a clerk in the Eastern District of Texas to alter the docket date of a complaint in order to "manufacture" jurisdiction where none actually existed.[7]  This, if true, would constitute fraudulent conduct through which Mr. Ward obtained a thing of value - a valid complaint. This is a felony punishable by a fine and imprisonment for not more than five years.  18 U.S.C. section 1030(c)(3)(A).  See, e.g., United States v. Morris, 928 F.2d 504, 508 (2nd Cir. 1991) (upholding conviction under 1988 version of 18 U.S.C. section 1030(a)(5)(A)).

---

have authorization to use a particular computer in one department, from being held criminally liable anytime they exceed their authorized access by perusing data they are not authorized to look at).  In this case Mr. Ward is an outsider, not a federal employee.  Moreover, if the clerk fraudulently changed the date of the filing, he also is acting without authorization.

[6]   There is a split on the issue of whether civil liability exists under CFAA where an employee who has been granted access to his employer's computers uses that access to obtain information which he later uses for an improper purpose. See Black & Decker (US), Inc. v. Smith, 568 F.Supp.2d 929, 933 - 36 (W.D. Tenn. 2008) (collecting cases).  However, all circuits agree that the CFAA targets conduct, such as that alleged by Mr. Frenkel, involving the unauthorized alteration of information on a computer system.  See 18 U.S.C. section 1030(e)(6).

[7]   It is irrelevant whether the clerk who assisted Mr. Ward did so wittingly or unwittingly, as in either case Mr. Ward allegedly accessed the computer.  If the clerk was duped, Mr. Ward accessed the computer without authorization. If the clerk was part of a conspiracy to commit this offense, than the clerk is exceeding his authorized access, and Mr. Ward is guilty both as a principal under 18 U.S.C. section 2 and as a conspirator under 18 U.S.C. section 371.

This same conduct would violation U.S.C. section 1030(a)(5)(A), knowingly causing the transmission of information and as a result intentionally causing damage without authorization to a protected computer. "Damage" is defined as "any impairment to the integrity or availability of data." 18 U.S.C. section 1030(c)(6). The penalty for this offense is imprisonment for not more than 10 years if the offense caused damage affecting a computer used by an entity of the United States Government in furtherance of the administration of justice. 18 U.S.C. section 1030(c)(4)(B). This subsection was modified in 1996 to "further protect computers covered by the statute from damage both by outsiders, who gain access to a computer without authorization, and by insiders, who intentionally damage a computer." S. Rep. No. 104-357, at 9 (1996). The legislative history of the act supports the contention that "damage" is to be construed broadly, to cover non-monetary impairments. See Black & Decker v. Smith, 568 F.Supp.2d 929, 937 (W.D. Tenn. 2008) (holding that rending a computer system less secure should be considered "damage").

Mr. Frenkel's October 17, 2007 post accused Mr. Ward of conduct violating 18 U.S.C. section 1512(b)(2)(B), which prohibits knowingly corruptly persuading another person, with intent to cause or induce the other person to alter an object with intent to impair that object's integrity for use in an official proceeding. (West 2008). This is a federal felony punishable by a fine and imprisonment not more than twenty years. This post accuses Mr. Ward of "convincing" a clerk of the Eastern District of Texas to falsify a docket entry in order to manufacture subject matter jurisdiction in a federal court case. The mens rea of "corruptly persuades" is satisfied if done "knowingly and dishonestly, with the specific intent to subvert or undermine the integrity" of a proceeding. Fifth Circuit Pattern Jury Instructions, Criminal (West 2001), Instruction No. 2.65. These instructions were cited with approval in Anderson v. United States, 544 U.S. 696 (2005) (conviction of corporation for "knowingly corruptly persuading" their employees to destroy documents with intent to subvert SEC proceeding reversed where Fifth Circuit Jury Instruction erroneously altered by trial judge). An "official proceeding" includes "a proceeding before a judge of the United States." 18 U.S.C. section 1515(a)(1)(A) (West 2008). The blog specifically and in detail accuses Mr. Ward of persuading a clerk to alter or attempt to alter the docket of the Eastern District of Texas, with intent to impair the docket's integrity. It further alleges that Mr. Ward's intent was to manufacture subject matter jurisdiction in an official proceeding - a federal civil lawsuit styled ESN v. Cisco. It appears clear to me from the post that Mr. Frenkel is claiming that Mr. Ward did this dishonestly by convincing the clerk to alter a record with the intent to subvert justice in the above-mentioned matter. See United Stats v. Tampas, 493 F.3d 1291 (11th Cir. 2007) (upholding conviction under 1512(b) where defendant asked accountant to create false spread sheet with two years' worth of contractor receipts).

Mr. Frenkel's October 17, 2007 post additionally accused Mr. Ward of conduct which violates 18 U.S.C. section 1512(c)(1), which prohibits corruptly altering a record, or attempting to do so, with the intent to impair the object's integrity or availability for use in an official proceeding.[8]  This federal felony, added by the Sarbanes-Oxley Act in 2002 (after the conduct alleged in the Anderson case), increases the punishment to imprisonment for not more than 20 years, excludes the mens rea of "knowingly," and does not require that the defendant corruptly persuade another person to alter a record with intent to impair it's integrity for use in an official proceeding (rather it criminalizes the defendant's own alteration of a record).  As noted above, the blog accuses Mr. Ward of altering or attempting to alter the docket of the Eastern District of Texas, with intent to impair the docket's integrity, and with the intent to manufacture subject matter jurisdiction in an official proceeding - ESN v. Cisco.  It is irrelevant under this provision whether or not Mr. Ward corruptly persuaded a clerk to assist him in the alteration, or if he altered it by using an unwitting clerk.  See, e.g., United States v. Reich, 479 F.3d 179 (2d Cir. 2007) (upholding conviction under 1512(c)(2) where attorney forced order from magistrate court and faxed that order to opposing counsel).

Mr. Frenkel's next statement in the October 18, 2007 posting describes Mr. Ward and Mr. Maland's conduct a "conspiracy."  Mr. Frenkel noted that there were a couple of "flaws in this conspiracy," among them that ESN counsel Mr. Albritton signed the Civil Cover Sheet stated that the complaint had been filed on October 15th rather than October 16th, and that "there's tons of proof that ESN filed on October 15."  This appears to me an accusation that Mr. Ward and someone from the clerk's office (probably Mr. Maland) engaged in an unlawful conspiracy to defraud the United States of information related to jurisdiction,

---

[8]    This conduct may well violate 18 U.S.C. section 1503(a), obstruction of justice, either under the first clause prohibiting corruptly endeavoring to influence any officer of any court of the United States in the discharge of his duty, or the "omnibus clause" prohibiting corruptly endeavoring to influence the due administration of justice.  See United States v. Triumph Capital Group, 544 F.3d 149 (2d Cir. 2009) (upholding conviction under omnibus clause where corporate counsel deleted documents from company laptop relating to corporate bribes, as earlier grand jury subpoena established that defendant knew his conduct had the natural and probable effect of obstructing the grand jury proceeding); United States v. Coolis, 128 F.3d 313 (6th Cir. 1997) (upholding conviction under 1503 where defendant fabricated a letter allegedly written by his employer in support of leniency at sentencing, and defendant's attorney submitted this letter to the judge in a supervised release parole violation hearing).  The penalty for such misconduct is imprisonment for not more than 20 years.  18 U.S.C. section 1503(b).

and to knowingly make a false statement in a matter within the jurisdiction of the federal court of the Eastern District of Texas (or commit some other federal offense), both in violation of 18 U.S.C. section 371. These are felonies subject to a five year prison sentence.

18 U.S.C. section 371 is actually two criminal offenses: it provides that it is an offense for two or more persons to conspire either to commit any offense against the United States (the "offense clause"), or to defraud the United States (the "defraud clause"), and commit an act to effect the object of the conspiracy. According to Fifth Circuit Pattern Jury Instruction 2.20, Criminal (West 2001), the elements of the offense clause are first, that the defendant and at least on other person made an agreement to commit a crime; second: that the defendant knew the unlawful purpose of the conspiracy and joined in it willfully; and third: that one of the conspirators during the existence of the conspiracy knowingly committed at least one overt act in order to accomplish some object of the conspiracy. See generally United States v. Peterson, 244 F.3d 385, 389 (5th Cir. 2001). Mr. Frenkel has accused Mr. Ward and an officer of the Clerk's Office in the Eastern District of Texas of agreeing to alter the official date of the filing of a federal civil complaint, which, as explained above, is in violation of 18 U.S.C. sections 1001(a), 1030(c)(3)(A), 1512(b)(2)(B), and 1512(c)(1). Mr. Ward allegedly entered into the agreement "wilfully," that is, "voluntarily and purposefully." See Fifth Circuit Pattern Jury Instruction 1.38 (West 2001). The alleged phone call to the EDTX court clerk constituted an overt act.

The "defraud clause" in 18 U.S.C. section 371 prohibits a conspiracy to obstruct one of the United States government's lawful functions by means of deceit. Hammerschmidt v. United States, 265 U.S. 182, 188 (1924) (defrauding the government of information). This need not involve the violation of a separate criminal statute, and need not constitute common law fraud. United States v. Ballistrea, 101 F.2d 827, 832 (2d Cir. 1996). Thus, the object of such a conspiracy may consist of defrauding the United States by violating the customary practices or duties of a particular governmental office, or of interfering with the performance of the official duties of a government official. See Dep't of Justice Manual, tit. 9-27.320, Criminal Resource Manual Nos. 923-926. The scheme alleged between Mr. Ward and a clerk in the Clerk's Office intentionally deprived the federal government of the information necessary to determine subject matter jurisdiction, and violated the duties of the Court Clerk for the Eastern District of Texas.

The use of the term "conspiracy" in the blog, coupled with the reference to "tons of proof" available to prove this conspiracy and the possibility of an individual with knowledge of the conspiracy being "subpoenaed as a witness" all indicate that Mr. Frenkel is accusing Mr. Ward and Mr. Maland of the federal

crimes of conspiracy to commit a federal offense and conspiracy to defraud the United States.

In my experience as a federal criminal prosecutor, the statements in the blogs attached as Exhibits A, B. and C in the First Amended Complaint in John Ward Jr. v. Cisco Systems, Inc. allege conduct by Mr. Ward that, if true and believed by a federal law enforcement agent or Assistant United States Attorney, could trigger an investigation against Mr. Ward for violation of the federal criminal code.[9]

Moreover, these statements accuse Mr. Ward of violating state law. Texas Penal Code section 37.10(a)(1), Tampering with Government Record, prohibits a person from knowingly making a false entry in a governmental record.   Texas Penal Code section 37.10(a)(3) prohibits a person from intentionally impairing the verity of a governmental record.[10]  If the allegation by Mr. Frenkel were true, it is clear that Mr. Ward would be guilty of violating both subsections of this Texas statute.  See State v. Vasilas, 187 S.W.3d 486 (Tex. Crim. App. 2006) (upholding indictment alleging that defense attorney tampered with governmental record in violation of 37.10(a)(5) based upon false entries in his petition to expunge a state marijuana charge against his client). A "governmental record" is defined by Texas Penal Code section 37.01(2)(A) as "anything belonging to, received by, or kept by government for information, including a court record."  The Texas Court of Criminal Appeals held in Vasilas that the language "including" a court record was meant as a term of enlargement, and thus a pleading filed by an attorney constituted "a governmental record" even though it was not a "court record" as defined by 37.10(1).  Id. at 492.  See also Sate v. Vasilas, 253 S.W.3d 268 (Tex. Crim. App. 2008) (filing false pleading in civil case subjected attorney to criminal liability, sanction for such misconduct was not limited to civil sanctions under Rule 11).

If Mr. Frenkel's allegations were true, Mr. Ward would have knowingly made a false entry in and would have intentionally impaired the veracity of a court record by changing the filing date.  A court record is defined in 37.01(1)(C) to mean "a decree, judgement, order, subpoena, warrant, minutes, or other document issued by a court of the United States."  The docket entry and filing date stamp of the Eastern District of Texas (a

---

[9]     In the interest of time, there are numerous other, less serious charges which I did not explore in this expert report, such as 18 U.S.C. section 1018, a federal misdemeanor which criminalizes knowingly making a false writing to the United States.

[10]    This same misconduct might be charged instead as a attempted theft against Cisco under TPC sections 15.01 and 31.03(a).

publically available docket sheet) constitutes a document issued
by the clerk of the Court.[11]   See Robinson v. State, 2001 WL
1345020 (Tex.App. - Houston [1st Dist.] 2001) (unpublished)
(upholding conviction under TPC section 37.10(a)(1) where
defendant used her position as a Municipal Court employee to
improperly alter the traffic record of her boyfriend).

     An offense under Texas Penal Code section 37.10(a)(1) or (3)
is a class A misdemeanor unless the actor;'s intent is to defraud
or harm another, in which event the offense is a state jail
felony.   TPC section 37.10(c)(1).   In this case, Mr. Frenkel
alleged that Mr. Ward made a false entry in the docket in order
to defraud and injure Cisco, and thus the offense would be a
felony punishable by confinement in a state jail for not more
than two years or less than 180 days.   TPC section 12.35(a) (West
2009).

     Finally, were the statements in the blogs true, Mr. Ward
would be considered by the state bar of Texas to be unfit to
practice law in this jurisdiction.   Mr. Ward could be subject to
discipline based upon the underlying facts contained in the blog
report, whether or not he was ultimately convicted of a state or
federal offense.   Under the Texas Rules of Disciplinary
Procedure, a licensed attorney may be subject to discipline in
two ways: by the ordinary grievance process or by compulsory
discipline.   If the allegations of misconduct in the blogs were
credited by the Board of Disciplinary Appeals, Mr. Ward would be
subject to discretionary discipline ranging from private
reprimand to disbarment.   See generally Tex.R. Disciplinary P.,
Part II, Part III.   The appropriate sanction is determined by the
underlying facts of the alleged misconduct and any mitigating
circumstances.   In re Birdwell, 20 S.W.3d 685, 687 (TX 2000).

     Moreover, the allegations in the blogs at issue here are
sufficiently serious that Mr. Ward not only could be disciplined
but would, in fact, be subject to compulsory disbarment upon
conviction of any of the crimes discussed in this expert report.
Rule 8.05 of the Texas Rules of Disciplinary Conduct ("TRDC")
states that "[w]hen an attorney has been convicted of an
Intentional Crime, and that conviction has become final, or the
attorney has accepted probation with or without an adjudication
of guilt for an Intentional Crime, the attorney shall be
disbarred unless the Board of Disciplinary Appeals, under Rule

---

     [11]    If for some reason the docket entry was not a
government record (which includes a court record), Mr. Ward would
instead be guilty under the same facts of violating TPC section
32.47, which prohibits altering or otherwise impairing the verity
of a writing other than a governmental record, with the intent to
defraud or harm.   This constitutes a Class A misdemeanor under
TPC section 32.47(c), and is punishable by confinement not to
exceed one year.   TPC section 12.21(2) (West 2009).

8.06, suspends his or her license to practice law."  Under Rule
8.01 of the TRDC, such discipline is compulsory.

These rules are subject to several definitions. An
"Intentional Crime" means "(1) any Serious Crime that requires
proof of knowledge or intent as an essential element or (2) any
crime involving misapplication of money or other property held as
a fiduciary." TRDC Rule 1.06(T). A "Serious Crime" includes "any
felony involving moral turpitude; any misdemeanor involving
theft, embezzlement, or fraudulent or reckless misappropriation
of money or other property; or any attempt,conspiracy, or
solicitation of another to commit any of the foregoing crimes."
TRDC Rule 1.06(Z).

Whether a crime involves "proof of knowledge or intent as an
essential element" depends entirely on the crime alleged.  Mr.
Frenkel's accusations in his Patent Troll Tracker blogs all
involve intentional misstatements allegedly made by Mr. Ward with
the intent to defraud the government and Cisco, Inc.  The federal
statutes 18 U.S.C. sections 1001, 1030, and 1512 all include an
element of intent, as does Texas Penal Code section 37.10.  Thus,
all plainly require proof of knowledge or intent as an essential
element.  Texas case law determines whether a particular offense
is one of "moral turpitude." The Supreme Court of Texas noted
"[i]n the context of attorney discipline, we have consistently
held that crimes of moral turpitude must involve dishonesty,
fraud, deceit, misrepresentation, or deliberate violence, or must
reflect adversely on an attorney's honesty, trustworthiness, or
fitness as an attorney." (emphasis added). In the Matter of Paula
Ann Lock, 54 S.W.3d 305, 308 (Tex. 2001) (holding that the
possession of a controlled substance, in contravention of Texas
law, was not a crime of moral turpitude).

If any of the allegations in the Troll Tracker blogs were
true, Mr. Ward would have committed a crime of "moral turpitude"
as defined in TRDC Rule 1.06(Z) and supporting Texas Supreme
Court precedent.  All of the allegations involved fraud and
dishonesty, the quintessential features of a serious crime
calling for automatic disbarment. See, e.g.,  In the Matter of
Lloyd E. Humphreys, 880 S.W.2d 402 (Tex. 1994) (holding that a
conviction for the willful attempt to evade a federal tax, in
violation of 26 U.S.C. section 7201, mandates disbarment); In re
Birdwell, 20 S.W.3d 685 (TX 2000) (holding that conviction for
conspiracy to defraud the United States in violation of 18 U.S.C.
section 371 is a crime of moral turpitude requirement automatic
disbarment).

**Publications of Susan R. Klein, 1999 - 2000.**

**Books:**

1) Federal Criminal Law and its Enforcement (with Sara Sun Beale
and Norman Abrams), Fourth Edition, West (forthcoming 2009).

2) Texas Criminal Pattern Jury Charges, Intoxication and Controlled Substances," State Bar of Texas 2009 (as part of Committee on Pattern Jury Charges - Criminal, Alan L. Levy and George Dix, co-chairs, and Hon. Cathy Cochran, Court of Crim. Appeals Liaison).

3) Miller, Dawson, Dix, Parnas, & Klein, Criminal Justice Administration, Fifth Edition, 2008 Supplement, Foundation Press (2008).

4) Entry for <u>United States v. Armstrong</u>, 517 U.S. 456 (1996), in The Oxford Companion to the Supreme Court of the United States, 2d edition (Oxford University Press, 2005).

5) Entries for <u>Estelle v. Smith</u>, 451 U.S. 454 (1980) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), in Encyclopedia of American Civil Liberties, Paul Finkelman, Editor (Routledge, 2005).

6) The Late Charles Alan Wright, Nancy J. King, and Susan R. Klein, "Federal Practice and Procedure, Criminal 3d," volumes 3, 3A, 3B, 3C (West 2004).

7) The Late Charles Alan Wright, Nancy J. King, and Susan R. Klein, Federal Practice and Procedure, Criminal 3d, 2003 pocket parts for volumes 1, 1A, 2, 2A, 3, 3A (West 2003).

8) The Late Charles Alan Wright, Nancy J. King, and Susan R. Klein, Federal Practice and Procedure, Criminal 3d, 2002 pocket parts for volumes 1, 1A, 2, 2A, 3, 3A (West 2002).

**Law Review Articles:**

1) "DOJ's Attack on Federal Judicial Leniency, The Supreme Court's Response, and the Future of Criminal Sentencing" (with Sandra Guerra Thompson), 44 Tulsa Law Rev. 519 (2009), symposium issue on "The United States Supreme Court's 2007 Term."

2) "The Sixth Amendment Jury Trial Right and Criminal Sentencing" (with Stephanos Bibas), 30 Cardozo Law Rev. 775 (2008), symposium issue on "The Future of Self-Incrimination: Fifth Amendment, Confession, & Guilty Pleas."

3) "Lies, Omissions, and Concealment; The Golden Rule in Law Enforcement and the Federal Criminal Code," 39 Texas Tech Law Rev. 1321 (2007).

4) "Enhancing the Judicial Role in Criminal Plea and Sentence Bargaining," 84 Texas Law Review 2023 (symposium issue, "Punishment Law and Policy," June 2006).

5) "The Return of Federal Judicial Discretion in Criminal Sentencing," 39 <u>Valparaiso Law Rev.</u>693 (symposium issue, "Shifting Power in the Federal Courts") (Spring 2005).

6) "Can We Reconceive A Good Guidelines System in Light of *Blakely*?" (with Kate Stith, Doug Berman, Frank Bowman, Kevin Reitz), The Future of American     Sentencing: A National Roundtable on Blakely, Stanford Univ. Press, 2004.

7) "Beyond *Blakely*," (with Nancy J. King), 16 <u>Federal Sentencing Reporter</u> 314 (June 2004).

8) "The Search for Equality in Criminal Sentencing," (with Jordan M. Steiker), 2002 <u>Supreme Court Rev.</u> 223 (2003).

9) "No Time for *Miranda*," 81 <u>Tex. Law Rev.</u>1337 (2003).

10) "Independent-Norm Federalism in Criminal Law," 90 <u>California Law Rev.</u> 1541 (2002).

11) "Acceptance of Responsibility and Conspiracy in Drug Sentencing," (with Nancy J. King), 14 <u>Federal Sentencing Reporter</u> 165 (2002).

12) "*Miranda*'s Exceptions in a Post-*Dickerson* World," 91 <u>Journal of Criminal Law & Criminology</u> 567 (Spring 2002).

13) "*Apprendi* and Plea Bargaining," (with Nancy J. King), 54 <u>Stanford Law Rev.</u> 295 (2001) (cited in *Blakely v. Washington*, 124 S.Ct. 2531 (2004).

14) "Identifying and (Re)formulating Prophylactic Rules, Safe Harbors, and Incidental Rights in Constitutional Criminal Procedure," 99 <u>Michigan Law Rev.</u> 1030 (2001).

15) "Essential Elements," (with Nancy J. King), 54 <u>Vanderbilt Law Rev.</u> 1467 (2001) (cited in *Harris v. United States*, 536 U.S. 545 (2002).

16) "Après *Apprendi*," (with Nancy J. King), 12 <u>Federal Sentencing Reporter</u> 331 (July-August 2000).

17) "Double Jeopardy's Demise" 88 <u>California Law Rev.</u> 1001 (2000).

18) "Redrawing the Criminal-Civil Boundary," 2 <u>Buffalo Crim. Law Rev.</u> 226 (1999).

19) "Principles and Problems in Constitutional Criminal Procedure," 24 <u>Law & Social Inquiry</u> 533 (Spring 1999).


**Cases in which I was an expert witness:**

I have not testified as an expert at trial or by deposition during the previous four years.

**Compensation to be paid for the study and testimony in John Ward, Jr. v. Cisco Systems, Inc.   No. 08-4022**

Nick Patton has agreed to my standard hourly rate of $250 per hour for out-of-court work, and $350 per hour for in-court testimony on this matter.

_____                    _____

Susan R. Klein                                      November 10, 2009.

Nickolas H. Patton has agreed to my standard hourly rate of $250 per hour for out-of-court work, and $350 per hour for in-court testimony on this matter.


_____                    _____

Susan R. Klein                                       November 10, 2009.

# Attachment A

## John Ward, Jr., Plaintiff, v. Cisco Systems, Inc., Defendant

### Relevant Statutes and Rules

I.  Federal Statutes:

**18 U.S.C. § 1001 – "Statements or entries generally"**

**(a)** Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—

> **(1)** falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

> **(2)** makes any materially false, fictitious, or fraudulent statement or representation; or

> **(3)** makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years.

**(b)** Subsection (a) does not apply to a party to a judicial proceeding, or that party's counsel, for statements, representations, writings or documents submitted by such party or counsel to a judge or magistrate in that proceeding.

**(c)** With respect to any matter within the jurisdiction of the legislative branch, subsection (a) shall apply only to—

> **(1)** administrative matters, including a claim for payment, a matter related to the procurement of property or services, personnel or employment practices, or support services, or a document required by law, rule, or regulation to be submitted to the Congress or any office or officer within the legislative branch; or

> **(2)** any investigation or review, conducted pursuant to the authority of any committee, subcommittee, commission or office of the Congress, consistent with applicable rules of the House or Senate.

**18 U.S.C. § 1030 – "Fraud and related activity in connection with computers"**

**(a)** Whoever—

**(1)** having knowingly accessed a computer without authorization or exceeding authorized access, and by means of such conduct having obtained information that has been determined by the United States Government pursuant to an Executive order or statute to require protection against unauthorized disclosure for reasons of national defense or foreign relations, or any restricted data, as defined in paragraph y. of section 11 of the Atomic Energy Act of 1954, with reason to believe that such information so obtained could be used to the injury of the United States, or to the advantage of any foreign nation willfully communicates, delivers, transmits, or causes to be communicated, delivered, or transmitted, or attempts to communicate, deliver, transmit or cause to be communicated, delivered, or transmitted the same to any person not entitled to receive it, or willfully retains the same and fails to deliver it to the officer or employee of the United States entitled to receive it;

**(2)** intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains—

    **(A)** information contained in a financial record of a financial institution, or of a card issuer as defined in section 1602(n) of title 15, or contained in a file of a consumer reporting agency on a consumer, as such terms are defined in the Fair Credit Reporting Act (15 U.S.C. 1681 et seq.);

    **(B)** information from any department or agency of the United States; or

    **(C)** information from any protected computer;

**(3)** intentionally, without authorization to access any nonpublic computer of a department or agency of the United States, accesses such a computer of that department or agency that is exclusively for the use of the Government of the United States or, in the case of a computer not exclusively for such use, is used by or for the Government of the United States and such conduct affects that use by or for the Government of the United States;

**(4)** knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period;

**(5)(A)** knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer;

> **(B)** intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage; or

> **(C)** intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss.

**(6)** knowingly and with intent to defraud traffics (as defined in section 1029) in any password or similar information through which a computer may be accessed without authorization, if—

> **(A)** such trafficking affects interstate or foreign commerce; or

> **(B)** such computer is used by or for the Government of the United States;

**(7)** with intent to extort from any person any money or other thing of value, transmits in interstate or foreign commerce any communication containing any—

> **(A)** threat to cause damage to a protected computer;

> **(B)** threat to obtain information from a protected computer without authorization or in excess of authorization or to impair the confidentiality of information obtained from a protected computer without authorization or by exceeding authorized access; or

> **(C)** demand or request for money or other thing of value in relation to damage to a protected computer, where such damage was caused to facilitate the extortion;

shall be punished as provided in subsection (c) of this section.

**(b)** Whoever conspires to commit or attempts to commit an offense under subsection (a) of this section shall be punished as provided in subsection (c) of this section.

**(c)** The punishment for an offense under subsection (a) or (b) of this section is—

> **(1)(A)** a fine under this title or imprisonment for not more than ten years, or both, in the case of an offense under subsection (a)(1) of this section which does not occur after a conviction for another offense under this section, or an attempt to commit an offense punishable under this subparagraph; and

3

**(B)** a fine under this title or imprisonment for not more than twenty years, or both, in the case of an offense under subsection (a)(1) of this section which occurs after a conviction for another offense under this section, or an attempt to commit an offense punishable under this subparagraph;

**(2)(A)** except as provided in subparagraph (B), a fine under this title or imprisonment for not more than one year, or both, in the case of an offense under subsection (a)(2), (a)(3), or (a)(6) of this section which does not occur after a conviction for another offense under this section, or an attempt to commit an offense punishable under this subparagraph;

**(B)** a fine under this title or imprisonment for not more than 5 years, or both, in the case of an offense under subsection (a)(2), or an attempt to commit an offense punishable under this subparagraph, if—

**(i)** the offense was committed for purposes of commercial advantage or private financial gain;

**(ii)** the offense was committed in furtherance of any criminal or tortious act in violation of the Constitution or laws of the United States or of any State; or

**(iii)** the value of the information obtained exceeds $5,000; and

**(C)** a fine under this title or imprisonment for not more than ten years, or both, in the case of an offense under subsection (a)(2), (a)(3) or (a)(6) of this section which occurs after a conviction for another offense under this section, or an attempt to commit an offense punishable under this subparagraph;

**(3)(A)** a fine under this title or imprisonment for not more than five years, or both, in the case of an offense under subsection (a)(4) or (a)(7) of this section which does not occur after a conviction for another offense under this section, or an attempt to commit an offense punishable under this subparagraph; and

**(B)** a fine under this title or imprisonment for not more than ten years, or both, in the case of an offense under subsection (a)(4) or (a)(7) of this section which occurs after a conviction for another offense under this section, or an attempt to commit an offense punishable under this subparagraph;

**(4)(A)** except as provided in subparagraphs (E) and (F), a fine under this title, imprisonment for not more than 5 years, or both, in the case of—

4

(i) an offense under subsection (a)(5)(B), which does not occur after a conviction for another offense under this section, if the offense caused (or, in the case of an attempted offense, would, if completed, have caused)—

(I) loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value;

(II) the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;

(III) physical injury to any person;

(IV) a threat to public health or safety;

(V) damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security; or

(VI) damage affecting 10 or more protected computers during any 1-year period; or

(ii) an attempt to commit an offense punishable under this subparagraph;

(B) except as provided in subparagraphs (E) and (F), a fine under this title, imprisonment for not more than 10 years, or both, in the case of—

(i) an offense under subsection (a)(5)(A), which does not occur after a conviction for another offense under this section, if the offense caused (or, in the case of an attempted offense, would, if completed, have caused) a harm provided in subclauses (I) through (VI) of subparagraph (A)(i); or

(ii) an attempt to commit an offense punishable under this subparagraph;

5

**(C)** except as provided in subparagraphS (E) and (F), a fine under this title, imprisonment for not more than 20 years, or both, in the case of—

> **(i)** an offense or an attempt to commit an offense under subparagraphs (A) or (B) of subsection (a)(5) that occurs after a conviction for another offense under this section; or

> **(ii)** an attempt to commit an offense punishable under this subparagraph;

**(D)** a fine under this title, imprisonment for not more than 10 years, or both, in the case of—

> **(i)** an offense or an attempt to commit an offense under subsection (a) (5)(C) that occurs after a conviction for another offense under this section; or

> **(ii)** an attempt to commit an offense punishable under this subparagraph;

**(E)** if the offender attempts to cause or knowingly or recklessly causes serious bodily injury from conduct in violation of subsection (a)(5)(A), a fine under this title, imprisonment for not more than 20 years, or both;

**(F)** if the offender attempts to cause or knowingly or recklessly causes death from conduct in violation of subsection (a)(5)(A), a fine under this title, imprisonment for any term of years or for life, or both; or

**(G)** a fine under this title, imprisonment for not more than 1 year, or both, for—

> **(i)** any other offense under subsection (a)(5); or

> **(ii)** an attempt to commit an offense punishable under this subparagraph.

[(5) Repealed. Pub.L. 110-326, Title II, § 204(a)(2)(D), Sept. 26, 2008, 122 Stat. 3562]

**(d)(1)** The United States Secret Service shall, in addition to any other agency having such authority, have the authority to investigate offenses under this section.

> **(2)** The Federal Bureau of Investigation shall have primary authority to investigate offenses under subsection (a)(1) for any cases involving espionage, foreign counterintelligence, information protected against unauthorized disclosure for reasons of national defense or foreign

6

relations, or Restricted Data (as that term is defined in section 11y of the Atomic Energy Act of 1954 (42 U.S.C. 2014(y)), except for offenses affecting the duties of the United States Secret Service pursuant to section 3056(a) of this title.

**(3)** Such authority shall be exercised in accordance with an agreement which shall be entered into by the Secretary of the Treasury and the Attorney General.

**(e)** As used in this section—

**(1)** the term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device;

**(2)** the term "protected computer" means a computer—

> **(A)** exclusively for the use of a financial institution or the United States Government, or, in the case of a computer not exclusively for such use, used by or for a financial institution or the United States Government and the conduct constituting the offense affects that use by or for the financial institution or the Government; or

> **(B)** which is used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States;

**(3)** the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and any other commonwealth, possession or territory of the United States;

**(4)** the term "financial institution" means—

> **(A)** an institution, with deposits insured by the Federal Deposit Insurance Corporation;

> **(B)** the Federal Reserve or a member of the Federal Reserve including any Federal Reserve Bank;

> **(C)** a credit union with accounts insured by the National Credit Union Administration;

> **(D)** a member of the Federal home loan bank system and any home loan bank;

7

**(E)** any institution of the Farm Credit System under the Farm Credit Act of 1971;

**(F)** a broker-dealer registered with the Securities and Exchange Commission pursuant to section 15 of the Securities Exchange Act of 1934;

**(G)** the Securities Investor Protection Corporation;

**(H)** a branch or agency of a foreign bank (as such terms are defined in paragraphs (1) and (3) of section 1(b) of the International Banking Act of 1978); and

**(I)** an organization operating under section 25 or section 25(a) of the Federal Reserve Act;

**(5)** the term "financial record" means information derived from any record held by a financial institution pertaining to a customer's relationship with the financial institution;

**(6)** the term "exceeds authorized access" means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter;

**(7)** the term "department of the United States" means the legislative or judicial branch of the Government or one of the executive departments enumerated in section 101 of title 5;

**(8)** the term "damage" means any impairment to the integrity or availability of data, a program, a system, or information;

**(9)** the term "government entity" includes the Government of the United States, any State or political subdivision of the United States, any foreign country, and any state, province, municipality, or other political subdivision of a foreign country;

**(10)** the term "conviction" shall include a conviction under the law of any State for a crime punishable by imprisonment for more than 1 year, an element of which is unauthorized access, or exceeding authorized access, to a computer;

**(11)** the term "loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service; and

**(12)** the term "person" means any individual, firm, corporation, educational institution, financial institution, governmental entity, or legal or other entity.

8

**(f)** This section does not prohibit any lawfully authorized investigative, protective, or intelligence activity of a law enforcement agency of the United States, a State, or a political subdivision of a State, or of an intelligence agency of the United States.

**(g)** Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i). Damages for a violation involving only conduct described in subsection (c)(4)(A)(i)(I) are limited to economic damages. No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage. No action may be brought under this subsection for the negligent design or manufacture of computer hardware, computer software, or firmware.

**(h)** The Attorney General and the Secretary of the Treasury shall report to the Congress annually, during the first 3 years following the date of the enactment of this subsection, concerning investigations and prosecutions under subsection (a)(5).

**(i)(1)** The court, in imposing sentence on any person convicted of a violation of this section, or convicted of conspiracy to violate this section, shall order, in addition to any other sentence imposed and irrespective of any provision of State law, that such person forfeit to the United States—

> **(A)** such person's interest in any personal property that was used or intended to be used to commit or to facilitate the commission of such violation; and

> **(B)** any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violation.

**(2)** The criminal forfeiture of property under this subsection, any seizure and disposition thereof, and any judicial proceeding in relation thereto, shall be governed by the provisions of section 413 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 853), except subsection (d) of that section.

**(j)** For purposes of subsection (i), the following shall be subject to forfeiture to the United States and no property right shall exist in them:

> **(1)** Any personal property used or intended to be used to commit or to facilitate the commission of any violation of this section, or a conspiracy to violate this section.

**(2)** Any property, real or personal, which constitutes or is derived from proceeds traceable to any violation of this section, or a conspiracy to violate this section

### 18 U.S.C. § 1512 – "Tampering with a witness, victim, or an informant"

**(a)(1)** Whoever kills or attempts to kill another person, with intent to—

> **(A)** prevent the attendance or testimony of any person in an official proceeding;
>
> **(B)** prevent the production of a record, document, or other object, in an official proceeding; or
>
> **(C)** prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings;

shall be punished as provided in paragraph (3).

**(2)** Whoever uses physical force or the threat of physical force against any person, or attempts to do so, with intent to—

> **(A)** influence, delay, or prevent the testimony of any person in an official proceeding;
>
> **(B)** cause or induce any person to—
>
>> **(i)** withhold testimony, or withhold a record, document, or other object, from an official proceeding;
>>
>> **(ii)** alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official proceeding;
>>
>> **(iii)** evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or
>>
>> **(iv)** be absent from an official proceeding to which that person has been summoned by legal process; or
>
> **(C)** hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings;

shall be punished as provided in paragraph (3).

10

(3) The punishment for an offense under this subsection is—

    (A) in the case of a killing, the punishment provided in sections 1111 and 1112;

    (B) in the case of—

        (i) an attempt to murder; or

        (ii) the use or attempted use of physical force against any person;

imprisonment for not more than 30 years; and

    (C) in the case of the threat of use of physical force against any person, imprisonment for not more than 20 years.

(b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—

    (1) influence, delay, or prevent the testimony of any person in an official proceeding;

    (2) cause or induce any person to—

        (A) withhold testimony, or withhold a record, document, or other object, from an official proceeding;

        (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;

        (C) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or

        (D) be absent from an official proceeding to which such person has been summoned by legal process; or

    (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation supervised release, parole, or release pending judicial proceedings;

shall be fined under this title or imprisoned not more than 20 years, or both.

(c) Whoever corruptly—

(1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or

(2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,

shall be fined under this title or imprisoned not more than 20 years, or both.

(d) Whoever intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from—

(1) attending or testifying in an official proceeding;

(2) reporting to a law enforcement officer or judge of the United States the commission or possible commission of a Federal offense or a violation of conditions of probation supervised release, parole, or release pending judicial proceedings;

(3) arresting or seeking the arrest of another person in connection with a Federal offense; or

(4) causing a criminal prosecution, or a parole or probation revocation proceeding, to be sought or instituted, or assisting in such prosecution or proceeding;

or attempts to do so, shall be fined under this title or imprisoned not more than 3 years, or both.

(e) In a prosecution for an offense under this section, it is an affirmative defense, as to which the defendant has the burden of proof by a preponderance of the evidence, that the conduct consisted solely of lawful conduct and that the defendant's sole intention was to encourage, induce, or cause the other person to testify truthfully.

(f) For the purposes of this section—

(1) an official proceeding need not be pending or about to be instituted at the time of the offense; and

(2) the testimony, or the record, document, or other object need not be admissible in evidence or free of a claim of privilege.

(g) In a prosecution for an offense under this section, no state of mind need be proved with respect to the circumstance—

(1) that the official proceeding before a judge, court, magistrate judge, grand jury, or government agency is before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a Federal grand jury, or a Federal Government agency; or

**(2)** that the judge is a judge of the United States or that the law enforcement officer is an officer or employee of the Federal Government or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an adviser or consultant.

**(h)** There is extraterritorial Federal jurisdiction over an offense under this section.

**(i)** A prosecution under this section or section 1503 may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected or in the district in which the conduct constituting the alleged offense occurred.

**(j)** If the offense under this section occurs in connection with a trial of a criminal case, the maximum term of imprisonment which may be imposed for the offense shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case.

**(k)** Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

II. <u>Texas Statutes</u>:

**Texas Penal Code 37.01 – "Definitions"**

In this chapter:

(2) "Governmental record" means:

(A) anything belonging to, received by, or kept by government for information, including a court record;

**Texas Penal Code 37.10 – "Tampering With Governmental Record"**

(a) A person commits an offense if he:

(1) knowingly makes a false entry in, or false alteration of, a governmental record;

(2) makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent that it be taken as a genuine governmental record;

(3) intentionally destroys, conceals, removes, or otherwise impairs the verity, legibility, or availability of a governmental record;

(4) possesses, sells, or offers to sell a governmental record or a blank governmental record form with intent that it be used unlawfully;

13

(5) makes, presents, or uses a governmental record with knowledge of its falsity; or

(6) possesses, sells, or offers to sell a governmental record or a blank governmental record form with knowledge that it was obtained unlawfully.

(b) It is an exception to the application of Subsection (a)(3) that the governmental record is destroyed pursuant to legal authorization or transferred under Section 441.204, Government Code. With regard to the destruction of a local government record, legal authorization includes compliance with the provisions of Subtitle C, Title 6, Local Government Code.

(c)(1) Except as provided by Subdivisions (2), (3), and (4) and by Subsection (d), an offense under this section is a Class A misdemeanor unless the actor's intent is to defraud or harm another, in which event the offense is a state jail felony.

(2) An offense under this section is a felony of the third degree if it is shown on the trial of the offense that the governmental record was:

(A) a public school record, report, or assessment instrument required under Chapter 39, Education Code, or was a license, certificate, permit, seal, title, letter of patent, or similar document issued by government, by another state, or by the United States, unless the actor's intent is to defraud or harm another, in which event the offense is a felony of the second degree;

(B) a written report of a medical, chemical, toxicological, ballistic, or other expert examination or test performed on physical evidence for the purpose of determining the connection or relevance of the evidence to a criminal action; or

(C) a written report of the certification, inspection, or maintenance record of an instrument, apparatus, implement, machine, or other similar device used in the course of an examination or test performed on physical evidence for the purpose of determining the connection or relevance of the evidence to a criminal action.

(3) An offense under this section is a Class C misdemeanor if it is shown on the trial of the offense that the governmental record is a governmental record that is required for enrollment of a student in a school district and was used by the actor to establish the residency of the student.

(4) An offense under this section is a Class B misdemeanor if it is shown on the trial of the offense that the governmental record is a written appraisal filed with an appraisal review board under Section 41.43(a-1), Tax Code, that was performed by a person who had a contingency interest in the outcome of the appraisal review board hearing.

(d) An offense under this section, if it is shown on the trial of the offense that the governmental record is described by Section 37.01(2)(D), is:

> (1) a Class B misdemeanor if the offense is committed under Subsection (a)(2) or Subsection (a)(5) and the defendant is convicted of presenting or using the record;

> (2) a felony of the third degree if the offense is committed under:

>> (A) Subsection (a)(1), (3), (4), or (6); or

>> (B) Subsection (a)(2) or (5) and the defendant is convicted of making the record; and

> (3) a felony of the second degree, notwithstanding Subdivisions (1) and (2), if the actor's intent in committing the offense was to defraud or harm another.

(e) It is an affirmative defense to prosecution for possession under Subsection (a)(6) that the possession occurred in the actual discharge of official duties as a public servant.

(f) It is a defense to prosecution under Subsection (a)(1), (a)(2), or (a)(5) that the false entry or false information could have no effect on the government's purpose for requiring the governmental record.

(g) A person is presumed to intend to defraud or harm another if the person acts with respect to two or more of the same type of governmental records or blank governmental record forms and if each governmental record or blank governmental record form is a license, certificate, permit, seal, title, or similar document issued by government.

(h) If conduct that constitutes an offense under this section also constitutes an offense under Section 32.48 or 37.13, the actor may be prosecuted under any of those sections.

(i) With the consent of the appropriate local county or district attorney, the attorney general has concurrent jurisdiction with that consenting local prosecutor to prosecute an offense under this section that involves the state Medicaid program.

(j) It is not a defense to prosecution under Subsection (a)(2) that the record, document, or thing made, presented, or used displays or contains the statement "NOT A GOVERNMENT DOCUMENT" or another substantially similar statement intended to alert a person to the falsity of the record, document, or thing, unless the record, document, or thing displays the statement diagonally printed clearly and indelibly on both the front and back of the record, document, or thing in solid red capital letters at least one-fourth inch in height.

III. Texas Rules of Disciplinary Procedure:

15

**TEXAS RULES OF DISCIPLINARY PROCEDURE, RULE 1.06 (T) & (Z) – "Definitions"**

"1.06(T): 'Intentional Crime' means (1) any Serious Crime that requires proof of knowledge or intent as an essential element or (2) any crime involving misapplication of money or other property held as a fiduciary."

"1.06(Z): "Serious Crime" means barratry; any felony involving moral turpitude; any misdemeanor involving theft, embezzlement, or fraudulent or reckless misappropriation of money or other property; or any attempt, conspiracy, or solicitation of another to commit any of the foregoing crimes."

**TEXAS RULES OF DISCIPLINARY PROCEDURE, RULE 8.01 – "Compulsory Discipline, Generally"**

"When an attorney licensed to practice law in Texas has been convicted of an Intentional Crime or has been placed on probation for an Intentional Crime with or without an adjudication of guilt, the Chief Disciplinary Counsel shall initiate a Disciplinary Action seeking compulsory discipline pursuant to this part. The completion or termination of any term of incarceration, probation, parole, or any similar court ordered supervised period does not bar action under this Part VIII of these rules as hereinafter provided. Proceedings under this part are not exclusive in that an attorney may be disciplined as a result of the underlying facts as well as being disciplined upon the conviction or probation through deferred adjudication."

**TEXAS RULES OF DISCIPLINARY PROCEDURE, RULE 8.05 – "Disbarment"**

"When an attorney has been convicted of an Intentional Crime, and that conviction has become final, or the attorney has accepted probation with or without an adjudication of guilt for an Intentional Crime, the attorney shall be disbarred unless the Board of Disciplinary Appeals, under Rule 8.06, suspends his or her license to practice law. If the attorney's license to practice law has been suspended during the appeal of the criminal conviction, the Chief Disciplinary Counsel shall file a motion for final judgment of disbarment with the Board of Disciplinary Appeals. If the motion is supported by affidavits or certified copies of court documents showing that the conviction has become final, the motion shall be granted without hearing, unless within ten days following the service of the motion pursuant to Rule 21a of the Texas Rules of Civil Procedure, upon the attorney so convicted or his or her attorney of record, the attorney so convicted files a verified denial contesting the finality of the judgment, in which event the Board of Disciplinary Appeals will immediately conduct a hearing to determine the issue. If no Disciplinary Action is pending at the time the conviction becomes final, disbarment shall be initiated by filing a Disciplinary Action.

**TEXAS RULES OF DISCIPLINARY PROCEDURE, RULE 8.06 – "Suspension"**

16

"If an attorney's sentence upon conviction of a Serious Crime is fully probated, or if an attorney receives probation through deferred adjudication in connection with a Serious Crime, the attorney's license to practice law shall be suspended during the term of probation. If an attorney is suspended during the term of probation, the suspension shall be conditioned upon the attorney's satisfactorily completing the terms of probation. If the probation is revoked, the attorney shall be disbarred. An early termination of probation does not result in reinstatement until the entire probationary period, as originally assessed, has expired."