```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION

JOHN WARD, JR.                                          PLAINTIFF

        v.            Civil No. 08-4022

CISCO SYSTEMS, INC. and
RICK FRENKEL                                            DEFENDANT
```

## ORDER

Now on this 13th day of November, 2009, comes on for consideration **Cisco System, Inc.'s Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted** (document #70) and the responses and replies thereto. The Court, being well and sufficiently advised, finds and orders as follows:

1. Plaintiff's First Amended Complaint (hereinafter "amended complaint"), filed on June 2, 2009, includes the claims of defamation, outrage, and false light against the defendant Cisco Systems, Inc. (hereinafter "Cisco"). The claims stem from publications on an internet blog – www.trolltracker.blogspot.com. The blog allegedly accused the plaintiff, an attorney, of "criminal conduct, unethical conduct, and conduct unbefitting of an officer of the Court."

2. Cisco moves to dismiss the amended complaint. In the motion to dismiss, Cisco claims that:

    * the amended complaint does not contain facts sufficient to support the tort of outrage; and,

    * the remaining claims of defamation and false light should

be dismissed because of plaintiff's failure to verify the allegations under oath as allegedly required by Arkansas Code Annotated § 16-63-501, *et seq*.

    3.   When ruling on a 12(b)(6) motion, the Court looks to the standard explained by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007):

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Under <u>Bell Atlantic</u>, a complaint must assert facts that affirmatively and plausibly suggest that the plaintiff has the right it claims, rather than facts that are merely consistent with such a right. *See* <u>Gregory v. Dillard's, Inc.</u>, 565 F.3d 464, 473 (8th Cir. 2009).

    4.   Initially, the Court notes that with the filing of document #73 ten days after the filing of the instant motion to dismiss, the plaintiff has now verified his pleading under oath, as allegedly required by Arkansas Code Annotated § 16-63-501, *et seq*. Cisco, in its reply brief filed as document #82,

acknowledges the plaintiff's verification and withdraws its motion to dismiss on this issue.  The Court, therefore, finds the issue to be moot, and will deny the instant motion with respect to Cisco's argument concerning the Arkansas statute.

    5.   The Court now turns to Cisco's argument concerning the tort of outrage.  Under Arkansas law, "[t]he test for outrage is an extremely narrow test that is committed by the most heinous conduct."  <u>Forrest City Mach. Works, Inc. v. Mosbacher</u>, 851 S.W.2d 443, 447 (Ark. 1993).   The conduct must be "extreme and outrageous" and "beyond all possible bounds of decency" and it must be conduct which is "utterly intolerable in a civilized community."  <u>Crockett v. Essex</u>, 19 S.W.3d 585, 589 (Ark. 2000).

    Cisco argues that plaintiff's claim for outrage should be dismissed for two reasons:

    * first, because he failed to plead one of the essential elements of the tort: "that the emotional distress he sustained was so severe that no reasonable person could be expected to endure it;" and,

    * second, because the amended complaint does not allege conduct sufficiently outrageous to support the claim of outrage.

    The plaintiff responds that his complaint sufficiently sets forth a complaint for outrage and that Cisco's first argument ignores the "notice pleading standard in favor of a 'formulaic recitation of the elements' of outrage."  The plaintiff also argues that the facts pled in his 24 page, 103 paragraph pleading

*are* sufficient to support his claim of outrage.

6. Taking all allegations in the complaint as true and viewing the facts set forth in the complaint in the light most favorable to the plaintiff, the Court finds that plaintiff's complaint sufficiently sets forth a claim for outrage. Cisco's motion to dismiss should be, and it hereby is, **denied.**

**IT IS SO ORDERED.**

<u>/s/ Jimm Larry Hendren</u>
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE