IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C. A. NO. 08-4022 |
| | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT CISCO SYSTEMS, INC.'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE DISTRICT COURT JUDGE:

Cisco Systems, Inc. ("Cisco") hereby files its Reply Brief in Support of its Motion for Partial Summary Judgment. By its Motion, Cisco requests that summary judgment be entered dismissing Plaintiff's claims for the torts of outrage (Count 2) and false light invasion of privacy (Count 3), because Texas law, not Arkansas law, governs Plaintiff's claims, and Texas does not recognize those causes of action.

**A.     Local Rule 56.1 Does Not Require Denial of Cisco's Motion.**

Plaintiff John Ward, Jr. first argues that Cisco's Motion for Partial Summary Judgment (the "Motion") should be denied because of noncompliance with Local Rule 56.1. Cisco's noncompliance, if any, was purely nonsubstantive.[1] By its Motion, Cisco plainly and concisely informed the Court of the undisputed facts supporting its Motion – facts Ward does not even attempt to deny or refute in his Response. Of course, it would be futile for Ward to attempt to deny or refute the undisputed facts set forth by Cisco, because virtually every one of them is

---

[1] In addition, unlike the Court's Local Rule 7.2(g), Local Rule 56.1 does not provide for denial of a motion due to noncompliance.

Dockets.Justia.com

derived from either (a) Ward's live pleading in this case, or (b) the deposition testimony of Mr. Ward himself.[2]

The undisputed facts are what they are:  derived from Mr. Ward's own admissions. Accordingly, being undisputed by Mr. Ward, Cisco's Motion should be considered on the basis of those facts.

**B.     Cisco Has Not Acquiesced to the Application of Arkansas Law.**

The bulk of Plaintiff's Response is devoted to the false proposition that Cisco has acquiesced to the application of Arkansas law.  Cisco emphatically not acquiesced to the application of Arkansas law.  Indeed, Ward has not pleaded any cause of action under Arkansas law, preferring instead to plead generic common-law causes of action with no reference to any particular state.

More importantly, the history of this case and Ward's own pleadings and briefs establish that Cisco has resisted litigating this case in Arkansas and under Arkansas law – and Ward has consistently pleaded facts under which Texas law should be applied.  To begin with, it is worth recalling that Ward originally filed this case in the 188th Judicial District Court of Gregg County, Texas.[3]  In Ward's First Amended Petition in the Gregg County lawsuit, Ward represented to the court the following:

> Plaintiff has resided in and been licensed to practice law in the State of Texas since November 3, 1995.  He has practiced law, almost exclusively in the Eastern District of Texas, since 1997. . . . He has been involved in representing clients in Federal Courts in the Eastern District of Texas since 1997.

---

[2] The only other source of undisputed facts come from the deposition of Mr. Robert Chiaviello, a Dallas attorney and Mr. Ward's co-counsel on a number of patent cases in the Eastern District of Texas.  Ward does not dispute the few facts from Mr. Chiaviello's deposition cited by Cisco.

[3] *See* Exhibit A to Cisco's Motion to Dismiss For Improper Venue, or in the Alternative, Motion to Transfer Venue (Docket No. 4).

Exhibit A to Cisco's Motion to Dismiss For Improper Venue, or in the Alternative, Motion to Transfer Venue (Docket No. 4), at p. 4.

After Ward filed the present lawsuit, the very first document Cisco filed was its Motion to Dismiss For Improper Venue, or in the Alternative, Motion to Transfer Venue, in which it sought relief because:

> none of the events or omissions giving rise to the lawsuit occurred in Arkansas, so this is an improper district under 28 U.S.C. § 1391(a)(2); and the Tyler Division [of the Eastern District of Texas] is a proper venue under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this lawsuit occurred in Gregg County, Texas, so this is an improper venue under 28 U.S.C. § 1391(a)(3).

Cisco's Motion to Dismiss For Improper Venue, or in the Alternative, Motion to Transfer Venue (Docket No. 4), at 1.

Significantly – and inconveniently for Ward's present position – in responding to Cisco's Motion to Dismiss or Motion to Transfer, Ward did *not* argue that the case should not be transferred to the Eastern District of Texas (as requested by Cisco) because Arkansas had a greater or closer relationship to the operative facts giving rise to the litigation, but *precisely the opposite*: that because the case was so deeply intertwined with the Clerk's Office of the Eastern District of Texas, and because Ward's father is a United States District Judge in the Eastern District of Texas, transfer of venue to the Eastern District of Texas would likely result in the case being transferred out of that District:

> First, this case presents a confluence of highly unique circumstances involving the relationship between the Plaintiff and key witnesses, on the one hand, and the Eastern District of Texas bench, on the other. *This is because Cisco's defamatory statements tortiously alleged that criminal acts were committed by (1) a clerk currently employed by the Eastern District of Texas, and (2) the son of a judge sitting on the Eastern District of Texas bench.*
>
> Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under the circumstances here, such a question

may arise.  At the very least, this is something with which the entire Eastern District of Texas bench may have to contend.

As a consequence, any transfer to the Eastern District may result in yet another transfer, out of the Eastern District.

Plaintiff's Response in Opposition to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue (Docket No. 15), at 7-8 (emphasis added).  In sum, Ward has repeatedly confirmed that his case is deeply tied to Texas, and has no relationship to Arkansas.

Plaintiff forgets other important facts in opposing Cisco's Motion.  Notably, Cisco's Original Complaint in this case made clear that Defendant was asserting its defenses under the applicable state constitution and applicable state laws, in addition to Arkansas law.  (Docket No. 8 at ¶¶33-34).  When Cisco answered Plaintiff's First Amended Complaint, Cisco again asserted its defenses under the applicable state constitution and applicable state laws.  (Docket No. 71 at ¶¶57-58).  Plaintiff can hardly claim surprise and prejudice when Cisco has cited to Texas law, in addition to Arkansas law, as it was unclear what law the Court would apply.  (Docket No. 101 at p. 14, 103 at p. 5; 109 at p. 7; 115 at p. 8; 115 at pp. 9, 12; 115 at pp. 13, 19).  Indeed,  Plaintiff himself has repeatedly cited to Texas law and has asked this Court to follow Judge Schell's rulings in *Albritton v. Cisco*, where Texas law was applied.  (Docket No. 59 at p. 17; 64 at p. 8; 113 at p. 30;  130 at p. 19, 29; 64 at pp. 7-9, 27-28; 113 at pp. 20-21; 116 at pp. 4,10-11; 130 at pp. 17-18, 20, 23, 28).

## C.    Cisco Has Timely Raised the Choice-of-Law Issue.

Cisco has not waived or untimely raised the choice-of-law issue.[4]  Ward's cases on this point are inapposite.  In Ward's principal case, *Global Petromarine v. G.T. Sales & Mfg., Inc.*,

---

[4] Cisco did not have to plead Texas law in its Answer.  In this regard, *Wisland v. Admiral Beverage Corp.*, 119 F.3d 799 (8th Cir. 1997), is directly on point.  In that case, as here, the defendant stated in his pleading that the plaintiff's claim was barred by the "applicable" state law (in that case, the statue of limitations).  *Id.* at 737.  The Eighth Circuit held that the pleading "was sufficient to put Wisland on notice that related issues concerning the choice of state law… might be involved."  *Id.*

577 F.3d 839 (8th Cir. 2009), the Eighth Circuit held that moving for the application of another state's substantive law was untimely when the moving party raised the issue *only after the trial court had ruled on the merits* of the claim on which the choice-of-law issue was raised. *See id*. at 845. That certainly is not the case here – Cisco plainly has raised the choice-of-law issue as a predicate of deciding Plaintiff's claims for the torts of outrage and false light invasion of privacy. *Lott v. Levitt*, 556 F.3d 564 (7th Cir. 2009), is even less helpful to Ward, as in that case, the Plaintiff expressly and affirmatively agreed with the Defendants that, for purposes of deciding motions to dismiss, the Defendants' chosen law applied. It should go without saying that *Lott* has no application to this case.

Likewise, in *Muslin v. Frelinghuysen Livestock Managers, Inc.*, 777 F.2d 1230, 1231 n.1 (7th Cir. 1985), the court merely observed that parties are free to "stipulate the substantive law to be applied to their dispute," and the *Muslin* court found that to have been done in the case before it because either the parties agreed to the application of one state's law or neither party objected to the trial court's application of New York law. Again, the facts could not be more different here.

And *Advanced Medical, Inc. v. Arden Medical Systems, Inc.*, 1990 U.S. Dist. LEXIS 11819 (E.D. Pa. 1990), is not helpful to Ward, either. In that case, the party raising the choice-of-law issue did not do so until *after trial*. At trial, the party objected to an instruction on punitive damages under Pennsylvania law rather than Minnesota law – but did not offer an instruction under Minnesota law. See id. at *8. In fact, the defendant in Advanced Medical waived its choice-of-law issue even before trial:

> In the present case, defendants asserted that Minnesota law should be applied in summary judgment briefs, their pretrial memorandum and in proposed jury instructions. On the motion for summary judgment, the court applied Pennsylvania law since the parties had identified no true conflict between

Minnesota and Pennsylvania law. *Advanced Medical, Inc. v. Arden Medical Systems, Inc.,* No. 87-3059, slip op. at 3, n.2 (E.D. Pa. December 5, 1988). Defendants have neither challenged this determination nor subsequently identified any conflict prior to post trial motions. *By neither filing a proposed punitive damages instruction under Minnesota law nor objecting to the application of Pennsylvania punitive damages law, defendants failed to alert the court to a conflict in punitive damages law and accepted the application of Pennsylvania law. Under these circumstances, defendants have waived this argument.*

*Id*. at *11-*12 (emphasis added). The facts of this case are entirely different. Cisco has not waived its choice-of-law issue.

**D.    Cisco is Not Barred From Asserting Texas Law by Judicial Estoppel.**

Plaintiff's argument that judicial estoppel bars the application of Texas law is without merit. Judicial estoppel simply does not apply to Cisco's Motion. Judicial estoppel is a doctrine that "prevents a party from *denying a state of facts* that he has previously asserted to be true if the party to whom the representation was made has acted in reliance on the representation and will be prejudiced by its repudiation." *Total Petroleum, Inc. v. Davis*, 822 F.2d 734, 736 (8th Cir. 1987) (emphasis added). The issue here is the applicable law, not a factual allegation.[5] Therefore, the doctrine of judicial estoppel does not even apply.

Second, the doctrine of judicial estoppel does not apply because Cisco has not succeeded in maintaining a contrary position in a prior legal proceeding. Judicial estoppel applies only where "a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (citations omitted). Here, Defendant has never argued (much less succeeded on the merits) that Arkansas law applies, and therefore the doctrine does not apply. *See id.* Indeed, as Plaintiff is aware, Defendant litigated

---

[5] For instance, in the case relied on by Plaintiff, the Court prevented a party from claiming certain assets where he had an affirmative duty to disclose the assets in a prior bankruptcy proceeding but failed to do so, instead taking <u>factual</u> the position that he had no legal claims that would constitute an asset to his estate. *Goodwin v. Conagra Poultry Co.*, No. 03-CV-1187, 2006 U.S. Dist. LEXIS 21965, at *7 (W.D. Ark., Mar. 28, 2006). This is clearly different than arguing under both potentially applicable state laws until choice-of-law issue is decided by the Court.

the *Albritton* case under Texas law, and Defendant has asserted that Texas law should apply here.

Finally, judicial estoppel does not apply here because Defendant has not taken a "clearly inconsistent" position.  Defendant pleaded all applicable state laws in its Original Answer, and Defendant was entitled to argue both potentially applicable laws until the Court decided the choice-of-law issue.  FED. R. CIV. P. 8(d)(2).

Moreover, application of the doctrine of judicial estoppel here would be inconsistent with case law holding that pleading defenses under one state's law does not waive its defenses under another state's law.  *See Wisland*, 119 F.3d at 737.  Even if Cisco had only pleaded Arkansas law, it still would not have waived its defenses under Texas law.  *See Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 361 (8th Cir. 1997)  (holding that pleading a defense under the wrong choice of law did not waive the defense).

### E.    Texas Law Governs Plaintiff's Claims.

Cisco will not repeat the reasons Texas law applies to plaintiff's claims; those arguments are set forth at length in Cisco's Motion.  Cisco will simply reply to plaintiff's argument that Arkansas law should be applied.

Ward argues that the fact that Ward is not an Arkansas resident is not determinative of the choice-of-law issue.  *See* Plaintiff's Response at 10-11.  That is true.  What is determinative is the fact that Ward is a Texas resident, has a Texas law license (but is not licensed in Arkansas), the case about which Cisco's allegedly defamatory statements were made (the *ESN* case) was filed in Texas, Cisco's allegedly defamatory statements were about the conduct of a Texas lawyer filing the *ESN* lawsuit in Texas and the Clerk of the United States District Court for the Eastern District of Texas, Ward's claims against Cisco originally were filed in Texas state

court, and (as explained above) Ward's argument for not transferring this case to Texas was because the case was *too* rooted in the Eastern District of Texas. Ward states that "Arkansas has a significant relationship to the parties and issues," Plaintiff's Response at 14, but Ward does not, and cannot, argue that Arkansas has *the most* significant relationship to the facts and parties.[6] Texas plainly has the most significant relationship to the facts and parties.

Professor Leflar's analysis also is discussed in Cisco's Motion, and will not be repeated here. Ward's argument about the Leflar factors boils down to his assertion that Arkansas has "better laws" because Texas does not recognize the torts of outrage or false light, and Texas has caps on punitive damages. *See* Plaintiff's Response at 14. In short, Plaintiff is arguing that, despite the utter lack of any relationship between Arkansas and the facts of this case, Arkansas law should apply because Ward believes he could receive a windfall here. That is not the law in the Eighth Circuit.

The case cited by Ward in support of his argument that the forum with the most pro-plaintiff law always wins is *Lee v. Overbey*, 2009 U.S. Dist. LEXIS 66347 (W.D. Ark. July 31, 2009), which concerned a vehicular collision in Texas. In *Lee*, the plaintiff was the representative of the estate of an Oklahoma resident who wished to apply Arkansas law, while the defendants were an Arkansas resident and an Arkansas corporation, who wanted the court to apply Texas law. *Id.* at *1-*2.

The *Lee* court observed that under the first element of Prof. Leflar's choice-of-law test, "the state where the defendant is domiciled may have a greater interest in seeing its law applied if the vehicle was registered and insured in the same state, particularly because of the

---

[6] Plaintiff's only argument for claiming that Arkansas has any relationship to this case is the fact that Arkansas is next door to Texas. Although Ward claims that his reputation was harmed in Arkansas, he cites no evidence for that proposition.

involvement of insurance companies and contracts made in that state." That factor favored Arkansas law, but is completely without relevance to this case, as neither Ward nor Cisco resides or is domiciled in Arkansas.

The *Lee* court also found that, under the fourth factor of Leflaar's test, the forum state has an interest in its law being applied in cases where the facts have a substantial relationship to the forum state. *Id*. at *6. The court also observed that Texas did not have much interest in the case because no Texas resident was involved:

> [D]espite being the state in which the accident occurred, Texas does not have a particular interest in providing compensation to this Plaintiff. No Texas citizen is involved in the subject of this litigation. And this controversy deals strictly with a dispute between an Oklahoma plaintiff and Arkansas defendants. Texas's policies should not be offended by the application of another state's law.

*Id*. at *6-*7. The Lee court went on to find as follows:

> Texas does not have a particular interest in this litigation as Texas is not the forum state, no Texas resident is involved in the subject of the litigation, and Texas has no interest in providing compensation to a nonresident plaintiff.

*Id*. at *8-*9. Here, of course, the facts are entirely different: Texas is the state where the operative facts occurred, this case involves not only a Texas resident but a member of the Texas bar, the facts include conduct by the clerk's office of a court sitting in Texas, and Texas has an interest in the compensation received by a Texas resident.

It was only after making all of these findings that favored the application of Arkansas law – and finding that the other Leflar factors favored neither party – that the *Lee* court added the observation that more generous compensation under Arkansas law favored the application of Arkansas law. For Ward, however, the *only* factor that might favor the application of Arkansas law is the windfall he might receive under Arkansas law – but neither *Lee* nor any other case cited by Plaintiff suggests, much less holds, that the fifth Leflar factor is dispositive. It is not; it is the fifth of five factors which are to be considered only after the Court decides which state has

the most significant relationship to the case.  *See Lane v. Celadon Trucking, Inc.*, 543 F.3d 1005, 1010 (8th Cir.2008).

As demonstrated in Cisco's Motion, and as demonstrated by the cases cited therein, which Plaintiff has not distinguished in his Response, Texas has the most significant relationship to this case, and the Leflar factors favor the application of Texas law.  Accordingly, Texas law should be applied to this case.

**F.      Conclusion.**

Because Texas law applies to this lawsuit, and because Texas does not recognize the torts of outrage or false light invasion of privacy, Cisco is entitled to summary dismissal of those claims and its Motion should be granted.  Accordingly, for the reasons set forth above and for the reasons set forth in Cisco's Motion, Cisco requests that the Court find and order that Texas substantive law applies to and governs all of Plaintiff's claims against Cisco, and to Cisco's defenses to Plaintiff's claims, and that Cisco be granted a summary judgment of dismissal against Plaintiff's claims for false light invasion of privacy and outrage.

Respectfully submitted,

JACKSON WALKER L.L.P.


*/s/ Kurt Schwarz*
Charles L. Babcock
Federal Bar No.: 10982
Email: cbabcock@jw.com
Richard E. Griffin
Arkansas Bar No.: 63020
Email: rgriffin@jw.com
Crystal J. Parker
Federal Bar No.: 621142
Email: cparker@jw.com
1401 McKinney
Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax
Kurt A. Schwarz
Jackson Walker L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Telecopier: (214) 953-5822

ATTORNEYS FOR CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

This is to certify that on November 16, 2009, a true and correct copy of the foregoing was served via electronic mail upon:

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
***Attorney for Plaintiff John Ward, Jr.***

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
***Attorney for Plaintiff John Ward, Jr.***

Courtney Towle
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas  75505-5398
***Attorney for Plaintiff John Ward, Jr.***

Geoffrey P. Culbertson
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas  75505-5398
***Attorney for Plaintiff John Ward, Jr.***

James Holmes
Law Office of James Holmes, P.C.
605 South Main, Suite 203
Henderson, Texas  75654
***Attorney for Plaintiff John Ward, Jr.***

/s/ Kurt Schwarz
Kurt Schwarz