IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN WARD, JR.                    §
                                  §
                                  §    C. A. NO. 08-4022
v.                                §    JURY TRIAL DEMANDED
                                  §
CISCO SYSTEMS, INC.               §

**CISCO SYSTEMS, INC.'S MOTION AND BRIEF FOR MAGISTRATE JUDGE TO
RECONSIDER ORDER DENYING CISCO'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS BASED ON MISREPRESENTATIONS TO THE COURT**

TO THE HONORABLE DISTRICT JUDGE:

Defendant Cisco Systems, Inc. hereby files this Motion and Brief for Magistrate Judge to

Reconsider Order Denying Cisco's Motion to Compel Production of Documents (the "Order")

Based on Misrepresentations to the Court.

## I.    INTRODUCTION

Defendant Cisco seeks reconsideration of the Order denying Cisco discovery concerning

Plaintiff's financial records because the Order was based on Plaintiff's misrepresentations to the

Court. First, in resisting Cisco's discovery, Plaintiff's counsel represented to Judge Setser that

Plaintiff was not seeking damage to his professional reputation:

Peden (on behalf of Plaintiff): [W]e are not seeking lost profit damages in this case.

Parker (on behalf of Cisco): <u>So, what about professional reputation</u>?

Peden: <u>We are not seeking damages for that</u>.

Judge Setser: <u>For professional reputation</u>?

Peden: <u>Right</u> […]   We are not going to go in front of the jury and tell them that Mr.
Ward lost business because of

Judge Setser: Okay.

1

Dockets.Justia.com

Peden:  these articles.

(Transcription of the Court's electronic recording of the hearing, <u>Exhibit A</u> at 17-18).  (emphasis added).  Based upon these representations, the Court denied Cisco the sought after discovery.  However, just days after this statement was made to the Court, Plaintiff's counsel admitted that Plaintiff was in fact seeking damage to his professional reputation and all other aspects of his reputation.

> "Ward will claim to the jury that his reputation has been harmed.  His claim will include all aspects of his reputation."

(<u>Exhibit</u> B at p. 2.).

Counsel for Plaintiff also represented to the Court that Plaintiff would not present expert testimony concerning damage to his reputation.

> Judge Setser:  Next, is sort of another group I've put together.  It's request numbers 4 and 5, "Documents relating to plaintiff's contention that he sustained monetary damages"… numbers 9 and 11, "the tax returns for the plaintiff and his firm, balance sheets, income statements…" basically all documents… the defendant has requested relating to plaintiff's damages basically… [T]his is to the plaintiff.-- are you going to have an expert on the damages issue?
>
> Peden: No, your honor.

(<u>Exhibit A</u> at 13-14).  Less than a week after representing to Judge Setser that he would not designate an expert on damages, Plaintiff in fact designated an expert who will testify concerning Plaintiff's allegation of damage to his reputation.  (<u>Exhibit C</u>).  The alleged expert states that 'it is clear to me that the reputation of John Ward, Jr. has been harmed" and he further opines that the blog appears "designed to publicly implicate Johnny Ward as an unethical East Texas attorney." (Id.)  The Court should reconsider the Order because it was denied based on these representations by Plaintiff's counsel to the Court.

The Order denying Cisco critical, important discovery should be set aside and Cisco should be permitted discovery of the relevant evidence on Plaintiff's professional reputation.

5661486v.1

Failure to set aside the order and permit such discovery is an injustice and thus the Court should exercise its discretion to permit Cisco to obtain this sought after discovery. Plaintiff should not be permitted to argue to the jury that Plaintiff's reputation as a lawyer has suffered, yet prevent Cisco from discovery of evidence that in truth his business is flourishing, and his alleged reputation has not suffered.

## II.    FACTUAL BACKGROUND

**Ruling on Cisco's motion to compel.**  As the Court is aware, Cisco sought discovery concerning Plaintiff's professional reputation, his finances and Plaintiff's clients and matters after the complained-of articles, in part because of a claimed injury to his reputation and his alleged mental anguish. (Cisco's First Request for Production, Exhibit D).

Cisco's motion to compel was heard by Magistrate Judge Setser. In an obvious effort to avoid producing relevant documents, Plaintiff's counsel made misrepresentations concerning Plaintiff's claims, including the representation that Plaintiff was not seeking damage to his professional reputation, (Exhibit A at 17-18) and that Plaintiff would not present expert testimony concerning damage to his reputation (Exhibit A at 13-14). Judge Setser denied the Motion to Compel with respect to Plaintiff's financial and medical documents based on these representations to the Court.

Notwithstanding Plaintiff's representations to the Court, Plaintiff's counsel advised Defendant after the hearing that he was seeking damage to his professional reputation. (Exhibit B). In addition, less than a week after representing to Judge Setser that he would not designate an expert on damages, Plaintiff designated an expert who will testify concerning Plaintiff's allegation of damage to his reputation. (Exhibit C). It is clear that his alleged expert report is based on allegations of harm to Plaintiff's reputation as a lawyer, as the expert admits that his

report is based on search engine searches of terms such at "Johnny Ward Texas lawyer" and "john ward attorney texas." (*Id.*)

### III.   ARGUMENTS AND AUTHORITIES

The Court should reconsider the Order and grant Cisco the material discovery it seeks. Specifically, Defendant requests that the Court order Plaintiff to respond fully to Request Nos. 4-5, 9, 11 and 17.

Request No. 4 asks:

Produce all documents relating to your contention in paragraph 19 of the Complaint that as a result of the complained-of Article, "Plaintiff sustained monetary damage," including all documents relating to the amount of such monetary damages.

Request No. 5 asks:

Produce all documents relating to your contention in paragraph 19 of the Complaint that as a result of the complained-of Article, Plaintiff has suffered "damages to his business," including all documents relating to the amount of such damage.

Request No. 9 asks:

Produce John Ward, Jr. and Ward & Smith Law Firm's tax returns for 2002 through the present.

Request No. 11 asks:

Produce all annual and interim balance sheets, income statements, and statements of cash flows for the Ward & Smith Law Firm for 2002 through the present.

Requests No. 17 asks:

Produce all documents relating to all of Plaintiff's new matters or clients since October 16, 2007, including but not limited to engagement letters concerning such clients and matters.

1.   **The Court should reconsider the Order denying Cisco documents other than tax returns so that Cisco may rebut Plaintiff's claims of reputational harm and mental anguish.**

Despite Plaintiff's counsel's representations at the hearing on Cisco's Motion to Compel that Plaintiff was not claiming damages to his professional reputation, Plaintiff now makes clear that he intends to claim damage to his reputation as an attorney and that he suffered mental anguish.  Notwithstanding Plaintiff's representation to the contrary to this Court, Plaintiff will also argue that he is entitled to damages for reputational harm because of lost business allegedly caused by the complained-of articles.  He also admits that other witnesses will testify that Plaintiff lost business because of the articles.

Notwithstanding his counsel's representation to the Court that Plaintiff was not designating an expert on his alleged damages, Plaintiff has recently designated an expert who will testify that the internet articles damaged Plaintiff's reputation as an attorney because individuals doing internet searches for terms like "Johnny Ward Texas lawyer" would locate the complained-of articles.  (Exhibit C).  The alleged expert opines that "the reputation of John Ward, Jr. has been harmed" and allegedly the articles "implicated Johnny Ward as an unethical East Texas attorney."  Cisco is entitled to discovery in light of Plaintiff's change of positions and playing fast and loose with the Court.

Cisco expects that if Plaintiff's counsel had not made these representations in resisting discovery, the Court would have required Plaintiff to respond to the discovery regarding those claims.  Cisco is clearly entitled to this discovery to rebut Plaintiff's claims of "professional reputational" harm and mental anguish.  *See Dunlap v. Midcoast-Little Rock, Inc.*, 166 F.R.D. 29, 30 (E.D. Ark. 1995) (holding that tax returns were relevant to the plaintiff's claims of mental anguish damages because of the plaintiff's claim that he suffered depression due to his inability

to work and financial problems caused by the Defendant); *Rogers v. Rogers*, Ca. No. DR200-1602-4, 2007 WL 2713580 (Ark. App., Sept. 19, 2007) (Exhibit E) (holding that records regarding the income and assets of a law firm were relevant where an attorney in the firm had put his earning ability at controversy by filing a motion to reduce child support); *FMC Corp. Inc. v. Helton*, 202 S.W.3d 490, 478 (Ark. 2005) (holding that the lower court properly permitted cross examination concerning tax returns where the plaintiff alleged emotional distress).

The financial records of a plaintiff alleging defamation and resulting reputational damages are evidence concerning not only the existence of damages, but also the proper amount of damages. *See Northport Health Services, Inc.*, 158 S.W.3d 164 (Ark. 2004) (Holding with respect to damage to reputation in a defamation case that "[T]he jury was privy to the base pay and experience of [the plaintiffs] and could calculate appropriate damages in connection with the defamation"). Indeed, it is one of the few, if not the only, tangible thing the jury could evaluate to determine whether Plaintiff was indeed damaged. Plaintiff's financial records and records of new clients are thus relevant and discoverable. *See* Fed. R. Civ. P. 26(b).

The requested documents are also relevant to Plaintiff's claim concerning mental anguish. Courts[1] have historically been hesitant to allow recovery for mental anguish, noting the difficulty of distinguishing "between shades and degrees of emotion," some of which allow for recovery, and others of which do not. *See, e.g., Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995). Even if the Court determines that Arkansas law applies,[2] to prove Plaintiff's outrage claim Plaintiff must prove that he suffered mental anguish "so severe that no reasonable person could be expected to endure it." *See Schmidt v. Stearman*, 253 S.W.3d 35, 44 (Ark. App. 2007). In short, the discovery sought is permissible regardless of choice of law.

---

[1] Texas law should apply for the reasons set forth in Defendant's Motion for Summary Judgment and supporting briefing. Defendant cites to both Texas and Arkansas law because this issue has not yet been decided.

[2] Cisco has asked the district court to apply Texas law.

6

The Texas Supreme Court has acknowledged that "direct evidence of the nature, duration and severity of mental anguish, thus establishing a substantial disruption in the plaintiff's daily routine" must be shown to recover damages for mental anguish and "can be readily supplied or procured by the plaintiff." *Id.* For this reason, to show mental anguish, the plaintiff must show both (1) evidence of compensable mental anguish and (2) evidence to justify the amount awarded. *Saenz v. Fidelity & Guaranty Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996).

Here, Cisco has sought the exact evidence that is relevant and possibly even case dispositive regarding Plaintiff's claim for mental anguish. Plaintiff's financial records, which would show whether his alleged mental anguish affected his ability to work, are directly relevant to the nature, duration and severity of his mental anguish. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) ("If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state.")[3]

Such evidence is essential because an award of mental anguish damages must not be simply a disapprobation of the defendants' conduct, but rather a "fair assessment" of the plaintiff's injury. *Bentley v. Bunton*, 94 S.W.3d 561, 605 (Tex. 2002) (reversing an award of $7 million in mental anguish damages on the basis there was insufficient evidence that the amount would "fairly and reasonably compensate" the plaintiff for his loss). "[T]here must be evidence that the amount found is fair and reasonable compensation, just as there must be evidence to support any other jury finding." *Id.* at 606.

The Court should reconsider the Order because the Order was based on these misrepresentations and deprives Cisco of powerful, critical, probative evidence to rebut Plaintiff's claims.

---

[3] The Plaintiff certainly puts his psychological state at issue saying the articles caused him sleep problems. Exhibit F at p. 18.

**2.      The Court should reconsider the Order denying Defendant tax returns so that Cisco may rebut Plaintiff's claims of reputational harm and mental anguish.**

While most financial records are discoverable merely because they are relevant, many courts have held that tax returns are discoverable only when there is a compelling need for the record—that is, when the information is not "readily obtainable from another source." *See E.E.O.C. v. Ceridian Corp.*, 610 F. Supp.2d 995, 997 (D. Minn. 2008). The Plaintiff has the burden to show that the information in the tax returns is obtainable elsewhere. *Id.* Only upon such a showing can the plaintiff avoid production of the tax returns. *Id.*

Plaintiff cannot meet his burden to show that the information in the tax returns is obtainable elsewhere. Plaintiff has refused to produce any discovery regarding his finances, and his attorneys have claimed that they will not permit Plaintiff or his wife to testify regarding their finances. (Email from Patricia Peden, <u>Exhibit G</u>). Indeed, Plaintiff has refused to produce any documents relating to his finances and his claims that he has lost business because of the complained-of articles or that his reputation has been harmed. Therefore, Cisco does not have an alternative source for Plaintiff's financial information, and therefore Plaintiff must produce his tax returns. *Id.* Plaintiff chose to put his finances at issue when he claimed professional reputational harm in this lawsuit and therefore cannot now complain that this information is too personal. *See Dunlap*, 166 F.R.D. at 30. Moreover, Cisco has already agreed to a protective order that would limit the use of the documents to this lawsuit.

For these reasons, the Court should reconsider the Order denying Defendant this probative evidence and should order Plaintiff to respond fully to Request Nos. 4 and 5, 9, 11, and 17.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: */s/ Charles L. Babcock*
     Charles L. Babcock
     Federal Bar No.: 10982
     Email: cbabcock@jw.com
     Crystal J. Parker
     Federal Bar No.: 621142
     Email: cparker@jw.com
     1401 McKinney
     Suite 1900
     Houston, Texas 77010
     (713) 752-4200
     (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF CONFERENCE

The parties have conferred in good faith on the specific issues in dispute in this Motion, and they are not able to resolve their disagreements without the intervention of the Court.

*/s/ Charles L. Babcock*
Charles L. Babcock

Attorney in Charge for Cisco Systems, Inc.

9

## CERTIFICATE OF SERVICE

This is to certify that on this 16th day of November, 2009, a true and correct copy of the foregoing was served via electronic mail upon:

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
***Attorney for Plaintiff John Ward, Jr.***

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
***Attorney for Plaintiff John Ward, Jr.***

Courtney Towle
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas  75505-5398
***Attorney for Plaintiff John Ward, Jr.***

Geoffrey P. Culbertson
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas  75505-5398
***Attorney for Plaintiff John Ward, Jr.***

James Holmes
Law Office of James Holmes, P.C.
605 South Main, Suite 203
Henderson, Texas  75654
***Attorney for Plaintiff John Ward, Jr.***

*/s/ Charles L. Babcock*
Charles L. Babcock

5661486v.1