# EXHIBIT "B"

Dockets.Justia.com

| | |
|---|---|
| From: | Patricia L. Peden [ppeden@pedenlawfirm.com] |
| Sent: | Thursday, November 12, 2009 6:41 PM |
| To: | Parker, Crystal |
| Cc: | Babcock, Chip; Griffin, Richard; Moran, David; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy; 'Marcie Long'; 'Courtney Towle'; jh@jamesholmeslaw.com; 'Nick Patton' |
| Subject: | Cisco's next motion for reconsideration |

Crystal:
I write to address your questions below.
First, I am assuming that you are referring to the Campbell Expert Report. Mr. Campbell is not a damages expert—he is not taking the stand to tell the jury the amount of Ward's damages or that Ward has suffered lost profit damages.

JS: Request Nos. 4 & 5 documents relating to plaintiff's contention that he sustained monetary damages, damage to his business, tax returns actually it's Nos. 9 & 11, the tax returns for the plaintiff and his firm, balance sheets, income statements, and Request No. 17, documents relating to the new matters or clients since October 16, 2007. Basically all documents Defendant has requested relating to Plaintiff's damages. First, to the Plaintiff, are you going to have an expert on the damages issue?

PP: No, your honor.

JS: It's just going to be the Plaintiff testifying about the injury to his professional reputation?

PP: **Well, he's testifying about the injury to his reputation and injury to his professional reputation. He is not seeking lost profit damages or any kind of damages for lost revenue and won't offer an expert to testify about lost profit damages.**

NP: Nor will the Plaintiff testify to that.

JS:  Okay. So, I tried to do a little research on this answer and I'm not real sure what. I know that an actual economic loss is not required to prove damage to your reputation.

Second, regarding the snippet you pulled from the transcript, I was responding to your position that there is some category of damages claimed in this lawsuit that are "professional reputation" damages. That is not our claim. Our claimed damages are for damage to Ward's reputation. His reputation is broader than his "professional reputation," it is everything included therein including his reputation in the community, his reputation with his family, his professional reputation, and all things that contribute to his reputation as a person. What we are not claiming are damages for lost profits. I made that clear to the Court:

JS: So, you are seeking damages for his professional reputation?

PP: **We're seeking damages to his reputation. Him as a person.** He is a person that happens to be a lawyer. What we are not seeking and I think what was at issue in the Albritton case and the cases we cited is that we're not seeking any damages to his reputation for **lost profits**. We are not going to go in front of the jury and tell them that Mr. Ward lost business because of these articles.

The arguments you make about why you think you're entitled to Ward's most sensitive financial documents are the same arguments considered and rejected by Magistrate Judge Setser. You have pointed to nothing that undermines the Court's ruling that Cisco is not entitled to Ward's financial records when he is not seeking lost profit damages. We will not produce those documents. Not only are they not relevant, the privacy concerns surrounding those documents far outweigh Cisco's claimed need, and Cisco's requests are grossly overreaching. The Court has already resolved the issue in our favor, as did the Albritton Court three times. Judge Setser's Order is on solid footing.

Answers to your questions:
1. Your question doesn't make sense. Ward is not seeking "damage to his professional reputation." Ward seeks to recover damages for the harm caused to his reputation as a result of Cisco's defamatory posts. He is not seeking damages to his "professional reputation" as some sort of subcategory of reputational damages. A claim for damage to professional reputation is not a separate and distinct category of damages; instead it is incorporated into harm to reputation.
2. Ward will claim to the jury that his reputation has been harmed. His claim will include all aspects of his reputation.
3. Cisco has no basis for filing a motion to strike. Ward is not seeking to recover lost profit damages, therefore Judge Setser's Order in that regard does not provide a basis upon which to strike Ward's pleadings. Ward is claiming damage to his reputation but Cisco's attempt to create a separate category for "professional reputation" cannot support a motion to strike. On the issue of reputational harm, Judge Setser granted your motion with respect to the identification of persons with information about who may not have hired Mr. Ward. Therefore, there is no basis upon which to move to strike Ward's reputational damages. If you want us to amend our initial disclosures please let me know and we will consider Cisco's request.

Given Cisco's past approach to motions for reconsideration, there is likely nothing I can say that will dissuade you from filing your motion. They appear to be a matter of course for Cisco.

Thanks,
Patty


**From:** Parker, Crystal [mailto:cparker@jw.com]
**Sent:** Tuesday, November 10, 2009 8:52 PM
**To:** Patricia L. Peden
**Cc:** Babcock, Chip; Griffin, Richard; Moran, David; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy; Marcie Long
**Subject:** RE: Ward-claiming damage to professional reputation?

Patty,

It now appears that you also misrepresented to Judge Setser that Ward would not have an expert testify about damage to his reputation. Before you accuse me of "misrepresentation" again, here is exactly what was said:

JS: Next, it's sort of another group I've put together. It's Request No. 4 and 5, documents relating to plaintiff's contention that he sustained monetary damages, damage to his business, tax return – actually it's no. 9 and 11, the tax returns for the plaintiff and his firm, balance sheets, income statements, and document – request no. 17, documents relating to the plaintiff's new matters or clients since October 16,

'07. And you all – do you understand what requests I'm talking about here, it's basically all documents you've requested the defendant has requested relating to plaintiff's damages basically.

RG: It's in our paragraph no. 5.

JS: Okay. Okay. That's in paragraph no. 7 of the motion. First, I – how, this is to the plaintiff, are you going to have an expert on the damages issue?

PP: No your Honor.


In addition to the questions below, please let me know by this Thursday whether you will agree to produce Ward's financial records and whether you will oppose our motion for reconsideration given that her ruling was based on these misrepresentations to the Court.

Thank you,

Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217


---

**From:** Parker, Crystal
**Sent:** Tuesday, November 10, 2009 3:35 PM
**To:** Patricia L. Peden
**Cc:** Babcock, Chip; Griffin, Richard; Moran, David; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy; Marcie Long
**Subject:** RE: Ward-claiming damage to professional reputation?

I forgot to mention that this was taken directly from the Court's recording of the hearing.

You asked for an explanation of the basis for our motion. I provided it in my email below on Nov. 6 but will repeat it here:

We also need to meet and confer about a motion to strike all allegations in Ward's complaint about harm or damage to his professional reputation and to strike all testimony that Ward's professional reputation has been harmed. We think you can't have it both ways. Either he will argue harm to his reputation in the legal community, and we are entitled to discovery on that issue, or he cannot argue it. For example, we think you can't argue to the jury that Ward had mental anguish because Ward's reputation in the legal community was harmed but that you are not seeking damages for that harm. If you are going to tell the jury that Ward's reputation in the legal community was harmed by the articles in any way, we are entitled to evidence to rebut that accusation. Please let me know whether you oppose the motion to strike and the reasons you would oppose it.

We believe the case law cited in our motion to compel supports our claim. It is axiomatic that Cisco is entitled to rebut your damage claims, whether you seek them directly or try to hide them behind a claim for mental anguish.

Please let me know in writing

1. Whether Ward is seeking damage to his professional reputation.

2. Whether Ward will claim to the jury that his professional reputation has been harmed.

3. Whether you oppose a motion to strike allegations in Ward's complaint about harm or damage to his professional reputation and to strike all testimony that Ward's professional reputation has been harmed. This would include any allegations that Ward has lost business because of the complained-of articles.

We only have 10 days to appeal the magistrate's order, so I need your response by Thursday. I asked you the same things on Nov. 6 (see below) and still have not received a response.

Thank you,
Crystal

---

**From:** Parker, Crystal
**Sent:** Tuesday, November 10, 2009 12:30 PM
**To:** Patricia L. Peden; 'Nick Patton'; 'James Holmes'; 'Courtney Towle'
**Cc:** Babcock, Chip; Griffin, Richard; Moran, David; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy; 'Marcie Long'
**Subject:** RE: Ward-claiming damage to professional reputation?

Here is a direct quote of exactly what you said:

[22:30:5]
PP:     That we are not, we are not seeking lost profit damages in this case.

CP:     So, what about professional reputation?

PP:     We are not seeking damages for that.


Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217

---

**From:** Patricia L. Peden [mailto:ppeden@pedenlawfirm.com]
**Sent:** Monday, November 09, 2009 7:30 PM
**To:** Parker, Crystal; 'Nick Patton'; 'James Holmes'; 'Courtney Towle'
**Cc:** Babcock, Chip; Griffin, Richard; Moran, David; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy; 'Marcie Long'
**Subject:** RE: Ward-claiming damage to professional reputation?

Crystal:

You are misrepresenting what we argued to Judge Setser. I have learned that it is an exercise in futility for us to discuss these types of issues at a high level. Please identify for me the specific statements to which you are referring. Then I can respond with more specificity to your allegations. I would add that given Judge Setser's admonition that we need to fully address these issues before filing motions with the Court, we need to discuss the specific statements at issue before Cisco files a motion.

Based on what you have said so far, I believe your position is based on a flawed understanding of the legal issues

and the factual basis of Judge Setser's questions and her ruling. This is not the first time we have both been involved in the same court proceeding and walked away with different versions of the events. For example, we both have access to the motion to compel Cisco filed on the same issue in the Albritton case and the Court's Order. Somehow you read the Albritton record as showing that Judge Bush denied Cisco's motion to compel because reputational damages were not at issue in that case as a result of Albritton's failure to provide discovery. I still have no idea how you came to that conclusion or why you made that representation to the Court. Here too, I think your statement about what we represented to Judge Setser is based on a flawed recollection of the record. You are confusing our argument that Ward is not seeking lost profit damages with some sort of admission that he is not seeking reputational damages. That is simply not true. Please explain the legal and factual basis for Cisco's motion to strike so we can evaluate your position and ensure that the issues are properly framed for the Court this time. We will consider Cisco's position and provide a timely response.

Thanks,
Patty

**From:** Parker, Crystal [mailto:cparker@jw.com]
**Sent:** Monday, November 09, 2009 4:19 PM
**To:** Patricia L. Peden; Nick Patton; James Holmes; Courtney Towle
**Cc:** Babcock, Chip; Griffin, Richard; Moran, David; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy; Marcie Long
**Subject:** RE: Ward-claiming damage to professional reputation?

OK, then it is safe to say that you oppose our motion, correct?

You didn't answer my question, though. That is, are you now withdrawing your allegation that Ward's professional reputation was damaged as you stated to Judge Setser?


Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217


**From:** Patricia L. Peden [mailto:ppeden@pedenlawfirm.com]
**Sent:** Monday, November 09, 2009 6:14 PM
**To:** Parker, Crystal; 'Nick Patton'; 'James Holmes'; 'Courtney Towle'
**Cc:** Babcock, Chip; Griffin, Richard; Moran, David; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy; 'Marcie Long'
**Subject:** RE: Ward-claiming damage to professional reputation?

Crystal:

I understand your position. It is the same position Cisco advanced and lost in the Albritton case. In this case, Cisco made its argument in its motion to compel, and lost. I think our position on this issue is clear: Mr. Ward seeks to recover damages for the harm to his reputation, for his mental anguish and an award of punitive damages. He is not seeking lost profit damages. Magistrate Judge Setser clearly understood the arguments, as demonstrated by her questions about whether Ward was going to offer an economics expert and her interest in his deposition testimony that he had made more money in 2008 than in 2007. I don't think either parties position have changed since the briefing or the

argument. Cisco's defeat on its motion to compel is not grounds for striking our Amended Complaint.

Thanks,
Patty

**From:** Parker, Crystal [mailto:cparker@jw.com]
**Sent:** Friday, November 06, 2009 12:35 PM
**To:** Patricia L. Peden; Nick Patton; James Holmes
**Cc:** Babcock, Chip; Griffin, Richard; Moran, David; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy
**Subject:** RE: Ward-claiming damage to professional reputation?

That's fine. Thank you,


Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217


**From:** Patricia L. Peden [mailto:ppeden@pedenlawfirm.com]
**Sent:** Friday, November 06, 2009 2:30 PM
**To:** Parker, Crystal; 'Nick Patton'; 'James Holmes'
**Cc:** Babcock, Chip; Griffin, Richard; Moran, David; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy
**Subject:** RE: Ward-claiming damage to professional reputation?

Crystal:
I am tied up with other matters and Nick is out of town today. I cannot respond to your email until Monday.
Thanks,
Patty


**From:** Parker, Crystal [mailto:cparker@jw.com]
**Sent:** Friday, November 06, 2009 12:02 PM
**To:** Parker, Crystal; Patricia L. Peden; Nick Patton; James Holmes
**Cc:** Babcock, Chip; Griffin, Richard; Moran, David; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy
**Subject:** RE: Ward-claiming damage to professional reputation?


Patty,

If I don't hear from you regarding this issue today, we will rely on your representation to the Court that Ward is admitting that he had no damage to his professional reputation.

We also need to meet and confer about a motion to strike all allegations in Ward's complaint about harm or damage to his professional reputation and to strike all testimony that Ward's professional reputation has been harmed. We think you can't have it both ways. Either he will argue harm to his reputation in the legal community, and we are entitled to discovery on that issue, or he cannot argue it. For example, we think you can't argue to the jury that Ward had mental anguish because Ward's reputation in the legal community was harmed but that you are not seeking damages for that harm. If you are going to tell the jury that Ward's reputation in the legal community was harmed by the articles in any way, we are entitled to evidence to rebut that accusation. Please let

me know whether you oppose the motion to strike and the reasons you would oppose it.

Thank you,

Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217

---

**From:** Parker, Crystal
**Sent:** Thursday, November 05, 2009 8:41 AM
**To:** 'Patricia L. Peden'; 'Nick Patton'; 'James Holmes'
**Cc:** Babcock, Chip; Griffin, Richard; Moran, David; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy
**Subject:** Ward-claiming damage to professional reputation?

Patty,
Despite Ward's repeated allegations in this lawsuit that his professional reputation has been harmed, yesterday you represented to Judge Setser that Ward is not claiming damage to his professional reputation. As you know, Cisco has expended extensive resources into discovery concerning this allegation. Are you now withdrawing it? If so, please withdraw all references to Ward's professional reputation from your disclosures so that it will be clear that you are not making this allegation, including allegations of concerning "Plaintiff's reputation in the legal community." Since your disclosure on damages only references your Complaint, please revise it to make clear exactly what damages Ward is seeking. Please also let us know if you will agree to a stipulation to the jury that Ward's professional reputation has not been damaged.

We may also need to discuss additional depositions given that Cisco used its allowed depositions to discover Ward's claimed damage to his professional reputation. Since we have limited discovery time, it is crucial that we know what Ward's claims are. Please let us know by Friday.

Thank you,

Crystal J. Parker
Jackson Walker L.L.P.
1400 McKinney, Suite 1900
Houston, TX 77010
713-752-4200 (main)
713-752-4217 (direct)
713-752-4221 (main fax)
713-754-6717 (direct fax)
Email: cparker@jw.com

Internet Email Confidentiality

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to the addressee), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter. They are not intended or written to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal tax law or otherwise.