# EXHIBIT D

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JOHN WARD, JR. § § § | |
| § | C.A. NO. 08-4022 |
| v. § | JURY TRIAL DEMANDED |
| § | |
| CISCO SYSTEMS, INC. § § | |

## DEFENDANT CISCO SYSTEMS, INC.'S FIRST REQUEST FOR PRODUCTION

TO: Plaintiff John Ward, Jr., by and through his attorney of record, Nicholas H. Patton, Patton, Tidwell & Schroeder, LLP, 4605 Texas Boulevard, P.O. Box 5398, Texarkana, Texas 75505-5398.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are requested to respond to the following Requests for Production separately, in writing and under oath, on or before thirty (30) days after receipt of these Requests.

## I.
## INSTRUCTIONS

1. If any Document requested herein was, but is no longer in your custody, control or possession, state with particularity the disposition made of each such Document, including the date of, method of and reason(s) for such disposition and the name and address, if known, of any Person who has seen the Document or who now has custody, control or possession thereof.

2. Possession, custody and control does not require that you have actual physical possession; instead, if you have physical control or a superior right to compel production from another, the Document must be produced.

3. If any Document requested herein is objected to or withheld pursuant to any claim of privilege, please provide the following information with respect to such Document:

(a) Date created;

(b) Author(s), and their title or position;

(c) Addressee(s), and their title or position;

(d) Person(s) receiving a copy, and their title or position;

(e) General description of subject matter (e.g., opinion of counsel on merits of claim);

(f) The nature of the privilege claimed (e.g., attorney-client, work product, etc.); and

(g) State the factual and legal basis for the claim of such privilege (e.g., communication between attorney for corporation and outside counsel relating to acquisition of legal advice).

4. These document requests shall be deemed continuing, and you shall produce for inspection and copying by Defendant any Document requested herein which is unavailable to you at the time you submit your response hereto, but which becomes available to you at any time prior to trial or any hearing hereof.

## II.
## DEFINITIONS

As used in these Requests, the following terms have specific meanings as defined in this section:

1. <u>You</u>. "You" or "Your" refers to John Ward, Jr., the plaintiff herein, and/or his respective past and present agents and representatives, including anyone who has ever acted on behalf of or at the direction of John Ward, Jr.

2. <u>ESN</u>. "ESN" means ESN, LLC.

3. <u>ESN Texas Case</u>. "ESN Texas Case" means *ESN, LLC v. Cisco Systems, Inc. v. Cisco-Linksys, LLC*, Civil Action No. 5:07-cv-156-DF-CMC in the United States District Court for the Eastern District of Texas, Texarkana Division.

4. _ESN Connecticut Case_. "ESN Connecticut Case" means _Cisco Systems, Inc. et al v. ESN LLC_, Civil Action No. 3:07-cv-01528-MRK in the United States District Court, District of Connecticut.

5. _Frenkel_. "Frenkel" means Richard Frenkel, formerly a defendant herein, and/or his respective past and present agents and representatives.

6. _Cisco_. "Cisco" means Cisco Systems, Inc., the defendant herein, and/or its respective past and present agents and representatives.

7. _Patent_. "Patent" means the patent referenced in the ESN Texas Case as United States Patent no. 7,283,519 titled "Distributed Edge Switching System for Voice-Over-Packet Multiservice Network."

8. _Complaint_. "Complaint" means Plaintiff's Original Complaint in this and any amendments or supplements thereto.

9. _Article_. "Article" means the allegedly defamatory publication attached as Exhibit A to the Complaint.

10. _Person(s)_. "Person" or "persons" means any and all natural persons, male or female, and all types and kinds of businesses or other entities, including, but not limited to, corporations, partnerships, joint ventures, and sole proprietorships.

11. _Communications_. "Communications" means any statement or utterance, whether written or oral, made by one person to another, or in the presence of another, or any document delivered or sent from one person to another.

12. _Evidencing_. "Evidencing" means constituting, showing or tending to show, in any probative manner, the existence or non-existence of a matter.

13. <u>Relating</u>. "Relating" means, in addition to its customary and usual meaning, discussing, referring to, pertaining to, reflecting, evidencing, showing, recording, or tending to show the absence of the allegation.

14. <u>Document(s)</u>. "Document" and "documents" mean the original, or a copy thereof if the original is not available, of every written, printed, typed, recorded, reported, electronic, or graphic record or material of every type and description, including every draft and/or non-identical copy thereof, that is in the actual or constructive possession, custody or control of Defendant or his attorney, including, but not limited to, all correspondence, letters, communications, memoranda, notes, files, records, agreements, contracts, proposed contracts or agreements, whether or not actually consummated, reports, logs, studies, summaries, agendas, bulletins, notices, announcements, instructions, charts, manuals, models, graphs, photographs, diagrams, slides, brochures, publications, books, minutes, including minutes of board of directors meetings and executive meetings, partnership meeting and management or executive partnership committee meetings, computer printouts, computer programs including object and source code, computer-based data, including all information held, stored or compiled by or on computer software or data-processing equipment, schedules, drawings, emails, tapes, tape recordings, voice recordings, sound recordings, transcripts, presentations, simulations, inter-office memoranda, articles of newspapers, magazines and other publications, telegrams, telexes, purchase orders, lists, proposals, invoices, plans, specifications, estimates, forecasts, projections, research and development documents, exhibits, addenda, statements, receipts, confirmation slips, evidence of payments, bills, diaries, calendars, bills of lading, cancelled checks, and any copy of a document bearing notations, markings or writings of any kind or nature different from the original.

# III.
# REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

Produce all documents evidencing your contention in paragraph 11 of the Complaint that "Frenkel's statements were purposefully calculated by Frenkel and Cisco to damage Plaintiff's reputation and business, to expose plaintiff to financial injury, and to impeach Plaintiff's honesty, integrity, virtue, or reputation, exposing Plaintiff to public hatred, shame and ridicule."

## RESPONSE:


## REQUEST FOR PRODUCTION NO. 2:

Produce all documents relating to your contention in paragraph 13 of the Complaint that "Frenkel and Cisco purposefully maximized the dissemination of the (sic) Frenkel's false, scandalous, and defamatory statements."

## RESPONSE:


## REQUEST FOR PRODUCTION NO. 3:

Produce all documents relating to your contention in paragraph 17 of the Complaint that "Defendants acted with knowledge that the statements were false or with negligence in failing to determine the truth of the statements prior to publication."

## RESPONSE:


## REQUEST FOR PRODUCTION NO. 4:

Produce all documents relating to your contention in paragraph 19 of the Complaint that as a result of the complained-of Article, "Plaintiff sustained monetary damages," including all documents relating to the amount of such monetary damages.

## RESPONSE:

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents relating to your contention in paragraph 19 of the Complaint that as a result of the complained-of Article, plaintiff has suffered "damages to his business," including all documents relating to the amount of such damage.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents relating to your contention in paragraph 19 of the Complaint that as a result of the complained-of Article, plaintiff has suffered "harm to his reputation."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents relating to your contention in paragraph 19 of the Complaint that as a result of the complained-of Article, plaintiff has suffered "emotional distress and Plaintiff's relations with others have been detrimentally effected."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents relating to your contention in paragraph 22 of the Complaint that Defendant acted with actual malice.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

Produce John Ward, Jr. and the Ward & Smith Law Firm's tax returns for 2002 through the present.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 10:

Produce a copy of the credit card statement that shows the charge for the filing the Complaint in the ESN lawsuit on October 15 or 16, 2007 and all correspondence with any person regarding such credit card charge.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 11:

Produce all annual and interim balance sheets, income statements, and statements of cash flows for the Ward & Smith Law Firm for 2002 through the present.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 12:

Produce a medical authorization for John Ward, Jr.'s medical records (a form is attached).

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 13:

Produce all documents relating to the initial filing of the complaint and the filing of the amended complaint in the ESN Texas Case, including but not limited to all correspondence or relating to the initial filing and the filing of the amended complaint in the ESN Texas Case.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 14:

Produce all documents relating to communications with the United States District Court or any of its employees (including clerks) regarding the filing of the ESN Lawsuit and/or whether subject-matter jurisdiction existed in the ESN Lawsuit.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 15:

Produce all documents relating to communications between or among ESN, LLC (including its attorneys, agents, or anyone acting on its behalf) and any other person relating to the filing of the ESN Lawsuit. Include communications between ESN, LLC, Eric M. Albritton, Amie Mathis, T. John Ward, Jr., McAndrews Held & Malloy, Ltd., and anyone purporting to act on their behalf.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 16:

Produce all documents relating to ESN, LLC's prefiling due diligence, investigation and analysis relating to filing the ESN Texas Case.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 17:

Produce all documents relating to all of Plaintiff's new matters or clients since October 16, 2007, including but not limited to engagement letters concerning such clients and matters.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 18:

Produce all documents that show or tend to show the truth or falsity of any statement in complained-of article.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

Produce all attachments to the document produced as Ward 000088.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

Produce all attachments to the documents produced as Ward 000089-90.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

Produce all attachments to the document produced as Ward 000097.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

Produce all attachments to the document produced as Ward 000098.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

Produce a video or other electronic copy of all instances in which John Ward, Jr. has served as a guest commentator or speaker at any seminar, event or meeting relating to patent litigation or practicing law in the Eastern District of Texas.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 24:**

Produce a copy of all brochures and materials provided at seminars at which John Ward, Jr. has spoken.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 25:**

Produce all articles written by you (alone or with a co-author) in the past five years.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 26:**

Produce all documents relating to any efforts by you to influence patent reform, including but not limited to all documents relating to trips to Washington D.C. or phone conversations to communicate with legislators or their staff.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 26:**

Produce all documents relating to any efforts by you to influence any legislation, including but not limited to all documents relating to trips to Washington D.C. or phone conversations to communicate with legislators or their staff.

**RESPONSE:**

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Crystal J. Parker
Charles L. Babcock
Federal Bar No.: 10982
Email: cbabcock@jw.com
Richard E. Griffin
Arkansas Bar No.: 63020
Email: rgriffin@jw.com
Crystal J. Parker
Federal Bar No.: 621142
Email: cparker@jw.com
1401 McKinney
Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

This is to certify that on this 30 day of March, 2009, a true and correct copy of the foregoing was served electronically and/or via U.S. First Class Mail upon:

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
*Attorney for Plaintiff John Ward, Jr.*

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
*Attorney for Plaintiff John Ward, Jr.*

Charles L. Babcock w/permission by CJP
Charles L. Babcock