IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| | § | C. A. NO. 08-4022 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |

## CISCO SYSTEM INC.'S MOTION FOR PROTECTION AND MOTION TO QUASH THE DEPOSITION NOTICE OF MARK CHANDLER

TO THE HONORABLE COURT:

Defendant Cisco Systems, Inc. present this Motion for Protection and Motion to Quash the Deposition Notice of Mark Chandler and as follows:

### INTRODUCTION

Cisco moves to quash and for protection regarding "the notice" of deposition for its General Counsel, Mr. Mark Chandler (attached as <u>Exhibit A</u>), who was not subpoened as a witness under Rule 45 of the Federal Rules of Civil Procedure and has not been designated as a Rule 30(b)(6) witness on behalf of Cisco. The notice calls for him to appear in Palo Alto, California tomorrow at 3:00 p.m. Cisco's counsel has been attempting to meet and confer on this matter with opposing counsel, pursuant to the Court's Local Rules, for over two weeks without success. We have notified opposing counsel that Chandler has no discoverable information, nor has Plaintiff indicated what information Chandler has within the scope of Rule 26. We have offered to permit use of his deposition transcript in the companion *Albritton* case while noting that in the *Albritton* trial Chandler's deposition was never offered by the plaintiff, who was represented by Ward's counsel in this case. We also asked opposing counsel for authority as to how Mr. Chandler could be compelled to attend a deposition without a subpoena

and were cited (today) an inapposite Massachusetts case which does not hold that a non-party can be compelled to attend a deposition without a subpoena.

Moreover, Chandler is an apex witness, as that term is used in the case law, and may not be compelled to testify absent a showing that he has unique personal knowledge—a standard that Plaintiff cannot meet here since Chandler has no unique knowledge relating to this litigation. Indeed, it is clear that Plaintiff's counsel here, which also represented Albritton in the *Albritton v. Cisco* litigation concerning the exact same publication, agreed that Chandler had no percipient knowledge since his testimony was not even used in the trial of the *Albritton v. Cisco* case. Finally, the Court should be aware that there are already two Cisco witnesses scheduled to testify tomorrow, which Cisco has produced by agreement (Yen and Frenkel). There is no room for Chandler on the schedule even if he appeared. We have advised opposing counsel that Chandler cannot appear tomorrow and that, in the event the Court denies this Motion, Cisco will provide dates that when he is available. To protect Cisco's and Mr. Chandler's rights pursuant to the Federal Rules of Civil Procedure and their right to due process Cisco respectfully asks the Court for protection.

## FACTUAL BACKGROUND

Ward makes no allegations concerning Chandler in his First Amended Complaint except a conclusory statement that "upon information and belief," Chandler, along with a host of other Cisco employees "may have" directed, advised, encouraged, ratified, adopted and aided and abetted the complained-of statements. (Docket No. 37 at ¶48).

In November, 2008, Plaintiff's counsel, on behalf of Eric Albritton, deposed Chandler in California in the *Albritton v. Cisco* case. Chandler testified that he did not even know that Frenkel was the author of the articles at issue, which were published in October of 2007, until

January or February of 2008, shortly before Albritton filed this lawsuit.  (Exhibit B at 18:21-19:12).  Chandler's testimony was not used by any party in the *Albritton v. Cisco* trial.

On October 29, 2009, Plaintiff served a notice of deposition for the deposition of Chandler.  (Exhibit A).  Chandler is not a party and has not been subpoenaed.  Counsel for Defendant advised Plaintiff that Chandler was not available on the date designated and that Defendant would file a motion to quash and would provide alternative dates in the event the Court denied the motion.  (Exhibit C).  The parties have been meeting and conferring regarding this issue through today but have been unable to reach an agreement.  (Exhibit D).

Chandler has no unique knowledge about Albritton's claims.  Indeed, Plaintiff's counsel (representing Albritton) spent the majority of Chandler's deposition asking about Cisco's position on patent reform, not about the complained-of statements.  Chandler does not have unique personal knowledge needed by Plaintiff to prove his claims.  In any event, Cisco has agreed to permit Plaintiff to use Chandler's deposition in the *Albritton* case at trial.[1]  Plaintiff cannot complain that counsel in the *Albritton* case did not do a sufficient job deposing Plaintiff, since Mr. Patton, Ward's lead attorney in this case, took the deposition.  Plaintiff also cannot complain that any recent discovery implicated Chandler.  There has been no discovery that in any way indicated that Chandler was responsible for the articles at issue or had any percipient knowledge regarding Plaintiff's claims.

## THE COURT SHOULD QUASH THE NOTICE OF DEPOSITION

The Court should grant this motion for protection and to quash the notice pursuant to Rules 26(c) and 45(c)(3) of the Federal Rules of Civil Procedure because (1) Chandler has not been subpoenaed and is not a party to this lawsuit and (2) Chandler does not have knowledge

---

[1] Subject to any appropriate objections, of course.

relating to this lawsuit, the deposition would be overly burdensome, and the deposition is merely to harass him.

1.    <u>The Court should quash the notice of deposition because Chandler has not been subpoenaed and is not a party to this lawsuit.</u>

The Court should quash the notice of deposition because Chandler is not a party to this lawsuit, and therefore Plaintiff can only compel his attendance by subpoena.  *See* FED. R. CIV. P. 30.  This is not a case where Plaintiff is attempting to take the deposition of Cisco through a 30(b)(6) deposition and Chandler has been designated.  Plaintiff has identified his 30(b)(6) topics, and Chandler has not been designated for any topic.[2]  The Court should therefore quash the notice because it is improper under the Federal Rules of Civil Procedure.

2.    <u>The Court should quash the notice of deposition because Chandler does not have knowledge relating to this lawsuit, the deposition would be overly burdensome, and the deposition is merely to harass him and Cisco.</u>

Courts have long recognized that depositions of officers impose too great a burden "when the proposed deponent is . . . a very high corporate officer unlikely to have personal familiarity with the facts of the case."  8 Charles Alan Wright, Arthur R. Miller, & Richard Marcus, FEDERAL PRACTICE & PROCEDURE § 2037, at 500-02 (2d ed. 1994) (citing cases).  As one district court put it, "[v]irtually every court that has addressed deposition notices directed at an official at the highest level or "apex" of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment."  *Celerity v. Ultra Clean Holding*, No. C05-4374, 2007 WL 205067 at *3 (N.D. Cal. Jan. 25, 2007) (citations omitted) (attached as <u>Exhibit F</u>).  A high-ranking executive of a large company is "a singularly unique and important individual who can be easily subjected to unwarranted harassment and abuse.  He has a right to be protected, and

---

[2] Defendant has shown good faith by agreeing to produce certain witnesses in this case who do have knowledge relating to Plaintiff's claims.

the courts have a duty to recognize his vulnerability." *Mulvey v. Chrysler Corp.*, 106 F.R.D. 364, 366 (D.R.I. 1985); *see also Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 102 (S.D.N.Y. 1997).

The Court should protect Chandler from this harassment because Plaintiff cannot demonstrate that Chandler has any unique personal knowledge of the matters at issue in this case. *See Wal-Mart Stores, Inc. v. Vidalakis*, 2007 WL 4591596 at *1 (W.D. Ark. 2007) (citations omitted) (attached as Exhibit E); *see also Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925-26 (8th Cir. 1999) (affirming quashing of subpoena of CEO because he did not have relevant knowledge and subpoena would be burdensome); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (affirming protective order that quashed plaintiff's request for the deposition of the president of defendant in which defendant asserted that the president "was extremely busy and did not have any direct knowledge of the fact," and the plaintiff could not show why the president's testimony was needed); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 679, 681-82 (7th Cir. 2002) (affirming district court's order refusing to compel the deposition of defendant's officer because it was overly burdensome given in light of the fact that the witness was "a high-ranking executive at a multinational corporation" and plaintiff had not shown that he could not obtain the discovery through other means); *Richardson v. Arco Chem. Co.*, No. 95-6185, 1996 WL 529999 at *2 (E.D. Pa. Sept. 19, 1996) (quashing the trial subpoena of the president of the defendant company because "he had no personal knowledge of the events leading to her discharge…" and therefore "no legitimate purpose would be served by offering him as a witness at trial," especially when his deposition was available).

There is no dispute here that Chandler is the General Counsel of Cisco. Attending the deposition would place an "undue burden" on Chandler because he is extremely busy attending to the legal needs of Cisco, and there is no countervailing reasons requiring Chandler's attendance; he has no unique knowledge of the facts.

Plaintiff cannot dispute that Chandler's testimony is not needed. In the *Albritton v. Cisco* lawsuit, which involved the exact same publication and wherein Albritton was represented by the same counsel as Ward, Plaintiff did not even offer the testimony of Chandler at trial. Indeed, despite many attempts to meet and confer on this issue, Plaintiff has failed to identify any reason that it needs the testimony of Chandler.

## CONCLUSION

For the reasons set forth above, Cisco requests that the Court quash the Notice of Deposition of Chandler, grant Chandler protection from Plaintiff's unfounded and unwarranted Notice of Deposition, and grant Cisco such other and further relief as the Court finds necessary.

By: /s/ Charles L. Babcock
        Charles L. Babcock
        Federal Bar No.: 10982
        Email: cbabcock@jw.com
        Richard E. Griffin
        Arkansas Bar No.: 63020
        Email: rgriffin@jw.com
        Crystal J. Parker
        Federal Bar No.: 621142
        Email: cparker@jw.com
        1401 McKinney
        Suite 1900
        Houston, Texas 77010
        (713) 752-4200
        (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## <u>CERTIFICAT OF CONFERENCE</u>

The parties have conferred in good faith on the specific issue in dispute, and they are not able to resolve their disagreement without the intervention of the Court.

/s/ Crystal J. Parker_____

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 17th day of November, 2009, a true and correct copy of the foregoing was served upon via electronic service:

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
***Attorney for Plaintiff John Ward, Jr.***

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
***Attorney for Plaintiff John Ward, Jr.***

Courtney Towle
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas  75505-5398
***Attorney for Plaintiff John Ward,Jr.***

Geoffrey P. Culbertson
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas  75505-5398
***Attorney for Plaintiff John Ward,Jr.***

James Holmes
Law Office of James Holmes, P.C.
605 South Main, Suite 203
Henderson, Texas  75654
***Attorney for Plaintiff John Ward, Jr.***

/s/ Charles L. Babcock
Charles L. Babcock