# Exhibit D

## Schwarz, Kurt

| | |
|---|---|
| **From:** | Parker, Crystal |
| **Sent:** | Tuesday, November 17, 2009 9:57 PM |
| **To:** | Schwarz, Kurt |
| **Subject:** | FW: Deposition Schedule |

Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217


-----Original Message-----
From: Parker, Crystal
Sent: Tuesday, November 17, 2009 8:56 PM
To: Parker, Crystal; 'Courtney Towle'
Cc: 'ppeden@pedenlawfirm.com'; 'Nick Patton'; 'Marcie Long'; Teicher, Shannon Zmud; Babcock, Chip; Schwarz, Kurt
Subject: RE: Deposition Schedule

Courtney,

I have not heard back from you. I don't think we are accomplishing anything here. I have been trying to meet and confer with you for weeks. It seems to me that you are stalling to keep us from filing a motion. Unless you agree to withdraw the notice in the next 30 minutes, we will file our motion.

Thank you,

Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217


-----Original Message-----
From: Parker, Crystal
Sent: Tuesday, November 17, 2009 7:52 PM
To: 'Courtney Towle'
Cc: ppeden@pedenlawfirm.com; Nick Patton; Marcie Long; Teicher, Shannon Zmud; Babcock, Chip; Schwarz, Kurt
Subject: RE: Deposition Schedule

What do mean by high level executive? As you well know, he is the General Counsel. You know this because you have taken his deposition.



Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217


-----Original Message-----
From: Courtney Towle [mailto:ctowle@texarkanalaw.com]
Sent: Tuesday, November 17, 2009 7:44 PM
To: Parker, Crystal
Cc: ppeden@pedenlawfirm.com; Nick Patton; Marcie Long; Teicher, Shannon Zmud; Babcock, Chip; Schwarz, Kurt

1

Subject: Re: Deposition Schedule

Crystal,
I disagree that the cited case does not support our argument, but you must at least recognize that whether you agree Chandler is a high level executive impacts the applicable authority. You have not answered my question on this despite two inquiries. If you won't answer, then additonal meet and confer is unlikely to resolve this dispute.

It is apparent Chandler will not go forward tomorrow.

Thanks,
--Courtney

On Nov 17, 2009, at 4:41 PM, "Parker, Crystal" <cparker@jw.com> wrote:

> We have reviewed the case you cited, and it does not hold that you can
> notice a non-party rather than serving a subpoena. It sounds like you
> don't have any cases to support that position. You said you had other
> cases, but you have failed to provide them. If you will review the
> Federal Rules of Civil Procedure, you will find that non-parties must
> be subpoenaed. You have not provided any authority to the contrary.
> Do you agree that we have fully met and conferred on this issue? If
> so, we will file our motion with the Court. Are you expecting
> Chandler to appear tomorrow? I think we all agreed that he was not
> available and would not appear tomorrow.
>
>
>
>
>
>
>
> _____
> From: Courtney Towle [mailto:ctowle@texarkanalaw.com]
> Sent: Tue 11/17/2009 6:15 PM
> To: Parker, Crystal; ppeden@pedenlawfirm.com
> Cc: Nick Patton; Marcie Long; Teicher, Shannon Zmud; Babcock, Chip;
> Schwarz, Kurt
> Subject: RE: Deposition Schedule
>
>
> Crystal,
> I've cited authority to you and you've not responded to it. As I
> asked you before, do you contend that Chandler is not a high-level
> executive at Cisco?
>
> Thanks,
> --Courtney
>
>
> This email and any attachments may be confidential or privileged.
> If you are not the intended recipient, be advised that any disclosure,
> copying, distribution, or use of this email is prohibited. If you
> receive this email in error, please notify us by reply mail and
> immediately destroy all copies of this communication.
> _____
>
> From: Parker, Crystal [cparker@jw.com]
> Sent: Tuesday, November 17, 2009 1:09 PM
> To: Courtney Towle; ppeden@pedenlawfirm.com
> Cc: Nick Patton; Marcie Long; Teicher, Shannon Zmud; Babcock, Chip;
> Schwarz, Kurt
> Subject: Re: Deposition Schedule
>
>
>

2

> You say "several cases." Will you please send us citations to the
> others you are relying on? Do you have any authority that the Federal
> Rules, which require you to subpoena a non-party, do not apply? I
> understand that sometimes non-parties sometimes agree to appear by
> notice or don't object to the improper procedure, but that is not the
> case here.
>
>
> _____
> Sent from my BlackBerry Wireless Handheld.
>
> _____
>
> From: Courtney Towle
> To: Parker, Crystal; ppeden@pedenlawfirm.com
> Cc: Nick Patton ; Marcie Long
> Sent: Tue Nov 17 13:53:10 2009
> Subject: RE: Deposition Schedule
>
>
> Crystal,
>
> As Cisco's Senior Vice President, General Counsel and Secretary, Mark
> Chandler is a high-level employee, otherwise known as an "apex"
> deponent, and subject to deposition by notice, not subpoena.
> Several cases discuss depositions of apex deponent in the context of
> their noticed depositions. For example, see Travelers Rental Co. v.
> Ford Motor Co., 116 F.R.D. 140, 142 (D. Mass. 1987). If you have any
> authority to suggest otherwise, or you dispute that Chandler is a
> high-level employee at Cisco, let me know.
>
> Thanks,
> --Courtney
>
> This email and any attachments may be confidential or privileged.
> If you are not the intended recipient, be advised that any disclosure,
> copying, distribution, or use of this email is prohibited. If you
> receive this email in error, please notify us by reply mail and
> immediately destroy all copies of this communication.
> _____
>
> From: Parker, Crystal [cparker@jw.com]
> Sent: Monday, November 16, 2009 7:19 PM
> To: Parker, Crystal; ppeden@pedenlawfirm.com
> Cc: Courtney Towle; Nick Patton; Marcie Long
> Subject: RE: Deposition Schedule
>
>
> I never heard back from you on this. We need to complete our meet and
> confer on this so we can get a motion to quash filed. Please let me
> know asap.
>
> Thank you,
>
>
> Crystal J. Parker
> Jackson Walker L.L.P.
> 713-752-4217
>
>
>
>
> _____
>
> From: Parker, Crystal

3

> Sent: Friday, November 13, 2009 7:45 PM
> To: 'ppeden@pedenlawfirm.com'
> Cc: 'ctowle@texarkanalaw.com'; 'nickpatton@texarkanalaw.com';
> 'mlong@texarkanalaw.com '
> Subject: Re: Deposition Schedule
>
>
>
> Do you have any case law to support that? Because he is not a party I
> think the rules require you subpoena him.
>
> _____
> Sent from my BlackBerry Wireless Handheld.
>
> _____
>
> From: Patricia L. Peden
> To: Parker, Crystal
> Cc: 'Courtney Towle' ; 'Nick Patton' ; 'Marcie Long'
> Sent: Fri Nov 13 19:18:03 2009
> Subject: RE: Deposition Schedule
>
>
> Because he is a managing employee over whom Cisco has control.
>
>
>
> From: Parker, Crystal [mailto:cparker@jw.com]
> Sent: Thursday, November 12, 2009 5:05 PM
> To: Patricia L. Peden
> Cc: Courtney Towle; Nick Patton; Marcie Long; jh@jamesholmeslaw.com
> Subject: RE: Deposition Schedule
>
>
>
> I have not heard from Mr. Adams concerning Mr. Curran's deposition.
>
>
>
> We will be filing a motion with respect to Mark Chandler.  What is
> your position regarding why you can just notice his deposition rather
> than issuing a subpoena?  He is not a party.
>
>
>
> Crystal J. Parker
> Jackson Walker L.L.P.
> 713-752-4217
>
>
>
>
>
>
> _____
>
> From: Patricia L. Peden [mailto:ppeden@pedenlawfirm.com]
> Sent: Thursday, November 12, 2009 11:32 AM
> To: Parker, Crystal
> Cc: 'Courtney Towle'; 'Nick Patton'; 'Marcie Long';
> jh@jamesholmeslaw.com
> Subject: Deposition Schedule
>
> Crystal:
>

4

> I write about the upcoming deposition schedule.
>
>
>
> Has Cisco confirmed Mr. Curran's deposition? Please let me know where
> you stand as we need to make travel plans. If Mr. Curran's deposition
> will not be going forward on the 24th, we need to reschedule Mr.
> Tanielian's deposition so that we do not have to make two trips to the
> East Coast.
>
>
>
> We would like to take Mr. DeLouch's deposition. Please give us a date
> for his deposition and let us know where you prefer the deposition
> take place?
>
>
>
> I have not yet seen a motion with respect to the Chandler deposition.
> Have you file one and I missed it?
>
>
>
> Thanks,
>
> Patty
>
>
>
> Patricia Peden
>
> Law Offices of Patricia L. Peden
>
> 1316 67th Street
>
> Emeryville, CA 94608
>
> 510-268-8033
>
> ppeden@pedenlawfirm.com
>
>
>
> This email and any attachments may be confidential or privileged.
> If you are not the intended recipient, be advised that any disclosure,
> copying, distribution, or use of this email is prohibited. If you
> receive this email in error, please notify us by reply mail and
> immediately destroy all copies of this communication.
>
>
>

## Schwarz, Kurt

**From:** Parker, Crystal
**Sent:** Tuesday, November 17, 2009 9:57 PM
**To:** Schwarz, Kurt
**Subject:** FW: Scheduling Tanielian's deposition and Mark Chandler's deposition

Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217

---

**From:** Parker, Crystal
**Sent:** Tuesday, November 17, 2009 7:46 PM
**To:** Schwarz, Kurt; Teicher, Shannon Zmud; Pittman, Ryan
**Cc:** Babcock, Chip; Flynn-DuPart, Mary Lou; Adair, Kathy
**Subject:** FW: Scheduling Tanielian's deposition and Mark Chandler's deposition

Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217

---

**From:** Parker, Crystal
**Sent:** Friday, November 06, 2009 12:03 PM
**To:** 'Patricia L. Peden'
**Cc:** 'Marcie Long'
**Subject:** RE: Scheduling Tanielian's deposition and Mark Chandler's deposition

OK, I have confirmed that Mr. Tanielian is available on Nov. 23. I suggest that we take his deposition early that morning so we can take Mr. Curran's deposition that same day. Or we could take Mr. Curran's deposition on Nov. 24. Let me know which you prefer.

We will file a motion to quash as to Chandler's deposition. Please let me know today if you think we haven't met and conferred on this issue. If we go to the expense of preparing a motion and you withdraw the subpoena, as has happened with several witnesses in this case, we intend to ask the Court for fees and expenses.

Thanks,

11/17/2009

Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217

---

**From:** Patricia L. Peden [mailto:ppeden@pedenlawfirm.com]
**Sent:** Friday, November 06, 2009 11:49 AM
**To:** Parker, Crystal
**Cc:** 'Marcie Long'
**Subject:** RE: Scheduling Tanielian's deposition and Mark Chandler's deposition

Crystal:
I estimate we will need about 4 hours with Mr. Tanielian. We intend to take Mr. Chandler's deposition.
Thanks,
Patty

---

**From:** Parker, Crystal [mailto:cparker@jw.com]
**Sent:** Friday, November 06, 2009 9:02 AM
**To:** Patricia L. Peden
**Subject:** Scheduling Tanielian's deposition and Mark Chandler's deposition

Patty,

How long do you expect Matt Tanielian's deposition to last? I'm trying to figure out a schedule. When we have worked out a date and time, Mr. Tanielian has asked me to accept service of the subpoena on his behalf.

Please also let me know what you have decided about Mark Chandler's deposition.

Thanks,

Crystal J. Parker
Jackson Walker L.L.P.
1400 McKinney, Suite 1900
Houston, TX 77010
713-752-4200 (main)
713-752-4217 (direct)
713-752-4221 (main fax)
713-754-6717 (direct fax)
Email: cparker@jw.com

Internet Email Confidentiality

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to the addressee), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter. They are not intended or written to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal tax law or otherwise.

## Schwarz, Kurt

**From:** Parker, Crystal
**Sent:** Tuesday, November 17, 2009 9:58 PM
**To:** Schwarz, Kurt
**Subject:** FW: Meet and confer re various issues including Motion to Quash Chandler depo and violation of Protective Order Plaintiff's Depos and Special Rogs

**From:** Parker, Crystal
**Sent:** Tuesday, November 03, 2009 1:33 PM
**To:** 'Patricia L. Peden'
**Cc:** 'Marcie Long'; 'Nick Patton'; Babcock, Chip; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy; 'Courtney Towle'; jh@jamesholmeslaw.com
**Subject:** RE: Meet and confer re various issues including Motion to Quash Chandler depo and violation of Protective Order Plaintiff's Depos and Special Rogs

Patty,

I'm sorry about the dates for Mr. Curran, but those are the only dates he is available, so we will have to schedule him then. Given that you have 6 lawyers on your team, and you haven't identified any conflict, I don't see why it such a problem. As for the 30(b)(6) witnesses, we will have to determine the appropriate witnesses and determine their availability. We just received those notices.

As far as I remember, you haven't requested Noh's deposition. You had subpoenaed him but withdrew the subpoena. You had only requested Yen and Chandler. I think Ms. Yen may be available on Oct. 18, but I will let you know for sure when I find out. As you know, we are moving to quash Mr. Chandler's deposition and are waiting to hear back from you on that issue.

Please also let me know why you think Mr. Tanielian's deposition is necessary.

The Albritton Protective Order covers EVERY DOCUMENT PRODUCED IN THE ALBRITTON CASE marked HIGHLY CONFIDENTIAL or CONFIDENTIAL. By its terms you were required to return all of those documents to us, as I advised you in a letter. You have produced in the Ward case documents produced in the Albritton case and marked HIGHLY CONFIDENTIAL or CONFIDENTIAL and filed some of the same documents in the public record. That is a violation of the order. The order does not exempt documents used at trial and it requires that you return all of those documents to us (see my emails below quoting the provisions). The only exception to this is the specific documents where Judge Hendren ruled privileged had been waived under the doctrine of "at issue" waiver. You have my email with each of those documents, and you know what they are. You have already asked this Court once to order a waiver of documents produced in the Albritton case (Docket No. 64), and your request was denied. Your use of those documents in this case is a violation of the Protective Order and ignores that Judge Hendren has already denied your waiver theory. You have told me that you think the protective order doesn't apply because the documents were used in the Albritton trial. You should read *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 381-82 (5th Cir. 1989), where this same argument was rejected. As far as I can tell, we are at an impasse. There was also a non-waiver agreement, which we have discussed numerous times. See *Whitaker Chalk Swindle & Sawyer, LLP*, Ca. No. 4:08-CV-684, 2009 WL 464989 (N.D. Tex. Feb. 23, 2009) and *Crosswhite v. Lexington Ins. Co.*, 321 Fed. Appx. 365(5th Cir. 2009). **We will file a motion as I advised you below if they are not removed from your production and withdrawn from the record by Friday. This includes every document marked HIGHLY CONFIDENTIAL or CONFIDENTIAL that was not sent to or received by Rick Frenkel prior to Oct. 19. I have been trying to work through this issue with you for some time now.**

Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217

**From:** Patricia L. Peden [mailto:ppeden@pedenlawfirm.com]
**Sent:** Tuesday, November 03, 2009 11:26 AM
**To:** Parker, Crystal
**Cc:** 'Marcie Long'; 'Nick Patton'; Babcock, Chip; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy; 'Courtney Towle'; jh@jamesholmeslaw.com
**Subject:** RE: Meet and confer re various issues including Motion to Quash Chandler depo and violation of Protective Order Plaintiff's Depos and Special Rogs

Crystal:

11/17/2009

I will discuss the Chandler deposition with my team and respond by Friday.

The dates you propose for Mr. Curran will not work with the depositions currently noticed. We noticed the Cisco 30(b)(6) depositions for Nov. 23 and 24, so unless we can move those depositions up, those days are already scheduled. Nov. 20th is problematic until we can figure out what days work for Yen and Noh. I was under the impression that Cisco wanted to make only one trip to California for depositions, so we set Noh and Yen for dates that fit with the scheduled Frenkel deposition. Let me hear from you about Yen and Noh's availability and then we can discuss available dates for Curran and Tanielian.

As you requested, I will send you the excerpts that we think should be de-designated.

I understand that you have repeatedly (and falsely) accused us of violating the Albritton Protective Order. However, without exception, each time you have done so you later agreed that there was no violation or, where appropriate, we have taken immediate action to correct any inadvertent disclosure. Before I can evaluate your complaint this time, I need to know specifically the violations that you think have occurred. Chances are that we can resolve the issue as we have done with the others, by explaining that there has been no violation. I think that problem here is not our compliance, but rather Cisco's insistence that it can keep facts from Ward by stretching the Albritton Protective Order to cover documents it does not cover.

You say that we have filed documents protected under the Albritton Protective Order as a matter of public record in this case. I assume you are referring to Ward's Motion for Reconsideration of the scope of Judge Hendren's Order because that is the only filing for which I have heard from you about a possible P.O. violation. If you are referring to other filings, please identify those for me, otherwise I will assume that your complaint is limited to that filing. In response to your email, I explained that our brief inadvertently cited the Albritton production numbers for some exhibits, but that the documents cited had each been produced in this case. I asked you to identify any document that you thought was disclosed in our brief that violated the Albritton P.O. and you said it "includes all of the documents marked "Confidential" or "Highly Confidential" with the exception of the documents Judge Hendren ordered to be produced in this case. You have our document production and can identify those documents." After Cisco refused to identify documents, we undertook a full investigation of each of the documents cited and determined that they have been produced in this case. I told you that if you disagreed to please identify the document number for me so I could investigate further. At no point would you agree to identify the documents you say were improperly disclosed in our motion. If you think there is more than an Bates number violation here, please identify the document for me so I can investigate your concern. I can't investigate a documents you won't identify.

I also don't understand what documents you think are under the Albritton Protective Order that have been produced in this case. Again, we have been through this before. There was one document that was inadvertently produced. We retracted that document and told you we didn't show it to anyone. Is there more to Cisco's contention that we violated the Protective Order than that? Every other document you identified from our document production was admitted in the Albritton trial.

I can't tell from your emails why you think there has been a violation. The only thing that I can discern is that somehow Cisco thinks that the documents admitted in the Albritton trial are covered under the P.O. Is that Cisco's position? If so, you should review paragraph 11 of the Protective Order, Judge Bush's pretrial Order overruling Cisco's privilege/protective order arguments for the admitted documents, and Judge Schell's comments on the record at the Albritton trial wherein he says the documents are a matter of public record. If Cisco's contention is something other than the fact we produced the publically-available Albritton exhibits, please let me know the specific basis of your allegation. If Cisco's position is that we are precluded from having access to the same documents that Joe Mullins received, its position is meritless.

We will comply with the requirements of the Protective Order. I understand that once the Albritton case is closed certain obligations are triggered under the Protective Order. We will abide by those obligations.

I don't understand what you mean by "it should also be noted that Cisco opposed the use of its privileged documents at trial was opposed by Cisco vigorously and that any ruling concerning use of privileged documents in that case does not waive privilege in the Ward case." Again, are you trying to say that the public Albritton documents are privileged? If so, tell me that is Cisco's position and explain how you believe that to be the case. Do you have any authority for that proposition? I think you are missing the point. Cisco's documents were admitted in a public trial, made part of the public record, and handed over to a reporter to be disseminated to the public. They are not privileged whether or not Cisco vigorously objected to their disclosure.

In short, your email comes no closer to providing specific allegations of Protective Order violations than you provided when we last discussed the issue. If you still contend that we are in violation of the Protective Order tell me why—with specificity—so that I can evaluate your position. Citing paragraphs of the Protective Order doesn't tell me what your complaint is. The best I can tell, Cisco's position is that we are precluded from using the exhibits admitted in the Albritton trial. Is that Cisco's complaint? Is there more to it than that? If, so please identify the documents you think have been improperly disclosed in our public filings by production number or confirm that you are refusing to do so. Alternatively, tell me this disagreement is about the admitted Albritton trial exhibits only.

Thanks,
Patty

**From:** Parker, Crystal [mailto:cparker@jw.com]
**Sent:** Monday, November 02, 2009 3:21 PM
**To:** Patricia L. Peden
**Cc:** Marcie Long; Nick Patton; Babcock, Chip; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy
**Subject:** Meet and confer re various issues including Motion to Quash Chandler depo and violation of Protective Order

Good, I'm glad you agree about the email.

I am working on getting dates for depositions of: Mallun Yen and Matthew Tanielian. We also just received your 30(b)(6) designations. I haven't had a chance to
review it. I will need to see who the appropriate witnesses are and get back to you. I will be out of the office quite a bit this week for doctor appointments, and I will be
out on Thursday for jury duty, so I will try to get back to you next week.

We will be filing a motion to quash the deposition of Mark Chandler. He already testified in the Albritton case and had no relevant knowledge. We think it is harassment
to depose him again and that the cases on apex depositions cited in our motion to quash his trial subpoena in the Albritton case apply. You didn't even use his deposition
at the Albritton trial, so apparently he is not a necessary witness. Please let me know by Friday if you will oppose our motion.

We will reschedule the deposition in Washington D.C. It looks like the date we picked is bad for you and others. I have been advised that Mr. Curran is available
on November 20, 23, or 24. Do any of those dates work for you? If so, I will check with Mr. Tanielian about his availability.

Mary Lou is contacting you about the Special Interrogatories.

I have been advised that Cisco does not have telephone records for the requested time period.

Cisco is asserting privilege with respect to all the documents on its privielge log and will not prepare a revised log.

Judge Hendren's order did not relate to deposition designations. Please identify the specific designations you think fall within the scope of his order and why you think
they fall within the order, and we will let you know.

Also, we need to meet and confer about another issue. As you know, we believe you have violated the Protective Order in the Albritton case by producing documents under
that order in this case and filing them of public record. I have tried to address this with you several times, and you refuse to withdraw them. As you know, you have already
requested that Judge Hendren order a waiver based on production of those documents or based on use at trial (see Docket No. 64), and your requests were denied. We believe
that your use of those documents violates both his order and the Protective Order. If you don't remove the documents from Ward's document production and from the public record,
we will seek redress of this violation of the orders with both Judge Hendren and Judge Schell. The PO specifically states that documents and testimony designated under the order must be
destroyed or returned to counsel upon the conclusion of the lawsuit:

> 19. Within 30 calendar days of the conclusion of this action… all materials containing "Confidential" information that have been produced in this action shall be (i) destroyed, with a certificate of destruction provided to the Producing Party, or (ii) at the option of the Receiving Party, returned to counsel for the Producing Party, provided that counsel of record for each party may maintain, under seal, one copy of the specific pleadings, correspondence and documents filed with the Court that contain "Confidential" information. The seal shall be lifted only upon Court order…

The Order also specifically states that it survives the conclusion of the litigation.

> 20. The final determination of this action shall not relieve any person who has received "Confidential" information from the obligations imposed by this Order. This Order shall survive the final conclusion of this litigation and continue in full force and effect…

It should also be noted that Cisco opposed the use of its privileged documents at trial was opposed by Cisco vigorously and that any ruling concerning use of privileged documents
in that case does not waive privilege in the Ward case.

Thanks,

Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217

---

**From:** Patricia L. Peden [mailto:ppeden@pedenlawfirm.com]

11/17/2009

**Sent:** Monday, November 02, 2009 4:22 PM
**To:** Parker, Crystal
**Cc:** 'Marcie Long'; 'Nick Patton'
**Subject:** meet and confer re various issues

Crystal: I prefer to conduct future meet and confers via email. As you can tell from the number of emails from me in your inbox, I have been doing that from our side already. Please copy Marcie and Nick on any correspondence. We can cancel tomorrow's conference call and exchange emails instead.

Most pressing is for Cisco to provide us dates for the depositions we have noticed. Also, I need you to tell me if you are moving forward with the deposition in Washington D.C. If so, we need to coordinate Mr. Tanielian's deposition for the same time.

I need Cisco to provide supplemental responses to our Special Interrogatories by Thursday. Those interrogatories have been outstanding since January and you committed to providing supplemental responses as soon as we agreed on a confidentiality agreement. We signed the confidentiality agreement and Cisco produced some documents but I don't have supplemental responses. Without responses, I don't know which requests that Cisco thinks it has answered via document production. And I can't tell if Cisco's documents are fully responsive. As I wrote you months ago, some requests cannot be responded to with documents. I sent you an email last Wednesday about getting supplemental responses, but you did not respond. Under Cisco's definition of meet and confer, this issue is already ripe. I will wait until Friday before bringing the issue to the Court. Please serve supplemental responses by Thursday or we will move to compel.

I am still waiting for telephone logs for the telephone numbers I sent you.

I asked Cisco to provide a revised privilege log, but you have not responded.

I asked that Cisco de-designate deposition experts designated under the Albritton P.O. that fall within the scope of Judge Hendren's waiver Order. We will limit our request to Frenkel, Yen, Beckwith, Chandler, Noh, and the Baker Botts people. Will you agree to identify de-designated excerpts? If not, please provide me with the specific reasons for Cisco's refusal to do so. We will then raise the issue with the Court.

Patricia Peden
Law Offices of Patricia L. Peden
1316 67th Street
Emeryville, CA 94608
510-268-8033
ppeden@pedenlawfirm.com

*This email and any attachments may be confidential or privileged. If you are not the intended recipient, be advised that any disclosure, copying, distribution, or use of this email is prohibited. If you receive this email in error, please notify us by reply mail and immediately destroy all copies of this communication.*