IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOHN WARD, JR.** | § | |
| | § | |
| **Plaintiff** | § | No.  4:08cv4022 JLH |
| | § | |
| **V.** | § | JURY TRIAL DEMANDED |
| | § | |
| **CISCO SYSTEMS, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
<u>CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

## I. Introduction

Plaintiff John Ward, Jr. brought a motion for a partial summary adjudication that he is a private individual, not a public figure for purposes of this case.[1] In Response, Cisco purported to file a "cross-motion" for summary judgment. The court clerk entered a text order requiring Plaintiff to treat Cisco's cross-motion as a separate filing.

Cisco's cross-motion should be denied for at least two reasons reasons.

First, Cisco's motion does not include the separate statement of facts required by Local Rule 56.1(a). This Court has already informed Cisco that a separate statement of facts is required in connection with motions for summary judgment. *See* Dkt.. No. 117. Cisco ignored the Court's instruction and the Local Rule with respect to its own motion for partial summary judgment, its response to Ward's summary judgment motion, and has done so again here. Cisco's motion should be summarily denied for its repeated failure to follow the Local Rules.

Second, Cisco's cross-motion fails on the merits. As addressed in Ward's Motion for Summary Judgment on the private figure issue (D.E. # 116) and in his Reply (D.E. #147), there is no legitimate dispute that Ward is a private figure plaintiff.

For these reasons[2] and those further discussed below, Cisco's cross-motion should be denied.

---

[1] This brief addresses Plaintiff's Response to Cisco's cross-motion. Plaintiff's reply in support of his own motion for summary judgment was filed at Dkt. No. 147. For the Court's convenience, Plaintiff's Motion for Partial Summary Judgment and Reply regarding same, D.E. #s 116 & 147, are attached as Exhibits 1 & 2.

[2] Cisco's motion could also be denied as untimely. This Court's Scheduling Order required that motions for summary judgment be filed on or before October 12, 2009. Cisco's motion was filed on November 5, 2009. Though it had ample opportunity to do so, Cisco did not seek leave of Court to late file a summary judgment motion, and cannot therefore show good cause under Rule 16 for its late filing.

**II.     Legal Argument**

   **A.     Defendant's Cross-Motion Should Be Denied Because Cisco Again Violated Local Rule 56.1**

This Court's Local Rule 56.1(a) requires separate, short and concise statement of material facts be annexed to a summary judgment motion.  The Court has required that Cisco's cross-motion be treated as a separate motion for summary judgment *See* Text Order, 11/12/09 docket entry.  Cisco was required to specifically identify the facts in support of its motion.  It did not.  Cisco's cross-motion should be denied for failure to comply with Local Rule 56.1(a).

The statement required by the Local Rule is meant to facilitate adjudication of the motion, allowing the opposing party to succinctly dispute any material facts underlying the motion.  *Duvall v. City of Rogers,* 2005 U.S. Dist. LEXIS 40852, *3 (W.D. Ark. Dec. 20, 2005) (J. Hendren) ("The purpose of the Rule is to establish a baseline of facts which both parties can agree to, so that the Court will have a factual starting point from which to work when reviewing the motion."); *see also* L.R. 56.1.  On a motion for summary judgment, identification of factual disputes is paramount to rendering a decision.

Cisco's brief is wholly insufficient to put Plaintiff or the Court on notice of the <u>facts</u> Cisco contends supports its cross-motion.  Cisco's "Undisputed Factual Background" does not purport to be a statement of facts, but rather "background" for the Court.  *See* D.E. #140 at 7.  Cisco's "factual background" section includes attorney argument without citation to the record.  Moreover, the alleged factual background includes and references inadmissible evidence. Cisco's failure to follow procedure leaves Plaintiff without an adequate opportunity address these evidentiary failings in the context of the facts the evidence allegedly supports.  In sum, Cisco's failure to comply with the Court's Local Rules, or even the understood practice concerning summary judgment, has created a briefing mess and has left Plaintiff at a disadvantage in his attempt to respond to Cisco's alleged cross-motion.

Summary judgment motion practice should not be guess work, and this Court's Local Rule demands that it not be.  This Court has already notified Cisco that summary judgment

3

motions in this district require separate statement of facts. *See* Dkt. No. 117. Cisco has repeatedly ignored this Court's rule. *See* Dkt. Nos. 114, 140. Cisco assumes that the Court has an affirmative obligation to plumb the record in order to find the facts that Cisco relies on to support its cross-motion. The Court and Ward are not required to speculate on which portion of the record Cisco relies, nor are the Court and Ward obligated to wade through Cisco's brief in search of some specific facts that Cisco believes might support its cross-motion. *See Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996). Cisco's cross-motion should be stricken or denied. *See* Local Rule 56.1(c).

Cisco should not be allowed to, at this late stage, correct its faulty filing. Nor should Ward be faced with disputed facts being deemed admitted as a result of Cisco's failure to follow procedure. *See Duvall v. City of Rogers,* 2005 U.S. Dist. LEXIS 40852, *3 (W.D. Ark. Dec. 20, 2005) (J. Hendren) (deeming admitted facts not specifically controverted). If the Court is inclined to overlook Cisco's repeated violations of the Local Rules, Ward requests that the Court grant him an opportunity to respond to Cisco's corrected filing.

**B.     Cisco's Cross-Motion Should Be Denied On The Merits**

Cisco bears the burden of proving Ward is a public figure. *See Lundell Mfg. Co. Inc. v. America Broadcasting Cos.*, 98 F.3d 351, 364 (8th Cir. 1996) (requiring defendant to show elements of public figure test); *see also Wolston v. Readers Digest Ass'n*, 443 U.S. 157, 168 (1979) (a libel defendant must show and justify the application of the demanding burden of *New York Times*). Cisco cannot meet its summary judgment burden on this legal issue. As a result, summary adjudication of Ward's status as a private figure is appropriate.

**1.     *Cisco Fails To Meet Its Summary Judgment Burden***

Cisco's failure to follow Local Rule 56.1 leaves Cisco with no facts supporting its motion. Nor can Cisco's "introduction and factual background" briefing support its motion. *See* D.E.140 at 2. None of the information in Cisco's lengthy and self-serving "factual" background

addresses the issue in Cisco's cross-motion; whether Ward is a private figure.[3]  The Court need not consider this section of the Response because it is immaterial to the issues presented in Ward's motion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) ("A fact is material for the purpose of a summary judgment motion only if its resolution could affect the outcome of the issue presented.").  Without facts to support its cross motion that Ward is a public figure, Cisco cannot satisfy its burden. Accordingly, the Court should deny Cisco's cross motion and find as a matter of law that Ward is a private figure.

### 2. *Ward Is A Private Figure Plaintiff*

Cisco's cross-motion concedes that Ward cannot be a public figure, but argues that he is a limited purpose public figure.  *See* D.E. #140 at 13.  Plaintiff's Motion for Partial Summary Judgment and Reply in support thereof fully address this issue. Rather than overwhelm the Court with repetitive briefing and argument, Ward refers the Court to his motion for summary judgment and reply thereto to address the substantive issue of his private figure status. *See* D.E. #116 & 147. These briefs are attached hereto as Exhibits 1 and 2 and are incorporated herein to support this opposition to Cisco's cross motion. The authorities cited therein and the lack of facts showing that Ward has done anything to interject himself in to any debate concerning the alleged abuse of the patent system by non-practicing entities in the Eastern District of Texas compels a finding that Ward is a private figure plaintiff.

### 3. *Cisco's Cross-Motion Fails To Brief The Issues Presented*

Ward's motion seeks a ruling on his status as a private figure plaintiff. Although Cisco's cross-motion purports to only seek the converse ruling, that Ward is a public figure, Cisco sneaks the separate issue of *the character of the speech at issue* into its brief.  *See* D.E. #147 at 11-15 (exposing Cisco's efforts to conflate the issue of Ward's status with the issue of the character of the speech).

Ward did not move for a ruling concerning the character of the speech, and Cisco cannot

---

[3]     Moreover, many of Cisco's alleged "facts" are demonstrably wrong.

properly assert that issue via a "cross-motion." If Cisco had wanted a ruling on that issue, it was required to affirmatively move on that issue by October 12, 2009. It did not, and it should not be permitted to interject that issue into Ward's motion by branding it a "cross-motion."

In any event, Cisco's stealth attempt to seek a ruling on the character of the speech at issue can be summarily denied. Cisco has advanced only one argument in seeking a ruling that the articles at issue are a matter of public concern. Cisco argues that in the *Albritton v. Cisco* case, Judge Schell ruled that the articles at issue involved a matter of public concern. Cisco's argument appears to be a collateral estoppel argument, although it cites no authority for its position. Indeed, collateral estoppel or issue preclusion cannot apply to Ward because, among other reasons, he was not a party to the *Albritton* case. *See B&B Hardware, Inc. v. Hargis Indus.*, 569 F.3d 383, 388 (8th Cir. 2009) (stating the elements of collateral estoppel – one of which is that the party to be estopped was a party to the original law suit).

The Texas Court's ruling concerning the character of the speech cannot be imposed on Ward. Mr. Ward was not a party to the *Albritton* case. He did not have a full and fair opportunity to argue his position to the Court, to argue relevant authority demonstrating that the articles at issue are not a matter of public concern, or to offer the Court evidence showing it cannot be. The evidence Ward has to support his argument in this regard differs from that presented to the *Albritton* Court. For instance, there have been numerous documents produced in this case that were not made available in *Albritton*. Likewise, the deposition testimony in this case differs from that recorded in *Albritton*. This case presents a unique evidentiary landscape from which the character of the speech may be determined – if that issue is properly raised. Imposing Judge Schell's finding on the character of the speech at issue on Ward would be improper and fundamentally unfair – particularly when it was only raised in an untimely effort to

cloud the private figure issue. Ward is a different plaintiff than Albritton and the Texas Court's rulings in the *Albritton* case cannot be summarily imposed on Ward.[4]

Because the Texas Court's finding is not binding on Ward, it was incumbent on Cisco to brief the character of the speech issue to this Court, even if it did so as an alternative argument. Cisco made no attempt to do so. Cisco's "cross-motion" does not set forth the legal test for determining the character of the speech.[5] Cisco's "cross-motion" does not specifically identify the facts that it relies on to support its argument. In short, it does nothing to fully raise the issue to for **this Court**. Cisco's cross-motion should be denied for failure to provide the Court with either the legal framework for determining the character of speech or the factual basis that it purports entitle it to summary judgment. *See Am. Family Mut. Ins. Co. v. Meill*, 2006 U.S. Dist. LEXIS 72551 (N.D. Iowa Oct. 4, 2006) ("The court agrees with American Family that Miell failed to adequately brief this claim."); *see also Brown v. Farmland Foods, Inc.*, 178 F. Supp. 2d 961, 974 (N.D. Iowa 2001) (granting motion where non-movant failed to adequately brief issue in response, citing *Posters ' N Things, Ltd. v. United States*, 511 U.S. 513, 527 (1994)).

### III.  Conclusion

For all the foregoing reasons, Plaintiff respectfully requests that Cisco's cross-motion be in all things denied.

---

[4]  Unfortunately for Cisco, the converse is not true. Cisco was the defendant in the *Albritton* case. Consequently, its admissions and representations may be binding on Cisco in this case through the doctrine of judicial estoppel.

[5]  That issue is determined from an inquiry focused on the "form, content and context" of the speech as revealed by the entire record. *Dunn & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 761 (1985). The character is not determined by the plaintiff's actions (or lack thereof), which is the basis of Ward's motion. Cisco's motion does nothing to develop an analysis of the character of the speech.

7

Respectfully Submitted,

*[signature: Nicholas H. Patton]*

Nicholas H. Patton
AR Bar No. 63035
Courtney Towle
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)
Email: nickpatton@texarkanalaw.com
Email: ctowle@texarkanalaw.com

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street
Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033
Email: ppeden@pedenlawfirm.com

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)


ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This is to certify that on this 19th day of November, 2009, a true and correct copy of the foregoing document was served electronically via the Court's CM/ECF system upon:

Richard E. Griffin                          Attorneys for Defendant Cisco Systems, Inc.
Charles Babcock
Crystal Parker
Kurt Schwarz
JACKSON WALKER, LLP
1401 McKinney
Suite 1900
Houston, Texas 77010

                                            Nicholas H. Patton