# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOHN WARD, JR.** | § | |
| | § | |
| **Plaintiff** | § | No.  4:08cv4022 JLH |
| | § | |
| **V.** | § | JURY TRIAL DEMANDED |
| | § | |
| **CISCO SYSTEMS, INC.** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S REPLY TO CISCO'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Dockets.Justia.com

# TABLE OF CONTENTS

**Page(s)**

I.    **Introduction** ...............................................................................................1

II.   **Legal Argument** .........................................................................................4

    A.    Plaintiff's Motion Should Be Granted Because Cisco Cannot
Meet Its Burden Of Proving That Ward Is A Limited Public Figure ....................4

    B.    Plaintiff's Motion Should Be Granted Because Cisco Failed To
Rebut Plaintiff's Undisputed Facts .........................................................................5

    C.    Cisco's Self-Serving Introduction Does Not Undermine
Ward's Motion .......................................................................................................8

    D.    Because Cisco Cannot Proffer Any Evidence That Ward Is A
Limited Purpose Public Figure, Summary Judgment Should
Be Granted To Plaintiff..........................................................................................8

        1.    The Controversy Underlying The Private/Public Figure
Analysis Is A Private Controversy Concerning A Lawsuit
Between ESN And Cisco ............................................................................9

            a.    The Controversy Giving Raise To The Defamatory
Speech Was A Private Dispute ....................................................10

            b.    The Texas Court's JMOL Ruling Concerning The
Character Of The Speech At Issue Cannot Preclude
Summary Judgment That Ward Is A Private Figure.....................11

        2.    Plaintiff Has Had No Role In Cisco's Alleged Public Controversy ..........16

            a.    Cisco's Assertion That Ward Is A Public Figure Because
He Is A Top Filer Of Patent Cases On Behalf of
Non-Practicing Entities In The Eastern District of
Texas Is Meritless .......................................................................16

            b.    Cisco's Argument That Ward Need Not Have Injected
Himself Into The Controversy In Order To Be A Public
Figure Is Meritless ......................................................................20

            c.    Cisco's Argument That Ward Is A Public Figure
Because He Could Have Responded To Cisco's
Anonymous Attacks Is Meritless ................................................21

III.  **Conclusion** ..............................................................................................22

## I.    Introduction

Plaintiff John Ward, Jr. brought a motion for a partial summary adjudication that he is a private individual, not a public figure for purposes of this case.[1]  Although the Response raises a number of red herrings, none of them change the conclusion that Ward is a private figure plaintiff.

The Response argues that Ward has not met his summary judgment burden and therefore his motion must be denied.  Cisco's argument misses the mark.  ***Cisco*** bears the burden of proving that Ward is a public figure, but there is no evidence that will allow it to do so.  Given the absence of any evidence, Ward requested that this Court grant his motion for summary adjudication that he is a private individual for purposes of this defamation case.

Once Ward made his motion, the burden shifted to Cisco to respond with more than a scintilla of evidence supporting its claim.  The Response fails to identify any facts from which the Court could deny Ward's motion.  Cisco did not include a separate statement of facts as required by Local Rule 56.1(b).  Cisco's failure to do so is not an oversight.  This Court has already informed Cisco that a separate statement of facts is required in connection with motions for summary judgment.  *See* Dkt.. No. 117.  Cisco ignored the Court's instruction and the Local Rule with respect to its own motions for partial summary judgment and has done so again here.  If Cisco had included a separate statement of facts, it would have only highlighted for the Court the absence of Cisco's evidence.

The Response also fails to rebut controlling legal authority demonstrating that Ward is a private figure.  Tellingly absent from the Response is any discussion of the Supreme Court cases

---

[1] Cisco filed a "cross-motion" for summary judgment.  The court clerk as indicated that Cisco's cross-motion must be treated as a separate motion for summary judgment.  *See* Text Order Entry on 11/12/09.  Therefore this brief addresses only Cisco's Response to Plaintiff's motion.  Plaintiff's Response to Cisco's cross-motion will be addressed in a separate response.

cited by Plaintiff that clearly illustrate that Ward cannot be a limited public figure. The case that established the private figure/public figure test, *Gertz v. Robert Welch, Inc*., itself demonstrates the futility of Cisco's argument. *See* 418 U.S. 323. In *Gertz*, the Supreme Court held that a lawyer, by virtue of representing a client in a case that received publicity, could not be limited purpose public figure. Here too, Ward's representation of ESN is not enough to elevate him to public figure status.

The Supreme Court has decided three private/public figure cases since *Gertz*, and in each case the Supreme Court reversed the lower court's finding of public figure or limited public figure status, ruling instead the plaintiff was a private figure. *See Time, Inc. v. Firestone*, 424 U.S. 448 (1976); *Wolston v. Reader's Digest Ass'n*, 443 U.S. 157 (1979); *Hutchinson v. Proxmire*, 443 U.S. 111 (1979). Gertz, Firestone, Wolston and Hutchinson each did more to interject themselves into a public debate than has Ward. The Response ignores those cases altogether, likely because there is no reasonable argument that Ward can be a limited public figure under the Supreme Court's controlling authority.

The Response offers this Court the same failed arguments Cisco presented and lost before the Texas Court in the Albritton case. The Response, however, goes to great lengths to suggest that the Texas Court actually ruled in Cisco's favor on the nature of the controversy, and then argues that this Court should rely on the Texas Court's JMOL ruling to find Ward is a limited public figure. Cisco's broken logic is apparent; if Cisco won the issue in the Texas Court as it alleges, why did the Texas Court rule that Albritton was a <u>private figure</u>? The Texas Court's private figure ruling remained unchanged after the JMOL Cisco disingenuously argues supports its position.[2] It simply does not make sense for Cisco to argue that somehow the Texas Court's

---

[2] The Texas Court's proposed jury instructions instructed the jury that Albritton only needed to prove negligence (the standard of proof for a private figure) to prove his defamation claim. *See* Exh. A. at 16-17

JMOL Order compels this Court to find that Ward is a limited public figure when the Texas Court reached the opposite conclusion with respect to Albritton.  *See* Exh. B (Judge Schell's Summary Judgment Order) at 10.

Cisco has less of a case for making Ward a limited public figure than it had for its attempt to elevate Albritton to that status.  On the actual issue presented in Plaintiff's motion—whether Ward has voluntarily and purposefully interjected himself into the public controversy concerning the alleged abuse of the patent system by non-practicing entities in the Eastern District of Texas in an attempt to influence the resolution of the controversy—the best the Response can do is argue that Ward is not Albritton.  *See* Response at 13.  True, Albritton did <u>more</u> to interject himself into the public controversy alleged by Cisco than has Ward.  Cisco does not dispute Ward's motion on this point.  Yet, the Texas Court ruled that Albritton was a private figure.  *See* Exh. B (Judge Schell's Summary Judgment Order) at 10.  Ward is not Albritton, but if Albritton is not a limited public figure; Ward cannot be.

Instead of addressing the one issue squarely presented in Plaintiff's motion, the Response takes the Court on a detour.  Cisco spends the majority of its Response peppering the Court with a self-serving version of "facts" that have nothing to do with whether Ward voluntarily and purposefully interjected himself into Cisco's alleged public controversy, whether he did so in order to influence its outcome, or whether Ward's alleged public activities are pervasive enough to make him a limited public figure.  The record underlying the relevant facts is undisputed; Ward has not thrust himself into the vortex of Cisco's alleged public controversy, and nothing in the irrelevant argument Cisco uses to fill its briefing space demonstrates otherwise.

The Court should focus on the legal issue presented in Ward's motion; not the detour offered in the Response. The issue before this Court is:  Has Ward voluntarily and purposefully

sought to interject himself into the debate about the alleged abuse of the patent system by non-practicing entities in the Eastern District of Texas in order to influence the outcome, and did so to such a pervasive degree that he should be considered a public figure with respect to that issue? The only activity that Cisco identifies in response is that Ward has represented clients in the Eastern District of Texas. That is not enough to make Ward a public figure; this is the express holding in the Supreme Court's *Gertz* Opinion. As a matter of law, Ward is a private figure plaintiff.

## II.   Legal Argument

   A.   <u>Plaintiff's Motion Should Be Granted Because Cisco Cannot Meet Its Burden Of Proving That Ward Is A Limited Public Figure</u>

The defendant bears the burden of proof with respect to the status of the plaintiff. *See Lundell Mfg. Co. Inc. v. America Broadcasting Cos.*, 98 F.3d 351, 364 (requiring defendant to show elements of public figure test); *see also Wolston*, 443 U.S. at 168 (a libel defendant must show and justify the application of the demanding burden of *New York Times*).

When, as here, summary judgment is sought on an issue for which the nonmoving party bears the burden of proof, the moving party must show that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). The nonmoving party "cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Id.* Rather, the nonmovant must identify admissible evidence in the record and articulate the manner in which that evidence supports its claim. If the nonmovant fails to set forth specific facts to support an essential element in its claim and on which it will bear the burden of proof at trial, then summary judgment for movant is appropriate. *Id.* at 322-23.

The Response argues that Plaintiff failed to carry his summary judgment burden of

- 4 -

proving that he is a private figure.  *See* Response at 14.  Cisco confuses the applicable summary judgment standard.  Plaintiff's initial burden was to show that there was an <u>absence</u> of evidence showing that Plaintiff is a limited-purpose public figure; an issue for which Cisco bears the burden of proof.  Ward's motion demonstrated that Cisco had no such proof.  Cisco asked Plaintiff deposition questions designed to show that he was publicly involved in the alleged controversy about abuse of the patent system by non-practicing entities in the Eastern District of Texas, and came up with nothing.  Cisco served discovery aimed at showing that Ward purposefully interjected himself into the public spotlight on the issue of patent reform.  It found nothing.  Cisco could not uncover facts showing that Ward purposefully interjected himself into the public spotlight on this issue, not because Plaintiff refused discovery as Cisco contends, but because there is no discovery to be had.  Ward has not voluntarily and purposefully interjected himself into the public realm with respect to the alleged abuse of the patent system by non-practicing entities in the Eastern District of Texas, and consequently there are no facts showing he has.

In response to Ward's motion, Cisco had the burden to specifically identify facts that make Ward a limited public figure.  The Response offers the Court nothing more than conclusory allegations, unsubstantiated assertions, or a scintilla of evidence insufficient to deny Plaintiff's motion.  Thus, summary judgment in Ward's favor should be granted.  *See id.* at 322.

B.   <u>Plaintiff's Motion Should Be Granted Because Cisco Failed To Rebut Plaintiff's Undisputed Facts</u>

Plaintiff's summary judgment motion should be granted because Cisco failed to rebut Plaintiff's statement of facts and they are therefore accepted as true.  This Court's Local Rule 56.1(b) requires that a party opposing a motion for summary judgment file, in addition to any response and brief, a separate, short and concise statement of the material facts as to which it

contends a genuine issue of material fact exists. Unless the statement required by Local Rule 56.1(b) is submitted, the moving party's statement of material facts is deemed admitted. *See* Local Rule 56.1(c).

The statement required by the Local Rule is meant to facilitate adjudication of the motion, allowing the opposing party to succinctly dispute any material facts underlying the motion. *Duvall v. City of Rogers,* 2005 U.S. Dist. LEXIS 40852, *3 (W.D. Ark. Dec. 20, 2005)(J. Hendren) ("The purpose of the Rule is to establish a baseline of facts which both parties can agree to, so that the Court will have a factual starting point from which to work when reviewing the motion."); *see also* L.R. 56.1. On a motion for summary judgment, identification of factual disputes is paramount to rendering a decision.

Cisco's response is wholly insufficient to put Plaintiff or the Court on notice of the facts that Cisco contends rebut Ward's motion. Cisco's response to Plaintiff's statement of material facts state, in a conclusory fashion, that the fact is "denied," or that "Cisco has requested discovery,"[3] or "see undisputed facts above," or "denied for the reasons stated in this Response." *See* Response at 11-12. Cisco's summary denials and assertion that Plaintiff and the Court should just read the Response are not rebuttal *facts*. Plaintiff is entitled to know what specific facts Cisco relies on to rebut his motion. Plaintiff needs an identification of the rebuttal evidence so that he can demonstrate why the evidence is undisputed, why it is not material, or why it is inadmissible (Cisco's Response cites hearsay documents but Ward cannot know which of those it contends rebuts each of his facts). Cisco's Response fails to provide any of the required information, thereby hampering Plaintiff's ability to respond or move to strike inadmissible evidence. Nor can this Court identify the discrete facts at issue.

The Response's "Undisputed Factual Background" does not even purport to be a statement of facts, but rather "background" for the Court. *See* Response at 7. The Response then mingles factual background concerning Ward's motion for summary judgment with other

---

[3] The Court has since ruled on Cisco's motion to compel. Cisco has had all the facts relevant to Ward status as a limited purpose public figure since Plaintiff responded to Cisco's interrogatory responses on June 29, 2009.

"factual background" that Cisco appears to argue supports its cross-motion. The Court has required that Cisco's cross-motion be treated as a separate motion for summary judgment. *See* Dkt. No. 140. Thus, Ward cannot know which facts he must address in reply to support his motion versus those he must rebut in response to Cisco's cross-motion. Moreover, Cisco's "factual background" section also includes attorney argument without citation to the record. Plaintiff cannot know whether he needs to address those "facts" in this reply or whether he should address them in response to Cisco's cross-motion. In short, Cisco's failure to comply with the Court's Local Rules, or even the understood practice concerning summary judgment, has created a briefing mess and has left Plaintiff at a disadvantage in his attempt to demonstrate to the Court why there are no material issues of fact precluding summary judgment in his favor.

Summary judgment motion practice should not be guess work, and this Court's Local Rule demands that it not be. This Court has already notified Cisco that summary judgment motions in this district require separate statement of facts. *See* Dkt. No. 117. Cisco has repeatedly ignored this Court's rule. *See* Dkt. Nos. 114, 140 and 140 (cross-motion). Cisco assumes that the Court has an affirmative obligation to plumb the record in order to find a genuine issue of material fact that Cisco relies upon to oppose Ward's motion. This Court is not required to speculate on which portion of the record Cisco relies, nor is it obligated to wade through Cisco's brief in search of some specific facts that Cisco believes might support its opposition. *See Barge v. Anheuser-Busch, Inc*., 87 F.3d 256, 260 (8th Cir. 1996) (a district court is not required to speculate on which portion of the record the non-moving party relies to defeat a motion for summary judgment). Cisco was required to designate specific facts in rebuttal to the facts set forth in Plaintiff's motion. *See id.* Cisco's failure to do so means that Plaintiff's facts are admitted and his motion should be granted.[4]  *See* Local Rule 56.1(c).

---

[4] Cisco should not be allowed to, at this late stage, correct its faulty filing. Nor should Ward be faced with disputed facts being deemed admitted as a result of Cisco's failure to follow procedure. *See Duvall v. City of Rogers,* 2005 U.S. Dist. LEXIS 40852, *3 (W.D. Ark. Dec. 20, 2005)(J. Hendren) (deeming admitted facts not specifically controverted).

C.    Cisco's Self-Serving Introduction Does Not Undermine Ward's Motion

The Response attempts to hide that there are no facts upon which to deny Plaintiff's motion by making a biased argument labeled as an "introduction and factual background."  *See* Response at 2.  But nothing in Cisco's lengthy and self-serving "factual" background addresses the issue in Plaintiff's motion: whether Ward is a private figure.[5]  Thus, the Court need not consider this section of the Response because it is immaterial to the issue presented by Ward. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) ("A fact is material for the purpose of a summary judgment motion only if its resolution could affect the outcome of the issue presented.").

The facts necessary for determining the private/public figure issue are discrete, involving only what Ward has done (or in this case, had not done) to voluntarily and purposefully interject himself into the supposed controversy concerning the alleged abuse of the patent system by non-practicing entities in the Eastern District of Texas.  The background summary included in the Response does not address Ward's public activities at all.  Instead, it is superfluous information designed to distract the Court from the issue presented.

D.    Because Cisco Cannot Proffer Any Evidence That Ward Is A Limited
      Purpose Public Figure, Summary Judgment Should Be Granted To Plaintiff

The Response concedes that Ward cannot be a public figure, but argues that he is a limited purpose public figure.  *See* Response at 13.  Thus, the narrow issue before the Court is whether Cisco has met its burden of proving that Ward is a limited public figure.  As discussed below, Cisco has not, and this Court should rule that Ward is a private figure plaintiff.

To elevate Ward to limited public figure status, Cisco must show that Ward purposefully and voluntarily interjected himself into a particular public controversy giving rise to the defamation in an attempt to influence resolution of the controversy.  *See Lundell*, 98 F.3d at 362, citing *Gertz*, 418 U.S. at 352.  To meet its burden, Cisco must first define the controversy at issue, and then, with respect to that specific controversy, it must show that Ward's public

---

[5] Moreover, many of Cisco's alleged "facts" are demonstrably wrong.

involvement was of such a pervasive nature that he should be considered a public figure o that issue.  *See Lundell*, 98 F.3d at 363.

Here, the controversy underlying the private/public figure analysis is a private one, and therefore Ward cannot be a limited purpose public figure.  The Court can rule in Plaintiff's favor on that basis alone.  However, even if the Court were to find that a public controversy gave rise to Cisco's defamatory posts, Ward still could not be a limited public figure.  Ward has done nothing to purposefully interject himself into the public realm to impact the outcome of the alleged debate concerning the abuse of the patent system in the Eastern District of Texas. Finally, in the unlikely event that the Court was to find otherwise, Ward still could not be a limited public figure with respect to the accused articles because Ward's alleged role in patent litigation reform is not the subject of Cisco's defamatory posts.  At each turn, Cisco's opposition to Ward's motion fails.

> 1.      The Controversy Underlying The Private/Public Figure Analysis Is A Private Controversy Concerning A Lawsuit Between ESN And Cisco

The Eighth Circuit has instructed courts to begin their private/figure analysis by first defining the controversy at issue.  *See Lundell*, 98 F.3d at 363, citing *Waldbaum v. Fairchild Pubs., Inc.*, 627 F.2d 1287, 1296-97 (D.C. Cir. 1980).  In *Waldbaum,* the United States Court of Appeals for the District of Columbia provided the following discussion on how to address the first prong of this test, stating:

> "To determine whether a controversy indeed existed and, if so, to define
> its contours, the judge must examine whether persons actually were
> discussing some specific question.  ***A general concern or interest will not
> suffice.*** [*Hutchinson v. Proxmire,* 443 U.S. 111 (1979)].  The court can see
> if the press was covering the debate, reporting what people were saying
> and uncovering facts and theories to help the public formulate some
> judgment.  It should ask whether a reasonable person would have expected
> persons beyond the immediate participants in the dispute to feel the impact
> of its resolution.  If the issue was being debated publicly and if it had
> foreseeable and substantial ramifications for nonparticipants, it was a
> public controversy."

627 F.2d at 1296-98 (footnotes omitted)(emphasis added).

> a. The Controversy Giving Raise To The Defamatory Speech Was A Private Dispute

Cisco cannot make the necessary evidentiary showing on this first prong. In the Albritton case, Cisco represented that that the accused articles were about the abuse of the patent system by non-practicing entitles in the Eastern District of Texas.[6]  *See* Exh. C (Cisco's Motion for Summary Judgment in Albritton v. Cisco at 9, fact number 22). Cisco's statement is a party admission.[7]  The Texas Court rejected Cisco's argument and ruled that the controversy at issue was a private dispute between litigants ESN and Cisco; a private, not a public, controversy. *See* Exh. B (Judge Schell's Summary Judgment Order) at 10. In this Court, Cisco has tried to beef up its prior definition of the underlying controversy, but it cannot escape its prior admissions and arguments. This Court can hold Cisco to the Texas Court's ruling.

Even if the Texas Court had not already resolved this issue against Cisco, the evidence would lead this Court to the same conclusion. Cisco has no evidence of any public discussion of the content of its writings.[8]  Cisco's posts were written for the purpose of attacking its litigation opponent in a private intellectual property litigation and accused ESN and Ward of altering government documents. Before Cisco published the defamatory statements, nobody other than the immediate participants was discussing any patent dispute between ESN and Cisco, let alone any accusations of criminal and unethical conduct by Ward. There was no general public controversy surrounding the altering of the ESN complaint, which is why Yen, Noh, and Frenkel attempted to create one. *See* Exh. D (Albritton Trial Exhibit 305) (Yen to Frenkel and Noh, saying "maybe a news story here.")

Cisco also cannot show that anyone other than themselves and ESN would feel the impact of the resolution of the "controversy" surrounding the date that was file-stamped on

---

[6] The Response only addresses two of the three accused articles; the October 17th article and the October 18th article. *See* Response at 4-5. The Response entirely ignores the article written on October 19th wherein Frenkel removed his reference to the "Banana Republic of East Texas." Frenkel's decision to remove that reference undermines Cisco's claim that Frenkel meant his articles to be critical of the court.

[7] The Texas Court's Order is factual evidence to showing Cisco's admissions.

[8] The articles listed in the Response discuss the Eastern District of Texas generally, and not the ESN v. Cisco case, Ward, or alleged improprieties in the Eastern District of Texas clerk's office.

ESN's complaint. Nor has it tried. Instead, Cisco argues that the ***general*** debate about patent litigation reform and the Eastern District of Texas is enough to create a public controversy in this case. Cisco ignores the Supreme Court's holding that a general concern or interest will not suffice. *Hutchinson v. Proxmire,* 443 U.S. 111 (1979). Cisco cannot rely on articles or statements made about the Eastern District of Texas generally, to create a public controversy surrounding the filing of the ESN Complaint.[9] In other words, there was no "controversy at issue" until Cisco drummed one up.

Cisco has no evidence from which to prove that Ward is a limited purpose public figure with regard to the gravamen of the defamatory web posts. On that basis alone, Ward's motion should be granted.

> b.   The Texas Court's JMOL Ruling Concerning The Character Of The Speech At Issue Cannot Preclude Summary Judgment That Ward Is A Private Figure

The Response insinuates that Judge Schell changed his mind concerning the private versus public figure plaintiff issue that is the subject of Ward's motion. *See* Response at 5-6. To be clear: Judge Schell's ruling with respect to Albritton's status as a private figure never changed. The Court's Summary Judgment Order stated:

> To determine the existence of a public controversy, the court "must examine whether persons actually were discussing some specific question. A general concern or interest will not suffice." *Id*. at 572 (citation omitted). The Defendants argue that the blog postings address the public controversy regarding the abuse of the patent system by non-practicing entities in the Eastern District of Texas, including the issue of non-practicing entities attempting to maintain venue in the Eastern District of Texas. The Plaintiff counters that the matter at issue, the lawsuit between ESN and Cisco, did not involve a public controversy. The court agrees with the Plaintiff. The *ESN* lawsuit was not a matter of public concern. There is no evidence that the private dispute between ESN and Cisco constituted a public controversy.

*See* Exh. B (Judge Schell's Summary Judgment Order) at 10.

Cisco argues that Judge Schell's ruling in this regard was "not the end of the matter." *See*

---

[9] Nor are the two prior "comments" about the filing of the ESN Complaint sufficient to create a public controversy. Two comments do not make a public debate. And, even if they did, the comments were not about ESN's counsel conspiring to alter government documents—the subject of Cisco's anonymous posts.

Response at 5. But it was. Judge Schell never changed his summary judgment ruling regarding plaintiff's private figure status and was set to instruct the jury based on the negligence standard applicable to private figures. *See* Exh A at 15-16 (Judge Schell's draft jury instructions).

To make its argument to the contrary, Cisco performs a sleight of hand. What Cisco really argues is that Judge Schell's JMOL ruling on a separate issue should be substituted for his Order concerning the controversy that applies to plaintiff's status as a private figure. Cisco's argument is unraveled by exposing the bait and switch it performs in its Response.

In a defamation case, many issues can be presented to the Court for summary adjudication. One issue is plaintiff's status as a public figure, private figure, or limited purpose public figure. For this issue, the relevant inquiry focuses on plaintiff's actions and what, if anything, he has done to thrust himself into the public spotlight. The resolution of this issue determines the applicable standard of fault. *See Gertz*, 418 at 347. Ward's motion for summary judgment sought a ruling on the private figure issue.

A separate issue is whether the speech is a matter of private or public concern. The inquiry into this issue focuses on the "form, content, and context" of the speech as revealed by the entire record. *See Dun & Bradstreet, Inc v. Greenmoss Builders, Inc*., 472 U.S. 749, 761 (1985). The character of the speech is not determined by the plaintiff's actions, which is the basis of Ward's motion. When the defendant is a media defendant, the resolution of this issue determines which party bears the burden of proving the statements are false. *See Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 775-77 (1986). The resolution of this issue also determines whether a cause of action for defamation implicates First Amendment principles. If the plaintiff is a private figure and the accused statements are not a matter of public concern, state law tort principles apply without the complex overlay of the Constitutional requirements imposed by the First Amendment. *Dun & Bradstreet*, 472 U.S. at 759-60; *Ransopher v. Chapman*, 302 Ark. 480 (1990) (noting that because that case did not involve a public figure plaintiff, a media defendant, or a matter public concern, the court was able to avoid the First Amendment "quagmire"). Cisco has referred to this issue as the "character of the speech." *See*

Response at 5.  Plaintiff's motion for summary judgment did not raise this issue.

In its Response, Cisco conflates the issue of plaintiff's status with the issue of the character of the speech.  In the Albritton case, the Texas Court resolved the private/public figure issue by finding that Albritton was a private figure.  After the close of evidence, Cisco raised the separate character of the speech issue.  The Response relies on the Texas Court's JMOL ruling about the character of the speech to argue that Ward cannot be a private figure.

Cisco is not accidently confusing the legal issues; it understands the distinction.  During JMOL argument in the Albritton case, Cisco expressly argued that the Texas Court's Order holding that Albritton was a private figure had nothing to do with that Court's resolution of the separate issue concerning the character of the speech.  When Judge Schell asked this specific question, Mr. Moran, arguing for Cisco, told the Court that plaintiff's status and the character of the speech were different issues.  That exchange follows:[10]

The Court:      Mr. Moran, was that your position in connection with the motion for summary judgment, that the public concern had to do with [the public controversy about abuse of the patent system by non-practicing entities filing lawsuits in the Eastern District of Texas]?

Mr. Moran:     Let me see if I can clarify that, your honor.

The Court:      Okay.

Mr. Moran:     *What we're talking about here this afternoon is the character of the speech.  The summary judgment motion was directed to whether or not the plaintiff was a public figure*, and the court held that Mr. Albritton was not a public figure; he was a private figure.

The Court.  Yes

Mr. Moran:     *One of the elements of consideration in that determination of the status of the Plaintiff—not the character of the speech, which is what we are talking about now—*is whether or not there was a public controversy that Mr. Albritton may have played more than a tangential role in.  And your honor ruled that he really wasn't involved in that public controversy, if there was a public controversy.  We're talking -----

---

[10] *See* Exh. E (09/17/09 Albritton Trial Transcript) at 172:7-173:14.

The Court:    Wait a minute.  Did I say that?  I think what I said on page 10—maybe I misread what you had in your brief, but—there was a lot of briefing on this.  But I thought that your position was that the public controversy was abuse of the patent system by non-practicing entities in the Eastern District of Texas.

Mr. Moran:    Absolutely.  There's no doubt about that.  It's part of, we said, a public controversy at the time.

The Court:    Okay.  But your position is—and I—I'll hear from Ms. Peden, but I tend to agree that what goes on in our clerk's office is a matter of public concern.

Mr. Moran:    Absolutely, and that's what we're saying now.  We are talking about the character of the speech. . . . .

Cisco now argues to this Court that it should substitute the Texas Court's ruling concerning the character of the speech for its ruling concerning the controversy underlying Mr. Albritton's private status, and it does so without identifying for this Court the distinction.  *See* Response at 14-15 (starting with an argument about the public controversy underlying the private figure analysis then merging that argument with a discussion of Judge Schell's ruling on the character of the speech without distinguishing the issues).

Cisco's confusion of the issues cannot save it from the inescapable conclusion that Ward is a private figure.  Whether the Court holds Cisco to its prior admission that the controversy giving rise to the defamatory speech was about the alleged abuse of the patent system by non-practicing entitles in the Eastern District of Texas and accepts the Texas Court's finding that there was no public controversy, or instead considers Cisco's new argument based on Judge Schell's JMOL ruling, Cisco cannot prevail because it cannot prove there was more than a general interest in the alleged controversy at the time of publication as required for a public controversy finding.  *See Waldbaum*, 627 F.2d at 1296-98

First, Cisco has a timing problem.  In *Hutchinson v. Proxmire*, the United States Supreme Court held for a plaintiff to be considered a limited purpose public figure, he must be involved in a public controversy **before** the defamatory statement is published, for "those charged with defamation cannot, by their own conduct, create their own defense by making the claimant a public figure."  443 U.S. 111, 130, 136, (1979), citing *Wolston*, 443 U.S. at 167-168; *Little Rock*

*Newspapers, Inc. v. Fitzhugh*, 330 Ark. 561, 582.  The controversy that Cisco generated does not count.

Cisco argued that the controversy was the alleged abuse of the patent system in the Eastern District of Texas because it had to find an already existing controversy upon which to hang its defamatory statements.  Because there had been no public controversy about the ESN v. Cisco case, Cisco sought to characterize the accused posts as containing the same general content as the Troll Tracker Blog (usually general commentary regarding "patent trolls").  The publications Cisco relies on, however, discuss the Eastern District of Texas *generally*, not the ESN v. Cisco case, John Ward Jr. or any alleged improprieties in the clerk's office.[11]  Cisco's stated "controversy," did not give rise to the defamatory speech and is far too general to be connected with the accused posts.  Thus, the Texas Court found that the articles cited by Cisco were insufficient to show there was a public controversy.

After losing the issue in Texas, Cisco now argues that the controversy giving rise to the accused posts was corruption in the Eastern District of Texas clerk's office.  But Cisco cannot rely on this argument because at the time that Cisco asked Frenkel to gin up a news story, there was no public discussion about corruption in the Eastern District's clerk's office.  *Hutchinson,* 443 U.S. at 130, 136.  Cisco has offered no evidence to the contrary.  Cisco cannot prevail on this argument because there was no public comment about alleged improprieties in the clerk's office before Cisco published its false accusations.

Consequently, whichever "controversy" this Court accepts, Cisco cannot meet its burden of proving a public controversy giving rise to the defamatory speech.  The "patent abuse" theory is too general and not sufficiently tied to the posts to support finding a public controversy and the "corruption" theory improperly rests on publicity that Cisco created.

---

[11] Cisco cited the same articles to the Texas Court that it includes in its Response.

2.      Plaintiff Has Had No Role In Cisco's Alleged Public Controversy

Even if this Court where to rule that the alleged abuse of the patent system by non-practicing entitles in the Eastern District of Texas was a "public controversy," Cisco still cannot prove that Ward is a limited public figure.  Cisco cannot demonstrate the required nexus between the subject of a plaintiff's public participation and the subject of the defamatory statements.  *See Lundell*, 98 F.3d at (before a plaintiff can be considered a limited public figure, he must have voluntarily and purposefully interjected himself *into the defined controversy* in an attempt to influence the resolution of the controversy) (emphasis added).

The Response argues that Ward should be deemed a public figure in this case because: (1) he was one of the top filers of patent cases on behalf of non-practicing entities in the Eastern District of Texas; (2) he need not have taken any affirmative action to be elevated to public figure status, and (3) Ward could have responded to the attacks on his reputation made in the Troll Tracker Blog.[12]  *See* Response at 17-18.

The arguments Cisco makes with respect to Ward mirrors those it made and lost with respect to Albritton.  *See* Exh. C (Cisco's Albritton Summary Judgment Brief) at 18-24; Exh. B (Judge Schell's Summary Judgment Order) at 10.  Cisco's arguments are even less meritorious as applied to Ward.

a.      Cisco's Assertion That Ward Is A Public Figure Because He Is A Top Filer Of Patent Cases On Behalf of Non-Practicing Entities In The Eastern District of Texas Is Meritless

Cisco's first argument rests on the slenderest of reeds.  Essentially, Cisco argues that because Ward has a successful law practice in East Texas, he must be a public figure.  In support of its argument, Cisco offers no facts at all.  Instead, Cisco asks the Court to take judicial notice of publically available case information from May of 2006 through December of 2007.  *See* Response at 17, n. 55.

---

[12] Plaintiff is handicapped in responding to Cisco's argument because the facts supporting each of these arguments have not been set forth in a separate pleading identifying which facts purportedly rebut Ward's statement of facts. *See* Local Rule 56.1(b).

Cisco's request for judicial notice is excluded by Fed. R. Evid. 201.[13]  See *Am. Prairie Constr. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir. 2009).  Under that Rule, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  *Id.*  "Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Id.*

Cisco invites the Court to err by take judicial notice of Cisco's ***argument***.  The Response asks the Court to take judicial notice that Ward is "one of the top filers of patent cases on behalf of non-practicing entities in the Eastern District of Texas."  Response at 17.  Far from asking the Court to simply acknowledge a fact that is "beyond controversy," as permitted under Rule 201, Cisco asks this Court to draw several inferences from documents it purports to rely upon, accept Cisco's legal argument, render a decision based on Cisco's argument and then label it "judicial notice."  This the Court cannot do.

To take judicial notice of Cisco's professed "fact," the Court would first have to define what is meant by a "non-practicing entity."[14]  This is not a self-defining term.  Not even the Troll Tracker has a conclusive definition of the term.  *See* Exh. F (Ark.001803-Ark.001804).  Then, the Court would have to apply its definition of "non-practicing entity" to all patent cases filed in the Eastern District of Texas during the time period alleged by Cisco to determine the number of cases brought by non-practicing entities.  Next, the Court would have to rank the filers of those cases, and subjectively decide who is at "the top."  This is not the type of fact "beyond controversy" for which judicial notice can be taken.  *See Am. Prairie Constr.*, 560 F.3d at 797.

---

[13] When taking judicial notice of adjudicative facts, the judge is required to use the procedures set forth in Fed. R. Evid. 201.  *See Am. Prairie Constr. Co.,* 560 F.3d at 797.  One of the requirements of Rule 201 is procedural, namely, that the parties be given notice and an opportunity to object to the taking of judicial notice.  Rule 201 requires that opposing counsel have prior knowledge of the specific documents at issue and the specific documents for which the Court would take judicial notice.  *See id.* Cisco has not followed procedure in this regard.

[14] The accused October 17, 2007 uses the terms "patent troll" and "non-practicing entity" to describe ESN.  In its briefing, Cisco has opted to use the less offensive term.

Cisco did not cite controlling authority showing that the Court cannot take judicial notice of Cisco's "facts."  In *American Prairie Constr. Co. v. Hoich*, the Eighth Circuit reviewed a trial court's decision to take judicial notice of information contained in a book and in business meeting notes, and then to rely on those documents as evidence from which to draw an inference supporting the Court's Order.  *See id.*  The Appellate Court took the trial court to task for taking judicial notice of an ***inference*** drawn from documents to reach a conclusion not directly supported by the documents.  *See id*.  That is precisely what Cisco has asked this Court to do here.

The other "facts" argued by Cisco do not support its argument.  The information Cisco cites concerning Ward's practice is not sufficient to prove he is "one of the top filers of patent cases on behalf of non-practicing entitles in the Eastern District of Texas."  *See* Response at 18.  The "facts" cited by Cisco would require the same type of definition of "non-practicing entity" and ranking to identify a "top filer" inferences Cisco urged with respect to its request for judicial notice.  Moreover, Ward's billing practices are immaterial to the controversy at issue.[15]

Even if Cisco had evidence showing that Plaintiff is a top filer of patent cases on behalf of non-practicing entities—and it does not—Ward cannot be considered a public figure simply because he lives and works in a jurisdiction that has received media attention, much of it at Cisco's behest.  The problem with Cisco's argument is that it proves too much.  Does any patent lawyer practicing in the Eastern District of Texas—or any of the other judicial districts that have found themselves to be the target of Cisco's propaganda[16]—cede his right to privacy simply by practicing his profession in the district in which he lives?  Are busy immigration lawyers public figures because there is an ongoing debate about immigration reform?  Are health care litigators automatically public figures as a result of the current health care reform debate?  Clearly, something more is required.

---

[15] Cisco states that Plaintiff testified that 95% of his work is contingent fee patent ligation in the Eastern District of Texas.  *See* Response at 18.  In fact, what Ward said was that 95% of his business is contingent fee litigation.  That business includes matters other than patent litigation.  *See* Response Exh. 9 at p. 793.
[16] *See* Exh. G (Frenkel Depo.) at 12:20-13:21.

What is required is a showing that the plaintiff has taken some affirmative act to voluntarily thrust himself into the vortex of a public debate, and that affirmative act must be more than representing a client.  *Gertz*, 418 U.S. at 351 (categorizing a lawyer who enters a public appearance on behalf of a client as a public figure "would sweep all lawyers under the *New York Time's* [malice] rule as officers of the court and distort the plain meaning of the public official category beyond all recognition."); *Lundell*, 98 F.3d at 362 (the plaintiff must have voluntarily and purposefully injected himself into the public controversy in an attempt to influence its outcome).

The Response argues that an attorney can sometimes become a limited public figure by virtue of representing a client.[17]  Response at 19.  Although Ward is an attorney, he, like any other defamation plaintiff, can be a limited public figure only if he has "thrust himself into the vortex of the [stated] controversy, or [] had engaged the public's attention in an attempt to influence the outcome of the controversy."  *Little Rock Newspapers*, 330 Ark. 561, 579-583 (discussing in depth the limited public figure test as applied to attorneys, chronicling cases holding that attorneys are private figures, and holding that former federal prosecutor was a private figure).

Finally, assuming for the moment that Ward's representation of clients in the district were sufficient to render him a limited public figure, his status as such would be limited to discussions about the patent reform act or his role in connection with that act.  *See id.* at 583.  It would not render Ward a public figure with regard to defamatory statements that have nothing to do with any patent reform.  *See id.*  Cisco's defamatory statements were unrelated to the patent

---

[17] The three cases Cisco cites for the proposition that an attorney can be held to public figure status by going beyond his representation of a client in a manner that relates to a public controversy, *Rosanova*, *Marcone*, and *Schwartz*, are clearly distinguishable.  *See* Response at 19.  *In Rosanova v. Playboy Enters.*, 580 F.2d 859, 861 (5th Cir. 1978), the plaintiff was a known member of organized crime identified by the Senate and law enforcement officials.  He had been the subject of over forty articles relating to his criminal contacts.  *See Rosanova v. Playboy Enters.*, 411 F. Supp. 440, 444 (S.D. Ga. 1976).  In *Marcone v. Penthouse Inter'l Mag. For Men*, 754 F.2d 1072, 1086 (3rd Cir. 1984), plaintiff had been indicted in connection with the largest drug smuggling operation in U.S. history.  *Id. In Schwartz v. Worrall Publications, Inc.*, 258 N.J. Super. 493 (App.Div. 1992), plaintiff had a long history of involvement with the State's public education system and had taken a "particularly visible position" with respect to the controversy.  *Id.* at 500.  Ward has no such record of public notoriety or public office.  Ward is more like Gertz, who the Supreme Court found was a private figure.  418 U.S. at 345.

reform act or to Ward's activities in connection with patent reform. Thus, even if Ward could be a limited public figure by virtue of representing clients in the Eastern District of Texas, he cannot be one in this case because there is no nexus between those facts and the accusations made in the Troll Tracker posts. *See id.*

> b. Cisco's Argument That Ward Need Not Have Injected Himself Into The Controversy In Order To Be A Public Figure Is Meritless

In this Circuit, a plaintiff must have voluntarily and purposefully sought publicity to affect the outcome of a public debate in order to be classified a limited purpose public figure. *See Lundell*, 98 F.3d. at 362; *Little Rock Newspapers*, 330 Ark. at 582. Cisco knows that he has no facts upon which to make that argument with respect to Ward. The Response tries to make up lost ground by arguing that Ward can be elevated to public figure status because he has engaged in a course of conduct that was bound to invite attention and comment. *See* Response at 18-19. But, Cisco fails to identify what "course of conduct" Ward has undertaken to invite public scrutiny. It is not enough that he practices law in the Eastern District of Texas or that he found himself the victim of Cisco's anonymous attacks because he had the nerve to be Cisco's opposing counsel. There are no facts to support Cisco's argument.

Cisco's "invited comment" argument is also unsupported by the law. As this Circuit has held, "hypothetically, it may be possible for someone to become a public figure through no purposeful action of his own, but the instances of truly involuntary public figures must be exceedingly rare." *Lundell*, 98 F. 3d at 362, citing *Gertz*, 418 U.S. at 345. Only a handful of courts have found a plaintiff to be an involuntary public figure since *Gertz* was decided in 1974. *See Wilson v. Daily Gazette Co.*, 214 W. Va. 208, 219 (W. Va. 2003). Ward is not that exceedingly rare case, and Cisco has not shown otherwise.[18] *See Little Rock Newspapers*, 330 Ark. at 579-583 (listing attorney private figure cases).

---

[18] The Response's citation to *Secrist v. Harkin*, 874 F.2d 1244, 1245 (8th Cir. 1989) does not support its argument. There, plaintiff was an officer of the military, a Pentagon legislative liaison, and lobbyist before joining the staff of a U.S. Senator. *Id.* at 1246. Plaintiff's role on the Senator's staff included assisting businesses in obtaining public defense contracts and investigating military personnel matters. *See id.* Plaintiff's appointment to the Senator's staff was reported in both the national and local press, including the Congressional Quarterly, the New York Times, the

Cisco's remaining argument is that the Troll Tracker (acting at Cisco's request) was not the first to write about the ESN filing, two other bloggers "commented" on it before Frenkel. Yes, but Frenkel was the first to accuse Ward and others of conspiring with the court clerk to alter government records for the improper purpose of rigging the system to aid his client at Cisco's expense. Moreover, two innocuous "comments" unrelated to the defamatory statements comes nowhere near to creating a public controversy. That type of minimal comment can hardly qualify as even a "general concern" and certainly does not rise to the type of public debate required for a public controversy. *See Hutchinson,* 443 U.S. at 135.

Cisco cannot evade this Circuit's requirement that Ward must have voluntarily and purposefully sought the public spotlight before he can be a limited purpose public figure. *See Lundell*, 98 F.3d at 362*; Little Rock Newspapers*, 330 Ark. at 579-583. He has not done so, Cisco knows he had not, and it cannot prove otherwise.

### c. Cisco's Argument That Ward Is A Public Figure Because He Could Have Responded To Cisco's Anonymous Attacks Is Meritless

The Response argues that because Ward could have defended himself on the Troll Tracker Blog, he should be held to public figure status. *See* Response at 19-20. Setting aside the absurdity of requiring Ward to defend his reputation on an anonymous blog post when the author (who he could not know) had just called him criminal and unethical, Cisco's argument is not supported by *Gertz* as it claims. *See* Response at 20. In *Gertz*, the Court held that private figures are more deserving of protection, in part, because public figures have greater access to the media through which they can counteract defamatory statements. In *Hutchinson*, the Court addressed *Gertz's* holding concerning access to the media, finding that Hutchinson was a private figure because, although he had some access to the media as a result of the defamatory statements, he

---

Washington Post, and the Chicago Tribune. *See id.* The accused article was written after these events, and clearly plaintiff was a limited public figure long before publication of the accused article. Moreover, the district court did not hold that plaintiff was one of the rare involuntary public figures hypothetically discussed in *Gertz.* Instead, the district court found that the plaintiff was a public official and a public limited public figure by virtue of joining a public official's staff. *See id.* at 1248. Plaintiff did not appeal that finding, and the issue was not before the Court. *See id.* Thus, the *Secrist* case offers no reasoning concerning the hypothetical involuntary public figure category is factually distinguishable and is dicta.

did not have the regular and continuing access to the media that is one of "the accouterments of having become a public figure."  443 U.S. at 136.

In this case, Ward does not have the type of access to the media afforded celebrities and politicians.  He certainly does not have access to the international press that would be required to counteract the reach of the defamatory posts.  See *Little Rock Newspapers*, 330 Ark. 561, 583 (plaintiff did not have general notoriety in the geographic area where the defamatory statements were circulated).  The ability to write a reply on the Troll Tracker Blog (assuming Frenkel would have posted it or not made further comment that would make the matter worse) is not the type of "media access" contemplated in *Gertz*.

Finally, Cisco's argument places far too much emphasis on a minor point.  In *Gertz*, the Court explained that the "more important" consideration is that private figures have not voluntarily assumed the consequences of involvement in public affairs.  418 U.S. at 344.  Ward is not a person of such notoriety as to have preexisting media contacts[19] or to have assumed the risk of public lies.  He does not have the type of access to the media through which he could seek to undo the lies Cisco disseminated worldwide.  As the *Gertz* Court recognized, "[a]n opportunity for rebuttal seldom suffices to undo harm of defamatory falsehood."  *Id.* at 344, n. 9.

## III.    Conclusion

The facts are what they are, and the record speaks for itself.  There are no genuine disputes of any material facts.  Cisco's failure to respond to Plaintiff's facts means they are admitted.  In any event, Cisco cannot show that Ward was at any time a limited-purpose public figure for this case.  Ward respectfully requests that the Court grant his motion for partial summary judgment that for purposes of this case, he is a private individual and not a public figure.

---

[19] Cisco's insinuation that Ward should be found to have access to the media because his attorney responded to media inquires about the pending lawsuit fails for the same reason that argument was rejected in *Hutchinson*; access to the press as a result of the defamation does not count.  *Id.* at 135. Ward would have much preferred never to have to discuss public accusations of criminal and unethical conduct.  Cisco did not give him a choice.

Respectfully Submitted,

_____

Nicholas H. Patton
AR Bar No. 63035
Courtney Towle
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)
Email: nickpatton@texarkanalaw.com
Email**:** ctowle@texarkanalaw.com

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street
Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033
Email: ppeden@pedenlawfirm.com

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 15th day of November, 2009, a true and correct copy of the foregoing document was served electronically via the Court's CM/ECF system upon:

Richard E. Griffin        Attorneys for Defendant Cisco Systems, Inc.
Charles Babcock
Crystal Parker
Kurt Schwarz
JACKSON WALKER, LLP
1401 McKinney
Suite 1900
Houston, Texas 77010


_____
Nicholas H. Patton