IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| JOHN WARD, JR. | § | |
| --- | --- | --- |
| | § | |
| | § | C. A. NO. 08-4022 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |

### DEFENDANT CISCO SYSTEMS, INC.'S SUR-REPLY AND BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE COURT:

Defendant Cisco Systems, Inc. ("Cisco") hereby files this Sur-Reply and Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Motion") pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Local Rules of this Court:

Cisco's arguments as to why Mr. Ward's Motion for Summary Judgment should be denied, and evidence of same, are set forth at length in Cisco's Response (Docket No. 140 and Exhibits thereto), and need not repeated here. Cisco will save the Court's time by confining this Sur-Reply to a few disputed points raised by Plaintiff.

Plaintiff first argues that his Motion for Summary Judgment should be granted because Cisco cannot prove that Ward is a public figure or limited public figure. (Plaintiff's Reply at 4-5.) Plaintiff also argues that because Cisco allegedly cannot prove that Ward is a public figure, he is entitled to summary judgment that he is a private figure. (Plaintiff's Reply at 8-22.) Plaintiff has it backward; as the summary judgment movant, Plaintiff, not Cisco, bears the burden of proof.

Plaintiff then argues that his motion should be granted because Cisco did not rebut Ward's undisputed facts. (Plaintiff's Reply at 5-8.) That is untrue; Cisco specifically rebutted

1

Ward's alleged undisputed facts. (Cisco's Response at 11-12.) And again, Ward misconstrues summary judgment law. Ward's facts may be undisputed, but in order to be entitled to summary judgment those facts have to be both material to the issue to be decided by the Court and they must be dispositive of the issue presented by the motion. It is that test that Plaintiff has failed to meet: he has not proven by undisputed facts that he is a private figure – or, to put it another way, there are disputes of material facts (namely, over the nature of the controversy) that preclude the entry of summary judgment for Plaintiff. "Summary judgment 'should not be granted unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy.'" *Vacca v. Viacom Broadcasting, Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989) (quoting *Snell v. United States*, 680 F.2d 545, 547 (8th Cir. 1982)).

With regard to Ward's summary judgment motion, Ward assumed the burden of proof and needed to establish by undisputed facts that he is entitled to judgment as a matter of law on the issue of his status as a private figure. Cisco, in its response, presented evidence raising material fact issues as to at least two elements of Ward's figure as a private figure: (1) the public nature of the controversy on which Cisco's former employee, Mr. Frenkel, was commenting, (2) Mr. Ward's participation in that controversy.

As to the nature of the controversy, and as noted in Ward's Motion for Partial Summary Judgment,[1] Ward's co-counsel in the underlying ESN litigation, Mr. Eric Albritton, filed a defamation lawsuit against Cisco in the Eastern District of Texas, *Eric Albritton v. Cisco Systems, Inc., and Richard Frenkel*, No. 6:08-CV-89. As Ward states, that lawsuit arose "from the same articles and accusation at issue in this case[.]"[2] Also, as Ward states in his Motion, in the *Albritton* case Cisco moved for summary judgment on the issue of Albritton being a public

---

[1] *See* Plaintiff's Motion for Partial Summary Judgment, at p. 1, fn. 1.
[2] *Id.*

figure, and Judge Richard A. Schell denied that motion.³ In the course of Judge Schell's Memorandum Opinion and Order, Judge Schell wrote that the "*ESN* lawsuit was not a matter of public concern."⁴ That is precisely the position Mr. Ward is taking in this lawsuit: that the controversy giving rise to the allegedly defamatory speech in this case was an essentially private dispute, the filing of the ESN lawsuit. (Plaintiff's Reply at 10-11.)

But, as Plaintiff must concede, and as demonstrated in Cisco's Response to Plaintiff's motion, at the close of Albritton's case and indeed, all of the evidence, Cisco moved for Judgment as a Matter of Law ("JMOL") on the issue of character of the defendant's speech – that is, Cisco moved for a determination that the Articles that Plaintiff asserts are defamatory were speech about a matter of public concern. Judge Schell granted Cisco's JMOL from the bench, in pertinent part as follows: "I think the matter at issue here is what's going on in the clerk's office. I think that's really the heart of it. . . . [T]he real heart of the matter here is the oversight of electronic case records by the district clerk, and that is a matter of public concern. So I think that's primarily what the blog posts are about. There is a motion for judgment as a matter of law on that. I'm happy to state it. As a matter of law, it is a matter of public concern."⁵

As to the second disputed issue, Cisco demonstrated that the articles at issue were critical of the Eastern District of Texas,⁶ that the Patent Troll Tracker blog was read by attorneys practicing in IP litigation and the ABA Journal has said that patent attorneys should read the Patent Troll Tracker blog to know the status of patent litigation in the Eastern District.⁷ The

---

³ *See* Plaintiff's Motion for Partial Summary Judgment, Exs. A, B.
⁴ Plaintiff's Motion for Partial Summary Judgment, Ex. B, at p. 10.
⁵ Exhibit 8 to Cisco's Response to Plaintiff's Motion for Summary Judgment, Transcript of Jury Trial, *Eric Albritton v. Cisco Systems, Inc.,* No. 6:08-CV-89, at pp. 1072:1-1073:11 (emphasis added).
⁶ Exhibit 9 to Cisco's Response to Plaintiff's Motion for Summary Judgment, Ward testimony at p. 779.
⁷ *Id.* at p. 785.

ABA Journal said the Patent Troll Tracker was a "must read."[8] In addition, Cisco established that Ward was one of the top filers of patent cases on behalf of non-practicing entities in the Eastern District of Texas at the time of publication, and that, in 2007 alone, Ward was identified as counsel of record in 129 patent cases pending in the Eastern District of Texas.[9] Furthermore, Ward has testified that 90-95% of his law practice was patent infringement litigation and that about 95% of his work is contingent fee patent litigation in the Eastern District of Texas.

Ward now complains that the Court should ignore the undisputed facts proven by Cisco because Cisco has requested that the Court take judicial notice of the large number of cases Ward has filed in the Eastern District of Texas. (Plaintiff's Reply at 16-17.) In its Response (at 11 fn. 45), Cisco offered to produce the documents from the Eastern District's ECF system proving the case filings in the event Ward challenged the accuracy of Cisco's assertion. Ward has not attempted to dispute the fact of his many filings, however, and that fact should be accepted as true. Having been put on notice about the number of his own cases that are on file in the Eastern District of Texas, Ward has chosen not to refute that fact.

As to the third disputed issue, Ward had access to the very same media outlet that he claims defamed him. One of the two rationales articulated by the U.S. Supreme Court for the limited-purpose public figure status is that a limited-purpose public figure presumably has media access. *See, e.g., Suriano v. Gaughan* 480 S.E.2d 548, 561 (Vir. 1996) (noting in support of its finding that the plaintiff was a limited-purpose public figure that the plaintiff could have responded in the same forum that was used to make the allegedly defamatory statement). Here, Ward could have posted his own explanation or comment to the October Articles on the Patent Troll Tracker itself, which allowed readers to make comments. His comments could have been

---

[8] *Id.* at p. 784.
[9] Exhibit 28 to Cisco's Response to Plaintiff's Motion for Summary Judgment (List of cases).

seen alongside the very articles he complains about. As *Gertz* made clear, public figures are given less protection because "the first remedy of any victim of defamation is self-help—using available opportunities to contradict the lie or correct the error and thereby minimize its adverse impact on reputation." *Gertz v. Robert Welch, Inc.*, 418 U.S. at 344.

Ward's only evidence about the nature of his involvement in the public controversy surrounding patent litigation in the Eastern District of Texas is two pages from his deposition where he states that he has not lobbied for patent reform in Washington, D.C. This is insufficient. The rest of his evidence – two exhibits concerning Mr. Albritton, not Ward, and some irrelevant e-mails – are not probative of Ward's status as a private figure. Viewing Ward's scant evidence in the light most favorable to Cisco, it is plain that Ward has not carried his summary judgment burden on this issue. Moreover, the undisputed facts demonstrate that Ward's role in the controversy at issue was more than trivial or tangential, and thus Cisco's Cross-Motion for Summary Judgment should be granted.

"[A] party who moves for summary judgment has a heavy burden of persuasion," *Steele v. Armour & Co.*, 583 F.2d 393, 394 (8th Cir. 1978), and in this instance Ward has failed to carry his burden. There is no question that the controversy about which Frenkel's articles were written was in fact a public controversy, and a matter of public concern. As to Ward's involvement in the controversy, he simply fails to carry his summary judgment burden of establishing that he was not involved and is just a private figure.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ *Charles L. Babcock*
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney
    Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

This is to certify that on this November 23, 2009, a true and correct copy of the foregoing was served via ECF upon:

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
**Attorney for Plaintiff John Ward**

Courtney Towle
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
**Attorney for Plaintiff John Ward, Jr.**

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
**Attorney for Plaintiff John Ward**

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
**Attorney for Plaintiff John Ward**

Geoffrey P. Culbertson
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
**Attorney for Plaintiff John Ward, Jr.**

/s/ *Charles L. Babcock*
Charles L. Babcock

5666377v.1