IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN WARD, JR.                          §
                                        §
                                        §
                                        §    C.A. NO. 08-4022
v.                                      §    JURY TRIAL DEMANDED
                                        §
CISCO SYSTEMS, INC.                     §

**DEFENDANT CISCO SYSTEMS, INC.'S SUR-REPLY AND BRIEF
TO PLAINTIFF'S REPLY REGARDING MOTION TO COMPEL
CISCO TO PRODUCE DOCUMENTS PRODUCED IN PRIOR LITIGATION**

TO THE HONORABLE COURT:

Defendant Cisco Systems, Inc. ("Cisco") files its Sur-Reply and Brief to

Plaintiff's Motion to Compel Cisco to Produce Documents Produced in Prior Litigation

and Brief in Support (the "Motion") as set forth below.

## INTRODUCTION

Plaintiff admits that the Motion seeks the very same documents based on the very

same legal authorities that the Court has already denied.  (Response at pp. 1-2).  The

Court should deny the relief for the very same reasons.  Indeed, the Court in *Albritton v.*

*Cisco* also found that there had not been a waiver of privilege based on disclosure in the

*Albritton v. Cisco* case because of the agreements reached between the parties.

THE COURT:        Mr. Holmes, my practice in the Eastern District was when you
                  make an agreement you're bound by it… You made an agreement.
                  The agreement extends to depositions.

MR. HOLMES:       I have no problem, Your Honor, with the agreement.  I have no
                  agree -- but the point I was trying to make was that -- I'm not
                  arguing a waiver.  What I'm saying is the agreement was for
                  purposes of this litigation we'll keep the documents confidential,
                  which we did.  But that doesn't mean we can't –

Dockets.Justia.com

THE COURT:          They can still assert the privilege, Mr. Holmes, because I think you
                    gave them that blanket authority to do so.  If y'all wanted
                    something more clear, you should have gotten it.  So I don't think
                    they've waived privilege as to this document that I've seen, based
                    upon the emails and the correspondence that's gone back and
                    forth… I think, again, that gets into -- I think this is just a little bit
                    different.  It's the result of an investigation.  But I think it's -- it's
                    covered, and I'm going to order, at least for this time, that it not be
                    -- that the objection [on privilege grounds] is sustained.

(Exhibit A, Transcript of hearing at pp. 81-82; Exhibit B at pp. 13-19, Order Regarding

Defendants' Objection to Plaintiff's Amended Trial Exhibit List).  It would be egregious

and a violation of FED. R. EVID. 502 for Plaintiff's own attorneys, who induced Cisco to

produce privileged documents in the *Albritton* case by agreeing to non-waiver

agreements and a Protective Order to shield the very documents at issue from use in this

case and the *ESN v. Cisco* case, to now claim that those documents are no longer

privileged.

    This Court has already reviewed the documents at issue *in camera* and has

already denied the relief Plaintiff seeks in the Motion.  Plaintiff's attempt to get a second

bite at the apple based on the same rejected arguments should be denied.

## ARGUMENT AND AUTHORITIES

**A.    The Court has already denied the requested relief, and Plaintiff has failed to
       show that the prior Order should be reconsidered.  (Sur-Reply to Reply at
       pp. 1-3).**

    Plaintiff admits that the Court has already denied the very relief he seeks here

based on the same authorities.  (Response at pp. 1-2).  He cannot deny that the very

documents he seeks have already been reviewed by this Court *in camera* or that the Court

has already determined are protected by privilege and thus not discoverable.  Indeed, the

*Albritton v. Cisco* Court also held that these very documents were privileged and could not be used in the Albritton trial. (Exhibit A at pp. 81-82; Exhibit B at pp. 13-19.)

Plaintiff makes no new argument except that the Court should rule again on the very same issues simply because he propounded another request asking for the same documents. His flawed logic is obvious. If the Court were to permit a new ruling for every new discovery request asking for the same documents, the Court would be inundated with repeated motions for the same discovery with no end, just as Plaintiff attempts to do here. Plaintiff's Motion should be denied because he has failed to raise any issue that would require reconsideration of the Court's previous order that Plaintiff is not entitled to Cisco's privileged documents. S*ee Broadway v. Norris*, 193 F.3d 987, 989-90 (8th Cir. 1999) (a motion for reconsideration should not be used as a vehicle for reargument on the merits.)

**B.     There is no waiver where the documents at issue were never disclosed to Plaintiff and were protected by non-waiver agreements and a Protective Order. (Sur-Reply to Reply at pp. 4-5, 8-9.)**

Plaintiff makes the same failed arguments he made in his first motion to compel these same documents—(1) that FED. R. EVID. 502 does not apply because this case was filed in March of 2008 and (2) that the rule only applies to inadvertent disclosure. Both have been squarely rejected by both this and other courts (no matter whether Texas or Arkansas law applies, though Texas law applies as set forth in the Response).

First, Plaintiff misrepresents P.L. 110-322, 122 Stat. 3537, 3538 (Sept. 19, 2008) when he claims that FED. R. EVID. 502 does not apply to this case. The very statute Plaintiff relies on states that the Rule should be applied "in all proceedings pending on such date of enactment" (Sept. 19, 2008) insofar as is just and practicable. *See id.* The

Rule should therefore apply here because this case and the *Albritton v. Cisco* case were pending on September 19, 2008. It is "just and practicable" to apply Rule 502 here.

Plaintiff also misrepresents the Advisory Committee Notes in saying they provide that Rule 502 only applies to inadvertent disclosure. The Notes state that the Rule is designed to apply in this very instance, where the parties agreed that there would be no waiver of privilege by disclosure:

> to provide predictable, uniform standards under which parties **can determine the consequences of a disclosure** of a communication or information covered by the attorney-client privilege or work-product protection. **Parties to litigation need to know, for example, that if they exchange privileged information pursuant to a confidentiality order, the court's order will be enforceable**.

Committee Notes to Fed. R. Evid. 502, http://www.law.cornell.edu/rules/fre/ACRule 502.htm (emphasis added). Plaintiff cannot overcome the clear intent of this statute to apply to the very situation at issue here. *See Whitaker Chalk Swindle & Sawyer, LLP v. Dart Oil & Gas Corp.*, Ca. No. 4:08-CV-684, 2009 WL 464989 at *4 (N.D. Tex. Feb. 23, 2009) (Exhibit I to Response) (rejecting the argument Plaintiff makes here and holding that the rule is not limited to inadvertent disclosure). Indeed, the language of the Rule itself provides that it is intended to apply in situations just like this one where the parties "determine the consequences of disclosure." Fed.R.Evid. 502.

Protective Orders and non-waiver agreements are enforceable where as here Defendant has **never produced the documents at issue to Plaintiff** and where they were only produced to Albritton subject to the agreement that they remain privileged and an Order protecting their confidentiality. *See id.*; *Ginther v. O'Connell*, 791 F.2d 1151, 1154 at n. 2 (5th Cir. 1986) (holding that privileged documents produced to another under an agreement did not waive privilege, even when the documents had been filed of public

record, and ordering the return of the privileged documents); *Alcon Manufacturing, Ltd. v. Apotex Inc.*, Ca. 1:06-CV-1642, 2008 WL 5070465 at *3-4 (S.D. Ind. Nov. 26, 2008) (Attached as <u>Exhibit J</u>) (holding that inadvertent disclosure of privilege documents did not waive privilege pursuant to FED. R. EVID. 502 where the protective order specifically addressed the issue of inadvertent disclosure).  Despite Plaintiff's efforts to imply that Cisco has disclosed the documents at issue to Plaintiff in this case, there is no evidence of such disclosure.  Indeed, there is no doubt that Cisco has carefully guarded **against** disclosure to Plaintiff.  (See Response at pp. 4-6).

Plaintiff's claims of "gamesmanship" are quite ironic where as here Plaintiff's own attorneys agreed not to argue waiver of privilege based on production in the *Albritton* case to avoid the very argument Plaintiff brings here.  (See *id.*).

## C.     Plaintiff cannot overcome work product.  (Sur-Reply to Response at pp. 5-7).

Plaintiff cannot overcome the vast case law that holds that work product is not waived by production to someone other than the plaintiff, especially where as here there was a court order protecting the confidentiality of the documents.  *See Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 381-82 (5th Cir. 1989) (work product not waived by disclosure in prior litigation because "[t]he work product privilege… does not exist to protect a confidential relationship but to promote the adversary system by safeguarding the fruits of an attorney's trial preparation materials from the discovery attempts of an opponent… Therefore, **the mere voluntary disclosure to a third person is insufficient in itself to waive the work product privilege**"); *Gundacker v. Unisys. Corp.*, 151 F.3d 842, 848 (8th Cir. 1998) (disclosure only waives work product where there is "an intention that the opposing party see the work product").  Because the documents at issue

have never been disclosed to Plaintiff and were intentionally protected from disclosure to Plaintiff through a Protective Order and numerous non-waiver agreements, it is clear that work-product protection is not waived. *Id.*; *See also* FED. R. EVID. 502.

Indeed, Plaintiff tacitly admits that the documents are privileged, and he makes unsupported assertions that he can overcome work product by showing "substantial need for the materials and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). Plaintiff fails to make any showing of substantial need and even fails to address the Court's prior order that the only relevant inquiry is what Frenkel, the author of the articles at issue, knew at the time he posted the complained-of articles. (Docket No. 89). The Court already ordered the production of those documents, and Ward has made no showing that the Court erred in its finding that the documents Plaintiff seeks in the Motion are not even relevant, much less important enough to show substantial need.

Plaintiff also makes no attempt to show that he is entitled to opinion work product, nor could he, as opinion work product is entitled to "almost absolute immunity." *Baker v. General Motors Corp.*, 209 F.3d at 1051, 1054-55 (8th Cir. 2000); *Upjohn Co. v. United States,* 449 U.S. 383, 400 (1981); *In re Green Grand Jury Proceedings*, 492 F.3d 976, 980 (8th Cir. 2007) ("Opinion work product... enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances.")

For these reasons and the reasons set forth in Defendant's Response, Cisco requests that the Court deny the Motion.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: */s/ Charles L. Babcock*

Charles L. Babcock
Federal Bar No.: 10982
Email: cbabcock@jw.com
Richard E. Griffin
Arkansas Bar No.: 63020
Email: rgriffin@jw.com
Crystal J. Parker
Federal Bar No.: 621142
Email: cparker@jw.com
1401 McKinney
Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

This is to certify that on this 23rd day of November, 2009, a true and correct copy of the foregoing was served upon via electronic service:

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
***Attorney for Plaintiff John Ward, Jr.***

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
***Attorney for Plaintiff John Ward, Jr.***

Courtney Towle
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
***Attorney for Plaintiff John Ward,Jr.***

Geoffrey P. Culbertson
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
***Attorney for Plaintiff John Ward,Jr.***

James Holmes
Law Office of James Holmes, P.C.
605 South Main, Suite 203
Henderson, Texas 75654
***Attorney for Plaintiff John Ward, Jr.***

*/s/ Charles L. Babcock*
Charles L. Babcock