IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOHN WARD, JR.** | § | |
| | § | |
| **Plaintiff** | § | No. 4:08cv4022 JLH |
| | § | |
| **V.** | § | JURY TRIAL DEMANDED |
| | § | |
| **CISCO SYSTEMS, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S SUR-REPLY TO CISCO'S MOTION FOR LEAVE
TO FILE SECOND AMENDED ANSWER**

## INTRODUCTION

Cisco's Reply in Support of Its Motion for Leave to file a First Amended Answer[1] is most notable for what it fails to say. Cisco offers no explanation for either the 20 month delay in seeking to assert Texas statutory defenses that should have been affirmatively pleaded in Cisco's two prior Answers or for seeking to apply Texas law for the first time in the 20 months this case has been pending. There is no excuse for Cisco's delay. Because Cisco's proposed amendment will prejudice Plaintiff by eliminating two of his three causes of action, which he has already successfully defended under Arkansas law, will require additional written discovery that he has no opportunity to take, and would negate the need for an expert witness he has already retained, Cisco's motion should be denied.

Cisco's motion should also be denied because the timing of Cisco's proposed amendment evidences bad faith and a dilatory motive. Cisco's last Amended Answer added a defense based on a provision of Arkansas's anti-SLAPP Statute that may have permitted Cisco to stay these proceedings. Cisco sought to leverage Arkansas's anti-SLAPP Statute to bar Ward's efforts to obtain important discovery withheld by Cisco under a claim of privilege. Now that the Court has ordered Cisco's documents produced and discovery is coming to a close, the purpose for which Cisco embraced Arkansas law has run its course. Cisco cannot be permitted to manipulate its pleadings to apply one state's law for discovery, and another for trial. Its attempt to do so here demonstrates the type of bad faith that supports denying its motion for leave to amend.

Finally, given Cisco's previous affirmative assertion of Arkansas law in this case, its amendment is should be denied as futile because it cannot withstand a judicial estoppel challenge. Cisco's motion can additionally be denied for failure to comply with Local Rule 5.5(e).

---

[1] The Reply continues to style its motion as asking for leave to file a "first" amended answer. See D.E. No. 120. Cisco has amended its answer once before. See D.E. Nos. 8 and 71.

1

**ARGUMENT**

Cisco's proposed amendment evidences the type of undue delay, bad faith and dilatory motive, prejudice and/or futility of amendment that courts in this Circuit have routinely found preclude amendment under Fed. R. Civ. P. 15(a).  See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998).  The Reply does nothing to undermine Plaintiff's argument showing that that Cisco's motion for leave to amend should be denied.

    A.    **Cisco's Motion Should Be Denied Because It Seeks To Newly Plead Affirmative Defenses Waived In Cisco's Prior Two Answers**

The Reply argues Plaintiff's opposition to Cisco's leave to file a Second Amended Complaint, and the cases cited by Plaintiff in support of his argument, should be discounted because Defendant has "merely sought to amend its pleading to state the applicable law."  See Reply at 3.  But Cisco's own proposed amended pleading demonstrates the duplicity of its argument in reply.

Cisco's proposed Second Amended Answer does not merely "clarify" that Cisco seeks to apply Texas law — it relegates Cisco's prior affirmative assertion of Arkansas law to an "alternative" argument.  See Exh. A (redline of Cisco's proposed Second Amended Answer) at p. 33 ¶ 63.  If Cisco were amending to plead statutory law for the first time, perhaps Cisco's explanation would make some sense.  But that is not the case here.  Cisco already amended its Answer once to specifically pleaded Arkansas law, including the Arkansas anti-SLAPP statute Cisco relied on as a defense in this case.  See Exh. B (highlighted version of Cisco's Amended Answer).  Cisco made a conscious choice to embrace Arkansas law; it cannot now be heard to complain when it is forced to live with its prior choice.

Cisco's proposed amendment is not nearly as benign as Cisco would have the Court believe.  According to the Reply, Cisco should be permitted to amend because it is not seeking to raise new claims or defenses.  *See* Reponses at 3.  Cisco fails to tell the Court that it has pleaded for the first time that Plaintiff's damages are capped under Tex. Civ. Prac. & Rem. Code §

2

41.008(b).  See Exh A (redline of Cisco's proposed Second Amended Answer) at p. 31 ¶ 56.  Texas Civ. Prac. & Rem. Code § 41.008(b) is an affirmative defense that Cisco was required to plead in its first Answer and in its Second Amended Answer.  See Wackenhut Corr. Corp. v. De La Rosa, No. 13-06-00692-CV, 2009 Tex. App. LEXIS 2262, at *155-159 (Tex. App. Corpus Christi Apr. 2, 2009) (Tex. Civ. Prac. & Rem. Code § 41.008(b) is an affirmative defense that must be specifically pleaded or it is waived).  Cisco did not plead the Texas punitive damages cap, and it has been waived.  If the Court grants Cisco's motion it will be permitting Cisco to plead an entirely new defense eleven weeks before trial.  Thus, the Reply's claim to be "clarifying" Cisco's position rather than adding claims is misleading.  See Reply at 3.

      Cisco's proposed amendment would also give Cisco a second bite at dismissing Plaintiff's Arkansas causes of action, although Cisco has already briefed the issue under Arkansas law and lost.   After Plaintiff received Cisco's proposed Amended Answer nearly four months ago affirmatively pleading Arkansas law, he agreed not to oppose Cisco's amended answer so long as Cisco did not oppose Plaintiff's amended complaint.  By party agreement, Plaintiff amended his complaint first, adding Arkansas causes of action for the tort of outrage and false light invasion of privacy.  Thereafter, Cisco filed its amended answer along with a motion to dismiss Plaintiff's Arkansas causes of action.  Cisco did not argue that Plaintiff's causes of action should be dismissed under Texas law.  This is because at the time of the parties pleading amendments Cisco asserted and applied Arkansas law.  This Court has since overruled Cisco's motion.  See D.E. 146 (applying Arkansas law).  Having already charted its course under Arkansas law, and having lost, Cisco cannot amend its answer to assert Texas law to get a second bite at the apple.  See Lott v. Levitt, 556 F.3d 564, 567-568 (7th Cir. 2009) (denying motion to amend and holding that a party who has solely relied on one state's law cannot complain when the Court applies that law to the parties' dispute).

      Cisco is not entitled to assert Arkansas law, and when things don't go its way, ask for a "mulligan" and switch to Texas law.  See id.  Cisco admits that this is one of the purposes for its

3

proposed amendment.  See Reply at 5, n. 4.  Cisco's belated assertion of Texas law only after losing under Arkansas law is not harmless as the Reply suggests; it is gamesmanship.

The Wisland v. Admiral Beverage Corp, case Cisco claims is directly on point actually undermines Cisco's argument.  119 F.3d 733 (8th Cir. 1997).  In Wisland, the Plaintiff's case was transferred from a Wisconsin Court to a South Dakota Court and then dismissed on summary judgment as barred by the statute of limitations under South Dakota law.  On appeal, Plaintiff argued that Wisconsin law applied to the transferred case and argued that Defendant waived the right to argue otherwise by failing to timely plead the venue and jurisdictional issues underlying the statute of limitations defense.  See id. at 737.  The Eighth Circuit held that there was no waiver for failure to timely plead because defendant's venue and jurisdictional arguments were part of its disclosed statute of limitations defense; not independent reasons to dismiss.  See id. at 737.  Because defendants had been permitted to plead the statute of limitations defense, defendant had the right to raise the choice of law issues that were necessary to that defense.  See id.

Here, Cisco is taking the opposite approach to the reasoning underlying the Wisland opinion.  Instead of pleading the affirmative defenses and then arguing that the choice of law issues are incidental to the already pleaded defense, Cisco seeks to add choice of law language from which to create independent defenses that are not currently pleaded.  Cisco's approach is more like that taken by the defendant in Lott v. Levitt, wherein the defendant moved to dismiss the Plaintiff's cause of action for defamation and in so doing relied on and accepted Illinois law, only to argue that Virginia law applied after losing the motion to dismiss.  556 F.3d at 567-68.  The Seventh Circuit rejected the "gamesmanship" inherent in asserting one law only to see how it will "shake out" and then when things don't work out as planned, seek leave to amend to assert another state's law.  See id.  Likewise, this Court should view Cisco's "clarification" after losing its attempt to assert the Arkansas anti-SLAPP statute and its motion to dismiss Plaintiff's Arkansas causes of action for what it is—gamesmanship.

**B.    Cisco's Motion Should Be Denied Because Cisco Cannot Meet Fed. R. Civ. P 15(a)'s Standard For Leave To Amend**

**1.    Cisco Has Unduly Delayed In Seeking Leave to Amend Its Answer**

Plaintiff argued that Cisco's Motion for Leave to Amend should be denied under Fed. R. Civ. P. 15(a) for undue delay. Because a considerable amount of time has passed between the filing of Plaintiff's originating complaint and defendant's request to file a seconded amended complaint, Cisco was required to provide some valid justification for the tardiness of its motion. See Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989). In its Reply, Cisco offers this Court no explanation for its failure to plead the Texas Statutes or assert Texas law before this late date. Importantly, Cisco does not deny that it knew it could have raised the issue earlier. Instead, Cisco appears to argue that it was not required to affirmatively plead choice of law and so it could, and did, affirmatively assert Arkansas law. Cisco then waited to see if Arkansas law yielded a favorable result. When it did not, and on the eve of trial, Cisco changed its mind and argues Texas law to the Court and Plaintiff. Cisco makes absolutely no attempt to explain to the Court why it could not have pleaded and asserted Texas law 20 months ago or any time before October 2009.

Instead, the Reply attempts to sidestep the delay issue altogether. Tellingly, the Reply does not include a heading in its brief dedicated to responding to Plaintiff's undue delay argument. Cisco offers no justification for waiting until eleven weeks before trial to seek an amendment that would change the legal framework of this case, eliminate two-thirds of Plaintiff's causes of action, and insert for the first time in this case Texas statutory provisions that were required to be pleaded as affirmative defenses in each of Cisco's prior Answers. Instead of attempting to explain its delay, Cisco's Reply only argues that Plaintiff has not been prejudiced by Cisco's undue delay. Although Cisco refuses to address the issue head-on, it makes some weak excuses that may be considered in connection with the delay prong of the Rule 15(a)'s test, so Plaintiff addresses them here. Each can easily be dismissed in turn.

First, Cisco distorts the applicable timeline. Cisco wants this Court to believe that it has not been dilatory because only four months have passed since the parties last amended their pleadings or because it amended on the last day permitted by the Court's Scheduling Order. See Reply at 2, 6. What Cisco omits is that 20 months have passed since this case was filed. Cisco knew at the time it filed its original answer that it could plead Texas law and Texas's statutes, and it chose not to do so. Four months ago when Cisco asked Plaintiff to agree to permit Cisco to file an Amended Answer to specifically plead the Arkansas Anti-Slapp statute, Cisco could have again pleaded the Texas punitive damages statutory cap that it seeks to add now. It didn't, choosing instead to affirmatively plead Arkansas law. Cisco's delay has not been four months as it disingenuously argues in Reply, but rather 20 months. And, its delay has not been innocent, but rather a tactical decision to assert Arkansas law as long as it was beneficial to Cisco for purposes of discovery, but then to switch to Texas law for trial. Federal Rule 15(a) will not permit such shenanigans.

Second, Cisco argues that it filed its motion for leave to amend before the deadline provided in the Court's Amended Scheduling Order. Cisco's position appears to be that because it need not show "good cause" for amending under Rule 16, it need not explain its undue delay for the purpose of Fed. R. Civ. P. 15(a). Cisco is wrong. When a party seeks leave to amend after the scheduling deadline has passed, it must not only meet the requirements for leave to amend under Rule 15(a), but it must also demonstrate, in addition to Rule 15(a)'s requirements, "good cause" for failure to comply with the Court's Scheduling Order. Here, Cisco need not demonstrate good cause for failure to comply with the Court's Scheduling Order because, although it waited to the last possible day to spring Texas law, it did so by the date set in the Court's Scheduling Order. However, Cisco's compliance with the Scheduling Order in no way excuses it from explaining its undue delay for seeking leave to amend as required under Rule 15(a). Cisco's motion should be denied under Rule 15(a).

Cisco cannot explain its undo delay and it hasn't attempted to do so in Reply. The only mention of delay made in Cisco's Reply is that it belatedly discovered that Plaintiff was not

6

counsel of record for any case in Arkansas.  See Reply at 10.  However, that publically available information had been available to Cisco since this case was filed in March of 2008.  Cisco cannot seriously contend otherwise.  Cisco has long known that it could assert Texas law, but it chose not to do so because it wanted to assert the Arkansas anti-SLAPP statutes in an attempt to stymie Plaintiff's discovery.  Now that this case is nearing trial Cisco wants a "do over" under Texas law.  There is no reading of Rule 15(a) that condones such an inequitable result.

There is no reason Cisco could not have brought its proposed amendment before now, and its failure to do so coupled with its failure to explain why it waited to the close of this case to bring its proposed amendment to the Court weighs against granting Cisco's motion.  See Valor Healthcare, 2008 U.S. Dist. LEXIS 95672, *2-3 (delay of seven months after case started and 15 months after the defamatory statements were published weighed against granting leave to amend); see also Bell, 160 F.3d at 453 (denying amendment sought four days after dispositive motions deadline); Thompson-El, 876 F.2d at 68 (considering fact that amendment was sought after the case had been pending for 18 months, after date originally set for completion of discovery, and after summary judgment motions were filed).  Elite Enter., Inc. v. Khela, 227 F.R.D. 444, 447 (E.D. Va. 2005) (delay is unwarranted and manifest where movant knew of claims from outset of litigation and amendment was not necessitated by later obtained facts).  Cisco's motion should be denied.

### 2. Cisco Has Acted In Bad Faith And With A Dilatory Motive In Seeking Leave to Amend Its Answer For A Second Time

The timing of Cisco's motion bears indicia of bad faith, and its failure to explain in its motion its decision not to seek to apply Texas law in March of 2008 reinforces that conclusion. See TVI, Inc. v. Infosoft Tech., Inc., No. 4:06-CV-697, 2007 U.S. Dist. LEXIS 89261, at *8-9 (E.D. Mo., Dec. 4, 2007), citing Thompson-El, 876 F.2d at 67-68 (inferring bad faith where party failed to amend as soon as it had enough information to meet the Fed. R. Civ. P. 8 standard).

As Plaintiff's Response in Opposition pointed out, Cisco's decision to embrace Arkansas law during discovery was a tactical one.  Cisco amended its Answer to specifically plead the

7

Arkansas Slapp Statue and then moved the Court to stay discovery in this case based on that statute. See D.E. No. 70 at 8. Cisco hoped to leverage Arkansas law to preclude Ward from discovering documents that Cisco was claiming as privileged and was fighting not to produce. Now that discovery is coming to a close, and Arkansas law has not provided the benefit Cisco hoped, it is ready to jettison Arkansas law for Texas law. Cisco's decision to wait until the end of the case to seek to apply Texas law—and to do so after attempting to use Arkansas law to deprive Ward of discovery—evidences bad faith and a dilatory motive for its proposed amendment.

In Reply, Cisco never explains its affirmative assertion of Arkansas law. It does not explain to the Court why it previously amended its answer to specifically plead Arkansas law. Nor does it dispute Plaintiff's characterization of its switch to Texas law after asserting Arkansas law during discovery was tactical maneuvering. Cisco does not dispute that it affirmatively applied Arkansas law to bring a motion asking this Court do stay discovery. Cisco does not dispute that it asserted substantive Arkansas law to require Plaintiff to verify his complaint, claiming that it was a substantive requirement of Arkansas law. Cisco does not dispute that it is still affirmatively asserting that it is entitled to recover its fees and costs under the Arkansas Anti-slapp statute and has retained an expert witness for that purpose. Cisco's motion should be denied because it is brought in bad faith and with a dilatory motive.

### 3. Cisco's Prior Amendment Weighs Against Granting Leave To Amend

A court is justified in denying a motion for leave to amend where the moving party has failed to cure the alleged deficiencies in amendments previously allowed. See Doe, 403 F.3d at 991. Here, the parties agreed to unopposed amended pleadings that were filed in June of 2009. See Motion Exh. F; D.E. Nos. 62, 66, 71.

In Reply, Cisco argues that its prior opportunity to amend cannot be held against it because it was permitted to respond to Plaintiff's Amended Complaint as a matter of right. Cisco is not being candid with the Court. The prior round of amended pleadings was initiated by Cisco. Cisco asked Plaintiff for leave to amend to affirmatively plead additional provisions of

8

the Arkansas anti-slapp statute. Plaintiff agreed to joint unopposed motions for leave to amend, stating that he would file first given that is the normal course of pleadings. Thus, Cisco asked for and received a prior opportunity to amend once before and it amended to further assert Arkansas law. That prior amendment counsels against allowing Cisco's late amendment to switch to Texas law now.

### 4. Allowing Cisco's Proposed Amendment Would Prejudice Plaintiff, But Denying The Amendment Would Not Prejudice Cisco

Before this Court can permit the amendment Cisco seeks, it must weigh the prejudice to Ward in granting the amendment against the prejudice to Cisco if the amendment were denied. Bell, 160 F.3d at 454.[2] If this Court finds that Cisco unreasonably delayed in bringing its motion, then it must also find that Plaintiff was prejudice before it should deny Cisco's motion for leave to amend. In any event, there is ample record evidence of prejudice to Plaintiff to deny Cisco's motion for leave.

### a. The Reply Raises A Host Of Arguments That Are Mere Distractions From The Prejudice Issue Presented

The Reply argues that Plaintiff cannot show prejudice for the following reasons, none of which squarely address the prejudice to Plaintiff: (1) Cisco complied with the agreed-to deadline in the Scheduling Order; (2) Plaintiff amended his complaint four months ago to add two new causes of action; (3) choice of law is not an affirmative defense and Cisco left its options open in its original complaint; (4) Cisco's reliance on Arkansas law was limited to procedural issues; (5) Plaintiff has asserted that the Court should apply Texas law when it has brought rulings from the Albritton case to the Court's attention. Cisco's arguments strain to find a basis upon which it

---

[2] Cisco cites Sanders v. Clemco Indus., 823 F.2d 214, 216-17 (8th Cir. 1987), which essentially holds that a proposed amendment is based on facts similar to the original complaint should ordinarily be granted. See Reply at 4. When, as here, however, the issues raised by the proposed amendment involve different factual and legal issues than the allegations in the original complaint, courts are more likely to exercise their discretion to deny the proposed amendments. Bell v. Allstate Life Ins. Co., 160 F.3d 452, 455 (8th Cir. 1998) (citing Sanders but denying motion for leave where additional legal claims were presented in original pleading); Bediako v. Stein Mart, 354 F.3d 835, 840-41 (8th Cir. 2004) (affirming trial court's refusal to allow amendment that would raise new legal theories a year after the lawsuit was filed.)

should be permitted to amend to plead new defenses at this late date and only further illustrate why its motion for leave to amend should be denied.

First, Cisco continues to make an illogical argument that because Plaintiff agreed to the Amended Scheduling Order he cannot be heard to complain about Cisco's amendment. See Reply at 2, 5. Cisco's argument confuses its compliance with Rule 16 with compliance with Rule 15(a). Plaintiff's agreement to a scheduling deadline under Rule 16 in no way precludes him from objecting under Rule 15(a) when Cisco seeks to amend its complaint in a manner that violates that Rule. Generally, late amended pleadings are not objectionable because they merely seek to add information obtained by the parties during discovery. If Cisco's proposed amendment had sought only to add information obtained during discovery, Plaintiff would not have objected. Cisco's proposed amendment, however, seeks to plead affirmative defenses that could have been pleaded nearly 20 months ago and seeks to take to trial completely different legal theories than those the parties have been litigating for nearly two years. Cisco's decision to wait to the last possible day to assert new Texas-based affirmative defenses and to assert the application of Texas law may not require a showing of good cause for failure to comply with the Court's Scheduling Order, but it does not excuse Cisco's unreasonable delay under Rule 15(a).

Second, Cisco attempts to argue that Plaintiff's objection to Cisco's motion is unfair because he amended his complaint four months ago. Cisco's argument attempts to rewrite history. Four months ago, Cisco asked Plaintiff to agree to let Cisco amend its answer to further plead Arkansas law. Plaintiff agreed to Cisco's request on the condition that Cisco agree to Plaintiff amending his complaint. By party agreement, Plaintiff filed his pleading first. Based on Cisco's assertion of Arkansas law, Plaintiff amended his complaint to further assert Arkansas law. That was before discovery had yet began in earnest and only after Cisco had reviewed and agreed to Plaintiff's proposed complaint. Now, Cisco wants to take back its reliance on Arkansas law after it is too late for Plaintiff to consider additional causes of action under Texas law. Cisco's late change of heart, if permitted, would greatly prejudice Plaintiff because he is out of time to investigate other Texas causes of action, to plead those causes of action, or to take

10

discovery to support those causes of action at trial. By agreeing to assert Arkansas law right up to the last possible day to seek leave to amend, Cisco has sought to ensure that only Cisco has the ability to add new legal claims in this case. The result of permitting Cisco to amend now would be highly prejudicial to Plaintiff who is left without an opportunity to amend his complaint.

Third, Cisco disingenuously argues that asserting that Texas law applies cannot be prejudicial because choice of law is not an affirmative defense that must be pleaded. As discussed above, Cisco is not seeking to amend to simply state that Texas law should apply, but is also seeking to interject Texas's punitive damages cap statute that has never before been pleaded in this case. That statute is an affirmative defense that should have been pleaded in Cisco's prior two answers. There is no justification for seeking to add new affirmative defenses at this late date. Moreover, Cisco is seeking to apply Texas law in order to eliminate two of Plaintiff's three causes of action. Plaintiff cannot possibly investigate Texas's statutory scheme, determine whether it applies, build a discovery plan to address any exceptions, hire and expert witnesses to aid his case, or attempt to plead additional causes of action under Texas law when Texas law and its punitive damages statute was not asserted by Cisco until the eve of trial.

Fourth, Cisco argues that its reliance on Arkansas law was limited to procedural matters and only until this Court resolved the choice of law issues. Cisco's argument is belied by the record. Cisco amended its answer to specifically plead Arkansas law; it did not plead Texas law. If Cisco truly believed that the choice of law issue needed to be resolved, one would have expected to see citation to Texas law in Cisco's amended answer. Alternatively, there was nothing preventing Cisco from filing a motion seeking clarification of that issue before the deadline for dispositive motions, expert reports, and leave to amend was upon Plaintiff. Cisco pleaded Arkansas law because it was hoping the anti-slapp statute would prevent Plaintiff's discovery efforts, particularly with respect to the privilege issues that were then pending before this Court. In its motion to dismiss, Cisco asserted that the verification requirement of Arkansas law was substantive. Cisco cited Arkansas law as the controlling authority for all of the

substantive issues the Court had resolved up until Cisco's motion for summary judgment. Any claim by Cisco that it was only relying on Arkansas law for procedural issues is mere sophistry.

Fifth, Cisco tries to pin its own flip flop on the law onto Plaintiff by arguing that Ward has asserted that Texas law applies by asking the Court to apply rulings in the Albritton case which were decided under Texas law. Cisco's argument is nonsensical. Plaintiff has never asserted that Texas law applies, and Cisco has not provided a single citation to the contrary. What Plaintiff has done, on occasion, is point this Court to the factual record in the Albritton case for the purpose of demonstrating where Cisco has taken potions that contradict positions it has taken in this case, or where Cisco's positions suggest a certain result in this case. Plaintiff's reference to the Albritton case is entirely proper because Cisco was a party to that case and is bound by its own judicial admissions. Plaintiff's citation to the factual record in the Albritton case is in no way an assertion of Texas law simply because the Albritton case was litigated under Texas law. Cisco certainly understands the difference and its argument to the contrary here is nothing more than an attempt to fabricate a defense to its own disingenuous position.

      b.      Plaintiff Will Be Prejudiced By Permitting Cisco's Late Amendment

In Opposition, Plaintiff argued that Cisco's proposed amendment would strike at the very core of his case preparation by changing the legal framework upon which the discovery in this case has been built. The Reply suggests that Ward has not met his burden of proving prejudice. Cisco is wrong.

Most importantly, Plaintiff would be prejudiced by Cisco's amendment because Cisco seeks to apply Texas law to eliminate two of Plaintiff's three causes of action. There can be no doubt that such a result is prejudicial to Plaintiff. Not only is it prejudicial, it is unfairly so. Cisco already had an opportunity to seek to dismiss Plaintiff's Arkansas causes of action, and it lost. See D.E. 146. Permitting Cisco leave to amend to assert Texas law would unfairly give Cisco another opportunity to challenge Plaintiff's causes of action that this Court has already determined are properly pleaded. Plaintiff has already expended great resources in pleading those causes of action and briefing the issues presented in Cisco's motion to dismiss, and he won

the motion. Cisco cannot be permitted to amend its pleading (late and without justification) to launch serial attacks on Plaintiff's properly pleaded causes of action. Moreover, if Cisco were permitted to challenge Plaintiff's pleaded legal claims, he is out of time to amend to plead additional or alternative causes of action. That alone is sufficient prejudice to deny Cisco's motion for leave.

Cisco's proposed amendment would add new affirmative defenses under Texas law for which Plaintiff will have no written discovery. See Int.'l Brotherhood of Elec. Workers Local Union No. 22, No. 8:05cv523, 2006 U.S. Dist. LEXIS 59821, *4 (D. Neb., Aug. 22, 2006). Plaintiff has served all of his allotted interrogatories and has served document requests and requests for admission seeking to prove his case under Arkansas law. If Cisco is permitted to change the law that applies to Ward's claims, Ward will not have the opportunity to serve additional written discovery to ascertain the facts and legal basis of Cisco's claims, including contention interrogatories. The prejudice to Ward cannot be mitigated. Even if Plaintiff served discovery today (leaving aside that he has used all of his allotted interrogatories) Cisco would have 30 days to respond, meaning that Plaintiff would not receive responses until a little over a month before trial. Should there be any dispute concerning Cisco's responses—which is likely given the parties' past history—Plaintiff will have run out of time to raise the issue with the Court. See D.E. No. 47 ¶ 2(a). There is no way for Ward to draft and serve additional discovery, receive responses, and force Cisco's compliance with Plaintiff's requests in time to make use of that discovery at trial. Plaintiff's inability to obtain written discovery concerning Cisco's amended pleading is evidence of prejudice sufficient to deny Cisco's motion, particularly in light of Cisco's lack of explanation for its delay.

Plaintiff will also be prejudiced because expert reports have already been served. See Int.'l Brotherhood, 2006 U.S. Dist. LEXIS 59821, at * 4 (prejudice found where Plaintiff had already retained an expert witness and expert reports had been prepared). Plaintiff retained an expert witness to address a key distinction between Texas law and Arkansas law on this issue of reputational injury. Under Texas law, when a defamatory statement tends to injury a person in

13

their occupation or profession or accuses them of a crime, harm to reputation is presumed.  See Texas Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc., 219 S.W.3d 563, 581(Tex. App – Austin 2007, pet. denied); Leyendecker & Assocs., Inc. v. Wechter, 683 S.W.2d 369, 374 (Tex. 1984).  Arkansas law is different on this issue than is Texas law.  In Arkansas, a Plaintiff must prove reputational injury.  See Little Rock News., Inc. v. Fitzhugh, 330 Ark. 561, 572 (1997).  Plaintiff allocated his expert witnesses resources to retain an internet reputation expert who can opine to the fact that Plaintiff's reputation has been injured.  That expert witness would not have been necessary under Texas law, and Plaintiff could have allocated those expert resources to other issues in this case, including the issues that may require expert testimony under Texas law.  Cisco's proposed amendment, coming on the eve of expert reports, is too late to undo the harm to Plaintiff in retaining an expert witness to prove his case under Arkansas law, and at the same time foregoing an expert witness that may have aided his cause on some other issue under Texas law.

      Moreover, Plaintiff permitted Cisco to take substantial discovery on issues related to his reputational harm.  Most recently, Plaintiff responded to 156 Requests for Admission all aimed at demonstrating that Plaintiff's reputation has not been harmed.  If Plaintiff had known that Texas law would govern, he could have avoided much of the reputational discovery Cisco has demanded in this case.  During the parties' briefing to the Court on various discovery issues that Cisco raised with the Court, Plaintiff never cited Texas law for the proposition that Cisco was not entitled to the discovery it was seeking.  It is not surprising that Cisco has sought to apply Texas law (in which reputation harm is presumed and no discovery would be necessary) only at the last possible moment after discovery in this case was coming to a close.  Cisco's ability to obtain discovery in this case that would not be relevant under Texas law is also evidence of the prejudice to Plaintiff is Cisco is permitted to change the legal landscape of this case at this late date.

      Ward will also be prejudiced because he has already invested substantial time and expense in developing his case to make the required proof under Arkansas law.  Permitting

Cisco's amendment will prejudice Plaintiff by forcing him to divert trial resources to address issues raised in Cisco's amendment that could have been raised 20 months ago. Cisco's refusal to comply with this Court's discovery order has put Plaintiff in the position of taking depositions right up to the time pretrial preparation will begin. Now, when Ward needs to be focused on taking depositions, serving expert reports, and preparing pretrial filings, Cisco would have him stop and rework his entire case plan to accommodate Cisco's proposed late amendment. Plaintiff is not a big multinational company with vast recourses like Cisco. His resources are limited and must be used efficiently. To keep his trial date, Plaintiff will be forced to devote additional resources to addressing an amendment that Cisco could have made at the outset of this case.

Ward should not be penalized for Cisco's delay. While the prejudice to Plaintiff is great, there is no prejudice to Cisco if the Court denies its proposed amendment. Cisco has already pleaded the same affirmative defenses and counterclaims pursuant to Arkansas law. In fact, its proposed amendment keeps Cisco's Arkansas defenses in tact as an "alternative theory" of defense. See Exh. A (redlined version of proposed second amended answer) at ¶ 63 and at pgs. 30-33. Denying Cisco's motion does not deprive Cisco of any defense—it only means that Cisco will be required to rely at trial on the same legal theories it has been happy to advance for the last 20 months.

### 5.     Cisco's Proposed Amendment Would Be Futile

Plaintiff's opposition argued that Cisco's proposed amendment would be futile because Cisco's amended pleading is barred by judicial estoppel. New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001); Goodwin v. Conagra Poultry Co., No. 03-CV-1187, 2006 U.S. Dist. LEXIS 21965, at *7 (W.D. Ark., Mar. 28, 2006).

In Reply, Cisco argues that judicial estoppel cannot apply here because the doctrine only applies to inconsistent factual assertions (not inconsistent legal positions). Cisco misunderstands the doctrine of judicial estoppel as evidenced by Cisco's citation to Total Petrol. Inc. v Davis, 822 F.2d 734, 736 (8th Cir. 1987). See Reply at 13. Total Petrol. is an equitable estoppel case; a district type of estoppel claim that is different than judicial estoppel. See id. at 738, n. 6

(expressly distinguishing judicial estoppel from equitable estoppel and noting that judicial estoppel does not require reliance or prejudice before a party may invoke it.).  Thus, Cisco's reliance on Total Petrol for the proposition that it cannot apply to inconsistent legal positions misplaced and easily dismissed.

Cisco's next argument is equally unconvincing.  Cisco argues that judicial estoppel only applies when a party has taken an inconsistent position in a prior legal proceeding.  Reply at 13.  Again, Cisco is mistaken.  "The doctrine of judicial estoppel operates to protect the integrity of the judicial process by prohibiting parties from deliberately taking inconsistent positions in the same or related litigation."  Abuy Dev., L.L.C. v. Yuba Motorsports, Inc., 2008 U.S. Dist. LEXIS 31331 (E.D. Mo. Apr. 16, 2008); Hossaini v. Western Mo. Med'l Ctr., 140 F.3d 1140, 1142-43 (8th Cir. 1998).

Finally, Cisco argues that judicial estoppel cannot apply because Cisco was entitled to argue both potentially applicable state laws until the Court resolved the issue.  See Reply at 13.  Cisco disingenuously frames the issue.  Cisco was not entitled to affirmatively assert Arkansas law only to switch arguments for trial only to argue a different legal theory later in the case.  Cisco affirmatively asserted Arkansas law in its two prior answers, briefed Arkansas law to the Court in every motion until the dispositive motions deadline, and argued Arkansas law to obtain discovery from Plaintiff it would not have been entitled to under Texas law.  Cisco also asserted Arkansas law in an attempt to stymie Plaintiff's discovery efforts.  See D.E. 71.  At the same time, Cisco waited to spring Texas law at the last possible moment in order to assert Texas law in time for trial.  On this record, it is not difficult to infer that Cisco has undertaken a deliberate manipulation of the judicial process and its conduct is not the result of inadvertence or excusable neglect.  Thus, judicial estoppel should bar Cisco's proposed amendment.

    **C.**    **Cisco's Motion Should Be Denied For Failure To Comply With Local Rule 5.5(e)**

Plaintiff argued that Cisco's motion does not comply with the Local Rule.  See D.E. No. 120.  It was not an oversight.  If Cisco had included the information required, it would be

obvious that Cisco's proposed amendment seeks to recast Cisco's prior reliance on Arkansas law as an "alternative" legal theory and replace it with allegations that Texas's law controls after Cisco had advanced Arkansas law for 20 months.

In Reply, Cisco makes only a conclusory statement that it complied with the Local Rule. See Reply at 14. This Court's Local Rule is unique and very specific about what is required in a Motion for Leave to Amend. This Court requires a specific identification of what is being changed, written out in precise detail. There is no legitimate argument that Cisco complied with the Court's Rule. Cisco's motion should be denied for failure to comply with the clear requirements of Local Rule 5.5(e).

## **CONCLUSION**

For the foregoing reasons, Ward respectfully requests that the Court deny Cisco's motion for leave to file a Second Amended Answer.

Respectfully Submitted,

*/s/ Nicholas H. Patton*

Nicholas H. Patton
AR Bar No. 63035
Courtney Towle
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)
Email: nickpatton@texarkanalaw.com
Email: ctowle@texarkanalaw.com

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street
Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033
Email: ppeden@pedenlawfirm.com

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF SERVICE

This is to certify that on this 23rd day of November, 2009, a true and correct copy of the foregoing document was served electronically via the Court's CM/ECF system upon:

| | |
|---|---|
| Richard E. Griffin<br>Charles Babcock<br>Crystal Parker<br>Kurt Schwarz<br>JACKSON WALKER, LLP<br>1401 McKinney<br>Suite 1900<br>Houston, Texas 77010 | Attorneys for Defendant Cisco Systems, Inc. |

_____
Nicholas H. Patton