Ward v. Cisco Systems, Inc. et al
Case 4:08-cv-04022-JLH   Document 158   Filed 11/27/09   Page 1 of 9
Doc. 158

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOHN WARD, JR.** | § | |
| | § | |
| **Plaintiff** | § | No.  4:08cv4022 JLH |
| | § | |
| **V.** | § | JURY TRIAL DEMANDED |
| | § | |
| **CISCO SYSTEMS, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF WARD'S SUR-REPLY TO CISCO SYSTEMS, INC.'S
REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

1

Dockets.Justia.com

Comes now, Plaintiff John Ward, Jr., ("Ward") and files this Sur-Reply to Cisco Systems, Inc.'s ("Cisco") Reply in support of its Motion for Partial Summary Judgment.

### I.  Cisco's Motion Can Be Denied For Failure to Follow Local Rule 56.1, and for Failing to Clearly Set Out the Facts Underlying Its Motion

Cisco does not dispute its failure to follow Local Rule 56.1.[1]  Instead, Cisco argues it shouldn't have to follow the Local Rule because the facts are undisputed.  This is not true, as would be readily apparent from the parties' Rule 56.1 statements had Cisco filed to which Ward could respond.  Most importantly, Cisco's sets forth as fact that "the evidence of any reputational harm suffered by Ward concerns his reputation in the Eastern District of Texas." Dkt. 114 at 3.  This is in dispute.  As demonstrated at Cisco's deposition of Peter McAndrews, Ward's reputation has suffered well outside the Eastern District of Texas. Exh. A (11/16/09 McAndrews deposition tr. at 7:1-12:1).  Kent Campbell also opines about the ongoing and pervasive harm to Ward's reputation, harm extending beyond Texas' boarders.  Exh. B (11/10/09 Campbell Expert Report).  And, contrary to Cisco's contention, Ward did not testify that his reputation was injured *only* in the Eastern District of Texas. *See* Exh. B to Dkt. No. 114.

Cisco has repeatedly failed to follow this Court's summary judgment rules and procedure.  Having failed to set out the facts underlying its motion, it is well within the Court's discretion to deny the motion on this basis alone.  *Bair v. Atlantis LLC,* 2008 U.S. Dist. LEXIS 100939, *3-6 (W.D. Mo. Dec. 15, 2008) (denying plaintiffs' motions for summary judgment where plaintiffs failed to include a statement of uncontroverted material facts as required by local rule; failure to comply left motion unsupported by facts), Exh. E to Dkt. No. 141.

---

[1] In fact, despite the Court's notice to Cisco regarding Local Rule 56.1, in response to Plaintiff's Motion for Partial Summary Judgment, Cisco failed to respond to Plaintiff's Rule 56.1(a) statement thereby adopting Plaintiff's statement.  *See* Dkt. No. 140 and L.R. 56.1.  Additionally, Cisco filed no Rule 56.1 statement in support of its Cross-Motion for Summary Judgment.  Dkt. No. 140.

**II.     By Citing, Applying, and Following Arkansas Law Since March 2008, Cisco Has Acquiesced to the Application of Arkansas Law And Its Challenge Thereto is Untimely**

Instead of directly arguing that it has not acquiesced to Arkansas law, Cisco seems to argue instead that Ward adopted Texas law. Dkt. No. 149 at 2-4. Cisco says Ward failed to plead any Arkansas statutory causes of action — but ignores that Ward purposefully plead two causes of action that are unavailable under Texas law, the very same causes of action Cisco seeks judgment on in its present motion. Dkt. No. 149 at 2.

Cisco also argues that Ward's briefs demonstrate that Cisco did not want to litigate this case in Arkansas. This is apparent from Cisco's own Motion to Dismiss for Improper Venue, or in the Alternative, Motion To Transfer Venue (Dkt. No. 4), and related briefing, as well as from Cisco's Motion to Reconsider the Court's Order Denying Its Motion to Dismiss for Improper Venue, Or in the Alternative, Motion to Transfer Venue (Dkt. No. 35), and related briefing. Cisco's Reply essentially rehashes many of the same arguments it made in its motions to transfer venue, which were twice denied. Now Cisco seeks the next best thing to a venue transfer — application of Texas law in Arkansas.

Inexplicably, in responding to Ward's argument that Cisco has acquiesced to the application of Arkansas law, Cisco cites Ward's dead state-court pleading and Ward's statements therein (Dkt. 149 at 2-3), and Ward's statements in response to Cisco's venue challenges (Dkt. 149 at 3). But the relevant question is *Cisco's* acquiescence, not Ward's. Cisco does not address the numerous instances where, from the inception of this case in March 2008 until October 2009, Cisco repeatedly invoked and urged the application of Arkansas law to this case. Dkt. No. 141 (Response), at 7-8.

Importantly, when earlier this year Cisco moved to dismiss Ward's outrage claim, Cisco cited required elements for the tort as set forth by the Supreme Court of Arkansas.

Dkt. No. 70 at 2-3 (Cisco citing *Crockett v. Essex,* 19 S.W.3d 585, 589 (Ark. 2000)).[2] In its motion, challenging Ward's outrage claim, Cisco goes on to cite seven cases — all from Arkansas or the Eighth Circuit — arguing Ward's outrage claim didn't meet the legal requirements set out in the cited case law. *Id.* at 2-5. In the same motion, Cisco argues Ward's false light invasion of privacy and outrage claims should be dismissed "because they fail to meet the requirements of Arkansas law". *Id.* at 5. Cisco cites no cases from Texas or the Fifth Circuit.

After Cisco invoked, applied, and urged this Court to apply Arkansas law, it did. Citing Arkansas law in its Order — including authority Cisco cited — this Court denied Cisco's motion. Dkt. No. 146 at 3 (citing *Forrest City Mach. Works, Inc. v. Mosbacher,* 851 S.W.2d 443, 447 (Ark. 1993) and *Crockett*, 19 S.W.3d at 589). Now, in an about face, Cisco argues Arkansas law never should have applied and that it certainly did not acquiesce to its application. Cisco's own briefing demonstrates the contrary.

*Lott v. Levitt* dealt with a nearly identical situation. 556 F.3d 564, 567-68 (7th Cir. 2009). There, after urging application of Illinois law to its motion to dismiss and losing, a party moved for reconsideration under Virginia law. But because in its original motion, the moving party "relied solely" on Illinois law, it waived application of Virginia law. *Id.* at 568. Here, Cisco relied solely on Arkansas law in its motion to dismiss Ward's outrage claim. Dkt. No. 70. Having lost that motion, Cisco now moves for summary judgment on the same claim under Texas law. As in *Lott*, this Court should deny Cisco's late attempt at switching the law that applies to this case.

Cisco further argues its Original Complaint "made it clear that Defendant was asserting its defenses under the applicable state constitution and applicable state laws, in addition to Arkansas." Dkt. No. 149 at 4 (citing Dkt. No. 8 at ¶¶ 33-34). But upon review of Cisco's Original Answer, what is clear is that Cisco specifically plead Arkansas statutory damages caps,

---

[2] Although in his Response to the present motion Ward specifically pointed to Cisco's Motion to Dismiss and its reliance on Arkansas law, Cisco did not address this in its Reply. *See* Dkt. No. 141 at 7.

3

specifically A.C.A. § 16-55-208.  *Id.*  Cisco cited no other state's statutes.  Cisco's amended Answer pleads the same (Dkt. No. 71 at ¶ 58) and further demonstrates Cisco's application of Arkansas law, pleading that Ward's "claim should be stricken pursuant to Section 16-63-506 of the Arkansas Code for failure to verify the petition pursuant to Section 16-63-505 of the Arkansas Code" (Dkt. No. 71 at ¶ 49) and pleading that the complained-of statements are protected by Arkansas Anti-SLAPP statute, A.C.A. § 16-63-501 through § 16-63-508, and claiming immunity there under and under the Constitution of the United States or the Constitution of the State of Arkansas (Dkt. No. 71 at ¶ 61).  Cisco cannot hide that its live pleading includes affirmative defenses specifically available under Arkansas law.

Cisco argues "Plaintiff can hardly claim surprise and prejudice when Cisco has cited to Texas law, in addition to Arkansas law, as it was unclear what law the Court would apply", and cites as evidence four docket entries:

- Dkt. No. 101: a discovery motion filed by Cisco on September 11, 2009, cites no Texas cases or law and instead cites Arkansas law almost exclusively;

- Dkt. No. 103: Cisco's response to a scheduling motion filed on September 15, 2009, principally cites Fed. R. Civ. P. 16 and additionally 5th Circuit and Texas district court cases;

- Dkt. No. 109: Cisco's Motion to Compel Responses From Nonparty Robert Chiaviello, Jr., filed on October 1, 2009, is a motion that Ward is not even a party to, and cites Texas privilege law where moving to compel allegedly privileged information from a deponent asserting privilege under Texas law;

- Dkt. No. 115: Cisco's Reply in support of an omnibus discovery motion, filed the same day as the present motion, wherein Cisco cites cases from state and district courts in Arkansas, Texas, Washington, Washington, D.C., Minnesota, and Louisiana, among others.

Among these filings, there is only one to which Ward is a party, filed prior to the present motion, that raises Texas law.  In that brief, filed on September 15, 2009, Cisco cited Fifth Circuit and Texas District Court cases as explaining Fed. R. Civ. P. 16.  This, Cisco contends, adequately put Ward on notice that Cisco would claim Texas law applies to the present case, and that, in light of that filing, Ward cannot claim prejudice or surprise.  Cisco's contention is disingenuous at best

4

and Ward again directs this Court to the numerous instances Cisco cited, applied, and urged application of Arkansas law from the inception of this case in March 2008 until October 2009. Dkt. No. 141 at 7-8. On this record, it is clear Ward's surprise and prejudice by Cisco's late choice-of-law challenge is real. At a very minimum, had Cisco earlier contended Texas law applies, Ward would have had an opportunity to investigate and add causes of action under that law.[3] Now, with trial looming and the pleading amendment deadline past, it is too late.

Cisco also argues that Texas law must apply because Ward has urged this Court to follow rulings made by Judge Schell in the *Albritton v. Cisco* case. Cisco cites five of Ward's filings:

- Dkt. No. 59, at 17: Ward makes no mention of the *Albritton* case. Elsewhere in the brief, Plaintiff informs this Court that in a prior case, Cisco — the same defendant as in this case — requested the courtroom be sealed during trial;

- Dkt. No. 64, at 7-9 and 27-28: Ward cites Cisco's sworn testimony in the *Albritton* case on an issue Cisco, before this Court, claimed was privileged. The testimony demonstrated Cisco's "at issue" waiver as a result of its previous testimony. Ward also explains, in response to Cisco's attempt to have this Court force Ward to enter into a document production agreement like that in the *Albritton* case, why the agreement would be unworkable;

- Dkt. No. 113, at 20-21, 30: Ward's Response to a discovery motion. Ward informs the Court that Cisco's attempt to compel production of sensitive financial documents was also made before and denied by the *Albritton* Court, the basis of the denial, and the applicability of that Court's same reasoning to Cisco's then pending motion;

- Dkt. No. 116 at 4, 10-11: Ward's Motion for Partial Summary Judgment. Ward informed the Court that in *Albritton*, a similarly-situated plaintiff was found on summary judgment to be a private figure plaintiff, and that for the same reasons, Ward could be found a private figure plaintiff;

- Dkt. No. 130 at 17-20, 23, 28-29: Ward's Sur-Reply to a discovery motion — the same issues Ward addressed in his Response to the same motion and cited by Cisco above at Dkt. No. 113 — says the same, that Cisco made certain discovery requests before a different court and they were denied for reasons the present Court could choose also to deny the requests.

---

[3] Ward has further set forth the prejudice he will suffer if Texas law applies to the case at this late juncture in response and in sur-reply to Cisco's pending Motion for Leave to Amend wherein Cisco seeks application of Texas law. *See* Dkt. No. 157 at 9-15.

5

Cisco's citations demonstrate that, where Cisco raises an issue in this case that it previously raised an in a prior case, this Court can consider the other court's rulings. Though it is the wrong inquiry, Cisco simply cannot demonstrate that Ward has acquiesced to the application of Texas law.

Cisco's strains to distinguish Ward's cited authority supporting the proposition that Cisco's raises an untimely challenge to choice-of-law. Dkt. No. 149 at 4-5. Ward's authority demonstrates that though there is no magic point at which choice-of-law is waived, it can indeed be waived. Based on the facts before the Court here, Cisco has waived choice-of-law and its attempt to change the applicable law now is untimely.

### III. Judicial Estoppel Bars Cisco's Late Attempt At Asserting Texas Law

Cisco first argues that judicial estoppel cannot apply here because the doctrine only applies to inconsistent factual assertions as opposed to inconsistent legal positions. Dkt. No. 149 at 6. Cisco misunderstands the doctrine of judicial estoppel as evidenced by Cisco's citation to *Total Petrol. Inc. v Davis*, 822 F.2d 734, 736 (8th Cir. 1987). *Id. Total Petroleum* is an equitable estoppel case; a distinct type of estoppel claim that is different than judicial estoppel. 822 F.2d at 738, n. 6 (expressly distinguishing judicial estoppel from equitable estoppel and noting that judicial estoppel does not require reliance or prejudice before a party may invoke it.). Thus, Cisco's reliance on *Total Petroleum* for the proposition that it cannot apply to inconsistent legal positions is misplaced and easily dismissed.

Cisco's next argues that judicial estoppel does not apply because it litigated the *Albritton* case under Texas law. Dkt. No. 149 at 6-7. This misses the point — in *this case*, for more than twenty months, Cisco maintained Arkansas law applied and now should be judicially stopped from switching to Texas law.

Lastly, Cisco argues that it has not taken a "clearly inconsistent" position on choice-of-law. *Id.* at 7. As explained above, Cisco maintained Arkansas law applied to its motion to dismiss and now maintains Texas law should apply to its summary

6

judgment motion. Indeed, Cisco has taken clearly inconsistent positions on the applicable law.

### IV. Arkansas Law Governs the Present Case

Ward will not repeat the reasons Arkansas law applies to his claims or repeat the appropriate choice-of-law analysis as set this forth at length in his Response. Dkt. No. 141 at 10-15. In its Reply, apparently conceding that the fifth Leflar factor — a determination of which state has the "better law" — weighs in favor of applying Arkansas law, Cisco argues this factor is not dispositive. Dkt. No. 149 at 9. In its motion, Cisco urged the Court not to consider this factor at all. Dkt. No. 114 at 6. Unsurprisingly, Cisco cannot accept that the choice-of-law analysis weighs in favor of applying Arkansas law and instead prefers that factors indicating this be disregarded. The Court should not accept Cisco's invitation.

### V. Conclusion

Because Cisco motion for partial summary judgment relies solely on the application of Texas law, and because Arkansas law applies to this case, Plaintiff respectfully requests that Cisco's motion be in all things DENIED.

Respectfully Submitted,

*/s/ Nicholas H. Patton*

Nicholas H. Patton (AR Bar No. 63035)
Email: nickpatton@texarkanalaw.com
Email: Courtney Towle
ctowle@texarkanalaw.com
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033
Email: ppeden@pedenlawfirm.com

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This is to certify that on this 27th day of November, 2009, a true and correct copy of the foregoing document was served electronically via the Court's CM/ECF system upon:

| | |
|---|---|
| Richard E. Griffin<br>Charles Babcock<br>Crystal Parker<br>Kurt Schwarz<br>JACKSON WALKER, LLP<br>1401 McKinney<br>Suite 1900<br>Houston, Texas 77010 | Attorneys for Defendant Cisco Systems, Inc. |

_/s/ Nicholas H. Patton_
Nicholas H. Patton