IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JOHN WARD, JR. | § |
| | § |
| | § C. A. NO. 08-4022 |
| v. | § JURY TRIAL DEMANDED |
| | § |
| CISCO SYSTEMS, INC. | § |

**DEFENDANT CISCO SYSTEMS, INC.'S REPLY AND BRIEF IN
SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE COURT:

Defendant Cisco Systems, Inc. ("Cisco") hereby files this Reply and Brief in Support of its Cross-Motion for Summary Judgment ("Cross-Motion") pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Local Rules of this Court:

**1.    Ward Does Not Dispute Any of Cisco's Facts.**

Plaintiff John Ward, Jr. argues that Cisco's Cross-Motion for Summary Judgment should be denied because Cisco allegedly did not comply with Local Rule 56.1, supporting its argument with a reference to Docket Entry No. 117. *See* Response at 2, 4. Of course, Docket No. 117 does not refer to Cisco's Cross-Motion, and the Clerk of Court has not issued any notice of deficiency regarding the Cross-Motion. Furthermore, pages 7 through 11 of Cisco's Cross-Motion contains a list of 15 undisputed facts – facts which Ward does not mention, much less refute, in his Response to the Cross-Motion. Rather than dispute these facts, Plaintiff pretends they do not exist.

Plaintiff argues that "Cisco's brief is wholly insufficient to put Plaintiff on notice of the facts Cisco contends supports its cross-motion," supposedly because Cisco's Cross-Motion "includes attorney argument," thereby requiring Plaintiff to engage in "guess work." Response at 3. This fatuous argument is utterly without merit, as Ward does not, and cannot, point out a

1

single, specific instance where Cisco's statement of undisputed facts includes any attorney argument or anything other than a straightforward recitation of undisputed facts. Ward goes on at length about how deficient and confusing Cisco's statement of undisputed facts is, but does not demonstrate one instance of ambiguity or uncertainty, nor explain any allegation about which he is befuddled. Ward's argument is a transparent ruse; unable to refute any of Cisco's facts, Ward does the legal equivalent of saying "ignore the man behind the curtain."

Just to be clear, here is a summary of Cisco's undisputed facts:

(1) The Articles at issue in this lawsuit addressed the public controversy regarding the abuse of the patent system by non-practicing entities in the Eastern District of Texas, including the issue of non-practicing entities attempting to maintain venue in the Eastern District of Texas because of advantages of maintaining their cases in that forum.

(2) The Articles at issue are a matter of public concern.

(3) The matter at issue in the Articles was the topic of widespread debate and was discussed in 16 separately cited articles.

(4) The articles at issue were critical of the Eastern District of Texas.

(5) The Patent Troll Tracker blog was read by attorneys practicing in IP litigation and the ABA Journal has said that patent attorneys should read the Patent Troll Tracker blog to know the status of patent litigation in the Eastern District.

(6) Judge Schell ruled that the articles at issue involved an important matter of public concern (the integrity of the court's electronic filing system and the conduct of the Eastern District of Texas' Clerk's office) and also involved a public controversy.

(7) Ward was one of the top filers of patent cases on behalf of non-practicing entities in the Eastern District of Texas at the time of publication.

(8) In 2007, Ward was identified as counsel of record in 129 patent cases pending in the Eastern District of Texas.

(9) 90-95% of Ward's law practice was patent infringement litigation. About 95% of his work is contingent fee patent litigation in the Eastern District of Texas.

5669422v.2

(10) Ward took action to shut down the Patent Troll Tracker because it was speech he did not like.

(11) After he filed suit, Ward's lawsuit against Cisco generated significant press coverage and his counsel were quoted widely disputing the articles at issue.

(12) Ward approves or "stands behind" the action taken by Ms. Amie Mathis in her numerous efforts to persuade the clerk to change the court's record.

(13) Ward denies that there is an abusive practice in the Eastern District of Texas, but acknowledges others, including Frenkel, are "entitled to their opinion on that" issue.

(14) The publications Patently-O and Patent Law 360 both commented on the ESN filing before Frenkel.

(15) Ward could have posted his own explanation or comment to the October Articles on the Patent Troll Tracker itself, which allowed readers to make comments. His comments could have been seen alongside the very articles he complains about.

None of these facts is in the least bit ambiguous or confusing; nor is any of them disputed in any way by Plaintiff. As such, they should be deemed admitted by the Court and Cisco's Cross-Motion should be granted. *See Duvall v. City of Rogers*, 2005 U.S. Dist. LEXIS 40852 at *3-*4 (W.D. Ark. Dec. 20, 2005).

In support of his claim that he cannot respond to Cisco's Cross-Motion, Ward cites *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996). In that case, the plaintiff in an employment discrimination case completely failed to respond to Anheuser-Busch's motion for summary judgment, and simply argued that "her pleadings and deposition testimony contained facts sufficient to raise genuine issues of material fact." The court dismissed Barge's argument as follows:

> This argument assumes the district court has an affirmative obligation to plumb the record in order to find a genuine issue of material fact. It does not. *White v. McDonnell Douglas Corp.*, 904 F.2d 456 (8th Cir. 1990) (per curiam). "A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for

3

some specific facts that might support the nonmoving party's claim." *Id.* at 458 (quotation omitted). Once Anheuser Busch met its burden of demonstrating a lack of genuine issues of material fact, Barge was required to designate specific facts creating a triable controversy.

*Id.* The same logic – and conclusion – applies to this case: Cisco set forth a list of undisputed facts, with supporting evidence. Ward has utterly failed to dispute any of those facts, nor "designate[d] specific facts creating a triable controversy" in his Response (which simply refers to his own motion for summary judgment, without disputing Cisco's facts). Plaintiff being unable to dispute any of Cisco's facts, they must be accepted as true, and Cisco's Cross-Motion therefore should be granted.

2.   **Ward is a Limited Purpose Public Figure.**

As explained in Cisco's Cross-Motion (Dkt. # 140), at pp. 13-14, the Eighth Circuit has adopted the following test to determine whether an individual is a limited-purpose public figure: (1) the controversy at issue must be public in the sense that it involves questions of public concern; and (2) the plaintiff must inject himself or be drawn into the public controversy. *Lundell Mfg. Co. v. American Broadcasting Co.*, 98 F.3d 351, 362-63 (8th Cir. 1996), *citing Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351, (1974), and *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 761-62 (1985). After identifying the particular controversy giving rise to the defamation, the court then examines the "nature and extent" of the plaintiff's involvement. *In re IBP Conf. Bus. Litig. (Bagley v. Iowa Beef Processors)*, 797 F.2d 632, 645 (8th Cir. 1986). This inquiry is necessary to determine whether the plaintiff has "thrust [himself] to the forefront of [this] particular public controvers[y] in order to influence the resolution of the issues involved." *Gertz*, 418 U.S. at 345, 94 S.Ct. at 3009.

4

The first prong of the *Lundell* test is met in this case because, as Judge Schell ruled,[1] the particular controversy at issue is one that is public in the sense that people are discussing it and people other than the immediate participants in the controversy are likely to feel the impact of its resolution. The Articles at issue in this lawsuit addressed the public controversy regarding the abuse of the patent system by non-practicing entities in the Eastern District of Texas, including the issue of non-practicing entities attempting to maintain venue in the Eastern District of Texas because of advantages of maintaining their cases there. Commentary regarding the integrity and reliability of the Eastern District Clerk's Office also points to the public controversy at issue here. Judge Schell was clearly correct to hold the speech at issue here to involve a matter of public concern.

Ward argues that Judge Schell's ruling is not binding on this Court, because Mr. Ward was not a party to the *Albritton* case. This is an ironic position for Ward to take, inasmuch as he attached Judge Schell's Memorandum Opinion and Order on Mr. Albritton's status as Exhibit A to his Motion for Summary Judgment (Dkt. # 116), and urged this Court to follow Judge Schell's decision in that Order, despite the fact that Mr. Ward's status as a defamation plaintiff was not before Judge Schell. On the other hand, however, what plainly was before Judge Schell is the exact same speech at issue in this case – Mr. Frenkel's October 2007 postings on the Patent Troll Tracker Blog. Whether or not Judge Schell's ruling on that issue is binding on this Court, it is certainly persuasive, and, for reasons of both comity and consistency, should be followed by this Court.

In addition, Ward's role in the public debate over the abuse of the patent system by non-practicing entities in the Eastern District of Texas was certainly more than trivial or tangential.

---

[1] See Cisco's Cross-Motion, Exhibit 8, at pp. 1072:1-1073:11 (transcript of hearing in *Eric Albritton v. Cisco Systems, Inc., and Richard Frenkel*, No. 6:08-CV-89 (E.D. Tex.).

5669422v.2

In fact, Ward held an important role in this controversy because he was one of the top filers of patent cases on behalf of non-practicing entities in the Eastern District of Texas. Indeed, Ward does not dispute that he was listed as counsel of record in 129 patent cases pending in the Eastern District of Texas. Ward also testified that 90-95% of his law practice was patent infringement litigation and about 95% of his work is contingent fee patent litigation in the Eastern District of Texas. Moreover, it is undisputed that, as a result of Mr. Frenkel's articles, Ward took action to shut down the speech he did not like. Indeed, after he filed suit, his lawsuit against Cisco generated significant press coverage and his attorneys were quoted widely disputing the articles at issue. In addition, it is undisputed that Ward approves or "stands behind" the action taken by Ms. Amie Mathis in her numerous efforts to persuade the clerk of the Eastern District of Texas to change the court's record – the very conduct which prompted Mr. Frenkel to write the articles Ward complains of. Furthermore, although Ward denies that there is an abusive practice in the Eastern District of Texas, he acknowledges that others, including Frenkel, are "entitled to their opinion on that" issue.

An individual this engrained in a public issue has more than a trivial or tangential role in the controversy even where he does not actively engage the public's attention, so Ward's claim that he is not a public figure simply because he has not sought out media attention – or, more accurately, simply because he has not lobbied for patent reform in Washington, D.C. – is simply irrelevant. It is sufficient that Ward "voluntarily engaged in a course that was bound to invite attention and comment." *Rosanova v. Playboy Enters., Inc.*, 580 F.2d 859, 861 (5th Cir. 1978). That he did is undisputed; as shown by Cisco's summary judgment evidence. Indeed, Frenkel was far from the first person to publicly comment about the abuse of the patent system by non-practicing entities in the Eastern District of Texas, and about the suspicious filing of the *ESN v.*

*Cisco* case and alteration of court records following that filing. It is also well established that an attorney may become a public figure with respect to his representation where, as Ward did here, the attorney goes beyond his representation of his client in a way that relates to the public controversy.

Finally, Ward does not dispute the fact that he had access to the very same media outlet that he claims defamed him. One of the two rationales articulated by the U.S. Supreme Court for the limited-purpose public figure status is that a limited-purpose public figure presumably has media access. Ward does not dispute that he could have posted his own explanation or comment to the October Articles on the Patent Troll Tracker itself, which allowed readers to make comments. As *Gertz* made clear, public figures are given less protection because "the first remedy of any victim of defamation is self-help—using available opportunities to contradict the lie or correct the error and thereby minimize its adverse impact on reputation." *Gertz v. Robert Welch, Inc.*, 418 U.S. at 344. Of course, Ward filed suit against Cisco, and responded to the articles, through his attorneys, and challenged the articles at issue. He also garnered widespread press in doing so. Indeed, he agrees he was able to exercise enough power and influence to "shut down" the Patent Troll Tracker blog.

The undisputed facts demonstrate that Ward is indeed a limited-purpose public figure, and therefore the Court should grant Cisco's Cross-Motion for Summary Judgment.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: */s/ Charles L. Babcock*
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney
    Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

This is to certify that on this November 30, 2009, a true and correct copy of the foregoing was served via ECF upon:

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
*Attorney for Plaintiff John Ward*

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
*Attorney for Plaintiff John Ward*

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
*Attorney for Plaintiff John Ward*

/s/ *Charles L. Babcock*
Charles L. Babcock

5669422v.2