IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN WARD, JR.                                                    PLAINTIFF

         v.                  Civil No. 08-4022

CISCO SYSTEMS, INC.                                               DEFENDANT

### ORDER

Currently before the Court is defendant's **Motion and Brief for Magistrate Judge to Reconsider Order Denying [Defendant's] Motion to Compel Production of Documents Based on Misrepresentations to the Court (Doc. 151)** and **Plaintiff's Response (Doc. 161)**. The undersigned, being well and sufficiently advised, finds and orders as follows with respect thereto:

1.   At issue in defendant's motion are defendant's Requests for Production Nos. 4, 5, 9, 11 and 17.  In these requests, defendant asked plaintiff to produce documents relating to his claim that he sustained monetary damages, including tax returns for plaintiff and his law firm; his firm's balance sheets, income statements, and cash flow statements; and documents relating to plaintiff's new matters or clients.

On November 5, 2009, the undersigned entered an order denying defendant's Motion to Compel (Doc. 101) production of these documents, finding that defendant was not entitled to such because plaintiff was not seeking damages for lost income.  The undersigned did require, however, that plaintiff identify any

individuals who he claimed allegedly learned of the statements at issue and thought less of plaintiff or decided not to hire plaintiff because of the statements.  (Doc. 138.)

2.   In the motion now before the undersigned, defendant argues that the ruling should be reconsidered because, at the hearing on the motion to compel, plaintiff misrepresented to the undersigned that he was not seeking damage to his professional reputation and that he did not intend to call an expert on the damages issue.  Defendant asserts that just days after the hearing, plaintiff's counsel, in an e-mail, admitted that plaintiff was in fact seeking damages for "all aspects of his reputation."  (Doc. 151 Ex. B at pg. 2.)  Defendant asserts that following the hearing, plaintiff also designated an expert "who will testify concerning Plaintiff's allegation of damage to his reputation."  (Doc. 151 at pg. 2.)

3.   At the hearing on defendant's motion to compel, the following exchange took place between the undersigned and counsel:

> THE COURT: [A]re you going to have an expert on the damages issues?
>
> [PLAINTIFF'S COUNSEL]: No, Your Honor.
>
> THE COURT: It's just going to be plaintiff testifying about the injury to his professional reputation?
>
> [PLAINTIFF'S COUNSEL]: Well, he's testifying about the injury to his reputation and injury to his professional reputation.  He is not seeking lost profit damages or any kind of damages for l[o]st revenues and won't offer an expert to testify about lost profit damages....

> THE COURT: So you are seeking damages for his professional reputation?
>
> [PLAINTIFF'S COUNSEL]: We're seeking damages to his reputation, him as a person. He as a person happens to be a lawyer. What we are not seeking ... is ... damages to his reputation for lost profits.... [He testified at his deposition that he made more in 2008 than he did in 2007.]
>
> THE COURT: ... How's he going to testify at trial that his professional reputation has been damaged?
>
> [DEFENSE COUNSEL]: ... One of the major things that he discussed in his deposition was that he had lost potential clients .... [H]e testified that he had been told that individuals had spoken with prospective clients who said I won't hire him because of the articles....
>
> THE COURT: I think that's what the real issue is [–] who's going to be testifying in regard to the fact that these posts damaged his reputation to the extent that they wouldn't hire him. So that will be my ruling in that regard. I will not require the disclosure of any of the financial documents. I wont' require the disclosure of client lists, but I will require the disclosure of the identity of ... anyone that would say they didn't hire [plaintiff] because of these posts.

(Tr. of Hearing – Doc. 151 Ex. 1 at pgs. 18-26.)

    4. As the above transcript excerpts demonstrate, plaintiff's counsel represented to the undersigned that plaintiff was not seeking damages for *lost profits* arising out of injury to his reputation. Contrary to defendant's assertions, plaintiff's counsel explicitly stated that plaintiff did, however, intend to testify about "injury to his reputation and injury to his professional reputation." (Id. at pg. 14.) Thus, the

undersigned's ruling was not based on any misrepresentations made by plaintiff's counsel.

    Further, as the Arkansas Supreme Court has observed:

> A plaintiff must establish actual damage to his reputation, but the showing of harm is slight. A plaintiff must prove that the defamatory statement(s) have been communicated to others and that the statements have detrimentally affected those relations. The law does not require proof of actual out-of-pocket expenses.

Ellis v. Price, 337 Ark. 542, 549-50(1999). As plaintiff is not seeking lost income or profits resulting from injury to his reputation, plaintiff's tax returns, financial records, and client lists are not relevant to the damages issue. To the extent that plaintiff is claiming that he lost potential clients because of the posts, the undersigned ordered the plaintiff to identify the individuals known to him who allegedly stated that they would not hire the plaintiff because of the posts.

    5. With regard to defendant's assertion that plaintiff has, contrary to representations made at the hearing, designated an expert to testify about damage to his reputation, the undersigned has reviewed the report of the proposed expert, Kent Campbell (Doc. 151 Ex. C). Mr. Kendall's report opines that plaintiff's reputation has been damaged and will continue to be damaged given the "archival and replicable nature of the search engines and both the surface and deep aspects of the Internet." The report, however, does not, in any way attempt to quantify plaintiff's

damages. The report, therefore, does not put plaintiff's tax returns, financial records or client lists at issue.

6. Accordingly, the undersigned finds no basis for reconsidering the prior ruling on defendant's motion to compel and defendant's **Motion to Reconsider (Doc. 151)** is **DENIED.**

**IT IS SO ORDERED** this 1st day of December, 2009.

/s/ *Erin L. Setser*
ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE