IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| | § | |
| | § | C.A. NO. 08-4022 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |

**DEFENDANT CISCO SYSTEMS, INC.'S REPLY AND BRIEF TO PLAINTIFF'S
RESPONSE TO CISCO'S MOTION FOR DISTRICT JUDGE TO
RECONSIDER MAGISTRATE JUDGE'S ORDER DENYING CISCO'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

TO THE HONORABLE COURT:

Defendant Cisco Systems, Inc. ("Cisco") files this Reply and Brief to Plaintiff's

Response ("Response") to Cisco's Motion for District Judge to Reconsider Magistrate

Judge's Order Denying Cisco's Motion to Compel Production of Documents ("Motion")

and would show the Court as follows. Cisco notes that since the filing of the Motion,

Magistrate Judge Setser has denied Cisco's Motion to Reconsider. Therefore, Cisco's

Motion is now ripe for this Court's consideration.

### INTRODUCTION

Plaintiff has no answer to the case law cited by Cisco that it is "elementary" that

Cisco is entitled to discover evidence to rebut Plaintiff's claims. Indeed, the futility of

Plaintiff's position is demonstrated in his Response, which argues <u>only</u> what <u>he needs</u> to

prove his case (see Response at pp. 5-12, 17, discussing case law that discusses only the

<u>plaintiff's</u> burden in a defamation case), and <u>never</u> addresses the case law cited in the

Motion that clearly demonstrates that Cisco is entitled to discovery of evidence to rebut

1

Plaintiff's claims.  Plaintiff has no answer because the law is clear; Cisco is entitled to relevant evidence to rebut Plaintiff's claims.  Indeed, this is an essential component of the American legal system.

Plaintiff, in his zeal to avoid the truth, misrepresented to the Magistrate Judge that he would not designate a damages expert, then designated a damages expert just days later—what he now calls a "misstep."  (Docket No. 160 at p. 17).  Plaintiff's attempt to avoid discovery of probative evidence is further proof that the evidence Cisco seeks will reveal that Plaintiff has suffered no injury at all.[1]

Plaintiff's case is one of smoke and mirrors.  He will argue to the jury that he lost prospective clients because of the complained-of articles.  He will argue to the jury that these lost prospective clients are evidence of damage to his reputation as an attorney, and that the articles affected his ability to provide for his family.  He will offer testimony that he has lost clients or the opportunity to gain new clients because those who search for him on the internet will see the complained-of articles and refuse to hire him. (See Complaint, Doc. 66 at ¶34, 57 (claiming that the articles "attacked Ward in his business and profession"), 74 (claiming the article "directly attacks Plaintiff in his profession"), 83 (alleging that Ward's reputation was hurt with in the "legal community"); Expert Report of Kent Campbell, Exhibit A; Plaintiff's Disclosure of Information Required by the Court's November 5, 2009 Order, Exhibit B; Docket No. 130 at p. 21 (admitting that Ward claims that "there are people who likely did not hire Ward as a result of the articles."))

---

[1] Plaintiff's complaints about allegedly failing to meet and confer are also unfounded.  Judge Setser rejected Plaintiff's unfounded claim that Cisco did not meet and confer before filing its Motion, and Plaintiff did not appeal her order.

Despite having put into issue the allegations that Ward's life as an attorney has been adversely impacted by the articles, he refuses to produce any evidence concerning his work as an attorney—failing to comply with document requests seeking documents concerning his finances, new clients, and new matters.  This evidence is plainly relevant; it may reveal that Plaintiff made significantly more money in the years following the complained-of articles than he did in the years before, that he was hired by many new, large, reputable companies, and that his existing clients continued to hire him.  It is fundamentally unfair to permit Plaintiff to argue to the jury that his reputation as an attorney has suffered, yet refuse Cisco the only evidence that would show that Plaintiff's reputation as an attorney was not in fact damaged.

Plaintiff's smoke and mirrors approach doesn't stop there.  He will argue that he suffered mental anguish so severe that no reasonable person could expect to endure it (the legal standard for his "outrage" claim) and which caused him sleeping problems so severe that he had to take medication, yet he refuses to produce his medical records, which may show that he had sleeping problems before the complained of articles, that his alleged sleeping problems were not caused by the articles, or that he has not suffered any mental anguish at all.  Regardless, the information is relevant and reasonably calculated to lead to the discovery of admissible evidence.  Cisco has therefore met the standard for discovery.

The Magistrate Judge's Order is clearly erroneous or contrary to law because it permits Ward to use this smoke-and-mirror approach and withholds discovery from Cisco that it is entitled to under the Federal Rules to rebut Plaintiff's claims.  Because the Order prevents Cisco from obtaining discovery of important, relevant evidence in its defense, it

is clearly erroneous or contrary to law.   The Order should be reversed and the Court should order Plaintiff to respond to the discovery as set forth in the Motion.

## ARGUMENT AND AUTHORITIES

### 1.     Plaintiff's financial records are discoverable.

Plaintiff's Response cannot explain his misrepresentation to the Court that he was not seeking damage to his professional reputation, so instead he attempts to recast his damages.   Plaintiff admits in his response that he is seeking damage to his professional reputation, though he insists such damages are not an official "subcategory" of damages. (Docket No. 161 at p. 10[2]).   Now Plaintiff claims that what he really meant was that he was "not seeking to recover lost profit damages."   (Response at p. 13).   But that is not what he told the Magistrate.   (*See* Motion at pp. 1-2).

Nor can Plaintiff explain away his misrepresentation that he would not designate an expert concerning his damages, then designating an expert on his damages just days later, other than admitting it was a "misstep."   It is no "misstep."   Indeed, Plaintiff's expert report clearly states that he will testify concerning harm to Plaintiff's reputation (Exhibit A).   Plaintiff tries to explain away the misrepresentation by claiming that Mr. Campbell will opine only as to proof of damages, not the amount of damages.   (Docket No. 160 at p. 16-17).   Yet Plaintiff can hardly claim this misunderstanding when Judge Setser clearly stated at the hearing on the Motion that the two cannot be separated.

> Counsel for Plaintiff:  It's hard to say at this juncture, but I believe that witnesses will testify that certain people who heard about these articles or read the articles thought less of Mr. Ward which translated into not wanting to consider hiring him.  But to be clear, that's not a damages issue.  That goes to whether or not people believed that these articles were accusation of criminal or unethical behavior.  It goes to the defamatory contents of the articles, not to damages.

---

[2] Page numbering is based on the headers placed on the document by the ECF system, which are inconsistent with Plaintiff's page numbers.

> Judge Setser:  Well I don't know that you can separate it.  The jury's not going to
> be instructed that it only goes to that issue.  I think if a jury hears that certain
> people heard about these posts and thought less of him and didn't want to hire
> him, they're certainly going to think that goes to damages.

(Transcript of Hearing on November 4, 2009 at p. 23, <u>Exhibit C</u>).  Indeed, Plaintiff's

response admits that Mr. Campbell will testify as an "expert on the issue of reputational

injury." (Response at p. 17).

Whether he wants to call it "damage to his professional reputation," "damage to

his reputation as a lawyer" or any other manner of characterization, it is clear that

Plaintiff will attempt to argue to the jury that it should award him damages because he

has lost business because of the articles and that he will offer expert testimony that he has

lost business because of the articles, notwithstanding his representation to Judge Setser

that "[w]e are not going to go in front of the jury and tell them that Mr. Ward lost

business because of these articles." (Transcript of Hearing on November 4, 2009 at p. 18,

<u>Exhibit C</u>).  Plaintiff's Response acknowledges that this representation was false, stating

that Ward will seek damage to his reputation "in his chosen profession." (Docket 160 at

p. 16).

Equally clear is that Cisco is entitled to discovery to rebut Plaintiff's claim.  (See

Motion at pp. 8-14).  Indeed, Plaintiff failed to even present an argument why the case

law in the Motion does not apply.  Instead, he wastes 12 pages of his brief chronicling the

history of defamation damages <u>without once mentioning a single case relating to what a</u>

<u>defamation defendant is entitled to discover in order to defend itself</u>.  (Response at pp. 5-

17).  Plaintiff only argues <u>his</u> burden of proof, which is irrelevant.  Cisco is entitled to

discovery to defend and rebut Plaintiff's claims.  Discovery is—or should be—a two-way street.

More telling is that, although Plaintiff claims that Judge Setser's order was not clearly erroneous or contrary to law because "she drew the proper distinction between lost profit damages (not claimed in this case) and reputational damages (claimed in this case)," Plaintiff does not cite to a single case to support that alleged distinction.  Indeed, since the Motion was filed, Judge Setser denied Cisco's request for reconsideration on this very basis—that the discovery was not permitted because Plaintiff was not seeking lost profits.  Yet Plaintiff cannot find a single case holding that a defamation defendant is only entitled to financial records when the plaintiff seeks lost profits.[3]  Nor did the Magistrate Judge cite any case law for this proposition, instead citing a case concerning Plaintiff's burden of proof.   (Doc. No. 162).   Plaintiff can hardly argue that the Magistrate Judge's ruling is not clearly erroneous or contrary to law when the ruling is inconsistent with the Federal Rules of Civil Procedure and established case law, and he cannot find a single case to support the ruling.

Plaintiff's only argument that Magistrate Judge's ruling is proper is that she applied the "compelling need" standard to determine whether Plaintiff should produce his financial records. (Response at p. 19).  This itself demonstrates that the Order is contrary to law, as financial documents other than financial records are determined under the normal "relevance" standard, not the "compelling need" standard some courts apply to tax returns.  Indeed, many of the cases relied on by Plaintiff in his briefing to Judge Setser ordered production of the very types of financial documents Cisco seeks here.

---

[3] Instead, Plaintiff relies on case law that only relates to what the plaintiff must prove, such as *Little Rock Newspaper, Inv. v. Fitzhugh*, 330 Ark, 571, 571 (1997).  Importantly, that case had nothing to do with discovery or the Defendant's right to rebut the Plaintiff's claims.

Specifically, *Barton v. Cascade Regional Blood Services*, 2007 U.S. Dist. LEXIS 59424 at *2 (W.D. Wash., Aug. 6, 2007) (Exhibit D) held that the parties' financial records other than tax returns were discoverable. Similarly, in *Walker v. Rent-A-Center, Inc.*, No. 5:02CV3, 2006 U.S. Dist. LEXIS 72232, at *9 (E.D. Tex., Oct. 3, 2006) (Exhibit E), the court specifically noted that the compelling need requirement did not apply to records other than tax returns. Also, in *Payne v. Howard*, 75 F.R.D. 465, 470 (D.D.C. 1977) the Court ordered production of the Plaintiff's appointment records to show his workload. Not a single one of the cases or statutes cited by Plaintiff applies a "compelling need" requirement to the financial records requested in Cisco's First Request for Production (including balance sheets, income statement and statements of cash flow) other than tax returns. Accordingly, the Order is clearly erroneous or contrary to law.

Moreover, Cisco has a "compelling need" for Plaintiff's tax returns. As set forth in the Motion at pp. 13-14, compelling need is merely a term of art meaning not obtainable elsewhere. Plaintiff must concede (and appears to since he presents no argument on this issue) that Cisco cannot determine without the requested discovery the difference between Plaintiff's income the 3 years before the articles and the 2 years after the articles, which would demonstrate whether his income has progressed in the same or similar fashion as years preceding the articles, or the amount of his income, which is probative of his alleged damaged reputation.

Whether Plaintiff refers to his claim to the jury as one for "harm to his reputation as a lawyer," "harm to his business reputation" or simply "harm to his reputation," he cannot deny that his reputational damage claim is based entirely on his allegation that he lost prospective clients. Indeed, Plaintiff testified that his children are doing "great"

(Exhibit F at 23:5-10) and that nobody outside his professional life has made disparaging comments to him about the Patent Troll Tracker.  (Exhibit F at 88:10-21).

His only alleged evidence of damage to his reputation is testimony from witnesses who claim that they heard from clients that people thought less of Ward, yet even after Magistrate Judge Setser ordered Ward to disclose the clients, Ward has still refused to identify them, claiming that he doesn't know who they are.  (*See* Plaintiff's Disclosure of Information Required by the Court's November 5, 2009 Order, Exhibit B).  Again, smoke and mirrors.

Cisco is clearly entitled to rebut Plaintiff's nebulous claim by showing that Plaintiff's business life since the articles has indeed flourished, that Plaintiff has gained new clients, and that Plaintiff's clients continued to hire him for new matters.  (*See* Motion at pp. 8-14).  This evidence is clearly relevant and thus discoverable.  FED. R. CIV. P. 26(b)(1).  The Magistrate Judge's Order is clearly erroneous or contrary to law because it contradicts the well established case law that defendants are entitled to evidence to rebut plaintiffs' damage claims.  (*See* Motion at pp. 8-14).

Indeed, Ward has tacitly admitted that his financial records were relevant to these claims in briefing on this issue, but insisted that W-2s should be produced under a protective order.  (Docket No. 130 at p. 22).  While Cisco disagrees that W-2s are sufficient because they will not show all of Plaintiff's income as an attorney, Cisco has offered to enter into a Protective Order to address any privacy concerns Plaintiff may have (Docket 151 at p. 8).  Cisco has also offered to narrow the request for financial records to 5 years.

## 2.    Medical Records

Plaintiff also fails to address the case law concerning Request for Production 12 seeking Plaintiff's medical records, which are clearly relevant here where Plaintiff claims that he has suffered mental anguish so severe that no reasonable person could endure it, and where he claims that he suffered from sleeping problems so severe that he had to take medication.  Indeed, Plaintiff admitted in his deposition that he had sleeping problems before the complained-of articles.

> Q.     Your— you just sat through the deposition of your wife, correct?
>
> A.     I did.
>
> Q.     And she said that—that after these Troll Tracker articles that are at issue in this case, she believed that your sleepless—sleep problem—or inability to sleep through the night increased from one to two times a week to three to four times a week.  Is that true?
>
> A.     I had more sleepless nights, I believe, after this... these articles were published, yes.

(Exhibit F at 18:3-15).  Cisco believes Plaintiff's medical records will show that his sleeping problems were not caused by the articles at issue, and Cisco is entitled to this discovery as set forth in the Motion.  Indeed, Plaintiff testified that he spoke with a doctor about his sleeping problems, and has never denied that he did not discuss his sleep problems (or lack thereof) or mental state with other physicians.  Given that Plaintiff has alleged this as an element of damages, Cisco is entitled to discovery on this important issue.

Again, Plaintiff relies on smoke and mirrors and refuses to produce the documents, claiming privacy concerns.  Yet Cisco has offered to enter into a Protective Order that would address Plaintiff's privacy concerns.  The Magistrate's Order is clearly

erroneous or contrary to law because it deprives Cisco of this probative evidence and because it is unsupported by any law, as demonstrated by Plaintiff's failure to cite a single case or to distinguish the cases set forth in the Motion.

**3.      Cisco has not presented "new theories" in its Motion.**

Plaintiff's complaint that Cisco has offered "new theories" in its Motion to Reconsider is unfounded, both legally and factually.  First, the case law Plaintiff relies on was not a motion to reconsider a decision by a magistrate judge, but rather a motion to amend or alter a judgment.  *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988).  Moreover, even if the case applied, it holds only that the Court should not reconsider based on new legal theories or new evidence.  *Id.* at 414.  Neither applies here. Cisco argued the application of Texas law to Judge Setser (see Docket No. 115, 151). (Moreover, as set forth in the Motion, the Motion should be granted whether Texas or Arkansas law applies, though Texas law is the applicable substantive law).  Cisco also offered to agree to a protective order to address Plaintiff's privacy concerns (see Docket No. 151 at p. 8).  Accordingly, Plaintiff has failed to identify any new evidence or legal theories that were not first presented to Magistrate Setser.  The only thing "new" is additional discovery attached to this Reply (Exhibit B) and Judge Setser's new order, which could not have been raised in the Motion because they did not exist at that time.

For these reasons and the reasons set forth in the Motion, the Court should grant the Motion.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: */s/ Charles L. Babcock*
      Charles L. Babcock
      Federal Bar No.: 10982
      Email: cbabcock@jw.com
      Crystal J. Parker
      Federal Bar No.: 621142
      Email: cparker@jw.com
      1401 McKinney
      Suite 1900
      Houston, Texas 77010
      (713) 752-4200
      (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

    This is to certify that on this day December 8, 2009, a true and correct copy of the foregoing was served via ECF upon:

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
***Attorney for Plaintiff John Ward***

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
***Attorney for Plaintiff John Ward***

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
***Attorney for Plaintiff John Ward***

*/s/ Charles L. Babcock*
Charles L. Babcock

5676647v.1 132824/00001