# EXHIBIT "B"

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| Plaintiff | § | |
| | § | C.A. NO. 4:08cv4022 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |
| | § | |
| Defendant | § | |

**PLAINTIFF'S DISCLOSURE OF INFORMATION REQUIRED BY THE COURT'S NOVEMBER 5, 2009 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL RESPONSES TO CISCO'S FIRST SET OF REQUEST FOR PRODUCTION TO PLAINTIFF**

TO:   Cisco Systems, Inc., by and through its attorneys of record, Mr. Charles Babcock, Mr. Richard Griffin and Ms. Crystal Parker, JACKSON WALKER, LLP, 1401 McKinney, Suite 1900, Houston, Texas 77010.

COMES NOW, John Ward, Jr., Plaintiff, and submits these disclosures in compliance with the Court's November 5, 2009 Order granting in part and denying in part Defendant's Motion to Compel Responses to Cisco's First Set of Request for Production.

Respectfully Submitted,

_____
Nicholas H. Patton (SBN: 63035)
Courtney Towle
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)
Email: nickpatton@texarkanalaw.com
Email: ctowle@texarkanalaw.com

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street
Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033
Email: ppeden@pedenlawfirm.com

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on this 16th day of November, 2009, a true and correct copy of the foregoing document was served electronically upon:

| | |
|---|---|
| Richard E. Griffin<br>Charles Babcock<br>Crystal Parker<br>Kurt Schwarz<br>JACKSON WALKER, LLP<br>1401 McKinney<br>Suite 1900<br>Houston, Texas 77010 | Attorneys for Defendant Cisco Systems, Inc. |

_____
Nicholas H. Patton

2

### Requests for Production Nos. 1-3, 8, and 18

Plaintiff has produced all documents he intends to rely on to support the issues identified in the Requests.

Documents available in the public domain include copies of the accused blogs that still exist on the internet (copies of the Troll Tracker Blog posts are available to Defendant as invited readers of the Troll Tracker Blog) and the exhibits admitted at the Albritton trial (Plaintiff has produced those to Cisco).

### Request for Production Nos. 4-5, 9, 11, 17

Upon information and belief, any person who read the accused posts thought less of Plaintiff unless they knew Plaintiff personally and/or where able to determine for themselves that the accusations were false. Plaintiff cannot identify each person who may have thought less of him as a result of the accused articles because people who believed the false statements would have no reason to contact Plaintiff to share their belief. Mr. Frenkel, however, may have documents identifying the Troll Tracker readers and communications concerning the accused posts.

Plaintiff has produced documents (to the extent they have not been produced by Cisco) showing individuals learned of the statements at issue and thought less of plaintiff or decided not to hire him because of the statements. This information is also available through sworn testimony taken in this case.

Readers of the Troll Tracker Blog sent emails to the Troll Tracker stating that the article's use of the word "altered" implied that Ward had engaged in criminal conduct. Plaintiff cannot identify the authors of the emails because Mr. Frenkel claims he cannot find those emails and they have not been produced to Plaintiff.

Mr. Peter McAndrews has knowledge regarding a client of McAndrews, Held & Malloy who thought less of Plaintiff because of the accused articles. This information is included in Mr.

3

Ward's deposition testimony at 80:10-83:18. Mr. Ward does not know the identity of Mr. McAndrews' client. Cisco has taken the deposition of Mr. McAndrews, but that deposition is not yet available to Plaintiff.

Mr. George McAndrews has knowledge regarding persons who read the Troll Tracker Blog and thought less of the ESN lawyers, which would include Mr. Ward. This information is included in Mr. George McAndrews' deposition testimony at 38:3-41:15; 42:23-43:10; 44:16-19; 75:18-78:16; 79:12-80:6; 81:2-7.

Mr. Bob Chiaviello at the law firm of Fulbright & Jaworski has knowledge of persons who thought less of Plaintiff or who did not hire Plaintiff as a result of the accused articles. This information is included in Mr. Ward's deposition at 84:13-85:22. Mr. Ward does not know the identity of Mr. Chiaviello's clients. Mr. Chiaviello's deposition has been taken by Cisco. The relevant information is included in Mr. Chiaviello's deposition at 27:7-17; 58:1-61:25; 64:10-65:2; 67:23-68:7; 68:25-69:18; 76:22-78:6. Mr. Chiaviello has asserted attorney client privilege with respect to the identity of his clients. Cisco has moved to compel Mr. Chiaviello to identify the clients at issue. Plaintiff has no further information to provide until Cisco's pending motion is resolved.

Cisco took the deposition of Mr. Ray Niro, who offered testimony on this issue. Mr. Niro's testimony can be found at 62:19-63:1; 74:1-23.

Other persons have conveyed information to Plaintiff similar to that provided by Mr. McAndrews and Mr. Chiaviello. Mr. Ward has not been given permission from those individuals to discuss their confidential communications with Cisco. *See* Ward Deposition at 86:6-18. Plaintiff understands that he will not be permitted to offer testimony at trial from those undisclosed witnesses. *See id.*

**Request for Production Nos. 13 & 15**

All responsive documents have been either produced or logged on Plaintiff's privilege log.

A number of law firms were apparently involved in communications concerning the filing of the ESN case, which may have included the filing of the complaint or amended complaint. Those third parties may have responsive documents, but Plaintiff cannot identify specific documents in their files. The law firms include:

George McWilliams

Michael Barnes

**Baker Botts**
Kurt Pankratz
Bart Showalter
Jillian Powell (paralegal)
Steve Shortgen
Doug Kubehl
Bryant C. Boren

**McKool Smith, PC**
Garret Chambers
Sam Baxter

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
Victoria Maroulis
Kevin Smith
Charles Verhoeven
Katherine Bennett
Sayuri Sharper
Robert Stone

**Day Pitney, LLP**
Michael Bucci
Sicilian James
Gail Zahner (paralegal)

**Paul Hastings**
Patrick Shea

5

**McCarter**
William O'Shaughnessy

**Weil Gotshal & Manges, LLP**
Edward Reines
Matthew Powers

**Goodwin Procter**
J. Anthony Downs
Lana Shiferman
Byron Cooper
Greg Bishop

Beatrice Ngyuen

Otis Carroll

**Brown & McCarroll**
Calvin Capshaw

**Kirkland & Ellis**
John Desmarais

**Wilmer Hale**
William Lee
David Bassett

**White & Case**
Mark Weinstein
Heidi Keefe

**Haynes & Boone**
David McCombs

**Duane Morris**
L. Norwood ("Woody") Jameson

**Fenwick & West**
Darryl Woo

**Simpson Thatcher**
Harrison ("Buzz") Frahn
Patrick King
Jeff Ostrow

**McDermott Will & Emery, LLP**
Paul Devinsky

**Patterson Sheridan**
Todd Patterson

**Orrick Herrington**
G. Hopkins Guy

**Fish & Richardson**
Kathleen Lutton
Nick Setty

**McAndrews, Held & Malloy. Ltd.**
Peter McAndrews
George McAndrews

**The Albritton Law Firm**
Eric M. Albritton

      The parties in the ESN v. Cisco litigation, ESN, LLC. and Cisco Systems, Inc. likely have documents concerning the filing of the ESN complaint and the filing of the amended complaint. Employees working for those companies also likely have responsive documents. Plaintiff cannot identify specific documents in their files. To the extent that Plaintiff has possession of any of those documents; he has already produced those documents unless they were produced by Defendant.

      The court clerks in the Eastern District of Texas likely have documents in their possession concerning the filing of the ESN complaint and the filing of the amended complaint. Plaintiff cannot identify specific documents in their files. To the extent that Plaintiff has possession of the documents provided by the clerk's office, he has produced those documents to Cisco unless they were produced by Defendant. Other information is publically available on the Court's CM/ECF website.

**Request for Production No. 14:**

All responsive documents have been either produced or logged on Plaintiff's privilege log.

**Request for Production Nos. 23-25**

As set forth in Plaintiff's responses to Cisco's First Set of Interrogatories served on June 29, 2009, Plaintiff spoke at the Eastern District of Texas Bar Conference on October 25 and 26 of 2007 at Moody Gardens, Galveston, Texas on the topic of the local patent rules in the Eastern District of Texas. No written materials were prepared by Plaintiff and therefore he has no responsive documents in his possession. If there are video or electronic copies of the presentation or any written materials, Plaintiff does not have them. If those documents exist, they may be available from The Eastern District of Texas Bar Association, 110 N. College, 500 Plaza Tower, Tyler, TX 75702.

As set forth in Plaintiff's responses to Cisco's First Set of Interrogatories served on June 29, 2009, to the best of Plaintiff's recollection he has not written any articles or been quoted in any publication of any kind in the past five years. Therefore, there are no documents to produce or identify in response to Cisco's Request.