# EXHIBIT "E"

Dockets.Justia.com

LEXSEE

TERRY WALKER, ET AL., Plaintiffs v. RENT-A-CENTER, INC., ET AL., Defendants

No. 5:02CV3

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, TEXARKANA DIVISION

2006 U.S. Dist. LEXIS 72232

October 3, 2006, Filed

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs, a proposed class representative investor and others, brought a class action under Fed. R. Civ. P. 23 against defendants, a corporation and others, alleging violations of the Securities Act of 1933 and other claims. Pending before the court was defendants' third motion to compel the investor to make a full and complete production of documents pursuant to a request for production under Fed. R. Civ. P. 26(b)(1) and E.D. Tex. R. CV-26(d).

**OVERVIEW:** Defendants requested certain tax returns, financial statements, and investment history of the investor. The court granted the motion to compel in part but only as to the investment history. The court was not convinced that the investor's tax returns were relevant to the claims or defenses involved in the case. Defendants failed to articulate why it was necessary to gain access to the tax returns to test the investor's standing. Further, even if the court assumed relevance, defendants failed to show the compelling need required for discovery of the investor's federal and state tax returns due to the fact that the documents would provide no relevant information that had not already been provided to defendants through the investor's testimony or other less sensitive sources. Even though defendants were not required to show a compelling need for financial statements, the court was not convinced that the financial statements prepared in the year 2001 were relevant to the claims or defenses. The court did find that the requested information regarding the investor's investment history was relevant to see whether or not other non-offering sales also had a "prospectus" notation.

**OUTCOME:** The court granted defendants' third motion to compel as to the investment history of the investor but denied the motion as to the investor's tax returns and financial statements.

**CORE TERMS:** tax returns, discovery, financial information, public offering, financial status, financial statements, disclosure, offering, responsive, class representative, requested information, compelling need, summary judgment, lawsuit, stock, citation omitted, typicality, privacy, wealth, federal income, date of entry, confirmation, stockbrokers, prospectus, compelled, convinced, monthly, newly

**LexisNexis(R) Headnotes**

*Civil Procedure > Discovery > Disclosures > General Overview*
*Civil Procedure > Discovery > Relevance*
*Civil Procedure > Discovery > Undue Burdens*
[HN1]Fed. R. Civ. P. 26(b)(1) provides parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii). Specifically, Rule 26(b)(2)(iii) allows the court to limit discovery if the burden or expense of the proposed discovery outweighs the likely benefits of the discovery, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Page 1

2006 U.S. Dist. LEXIS 72232, *

*Civil Procedure > Discovery > Disclosures > General Overview*
*Civil Procedure > Discovery > Relevance*

[HN2]E.D. Tex. R. CV-26(d) provides guidance in evaluating whether a particular piece of information is relevant to the claim or defense of any party. Rule 26(d) provides, in pertinent part, as follows: (1) information is relevant if it is information likely to have an influence on or affect the outcome of a claims or defense; (2) information is relevant if it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and (3) information is relevant if it is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense.

*Civil Procedure > Discovery > Disclosures > General Overview*
*Civil Procedure > Discovery > Relevance*
*Civil Procedure > Discovery > Undue Burdens*
*Tax Law > Federal Tax Administration & Procedure > Audits & Investigations > Disclosure of Information (IRC secs. 6103-6104, 6108-6110, 6713, 7213, 7216, 7431, 7435) > General Overview*

[HN3]The United States Court of Appeals for the Fifth Circuit has stated that income tax returns are highly sensitive documents; courts are reluctant to order their routine disclosure as a part of discovery. Further, not only are the taxpayer's privacy concerns at stake, but unanticipated disclosure also threatens the effective administration of our federal tax laws given the self-reporting, self-assessing character of the income tax system. For a court to order disclosure of tax returns, the court must find both that the returns are relevant to the subject matter of the action, and that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable. Upon a showing of relevance and need, a party's tax returns may be discovered.

*Civil Procedure > Discovery > Disclosures > General Overview*
*Civil Procedure > Discovery > Relevance*
*Tax Law > Federal Tax Administration & Procedure > Audits & Investigations > Disclosure of Information (IRC secs. 6103-6104, 6108-6110, 6713, 7213, 7216, 7431, 7435) > General Overview*

[HN4]Discovery related to salary information does not run the same risk of errant disclosure of irrelevant private information that applies when a party seeks production of tax returns.

COUNSEL: [*1] For Terry Walker, Individually and on behalf of all others similarly situated, Plaintiff: Bradley Earl Beckworth, Jeffrey John Angelovich, Nix Patterson & Roach - Daingerfield, Daingerfield, TX; Richard Andrew Adams, Patton Roberts McWilliams & Capshaw, Texarkana, TX; Brian C Kerr, Milberg Weiss Bershad & Schulman - New York, New York, NY; Sean Fletcher Rommel, Richard Andrew Adams, Patton Roberts McWilliams & Capshaw, Texarkana, TX.

For Joan C Comeau, Elizabeth Bergbower, Mark Rice, Brad Bulloch, Plaintiffs: Jeffrey John Angelovich, Bradley Earl Beckworth, Nix Patterson & Roach - Daingerfield, Daingerfield, TX; Richard Andrew Adams, George L McWilliams, Sean Fletcher Rommel, Patton Roberts McWilliams & Capshaw, Texarkana, TX; Brian C Kerr, Milberg Weiss Bershad & Schulman - New York, New York, NY.

For Chaim Klein, Consol Plaintiff: Thomas Emerson Bilek, Hoeffner & Bilek, LLP, Houston, TX.

For John Farrar, Consol Plaintiff: Richard Andrew Adams, Sean Fletcher Rommel, George L McWilliams, Patton Roberts McWilliams & Capshaw, Texarkana, TX.

For Mitchell E Fadel, Robert D Davis, Mark E Speese, Defendants: Anne Marie Rodgers, Fulbright & Jaworski - Houston, Houston, [*2] TX.

For Michael Craig Talley, Independent Co-Executors of the Estate of J Ernest Talley, Mark Andrew Talley, Co-Executor of the Estate of J Ernest Talley, Matthew Talley, Co-Executor of the Estate of J Ernest Talley, Defendants: Anne Marie Rodgers, Fulbright & Jaworski - Houston, Houston, TX; Darryl Wade Anderson, Fulbright & Jaworski - Houston, Houston, TX; Frank G Jones, Fulbright & Jaworski L.L.P. - Houston, Houston, TX; Nicholas H Patton, Patton & Tidwell, Texarkana, TX.

For Rent-A-Center, Inc., Defendant: Anne Marie Rodgers, Fulbright & Jaworski - Houston, Houston, TX; Darryl Wade Anderson, Fulbright & Jaworski - Houston, Houston, TX.

For Rent-A-Center, Inc., Consol Defendant: Anne Marie Rodgers, Fulbright & Jaworski - Houston, Houston, TX; Nicholas H Patton, Patton & Tidwell, Texarkana, TX.

For J Ernest Talley, Laurence M Berg, Peter P Copses, J.V. Lentell, Consol Defendants: Nicholas H Patton, Patton & Tidwell, Texarkana, TX.

For Mitchell E Fadel, Robert D Davis, Mark E Speese, Consol Defendants: Anne Marie Rodgers, Fulbright & Jaworski - Houston, Houston, TX; Darryl Wade Anderson, Fulbright & Jaworski - Houston, Houston, TX; Nicholas H Patton, Patton [*3] & Tidwell, Texarkana, TX.

For Lehman Brothers Holding, Inc., Defendant: Damon Michael Young, Young Pickett & Lee, Texarkana, TX; Martine M Beamon, Michael P Carroll, Davis Polk & Wardwell, New York, NY.

For Morgan Stanley Dean Witter Co, Bear, Stearns, Co, Robinson Humphrey Co, Consol Defendants: Damon Michael Young, Young Pickett & Lee, Texarkana, TX; Martine M Beamon, Michael P Carroll, Davis Polk & Wardwell, New York, NY.

**JUDGES:** CAROLINE CRAVEN, JUDGE.

**OPINION BY:** Caroline M. Craven

**OPINION**

**ORDER**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, Defendants' Third Motion to Compel (Docket Entry # 166) was referred to the Honorable Caroline M. Craven for the purposes of hearing and determining said motion. The Court, having reviewed the relevant briefing, is of the opinion Defendants' motion should be **GRANTED IN PART and DENIED IN PART.**

**I.**

**DEFENDANTS' THIRD MOTION TO COMPEL**

In their third motion to compel, RAC, Michael Craig Talley, Mark Andrew Talley, and Matthew Talley, as Independent Co-Executors of the Estate [*4] of J. Ernest Talley, Mitchell E. Fadel, Robert D. Davis, and Mark E. Speese (collectively "Defendants") move the Court to compel proposed class representative, Elizabeth Bergbower ("Bergbower"), to make a full and complete production in response to Requests for Production Nos. 8, 12, 13, and 15 and that her objections to those requests be overruled. According to Defendants, in response to the requests for production, Bergbower produced fourteen pages of documents and refused to provide any details about her investment history, her other investments besides RAC, and her financial status. Defendants assert, the requested discovery is relevant and not protected by financial privacy

**II.**

**APPLICABLE LAW**

[HN1]FED. R. CIV. P. 26(b)(1) provides parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii). Specifically, Rule 26(b)(2)(iii) allows the Court to limit discovery if the burden or expense of the proposed discovery outweighs the likely benefits of the discovery, taking into account the [*5] needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

[HN2]Local Rule CV-26(d) provides guidance in evaluating whether a particular piece of information is "relevant to the claim or defense of any party." Rule 26(d) provides, in pertinent part, as follows: (1) information is relevant if it is information likely to have an influence on or affect the outcome of a claims or defense; (2) information is relevant if it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and (3) information is relevant if it is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense.

**III.**

**DISCUSSION**

Defendants seek an Order from the Court compelling Bergbower to produce the following: (1) all federal and state income tax returns of lead plaintiff and proposed class representative Elizabeth Bergbower from January 1, 2001, to the present (Req. 8); (2) all financial statements of Bergbower prepared in 2001 (Req. 12); (3) Schedule [*6] Ds of Bergbower's federal income tax returns from 1999 to the present (Req. 13); (4) and monthly statements from Bergbower's stockbrokers from January 1, 2001, to December 31, 2001 (Req. 15).

Defendants assert Bergbower has placed documents concerning her financial status at issue in this case, and fundamental fairness bars a party from selectively relying on information to support a pleading and then denying the opposing party the opportunity to explore that information. Defendants state Bergbower, in her response to Defendants' Motion for Partial Summary Judgment on 1933 Act Claims, relied on certain financial information, namely account information that was pre-

2006 U.S. Dist. LEXIS 72232, *

viously produced in redacted form and a trade confirmation sheet. Defendants point to the following assertions contained in 'Bergbower's response: "Ms. Bergbower is a long-time, high asset client of Morgan Stanley;" (Response at 2); It is a "fundamental maxim that underwriters normally first offer to sell securities from their allotment in an offering to longterm high value customers such as Ms. Bergbower;" (*id.* at 8); and "[Ms. Bergbower] also is a wealthy woman with several million dollars on account with Morgan Stanley. [*7] " (*Id.*). Relying on these assertions, Defendants maintain Bergbower has placed her financial information at issue in this case, and she should be ordered to produced responsive documents. The Court will first consider whether Bergbower should be compelled to produce her income tax returns. The Court will then determine whether she should be compelled to produce the other requested financial information.

### A. Tax Returns (Request Nos. 8 and 13)

[HN3]The Fifth Circuit has stated, "[i]ncome tax returns are highly sensitive documents; courts are reluctant to order their routine disclosure as a part of discovery." *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc., 2 F.3d 1397, 1411 (5th Cir. 1993)*(citation omitted). Further, "[n]ot only are the taxpayer's privacy concerns at stake, but unanticipated disclosure also threatens the effective administration of our federal tax laws given the self-reporting, self-assessing character of the income tax system." *Id.* (citation omitted). For a court to order disclosure of tax returns, the court must find both "that the returns are relevant to the subject matter of the action," and "that there is a compelling [*8] need for the returns because the information contained therein is not otherwise readily obtainable." *Mohnot v. Bhansali, 2001 U.S. Dist. LEXIS 6815, at 2, 2001 WL 515242 at *1 (E.D. La. 2001)*(citation and internal quotation marks omitted). "[U]pon a showing of relevance and need, a party's tax returns may be discovered." *Credit Cheque Corp. v. Zerman, 1998 U.S. Dist. LEXIS 165, at 3, 1998 WL 7123, at *1 (N.D. Tex. Jan. 7, 1998)*(upholding a Magistrate Judge's decision to order production of tax returns, and noting protective order ensured protection of confidential information in tax returns).

Here, the Court is not convinced Bergbower's tax returns are relevant to the claims or defenses involved in this case. First, Defendants fail to articulate why it is necessary for them to gain access to Bergbower's tax returns to test Bergbower's standing. Rather, they make the assertion that Plaintiffs have placed Bergbower's financial status in issue, and so it is "now plainly relevant to this case." Defendants's mot. at pg. 8.

In their reply, Defendants assert they seek Bergbower's financial information to respond to and rebut her separate and independent argument that her personal wealth makes her the type of person Morgan [*9] Stanley would likely approach if they had shares from a public offering to sell. Even if the Court were to assume the requested information is relevant, as urged by Defendants, Defendants have failed to show a "compelling need for the returns." Bergbower's federal and state tax returns and the Schedule Ds of her federal income tax returns will provide no relevant information that has not already been provided to Defendants through Bergbower's testimony or other less-sensitive sources. The portion of Defendants' motion to compel regarding Request for Production Nos. 8 and 13 is **DENIED**.

### B. Financial Statements of Bergbower Prepared in 2001 (Request No. 12)

Plaintiffs do not cite case law extending the "compelling need" requirement imposed by some courts to financial documents other than tax returns. Therefore, the Court will not impose on Defendants such a requirement with regard to its request for "financial statements of Bergbower prepared in 2001." See *Merrill v. Waffle House, Inc., 227 F.R.D. 475, 478 (N.D. Tex. 2005)*([HN4]discovery related to salary information "does not run the same risk of errant disclosure of irrelevant private information that applies [*10] when a party seeks production of tax returns"). Defendants must establish the requested information is relevant to the claims or defenses involved in this lawsuit.

Defendants assert Plaintiffs have placed Bergbower's financial information at issue in this case. Defendants further assert the information is relevant to Bergbower's separate and independent argument that her personal wealth makes her the type of person Morgan Stanley would likely approach if they had shares from a public offering to sell. On the other hand, Plaintiffs argue they have not made Bergbower's financial status an issue. According to Plaintiffs, the only financial information they referenced in their summary judgment response was an account information report for Bergbower that was generated by her broker, Morgan Stanley; the report lists certain stock transactions made by Bergbower, including all of her transactions in RAC shares. Plaintiffs state they cited to the report merely to respond to Defendants' attack on Bergbower's standing to bring her 1933 Act claims, which is based on their contention that Bergbower did not purchase her Rent-A-Center shares in the May 2001 Secondary Offering. According to Plaintiffs, [*11] the report demonstrates that Bergbower did not pay a commission on her purchase of RAC shares, just as she did not pay a commission on her purchase in the initial public offering of shares of Royal Bank of Scotland. Plaintiffs state they were making the point that, as stated by the court in *Kirkwood v. Taylor, 590 F.Supp. 1375,*

1378 (D. Minn. 1984), the lack of commission on a purchase of stock indicates that the purchase was made pursuant to an offering.

The Court is not convinced Bergbower's financial statements prepared in the year 2001 are relevant to the claims or defenses involved in this lawsuit. This portion of Defendants' motion is **DENIED**.

### C. Investment History (Request No. 15)

In Request No. 15, Defendants seek Bergbower's monthly statements from her stockbrokers from January 1, 2001, to December 31, 2001. Defendants assert Plaintiff's investment history is relevant because she has argued that other trades she has made (in particular, a 2005 trade) demonstrate that she purchased newly issued RAC shares in the public offering. Defendants contend Bergbower characterized this non-RAC investment as "critical" and explicitly argued that the [*12] 2005 non-RAC trade "provides . . . evidence" about whether her RAC investment did (or did not) involve the purchase of newly issued shares in the offering.

In support of this portion of their motion, Defendants rely on the following cases. *In re ML-Lee Acquisition Fund II, L.P. and ML-Lee Acquisition Fund (Retirement Accounts) II, L.P. Sec. Litig.*, 149 F.R.D. 506, 508 (D. Del. 1993)("[D]ocuments pertaining to the Plaintiffs' investment history are relevant to the Court's determination of whether Plaintiffs satisfy the typicality requirement of Fed. R. Civ. P. 23(a)(3)."); *Elster v. Alexander*, 74 F.R.D. 503, 505 (N.D. Ga. 1976)("[I]n light of defendants' allegations regarding strike suit, inadequate class representation, and absence of claims which are typical of the class, the Court finds that the information respecting plaintiffs' ownership of other securities, is best deemed relevant and discoverable."); *Goldman v. Alhadeff*, No. C89-1061R, 1990 U.S. Dist. LEXIS 11808, at *7 (W.D. Wash. 1990)("Inquiry into the plaintiffs' past training, financial dealings and securities litigation is necessary [*13] for defendants to explore the adequacy of class representation.").

Plaintiffs assert Defendants did not challenge Bergbower as a class representative on the issue of typicality due to the "sophisticated investor" defense as was the case in *In re ML-Lee Acquisition Fund II, L.P. and ML-Lee Acquisition Fund (Retirement Accounts) II, L.P. Sec. Litig.*, 149 F.R.D. 506, 508 (D. Del. 1993) and *Goldman v. Alhadeff*, No. C89-1061R, 1990 U.S. Dist. LEXIS 11808, at *7 (W.D. Wash.1990). Plaintiffs further assert Defendants did not challenge Bergbower on the issue of whether she was a "professional plaintiff" whose sole purpose was to bring a "strike suit" as was the case in *In re ML-Lee and Elster v. Alexander*, 74 F.R.D. 503, 505 (N.D. Ga. 1976). Finally, Plaintiffs assert Defendants did not challenge Bergbower on the issue of whether she had the financial ability to "vigorously prosecute the action" as was also the case in *Elster*.

Without relying on the aforementioned cases, the Court finds the requested information about Bergbower's investment history is relevant to this lawsuit. In response to Defendants' motion for summary judgment, [*14] Bergbower relied upon a Confirmation Slip, produced by Morgan Stanley to Plaintiffs on June 7, 2006 and which, according to Plaintiffs, clearly shows that Bergbower's purchase of RAC common stock was made pursuant to a prospectus. As urged by Defendants, they are entitled to examine Bergbower's other share purchases to see whether or not other non-offering sales also have a "prospectus" notation and whether or not it is true that she only purchases without paying a commission when the shares purchased are part of a public offering.

Defendants' motion to compel the production of documents responsive to Request for Production No. 15 is **GRANTED**. To the extent they have not already done so, within twenty days from the date of entry of this Order, Plaintiffs shall produce to Defendants documents responsive to Request for Production No. 15. Based on the foregoing, it is

**ORDERED** that Defendants' Third Motion to Compel (Docket Entry # 166) is hereby **GRANTED IN PART and DENIED IN PART**. It is further

**ORDERED** that within twenty days from the date of entry of this Order, Plaintiffs shall produce to Defendants documents responsive to Request for Production No. 15.

JUDGE

[*15]   CAROLINE CRAVEN