IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| Plaintiff | § | No. 4:08cv4022 |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |
| | § | |
| Defendant | § | |

**PLAINTIFF WARD'S MOTION FOR PROTECTION FROM
DEFENDANT CISCO SYSTEM, INC.'S THIRD REQUEST
FOR PRODUCTION AND "THIRD" REQUEST
FOR ADMISSION AND BRIEF IN SUPPORT**

**TABLE OF CONTENTS**

Page(s)

I.   INTRODUCTION ..........................................................................................................1

II.  FACTS ..........................................................................................................................2

    A.  Background ...........................................................................................................2

    B.  Cisco's "Third" Request for Admissions..............................................................3

    C.  Cisco's Third Set of Document Requests ............................................................5

III. ARGUMENT .................................................................................................................7

    A.  Cisco's Third Sets of Requests are Cumulative and/or Redundant
        of Prior Requests, Including Those Raised to the Court and Ruled
        Upon and of Topics Ward Testified to in Deposition................................................. 8

        (i)   Ward was Deposed on Every Topic in Cisco's RFAs,
               Rendering Cisco's RFAs Cumulative and Redundant......................................8

        (ii)  More Than Half of Cisco's Production Requests are Cumulative
               and Redundant of Previous Requests, Including Those
               Ruled on by the Court ................................................................................. 9

    B.  Cisco's Third Sets of Requests Are Abusive and Improper
        As They Seek Protected Information..............................................................11

    C.  Responding to Cisco's Third Sets of Requests Imposes
        An Undue Burden and Needless Expense on Ward.......................................13

    D.  Having Had A Year And A Half To Seek Discovery On The
        Topics Raised In Its Third Sets of Document Requests,
        Cisco's Bid For Expansive Discovery Three Months Before
        Trial Comes Too Late And Is Made in Bad Faith .........................................14

IV.  CONCLUSION ............................................................................................................15

## TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Banos v. City of Chicago,*
    398 F.3d 889 (7th Cir. 2005) ...................................................................................8

*Continental Illinois Nat. Bank & Trust Co. of Chicago v. Caton*
    136 F.R.D. 682 (D. Kan.1991)..................................................................................7

*Griffis v. Medford,* Civil No. 05-3040,
    2007 WL 1876373 (W.D. Ark. June 28, 2007) .................................................7, 10

*Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.,*
    2007 WL 3171768 (D.Kan.,2007) .....................................................................8, 11

*Hickman v. Taylor,*
    329 U.S. 495 (1947)..................................................................................................7

*Joseph L. v. Connecticut Dept. of Children and Families,*
    225 F.R.D. 400 (D.Conn. 2005)..............................................................................13

*Lakeland Partners, L.L.C. v. U.S.,*
    88 Fed. Cl. 124 (Fed. Cl.,2009) ..........................................................................9, 12

*Northwestern Memorial Hosp. v. Ashcroft.*
    362 F.3d 923 (7th Cir. 2004) .................................................................................12

*U.S. v. Medtronic, Inc.*
    2000 WL 1478476 (D.Kan.) (D.Kan. 2000).............................................................7

*U.S. ex rel. Stewart v. Louisiana Clinic,*
    2003 WL 21283944 (E.D.La. 2003) .......................................................................11

*U.S. v. Schiefen,*
    926 F.Supp. 877 (D.S.D.,1995) ..............................................................................13

**OTHER AUTHORITIES:**

Fed. R. Civ. P. 26....................................................................................................15

TO THE HONORABLE DISTRICT COURT JUDGE:

Comes now, Plaintiff John Ward, Jr., ("Ward") and files this motion for protection from Defendant Cisco Systems Inc.'s ("Cisco") Third Request for Production and "Third" Request for Admissions.[1]

## I.   INTRODUCTION

Three months before trial, and a day after losing out on discovery it moved to compel, Cisco propounded two sets of written discovery on Ward.  Each request in Cisco's "third" requests for admission retreads on topics raised in Ward's deposition and adds to Cisco's already voluminous requests — now topping 260 — to an individual party.

Cisco's third document requests target outright protected and irrelevant information, ask for documents cumulative or duplicative of those previously requested, and reintroduce discovery topics already ruled on by the Court the day before Cisco served the requests.  Its requests are an apparent knee-jerk reaction to that very ruling.  Its last ditch effort to pursue discovery it left languishing and then was denied, Cisco aims to simultaneously overwhelm Ward with laborious busy work and redeem its poor discovery efforts.

But Cisco's requests also seek discovery clearly outside the scope of this litigation, asking for document discovery from another of Ward's counsels' cases: *"Produce all communications between Patricia Peden and/or Nick Patton and James Holmes regarding the production of privileged documents in the Albritton v. Cisco case."*  Request no. 34 (emphasis added).  Cisco's request no. 33 fares no better:  *"Produce all documents demonstrating when Nick Patton first began giving legal advice or participating in work product to or on behalf of Eric Albritton in the Eric Abritton v. Cisco lawsuit in the Eastern District of Texas."* (emphasis added).  Cisco asks Ward for production of documents reflecting communications by and between his attorneys concerning privileged documents in a different case with a different client.

---

[1] Though Cisco titled its Request for Admission as its "Third" set, it earlier propounded three sets of Requests for Admission making its November 5, 2009 set its fourth.  To avoid confusion, it will be addressed in this motion as Cisco's "Third" set of Requests for Admission.

1

The host of issues raised this request and others like it — from privilege to possession to relevance — stem from its being so egregiously beyond the scope of proper discovery that to address such requests is to submit to Cisco's improper and abusive discovery tactics.

Cisco's third sets of discovery have crossed the line into abuse and harassment. Particularly at this phase in the case, responding to its latest round of discovery would be oppressive and impose an undue burden and needless expense on Ward. Much of the discovery requested is cumulative or redundant of prior requests — including those raised to the Court by Cisco and ruled upon — or of topics raised in Ward's deposition. Because there is good cause, Ward moves for protective order from Cisco's third sets of written discovery.

## II.   FACTS

*A. Background*

Briefly, Ward is suing Cisco for defamation and related causes of action stemming from publications on the internet blog www.trolltracker.blogspot.com. In October 2007, then Cisco in-house counsel Richard Frenkel anonymously published entries on the blog accusing Ward of criminal and unethical conduct in connection with filing ESN's complaint in a lawsuit against Cisco. When Ward learned Frenkel's identity, he filed this lawsuit in March 2008. The case is set for trial on February 8, 2010.

Building its defense, Cisco has availed itself of the usual discovery tools: depositions, interrogatories, document request, and requests for admission. Cisco deposed Ward on August 10, 2009 with its lead counsel, Charles "Chip" Babcock at the helm. Ward testified about his background, reaction to the accused blog postings, sleepless nights, damages claims, etc. Babcock, noting he had no further questions, ended Ward's deposition after less than four hours. Exh. A (8/10/09 Ward Depo. at 141).

This year, Cisco propounded three sets of production requests and four sets of admissions requests. The chronology of Cisco's admissions requests is as follows: 3/30/09 First Set of RFAs (nos. 1-23); 5/10/09 Second Set of RFAs (nos. 1-76); 10/12/09 "Second" Set of RFAs (nos. 1-152); and 11/05/09 "Third" Set of RFAs (nos. 1-9). The chronology of Cisco's document

requests is as follows: 3/30/09 First Request (nos. 1-26); 9/24/09 Second Request (nos. 1-3); and 11/5/09 Third Request (nos. 1-34). Ward seeks protection from Cisco's third sets of production requests and RFAs (collectively "third sets of requests").[2]

Significantly, Cisco propounded its third sets of requests the day after this Court granted-in-part and denied-in-part an omnibus motion to compel documents. On September 11, 2009, Cisco filed a motion to compel documents in response to its first set of document requests for production. Dkt. No. 101. The requests spanned a number of topics, including documents relating to Ward's damages, medical treatment, and client lists. *Id.* Plaintiff opposed and the parties completed briefing.

Cisco's motion came for hearing on November 4, 2009. Dkt. No. 137. After nearly an hour and a half of argument, the Court orally granted-in-part and denied-in-part Cisco's requests. *Id.* A written order issued on November 5, 2009. Dkt. No. 138.[3] That same day, November 5, 2009, Cisco propounded its Third Request for Admissions and its Third Request for Production, the discovery from which Ward now seeks protection. Exh. B and Exh. C. Importantly, the Court specifically ruled on discovery of damages related documents, ruling that Ward must produce certain documents but that he did not have to produce others, and specifically denying Cisco access to Ward's medical records. Dkt. No. 138 at 2-3.

B. *Cisco's "Third" Request for Admissions*

In responding to Cisco's "Second" set of RFAs, Ward answered a total of 251 requests from Cisco. Exh. F (11/16/09 Ward's Objections and Responses to Cisco's Third Set of RFAs). Noting that Rule 36 does not limit the number of Requests for Admission that can be served, Ward stated that he considered Cisco's voluminous requests abusive under Rule 26:

> Plaintiff objects that Defendant's [Third Set of ] 152 Requests for Admission are designed to annoy, oppress and harass Plaintiff and to subject Plaintiff to undue burden and expense. The Requests seek information that is not relevant to the

---

[2] Ward specifically excludes from its motion document request nos. 18-19 and 28 and will respond to these requests at the appropriate time.

[3] Cisco, apparently disappointed with the Court's ruling, simultaneously moved for reconsideration before both Judge Hendren and Judge Setser. Dkt. Nos. 150 and 151. Judge Setser has denied the motion addressed to her. Dkt. No. 162.

>   issues in this case. The Requests are also unreasonably cumulative in seeking information for which Cisco has taken ample discovery, both written and via deposition testimony. Moreover, the Requests are unnecessary as the information sought is a matter of public record and the documents attached to these Requests are self-authenticating. Thus, Defendant's discovery, both in quantity and quality, is burdensome unreasonable and oppressive. Plaintiff objects that the burden and expense of responding to Defendant's cumulative and unnecessary discovery outweighs its likely benefit. Plaintiff will respond to Cisco's discovery but will object to any further discovery duplicative of these issues.

*Id.* at 1. Instead of taking Ward's position seriously, Cisco pressed on with another round of RFAs.

Every request in Cisco's "third" set of RFAs calls for information already covered, or that could have been covered, in Ward's deposition. For example, request no. 2 asks: "Admit that you consulted with a medical professional (including but not limited to mental health professionals) concerning sleeping problems you experienced before October 17, 2007." During his deposition, Ward and Cisco's Counsel discussed Ward's sleeping patterns, both before and after the October 17, 2007 blog posts:

>   A.   I've got a friend who's an ER doctor, and I said: I'm not sleeping. And I didn't attribute it to -- it to anything but I'm having trouble sleeping. He said: Try taking Tylenol PM before you get to something harder.
>
>   Q.   What's the name of the doctor?
>
>   A.   Brian Mendenhall, a good friend of mine, ER doctor.

Exh. A (8/10/09 Ward Depo. at 19:22-20:5). Cisco had every opportunity during the deposition to explore this topic more thoroughly. This request also overlaps with Cisco's earlier request no. 75 in its second set of requests: Admit that you have sought no medical or psychological treatment for your alleged mental anguish. Ward responded to this request long before his deposition and before Cisco propounded its present requests. Exh. G at 20 (6/15/09 Ward's Objections and Responses to Defendant's Second Request for Admissions). This topic was also addressed by the Court when it considered Cisco's motion to compel. In its Order, the Court stated that Cisco was not entitled to Ward's medical records as "plaintiff concedes that he did not seek medical treatment for his alleged mental anguish." Dkt. No. 138 at 2.

4

Elsewhere in its requests, Cisco is clearly re-exploring topics it grilled Ward on during his deposition. Request no. 1 asks "Admit that the 'Date Filed' column on the docket for the original complaint [sic] ESN v. Cisco lawsuit was changed from 10/15/2007 to 10/16/2007." Ward testified about this in his deposition Exh. A (8/10/09 Ward Depo. at 66:12-24). This topic is redundant when compared to Cisco's request no. 11 in its second set of RFAs: "Admit that a clerk for the United States District Court for the Eastern District of Texas altered the date in the 'Date Filed' column of the docket of the ESN Texas Case from 10/15/2007 to 10/16/2007." Similarly, requests nos. 7 and 8 ask Ward to admit what damages claims he is pursuing in this case. Cisco asked Ward about this at his deposition (Exh. A (8/10/09 Ward Depo. at 86:22-87:1; *see* 115:21-116:3)), Ward's counsel has gone on the record about this (Dkt. No. 162 at 2-3), and this Court has recognized Ward's damages claim (Dkt. No. 162 at 3-4). Ward attaches hereto as Exhibit E a spreadsheet detailing Cisco's admission requests and where in Ward's deposition those topics were already covered.

C.  *Cisco's Third Set of Document Requests*

Cisco's third set of document requests again seek many of the same categories of documents already considered and ruled on by the Court. For example, request no. 6 asks for documents "showing the number of **new clients** in your law practice for the years 2005, 2006, 2007, 2008 and 2009." (emphasis added). But Cisco, in its first set of document requests, no. 17, asked for documents "relating to all of Plaintiff's **new matters or clients** since October 16, 2007." (emphasis added). And, Cisco having raised this request in its motion to compel, the Court ruled on it: "[P]laintiff shall not be required to produce any documents relating to **new matters or clients** since October 16, 2007." Dkt. No. 38 at 2 (emphasis added). Request nos. 5-8, 20 and 29 are all nearly identical to earlier damages related requests and were considered and ruled, at least categorically, by the Court. Request nos. 1-3, also seek discovery on topics Cisco raised in its motion to this Court. Attached hereto as Exhibit D-1, Ward sets forth Cisco's third set of document requests along with a comparison to earlier requests, motion practice, and this Court's rulings.

5

Cisco's request no. 8 asks for "documents relating to communication with" a doctor "regarding the Patent Troll Tracker, the ESN v. Cisco lawsuit or the Second ESN v. Cisco lawsuit, your emotional distress or mental anguish, and your alleged sleeping problems from 2006 to the present." Cisco earlier asked for Ward's medical records directly, in its first set of requests no. 12. But, when Cisco moved to compel this sensitive information, the Court ruled it was off limits: "As to Request for Production No. 12, plaintiff shall not be required to produce a medical authorization for his medical records, as plaintiff concedes that he did not seek medical treatment for his alleged mental anguish." Dkt. No.138 at 2. Trying to get in through the back door, Cisco now asks Ward to himself produce medical information.

Cisco's third set of document requests also directly asks for categories of documents protected by privilege and/or the work product doctrine. For example, request no. 10 calls for "*all communication between you and your attorneys* in the above-captioned case concerning the Second ESN v. Cisco lawsuit, *including* but not limited *communication regarding privilege issues* in the above-captioned case." Many requests acknowledge that they are directed at discovering protected documents, an issue Cisco tries to circumvent by stating that "Cisco agrees that any privileged portions of the responsive documents may be redacted" or "[t] o the extent the documents contain the identity or privileged information, Defendant agrees that that information may be redacted". Request nos. 31-33 and 6-7.

Other of Cisco's requests take aim at discovery of irrelevant and inflammatory topics, in addition to requesting protected documents that are outside of Ward's control. For example, in request no. 32, Cisco asks for: "[A]ll documents demonstrating *when Patricia Peden first began giving legal advice or participating in work product to or on behalf of Eric Albritton in the Eric Abritton v. Cisco* lawsuit in the Eastern District of Texas. Cisco's request nos. 31 and 33 follow suit. Ward's Exhibit D-1 details Cisco's requests, setting forth which requests seek documents protected by privilege and/or work product as well as requests aimed at irrelevant and inappropriate information.

6

### III.  ARGUMENT

Though the Federal Rules of Civil Procedure allow for broad discovery, discovery is not meant to be either limitless or endless.  *See Griffis v. Medford,* Civil No. 05-3040, 2007 WL 1876373 *2 (W.D. Ark. June 28, 2007).  Courts must limit otherwise allowable discovery where:

- the discovery sought is unreasonably cumulative or duplicative or can be sought from a less burdensome or less expensive source;
- the party seeking discovery had ample opportunity to obtain the information by discovery in the action;
- or the burden of the discovery sought outweighs its likely benefit.

Rule 26 (b)(2)(c)(i)-(iii).  Cisco's third sets of production requests and RFAs fit into each of these categories.

The proper remedy is to seek a protective order when a party objects to the opposing party's manner of conducting discovery.  *Griffis v. Medford,* Civil No. 05-3040, 2007 WL 1876373 *2-3 (W.D. Ark. June 28, 2007)(citations omitted).  Upon a showing of good cause, this Court may issue a protective order forbidding discovery when it would subject a party from annoyance, embarrassment, oppression, or undue burden or expense.  Federal Rule 26(c)(1).  Because each of the challenged discovery requests is harassing, abusive, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly burdensome, or aimed at driving up litigation expenses, Ward can demonstrate good cause for protection. *Continental Ill. Nat. Bank & Trust Co. of Chicago v. Caton* 136 F.R.D. 682, 685 (D. Kan.1991).

In addition to deciding whether to enter a protective order under Rule 26(c), this court has a duty to prevent discovery abuse on its own initiative.  *U.S. v. Medtronic, Inc.* 2000 WL 1478476, 1 (D.Kan.) (D.Kan. 2000)(citations omitted). While discovery rules are accorded broad and liberal treatment, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Id. citing Hickman v. Taylor,* 329 U.S. 495, 507 (1947).

A.  *Cisco's Third Sets of Requests Are cumulative and/or Duplicative of Prior Requests, Including Those Raised to the Court by Cisco and Ruled Upon and of Topics Ward Testified to in Deposition*

   (i)  Ward was Deposed on Every Topic in Cisco's RFAs, Rendering Cisco's RFAs Cumulative and Redundant

In his deposition, Cisco asked Ward about his claims for damages including mental anguish, about his sleeping patterns, about who he had consulted in this regard, about the filing of original complaint in the ESN v. Cisco lawsuit, and about his connection to Arkansas in addition to other topics. Exh. A (810/09 Ward deposition, collection of excerpts). Ward was never instructed not to answer these questions. Cisco ended the deposition with more than three hours on the clock. Cisco had a full opportunity to question Ward on these topics and others and chose not to. But after the deposition, Cisco proceeded to propound on Ward 152 additional admissions requests. Exh. H (10/12/09 "Second" Set of RFAs). Ward underwent the grueling and time consuming work of responding to the requests, but warned Cisco that further abusive and harassing discovery exercises would likely be viewed as unreasonable under Rule 26. Exh. F at 1 (11/16/09 Ward's Objections and Responses to Cisco's Third Set of RFAs).

Now, as Cisco's present set of RFAs cover topics already raised in his deposition, Cisco is simply abusing discovery, harassing Ward, and seeking to unduly burden him. *See Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.,* 2007 WL 3171768, *3 (D.Kan.,2007) ("In the case of cumulative discovery, it is clear that the expense of the discovery can easily outweigh the benefit of that discovery.") Notably, RFAs are likened to sworn testimony, and having deposed Ward under oath and propounded four sets of admissions requests, this is Cisco's fifth shot at gaining such testimony. *See Banos v. City of Chicago,* 398 F.3d 889, 892 (7th Cir. 2005).

Because Cisco has tread over this ground before, and because it had an opportunity to obtain Ward's direct testimony on these topics, Ward should be granted protection from having to now respond to additional RFAs from Cisco — who has now propounded a total of 260 RFAs on Ward, 161 of which it propounded *after taking* his deposition and only weeks before trial.

Subjecting Ward to this additional, unreasonably cumulative and duplicative discovery is abusive and harassing.

    (ii)    More Than Half of Cisco's Production Requests are Cumulative and Redundant of Previous Requests, Including Those On Which the Court Ruled

Cisco's cumulative and redundant document requests fall into two larger groups. Ward's Exhibit D-1, sets forth in detail the requests falling into each of these groups, along with an identification of where the topics in these requests were earlier raised, addressed to the Court, or ruled on by the Court.[4] More than half of Cisco's document requests fall into one of these two groups.

In the first group of requests, Cisco raises lost profit damages related requests (nos. 5-8, 20, and 29), all of which Cisco topically raised with the Court in its motion to compel and on which the Court ruled, denying such discovery. *See* Dkt. Nos. 101 and 138 at 2. For example, Cisco's redundant discovery requests are apparent when considering its present request no. 6 as compared to a prior request and this Court's ruling.

| Cisco's third set of document requests, no. 6: | Cisco, in its first set of document requests, no. 17: | Court Order on Cisco's Motion to Compel, Dkt. No. 138 at 2: |
| --- | --- | --- |
| documents "showing the number of **new clients** in your law practice for the years 2005, 2006, 2007, 2008 and 2009." (emphasis added). | documents "relating to all of Plaintiff's **new matters or clients** since October 16, 2007." (emphasis added). | "[P]laintiff shall not be required to produce any documents relating to **new matters or clients** since October 16, 2007." (emphasis added). |

Despite this Court's clear order denying discovery as to Plaintiff's new clients since 2007, Cisco asks again for this discovery and more — this time asking for new clients from two years *before* the accused posts were even published. *Lakeland Partners, L.L.C,* 88 Fed. Cl. at 133 -134 (granting protection from discovery spanning four and one half years before events giving rise to the lawsuit). Ignoring the Court's Order on this topic and propounded discovery in

---

[4] Included as Exhibit D-2 is a chart listing the requests numerically along side the issues Ward raises in this motion.

9

the face of that Order at the very best demonstrates poor judgment. Again responding to repetitive and cumulative discovery requests, the scope of which were already ruled on by the Court, is clearly harassing and abusive. *See Griffis v. Medford,* Civil No. 05-3040, 2007 WL 1876373 *2-3 (W.D. Ark. June 28, 2007)(granting protection ending discovery where party "filed voluminous discovery requests many of which appear to be repetitive"). Request no. 6 is not an isolated occurrence as request nos. 5, 7-8, 20 and 29 are all nearly identical to earlier damages related requests and were considered and ruled upon, at least categorically, by the Court.

In the second group of cumulative and redundant requests, Cisco seeks documents again falling into topical areas already raised in its motion to compel (request nos. 1-3, 8-9, 17, 21-22, 26-27). For instance, consider request no. 8 along side this Court's ruling on production of Ward's medical records:

| Cisco's third set of document requests, no. 8: | Court Order on Cisco's Motion to Compel, Dkt. No. 138 at 2: |
|---|---|
| "documents relating to **communication with Brian Mendenhall [a doctor] regarding** the Patent Troll Tracker, the ESN v. Cisco lawsuit or the Second ESN v. Cisco lawsuit, **your** emotional distress or **mental anguish,** and your alleged sleeping problems from 2006 to the present." | "As to Request for Production No. 12, plaintiff shall not be required to produce a medical authorization for his medical records, as **plaintiff concedes that he did not seek medical treatment for his alleged mental anguish**." |

Despite the Court taking up Cisco's request for medical records, denying it, and in the face of Ward's own concession that he sought no medical treatment, Cisco presses on propounding new discovery on the same topic. It is a wonder what Cisco hopes to gain from its new request in light of this record. What is apparent is that, though the request is redundant, Cisco will not hesitate to burden Ward with responding to it yet again — though addressed in deposition, addressed in response to request no. 12 in Cisco's first document requests, addressed in response to it in opposition to Cisco's motion to compel (Dkt. No. 113), and addressed by the

Court that ruled on it (Dkt. No. 138).  Again, request no. 8 is not an isolated occurrence as request nos. 1-3, 8-9, 17, 21-22, 26-27 raise similar cumulative/redundancy issues.  Cisco's motive appears to be to harass Ward by abusing discovery.  *Heartland Surgical Specialty Hosp., LLC,*  2007 WL 3171768, *3 ("In the case of cumulative discovery, it is clear that the expense of the discovery can easily outweigh the benefit of that discovery.").

B.  *Cisco's Third Sets of Requests Are Abusive and Improper As They Seek Protected Information*

Cisco propounded twelve document requests[5] with the outright aim of discovering protected information.  By asking for *"all communications between you and your attorneys…"* (request nos. 10-11), *"all documents showing all attorneys Ward consulted or retained" (request no. 12)*, and *"all documents demonstrating when James Holmes first began giving legal advice or participating in work product…"* (request no. 31), Cisco comes close to asking Ward for all case files in this action.  These requests fit well outside the scope of proper discovery.

Cisco also asks for protected documents not in Ward's possession, requesting "all documents showing all *attorneys ESN has consulted or retained…"* (request no. 13), "*all communications between* Ward or *any other of ESN's attorneys…"* (request nos. 15 & 23-24), and "*all documents* demonstrating when [Nick Patton or Patricia Peden] first began giving legal advice… on behalf of Eric Albritton in the Eric *Albritton v. Cisco* lawsuit…" (request nos. 32-33), and "*all communications* between Patricia Peden and/or Nick Patton and James Homes regarding the production of privilege documents *in the Albritton v. Cisco cas*e" (request no. 34).

Each of these requests calls for documents belonging to parties in other cases — documents controlled by ESN or by Eric Albritton in separate cases against Cisco.  Because these documents belong to their clients, Ward does not have possession of them.  *See U.S. ex rel. Stewart v. Louisiana Clinic,* 2003 WL 21283944, *12 (E.D. La. 2003)  (finding documents are within a parties "possession, custody or control" if he has the legal right to obtain the documents

---

[5] Request nos. 6-7, 10-13, 23-24, and 31-34.  Note that request nos. 6-7 also fall under the category of cumulative/repetitive document requests.

11

on demand). That Ward is ESN's counsel in a separate case does not give him the legal right to obtain all documents responsive to Cisco's request in this litigation and would not absolve him of ethical breaches in turning over privileged documents or work product. And that the same counsel who represented Eric Albritton in a lawsuit against Cisco now represent Ward in his lawsuit does give Ward possession or the right to produce privileged communications or work product from Albritton's case.

Tacitly acknowledging its blatant quest for privileged documents, Cisco tries to circumvent the issue by stating that *"Cisco agrees that any privileged portions of the responsive documents may be redacted"* or *"[t]o the extent the documents contain the identity or privileged information, Defendant agrees that that information may be redacted"* (request nos. 31-33 and 6-7). Cisco's offer to allow Ward to line-by-line redact potentially millions of documents is anything but generous. For instance, Cisco asks Ward to redact all "identity or privileged information" from "*all* documents showing the number of new matters in your law practice for the years 2005, 2006, 2007, 2008 and 2009" (request no. 7). In this one request, Cisco expects Ward to redact *all* identity and privileged information in *all* documents reflecting *all* of Ward's new matters *for a five-year time period* which would literally encompass *all* pleadings, motions, filings, exhibits, emails, retainers, expert reports, etc., in *every* new case Ward has worked on in any capacity. To say this request calls for a voluminous and laborious document production is an understatement. *See Northwestern Memorial Hosp. v. Ashcroft.* 362 F.3d 923, 924 (7th Cir. 2004)(redacting documents to omit identity an undue burden); *see also Lakeland Partners, L.L.C. v. U.S.,* 88 Fed. Cl. 124, 133 -134 (Fed. Cl., 2009) (considering whether disclosures will violate privacy interests).

The attorney time and effort that would be expended to comply with such requests, including the time necessary to complete line-by-line redaction, far outweighs any potential benefit to Cisco from this discovery. Ward raised this issue with Cisco, who responded by simply stating that "[a]s for redacting documents, you are obligated to provide the non-privileged, responsive information under the Federal Rules of Civil Procedure." Exh. I. These

requests and Cisco's flippantly suggested remedy to the privilege issues they raise exemplify the abusive and unduly burdensome nature of its discovery.

Because its requests directed to documents containing privileged information and/or work product, whether or not in Ward's control, are abusive, oppressive, and would subject Ward to an undue burden and expense if complied with, these requests are categorically unreasonable. Ward's Exhibit D-1, sets forth the requests that fall into this category.

C.  *Responding to Cisco's Third Sets of Requests Imposes An Undue Burden and Needless Expense on Ward*

As demonstrated above, responding to cumulative and redundant discovery or to requests seeking clearly protected information or requiring voluminous line-by-line redaction is unduly burdensome and expensive, harassing, annoying and abusive. Responding to egregiously irrelevant and overbroad requests is equally unreasonable. *Joseph L. v. Connecticut Dept. of Children and Families,* 225 F.R.D. 400, 403 (D.Conn. 2005) (granting protection from discovery that was overly broad, duplicative and cumulative of prior discovery, irrelevant, and were served for an improper purpose). Cisco propounded requests falling into this category as well, among them request no. 4 seeking "all documents relating to your *request to any court for an award of attorneys' fees* from October 17, 2007 to the present, including all expert reports, affidavits, and transcripts regarding an award of attorneys fees." Ward's requests for attorneys fees bears no relationship to the issues in this case. And the request is overly broad, asking for "*all documents* relating to [attorneys fees]… including all expert reports, affidavits, and transcripts…." Similarly, the issues raised by Cisco's request nos. 14-16, 25-27 and 30 also are irrelevant to the issues in this case and are overly broad. These requests are detailed in Exhibit D-1 to Ward's motion.

Although Ward would have responded to these requests by lodging objections in the ordinary course of litigation, moving for protection is appropriate where discovery has become unreasonable and abusive. *See e.g. U.S. v. Schiefen,* 926 F.Supp. 877, 882 (D.S.D.,1995) (granting protection where party's production requests were "not reasonably calculated to lead to

13

the discovery of admissible evidence… burdensome and oppressive"). As these requests are both irrelevant and well beyond reason in terms of their scope, they are an attempt to harass and annoy Ward and as such are unreasonable.

D.  *Having Had A Year And A Half To Seek Discovery On The Topics Raised In Its Third Sets of Requests, Cisco's Bid For Expansive Discovery Three Months Before Trial Comes Too Late And Is Made in Bad Faith*

It is no coincidence that Cisco propounded abusive discovery requests the day after the Court heard and orally ruled on its motion to compel. With its order, the Court shut down Cisco's attempts at gaining discovery into areas not at issue in this case, namely Ward's lost profit damages and medical records. In a knee-jerk reaction, Cisco propounded discovery targeting those same topics and additional topics aiming to annoy Ward with outright requests for privileged documents (communications with his attorneys having to do with this case) and for documents in Ward's counsel's possession solely because of their representation of another client in another case (and therefore not in Ward's possession). Without flinching, Cisco also asks for documents in no way relevant to the case ("all documents relating to your request to any court for an award of *attorneys' fees* from October 17, 2007 to the present"). Improper and objectionable though these requests are, there is no excuse for propounding in the last three months before trial more production requests on Ward than Cisco propounded during the preceding year and a half of litigation.

Despite propounding several sets of admissions requests on Ward and deposing him, Cisco also sees fit to propound on Ward additional RFAs with the justification that both depositions and requests for admission are allowed under the Federal Rules. In light of Cisco's ample opportunity for discovery on these topics (indeed, Cisco touched on each topic in Ward's deposition and could have spent additional time on them then), propounding its "third" set of RFAs so late in the case, in the wake of its more than 250 prior requests, and immediately after its motion to compel discovery was denied-in-part, Cisco's requests are unreasonable.

Because Cisco could have, should have, and in several instances did seek the discovery contained in its third sets of requests, and because its abusive efforts are aimed now at harassing, annoying, and unduly burdening Ward and driving up his expenses, Ward has demonstrated good cause for protection from Cisco's discovery. It is well within this Court's discretion, upon Ward's showing, to issue a protective order forbidding the discovery in Cisco's third sets of requests. And under Rule 26(b)(2)(c) it is incumbent upon this Court to order protection where the discovery sought is unreasonably cumulative or duplicative, where the burden outweighs the discovery's likely benefit or where unreasonable.

## IV.  CONCLUSION

For all of the forgoing reasons, Plaintiff Ward respectfully requests that his motion in all things be GRANTED, and that this Court forbid the discovery sought by Cisco in its Third Request for Production (excluding request nos. 18-19 and 28) and "Third" Request for Admissions.

Respectfully Submitted,

Nicholas H. Patton
AR Bar No. 63035
Courtney Towle
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)
Email: nickpatton@texarkanalaw.com
Email: ctowle@texarkanalaw.com

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street
Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033
Email: ppeden@pedenlawfirm.com

        James A. Holmes
        Texas Bar No. 00784290
        THE LAW OFFICE OF JAMES HOLMES, P.C.
        635 South Main, Suite 203
        Henderson, Texas 75654
        903.657.2800 / 903.657.2855 (Fax)

        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on this 8th day of December, 2009, a true and correct copy of the foregoing document was served electronically via the Court's CM/ECF system upon:

| | |
|---|---|
| Richard E. Griffin | Attorneys for Defendant Cisco Systems, Inc. |
| Charles Babcock | |
| Crystal Parker | |
| Kurt Schwarz | |
| JACKSON WALKER, LLP | |
| 1401 McKinney | |
| Suite 1900 | |
| Houston, Texas 77010 | |

_____
Nicholas H. Patton

## CERTIFICATE OF CONFERENCE

The parties have conferred in good faith since December 2, 2009 regarding the matter made the subject of this motion. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

_____
Nicholas H. Patton