# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § § § § § § § § | |
| | § | C.A. NO. 08-4022 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |

**DEFENDANT CISCO SYSTEMS, INC.'S THIRD REQUEST FOR PRODUCTION**

TO:   Plaintiff John Ward, Jr., by and through his attorney of record, Nicholas H. Patton, Patton, Tidwell & Schroeder, LLP, 4605 Texas Boulevard, P.O. Box 5398, Texarkana, Texas 75505-5398.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are requested to respond to the following Requests for Production separately, in writing and under oath, on or before thirty (30) days after receipt of these Requests.

**I.
INSTRUCTIONS**

1.   Possession, custody and control does not require that you have actual physical possession; instead, if you have physical control or a superior right to compel production from another, the Document must be produced.

2.   If any Document requested herein is objected to or withheld pursuant to any claim of privilege, please provide the following information with respect to such Document:

(a)   Date created;

(b)   Author(s), and their title or position;

(c)   Addressee(s), and their title or position;

(d)   Person(s) receiving a copy, and their title or position;

(e)     General description of subject matter (e.g., opinion of counsel on merits of claim);

(f)     The nature of the privilege claimed (e.g., attorney-client, work product, etc.); and

(g)     State the factual and legal basis for the claim of such privilege (e.g., communication between attorney for corporation and outside counsel relating to acquisition of legal advice).

3.   If a document contains privileged information but is not privileged in its entirety, produce the document with the privileged portions redacted and log the privilege information that has been redacted as set forth above.

4.   These document requests shall be deemed continuing, and you shall produce for inspection and copying by Defendant any Document requested herein which is unavailable to you at the time you submit your response hereto, but which becomes available to you at any time prior to trial or any hearing hereof.

5.   If any document or thing identified in response to any of these Requests was, but is no longer in the possession, custody or control of you, as defined herein, and it is no longer in his possession, custody or control or is no longer in existence, state:

   a.   the nature of the document, including the author, recipient, subject matter, and content.

   b.   Who may have custody and control of the document.

   c.   The reason the document is no longer in your custody and control, including how and why the document was disposed of.  Include the identity of persons with knowledge concerning the circumstances.

6.   If you are withholding documents based on your objections, state that you are doing so in your response.

7.      If you have no responsive documents, state that you have no responsive documents in your response.

8.      If you are producing responsive documents, state that you are producing responsive documents in your response.

9.      If a request is silent as to timing, respond from January 1, 2007 to the present.

10.     If you know of responsive documents that you claim are not within your custody or control, identify all information you have concerning the document, including the nature of the document, its contents, the identity of the person who has the document, and the person's contact information.

11.     If you are claiming that responsive documents are on the public domain, state with particularity where the document can be found.  Cisco will oppose the use of any documents at trial that have not been produced in this case.

## II.
## DEFINITIONS

As used in these Requests, the following terms have specific meanings as defined in this section:

1.      <u>You</u>.  "You" or "Your" or "Ward" refers to John Ward, Jr., the plaintiff herein, and/or his respective past and present agents and representatives, including anyone who has ever acted on behalf of or at the direction of John Ward, Jr.

2.      <u>Person(s)</u>.  "Person" or "persons" means any and all natural persons, male or female, and all types and kinds of businesses or other entities, including, but not limited to, a public or private corporations, partnerships, associations, governmental agencies, joint ventures, and sole proprietorships.

3.      Evidencing. "Evidencing" means constituting, showing or tending to show, in any probative manner, the existence or non-existence of a matter.

4.      Relating. "Relating" means, in addition to its customary and usual meaning, discussing, referring to, pertaining to, reflecting, evidencing, showing, recording, or tending to show the absence of the allegation.

5.      Document(s). "Document" and "documents" mean the original, or a copy thereof if the original is not available, of every written, printed, typed, recorded, reported, electronic, or graphic record or material of every type and description, including every draft and/or non-identical copy thereof, that is in the actual or constructive possession, custody or control of Defendant or his attorney, including, but not limited to, all correspondence, letters, communications, memoranda, notes, files, records, agreements, contracts, proposed contracts or agreements, whether or not actually consummated, reports, logs, studies, summaries, agendas, bulletins, notices, announcements, instructions, charts, manuals, models, graphs, photographs, diagrams, slides, brochures, publications, books, minutes, including minutes of board of directors meetings and executive meetings, partnership meeting and management or executive partnership committee meetings, computer printouts, computer programs including object and source code, computer-based data, including all information held, stored or compiled by or on computer software or data-processing equipment, schedules, drawings, emails, tapes, tape recordings, voice recordings, sound recordings, transcripts, presentations, simulations, inter-office memoranda, articles of newspapers, magazines and other publications, telegrams, telexes, purchase orders, lists, proposals, invoices, plans, specifications, estimates, forecasts, projections, research and development documents, exhibits, addenda, statements, receipts, confirmation slips, evidence of payments, bills, diaries, calendars, bills of lading, cancelled checks, and any copy of

a document bearing notations, markings or writings of any kind or nature different from the original.

      6.      <u>ESN</u>.  "ESN" or "ESN, LLC" refers to the limited liability company organized and existing under the laws of the state of Connecticut, with an office at 35 Juniper Road, Bloomfield, Connecticut, 06002 and/or its respective past and present officers, directors, agents and representatives, including anyone who has ever acted on behalf of or at the direction of ESN.

      7.      <u>ESN v. Cisco lawsuit</u>.  "ESN v. Cisco lawsuit" refers to Civil Action No 5:07-cv-156-DF-CMC; styled ESN, LLC, Plaintiff, v. Cisco Systems, Inc., and Cisco-Linksys, LLC, Defendants, In the United States District for the Eastern District of Texas, Texarkana Division.

      8.      <u>Second ESN v. Cisco lawsuit</u>.  "Second ESN v. Cisco lawsuit" or "Pending ESN v. Cisco lawsuit" refers to Civil Action No 5:08-CV-20; styled ESN, LLC, Plaintiff, v. Cisco Systems, Inc., and Cisco-Linksys, LLC, Defendants, In the United States District for the Eastern District of Texas, Texarkana Division.

## III.
## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**
Produce all documents relating to your alleged difficulty sleeping, including but not limited to communication with any person concerning your alleged difficulty sleeping.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2:**
Produce all documents relating to your alleged mental anguish.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 3:**
Produce all documents relating to any inability to concentrate on work, including communication with any person regarding an inability to concentrate on work.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4:**
Produce all documents relating to your request to any court for an award of attorneys' fees from October 17, 2007 to the present, including all expert reports, affidavits, and transcripts regarding an award of attorneys fees.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 5:**
Produce documents showing the number of cases you filed in the years 2005, 2006, 2007, 2008 and 2009.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 6:**
Produce documents showing the number of new clients in your law practice for the years 2005, 2006, 2007, 2008 and 2009. This request does not call for the identity of new clients, but merely

the number.  To the extent the documents contain the identity or privileged information, Defendant agrees that that information may be redacted.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7:**
Produce all documents showing the number of new matters in your law practice for the years 2005, 2006, 2007, 2008 and 2009.  This request does not call for the identity of new clients, but merely the number.  To the extent the documents contain the identity or privileged information, Defendant agrees that that information may be redacted.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8:**
Produce all documents relating to communication with Brian Mendenhall regarding the Patent Troll Tracker, the ESN v. Cisco lawsuit or the Second ESN v. Cisco lawsuit, your emotional distress or mental anguish, and your alleged sleeping problems from 2006 to the present.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 9:**
Produce all documents demonstrating service of the original complaint in the ESN v. Cisco lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 10:**
Produce all communication between you and your attorneys in the above-captioned case concerning the Second ESN v. Cisco lawsuit, including but not limited communication regarding privilege issues in the above-captioned case.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11:**
Produce all communication between your attorneys in the above-captioned case and any person concerning the Second ESN v. Cisco lawsuit, including but not limited communication regarding privilege issues in this above-captioned case.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 12:**
Produce all documents showing all attorneys Ward has consulted or retained in the above-captioned case, including when each of his attorneys was first consulted or retained.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13:**
Produce all documents showing all attorneys ESN has consulted or retained in the ESN v. Cisco lawsuit, including when each of its attorneys was consulted or retained.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 14:**
Produce all documents showing your financial interest in the outcome of the Second ESN v. Cisco lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 15:**
Produce all documents showing all individuals who have a financial interest in the outcome of the above-captioned lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 16:**
Produce all communications between Ward and any person representing ESN, LLC regarding documents Cisco has claimed as privileged in this litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**
Produce all documents sufficient to identify each person or entity, including but not limited to legal counsel, with whom John Ward, Jr. had any communication concerning the filing of the Complaint in the ESN v. Cisco lawsuit and/or the alteration or change of the docket in the ESN v. Cisco lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**
Produce all documents sufficient to identify any joint defense agreement Ward has with any person or entity concerning this litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**
Produce all documents sufficient to identify any amounts paid and agreements to pay any amounts to any witnesses in this litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**
Produce all documents sufficient to identify all instances where Eric M. Albritton, Peter McAndrews, Paul McAndrews, George P. McAndrews, Gerald C. Willis, Bob Chiavello, Raymond P. Niro, Danny Williams, Sam Baxter, Larry Carlson, Jim Knowles, Greg Love, and/or Rich Norman have referred business to Ward or suggested Ward as counsel to any person or entity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**
Produce all documents relating to communication between Ward and any person concerning the Patent Troll Tracker or Rick Frenkel from January 1, 2007 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**
Produce all documents relating to any inquiry, investigation, or question posed by Ward or any ESN attorney concerning the filing of the Complaint in the ESN v. Cisco lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 23:**
Produce all communications between Ward or any other of ESN's attorneys and any member or representative of ESN concerning the above-captioned lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 24:**
Produce all communications between Ward or any other of ESN's attorneys and any member or representative of ESN concerning the Patent Troll Tracker or Rick Frenkel.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 25:**
Produce all communications between Ward or any other of ESN's attorneys and any member or representative of ESN concerning this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 26:**
Produce all communication between Ward and the media concerning this lawsuit, the ESN v. Cisco lawsuit or the Pending ESN v. Cisco lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 27:**
Produce all documents sufficient to show all cases in which you have been entered as attorney of record in Arkansas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**
Produce all documents sufficient to show whether you are licensed to practice law in Arkansas.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 29:**
Produce all documents sufficient to show any damages you have suffered in Arkansas.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 30:**
Produce all documents supporting your allegation that any of the events in your First Amended Complaint or any amendments thereto took place in Arkansas.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 31:**
Produce all documents demonstrating when James Holmes first began giving legal advice or participating in work product to or on behalf of John Ward, Jr. in this lawsuit. This request does not include the content of the privileged communications, and Cisco agrees that any privileged portions of the responsive documents may be redacted, so long as the documents are sufficient to show the date when James Holmes first began giving legal advice or participating in work product to or on behalf of John Ward, Jr. in this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 32:**
Produce all documents demonstrating when Patricia Peden first began giving legal advice or participating in work product to or on behalf of Eric Albritton in the Eric Abritton v. Cisco lawsuit in the Eastern District of Texas. This request does not include the content of the privileged communications, and Cisco agrees that any privileged portions of the responsive documents may be redacted, so long as the documents are sufficient to show the date when Patricia Peden first began giving legal advice or participating in work product to or on behalf of Eric Albritton in the Eric Abritton v. Cisco lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**
Produce all documents demonstrating when Nick Patton first began giving legal advice or participating in work product to or on behalf of Eric Albritton in the Eric Abritton v. Cisco lawsuit in the Eastern District of Texas. This request does not include the content of the privileged communications, and Cisco agrees that any privileged portions of the responsive documents may be redacted, so long as the documents are sufficient to show the date when Nick Patton first began giving legal advice or participating in work product to or on behalf of Eric Albritton in the Eric Abritton v. Cisco lawsuit.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 34:**
Produce all communications between Patricia Peden and/or Nick Patton and James Holmes regarding the production of privileged documents in the Albritton v. Cisco case.

**RESPONSE:**

>Respectfully submitted,
>
>JACKSON WALKER L.L.P.
>
>By: /s/ Charles L. Babcock
>    Charles L. Babcock
>    Federal Bar No.: 10982
>    Email: cbabcock@jw.com
>    Richard E. Griffin
>    Arkansas Bar No.: 63020
>    Email: rgriffin@jw.com
>    Crystal J. Parker
>    Federal Bar No.: 621142
>    Email: cparker@jw.com
>    1401 McKinney
>    Suite 1900
>    Houston, Texas 77010
>    (713) 752-4200
>    (713) 752-4221 – Fax
>
>ATTORNEYS FOR DEFENDANT
>CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

     This is to certify that on the 5th day of November, 2009, a true and correct copy of the foregoing was served electronically, facsimile and/or via U.S. First Class Mail upon:

| | |
|---|---|
| Patricia L. Peden<br>Law Offices of Patricia L. Peden<br>5901 Christie Avenue, Suite 201<br>Emeryville, CA 94608<br>***Attorney for Plaintiff John Ward, Jr.*** | Nicholas H. Patton<br>Geoffrey P. Culbertson<br>Courtney Towle<br>Patton, Tidwell & Schroeder, LLP<br>4605 Texas Boulevard<br>P.O. Box 5398<br>Texarkana, Texas 75505-5398<br>***Attorney for Plaintiff John Ward, Jr.*** |

                                   /s/ Charles L. Babcock_____
                                   Charles L. Babcock