# Exhibit D-1

Plaintiff Ward's Motion for Protection from
Defendant Cisco Systems, Inc.'s Third Request for
Production and "Third" Request for Admissions
Exhibit D-1

| Requests by Category | Defendant Cisco Systems Inc.'s Third Request for Production[1] | Where Previously Propounded, Raised to the Court, or Ruled Upon[2] |
|---|---|---|
| Cumulative/ redundant (Damages Related) | **REQUEST FOR PRODUCTION NO. 5:** Produce documents showing the **number of cases you filed** in the years 2005, 2006, 2007, 2008 and 2009. | Dkt. No. 113 at 22 ("Ward's clients are known, as that information is easily accessible on the Court's PACER System. Cisco has already produced a report showing persons and companies represented by Mr. Ward."). Dkt. No. 138 (Order) at 2: "[As Ward] is not seeking damages for lost income. Further, **plaintiff shall not be required to produce any documents relating to new matters or clients** since October 16, 2007. Plaintiff shall, however, be required to identify any individuals who he claims allegedly learned of the statements at issue and thought less of plaintiff or decided not to hire plaintiff because of the statements.") |
| Cumulative/ redundant (Damages | **REQUEST FOR PRODUCTION NO. 6:** Produce documents showing the **number of new clients** in your law practice for the years 2005, | Cisco's first set of requests, no. 17: "Produce all documents relating to all of Plaintiff's **new matters or clients** since October 16, 2007, including but not |

---

[1] To ease review, Ward has added emphasis to the requests. Where emphasis is in the original, Ward will note this.
[2] To ease review, Ward has added emphasis to the text in this column. Where emphasis is in the original, Ward will note this.

1

| | | |
|---|---|---|
| Related)<br>Requested redaction<br>unduly burdensome<br>Protected information | 2006, 2007, 2008 and 2009. This request does not call for the identity of new clients, but merely the number. To the extent the documents contain the identity or privileged information, Defendant agrees that that information may be redacted. | limited to engagement letters concerning such clients and matters." |
| Cumulative/ redundant<br>(Damages Related)<br>Requested redaction<br>unduly burdensome<br>Protected information | **REQUEST FOR PRODUCTION NO. 7:**<br>Produce all documents showing the **number of new matters** in your law practice for the years 2005, 2006, 2007, 2008 and 2009. This request does not call for the identity of new clients, but merely the number. To the extent the documents contain the identity or privileged information, Defendant agrees that that information may be redacted. | Raised in Cisco's motion to compel, Dkt. No. 101, at 7.<br><br>Dkt. No. 138 (Order) at 2: "Further, plaintiff **shall not be required to produce any documents relating to new matters or clients** since October 16, 2007."<br><br>Cisco's first set of requests, no. 17: "Produce all documents relating to all of Plaintiff's **new matters** or clients since October 16, 2007, including but not limited to engagement letters concerning such clients and matters."<br><br>Raised in Cisco's motion to compel, Dkt. No. 101, at 7.<br><br>Dkt. No. 138 (Order) at 2: "Further, **plaintiff shall not be required to produce any documents relating to new matters or clients** since October 16, 2007." |
| Cumulative/ redundant<br>(Damages Related) | **REQUEST FOR PRODUCTION NO. 20:**<br>Produce all documents sufficient to identify all instances where Eric M. Albritton, Peter McAndrews, Paul McAndrews, George P. McAndrews, Gerald C. Willis, Bob Chiavello, Raymond P. Niro, Danny Williams, Sam Baxter, Larry Carlson, Jim Knowles, Greg Love, and/or Rich Norman have referred business to Ward or suggested Ward as counsel to any person or entity. | Dkt. No. 138 (Order) 2: ([As Ward] "is not seeking damages for lost income. Further, plaintiff shall not be required to produce any documents relating to new matters or clients since October 16, 2007. Plaintiff shall, however, be required to identify any individuals who he claims allegedly learned of the statements at issue and thought less of plaintiff or decided not to hire plaintiff because of the statements.") |

2

| | | |
|---|---|---|
| Cumulative/ redundant (Damages Related) | **REQUEST FOR PRODUCTION NO. 29:** Produce all documents sufficient to show any damages you have suffered in Arkansas. | Dkt. No. 162: "plaintiff's counsel represented to the undersigned that plaintiff was not seeking damages for *lost profits* arising out of injury to his reputation." (emphasis supplied). Order Dkt. No. 138 (Order), 2. |
| Cumulative/ redundant | **REQUEST FOR PRODUCTION NO. 1:** Produce all documents relating to your alleged difficulty sleeping, including but not limited to communication with any person concerning your alleged difficulty sleeping. | Dkt. No. 101, 9: "Referencing request nos. 4-5, 9, 11, and 17, Cisco argued: "This is relevant and reasonably calculated to lead to discovery concerning Ward's mental anguish claim… Notably, issues related to one's job (money, economy, work, and job stability) occupy four of the top ten causes of stress. Ward failed to produce any documents concerning his finances. Ward's refusal to produce any documents relating to these top four causes of stressors deprives Defendant of powerful, probative evidence in its defense." |
| Cumulative/ redundant | **REQUEST FOR PRODUCTION NO. 2:** Produce all documents relating to your alleged mental anguish. | Dkt. No. 101, 9: "Referencing request nos. 4-5, 9, 11, and 17, Cisco argued: "This is relevant and reasonably calculated to lead to discovery concerning Ward's mental anguish claim… Notably, issues related to one's job (money, economy, work, and job stability) occupy four of the top ten causes of stress. Ward failed to produce any documents concerning his finances. Ward's refusal to produce any documents relating to these top four causes of stressors deprives Defendant of powerful, probative evidence in its defense." |
| Cumulative/ redundant | **REQUEST FOR PRODUCTION NO. 3:** Produce all documents relating to any inability to concentrate on work, including communication with any person regarding an inability to concentrate on work. | Dkt. No. 101, 9: "Referencing request nos. 4-5, 9, 11, and 17, Cisco argued: "This is relevant and reasonably calculated to lead to discovery concerning Ward's mental anguish claim… Notably, issues related to one's job (money, economy, work, and job stability) occupy four of the top ten causes of stress. Ward failed to produce any |

3

| | | |
|---|---|---|
| | documents concerning his finances, Ward's refusal to produce any documents relating to these top four causes of stressors deprives Defendant of powerful, probative evidence in its defense." | Cumulative/ redundant |
| **REQUEST FOR PRODUCTION NO. 8:** Produce all documents relating to communication with Brian Mendenhall regarding the Patent Troll Tracker, the ESN v. Cisco lawsuit, the ESN v. Cisco lawsuit, your **emotional distress or mental anguish**, and your alleged sleeping problems from 2006 to the present.<br><br>[NOTE: Ward testified at his deposition Mendenhall is friend of Mr. Wards who is also a doctor.  Exh. A (8/10/09 Ward deposition at 20:3-10).] | Cisco's first set of requests, no. 12: "Produce a medical authorization for John Ward, Jr.'s medical records (a form is attached)." Exh. J.<br><br>Raised in Cisco's motion to compel, Dkt. No. 101 at 12.<br><br>Dkt. No. 138 (Order), 2: "As to Request for Production No. 12, plaintiff shall not be required to produce a medical authorization for his medical records, as plaintiff concedes that he **did not seek medical treatment for his alleged mental anguish.**" | |
| **REQUEST FOR PRODUCTION NO. 9:** Produce all documents demonstrating **service** of the original complaint in the ESN v. Cisco lawsuit. | Cisco's first set of requests, no. 13: "Produce all documents relating to the initial filing of the complaint and the filing of the amended complaint in the ESN Texas Case."<br><br>Cisco's first set of requests, no. 15: "Produce all documents relating to communications between or among ESN, LLC (including its attorneys, agents, or anyone acting on its behalf) and any other person relating to the filing of the initial filing and the filing of the amended complaint in the ESN Texas Case."<br><br>Cisco's first set of requests, no. 15: "Produce all documents relating to communications between or among ESN, LLC (including its attorneys, agents, or anyone acting on its behalf) and any other person relating to the filing of the amended complaint in the ESN Lawsuit. Include communications between ESN, LLC, Eric M. Albritton, Amie Mathis, T. John Ward, Jr., McAndrews Held & Malloy, Ltd., and anyone | Cumulative/ redundant |

4

| | | Cumulative/ redundant |
|---|---|---|
| | purporting to act on their behalf." | |
| **REQUEST FOR PRODUCTION NO. 17:** Produce all documents sufficient to identify each person or entity, including but not limited to legal counsel, with whom John Ward, Jr. had any **communication concerning the filing** of the Complaint in the ESN v. Cisco lawsuit and/or the alteration or change of the docket in the ESN v. Cisco lawsuit. | Dkt. No. 138 (Order), 3: "As to Requests for Production Nos. 13 and 15, plaintiff shall produce any documents in his custody or control relevant to this request (as it pertains to the physical filing of the complaint) for the time period of October 14 – 19, 2007. If plaintiff claims that any of these documents are privileged, he shall identify them on a privilege log. In addition, if any documents relevant to the request are not in plaintiff's custody or control, plaintiff shall produce a log identifying these documents."

Cisco's first set of requests, no. 14: "Produce all documents relating to communications with the United States District Court or any of its employees (including clerks) regarding the filing of the ESN Lawsuit and/or whether subject-matter jurisdiction existed in the ESN Lawsuit."

Cisco's first set of requests, no. 15: "Produce all documents relating to communications between or among ESN, LLC (including its attorneys, agents, or anyone acting on its behalf) and any other person relating to the filing of the ESN Lawsuit. Include communications between ESN, LLC, Eric M. Albritton, Amie Mathis, T. John Ward, Jr., McAndrews Held & Malloy, Ltd., and anyone purporting to act on their behalf."

Raised in Cisco's motion to compel, Dkt no. 101, at | |

5

| | | |
|---|---|---|
| | | 15 and 17. Dkt. No. 138 (Order), at 3: "As to Requests for Production Nos. 13 and 15, plaintiff shall produce any documents in his custody or control relevant to this request (as it pertains to the physical filing of the complaint) for the time period of October 14 – 19, 2007. If plaintiff claims that any of these documents are privileged, he shall identify them on a privilege log. In addition, if any documents relevant to the request are not in plaintiff's custody or control, plaintiff shall produce a log identifying these documents. As to Request for Production No. 14, plaintiff is directed to provide all documents relating to any communications he had with the Court, its employees, or third-parties (other than his counsel or ESN) regarding the filing of the complaint or whether subject matter jurisdiction existed. If plaintiff claims that any of these communications are privileged, he shall identify them on a privilege log." |
| **REQUEST FOR PRODUCTION NO. 21:** Produce all documents relating to communication between Ward and any person concerning the Patent Troll Tracker or Rick Frenkel from January 1, 2007 to the present. | Cumulative/ redundant | *See* Cisco's first set of requests, nos. 1-3. Exh. J. |
| **REQUEST FOR PRODUCTION NO. 22:** Produce all documents relating to any inquiry, investigation, or question posed by Ward or any ESN attorney concerning the filing of the Complaint | Cumulative/ redundant | Cisco's first set of requests, no. 15: "Produce all documents relating to communications between or among ESN, LLC (including its attorneys, agents, or anyone acting on its behalf) and any other person |

6

| | | |
|---|---|---|
| | in the ESN v. Cisco lawsuit. | relating to the filing of the ESN Lawsuit. Include communications between ESN, LLC, Eric M. Albritton, Amie Mathis, T. John Ward, Jr., McAndrews Held & Malloy, Ltd., and anyone purporting to act on their behalf." Raised in Cisco's motion to compel, Dkt. No. 101 at 15. Dkt. No. 138 (Order), at 3: "As to Requests for Production Nos. 13 and 15, plaintiff shall produce any documents in his custody or control relevant to this request (as it pertains to the physical filing of the complaint) for the time period of October 14 – 19, 2007. If plaintiff claims that any of these documents are privileged, he shall identify them on a privilege log. In addition, if any documents relevant to the request are not in plaintiff's custody or control, plaintiff shall produce a log identifying these documents." |
| Protected information | **REQUEST FOR PRODUCTION NO. 10:** Produce all communication between you and **your attorneys** in the above-captioned case concerning the Second ESN v. Cisco lawsuit, including but not limited communication regarding privilege issues in the above-captioned case. | |
| Protected information | **REQUEST FOR PRODUCTION NO. 11:** Produce all communication between your **attorneys in the above-captioned case** and any person concerning the Second ESN v. Cisco lawsuit, including but not limited communication | |

7

| | regarding privilege issues in this above-captioned case. | |
|---|---|---|
| | **REQUEST FOR PRODUCTION NO. 12:** Produce all **documents showing all attorneys Ward has consulted or retained** in the above captioned case, including when each of his attorneys was first consulted or retained. | Protected information |
| | **REQUEST FOR PRODUCTION NO. 13:** Produce all documents showing **all attorneys ESN has consulted or retained in the ESN v. Cisco lawsuit**, including when each of its attorneys was consulted or retained. | Not in Ward's possession. |
| | **REQUEST FOR PRODUCTION NO. 23:** Produce all **communications between Ward or any other of ESN's attorneys** and any member or representative of ESN concerning the above-captioned lawsuit. | Protected information |
| | **REQUEST FOR PRODUCTION NO. 24:** Produce all **communications between Ward or any other of ESN's attorneys** and any member or representative of ESN concerning the Patent Troll Tracker or Rick Frenkel. | Not in Ward's possession |
| | **REQUEST FOR PRODUCTION NO. 31:** Produce all documents demonstrating **when James Holmes first began giving legal advice or participating in work product to or on behalf of John Ward, Jr.** in this lawsuit. This request does not include the content of the privileged communications, and Cisco agrees that any privileged portions of the responsive documents may be redacted, so long as the documents are sufficient to show the date when James Holmes first | Protected information |
| | | Requested redaction unduly burdensome |

8

| | |
|---|---|
| Protected information<br><br>Requested redaction unduly burdensome | began giving legal advice or participating in work product to or on behalf of John Ward, Jr. in this lawsuit. |
| Protected information<br><br>Requested redaction unduly burdensome | **REQUEST FOR PRODUCTION NO. 32:**<br>Produce all documents demonstrating **when Patricia Peden first began giving legal advice or participating in work product to or on behalf of Eric Albritton** in the Eric Abritton v. Cisco lawsuit in the Eastern District of Texas. This request does not include the content of the privileged communications, and Cisco agrees that any privileged portions of the responsive documents may be redacted, so long as the documents are sufficient to show the date when Patricia Peden first began giving legal advice or participating in work product to or on behalf of Eric Albritton in the Eric Abritton v. Cisco lawsuit.<br><br>**REQUEST FOR PRODUCTION NO. 33:**<br>Produce all documents demonstrating when **Nick Patton first began giving legal advice or participating in work product to or on behalf of Eric Albritton** in the Eric Abritton v. Cisco lawsuit in the Eastern District of Texas. This request does not include the content of the privileged communications, and Cisco agrees that any privileged portions of the responsive documents may be redacted, so long as the documents are sufficient to show the date when Nick Patton first began giving legal advice or participating in work product to or on behalf of Eric Albritton in the Eric Abritton v. Cisco lawsuit. |

| | |
|---|---|
| **REQUEST FOR PRODUCTION NO. 34:** Produce **all communications between Patricia Peden and/or Nick Patton and James Holmes** regarding the production of privileged documents in the Albritton v. Cisco case. | Protected information |
| **REQUEST FOR PRODUCTION NO. 4:** Produce all documents relating to your request to any court for an award of attorneys' fees from October 17, 2007 to the present, including all expert reports, affidavits, and transcripts regarding an award of attorneys fees. | Not in Ward's possession<br><br>Irrelevant and overbroad |
| **REQUEST FOR PRODUCTION NO. 14:** Produce all documents showing your financial interest in the outcome of the Second ESN v. Cisco lawsuit. | Irrelevant and overbroad |
| **REQUEST FOR PRODUCTION NO. 15:** Produce all documents showing all individuals who have a financial interest in the outcome of the above-captioned lawsuit. | Irrelevant and overbroad |
| **REQUEST FOR PRODUCTION NO. 16:** Produce all communications between Ward and any person representing ESN, LLC regarding documents Cisco has claimed as privileged in this litigation. | Irrelevant and overbroad |
| **REQUEST FOR PRODUCTION NO. 25:** Produce all communications between Ward or any other of ESN's attorneys and any member or representative of ESN concerning this lawsuit. | Irrelevant and overbroad |
| **REQUEST FOR PRODUCTION NO. 26:** Produce all communication between Ward and the media concerning this lawsuit, the ESN v. Cisco lawsuit or the Pending ESN v. Cisco lawsuit. | Irrelevant and overbroad |

10

| | |
|---|---|
| **REQUEST FOR PRODUCTION NO. 27:** Produce all documents sufficient to show all cases in which you have been entered as attorney of record in Arkansas. | Irrelevant and overbroad |
| **REQUEST FOR PRODUCTION NO. 30:** Produce all documents supporting your allegation that any of the events in your First Amended Complaint or any amendments thereto took place in Arkansas. | Irrelevant and overbroad |

11