# EXHIBIT F

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN WARD, JR.                         §
                                       §
                                       §
                                       §        C.A. NO. 4:08cv4022
v.                                     §        JURY TRIAL DEMANDED
                                       §
CISCO SYSTEMS, INC.                    §

**PLAINTIFF JOHN WARD JR.'S OBJECTIONS AND RESPONSES TO DEFENDANT
CISCO SYSTEMS, INC.'S THIRD REQUEST FOR ADMISSIONS[1]**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff hereby objects and

responds to Cisco System, Inc.'s Second Set of Requests for Admissions as follows:

### PLAINTIFF'S GENERAL OBJECTION

Plaintiff has already responded to 99 prior Requests for Admission served by Defendant.
After Plaintiff responds to this set of Requests, he will have answered 251 Requests for
Admission.  While Rule 36 does not limit the number of Requests for Admission that can be
served, Rule 26 places limits on all discovery. Defendant's abuse of Rule 36 has exceeded the
limits imposed under Rule 26.

Plaintiff objects that Defendant's 152 Requests for Admission are designed to annoy,
oppress and harass Plaintiff and to subject Plaintiff to undue burden and expense.  The Requests
seek information that is not relevant to the issues in this case. The Requests are also
unreasonably cumulative in seeking information for which Cisco has taken ample discovery,
both written and via deposition testimony. Moreover, the Requests are unnecessary as the
information sought is a matter of public record and the documents attached to these Requests are
self-authenticating. Thus, Defendant's discovery, both in quantity and quality, is burdensome
unreasonable and oppressive. Plaintiff objects that the burden and expense of responding to
Defendant's cumulative and unnecessary discovery outweighs its likely benefit. Plaintiff will
respond to Cisco's discovery but will object to any further discovery duplicative of these issues.

### PLAINTIFF'S SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR ADMISSIONS NO. 1:**  Admit that, after the publication of the Article, Saxon
Innovations, LLC hired you as an attorney to represent them in a patent infringement case they
brought against Nokia Corp, a Finland Corporation, Nokia, Inc., LG Electronics Inc., LG
Electronics U.S.A., Inc., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc.,

---

[1] Cisco's document is styled as Cisco's Second Set of Requests for Admission, but it is actually Cisco's Third Set.

Samsung Telecommunications America, LLC, Palm, Inc., Research in Motion LTD., Research in Motion Corporation, High Tech Computer Corp., Sharp Corporation, Sharp Electronics Corp., Nintendo Co., Ltd., and Nintendo of America.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  denied.

**REQUEST FOR ADMISSIONS NO. 2:**  Admit that "Exhibit 1" is a true and correct copy of Plaintiff's ten page Complaint for Patent Infringement, signed by you as attorney for Saxon Innovation, LLC against Nokia Corp, a Finland Corporation, Nokia, Inc., LG Electronics Inc., LG Electronics U.S.A., Inc., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Palm, Inc., Research in Motion LTD., Research in Motion Corporation, High Tech Computer Corp., Sharp Corporation, Sharp Electronics Corp., Nintendo Co., Ltd., and Nintendo of America, and filed on October 18, 2007, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 3:**  Admit that, after the publication of the Article, Sky Technologies LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Procuri, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  denied.

**REQUEST FOR ADMISSIONS NO. 4:** Admit that "Exhibit 2" is a true and correct copy of Plaintiff's seven page Original Complaint for Patent Infringement singed by you as attorney for Sky Technologies LLC against Procuri, Inc., and filed on October 19, 2007, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 5:** Admit that, after the publication of the Article, Antor Media Corporation, hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Aebn, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  denied.

**REQUEST FOR ADMISSIONS NO. 6:** Admit that "Exhibit 3" is a true and correct copy of Plaintiff's 5 page Complaint for Patent Infringement filed by Antor Media Corporation, against Aebn, Inc., on November 5, 2007, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 7:** Admit that, after the publication of the Article, IP Innovation L.L.C. and Technology Licensing Corporation hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Google, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: denied.

**REQUEST FOR ADMISSIONS NO. 8:** Admit that "Exhibit 4" is a true and correct copy of Plaintiff's four page Complaint for Patent Infringement signed by you as attorney for IP Innovation L.L.C. and Technology Licensing Corporation, against Google, Inc., and filed on November 16, 2007, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 9:** Admit that, after the publication of the Article, z4 Technologies, Inc. hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Microsoft Corporation.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: denied.

**REQUEST FOR ADMISSIONS NO. 10:** Admit that "Exhibit 5" is a true and correct copy of Plaintiff's four page Complaint for Patent Infringement signed by you as attorney for z4 Technologies, Inc., against Microsoft Corporation, and filed on November 29, 2007, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted that z4 filed a complaint against Microsoft on or about November 29, 2007, however, z4's original complaint was filed on or about September 23, 2004.

**REQUEST FOR ADMISSIONS NO. 11:** Admit that, after the publication of the Article, Parallel Networks, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Netflix, Inc., Skymall, Inc., ATA Airlines, Inc., John Wiley & Sons, Inc., E*Trade Financial Corporation, and the Finish Line, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 12:** Admit that "Exhibit 6" is a true and correct copy of Plaintiff's Original Complaint for Patent Infringement filed by Parallel Networks, LLC against. Netflix, Inc., Skymall, Inc., ATA Airlines, Inc., John Wiley & Sons, Inc., E*Trade Financial Corporation, and the Finish Line, Inc., on December 28, 2007, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 13:** Admit that, after the publication of the Article, Credit Card Fraud Control Corporation, hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Full Spectrum Telecommunications, Inc., National A-1 Advertising, Inc., Network Telephone Services, Inc., SPG Solutions, LLC, UTEL Networks, Inc., and Teligence (US) Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 14:**  Admit that "Exhibit 7" is a true and correct copy of Plaintiff's Original Complaint for Patent Infringement filed by Credit Card Fraud Control Corporation, against Full Spectrum Telecommunications, Inc., National A-1 Advertising, Inc., Network Telephone Services, Inc., SPG Solutions, LLC, UTEL Networks, Inc., and Teligence (US) Inc., on January 7, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 15:**  Admit that, after the publication of the Article, Parallel Networks, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Priceline.com, Inc., Orbitz, LLC, Walgreen Co., Officemax Inc., Shutterfly, Inc., Saks Inc., and Clark Wamberg, LLC.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 16:**  Admit that "Exhibit 8" is a true and correct copy of Plaintiff's seven page Complaint for Patent Infringement filed by Parallel Networks, LLC, against Priceline.com Inc., Orbitz, LLC, Walgreen Co., Officemax Inc., Shutterfly, Inc., Saks Inc., and Clark Wamberg, LLC, on February 5, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 17:** Admit that, after the publication of the Article, Network-1 Security Solutions, Inc., hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Cisco Systems, Inc., Cisco-Slynksys, L.L.C., , Adtran, Inc., Enterasys Networks, Inc., Extreme Networks, Inc., Foundry Networks, Inc., Netgear, Inc., 3Com Corporation,.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 18:** Admit that "Exhibit 9" is a true and correct copy of Plaintiff's six page Complaint for Patent Infringement signed by you as attorney for Network-1 Security Solutions, Inc., against Cisco Systems, Inc., a California Corporation, Cisco-Slynksys, L.L.C., a California Limited Liability Company, Adtran, Inc., a Delaware Corporation, Enterasys Networks, Inc., a Delaware Corporation, Extreme Networks, Inc., a Delaware Corporation, Foundry Networks, Inc., a Delaware Corporation, Netgear, Inc., a Delaware Corporation, 3Com Corporation, a Delaware Corporation., and filed on February 7, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 19:** Admit that, after the publication of the Article, Lin Packaging Technologies, Ltd., hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Powerchip Semiconductor Corp and ProMOS Technologies, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 20:**  Admit that "Exhibit 10" is a true and correct copy of Plaintiff's four page Complaint for Patent Infringement filed by Lin Packaging Technologies, Ltd., against Powerchip Semiconductor Corp and ProMOS Technologies, Inc., on February 20, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 21:**  Admit that, after the publication of the Article, Disc Link Corporation, hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Mindjet Corporation, Environmental Systems Research Institute, Inc., Website Pros, Inc., Raxco Software, Inc., Serif, Inc., and Smith Micro Software, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  denied.

**REQUEST FOR ADMISSIONS NO. 22:**  Admit that "Exhibit 11" is a true and correct copy of Plaintiff's six page Complaint for Patent Infringement filed by Disc Link Corporation against Mindjet Corporation, Environmental Systems Research Institute, Inc., Website Pros, Inc., Raxco Software, Inc., Serif, Inc., and Smith Micro Software, Inc., on February 22, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 23:**  Admit that, after the publication of the Article, Aloft Media, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Microsoft Corporation.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 24:**  Admit that "Exhibit 13" is a true and correct copy of the five page Original Complaint for Patent Infringement filed by Aloft Media, LLC against Microsoft Corporation, on February 22, 2008, in the United States District Court for the Eastern District of Texas, Civil Action No. 6:08-cv-51.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 25:**  Admit that, after the publication of the Article, Fenner Investments, Ltd. hired you as an attorney to represent them as the Plaintiff in a patent infringement case against 3Com Corporation, Foundry Networks, Inc., Extreme Networks, Inc., Netgear Inc., Zyxel Communications, Inc., D-Link Systems, Inc., and SMC Networks, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted, however, Plaintiff was originally hired by Fenner Investments, Inc. before the publication of the accused articles.

**REQUEST FOR ADMISSIONS NO. 26:**  Admit that "Exhibit 13" is a true and correct copy of the six page Original Complaint for Patent Infringement filed by Fenner Investments, Ltd, against 3Com Corporation, Foundry Networks, Inc., Extreme Networks, Inc., Netgear Inc., Zyxel Communications, Inc., D-Link Systems, Inc., and SMC Networks, Inc., on February 26, 2008, in the United States District Court for the Eastern District of Texas, Civil Action No. 6:08-cv-50.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 27:**  Admit that, after the publication of the Article, Aloft Media, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Microsoft Corporation, Google, Inc., Yahoo!, Inc., America Online, Inc., and AOL LLC.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 28:**  Admit that "Exhibit 14" is a true and correct copy of the First Amended Complaint for Patent Infringement filed by Aloft Media, LLC against Microsoft Corporation, Google, Inc., Yahoo!, Inc., America Online, Inc., and AOL LLC on March 5, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 29:**  Admit that, after the publication of the Article, Aloft Media, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Nokia, Inc., Nokia Corp., Motorola, Inc., Palm, Inc., Research In Motion, Ltd., Research In Motion Corporation, Sony Ericsson Mobile Communications AB, and Sony Ericsson Mobile Communications (USA) Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 30:**  Admit that "Exhibit 15" is a true and correct copy of the eight page Original Complaint for Patent Infringement filed by Aloft Media, LLC against Nokia, Inc., Nokia Corp., Motorola, Inc., Palm, Inc., Research In Motion, Ltd., Research In Motion Corporation, Sony Ericsson Mobile Communications AB, and Sony Ericsson Mobile

Communications (USA) Inc., on March 6, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 31:**  Admit that, after the publication of the Article, Howard B. Rosen and Robert M. Nelson hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Palm, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 32:**  Admit that "Exhibit16" is a true and correct copy of the four page Complaint for Patent Infringement signed by you as attorney for Howard B. Rosen and Robert M. Nelson against Palm, Inc., and filed on March 13, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 33:**  Admit that, after the publication of the Article, Cies Bisker, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against 3MCompnay, Floor*graphics*, Inc., and News Corporation.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 34:**  Admit that "Exhibit 17" is a true and correct copy of Plaintiff's five page Original Complaint for Patent Infringement signed by you as attorney for Cies Bisker, LLC against 3MCompnay, Floor*graphics*, Inc., and News Corporation., and filed on March 19, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 35:**  Admit that, after the publication of the Article, IP Co., LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Centerpoint Energy, Inc., Eaton Corporation, and Itron, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 36:**  Admit that "Exhibit18" is a true and correct copy of Plaintiff's seven page Complaint for Patent Infringement filed by IP Co., LLC against Centerpoint Energy, Inc., Eaton Corporation, and Itron, Inc., on March 20, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 37:**  Admit that, after the publication of the Article, Aloft Media, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Brookstone, Inc., Honeywell, Inc., Thermo Fisher Scientific, Inc. d/b/a Davis Instruments, Cole-Parmer Instrument Company, Lacrosse Technology, Ltd., Chaney Instrument Company, Rainwise, Inc., Columbia Weather Systems, Inc., Peet Bros. Company, Inc., and Tandd U.S. LLC.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 38:**  Admit that "Exhibit19" is a true and correct copy of Plaintiff's ten page Original Complaint for Patent Infringement filed by Aloft Media, LLC against Brookstone, Inc., Honeywell, Inc., Thermo Fisher Scientific, Inc. d/b/a Davis Instruments, Cole-Parmer Instrument Company, Lacrosse Technology, Ltd., Chaney Instrument Company, Rainwise, Inc., Columbia Weather Systems, Inc., Peet Bros. Company, Inc., and Tandd U.S. LLC on April 8, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 39:**  Admit that, after the publication of the Article, Leon Stambler, hired you as an attorney to represent them as the Plaintiff in a patent infringement case against JPMorgan Chase & Co., JPMorgan Chase Bank, National Association, Bank of America Corporation, Bank of America, National Association, Citigroup Inc., Citibank, N.A., UBS Financial Services Inc., Wachovia Corporation, Wachovia Bank, National Association, Wells Fargo & Company, Wells Fargo Bank, National Association, Bancorpsouth, Inc., Bancorpsouth Bank, BOK Financial Corporation, Comerica Incorporated, Comerica Bank, Compass Bancshares, Inc., Compass Bank, First Horizon National Corporation, First Tennessee Bank National Association, First Tennessee National Corporation, Cullen/Frost Bankers, Inc., The Frost National Bank, Guaranty Financial Group Inc., Guaranty Bank, Plains Capital Corporation, Plainscapital Bank, Regions Financial Corporation, and Regions Bank.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 40:**  Admit that "Exhibit 20" is a true and correct copy of Plaintiff's twelve page Original Complaint for Patent Infringement filed by Leon Stambler, against JPMorgan Chase & Co., JPMorgan Chase Bank, National Association, Bank of America Corporation, Bank of America, National Association, Citigroup Inc., Citibank, N.A., UBS Financial Services Inc., Wachovia Corporation, Wachovia Bank, National Association, Wells Fargo & Company, Wells Fargo Bank, National Association, Bancorpsouth, Inc., Bancorpsouth Bank, BOK Financial Corporation, Comerica Incorporated, Comerica Bank, Compass Bancshares, Inc., Compass Bank, First Horizon National Corporation, First Tennessee Bank National Association, First Tennessee National Corporation, Cullen/Frost Bankers, Inc., The Frost National Bank, Guaranty Financial Group Inc., Guaranty Bank, Plains Capital Corporation, Plainscapital Bank, Regions Financial Corporation, and Regions Bank, on May 12, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 41:**  Admit that, after the publication of the Article, Cies Bisker, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against 3MCompnay, Floor*graphics*, Inc., News America Marketing In-Store, LLC, and News America Marketing In-Store Services, LLC.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 42:**  Admit that "Exhibit 21" is a true and correct copy of Plaintiff's First Amended Complaint for Patent Infringement filed by Cies Bisker, LLC against 3MCompnay, Floor*graphics*, Inc., News America Marketing In-Store, LLC, and News America Marketing In-Store Services, LLCC., on May 20, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 43:** Admit that, after the publication of the Article, Transauction LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Bidz.com, Inc., EBay Inc., Overstock.com, Inc., Ubid.com Holdings, Inc., and Winecommune.Com, LLC.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 44:** Admit that "Exhibit22" is a true and correct copy of the Plaintiff's five page Original Complaint for Patent Infringement filed by Transauction LLC against Bidz.com, Inc., EBay Inc., Overstock.com, Inc., Ubid.com Holdings, Inc., and Winecommune.Com, LLC on June 6, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 45:** Admit that, after the publication of the Article, Cardio Access LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Boston Scientific Corporation, Boston Scientific Scimed, Inc., Cordis Corporation, Johnson & Johnson, Medtronic, Inc., Medtronic USA, Inc., and Medtronic Vascular, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 46:** Admit that "Exhibit23" is a true and correct copy of the Plaintiff's six page Original Complaint for Patent Infringement filed by Cardio Access LLC against Boston Scientific Corporation, Boston Scientific Scimed, Inc., Cordis Corporation,

Johnson & Johnson, Medtronic, Inc., Medtronic USA, Inc., and Medtronic Vascular, Inc. on June 6, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 47:**  Admit that, after the publication of the Article, Aloft Media, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Yahoo! Inc., AT&T, Inc., and, AOL LLC.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 48:**  Admit that "Exhibit 24" is a true and correct copy of the seven page Complaint for Patent Infringement filed by Aloft Media, LLC against Yahoo! Inc., AT&T, Inc., and, AOL LLC on June 25, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 49:**  Admit that, after the publication of the Article, Saxon Innovations, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Apple, Inc., Gateway, Inc., Gateway Companies, Inc., Acer America Corp., Acer, Inc., Hewlett- Packard Co., Dell, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 50:** Admit that "Exhibit 25" is a true and correct copy of the ten page Original Complaint for Patent Infringement filed by Saxon Innovations, LLC against Apple, Inc., Gateway, Inc., Gateway Companies, Inc., Acer America Corp., Acer, Inc., Hewlett- Packard Co., Dell, Inc., on June 26, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 51:** Admit that, after the publication of the Article, Cheetah Omni LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Samsung Electronics, USA, Inc., and Mitsubishi Digital Electronics America, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 52:** Admit that "Exhibit 26" is a true and correct copy of the five page Complaint for Patent Infringement signed by you as attorney for Cheetah Omni LLC against Samsung Electronics, USA, Inc., and Mitsubishi Digital Electronics America, Inc., and filed on July 1, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 53:**  Admit that, after the publication of the Article, MAZ Technologies, Inc, hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Microsoft Corporation.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 54:**  Admit that "Exhibit 27" is a true and correct copy of the four page Complaint for Patent Infringement signed by you as attorney for MAZ Technologies, Inc, against Microsoft Corporation and filed on July 15, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 55:**  Admit that, after the publication of the Article, Leon Stambler, hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Fiserv, Inc. and Checkfree Corporation.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 56:**  Admit that "Exhibit28" is a true and correct copy of the five page Complaint for Patent Infringement filed by Leon Stambler, against Fiserv, Inc. and Checkfree Corporation, on July 21, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 57:**  Admit  that,  after  the  publication  of  the  Article, Mirror Imaging LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against  SunTrust Banks, Inc., SunTrust Bank, BB&T Corporation, Branch Banking and Trust Company, Compass Bancshares, Inc., Compass Bank, Cullen/Frost Bankers, Inc., The Frost National Bank, NA, First Horizon National Corporation, First Tennessee Bank National Association, HSBC North America Holdings Inc., HSBC USA Inc., HSBC Bank USA, National Association, HSBC National Bank USA, Zions Bancorporation, Zions First National Bank, and Amegy Bank National Association.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 58:**  Admit that "Exhibit 29" is a true and correct copy of the Plaintiff's thirteen page original Complaint for Patent Infringement filed by Mirror Imaging LLC , against SunTrust Banks, Inc., SunTrust Bank, BB&T Corporation, Branch Banking and Trust Company, Compass Bancshares, Inc., Compass Bank, Cullen/Frost Bankers, Inc., The Frost National Bank, NA, First Horizon National Corporation, First Tennessee Bank National Association, HSBC North America Holdings Inc., HSBC USA Inc., HSBC Bank USA, National Association, HSBC National Bank USA, Zions Bancorporation, Zions First National Bank, and Amegy Bank National Association on July 29, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 59:**  Admit that, after the publication of the Article, Leon Stambler , hired you as an attorney to represent them as the Plaintiff in a patent infringement case against  JPMorgan Chase & Co.,  JPMorgan Chase Bank, National Association, Bank of America Corporation, Bank of America, National Association, Citigroup Inc., Citibank, N.A., UBS  Financial  Services  Inc.,  Wachovia  Corporation,  Wachovia  Bank,  National  Association,

Wells Fargo & Company, Wells Fargo Bank, National Association, Bancorpsouth, Inc., Bancorpsouth Bank, BOK Financial Corporation, Bank of Texas, N.A., Comerica Incorporated, Comerica Bank, Compass Bancshares, Inc., Compass Bank, First Horizon National Corporation, First Tennessee Bank National Association, First Tennessee National Corporation, Cullen/Frost Bankers, Inc., The Frost National Bank, Guaranty Financial Group Inc., Guaranty Bank, Plains Capital Corporation, Plainscapital Bank, Regions Financial Corporation, and Regions Bank.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 60:**  Admit that "Exhibit 30" is a true and correct copy of the Plaintiff's twelve page Original Complaint for Patent Infringement filed by Leon Stambler , against JPMorgan Chase & Co.,  JPMorgan Chase Bank, National Association, Bank of America Corporation, Bank of America, National Association, Citigroup Inc., Citibank, N.A., UBS Financial Services Inc., Wachovia Corporation, Wachovia Bank, National Association, Wells Fargo & Company, Wells Fargo Bank, National Association, Bancorpsouth, Inc., Bancorpsouth Bank, BOK Financial Corporation, Bank of Texas, N.A., Comerica Incorporated, Comerica Bank, Compass Bancshares, Inc., Compass Bank, First Horizon National Corporation, First Tennessee Bank National Association, First Tennessee National Corporation, Cullen/Frost Bankers, Inc., The Frost National Bank, Guaranty Financial Group Inc., Guaranty Bank, Plains Capital Corporation, Plainscapital Bank, Regions Financial Corporation, and Regions Bank  on July 29, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 61:**  Admit that, after the publication of the Article, Stragent, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Nokia, Inc., Nokia Corporation, Motorola, Inc., Palm, Inc., Research in Motion, LTD., Research in Motion Corporation, Sony Ericsson Mobile Communications AB, Sony Ericsson Mobile Communications (USA) Inc., America Online, Inc., AOL LLC, AT&T, Inc., Google, Inc., Microsoft Corporation and Yahoo!, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 62:**  Admit that "Exhibit 31" is a true and correct copy of the eleven page Original Complaint for Patent Infringement filed by  Stragent, LLC against Nokia, Inc., Nokia Corporation, Motorola, Inc., Palm, Inc., Research in Motion, LTD., Research in Motion Corporation, Sony Ericsson Mobile Communications AB, Sony Ericsson Mobile Communications (USA) Inc., America Online, Inc., AOL LLC, AT&T, Inc., Google, Inc., Microsoft Corporation and Yahoo!, Inc., on July 29, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 63:**  Admit that, after the publication of the Article, Aloft Media, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Palm, Inc., Nokia, Inc., Nokia Corporation, Research in Motion, Ltd., Research in Motion Corporation, Sony Ericsson Mobile Communications AB, Sony Ericsson Mobil Communications (USA) Inc., Motorola, Inc., and AT&T, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 64:**  Admit that "Exhibit 32" is a true and correct copy of the nine page Original Complaint for Patent Infringement filed by Aloft Media, LLC against Palm, Inc., Nokia, Inc., Nokia Corporation, Research in Motion, Ltd., Research in Motion Corporation, Sony Ericsson Mobile Communications AB, Sony Ericsson Mobil Communications (USA) Inc., Motorola, Inc., and AT&T, Inc., on July 29, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 65:**  Admit that, after the publication of the Article, Thermal Scalpel LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Covidien LTD., TYCO Healthcare Group LP, Arthrocare Corporation, Arthrocare Medical Corporation, Boston Scientific Corporation, Boston Scientific Scimed, Inc., C.R. Bard, Inc., Medtronic, Inc., Medtronic USA, Inc., Smith & Nephew, Inc., St. Jude Medical, Inc., and St. Jude Medical S.C., Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 66:**  Admit that "Exhibit 33" is a true and correct copy of the Plaintiff's eight page Original Complaint for Patent Infringement filed by Thermal Scalpel LLC , against Covidien LTD., TYCO Healthcare Group LP, Arthrocare Corporation, Arthrocare Medical Corporation, Boston Scientific Corporation, Boston Scientific Scimed, Inc., C.R. Bard, Inc., Medtronic, Inc., Medtronic USA, Inc., Smith & Nephew, Inc., St. Jude Medical, Inc., and St. Jude Medical S.C., Inc. on August 7, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 67:**  Admit that, after the publication of the Article, Digital Security Systems Corporation, LLC , hired you as an attorney to represent them as the

Plaintiff in a patent infringement case against Samsung Electronics Co., LTD., Samsung Electronics America, Inc., Best Buy Co., Inc., D&M Holdings, Inc., Denon Electronics (USA), LLC, Funai Electric Co., LTD., Funai Corporation, Inc., LG Electronics, Inc., LG Electronics U.S.A., Inc. ,Matsushita Industrial Electric Co., LTD., Panasonic Corporation of North America, Koninklijke Philips Electronics N.V., Phillips Electronics North America Corporation, Pioneer Corporation, Pioneer Electronics (USA), Inc., Sharp Corporation, and Sharp Electronics Corporation.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 68:** Admit that "Exhibit 34" is a true and correct copy of the Plaintiff's eight page Original Complaint for Patent Infringement signed by you as attorney for Digital Security Systems Corporation, LLC against Samsung Electronics Co., LTD., Samsung Electronics America, Inc., Best Buy Co., Inc., D&M Holdings, Inc., Denon Electronics (USA), LLC, Funai Electric Co., LTD., Funai Corporation, Inc., LG Electronics, Inc., LG Electronics U.S.A., Inc., Matsushita Industrial Electric Co., LTD., Panasonic Corporation of North America, Koninklijke Philips Electronics N.V., Phillips Electronics North America Corporation, Pioneer Corporation, Pioneer Electronics (USA), Inc., Sharp Corporation, and Sharp Electronics Corporation and filed on August 11, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 69:** Admit that, after the publication of the Article, Reedhycalog UK, LTD., and Reedhycalog, LP, hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Diamond Innovations, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: denied.

**REQUEST FOR ADMISSIONS NO. 70:** Admit that "Exhibit 35" is a true and correct copy of the fourteen page Complaint for Patent Infringement filed by Reedhycalog UK, LTD., and Reedhycalog, LP, against Diamond Innovations, Inc. on August 15, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 71:** Admit that, after the publication of the Article, IPEX, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Adobe Systems Incorporated, Xythos Software, Inc., Active Innovations, Inc., Open Text, Inc., Docscorp LLC and West Publishing Corporation.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 72:** Admit that "Exhibit 36" is a true and correct copy of the Plaintiff's seven page Original Complaint for Patent Infringement filed by IPEX, LLC against Adobe Systems Incorporated, Xythos Software, Inc., Active Innovations, Inc., Open Text, Inc., Docscorp LLC and West Publishing Corporation on August 25, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 73:** Admit that, after the publication of the Article, Tendler Cellular, Inc., hired you as an attorney to represent them as the Plaintiff in a patent

infringement case against ATX Group Inc., BMW Of North America, LLC, Cross Country Automotive Services, Inc., and Toyota Motor Sales, U.S.A., Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  denied.

**REQUEST FOR ADMISSIONS NO. 74:**  Admit that "Exhibit 37" is a true and correct copy of the Plaintiff's six page Original Complaint for Patent Infringement filed by Tendler Cellular, Inc., against ATX Group Inc., BMW Of North America, LLC, Cross Country Automotive Services, Inc., and Toyota Motor Sales, U.S.A., Inc. on August 27, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 75:**  Admit that, after the publication of the Article, Stragent, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Microsoft Corporation and Ford Motor Company.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 76:**  Admit that "Exhibit 38" is a true and correct copy of the five page Original Complaint for Patent Infringement filed by Stragent, LLC against Microsoft Corporation and Ford Motor Company on September 9, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 77:**  Admit that, after the publication of the Article, Leon Stambler, hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Verisign, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 78:**  Admit that "Exhibit 39" is a true and correct copy of the eleven page Complaint for Declaratory Judgment signed by you as attorney for Leon Stambler, against Verisign, and filed on September 12, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 79:**  Admit that, after the publication of the Article, Datatreasury Corporation, hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Washington Mutual, Inc. and Washington Mutual Bank.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  denied.

**REQUEST FOR ADMISSIONS NO. 80:** Admit that "Exhibit 40" is a true and correct copy of the six page Original Complaint for Patent Infringement filed by Datatreasury Corporation, against Washington Mutual, Inc. and Washington Mutual Bank on September 17, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 81:** Admit that, after the publication of the Article, Sipco, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Amazon.com, Inc., Cooper Industries, LTD., Cooper Wiring Devices, Inc., Crestron Electronics, Inc., Eaton Corporation, Hawking Technologies, Inc., Homeseer Technologies, LLC, Intermatic, Inc., Leviton Manufacturing Co., Inc., Smart Home Systems, Inc., Wayne-Dalton Corp., and X10 Wireless Technology, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 82:** Admit that "Exhibit 41" is a true and correct copy of the sixteen page Complaint for Patent Infringement signed by you as attorney for Sipco, LLC , against Amazon.com, Inc., Cooper Industries, LTD., Cooper Wiring Devices, Inc., Crestron Electronics, Inc., Eaton Corporation, Hawking Technologies, Inc., Homeseer Technologies, LLC, Intermatic, Inc., Leviton Manufacturing Co., Inc., Smart Home Systems, Inc., Wayne-Dalton Corp., and X10 Wireless Technology, Inc., and filed on September 19, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 83:** Admit that, after the publication of the Article, Emsat Advanced Geo-Location Technology, LLC and Location Based Services LLC , hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Metropcs Communications, Inc., Metropcs Wireless, Inc., Centennial Communications Corp., Leap Wireless International, Inc., Cricket Communications, Inc., Etex Telephone Cooperative Inc., and Etex Communications, L.P.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 84:** Admit that "Exhibit 42" is a true and correct copy of the Plaintiff's ten page Original Complaint for Patent Infringement signed by you as attorney for Emsat Advanced Geo-Location Technology, LLC and Location Based Services LLC , against Metropcs Communications, Inc., Metropcs Wireless, Inc., Centennial Communications Corp., Leap Wireless International, Inc., Cricket Communications, Inc., Etex Telephone Cooperative Inc., and Etex Communications, L.P., and filed on October 7, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 85:** Admit that, after the publication of the Article, Marshall Packaging Company, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Constar International, Inc., Niagara Drinking Waters, Inc., Niagara Bottling LLC, and Iceland Spring North America, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  denied.

**REQUEST FOR ADMISSIONS NO. 86:**  Admit that "Exhibit 43" is a true and correct copy of the Plaintiff's seven page Original Complaint for Patent Infringement filed by Marshall Packaging Company, LLC against Constar International, Inc., Niagara Drinking Waters, Inc., Niagara Bottling LLC, and Iceland Spring North America, Inc. on October 8, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 87:**  Admit that, after the publication of the Article, Azure Networks, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Nokia, Inc. and Nokia Corporation.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 88:**  Admit that "Exhibit 44" is a true and correct copy of the Plaintiff's seven page Original Complaint for Patent Infringement filed by Azure Networks, LLC against Nokia, Inc. and Nokia Corporation on October 10, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 89:**  Admit that, after the publication of the Article, S.C. Johnson & Son, Inc., hired you as an attorney to represent them as the Defendant in a patent infringement case brought against them by the Procter & Gamble Company.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 90:**  Admit that "Exhibit 45" is a true and correct copy of the Answer and Counterclaims filed by S.C. Johnson & Son, Inc. to the Original Complaint for Patent Infringement filed the Procter & Gamble Company on October 20, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 91:**  Admit that, after the publication of the Article, Aloft Media, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Google, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 92:**  Admit that "Exhibit 46" is a true and correct copy of the four page Original Complaint for Patent Infringement filed by Aloft Media, Inc., against Google, Inc., on November 19, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 93:**  Admit that, after the publication of the Article, Adaptix, Inc., hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Clearwire Corporation, Clearwire Legacy LLC, and Sprint Nextel Corporation.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 94:**  Admit that "Exhibit 47" is a true and correct copy of the Plaintiff's ten page Original Complaint for Patent Infringement filed by Adaptix, Inc., against Clearwire Corporation, Clearwire Legacy LLC, and Sprint Nextel Corporation on December 1, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 95:**  Admit that, after the publication of the Article, Baker Hughes Incorporated, hired you as an attorney to represent them as the Defendant a filed by Maris Santos Lopez Dominguez, et al.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 96:**  Admit that "Exhibit 48" is a true and correct copy of the Notice of Appearance signed and filed by you as attorney for Baker Hughes Incorporated, on December 1, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 97:**  Admit that, after the publication of the Article, Leon Stambler , hired you as an attorney to represent them as the Plaintiff in a patent infringement case against  Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, The Charles Schwab Corporation, Charles Schwab & Co, Inc., Charles Schwab Bank, E*Trade Financial  Corporation, E*Trade Bank, Fidelity Brokerage Services, LLC,  National Financial Services, LLC,  FMR LLC, Morgan Stanley, Morgan Stanley & Co. Incorporated, Jack Henry & Associates, Inc., Metavante Technologies, Inc., Metavante Corporation, Paypal, Inc., American Express Company, American Bank of Commerce, BB&T Corporation, Branch Banking and Trust' Company, The Colonial Bancgroup, Inc., Colonial Bank, First National Bank Group, Inc., First National Bank, HSBC North America Holdings Inc., HSBC USA Inc., HSBC Bank USA, National Association, HSBC National Bank USA, LegacyTexas Group, Inc., LegacyTexas Bank, The PNC Financial Services Group, Inc., PNC Bank, National Association, PNC Bank, Delaware, Prosperity Bancshares, Inc., Prosperity Bank, Sterling Bancshares, Inc., Sterling Bank, SunTrust Banks, Inc., SunTrust Bank, Texas Capital Bancshares, Inc., Texas Capital Bank, National Association, U.S. Bancorp, U.S. Bank National Association, Zions Bancorporation, Zions First National Bank, and Amegy Bank National Association.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 98:**  Admit that "Exhibit 49" is a true and correct copy of the Plaintiff's thirteen page Original Complaint for Patent Infringement filed by Leon Stambler  , against  Merrill, Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, The Charles Schwab Corporation, Charles Schwab & Co, Inc., Charles Schwab Bank, E*Trade Financial  Corporation, E*Trade Bank, Fidelity Brokerage Services, LLC,  National Financial Services, LLC,  FMR LLC, Morgan Stanley, Morgan Stanley & Co. Incorporated, Jack Henry & Associates, Inc., Metavante Technologies, Inc., Metavante Corporation, Paypal, Inc., American Express Company, American Bank Of Commerce, BB&T Corporation, Branch Banking And Trust' Company, The Colonial Bancgroup, Inc., Colonial Bank, First National Bank Group, Inc., First National Bank, HSBC North America Holdings Inc., HSBC USA Inc., HSBC Bank USA, National Association, HSBC National Bank USA, LegacyTexas Group, Inc., LegacyTexas Bank, The PNC Financial Services Group, Inc., PNC Bank, National Association, PNC Bank, Delaware, Prosperity Bancshares, Inc., Prosperity Bank, Sterling Bancshares, Inc., Sterling Bank, SunTrust Banks, Inc., SunTrust Bank, Texas Capital Bancshares, Inc., Texas Capital Bank, National Association, U.S. Bancorp, U.S. Bank National Association, Zions Bancorporation, Zions First National Bank, and Amegy Bank National Association on December 4, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 99:**  Admit that, after the publication of the Article, Saxon Innovations, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Nokia Corp., Nokia, Inc., Palm, Inc., Research In Motion LTD., Research In Motion Corporation, High Tech Computer Corp., HTC America, Inc., Panasonic Corporation, AVC Networks Company, Panasonic Corporation of North America, and Panasonic Consumer Electronics Company.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 100:**  Admit that "Exhibit 50" is a true and correct copy of the eight page Complaint for Patent Infringement signed by you as attorney for Saxon Innovations, LLC  against Nokia Corp., Nokia, Inc., Palm, Inc., Research In Motion LTD., Research In Motion Corporation, High Tech Computer Corp., HTC America, Inc., Panasonic Corporation, AVC Networks Company, Panasonic Corporation of North America, and Panasonic Consumer Electronics Company, and filed on December 19, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 101:**  Admit that, after the publication of the Article, Stragent, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Pioneer Electronics (USA), Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 102:**  Admit that "Exhibit 51" is a true and correct copy of the five page Original Complaint for Patent Infringement filed by Stragent, LLC against Pioneer Electronics (USA), Inc. on December 19, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 103:**  Admit that, after the publication of the Article, Bayer Healthcare LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Abbott Laboratories, Abbott Bioresearch Center, Inc., and Abbott BioTechnology LTD.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 104:**  Admit that "Exhibit 52" is a true and correct copy of the five page Complaint for Patent Infringement signed by you on Bayer Healthcare LLC against Abbott Laboratories, Abbott Bioresearch Center, Inc., and Abbott BioTechnology LTD and filed on December 24, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 105:** Admit that, after the publication of the Article, Information Protection and Authentication of Texas, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Symantec Corp, Microsoft Corp, AVG Technologies USA, Inc., CA, Inc., Checkpoint Software, Technologies, Inc., Comodo Group, Inc., ESET, LLC, F-Secure, Inc., Iolo Technologies, LLC, Kaspersky Lab, Inc., McAfee, Inc., Microworld Technologies, Inc., Netveda, LLC, Norman Data Defense Systems, Inc., Novell, Inc., PC Tools, Inc., PWI, Inc., Sophos, Inc., Sunbelt Software, Inc., Trend Micro, Inc., Velocity Micro, Inc., and Webroot Software, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 106:** Admit that "Exhibit 53" is a true and correct copy of Plaintiff's seventeen page Original Complaint for Patent Infringement for Information Protection and Authentication of Texas, LLC against Symantec Corp, Microsoft Corp, AVG Technologies USA, Inc., CA, Inc., Checkpoint Software Technologies, Inc., Comodo Group, Inc., ESET, LLC, F-Secure, Inc., Iolo Technologies, LLC, Kaspersky Lab, Inc., McAfee, Inc., Microworld Technologies, Inc., Netveda, LLC, Norman Data Defense Systems, Inc., Novell, Inc., PC Tools, Inc., PWI, Inc., Sophos, Inc., Sunbelt Software, Inc., Trend Micro, Inc., Velocity Micro, Inc., and Webroot Software, Inc., filed on December 30, 2008, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 107:** Admit that, after the publication of the Article, SBJ IP Holdings 1, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Blockbuster Inc., et al.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 108:** Admit that "Exhibit 54" is a true and correct copy of notice of appearance of T. John Ward as an attorney representing SBJ IP Holdings 1, LLC in a suit they brought against Blockbuster Inc., et al. filed on January 28, 2009, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 109:** Admit that, after the publication of the Article, IP CO., LLC d/b/a INTUS IQ, hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Oncor Electric Delivery Company LLC, Reliant Energy, Inc., Comverge, Inc., Datamatic, Ltd., EKA Systems, Inc., Sensus Metering Systems Inc., Tantalus Systems Corp., Tendril Networks, Inc., Trilliant Incorporated, and Trilliant Networks, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 110:** Admit that "Exhibit 55" is a true and correct copy of the nineteen page Original Complaint for Patent Infringement singed by you as counsel for IP CO., LLC d/b/a INTUS IQ, against Oncor Electric Delivery Company LLC, Reliant Energy, Inc., Comverge, Inc., Datamatic, Ltd., EKA Systems, Inc., Sensus Metering Systems Inc., Tantalus Systems Corp., Tendril Networks, Inc., Trilliant Incorporated, and Trilliant Networks, Inc. and filed on January 29, 2009, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 111:** Admit that, after the publication of the Article, Saxon Innovations, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 112:** Admit that "Exhibit 56" is a true and correct copy of Plaintiff's five page Original Complaint for Patent Infringement signed by you as attorney for Saxon Innovations, LLC against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC and filed on February 18, 2009, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 113:** Admit that, after the publication of the Article, Wall Wireless, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Nintendo Co., LTD., Nintendo of America, Inc., Sony Corporation, Sony Corporation Of America, Sony Computer Entertainment America Inc., Sony Online Entertainment LLC, Nokia, Inc., and Nokia Corporation.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 114:**  Admit that "Exhibit 57" is a true and correct copy of the ten page Original Complaint for Patent Infringement by Wall Wireless, LLC against Nintendo Co., LTD., Nintendo of America, Inc., Sony Corporation, Sony Corporation Of America, Sony Computer Entertainment America Inc., Sony Online Entertainment LLC, Nokia, Inc., and Nokia Corporation filed on February 13, 2009, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 115:**  Admit that, after the publication of the Article, Emsat Advanced Geo-Location Technology, LLC and Location Based Services LLC., hired you as an attorney to represent them as the Plaintiffs in a patent infringement case against Virgin Mobile USA, L.P., 7-Eleven, Inc., MGA Entertainment, Inc., Circle K Stores, Inc., Greatcall, Inc., KaJeet, Inc., Tracfone Wireless, Inc., Ace Cash Express, Inc., and Ztar Mobile, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 116:** Admit that "Exhibit 58" is a true and correct copy of Plaintiff's eleven page Original Complaint for Patent Infringement signed by you as attorney for Emsat Advanced Geo-Location Technology, LLC and Location Based Services LLC against Virgin Mobile USA, L.P., 7-Eleven, Inc., MGA Entertainment, Inc., Circle K Stores, Inc., Greatcall, Inc., KaJeet, Inc., Tracfone Wireless, Inc., Ace Cash Express, Inc., and Ztar Mobile, Inc., and filed on April 1, 2009, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 117:** Admit that, after the publication of the Article, Parallel Networks, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Amazon.Com Inc., Google, Inc., and Kayak Software Corporation.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 118:** Admit that "Exhibit 59" is a true and correct copy of Plaintiff's four page Complaint for Patent Infringement signed by you as attorney for Parallel Networks, LLC against Amazon.Com Inc., Google, Inc., and Kayak Software Corporation, and filed on April 6, 2009, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 119:** Admit that, after the publication of the Article, General Electric Co., hired you as an attorney to represent them as a defendant in a suit filed against them by Innovation Global Systems LLC.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 120:** Admit that "Exhibit 60" is a true and correct copy of Plaintiff's nine page Original Complaint for Patent Infringement for Innovative Global Systems LLC against Turnpike Global Technologies L.L.C., Cadec Global, Inc., Xata Corporation, General Electric Co., Trimble Navigation Ltd. and Networkfleet, Inc., filed on April 7, 2009, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 121:** Admit that "Exhibit 61" is a true and correct copy of Notice of Appearance of John T. Ward for General Electric Co. in the suit brought against General Electric Co. by Innovative Global Systems LLC signed by you and filed on July 16, 2009, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 122:** Admit that, after the publication of the Article, Fractus, S.A., hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Samsung Electronics Co., LTD., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Samsung Electronics Research Institute, Samsung Semiconductor Europe GMBH, LG Electronics, Inc., LG Electronics U.S.A., Inc., Research In Motion Ltd., Research In Motion Corp.,  Pantech Wireless, Inc., Pantech Co., Ltd, Kyocera

America, Inc., Kyocera, Wireless Corp., Kyocera Communications Inc., Kyocera Corporation, Palm, Inc., High Tech Computer Corp., HTC America, Inc., Sharp Corporation, Sharp Electronics Corp.- Utstarcom, Inc., Personal Communications Devices Holdings, LLC, Sanyo Electric Co., Ltd And Sanyo North America Corp.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 123:** Admit that "Exhibit 62" is a true and correct copy of Plaintiff's twenty eight page Complaint for Patent Infringement signed by you as attorney for Fractus, S.A., against Samsung Electronics Co., LTD., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Samsung Electronics Research Institute, Samsung Semiconductor Europe GMBH, LG Electronics, Inc., LG Electronics U.S.A., Inc., Research In Motion Ltd., Research In Motion Corp., Pantech Wireless, Inc., Pantech Co., Ltd, Kyocera America, Inc., Kyocera, Wireless Corp., Kyocera Communications Inc., Kyocera Corporation, Palm, Inc., High Tech Computer Corp., HTC America, Inc., Sharp Corporation, Sharp Electronics Corp.- Utstarcom, Inc., Personal Communications Devices Holdings, LLC, Sanyo Electric Co., Ltd And Sanyo North America Corp., and filed on May 5, 2009, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 124:** Admit that, after the publication of the Article, Fractus, S.A., hired you as an attorney to represent them as the Plaintiff in a patent infringement case against LG Electronics Mobilecomm U.S.A., Inc., and Utstarcom Telecom Co., Ltd.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 125:**  Admit that "Exhibit 63" is a true and correct copy of Plaintiff's eleven page Complaint for Patent Infringement signed by you as attorney for Fractus, S.A., against LG Electronics Mobilecomm U.S.A., Inc., Utstarcom Telecom Co., Ltd., and filed on May 6, 2009, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 126:**  Admit that, after the publication of the Article, Klausner Technologies, Inc., hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Qwest Communications Corporation, Qwest Corporation, Yahoo! Inc., Panasonic Corporation of North America, Ribbit Corporation, SpinVox Limited, and ooma, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 127:**  Admit that "Exhibit 64" is a true and correct copy of Plaintiff's six page Complaint for Patent Infringement signed by you as attorney for Klausner Technologies, Inc., a New York corporation, against Qwest Communications Corporation, Qwest Corporation, Yahoo! Inc., Panasonic Corporation of North America, Ribbit Corporation, SpinVox Limited, and ooma, Inc., and filed on May 26, 2009, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 128:**  Admit that, after the publication of the Article, Parallel Networks, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Microsoft Corporation.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 129:**  Admit that "Exhibit 65" is a true and correct copy of Plaintiff's five page Original Complaint for Patent Infringement filed by Parallel Networks, LLC against Microsoft Corporation, on May 29, 2009, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 130:**  Admit that, after the publication of the Article, Parallel Networks, and LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Unify Corporation.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 131:**  Admit that "Exhibit 66" is a true and correct copy of Plaintiff's eighteen page Original Complaint filed by Parallel Networks, LLC against Unify Corporation, on May 29, 2009, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 132:**  Admit that, after the publication of the Article, Cheetah Omni LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Verizon Communications Inc. and Grande Communications Networks, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 133:**  Admit that "Exhibit 67" is a true and correct copy of Plaintiff's six page Complaint for Patent Infringement signed by you as attorney for Cheetah Omni LLC against Verizon Communications Inc. and Grande Communications Networks, Inc., and filed on June 9, 2009, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 134:**  Admit that, after the publication of the Article, Internet Coupon Solutions LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Coupons, Inc., News America Marketing Interactive, LLC, Valassis Direct Mail, Inc., and Valpak Direct Marketing Systems, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 135:** Admit that "Exhibit 68" is a true and correct copy of Plaintiff's five page Original Complaint for Patent Infringement filed by Internet Coupon Solutions LLC against Coupons, Inc., News America Marketing Interactive, LLC, Valassis Direct Mail, Inc., Valpak Direct Marketing Systems, Inc., on June 10, 2009, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 136:** Admit that, after the publication of the Article, Saxon Innovations, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Casio Computer Co., Ltd., Casio Corporation of America, Inc., Kyocera Corporation, Kyocera International, Inc., Kyocera Wireless Corporation, Kyocera America, Inc., Sanyo Electric Co Ltd., Sanyo North America Corporation, Sierra Wireless America, Inc., Sierra Wireless, Inc., Panasonic Corporation, Panasonic Corporation of North America, Panasonic Consumer Electronics Company, Panasonic Electronic Devices Corporation Of America, and Utstarcom, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: admitted.

**REQUEST FOR ADMISSIONS NO. 137:** Admit that "Exhibit 69" is a true and correct copy of Plaintiff's ten page Complaint for Patent Infringement signed by you as attorney for Saxon Innovations, LLC against Casio Computer Co., Ltd., Casio Corporation of America, Inc., Kyocera Corporation, Kyocera International, Inc., Kyocera Wireless Corporation, Kyocera America, Inc., Sanyo Electric Co Ltd., Sanyo North America Corporation, Sierra Wireless America, Inc., Sierra Wireless, Inc., Panasonic Corporation, Panasonic Corporation of North America, Panasonic Consumer Electronics Company, Panasonic Electronic Devices Corporation Of America, and Utstarcom, Inc., and filed on June 17, 2009, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 138:** Admit that, after the publication of the Article, Saxon Innovations, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Palm, Inc., Research In Motion Corporation, and Research In Motion Ltd.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 139:** Admit that "Exhibit 70" is a true and correct copy of Plaintiff's four page Complaint for Patent Infringement signed by you as attorney for Saxon Innovations, LLC against Palm, Inc., Research In Motion Corporation, and Research In Motion Ltd., and filed on June 19, 2009, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 140:** Admit that, after the publication of the Article, Celltrace LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against AT&T Inc., AT&T Mobility LLC f/k/a Cingular wireless LLC, T-mobile USA, Inc., Alltell Corporation, Alltel Communications, LLC, Etex Telephone Cooperative Inc., Etex Communications, L.P., Metropcs Communications, Inc., Metropcs Wireless, Inc., Sprint Nextel Corporation, Sprint Spectrum L.P., Sprint Communications Company L.P., Nextel Operations, Inc., Nextel West Corp., Nextel of California, Inc., Nextel Communications of the Mid-Atlantic, Inc., Nextel of New York, Inc., Nextel South Corp., Nextel of Texas, Inc., United States Cellular Corporation, and Cellco Partnership d/b/a Verizon Wireless.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 141:** Admit that "Exhibit 71" is a true and correct copy of Plaintiff's eleven page Original Complaint for Patent Infringement filed by Celltrace LLC against AT&T Inc., AT&T Mobility LLC f/k/a Cingular wireless LLC, T-mobile USA, Inc., Alltell Corporation, Alltel Communications, LLC, Etex Telephone Cooperative Inc., Etex Communications, L.P., Metropcs Communications, Inc., Metropcs Wireless, Inc., Sprint Nextel Corporation, Sprint Spectrum L.P., Sprint Communications Company L.P., Nextel Operations, Inc., Nextel West Corp., Nextel of California, Inc., Nextel Communications of the Mid-Atlantic, Inc., Nextel of New York, Inc., Nextel South Corp., Nextel of Texas, Inc., United States Cellular Corporation, and Cellco Partnership d/b/a Verizon Wireless SSL Services LLC on July 8, 2009, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 142:** Admit that, after the publication of the Article, Aloft Media, LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Oracle Corporation, Oracle USA, Inc., Yahoo!, Inc., Google, Inc., Fair Isaac Corp., Fidelity Investments, LLC, Scottrade, Inc., TD Ameritrade, Inc., Halliburton Co., E-Trade Securities, LLC, and Charles Schwab & Co., Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 143:** Admit that "Exhibit 72" is a true and correct copy of Plaintiff's eight page Complaint for Patent Infringement  filed by Aloft Media, LLC against Oracle Corporation, Oracle USA, Inc., Yahoo!, Inc., Google, Inc., Fair Isaac Corp., Fidelity Investments, LLC, Scottrade, Inc., TD Ameritrade, Inc., Halliburton Co., E-Trade Securities,

LLC, and Charles Schwab & Co., Inc., on July 14, 2009, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 144:**  Admit that "Exhibit 73" is a true and correct copy of Notice of Appearance of T. John Ward, Jr., to represent Aloft Media, LLC against Oracle Corporation, Oracle USA, Inc., Yahoo!, Inc., Google, Inc., Fair Isaac Corp., Fidelity Investments, LLC, Scottrade, Inc., TD Ameritrade, Inc., Halliburton Co., E-Trade Securities, LLC, and Charles Schwab & Co., Inc., filed on July 15, 2009, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 145:**  Admit that, after the publication of the Article, Celltrace LLC hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Metropcs Communications, Inc., and Metropcs Wireless, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 146:**  Admit that "Exhibit 74" is a true and correct copy of Plaintiff's five page Original Complaint for Patent Infringement signed by you as attorney for Celltrace LLC against Metropcs Communications, Inc., Metropcs Wireless, Inc., and filed on August 19, 2009, in the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 147:**  Admit that, after the publication of the Article, Paltalk Holdings, Inc., hired you as an attorney to represent them as the Plaintiff in a patent infringement case against Sony Computer Entertainment America Inc., Sony Online entertainment LLC, Sony Corporation, Sony Corporation of America, Activision Blizzard Inc., Blizzard Entertainment, Inc., NCSOFT Corporation, Jagex Ltd., and Turbine, Inc.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  denied.

**REQUEST FOR ADMISSIONS NO. 148:**  Admit that "Exhibit 75" is a true and correct copy of Plaintiff's sixteen page Complaint for Patent Infringement filed by Paltalk Holdings, Inc. against Sony Computer Entertainment America Inc., Sony Online Entertainment LLC, Sony Corporation, Sony Corporation of America, Activision Blizzard Inc., Blizzard Entertainment, Inc., NCSOFT Corporation, Jagex Ltd., and Turbine, Inc., on September 14, 2009, in the United States District Court for the Eastern Distinct of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 149:**  Admit that "Exhibit 76" is a true and correct copy of the five page First Amended Complaint for Patent Infringement filed by Aloft Media, LLC against Microsoft Corporation, on February 22, 2008, in the United States District Court for the Eastern Distinct of Texas, Civil Action No. 6:08-cv-50.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 150:** Admit that you represented Rebecca Womack, Individually and on behalf of all others similarly situated in a suit against Nissan North America, Inc. and Nissan Motor Co., Ltd.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 151:** Admit that "Exhibit 77" is a true and correct copy of Plaintiff's eleven page Original Class Action Complaint filed by Rebecca Womack, Individually and on behalf of all others similarly situated against Nissan North America, Inc. and Nissan Motor Co., Ltd. on November 16, 2006, in the United States District Court for the Eastern Distinct of Texas.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

**REQUEST FOR ADMISSIONS NO. 152:** Admit that "Exhibit 78" is a truce and correct copy of the notice of appearance of T. John Ward, Jr. as counsel for Rebecca Womack, Individually and on behalf of all others similarly situated against Nissan North America, Inc. and Nissan Motor Co., Ltd. signed and filed by you on January 4, 2007, in the United States District Court for the Eastern Distinct of Texas.

**RESPONSE:**

Plaintiff objects to the definition of "you" as overly broad and exceeding the scope of discovery permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26 and 36.

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.

Subject to and without waiving the forgoing objections, Plaintiff responds as follows:  admitted.

Respectfully Submitted,


Nicholas H. Patton
AR Bar No. 63035
Courtney Towle
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)
Email: nickpatton@texarkanalaw.com
Email**:** ctowle@texarkanalaw.com


Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street
Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033
Email: ppeden@pedenlawfirm.com


James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)


ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    This is to certify that on this 16th day of November, 2009, a true and correct copy of the foregoing document was served electronically upon:

Richard E. Griffin            Attorneys for Defendant Cisco Systems, Inc.
Charles Babcock
Crystal Parker
Kurt Schwarz
JACKSON WALKER, LLP
1401 McKinney
Suite 1900
Houston, Texas 77010


_____
Nicholas H. Patton