# EXHIBIT G

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| | § | |
| | § | C.A. NO. 08-4022 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
SECOND SET OF REQUESTS FOR ADMISSIONS**

TO:   Cisco Systems, Inc., by and through its attorneys of record, Mr. Charles Babcock, Mr. Richard Griffin and Ms. Crystal Parker, JACKSON WALKER, LLP, 1401 McKinney, Suite 1900, Houston, Texas 77010.

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff John Ward Jr. ("Ward") objects

to and responds to Defendant Cisco System, Inc. ("Cisco")'s Second Set of Requests For

Admissions as follows:


**REQUEST FOR ADMISSION NO. 1:**  Admit that the term "encrypted stamp" does not appear in the Local Rules of the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects on the basis that the question is ambiguous and misleading because it seeks to portray the term "encrypted stamp" as having a meaning separate and apart from the Notice of Electronic Filing of which it is a part.  Admitted that the words "encrypted stamp" do not expressly appear in the Local Rules of the United States District Court for the Eastern District of Texas but that the term is used to refer to the official record of the electronic transmission of a document to the Electronic Filing System as recorded in the "Notice of Electronic Filing" from the Court including the "Electronic Document Stamp" that, under the Local Rules, constitutes the official record for filing of the document for all purposes.  In all other respects, denied.

**REQUEST FOR ADMISSION NO. 2:**  Admit that the term "encrypted stamp" does not appear in the Federal Rules of Civil Procedure.

**RESPONSE:**

Plaintiff objects on the basis that the question is misleading and lacks foundation in that it seeks to portray the Federal Rules of Civil Procedure as having a rule relating to the filing documents using the Court's Electronic Case Filing System, when the Federal Rules of Civil Procedure have no such rule.   Admitted that the Federal Rules of Civil Procedure do not use the words "encrypted stamp" and those words would not be expected to appear in the Federal Rules of Civil Procedure when there is no Federal Rule of Procedure directed to electronic case filings.   In all other respects, denied.

**REQUEST FOR ADMISSION NO. 3:**  Admit that the term "encrypted document stamp" does not appear in the Local Rules of the United States District Court for the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects on the basis that the question is ambiguous and misleading because it seeks to portray the term "encrypted document stamp" as having a meaning separate and apart from the Notice of Electronic Filing of which it is a part.  Admitted that the words "encrypted document stamp" do not expressly appear in the Local Rules of the United States District Court for the Eastern District of Texas but that those words are used to refer to the official record of the electronic transmission of a document to the Electronic Filing System as recorded in the "Notice of Electronic Filing" from the Court including the "Electronic Document Stamp" that, under the Local Rules, constitutes the official record for filing of the document for all purposes.   In all other respects, denied.

**REQUEST FOR ADMISSION NO. 4:**  Admit that the term "encrypted document stamp" does not appear in the Federal Rules of Civil Procedure.

**RESPONSE:**

Plaintiff objects on the basis that the question is misleading and lacks foundation in that it seeks to portray the Federal Rules of Civil Procedure as having a rule relating to the filing of documents using the Court's Electronic Case Filing System, when the Federal Rules of Civil Procedure have no such rule.  Admitted that the Federal Rules of Civil Procedure do not use the words "encrypted document stamp" and those words would not be expected to appear in the Federal Rules of Civil Procedure when there is no Federal Rule of Procedure directed to electronic case filings.  In all other respects, denied.

**REQUEST FOR ADMISSION NO. 5:**  Admit that the docket for the United States District Court for the Eastern District of Texas, as viewable online through the Pacer/ECF system, is an official record of the court.

**RESPONSE:**

Plaintiff is unable to admit or deny the request which asks for information about what the United States District Court for the Eastern District of Texas deems to be an official court record.  After undertaking a reasonable inquiry of the Local Rules, Plaintiff admits that the Local Rules for the Eastern District of Texas state the following:  Electronic transmission of a document to the Electronic Filing System consistent with these rules, together with the transmission of a Notice of Electronic Filing from the court, constitutes filing of the document for all purposes, and constitutes entry of the document on the docket kept by the clerk.  In all other respects, denied.

**REQUEST FOR ADMISSION NO. 6:**  Admit that the header or banner that is printed on the top of filings on the Pacer/ECF system cannot be altered by attorneys or parties to litigation.

**RESPONSE:**

Plaintiff is unable to admit or deny the request which asks for information about the operation of the Eastern District of Texas's Pacer/ECF system and the technical abilities of "attorneys or parties" in general, for which Plaintiff has insufficient personal knowledge to admit or deny the request.  Therefore, the request is denied.

**REQUEST FOR ADMISSION NO. 7:**  Admit that the header or banner that is printed on the top of filings on the Pacer/ECF system is placed on the document by the Pacer/ECF system.

**RESPONSE:**

Plaintiff is unable to admit or deny the request which asks for information about the operation of the Eastern District of Texas's Pacer/ECF system because Plaintiff does not have personal knowledge of the operation of the Court's ECF system sufficient to admit or deny the request. Based on Plaintiff's understanding, he denies that the Pacer/ECF system dictates whether the optional header or banner is printed on copies of pleadings filed in the Eastern District of Texas because the document header or banner is an optional feature that can be turned on or off by a user.  If the user chooses the option of having the header or banner printed on a document, Plaintiff believes that it is reasonable to assume that software contained in the Court's ECF system generates the optional header or banner that is printed at the top of documents filed with the Court.  In all other respects, denied.

**REQUEST FOR ADMISSION NO. 8:**  Admit that the header or banner that is stamped on the top of filings on the Pacer/ECF system is an official record of the court.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 9:**  Admit that the Pacer/ECF system is designed to place the same date on the header or banner that is stamped on the top of filings on the Pacer/ECF as the date that appears under the "filed" column on the court's docket.

**RESPONSE:**

Plaintiff is unable to admit or deny the request which asks for information about the operation of the Eastern District of Texas's Pacer/ECF system because Plaintiff does not have personal knowledge of the operation of the Court's ECF system and there for lacks a sufficient to admit or deny the request. Therefore, the request is denied.

**REQUEST FOR ADMISSION NO. 10:** Admit that the Pacer/ECF system is designed to indicate on the docket that a pleading is filed on the date that the filing party uploads the pleading onto the Pacer/ECF system.

**RESPONSE:**

Plaintiff is unable to admit or deny the request which asks for information about the operation of the Eastern District of Texas's Pacer/ECF system because Plaintiff does not have personal knowledge of the operation of the Court's ECF system sufficient to admit or deny the request. Therefore, the request is denied.

**REQUEST FOR ADMISSION NO. 11:** Admit that a clerk for the United States District Court for the Eastern District of Texas altered the date in the "Date Filed" column of the docket for the ESN Texas Case from 10/15/2007 to 10/16/2007.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 12:** Admit that as a result of the clerk for the United States District Court for the Eastern District of Texas altering the date in the "Date Filed" column of the docket for the ESN Texas Case from 10/15/2007 to 10/16/2007, the header or banner on the Complaint in the ESN Texas Case on the Pacer/ECF was also altered to state that the pleading was "Filed: 10/16/2007."

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 13:** Admit that on October 16, 2007, the header or banner on the Complaint in the ESN Texas Case on the Pacer/ECF stated "Filed: 10/15/2007."

**RESPONSE:**

Plaintiff objects to Defendant's request as intentionally misleading in seeking an incomplete response that under the doctrine of completeness requires consideration of the full answer. Plaintiff admits that on October 16, 2007, if a user had selected the option of printing the header or banner that the ECF system could print across the top of the ESN Complaint, the header would have incorrectly said "5:07-cv-00156-DF-CMC   Document 1-1   Field 10/15/2007 Page 1

4

of 6." The header or banner is not part of the Complaint, and the NEF for the Complaint has at all times shown that the ESN Complaint was filed on October 16, 2007. In all other respects, denied.

**REQUEST FOR ADMISSION NO. 14:** Admit that the header or banner on the Complaint on the Pacer/ECF was altered by the clerk for the United States District Court for the Eastern District of Texas to state "Filed: 10/16/2007."

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 15:** Admit that the docket in the ESN Texas Case did not provide an explanation of the reason that the docket in the ESN Texas Case was altered.

**RESPONSE:**

The Request lacks foundation, assumes facts, and is misleadingly argumentative in asserting that the docket in the ESN case was "altered." Plaintiff denies that the docket was altered. Thus, the Request is unanswerable in this form and is denied.

**REQUEST FOR ADMISSION NO. 16:** Admit that Cisco was not notified by ESN that the docket in the ESN Texas Case had been altered.

**RESPONSE:**

The Request lacks foundation, assumes facts, and is misleadingly argumentative in asserting that the docket in the ESN case was "altered." Plaintiff denies that the docket was altered. Thus, the Request is unanswerable in this form. In any event, denied.

**REQUEST FOR ADMISSION NO. 17:** Admit that Cisco was not notified by the clerk of the United States District Court for the Eastern District of Texas that the docket in the ESN Texas Case had been altered.

**RESPONSE:**

The Request lacks foundation, assumes facts, and is misleadingly argumentative in asserting that the docket in the ESN case was "altered." Plaintiff denies that the docket was altered. Thus, the Request is unanswerable in this form. However, to the extent that the request seeks an admission that Cisco never had a chance to make argument to the Court concerning the correction of the docket entry, the request is denied.

**REQUEST FOR ADMISSION NO. 18:** Admit that Cisco was not provided an opportunity to argue to the court that the docket in the ESN Texas Case should not be altered.

**RESPONSE:**

The Request lacks foundation, assumes facts, and is misleadingly argumentative in asserting that the docket in the ESN case was "altered." Plaintiff denies that the docket was altered. Thus, the Request is unanswerable in this form. However, to the extent that the request seeks an admission that Cisco never had a chance to make argument to the Court concerning the correction of the docket entry, the request is denied.

**REQUEST FOR ADMISSION NO. 19:** Admit that Cisco was not notified by ESN of the reason that the docket in the ESN Texas Case was altered.

**RESPONSE:**

The Request lacks foundation, assumes facts, and is misleadingly argumentative in asserting that the docket in the ESN case was "altered." Plaintiff denies that the docket was altered. Thus, the Request is unanswerable in this form. In any event, denied.

**REQUEST FOR ADMISSION NO. 20:** Admit that Cisco was not notified by the clerk of the United States District Court for the Eastern District of Texas of the reason that the docket in the ESN Texas Case was altered.

**RESPONSE:**

The Request lacks foundation, assumes facts, and is misleadingly argumentative in asserting that the docket in the ESN case was "altered." Plaintiff denies that the docket was altered. Thus, the Request is unanswerable in this form. However, to the extent that the request seeks an admission that the court clerk never explained to Cisco why the docket entry was corrected to reflect the actual and true date that the ESN Complaint was filed, the request is denied..

**REQUEST FOR ADMISSION NO. 21:** Admit that until the clerk for the United States District Court for the Eastern District of Texas altered the filing date for the Complaint in the ESN Texas Case, none of the clerks of that court had ever altered the filing date for a complaint on the Pacer/ECF system.

**RESPONSE:**

The Request lacks foundation, assumes facts, and is misleadingly argumentative in asserting that the filing date for the Complaint was "altered." This assertion is demonstrably false. Thus, the Request is unanswerable in this form. Ward lacks knowledge sufficient to admit or deny this request which specifically asks for information known only the court clerks, and it is therefore denied. However, plaintiff can admit that he has no knowledge of the clerks for the United States District Court for the Eastern District of Texas engaging in this type of criminal activity. In all other respects, the Request is denied.

**REQUEST FOR ADMISSION NO. 22:**  Admit that the placing of the date 10/15/2007 in the "Date Filed" column for the Complaint on the docket of the ESN Texas Case was not a computer glitch.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 23:**  Admit that the placing of the date 10/15/2007 in the "Date Filed" column for the Complaint on the docket of the ESN Texas Case was not caused by an error by a clerk of the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that the Request is vague, ambiguous and fails to identify with specificity the information sought to be admitted.  Admitted that the court clerks did nothing wrong with respect to the filing of the ESN Complaint.  In all other respects, denied.

**REQUEST FOR ADMISSION NO. 24:**  Admit that ESN was advised by a clerk of the United States District Court for the Eastern District of Texas that the placing of the date 10/15/2007 for the filing date of the Complaint on the docket in the ESN Texas Case was not a computer glitch.

**RESPONSE:**

Plaintiff objects that the Request is vague, ambiguous and fails to identify with specificity the information sought to be admitted and is therefore denied.  To the extent that the Request seeks an admission that the docket in the ESN Texas Case did not reflect and incorrect date as a result of a software glitch contained in the Court's ECF system, the Request is denied.

**REQUEST FOR ADMISSION NO. 25:**  Admit that ESN was advised by a clerk of the United States District Court for the Eastern District of Texas that the placing of the date 10/15/2007 for the filing date of the Complaint on the docket in the ESN Texas Case was not a error by a clerk of the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects that the Request is vague, ambiguous and fails to identify with specificity the information sought to be admitted.  Assuming that a clerk is not responsible for the programming of the ECF software, Plaintiff admits that the court clerks did nothing wrong with respect to the filing of the ESN Complaint.  In all other respects, denied.  .

**REQUEST FOR ADMISSION NO. 26:**  Admit that no change has been made in the Pacer/ECF system to change the way that the Pacer/ECF system allocates dates for filings in the Eastern District of Texas.

**RESPONSE:**

Plaintiff is unable to admit or deny the request which asks for information about the operation of the Eastern District of Texas's Pacer/ECF system because Plaintiff does not have independent knowledge of the operation of the Court's ECF system, or changes made to that system, sufficient to admit or deny the request.  The request is therefore denied.

**REQUEST FOR ADMISSION NO. 27:**  Admit that you have relied on a date on the docket of the Pacer/ECF system to calculate a deadline in your practice of law.

**RESPONSE:**

Admit that Plaintiff has looked at a docket date to ascertain the date a document was filed but denied that Plaintiff has relied on that date to calculate a court deadline because the docket does not include the time a document is filed, which is required to determine the date a responsive pleading is due.  Denied that Plaintiff has ever "relied" on the docket date when there is a question about the filing of a document because when there is a question about when a document was filed, Plaintiff relies on the Notice of Electronic Filing to determine the official date and time of filing.  In all other respects, denied.

**REQUEST FOR ADMISSION NO. 28:**  Admit that you have cited the date on a docket on the Pacer/ECF system as evidence of when a pleading or other document was filed with the court.

**RESPONSE:**

Admitted that Plaintiff has referred to docket entries in briefing to the Court, as is routinely done, by referring to "*See* D.E. No. ___."  Admitted that Plaintiff and Defendant in this case have both referred to docket entries in that manner to help the Court locate a document cited in briefing to the Court.  Denied that Plaintiff has cited a docket entry as the official record of the time a pleading was received by the Court.  Denied that Plaintiff has cited the docket entry as the controlling authority or as more authoritative than the official record contained in the Court's Notice of Electronic Filing.  In all other respects, denied.

**REQUEST FOR ADMISSION NO. 29:**  Admit that you have relied on a header or banner on a pleading or other filing filed on the Pacer/ECF system to calculate a deadline in your practice of law.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 30:**  Admit that you have cited the date on a header or banner on a pleading or other filing on the Pacer/ECF system as evidence of when a pleading or other document was filed with the court.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 31:**  Admit that the proper method to affect an alteration of a filing date of a complaint that affects jurisdiction of the court would be to file a motion with the court.

**RESPONSE:**

The Request includes an improper, vague, ambiguous and misleading underlying assumption that there is a "proper way" to affect an "alteration."   The Request is impermissibly vague and ambiguous by what is meant by "affects jurisdiction".   The Request calls for speculation and for information outside of Plaintiff's personal knowledge.   The Request is therefore denied.

**REQUEST FOR ADMISSION NO. 32:**  Admit that, as of April 30, 2009, a party who uploads a pleading on the Pacer/ECF system before midnight on April 29, 2009, but pushes the last button to complete the filing after midnight on April 30, 2009, will be given a "filed" date on the docket of April 30, 2009.

**RESPONSE:**

Plaintiff objects that this Request seeks information that is not relevant to any claim or defense in this case.  Subject to Plaintiff's relevance objection, Plaintiff responds that he is unable to admit or deny the request which asks for information about the operation of the Eastern District of Texas's Pacer/ECF system because Plaintiff does not have personal knowledge of the operation of the Court's ECF system sufficient to admit or deny the request, therefore denied.

**REQUEST FOR ADMISSION NO. 33:**  Admit that the Local Rules of the Eastern District of Texas contain no warning that a docket on the Pacer/ECF system cannot be relied upon.

**RESPONSE:**

Admitted that the Local Rules of the Eastern District of Texas do not contain express language stating "don't rely on the docket as it appears on the ECF system."   Denied that the Local Rules do not warn attorneys not to rely on a docket entry located on Pacer.  The Local Rules warn attorneys that the docket entry is not the official record of when a pleading is filed with the Court and therefore an attorney practicing in the Eastern District of Texas knows that he or she should rely on the NEF rather than a docket entry.  Local Rule 5(a)(3)(A) clearly advices attorneys that electronic transmission of a document the Electronic Filing System, together with the transmission of a Notice of Electronic Filing from the court, constitutes filing of the document for all purposes, and controls the filing date that should be entered on the docket kept by the clerk.  Local Rule 5(a)(3)(B) tells attorneys practicing in the Eastern District of Texas that, when a document has been filed electronically, the official record is the electronic recording of the document as stored by the court, and that "[a] document filed electronically is deemed filed at the date and time stated on the Notice of Electronic Filing from the Court. Local Rule 5(a)(3)(C)

states that service is deemed completed at the date and time stated on the Notice of Electronic Filing from the court. Local Rule 5(a)(3)(D) states that a document must be filed before midnight where the court is located to be considered filed that day, the natural implication of which is that documents filed after midnight are considered filed the next day.  Local Rule 5(a)(3) expressly and repeatedly warns attorneys practicing in the Eastern District of Texas that the NEF is the official record of when a document is filed with the Court, not the docket as it appears on the Pacer/ECF system and thereby does provide attorneys with a warning that in determining the date and time a document is filed with the Court, they should not rely on anything other than the Court's NEF.  In all other respects, denied.

**REQUEST FOR ADMISSION NO. 34:**  Admit that the Local Rules of the Eastern District of Texas contain no warning that a header or banner on a pleading on the Pacer/ECF system cannot be relied upon.

**RESPONSE:**

Admitted that the Local Rules of the Eastern District of Texas do not contain express language stating "don't rely on the header or banner on a pleading as it appears on the ECF system." Denied that the Local Rules do not provide a warning that a header or banner on a pleading should not be relied upon to determine the date and time a document is filed with the Court.  The Local Rules warn attorneys that the document header or banner is not the official record of when a pleading is filed with the Court and therefore an attorney practicing in the Eastern District of Texas knows that he or she should rely on the NEF rather than a docket entry.  Local Rule 5(a)(3)(A) clearly advices attorneys that electronic transmission of a document the Electronic Filing System, together with the transmission of a Notice of Electronic Filing from the court, constitutes filing of the document for all purposes, and controls the filing date that should be entered on the docket kept by the clerk.  Local Rule 5(a)(3)(B) tells attorneys practicing in the Eastern District of Texas that, when a document has been filed electronically, the official record is the electronic recording of the document as stored by the court, and that "[a] document filed electronically is deemed filed at the date and time stated on the Notice of Electronic Filing from the Court. Local Rule 5(a)(3)(C) states that service is deemed completed at the date and time stated on the Notice of Electronic Filing from the court.  Local Rule 5(a)(3)(D) states that a document must be filed before midnight where the court is located to be considered filed that day, the natural implication of which is that documents filed after midnight are considered filed the next day.  Local Rule 5(a)(3) expressly and repeatedly warns attorneys practicing in the Eastern District of Texas that the NEF is the official record of when a document is filed with the Court, not a document header or banner appearing on the Pacer/ECF system and thereby does provide attorneys with a warning that in determining the date and time a document is filed with the Court, they should not rely on anything other than the Court's NEF.  In all other respects, denied.

**REQUEST FOR ADMISSION NO. 35:**  Admit that the Local Rules Committee of the Eastern District of Texas has been aware of the situation with the filing of the ESN Texas Case but has made no changes to the local rules with respect to filing dates for pleadings filed using the Pacer/ECF system.

**RESPONSE:**

Plaintiff objects that this request seeks information that is not relevant to any claim or defense at issue in this case.  Subject to Plaintiff's relevancy objection, Plaintiff responds that he is unable to admit or deny the request which asks for information known by the Local Rules Committee of the Eastern District of Texas.  Plaintiff is not on the Local Rules Committee of the Eastern District of Texas and cannot be required to respond on its behalf, therefore denied.

**REQUEST FOR ADMISSION NO. 36:**  Admit that counsel for ESN, Eric Albritton, is on the Local Rules Committee of the Eastern District of Texas.

**RESPONSE:**

Plaintiff objects to this Request as not being relevant to any claim or defense at issue in this case. The Request is also vague, ambiguous and misleading in failing to identify the time period for which Defendant seeks a response.  Subject to Plaintiff's objections, admitted that Eric Albritton is currently on the Local Rules Committee of the Eastern District of Texas.

**REQUEST FOR ADMISSION NO. 37:**  Admit that counsel for ESN, Eric Albritton, was appointed to the Local Rules Committee of the Eastern District of Texas by a judge in the Eastern District of Texas after the publication of the Complained-of Articles.

**RESPONSE:**

Plaintiff objects to this Request as not being relevant to any claim or defense at issue in this case. Subject to Plaintiff's relevance objection, admitted that Eric Albritton is currently on the Local Rules Committee of the Eastern District of Texas and that he was appointed to that committee by a judge in the Eastern District of Texas.

**REQUEST FOR ADMISSION NO. 38:**  Admit that the Local Rules Committee of the Eastern District of Texas has been aware of the situation with the filing of the ESN Texas Case but has made no changes to the Local Rules of the Eastern District of Texas with respect to filing dates.

**RESPONSE:**

Plaintiff objects to this Request as not being relevant to any claim or defense at issue in this case Subject to Plaintiff's relevancy objection, Plaintiff responds that he is unable to admit or deny the request which asks for information known by the Local Rules Committee of the Eastern District of Texas.  Plaintiff is not on the Local Rules Committee of the Eastern District of Texas and cannot be required to respond with information not in his possession, custody or control, therefore denied.

**REQUEST FOR ADMISSION NO. 39:**  Admit that the Local Rules Committee of the Eastern District of Texas has been aware of the situation with the filing of the ESN Texas Case but has made no changes to the Local Rules of the Eastern District of Texas to warn litigants not to rely on "filed" dates on the docket for complaints.

11

**RESPONSE:**

Plaintiff objects to this Request as not being relevant to any claim or defense at issue in this case Subject to Plaintiff's relevancy objection, Plaintiff objects to this Request in that it includes a false premise that the Local Rules do not advise litigants not to rely on "filed" dates listed in the Court's docket entries.   Plaintiff is unable to admit or deny the request which asks for information known by the Local Rules Committee of the Eastern District of Texas.   Plaintiff is not on the Local Rules Committee of the Eastern District of Texas and cannot be required to respond with information not in his possession, custody or control, therefore denied.

**REQUEST FOR ADMISSION NO. 40:**   Admit that Ward did not post any comments to the Complained-of Articles on the Patent Troll Tracker.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 41:**   Admit that Ward did not request that the Patent Troll Tracker remove the Complained-of Articles prior to filing the above-captioned lawsuit.

**RESPONSE:**

Admitted that Ward did not know the identity of the anonymous Patent Troll Tracker Blogger and therefore did not ask the author to remove the Complained-of Articles.   Denied that Ward was not attempting to have the articles removed in that he filed suit in Gregg County before his above-captioned lawsuit was filed in an attempt to identify the Troll Tracker and to have the complained of articles removed from the Troll Tracker Blog.

**REQUEST FOR ADMISSION NO. 42:**   Admit that the Complaint filed in the ESN Texas Case was filed on October 15, 2007.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 43:**   Admit that if the Complaint in the ESN Texas Case was filed on October 15, 2007, the Eastern District of Texas would not have had subject-matter jurisdiction over the ESN Texas Case.

**RESPONSE:**

The Request calls for a conclusion of law and for speculation and is therefore denied.

**REQUEST FOR ADMISSION NO. 44:**   Admit that if the Complaint in the ESN Texas Case was filed on October 15, 2007, the Eastern District of Texas would not have had subject-matter jurisdiction over the patent infringement claim in the ESN Texas Case.

12

**RESPONSE:**

The Request calls for a conclusion of law and for speculation and is therefore denied

**REQUEST FOR ADMISSION NO. 45:**   Admit that the Civil Cover Sheet filed by Eric Albritton in the ESN Texas Case indicated that it was signed on October 15, 2007.

**RESPONSE:**

Admitted that the Civil Cover Sheet for the ESN Texas Case was signed by Eric Albritton on October 15, 2007 and emailed to the court clerk on October 15, 2007 as required to open a shell case file for the ESN v. Cisco litigation.  Denied that the Civil Cover Sheet was filed by Eric Albritton on October 15, 2007, because the Civil Cover Sheet was filed as an attachment to the ESN Complaint, which was filed on October 16, 2007.  In all other respects, denied.

**REQUEST FOR ADMISSION NO. 46:**   Admit that on October 17, 2007, the Civil Cover Sheet filed by Eric Albritton in the ESN Texas Case had a header or banner when viewed on the Pacer/ECF system, if the user chose to view the header, that stated "Filed: 10/15/2007."

**RESPONSE:**

Plaintiff objects that the Request is vague, ambiguous and fails to identify with specificity the information sought to be admitted.  Admitted that at some time on October 17, 2007, if a user of the ECF system selected the option of having a header or banner print across the official pleading, the unofficial and optional banner incorrectly included the words "Filed: 10/15/2007" but the official record of the filing of the ESN Complaint at all times stated that the Civil Cover Sheet was filed on October 16, 2007.  In all other respects, denied.

**REQUEST FOR ADMISSION NO. 47:**   Admit that, as of October 18, 2007, you had never known of an instance where the date in the "Date Filed" column on a docket on the ECF/Pacer system changed to reflect a different date.

**RESPONSE:**

Admit that as of October 18, 2007 Plaintiff was unaware of an instance where the court clerk made a correcting entry to conform the date filed column on the docket to reflect the official date of filing as recorded on the Notice of Electronic Filing.  In all other respects, denied.

**REQUEST FOR ADMISSION NO. 48:**   Admit that a court clerk does not have authority to alter a date that would affect subject-matter jurisdiction in a case.

**RESPONSE:**

Plaintiff objects that this request is vague and ambiguous in "authority," and "subject-matter jurisdiction" calls for a conclusion of law as to what would affect subject matter jurisdiction, is argumentative in the use of the term "alter," and calls for speculation regarding the clerk's

duties, responsibilities, and the authority granted the court clerks by the Court, which is information outside of Plaintiff's personal knowledge.  Admitted that the clerk is not authorized to engage in criminal activity, in all other respects denied.

**REQUEST FOR ADMISSION NO. 49:**  Admit that David Maland does not have authority to alter a date that would affect subject-matter jurisdiction in a case.

**RESPONSE:**

Plaintiff objects that this request is vague and ambiguous in "authority," and "subject-matter jurisdiction" calls for a conclusion of law as to what would affect subject matter jurisdiction, is argumentative in the use of the term "alter," and calls for speculation regarding Mr. Maland's duties, responsibilities, and the authority granted him by the Court, which is information outside of Plaintiff's personal knowledge.  Admitted that Mr. Maland is not authorized to engage in criminal activity, in all other respects denied.

**REQUEST FOR ADMISSION NO. 50:**  Admit that you never contacted Cisco to explain why the court's docket on the Pacer/ECF system indicated that the Complaint in the ESN Texas Case was filed on October 15, 2007.

**RESPONSE:**

Plaintiff objects to this Request as vague and ambiguous with respect to the word "contacted Cisco" and that the Request fails to seek the information requested with enough particularity to permit Plaintiff to admit or deny the Request.   Admitted that Plaintiff never directly communicated with Cisco to explain why the court's docket incorrectly logged the filing date of the ESN Complaint as October 15, 2007 when the official Court record at all times showed that the ESN Complaint was filed on October 16, 2007.  Denied that Plaintiff has never explained to Cisco why the court's docket originally included an incorrect date and why the docket was corrected to show the official filing date of the ESN Complaint.  In all other respects, denied.

**REQUEST FOR ADMISSION NO. 51:**  Admit that you never instructed another person to contact Cisco to explain why the court's docket on the Pacer/ECF system indicated that the Complaint in the ESN Texas Case was filed on October 15, 2007.

**RESPONSE:**

Plaintiff objects to this Request as vague and ambiguous with respect to the word "contact Cisco" and that the Request fails to seek the information requested with enough particularity to permit Plaintiff to admit or deny the Request.   Admitted that Plaintiff has never expressly directed another to contact Cisco to explain why the court's docket incorrectly logged the filing date of the ESN Complaint as October 15, 2007 when the official Court record at all times showed that the ESN Complaint was filed on October 16, 2007.  Denied that Plaintiff has never instructed another person to provide an explanation to Cisco concerning why the court's docket originally included an incorrect date and why the docket was corrected to show the official filing date of the ESN Complaint.  In all other respects, denied.

**REQUEST FOR ADMISSION NO. 52:**  Admit that you never contacted Cisco to explain why the court's docket on the Pacer/ECF system was changed to indicate that the Complaint in the ESN Texas Case was filed on October 16, 2007.

**RESPONSE:**

Plaintiff objects to this Request as vague and ambiguous with respect to the word "contacted Cisco" and that the Request fails to seek the information requested with enough particularity to permit Plaintiff to admit or deny the Request.   Admitted that Plaintiff never directly communicated with Cisco to explain why the court's docket incorrectly logged the filing date of the ESN Complaint as October 15, 2007 when the official Court record at all times showed that the ESN Complaint was filed on October 16, 2007 and that the docket entry was corrected to reflect the date of filing as recorded on the Court's official record as evidenced by the Notice of Electronic Filing.  Denied that Plaintiff has never explained to Cisco why the court's docket originally included an incorrect date and why the docket was corrected to show the official filing date of the ESN Complaint.  In all other respects, denied.

**REQUEST FOR ADMISSION NO. 53:**  Admit that you never instructed another person to contact Cisco to explain why the court's docket on the Pacer/ECF system was changed to indicate that the Complaint in the ESN Texas Case was filed on October 16, 2007.

**RESPONSE:**

Plaintiff objects to this Request as vague and ambiguous with respect to the word "contact Cisco" and that the Request fails to seek the information requested with enough particularity to permit Plaintiff to admit or deny the Request.   Admitted that Plaintiff has never expressly directed another to contact Cisco to explain why the court's docket incorrectly logged the filing date of the ESN Complaint as October 15, 2007 when the official Court record at all times showed that the ESN Complaint was filed on October 16, 2007 and that the docket entry was corrected to reflect the date of filing as recorded on the Court's official record as evidenced by the Notice of Electronic Filing.  Denied that Plaintiff has never instructed another person to provide an explanation to Cisco concerning why the court's docket originally included an incorrect date and why the docket was corrected to show the official filing date of the ESN Complaint.  In all other respects, denied.

**REQUEST FOR ADMISSION NO. 54:**  Admit that when David Maland wrote an email discussing the alteration of the docket in the ESN Texas Case, that email was sent to ESN's counsel but was not sent to Cisco.

**RESPONSE:**

Plaintiff objects that the information sought in this request is not relevant to any issue in this case.   The Request lacks foundation, assumes facts, and is misleadingly argumentative in asserting that the filing date for the Complaint was "altered."   This assertion is demonstrably false.  Thus, the Request is unanswerable in this form.  The request seeks information outside of

Plaintiff's personal knowledge and does not provide enough information, or specific information, to permit Plaintiff to admit or deny the request.  Subject to Plaintiff's relevancy objection, the request is not specific enough to permit Plaintiff to admit or deny and is therefore denied.

**REQUEST FOR ADMISSION NO. 55:**  Admit that ESN did not send David Maland's email discussing the alteration of the docket in the ESN Texas Case to Cisco.

**RESPONSE:**

Plaintiff objects that the information sought in this request is not relevant to any issue in this case.   The Request lacks foundation, assumes facts, and is misleadingly argumentative in asserting that the filing date for the Complaint was "altered."  This assertion is demonstrably false.  Thus, the Request is unanswerable in this form.  The request seeks information outside of Plaintiff's personal knowledge and does not provide enough information, or specific information, to permit Plaintiff to admit or deny the request.  Subject to Plaintiff's relevancy objection, the request is not specific enough to permit Plaintiff to admit or deny and is therefore denied.

**REQUEST FOR ADMISSION NO. 56:**  Admit that Amie Mathis had five conversations with court clerks of the Eastern District of Texas to discuss the date in the "Date filed" column on the docket in the ESN Texas Case.

**RESPONSE:**

Plaintiff objects that the request asks for information outside of his personal knowledge, and specifically within the knowledge of Ms. Mathis and the court clerks.  The request is also vague and ambiguous as to "discuss the "Date filed" column on the docket in the ESN case and Plaintiff is not in a position to answer for Ms. Mathis or the clerks as to whether that specific information was discussed, and if so how many times.  The request is therefore denied.

**REQUEST FOR ADMISSION NO. 57:**  Admit that no company has indicated to you that it will not hire you because of the Complained-of Articles.

**RESPONSE:**

Plaintiff objects to this request as not being relevant to any claim or defense in this case.  Subject to his relevancy objection, Plaintiff admits that no company has directly and expressly told Ward that it was not hiring him as a result of the Complained-of Articles but Plaintiff denies that no such instance has occurred and has knowledge that he has, in fact, been eliminated from consideration for employment as a result of the allegations made by Frenkel and Cisco.  In all other respects, denied.

**REQUEST FOR ADMISSION NO. 58:**  Admit that you have lost no friends because of the Complained-of Articles.

16

**RESPONSE:**

Admitted that Plaintiff has no knowledge of having lost friends because of the Complained-of Articles.

**REQUEST FOR ADMISSION NO. 59:**  Admit that you have received no negative emails because of the Complained-of Articles.

**RESPONSE:**

Plaintiff objects that the Request is vague and ambiguous regarding "negative".  In any event, denied.

**REQUEST FOR ADMISSION NO. 60:**  Admit that you have received no negative phone calls because of the Complained-of Articles.

**RESPONSE:**

Plaintiff objects that the Request is vague and ambiguous regarding "negative".  In any event, denied.

**REQUEST FOR ADMISSION NO. 61:**  Admit that you have received no negative letters because of the Complained-of Articles.

**RESPONSE:**

Plaintiff objects that the Request is vague and ambiguous regarding "negative".  In any event, Plaintiff admits that he has received no letters containing negative information about him in connection with the statements made in the Complained-of Articles.

**REQUEST FOR ADMISSION NO. 62:**  Admit that Cisco was not electronically served a copy of the Notice of Electronic Filing for the Complaint in the ESN Texas Case at the time it was filed.

**RESPONSE:**

Admitted that because the Federal Rule of Civil Procedure 4 and Local Rule 4 require that Cisco be formally served the ESN Complaint via summons, and because Cisco did not have counsel of record in the ESN case at the time the ESN Complaint was filed, Cisco was not permitted to be electronically served a copy of the Notice of Electronic Filing of the ESN Complaint.  In all other respects, denied.

**REQUEST FOR ADMISSION NO. 63:**  Admit that Cisco was not electronically served a copy of the Notice of Electronic Filing by ESN in the ESN Texas Case.

**RESPONSE:**

Admitted that because the Federal Rule of Civil Procedure 4 and Local Rule 4 require that Cisco be formally served the ESN Complaint via summons, and because Cisco did not have counsel of record in the ESN case at the time the ESN Complaint was filed, Cisco was not permitted to be electronically served a copy of the Notice of Electronic Filing of the ESN Complaint.  ESN served a copy of the Complaint on Cisco personally as required by the Rules.  In all other respects, denied.

**REQUEST FOR ADMISSION NO. 64:**  Admit that Cisco was not served a copy of the Complaint in the ESN Texas Case.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 65:**  Admit that you are a public figure as that term is used in connection with First Amendment case law including *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 325-32 (1974).

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 66:**  Admit that the Complained-of Article written on October 18, 2007, accused the court clerk of improperly altering a court docket.

**RESPONSE:**

Admitted that the Complained of Article written on October 18, 2007 accused ESN and its local counsel, including Ward, of conspiring in an attempt to convince the court clerk to alter documents so that ESN could try to manufacture subject matter jurisdiction where none existed and that the court clerk was wittingly or unwittingly a party to the ESN's illegal and unethical conduct.  Admitted that the October 18th post was revised on October 19, 2007 to remove the allegation that the court clerk was "wittingly or unwittingly conspiring" with ESN and to state that that court clerk "wittingly or unwittingly helped" ESN to alter the docket.  Denied that the Troll Tracker Article written on October 18, 2007 accused the court clerk of knowingly and intentionally altering the court docket, but rather the article accused Plaintiff of deceiving the clerk into effecting his alleged illegal and unethical conduct.  In all other respects, denied.

**REQUEST FOR ADMISSION NO. 67:**  Admit that the Complained-of Article written on October 19, 2007 accused the court clerk of improperly altering a court docket.

**RESPONSE:**

Admitted that the Complained of Article written on October 18, 2007 accused ESN and its local counsel, including Ward, of conspiring in an attempt to convince the court clerk to alter documents so that ESN could try to manufacture subject matter jurisdiction where none existed and that the court clerk was wittingly or unwittingly a party to the ESN's illegal and unethical conduct. Admitted that the October 18th post was revised on October 19, 2007 to remove the allegation that the court clerk was "wittingly or unwittingly conspiring" with ESN and to state that that court clerk "wittingly or unwittingly helped" ESN to alter the docket. Denied that the Troll Tracker Article written on October 19, 2007 accused the court clerk of knowingly and intentionally altering the court docket, but rather the article accused Plaintiff of deceiving the clerk into effecting his alleged illegal and unethical conduct. In all other respects, denied.

**REQUEST FOR ADMISSION NO. 68:**   Admit that the Complained-of Article written on October 18, 2007 Article was a criticism of the court clerk.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 69:**   Admit that the Complained-of Article written on October 19, 2007 Article was a criticism of the court clerk.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 70:**   Admit that the Complained-of Articles do not accuse you of conspiring with the court clerk to alter a court document.

**RESPONSE:**

Admit that the Complained-of Articles do not accuse the court clerks of being an active and knowing participant in the alleged conspiracy by ESN's local counsel to alter governmental records. Denied that the Complained-of Articles do not accuse Plaintiff of conspiracy to alter official governmental records. In all other respects, denied.

**REQUEST FOR ADMISSION NO. 71:**   Admit that the Amended Complaint for Patent Infringement in the ESN Texas Case was identical to the original Complaint except for a reference to and copy of the patent at issue in that case.

**RESPONSE:**

Admitted that the Amended Complaint for Patent Infringement in the ESN Case was the same as the original Complaint in that it did not change the filing date of the Complaint or the legal claims asserted, but the Amended Complaint was not identical because it was amended to include a copy of the issued patent at issue in the ESN Case. In all other respects, denied.

19

**REQUEST FOR ADMISSION NO. 72:**  Admit that the following words in the October 18 and October 19, 2007 Articles refer to the ESN Texas Case: "there's tons of proof," "evidence," "subpoena," and "witnesses."

**RESPONSE:**

Plaintiff objects to the Request as being vague and ambiguous with respect to the use of the word "refer."    Admitted that the words "there's tons of proof," "evidence," "subpoena," and "witnesses" refer to ESN's Local Counsel, including Ward and were used to make accusations that ESN's local counsel engaged in illegal and/or unethical conduct.   In all other respects denied.

**REQUEST FOR ADMISSION NO. 73:**  Admit that the following statement was removed from the Patent Troll Tracker on October 18, 2007:  "conspiring with a non-practicing entity to try to manufacture subject-matter jurisdiction."

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 74:**  Admit that the following statement was removed from the Patent Troll Tracker on October 18, 2007:  "This is yet another example of the abusive nature of litigating patent cases in the Banana Republic of East Texas."

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 75:**    Admit that you have sought no medical or psychological treatment for your alleged mental anguish.

**RESPONSE:**

Admitted that Plaintiff has sought no medial or psychological treatment for the mental anguish he has suffered as a result of Defendant's libelous posts.

**REQUEST FOR ADMISSION NO. 76:**  Admit that the opening of a "shell case," as you have used that term in this case, did not cause the "Date Filed" column on the docket to show that the Complaint in ESN Texas Case was filed on 10/15/2007.

**RESPONSE:**

Plaintiff objects to the Request as seeking information outside of his personal knowledge and because it does not identify the date of the docket entry being referred to.   Admitted that based on information provided to Plaintiff by others, it appears that the clerk's opening of a shell case file did not cause the original ESN docket entry to erroneously reflect an incorrect filing date of

October 15, 2007 when the Court's official record showed that the ESN Complaint was filed on October 16, 2007. In all other respects, denied.

Respectfully submitted,

Nicholas H. Patton
State Bar No. 63035
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
California Bar No. 206440
LAW OFFICE OF PATRICIA L. PEDEN
5901 Christie Ave, Suite 201
Emeryville, California 94608
Telephone: 510.268.8033

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on this 15th day of June, 2009, a true and correct copy of the foregoing was served electronically via electronic mail:

Richard E. Griffin
Charles Babcock
Crystal Parker
JACKSON WALKER, LLP
1401 McKinney
Suite 1900Houston, Texas 77010

Nicholas H. Patton

21