# EXHIBIT H

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN WARD, JR.                      §
                                    §
                                    §
                                    §        C.A. NO. 08-4022
v.                                  §        JURY TRIAL DEMANDED
                                    §
                                    §
CISCO SYSTEMS, INC.                 §

**DEFENDANT CISCO SYSTEMS, INC.'S SECOND REQUESTS FOR ADMISSIONS**

TO:    Plaintiff John Ward, Jr., by and through his attorney of record, Nicholas H. Patton,
       Patton, Tidwell & Schroeder, LLP, 4605 Texas Boulevard, P.O. Box 5398, Texarkana,
       Texas 75505-5398.

       Pursuant to Rule 36 of the Federal Rules of Civil Procedure, you are requested to respond

to the following Second Requests for Admissions separately, in writing and under oath, on or

before thirty (30) days after receipt of these requests.

## I.
## INSTRUCTIONS

1.     All responsive, non-privileged information which is in your possession or the

possession of your agents and representatives is to be divulged.

2.     A matter is admitted unless, within 30 days after being served, you serve on the

requesting party a written answer or objection addressed to the matter and signed by you or your

attorney.

3.     If a matter is not admitted, the answer must specifically deny it or state in detail

why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the

substance of the matter, and when good faith requires that you qualify an answer or deny only

part of a matter, the answer must specify the part admitted and qualify or deny the rest.

4.     These questions are continuing in nature and require supplemental answers in the event that you or your attorneys become aware of further information between the time its answers are given and the time of trial.

## II.
## DEFINITIONS

As used in these Interrogatories, the following terms have specific meanings as defined in this section:

1.     You.  "You" or "Your" refers to John Ward, Jr., the plaintiff herein, and/or his respective past and present agents and representatives, including anyone who has ever acted on behalf of or at the direction of John Ward, Jr.

2.     ESN.  "ESN" means ESN, LLC, including its past and present agents and representatives, including anyone who has ever acted on behalf of or at the direction of ESN, LLC.

3.     ESN Texas Case.  "ESN Texas Case" means ESN, LLC v. Cisco Systems, Inc. v. Cisco-Linksys, LLC, Civil Action No. 5:07-cv-156-DF-CMC in the United States District Court for the Eastern District of Texas, Texarkana Division.

4.     ESN Connecticut Case.  "ESN Connecticut Case" means Cisco Systems, Inc. et al v. ESN LLC, Civil Action No. 3:07-cv-01528-MRK in the United States District Court, District of Connecticut.

5.     Frenkel.  "Frenkel" means Richard Frenkel, formerly a defendant herein, and/or his respective past and present agents and representatives.

6.     Cisco.  "Cisco" means Cisco Systems, Inc., the defendant herein, and/or its respective past and present agents and representatives.

7.   Patent.  "Patent" means the patent referenced in the ESN Texas Case as United States Patent no. 7,283,519 titled "Distributed Edge Switching System for Voice-Over-Packet Multiservice Network."

8.   Complaint.  "Complaint" means Plaintiff's Complaint in this lawsuit and any amendments or supplements thereto.

9.   Article.  "Article" means the allegedly defamatory publication attached as Exhibit A to the Complaint.

10.   Person(s).  "Person" or "persons" means any and all natural persons, male or female, and all types and kinds of businesses or other entities, including, but not limited to, corporations, partnerships, joint ventures, and sole proprietorships.

11.   Communications.  "Communications" means any statement or utterance, whether written or oral, made by one person to another, or in the presence of another, or any document delivered or sent from one person to another.

12.   Evidencing.  "Evidencing" means constituting, showing or tending to show the existence or non-existence of a matter.

13.   Relating.  "Relating" means, in addition to its customary and usual meaning, discussing, referring to, pertaining to, reflecting, evidencing, showing, or recording.

14.   Complaint.  "Complaint" means the Complaint for Patent Infringement that you filed in the ESN Texas Case.

15.   Complained-of Articles.  "Complained-of Articles" means the articles that you contend are defamatory in the above-captioned lawsuit.

## III.
## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**  Admit that the term "encrypted stamp" does not appear in the Local Rules of the United States District Court for the Eastern District of Texas.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 2:**  Admit that the term "encrypted stamp" does not appear in the Federal Rules of Civil Procedure.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 3:**  Admit that the term "encrypted document stamp" does not appear in the Local Rules of the United States District Court for the Eastern District of Texas.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 4:**  Admit that the term "encrypted document stamp" does not appear in the Federal Rules of Civil Procedure.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 5:**  Admit that the docket for the United States District Court for the Eastern District of Texas, as viewable online through the Pacer/ECF system, is an official record of the court.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 6:**  Admit that the header or banner that is printed on the top of filings on the Pacer/ECF system cannot be altered by attorneys or parties to litigation.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 7:**  Admit that the header or banner that is printed on the top of filings on the Pacer/ECF system is placed on the document by the Pacer/ECF system.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**  Admit that the header or banner that is stamped on the top of filings on the Pacer/ECF system is an official record of the court.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**  Admit that the Pacer/ECF system is designed to place the same date on the header or banner that is stamped on the top of filings on the Pacer/ECF as the date that appears under the "filed" column on the court's docket.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**  Admit that the Pacer/ECF system is designed to indicate on the docket that a pleading is filed on the date that the filing party uploads the pleading onto the Pacer/ECF system.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**  Admit that a clerk for the United States District Court for the Eastern District of Texas altered the date in the "Date Filed" column of the docket for the ESN Texas Case from 10/15/2007 to 10/16/2007.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**  Admit that as a result of the clerk for the United States District Court for the Eastern District of Texas altering the date in the "Date Filed" column of the docket for the ESN Texas Case from 10/15/2007 to 10/16/2007, the header or banner on the Complaint in the ESN Texas Case on the Pacer/ECF was also altered to state that the pleading was "Filed: 10/16/2007."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**  Admit that on October 16, 2007, the header or banner on the Complaint in the ESN Texas Case on the Pacer/ECF stated "Filed: 10/15/2007."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**  Admit that the header or banner on the Complaint on the Pacer/ECF was altered by the clerk for the United States District Court for the Eastern District of Texas to state "Filed: 10/16/2007."

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 15:**  Admit that the docket in the ESN Texas Case did not provide an explanation of the reason that the docket in the ESN Texas Case was altered.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 16:**  Admit that Cisco was not notified by ESN that the docket in the ESN Texas Case had been altered.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 17:**  Admit that Cisco was not notified by the clerk of the United States District Court for the Eastern District of Texas that the docket in the ESN Texas Case had been altered.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 18:**  Admit that Cisco was not provided an opportunity to argue to the court that the docket in the ESN Texas Case should not be altered.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 19:**  Admit that Cisco was not notified by ESN of the reason that the docket in the ESN Texas Case was altered.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 20:**  Admit that Cisco was not notified by the clerk of the United States District Court for the Eastern District of Texas of the reason that the docket in the ESN Texas Case was altered.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 21:**  Admit that until the clerk for the United States District Court for the Eastern District of Texas altered the filing date for the Complaint in the ESN Texas Case, none of the clerks of that court had ever altered the filing date for a complaint on the Pacer/ECF system.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 22:**  Admit that the placing of the date 10/15/2007 in the "Date Filed" column for the Complaint on the docket of the ESN Texas Case was not a computer glitch.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 23:**  Admit that the placing of the date 10/15/2007 in the "Date Filed" column for the Complaint on the docket of the ESN Texas Case was not caused by an error by a clerk of the Eastern District of Texas.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 24:**  Admit that ESN was advised by a clerk of the United States District Court for the Eastern District of Texas that the placing of the date 10/15/2007 for the filing date of the Complaint on the docket in the ESN Texas Case was not a computer glitch.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 25:**  Admit that ESN was advised by a clerk of the United States District Court for the Eastern District of Texas that the placing of the date 10/15/2007 for the filing date of the Complaint on the docket in the ESN Texas Case was not a error by a clerk of the Eastern District of Texas.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 26:**  Admit that no change has been made in the Pacer/ECF system to change the way that the Pacer/ECF system allocates dates for filings in the Eastern District of Texas.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 27:**  Admit that you have relied on a date on the docket of the Pacer/ECF system to calculate a deadline in your practice of law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:** Admit that you have cited the date on a docket on the Pacer/ECF system as evidence of when a pleading or other document was filed with the court.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:** Admit that you have relied on a header or banner on a pleading or other filing filed on the Pacer/ECF system to calculate a deadline in your practice of law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:** Admit that you have cited the date on a header or banner on a pleading or other filing on the Pacer/ECF system as evidence of when a pleading or other document was filed with the court.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 31:** Admit that the proper method to affect an alteration of a filing date of a complaint that affects jurisdiction of the court would be to file a motion with the court.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 32:** Admit that, as of April 30, 2009, a party who uploads a pleading on the Pacer/ECF system before midnight on April 29, 2009, but pushes the last button to complete the filing after midnight on April 30, 2009, will be given a "filed" date on the docket of April 30, 2009.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 33:** Admit that the Local Rules of the Eastern District of Texas contain no warning that a docket on the Pacer/ECF system cannot be relied upon.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 34:** Admit that the Local Rules of the Eastern District of Texas contain no warning that a header or banner on a pleading on the Pacer/ECF system cannot be relied upon.

**RESPONSE:**

5501444v.1

**REQUEST FOR ADMISSION NO. 35:** Admit that the Local Rules Committee of the Eastern District of Texas has been aware of the situation with the filing of the ESN Texas Case but has made no changes to the local rules with respect to filing dates for pleadings filed using the Pacer/ECF system.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 36:** Admit that counsel for ESN, Eric Albritton, is on the Local Rules Committee of the Eastern District of Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 37:** Admit that counsel for ESN, Eric Albritton, was appointed to the Local Rules Committee of the Eastern District of Texas by a judge in the Eastern District of Texas after the publication of the Complained-of Articles.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 38:** Admit that the Local Rules Committee of the Eastern District of Texas has been aware of the situation with the filing of the ESN Texas Case but has made no changes to the Local Rules of the Eastern District of Texas with respect to filing dates.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 39:** Admit that the Local Rules Committee of the Eastern District of Texas has been aware of the situation with the filing of the ESN Texas Case but has made no changes to the Local Rules of the Eastern District of Texas to warn litigants not to rely on "filed" dates on the docket for complaints.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 40:** Admit that Ward did not post any comments to the Complained-of Articles on the Patent Troll Tracker.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 41:** Admit that Ward did not request that the Patent Troll Tracker remove the Complained-of Articles prior to filing the above-captioned lawsuit.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 42:**   Admit that the Complaint filed in the ESN Texas Case was filed on October 15, 2007.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 43:**   Admit that if the Complaint in the ESN Texas Case was filed on October 15, 2007, the Eastern District of Texas would not have had subject-matter jurisdiction over the ESN Texas Case.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 44:**   Admit that if the Complaint in the ESN Texas Case was filed on October 15, 2007, the Eastern District of Texas would not have had subject-matter jurisdiction over the patent infringement claim in the ESN Texas Case.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 45:**   Admit that the Civil Cover Sheet filed by Eric Albritton in the ESN Texas Case indicated that it was signed on October 15, 2007.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 46:**   Admit that on October 17, 2007, the Civil Cover Sheet filed by Eric Albritton in the ESN Texas Case had a header or banner when viewed on the Pacer/ECF system, if the user chose to view the header, that stated "Filed: 10/15/2007."

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 47:**   Admit that, as of October 18, 2007, you had never known of an instance where the date in the "Date Filed" column on a docket on the ECF/Pacer system changed to reflect a different date.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 48:**   Admit that a court clerk does not have authority to alter a date that would affect subject-matter jurisdiction in a case.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 49:**  Admit that David Maland does not have authority to alter a date that would affect subject-matter jurisdiction in a case.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 50:**  Admit that you never contacted Cisco to explain why the court's docket on the Pacer/ECF system indicated that the Complaint in the ESN Texas Case was filed on October 15, 2007.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 51:**  Admit that you never instructed another person to contact Cisco to explain why the court's docket on the Pacer/ECF system indicated that the Complaint in the ESN Texas Case was filed on October 15, 2007.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 52:**  Admit that you never contacted Cisco to explain why the court's docket on the Pacer/ECF system was changed to indicate that the Complaint in the ESN Texas Case was filed on October 16, 2007.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 53:**  Admit that you never instructed another person to contact Cisco to explain why the court's docket on the Pacer/ECF system was changed to indicate that the Complaint in the ESN Texas Case was filed on October 16, 2007.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 54:**  Admit that when David Maland wrote an email discussing the alteration of the docket in the ESN Texas Case, that email was sent to ESN's counsel but was not sent to Cisco.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 55:** Admit that ESN did not send David Maland's email discussing the alteration of the docket in the ESN Texas Case to Cisco.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 56:** Admit that Amie Mathis had five conversations with court clerks of the Eastern District of Texas to discuss the date in the "Date filed" column on the docket in the ESN Texas Case.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 57:** Admit that no company has indicated to you that it will not hire you because of the Complained-of Articles.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 58:** Admit that you have lost no friends because of the Complained-of Articles.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 59:** Admit that you have received no negative emails because of the Complained-of Articles.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 60:** Admit that you have received no negative phone calls because of the Complained-of Articles.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 61:** Admit that you have received no negative letters because of the Complained-of Articles.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 62:** Admit that Cisco was not electronically served a copy of the Notice of Electronic Filing for the Complaint in the ESN Texas Case at the time it was filed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 63:** Admit that Cisco was not electronically served a copy of the Notice of Electronic Filing by ESN in the ESN Texas Case.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 64:** Admit that Cisco was not served a copy of the Complaint in the ESN Texas Case.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 65:** Admit that you are a public figure as that term is used in connection with First Amendment case law including *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 325-32 (1974).

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 66:** Admit that the Complained-of Article written on October 18, 2007, accused the court clerk of improperly altering a court docket.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 67:** Admit that the Complained-of Article written on October 19, 2007 accused the court clerk of improperly altering a court docket.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 68:** Admit that the Complained-of Article written on October 18, 2007 Article was a criticism of the court clerk.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 69:** Admit that the Complained-of Article written on October 19, 2007 Article was a criticism of the court clerk.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 70:**  Admit that the Complained-of Articles do not accuse you of conspiring with the court clerk to alter a court document.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 71:**  Admit that the Amended Complaint for Patent Infringement in the ESN Texas Case was identical to the original Complaint except for a reference to and copy of the patent at issue in that case.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 72:**  Admit that the following words in the October 18 and October 19, 2007 Articles refer to the ESN Texas Case: "there's tons of proof," "evidence," "subpoena," and "witnesses."

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 73:**  Admit that the following statement was removed from the Patent Troll Tracker on October 18, 2007:  "conspiring with a non-practicing entity to try to manufacture subject-matter jurisdiction."

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 74:**  Admit that the following statement was removed from the Patent Troll Tracker on October 18, 2007: "This is yet another example of the abusive nature of litigating patent cases in the Banana Republic of East Texas."

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 75:**  Admit that you have sought no medical or psychological treatment for your alleged mental anguish.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 76:**  Admit that the opening of a "shell case," as you have used that term in this case, did not cause the "Date Filed" column on the docket to show that the Complaint in ESN Texas Case was filed on 10/15/2007.

**RESPONSE:**

Respectfully submitted,

**JACKSON WALKER L.L.P.**

By: _____
Charles L. Babcock
Federal Bar No.: 10982
Email: cbabcock@jw.com
Richard E. Griffin
Arkansas Bar No.: 63020
Email: rgriffin@jw.com
Crystal J. Parker
Federal Bar No.: 621142
Email: cparker@jw.com
1401 McKinney
Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

This is to certify that on this *18*th day of May, 2009, a true and correct copy of the foregoing was served electronically and/or via U.S. First Class Mail upon:

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
*Attorney for Plaintiff John Ward, Jr.*

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
*Attorney for Plaintiff John Ward, Jr.*

_____
Crystal J. Parker