# Exhibit L

**Patricia L. Peden**

| | |
|---|---|
| **From:** | Parker, Crystal [cparker@jw.com] |
| **Sent:** | Monday, November 02, 2009 3:21 PM |
| **To:** | Patricia L. Peden |
| **Cc:** | Marcie Long; Nick Patton; Babcock, Chip; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy |
| **Subject:** | Meet and confer re various issues including Motion to Quash Chandler depo and violation of Protective Order |

Good, I'm glad you agree about the email.

I am working on getting dates for depositions of: Mallun Yen and Matthew Tanielian. We also just received your 30(b)(6) designations. I haven't had a chance to
review it. I will need to see who the appropriate witnesses are and get back to you. I will be out of the office quite a bit this week for doctor appointments, and I will be
out on Thursday for jury duty, so I will try to get back to you next week.

We will be filing a motion to quash the deposition of Mark Chandler. He already testified in the Albritton case and had no relevant knowledge. We think it is harassment
to depose him again and that the cases on apex depositions cited in our motion to quash his trial subpoena in the Albritton case apply. You didn't even use his deposition
at the Albritton trial, so apparently he is not a necessary witness. Please let me know by Friday if you will oppose our motion.

We will reschedule the deposition in Washington D.C. It looks like the date we picked is bad for you and others. I have been advised that Mr. Curran is available
on November 20, 23, or 24. Do any of those dates work for you? If so, I will check with Mr. Tanielian about his availability.

Mary Lou is contacting you about the Special Interrogatories.

I have been advised that Cisco does not have telephone records for the requested time period.

==Cisco is asserting privilege with respect to all the documents on its privielge log and will not prepare a revised log.==

Judge Hendren's order did not relate to deposition designations. Please identify the specific designations you think fall within the scope of his order and why you think
they fall within the order, and we will let you know.

Also, we need to meet and confer about another issue. As you know, we believe you have violated the Protective Order in the Albritton case by producing documents under
that order in this case and filing them of public record. I have tried to address this with you several times, and you refuse to withdraw them. As you know, you have already
requested that Judge Hendren order a waiver based on production of those documents or based on use at trial (see Docket No. 64), and your requests were denied. We believe
that your use of those documents violates both his order and the Protective Order. If you don't remove the documents from Ward's document production and from the public record,
we will seek redress of this violation of the orders with both Judge Hendren and Judge Schell. The PO specifically states that documents and testimony designated under the order must be

1