# Exhibit N

```
                                                                1

              IN THE UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF TEXAS
                       TEXARKANA DIVISION

JOHN WARD, JR.,                    *
     Plaintiff,                    *
VS.                                *    CIVIL ACTION NO.:
CISCO SYSTEMS, INC. AND RICK       *
FRENKEL,                           *
     Defendants.                   *    08-4022


***********************************************************

                 ORAL VIDEOTAPED DEPOSITION OF

                        JILLIAN POWELL

***********************************************************
```

ANSWERS AND DEPOSITION OF JILLIAN POWELL, produced as a witness at the instance of the Plaintiff, taken in the above-styled and -numbered cause on the 27th day of March, 2009, A.D., beginning at 10:38 a.m., before Kelly Hassell, a Certified Shorthand Reporter in and for the State of Texas, in the offices of Baker Botts, L.L.P., located at 2001 Ross Avenue, Suite 1100, Dallas, Texas, in accordance with the Federal Rules of Civil Procedure and the agreement hereinafter set forth.

                                                                    12
1            (Exhibit Number 1 was marked.)
2       Q    (BY MS. PEDEN)  Okay.  The court reporter has
3    previously marked Exhibit 1.
4            MS. PEDEN:  If the court reporter can hand
5    that to the witness, please.
6       Q    (BY MS. PEDEN)  Ms. Powell, have you seen this
7    document before?
8       A    Yes.
9       Q    And when did you see it?
10      A    I was served at my home.  I don't remember what
11   day.
12      Q    Okay.  And are you here today to testify pursuant
13   to this subpoena?
14      A    Yes.
15      Q    What did you do to prepare for your deposition
16   today?
17      A    I spoke with my attorney this morning and that's
18   all I remember.
19      Q    So you had one meeting with your attorney this
20   morning?
21      A    Yes.
22      Q    Did you have any other meetings with your
23   attorney?
24      A    No.
25      Q    How long was the meeting this morning?

1       A    An hour.
2       Q    And where did that meeting occur?
3       A    In a conference room at Baker Botts.
4       Q    So it was here?
5       A    Yes.
6       Q    Was Mr. Babcock present at that meeting?
7       A    No.
8       Q    Or Ms. Parker?
9       A    Yes.
10      Q    Can you tell me what you discussed at that
11  meeting, please.
12      A    The procedures for the deposition.
13      Q    Did you discuss any substantive questions I might
14  ask you?
15      A    Yes.
16      Q    And what were those?
17           MR. CHEAVENS:  I'm going to instruct the
18  witness not to answer.  That's privileged.
19           MS. PEDEN:  With Mr. -- with Ms. Parker
20  present, it's privileged?
21           MR. CHEAVENS:  We have a joint client.
22           MS. PEDEN:  Do you have a joint defense
23  agreement?
24           MR. CHEAVENS:  Not in writing.
25           MS. PEDEN:  Do you have one that's an

1  understanding?
2           MR. CHEAVENS: Yes. Sure. The substance of
3  those communications are privileged and I'll instruct the
4  witness not to answer, so --
5           MS. PEDEN: Okay. So what privileges are
6  you claiming, Mr. Cheavens?
7           MR. CHEAVENS: Attorney/client privilege and
8  work product privilege.
9           MS. PEDEN: How long has this joint defense
10 agreement been in existence?
11          MR. CHEAVENS: Since I first learned about
12 this lawsuit in the Albritton case.
13          MS. PEDEN: When was that?
14          MR. CHEAVENS: I don't know. I think when
15 we were first served with a document subpoena in the
16 Albritton case last summer.
17          MS. PEDEN: Okay. I think we might need to
18 take a recess and call chambers. Let me just say on the
19 record that I think having opposing counsel in a witness
20 prep session right before the witness is to be deposed
21 about her testimony waives attorney/client privilege.
22 Cisco's request for admissions filed in this case
23 identifies Baker Botts as a third party. They refuse to
24 provide discovery that's in Baker Botts's possession
25 because they're a third party. I just think it's an