IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JOHN WARN, JR. § | |
| § | |
| § | C. A. NO. 08-4022 |
| v. § | JURY TRIAL DEMANDED |
| § | |
| CISCO SYSTEMS, INC. § | |

## CISCO SYSTEM INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTION AND MOTION TO QUASH THE DEPOSITION NOTICE OF MARK CHANDLER

TO THE HONORABLE COURT:

Defendant Cisco Systems, Inc. presents this Reply in Support of its Motion for Protection and Motion to Quash the Deposition Notice of Mark Chandler (the "Motion") as follows:

### A. Ward's Untimely Response Supports Cisco's Position That Chandler's Deposition Is Not Needed.

Cisco filed its Motion for Protection and Motion to Quash the Deposition Notice of Mark Chandler on November 17, 2009, and that Motion and its exhibits were simultaneously served on counsel for Ward via the Court's Electronic Case Filing system. *See* Docket # 152. Pursuant to this Court's Local Rules, Plaintiff John Ward, Jr. was required to file his brief in opposition to that Motion, if any, within 11 days. *See* Local Rule 7.2(b). Mr. Ward, who pretends that it is very important that he be allowed to depose Mr. Chandler, Cisco's General Counsel, notwithstanding Mr. Chandler's lack of knowledge of relevant facts, waited 16 days before filing his Response. *See* Docket # 163.

The underlying facts of this defamation case relate to whether Mr. Ward's client, ESN, filed its patent infringement claim against Cisco one day too early. As the ESN case, and the glut of litigation relating to the underlying "date dispute," demonstrate, *filing dates matter.* If

ever there was a case to disregard a pleading because it was not timely filed in accordance with court rules, this is it.

Given the lack of a timely response, Cisco's motion should be granted as unopposed. Even allowing consideration of the late response, however, Cisco's motion should be granted. The very fact that Plaintiff could not be bothered to file a timely response demonstrates that Plaintiff has no need to depose Mr. Chandler. Likewise, if Plaintiff truly wished to depose Mr. Chandler, he would comply with Federal Rule of Civil Procedure 45 and issue and serve a subpoena, as Mr. Chandler is not a party to this case. Indeed, if Plaintiff truly needed to depose Mr. Chandler, he would identify areas of relevant information known to Mr. Chandler about which he would inquire. Plaintiff is unable or unwilling to comply with the applicable rules or demonstrate any reasonable basis for deposing Mr. Chandler – whose deposition already has been taken by Plaintiff's counsel.

Plaintiff's treatment of this issue demonstrates that the noticing of Mr. Chandler's deposition was a transparent act of harassment. Cisco's Motion for Protection and Motion to Quash the Deposition Notice of Mark Chandler should therefore be granted.

**B.     Chandler Does Not Have Knowledge of Relevant Facts, And The Facts Sought By Ward Are Available Through The 30(b)(6) Deposition Scheduled For December 18.**

Even assuming Ward may take Mr. Chandler's deposition pursuant to notice, which Cisco denies, Cisco's motion should be granted, as Mr. Chandler is an "apex" employee and Plaintiff has not, and cannot, prove that Mr. Chandler has any unique knowledge of facts relevant to his claims. In his deposition in the *Albritton* case, Mr. Chandler testified that he learned of the Troll Tracker's identity in January or February 2008 – three or four months after the blogs were written:

> Q. Did you know who he was?
>
> A. Who who was?
>
> Q. The Troll Tracker.
>
> A. No. Not at the time this was posted or – no, I did not.
>
> Q. When did you find out?
>
> A. End of January or early February of this year [2008].

Exhibit 1 (Mark Chandler Deposition Excerpts) at 19:2-9.  Indeed, Mr. Chandler did not believe the identity of the Troll Tracker had any relevance to him:

> Q. Well, did you attempt in any fashion to find out who the Troll Tracker was, the man that had prepared these statistics?
>
> A. No. I didn't.
>
> Q. Why?
>
> A. Because it wasn't relevant to me.

*Id*. at 52:23-53:3.  Nor does Mr. Chandler know, even today, anything about when the *ESN* lawsuit was filed:

> Q: Okay. As you sit here today, do you know whether the ESN complaint was filed on the 16th? Not what you knew back then, but what you know now.
>
> A. I don't know.

*Id*. at 28:11-14.  Mr. Chandler also does not know anything about the content of Mr. Frenkel's blog:

> Q. . . . Mr. Chandler, why didn't you folks investigate fully before this blog was posted?  Do you know?
>
> . . . .
>
> THE WITNESS: The blog was Mr. Frankel's personal blog that he maintained.  I don't know who would have done any more work than he did.  It was his personal blog.  You'd have to ask him about the posting.

*Id*. at 31:17-32:1.

In addition, Mr. Chandler was not involved in any way with any inquiry into why the filing date of the *ESN* case was changed, and does not know if anyone at Cisco conducted such an inquiry:

> Q: Did you call the clerk's office to try to find out –
>
> A: No.
>
> Q: -- about this issue?
>
> A: No. I wasn't involved.
>
> Q: Did anyone with Cisco do that?
>
> A: I don't know.
>
> Q: Have you ever heard that anyone did?
>
> A: No.

*Id*. at 46:5-13

> Q: Okay. Do you know if anyone on behalf of Cisco ever called Eric Albritton to see if they could figure out what all this was about?
>
> A: I don't know.

*Id*. at 47:11-14

In sum, Mr. Chandler's knowledge of any relevant facts has already been explored by Plaintiff's counsel, and found to be completely lacking. Seeking to redepose Mr. Chandler is simply harassment on Plaintiff's part.

Plaintiff does not dispute that Mr. Chandler is an "apex" employee, nor can he argue that the case law does not protect such employees from harassing, needless depositions. It is further undisputed that Mr. Chandler works and resides in California. *See* Exhibit A at 10:12-17. As Cisco explained in its Motion, a high-ranking executive of a large corporation is "a singularly

unique and important individual who can be easily subjected to unwarranted harassment and abuse. He has a right to be protected, and the courts have a duty to recognize his vulnerability." *Mulvey v. Chrysler Corp.*, 106 F.R.D. 364, 366 (D.R.I. 1985); *see also Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 102 (S.D.N.Y. 1997).

The Court should protect Chandler from this harassment because Plaintiff cannot demonstrate that Chandler has any unique personal knowledge of the matters at issue in this case. *See Wal-Mart Stores, Inc. v. Vidalakis*, 2007 WL 4591596 at *1 (W.D. Ark. 2007) (citations omitted) (attached to Cisco's Motion as Exhibit E); *see also Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925-26 (8th Cir. 1999) (affirming quashing of subpoena of CEO because he did not have relevant knowledge and subpoena would be burdensome). Indeed, in his Response, Plaintiff pointedly does *not* demonstrate that Mr. Chandler has personal knowledge of any relevant facts; rather, Plaintiff merely speculates that Mr. Chandler *might* have knowledge of facts concerning Cisco's investigation of the blog posts at issue in this case months after they were published. Even if knowledge of events after the publication of the allegedly defamatory articles were relevant, Plaintiff's speculation about Mr. Chandler's possible knowledge of such facts is not enough to subject Mr. Chandler to a pointless deposition. Moreover, any testimony concerning an investigation relating to this lawsuit would be privileged (attorney-client and work-product) and thus not discoverable.

Plaintiff simply has not carried his burden of proving that Mr. Chandler has personal knowledge of unique and relevant facts; all he has shown by his Response is that Mr. Chandler was Mr. Frenkel's superior's superior – that is, that Mr. Chandler was far removed from any of the facts material to this case.

Furthermore, the main object of the proposed Chandler deposition is an inquiry into Cisco's investigation of the Frenkel blog posts at issue in this case. *See* Response at 11. But Plaintiff does not show that Mr. Chandler was involved in any way in that investigation, much less that he conducted it or has any personal knowledge of facts obtained through it. More to the point, Plaintiff has noticed a 30(b)(6) deposition, and Cisco has agreed to present corporate representatives for deposition on numerous topics. Among the *52 topics* listed by Plaintiff in his Amended First Notice of Oral/Videotaped Deposition of Cisco Systems, Inc. (Exhibit 2 hereto) and Amended Second Notice of Oral/Videotaped Deposition of Cisco Systems, Inc. (Exhibit 3 hereto), are the following topics:

> 6. All facts and communications concerning Cisco's investigation into the publication of the accused posts, including the purpose of the investigation, all persons involved in the investigation, the identities of all persons involved in or having any connection to the posting of the accused posts, the subject-matter investigated, the persons interviewed, the conclusions reached, and any recommendations or action taken by Cisco as a result of its investigation(s). This topic specifically includes, but is not limited to, the investigation undertaken by Cisco in March and April 2008 that was the subject of Mr. Frenkel's testimony at the *Albritton v. Cisco* trial.
>
> 7. The identity of all persons who reviewed the accused posts.
>
> 8. Whether anyone at Cisco communicated any fact or statement made in any accused post to any person, including sending any of the accused posts via email, mail, hyperlink or communicating any of the subject matter contained the (sic) any of the accused posts orally. Separately and for each communication, the identity of all persons involved, the date and time of the communication, and the purpose of the communication.

Exhibit 2, at p. 7. These are precisely the issues about which Ward proposes to depose Mr. Chandler.

It is obvious that Plaintiff need not depose Mr. Chandler to obtain the information he seeks; he need only ask questions of Cisco's 30(b)(6) representatives. Those representatives

have a duty to be informed about any properly noticed deposition topics. Inasmuch as Plaintiff intends to ask a Cisco representative everything he would ask Mr. Chandler, Mr. Chandler deserves protection from a harassing deposition about topics on which he has no personal knowledge. Courts have recognized that a party may be barred from taking the deposition of a corporate officer "without first showing compliance with Rule 30(b)(6) F.R.C.P. or other discovery methods and the reasonable exhaustion of the relevant subject matter." *Stone v. Morton Int'l, Inc.*, 170 F.R.D. 498, 504 (D. Utah 1997).

Plaintiff cannot dispute that Chandler's testimony is not needed. In the *Albritton v. Cisco* lawsuit, which involved the exact same publication and wherein Mr. Albritton was represented by the same counsel as Ward, Mr. Albritton did not even offer the testimony of Mr. Chandler at trial. Indeed, as explained in Cisco's Motion, despite many attempts to meet and confer on this issue, Plaintiff has failed to identify any reason why he needs the testimony of Mr. Chandler.

C.      **Because Chandler Is Not A Party to This Case, He Must Be Subpoenaed.**

The Court should quash the notice of deposition because Chandler is not a party to this lawsuit, and therefore Plaintiff can only compel his attendance by subpoena. *See* FED. R. CIV. P. 30. This is not a case where Plaintiff is attempting to take the deposition of Cisco through a 30(b)(6) deposition and Mr. Chandler has been designated. Plaintiff has identified his 30(b)(6) topics, which Cisco has discussed above, and Mr. Chandler has not been designated for any of the 52 topics listed by Plaintiff. The Court should therefore quash the notice because it is improper under the Federal Rules of Civil Procedure.

Plaintiff contends that he may depose a nonparty by notice only, and without subpoena, by referring to Federal Rules of Civil Procedure 30(b)(1) and 37. *See* Response at 11. Those rules, however, do not apply here. Rule 30(b)(1) simply concerns the form of a notice of

deposition, and "[n]othing in Rule 30(b)(1) obligates a corporation to produce an officer, not a party to the litigation, at a deposition." *Stone*, 170 F.R.D. at 500. In addition, "the Rules of Civil Procedure do not provide direct and concrete support for the obligation of a corporation to produce a director, officer, or managing agent pursuant to notice under Rule 30(b)(1) F.R.C.P." *Id*. at 503. Rule 37 concerns failure to cooperate in discovery, which is not the case here. Indeed, if Plaintiff truly believed that its notice of deposition of Mr. Chandler was proper, he presumably would have moved to compel Mr. Chandler's deposition under Rule 37, rather than cite it as support for his view that a nonparty may be deposed by notice only.

Ward argues that Mr. Chandler is subject to deposition by notice simply because Mr. Chandler is an officer of Cisco. *See* Response at 11. But Plaintiff does not cite any authority holding that a nonparty officer of a corporate party may be deposed by notice alone without first complying with Rule 30(b)(6); the issue presented here was not ruled on in the cases cited by Plaintiff.

D.  **Conclusion.**

For the reasons set forth above and in Cisco's Motion, Cisco requests that the Court quash the Notice of Deposition of Chandler and grant Cisco such other and further relief as the Court finds necessary.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ *Kurt Schwarz*
Charles L. Babcock
Federal Bar No.: 10982
Email: cbabcock@jw.com
Crystal J. Parker
Federal Bar No.: 621142
Email: cparker@jw.com
1401 McKinney
Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax
Kurt A. Schwarz
Texas Bar No.: 17871550.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Telecopier: (214) 953-5822
Email: kschwarz@jw.com

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

REPLY IN SUPPORT OF MOTION FOR PROTECTION AND MOTION TO QUASH THE DEPOSITION NOTICE OF MARK CHANDLER - PAGE 9 of 10

## CERTIFICATE OF SERVICE

      This is to certify that on December 9, 2009, a true and correct copy of the foregoing was served upon via electronic service:

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
***Attorney for Plaintiff John Ward, Jr.***

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
***Attorney for Plaintiff John Ward, Jr.***

Courtney Towle
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
***Attorney for Plaintiff John Ward, Jr.***

Geoffrey P. Culbertson
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
***Attorney for Plaintiff John Ward, Jr.***

James Holmes
Law Office of James Holmes, P.C.
605 South Main, Suite 203
Henderson, Texas 75654
***Attorney for Plaintiff John Ward, Jr.***

      /s/ Kurt Schwarz
      Kurt Schwarz