# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § § | |
| Plaintiff | § § | No. 08-4022 |
| v. | § § | JURY TRIAL DEMANDED |
| CISCO SYSTEMS, INC. | § § § | |
| Defendants. | § | |

*PLAINTIFF'S AMENDED FIRST NOTICE OF ORAL/VIDEOTAPED DEPOSITION OF CISCO SYSTEMS, INC.*

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN pursuant to Federal Rule of Civil Procedure 30(b)(6) that plaintiff John Ward, Jr. will take the deposition upon oral examination of defendant Cisco Systems, Inc., commencing on December 18, 2009 at 9:00 a.m., at The Lanier Law Firm, located at 2200 Geng Road, Suite 200, Palo Alto, CA 94303, and continuing from day to day thereafter, excluding weekends and holidays, until completed. The deposition will be recorded by a videographer and a certified court reporter.

NOTICE IS HEREBY FURTHER GIVEN pursuant to Federal Rule of Civil Procedure 30(b)(6) that Cisco Systems, Inc. is required to designate one or more of its officers, directors, partners, managing agents or other such persons as are most qualified, knowledgeable, and competent to testify on its behalf as to all matters known or reasonably available to it with respect to the topics identified in Attachment A attached hereto. The person(s) designated by Cisco for each topic set forth in Attachment A is required to undertake an investigation concerning the topics set forth in Attachment A, and be prepared to answer the topics fully and to the best of Cisco's knowledge.

NOTICE IS HEREBY FURTHER GIVEN that for each person designated, Cisco is requested to set forth the matters on which that person will testify in a written response to be served to Plaintiff by December 11, 2009.

Dated:  November 25, 2009

        Respectfully Submitted,

        */s/ Nicholas H. Patton*
        Nicholas H. Patton
        AR Bar No. 63035
        Email: nickpatton@texarkanalaw.com
        Email: Courtney Towle
        ctowle@texarkanalaw.com
        Patton, Tidwell & Schroeder, LLP
        4605 Texas Boulevard
        Texarkana, Texas 75503
        903.792.7080 / 903.792.8233 (Fax)

        Patricia L. Peden
        LAW OFFICE OF PATRICIA L. PEDEN
        1316 67th Street
        Suite 6
        Emeryville, CA 94608
        Telephone: 510-268-8033
        Email: ppeden@pedenlawfirm.com

        James A. Holmes
        Texas Bar No. 00784290
        THE LAW OFFICE OF JAMES HOLMES, P.C.
        635 South Main, Suite 203
        Henderson, Texas 75654
        903.657.2800 / 903.657.2855 (Fax)

        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to Charles Babcock and Mrs. Crystal Parker, 1401 McKinney, Suite 1900, Houston, Texas 77010, attorneys for Cisco Systems, Inc., via electronic mail on this 25th day of November 2009.

_____
Nicholas H. Patton

## ATTACHMENT A

### Definitions

1.  As used herein, the singular shall include the plural and the plural shall include the singular;

2.  As used herein, the use of a verb in any tense shall be construed as the use of that verb in all other tenses necessary to bring within the scope of the request anything that might otherwise be construed as outside its scope;

3.  As used herein, "accused posts" shall mean the October 17, 2007 Troll Tracker Blog post entitled "Troll Jumps the Gun, Sues Cisco Too Early," the October 18, 2007 Troll Tracker Blog post entitled "ESN Convinces Court Clerk To Alter Documents To Try To Manufacture Subject Matter Jurisdiction Where None Existed," and the Troll Tracker Post dated October 18, 2007 on the post, but actually written and posted on October 19, 2007, entitled "ESN Convinces Court Clerk To Alter Documents To Try To Manufacture Subject Matter Jurisdiction Where None Existed;"

4.  As used herein, "all" means "any and all" and "any" means "any and all;"

5.  As used herein, "and" and "or" encompass both "and" and "or," and references shall be construed either a singular or plural, as necessary to bring within the scope of these requests any information that might otherwise be construed to be outside their scope;

6.  As used herein, "Cisco Systems, Inc.," or "Cisco" or shall mean Cisco Systems, Inc., including all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in a joint partnership with Cisco and others acting on behalf of Cisco or purporting to act on Cisco's behalf, including persons and/or companies who have participated in Cisco's defense in this case or with whom Cisco purports to have a joint defense agreement;

7.  As used herein, "company" means any company, business, or legal entity, including corporations, proprietorships, partnerships, joint-ventures, businesses, consortiums, associations, foundations, governmental agencies or instrumentalities and includes that company or entity's agents, representatives, affiliates, parents, predecessors and successors in interest, servants, employees, attorneys, and all other persons or entities over whom that company or entity has control or who have been hired, retained, or employed for any purpose by that company or entity. When the term "company" is used in the context of a question to Cisco, the term is means Cisco;

8.  As used herein, "concerning" means analyzing, addressing, consisting of, constituting, regarding, referring to, relating to, refuting, discussing, describing, evidencing, memorializing, reflecting, commenting on, or otherwise having any logical or factual connection to the subject matter of the request;

9. As used herein, "communication" means the transmittal of information from one person to another by any means, including letters, correspondence, notes, records, reports, papers, facsimiles, electronic mail, electronic mail generated from a hand held personal device such as a Blackberry or iPhone, instant messaging, internet relay chat, news group, group or collaboration servers, electronic bulletin boards, electronic discussion boards, dictation tapes, video recordings, audio recordings, digital recordings, memoranda, telegrams, telecopies and telexes, teleconference, collaboration servers (including share point servers), web-based or software virtual meetings (such as Web-X and any other meeting software and share point servers), and oral contact such as face-to-face meetings, telephone conversations and voice mail messages;

10. As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the closest approximation thereto;

11. As used herein, "ESN v. Cisco Litigation" or "ESN case" means ESN, LLC v. Cisco Systems, Inc. v. Cisco-Linksys, LLC, Civil Action No. 5:07-cv-156-DF-CMC in the United States District Court for the Eastern District of Texas, Texarkana Division, including by not limited to the filing of ESN's Complaint or ESN's Amended Complaint.

12. As used herein, "employee" means any director, trustee, officer, employee, partner, corporate parent, subsidiary, affiliate, contract employee, or retained employee or servant of the designated entity, whether active, retired, full-time, part-time, current or former, and compensated or not;

13. As used herein, "entity" means the same thing as company, as defined above;

14. As used herein, "include" means "include without limitation;"

15. As used herein, "including" means "including but not limited to;"

16. As used herein, "identify," "identification" or "identity" shall mean:

    a. with respect to a person, his or her full name and present employer (or, alternatively last known place of employment), date(s) of commencement and/or termination of such employment, job title and description of his or her duties, and last known address;

    b. with respect to a company or other legal entity, the full name, address and state of incorporation and the identity of any person who acted on behalf of such entity with respect to the subject matter of the request;

    c. with respect to a communication, the date of the communication, the method of transmission (i.e., personal meeting, telephone call, electronic mail, etc), all recipients of the communication, the sender of the communication, and the contents of the communication.

    d.  with respect to an activity, the event(s) and/or occurrence(s) that constitute the activity, the persons(s) involved in the activity, the date(s) on which the activity took place and the location(s) where the activity took place.

    e.  with respect to a factual or legal basis means a description sufficient to ascertain the background, origin, nature, characteristics of and all facts and circumstances responsive to the question posed.

  17.  As used herein, "person" or "persons" means any natural person and other cognizable entity, including corporations, proprietorships, partnerships, joint-ventures, businesses, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, members of the media, newspapers, online media, societies, and orders;

  18.  As used herein, "relating" means, in addition to its customary and usual meaning, discussing, referring to, pertaining to, reflecting, evidencing, showing, recording, or tending to show the absence of the allegation;

  19.  As used herein, "reviewed" means read, considered or consulted;

  20.  As used herein, "time" shall mean the exact time of day, with time zone indicated, if ascertainable, or, if not, the closest approximation thereto;

  21.  As used herein, "you" and "your" means Cisco.

### Topics For Deposition

  1.  A specific identification of each of Cisco's affirmative defenses in this case, and separately and for each defense, all facts Cisco alleges support that defense.

  2.  The creation and operation of and funding for the Trolltracker blog.

  3.  Cisco's knowledge concerning Rick Frenkel's writings in any Troll Tracker Blog post.

  4.  Cisco's current and former company blogging policies and all facts concerning the basis for and any decision made concerning any amendments to the Cisco blogging policy since October 2007.

  5.  For 2007 through the present, identify all blogs created, maintained, edited, or sponsored by Cisco or a Cisco employee in connection with Cisco's Communications Center of Excellence (CCoE), including all Personal Blogs, Project/Team Blogs, and Executive Blogs as described by Cisco at: http://www.ciscopress.com/articles/article.asp?p=1336793&seqNum=2, wwwin.cisco.com/cisco/ccoe/governance.shtml, and in ARK2.0088. Identify separately for each blog the author or authors, the purpose of the blog, the number of persons who have read the blog, whether there have been any complaints or criticisms concerning the blog's content, and

whether the "blog task force" has taken any action regarding any of the blogs, including following the "escalation process for blog incidents", when the incident occurred, and the details of the incident.

      6.    All facts and communications concerning Cisco's investigation into the publication of the accused posts, including the purpose of the investigation, all persons involved in the investigation, the identities of all persons involved in or having any connection to the posting of the accused posts, the subject-matter investigated, the persons interviewed, the conclusions reached, and any recommendations or action taken by Cisco as a result of its investigation(s). This topic specifically includes, but is not limited to, the investigation undertaken by Cisco in March and April 2008 that was the subject of Mr. Frenkel's testimony at the Albritton v. Cisco trial.

      7.    The identity of all persons who reviewed the accused posts.

      8.    Whether anyone at Cisco communicated any fact or statement made in any accused post to any person, including sending any of the accused posts via email, mail, hyperlink or communicating any of the subject matter contained the any of the accused posts orally. Separately and for each communication, the identity of all persons involved, the date and time of the communication, and the purpose of the communication.

      9.    All facts and communications concerning the decision to amend the accused blog postings, including the deletion of the reference to the "Banana Republic of East Texas" and the decision to leave other text intact, including all communications between Cisco and Rick Frenkel concerning changes made or not made to the accused posts.

      10.    All facts and communications between Mallun Yen, John Noh, or other Cisco employees and Richard Frenkel concerning any subject-matter, content, topic, person(s) or company(ies), edit or other information be made in or removed from any Troll Tracker blog post.

      11.    All facts and communications concerning the oral communication set forth in Cisco's Amended Answers to Plaintiff' First Set of Interrogatories, Interrogatory No. 5, October 18th Article, list item number 4 (conversation with either Mallun Yen or Marta Beckwith), including the identity of the participants to that communication, the purpose of the communication, the complete contents of the communication, any follow-up communications, and the date, time, and location of the communication.

      12.    Cisco's involvement in and knowledge of the decision to remove the accused posts from the Trolltracker blog.

      13.    All facts and communications concerning whether the allegations in the accused post are or can be considered to be accusations of criminal conduct, including an identification of any person who understood the accused posts to be an accusation of a crime. Separately and for each such communication, identify the person(s) involved in the communication, the purpose of the communication, the content of the communication, and the date and time of the communication.

14. All facts and communications concerning whether the allegations in the accused posts are or can be considered to be accusations of unethical conduct, including but not limited to an identification of any person who understood the accused posts to be an accusation of unethical conduct. Separately and for each such communication, identify the person(s) involved in the communication, the purpose of the communication, the content of the communication, and the date and time of the communication.

15. All facts and communications concerning whether the statements made in the accused posts were true or not true. Separately and for each such communication, identify the person(s) involved in the communication, the purpose of the communication, the content of the communication, and the date and time of the communication;

16. All facts and circumstances concerning any statement made to or by Cisco concerning the circumstances surrounding the timing of the filing of the ESN litigation against Cisco. Separately and for each communication identify the persons involved, the purpose of the communication, the subject matter of the communication, and the date and time of the communication.

17. All facts and communications supporting the position that the ESN complaint was received by the Court on October 16, 2007.

18. All facts and communications supporting the position that pursuant to the Eastern District of Texas's Local Rules, the ESN complaint was officially filed on October 16, 2007.

19. All facts Cisco considered in determining whether Frenkel was acting within the course and scope of his employment when posting the accused posts.

20. Cisco has represented that Cisco and Frenkel have a joint defense agreement but that there is no agreement that requires Frenkel to cooperate with Cisco's defense in this case. Cisco will make that representation on the record and provide a response that includes the amount paid by Cisco for representing Frenkel in this action.

21. Cisco has represented that Cisco and Frenkel have a joint defense agreement but that there is no agreement that requires Frenkel to cooperate with Cisco's defense in this case. Cisco will make that representation on the record and provide a response that includes the amount paid by Cisco for representing Frenkel in this action.

22. All facts Cisco considered in determining whether John Noh was acting within the course and scope of his employment at Cisco with respect to the accused posts;

23. Cisco has represented that there is no agreement that requires Noh to cooperate with Cisco's defense in this case. Cisco will make that representation on the record and provide a response as to the amount paid by Cisco for representing John Noh in this action if that information can be obtained from Cisco's records.

24. All communications between Cisco and Rick Frenkel concerning the filing of the ESN complaint, the accused articles, or John Ward Jr. through and including October 19, 2007.

25. An identification of all joint defense agreements entered into by Cisco and any party relating to the above-captioned case, including the parties to each agreement, the date the agreement was made, and the subject-matter covered in the agreement.

26. The date that Cisco first anticipated the possibility of litigation with Ward concerning the any of the accused posts.

27. All communications concerning or reliance upon any statements, statistics or data posted on the Trolltracker blog by any Cisco employee, agent or lobbyist (particularly including Mark Chandler, Matthew Tanielian, Michael Timmeny and John Noh) in communications with any other person, including members of the United States House of Representatives or Senate (or their respective staffs), any political action committee, lobbying group/individual lobbyist, consortium, and any member of the media or the Coalition for Patent Fairness regarding patent litigation reform.

28. All instances in which any Cisco public relations employee, Governmental Affairs employee, or any employee working in Cisco's legal department has used the TT blog as a reference, cited to the TT blog as a reference, or referred a person to the TT blog in connection with any Cisco business activity.

29. All instances in which Cisco has made a public statements about the above captioned case. Separately and for each statement, the identity of the person making the statement, whether the person making the statement was acting on behalf of Cisco in making the statement, the date and time the statement was made, the recipients of the statement, the purpose of the statement, and an identification of all documents concerning the statement.