# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| Plaintiff | § | No. 08-4022 |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S AMENDED SECOND NOTICE OF ORAL/VIDEOTAPED RULE 30(b)(6)**
<u>**DEPOSITION OF CISCO SYSTEMS, INC.**</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

NOTICE IS HEREBY GIVEN pursuant to Federal Rule of Civil Procedure 30(b)(6) that plaintiff John Ward, Jr. will take the deposition upon oral examination of defendant Cisco Systems, Inc., commencing on December 18, 2009 at 2:00 p.m., at The Lanier Law Firm, located at 2200 Geng Road, Suite 200, Palo Alto, CA 94303, and continuing from day to day thereafter, excluding weekends and holidays, until completed. The deposition will be recorded by a videographer and a certified court reporter.

NOTICE IS HEREBY FURTHER GIVEN pursuant to Federal Rule of Civil Procedure 30(b)(6) that Cisco Systems, Inc. is required to designate one or more of its officers, directors, partners, managing agents or other such persons as are most qualified, knowledgeable, and competent to testify on its behalf as to all matters known or reasonably available to it with respect to the topics identified in Attachment A attached hereto. The person(s) designated by Cisco for each topic set forth in Attachment A is required to undertake an investigation concerning the topics set forth in Attachment A, and be prepared to answer the topics fully and to the best of Cisco's knowledge.

NOTICE IS HEREBY FURTHER GIVEN that for each person designated, Cisco is requested to set forth the matters on which that person will testify in a written response to be served to Plaintiff by December 11, 2009.

Dated: November 25, 2009

                      Respectfully Submitted,

*/s/ Nicholas H. Patton*

Nicholas H. Patton
AR Bar No. 63035
Email: nickpatton@texarkanalaw.com
Email: Courtney Towle
ctowle@texarkanalaw.com
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street
Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033
Email: ppeden@pedenlawfirm.com

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to Charles Babcock and Mrs. Crystal Parker, 1401 McKinney, Suite 1900, Houston, Texas 77010, attorneys for Cisco Systems, Inc., via electronic mail on this 25th day of November 2009.

*[signature]*
_____
Nicholas H. Patton

## ATTACHMENT A

### Definitions

1. As used herein, the singular shall include the plural and the plural shall include the singular;

2. As used herein, the use of a verb in any tense shall be construed as the use of that verb in all other tenses necessary to bring within the scope of the request anything that might otherwise be construed as outside its scope;

3. As used herein, "accused posts" shall mean the October 17, 2007 Troll Tracker Blog post entitled "Troll Jumps the Gun, Sues Cisco Too Early," the October 18, 2007 Troll Tracker Blog post entitled "ESN Convinces Court Clerk To Alter Documents To Try To Manufacture Subject Matter Jurisdiction Where None Existed," and the Troll Tracker Post dated October 18, 2007 on the post, but actually written and posted on October 19, 2007, entitled "ESN Convinces Court Clerk To Alter Documents To Try To Manufacture Subject Matter Jurisdiction Where None Existed;"

4. As used herein, "all" means "any and all" and "any" means "any and all;"

5. As used herein, "and" and "or" encompass both "and" and "or," and references shall be construed either a singular or plural, as necessary to bring within the scope of these requests any information that might otherwise be construed to be outside their scope;

6. As used herein, "Cisco Systems, Inc.," or "Cisco" or shall mean Cisco Systems, Inc., including all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in a joint partnership with Cisco and others acting on behalf of Cisco or purporting to act on Cisco's behalf, including persons and/or companies who have participated in Cisco's defense in this case or with whom Cisco purports to have a joint defense agreement;

7. As used herein, "company" means any company, business, or legal entity, including corporations, proprietorships, partnerships, joint-ventures, businesses, consortiums, associations, foundations, governmental agencies or instrumentalities and includes that company or entity's agents, representatives, affiliates, parents, predecessors and successors in interest, servants, employees, attorneys, and all other persons or entities over whom that company or entity has control or who have been hired, retained, or employed for any purpose by that company or entity. When the term "company" is used in the context of a question to Cisco, the term is means Cisco;

8. As used herein, "concerning" means analyzing, addressing, consisting of, constituting, regarding, referring to, relating to, refuting, discussing, describing, evidencing, memorializing, reflecting, commenting on, or otherwise having any logical or factual connection to the subject matter of the request;

9. As used herein, "communication" means the transmittal of information from one person to another by any means, including letters, correspondence, notes, records, reports, papers, facsimiles, electronic mail, electronic mail generated from a hand held personal device such as a Blackberry or iPhone, instant messaging, internet relay chat, news group, group or collaboration servers, electronic bulletin boards, electronic discussion boards, dictation tapes, video recordings, audio recordings, digital recordings, memoranda, telegrams, telecopies and telexes, teleconference, collaboration servers (including share point servers), web-based or software virtual meetings (such as Web-X and any other meeting software and share point servers), and oral contact such as face-to-face meetings, telephone conversations and voice mail messages;

10. As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the closest approximation thereto;

11. As used herein, "ESN v. Cisco Litigation" or "ESN case" means ESN, LLC v. Cisco Systems, Inc. v. Cisco-Linksys, LLC, Civil Action No. 5:07-cv-156-DF-CMC in the United States District Court for the Eastern District of Texas, Texarkana Division, including by not limited to the filing of ESN's Complaint or ESN's Amended Complaint.

12. As used herein, "employee" means any director, trustee, officer, employee, partner, corporate parent, subsidiary, affiliate, contract employee, or retained employee or servant of the designated entity, whether active, retired, full-time, part-time, current or former, and compensated or not;

13. As used herein, "entity" means the same thing as company, as defined above;

14. As used herein, "include" means "include without limitation;"

15. As used herein, "including" means "including but not limited to;"

16. As used herein, "identify," "identification" or "identity" shall mean:

    a. with respect to a person, his or her full name and present employer (or, alternatively last known place of employment), date(s) of commencement and/or termination of such employment, job title and description of his or her duties, and last known address;

    b. with respect to a company or other legal entity, the full name, address and state of incorporation and the identity of any person who acted on behalf of such entity with respect to the subject matter of the request;

  c. with respect to a communication, the date of the communication, the method of transmission (i.e., personal meeting, telephone call, electronic mail, etc), all recipients of the communication, the sender of the communication, and the contents of the communication.

  d. with respect to an activity, the event(s) and/or occurrence(s) that constitute the activity, the persons(s) involved in the activity, the date(s) on which the activity took place and the location(s) where the activity took place.

  e. with respect to a factual or legal basis means a description sufficient to ascertain the background, origin, nature, characteristics of and all facts and circumstances responsive to the question posed.

17. As used herein, "person" or "persons" means any natural person and other cognizable entity, including corporations, proprietorships, partnerships, joint-ventures, businesses, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, members of the media, newspapers, online media, societies, and orders.

18. As used herein, "relating" means, in addition to its customary and usual meaning, discussing, referring to, pertaining to, reflecting, evidencing, showing, recording, or tending to show the absence of the allegation;

19. As used herein, "reviewed" means read, considered or consulted;

20. As used herein, "time" shall mean the exact time of day, with time zone indicated, if ascertainable, or, if not, the closest approximation thereto;

21. As used herein, "you" and "your" means Cisco.

### Topics For Deposition:

1. Mallun Yen's job responsibilities at Cisco, including her job description, her areas of responsibilities, her direct reports, who she reports to at Cisco, and the identity of each person for whom she is responsible for conducting performance reviews;

2. All facts and circumstances concerning whether Mallun Yen has ever been censored, reprimanded, warned, admonished, or criticized concerning her job performance at Cisco;

3. Marta Beckwith's job responsibilities at Cisco, including her job description, her areas of responsibilities, her direct reports, who she reports to at Cisco, and the identity of each person for whom she is responsible for conducting performance reviews;

4. All facts and circumstances concerning whether Marta Beckwith has ever been censored, reprimanded, warned, admonished, or criticized concerning her job performance at Cisco;

5. Rick Frenkel's job responsibilities while employed at Cisco, including his job description, his areas of responsibility, an identification of persons who directly reported to him, an identification of the person that Frenkel directly reported to at Cisco, and the identity of each person responsible for conducting his performance reviews;

6. All facts and circumstances concerning whether Rick Frenekl was ever censored, reprimanded, warned, admonished, or criticized concerning his job performance at Cisco;

7. John Noh's job responsibilities while employed at Cisco, including his job description, his areas of responsibility, an identification of persons who directly reported to him, an identification of the person that Noh directly reported to at Cisco, and the identity of each person responsible for conducting his performance reviews;

8. All facts and circumstances concerning whether John Noh was ever censored, reprimanded, warned, admonished, or criticized concerning his job performance at Cisco;

9. Mark Chandler's job responsibilities at Cisco, including his job description, his areas of responsibilities, his direct reports, who he reports to at Cisco, and the identity of each person for whom he is responsible for conducting performance reviews;

10. Neal Rubin's job responsibilities at Cisco, including his job description, his areas of responsibilities, his direct reports, who he reports to at Cisco, and the identity of each person for whom he is responsible for conducting performance reviews;

11. Dan Lang's job responsibilities at Cisco, including his job description, his areas of responsibilities, his direct reports, who he reports to at Cisco, and the identity of each person for whom he is responsible for conducting performance reviews;

12. Mark Michels's job responsibilities at Cisco, including his job description, his areas of responsibilities, his direct reports, who he reports to at Cisco, and the identity of each person for whom he is responsible for conducting performance reviews;

13. Michael Ritter's job responsibilities at Cisco, including his job description, his areas of responsibilities, his direct reports, who he reports to at Cisco, and the identity of each person responsible for conducting his performance reviews;

14. Matthew Tanielian's job responsibilities while employed at Cisco, including his job description, his areas of responsibilities, his direct reports, who he reported to at Cisco, and the identity of each person responsible for his performance reviews and the identity of each person for whom he is responsible for conducting performance reviews;

15. Michael Timmeny's job responsibilities at Cisco, including his job description, his areas of responsibilities, his direct reports, who he reported to at Cisco, and the identity of each person responsible for his performance reviews;

16. John Earnhardt's job responsibilities at Cisco, including his job description, his areas of responsibilities, his direct reports, who he reported to at Cisco, and the identity of each person responsible for his performance reviews and the identity of each person for whom he is responsible for conducting performance reviews;

17. John Corcoran's job responsibilities at Cisco, including his job description, his areas of responsibilities, his direct reports, who he reported to at Cisco, and the identity of each person responsible for his performance reviews and the identity of each person for whom he is responsible for conducting performance reviews;

18. For 2006 and 2007, Cisco's annual spending on efforts to change the United States Patent Laws. Plaintiff believes that Cisco has accounting records indentifying Cisco's expenditures. Plaintiff will accept corporate records in lieu of deposition testimony if Cisco prefers to produce documents rather than produce a corporate witness regarding this topic;

19. Ward agrees to withdraw the original topic conditioned upon Cisco's stipulation to Cisco's net worth in 2007, which its representative will read into the record;

20. In response to the original topic, Cisco agrees to produce the documents produced in the *Albritton v. Cisco* case addressing lawsuits against Cisco claiming libel, slander, or defamation, and to produce a witness to testify regarding the these documents. Cisco agrees to confirm that the documents produced in the *Albritton* case identify each instance in which Cisco has been sued for libel, slander or defamation;

21. Ward withdraws this deposition topic;

22. An identification of each case filed by Cisco in the Eastern District of Texas;

23. Considering Cisco's concerns on the original topic raised in meet and confer, Ward agrees that Cisco's response to this topic will include an identification of each case venued in the Eastern District of Texas in which Cisco is or was a party. With respect to which of the above Cisco employees have worked on cases litigated in the Eastern District of Texas, Cisco agreed to use its best efforts to identify cases worked on by each legal employee but represents that information may not be available to Cisco. With respect to Messrs. Noh, Timmeny or Tanielian, Plaintiff's topic is limited to any case in the Eastern District of Texas for which these individuals made public statements on behalf of Cisco.

Case 4:08-cv-04022-JLH   Document 167-3   Filed 12/09/09   Page 10 of 12
Case 4:08-cv-04022-JLH   Document 163   Filed 12/03/09   Page 15 of 17

Motion at 3. Though it would deprive Ward of an opportunity to depose Chandler, the offer might appear workable — until examining the circumstances of Chandler's deposition in *Albritton*.

Chandler's *Albritton* deposition was taken under strict time constraints. Exh. H (11/18/08 Chandler Deposition Tr. from the *Albritton* case at 9:7-22). Ward, however, will have a full seven hours if necessary to thoroughly depose Chandler. Also, Chandler was deposed in November 2008, well before Frenkel's September 2009 trial testimony about his conversation with Chandler after Frenkel revealed himself, and prior to Frenkel's testimony about Cisco's investigation into his blogging activities. Frenkel's trial testimony was the first time Cisco reveled there was an internal investigation into his blogging. Albritton could not question Chandler about the investigation, but as it is now known, Ward can. Further, Chandler's deposition was taken a year before Ward deposed Yen, Noh, and Frenkel in this case. In those depositions, the deponents indicated they had interactions with Chandler but could not recall the details — Ward can explore this with Chandler whereas Albritton could not.

Because Ward has benefit of additional information that Albritton did not have in advance of his Chandler deposition, and because Ward does not have the time constraints imposed on Albritton during the Chandler deposition, Chandler's deposition in the *Albritton* case is an unacceptable substitute for Chandler's deposition testimony in this case.

### D. *Because Chandler is a Cisco Officer, He is Subject to Deposition by Notice*

There is no dispute that Chandler is a high-level executive at Cisco — he is Cisco's Vice President, General Counsel, and Secretary. And as a Cisco officer, he is subject to deposition by notice (Rule 30(b)(1)), and can be sanctioned for not appearing (Rule 37(d)). Indeed, Cisco's present motion appears aimed at avoiding sanctions. *See* Rule 37(d)(2)(requiring filing a motion for protective order prior to the time the deposition is noticed). As Rule 37(d)(1)(A)(i) details, a court may order sanctions where "a party or *party's officer, director, or managing agent*... fails, after being served with *proper notice*, to appear for that person's deposition...". As a Senior

Vice President at Cisco, Chandler falls into the category of defendant's "officer, director, or managing agent".[4]

Cisco's own authority demonstrates that high level executives of a party to a lawsuit are subject to deposition by notice. *Celerity*, 2007 WL 205067 at *1, *3, and *5 (deferring noticed depositions of plaintiff's top two executives)("Virtually every court that has addressed deposition notices directed at an official at the highest level or "apex" of corporate management...")(emphasis supplied). The authority Ward cited to Cisco during meet and confer demonstrates the same. *Travelers Rental Co., Inc. v. Ford Motor Co.*, 116 F.R.D. 140, 114 (D. Mass. 1987)(considering noticed depositions of several high-ranking executives at defendant company); *see also Criterion 508 Solutions, Inc. v. Lockheed Martin Services, Inc.*, 255 F.R.D. 489, 493 (S.D. Iowa 2008)(considering sanctions where plaintiff's properly noticed officer failed to attend deposition).

As Chandler is a high-ranking executive at Cisco, Ward properly compelled his deposition by notice.

## IV.  Conclusion

For all the forgoing reasons, Plaintiff respectfully requests that Cisco's motion be in all things DENIED and that the Court order Cisco to provide dates for Chandler's deposition.

Respectfully Submitted,

_(signature)_
Nicholas H. Patton (AR Bar No. 63035)
Email: nickpatton@texarkanalaw.com
Courtney Towle
Email: ctowle@texarkanalaw.com
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

---

[4] As Chandler was not subpoenaed and was properly noticed, Cisco's citation to Rule 45 is misplaced.

12

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033
Email: ppeden@pedenlawfirm.com

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on this 3rd day of December, 2009, a true and correct copy of the foregoing document was served electronically via the Court's CM/ECF system upon:

| | |
|---|---|
| Richard E. Griffin<br>Charles Babcock<br>Crystal Parker<br>Kurt Schwarz<br>JACKSON WALKER, LLP<br>1401 McKinney<br>Suite 1900<br>Houston, Texas 77010 | Attorneys for Defendant Cisco Systems, Inc. |

*/s/ Nicholas H. Patton*
Nicholas H. Patton