IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JOHN WARD, JR. § | |
| § | |
| § | C. A. NO. 08-4022 |
| v. § | JURY TRIAL DEMANDED |
| § | |
| CISCO SYSTEMS, INC. § | |

### CISCO SYSTEMS, INC.'S MOTION TO SUBSTITUTE EXPERT WITNESS

TO THE HONORABLE DISTRICT JUDGE:

Defendant Cisco Systems, Inc. ("Defendant") respectfully moves to be permitted to substitute as an expert witness, Ron Weston, a former federal district clerk for the Western District of Michigan, in place of Ralph DeLoach, a former federal district clerk for the District of Kansas. In support thereof Defendant would show the court as follows:

### I.   INTRODUCTION

Cisco timely disclosed Mr. DeLoach as an expert on November 10, 2009 and forwarded a copy of his report to plaintiff's counsel that day. Mr. DeLoach had agreed to testify on behalf of Cisco and had communicated extensively with defense counsel including conversations on November 10th leading up to the finalization of his report.

Suddenly and without warning at 12:49 a.m. on November 11, 2009, just hours after his report was served on opposing counsel, Mr. DeLoach, who is retired, sent an email (attached as Exhibit A) acknowledging that he had agreed to testify but stating that he had "concluded that the press of business is just to (sic) great to allow me to do it." *Id.* He apologized if his decision caused any "undue hardship" and promised to help find a substitute expert. *Id.*

The undersigned immediately, on November 11, 2009, contacted Mr. DeLoach who answered his phone but said that "I'm right in the middle of something, can I call you back?" A

1

game of telephone tag then commenced which resulted in Mr. DeLoach and the undersigned speaking on the morning of November 23, 2009. At that time, Mr. DeLoach reiterated his decision not to testify but again said he would assist in finding a proper substitute. The undersigned did not release Mr. DeLoach from his consulting contract pending the location of a substitute expert.

Although Mr. DeLoach did recommend some candidates, for one reason or another, they were not able to assist. In the meantime, without notice to Defense counsel, Plaintiff's counsel subpoenaed Mr. DeLoach for his deposition on January 7, 2010, in Kansas. The subpoena is attached as <u>Exhibit B</u>. Mr. DeLoach then apparently contacted Plaintiff's counsel, on December 3, 2009, and said that he would not testify and asked that the subpoena be withdrawn. The subpoena is apparently still outstanding.

In the meantime Defendant diligently sought to find a substitute expert and ultimately retained, Ronald C. Weston, who is willing to serve. The undersigned first met with Mr. Weston on December 8, 2009, and he produced a report which was served on plaintiff's counsel on December 10, 2009. Also on December 8, 2009, the undersigned informed opposing counsel that Defendant had retained a substitute expert, provided Mr. Weston's name and indicated that he was an ex-clerk from the Western District of Michigan, that his opinions would be substantially the same as Mr. DeLoach's and that he was available for his deposition on January 7, 2010 in Houston, Texas, the date Mr. DeLoach was subpoenaed in Kansas. See Exhibit C, email to opposing counsel.

2

5679886v.1

## II. THE RULES ARE TO BE CONSTRUED SO AS TO ACHIEVE TO A "JUST"DETERMINATION OF EVERY CASE

Rule 1 of the Federal Rules states that the Rules are to be construed to promote a "just" determination of every action. Defendant's counsel was frankly shocked when informed by Patty Peden, one of Plaintiff's lawyers, that Mr. Ward would object to the substitution of this expert because the designation was "not timely." Plaintiff can demonstrate no prejudice by the substituted designation, and if anyone is hurt it is Cisco by having to locate a substitute expert and now having to file this motion after the mysterious about face of its retained expert Mr. DeLoach. This Motion should be granted.

WHEREFORE, PREMISES CONSIDERED, Cisco prays that this Motion be granted and that Mr. Weston be permitted to substitute as an expert in place of Mr. Deloach and for such further relief to which Defendant may be entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: */s/ Charles L. Babcock*
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney
    Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF CONFERENCE

The parties have conferred in good faith on the specific issues in dispute in this Motion, and they are not able to resolve their disagreements without the intervention of the Court.

>       /s/ Charles L. Babcock
>       Charles L. Babcock
>       Attorney in Charge for Cisco Systems, Inc.

## CERTIFICATE OF SERVICE

This is to certify that on this 10th day of December, 2009, a true and correct copy of the foregoing was served via electronic mail upon:

| | |
|---|---|
| Patricia L. Peden<br>Law Offices of Patricia L. Peden<br>5901 Christie Avenue<br>Suite 201<br>Emeryville, CA 94608<br>*Attorney for Plaintiff John Ward, Jr.* | Nicholas H. Patton<br>Patton, Tidwell & Schroeder, LLP<br>4605 Texas Boulevard<br>P.O. Box 5398<br>Texarkana, Texas 75505-5398<br>*Attorney for Plaintiff John Ward, Jr.* |
| Courtney Towle<br>Patton, Tidwell & Schroeder, LLP<br>4605 Texas Boulevard<br>P.O. Box 5398<br>Texarkana, Texas 75505-5398<br>*Attorney for Plaintiff John Ward, Jr.* | Geoffrey P. Culbertson<br>Patton, Tidwell & Schroeder, LLP<br>4605 Texas Boulevard<br>P.O. Box 5398<br>Texarkana, Texas 75505-5398<br>*Attorney for Plaintiff John Ward, Jr.* |
| James Holmes<br>Law Office of James Holmes, P.C.<br>605 South Main, Suite 203<br>Henderson, Texas 75654<br>*Attorney for Plaintiff John Ward, Jr.* | |

>       /s/ Charles L. Babcock
>       Charles L. Babcock

5679886v.1