Ward v. Cisco Systems, Inc. et al
Case 4:08-cv-04022-JLH   Document 168-3   Filed 12/10/09   Page 1 of 4
Doc. 168 Att. 2
Page 1 of 4

**Parker, Crystal**

**From:** Babcock, Chip
**Sent:** Tuesday, December 08, 2009 3:53 PM
**To:** Patricia L. Peden
**Cc:** Parker, Crystal; Turnock, Holly
**Subject:** RE: Ralph Deloach

Patty,

We are substituting Mr. Ron Weston a former district clerk for the Western District of Michigan in the place of Mr. DeLoach. Mr. Weston is available for his deposition on January 7, 2009 which is the date that you subpoenaed Mr. DeLoach. Furthermore he will be presented at Jackson Walker's offices in Houston 1401 McKinney Suite 1900 starting whenever you want but I would propose 10am. His opinions will track those of Mr. DeLoach but I will send you a formal document disclosing the matters required by the Federal Rules this Thursday.

I am sorry for any inconvenience relating to Mr. DeLoach but, for the record, I did not release him from his agreement to testify before finding an appropriate replacement.

By the way you didn't answer the second part of my question which was do you know of anyone who contacted Mr. DeLoach about his testimony (other than the people you indicated below). Very strange situation.

Best regards,
Chip

---

**From:** Patricia L. Peden [mailto:ppeden@pedenlawfirm.com]
**Sent:** Monday, December 07, 2009 11:34 AM
**To:** Babcock, Chip; Parker, Crystal; ctowle@texarkanalaw.com
**Cc:** 'Nick Patton'; mlong@texarkanalaw.com; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou; 'Geoff Culbertson'
**Subject:** RE: Ralph Deloach

Chip:

Cisco has known since at least November 11th that Mr. DeLoach would not be serving as an expert witness in this case. Yet, you led us to believe otherwise by representing that you were seeking deposition dates from him. As you know, expert rebuttal reports are due this week. Had we not been forced to serve a subpoena on Mr. DeLoach as a result of Cisco's failure to give us deposition dates for its experts, we still would not know that he will not be an expert for Cisco. Is there a reason that Cisco not inform us of Mr. DeLoach's decision before we went through the time and expense of preparing to rebut his report, subpoenaing him for deposition, and preparing to take his deposition? Does Cisco intend to reimburse us for our time and expense?

In response to your questions: Mr. DeLoach called Nick's office on Thursday Dec. 3 and spoke to a legal assistant. Mr. DeLoach called me on December 3, and we had about a three minute telephone conversation. Mr. DeLoach sent an email to Nick and Crystal. Those are the only communications we have had with Mr. DeLoach.

Patty

---

**From:** Babcock, Chip [mailto:cbabcock@jw.com]
**Sent:** Friday, December 04, 2009 8:11 AM
**To:** ppeden@pedenlawfirm.com; Parker, Crystal; ctowle@texarkanalaw.com

12/10/2009

DEFENDANT'S EXHIBIT C

**Cc:** Nick Patton; mlong@texarkanalaw.com; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou
**Subject:** RE: Ralph Delouch

Patty,
   The better question is when did we first learn that Mr. DeLoach, after agreeing to serve as an expert and preparing a report which was filed on November 10, 2009, indicate that he would not do so. The answer to that question is: November 11, 2009.
   This prompts two questions of my own: What communications did Mr. Ward or his agents have with Mr. DeLoach between November 10, 2009 (the date his identity was revealed) and today. Are you aware of any other communications with Mr. DeLoach regarding his testimony by anyone and if so, please identify that person or persons.
   In the future if you subpoena a witness would you have the courtesy of providing me with a contemporaneous copy of the subpoena? Would you please send me a copy of the subpoena that you apparently served on Mr. DeLoach?
   Thank you for your attention to these matters.
   Chip

---

**From:** Patricia L Peden [mailto:ppeden@pedenlawfirm.com]
**Sent:** Thursday, December 03, 2009 9:40 PM
**To:** Parker, Crystal; ctowle@texarkanalaw.com
**Cc:** Nick Patton; mlong@texarkanalaw.com; Babcock, Chip; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou; ctowle@texarkanalaw.com
**Subject:** Ralph Delouch

Crystal:
When did Cisco first learn that Mr. Delouch would not be serving as an expert witness in this case?
Patty
Sent via BlackBerry by AT&T

---

**From:** "Parker, Crystal" <cparker@jw.com>
**Date:** Thu, 3 Dec 2009 19:40:43 -0600
**To:** <ctowle@texarkanalaw.com>
**Cc:** <nickpatton@texarkanalaw.com>; <ppeden@pedenlawfirm.com>; <mlong@texarkanalaw.com>; Babcock, Chip<cbabcock@jw.com>; Griffin, Richard<rgriffin@jw.com>; Schwarz, Kurt<kschwarz@jw.com>; Flynn-DuPart, Mary Lou<mdupart@jw.com>
**Subject:** Re: Written Discovery meet and confer

I can respond on Monday. Thanks, Crystal

---

Sent from my BlackBerry Wireless Handheld.

**From:** Courtney Towle
**To:** Parker, Crystal
**Cc:** Nick Patton ; 'ppeden@pedenlawfirm.com' ; Marcie Long ; Babcock, Chip; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou
**Sent:** Thu Dec 03 17:53:50 2009
**Subject:** RE: Written Discovery meet and confer
Crystal,
I have not heard from you regarding my email below. We received an email from one of your experts today indicating you are out of the office. Can you meet and confer on these issue by email or by phone by Monday? If you cannot, please let me know who else on your team is available to address these issues in your absence.

Thanks,

12/10/2009

-- Courtney

*This email and any attachments may be confidential or privileged. If you are not the intended recipient, be advised that any disclosure, copying, distribution, or use of this email is prohibited. If you receive this email in error, please notify us by reply mail and immediately destroy all copies of this communication.*

**From:** Courtney Towle
**Sent:** Wednesday, December 02, 2009 11:53 AM
**To:** 'Parker, Crystal'
**Cc:** Nick Patton; 'ppeden@pedenlawfirm.com'; Marcie Long
**Subject:** Written Discovery meet and confer

Crystal,

I write to confer with you regarding several outstanding written discovery issues.

First, regarding Cisco's responses to Plaintiff's Third Set of RFPs, for several requests Cisco did not state whether or not responsive documents exist. For requests nos. 90, 92-94, 96-98, 101, 105, 107, 109-110, and 114, please state whether or not Cisco is withholding responsive documents.

For request nos. 112 and 113, Cisco made a privilege objection but did not indicate whether there are documents responsive to these requests. If there are responsive documents, confirm that they have been logged and identify them on Cisco's privilege log.

For request no. 100, Cisco states that there are no non-privileged documents. Confirm that the responsive documents are logged on Cisco's privilege log and identify where they appear on the log.

In response to Plaintiff's same RFPs, Cisco states that for some requests all responsive documents were already produced. For request nos. 89, 95, 99, 102-104, 106, 108, identify the date on which Cisco produced the responsive documents.

In response to request no. 88, Cisco stated that it would produce documents. Confirm that Cisco has produced all responsive documents for this request and include the date of production.

Confirm that Cisco is refusing to produce the case requested in request no. 111.

Second, Cisco's Third set of RFPs raises several issues that must be addressed before Ward responds as, in their current form, these requests appear aimed at harassing and annoying Mr. Ward, and will subject him to undue burden and expense in responding.

Request nos. 1-3, 8, 20, and 29 are aimed at discovery of documents relating to Mr. Ward's damages --- an issue raised in Cisco's recent motion to compel and on which the Court ruled. As the Court already resolved the issue of what documents Ward needed to produce in relation to his claimed damages, and Ward has complied with that order, explain why Cisco is again seeking damages related documents or withdraw these requests.

Several of the requests call for clearly privileged documents. These include request nos. 10-13 and 31-34. Also, as nos. 31-34 are among the most egregious of Cisco's requests and outside the bounds of discovery, these should immediately withdrawn.

Several requests admit that the documents Cisco seeks will contain privileged information, which Cisco states "To the extent the documents contain the identity or privileged information, Defendant agrees that that information may be redacted" or "Cisco agrees that any privileged portions of the responsive documents may be redacted". This is not an agreement Ward is willing to enter into. Considering the potentially millions of documents these overbroad requests call for, simply asking Ward to go through and redact line-by-line in response to an irrelevant request is unworkable and clearly aimed at over burdening Ward and running up legal

expenses. Accordingly, Cisco's request nos. 6, 7, 31, 32, and 33 should be withdrawn.

Many requests are aimed at obtaining documents that plainly are not relevant, including request nos. 4-7, 14, 16, and 23-24.

Many requests are also cumulative of earlier discovery requests, including request nos. 9, 17, 21, 22, 26-28, and 30.

In addition, many of the requests are overly broad (including nos.4, 5, 6, 7, 9-15, 21-25, 30-33), seek documents not in Ward's possession (including nos. 4, 8, 12-13, 20, 22-24), and, in some instances, seek publicly available documents (including nos. 5 and 27).

To resolve these issues, and avoid undue burden and expense, we request Cisco address these concerns prior to formally responding. Please explain why, in light of the forgoing, Cisco is entitled to the documents in response to these requests and explain how the requests are not aimed at harassing, annoying, or oppressing Mr. Ward, or subjecting him to undue burden or expense.

Third, in Cisco's "Third" set of RFAs, propounded on November 5, 2009, Cisco propounded nine RFAs that are cumulative of the questions raised to Ward during his deposition. Why is it that Cisco needs responses to these RFAs when it already has Ward's direct deposition testimony? If you contend that any of the RFA topics were not raised during Ward's deposition, explain your failure to raise them in deposition. Absent a credible explanation, it appears these RFAs were propounded in an effort to harass Ward, and to subject him to undue burden and expense in responding.

We look forward to resolving these issues without court intervention.

Thanks,
--Courtney

Courtney Towle
Attorney
PATTON, TIDWELL & SCHROEDER, L.L.P.
P.O. Box 5398
Texarkana, TX 75505-5398

*This email and any attachments may be confidential or privileged. If you are not the intended recipient, be advised that any disclosure, copying, distribution, or use of this email is prohibited. If you receive this email in error, please notify us by reply mail and immediately destroy all copies of this communication.*

12/10/2009