Ward v. Cisco Systems, Inc. et al Doc. 169 Att. 11


# Ex. L

Dockets.Justia.com

## System

**(10/4 Edit: changed Category 2 to NPE, in transition)**

I have been thinking a bunch about small inventors, and, for some of them, whether it is *fair* to label them as a "patent troll." Obviously, it varies from case to case, and depends on a bunch of factors. And, as a couple of you have pointed out, some of my recent comments have been sounding almost guilty, which is true - my conscience was having a hard time grouping some non-practicing entities in the same category as Acacia and Plutus.

So, I thought, what if I could quantify those troll-like factors, and come up with a Troll Severity Assessment for each non-practicing entity? That would alleviate my problem of grouping all of these disparate entities under one umbrella label. Certainly, I couldn't possibly get all of the factors here. Because my major limitation is that information has to be reasonably publicly available to be useful to my assessment. For example, I usually can't tell whether there has been pre-filing notice (although sometimes it's in the complaint), and I almost never can tell what the level of the demand has been (unless, like Minerva, the demand is shared in a press release).

Here is what I came up with. First, a big disclaimer: ***this is a work in progress***. I welcome any suggestions - factors I missed, etc. I am debating whether to use it later this week.

1 point is awarded for suing more than X unrelated defendants in a single lawsuit (for now, I think X=3);
1 point for the plaintiff being a shell having no connection to the inventor or having multiple shell corporations or transfers to hide the true inventor;
1 point for blatant venue shopping;
1 point for the plaintiff being a corporation having no R&D and no manufacturing;
1 point for cumulatively suing a slew of defendants and/or filing a slew of lawsuits (I made this subjective on purpose - e.g., suing 10 defendants in 3 lawsuits might qualify, but suing 5 defendants in 5 lawsuits may not -- and this will probably vary from patent to patent)
2 points for having other, troll-like qualities (again, subjective, but what I'm thinking about are things like having Niro Scavone as your counsel, sending threat letters to anonymous bloggers, filing "strike suits" with no warning, etc. I'll know to award it when I see it)

Now, what do we do with all of these points? Here's what I have plotted out:

1-2 points: *not a troll*, just a non-practicing entity (**Category 1 NPE**)
3 points: still a non-practicing entity, but in transition to becoming a patent troll, perhaps a patent troll wannabe? (**Category 2 NPE**)
4-5 points: a full-fledged patent troll (**Category 3 Patent Troll**)
6-7 points: an uber-troll (**Category 4 Patent Troll**)

law firms (1)
LG (3)
LHConcepts (1)
Lin Packaging (1)
Linex (1)
linux (1)
Lonestar Inventions (2)
Lowe's (1)
LPL Licensing (1)
Lucent (1)
Lufkin (1)
magically changing docket dates (1)
malpractice (1)
Marshall Credit (2)
Marshall Electronics (3)
Marshall Packaging (2)
Matt Powers (1)
McKesson (1)
McKool Smith (9)
MDL (4)
Media Technologies Licensing (1)
media troll-coverage (8)
Memory Control (1)
MercExchange (1)
Mershon (1)
MHL TEK (2)
Michael Smith (7)
Microsoft (9)
Minerva (7)
MIT (1)
Mobile Micromedia (2)
Mondis (2)
Monts Ware (6)
motions compel (1)
Motorola (3)
NDGA (1)
netPL (1)
Network Signatures (1)
New York Times (1)
NextCard (4)

Notes:
a) I will not go back and reassess my past posts unless the need arises on a case-by-case basis.
b) I will still track, going forward, all 4 categories.
c) Even though one of the categories I am tracking is just the non-practicing entity category, I will not change the name of my blog!
d) This is an experiment, subject to abandonment if it becomes too much work, or if it just doesn't work.

Maybe this will make more sense with some examples.

Let's say you are an individual inventor, having sued a couple of defendants in East Texas when you have no connection. That will likely be 1 point - an NPE. If you form a shell corporation in Texas to file the suit? Probably 2 points, still an NPE. But if you are venue shopping, form the shell with no R&D or manufacturing, and you have sued 42 defendants on one day? 3 or 4 points.

By the way, in the past, I have left off the 1-point cases from my list - an individual inventor who is not venue shopping, and has sued only a couple of infringers. I probably won't include that case in the future. But Plutus? Acacia? Each are 6-7 points.

Anyway, that's what I came up with. I decided to match the hurricane warning levels, because they make sense. I could have gone with the Homeland Security system, but honestly, does anyone understand it? Can you ever get to anything other than yellow/orange/red? It's a joke.

So let's see how this works later in the week.

Hmmm, should I have applied for a patent on this?

Posted by Rick Frenkel at 8:44 AM 10 comments
Labels: Acacia, Plutus IP, troll assessment

MONDAY, OCTOBER 1, 2007

## Patent Reform, Front and Center in the News -- and Law Review Articles

There have been some interesting articles emailed to me recently. One, from MIT Technology Review, is titled "Patent Law Gets Saner," and talks about the Supreme Court's interest in patent law. You can access it here: https://www.technologyreview.com/Biztech/19180/ *(free registration required)*.

Someone else sent me a link to an article from the Daily Journal (legal newspaper in California) about Scott Harris and his departure from Fish & Richardson. That one requires registration that's not free,

Nintendo (1)
Niro Scavone (27)
Nokia (3)
non-EDTX rocket dockets (1)
Northeastern U (1)
Ocean Tomo (1)
once-company (1)
Online Res. (1)
open source (1)
OPTi (3)
Orbitz (1)
Orion IP (12)
Otis Carroll (1)
PA Advisors (1)
Paice (1)
Paid Search Engine (1)
Palm (1)
Parallel Networks (1)
Parallel Processing (1)
Parsons Behle (1)
patent exhaustion (4)
Patent Hawk (4)
patent reform (36)
Patriot Scientific (1)
Paul Hickman (4)
Paul Ware (1)
Performance Pricing (1)
Peter Courture (1)
Peter Zura (2)
Philips (1)
Phoenix IP (3)
Phoenix Licensing (1)
PhoneTel (1)
Plutus IP (11)
Polaris IP (2)
Polymer Solvents (2)
Positive Techs (1)
Power Integrations (1)
Power Jamb (1)
Power-One (1)
Premier Intl (1)