IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOHN WARD, JR.** | § | |
| | § | |
| **Plaintiff** | § | No. 4:08cv4022 JLH |
| | § | |
| **V.** | § | JURY TRIAL DEMANDED |
| | § | |
| **CISCO SYSTEMS, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF WARD'S SUR-REPLY TO CISCO SYSTEMS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTION AND MOTION TO QUASH THE DEPOSITION NOTICE OF MARK CHANDLER**

1

Comes now, Plaintiff John Ward, Jr., ("Ward") and files this sur-reply to Cisco Systems, Inc.'s ("Cisco") Reply in Support of Its Motion for Protection and Motion to Quash the Deposition Notice of Mark Chandler.

### I. Because Cisco has Failed to Demonstrate Good Cause for Forbidding It, Chandler's Deposition Should Go Forward

As Ward demonstrated in his response to Cisco's motion, Chandler is a key witness with unique knowledge regarding the events in this case. Chandler's known involvement is set forth in Ward's Response at 2-5. Ward will not again recount those facts here. Ward's response also sets forth why Chandler, as Cisco's Senior Vice President, Secretary, and General Counsel is one of defendant's officers and therefore subject to deposition by notice. Response at 11-12. Ward need repeat the law here.

In reply, Cisco again self-servingly points to Chandler's deposition in the *Albritton* case as both a substitute for his deposition in this case and as evidence that Chandler has no relevant knowledge. Reply at 2-7. But Cisco does not and cannot dispute that since Chandler's earlier deposition, taken more than a year ago, trial and deposition testimony have brought to light relevant topics that Chandler was never deposed on. In particular, it at the *Albritton* trial that Cisco revealed for the first time that the matters giving rise to this lawsuit were internally investigated. Rick Frenkel there testified that he was investigated. Ward knows that Mallun Yen, a Cisco Vice President, Chandler's direct report, and Frenkel's direct supervisor, testified she did not run the investigation and didn't know who did. As the investigation took part in his department, Chandler is likely to know.

Cisco asserts that Chandler did not take part in that investigation. Reply at 6. But Chandler has never testified to this, or to who in *his department* did undertake that investigation. Ward cannot take Cisco's counsel's statements in a Reply brief as a substitute for Chandler's testimony. Further, Cisco's argument that Chandler's deposition is unnecessary because it will produce a corporate representative for Rule 30(b)(6) depositions (though Cisco failed to appear for these depositions as noticed) is unavailing. Chandler is a percipient witness with unique

1

knowledge that Ward is entitled to discover. Chandler's knowledge extends beyond the topics noticed for the corporate representative. Moreover, the Plaintiff *in this case* has had no opportunity to pose *his* questions to Mr. Chandler. Plaintiff cannot be forced to accept the questions asked by a different plaintiff as a substitute for the evidence he seeks in his separate lawsuit.

Cisco also confuses the burden on a motion to quash and for protection. It is Cisco's burden to show good cause as to why Chandler's deposition should not go forward, not Ward's burden to demonstrate why it should go forward. Cisco's statement that "[p]lantiff simply has not carried its burden of proving that Mr. Chandler has personal knowledge of unique and relevant facts…" is a misstatement of the law. Reply at 5. *Iowa Beef Processors, Inc. v. Bagley,* 601 F.2d 949, 954 n. 5 (8th Cir.), *cert. denied sub nom. Iowa Beef Processors, Inc. v. Smith,* 441 U.S. 907, 99 S.Ct. 1997, 60 L.Ed.2d 376 (1979); see *General Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1212 (8th Cir.1973), cert. denied, 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974). Because Chandler has unique personal knowledge about the relevant facts, and has not demonstrated that appearing for a deposition would be unduly burdensome, Cisco has not met its burden.

## II.   Ward's Response to Cisco's Motion Was Not Untimely But Rather Was Filed Early

Distracting this Court from the issue at hand — whether Cisco's Senior Vice President, Secretary, and General Counsel should sit for a deposition as he was supervising the Cisco employees responsible for the blog postings at issue here, and was told, prior to those postings, that the ESN complaint filing was newsworthy though the facts surrounding it were still being investigated, and after which an investigation was had in his department — Cisco challenges Ward's response to its motion as untimely. Ward's response was not only timely, it was filed early.

As Cisco's own counsel recognize, Federal Rule of Civil Procedure recently changed, affecting how response time is calculated. *See* Exh. A. Accordingly, Ward calculated his

response time under the following Rules: L.R. 7.2(b), which allows for 14 days response time[1]; Federal Rule of Civil Procedure 6(a), which counts weekdays, weekends and holidays as part of the response time; and Federal Rule of Civil Procedure 6(d) which adds three days. As Cisco's motion was filed on November 17, Ward's response was due on December 4. Instead of waiting the full response time, Ward filed his response on December 3, hoping to early tee Cisco's motion up for resolution by the Court. Chandler's deposition is sorely needed and trial is fast approaching, set in less than two months. Ward wants this motion resolved as soon as possible so he can proceed with deposing Chandler.

Cisco's contentious accusations that Ward "could not be bothered to file a timely response" and "is unable or unwilling to comply with the applicable rules" are baseless and unprofessional. Reply at 1 & 2. It is unfortunate that Cisco's ill will toward Ward runs so deep that it sees fit to include such statements in a brief before this Court.

**III.  Conclusion**

For all the forgoing reasons, and the reasons set forth in Plaintiff's response to Cisco's motion, Plaintiff respectfully requests that Cisco's motion be in all things DENIED and that the Court order Cisco to provide dates for Chandler's deposition.

> Respectfully Submitted,
>
> /s/ Nicholas H. Patton
>
> Nicholas H. Patton (AR Bar No. 63035)
> Email: nickpatton@texarkanalaw.com
> Courtney Towle
> Email: ctowle@texarkanalaw.com
> Patton, Tidwell & Schroeder, LLP
> 4605 Texas Boulevard
> Texarkana, Texas 75503
> 903.792.7080 / 903.792.8233 (Fax)

---

[1] Contrary to Cisco's asserting on page 1 of its Reply brief that L.R. 7.2(b) dictates responses must be filed within 11 days, the Rule states: "***Within fourteen (14) days*** from the date copies of a motion and supporting papers have been served upon him, any party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities." (emphasis supplied).

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033
Email: ppeden@pedenlawfirm.com

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This is to certify that on this 11th day of December, 2009, a true and correct copy of the foregoing document was served electronically via the Court's CM/ECF system upon:

| | |
|---|---|
| Richard E. Griffin | Attorneys for Defendant Cisco Systems, Inc. |
| Charles Babcock | |
| Crystal Parker | |
| Kurt Schwarz | |
| JACKSON WALKER, LLP | |
| 1401 McKinney | |
| Suite 1900 | |
| Houston, Texas 77010 | |

_____
Nicholas H. Patton