IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| Plaintiff | § | No.  4:08cv4022 JLH |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |
| | § | |
| Defendant | § | |

**PLAINTIFF'S SUR-REPLY TO CISCO'S MOTION FOR DISTRICT JUDGE TO
RECONSIDER MAGISTRATE JUDGE'S ORDER DENYING CISCO'S MOTION TO
COMPEL PRODUCTION OF DOCUMENTS**

Dockets.Justia.com

## <u>TABLE OF CONTENTS</u>

**Page**

I.      Introduction ...................................................................................................1

II.     Legal Argument ............................................................................................4

      A.      Cisco Fails To Show That The Magistrate Judge's Order Denying
           Cisco  ........................................................................................................4

            1.      Plaintiff's Counsel Did Not Mislead the Magistrate Judge,
                  as Her Subsequent  Order Has Found, and Cisco's
                  Insistence on Claiming Otherwise Violates Rule 11 ................................4

            2.      Magistrate Judge Setser Did Not Clearly Error in Denying
                  Cisco's Motion and Cisco Has Utterly Failed to Meet Its
                  Burden of Proving Otherwise ....................................................................7

      B.      Cisco Fails To Show That The Magistrate Judge's Order Denying
           Cisco A Complete Medical Release Giving It Unfettered Access
           To Plaintiff's Entire Medical Records Was Clearly Erroneous Or
           Contrary To Law ....................................................................................10

III.    Conclusion ...................................................................................................11

## I.    Introduction

The motion now before this Court emanates from Cisco's Motion to Compel a full seven years worth of Plaintiff's most sensitive financial records, despite the fact that he is not seeking lost profit damages.  Cisco's motion was fully briefed, argued, and resolved by Magistrate Judge Setser.  Judge Setser granted Cisco's motion, in part, and denied it in part.  Cisco sought reconsideration of Judge Setser's Order, arguing that her ruling was based on misrepresentations made by Plaintiff's counsel.  At the same time, Cisco filed a parallel motion in this Court, advancing the same "misrepresentation" argument it briefed to Judge Setser.  Judge Setser denied Cisco's Motion for Reconsideration, finding that there had been no misrepresentation to the Court, which Cisco should have recognized eliminates the stated grounds for its motion before this Court.  Undeterred, Cisco presses forward, asking this Court to overturn Judge Setser's Order because Judge Setser was mislead by Plaintiff's counsel.  Apparently, Cisco believes that Magistrate Judge Setser is not capable of discerning for herself whether she was misled during oral argument.

On the merits, Cisco's Motion for Reconsideration must be denied because Cisco failed to meet its high burden of demonstrating that Magistrate Judge Setser's Order was either clearly erroneous or contrary to law.[1]  This Court must accord the Magistrate Judge's Order substantial deference; this Court cannot review the Order to determine whether it would reach a different conclusion but rather only to correct clear mistakes.[2]  There are no clear mistakes in Magistrate

---

[1] *See Ferguson v. United States*, 484 F.3d 1068, 1077 (8th Cir. 2008) (A district court may reconsider a magistrate judge's ruling on non-dispositive pretrial matters upon a showing that that the ruling is "clearly erroneous or contrary to law."), citing 28 U.S.C. § 636(b)(1)(A).  Clearly erroneous is a high standard to meet; Cisco bears the burden of convincing this Court that the Magistrate Judge made a mistake.  *Napolitano v. Omaha Airport Auth.*, 2009 U.S. Dist. LEXIS 50586 (D. Neb. June 15, 2009).  In the underlying briefing, Plaintiff not only distinguished Cisco's case authority but additionally cited authority demonstrating why the Magistrate Judge should deny Cisco's motion.  Judge Setser considered the parties' competing authority and denied Cisco's motion.  To succeed in moving this Court for reconsideration, Cisco must show that the Magistrate Judge's application of the law was clearly wrong.  Cisco has made no such effort.  It has not identified any controlling authority that Magistrate Judge Setser failed to follow.  Instead, Cisco hopes this Court will overlook the obvious fact that the cases it cites here were considered and rejected by the Magistrate Judge either because they were not controlling or because they were factually distinguishable.  To the extent that Cisco believes Judge Setser was bound by some authority to rule the other way, it was incumbent on Cisco to identify that authority and expressly identify for this Court where Judge Setser went wrong.  Cisco failed to do so because it cannot.
[2] *See Hormel Foods Corp. v. Cereol, S.A.*, 2003 U.S. Dist. LEXIS 10389 (D. Minn. June 16, 2003).

Judge Setser's Order.  Cisco does not contend otherwise, but rather makes the same failed arguments to this Court that it made and lost before the Magistrate Judge.  This Court should not accept Cisco's invitation to revisit the Magistrate Judge's Order simply because Cisco disagrees with the outcome.[3]

To prevail on its motion, Cisco was required to show, with particularity, that the Magistrate Judge clearly misapplied controlling law or based her decision on a clear misunderstanding of the facts.[4]  Cisco makes no such showing, and cannot do so on the record. Magistrate Judge Setser clearly understood the applicable law, the relevant legal issues, and the facts that Cisco argued supported its motion.  The Magistrate Judge carefully considered Cisco's arguments and case authority (set forth in extensive briefing to the Court), considered Plaintiff's counter-arguments, heard oral argument on the issues, ruled that Cisco was not entitled to Plaintiff's financial records because he was not seeking damages for lost income, then reconsidered her Order in light of Cisco's allegations of misrepresentations by Plaintiff's counsel, and again denied Cisco's motion with respect to financial and medical documents.  *See* D.E. No. 162.  In its motion before this Court, Cisco has offered no basis for overturning the Magistrate Judge's Order.  Cisco does not identify the holding of a controlling authority that demands a different outcome, choosing instead to offer the Court pages of string cites standing for nothing more than the documents it sought to compel may be relevant in certain circumstances not present in this case.

Tellingly absent from the Reply is any mention of the full extent of the issues before Magistrate Judge Setser, which included not only the relevance issue that Cisco repeats for this Court, but also the counterbalancing considerations of the privacy interests implicated by Cisco's Requests and the gross overreach of Cisco's Requests.  The Reply fails to address at all that Mr. Ward's tax returns and financial records implicate serious privacy concerns, both for Plaintiff

---

[3] *See id.*
[4] *Napolitano v. Omaha Airport Auth.,* 2009 U.S. Dist. LEXIS 50586 (D. Neb. June 15, 2009), citing *Smith v. BMI, Inc.*, 957 F.2d 462, 463 (7th Cir. 1992).

and for persons who are not parties to this case.  Nor does Cisco tell this Court that it failed to narrow the egregiously overreaching nature of its Requests either in meet and confer, during the briefing below, or during argument before the Magistrate, insisting that it be permitted to discover tax returns filed five years before Cisco's defamatory posts were ever published.  Faced with the minimal relevance of the documents, if any, and weighing Cisco's relevance arguments against the privacy concerns at issue and the over breath of Cisco's requests, the Magistrate Judge concluded that Cisco was not entitled to the expansive financial records it wanted.  The Magistrate Judge's Order was a proper balancing of relevance versus burden as is required under the Federal Rules.  *See* Fed. R. Civ. P. 26.  There is nothing about the Magistrate Judge's Order that is contrary to law or clearly erroneous, and Cisco has made no argument to the contrary.  In fact, the Reply intentionally ignores the full scope of the arguments presented to the Magistrate Judge to avoid this inescapable conclusion.

Cisco's Motion and Reply make no effort to explain where the Magistrate Judge ignored controlling law or misapplied the facts.  Instead, the Reply argues that the Magistrate Judge was wrong because (1) Plaintiff's counsel misrepresented the facts to Judge Setser and (2) Cisco lost the motion although it made a plausible relevance argument.  Cisco's first argument is so lacking in merit, as the Magistrate Judge has already ruled, that it is a violation of Fed. R. Civ. P. 11.  It is surprising to Plaintiff's counsel that Cisco would press forward with false accusations that Plaintiff's counsel lied to the Court—accusations that Cisco certainly knows are not true and are based on Cisco's own misunderstanding of the issues.  It is not surprising, however, that Cisco presses this Court to overrule the Magistrate Judge simply because Cisco lost its motion.  It is Cisco's favored approach to discovery, seeking reconsideration of every motion it loses, whether before the Magistrate Judge or this Court.[5]

---

[5] Cisco's motions for reconsideration include its motions to reconsider the Court's venue ruling, its refusal to acknowledge the Court's wavier Order followed by a argument in response to Plaintiff's motion for sanctions that Cisco couched as a motion for reconsideration, a Writ of Mandamus on the same privilege issue, and now two motions for reconsideration following the denial of its motion to compel.

To show that Magistrate Judge Setser's Order was clearly erroneous, Cisco was required to do more than reargue its lost cause to this Court. Instead, Cisco must show that her Order was contrary to law, which requires Cisco to demonstrate that controlling authority demanded a different outcome. Cisco has not—and cannot—make that required showing. After the Magistrate Judge denied Cisco's Motion for Reconsideration of her Order, explicitly finding there were no misrepresentations by Plaintiff's counsel, there is no doubt that Cisco's argument in this regard is wholly without merit. Having failed to identify any error in the Magistrate Judge's Order, Cisco's motion for reconsideration to this Court must fail.

## II.     Legal Argument

A.     Cisco Fails To Show That The Magistrate Judge's Order Denying Cisco Discovery Of Plaintiff's Private Financial Records Was Clearly Erroneous Or Contrary To Law

The Reply argues that Judge Setser's Order is clearly erroneous and contrary to law because (1) Plaintiff misrepresented the facts to the Magistrate Judge and (2) the evidence that Cisco sought to discover was relevant. Both of Cisco's arguments are meritless, and are, in any event, insufficient to overturn the Magistrate Judge's Order.

1.     Plaintiff's Counsel Did Not Mislead the Magistrate Judge, as Her Subsequent Order Has Found, and Cisco's Insistence on Claiming Otherwise Violates Rule 11

Cisco argues to this Court that Plaintiff's counsel misrepresented to Magistrate Judge Setser that Plaintiff would not offer a damages expert. *See* Reply at 2. Cisco's continued argument in this regard is absolutely meritless, as it must know after Judge Setser denied Cisco's Motion for Reconsideration on the same issue. The Magistrate Judge's finding was clear and unambiguous:

"[P]laintiff's counsel represented to the [Court] that plaintiff was not seeking damages for *lost profits* arising out of the injury to his reputation. Contrary to defendant's assertions, plaintiff's counsel explicitly stated that plaintiff did, however, intend to testify about 'injury to his reputation and injury to his professional reputation.' Thus, the [Court's] ruling was not based on any misrepresentations made by plaintiff's counsel."

4

D.E. No. 162 at 3-4 (emphasis in original).  After the Magistrate Judge's ruling, Cisco should

have withdrawn its motion to this Court, at least insofar as it is based on alleged

misrepresentations by Plaintiff's counsel because its argument is not well-grounded in fact or

law.  Cisco did not.  Instead, it affirmatively filed yet another brief in Reply making the same

"misrepresentation arguments" that this Court already told Cisco lack any merit.  Incredibly, the

Reply acts as if Judge Setser's Order denying Cisco's Motion for Reconsideration never issued.[6]

There is no excuse for continuing to claim that the Magistrate Judge was led astray by

misrepresentations made by Plaintiff's counsel when the Magistrate Judge has said, clearly and

unambiguously, she was not.  The Reply continues to make accusations of misrepresentations

that fly in the face of Judge Setser's Order.  For example, the Reply states that Plaintiff did not

tell the Magistrate Judge that he was "not seeking to recover lost profit damages."  Reply at 4.

But Judge Setser clearly found otherwise.  D.E. No. 162 at 3 ("plaintiff's counsel represented to

the [Court] that plaintiff was not seeking damages for lost profits arising out of injury to his

reputation.").  The Reply also argues that Plaintiff's counsel falsely told Magistrate Judge Setser

that he would not designate a damages expert, but then later designated a damages expert.[7]

Reply at 4.  Again, Magistrate Judge Setser expressly found otherwise:

> "With regard to defendant's assertion that plaintiff has, contrary to representations made
> at the hearing, designated an expert to testify about damage to his reputation, [the Court]
> has reviewed the report of the proposed expert, Kent Campbell.  Mr. [Campbell]'s report
> opines that plaintiff's reputation had been damaged and will continue to be damaged
> given the 'archival and replicable nature of the search engines and both the surface and
> deep aspects of the internet.'  **The report however, does not, in any way attempt to
> quantify plaintiff's damages.**  The report, therefore, does not put plaintiff's tax returns,
> financial records or client lists at issue."

---

[6] Not only did it make the same meritless arguments, but Cisco insisted on taking a tone of indignation in making arguments to this Court that it must have known were not based in fact.  For example, the Reply argues that Plaintiff's "zeal to avoid the truth" led his counsel to claim that he is not seeking lost profit damages but "that is not what he told the Magistrate."  *See* Reply at 3, 4.  Cisco's over-the-top rhetoric is astonishing in light of the Magistrate Judge's Order that clearly holds otherwise.  *See* D.E. No. 162 at 3-4.

[7] In Reply, Cisco cites a portion of the transcript of the hearing before Judge Setser for the proposition that Judge Setser was mislead by Plaintiff's distinction between reputational injury and expert testimony concerning the amount of Plaintiff's damages.  *See* Reply at 4-5.  Cisco cites a portion of the transcript wherein Judge Setser is discussing the identification of witnesses who may testify that people who heard about the Troll Tracker's blog postings thought less of Plaintiff.  This portion of the transcript is unrelated to the issue of whether Plaintiff would offer an expert witness to quantify Plaintiff's damages.

D.E. No. 162 at 4-5 (emphasis added).  Although Cisco's argument wilts under the force of Judge Setser's Order, incredibly Cisco makes the same false accusations again to this Court.

Cisco's persistent assertion of "facts" to this Court that have clearly been rebuked by the Magistrate Judge is not "well-grounded in fact" and can only be for the improper purpose of attacking Plaintiff's counsel.  *See* Fed. R. Civ. P. 11(b).  Cisco's accusations go well beyond legitimate advocacy.  Cisco's decision to advance a "misrepresentation" argument, and to draft and file *another* brief making the same unfounded allegation is a violation of Fed. R. Civ. P 11. *See Clark v. United Parcel Service, Inc.,* 460 F.3d 1004, 1010 (8th Cir. 2006) (affirming District Court's *sua sponte* imposition of Rule 11 sanctions that was based, in part, on counsel's mischaracterization of the factual record.).

The duty imposed by Rule 11 is continuous, and requires that attorneys inquire into and acknowledge facts that reveal that their earlier reliance has become misplaced.  *See Ideal Inst., Inc. v. Rivard Inst., Inc*., 243 F.R.D. 322, 342 (N.D. Iowa 2007) ("The duty of a party to assess the viability of a claim is not measured solely at the time that the claim was filed, but is a continuing one. Therefore, a party may be sanctioned for persisting with a claim or motion once it becomes apparent that it lacks evidentiary support."), citing Fed. R. Civ. P. 11, Advisory Committee Notes to 1993 Amendment (the rule "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable" and "a litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit.").

Once Cisco knew that its claim that the Magistrate Judge had been misled was factually incorrect, it should have withdrawn the motion it filed in this Court.  Instead, Cisco filed and signed another brief asserting as fact misrepresentations that never occurred.  Cleary, Cisco has let its animosity toward Plaintiff's counsel cloud its judgment about the proper way to conduct itself in proceedings before this Court.

2.     Magistrate Judge Setser Did Not Clearly Error in Denying Cisco's Motion and Cisco Has Utterly Failed to Meet Its Burden of Proving Otherwise

Cisco emptily asserts that the Magistrate Judge's Order is clearly erroneous and contrary to law because it denied Cisco discovery.  *See* Reply at 3 ("The Magistrate Judge's Order is clearly erroneous or contrary to law because it permits Ward to withhold discovery from Cisco that it is entitled to under the Federal Rules to rebut Plaintiff's claims.").  Cisco took the approach in the Texas case, repeatedly moving for reconsideration of the Magistrate Judge's orders simply because Cisco lost its motion.  There, Cisco sought to compel the same financial records from Albritton that it seeks from Ward.  The Texas Court also denied Cisco's Requests in their entirety.  Magistrate Judge Bush held that the documents Cisco sought were not relevant because Albritton was not seeking lost profit damages.  *See* Exh. A.  Although Judge Bush's Order was well reasoned and on solid footing, this did not stop Cisco from seeking reconsideration of Judge Bush's Order, not once, but twice.[8]  Both times the District Court Judge affirmed the Magistrate Judge's Order.[9]  As in the Texas case, here Magistrate Judge Setser's Order is well-reasoned, supported by law, and rests on a firm understanding of the facts.

As it did before the Texas Court, Cisco argues to this Court that the Magistrate Judge should have ordered the documents produced because Cisco needs an entire seven years worth of Plaintiff's complete financial records, tax returns, and client retainer agreements to rebut Plaintiff's arguments at trial.  Cisco's flawed logic is apparent.  Ward is not claiming lost profit damages and therefore Cisco does not need his financial records to "rebut" assertions not made in this case.  *See* Fed. R. Civ. P. 26 (a party may obtain discovery relevant to any claim or defense).  To the extent that Cisco is entitled to evidence concerning harm to Plaintiff's reputation as demonstrated by persons who heard about the Troll Tracker's blog postings and then thought less of Ward, the Magistrate Judge ordered Plaintiff to provide the information he

---

[8] *See Albritton v. Cisco*, Eastern District of Texas, Tyler Division, case number 6:08-CV-00089-RAS, docket entry numbers 152 and 263.
[9] *See Albritton v. Cisco*, Eastern District of Texas, Tyler Division, case number 6:08-CV-00089-RAS, docket entry numbers 254 and 266.

had to Cisco.[10]  The fact that the Magistrate Judge saw through Cisco's flawed logic is not evidence of a clearly erroneous ruling; it is evidence of a diligent judge.

Moreover, the Reply's insistence that as long as Cisco can make a plausible relevance argument (no matter how tenuous) it must prevail on a motion to compel demonstrates a complete lack of understanding of Fed. R. Civ. P. 26.  *See* Reply at 3 (arguing that Cisco met the standard for discovery because the documents are relevant or reasonably calculated to lead to the discovery of admissible evidence); at 4 (heading:  Plaintiff's financial records are discoverable.").  Although relevance is one part of the equation considered in resolving discovery disputes, it alone does not mandate that discovery be had.  Instead, Courts are required to weigh the relevance of the documents (if any) against other the other considerations provided for in Federal Rule 26(b) and (c).

Here, the Magistrate Judge was entirely correct in ruling that where Plaintiff was not seeking lost profit damages (and therefore not putting his income directly at issue) the documents were not relevant and that privacy concerns and the over breath of Cisco's discovery requests weighed against granting Cisco's motion.[11]  The Magistrate Judge's Order evidences the same approach to resolving Cisco's request for Ward's financial documents as undertaken by the

---

[10] The Reply argues that Cisco is entitled to discovery showing that Plaintiff's business has not been harmed by Cisco's defamatory posts.  Cisco ignores that it has taken discovery on that issue, asking Plaintiff about his business during Plaintiff's deposition.  Plaintiff responded that he made more money in 2008 than in 2007.  Although Magistrate Judge Setser did not order Plaintiff to identify client lists, Plaintiff nonetheless responded to 152 Requests for Admissions served by Cisco aimed at identifying Ward's clients.  Cisco deposed Plaintiff, George McAndrews, Peter McAndrews, Raymond Niro, Robert Chiavello, and Sam Baxter, all of whom were asked about harm to Plaintiff's professional reputation.  Cisco has had ample discovery on the issue of damage to Plaintiff's reputation.  What Cisco sought in its Motion to Compel were Plaintiff's most sensitive financial documents, including his tax returns that disclose information that is not relevant to any issue in this case, the tax returns and financial records of persons not a party to this case, and confidential communications with clients, including retainer agreements.  Cisco's relevance argument for Plaintiff's financial records is tenuous at best, where he is not seeking lost profit damages.  Thus, Cisco is not "entitled" to Plaintiff's financial documents simply because he brought a cause of action against Cisco, as Cisco claims.  If that were the rule, Rule 26 would be a nullity because every party to a lawsuit would be required to produce all documents simply by virtue of being a party to litigation.  That is not the rule, or the law, and Cisco's argument in that regard completely misses the mark.

[11] Cisco's insistence that Plaintiff's reference to his W-2 forms is a "tacit admission" that his financial records were relevant is ludicrous.  *See* Reply at 8.  Plaintiff argued to the Magistrate Judge that he is not claiming lost profit damages in this case so none of his financial documents are relevant.  The Magistrate Judge agreed and denied Cisco's request in its entirety.  Because Judge Setser denied Cisco's motion, there was no need to address the Protective Order issue Cisco argues in Reply.

Texas Court when it denied Cisco the same discovery with respect to Albritton, and the approach taken in case authority cited in both parties' briefs on the underlying Motion to Compel.  The Reply does not discuss Ward's disavowal of lost profit damages, why financial documents must be produced when lost profit damages are not at issue, the privacy interests at stake (both for Plaintiff and non-parties), the egregiously overreaching nature of Cisco's requests, or the fact that Plaintiff already provided Cisco with the discovery on this issue in his deposition.  The Reply ignores the full scope of the issue before the Magistrate Judge because if the entirety of the issue is placed squarely before the Court, it is obvious that Cisco cannot show that Magistrate Judge Setser's Order was clearly erroneous.

Finally, the Reply disingenuously argues that Plaintiff "has no answer" to the case law cited in Cisco's Motion, which Cisco argues supports its relevance argument.  Reply at 1.  Plaintiff had a clear response to Cisco's legal authority, and countered that authority during briefing on the underlying Motion to Compel.[12]  Plaintiff declined to follow Cisco's lead and regurgitate the underlying briefing on the Motion to Compel to this Court.  Cisco fails to understand that the issue before this Court is not the underlying motion but rather whether Magistrate Judge Setser clearly erred in denying Cisco's Motion.  She did not.  Cisco's repackaged arguments to this Court do nothing to address the relevant question, presumably because Cisco seeks to avoid the obvious fact that it has already been fully heard on the issue and lost, and there was nothing clearly erroneous about the result.[13]

---

[12] Plaintiff did not burden this Court with pages of briefing rehashing the same arguments made before the Magistrate Judge, believing that inclusion of those arguments in the context of this motion was not warranted.  Cisco took a different approach because it seeks to have this Court take up the same arguments and issues already decided by the Magistrate Judge.  If, however, the Court needs Plaintiff's rebuttal arguments, they can be found in his Response and Sur-Reply briefs to Cisco's Motion to Compel.  *See* D.E. Nos. 113 and 130.

[13] The Reply also takes issue with Plaintiff's argument that Cisco cited new authority in its motion before this Court and argued for the first time that Texas law controlled the resolutions of the issues in this case.  *See* Reply at 10.  Plaintiff identified the new authorities and argument in his Response and the Reply does nothing to dispute that they were not before the Magistrate Judge.  *Compare* D.E. No. 160 at 18-19 with D.E. No. 164 at 10.  Cisco's arguments and authorities, not raised before Magistrate Judge Setser, are waived.  *See Harrington v. Wilber*, 384 F. Supp. 2d 1321, 1325 (S.D. Iowa 2005) (citing cases).

B.     Cisco Fails To Show That The Magistrate Judge's Order Denying Cisco A
       Complete Medical Release Giving It Unfettered Access To Plaintiff's Entire
       Medical Records Was Clearly Erroneous Or Contrary To Law

The Reply continues to argue that Magistrate Judge Setser should have ordered Plaintiff
to sign an unlimited medical release giving Cisco unfettered access to his entire medical history,
even though Plaintiff told Cisco that he did not seek medical treatment as a result of the
defamatory posts.

Again, the Reply does not even purport to explain how Judge Setser clearly erred in
denying Cisco's motion.  Instead, Cisco has simply copied and pasted argument from its
underlying briefing and then asserts, in a conclusory fashion, that the Magistrate's Order is
clearly erroneous and contrary to law because Judge Setser denied Cisco's motion.  *See* Reply at
10.  Cisco's conclusory arguments are insufficient to demonstrate the type of clear error required
to reverse the Magistrate Judge's Order.

Moreover, Judge Setser's Order was not clearly erroneous or contrary to law; it was a
correct application of Fed. R. Civ. P. 26.  Cisco's motion asked the Court to Order Plaintiff to
sign a broad medical release form.  Plaintiff argued that Cisco's Request was egregiously over
broad and any relevance was outweighed by privacy considerations.  Judge Setser ruled that
Plaintiff would not be required to sign a full medical release giving Cisco unlimited access to his
medical records when he did not seek medical treatment for his mental anguish.  *See* D.E. No.
138.

The Reply asks this Court for the same medical release denied by Magistrate Judge
Setser.  However, the Reply fails to provide this Court with a full account of Judge Setser's
ruling, in which she found that Plaintiff's concession that he did not seek medical treatment
stemming from the accused posts undermined Cisco's claimed need for a medical waiver.  *See*
D.E. No. 138 at 2.  Judge Setser's reasoned application of Fed. R. Civ. P. 26 is not clearly
erroneous or contrary to law, and Cisco has not demonstrated otherwise.  What is clearly
erroneous is Cisco's insistence that it can overturn the Magistrate Judge's Order based on
nothing more than the fact that Cisco did not like the result.

10

III.     **Conclusion**

Cisco's Reply is frivolous, and its motion should have been withdrawn after Magistrate Judge Setser denied Cisco's first Motion for Reconsideration.  No misrepresentation was made to Magistrate Judge Setser (the entire basis of Cisco's motion for reconsideration); Cisco has not shown that Judge Setser ignored controlling legal authority or misunderstood the facts.  Cisco's motion rests on nothing more than an argument that it should have prevailed on its Motion to Compel.  Cisco ignores that there was ample case authority supporting the Magistrate Judge's Order, that Plaintiff has not sought to recover lost-profit damages and therefore Cisco was seeking irrelevant information, that the information it sought to compel implicated serious privacy interests, and that Cisco's Requests were unreasonably overbroad and harassing.  The Magistrate Judge was well within her authority to deny Cisco's Motion.  The Magistrate Judge's Order should be affirmed and Cisco's Motion for Reconsideration should be in all things, denied.

Respectfully Submitted,

Nicholas H. Patton
AR Bar No. 63035
Email: nickpatton@texarkanalaw.com
Courtney Towle
Email: ctowle@texarkanalaw.com
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033
Email: ppeden@pedenlawfirm.com

11

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This is to certify that on this 17th day of December, 2009, a true and correct copy of the foregoing document was served electronically via the Court's CM/ECF system upon:

Richard E. Griffin                    Attorneys for Defendant Cisco Systems, Inc.
Charles Babcock
Crystal Parker
Kurt Schwarz
JACKSON WALKER, LLP
1401 McKinney
Suite 1900
Houston, Texas 77010



Nicholas H. Patton

12