IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
| | § | |
| | § | C.A. NO. 08-4022 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |

**DEFENDANT CISCO SYSTEMS, INC.'S RESPONSE TO PLAINTIFF'S
MOTION FOR PROTECTION FROM CISCO SYSTEM INC.'S THIRD
REQUEST FOR PRODUCTION AND THIRD REQUEST FOR
ADMISSIONS AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Cisco Systems, Inc. hereby files its Response to Plaintiff's Motion for Protection

from Cisco System Inc.'s Third Request for Production and Third Request for

Admissions as set forth below.

**INTRODUCTION**

Plaintiff's Motion continues his smoke and mirrors tactics—making baseless

allegations, and then hiding from discovery which would show the falsity of those

allegations. Plaintiff's argument for protection from Cisco's requests for admissions is

that Cisco "should have" sought this discovery earlier or that he thinks the questions

should have been asked at Plaintiff's deposition. This is simply not grounds for denying

discovery when the discovery is proper and the discovery period has not yet closed.

Indeed, Plaintiff fails to raise a single objection that is recognized under the Federal

Rules.

Dockets.Justia.com

Plaintiff also complains about Cisco's Third Request for Production, arguing that there have been too many discovery requests and that therefore the discovery is "unduly burdensome." Plaintiff can hardly complain when <u>Cisco has responded to 183 of Plaintiff's requests for admissions and 309 requests for production</u>. Moreover, the requests at issue in the motion are very few and are focused directly on issues that relate to the lawsuit. There are only 9 requests for admissions and 30 requests for production. Indeed, Plaintiff could have responded to both in half the time and with half the effort that it took to prepare his Motion and supporting exhibits. Indeed, if the requests for production are truly cumulative of prior requests as he claims, they would involve no effort because Ward could have simply responded by saying that responsive documents have been produced.

The number is immaterial; what is important here is that the discovery at issue seeks documents that are relevant and thus discoverable under the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Plaintiff fails to meet his burden of proving that protection is needed, and therefore the Motion should be denied.

Plaintiff's Motion is meritless and is an obvious stall tactic. The requests at issue seek discovery that cuts to the heart of motions pending before this Court at this time. Plaintiff knows that truthful responses will undermine his argument. For instance, Cisco has argued that Texas, not Arkansas, law should apply because this case has no relationship to Arkansas. Cisco's discovery seeks information related to that claim, such as showing that Ward is not licensed to practice law in Arkansas and has never practiced law in Arkansas. The Motion is an obvious delay tactic so that Cisco will not have that evidence to present to the Court.

2

The Court should deny Plaintiff the benefit of his delay tactics by denying his Motion and ordering that he respond fully to Cisco's Third Request for Production within five days.  Moreover, because Plaintiff failed to raise objections to the discovery before the responses were due, the Court should deem the requests for admissions admitted. With respect to the requests for production, the Court should order that Plaintiff is precluded from making any new objections and that Plaintiff should respond fully to each request.

## FACTUAL BACKGROUND

Defendant served its Third Request for Production (Exhibit A) and Third Set of Requests for Admission (Exhibit B) on November 6, 2009.  The requests, properly made during the discovery period, address issues raised in other discovery or in recent briefing to the Court.

Plaintiff's responses were due on December 8, 2009.  Plaintiff failed to file any responses or objections by the due date, but instead filed his Motion.  Plaintiff's Motion fails to meet his burden to show that a protective order in necessary.  Cisco is entitled to responses to the discovery, and the Motion should be denied.

## ARGUMENTS AND AUTHORITIES

A party seeking to avoid compliance with discovery through a protective order must show "good cause." Fed. R. Civ. P. 26(c)(1).  Protective orders are only permitted to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. *Id.*   "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements...'" *General Dynamics Corp.*

*v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, Federal Practice and Procedure: Civil § 2035 at 264-65).   Where the requested material is relevant and necessary to the discovery of evidence, a protective order is not proper merely because compliance with a request for production would be costly or time consuming. *Kozloyski v. Sears, Roebuck & Co.,* 73 F.R.D. 73, 76 (D.Mass.1976).   Bare assertions that the discovery requested is overly broad, burdensome, oppressive or irrelevant are ordinarily insufficient to warrant a motion for protection. *Continental Illinois Nat. Bank & Trust Co. of Chicago v. Caton,* 136 F.R.D. 682 (D. Kan. 1991) (citations omitted).

Plaintiff has failed to make a particular and specific demonstration of fact concerning why he is entitled to a protective order in this case, and therefore his Motion should be denied.  Plaintiff fails to do anything more than make baseless and unsupported allegations that the requests are unduly burdensome and intended to harass Plaintiff.  He cannot meet his burden to show either.  He has failed to produce any evidence concerning the burden of responding to the requests.   Indeed, responding to the 9 requests for admissions would only require 9 words, which is hardly burdensome.  Moreover, if the requests for production were truly cumulative as he claims, there would be no burden in producing the responsive documents since he would already have done so.  In truth, the requests are not burdensome; Plaintiff just doesn't want to respond.  Plaintiff's 19-page Motion was surely more burdensome than responding to the discovery.

Plaintiff has also made no showing that the requests are harassing.   Cisco is simply seeking discovery concerning <u>Plaintiff's claims</u> in this lawsuit.  Plaintiff insists he can make unsupported damage claims such as claiming that the articles harmed his

professional reputation, yet avoid all discovery concerning his professional reputation. Or that the articles prevented him from sleeping, yet refuse to produce any records that would show that his alleged sleeping problems predated the articles. Cisco is entitled to rebut Plaintiff's claims, and its efforts to do so are not "harassment." *Batiste-Davis v. Lincare, Inc.*, 526 F.3d 377, 381 (8th Cir. 2007) ("It is elementary that a witness may be impeached by contradictory evidence.") Plaintiff simply cannot meet his burden to avoid discovery on the basis that the requests are harassing. *See Schoffstall v. Henderson*, 223 F.3d 818, 822-23 (8th Cir. 2000) (denying motion for protection from discovery of medical records on the basis of harassment because "Schoffstall failed to present any evidence that the USPS requests were made in this vein. Further, her claim against the USPS placed her medical condition at issue, making the information sought by the USPS relevant..."). His Motion should therefore be denied.

1.    **Plaintiff's Motion should be denied and Cisco's Requests for Admissions deemed admitted.**

With respect to Cisco's Requests for Admissions, Plaintiff argues that Cisco could have asked Ward the same questions in his deposition. This is not a basis for protection; the Federal Rules permit discovery by both depositions and requests for admissions. Cisco's requests for admission are narrowly tailored to seek discovery of information that is directly related to this case, and to which Cisco is entitled. Nor are the requests objectionable in any way. Indeed, Ward failed to serve any objections to the requests, and therefore he has waived any objections since they were not made within the allotted time to respond. FED. R. CIV. P. 36. Indeed, it is obvious that Plaintiff simply wants to avoid responding to the requests because the response will hurt his case.

Request No. 1 asks Ward to "admit that the 'Date Filed' column on the docket for the original complaint ESN v. Cisco lawsuit was changed from 10/15/2007 to 10/16/2007." This is an essential issue in this case, as Ward claims that Frenkel's statement that the docket was altered to reflect a file date of October 16 is false. The Motion fails to identify any reason he should not have to respond to this request that targets an essential issue in this case.

Request No. 2 asks Ward to "admit that you have not consulted with any medical professionals (including mental health professionals) concerning the mental anguish you have alleged in this case." This is obviously an important issue because Ward will imply to the jury that he has consulted with a medical professional concerning his alleged mental anguish, yet he has implied to the Court that he has not sought such medical attention to avoid discovery on that issue. Cisco is entitled to know which is true, and Plaintiff has failed to meet his burden to show why he should be protected from disclosure.

Request No. 3 asks Ward to "admit that you had problems sleeping before October 17, 2007." This request is also proper. Ward claims that he had difficulty sleeping because of the complained-of articles, and Cisco is entitled to show that his sleeping problems occurred before that the articles were even written.

Request No. 4 is concerning the same issue; it asks Ward to "admit that you consulted with a medical professional (including but not limited to mental health professionals) concerning sleeping problems you experienced before October 17, 2007." This request again relates to causation. Cisco is entitled to discover whether Ward sought medical attention for the same problem he claims was caused by the complained-of

articles before the articles were even written.  Nor is this cumulative of other requests concerning Ward seeking medical treatment, as can be seen from Plaintiff's own Motion, which references a request concerning mental anguish, not sleeping problems.

Request No. 5 asks "admit that you have not consulted with any medical professionals (including but not limited to mental health professionals) concerning any damages you have alleged in this case."  This request goes to the severity of Plaintiff's alleged mental anguish.  Plaintiff acknowledges that his "outrage" claim requires that he suffer mental anguish so severe that no reasonable person could be expected to endure it.  Obviously, this question seeks probative evidence concerning whether Plaintiff's mental anguish was that severe.  Moreover, this question relates to whether Plaintiff has any medical records that would be probative of his alleged damages in this case.

Request for Admission No. 6 asks "admit that you are not admitted to practice law in Arkansas."  This request obviously seeks probative evidence concerning Plaintiff's claim that Arkansas law applies to this case.  Defendant believes that Plaintiff is not even admitted to practice in Arkansas and therefore could not have been damaged professionally in Arkansas.  Nor is it cumulative; in Ward's deposition he was only asked whether he was a member of the Arkansas bar association.  Ward Deposition at 141:1-14, Exhibit A to the Motion.

Request No. 7 asks  "admit that you are not claiming damage to your professional reputation in this lawsuit," and No. 8 asks "[a]dmit that you are not claiming damage to your reputation in the legal community in this lawsuit."  These requests are related to Plaintiff's representation to Magistrate Judge Setser that he was not seeking damages to his professional reputation, which was obviously aimed at avoiding discovery concerning

this claim.   Plaintiff can't have it both ways—either he is claiming damage to his reputation as an attorney or his is not.  He constantly tries to play it both ways—to claim he is not seeking damages to avoid discovery, but then claiming that he can argue those same damages to the jury.  Plaintiff should be required to admit or deny this request.

Request No. 9 asks Plaintiff to "admit that you currently enjoy an excellent reputation for personal honesty and integrity."  This request is aimed at determining whether Plaintiff will claim that he no longer has an excellent reputation for personal honesty and integrity.   Since he is claiming damage to his reputation, he should be required to respond.

Tellingly, Plaintiff did not serve a single objection to these requests for admissions.  He also cites no case law and raises no legal argument that he should not be required to respond.  Instead, his Motion is an obvious ploy to avoid responding to these requests so that he can avoid discovery and the negative effect his responses would have on pending motions.  His Motion should be denied.

Moreover, because Ward failed to respond within 30 days after being served, the requests are deemed admitted pursuant.  FED. R. CIV. P. 36 ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or his attorney.")  Therefore, the Court should enter an order that the requests are deemed admitted.

**2.     Plaintiff's Motion should be denied and the Court should order Plaintiff to respond fully to Cisco's Third Requests for Production**

(i)     <u>Request Nos. 5-8, 20, 29 are neither cumulative nor redundant</u>.

Plaintiff's only complaints concerning Request for Production Nos. 5-8, 20, 29 are that they are cumulative of other discovery requests.  Yet Plaintiff's own arguments show that the complained-of requests are narrowly tailored to avoid past complaints that Plaintiff has made concerning discovery requests.  The Motion doesn't even identify which requests they are allegedly cumulative of except for No. 6, which he claims is cumulative of No. 17 of Cisco's First of Request for Production.  Yet No. 6 was specifically tailored to avoid Plaintiff's complaint that No. 17 called for privileged information because it called for the identity of his clients.  Accordingly, No. 6 only asks for documents showing the "number of new clients" for years 2005-2009.  This request is narrowly tailored to allow Defendant to compare the number of new clients Plaintiff had before the complained-of articles as compared with after the complained-of articles and to avoid Plaintiff's concern about revealing the identity of his clients.  Similarly, No. 7 was narrowly tailored to avoid Plaintiff's complaints about disclosing new matters, so it is limited to requesting the number of new matters.

Plaintiff misleadingly implies that there has been a prior ruling on this issue. There has not.  The Magistrate's ruling referenced by Plaintiff concerned identifying the clients, not the number of clients.

Plaintiff also fails to meet his burden with respect to numbers 5, 7, 8, 20 and 29, which he claims are cumulative (which is not even a grounds for a protective order under FED. R. CIV. P. 26(c)(1)).  His Motion fails to even address what they are cumulative of. His exhibit that purports to do so also fails.  For Nos. 5, 20 and 29, he cites only to

9

pleadings, not any discovery.  For No. 7, he cites a request that asks him to identify new matters, whereas number 7 only asks for documents showing the number of new matters. For No. 8, he cites a request that has nothing to do with communication with Brian Mendenhall.

When Plaintiff contacted Defendant about the requests, claiming they were cumulative, Defendant responded that if Plaintiff would identify what the requests were cumulative of, and Defendant agreed they were cumulative, Defendant would certainly withdraw the requests.  (Exhibit C).  Plaintiff failed to do so because he could not.  He still cannot.  Plaintiff has failed to show that he is entitled to protection, and his Motion should therefore be denied.

     (ii)    <u>Request Nos. 1-3, 8-9, 17, 21-22 and 26-27 are proper</u>.

Plaintiff further complains that the Court should enter an order protecting him from Request Nos. 1-3, 8-9, 17, 21-22 and 26-27, again without any explanation or evidence.  To be clear, **not a single one of these requests seeks medical records** as suggested by Plaintiff, and therefore not a single one of the requests is subject to the Magistrate Judge's prior order.

Request No. 1 is narrowly tailored to discover evidence concerning Plaintiff's claim that because of the articles, he had trouble sleeping.  It asks him to "Produce all documents relating to your alleged difficulty sleeping, including but not limited to communication with any person concerning your alleged difficulty sleeping."  Similarly, No. 2 asks him to "Produce all documents relating to your alleged mental anguish." Finally, because Defendant suspects Plaintiff will claim that his alleged mental anguish affected his ability to concentrate on work, Defendant requested in No. 3 "all documents

relating to any inability to concentrate on work, including communication with any person regarding an inability to concentrate on work." It is curious what Plaintiff is trying to hide here. If, as Plaintiff's counsel implies, he never sought medical treatment concerning his sleeping problems or mental anguish, Plaintiff's "burden" of responding would be simply to say none. Moreover, his only objection (which appears in his exhibit) is that the requests are cumulative, yet he only cites to pleadings, not discovery.

Similarly, Request No. 8 seeks "all documents relating to communication with Brian Mendenhall regarding the Patent Troll Tracker, the ESN v. Cisco lawsuit or the Second ESN v. Cisco lawsuit, your emotional distress or mental anguish, and your alleged sleeping problems from 2006 to the present." Plaintiff testified as follows concerning Mr. Mendenhall:

> A.   I've got a friend who's an ER doctor, and I said: I'm not sleeping. And I didn't attribute it to -- it to anything but I'm having trouble sleeping. He said: Try taking Tylenol PM before you get to something harder.
>
> Q.   What's the name of the doctor?
>
> A.   Brian Mendenhall, a good friend of mine, ER doctor.

(Deposition of John Ward, Jr. at 19:22-20:5). Defendant is entitled to discovery concerning this claim, which Plaintiff certainly intends to make to the jury. These requests are hardly objectionable, as they relate directly to Plaintiff's own testimony. Moreover, they are not a request for a medical authorization to seek medical records, but rather seek communications between Plaintiff and what he called "a good friend." (See additional discussion of number 8, above).

Plaintiff makes no argument for his objection to No. 9, which seeks "all documents demonstrating service of the original complaint in the ESN v. Cisco lawsuit."

11

Defendant believes that Plaintiff, knowing that he had filed the ESN lawsuit before the patent had issued and that therefore there was never proper jurisdiction, never even served the pleading on Cisco. This is probative evidence concerning the truth of the articles at issue. Moreover, these documents will also demonstrate that Plaintiff failed to serve the Notice of Electronic filing on Cisco.[1]

Request No. 21 seeks "all documents relating to communication between Ward and any person concerning the Patent Troll Tracker or Rick Frenkel from January 1, 2007 to the present." Plaintiff's only complaint is that it is redundant of the following requests from Defendant's First Request for Production:

> REQUEST FOR PRODUCTION NO. 1: Produce all documents evidencing your contention in paragraph 11 of the Complaint that "Frenkel's statements were purposefully calculated by Frenkel and Cisco to damage Plaintiff's reputation and business, to expose plaintiff to financial injury, and to impeach Plaintiff's honesty, integrity, virtue, or reputation, exposing Plaintiff to public hatred, shame and ridicule."

> REQUEST FOR PRODUCTION NO. 2: Produce all documents relating to your contention in paragraph 13 of the Complaint that "Frenkel and Cisco purposefully maximized the dissemination of the (sic) Frenkel's false, scandalous, and defamatory statements."

(Exhibit D). These requests are clearly not redundant. Plaintiff should be ordered to respond.

Plaintiff also makes no argument in his Motion concerning No. 26, which requests "all communication between Ward and the media concerning this lawsuit, the ESN v. Cisco lawsuit or the Pending ESN v. Cisco lawsuit." This request is directly related to Defendant's claim/defense that Plaintiff has caused his own damages or failed to mitigate

---

[1] Cisco has withdrawn Nos. 19 and 22 based on Plaintiff's representation that all responsive documents concerning the physical filing of the ESN v. Cisco lawsuit during the time period set forth by Judge Setser have already been produced. Of course, if Plaintiff had properly met and conferred before filing the Motion, this issue could have been resolved prior to the motion being filed.

his damages by causing widespread dissemination of the very articles he complains about. Defendant is entitled to this evidence in its defense, and Plaintiff fails to provide any reason why he should not be required to respond.

Plaintiff also fails to make any argument concerning No. 27, which requests "all documents sufficient to show all cases in which you have been entered as attorney of record in Arkansas." This is clearly designed to seek discovery concerning Plaintiff's claim that Arkansas law applies. Defendant believes Plaintiff's response will reveal that he never served as attorney of record in Arkansas, which is certainly relevant to his claim that his reputation as an attorney suffered in Arkansas.

Plaintiff fails to meet his burden to show that he is entitled to a protective order with respect to these requests, and therefore his Motion should be denied.

(iii)    Request Nos. 6-7, 10-11, 12, 13, 15, 23-24, 31-33 are not "abusive"

Plaintiff's claims that Request Nos. 6-7, 10-11, 12, 13, 15, 23-24, 31-33 are "abusive" because they seek "protected information" is also unfounded.

Request Nos. 6 and 7 were specifically tailored to avoid privileged documents yet to permit Defendant to discover evidence concerning Plaintiff's claims that he lost business because the articles affected his reputation as an attorney. No. 6 asks for documents showing the number of new clients in Ward's law practice for years 2005-2009, and No. 7 asks for documents showing new matters during that same period of time. Both requests are specifically drafted so they did not seek "all" documents so as not to be burdensome; rather, they only ask for the documents sufficient to provide the needed information. Therefore, Plaintiff's claims that he would have to produce all pleadings, motions, etc. are meritless. And both requests specifically state that "this

request does not call for the identity of new clients, but merely the number. To the extent the documents contain the identity or privileged information, Defendant agrees that that information may be redacted." Accordingly, the requests specifically avoid the discovery of any privileged information and therefore are not objectionable.

Request Nos. 10 and 11 request communications between Ward and his attorneys and Ward's attorneys in this case and any other person "concerning the Second ESN v. Cisco lawsuit, including but not limited communication regarding privilege issues in the above-captioned case." Similarly, Request No. 23 requests all communications between Ward or any other of ESN's attorneys and any member or representative of ESN concerning this lawsuit. These requests do not call for privileged information because Ward's attorneys in this case are not attorneys in the *ESN v. Cisco* lawsuit. Therefore, this information could not be privileged. This information is also clearly relevant to this lawsuit. Defendant believes that Plaintiff is improperly using this lawsuit to conduct discovery for the *ESN v. Cisco* case, and therefore seeks evidence concerning Plaintiff's discovery abuses. Indeed, in the event the Court determines that Arkansas law applies (Cisco believes Texas substantive law applies), this evidence is probative of Cisco's entitlement to attorneys' fees pursuant to Ark. Code § 16-63-506(a)(2).[2]

Nos. 12, 13 and 31-33 are aimed at addressing Plaintiff's privilege claims, and simply ask for documents showing attorneys who Ward has consulted or retained in this case and when each attorney was consulted. These requests are also designed to seek discovery of Plaintiff's discovery abuses in this case. Defendant needs to know who Ward's attorneys are to address his privilege claims. Moreover, it appears that Plaintiff

---

[2] Cisco asserts that Arkansas law does not apply, yet Cisco is entitled to discovery concerning Plaintiff's claim that Arkansas law applies.

and his counsel may have schemed by making agreements concerning when attorneys would enter of record so they could trick Defendant into producing privileged documents under strict confidentiality agreements and Protective Orders under the facade of Albritton and Ward having separate attorneys.  This is probative evidence concerning Plaintiff's discovery abuses in this case and is relevant to Defendant's claim for attorneys' fees under the SLAPP statute.[3]  Indeed, to avoid any possibility that the request might call for privileged information, request Nos. 31-33 specifically state that the "request does not include the content of the privileged communications, and Cisco agrees that any privileged portions of the responsive documents may be redacted, so long as the documents are sufficient to show the date when [each attorney] first began giving legal advice or participating in work product to or on behalf of John Ward, Jr. in this lawsuit." Moreover the requests do not ask for "all documents" but rather only the documents sufficient to show when each attorney was consulted or retained, so as not to be overly burdensome.  Plaintiff fails to show how any of this is privileged and not otherwise discoverable.

Request No. 15 asks for all documents showing all individuals who have a financial interest in the outcome of this lawsuit.   Again, this request relates to Defendant's suspicion that ESN is using this lawsuit to improperly gain discovery for the *ESN v. Cisco* case.  It also relates to whether Plaintiff's witnesses have a financial stake in the case, which would be evidence of bias.  Plaintiff also fails to show how this request calls for privileged information or is otherwise not discoverable.

---

[3] Cisco asserts that Arkansas law does not apply, but Cisco is entitled to discovery concerning claims under Arkansas law because of Plaintiff's allegation that Arkansas law applies.

Request No. 24 seeks "all communications between Ward or any other of ESN's attorneys and any member or representative of ESN concerning the Patent Troll Tracker or Rick Frenkel." Again, Plaintiff fails to show how this request calls for privileged information or is not otherwise discoverable. Such communications clearly relate to Plaintiff's animosity toward Defendant and his desire to silence speech protected by the First Amendment merely because he didn't like the speech or the speaker. Defendant is entitled to this evidence. Indeed, in the event that the Court applies Arkansas law, this evidence will be essential to show Cisco's entitlement to attorneys fees pursuant to Ark. Code § 16-63-506(a)(2). Plaintiff also fails to show how this request calls for privileged information or is otherwise not discoverable.

     (iv)   <u>Request Nos. 4, 14-16, 25-27, and 30 do not impose an undue burden</u>

Plaintiff fails to show how Request No. 4 would impose an undue burden. Request No. 4 asks Plaintiff to "Produce all documents relating to your request to any court for an award of attorneys' fees from October 17, 2007 to the present, including all expert reports, affidavits, and transcripts regarding an award of attorneys' fees." This request is narrowly tailored to seek discovery concerning Plaintiff's claims. In the course of arguing for attorneys' fees, attorneys discuss matters such as their reputation as an attorney, which Plaintiff claims has been damaged in this case. Accordingly, his own arguments concerning his excellent reputation are relevant to this issue. Plaintiff fails to present any evidence why this would impose an undue burden. Indeed, the request is properly limited in time to cases after the articles at issue were published.

Plaintiff also claims that Request No. 14, which seeks documents showing Plaintiff's "financial interest in the outcome of the Second ESN v. Cisco lawsuit," is

unduly burdensome.   Again, this request seeks to show Plaintiff's motivation for improperly using this lawsuit to conduct discovery of Cisco's privileged documents for use in the ESN case.  Plaintiff fails to present any evidence concerning why responding would be unduly burdensome.  (No. 15 is addressed above).

Plaintiff also claims No. 16 is unduly burdensome, without any evidence concerning the alleged burden.  No. 16 requests "all communications between Ward and any person representing ESN, LLC regarding documents Cisco has claimed as privileged in this litigation."   No. 25 seeks "all communications between Ward or any other of ESN's attorneys and any member or representative of ESN concerning this lawsuit." These requests are also geared toward discovery concerning Plaintiff's abuse of discovery by using discovery in this case to get Cisco's privileged documents for the *ESN v. Cisco* case.  This request is clearly relevant for the reasons set forth above, and Plaintiff has failed to show that it is unduly burdensome.  (Request Nos. 26 and 27 are discussed above).

Plaintiff also fails to present any evidence or argument concerning No. 30, which seeks "all documents supporting your allegation that any of the events in your First Amended Complaint or any amendments thereto took place in Arkansas."   Again, this request is narrowly tailored to lead to the discovery of evidence concerning Plaintiff's claim that Arkansas law should apply.  Defendant believes this discovery will reveal that none of the events at issue in this lawsuit occurred in Arkansas, and therefore Arkansas law should not be applied.

Plaintiff has failed to present any evidence or even argument concerning why any of these requests are "unduly burdensome," but rather simply relies on conclusory

statements that they are burdensome.  For that reason alone his Motion should be denied. *See General Dynamics*, 481 F.2d at 1212 (8th Cir. 1973); *Continental Illinois Nat. Bank & Trust Co. of Chicago*, 136 F.R.D. 682.   There is no basis for a protective order concerning any of these requests.  Plaintiff's Motion should therefore be denied.

## CONCLUSION

For the reasons set forth above, the Court should deny Plaintiff's Motion. Moreover, the Court should deem the requests for admissions admitted.  Finally, because Plaintiff failed to object during the time permitted for his response, and so that Plaintiff will not further attempt to stall the discovery at issue by raising untimely objections and refusing to produce responsive documents, which would require yet another motion to the Court, the Court should order that all objections have been waived and that Plaintiff must respond fully to each of the requests for production.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: */s/ Charles L. Babcock*
Charles L. Babcock
Federal Bar No.: 10982
Email: cbabcock@jw.com
Richard E. Griffin
Arkansas Bar No.: 63020
Email: rgriffin@jw.com
Crystal J. Parker
Federal Bar No.: 621142
Email: cparker@jw.com
1401 McKinney
Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

This is to certify that on the 22nd day of December, 2009, a true and correct copy of the foregoing was served electronically, facsimile and/or via U.S. First Class Mail upon:

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue, Suite 201
Emeryville, CA 94608
***Attorney for Plaintiff John Ward, Jr.***

Nicholas H. Patton
Geoffrey P. Culbertson
Courtney Towle
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
***Attorney for Plaintiff John Ward, Jr.***

*/s/ Charles L. Babcock*
Charles L. Babcock