# EXHIBIT C

# Parker, Crystal

| | |
|---|---|
| **From:** | Parker, Crystal |
| **Sent:** | Monday, December 07, 2009 4:02 PM |
| **To:** | Courtney Towle |
| **Cc:** | 'Nick Patton'; Patricia L. Peden; Babcock, Chip; Moran, David; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy |
| **Subject:** | FW: Written Discovery meet and confer |

Courtney,

With respect to your complaints about Cisco's responses to Plaintiff's Third Set of RFPs, I will look into the issues you raised, talk to my team, and get back with you.

As for Cisco's Third Set of Requests for Production, please provide your objections pursuant to the Federal Rules of Civil Procedure, and then we can discuss them. There is no sense in meeting and conferring twice about them. The requests are not to harass Ward in any way; they are simply aimed at discovering evidence that Cisco is entitled to in its defense. Indeed, they are tailored to avoid concerns that Ward has expressed about other discovery, such as privacy and privilege concerns. As for redacting documents, you are obligated to provide the non-privileged, responsive information under the Federal Rules of Civil Procedure. I don't recall any cumulative requests, but if you think some of the requests are truly cumulative, please identify which request and the request that they are cumulative of. If we agree they are cumulative of other requests for production, we will certainly withdraw them.

As for Cisco's Third Request for Admission, The Federal Rules of Civil Procedure allow both depositions and requests for admissions, so I don't understand your demand. I don't recall any of the requests being cumulative, and you haven't identified any. Again, we are not trying to harass anyone; we are seeking discovery to respond to the lawsuit.

Take care,

Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217

---

**From:** Courtney Towle [mailto:ctowle@texarkanalaw.com]
**Sent:** Wednesday, December 02, 2009 1:53 PM
**To:** Parker, Crystal
**Cc:** Nick Patton; 'ppeden@pedenlawfirm.com'; Marcie Long
**Subject:** Written Discovery meet and confer

Crystal,

I write to confer with you regarding several outstanding written discovery issues.

First, regarding Cisco's responses to Plaintiff's Third Set of RFPs, for several requests Cisco did not state whether or not responsive documents exist. For requests nos. 90, 92-94, 96-98, 101, 105, 107, 109-110, and 114, please state whether or not Cisco is withholding responsive documents.

For request nos. 112 and 113, Cisco made a privilege objection but did not indicate whether there are documents responsive to these requests. If there are responsive documents, confirm that they have been logged and identify them on Cisco's privilege log.

For request no. 100, Cisco states that there are no non-privileged documents. Confirm that the responsive documents are logged on Cisco's privilege log and identify where they appear on the log.

In response to Plaintiff's same RFPs, Cisco states that for some requests all responsive documents were already produced. For request nos. 89, 95, 99, 102-104, 106, 108, identify the date on which Cisco produced the responsive documents.

In response to request no. 88, Cisco stated that it would produce documents. Confirm that Cisco has produced all responsive documents for this request and include the date of production.

Confirm that Cisco is refusing to produce the case requested in request no. 111.

Second, Cisco's Third set of RFPs raises several issues that must be addressed before Ward responds as, in their current form, these requests appear aimed at harassing and annoying Mr. Ward, and will subject him to undue burden and expense in responding.

Request nos. 1-3, 8, 20, and 29 are aimed at discovery of documents relating to Mr. Ward's damages --- an issue raised in Cisco's recent motion to compel and on which the Court ruled. As the Court already resolved the issue of what documents Ward needed to produce in relation to his claimed damages, and Ward has complied with that order, explain why Cisco is again seeking damages related documents or withdraw these requests.

Several of the requests call for clearly privileged documents. These include request nos. 10-13 and 31-34. Also, as nos. 31-34 are among the most egregious of Cisco's requests and outside the bounds of discovery, these should immediately withdrawn.

Several requests admit that the documents Cisco seeks will contain privileged information, which Cisco states "To the extent the documents contain the identity or privileged information, Defendant agrees that that information may be redacted" or "Cisco agrees that any privileged portions of the responsive documents may be redacted". This is not an agreement Ward is willing to enter into. Considering the potentially millions of documents these overbroad requests call for, simply asking Ward to go through and redact line-by-line in response to an irrelevant request is unworkable and clearly aimed at over burdening Ward and running up legal expenses. Accordingly, Cisco's request nos. 6, 7, 31, 32, and 33 should be withdrawn.

Many requests are aimed at obtaining documents that plainly are not relevant, including request nos. 4-7, 14, 16, and 23-24.

Many requests are also cumulative of earlier discovery requests, including request nos. 9, 17, 21, 22, 26-28, and 30.

In addition, many of the requests are overly broad (including nos.4, 5, 6, 7, 9-15, 21-25, 30-33), seek documents not in Ward's possession (including nos. 4, 8, 12-13, 20, 22-24), and, in some instances, seek publicly available documents (including nos. 5 and 27).

To resolve these issues, and avoid undue burden and expense, we request Cisco address these concerns prior to formally responding. Please explain why, in light of the forgoing, Cisco is entitled to the documents in response to these requests and explain how the requests are not aimed at harassing, annoying, or oppressing Mr. Ward, or subjecting him to undue burden or expense.

Third, in Cisco's "Third" set of RFAs, propounded on November 5, 2009, Cisco propounded nine RFAs that are cumulative of the questions raised to Ward during his deposition. Why is it that Cisco needs responses to these RFAs when it already has Ward's direct deposition testimony? If you contend that any of the RFA topics were not raised during Ward's deposition, explain your failure to raise them in deposition. Absent a credible explanation, it appears these RFAs were propounded in an effort to harass Ward, and to subject him to undue

12/22/2009

burden and expense in responding.

We look forward to resolving these issues without court intervention.

Thanks,
--Courtney

Courtney Towle
Attorney
PATTON, TIDWELL & SCHROEDER, L.L.P.
P.O. Box 5398
Texarkana, TX 75505-5398

*This email and any attachments may be confidential or privileged. If you are not the intended recipient, be advised that any disclosure, copying, distribution, or use of this email is prohibited. If you receive this email in error, please notify us by reply mail and immediately destroy all copies of this communication.*