# EXHIBIT "F"

```
                    IN THE UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF TEXAS
                          TEXARKANA DIVISION
 JOHN WARD, JR.,                    *
        Plaintiff,                  *
 VS.                                *    CIVIL ACTION NO.:
 CISCO SYSTEMS, INC. AND RICK       *
 FRENKEL,                           *
        Defendants.                 *    08-4022
```

***********************************************************

ORAL VIDEOTAPED DEPOSITION OF

JILLIAN POWELL

***********************************************************

ANSWERS AND DEPOSITION OF JILLIAN POWELL, produced as a witness at the instance of the Plaintiff, taken in the above-styled and -numbered cause on the 27th day of March, 2009, A.D., beginning at 10:38 a.m., before Kelly Hassell, a Certified Shorthand Reporter in and for the State of Texas, in the offices of Baker Botts, L.L.P., located at 2001 Ross Avenue, Suite 1100, Dallas, Texas, in accordance with the Federal Rules of Civil Procedure and the agreement hereinafter set forth.

15

1   improper assertion of privilege and I'm happy to take it up
2   with the Court if we need to do that.
3               MR. CHEAVENS:  Sure.
4               MS. PEDEN:  Okay.
5               THE VIDEOGRAPHER:  Go off the record?
6               MS. PEDEN:  Yes.
7               THE VIDEOGRAPHER:  We are off the record.
8   The time is 10:48 a.m.
9               (Break was taken from 10:48 a.m. to
10  11:01 a.m.)
11              MS. PEDEN:  We're calling in.  We're in the
12  middle of a deposition.  This is Patricia Peden and I
13  represent the Plaintiff, Mr. Ward.  And we noticed the
14  deposition of Baker Botts's paralegal, who is a fact
15  witness in our case.  And as I was -- well, also present --
16  and just so you know, also present in the room are counsel
17  for Cisco, Mr. Babcock and Ms. Parker, and the witness,
18  Ms. Powell's, lawyer, Mr. Cheavens.
19              So Plaintiff is taking the deposition of a
20  third party and when I asked the witness about her depo
21  prep before coming in to testify this morning, I asked her
22  if she was represented by Mr. Cheavens.  She said yes.  I
23  asked her if she was represented by either Mr. Parker --
24  Ms. Parker or Mr. Babcock, to which the witness responded
25  no.  And then when I asked her about her preparations in

1  the conference room next door right before we came into the
2  deposition room, she testified that defense counsel's
3  lawyer, Ms. Parker, was present when she was talking with
4  her lawyer in preparing for the deposition today.  So I
5  asked to be allowed to ask questions about that because
6  defense counsel was present.  Mr. Cheavens asserted an
7  attorney/client privilege, a work product privilege, and
8  I'll let him speak for himself why he thinks those
9  privileges are valid.
10              JUDGE RAMIREZ:  All right.
11              MR. CHEAVENS:  Your Honor, this is Joe
12  Cheavens.  I'm with Baker Botts.
13              Ms. Powell is a legal assistant here in our
14  office in Dallas.  This is a case where the Plaintiff has
15  sued our client, Cisco Systems, in a defamation case.  It
16  arose out of an incident that occurred when we were
17  representing Cisco; and the work that Ms. Powell did and
18  other lawyers in our firm did during the time period that's
19  involved in the case, our client was Cisco.
20              After the defamation case was filed, Cisco
21  retained Mr. Babcock of Jackson Walker and that firm to
22  represent Cisco in the defamation case, but of course, we
23  share the client Cisco and we have an oral joint defense
24  arrangement in the mutual protection of our mutual client.
25  I think it was entirely proper for Ms. Parker to be in

1  attendance and I think the communications at the meeting
2  between me and the witness and Ms. Parker are privileged
3  for that reason.
4                  MS. PEDEN:  And, Your Honor, if I can just
5  respond briefly.  The facts in this case are Cisco was
6  represented by Baker Botts working with Cisco originally
7  when these -- when the events that gave rise to this
8  lawsuit occurred, but Ms. Parker meeting with counsel this
9  morning is long after that fact.  That's in a separate
10 lawsuit.  It's in this defamation suit.  And Jackson Walker
11 is not representing -- I mean, Baker Botts is not
12 representing Cisco in the defamation suit.  They have
13 separate counsel, Jackson Walker.  And to have defense
14 counsel in the prep with the witness before she comes in
15 and gives testimony and then not let us ask what opposing
16 counsel discussed with her I think is entirely improper.
17                 JUDGE RAMIREZ:  Well, what about his
18 allegation of a joint defense agreement?
19                 MS. PEDEN:  Well, his allegation of a joint
20 defense agreement, it's -- it's the first time it's been
21 made in this case.  It's an oral agreement.  We've not seen
22 anything in writing.  And, in fact, when Cisco served or
23 filed requests for admission in the Ward case, they refused
24 to give us any information that was within Baker Botts's
25 knowledge, claiming that Baker Botts was a third party.

1  So -- and I have those requests for admissions with me if
2  the Court would like me to fax them over. But it seems to
3  me that when it comes to providing discovery, Baker Botts
4  is a third party, but when they want to meet with opposing
5  counsel to prep a witness, then they're within the zone of
6  an attorney/client privilege. That was in a case that's
7  not this case.
8         JUDGE RAMIREZ: But does it arise out of her
9  employment for the client that Jackson Walker represents?
10 I mean, I know she was working for Baker Botts, but does it
11 arise out of her employment for Baker Botts in the course
12 of representing Jackson Walker's client?
13         MS. PEDEN: It did. So what happened here
14 was in October of 2007, Baker Botts was working with
15 Jackson Walker's client, Cisco, to get some information
16 about a case that was filed. Ms. Powell was the person who
17 called the court clerk to undertake an investigation of the
18 facts for Baker Botts. The Defendant in this case, Cisco
19 Systems, has claimed as a defense that they are not liable
20 for defamation because there's no actual malice because
21 they relied on the advice of counsel that they received
22 from Baker Botts.
23         MR. BABCOCK: Judge, this is Chip Babcock,
24 representing Cisco. That is absolutely not true, but not
25 particularly relevant to this dispute because Mr. Cheavens

19

1  and I do have a -- do have a joint defense agreement and it
2  seems to me that it does cover this situation.
3          MS. PEDEN:  I think, Your Honor, it covers
4  things that happened arising -- you know, the facts that
5  happened in 2007 that gave rise to this lawsuit, but I
6  don't know how they can take a joint defense agreement from
7  2007 and use it to meet and prep a witness where Baker
8  Botts is now a third party.
9          JUDGE RAMIREZ:  Well, clearly there is a
10 related interest here.  I'm not -- let me ask this:  Are
11 both parties willing to abide by my ruling today?
12         MR. BABCOCK:  Speaking for Cisco, we
13 certainly are, Your Honor.
14         MR. CHEAVENS:  Yes.  For Baker Botts, yes,
15 Your Honor.
16         MS. PEDEN:  For Plaintiff, Your Honor, we're
17 willing to abide by your ruling for the deposition today,
18 but Plaintiff intends to file a motion when the Court is --
19 where this case is pending arguing for an implied or an
20 at-issue waiver in this case.  So to the extent that the
21 Court's order doesn't implicate that at all, then
22 we're willing to abide by it.
23         JUDGE RAMIREZ:  Well, I'm not clear as to
24 the -- I mean, that's a qualified agreement.  I'm either
25 going to be giving you an opinion that's -- I mean, a

1  ruling that's binding or it becomes an advisory ruling,
2  which I'm not going to do.  So that's -- this is a
3  privilege issue, which I think is appropriate for briefing,
4  but if you want me to rule on it at this time, I will, but
5  it needs to be binding.  I'm not going to give you an
6  advisory opinion that you're going to go appeal to another
7  court without any briefing in front of me.
8              MS. PEDEN:  I understand, Your Honor.  And
9  unfortunately, we can't agree to a binding --
10             JUDGE RAMIREZ:  Okay.  Well, then I suggest
11 that you continue with the deposition and then brief this
12 case later rather than stopping for purposes of briefing,
13 but that's certainly your call.
14             MS. PEDEN:  Okay.  Thank you, Your Honor.
15             JUDGE RAMIREZ:  Thank you.
16             MR. BABCOCK:  Thank you, Judge.
17             MR. CHEAVENS:  Thank you, Your Honor.
18             THE VIDEOGRAPHER:  We are back on the
19 record.  The time is 11:15 a.m.
20     Q    (BY MS. PEDEN)  Ms. Powell, thank you for your
21 patience.
22             Other than the meeting that you had this
23 morning with Mr. Cheavens and Ms. Parker, have you had any
24 other communications, telephone conversations, with anybody
25 about your testimony today?