# Patricia L. Peden

**From:** Babcock, Chip [cbabcock@jw.com]
**Sent:** Thursday, December 10, 2009 10:34 AM
**To:** Patricia L. Peden
**Cc:** Parker, Crystal; Turnock, Holly; Nick Patton; jh@jamesholmeslaw.com; Courtney Towle; Geoff Culbertson
**Subject:** RE: Ralph Deloach

Patty,
   As I told you before, I did not release Mr. DeLoach from his agreement to testify until I found a suitable substitute. You were advised immediately when I retained Mr. Weston. I assume this means that you will require us to file a motion and that you are opposed? Please let me know.   As for your questions I thought I had answered them but in re-rereading see that I didn't. Cisco will not reimburse you for costs, if any.
  Best regards,
   Chip


**From:** Patricia L. Peden [mailto:ppeden@pedenlawfirm.com]
**Sent:** Thursday, December 10, 2009 12:06 PM
**To:** Babcock, Chip
**Cc:** Parker, Crystal; Turnock, Holly; 'Nick Patton'; jh@jamesholmeslaw.com; 'Courtney Towle'; 'Geoff Culbertson'
**Subject:** RE: Ralph Deloach

Chip:

Your proposed new expert report is untimely and we can see no justification for serving a "substitute" report a month after you learned that Mr. DeLoach would not be an expert.

By the way, you also didn't answer my questions below. Would you be kind enough to do so?

In response to your email, it is not correct to say that the people I identified contacted Mr. DeLoach about his testimony. Mr. DeLoach called us about the subpoena we issued. I do not know of anyone who contacted Mr. DeLoach about his testimony.

Thanks, Patty



**From:** Babcock, Chip [mailto:cbabcock@jw.com]
**Sent:** Tuesday, December 08, 2009 1:53 PM
**To:** Patricia L. Peden
**Cc:** Parker, Crystal; Turnock, Holly
**Subject:** RE: Ralph Deloach

Patty,
  We are substituting Mr. Ron Weston a former district clerk for the Western District of Michigan in the place of Mr. DeLoach. Mr. Weston is available for his deposition on January 7, 2009 which is the date that you subpoenaed Mr. DeLoach. Furthermore he will be presented at Jackson Walker's offices in Houston 1401 McKinney Suite 1900 starting whenever you want but I would propose 10am. His opinions will track those of Mr. DeLoach but I will send you a formal document disclosing the matters required by the Federal Rules this Thursday.
   I am sorry for any inconvenience relating to Mr. DeLoach but, for the record, I did not release him from his agreement to testify before finding an appropriate replacement.

By the way you didn't answer the second part of my question which was do you know of anyone who contacted Mr. DeLoach about his testimony (other than the people you indicated below). Very strange situation.
Best regards,
Chip


**From:** Patricia L. Peden [mailto:ppeden@pedenlawfirm.com]
**Sent:** Monday, December 07, 2009 11:34 AM
**To:** Babcock, Chip; Parker, Crystal; ctowle@texarkanalaw.com
**Cc:** 'Nick Patton'; mlong@texarkanalaw.com; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou; 'Geoff Culbertson'
**Subject:** RE: Ralph Deloach

Chip:

Cisco has known since at least November 11th that Mr. DeLoach would not be serving as an expert witness in this case. Yet, you led us to believe otherwise by representing that you were seeking deposition dates from him. As you know, expert rebuttal reports are due this week. Had we not been forced to serve a subpoena on Mr. DeLoach as a result of Cisco's failure to give us deposition dates for its experts, we still would not know that he will not be an expert for Cisco. Is there a reason that Cisco not inform us of Mr. DeLoach's decision before we went through the time and expense of preparing to rebut his report, subpoenaing him for deposition, and preparing to take his deposition? Does Cisco intend to reimburse us for our time and expense?

In response to your questions: Mr. DeLoach called Nick's office on Thursday Dec. 3 and spoke to a legal assistant. Mr. DeLoach called me on December 3, and we had about a three minute telephone conversation. Mr. DeLoach sent an email to Nick and Crystal. Those are the only communications we have had with Mr. DeLoach.

Patty


**From:** Babcock, Chip [mailto:cbabcock@jw.com]
**Sent:** Friday, December 04, 2009 8:11 AM
**To:** ppeden@pedenlawfirm.com; Parker, Crystal; ctowle@texarkanalaw.com
**Cc:** Nick Patton; mlong@texarkanalaw.com; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou
**Subject:** RE: Ralph Delouch


Patty,
  The better question is when did we first learn that Mr. DeLoach ,after agreeing to serve as an expert and preparing a report which was filed on November 10, 2009, indicate that he would not do so. The answer to that question is: November 11, 2009.
  This prompts two questions of my own: What communications did Mr. Ward or his agents have with Mr. DeLoach between November 10, 2009 (the date his identity was revealed) and today. Are you aware of any other communications with Mr. DeLoach regarding his testimony by anyone and if so, please identify that person or persons.
  In the future if you subpoena a witness would you have the courtesy of providing me with a contemporaneous copy of the subpoena? Would you please send me a copy of the subpoena that you apparently served on Mr. DeLoach?
  Thank you for your attention to these matters.
     Chip


**From:** Patricia L Peden [mailto:ppeden@pedenlawfirm.com]
**Sent:** Thursday, December 03, 2009 9:40 PM
**To:** Parker, Crystal; ctowle@texarkanalaw.com
**Cc:** Nick Patton; mlong@texarkanalaw.com; Babcock, Chip; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou;

2

ctowle@texarkanalaw.com
**Subject:** Ralph Delouch

Crystal:
When did Cisco first learn that Mr. Delouch would not be serving as an expert witness in this case?
Patty
Sent via BlackBerry by AT&T

**From:** "Parker, Crystal" <cparker@jw.com>
**Date:** Thu, 3 Dec 2009 19:40:43 -0600
**To:** <ctowle@texarkanalaw.com>
**Cc:** <nickpatton@texarkanalaw.com>; <ppeden@pedenlawfirm.com>; <mlong@texarkanalaw.com>; Babcock, Chip<cbabcock@jw.com>; Griffin, Richard<rgriffin@jw.com>; Schwarz, Kurt<kschwarz@jw.com>; Flynn-DuPart, Mary Lou<mdupart@jw.com>
**Subject:** Re: Written Discovery meet and confer

I can respond on Monday. Thanks, Crystal

---

Sent from my BlackBerry Wireless Handheld.

**From:** Courtney Towle
**To:** Parker, Crystal
**Cc:** Nick Patton ; 'ppeden@pedenlawfirm.com' ; Marcie Long ; Babcock, Chip; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou
**Sent:** Thu Dec 03 17:53:50 2009
**Subject:** RE: Written Discovery meet and confer
Crystal,
I have not heard from you regarding my email below. We received an email from one of your experts today indicating you are out of the office. Can you meet and confer on these issue by email or by phone by Monday? If you cannot, please let me know who else on your team is available to address these issues in your absence.

Thanks,
-- Courtney

*This email and any attachments may be confidential or privileged. If you are not the intended recipient, be advised that any disclosure, copying, distribution, or use of this email is prohibited. If you receive this email in error, please notify us by reply mail and immediately destroy all copies of this communication.*

**From:** Courtney Towle
**Sent:** Wednesday, December 02, 2009 11:53 AM
**To:** 'Parker, Crystal'
**Cc:** Nick Patton; 'ppeden@pedenlawfirm.com'; Marcie Long
**Subject:** Written Discovery meet and confer

Crystal,

I write to confer with you regarding several outstanding written discovery issues.

First, regarding Cisco's responses to Plaintiff's Third Set of RFPs, for several requests Cisco did not state whether or not responsive documents exist. For requests nos. 90, 92-94, 96-98, 101, 105, 107, 109-110, and 114, please state whether or not Cisco is withholding responsive documents.

3