**From:** Courtney Towle
**Sent:** Friday, December 11, 2009 2:56 PM
**To:** Parker, Crystal; Patricia L. Peden; Nick Patton
**Cc:** Babcock, Chip; Flynn-DuPart, Mary Lou; Adair, Kathy
**Subject:** RE: Motion for Protection

Crystal,

Given Judge Setser's ruling as to the scope of Ward's production obligation with regard to Cisco's first requests nos. 14 and 15, and applying that ruling, including the its scope and limitations, to Cisco's third request nos. 17 and 22, Ward has no additional documents to produce. Will Cisco now withdraw those production requests?

Thanks,

Courtney Towle
Attorney
PATTON, TIDWELL & SCHROEDER, L.L.P.
P.O. Box 5398
Texarkana, TX 75505-5398

*This email and any attachments may be confidential or privileged. If you are not the intended recipient, be advised that any disclosure, copying, distribution, or use of this email is prohibited. If you receive this email in error, please notify us by reply mail and immediately destroy all copies of this communication.*

---

**From:** Parker, Crystal [mailto:cparker@jw.com]
**Sent:** Thursday, December 10, 2009 3:34 PM
**To:** Courtney Towle; Patricia L. Peden; Nick Patton
**Cc:** Babcock, Chip; Flynn-DuPart, Mary Lou; Adair, Kathy
**Subject:** RE: Motion for Protection

Courtney,

If you say that there wouldn't be any documents within 17 and 22 that have not already been produced or logged (subject to the time limitation and limitation to the physical filing that Judge Setser ordered, as you mention), then we will withdraw them. Let me know.

I disagree with your characterization of the meet and confer. I am trying to work with you on this and to resolve any issues that we can.

Take care,


Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217

---

**From:** Courtney Towle [mailto:ctowle@texarkanalaw.com]
**Sent:** Thursday, December 10, 2009 3:06 PM
**To:** Parker, Crystal; Patricia L. Peden; Nick Patton
**Cc:** Babcock, Chip; Flynn-DuPart, Mary Lou; Adair, Kathy
**Subject:** RE: Motion for Protection

1

Crystal,

As you well know, Cisco's request nos. 14 and 15 were raised to the Court by Cisco in its motion to compel, Dkt. No. 101, and related briefing.  The Court ruled on these requests, Dkt. No. 138,  and Ward has complied with that ruling.  Therefore, plaintiff has complied with his obligations in regard to these requests.  As Cisco filed two motions for reconsideration of that Order, it is apparent that Cisco disagrees with the Court's ruling .  However, that Order stands and governs plaintiff's production obligations.  Request nos. 14 and 15 are clearly cumulative and redundant with the documents you now ask for in Cisco's third request nos. 17 and 22, but I do not expect that you would agree with this.

Also as you well know, I did try repeatedly in good faith to confer with you on Cisco's third sets of requests.  Instead of meeting and conferring with me, you first did not respond, then instead of directing me to another attorney on Cisco's team to discuss, put me off, until I contacted you again, and then with our response deadline about to run, you stated "provide your objections pursuant to the Federal Rules of Civil Procedure, and then we can discuss them.  There is no sense in meeting and conferring twice about them."  Brushing aside the abusive nature of the requests, after I detailed plaintiff's concerns, you took the position that plaintiff needed to raise objections and that, only after receiving these, would you then meet and confer.  It was a disappointing response and unfortunately lead to seeking court intervention.  If you will withdraw your requests, revise them in light of the concerns I raised to you in meet and confer and as are further detailed in plaintiff's motion, we may be able to withdraw the motion and avoid court intervention.  Let me know if Cisco will do so.

Thanks,
--Courtney

Courtney Towle
Attorney
PATTON, TIDWELL & SCHROEDER, L.L.P.
P.O. Box 5398
Texarkana, TX 75505-5398

*This email and any attachments may be confidential or privileged.  If you are not the intended recipient, be advised that any disclosure, copying, distribution, or use of this email is prohibited.  If you receive this email in error, please notify us by reply mail and immediately destroy all copies of this communication.*

**From:** Parker, Crystal [mailto:cparker@jw.com]
**Sent:** Wednesday, December 09, 2009 3:26 PM
**To:** Patricia L. Peden; Courtney Towle; Nick Patton
**Cc:** Babcock, Chip; Flynn-DuPart, Mary Lou; Adair, Kathy
**Subject:** Motion for Protection


I am reviewing your motion for protection.  With respect to number 17 of Cisco's Third Request for Production, in your motion, you claim that it is cumulative of No. 14 and 15 of Cisco's First Request for Production and that you have already been ordered to respond.  Why didn't you raise this with me to meet and confer?  The questions appear different to me, but apparently you think they encompass the same thing.  Is it true, then, that you have already responded fully to No. 17 and have produced all documents sufficient to identify anyone Ward communicated with concerning the filing of the Complaint in the ESN v. Cisco lawsuit and/or the alteration or change of the docket in the ESN v. Cisco lawsuit?  Will you so stipulate to the Court?

Also, with respect to number 22 of Cisco's Third Request for Production, since you claim that it is redundant of no. 15 of Cisco's First Request for Production, is it true that you have already responded fully to the request?  Again, I think they are different questions, but apparently you think they are the same.  Will you stipulate to the Court that you have fully responded?

I ask that you please meet and confer with me on issues like this in the future before you file a motion.  As I indicated yesterday, we are willing to work through issues like this if we can so we don't waste the Court's time.

Thank you,



Crystal J. Parker
Jackson Walker L.L.P.
1400 McKinney, Suite 1900
Houston, TX 77010
713-752-4200 (main)
713-752-4217 (direct)
713-752-4221 (main fax)
713-754-6717 (direct fax)
Email:  cparker@jw.com

Internet Email Confidentiality

Privileged/Confidential Information may be contained in this message.  If you are not the addressee indicated in this message (or responsible for delivery of the message to the addressee), you may not copy or deliver this message to anyone.  In such case, you should destroy this message and kindly notify the sender by reply email.  The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter.  They are not intended or written to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal tax law or otherwise.

No virus found in this incoming message.
Checked by AVG - www.avg.com
Version: 9.0.709 / Virus Database: 270.14.74/2515 - Release Date: 12/11/09 04:06:00