# Marcie Long

| | |
|---|---|
| **From:** | Courtney Towle |
| **Sent:** | Tuesday, December 22, 2009 9:01 PM |
| **To:** | Babcock, Chip |
| **Cc:** | Parker, Crystal; ppeden@pedenlawfirm.com; Nick Patton; Marcie Long |
| **Subject:** | Cisco's Response to Ward's Motion for Protection |

Chip,

In reviewing Cisco's Response, Dkt. No. 175, to Plaintiff's Motion for Protection, it appears Cisco has made several inflammatory accusations that are unsupportable by fact. Particularly in light of our prior two letters to you on the subject of Cisco's repeated personal attacks aimed at plaintiff's counsel, the brief in an unfortunate demonstration of Cisco's lack of professionalism and disregard of the Rules of Civil Procedure. In particular, Rule 11 requires that factual contentions have evidentiary support. A number of Cisco's contentions in its Response appear utterly lacking such support.

We request that Cisco immediately provide the factual basis for the following accusations made in Cisco's Response or, by tomorrow, withdraw the Response and file a brief containing only argument supported by fact. Should Cisco fail to do so and proceed on the brief as filed today, after 21 days Plaintiff will move for sanctions.

pp 7-8:
[Re request nos. 7-8] "These requests are related to Plaintiff's representation to Magistrate Judge Setser that he was not seeking damages to his professional reputation, which was obviously aimed at avoiding discovery concerning this claim."

pg. 14:
"Defendant believes that Plaintiff is improperly using this lawsuit to conduct discovery for the *ESN v. Cisco* case, and therefore seeks evidence concerning Plaintiff's discovery abuses."

pp. 14-15:
[Re request nos. 12, 13, 31-33] "These requests are also designed to seek discovery of Plaintiff's discovery abuses in this case. Defendant needs to know who Ward's attorneys are to address his privilege claims. Moreover, it appears that Plaintiff and his counsel may have schemed by making agreements concerning when attorneys would enter of record so they could trick Defendant into producing privileged documents under strict confidentiality agreements and Protective Orders under the façade of Albritton and Ward having separate attorneys."

pg. 15:
[Re request no. 15] "Again, this request relates to Defendant's suspicion that ESN is using this lawsuit to improperly gain discovery for the *ESN v. Cisco* case. It also relates to whether Plaintiff's witnesses have a financial stake in the case, which would be evidence of bias."

pg. 17:
[Re request no. 14] "Again, this request seeks to show Plaintiff's motivation for improperly using this lawsuit to conduct discovery of Cisco's privileged documents for using in the ESN case."

[Re request nos. 16 and 25] "These requests are also geared toward discovery concerning Plaintiff's abuse of discovery by using discovery in this case to get Cisco's privileged documents for the *ESN v. Cisco* case."

Courtney Towle
Attorney

1

Dockets.Justia.com

PATTON, TIDWELL & SCHROEDER, L.L.P.
P.O. Box 5398
Texarkana, TX 75505-5398

*This email and any attachments may be confidential or privileged.  If you are not the intended recipient, be advised that any disclosure, copying, distribution, or use of this email is prohibited.  If you receive this email in error, please notify us by reply mail and immediately destroy all copies of this communication.*