IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN WARD, JR. | § | |
| | § | |
|   Plaintiff | § | |
| | § | C.A. NO. 4:08cv4022 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CISCO SYSTEMS, INC. | § | |
| | § | |
|   Defendant | § | |

**PLAINTIFF WARD'S MOTION TO COMPEL
DEFENDANT CISCO SYSTEMS, INC., TO PRODUCE DOCUMENTS RESPONSIVE
TO REQUESTS IN WARD'S THIRD SET OF REQUESTS FOR PRODUCTION**

1

TO THE HONORABLE DISTRICT COURT JUDGE:

Comes now, Plaintiff John Ward, Jr., ("Ward") and files this motion to compel Defendant Cisco Systems Inc. ("Cisco") to provide documents responsive to his Third Set of Requests for Production.

## I.   INTRODUCTION

Following this Court's Order requiring production of documents former Cisco employee Rick Frenkel received prior to publishing the accused Troll Tracker blog postings, Cisco produced documents it long maintained were privileged. Days after its document production, Ward served document requests for documents referenced in or attached to the documents Cisco produced. Narrowing his dialogue with counsel to the documents he believes are most probative of Frenkel's and Cisco's state of mind at the time of the accused posts, Ward has pressed on nine of the requests. But nearly three months later, and after lengthy meet and confer, Cisco has either not responded as to the availability of responsive documents or claims privilege. In light of the Court's Order, Cisco should be ordered to produce all responsive documents, with privilege unavailable because of Cisco's subject matter privilege waiver. Trial is set in little more than a month, and Cisco should be ordered to produce the documents immediately.

## II.   BACKGROUND

Ward is suing Cisco for defamation and related causes of action stemming from publications on the internet blog www.trolltracker.blogspot.com. Published by Rick Frenkel, Cisco in-house counsel at the time, entries on the blog accused Ward of criminal and unethical conduct related to the filing of a complaint. In the wake of these very public accusations, Ward sued Cisco.

In January 2009, responding to Ward's interrogatory request asking for all the information Frenkel relied on in making statements in the accused blog postings, Cisco stated:

> Richard Frenkel relied on documents on the official court website, the official court docket, **correspondence he received from various individuals, privileged discussions with legal counsel, legal research,** and his own experience with the electronic filing system.

Exh. A, at 7 (Cisco's Response to Ward's Interrogatory No. 5)(emphasis added).

Seeking the documents and other information Cisco represented Frenkel relied on, Ward and Cisco submitted several rounds of briefing to the Court, and the Court has entered several orders. On March 30, 2009, this Court ordered Cisco to fully respond to Plaintiff's Interrogatories 1-9. After Cisco failed to comply, plaintiff moved to compel compliance with the March 30, 2009 Order. To resolve the parties' dispute, the Court considered various motions, pleadings, and telephone conference calls. The Court also reviewed *in camera* documents Cisco claimed were privileged. The Court ultimately ordered Cisco to produce the documents, finding (as stated in the Court's March 30, 2009 Order) that Cisco had waived privilege as to the documents Frenkel received on or before he made the last of the blog postings at issue. Dkt. 89 (August 24, 2009 Order at 3-4). Having found an at issue waiver, the Court also found "it appropriate to permit Ward to discover any and all communications shown by the submission to have been received by [Frenkel] on or before he made the last of the blog postings at issue." Dkt. No. 89 at 3. Accordingly, the Court ordered Cisco to produce "all documents, emails and written communications written by or received by Frenkel prior to October 19, 2007." Dkt. No. 89 at 4.

Under Court Order, in October 2009, Cisco produced documents over which it had asserted privilege. Ward reviewed the documents and then, on October 13, 2009, propounded production requests for documents either attached to or referenced in the documents Cisco

3

produced. Exh. B. (Ward's Third Set of Requests for Production). Accordingly, Ward's requests are for documents Frenkel received on or before he made the last of his defamatory blog postings.

For several weeks, Ward's counsel has met and conferred with Defendant regarding the document requests. For nine document requests, Cisco has repeatedly failed to respond as to the existence of the requested documents or has asserted privilege. Where Cisco asserted privilege, for several of the requests, it could not confirm that responsive documents were logged on its privilege log. Exh. C. Despite requests since at least October 2009, Cisco did not update its privilege log until January 5, 2010. Exh. D. But its new privilege log does not identify which documents are responsive to Ward's document requests. *Id.*

Despite Ward's efforts to resolve the issue of the requested documents absent court-intervention, Ward must again move this Court to compel production of the documents Frenkel had before him prior to writing the last of his accused blog postings.

### III. Argument

Ward seeks documents that Frenkel received on or before he made the last of the blog postings at issue in this case. This Court has already ordered the production of such documents. Dkt. No. 89 at 4. The requested documents are relevant to both Frenkel's and Cisco's state of mind at the time the defamatory blog postings were published. Also, as this Court also previously found, Cisco waived privilege over information Frenkel received before posting the last of the accused blog entries. *Id.* Accordingly, Cisco's attempts to now claim privilege must fail. Therefore, Cisco should be ordered to produce documents responsive to the following requests.

Request Nos. 109 and 113[1]: Ward seeks documents concerning the legal research Frenkel undertook on October 18, 2007, including the cases he reviewed. Discussing the findings of his legal research with Cisco in-house counsel, Frenkel revealed that his own research convinced him that it was highly likely — 80-90% — that ESN's complaint was filed on October 16, 2007:

> Note that I did some Westlaw research today and a few courts have held that cases are filed NOT when the Civil Cover Sheet is lodged with the Court, NOT when the attorney logs into ECF to file the complaint, even if that's the date stamped on the complaint, but when the complaint is actually received by the court. The only way to verify that is on the Notice of Electronic filing, which the attorney should have received after e-filing…. ***I give us only a 10-20% chance of being the first-filed case now***.

Exh. E. (Cisco Privileged.000213)(emphasis added). Following from this, Ward also seeks, in Request No. 112, the case Frenkel refers to in his statement that he found "one case that appears to have gone the other way", *i.e.* where complaint was deemed filed on a date other than the date received by the court. Exh. E. (Cisco Privileged.000213). This research, which Frenkel undertook prior to publishing the second and third accused posts, is highly relevant to his state of mind at the time of those postings. The documents will demonstrate that Frenkel had legal authority directly before him and contrary to the position he would take in his blog postings. This will demonstrate his disregard of the facts when it came to defaming Ward.

Cisco claims that it "could not locate any responsive documents" to request no. 19. Exh. C. Despite repeated requests, Cisco fails to explain what steps it took to uncover responsive documents, specifically whether Cisco contacted Westlaw. Exh. F. As Cisco has "care, custody, or control" over Frenkel's Westlaw research results, performed during the course and scope of

---

[1] On December 10, 2009, Cisco's counsel stated she was conferring with Cisco about the responsive documents for Request Nos. 112-113. Despite inquiry from Ward's counsel on December 22, 2009, Cisco has not offer any update or explanation regarding the status of the documents.

5

his employment and presumably on a Westlaw account paid for by Cisco, if Westlaw has the records, Cisco can obtain them. *See Kozloyski v. Sears, Roebuck & Co.,* 73 F.R.D. 73, 76 (D.Mass. 1976). Accordingly, Cisco should be ordered to pursue recovery of the responsive documents with Westlaw.

Request No. 110: Ward seeks document concerning Frenkel's October 18, 2007, statement that, "From what Kurt (Cisco's outside counsel) found today, that Notice of Electronic Filing probably says 12:01 am." Exh. E (Cisco Privileged.000213). At the time, Frenkel was trying to determine the filing date of ESN's complaint, and was working with outside counsel to gather information from the Clerk's office. What Frenkel learned from his outside counsel, particularly about the Notice of Electronic Filing, is key to demonstrating Frenkel's state of mind when he posted the second and third accused blogs. Cisco, however, refuses production of responsive documents claiming privilege. Exh. C. It is also unclear that the responsive documents appear on Cisco's privilege log.[2]

Request No. 94: Ward seeks documents concerning the legal research Frenkel performed on October 16, 2007 — prior to publishing any of the accused postings — when investigating the filing of ESN's complaint. That research lead Frenkel to tell Cisco and its outside counsel that "I think that they [ESN] still have no subject matter jx under 154(d) until the patent issues, but I can see arguments to the contrary. This [Cisco's declaratory judgment action] ***won't be such a slam dunk***." Exh. E (Cisco Privileged.000007)(emphasis added). Again, however, Cisco refuses

---

[2] In December 2009, Cisco could not confirm that documents responsive to this request were logged on its privilege log. Exh. C. Though Cisco served a new privilege log on January 5, 2010, the log does not indicate which documents are responsive to this request. Exh. D. Instead, Cisco's log addresses only responsiveness to Interrogatories 5 and 6, neither of which is at issue here. Thus it is still unclear that Cisco has logged all responsive documents on its new privilege log.

production of responsive documents claiming privilege. Exh. C.  It is also unclear that the responsive documents appear on Cisco's privilege log.[3]

Request No. 92: Ward seeks documents concerning the October 18, 2007 statement, from Cisco's outside counsel to Frenkel, that:

> From the court clerk:  Albritton claims the filing date was an error.  They submitted the Civil Cover Page on Monday, which I believe opened up electronic filing for the case. He logged in and began submitting the complaint before midnight on Monday, but did not finalize until after midnight (if this happens, you will get the earlier day's date).  ***This will be muddy.***

Exh. E (Cisco Privileged.000005)(emphasis added).  Similarly, in Request No. 93, Ward seeks documents concerning the October 18, 2007 statement, from Cisco's outside counsel to Frenkel, that: "I got a tip from a colleague here in town this morning and have been looking into this [the filing date of ESN's complaint]." Exh. E (Cisco Privileged.000006).

The documents and information from outside counsel's investigation and that were shared with Frenkel are probative of both Frenkel's and Cisco's state of mind as to the propriety of the ESN filing.  This information lead Cisco's outside counsel to assess that a challenge to the October 16, 2007 filing date of the ESN Complaint would be "muddy".  Despite this information, it was apparently disregarded by Frenkel and Cisco because they went on to publish the accused Troll Tracker posts.  Though the information was clearly before Frenkel prior to publishing the last of the accused posts, Cisco refuses production of responsive documents claiming privilege. Exh. C.  It is also unclear that the responsive documents appear on Cisco's privilege log.[4]

Following from this, on the same day and before the second and third accused blog postings, Frenkel requested outside counsel draft a letter to the court clerk.  Request No. 100:

---

[3] *See* footnote 2, *supra*.
[4] *See* footnote 2, *supra*.

7

Ward seeks the letter Frenkel requested outside counsel draft to the court clerk "memorializing the discussion" regarding the date ESN's complaint was filed, information Frenkel receive prior to publishing the last of his blog postings. Exh. E. (Cisco Privileged.000104). Though Ward asked for the letter, and requested it in meet and confer, Cisco has not responded to the request though several weeks have passed. Exh. G; Exh. H.

Request No. 97: Ward seeks the document Frenkel refers to in an October 15, 2007 email to Cisco's legal team wherein Frenkel refers to a "note" posted by Dan Lang regarding the inventor Girard and/or ESN and/or a Connecticut lawyer. Exh. E. (Cisco Privileged.000035). This information is key to Frenkel's and Cisco's state of mind at the time each of the accused blogs was published as it goes to the assessment of ESN as a "patent troll". On December 10, 2009, Cisco's counsel stated she was conferring with her client on this request, despite repeated inquiry from Ward's counsel, Cisco has not responded as to the existence of responsive documents. Exh. I; Exh. H; Exh. C.

## IV.  CONCLUSION

For all of the forgoing reasons, Plaintiff Ward respectfully requests that his motion in all things be GRANTED, and that Cisco be ordered to produce all documents responsive to his requests for production nos. 92-94, 97, 100, 109-110, and 112-113.

                                                Respectfully Submitted,

Nicholas H. Patton  (AR Bar No. 63035)
Courtney Towle
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)
Email: nickpatton@texarkanalaw.com
Email**:** ctowle@texarkanalaw.com

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street
Suite 6
Emeryville, CA 94608
Telephone: 510-268-8033
Email: ppeden@pedenlawfirm.com

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on this 5th day of January, 2010, a true and correct copy of the foregoing document was served electronically via the Court's CM/ECF system upon:

| | |
|---|---|
| Richard E. Griffin | Attorneys for Defendant Cisco Systems, Inc. |
| Charles Babcock | |
| Crystal Parker | |
| Kurt Schwarz | |
| JACKSON WALKER, LLP | |
| 1401 McKinney | |
| Suite 1900 | |
| Houston, Texas 77010 | |

_____
Nicholas H. Patton