### Rick Frenkel (rfrenkel)

**From:** kurt.pankratz@bakerbotts.com
**Sent:** Thursday, October 18, 2007 11:27 AM
**To:** Rick Frenkel (rfrenkel); bart.showalter@bakerbotts.com; Marta Beckwith (mabeckwi); Mark Michels (nmichels); Mallun Yen (myen); Michael Ritter (micritte)
**Cc:** Dan Lang (dlang)
**Subject:** RE: ESN

From the court clerk: Albritton claims the filing date was an error. They submitted the Civil Cover Page on Monday, which I believe opened up electronic filing for the case. He logged on and began submitting the complaint before midnight on Monday, but did not finalize until after midnight (if this happens, you will get the earlier day's date).

This will be muddy.

On a related note, Brian Hollander (ESN's front man) previously worked for Day Berry in Connecticut (in the early 1990's), which is now Day Pitney, Cisco's local counsel for this case.

-----Original Message-----
**From:** Rick Frenkel (rfrenkel) [mailto:rfrenkel@cisco.com]
**Sent:** Thursday, October 18, 2007 11:23 AM
**To:** Showalter, Bart; Pankratz, Kurt; Marta Beckwith; Michels, Mark; Yen, Mallun; Ritter, Michael
**Cc:** Lang, Dan
**Subject:** ESN

The court clerk of the Eastern District of Texas changed the docket and all of the documents to reflect a 10/16 filing date instead of a 10/15 filing date in the ESN case. The result would be, of course, creating subject matter jurisdiction where there was none before. Of course, this is absurd. Kurt, what options do we have?

**Rick Frenkel**
Director, Intellectual Property - Consumer & Emerging Technologies
Cisco Systems, Inc.
Mailing Address: 170 West Tasman Drive, M/S 10/2/1
Physical Address: 300 East Tasman Drive, Second Floor
San Jose, California 95134-1706

Phone: (408) 525-5673
Email: rfrenkel@cisco.com

*The contents of this message and any additions or modifications thereto constitute Cisco confidential information and may be a privileged communication to or from one or more attorneys and/or supporting personnel for purposes of obtaining or facilitating legal advice and/or legal services.*

CISCO PRIVILEGED.000005

HIGHLY
CONFIDENTIAL

Attorney/Client
Attorney Work-Product

| | |
|---|---|
| **From:** | kurt.pankratz@bakerbotts.com |
| **Sent:** | Thursday, October 18, 2007 11:29 AM |
| **To:** | Rick Frenkel (rfrenkel) <rfrenkel@cisco.com>; bart.showalter@bakerbotts.com; Marta Beckwith (mabeckwi) <mabeckwi@cisco.com>; Mark Michels (mmichels) <mmichels@cisco.com>; Mallun Yen (myen) <myen@cisco.com>; Michael Ritter (micritte) <micritte@cisco.com> |
| **Cc:** | Dan Lang (dlang) <dlang@cisco.com> |
| **Subject:** | RE: ESN |

I got a tip from a colleague here in town this morning and have been looking into this. I have Jillian getting the complaint with the revised banner right now and getting in touch with the clerk as well. I think this is good for us, since it shows that they know it can't stick on the 15th. Having the court clerk change dates will not change the facts.

-----Original Message-----
**From:** Rick Frenkel (rfrenkel) [mailto:rfrenkel@cisco.com]
**Sent:** Thursday, October 18, 2007 11:23 AM
**To:** Showalter, Bart; Pankratz, Kurt; Marta Beckwith; Michels, Mark; Yen, Mallun; Ritter, Michael
**Cc:** Lang, Dan
**Subject:** ESN

The court clerk of the Eastern District of Texas changed the docket and all of the documents to reflect a 10/16 filing date instead of a 10/15 filing date in the ESN case. The result would be, of course, creating subject matter jurisdiction where there was none before. Of course, this is absurd. Kurt, what options do we have?

**Rick Frenkel**
Director, Intellectual Property - Consumer & Emerging Technologies
Cisco Systems, Inc.
Mailing Address: 170 West Tasman Drive, M/S 10/2/1
Physical Address: 300 East Tasman Drive, Second Floor
San Jose, California 95134-1706

Phone: (408) 525-5873
Email: rfrenkel@cisco.com

*The contents of this message and any additions or modifications thereto constitute Cisco confidential information and may be a privileged communication to or from one or more attorneys and/or supporting personnel for purposes of obtaining or facilitating legal advice and/or legal services.*

HIGHLY CONFIDENTIAL

CISCO PRIVILEGED.000006
Attorney/Client
Attorney Work-Product

REDACTED

-----Original Message-----
**From:** Rick Frenkel (rfrenkel) [mailto:rfrenkel@cisco.com]
**Sent:** Tuesday, October 16, 2007 1:34 AM
**To:** Pankratz, Kurt; Showalter, Bart; Marta Beckwith; Ritter, Michael; Yen, Mallun
**Cc:** Lang, Dan
**Subject:** Urgent - please read - ESN

Attached is the complaint, which was just put online. Not only is there a claim for subject matter jurisdiction, but there is also a claim for reasonable royalties for violation of provisional rights under 35 USC 154(d) prior to the date the patent issued. I have never heard of this provision, which I cut and pasted below. This subsection was added in 1999.

Note that as attachments to the complaint, they filed the emails and letters. I think that they still have no subject matter jx under 154(d) until the patent issues, but I can see arguments to the contrary. This won't be such a slam dunk. At the very minimum, we should modify our D/J complaint to add the provisional rights under 154(d), that we don't owe any because the patent as issued isn't substantially identical to the invention as claimed in the published patent application, and that we didn't make/use/offer/sell the invention as claimed in the published patent application. I think if we do this, we can still make the same jurisdictional arguments. Without adding this, they have a hook to keep the case in Texarkana.


(d) PROVISIONAL RIGHTS.-

(1) IN GENERAL.- In addition to other rights provided by this section, a patent shall include the right to obtain a reasonable royalty from any person who, during the period beginning on the date of publication of the application for such patent under section 122(b), or in the case of an international application filed under the treaty defined in section 351(a) designating the United States under Article 21(2)(a) of such treaty, the date of publication of the application, and ending on the date the patent is issued-

(A) (i) makes, uses, offers for sale, or sells in the United States the invention as claimed in the published patent application or imports such an invention into the United States; or

(ii) if the invention as claimed in the published patent application is a process, uses, offers for sale, or sells in the United States or imports into the United States products made by that process as claimed in the published patent application; and

(B) had actual notice of the published patent application and, in a case in which the right arising under this paragraph is based upon an international application designating the United States that is published in a language other than English, had a translation of the international application into the English language.

(2) RIGHT BASED ON SUBSTANTIALLY IDENTICAL INVENTIONS.- The right under paragraph (1) to obtain a reasonable royalty shall not be available under this subsection unless the invention as claimed in the patent is substantially identical to the invention as claimed in the published patent application.

(3) TIME LIMITATION ON OBTAINING A REASONABLE ROYALTY.- The right under paragraph (1) to obtain a reasonable royalty shall be available only in an action brought not later than 6 years after the patent is issued. The right under paragraph (1) to obtain a reasonable royalty shall not be affected by the duration of the

REDACTED

**From:** Rick Frenkel (rfrenkel)
**Sent:** Monday, October 15, 2007 3:25 PM
**To:** Rick Frenkel (rfrenkel); Mallun Yen (myen); Marta Beckwith (mabeckwi); Michael Ritter (micritte); Mark Michels (mmichels)
**Cc:** Dan Lang (dlang)
**Subject:** RE: We were just sued by ESN, LLC

Other things to consider:

Inventor from MA
Inventor worked for IPERIA, a MA company, and subject of patent appears to relate to what IPERIA did.
Prosecuting firm from MA (Fish & Richardson)
ESN purchased patent from MA inventor, so transacted commerce in MA
We have firms in Boston

Info on ESN and info on Girard attached. Note that ESN is run by Connecticut lawyer. Dan, did you ever figure out how he was connected to ESN? I saw you posted a note on it.

The case was assigned for all pretrial to Magistrate Judge Craven, by the way. She co-clerked with Garret Chambers of McKool for Judge Folsom.

The complaint likely won't be posted for another couple of hours.

**Rick Frenkel**
Director, Intellectual Property - Consumer & Emerging Technologies
Cisco Systems, Inc.
Mailing Address: 170 West Tasman Drive, M/S 10/2/1
Physical Address: 300 East Tasman Drive, Second Floor
San Jose, California 95134-1706

Phone: (408) 525-5673
Email: rfrenkel@cisco.com

*The contents of this message and any additions or modifications thereto constitute Cisco confidential information and may be a privileged communication to or from one or more attorneys and/or supporting personnel for purposes of obtaining or facilitating legal advice and/or legal services.*

**From:** Rick Frenkel (rfrenkel)
**Sent:** Monday, October 15, 2007 3:00 PM
**To:** Mallun Yen (myen); Marta Beckwith (mabeckwi); Michael Ritter (micritte); Mark Michels (mmichels)
**Subject:** We were just sued by ESN, LLC
**Importance:** High

ESN, LLC sued Cisco and Linksys in the Eastern District of Texas today. They filed in Texarkana, so the case

*The contents of this message and any additions or modifications thereto constitute CISCO CONFIDENTIAL INFORMATION and may be a privileged communication to or from one or more attorneys and/or supporting personnel for purposes of obtaining or facilitating legal advice and/or legal services.*

---

**From:** Mallun Yen (myen)
**Sent:** Thursday, October 18, 2007 11:38 AM
**To:** Rick Frenkel (rfrenkel); 'kurt.pankratz@bakerbotts.com'; 'bart.showalter@bakerbotts.com'; Marta Beckwith (mabeckwi); Mark Michels (mmichels); Michael Ritter (micritte)
**Cc:** Dan Lang (dlang)
**Subject:** RE: ESN

This happened in the Enterprise v. Hertz or Hertz v. Enterprise case. We will get the documents.

Mallun Yen
Vice President, Worldwide Intellectual Property
Cisco Systems, Inc.
Direct: 408.527.4213

*The contents of this message and any additions or modifications thereto constitute CISCO CONFIDENTIAL INFORMATION and may be a privileged communication to or from one or more attorneys and/or supporting personnel for purposes of obtaining or facilitating legal advice and/or legal services.*

---

**From:** Rick Frenkel (rfrenkel)
**Sent:** Thursday, October 18, 2007 11:33 AM
**To:** kurt.pankratz@bakerbotts.com; bart.showalter@bakerbotts.com; Marta Beckwith (mabeckwi); Mark Michels (mmichels); Mallun Yen (myen); Michael Ritter (micritte)
**Cc:** Dan Lang (dlang)
**Subject:** RE: ESN

Sorry, but what does it mean to file a complaint, exactly? Filing dates are jurisdictional events. Mistakes fall into the "too bad so sad" category. At least that's how I think the courts enforce these kinds of situations.

If Albritton logged on before midnight, and if the effect of that is you get the earlier day's date, then they are stuck with it.

Should we write a brief letter to the court clerk, memorializing the discussion, and emphasizing the fact that he began submitting the complaint on 10/15, which is why he got that filing date? Kurt, can you do the first draft, after which we can talk about it?

**Rick Frenkel**
Director, Intellectual Property - Consumer & Emerging Technologies
Cisco Systems, Inc.
Mailing Address: 170 West Tasman Drive, M/S 10/2/1
Physical Address: 300 East Tasman Drive, Second Floor
San Jose, California 95134-1706

Phone: (408) 525-5673
Email: rfrenkel@cisco.com

*The contents of this message and any additions or modifications thereto constitute Cisco confidential information and may be a privileged communication to or from one or more attorneys and/or supporting personnel for purposes of obtaining or facilitating legal advice and/or legal services.*

| | |
|---|---|
| **From:** | Mallun Yen (myen) <myen@cisco.com> |
| **Sent:** | Thursday, October 18, 2007 9:08 PM |
| **To:** | Rick Frenkel (rfrenkel) <rfrenkel@cisco systems.com>; Marta Beckwith (mabeckwi) <mabeckwi@cisco systems.com>; Michael Ritter (micritte) <micritte@cisco systems.com> |
| **Subject:** | RE: Nuance |

Notwithstanding this, the correct course of action should have been a Motion to Correct the Docket, and not a unilateral request by one side that the court complied with.

Mallun Yen
Vice President, Worldwide Intellectual Property
Cisco Systems, Inc.
Direct: 408.527.4213

*The contents of this message and any additions or modifications thereto constitute CISCO CONFIDENTIAL INFORMATION and may be a privileged communication to or from one or more attorneys and/or supporting personnel for purposes of obtaining or facilitating legal advice and/or legal services.*

---

**From:** Rick Frenkel (rfrenkel)
**Sent:** Thursday, October 18, 2007 6:01 PM
**To:** Marta Beckwith (mabeckwi); Mallun Yen (myen); Michael Ritter (micritte)
**Subject:** RE: Nuance

Note that I did some Westlaw research today, and a few courts have held that cases are filed NOT when the Civil Cover Sheet is lodged with the Court, NOT when the attorney logs into ECF to file the complaint, even if that's the date stamped on the complaint, but when the complaint is actually received by the Court. The only way to verify that is on the Notice of Electronic Filing, which the attorney should have received after e-filing. From what Kurt found today, that Notice of Electronic Filing probably says 12:01 am.

This comes up a lot in the bankruptcy context. I did find one case that appears to have gone the other way. Since I have almost forgotten how to use Westlaw, we should get whoever we hire to do this case to do a full search, obviously. But I give us only a 10-20% chance of being the first-filed case now.

That being said, I think Marta has the right approach. We don't ask for an extension, and instead we file a motion to dismiss for lack of subject matter jurisiction, or in the alternative, to transfer to Connecticut, where our case was filed only 10 hours later then when ESN alleges their case was filed, and which makes much more sense.

Note that in the Nuance case, there was already pending litigation in DMass, or at least that's what I recall off the top of my head.

**Rick Frenkel**
Director, Intellectual Property - Consumer & Emerging Technologies
Cisco Systems, Inc.
Mailing Address: 170 West Tasman Drive, M/S 10/2/1
Physical Address: 300 East Tasman Drive, Second Floor
San Jose, California 95134-1706

Phone: (408) 525-5673
Email: rfrenkel@cisco.com

*The contents of this message and any additions or modifications thereto constitute Cisco confidential information and may be a privileged communication to or from one or more attorneys and/or supporting personnel for purposes of obtaining or facilitating legal advice and/or legal services.*