| | |
|---|---|
| From: | Courtney Towle |
| Sent: | Wednesday, December 02, 2009 1:53 PM |
| To: | 'Parker, Crystal' |
| Cc: | Nick Patton; 'ppeden@pedenlawfirm.com'; Marcie Long |
| Subject: | Written Discovery  meet and confer |

Crystal,

I write to confer with you regarding several outstanding written discovery issues.

First, regarding Cisco's responses to Plaintiff's Third Set of RFPs, for several requests Cisco did not state whether or not responsive documents exist. For requests nos. 90, 92-94, 96-98, 101, 105, 107, 109-110, and 114, please state whether or not Cisco is withholding responsive documents.

For request nos. 112 and 113, Cisco made a privilege objection but did not indicate whether there are documents responsive to these requests.  If there are responsive documents, confirm that they have been logged and identify them on Cisco's privilege log.

For request no. 100, Cisco states that there are no non-privileged documents.  Confirm that the responsive documents are logged on Cisco's privilege log and identify where they appear on the log.

In response to Plaintiff's same RFPs, Cisco states that for some requests all responsive documents were already produced.  For request nos. 89, 95, 99, 102-104, 106, 108, identify the date on which Cisco produced the responsive documents.

In response to request no. 88, Cisco stated that it would produce documents.  Confirm that Cisco has produced all responsive documents for this request and include the date of production.

Confirm that Cisco is refusing to produce the case requested in request no. 111.

Second, Cisco's Third set of RFPs raises several issues that must be addressed before Ward responds as, in their current form, these requests appear aimed at harassing and annoying Mr. Ward, and will subject him to undue burden and expense in responding.

Request nos. 1-3, 8, 20, and 29 are aimed at discovery of documents relating to Mr. Ward's damages --- an issue raised in Cisco's recent motion to compel and on which the Court ruled.  As the Court already resolved the issue of what documents Ward needed to produce in relation to his claimed damages, and Ward has complied with that order, explain why Cisco is again seeking damages related documents or withdraw these requests.

Several of the requests call for clearly privileged documents.  These include request nos. 10-13 and 31-34.  Also, as nos. 31-34 are among the most egregious of Cisco's requests and outside the bounds of discovery, these should immediately withdrawn.

Several requests admit that the documents Cisco seeks will contain privileged information, which Cisco states "To the extent the documents contain the identity or privileged information, Defendant agrees that that information may be redacted" or "Cisco agrees that any privileged portions of the responsive documents may be redacted". This is not an agreement Ward is willing to enter into.  Considering the potentially millions of documents these overbroad requests call for, simply asking Ward to go through and redact line-by-line in response to an irrelevant request is unworkable and

1

clearly aimed at over burdening Ward and running up legal expenses.  Accordingly, Cisco's request nos. 6, 7, 31, 32, and 33 should be withdrawn.

Many requests are aimed at obtaining documents that plainly are not relevant, including request nos. 4-7, 14, 16, and 23-24.

Many requests are also cumulative of earlier discovery requests, including request nos. 9, 17, 21, 22, 26-28, and 30.

In addition, many of the requests are overly broad (including nos.4, 5, 6, 7, 9-15,21-25, 30-33), seek documents not in Ward's possession (including nos. 4, 8, 12-13, 20,22-24) , and, in some instances, seek publicly available documents (including nos. 5 and 27).

To resolve these issues, and avoid undue burden and expense, we request Cisco address these concerns prior to formally responding.  Please explain why, in light of the forgoing, Cisco is entitled to the documents in response to these requests and explain how the requests are not aimed at harassing, annoying, or oppressing Mr. Ward, or subjecting him to undue burden or expense.

Third, in Cisco's "Third" set of RFAs, propounded on November 5, 2009, Cisco propounded nine RFAs that are cumulative of the questions raised to Ward during his deposition.  Why is it that Cisco needs responses to these RFAs when it already has Ward's direct deposition testimony?  If you contend that any of the RFA topics were not raised during Ward's deposition, explain your failure to raise them in deposition.  Absent a credible explanation, it appears these RFAs were propounded in an effort to harass Ward, and to subject him to undue burden and expense in responding.

We look forward to resolving these issues without court intervention.

Thanks,
--Courtney

Courtney Towle
Attorney
PATTON, TIDWELL & SCHROEDER, L.L.P.
P.O. Box 5398
Texarkana, TX 75505-5398

*This email and any attachments may be confidential or privileged.  If you are not the intended recipient, be advised that any disclosure, copying, distribution, or use of this email is prohibited.  If you receive this email in error, please notify us by reply mail and immediately destroy all copies of this communication.*

No virus found in this incoming message.
Checked by AVG - www.avg.com
Version: 9.0.709 / Virus Database: 270.14.74/2515 - Release Date: 12/02/09 01:33:00

```
From: Parker, Crystal [cparker@jw.com]
Sent: Tuesday, December 08, 2009 2:29 PM
To: Courtney Towle
Cc: Babcock, Chip; Moran, David; Schwarz, Kurt; Griffin, Richard; Flynn-DuPart, Mary Lou;
Adair, Kathy
Subject: FW: Written Discovery  meet and confer
```

Courtney,

As you know, I was out of town Wednesday when you sent your email and couldn't turn to your request until Monday.  I advised you of that last week.  I was in meetings yesterday but made a special effort to respond to you.

As to the merits of your complaint, Cisco's discovery is not abusive.
Moreover, if you were interested in seeking protection from the Court, you should have raised that issue well before yesterday (the discovery was served on Nov. 5), one day before your responses were due (they are due today by my count).  As you know, you would have to get a ruling before your responses are due, which would be impossible even as of yesterday.  Besides, it looks like you don't want to meet and confer regarding these issues.  I asked in my email yesterday that you identify each request was cumulative, and advised you that we would withdraw any requests that were truly cumulative.  You have not responded.  You have admitted that the Federal Rules permit both depositions and requests for admissions and have failed to tell me why you think the requests for admissions are "unreasonable."  You have also failed to explain how the identified requests seek privileged information; as far as I know, your team does not represent ESN (please let me know if you, Patty, Nick or Jamey represent ESN), and other requests are narrowly tailored to avoid discovery of privileged information.  We also disagree that the requests are not relevant or are overly broad.  Moreover, I think Judge Setser made clear that if there are responsive, publically available documents available, you should identify where they can be located or produce them.

 As for Ward's Third Request for Production:

90, 92-94, 101, 105, 110 -Cisco has produced all non-privileged, responsive documents.

88, 96, 97, 98, 107, 109, 114, 111, 112, 113-I will look into these and get back with you.  I will need some time to review documents to confirm whether we have responsive documents/whether we have produced all responsive documents.  I can probably get back with you by the end of the week or Monday at the latest with any responsive documents, provided they are not privileged.  If I find any additional privileged, responsive documents, I will log them.

1

I don't understand why you are asking for the dates we produced documents.  I do not agree to waste time trying to determine the date we produced certain documents, and I think that is in attempt to harass us.


Thanks,

Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217


-----Original Message-----
From: Courtney Towle [mailto:ctowle@texarkanalaw.com]
Sent: Monday, December 07, 2009 4:52 PM
To: Courtney Towle; Parker, Crystal
Cc: Nick Patton; ppeden@pedenlawfirm.com; Marcie Long; Babcock, Chip; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou
Subject: RE: Written Discovery meet and confer

Crystal,

After pursuing you since last week, and having had to impose a deadline for a response, you write to me less than an hour before time ran out for you to address the numerous written discovery issues I've raised and that you agreed to respond to.  And after I've waited for your response for nearly a week, you fail to address my concerns over the harassing, unduly burdensome and abusive nature of Cisco's November 5, 2009 written discovery.  So that the record is complete, I am including your response email below.

I detailed plaintiff's concerns regarding Cisco's November 5, 2009 written discovery in my email to you, identifying individual requests and the related issues.  In response, you state that Ward should respond to the discovery in the regular course, lodging objections.  You ignore that the concerns are grounds for court protection, which Ward might waive by responding.  You ignore my request for an explanation of why, given that Cisco deposed Ward and in that deposition raised each of the topics now raised in Cisco's last set of Requests for Admission, Cisco's requests are not cumulative and redundant.  Though the Rules allow for both depositions and admissions, the rules also prohibit their use where unreasonable.  I addressed my concerns to you in detail, and you stalled in responding and then, when the clock ran down, you refused to respond to each issue raised.  From your response, I understand that Cisco will not withdraw or revise its requests and so we are at impasse.

Further, your response regarding Ward's document requests is also apparently aimed at stalling Ward's discovery efforts.  Again, for a small subset of Ward's Third Set of RFPs, I detailed specific questions on a request by request basis.  I contacted you with this last week.
You stated you would respond today.  Instead, today you say you will look into the issues.  But that is what you said you would do last week.
Now, you do not even provide a time at which you expect to respond.  I ask again that you respond to the questions raised on these requests by noon Central time tomorrow.  Trial is set for February 8, 2010 and under the Court's scheduling orders, the time to raise discovery issues to the Court is fast closing.

Thanks,
--Courtney


****

2

From: Parker, Crystal [mailto:cparker@jw.com]
Sent: Monday, December 07, 2009 2:02 PM
To: Courtney Towle
Cc: Nick Patton; Patricia L. Peden; Babcock, Chip; Moran, David; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy
Subject: FW: Written Discovery meet and confer

Courtney,

With respect to your complaints about Cisco's responses to Plaintiff's Third Set of RFPs, I will look into the issues you raised, talk to my team, and get back with you.

As for Cisco's Third Set of Requests for Production, please provide your objections pursuant to the Federal Rules of Civil Procedure, and then we can discuss them.  There is no sense in meeting and conferring twice about them.  The requests are not to harass Ward in any way; they are simply aimed at discovering evidence that Cisco is entitled to in its defense.  Indeed, they are tailored to avoid concerns that Ward has expressed about other discovery, such as privacy and privilege concerns.
As for redacting documents, you are obligated to provide the non-privileged, responsive information under the Federal Rules of Civil Procedure.  I don't recall any cumulative requests, but if you think some of the requests are truly cumulative, please identify which request and the request that they are cumulative of.  If we agree they are cumulative  of other requests for production, we will certainly withdraw them.

As for Cisco's Third Request for Admission, The Federal Rules of Civil Procedure allow both depositions and requests for admissions, so I don't understand your demand.  I don't recall any of the requests being cumulative, and you haven't identified any.  Again, we are not trying to harass anyone; we are seeking discovery to respond to the lawsuit.

Take care,
Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217




-----Original Message-----
From: Courtney Towle
Sent: Monday, December 07, 2009 12:34 PM
To: Parker, Crystal
Cc: Nick Patton; ppeden@pedenlawfirm.com; Marcie Long; Babcock, Chip; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Courtney Towle
Subject: RE: Written Discovery meet and confer

Crystal,

I have not heard from you regarding the discovery issues I detail below.
Last week I contacted you in an attempt to meet and confer.  After getting no response from you, I contacted you a second time to see if I could confer with someone else on Cisco's team. I allotted several days to confer on these issues and let you know that I wanted to confer on these topics by Monday.  Instead of identifying someone else on the case with whom

3

I could discuss these issues last week, you wrote to me telling me that you would address these issues on Monday.  It is Monday and I need to know Cisco's position on each topic.

It is now 2:30 pm Central time and I have not heard from you.  Please respond to these issues by 5pm Central time or I will assume you will not meet and confer.

Thanks,
Courtney

-----Original Message-----
From: Parker, Crystal [mailto:cparker@jw.com]
Sent: Thursday, December 03, 2009 5:41 PM
To: Courtney Towle
Cc: Nick Patton; ppeden@pedenlawfirm.com; Marcie Long; Babcock, Chip; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou
Subject: Re: Written Discovery meet and confer

I can respond on Monday. Thanks, Crystal

_____
Sent from my BlackBerry Wireless Handheld.

_____

From: Courtney Towle
To: Parker, Crystal
Cc: Nick Patton ; 'ppeden@pedenlawfirm.com' ; Marcie Long ; Babcock, Chip; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou
Sent: Thu Dec 03 17:53:50 2009
Subject: RE: Written Discovery meet and confer


Crystal,
I have not heard from you regarding my email below.  We received an email from one of your experts today indicating you are out of the office.  Can you meet and confer on these issue by email or by phone by Monday? If you cannot, please let me know who else on your team is available to address these issues in your absence.

Thanks,
-- Courtney

This email and any attachments may be confidential or privileged.  If you are not the intended recipient, be advised that any disclosure, copying, distribution, or use of this email is prohibited.  If you receive this email in error, please notify us by reply mail and immediately destroy all copies of this communication.
_____

From: Courtney Towle
Sent: Wednesday, December 02, 2009 11:53 AM
To: 'Parker, Crystal'
Cc: Nick Patton; 'ppeden@pedenlawfirm.com'; Marcie Long
Subject: Written Discovery meet and confer


Crystal,

4

I write to confer with you regarding several outstanding written discovery issues.

First, regarding Cisco's responses to Plaintiff's Third Set of RFPs, for several requests Cisco did not state whether or not responsive documents exist. For requests nos. 90, 92-94, 96-98, 101, 105, 107, 109-110, and 114, please state whether or not Cisco is withholding responsive documents.

For request nos. 112 and 113, Cisco made a privilege objection but did not indicate whether there are documents responsive to these requests.
If there are responsive documents, confirm that they have been logged and identify them on Cisco's privilege log.

For request no. 100, Cisco states that there are no non-privileged documents.  Confirm that the responsive documents are logged on Cisco's privilege log and identify where they appear on the log.

In response to Plaintiff's same RFPs, Cisco states that for some requests all responsive documents were already produced.  For request nos. 89, 95, 99, 102-104, 106, 108, identify the date on which Cisco produced the responsive documents.

In response to request no. 88, Cisco stated that it would produce documents.  Confirm that Cisco has produced all responsive documents for this request and include the date of production.

Confirm that Cisco is refusing to produce the case requested in request no. 111.

Second, Cisco's Third set of RFPs raises several issues that must be addressed before Ward responds as, in their current form, these requests appear aimed at harassing and annoying Mr. Ward, and will subject him to undue burden and expense in responding.

Request nos. 1-3, 8, 20, and 29 are aimed at discovery of documents relating to Mr. Ward's damages --- an issue raised in Cisco's recent motion to compel and on which the Court ruled. As the Court already resolved the issue of what documents Ward needed to produce in relation to his claimed damages, and Ward has complied with that order, explain why Cisco is again seeking damages related documents or withdraw these requests.

Several of the requests call for clearly privileged documents.  These include request nos. 10-13 and 31-34.  Also, as nos. 31-34 are among the most egregious of Cisco's requests and outside the bounds of discovery, these should immediately withdrawn.


Several requests admit that the documents Cisco seeks will contain privileged information, which Cisco states "To the extent the documents contain the identity or privileged information, Defendant agrees that that information may be redacted" or "Cisco agrees that any privileged portions of the responsive documents may be redacted".  This is not an agreement Ward is willing to enter into.  Considering the potentially millions of documents these overbroad requests call for, simply asking Ward to go through and redact line-by-line in response to an irrelevant request is unworkable and clearly aimed at over burdening Ward and running up legal expenses.  Accordingly, Cisco's request nos. 6, 7, 31, 32, and 33 should be withdrawn.



Many requests are aimed at obtaining documents that plainly are not relevant, including request nos. 4-7, 14, 16, and 23-24.

5

Many requests are also cumulative of earlier discovery requests, including request nos. 9, 17, 21, 22, 26-28, and 30.

In addition, many of the requests are overly broad (including nos.4, 5, 6, 7, 9-15,21-25, 30-33), seek documents not in Ward's possession (including nos. 4, 8, 12-13, 20,22-24) , and, in some instances, seek publicly available documents (including nos. 5 and 27).

To resolve these issues, and avoid undue burden and expense, we request Cisco address these concerns prior to formally responding.  Please explain why, in light of the forgoing, Cisco is entitled to the documents in response to these requests and explain how the requests are not aimed at harassing, annoying, or oppressing Mr. Ward, or subjecting him to undue burden or expense.

Third, in Cisco's "Third" set of RFAs, propounded on November 5, 2009, Cisco propounded nine RFAs that are cumulative of the questions raised to Ward during his deposition.  Why is it that Cisco needs responses to these RFAs when it already has Ward's direct deposition testimony?  If you contend that any of the RFA topics were not raised during Ward's deposition, explain your failure to raise them in deposition.  Absent a credible explanation, it appears these RFAs were propounded in an effort to harass Ward, and to subject him to undue burden and expense in responding.

We look forward to resolving these issues without court intervention.

Thanks,
--Courtney

Courtney Towle
Attorney
PATTON, TIDWELL & SCHROEDER, L.L.P.
P.O. Box 5398
Texarkana, TX 75505-5398

This email and any attachments may be confidential or privileged.  If you are not the intended recipient, be advised that any disclosure, copying, distribution, or use of this email is prohibited.  If you receive this email in error, please notify us by reply mail and immediately destroy all copies of this communication.


No virus found in this incoming message.
Checked by AVG - www.avg.com
Version: 9.0.709 / Virus Database: 270.14.92/2543 - Release Date: 12/03/09 11:36:00

No virus found in this incoming message.
Checked by AVG - www.avg.com
Version: 8.5.426 / Virus Database: 270.14.87/2536 - Release Date: 12/07/09 07:33:00

| | |
|---|---|
| **From:** | Courtney Towle |
| **Sent:** | Thursday, December 10, 2009 3:04 PM |
| **To:** | Parker, Crystal |
| **Cc:** | Nick Patton; ppeden@pedenlawfirm.com; Marcie Long; Babcock, Chip; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy |
| **Subject:** | RE: Written Discovery  meet and confer |

Crystal,

I appreciate that you have turned to these requests and am reviewing your responses.

As you note, you have not reviewed plaintiff's recently filed motion to compel.  If you had, you would realize that none of the requests below are the subject of that motion.  I would appreciate it if, before you make baseless accusations or suggest that plaintiff withdraw a motion, you first familiarize yourself with the subject matter you address.

Thanks,

Courtney Towle
Attorney
PATTON, TIDWELL & SCHROEDER, L.L.P.
P.O. Box 5398
Texarkana, TX 75505-5398

This email and any attachments may be confidential or privileged.  If you are not the intended recipient, be advised that any disclosure, copying, distribution, or use of this email is prohibited.  If you receive this email in error, please notify us by reply mail and immediately destroy all copies of this communication.

-----Original Message-----
From: Parker, Crystal [mailto:cparker@jw.com]
Sent: Thursday, December 10, 2009 9:16 AM
To: Courtney Towle
Cc: Nick Patton; ppeden@pedenlawfirm.com; Marcie Long; Babcock, Chip; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy
Subject: RE: Written Discovery meet and confer


Courtney,

Here is what I have so far:

88-I believe we already produced the attachment (ARK.000246-252), but in abundance of caution we are going to re-produce it so we can make sure we produced the correct document.
96-We will produce these
97-I am conferring with the client regarding this.
98-There is nothing substantive here--just a logo--but we will produce it.
107-It looks like this would be work product (draft of a pleading) and irrelevant, but I will check with the client to try to get it and log it 109, 111-114-I am conferring with the client regarding this.  We are not refusing to produce 111 if Cisco has it in their files.  I don't even have a full citation for the case; if you know what case it is and could get me that, it would be helpful.

1

100-I will confer with the client regarding whether Cisco has the requested document.  If Cisco has it, we will log it on the privilege log since it is obviously privileged/work product.

For documents we are going to produce, I will confer with our tech people, but I think we can get them out today or tomorrow.

I don't understand why you filed a motion before we finished meeting and conferring on these issues.  I haven't had a chance to review the motion, so I don't know what issues you have raised.  My understanding is that the issues I identified above were the only ones from your email that I hadn't yet resolved, other than your insistence that we identify the date that we produced documents, which we won't agree to do.  I recommend that you withdraw your motion until we reach an impasse on the issues.  The only impasse that has been reached is with respect to identifying the date documents were produced for the requests you have identified below.  There is no sense in burdening the Judge with
briefing on issues that have been resolved.

Thank you,


Crystal J. Parker
Jackson Walker L.L.P.
1400 McKinney, Suite 1900
Houston, TX 77010
713-752-4200 (main)
713-752-4217 (direct)
713-752-4221 (main fax)
713-754-6717 (direct fax)
Email:  cparker@jw.com

>Internet Email Confidentiality
>
Privileged/Confidential Information may be contained in this message.
If you are not the addressee indicated in this message (or responsible for delivery of the message to the addressee), you may not copy or deliver this message to anyone.  In such case, you should destroy this message and kindly notify the sender by reply email.  The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter.  They are not intended or written to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal tax law or otherwise.


From: Parker, Crystal [mailto:cparker@jw.com]
Sent: Monday, December 07, 2009 2:02 PM
To: Courtney Towle
Cc: Nick Patton; Patricia L. Peden; Babcock, Chip; Moran, David; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy
Subject: FW: Written Discovery meet and confer

Courtney,

With respect to your complaints about Cisco's responses to Plaintiff's Third Set of RFPs, I will look into the issues you raised, talk to my
team, and get back with you.

As for Cisco's Third Set of Requests for Production, please provide your objections pursuant to the Federal Rules of Civil Procedure, and then we can discuss them.  There is no sense in

2

meeting and conferring twice about them.  The requests are not to harass Ward in any way; they are simply aimed at discovering evidence that Cisco is entitled to in its defense.  Indeed, they are tailored to avoid concerns that Ward has expressed about other discovery, such as privacy and privilege concerns.
As for redacting documents, you are obligated to provide the non-privileged, responsive information under the Federal Rules of Civil Procedure.  I don't recall any cumulative requests, but if you think some of the requests are truly cumulative, please identify which request and the request that they are cumulative of.  If we agree they are cumulative  of other requests for production, we will certainly withdraw
them.

As for Cisco's Third Request for Admission, The Federal Rules of Civil Procedure allow both depositions and requests for admissions, so I don't understand your demand.  I don't recall any of the requests being cumulative, and you haven't identified any.  Again, we are not trying to harass anyone; we are seeking discovery to respond to the lawsuit.

Take care,
Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217




-----Original Message-----
From: Courtney Towle
Sent: Monday, December 07, 2009 12:34 PM
To: Parker, Crystal
Cc: Nick Patton; ppeden@pedenlawfirm.com; Marcie Long; Babcock, Chip; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Courtney Towle
Subject: RE: Written Discovery meet and confer

Crystal,

I have not heard from you regarding the discovery issues I detail below.  Last week I contacted you in an attempt to meet and confer.  After getting no response from you, I contacted you a second time to see if I could confer with someone else on Cisco's team. I allotted several days to confer on these issues and let you know that I wanted to confer on these topics by Monday.  Instead of identifying someone else on the case with whom I could discuss these issues last week, you wrote to me telling me that you would address these issues on Monday.  It is Monday and I need to know Cisco's position on each topic.

It is now 2:30 pm Central time and I have not heard from you.  Please respond to these issues by 5pm Central time or I will assume you will not meet and confer.

Thanks,
Courtney

-----Original Message-----
From: Parker, Crystal [mailto:cparker@jw.com]

3

Sent: Thursday, December 03, 2009 5:41 PM
To: Courtney Towle
Cc: Nick Patton; ppeden@pedenlawfirm.com; Marcie Long; Babcock, Chip; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou
Subject: Re: Written Discovery meet and confer

I can respond on Monday. Thanks, Crystal

_____
Sent from my BlackBerry Wireless Handheld.

_____

From: Courtney Towle
To: Parker, Crystal
Cc: Nick Patton ; 'ppeden@pedenlawfirm.com' ; Marcie Long ; Babcock, Chip; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou
Sent: Thu Dec 03 17:53:50 2009
Subject: RE: Written Discovery meet and confer


Crystal,
I have not heard from you regarding my email below.  We received an email from one of your experts today indicating you are out of the office.  Can you meet and confer on these issue by email or by phone by Monday? If you cannot, please let me know who else on your team is available to address these issues in your absence.

Thanks,
-- Courtney

This email and any attachments may be confidential or privileged.  If you are not the intended recipient, be advised that any disclosure, copying, distribution, or use of this email is prohibited.  If you receive this email in error, please notify us by reply mail and immediately destroy all copies of this communication.

_____

From: Courtney Towle
Sent: Wednesday, December 02, 2009 11:53 AM
To: 'Parker, Crystal'
Cc: Nick Patton; 'ppeden@pedenlawfirm.com'; Marcie Long
Subject: Written Discovery meet and confer


Crystal,

I write to confer with you regarding several outstanding written discovery issues.

First, regarding Cisco's responses to Plaintiff's Third Set of RFPs, for several requests Cisco did not state whether or not responsive documents exist. For requests nos. 90, 92-94, 96-98, 101, 105, 107, 109-110, and 114, please state whether or not Cisco is withholding responsive documents.

4

For request nos. 112 and 113, Cisco made a privilege objection but did not indicate whether there are documents responsive to these requests. If there are responsive documents, confirm that they have been logged and identify them on Cisco's privilege log.

For request no. 100, Cisco states that there are no non-privileged documents. Confirm that the responsive documents are logged on Cisco's privilege log and identify where they appear on the log.

In response to Plaintiff's same RFPs, Cisco states that for some requests all responsive documents were already produced. For request nos. 89, 95, 99, 102-104, 106, 108, identify the date on which Cisco produced the responsive documents.

In response to request no. 88, Cisco stated that it would produce documents. Confirm that Cisco has produced all responsive documents for this request and include the date of production.

Confirm that Cisco is refusing to produce the case requested in request no. 111.

Second, Cisco's Third set of RFPs raises several issues that must be addressed before Ward responds as, in their current form, these requests appear aimed at harassing and annoying Mr. Ward, and will subject him to undue burden and expense in responding.

Request nos. 1-3, 8, 20, and 29 are aimed at discovery of documents relating to Mr. Ward's damages --- an issue raised in Cisco's recent motion to compel and on which the Court ruled. As the Court already resolved the issue of what documents Ward needed to produce in relation to his claimed damages, and Ward has complied with that order, explain why Cisco is again seeking damages related documents or withdraw these requests.

Several of the requests call for clearly privileged documents. These include request nos. 10-13 and 31-34. Also, as nos. 31-34 are among the most egregious of Cisco's requests and outside the bounds of discovery, these should immediately withdrawn.

Several requests admit that the documents Cisco seeks will contain privileged information, which Cisco states "To the extent the documents contain the identity or privileged information, Defendant agrees that that information may be redacted" or "Cisco agrees that any privileged portions of the responsive documents may be redacted". This is not an agreement Ward is willing to enter into. Considering the potentially millions of documents these overbroad requests call for, simply asking Ward to go through and redact line-by-line in response to an irrelevant request is unworkable and clearly aimed at over burdening Ward and running up legal expenses. Accordingly, Cisco's request nos. 6, 7, 31, 32, and 33 should be withdrawn.

Many requests are aimed at obtaining documents that plainly are not relevant, including request nos. 4-7, 14, 16, and 23-24.

5

Many requests are also cumulative of earlier discovery requests, including request nos. 9, 17, 21, 22, 26-28, and 30.

In addition, many of the requests are overly broad (including nos.4, 5, 6, 7, 9-15,21-25, 30-33), seek documents not in Ward's possession (including nos. 4, 8, 12-13, 20,22-24) , and, in some instances, seek publicly available documents (including nos. 5 and 27).

To resolve these issues, and avoid undue burden and expense, we request Cisco address these concerns prior to formally responding.  Please explain why, in light of the forgoing, Cisco is entitled to the documents in response to these requests and explain how the requests are not aimed at harassing, annoying, or oppressing Mr. Ward, or subjecting him to undue burden or expense.

Third, in Cisco's "Third" set of RFAs, propounded on November 5, 2009, Cisco propounded nine RFAs that are cumulative of the questions raised to Ward during his deposition.  Why is it that Cisco needs responses to these RFAs when it already has Ward's direct deposition testimony?  If you contend that any of the RFA topics were not raised during Ward's deposition, explain your failure to raise them in deposition.  Absent a credible explanation, it appears these RFAs were propounded in an effort to harass Ward, and to subject him to undue burden and expense in responding.

We look forward to resolving these issues without court intervention.

Thanks,
--Courtney

Courtney Towle
Attorney
PATTON, TIDWELL & SCHROEDER, L.L.P.
P.O. Box 5398
Texarkana, TX 75505-5398

This email and any attachments may be confidential or privileged.  If you are not the intended recipient, be advised that any disclosure, copying, distribution, or use of this email is prohibited.  If you receive this email in error, please notify us by reply mail and immediately destroy all copies of this communication.


No virus found in this incoming message.
Checked by AVG - www.avg.com
Version: 9.0.709 / Virus Database: 270.14.92/2543 - Release Date: 12/03/09 11:36:00

No virus found in this incoming message.
Checked by AVG - www.avg.com
Version: 8.5.426 / Virus Database: 270.14.87/2536 - Release Date: 12/07/09 07:33:00

7

| | |
|---|---|
| **From:** | Parker, Crystal [cparker@jw.com] |
| **Sent:** | Thursday, December 10, 2009 11:16 AM |
| **To:** | Courtney Towle |
| **Cc:** | Nick Patton; ppeden@pedenlawfirm.com; Marcie Long; Babcock, Chip; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy |
| **Subject:** | RE: Written Discovery  meet and confer |

Courtney,

Here is what I have so far:

88-I believe we already produced the attachment (ARK.000246-252), but in abundance of caution we are going to re-produce it so we can make sure we produced the correct document.
96-We will produce these
97-I am conferring with the client regarding this.
98-There is nothing substantive here--just a logo--but we will produce it.
107-It looks like this would be work product (draft of a pleading) and irrelevant, but I will check with the client to try to get it and log it 109, 111-114-I am conferring with the client regarding this.  We are not refusing to produce 111 if Cisco has it in their files.  I don't even have a full citation for the case; if you know what case it is and could get me that, it would be helpful.
100-I will confer with the client regarding whether Cisco has the requested document.  If Cisco has it, we will log it on the privilege log since it is obviously privileged/work product.

For documents we are going to produce, I will confer with our tech people, but I think we can get them out today or tomorrow.

I don't understand why you filed a motion before we finished meeting and conferring on these issues.  I haven't had a chance to review the motion, so I don't know what issues you have raised.  My understanding is that the issues I identified above were the only ones from your email that I hadn't yet resolved, other than your insistence that we identify the date that we produced documents, which we won't agree to do.  I recommend that you withdraw your motion until we reach an impasse on the issues.  The only impasse that has been reached is with respect to identifying the date documents were produced for the requests you have identified below.  There is no sense in burdening the Judge with
briefing on issues that have been resolved.

Thank you,


Crystal J. Parker
Jackson Walker L.L.P.
1400 McKinney, Suite 1900
Houston, TX 77010
713-752-4200 (main)
713-752-4217 (direct)
713-752-4221 (main fax)
713-754-6717 (direct fax)
Email:  cparker@jw.com

>Internet Email Confidentiality

1

| | |
|---|---|
| **From:** | Courtney Towle |
| **Sent:** | Tuesday, December 22, 2009 9:01 PM |
| **To:** | Parker, Crystal |
| **Cc:** | Nick Patton; ppeden@pedenlawfirm.com; Marcie Long |
| **Subject:** | Outstanding Document Requests |

Crystal,

You have not responded to my requests for information regarding several of Plaintiff's production requests in Plaintiff's Third Set of RFPs. We have been meeting and conferring regarding these requests since December 2. You have had ample time to determine the status of Cisco's document production with regard to the 14 requests and I would like to reach finality with regard to the status of each.

On December 10, 2009, you told me that you were going to confer with Cisco on the following requests and respond to me: nos. 97; 109; 114; 112; 113; and 100. It's been nearly two weeks and you have not responded. Tell me by Thursday whether Cisco will produce the requested documents and when.

On December 8, 2009, for request Nos. 90, 92, 93, 94, 101, 105, 107, 110, you stated that all "non-privileged, responsive documents" were produced. This response indicates that Cisco is withholding documents arguing privilege. Because theses document requests are each for documents attached to or referred to in the documents the Court ordered produced, and for which the Court found subject-matter privilege waiver, privilege was waived. Tell me by Thursday whether Cisco will produce the requested documents and when.

I continue to try to avoid Court intervention with regard to these requests and have provided you ample time to investigate. I look forward to your responses.

Thanks,
---Courtney


Courtney Towle
Attorney
PATTON, TIDWELL & SCHROEDER, L.L.P.
P.O. Box 5398
Texarkana, TX 75505-5398

*This email and any attachments may be confidential or privileged. If you are not the intended recipient, be advised that any disclosure, copying, distribution, or use of this email is prohibited. If you receive this email in error, please notify us by reply mail and immediately destroy all copies of this communication.*

| | |
|---|---|
| **From:** | Parker, Crystal [cparker@jw.com] |
| **Sent:** | Wednesday, December 23, 2009 5:54 PM |
| **To:** | Courtney Towle |
| **Cc:** | Nick Patton; ppeden@pedenlawfirm.com; Marcie Long; Babcock, Chip; Adair, Kathy |
| **Subject:** | RE: Outstanding Document Requests |

Courtney, I have the document responsive to No. 98, but after locating it I discovered that it is privileged and core work product. Do you contend that it falls under the Court's waiver order? If so, I need to speak with my client about whether we agree. I have conferred with Cisco about No. 109, and Cisco could not locate any responsive documents.

I disagree with your assessment concerning waiver of privilege with respect to Nos. 90, 92, 93, 94, 105, 107 and 110. Indeed, most of those were not even from Mr. Frenkel. The
Court was quite clear that only Mr. Frenkel's state of mind was at issue. For instance, how is Cisco's DJ strategy even relevant to this lawsuit (No. 105)? You keep claiming that Ward is not seeking documents for the ESN v. Cisco lawsuit, yet you keep asking for core work product in that case that has nothing to do with this lawsuit. To the extent Cisco has responsive, privileged documents that have not already be logged, I will get those documents from Cisco when their attorneys return from vacation and make sure they are logged on Cisco's privilege log.

I hope everyone has a safe and happy holiday. I am leaving the office and don't plan to check my email until Monday.

Take care,

Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217


**From:** Courtney Towle [mailto:ctowle@texarkanalaw.com]
**Sent:** Tuesday, December 22, 2009 9:01 PM
**To:** Parker, Crystal
**Cc:** Nick Patton; ppeden@pedenlawfirm.com; Marcie Long
**Subject:** Outstanding Document Requests

Crystal,

You have not responded to my requests for information regarding several of Plaintiff's production requests in Plaintiff's Third Set of RFPs. We have been meeting and conferring regarding these requests since December 2. You have had ample time to determine the status of Cisco's document production with regard to the 14 requests and I would like to reach finality with regard to the status of each.

On December 10, 2009, you told me that you were going to confer with Cisco on the following requests and respond to me: nos. 97; 109; 114; 112; 113; and 100. It's been nearly two weeks and you have not responded. Tell me by Thursday whether Cisco will produce the requested documents and when.

On December 8, 2009, for request Nos. 90, 92, 93, 94, 101, 105, 107, 110, you stated that all "non-privileged, responsive documents" were produced. This response indicates that Cisco is withholding documents arguing privilege. Because theses document requests are each for documents attached to or referred to in the documents the Court ordered produced, and for which the Court found subject-matter privilege waiver, privilege was waived. Tell me by Thursday whether Cisco will produce the requested documents and when.

1