| | |
|---|---|
| **From:** | Parker, Crystal [cparker@jw.com] |
| **Sent:** | Thursday, December 10, 2009 11:16 AM |
| **To:** | Courtney Towle |
| **Cc:** | Nick Patton; ppeden@pedenlawfirm.com; Marcie Long; Babcock, Chip; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy |
| **Subject:** | RE: Written Discovery  meet and confer |

Courtney,

Here is what I have so far:

88-I believe we already produced the attachment (ARK.000246-252), but in abundance of caution we are going to re-produce it so we can make sure we produced the correct document.
96-We will produce these
97-I am conferring with the client regarding this.
98-There is nothing substantive here--just a logo--but we will produce it.
107-It looks like this would be work product (draft of a pleading) and irrelevant, but I will check with the client to try to get it and log it 109, 111-114-I am conferring with the client regarding this.  We are not refusing to produce 111 if Cisco has it in their files.  I don't even have a full citation for the case; if you know what case it is and could get me that, it would be helpful.
100-I will confer with the client regarding whether Cisco has the requested document.  If Cisco has it, we will log it on the privilege log since it is obviously privileged/work product.

For documents we are going to produce, I will confer with our tech people, but I think we can get them out today or tomorrow.

I don't understand why you filed a motion before we finished meeting and conferring on these issues.  I haven't had a chance to review the motion, so I don't know what issues you have raised.  My understanding is that the issues I identified above were the only ones from your email that I hadn't yet resolved, other than your insistence that we identify the date that we produced documents, which we won't agree to do.  I recommend that you withdraw your motion until we reach an impasse on the issues.  The only impasse that has been reached is with respect to identifying the date documents were produced for the requests you have identified below.  There is no sense in burdening the Judge with
briefing on issues that have been resolved.

Thank you,


Crystal J. Parker
Jackson Walker L.L.P.
1400 McKinney, Suite 1900
Houston, TX 77010
713-752-4200 (main)
713-752-4217 (direct)
713-752-4221 (main fax)
713-754-6717 (direct fax)
Email:  cparker@jw.com

>Internet Email Confidentiality

>
Privileged/Confidential Information may be contained in this message.
If you are not the addressee indicated in this message (or responsible for delivery of the message to the addressee), you may not copy or deliver this message to anyone.  In such case, you should destroy this message and kindly notify the sender by reply email.  The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter.  They are not intended or written to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal tax law or otherwise.


From: Parker, Crystal [mailto:cparker@jw.com]
Sent: Monday, December 07, 2009 2:02 PM
To: Courtney Towle
Cc: Nick Patton; Patricia L. Peden; Babcock, Chip; Moran, David; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Adair, Kathy
Subject: FW: Written Discovery meet and confer

Courtney,

With respect to your complaints about Cisco's responses to Plaintiff's Third Set of RFPs, I will look into the issues you raised, talk to my
team, and get back with you.

As for Cisco's Third Set of Requests for Production, please provide your objections pursuant to the Federal Rules of Civil Procedure, and then we can discuss them.  There is no sense in meeting and conferring twice about them.  The requests are not to harass Ward in any way; they are simply aimed at discovering evidence that Cisco is entitled to in its defense.  Indeed, they are tailored to avoid concerns that Ward has expressed about other discovery, such as privacy and privilege concerns.
As for redacting documents, you are obligated to provide the non-privileged, responsive information under the Federal Rules of Civil Procedure.  I don't recall any cumulative requests, but if you think some of the requests are truly cumulative, please identify which request and the request that they are cumulative of.  If we agree they are cumulative  of other requests for production, we will certainly withdraw
them.

As for Cisco's Third Request for Admission, The Federal Rules of Civil Procedure allow both depositions and requests for admissions, so I don't understand your demand.  I don't recall any of the requests being cumulative, and you haven't identified any.  Again, we are not trying to harass anyone; we are seeking discovery to respond to the lawsuit.

Take care,
Crystal J. Parker
Jackson Walker L.L.P.
713-752-4217




-----Original Message-----
From: Courtney Towle
Sent: Monday, December 07, 2009 12:34 PM

To: Parker, Crystal
Cc: Nick Patton; ppeden@pedenlawfirm.com; Marcie Long; Babcock, Chip;
Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou; Courtney Towle
Subject: RE: Written Discovery meet and confer

Crystal,

I have not heard from you regarding the discovery issues I detail below.
Last week I contacted you in an attempt to meet and confer.  After
getting no response from you, I contacted you a second time to see if I
could confer with someone else on Cisco's team. I allotted several days
to confer on these issues and let you know that I wanted to confer on
these topics by Monday.  Instead of identifying someone else on the case
with whom I could discuss these issues last week, you wrote to me
telling me that you would address these issues on Monday.  It is Monday
and I need to know Cisco's position on each topic.

It is now 2:30 pm Central time and I have not heard from you.  Please
respond to these issues by 5pm Central time or I will assume you will
not meet and confer.

Thanks,
Courtney

-----Original Message-----
From: Parker, Crystal [mailto:cparker@jw.com]
Sent: Thursday, December 03, 2009 5:41 PM
To: Courtney Towle
Cc: Nick Patton; ppeden@pedenlawfirm.com; Marcie Long; Babcock, Chip;
Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou
Subject: Re: Written Discovery meet and confer

I can respond on Monday. Thanks, Crystal

_____

Sent from my BlackBerry Wireless Handheld.

_____

From: Courtney Towle
To: Parker, Crystal
Cc: Nick Patton ; 'ppeden@pedenlawfirm.com' ; Marcie Long ; Babcock,
Chip; Griffin, Richard; Schwarz, Kurt; Flynn-DuPart, Mary Lou
Sent: Thu Dec 03 17:53:50 2009
Subject: RE: Written Discovery meet and confer

Crystal,
I have not heard from you regarding my email below.  We received an
email from one of your experts today indicating you are out of the
office.  Can you meet and confer on these issue by email or by phone by
Monday? If you cannot, please let me know who else on your team is
available to address these issues in your absence.

Thanks,
-- Courtney

This email and any attachments may be confidential or privileged.  If
you are not the intended recipient, be advised that any disclosure,
copying, distribution, or use of this email is prohibited.  If you
receive this email in error, please notify us by reply mail and
immediately destroy all copies of this communication.

───────────────────────────────────

From: Courtney Towle
Sent: Wednesday, December 02, 2009 11:53 AM
To: 'Parker, Crystal'
Cc: Nick Patton; 'ppeden@pedenlawfirm.com'; Marcie Long
Subject: Written Discovery meet and confer


Crystal,

I write to confer with you regarding several outstanding written
discovery issues.

First, regarding Cisco's responses to Plaintiff's Third Set of RFPs, for
several requests Cisco did not state whether or not responsive documents
exist. For requests nos. 90, 92-94, 96-98, 101, 105, 107, 109-110, and
114, please state whether or not Cisco is withholding responsive
documents.

For request nos. 112 and 113, Cisco made a privilege objection but did
not indicate whether there are documents responsive to these requests.
If there are responsive documents, confirm that they have been logged
and identify them on Cisco's privilege log.

For request no. 100, Cisco states that there are no non-privileged
documents.  Confirm that the responsive documents are logged on Cisco's
privilege log and identify where they appear on the log.

In response to Plaintiff's same RFPs, Cisco states that for some
requests all responsive documents were already produced.  For request
nos. 89, 95, 99, 102-104, 106, 108, identify the date on which Cisco
produced the responsive documents.

In response to request no. 88, Cisco stated that it would produce
documents.  Confirm that Cisco has produced all responsive documents for
this request and include the date of production.

Confirm that Cisco is refusing to produce the case requested in request
no. 111.

Second, Cisco's Third set of RFPs raises several issues that must be
addressed before Ward responds as, in their current form, these requests
appear aimed at harassing and annoying Mr. Ward, and will subject him to
undue burden and expense in responding.

Request nos. 1-3, 8, 20, and 29 are aimed at discovery of documents
relating to Mr. Ward's damages --- an issue raised in Cisco's recent
motion to compel and on which the Court ruled.  As the Court already
resolved the issue of what documents Ward needed to produce in relation
to his claimed damages, and Ward has complied with that order, explain

why Cisco is again seeking damages related documents or withdraw these
requests.

Several of the requests call for clearly privileged documents.  These
include request nos. 10-13 and 31-34.  Also, as nos. 31-34 are among the
most egregious of Cisco's requests and outside the bounds of discovery,
these should immediately withdrawn.

Several requests admit that the documents Cisco seeks will contain
privileged information, which Cisco states "To the extent the documents
contain the identity or privileged information, Defendant agrees that
that information may be redacted" or "Cisco agrees that any privileged
portions of the responsive documents may be redacted".  This is not an
agreement Ward is willing to enter into.  Considering the potentially
millions of documents these overbroad requests call for, simply asking
Ward to go through and redact line-by-line in response to an irrelevant
request is unworkable and clearly aimed at over burdening Ward and
running up legal expenses.  Accordingly, Cisco's request nos. 6, 7, 31,
32, and 33 should be withdrawn.

Many requests are aimed at obtaining documents that plainly are not
relevant, including request nos. 4-7, 14, 16, and 23-24.

Many requests are also cumulative of earlier discovery requests,
including request nos. 9, 17, 21, 22, 26-28, and 30.

In addition, many of the requests are overly broad (including nos.4, 5,
6, 7, 9-15,21-25, 30-33), seek documents not in Ward's possession
(including nos. 4, 8, 12-13, 20,22-24) , and, in some instances, seek
publicly available documents (including nos. 5 and 27).

To resolve these issues, and avoid undue burden and expense, we request
Cisco address these concerns prior to formally responding.  Please
explain why, in light of the forgoing, Cisco is entitled to the
documents in response to these requests and explain how the requests are
not aimed at harassing, annoying, or oppressing Mr. Ward, or subjecting
him to undue burden or expense.

Third, in Cisco's "Third" set of RFAs, propounded on November 5, 2009,
Cisco propounded nine RFAs that are cumulative of the questions raised
to Ward during his deposition.  Why is it that Cisco needs responses to
these RFAs when it already has Ward's direct deposition testimony?  If
you contend that any of the RFA topics were not raised during Ward's
deposition, explain your failure to raise them in deposition.  Absent a
credible explanation, it appears these RFAs were propounded in an effort
to harass Ward, and to subject him to undue burden and expense in
responding.

We look forward to resolving these issues without court intervention.

Thanks,
--Courtney

Courtney Towle
Attorney
PATTON, TIDWELL & SCHROEDER, L.L.P.
P.O. Box 5398
Texarkana, TX 75505-5398


This email and any attachments may be confidential or privileged.  If
you are not the intended recipient, be advised that any disclosure,
copying, distribution, or use of this email is prohibited.  If you
receive this email in error, please notify us by reply mail and
immediately destroy all copies of this communication.



No virus found in this incoming message.
Checked by AVG - www.avg.com
Version: 9.0.709 / Virus Database: 270.14.92/2543 - Release Date:
12/03/09 11:36:00

No virus found in this incoming message.
Checked by AVG - www.avg.com
Version: 8.5.426 / Virus Database: 270.14.87/2536 - Release Date:
12/07/09 07:33:00